IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | C.A. No. 1:19-cv-12551-FDS |

## DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendant Google LLC ("Google") respectfully asks the Court to take judicial notice of the 1985 version of the Standard for Floating-Point Arithmetic approved and published by the Institute of Electrical and Electronics Engineers ("IEEE 754") which is attached hereto as Exhibit A to the declaration of Gregory F. Corbett and which is submitted in support of Google's motion to dismiss. IEEE 754's authenticity is not subject to reasonable dispute and its content is referred to in the common specification of all the patents in suit. Furthermore, Google seeks judicial notice of IEEE 754's content here for the limited purpose of providing background about technical terms and concepts that were described in this 1985 standard adopted and published 25 years before the provisional application leading to the patent in suit was filed in 2009. Thus, IEEE 754 is properly subject to judicial notice.

### I.  LEGAL STANDARD

Federal Rule of Evidence 201(b)(2) provides that a court may take notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Furthermore, the "court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

The Federal Circuit has held expressly that courts may consider matters properly subject to judicial notice when deciding a Rule 12(b)(6) motion in a patent case. *Secured Mail Solutions LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017); *see Affinity Labs of Texas, LLC v. Amazon.com, Inc.*, 838 F.3d 1266, 1270 (Fed. Cir. 2016) ("[T]he practice of taking note of fundamental economic concepts and technological developments in this context [Rule 12(c) motion] is well supported by our precedents."); *see also U.S. ex rel Hagerty v. Cyberonics, Inc.*, 95 F.Supp.3d 240, 256 (D. Mass. 2015) (Saylor, J.) (courts may consider facts susceptible to judicial notice when deciding Rule 12(b)(6) motion).

## II.     ARGUMENT

Under the general principles of Rule of Evidence 201, the Court can take judicial notice of IEEE 754's contents. The fact of what's contained in the document is not reasonably subject to dispute: as set forth in the attached declaration of counsel Gregory F. Corbett ("Corbett Decl."), the document was purchased and downloaded directly from the IEEE via the IEEE's online "Standards Store." Corbett Decl. ¶ 4. Other cases have taken judicial notice of the content of technical standards published by standards bodies similar to the IEEE. *See, e.g.*, *Cover v. Windsor Surry Co.*, No. 14-cv-05262-WHO, 2016 WL 520991, at *1, n.1 (N.D. Cal. Feb. 10, 2016) ("Judicial notice of . . . technical standards published by the American Society of the International Association for Testing and Materials" taken "because the standards can be accurately and readily determined, and their accuracy cannot be, and has not been, reasonably questioned."); *In re Medicis Pharm. Corp. Sec. Litig.*, 689 F.Supp.2d 1192, 1205 n.7 (D. Ariz. 2009) (financial accounting standards proper subject of judicial notice, over party objection, even where not mentioned in complaint).

Furthermore, judicial notice is appropriate here because the court may consider the standard's contents in deciding Google's Rule 12(b)(6) motion, which is brought on patentability

grounds under 35 U.S.C. § 101. The standard itself, including its content, is referenced in the patent specification. Courts have taken judicial notice of materials referenced in a patent specification. *X One, Inc. v. Uber Techs., Inc.*, 239 F.Supp.3d 1174, 1182 n.1 (N.D. Cal. 2017) (taking judicial notice of two other patents cited in the specification of the patent-in-suit). Furthermore, given that IEEE 754 was a technical standard published in 1985, it falls well within the realm "technological developments" that a court may consider when deciding a case on the pleadings. *Affinity Labs*, 838 F.3d at 1270.

### III.   CONCLUSION

For all the foregoing reasons, Google respectfully requests that its Request for Judicial notice for IEEE 754 be granted.

Date: February 28, 2020							Respectfully submitted,

*/s/ Gregory F. Corbett*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest*
rvannest@keker.com
Matthias Kamber*
mkamber@keker.com
Michelle Ybarra*
mkamber@keker.com
Jay Rapaport*
jrapaport@keker.com
Andrew Bruns*
abruns@keker.com
Deeva Shah*
dshah@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA  94111-1809
(415) 391-5400

Michael S. Kwun *(pro hac vice pending)*
mkwun@kblfirm.com
Asim Bhansali *(pro hac vice pending)*
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA  94111
(415) 630-2350

*Counsel for Defendant Google LLC*
*\*motions for pro hac vice to be filed*

## **CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

Date: February 28, 2020             */s/ Gregory F. Corbett*
                                                 Gregory F. Corbett