# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　Defendant. | Civil Action No. 1:19-cv-12551-FDS |

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Plaintiff, Singular Computing, LLC ("Singular"), respectfully submits this brief in opposition to the request of defendant, Google LLC ("Google"), for judicial notice ("Req." or "Request"). For the reasons set forth below, the Request should be denied.

## I.     INTRODUCTION

In the First Circuit, the doctrine of judicial notice "is applied with some stringency, because accepting disputed factual propositions about a case 'not tested in the crucible of trial is a sharp departure from standard practice.'" *United States v. Hoyts Cinemas Corp.*, 380 F.3d 558, 570 (1st Cir. 2004) (quoting *Lussier v. Runyon*, 50 F.3d 1103, 1114 (1st Cir. 1995)). Google requests the Court to take judicial notice of an IEEE 754 document to bolster its § 101 motion to dismiss ("MTD"). Although Google states in the MTD that its use of the IEEE document is "to provide background purpose" (MTD, p. 4 n.2), Google improperly relies on the document to support its § 101 "conventional" invention argument. *Id.* at pp. 4, 19. As set forth in Singular's opposition to Google's MTD and below, Singular denies Google's factual assertion that the inventions are conventional. Moreover, no discovery or claim construction has been undertaken in this case.

## II.    LEGAL STANDARD

The Federal Circuit applies the law of the regional circuits to procedural issues that are not unique to patent law. *See*, *e.g.*, *Versata Software, Inc. v. Callidus Software, Inc.*, 780 F.3d 1134, 1136 (Fed. Cir. 2015). In the context of a request to take judicial notice, Fed. R. Evid. 201 itself requires that the facts for which judicial notice is requested must "not [be] subject to reasonable dispute." Thus, Courts must be particularly careful not to take notice where, as here, a party requests judicial notice of disputed adjudicative facts. *See*, *e.g.*, *Lussier*, 50 F.3d at 1113;

1

*see also Cooperativa de Ahorro y Credito Aguada v. Kidder Peabody & Co.,* 993 F.2d 269, 273 (1st Cir. 1993) (citations omitted).

**III.   ARGUMENT**

    A.   THE IEEE 754 DOCUMENT

There is more than one version of the IEEE 754 document that preceded the filing of the original application for the patents-in-suit.  There is the 1985 version, which is the subject of Google's present Request.  There is also a 2008 version.  Though the patents-in-suit do not identify the version of IEEE 754 referred to therein, Google ignores the 2008 version and erroneously assumes that the 1985 version is the one referenced in the patents.  In short, Google requests the Court to take judicial notice of a standard not referenced in the patents-in-suit.  Moreover, no mention of any version of the IEEE 754 document is made in the Amended Complaint ("AC").  Thus, it would be improper to consider the IEEE 754 document at this stage of the case. *See, e.g.*, *Kenexa Brassring, Inc. v. HireAbility.com, LLC*, No. 12-10943-FDS, 2015 WL 1943826, at *4 (D. Mass. Apr. 28, 2015).

Under Rule 12(b), 'any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under [Fed. R. Civ. P.] 56.'" *Kidder, Peabody,* 993 F.2d at 272 (citations omitted); *Kenexa*, 2015 WL 1943826, at *4 ("the Court will not exercise its discretion to convert defendant's motion into one for summary judgment").[1]  Google's Request illuminates the inappropriateness of prematurely resolving 101 issues at this stage of the case.

---

[1] Singular objects to converting the MTD into a motion for summary judgment.  To date, there has been no claim construction, no discovery, and no expert testimony.

2

"Whether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent is a factual determination." *Berkheimer v. HP Inc*, 881 F.3d 1360, 1369 (Fed. Cir. 2018). Conventionality, *vel non*, of the claimed inventions is a directly disputed adjudicative fact[2] with respect to Google's MTD. Google asserts that the "IEEE 754 standard describes a floating-point number's elements and the potential tradeoff between precision and dynamic range" when a computer operates on numbers. *See* MTD, Heading at p. 4. To the contrary, the IEEE 754 standard-1985 describes just the opposite, namely to manipulate numbers as though they have virtually infinite precision. IEEE 754-1985 at 4.2, 4.3. Because Google's interpretation of the IEEE document is disputed, and contradicts the document itself, Google is not entitled to judicial notice of the document. *See Lussier*, 50 F.3d at 1114 ("judges may not defenestrate established evidentiary processes, thereby rendering inoperative the standard mechanisms of proof and scrutiny, if the evidence is at all vulnerable to reasonable dispute"); *see also Prescott v. Higgins*, 538 F.3d 32, 41 (1st Cir. 2008) (proper to decline taking judicial notice where "[t]he validity of the statistics" was at issue).[3]

Rule 201(b)(2) also requires that the fact to be noticed be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The IEEE 754-1985 document submitted by Google is comprised of complex factual matters not generally

---

[2] *Compare* Singular's Opposition to Motion to Dismiss at pp 6-8, 19 *with* AC at 9, 14, 43, 43, 46, 83, Dkt. 2, No. 37.

[3] As the Court of Appeals for the Second Circuit has put it, "[b]ecause the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Int'l Star Class Yacht Racing Assoc. v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (citations omitted).

3

known or understood by the public.[4] The document contains a plethora of complex mathematics and scientific formulations, none of which disclose or suggest the existence or conventionality of the claimed LPHDR execution unit.

For example, Table 1 of the IEEE 754-1985 document, upon which Google relies in its MTD, provides the following Summary of Format Parameters:

Table 1—Summary of Format Parameters

| Parameter | Format | | | |
| --- | --- | --- | --- | --- |
| | Single | Single Extended | Double | Double Extended |
| $p$ | 24 | $\geq 32$ | 53 | $\geq 64$ |
| $E_{max}$ | +127 | $\geq +1023$ | +1023 | $\geq +16383$ |
| $E_{min}$ | −126 | $\leq -1022$ | −1022 | $\leq -16382$ |
| Exponent *bias* | +127 | unspecified | +1023 | unspecified |
| Exponent width in bits | 8 | $\geq 11$ | 11 | $\geq 15$ |
| Format width in bits | 32 | $\geq 43$ | 64 | $\geq 79$ |

The above chart and Google's disputed interpretation thereof, are not facts that are well-understood by the general public (e.g. a jury). Accordingly, judicial notice is inappropriate. *See also Oriental Fin. Group, Inc. v. Cooperativa de Ahorro y Credito Oriental*, 832 F.3d 15, 27 (1st Cir. 2016) ("hardly beyond dispute that the public ha[d] such a clear understanding of Puerto Rico banking laws.") It is likewise hardly beyond dispute that the public here has "such a clear understanding" of the complex mathematical content of the IEEE 754-1985 document. Google does not cite a single case in which a court has ever taken judicial notice of an IEEE standard.

---

[4] Citing a footnote in the *McLane Cover* case from California, Google argues that "[o]ther courts" have taken judicial notice of the contents of standards "similar to the IEEE." *See* Req. at 2. Presumably, Google did not find a case from this Circuit or elsewhere in which an IEEE standard was given judicial notice. Moreover, in *McLane Cover*, the plaintiff did not question whether the content of the documents could be accurately and readily determined. *See McLane Cover v. Windsor Surry Co.*, 2016 WL 520991, at *1 n. 1 (N.D. Cal. Feb. 10, 2016). Here, Singular does make such a challenge.

In addition, the claims at issue each recite a Low Precision High Dynamic Range ("LPHDR") computer. *See*, *e.g.*, Amended Complaint ("AC") at ¶¶ 31, 47, 64.  The IEEE 754 document does not even mention "Low Precision High Dynamic Range" ("LPHDR") computers.  Thus, judicial notice is not appropriate. *See*, *e.g.*, *U.S. ex rel. Dyer v. Raytheon Co.*, No. 08-10341-DPW, 2013 WL 5348571, at *23 (D. Mass. Sept. 23, 2013) (refusing to take judicial notice of a GAAP treatise, *inter alia*, because it did not use the words "operational" or "process").  As Judge Woodlock stated in that case:

> Notwithstanding the barren record on this motion, the question whether an accounting reclassification could constitute an "operational and process improvement" is properly the subject of expert testimony.  These terms have specific meaning in the context of business and accounting with which laymen are not familiar.  Expert testimony on the meaning of these terms would therefore assist the trier of fact to intelligently and rationally determine the issue.

*Id.* (emphasis added).  As laymen will not be familiar with the content of the IEEE 754 document, the same should apply here.  As in *Raytheon*, expert testimony will be required in order for the jury to resolve the issue of what the IEEE 754 document submitted by Google discloses.

B.  OTHER, UNMENTIONED EXTRANEOUS DOCUMENTS

"[D]ocuments outside the pleadings are generally not considered in connection with a motion for judgment on the pleadings." *Kenexa*, 2015 WL 1943826, at *4.  "Under Rule 12(b), 'any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under [Fed. R. Civ. P.] 56.'" *Kidder, Peabody,* 993 F.2d at 272 (citations omitted); *see also Kenexa*, 2015 WL 1943826, at *4 ("the Court will not exercise its discretion to convert defendant's motion into one for summary judgment").

5

In its MTD, Google relies upon three other documents, none of which is part of its present Request. These documents are: (1) an article titled *Heron's Mathematics* (MTD at 10 n. 8); (2) Henderson's Encyclopedia (*id.* at 15), and (3) a slide collection from an MIT website (*id.* at 15 n. 15). Google has not requested the Court to take judicial notice of these references. None of the documents is referenced in, incorporated into, or attached to Singular's AC. Thus, the Court should not take judicial notice of these references. *Kenexa*, 2015 WL 1943826, at *4.

Moreover, as these references are not refenced in the AC in any manner, the Court should not consider them or the argument based thereon in Google's MTD, lest the Court convert the MTD into a motion for summary judgment, which would be inappropriate at this time (not the least because no discovery or claim construction has been undertaken). *Kenexa*, 2015 WL 1943826, at *4 (citing *Diamond v. Diehr*, 450 U.S. 175, 188-89 (1981)). As in *Kenexa*, and further in view of the lack of any discovery, the Court should "not exercise its discretion to convert defendant's motion into one for summary judgment." *Kenexa*, at *4. Accordingly, because Google has not requested judicial notice, and these documents are not referenced in the AC, these three documents should not be considered in deciding Google's MTD. *See*, *e.g.*, *Kidder, Peabody,* 993 F.2d at 273 (reliance on materials outside the pleadings "is beyond the scope of Rule 12(b)").

## IV.  CONCLUSION

Singular suggests that the best course to follow is "[t]he usual method of establishing adjudicative facts [] through the introduction of evidence, ordinarily consisting of testimony of the witnesses." *United States v. Bello*, 194 F.3d 18, 23 (1st Cir. 1999) (quoting Rule 201 Advisory Committee's note); *see also Berkowitz v. Berkowitz*, No. 11-10483-DJC, 2012 WL

769726, at *5 (D. Mass. Mar. 9, 2012).  Accordingly, and for the reasons set forth above, Google's Request should be denied.

| | |
|---|---|
| Dated: May 15, 2020 | Respectfully submitted,<br><br>*/s/ Kevin Gannon*<br>Paul J. Hayes (BBO #227000)<br>Matthew D. Vella (BBO #660171)<br>Kevin Gannon (BBO #640931)<br>Daniel McGonagle (BBO #690084)<br>Alex Breger (BBO #685537)<br>**PRINCE LOBEL TYE LLP**<br>One International Place, Suite 3700<br>Boston, MA 02110<br>Tel: (617) 456-8000<br>Email: phayes@princelobel.com<br>Email: mvella@princelobel.com<br>Email: kgannon@princelobel.com<br>Email: dmcgonagle@princelobel.com<br>Email: abreger@princelobel.com<br><br>ATTORNEYS FOR THE PLAINTIFF |

CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Kevin Gannon*