## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>         Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>         Defendant. | Civil Action No. 1:19-cv-12551-FDS |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(d)

Plaintiff, Singular Computing LLC ("Singular"), and defendant, Google LLC ("Google"), respectfully submit this proposed Joint Statement pursuant to Fed. R. Civ. P. 16(b) and 26(f), Local Rules 16.1 and 16.6, and the Court's Notice of Scheduling Conference (Dkt. No. 52).

### I.   PRELIMINARY STATEMENT

Pursuant to 35 U.S.C. § 271, *et seq.*, Singular alleges that Google infringes United States Patent Nos. 8,407,273; 9,218,156 and 10,416,961 (collectively, the "Patents-in-Suit").[1]

### II.   NATURE OF THE ACTION

The Patents-in-Suit state on their face that they are directed to Low Precision High Dynamic Range ("LPHDR") computers.  In short, Singular alleges that its principal, Dr. Bates, invented and disclosed to Google his design for an improved LPHDR computer.  Thereafter, Singular alleges, Google took Dr. Bates' invention without his authorization and retrofitted Google's data centers in the United States with Dr. Bates' LPHDR computer design, thereby saving Google billions of dollars.  The accused products are known as Google's Tensor Processing Units, versions 2 and 3, which Singular alleges are used "to provide AI capabilities

---

[1] Copies of the Patents-in-Suit were attached to the Declaration of Kevin Gannon filed in support of Singular's opposition (Dkt. No. 44) to Google's Rule 12(b)(6) motion to dismiss.

3503530.v1

that enhance the performance efficacy of [Google's] Ads platform . . ., as well as its Translate, Photos, Search, Assistant, Cloud and Gmail services" and "are installed at . . each of" "eleven data centers in the USA" that Google operates. Dkt. No. 37, ¶¶ 25–26.

Google has answered Singular's Amended Complaint. Google denies that it "took Dr. Bates's invention" and denies infringing any of the Patents-in-Suit. Google also alleges that prior art invalidates the Patents-in-Suit based on both anticipation and obviousness. As argued in its Motion to Dismiss, Google also alleges that the Patents-in-Suit are invalid because they are directed to an abstract idea and lack any inventive concept.

The legal issues to be tried are as follows:

1.      Whether Google has directly infringed one or more claims of the Patents-in-Suit, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a);

2.      Whether Google has induced its customers to infringe one or more claims of the Patents-in-Suit in violation of 35 U.S.C. § 271(b);

3.      Whether Google has contributed to its customers' alleged infringement of one or more claims of the Patents-in-Suit in violation of 35 U.S.C. § 271(c);

4.      Whether Google's alleged infringement has been willful;

5.      The amount of damages to be awarded to Singular resulting from Google's alleged infringement, together with interest and costs, pursuant to 35 U.S.C. § 284;

6.      Whether Singular is entitled to an award of increased damages pursuant to 35 U.S.C. § 284 and, if so, the amount thereof;

7.      Whether Singular or Google is entitled to an award of its attorneys' fees and expenses pursuant to 35 U.S.C. § 285 and, if so, the amount thereof;

8.      Whether the Patents-in-Suit are invalid for failure to satisfy one or more requirements of Title 35 of the United States Code, including, without limitation, because (a) the claims are directed to abstract ideas or other non-statutory subject matter; (b) the claims lack novelty; (c) the claims are obvious in view of the prior art; and (d) the claims suffer from a failure of written description, lack of enablement, and are indefinite; and

9.      Whether Singular's claims are barred, in whole or in part, by any of Google's other defenses.

## III.   JOINT DISCOVERY AND SCHEDULING PLAN

The parties propose the dates set forth in the attached proposed Scheduling Order.

Singular proposes a trial within 2 years from the filing of the Complaint because this case has already been delayed due to Google's premature motion to dismiss.

Google proposes a trial within two years of the scheduling conference. Contrary to Singular's claims, this case has not "been delayed" due to Google's motion to dismiss. First, Google's proposed schedule aligns with the Local Rules, which also provide for calculating the time of trial from the time of "the conference." *See* L.R. 16.6(c)(1) ("The court shall schedule a trial (whether bench or jury) to be held within 24 months after the conference."). Second, the timing of Google's motion was largely driven by other factors, including that Singular mooted Google's original motion to dismiss by filing an amended complaint four months after Singular filed suit, and because the parties agreed to mutually convenient extensions and briefing schedules to address, among other factors, COVID-19, *E.g.*, Dkt. Nos. 1, 37, 38.

### A.      Preliminary Disclosures

The parties request the Court to consider the competing proposals set forth in the attached proposed Scheduling Order.

Google proposes that Singular provide validity charts in response to Google's invalidity contentions, just as Google will be providing non-infringement charts in response to Singular infringement contentions.  Otherwise, the disclosure requirements are asymmetrical, requiring only Google to respond to Singular's infringement contentions, but not requiring Singular to respond to Google's invalidity contentions.  This asymmetry, and the lack of validity contentions generally, would likely hinder the ability of the parties to crystallize claim construction issues prior to the exchange of terms, proposed constructions, and claim construction briefing.  More broadly, having validity positions from Singular on a claim by claim basis will allow the parties to crystallize the issues in dispute throughout the course of the case. This Court's decision in *Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. 16-10914-FDS, 2018 WL 4054903 (D. Mass. 2018), is not to the contrary—it simply recognizes that validity contentions are an appropriate subject of discovery. *Id.* at \*2. That holding does not call into question the benefits of scheduling validity contentions to crystalize issues *before* claim construction. And Singular would, of course, remain free to seek leave to amend its validity contentions for good cause, including if the Court adopted claim constructions other than what Singular proposes. *See* L.R. 16.6(d)(5)(A).

As set forth in the proposed Joint Schedule, Singular's position is that the Local Rules do not require a response to Google's invalidity contentions. Singular believes that the better practice would be for Google to serve a contention interrogatory after the Court enters its claim construction order. *See Abiomed, Inc. v. Maquet Cardiovascular LLC*, 2018 WL 4054903, \*2 (D. Mass. 2018).

**B.     Amendments to Pleadings and Joinder of Additional Parties**

The parties request the Court to consider the competing proposals set forth in the attached

proposed Scheduling Order.

**C.     Claim Construction**

The parties request the Court to consider the competing proposals set forth in the attached

proposed Scheduling Order.

Google believes that scheduling *Markman* for no earlier than nine months after the initial

scheduling conference would be most practical given what is a realistic case schedule for the

case as a whole. *See* L.R. 16.6(c)(2) ("The court shall schedule a claim-construction hearing to

be held within 9 months after the conference."). This schedule may also increase the odds of

being able to conduct the *Markman* hearing in person.

Singular does not believe that the *Markman* hearing needs to be in person. In addition,

Singular does not believe that demanding an in person *Markman* hearing should be used as a way

to further delay this case.

**IV.     DISCOVERY PLAN**

**A.     Fact Discovery**

The parties have agreed to the following: up to 16 depositions for each side for a total of

85 hours for each side; no witness for more than 7 hours, except for Dr. Bates who may be

deposed for up to 8 hours over two days; 30 interrogatories for each side; 3 sets of requests for

production for each side; and 25 requests for admission for each side. The 8-hour limit for Dr.

Bates applies only to any testimony he gives in a personal capacity, and not testimony he may

give as a designated witness under Federal Rule of Civil Procedure 30(b)(6).

Singular has already agreed to extend the 7 hour limit for Dr. Bates to 8 hours. Dr. Bates may also be designated as a Rule 30(b)(6) witness, and if he is, Singular will not oppose a limited further deposition, as long as the subject matter of the questioning is not repetitive of Dr. Bates' previous testimony.

Google notes only that Singular should not be allowed to limit deposition time by designating a single witness for various topics that are properly directed to the plaintiff, Singular, as a company rather than Dr. Bates as an individual. Google will work in good faith with Singular to avoid repetition of questioning of the same witness in different capacities.

The parties request the Court to consider the competing proposed deadlines set forth in the attached proposed Scheduling Order.

### B.      Expert Discovery

The parties request the Court to consider the competing proposed deadlines set forth in the attached proposed Scheduling Order.

## V.      CERTIFICATION OF COUNSEL AND PARTIES PURSUANT TO LOCAL RULE 16.1(d)(3)

The parties hereby affirm that each party and that party's counsel have conferred with a view to establishing a budget for the costs of conducting the full course and various alternative courses of the litigation and to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4.  The parties will promptly file certifications indicating the same.

## VI.     TRIAL BY MAGISTRATE JUDGE

The parties have not agreed to trial by Magistrate Judge.

## VII.    ALTERNATIVE DISPUTE RESOLUTION

Pursuant to L.R. 16(1)(c), Singular has made a written settlement proposal to Google. The offer expires on July 25, 2020.  As of the date of this filing, Google has not responded to Singular's Offer.  Once Google responds, and if such response is negative, Singular is amenable to pursuing ADR.

## VIII.    ADDITIONAL MATTERS

### A.    Protective Order

The parties are negotiating in good faith a Stipulated Protective Order governing the production of confidential information in this case.  In the interim, the parties recognize that the default Protective Order set forth in L.R. 16.6(d)(6) governs in this action.

### B.    ESI Order

The parties are negotiating in good faith a Stipulated Electronically Stored Information ("ESI") Order governing the production of electronically stored information for submission to the Court.  The ESI Order will specify the scope, protocols, format, and issue-resolution steps for the production of ESI.

Dated: July 17, 2020                          Respectfully submitted,


                                              */s/ Paul J. Hayes*
                                              Paul J. Hayes (BBO # 227,000)
                                              Matthew D. Vella (BBO # 660,171)
                                              Kevin Gannon (BBO # 640,931)
                                              Daniel McGonagle (BBO # 690,084)
                                              **PRINCE LOBEL TYE LLP**
                                              One International Place, Suite 3700
                                              Boston, MA 02110
                                              Tel: (617) 456-8000
                                              Fax: (617) 456-8100
                                              Email: phayes@princelobel.com
                                              Email: mvella@princelobel.com
                                              Email: kgannon@princelobel.com
                                              Email: dmcgonagle@princelobel.com

                                              **ATTORNEYS FOR THE PLAINTIFF**

*/s/ Matthias Kamber*

Gregory F. Corbett (BBO # 646394)
Nathan R. Speed (BBO # 670249)
Elizabeth A. DiMarco (BBO # 681921)
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA 02210
Tel: (617) 646-8000
Fax: (617) 646-8646
Email: gregory.corbett@wolfgreenfield.com
Email: nathan.speed@wolfgreenfield.com
Email: elizabeth.dimarco@wolfgreenfield.com

Robert Van Nest (admitted pro hac vice)
Matthias Kamber (admitted pro hac vice)
Michelle Ybarra (admitted pro hac vice)
Jay Rapaport (admitted pro hac vice)
Andrew Bruns (admitted pro hac vice)
Deeva Shah (admitted pro hac vice)
**KEKER, VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel: (415) 391-5400
Email: rvannest@keker.com
Email: mkamber@keker.com
Email: mybarra@keker.com
Email: jrapaport@keker.com
Email: abruns@keker.com
Email: dshah@keker.com

Michael S. Kwun (admitted pro hac vice)
Asim Bhansali (admitted pro hac vice)
**KWUN BHANSALI LAZARUS LLP**
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350
Email: mkwun@kblfirm.com
Email: abhansali@kblfirm.com

**ATTORNEYS FOR THE DEFENDANT**

<u>CERTIFICATE OF SERVICE</u>

   I certify that on July 17, 2020, I served this document on defendant by causing a copy to be sent via electronic mail to its counsel of record.


                */s/ Paul J. Hayes*