<pre>
 1                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
 2

 3    SINGULAR COMPUTING, LLC,          )
                                        )
 4                      Plaintiff       )
                                        )  No. 1-19-CV-12551-FDS
 5    vs.                               )
                                        )
 6    GOOGLE, LLC,                      )
                                        )
 7                      Defendant.      )

 8


 9          BEFORE THE HONORABLE F. DENNIS SAYLOR, IV
                  UNITED STATES DISTRICT JUDGE
10                SCHEDULING CONFERENCE VIA ZOOM

11

12

13


14          John Joseph Moakley United States Courthouse
                       Courtroom No. 10
15                    One Courthouse Way
                   Boston, Massachusetts 02210
16

17


18                       July 24, 2020
                          11:00 a.m.
19

20

21

                   Kristin M. Kelley, RPR, CRR
22                    Official Court Reporter
          John Joseph Moakley United States Courthouse
23                One Courthouse Way, Room 3209
                   Boston, Massachusetts 02210
24                  E-mail: kmob929@gmail.com

25         Mechanical Steno - Computer-Aided Transcript
</pre>

```
 1    APPEARANCES:

 2

 3           Paul J. Hayes

 4           Kevin Gannon

 5           Prince Lobel Tye, LLP

 6           One International Place

 7           Suite 3700

 8           Boston, Massachusetts 02110

 9           617-456-8000

10           phayes@princelobel.com

11           kgannon@princelobel.com

12           for Plaintiff.

13

14           Matthias A. Kamber

15           Keker, Van Nest & Peters, LLP

16           633 Battery Street

17           San Francisco, CA 94111

18           415-391-5400

19           mybarra@keker.com

20           for Defendant.

21

22

23

24

25
```

```
 1   APPEARANCES:

 2

 3           Asim M. Bhansali

 4           Kwun Bhansali Lazarus, LLP

 5           555 Montgomery Street

 6           Suite 750

 7           San Francisco, CA 94111

 8           415-630-2350

 9           abhansali@kblfirm.com

10           for Defendant.

11

12

13           Nathan R. Speed

14           Wolf, Greenfield & Sacks, PC

15           600 Atlantic Avenue

16           Boston, MA 02210

17           617-646-8275

18           nathan.speed@wolfgreenfield.com

19           for Defendant.

20

21

22

23

24

25
```

P R O C E E D I N G S

     THE CLERK:  Court is now in session in the matter of Singular Computing versus Google, matter No. 1-19-12551. Participants are reminded that recording and rebroadcasting of this hearing is prohibited and may result in sanctions.

     Will counsel please identify themselves for the record, beginning with counsel for the plaintiff.

     MR. HAYES:  Paul Hayes for Singular.

     MR. GANNON:  Kevin Gannon, also for Singular.

     THE COURT:  Good morning.  For the Defendant?

     MR. SPEED:  Good morning.  This is Nathan Speed from Wolf, Greenfield & Sacks.  I'm joined on the call with my colleague Matthias Kamber, and Asim Bhansali from Keker, Van Nest & Peters.

     THE COURT:  This is the scheduling conference in this case.  The parties have submitted a joint statement.  I'm going to turn to the schedule in a moment.  Let me just touch on some of the things that were raised in the parties' statement.

     Let me take maybe the last thing first, that is scheduling a trial.  As I'm sure you know, we are wrestling with every aspect of the pandemic, including how it affects our ability to conduct trials.  We are trying to put in place a plan for conducting one criminal defendant trial, hopefully in mid September, if everything stays on track.  Assuming all of that works, it may not, it's going to take a while to sort of

1    disentangle everything.  We have lots of matters that are

2    backed up.  One of the things that we're dealing with at the

3    same time is what happens to the large, complicated civil

4    trials.  This case is, of course, very far away from trial but

5    it could be effected by all this.  So it may be some time

6    before I'm even in a position to think about scheduling a trial

7    or what that would look like.

8            Just to give you a flavor of it, we're looking at

9    could we do something off site in a performing auditorium or

11:02  10   ballroom or something where we could have social distancing,

11   but the complicated teams and backups that most of these types

12   of trials tend to need is difficult.

13           So I'm not going to set a trial date.  Going forward,

14   obviously one of the things you all will have to think about,

15   in case this happens for a long time, which it may, is whether

16   a bench trial makes sense.  All of that is, of course, down the

17   road.

18           Changing subjects, on the question of whether or not

19   I'm going to request Singular to file a response to Google's

11:02  20   validity intentions, I think I'll could do it more

21   conventionally and permit Google to serve a contention

22   interrogatory, presumably after the claim construction order,

23   although it's not clear that it has to happen in that order, at

24   least not clear to me.  In any event, rather than have a formal

25   court order, I'm going to deal with it in terms of a contingent

1  interrogatory that would be served like any other

2  interrogatory.

3          Next up, I am fairly confident, unless things change

4  pretty dramatically, that we're likely to have this Markman

5  hearing in this case by Zoom.  That could, of course, change,

6  but I'm not terribly optimistic.  The parties ought to be

7  planning accordingly.  I would, of course, permit documents.

8  I'm not sure about videos, if you want to show a video, but

9  it's at least possible.  One thing I'm going to want to know

11:04 10  down the road is do you expect a Markman hearing to be attorney

11  argument only or is there going to be expert or other

12  testimony.  Again, I think it's pretty unlikely that's going to

13  be a live hearing.

14          Next, with regard to discovery limitations, the

15  parties have agreed to deposition limitations of 16 per side.

16  My view on this is as follows: Discovery limitations tend to be

17  a one size fits all solution.  In other words, it's too many

18  permitted events for most cases and too few for the rest.  I am

19  a believer in depositions and document production, less of a

11:04 20  believer in interrogatories, with some exceptions.  A request

21  for admissions, in my view, rarely accomplish much of anything,

22  even authenticating documents for trial because the parties

23  tend to stipulate to whether they agree and not stipulate if

24  they don't agree.

25          All of that is by way of explaining the following: The

1    limitations look fine to me.  It would be relatively easy in

2    the scheme of things to get that 86th hour on each side or that

3    17th deposition if you explain to me why you need it.  And each

4    succeeding deposition and each succeeding hour will be a lit

5    bit harder to obtain.  I understand that things are

6    complicated.  All of that sort of presupposes a reasonably

7    efficient use of time.

8          The last depositions I participated in before I became

9    a judge, and I would like to on the record and thank God that I

11:06 10    never have to participate in another deposition, although I do

11    have to read transcripts, the attorneys for the other side

12    spent more than an hour asking my client what he had done to

13    prepare for the deposition and then was quite upset when after

14    7 hours he had run out of time.  To me, that's a classic

15    example of the kind of things that lawyers do that really waste

16    time and achieve next to nothing.

17          Again, if there are disputes here, my working

18    assumption is that sometimes people do need a little bit more

19    time.  They do need a little bit more than 7 hours or 16

11:06 20    depositions or whatever the limitation is, but all of that is

21    predicated on reasonable efficiency in a deposition, so you're

22    forewarned if there's a 30(b)(6) witness or individual witness,

23    although I'm going to leave for you to negotiate that in the

24    time being.

25          I understand the parties are attempting to negotiate

1    stipulated protective orders and a protective order concerning

2    ESI.  I'll wait for that to be submitted.  If that's a dispute,

3    let's get it keyed up quickly so it can be resolved.

4        Before I turn to the schedule itself, Mr. Hayes, any

5    questions for the plaintiff?

6        MR. HAYES:  No.  That's clear.  I don't have any

7    questions, Judge.

8        THE COURT:  Who's taking the lead for the defendants?

9        MR. KAMBER:  That would be me, your Honor, Matthias

11:08 10   Kamber from Keker, VanNest & Peters.

11        THE COURT:  You have any questions?

12        MR. KAMBER:  All set.  Thank you.

13        THE COURT:  In terms of the proposed scheduling order,

14   I'm going to tighten up the schedule a bit.  Everything seems

15   to take longer under extraordinary circumstances.  I'm going to

16   build in perhaps a little more time than I might prefer.  That

17   doesn't mean that we can't accomplish things.  If the

18   depositions are going to be by video, I'm not going to issue an

19   order to that effect.  It's certainly possible there may be

11:08 20   instances where that's not appropriate, or a health situation

21   may change.

22        The bottom line is I'm going to propose a schedule

23   that I think is going to allow enough time for all of the

24   events in question.  I expect that it will be adhered to.  I do

25   understand that things change.  Not everything goes the way

it's supposed to.  This will be an order of the Court, that is

you can't modify the deadlines by agreement or just simply

ignore them.  I will listen to reason.  If you file a motion to

extend the time for any of these deadlines, but if you want me

to be reasonable, I need you to be reasonable.  That means I

need you to demonstrate to me you're working in good faith to

get the work done in the time allotted and explain if something

has gone wrong or why you need more time to tell me.  It may

well be that I'm at fault.  I don't always get my claim

construction orders out quite as briskly as I would hope.

Things like that may delay the schedule.  I would argue these

are court ordered deadlines in most of these and you have to

file a motion requesting to extend that.

I will adopt the dates for service of initial

disclosures and submission of proposed protective orders and

ESI orders. I assume the initial disclosures occurred since

yesterday.  I'm going to walk through the dates, although,

again, all of this will be in a stated order.

Plaintiff's preliminary preliminary disclosures will

be September 4th.  The deadline for a conference on related

disclosures will be October 2nd.  Preliminary invalidity and

non-infringement disclosures will be November 6th.  The parties

shall exchange claim terms and proposed constructions by

December 4th.  Opening claim construction dates shall be

January 8th.  Response to claim construction dates shall be

1      February 8th.  A joined claim construction and prehearing

2      statement shall be February 22nd.  The deadline for amendment

3      of the pleadings and enjoining of additional parties shall be

4      March 12th.

5              I'm going to put in the calendar a date for a Markman

6      hearing, not having any idea at this stage whether we need an

7      afternoon, a day, two days.  I think it's best to get it in the

8      schedule because if it is going to require more than a day, I'm

9      going to want to know that fairly well in advance.  Let's say

11:12 10   March 31st at 9:00 a.m.

11             The deadline for written requests for discovery will

12     be March 24th.  Close of fact discovery will be July 23rd.

13     Opening expert reports will be August 27th.  Rebuttal expert

14     reports will be September 24th.  Disclosure of expert

15     depositions shall be October 22nd.  Dispositive motions shall

16     be filed by November 17th.

17             I'm going to set the number of status conferences.  I

18     am a fan of status conferences.  They are helpful in every

19     case, but particularly complex cases where there tends to be a

11:13 20   lot going on.  I don't need counsel to be present.  It may be

21     that we don't have much to talk about depending on where it

22     stands, but I think it's a useful thing to do.

23             Let's have a first conference for Monday, November 9,

24     2 o'clock Eastern time, another one for after the claim

25     construction briefs on Monday, January 11th at 2 o'clock

1    Eastern time, and a third on February 23rd at 2 o'clock Eastern

2    Time.  Those will be, presumably, by telephone, possibly by

3    Zoom.  I have cases in which I have status conferences every 30

4    days.  I'm not necessarily inviting that, but sometimes, as I'm

5    sure you know, there's a lot going on and a lot for court

6    management.  If you think it could be useful, you could feel

7    free to suggest a quicker conference.

8          I suspect to refer all discovery disputes to the

9    magistrate judge, but depending on how the case plays out, I

11:16  10   may maintain some of that or set some general guidelines or

11   parameters if I think that's appropriate.

12          Let me pause there.  We will issue this in written

13   order.  Mr. Hayes, anything from the plaintiff on the

14   timetable?

15          MR. HAYES:  No, your Honor.  So far we have nothing to

16   add.

17          THE COURT:  Okay.  Mr. Kamber?

18          MR. KAMBER:  Your Honor, only one thing.  That is for

19   the very early dates.  The proposals that the parties had for

11:16  20   submitting the protective order and ESI order actually had the

21   date as of yesterday.  I think it's fair to say that the

22   parties have reached an agreement on the ESI order.

23          THE COURT:  Let me add a week to that.

24          MR. KAMBER:  That would be great.  Thank you, your

25   Honor.

1    THE COURT:  All right.  The only other thing on my

2    agenda, which is a bit premature, is my view on mediation or

3    ADR, which is really kind of simplistic.  First, you're

4    represented by city counsel and you have each other's phone

5    numbers and it might make sense to talk.  If you think it would

6    be useful either to have court ordered mediation or private

7    mediation or ADR, I will be supportive and do whatever is

8    appropriate under the circumstances, including staying

9    deadlines, if necessary.  It has to be completely voluntarily.

11:18 10   I'm not going to force anyone into settlement discussions.  I

11   just want it to be there.  Again, my view is simplistic.  If

12   you're not going to settle it, I want you to litigate and let's

13   move this case forward toward summary judgment or trial or

14   whatever it is where it's going to wind up.

15         So that's my whole agenda.  Anything anyone want to

16   bring up while I have you on the phone?  Mr. Hayes?

17         MR. HAYES:  No, your Honor.  I think that does it.

18         THE COURT:  Okay.  Mr. Kamber?

19         MR. KAMBER:  In this case, I agree with Mr. Hayes.

11:18 20        THE COURT:  Okay.  So barring anything further then,

21   we will reconvene in early November and see what it looks like

22   at that stage.  That you all.

23         MR. KAMBER:  Thank you, your Honor.

24         MR. HAYES:  Thanks, Judge.

25         (Whereupon, the proceedings concluded at 11:19 a.m.)

1                    C E R T I F I C A T E

2

3

4   UNITED STATES DISTRICT COURT )

5   DISTRICT OF MASSACHUSETTS    )

6

7

8           I, Kristin M. Kelley, certify that the foregoing is a

9   correct transcript from the record of proceedings taken

10  July 24, 2020 in the above-entitled matter to the best of my

11  skill and ability.

12

13

14      /s/ Kristin M. Kelley                     July 30, 2020

15      Kristin M. Kelley, RPR, CRR                    Date
        Official Court Reporter
16

17

18

19

20

21

22

23

24

25