UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR CLARIFICATION OF A
PROVISION OF THE SCHEDULING ORDER**

Plaintiff, Singular Computing LLC ("Singular"), respectfully requests clarification of one

provision of the Scheduling Order entered on July 27, 2020. *See* Dkt. No. 59.  Section 1f. of the

Scheduling Order states as follows:

> **f.      Plaintiff shall serve reply to Preliminary Patent Responses by: 12/4/20.**

Singular submits that this provision is not what the Court decided during the telephonic Hearing

on July 24, 2020.

In the Joint Prehearing Statement, the parties disagreed regarding whether or not Singular

would be required to provide formal responses to Google's invalidity contentions. *See* Dkt. No.

54 at 4.  Singular opposed Google's request for formal responses, as such is not provided for in

the Local Rules. *Id.*  At the Hearing, the Court agreed that Singular would <u>not</u> be required to

provide invalidity responses.  Instead, the Court allowed Google "to serve a contingent

interrogatory."  More particularly, the Court stated as follows:

> Changing subjects, on the question of whether or not I'm going to request Singular
> to file a response to Google's validity contentions, I think I could do it more
> conventionally and permit Google to serve a contingent interrogatory, presumably
> after the claim construction order, although it's not clear that it has to happen in
> that order, at least it's not clear to me.  **In any event, rather than have a formal**

1

> **court order, I'm going to deal with it in terms of a contingent interrogatory that would be served like any other interrogatory.**

*See* Ex. A, pp. 5-6 (bold added).[1]

Counsel for both parties understood the Court, and counsel for Google did not question or otherwise object to this ruling:

> **Before I turn to the schedule itself, Mr. Hayes, any questions for the plaintiff?**
>
> **MR. HAYES:  No, that's clear.  I don't have any questions, Judge.**
>
> **THE COURT:  Who's taking the lead for the defendant?**
>
> **MR. KAMBER:  That would be me your Honor, Matthias Kamber from Keker, VanNest & Peters.**
>
> **THE COURT:  You have any questions?**
>
> **MR. KAMBER:  All set.  Thank you.**

Ex. A at 8 (bold added).

Thereafter, the Court set forth the deadlines that, consistent with the foregoing, did not include any requirement of formal responses by Singular to Google's invalidity contentions:

> **I'm going to walk through the dates, although, again, all of this will be in a stated order.**
>
> **Plaintiff's preliminary disclosures will be September 4th.  The deadline for a conference on related disclosures will be October 2nd.  Preliminary invalidity and non-infringement disclosures will be November 6th.  The parties shall exchange claim terms and proposed constructions by December 4th.  Opening claim construction dates shall be January 8th.  Response to claim construction dates shall be February 8th.  A joint claim construction and prehearing statement shall be February 22nd.  The deadline for amendment of the pleadings and joining additional parties shall be March 12th.**

Ex. A at 9-10 (bold added).

---

[1] Singular has corrected a number of typographical errors in the Hearing transcript quoted in this brief.

At the end of the Hearing, the Court once again asked counsel if they had any questions

regarding the foregoing.  Once again, counsel for Google did not object:

> **So that's my whole agenda.  Anything anyone want to bring up while I have you on the phone?  Mr. Hayes?**
>
> **MR. HAYES:  No, your Honor.  I think that does it.**
>
> **THE COURT:  Okay.  Mr. Kamber?**
>
> **MR. KAMBER:  In this case, I agree with Mr. Hayes.**

*Id.* at 12 (bold added).

Accordingly, Singular respectfully requests the Court to conform the Scheduling

Order to the hearing, and clarify the Order by deleting section 1f therefrom.

Dated: August 3, 2020                      Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Michael J. Ercolini (pro hac vice)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: mercolini@princelobel.com

**ATTORNEYS FOR THE PLAINTIFF**

## CERTIFICATE OF CONFERENCE

On July 31, 2020, counsel for Plaintiff conferred with Defendant's counsel and attempted in good faith to resolve or narrow the issues raised in this motion.

*/s/ Paul J. Hayes*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Paul J. Hayes*