# EXHIBIT A

1                       UNITED STATES DISTRICT COURT
                         DISTRICT OF MASSACHUSETTS
2

3     SINGULAR COMPUTING, LLC,              )
                                            )
4                       Plaintiff           )
                                            )  No. 1-19-CV-12551-FDS
5     vs.                                   )
                                            )
6     GOOGLE, LLC,                          )
                                            )
7                       Defendant.          )

8

9             BEFORE THE HONORABLE F. DENNIS SAYLOR, IV
                     UNITED STATES DISTRICT JUDGE
10                  SCHEDULING CONFERENCE VIA ZOOM

11

12

13

14        John Joseph Moakley United States Courthouse
                         Courtroom No. 10
15                       One Courthouse Way
                    Boston, Massachusetts 02210
16

17

18                         July 24, 2020
                            11:00 a.m.
19

20

21
                     Kristin M. Kelley, RPR, CRR
22                      Official Court Reporter
          John Joseph Moakley United States Courthouse
23               One Courthouse Way, Room 3209
                    Boston, Massachusetts 02210
24               E-mail: kmob929@gmail.com

25        Mechanical Steno - Computer-Aided Transcript

```
 1   APPEARANCES:

 2

 3           Paul J. Hayes

 4           Kevin Gannon

 5           Prince Lobel Tye, LLP

 6           One International Place

 7           Suite 3700

 8           Boston, Massachusetts 02110

 9           617-456-8000

10           phayes@princelobel.com

11           kgannon@princelobel.com

12           for Plaintiff.

13

14           Matthias A. Kamber

15           Keker, Van Nest & Peters, LLP

16           633 Battery Street

17           San Francisco, CA 94111

18           415-391-5400

19           mybarra@keker.com

20           for Defendant.

21

22

23

24

25
```

```
1   APPEARANCES:

2

3          Asim M. Bhansali

4          Kwun Bhansali Lazarus, LLP

5          555 Montgomery Street

6          Suite 750

7          San Francisco, CA 94111

8          415-630-2350

9          abhansali@kblfirm.com

10         for Defendant.

11

12

13         Nathan R. Speed

14         Wolf, Greenfield & Sacks, PC

15         600 Atlantic Avenue

16         Boston, MA 02210

17         617-646-8275

18         nathan.speed@wolfgreenfield.com

19         for Defendant.

20

21

22

23

24

25
```

P R O C E E D I N G S

1

2        THE CLERK:  Court is now in session in the matter of

3   Singular Computing versus Google, matter No. 1-19-12551.

4   Participants are reminded that recording and rebroadcasting of

5   this hearing is prohibited and may result in sanctions.

6        Will counsel please identify themselves for the

7   record, beginning with counsel for the plaintiff.

8        MR. HAYES:  Paul Hayes for Singular.

9        MR. GANNON:  Kevin Gannon, also for Singular.

11:00 10        THE COURT:  Good morning.  For the Defendant?

11        MR. SPEED:  Good morning.  This is Nathan Speed from

12   Wolf, Greenfield & Sacks.  I'm joined on the call with my

13   colleague Matthias Kamber, and Asim Bhansali from Keker, Van

14   Nest & Peters.

15        THE COURT:  This is the scheduling conference in this

16   case.  The parties have submitted a joint statement.  I'm going

17   to turn to the schedule in a moment.  Let me just touch on some

18   of the things that were raised in the parties' statement.

19        Let me take maybe the last thing first, that is

11:01 20   scheduling a trial.  As I'm sure you know, we are wrestling

21   with every aspect of the pandemic, including how it affects our

22   ability to conduct trials.  We are trying to put in place a

23   plan for conducting one criminal defendant trial, hopefully in

24   mid September, if everything stays on track.  Assuming all of

25   that works, it may not, it's going to take a while to sort of

1   disentangle everything.  We have lots of matters that are

2   backed up.  One of the things that we're dealing with at the

3   same time is what happens to the large, complicated civil

4   trials.  This case is, of course, very far away from trial but

5   it could be effected by all this.  So it may be some time

6   before I'm even in a position to think about scheduling a trial

7   or what that would look like.

8         Just to give you a flavor of it, we're looking at

9   could we do something off site in a performing auditorium or

11:02 10   ballroom or something where we could have social distancing,

11   but the complicated teams and backups that most of these types

12   of trials tend to need is difficult.

13         So I'm not going to set a trial date.  Going forward,

14   obviously one of the things you all will have to think about,

15   in case this happens for a long time, which it may, is whether

16   a bench trial makes sense.  All of that is, of course, down the

17   road.

18         Changing subjects, on the question of whether or not

19   I'm going to request Singular to file a response to Google's

11:02 20   validity intentions, I think I'll could do it more

21   conventionally and permit Google to serve a contingent

22   interrogatory, presumably after the claim construction order,

23   although it's not clear that it has to happen in that order, at

24   least not clear to me.  In any event, rather than have a formal

25   court order, I'm going to deal with it in terms of a contingent

```
 1    interrogatory that would be served like any other

 2    interrogatory.

 3            Next up, I am fairly confident, unless things change

 4    pretty dramatically, that we're likely to have this Markman

 5    hearing in this case by Zoom.  That could, of course, change,

 6    but I'm not terribly optimistic.  The parties ought to be

 7    planning accordingly.  I would, of course, permit documents.

 8    I'm not sure about videos, if you want to show a video, but

 9    it's at least possible.  One thing I'm going to want to know

11:04 10   down the road is do you expect a Markman hearing to be attorney

11    argument only or is there going to be expert or other

12    testimony.  Again, I think it's pretty unlikely that's going to

13    be a live hearing.

14            Next, with regard to discovery limitations, the

15    parties have agreed to deposition limitations of 16 per side.

16    My view on this is as follows: Discovery limitations tend to be

17    a one size fits all solution.  In other words, it's too many

18    permitted events for most cases and too few for the rest.  I am

19    a believer in depositions and document production, less of a

11:04 20   believer in interrogatories, with some exceptions.  A request

21    for admissions, in my view, rarely accomplish much of anything,

22    even authenticating documents for trial because the parties

23    tend to stipulate to whether they agree and not stipulate if

24    they don't agree.

25            All of that is by way of explaining the following: The
```

```
 1    limitations look fine to me.  It would be relatively easy in

 2    the scheme of things to get that 86th hour on each side or that

 3    17th deposition if you explain to me why you need it.  And each

 4    succeeding deposition and each succeeding hour will be a lit

 5    bit harder to obtain.  I understand that things are

 6    complicated.  All of that sort of presupposes a reasonably

 7    efficient use of time.

 8            The last depositions I participated in before I became

 9    a judge, and I would like to on the record and thank God that I

10    never have to participate in another deposition, although I do

11    have to read transcripts, the attorneys for the other side

12    spent more than an hour asking my client what he had done to

13    prepare for the deposition and then was quite upset when after

14    7 hours he had run out of time.  To me, that's a classic

15    example of the kind of things that lawyers do that really waste

16    time and achieve next to nothing.

17            Again, if there are disputes here, my working

18    assumption is that sometimes people do need a little bit more

19    time.  They do need a little bit more than 7 hours or 16

20    depositions or whatever the limitation is, but all of that is

21    predicated on reasonable efficiency in a deposition, so you're

22    forewarned if there's a 30(b)(6) witness or individual witness,

23    although I'm going to leave for you to negotiate that in the

24    time being.

25            I understand the parties are attempting to negotiate
```

```
 1   stipulated protective orders and a protective order concerning

 2   ESI.  I'll wait for that to be submitted.  If that's a dispute,

 3   let's get it keyed up quickly so it can be resolved.

 4          Before I turn to the schedule itself, Mr. Hayes, any

 5   questions for the plaintiff?

 6          MR. HAYES:  No.  That's clear.  I don't have any

 7   questions, Judge.

 8          THE COURT:  Who's taking the lead for the defendants?

 9          MR. KAMBER:  That would be me, your Honor, Matthias

10   Kamber from Keker, VanNest & Peters.

11          THE COURT:  You have any questions?

12          MR. KAMBER:  All set.  Thank you.

13          THE COURT:  In terms of the proposed scheduling order,

14   I'm going to tighten up the schedule a bit.  Everything seems

15   to take longer under extraordinary circumstances.  I'm going to

16   build in perhaps a little more time than I might prefer.  That

17   doesn't mean that we can't accomplish things.  If the

18   depositions are going to be by video, I'm not going to issue an

19   order to that effect.  It's certainly possible there may be

20   instances where that's not appropriate, or a health situation

21   may change.

22          The bottom line is I'm going to propose a schedule

23   that I think is going to allow enough time for all of the

24   events in question.  I expect that it will be adhered to.  I do

25   understand that things change.  Not everything goes the way
```

             1    it's supposed to.  This will be an order of the Court, that is

             2    you can't modify the deadlines by agreement or just simply

             3    ignore them.  I will listen to reason.  If you file a motion to

             4    extend the time for any of these deadlines, but if you want me

             5    to be reasonable, I need you to be reasonable.  That means I

             6    need you to demonstrate to me you're working in good faith to

             7    get the work done in the time allotted and explain if something

             8    has gone wrong or why you need more time to tell me.  It may

             9    well be that I'm at fault.  I don't always get my claim

    11:09  10    construction orders out quite as briskly as I would hope.

            11    Things like that may delay the schedule.  I would argue these

            12    are court ordered deadlines in most of these and you have to

            13    file a motion requesting to extend that.

            14           I will adopt the dates for service of initial

            15    disclosures and submission of proposed protective orders and

            16    ESI orders. I assume the initial disclosures occurred since

            17    yesterday.  I'm going to walk through the dates, although,

            18    again, all of this will be in a stated order.

            19           Plaintiff's preliminary preliminary disclosures will

    11:10  20    be September 4th.  The deadline for a conference on related

            21    disclosures will be October 2nd.  Preliminary invalidity and

            22    non-infringement disclosures will be November 6th.  The parties

            23    shall exchange claim terms and proposed constructions by

            24    December 4th.  Opening claim construction dates shall be

            25    January 8th.  Response to claim construction dates shall be

1    February 8th.  A joined claim construction and prehearing

2    statement shall be February 22nd.  The deadline for amendment

3    of the pleadings and enjoining of additional parties shall be

4    March 12th.

5           I'm going to put in the calendar a date for a Markman

6    hearing, not having any idea at this stage whether we need an

7    afternoon, a day, two days.  I think it's best to get it in the

8    schedule because if it is going to require more than a day, I'm

9    going to want to know that fairly well in advance.  Let's say

11:12 10   March 31st at 9:00 a.m.

11          The deadline for written requests for discovery will

12   be March 24th.  Close of fact discovery will be July 23rd.

13   Opening expert reports will be August 27th.  Rebuttal expert

14   reports will be September 24th.  Disclosure of expert

15   depositions shall be October 22nd.  Dispositive motions shall

16   be filed by November 17th.

17          I'm going to set the number of status conferences.  I

18   am a fan of status conferences.  They are helpful in every

19   case, but particularly complex cases where there tends to be a

11:13 20   lot going on.  I don't need counsel to be present.  It may be

21   that we don't have much to talk about depending on where it

22   stands, but I think it's a useful thing to do.

23          Let's have a first conference for Monday, November 9,

24   2 o'clock Eastern time, another one for after the claim

25   construction briefs on Monday, January 11th at 2 o'clock

1       Eastern time, and a third on February 23rd at 2 o'clock Eastern

2       Time.   Those will be, presumably, by telephone, possibly by

3       Zoom.   I have cases in which I have status conferences every 30

4       days.   I'm not necessarily inviting that, but sometimes, as I'm

5       sure you know, there's a lot going on and a lot for court

6       management.   If you think it could be useful, you could feel

7       free to suggest a quicker conference.

8               I suspect to refer all discovery disputes to the

9       magistrate judge, but depending on how the case plays out, I

11:16 10  may maintain some of that or set some general guidelines or

11      parameters if I think that's appropriate.

12              Let me pause there.   We will issue this in written

13      order.   Mr. Hayes, anything from the plaintiff on the

14      timetable?

15              MR. HAYES:   No, your Honor.   So far we have nothing to

16      add.

17              THE COURT:   Okay.   Mr. Kamber?

18              MR. KAMBER:   Your Honor, only one thing.   That is for

19      the very early dates.   The proposals that the parties had for

11:16 20  submitting the protective order and ESI order actually had the

21      date as of yesterday.   I think it's fair to say that the

22      parties have reached an agreement on the ESI order.

23              THE COURT:   Let me add a week to that.

24              MR. KAMBER:   That would be great.   Thank you, your

25      Honor.

1          THE COURT:  All right.  The only other thing on my

2     agenda, which is a bit premature, is my view on mediation or

3     ADR, which is really kind of simplistic.  First, you're

4     represented by city counsel and you have each other's phone

5     numbers and it might make sense to talk.  If you think it would

6     be useful either to have court ordered mediation or private

7     mediation or ADR, I will be supportive and do whatever is

8     appropriate under the circumstances, including staying

9     deadlines, if necessary.  It has to be completely voluntarily.

11:18 10   I'm not going to force anyone into settlement discussions.  I

11    just want it to be there.  Again, my view is simplistic.  If

12    you're not going to settle it, I want you to litigate and let's

13    move this case forward toward summary judgment or trial or

14    whatever it is where it's going to wind up.

15          So that's my whole agenda.  Anything anyone want to

16    bring up while I have you on the phone?  Mr. Hayes?

17          MR. HAYES:  No, your Honor.  I think that does it.

18          THE COURT:  Okay.  Mr. Kamber?

19          MR. KAMBER:  In this case, I agree with Mr. Hayes.

11:18 20         THE COURT:  Okay.  So barring anything further then,

21    we will reconvene in early November and see what it looks like

22    at that stage.  That you all.

23          MR. KAMBER:  Thank you, your Honor.

24          MR. HAYES:  Thanks, Judge.

25          (Whereupon, the proceedings concluded at 11:19 a.m.)

```
 1                   C E R T I F I C A T E

 2

 3

 4   UNITED STATES DISTRICT COURT )

 5   DISTRICT OF MASSACHUSETTS     )

 6

 7

 8          I, Kristin M. Kelley, certify that the foregoing is a

 9   correct transcript from the record of proceedings taken

10   July 24, 2020 in the above-entitled matter to the best of my

11   skill and ability.

12

13

14       /s/ Kristin M. Kelley                July 30, 2020

15       Kristin M. Kelley, RPR, CRR                Date
         Official Court Reporter
16

17

18

19

20

21

22

23

24

25
```