UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SINGULAR COMPUTING LLC,  )  <br> Plaintiff(s),  )  <br>  )  <br> v.  )  <br>  )  <br> GOOGLE LLC,  )  <br> Defendant(s).  )  <br>  ) | | Civil Action No.<br>19-12551-FDS |

*CORRECTED* SCHEDULING ORDER

**SAYLOR, C.J.**

This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

**Timetable for Discovery and Motion Practice**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F) and 16.6, it is hereby ORDERED that:

**1.   Preliminary Disclosures**

**a.**   Parties shall submit a proposed Protective Order to the Court by **7/30/2020**.

**b.**   Parties shall submit a proposed ESI Order to the Court by **7/30/2020**.

**c.**   **Preliminary Infringement Disclosure**:  No later than **9/4/2020** patentee shall serve and file preliminary disclosure of the claims infringed.  Patentee shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims.  Patentee shall also specify whether the alleged infringement is literal or falls under the doctrine of equivalents. If patentee has not already done so, it shall produce all documents supporting its contentions and/or identify any such supporting documents produced by accused infringer.  Such disclosures may be amended or supplemented up to 30 days before the date of the Markman Hearing.  After that time, such disclosures may be amended or supplemented only by leave of court, for good cause shown.

**d.**   Deadline for conference on patent-related disclosures: **10/2/2020**.

    **e.**    **Preliminary Invalidity and Non-Infringement Disclosures**: Not later than **11/6/2020** accused infringer shall serve and file Preliminary Invalidity and Non-Infringement Contentions. Accused infringer shall identify prior art that anticipates or renders obvious the identified patent claims in question and, for each such prior art reference, shall specify whether it anticipates or is relevant to the obviousness inquiry. If applicable, the accused infringer shall also specify any other grounds for invalidity, such as indefiniteness, best mode, enablement, or written description. If the accused infringer has not already done so, it shall produce documents relevant to the invalidity defenses and/or identify any such supporting documents produced by patentee. Further, if the accused infringer has not already done so, it shall produce documents sufficient to show operation of the accused product(s) or method(s) that patentee identified in its preliminary infringement disclosures. Such disclosures may be amended or supplemented up to 30 days before the date of the Markman Hearing. After that time, such disclosures may be amended or supplemented only by leave of court, for good cause shown, except that, if the patentee amends or supplements its preliminary infringement disclosures, the accused infringer may likewise amend or supplement its disclosures within 30 days of service of the amended or supplemented infringement disclosures.

**2.**    **Amendments to Pleadings:** Amendments to the pleadings under Fed. R. Civ. P. 15 and motions for joinder of any additional parties under Fed. R. Civ. P. 19 and 20 must be served and filed no later than **3/12/2021**.

**3.**    **Claim Construction Proceedings**

    **a.**    No later than **12/4/2020**, the parties shall simultaneously exchange a list of claim terms to be construed and proposed constructions.

    **b.**    No later than **1/8/2021** the parties shall simultaneously exchange and file preliminary claim construction briefs. Each brief shall contain a list of terms construed, the party's proposed construction of each term, and evidence and argument supporting each construction. Absent leave of court, preliminary claim construction briefs shall be limited to 25 pages.

    **c.**    No later than **2/8/2021**, the parties shall simultaneously exchange and file reply briefs. Absent leave of court, reply briefs shall be limited to 15 pages.

    **d.**    No later than **2/22/2021**, the parties shall finalize the list of disputed terms for the court to construe. The parties shall prepare and file a joint claim construction and prehearing statement (hereafter the "joint statement") that identifies both agreed and disputed terms.

      i.      The joint statement shall note the anticipated length of time necessary for the claim construction hearing and whether any party proposes to call witness, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.

      ii.     The joint statement shall also indicate whether the parties will present tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in the form of briefs, declarations, computer animations, slide presentations, or other media, the parties shall exchange such materials five days before the claim construction hearing. In the alternative, the parties may present tutorials through presentations by the attorneys or experts at the claim construction hearing.

      iii.    The joint statement shall include a proposed order in which parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.

      iv.    The joint statement shall limit the number of claims to be construed and shall prioritize the disputed terms in order of importance.

      v.     The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term and supporting evidence.

4. **The Claim Construction Hearing (a.k.a "Markman" Hearing):** The Court shall hold a claim construction hearing on **March 31, 2021 at 9:00 AM.**

5. **Discovery**.

    **a. Written Discovery.** Written discovery (requests for production of documents, interrogatories and request for admissions) shall be served no later than **5/24/2021**.

    **b. Fact Discovery.** Fact discovery will be completed no later than **7/23/2021**.

6. **Expert Discovery.**

    a.    Parties shall serve Opening Expert Reports by **8/27/2021**.

    b.    Parties shall serve Rebuttal Expert Reports   by **9/24/2021**.

    c.    Close of Expert Discovery (including completion of expert depositions): **10/22/2021**.

7. **Dispositive Motions:** Dispositive motions, such as motions for summary judgment, shall be filed by **11/17/2021**.

8. **Status Conferences**: Status conferences will be held on:

   **November 9, 2020 at 2:00 PM**
   **January 11, 2021 at 2:00 PM**
   **February 23, 2021 at 2:00 PM**

9. **Initial Pretrial Conference.** The initial pretrial conference will be scheduled at a later point in the proceedings. The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(D) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(D)(2) or (3).

## Procedural Provisions

1. **Extension of Deadlines.** Motions to extend or modify deadlines will be granted only for good cause shown. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

2. M**otions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

3. **Reply Memoranda.** Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4. **Status Conferences.** The court has scheduled status conferences for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the court upon reasonable notice to opposing counsel.

5. **Additional Conferences.** Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled.

>Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

6. **Early Resolution of Issues.**  The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case.  Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7. **Pretrial Conference.**  Lead trial counsel are required to attend any pretrial conference.

By the Court,

Dated:  August 4, 2020

*/s/ Christine Bono*
Deputy Clerk