UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS |

## **MOTION FOR ENTRY OF DISPUTED PROTECTIVE ORDER**

The parties request that the Court enter a Protective Order. The Parties have reached agreement on most terms of the Protective Order. However, the parties were unable to reach agreement regarding certain issues, identified below. The parties have met and conferred in good faith and are unable to resolve the issues. The parties' Disputed Protective Order is attached, with the disputed provisions and respective positions bracketed and highlighted. Each party's argument in support of its position is provided below.

I. **Scope of the Prosecution Bar**

The Protective Order contains a patent prosecution bar under which any person who reviews highly sensitive technical material from the Producing Party may not prosecute patents that involve the technology at issue: processors for machine learning, including processors for training and inference. Singular proposes the following limitation to the prosecution bar:

> No prohibition in this section 20 shall preclude litigation counsel from participating in the prosecution of patents and patent applications claiming priority from the provisional application from which the Patents-in-suit claim priority, provided such patent and applications are not asserted against: (1) Google, or, (2) with respect to the manufacture, use, sale, offer to sale or importation of Google products or services, any distributor, dealer, supplier, reseller, supplier, contractor, customer or end user of Google.

Google opposes the inclusion of this limitation.

1

### A. Singular's Position

Singular and its counsel should not be subject to the prosecution bar for the use of the subject matter disclosed in its provisional patent application entitled "Massively Parallel Processing with Compact Arithmetic Element" that was filed in June of 2009 as any production from Google should not include any "HIGHLY SENSITIVE TECHNICAL MATERIAL" that predate June 2009, given the accused product was publicly announced in May 2017. Singular should not be precluded from obtaining claims consistent with the scope of that pre-existing disclosure.

In an attempt to ease Google's concerns, Singular limits this exclusion and agrees that any patents and patent applications that are worked on by attorneys that have reviewed "HIGHLY SENSITIVE TECHNICAL MATERIAL" will not be asserted against: (1) Google, or, (2) with respect to the manufacture, use, sale, offer to sale or importation of Google products or services, any distributor, dealer, supplier, reseller, supplier, contractor customer or end user of Google.

Google's argument that Singular and its attorneys may violate the Protective Order and misuse Google's confidential information to craft future patent claims beggars belief. Singular filed its priority patent application in 2009, long before Google introduced the infringing TPUv2 and TPUv3 products. Singular drafted the patent claims asserted herein well before Google even begins to produce any confidential information to Singular under this Protective Order. Therefore it is self-apparent that Singular and its attorneys did not, and do not, need confidential Google information to draft patent claims that have the scope to cover the accused products. If anyone should be concerned about the misuse of confidential information in this case, it is Singular. As set forth in the Amended Complaint, Singular alleges that it disclosed its invention

to Google pursuant to Non-Disclosure Agreements and, in violation thereof, Google designed and installed the infringing TPU products.  Accordingly, Google's argument that it needs protection from Singular's use of confidential information should be rejected out of hand.

> **B.    Google's position: The Court should deny Singular's request to further limit the prosecution bar.**

Both parties agree that a prosecution bar is warranted because the parties—including third parties—will be obligated to turn over confidential technical documents, which contain highly sensitive technical information that an individual could use inadvertently to draft claims in pending or future patent applications or acquire patents to spur future litigation.  The parties have therefore agreed to a limited prosecution bar, covering only (1) the prosecution of patents related to processors for machine learning and (2) attorneys who review highly sensitive, technical documents.  This bar is consistent with the scope of prosecution bars allowed by this Court and others.  *See Intellectual Ventures I, LLC, v. Lenovo Group Ltd.*, No. 16-cv-10860-PBS, 2019 WL 343242, at *4 (D. Mass. Jan. 25, 2019); *Applied Signal Tech., Inc. v. Emerging Markets Commc'ns., Inc.*, No. C-09-02180 (SBA (DMR), 2011 WL 197811 at *3 (N.D. Cal. Jan. 20, 2011).

Nevertheless, Singular's proposed exception would allow its counsel to review Google's highly confidential information, use that information to recraft Singular's pending and future patent claims, and then assert those claims against all competitors in the machine-learning field.  Singular should not be allowed to profit in this way from its access to Google's highly confidential materials, nor should it be allowed to use those materials to its competitive

advantage in the very field where it purports to compete with Google.[1]  *See, e.g.,* Singular's Amended Compl. ¶¶ 15, 22, 24, 96, 114, 131.

Singular proposes to carve out the very behavior the prosecution bar should prevent. That is, a patent prosecution bar is intended to protect a producing party from "the risk of inadvertent disclosure or competitive use" of its highly confidential information by counsel for the receiving party.  *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1380 (Fed. Cir. 2010).  As this Court has recognized, "an attorney with access to its adversary's confidential information may be barred from representing clients in certain matters before the PTO due to the *high risk of inadvertent disclosure and misuse* of that information."  *Voice Domain Techs., LLC v. Apple, Inc.*, No. 13-40138-TSH, 2014 WL 5106413 at *7 (D. Mass. Oct. 8, 2014) (emphasis added).  "'[I]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so.'" *Intellectual Ventures I,* 2019 WL 343242, at *3 (quoting *FTC v. Exxon Corp*., 636 F.2d 1336, 1350 (D.C. Cir. 1980)).  Otherwise, a patent owner could "use confidential information to restructure or amend its claims so as to improve its litigation position against alleged infringers." *Telebuyer, LLC v. Amazon.com, Inc.*, No. 13-cv-1677, 2014 WL 5804334, at *6 (W.D. Wash. July 7, 2014). In effect, the exception Singular proposes swallows the rule, even if Singular would only be able to leverage the information as against other potential competitors and not Google or its customers.

---

[1] Google acknowledges that Singular may have to rely on other counsel for this litigation or before the PTO because of the prosecution bar; however, "the factors that make an attorney so valuable to a party's prosecution interests are often the very factors that subject him to the risk of inadvertent use or disclosure of proprietary competitive information acquired during litigation." *Deutsche Bank*, 605 F.3d at 1381. The substantial risk to Google and third parties outweighs any minor benefit to Singular.

Moreover, Singular's proposed limitation poses significant problems for third parties producing materials in this litigation.  As described in Sections 21(a) and 21(b), the Protective Order applies to materials produced by a non-party; however, Singular's proposed exception would exclude any third party from the protections in the prosecution bar, as long as Singular's counsel did not assert the patents against "(1) Google, or, (2) with respect to the manufacture, use, sale, offer to sale or importation of Google products or services, any distributor, dealer, supplier, reseller, supplier, contractor, customer or end user of Google."  Singular offers no support or explanation for why this protection should not apply to third parties who will also produce sensitive documents related to machine learning.

The agreed-upon prosecution bar is narrowly tailored and does not warrant the asymmetric exception Singular seeks.  Singular has yet to provide any explanation of what unwarranted prejudice it would suffer without its proposed limitation.  Singular also cannot explain why third parties should not be protected by the prosecution bar.  For those reasons, the Court should not adopt Singular's proposed limitation to the Protective Order.

## II.    Duration of the Prosecution and Acquisition Bar

Singular contends that the prosecution and acquisition bar should end "one year after entry of a final judgment in this action."  Google contends the prosecution and acquisition bar should end "two years after final disposition," which Google defines in accordance with Section 5 of the Protective Order: "(1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law."

### A. Singular's Position

Singular does not believe that either a prosecution bar or an acquisition bar is needed for this case. However, in an unsuccessful attempt to avoid motion practice Singular agreed to the inclusion of both of these bars as long as they are limited in duration and scope. Google's proposals however place unreasonable burdens on Singular and its chosen litigation counsel.

The Federal Circuit's decision in *Deutsche Bank* places the burden on Google to demonstrate that the prosecution bar is necessary and narrowly tailored to prevent competitive harm from accidental disclosure or use of protected information. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1380-81 (Fed. Cir. 2010). Google's proposed duration of the prosecution and acquisition bars would place undue and unnecessary burdens on Singular. Specifically, Google proposes that the prosecution bar begins when a party reviews "HIGHLY SENSITIVE TECHNICAL MATERIAL" and runs for two (2) years after final disposition in this action as provided in Section 5. Section 5 defines final disposition to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

With appeals, it is possible that this litigation will continue for several years. Putting such a restriction is unnecessary and unduly burdensome. The prosecution and acquisition bars should instead be limited to one (1) year from a final judgement in this Court. Numerous courts limit such bars to one year. *See Ultra Premium Servs., LLC v. OFS Int'l, LLC*, No. 4:19-CV-2277, 2019 WL 5846900, at *6 (S.D. Tex. Nov. 7, 2019)(finding eighteen month prosecution bar to be onerous and a one-year bar reasonable); *Eon Corp. IP Holdings, LLC v. AT & T Mobility*

*LLC*, 881 F. Supp. 2d 254, 258 (D.P.R. 2012)("[t]he bar's duration should not be determined by this case's future life in the courts of appeals" and should be limited to "one year from a final judgment *in this court.*" (emphasis in original)); *Carlson Pet Prods., Inc. v. North States Indus., Inc.*, Case No. 0:17-cv-02529, 2019 WL 2991220 at *7 (D. Minn. July 9, 2019) ("the Court finds a more appropriate duration for the prosecution bar that will adequately protect against the risk of competitive use of North States' confidential information is one year from the entry of a final judgment in this Court."); *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 581 (N.D. Cal. 2008) (finding a one-year bar reasonable); *Medtronic, Inc. v. Guidant Corp.*, 2001 WL 34784493 at *4 (D. Minn. 2001) (approving a prosecution bar for "the period of one year after the conclusion of the instant litigation").  Moreover, in the past, Google itself has proposed a one-year prosecution bar, *Iconfind, Inc. v. Google, Inc.*, No. 2:11-CV-0139, 2011 WL 3501348, at *1 (E.D. Cal. Aug. 9, 2011), and stipulated to a one-year bar. *See also Rockstar Consortium US LP v. Google Inc.*, No. 2:13-cv-813, 2014 WL 5831041, at *8 (E.D. Tex. Jun. 19, 2014).

   The main case that Google cites for the imposition of a two year prosecution bar is readily distinguishable.  Google cites *Intellectual Ventures I, LLC v. Lenovo Grp. Ltd.*, 2019 WL 343242 (D. Mass. Jan. 25, 2019).  The plaintiffs in that case were in the business of acquiring patents and patent applications in order to monetize them, and they did so on a large scale, having acquired 95,000 patents across a wide variety of technologies. *Id.*  That is not the case here.  Singular is a small company with only 1 employee that does not exist in order to acquire patents to monetize.  Singular owns only 15 issued patents, all of which cover inventions made in-house by Singular.  Moreover, the patents, including the three asserted in this case are all related and directed to a specific technological field, namely LPHDR computing.  Thus, the

concerns involving the giant patent-monetizing operation in *Intellectual Ventures* are not present here.  Singular is agreeable to a one-year bar.  That should be sufficient in this case.

> **B.     Google's position: A two-year prosecution and acquisition bar after final disposition is necessary to protect highly sensitive, confidential information.**

Google and Singular disagree on two issues regarding the duration of the prosecution and acquisition bar: the length of the bar and when it begins to toll.

Regarding the length, Google initially proposed a three-year bar, which courts have adopted in other patent cases with sensitive information where Google has been a defendant. *See, e.g., Space Data Corp. v. Alphabet Inc. and Google LLC*, 16-cv-3260-BLF, Dkt. 171 at *13 (N.D. Cal. Oct. 19, 2017) (stipulating to a prosecution bar of three years after the final termination of the action).  Singular countered with a one-year bar.  Google proposed compromising on a two-year bar but Singular is unwilling to do so; therefore, the issue is now before the Court

This Court and others have determined that a two-year prosecution bar is appropriate when highly sensitive materials are likely to be produced.  *See, e.g., Intellectual Ventures I*, 2019 WL 343242, at *4 (finding a two year bar following the end of litigation to be reasonable); *Applied Signal Tech.*, 2011 WL 197811, at *2 (same); *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 3:11-cv-01810-JLS-NLS, 2012 WL 528248, at *7 (S.D. Cal. Feb. 17, 2012) ("The purpose of the bar is to prevent inadvertent disclosure of confidential information.  A two-year bar fulfills this purpose more so than a one-year bar, as the confidential information will be less readily available in the memory of counsel.").  Despite multiple requests by Google, Singular has been unable to identify any District of Massachusetts authority finding a one-year bar to be more reasonable than a two-year bar.  In keeping with the authority cited above, Google respectfully requests the Court implement a two-year prosecution and acquisition bar.

As to when the one- or two-year bar begins to toll, the crux of the dispute is whether final disposition refers to "final judgment" in the district court or the final disposition including any appeals. Singular's proposed language is unreasonable as a general matter but also in light of the language of the remaining provisions in the Protective Order to which Singular has already agreed.

Generally, this Court has entered protective orders where the prosecution bar remains in effect for two years after the final resolution of the action, *including all appeals*. *See, e.g., Voice Domain Techs., Inc. v. Apple Inc.,* No. 13-cv-40138, Dkt. 45-1 at ¶ 8 (D. Mass. July 17, 2014). This makes practical sense; appeals may result in remands, retrials, or numerous other proceedings that may require parties to consult confidential materials again. Moreover, while those appeals are pending, counsel still has access to the confidential documentation; in fact, that information may be part of the record on appeal. And if the duration of the prosecution and acquisition bar is counted from the end of district court litigation, then there may—in effect—be little if any buffer between when counsel has access to confidential information and when it may prosecute related patents.

In addition, here the agreed-upon sections of the Protective Order counsel against adopting Singular's different definition of "final disposition" for this one section. Section 5 of the Protective Order (labeled "Duration") already defines final disposition as "the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein *after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action*." (emphasis added). Singular has already agreed to apply this provision—including the language about final disposition including appeals—in numerous portions of the Protective Order. For example, Section 18, which governs the return of all

9

Protected Materials 90 days after the "final disposition," begins tolling *after appeal*. Singular's attempt to exclude appeals from the prosecution and acquisition bar would create an untenable situation: Singular could still have physical copies of Google's protected materials during an appeal but the prosecution and acquisition bar would no longer apply.[2]

The Court should reject Singular's request for a one-year prosecution bar that begins at the end of the district court litigation. Instead, Google respectfully requests the court accept its proposal: a two-year bar that begins after the final disposition of the action, including appeals, as already exists with regard to the parties' remaining obligations under the Protective Order.

Dated: August 13, 2020                            Respectfully submitted,

/s/ Paul J. Hayes
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Alex Breger (BBO #685537)
Michael J. Ercolini (*pro hac vice*)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: abreger@princelobel.com
Email: mercolini@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

---

[2] This would be even more likely if the Court were to adopt Singular's request for a one-year prosecution bar.

Dated: August 13, 2020                                   Respectfully submitted,

*/s/ Nathan R. Speed*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (*pro hac vice*)
rvannest@keker.com
Matthias Kamber (*pro hac vice*)
mkamber@keker.com
Michelle Ybarra (*pro hac vice*)
mkamber@keker.com
Jay Rapaport (*pro hac vice*)
jrapaport@keker.com
Christopher Sun (*pro hac vice*)
csun@keker.com
Andrew Bruns (*pro hac vice*)
abruns@keker.com
Deeva Shah (*pro hac vice*)
dshah@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Michael S. Kwun (*pro hac vice*)
mkwun@kblfirm.com
Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
(415) 630-2350

11

## **LOCAL RULE 7.1(A)(2) CERTIFICATION**

I, Kevin Gannon, hereby certify that pursuant to Local Rule 7.1(a)(2), counsel for the parties conferred in good faith in an effort to resolve or narrow the issues presented in this motion.

*/s/ Kevin Gannon*

I, Nathan Speed, hereby certify that pursuant to Local Rule 7.1(a)(2), counsel for the parties conferred in good faith in an effort to resolve or narrow the issues presented in this motion.

*/s/ Nathan Speed*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Kevin Gannon*