# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

## DEFENDANT GOOGLE LLC'S OPPOSITION TO SINGULAR COMPUTING LLC'S MOTION TO DEEM ADMITTED

Singular Computing LLC's so-called Motion to Deem Admitted ("Mot.") is without legal basis, fails to cite applicable law, and should be denied.  Singular's Amended Complaint, is replete with lengthy narrative and argumentative paragraphs.  In answering, Google exceeded its obligations under Rule 8(b) the Federal Rules of Civil Procedure by parsing out and responding to the factual needles in the Amended Complaint's argumentative haystack.  Google even filed an Amended Answer in the hopes of avoiding unnecessarily burdening the Court with further disputes over the pleadings.  Those hopes were not realized.

Despite Google's efforts to address Singular's objections, Singular now asks for the extraordinary and unprecedented relief of deeming four paragraphs admitted.  But none of the cases that Singular cites support the remedy it seeks.  To the contrary, several of these cases explicitly *rejected* plaintiffs' requests to deem allegations admitted.  Worse still, the Motion altogether ignores Rule 12(f) and related First Circuit case law, which govern motions to strike the pleadings like this one.

Singular's admonishment against "unnecessary delay" and "needlessly increasing the cost of litigation" are head-scratching.  Google's Amended Answer meets and exceeds the standard of Rule 8(b).  The parties have begun discovery, and Google has now responded to interrogatories addressing the exact issues raised in the paragraphs of the Amended Complaint at issue here.  Singular's Motion does nothing to move this litigation forward.  It should be denied, so that the parties can move beyond unnecessary and time-consuming motion practice over the pleadings and resolve this case on its merits.

I.   FACTUAL BACKGROUND

Singular's Memorandum in Support of its Motion to Deem Admitted, ECF No. 76, omits several key facts related to the parties' correspondence regarding Google's amended answer.  A full accounting of these interactions is warranted.  Google filed its Answer to Singular's First

Amended Complaint on July 9, 2020.  ECF No. 53.  On July 20, 2020, counsel for Singular wrote to counsel for Google, raising objections to six paragraphs in Google's Answer.  *See* Hayes Letter to Corbett (July 20, 2020), Ex. A to Gannon Decl. [ECF No. 77-1].  That is the only correspondence referenced in Singular's Motion.  Google's counsel responded two days later, addressing each of Singular's objections.  *See* Kamber Letter to Hayes (July 22, 2020), Ex. A to Declaration of Andrew Bruns ("Bruns Decl.").  That letter also informed Singular of Google's intention to amend its complaint consistent with the positions spelled out therein at the close of business on July 23, 2020 (*i.e.*, in advance of the parties' Case Management Conference on July 24, 2020).  *Id.* at 2.  Finally, Google's July 22 letter requested that Singular advise Google prior to that filing if its planned amendments did not resolve Singular's concerns.  *Id.*  Singular ignored this request.

Google filed its Amended Answer, as promised, on July 23, 2020.  ECF No. 57.  The following day, counsel for Singular wrote again, reiterating its objections to four paragraphs in Google's Amended Answer.   Bruns Decl., Ex. B.  Google's counsel responded to this letter, proposing times for the parties to meet and confer, which the parties did via telephone on July 31, 2020.  During that meet and confer, counsel for Singular requested that Google file a second amended answer and threatened that, if Google did not, Singular would move to strike the paragraphs at issue in this Motion.  To that end, Singular's counsel noted that it had identified authority to support its contention that these four paragraphs were insufficiently answered and should be deemed admitted.  Google's counsel invited Singular to share the relevant authority, but Singular refused.  Bruns Decl. ¶ 5.  Google's counsel later reiterated this request in writing

on August 3, 2020.  Kamber Email to Hayes (August 3, 2020), Bruns Decl., Ex. C.  Rather than supply such authority, Singular filed its Motion.[1]

Google served responses to Singular's First Set of Interrogatories on August 24, 2020. Bruns Decl. Ex. E.  Several of those responses address the same or similar allegations as the four paragraphs at issue in Singular's Motion: Google described in detail how it first learned of the Asserted Patents (Interrogatory No. 1), explained in detail its decision to develop the Accused Products (Interrogatory No. 2), and identified each Google service that makes use of the Accused Products (Interrogatory No. 3).  *See* Excerpts of Google Interrogatory Responses, Bruns Decl., Ex. E.

## II.     LEGAL STANDARD

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading should provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8 further provides that a party responding to a pleading "must . . . admit or deny the allegations asserted against it by an opposing party."  *Id.* 8(b)(1)(B).  "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest."  *Id.* 8(b)(4).

Although not referenced in Singular's Memorandum of Law, ECF No. 76, Federal Rule of Civil Procedure 12(f) governs its motion to strike.  As a general rule, it is improper to consider materials outside the pleadings when deciding a motion to strike. *See* 5C Wright and Miller, Federal Practice and Procedure § 1380 at 404-05 (3d ed. 2004) ("Matter outside the pleadings normally is not considered on a Rule 12(f) motion; for example, affidavits in support of or in opposition to the motion typically may not be used.").  Pursuant to Rule 12(f), "[t]he

---

[1] Prior to filing, Singular responded on August 4, 2020, ignoring Google's request for authority and indicating it would "ask the court to order Google to comply with the rules." Hayes Letter to Kamber (Aug. 4, 2020), Bruns Decl., Ex. D.

court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." 5C Wright & Miller § 1380 at 394 (2004). The First Circuit's treatment of motions under Rule 12(f) is consistent with this approach. *See Boreri v. Fiat S.P.A.*, 763 F.2d 17, 23 (1st Cir. 1985) (describing motions under Rule 12(f) as "narrow in scope" and "disfavored in practice"). Furthermore, motions to strike are rarely granted absent a showing of prejudice to the moving party. *See Ross–Simons of Warwick, Inc. v. Baccarat, Inc.*, 182 F.R.D. 386, 398 (D.R.I. 1998).

### III.   ARGUMENT

#### A. Singular's Motion is Made Pursuant to Rule 12(F) and Fails to Meet Its Standard

Although Singular styles its motion as one to "deem admitted" portions of Google's Amended Answer, it is more accurately described as a motion to strike portions of a pleading pursuant to Fed. R. Civ. P. 12(f).[2] Yet, Singular's memorandum in support of its Motion makes no mention of Rule 12(f). Presumably, that is because motions under Rule 12(f) are highly disfavored in the First Circuit and in federal courts generally. *See Boreri,* 763 F.2d at 23; *see also* 5C Wright & Miller § 1380 at 394.

Motions to strike a pleading are infrequently granted because they offer a drastic remedy and do little or nothing to advance the resolution of a case on its merits. 5C Wright & Miller § 1380 at 394 (collecting cases). Both considerations work against Singular's Motion here.

---

[2] In fact, that is exactly how the plaintiffs in at least one case cited by Singular captioned its brief. *Gross v. Weinstein, Weinburg & Fox, LLC*, 123 F. Supp. 3d 575, 584 (D. Del. 2015).

First, not only does Singular seek to strike portions of Google's Amended Answer, it has asked this Court to deem the relevant allegations *admitted*, a far more drastic remedy.  Second, Singular's Motion would not help to move this case toward resolution.  The allegations at issue are tangential to Singular's patent infringement claims.[3]  In any event, Google has provided detailed responses to Singular's First Set of Interrogatories, which address the same subjects at issue in the relevant paragraphs of the Amended Complaint.  Unlike the relief Singular seeks here—an admission to an argumentative allegation—the interrogatories and answers thereto allow Singular to discover the facts and Google's position about Singular's allegations without requiring Google to admit Singular's argumentative framing.

In addition, to succeed on a motion to strike a pleading requires the moving party to establish that prejudice would otherwise occur.  *See Ross–Simons of Warwick,* 182 F.R.D. at 398.  Singular has made no attempt to establish prejudice here.  Nor could it.  Google provided answers to each relevant paragraph that satisfy Rule 8(b), but the allegations at issue—regardless of how Google answered them—are not case-dispositive.  Moreover, Google's subsequent responses to Singular's related interrogatories underscore the lack of any prejudice to Singular here.

Notably, Courts' skepticism of Rule 12(f) is consistent with the intent of the Federal Rules of Civil Procedure.  As the Supreme Court has noted, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep . . . may be decisive to the outcome and accept the principle that the purpose of the pleading is to facilitate a proper decision

---

[3]Even Singular's claim that "Google knew or should have known of the '273 and '156 patents prior to . . . May 2017," if admitted, would not be dispositive of Singular's willfulness allegation.  Mot. at 3.

on the merits." *Conley v. Gibson,* 355 U.S. 41, 48 (1957). Singular's Motion is fundamentally at odds with this principle.

### B. Google's Amended Answer is Properly Pleaded

Contrary to Singular's assertions, Google's responses to each of the four paragraphs at issue are properly pleaded and satisfy the Federal Rules of Civil Procedure.

#### 1. Paragraph 20

Paragraph 20 of the Amended Complaint alleges that "Google knew or should have known of the '273 and '156 patents prior to . . . May 2017." In its Amended Answer, Google responded as follows: "This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them."

Before addressing each of Singular's objections in turn, it is worth noting that they are ultimately beside the point. Singular contends that Google has not actually answered this allegation based on three separate grounds. As a fundamental matter, Singular's premise is wrong: Google *has* answered this allegation by denying it. Even if that weren't true, however, none of Singular's arguments regarding this paragraph has merit.

First, Singular argues that the use of the phrase "to the extent that" in Google's answer is, by definition, improper. For support, Singular points to *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, No. 1:14-cv-00006, 2015 WL 5730662, at *3 (N.D. Ind. Sept. 30, 2015). That case is inapposite for the reasons explained by a court in the same district a year later. *See Keller v. Enhanced Recovery Co., LLC.* No. 4:18-cv-15, 2018 WL 5650036 (N.D. Ind. Oct. 31, 2018). In *Keller*, the court held that answers nearly identical to Google's satisfied the Federal Rules of Civil Procedure. The paragraphs of the answer at issue in that case stated that "[t]he allegation [at issue] is a legal conclusion, and therefore, Defendant is not required to respond. To the extent

a response is required, Defendant denies the allegations contained in [this] Paragraph . . . of the Amended Complaint." *Id.* at *2.  The court ruled that, "Despite using the language 'to the extent a response is required,' [defendant] unequivocally has denied the allegations contained in [the relevant] paragraphs . . . ." *Id.*

Similarly, in *Gaeta v. Lotz Trucking Inc.*, the court made clear that the phrase "to the extent that" does not alone render an answer deficient.  No. 2:17-cv-00356-JMS-MJD, 2017 WL 4956425, at *2 (S.D. Ind. Nov. 1, 2017).  Rather, the failing of the responses at issue in *Valley Forge* were due to the fact that they were "wholly uninformative."  The meaning of the answers in *Gaeta*, however, were "easily ascertainable," and therefore complied with Rule 8(b).  *Id*.

The same is true here.  Google's answer makes clear that (a) it believes no response to this paragraph is necessary because it seeks a legal conclusion related to the issue of willfulness, but (b) if any response is required, it denies the allegations in this paragraph.

Second, Singular objects to Google's refusal to respond to legal conclusions alleged in this paragraph both because (a) "a party is required to respond to allegations of a complaint that may include legal aspects," and (b) in any event, "[w]illful infringement is a question of fact." Mot. at 5.  Neither of Singular's assertions is accurate.

Contrary to Singular's assertion, "no response is required" to legal conclusions in a complaint; a defendant is only required to respond to factual allegations.  *See Augustyniak Ins. Grp., Inc. v. Astonish Results, L.P.*, No. CA 11-464S, 2013 WL 998770, at *11 (D.R.I. Mar. 13, 2013) ; *see also Khepera-Bey v. Santander Consumer USA, Inc.*, No. WDQ-11-1269, 2012 WL 1965444, at *5 (D. Md. May 30, 2012) ("'No response is required' to legal conclusions in a complaint; a defendant is only required to respond to factual allegations.").  To the extent that willfulness is a jury question, however, that does not mean that certain allegations related to

willfulness cannot also be legal conclusions in a complaint. Indeed, "legal conclusions" in a complaint are allegations that are either unsupported by fact or ones that recite the pleading party's ultimate desired outcome rather than just the factual allegations it will rely on to support that outcome. Such legal conclusions include recitations of the elements of an offense. Moreover, the distinction between factual allegations and legal conclusions is fundamental to the Supreme Court's contemporary pleading jurisprudence. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Paragraph 20 is nothing more than a recitation of a portion of the pre-*Halo* standard for willful infringement articulated in *Seagate*. *See In re Seagate Tech.*, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007), *abrogated by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) ("the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer"). It is a legal conclusion and does not require a response.

      Finally, Singular contends that, even if the allegation that Google "should have known" about Singular's patents prior to May 2017 is a legal conclusion to which no response is required, Google was nonetheless obligated to respond to the allegation that it had *actual* knowledge of the patents at that time. But again, Google *has* responded to that allegation. Its answer makes unequivocal that it denies any allegation in this paragraph to which a response is required. Singular may wish that Google's answer were different, but Google has certainly provided one.

### 2. Paragraph 15

Paragraph 15 of the Amended Complaint is a lengthy, argumentative series of allegations. It reads as follows:

> As Singular was designing and building prototypes of its new computer, Google was belatedly recognizing the limitations of its conventional computer architectures in providing users with computer-based services such as Translate, Photos, Search, Assistant, and Gmail. According to Google, it was hurtling towards a "scary and daunting" situation. The situation arose as Google was starting to improve these services by running AI software programs on its computers, and as those services consequently became more popular. According to Google, it was "scary and daunting" because the new AI software programs being run on the computers in its data centers required far more computer operations per period than the software programs Google was previously executing. For example, by its own estimation, Google would have to at least double its computing footprint just to keep up with the increased computer requirements being driven by improved AI-based speech recognition services alone. Google realized it needed Dr. Bates' computer architectures to solve this "daunting" situation.

Courts in this district have noted that such unnecessary verbosity in a complaint places an unjustified burden on the party who must respond to it. *Greg Beeche Logistics, LLC v. Skanska USA Bldg., Inc.*, No. 12-11121-DJC, 2014 WL 4656503, at *5 (D. Mass. Aug. 5, 2014). Nonetheless, Google attempted to parse from this narrative paragraph the factual allegations to which a response was warranted. In its Amended Answer, Google "admits that products such as Translate, Photos, Search, Assistant, and Gmail have become more popular over time. Google denies any remaining allegations in this paragraph."[4]

---

[4] Singularly repeatedly misquotes language from the articles it cites. Its Amended Complaint alleges that "Google was hurtling toward a 'scary and daunting' situation" with regards to its computing capacity. FAC ¶ 15. In its Motion, Singular argues that it "did not conjure up these quotations out of nowhere. To the contrary, the 'scary and daunting' quotation was taken directly from Google." But the quotation Singular purportedly relies on does not use this phrase; rather, it says "daunting and scary." It is not Google's obligation to re-write Singular's complaint—including language it has put in quotation marks—in answering.

1390511

Not satisfied with this response, Singular argues that Google must admit that, "by Google's own estimation, Google would have to at least double its computing footprint just to keep up with the increased computer requirements being driven by improved AI-based speech recognition services alone."[5]  Mot. at 7.  Any other answer, Singular suggests, would be a "sham," given statements made by Google employees, including the following comment made by Jeff Dean: "we would have to essentially double the computing footprint of Google just to support a slightly better speech recognition model."  *Id.* at 8. (emphasis omitted).

Singular's position is untenable.  As an initial matter, Singular's citations to materials beyond the pleadings are improper to support its motion to strike.  *See* 5C Wright and Miller, Federal Practice and Procedure § 1380 at 404-05 (3d ed. 2004) ("Matter outside the pleadings normally is not considered on a Rule 12(f) motion . . . .").  Moreover, one person's offhand remark does not equal "Google's own estimation."  Singular's Amended Complaint does not make the factual allegation that Jeff Dean made this statement, nor does Paragraph 15 even mention Dr. Dean.  By contrast, Singular repeatedly quoted Google and its employees, including Jeff Dean, in dozens of other paragraphs of its Amended Complaint.  In each such instance, Google admitted that it or its employees said or wrote what was alleged.  Paragraph 15 is different and contains no such allegation.  Instead, amid a narrative argument, it alleges that Google would have to double its computing power to keep up with demand.  Google has unequivocally denied that allegation.

---

[5] Singularly bizarrely argues that Google's answer is deficient because it denies "any remaining allegations" not "all remaining allegations."  It offers no support for this distinction.  To be clear, Google's denial of "any remaining allegations" is intended to deny "all remaining allegations."

### 3. Paragraph 19

Paragraph 19 of the Amended Complaint alleges that "During the course of these meetings, Dr. Bates disclosed his computer architectures and prototype. Dr. Bates also advised Google such was patent-protected." In its Amended Answer, Google responded as follows:

> Google admits that Dr. Bates discussed computing theory with certain Google employees. Google is without knowledge or information sufficient to form a belief as to the meaning of "such" in this paragraph, and therefore denies any related allegation in this paragraph. On information and belief, Dr. Bates never advised Google of any particular patents. Google denies any remaining allegations of this paragraph.

Singular contends that Google's response is "evasive." Mot. at 9. But, as Google explained during the parties' July 31, 2020 telephonic meet and confer, its response is the result of Singular's imprecise pleading. Singular does not explain what it means by "disclos[ing] his computer architectures and prototype." Did Dr. Bates share hardware description language code with Google? Did he provide schematics of his chip? Or did he just talk about his ideas at a high level? In the absence of any concrete factual allegations, Singular's complaint does not offer any guidance. Due to this same ambiguity, Google could not respond to the related allegation that "Dr. Bates also advised Google such was patent-protected." Again, there is no allegation that Dr. Bates identified particular patents, much less the ones asserted in this lawsuit. Given these ambiguities, Google did its best to provide its own understanding of what was alleged in this paragraph and answer accordingly. That is precisely what Rule 8 demands.

Contrary to Singular's assertions, Google's answer makes clear what issues are in dispute here. Google explicitly denies anything not admitted in response to this paragraph. Again, Singular may want Google's answer to be *different*, that does not make it insufficient or unclear. Furthermore, to the extent there is any question as to what underlying facts are in dispute, Google's interrogatory responses resolve any issue here.

1390511

### 4. Paragraph 25

Finally, Paragraph 25 of Singular's Amended Complaint alleges the following:

> Google uses the accused TPUv2 and TPUv3 Devices to provide AI capabilities that enhance the performance and efficacy of its Ads platform (e.g. determining which ads to serve to which users to maximize revenue to Google), as well as its Translate, Photos, Search, Assistant, Cloud and Gmail services. Google provides Translate, Photos, Search, Assistant, Cloud, and Gmail services to the public and leverages public engagement with these services to enhance its Ads platform. As a result, Google services generate at least tens of billions of dollars per year in profit.

In response, Google answered:

> Google admits that it uses some TPU devices to support some Google products. Google admits that Google's parent company, Alphabet, Inc., reported worldwide net income of approximately $34 billion in 2019. Google denies any remaining allegations of this paragraph.

Singular again takes issue with Google's attempt to answer an inartfully pleaded allegation. It argues that "The response that [Google] uses 'some' unidentified TPU devices to support 'some' unidentified Google products is insufficient. Google is required to provide full responses." Mot. at 12. But again, Google *has* provided a full answer according to Rule 8(b). What Singular wants is a different answer.

As with every paragraph at issue here, Singular's Motion fails to acknowledge the parties' correspondence, their meet and confer, and Google's interrogatory responses that provide significantly more detail relevant to the resolution of this case on its merits than any answer here would. Google has more than satisfied its responsibilities under the Federal Rules of Civil Procedure in its answer to this and every other paragraph in its Amended Answer, and Singular's Motion should be denied.

### C.  Deeming Singular's Allegations Admitted Would be Inappropriate

For the reasons stated above, Google's Amended Answer to paragraphs 15, 19, 20, and 25 of Singular's First Amended Complaint satisfy the requirements of the Federal Rules of Procedure as written and Singular's Motion should be denied in full.  But even if the Court nonetheless found Google's responses to be deficient, the extraordinary remedy sought by Singular would not be appropriate.  Singular does not cite, nor has Google found, a single case in which a court in the First Circuit has deemed admitted portions of an answer in response to a motion to strike.  Nor do the cases cited by Singular support the imposition of such a remedy.

"When a motion to strike is granted, it is generally granted with leave to amend."  27A Fed. Proc., L. Ed. § 62:396 (citing cases).  That general rule is true even in the cases cited by Singular's Motion.  Singular cites three cases for the proposition that Google's responses to paragraphs 15, 19, 20, and 25 should be admitted.  But in two of the three cases[6], the court explicitly rejected such a remedy, despite ruling that the defendants' answers were deficient.[7]

The *only* case Singular has identified in which a court deemed deficient answers admitted is clearly distinguishable.  That case, *Bank of Am. N.A. v. Malibu Canyon Investors, LLC,* No. 2:10-cv-00396, 2012 WL 115577 (D. Nev. Jan. 13, 2012), was a simple deficiency action.  At issue were 16 paragraphs to which the defendants responded they were "without sufficient information to form a belief as to the truth of the matters asserted therein, and therefore deny

---

[6] *Kegerise v. Susquehanna Twp. Sch. Dist.*, 321 F.R.D. 121, 122 (M.D. Pa. 2016) ("We agree with Plaintiff that, except for a few responses, the responses are insufficient. Instead of deeming Plaintiff's allegations admitted, however, we will grant Defendants an opportunity to file an amended answer curing the defects in their responses."); *Gross,* 123 F. Supp. 3d at 584 ("DMD shall file an Amended Answer, in compliance with its obligations under Fed.R.Civ.P. 8(b).").

[7] The same is true of a third case cited by Singular in support of other propositions.  In *SAP Am., Inc. v. InvestPic, LLC*, No. 3:16-CV-02689-K, 2017 WL 6884019, at *2 (N.D. Tex. Feb. 22, 2017), the court similarly afforded defendants the opportunity to amend their answer rather than deeming any of plaintiff's allegations admitted.

1390511

each and every allegation contained therein."[8]  But each of these paragraphs contained simple, one-sentence factual allegations that the defendants clearly knew to either be true or false.  For instance, Paragraph 11 alleged that that the parties entered into a $13,300,000 loan agreement, Paragraph 16 claimed that a copy of that loan agreement was attached as an exhibit to the complaint, and Paragraph 31 averred that the plaintiff filed a foreclosure action against the defendants on August 12, 2008.  The court therefore concluded that defendants' responses were "frivolous and a sham," and deemed them admitted.  *Id.* at *4.

The *Malibu Canyon Investors* decision is not only an extreme outlier, it has no bearing on the four paragraphs at issue here.  As noted above, none of these paragraphs involve simple factual allegations as those at issue in *Malibu Canyon Investors*.  Singular chose to draft a complaint filled with lengthy, argumentative paragraphs rather than identifying discrete factual allegations against Google.  Google's Amended Answer attempted to parse out factual allegations within each paragraph to which it could respond.  Even if Google's answers were deficient here—and they are not—the only proper remedy would be an order to amend.

//
//
//
//
//

---

[8] Notably, the court denied the plaintiff's motion to deem admitted allegations to which the defendants responded that no answer was necessary because they contained legal conclusions.  *Malibu Canyon Inv'rs*, 2012 WL 115577, at *2 ("Paragraphs 25 through 28 of the complaint request Defendants to admit they waived all rights and defenses in this action which is a legal conclusion for this court to determine.")

15

1390511

Dated:  August 28, 2020

Respectfully submitted,

By:  */s/ Gregory F. Corbett*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

1390511

## **CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by email on the date of electronic filing.

Date:  August 28, 2020                  */s/ Gregory F. Corbett*
                                                         Gregory F. Corbett