# Exhibit A



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Matthias A. Kamber**
(415) 773-6635
mkamber@keker.com

July 22, 2020

**VIA EMAIL**

Paul J. Hayes, Esq.
Prince Lobel Tye LLP
One International Pl., Ste. 3700
Boston, MA 02110
phayes@princelobel.com

Re:   *Singular Computing LLC v. Google LLC*, 1:19-cv-12551-FDS
      Google Answer to Amended Complaint

Dear Counsel:

I write in response to your July 20, 2020 letter regarding Google LLC's Answer to Singular's First Amended Complaint.

Although Google believes that its answer, as filed, satisfies the requirements of Federal Rules of Civil Procedure 8(b) and 11(b)(4), which you cite in your letter, to address your concerns we are willing to amend certain paragraphs of Google's Answer as follows:

**Paragraph 15**: Your letter objects to Google's denial of Singular's allegation that "Google would have to at least double its computing footprint to keep up with the increased computer requirements being driven by improved AI-based speech recognition services alone." Google stands by its answer for several reasons. First, the language quoted in your letter is a small excerpt of the larger paragraph in the First Amended Complaint (FAC), which otherwise contains numerous argumentative allegations, building up to the claim that Google "realized it needed Dr. Bates' computer architectures" to address its purportedly increasing computing demands. Google denies these allegations.

Second, the paragraph begins by indicating that its allegations are limited to the time "Singular was designing and building prototypes of its new computer." That time period is undefined, though the First Amended Complaint indicates that process started 2009. Yet the three sources cited in your latter are all dated 2017 and refer to events that significantly post-date 2009. Moreover, none of them were identified in this paragraph of the First Amended Complaint.

Paul J. Hayes, Esq.
Prince Lobel Tye LLP
July 22, 2020
Page 2

**Paragraph 18**: Your letter claims that Google's answer to this paragraph "evasive[ly] fails to admit" that Dr. Bates' meetings with Google representatives occurred after June 2009. That was neither Google's intention nor is your interpretation consistent with our reading of the Answer. To leave no doubt, however, Google is willing to amend its answer to make clear that the meetings with Dr. Bates occurred between June 2009 and early 2017.

**Paragraph 19**: Google does not understand the distinction that you are trying to draw and stands by its answer to this paragraph.

**Paragraph 20**: Google stands by its answer to this paragraph of the FAC, which sets forth argument and legal conclusions rather than facts. In any event, this allegation is also the subject of Interrogatory No. 1, which you served on July 10, 2020. Google's forthcoming answer to that interrogatory should address any concerns raised in your letter.

**Paragraph 22**: You raise two objections to this paragraph, both of which argue that Google has denied facts that "cannot be disputed."

First, your letter contends that the screenshots in this paragraph of the First Amended Complaint were included in Dr. Bates's presentations to Google. That understanding is inconsistent with Google's reading of the First Amended Complaint, which instead contends that it is "apparent" based on those snapshots that Google copied Dr. Bates's ideas. Nonetheless, solely to avoid dispute, Google is willing to amend its Answer to clarify that it does not dispute the factual allegation as opposed to the various argumentative allegations contained in the same paragraph.

Second, your letter claims that "it cannot be disputed that Google gave the 2017 presentation [excerpted in Paragraph 22] . . . , made the statements appearing in the excerpted transcript of Dr. Dean's talk, or that the screenshots of Google's presentation show the architecture, properties or features of the accused devices." Regardless of whether those assertions are disputable, they are not alleged in Paragraph 22 of the First Amended Complaint. Accordingly, no revision to Google's Answer is warranted on this issue. Nonetheless, Google is willing to amend its Answer to clarify that this paragraph contains excerpts from a presentation given by Jeff Dean, in order to avoid further dispute.

**Paragraph 25**: Google stands by its answer to this paragraph. Furthermore, like Paragraph 20, discussed above, the allegations of this paragraph largely overlap with an interrogatory Singular recently served (i.e., No. 3) and Google's forthcoming response should resolve any concern that Singular has.

Google will file an amended answer, consistent with the positions above, by the close of business on July 23, 2020, which should obviate any meet and confer on these issues, but please advise if you would still like to discuss.

1387731

Paul J. Hayes, Esq.
Prince Lobel Tye LLP
July 22, 2020
Page 3

Sincerely,

KEKER, VAN NEST & PETERS LLP

*[signature: Matthias Kamber]*

Matthias A. Kamber

1387731