# Exhibit B

# PRINCE LOBEL

Paul J. Hayes
Direct Dial: 617-456-8027
phayes@princelobel.com

July 24, 2020

<u>VIA EMAIL</u>

Matthias A. Kamber
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111

Re:   *Singular Computing LLC v. Google LLC*
      Case No.:  1:19-cv-12551-FDS

Dear Matthias:

Thank you for your letter of July 22, 2020, and also for Google's First Amended Complaint. However, it is apparent that Google's First Amended Complaint is deficient and in direct violation of the appropriate Federal Rules of Civil Procedure. As you well know, Google is obligated to truthfully answer factual allegations in the complaint. Google can admit them or deny them but it cannot ignore them, which is exactly the approach Google has taken.

Paragraph 15:  Paragraph 15 of the amended complaint alleges that "Google would have to at least double its computer footprint to keep up with the increased computer requirement being driven by improved AI speech recognition alone." This is either admitted or denied. It seems impossible for Google to deny such given that its chief scientist readily admits same. Finally, Google's excuse that the quoted language is "a small excerpt of a larger paragraph" is legally bankrupt. As I'm sure you're well aware, Google is obligated to respond to all factual allegations irrespective of which sentence they may appear in.

Paragraph 19:  Paragraph 19 alleges that Dr. Bates disclosed his computer architecture and prototype to Google representatives prior to early 2017. Google evasively responds by stating "Dr. Bates discussed computing theory with certain Google employees" and denies the rest of the paragraph. Paragraph 19 factually asserts that a) Dr. Bates disclosed his computer architecture to Google prior to early 2017, and b) Dr. Bates disclosed his prototype to Google prior to early 2017. Either Google admits that Dr. Bates disclosed his prototype to Google or denies such.

Prince Lobel Tye LLP
One International Place
Suite 3700
Boston, MA 02110
TEL: 617 456 8000
FAX: 617 456 8100

www.princelobel.com

3511770.v1

# PRINCE LOBEL

Paragraph 20:  Google's response to paragraph 20 exemplifies Google's practice of evasively answering the complaint.  Paragraph 20 of the amended complaint is simple. Either Google knew or should have known of the '273 and '156 patents prior to May 2017. I agree that Google is not required to admit the "should have known" portion of the allegation. We will let the jury decide that. However, either Google knew of the '273 and/or '156 patents before May 2017 or they didn't. Your response is blatantly evasive and must be amended. Your excuse that the assertion is argumentative is specious. Similarly, your excuse that the allegation is subject to an interrogatory is irrelevant. Google has an obligation to admit or deny knowledge of the patents at issue as alleged.

Paragraph 25:  As noted in our prior letter, Singular alleges that "Google uses the accused TPUv2 and TPUv3 Devices to provide AI capabilities that enhance the performance and efficiency of its Ads platform...as well as its Translate, Photos, Search, Assistant, Cloud and Gmail services."  Google's response that it admits "it uses some TPU devices to support some products" is unabashedly evasive. The assertion concerns the accused products TPUv2 and TPUv3 not "TPU devices." The assertion includes specific services and platforms of Google not "some Google products."

It is apparent from Google's initial answer and its first amended answer that its strategy in this case is simply to delay and obfuscate at all costs irrespective of the Federal Rules of Civil Procedure.

This is the second time that Singular has requested Google to live up to its obligations under the Federal Rules of Civil Procedure and answer the complaint appropriately. Please let me know by Tuesday, July 28, whether Google intends to amend its answer to correct the aforementioned responses.

If Google will not amend its answer as to one or more of the above, please provide your availability for a proposed meet and confer on Wednesday, July 29.

Best regards,

Paul J. Hayes