# Exhibit E

## Redacted Version of Document to Be Filed Under Seal

CONTAINS CONFIDENTAL INFORMATION

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-10)**

"predecessors-in-interest, successors-in-interest, present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants and representatives thereof . . . , and to all persons or entities who have documents that are within the 'possession, custody, or control' of Google." These definitions go beyond any reasonable or commonly accepted meaning of the terms. Google shall interpret this definition as only requiring Google to search for information from Google and a reasonable number of Google employees who Google reasonably believes might have information relevant to the claims and defenses at issue in this litigation.

13. Google makes these responses subject to and without waiving these objections but specifically states that it is willing to meet-and-confer in regard to each of the objections set forth above and below.

14. Google's objections and responses to these interrogatories are not intended to waive or prejudice any objections Google may assert now or in the future, including, without limitation, objections as to the relevance of the subject matter of any request, or as to the admissibility of any information or category of information at trial or in any other proceedings. Google expressly reserves any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and any other applicable laws or rules, The disclosure of any information in response to these interrogatories is not an indication of its relevance or admissibility.

Without limiting its general objections in any way, Google makes specific objections to Singular's First Set of Interrogatories as follows:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail (including identifying dates, documents, and person(s) involved) how

you first learned of the Asserted Patents.

**RESPONSE TO INTERROGATORY NO. 1:**

Google incorporates its general objections above as though set forth in this response. Google further objects to this interrogatory on the grounds and to the extent that it calls for, or may be construed as calling for, information protected from discovery by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Google responds as follows: Google learned of the Asserted Patents no later than the filing of this suit. Another Alphabet Inc. subsidiary, X Development LLC, learned of two of the three Asserted Patents prior to the filing of the lawsuit; specifically, X became aware of the ’273 and ’156 patents as of at least February 17, 2017. Until October 1, 2017, X operated as a subsidiary of Google Inc. under the name Google X.

**INTERROGATORY NO. 2:**

Describe in detail (including identifying dates, documents, and person(s) involved) the facts and circumstances of your decision to develop, build, implement in your data centers the Accused Products.

**RESPONSE TO INTERROGATORY NO. 2:**

Google incorporates its general objections above as though set forth in this response. Additionally, Google objects to this interrogatory on the grounds that it is vague and ambiguous as to phrases and terms “the facts and circumstances,” “develop,” “build,” and “implement.”

BEGIN CONFIDENTIAL INFORMATION

[redacted]

**CONTAINS CONFIDENTAL INFORMATION**

[Page content redacted]

7

1390286

**CONTAINS CONFIDENTAL INFORMATION**



END CONFIDENTIAL INFORMATION

**INTERROGATORY NO. 3:**

Identify all services and products offered by you that make use of the Accused Products and the location at which the products have been installed for use in the United States.

**RESPONSE TO INTERROGATORY NO. 3:**

Google incorporates its general objections above as though set forth in this response. Additionally, Google objects to this interrogatory on the grounds that it is vague and ambiguous as to the phrases "all services and products" and "make use of the Accused Products".

Subject to and without waiving these objections, Google identifies the following services

and products that make use of Google's TensorFlow Machine Learning services:

1. Ads training and serving (Search Ads, Content Ads, Shopping Ads)
2. Search training and serving (RankBrain, DeepRank, WebAnswers)
3. YouTube (WatchNext recommendations, video processing, comment ranking and filtering);
4. Google News (headline generation);
5. Play Store (recommendation and ranking);
6. Google Photos (Visual Semantic Service);
7. Image Search (Visual Semantic Service);
8. Google Lens (Visual Semantic Service);
9. Google Docs (spelling and grammar);
10. Gmail (SmartCompose, spelling and grammar, spam filtering); Cloud AI APIs (Vision API, Natural Language API);
11. Cloud TPU;
12. Google Translate (both as a Cloud offering and a consumer product);
13. Maps (voice generation, image processing for StreetView and satellite imagery);
14. Google Assistant (voice generation);
15. Speech (voice recognition, both as a Cloud offering and a consumer product);
16. Colab (running on Cloud TPU); and
17. Kaggle (running on Cloud TPU).

BEGIN CONFIDENTIAL INFORMATION

[redacted]

END CONFIDENTIAL INFORMATION

**INTERROGATORY NO. 4:**

For each service and product identified in your response to Interrogatory No. 3, describe in detail the facts and circumstances surrounding your decision to use the Accused Products in connection with that product or service.

**RESPONSE TO INTERROGATORY NO. 4:**

Google incorporates its general objections above as though set forth in this response. Additionally, Google objects to this interrogatory on grounds that it is vague, ambiguous, and subject to multiple interpretations in its use of the phrase "facts and circumstances surrounding your decision to use the Accused Products in connection with that product or service." Google further objects to this interrogatory on the grounds that it is not reasonably limited to the jurisdictional reach of the United States. The interrogatory is also overbroad and unduly burdensome to the extent it seeks "facts and circumstances" surrounding Google's decision to use the "Accused Products" in connection with each "product or service."

BEGIN CONFIDENTIAL INFORMATION

recently commenced. Google has yet to receive any documents or discovery responses from Singular, and fact discovery is not scheduled to close for nearly a year. Claim construction is still months away. Singular will presumably serve its damages expert's report more than a year from now on August 27, 2021. To the extent a rebuttal report is warranted, Google's is due September 24, 2021. Google reserves the right to amend this response as appropriate as the case progresses.

**INTERROGATORY NO. 10:**

Identify the five (5) past or present employees of Google most knowledgeable regarding Google's responses to the foregoing interrogatories.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving the foregoing general objections, Google responds as follows: The following five individuals have knowledge regarding Google's responses to Singular's interrogatories numbers 1 through 9: Peter Brandt, Norm Jouppi, Andrew Phelps, Andrew Swing, Jennifer Wall. Although each of these individuals possess information related to one or more of Singular's interrogatories, none are necessarily knowledgeable as to all of the interrogatory responses provided here.

Dated: August 24, 2020

By:  */s/ Matthias Kamber*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

_____________________________________

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com KEKER, VAN NEST & PETERS LLP 633 Battery Street San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*