IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC<br><br>Defendant. | Civil Action No.: 1:19-cv-12551 FDS |

### DEFENDANT'S ASSENTED TO MOTION
### TO IMPOUND PURSUANT TO LOCAL RULE 7.2

Pursuant to Local Rule 7.2 and the Parties' contemplated Protective Order in this case ("Protective Order"), ECF No. 74-1, Defendant Google LLC ("Google") respectfully requests that this Court impound (seal) Exhibit E to Google's OPPOSITION TO SINGULAR COMPUTING LLC'S MOTION TO DEEM ADMITTED (ECF No. 80-5) ("Opposition").

The Protective Order allows a party producing documents in discovery to designate documents as "Confidential" after making a good faith determination that the documents contain information that is "confidential, proprietary, and/or commercially sensitive information." Protective Order ¶¶ 6-7. That Order requires that a party intending to make court filings referring to "Confidential" information bring a motion to impound. *Id.* ¶ 14. Exhibit E to Google's Opposition contains excerpts from its responses to Singular's first set of interrogatories. These responses contain confidential information about, among other things, the development and deployment of Google's TPUs, which constitutes commercially sensitive confidential information. Google's Opposition discusses these responses. Google therefore brings this Motion to Impound. An unredacted version of Exhibit E is filed concurrently with this

motion. A public version of Exhibit E will also be filed.

For all the foregoing reasons, Google respectfully requests that the Court permit it to file the documents listed above under seal because the documents contain confidential business information. Google further requests that the documents remain impounded until further order by the Court, and that upon expiration of the impoundment that the documents be returned to Google's counsel.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Defendant's counsel hereby certifies that they conferred with Plaintiff's counsel in a good-faith attempt to resolve or narrow the issue raised by this motion. Plaintiff's counsel assents to the relief sought in this motion.

Respectfully submitted,

Dated: August 28, 2020

By:    /s/ Gregory F. Corbett
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com

Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com

Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (*admitted pro hac vice*)
rvannest@keker.com
Matthias Kamber (*admitted pro hac vice*)
mkamber@keker.com
Michelle Ybarra (*admitted pro hac vice*)
myabarra@keker.com
Jay Rapaport (*admitted pro hac vice*)
jrapaport@keker.com
Andrew Bruns (*admitted pro hac vice*)

abruns@keker.com
Deeva Shah (*admitted pro hac vice*)
dshah@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Michael S. Kwun (*admitted pro hac vice*)
mkwun@kblfirm.com
Asim Bhansali (*admitted pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750 San
Francisco, CA 94111
(415) 630-2350
*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by email on the date of electronic filing.

Date:  August 28, 2020　　　　　　　　　*/s/ Gregory F. Corbett*
　　　　　　　　　　　　　　　　　　　　Gregory F. Corbett