**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS |

**REPLY IN SUPPORT OF PLAINTIFF'S
MOTION TO DEEM ADMITTED DEFENDANT'S INCOMPLETE AND
<u>NON-RESPONSIVE ANSWERS TO THE AMENDED COMPLAINT</u>**

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Alex Breger (BBO #685537)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

1

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this reply in support of its motion to have deemed admitted the allegations set forth in paragraphs 15, 19-20 and 25 of the Amended Complaint ("AC"). For the reasons set forth below, Singular's motion should be granted.

## I.     INTRODUCTION

Defendant, Google LLC ("Google"), repeatedly argues in its opposition brief that this is a motion to strike requesting "the extraordinary and unprecedented relief of deeming four paragraphs admitted." Opp. at 2. Further, in its Legal Standard section, Google discusses motions to strike under Fed. R. Civ. P. 12(f), describing such relief as "a drastic remedy" that is "viewed with disfavor by the federal courts and [] infrequently granted." *See* Opp. at 4-5. As clearly stated in the present motion, however, Singular is moving pursuant to Fed. R. Civ. P. 8(b) to have the allegations of paragraphs 15, 19-20 and 25 of the AC admitted. *See* Mot. (Dkt. No. 76) at 1-2. The motion does not even mention a motion to strike or Rule 12(f).[1] Google's attempt to convert the present motion to a Rule 12(f) motion to strike should be rejected.

## II.    ARGUMENT

A.     PARAGRAPH 20

Paragraph 20 asks Google to admit that it knew or should have known of the '273 and '156 patents prior to May 2017 (when the accused TPUv2 device was introduced). *See* Mot. at 3. In opposition, Google argues that "Google has answered this allegation by denying it." Opp. at 7. Prior to filing its opposition brief, however, Google served responses and objections to Singular's First Set of Interrogatories. In its response to Interrogatory No. 1, Google admitted

---

[1] Google admits as much. *See* Mot. at 5 ("Singular's memorandum in support of its Motion makes no mention of Rule 12(f).")

that its subsidiary X Development LLC "became aware of the '273 and '156 patents as of at least February 17, 2017." *See* Dkt. No. 80-5 (Google Ex. E) at 6.[2]  Thus, Google's argument that it "answered this allegation by denying it" means that Google's answer is untruthful.

Google also argues that its partial responses are adequate because it need not respond to allegations in the AC that require it to draw legal conclusions. Opp. at 7-9.  For example, Google asserts that "no response to this paragraph is necessary because it seeks a legal conclusion related to the issue of willfulness." *Id.* at 8.  Notably, Google does not cite a single case wherein the date of a defendant's knowledge of a patent is a legal conclusion.  To the contrary, as Singular particularly pointed out in its opening brief, the Federal Circuit has stated that willfulness is solely a question of fact, i.e. for the jury. *See* Mot. at 5 (citing *Exmark Mfg. Co., Inc. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1353 (Fed. Cir. 2018)).[3]

Paragraph 20 simply required Google to respond factually as to the date(s) it learned of the two patents.  Google's lengthy argument regarding legal conclusions should be rejected.  In any event, as Singular also pointed out in its opening brief, a defendant cannot avoid responding to allegations in a complaint because the defendant believes they require legal conclusions. *See* Mot. at 5 (citing *Kegerise v. Susquehanna Township Sch. Dist.*, 321 F. R. D. 121, 124 (M.D. Pa. 2016)[4] and *PetroJebla, SA de C.V. v. Betron Enterprises, Inc.*, 2019 WL 6496565, at *4 (E.D. Mich. Dec. 3, 2019)).[5]

---

[2] Singular's interrogatories were directed to Google and its subsidiaries. *See* Ex. B, p. 2, ¶ 6.

[3] "[T]he entire willfulness determination is to be decided by the jury."

[4] "Defendants are simply incorrect in contending that they could respond to conclusions of law by asserting no response is necessary."

[5] Google also cites *Gaeta v. Lotz Trucking Inc.*, 2017 WL 4956425, at *2 (S.D. Ind. Nov. 1, 2017) for the proposition that, where the meaning of a defendant's answer is "easily

In response, Google cites *Augustyniak Ins. Grp., Inc. v. Astonish Results, L.P.*, 2013 WL 998770, at 11 (D.R.I. Mar. 13, 2013) and *Khepera-Bey v. Santander Consumer USA, Inc.*, 2012 WL 1965444, at *5 (D. Md. May 30, 2012). Neither is closer to this case than *Kegerise* or *PetroJebla*. In *Augustyniak*, the allegations were unidentified jurisdictional averments that are not straightforward assertions of fact such as the dates of knowledge asserted in paragraph 20 of the AC. *Khepera-Bey* involved a motion for more definite statement, not a motion to deem facts admitted. 2012 WL 1965444, at *5. Moreover, the nature of the allegations at issue therein is not apparent from the opinion. Suffice to say, however, that Singular's allegations regarding the date of Google's knowledge of the two Singular patents are factual in nature. Thus, neither case relied upon by Google justifies its failure to provide a complete substantive response to the factual allegations of paragraph 20.

Google also argues that it need not provide a response because paragraph 20 is "nothing more than a recitation of a portion of the pre-*Halo* standard for willfulness articulated in *Seagate*." Opp. at 9. Thus, according to Google, paragraph 20 "is a legal conclusion and does not require a response." *Id.* Google is wrong on both accounts. First, paragraph 20 is directed to ascertaining Google's knowledge of two of the patents-in-suit as of May 2017. *See* Mot. at 3. Post-*Seagate* cases still require that the accused infringer have knowledge of the asserted patent(s) as a basis for claiming willful infringement. *See*, *e.g.*, *Canon, Inc. v. Avigilon USA Corp.*, 4111 F. Supp. 3d 162, 165 (D. Mass. 2019). Second, such knowledge is a factual issue,

---

ascertainable," the answers are sufficient. Here, Google's answers are not "easily ascertainable" because its Amended Answer provides no response regarding its knowledge of the two patents prior to May 2017 whereas its response to Interrogatory No. 1 states that Google's subsidiary knew of the two patents as of February 19, 2017.

not a legal conclusion. *See*, *e.g.*, *Exmark Mfg. v. Briggs & Stratton*, 879 F.3d at 1353 ("the entire willfulness determination is to be decided by the jury"). Google's arguments should be rejected.

B.     PARAGRAPH 15

Google argues that it "attempted to parse" the factual allegations from this paragraph. Opp. at 10. Google now states that by denying "Any remaining allegations," it intended to deny "all remaining allegations." *Id.* at 11 n. 5. Google correctly observes that Singular is "[n]ot satisfied with this response." *Id.* at 11. In its opening brief, Singular pointed to Google's denial of the following allegation:

> For example, by Google's own estimation, Google would have to at least double its computing footprint just to keep up with the increased computer requirements being driven by improved AI-based speech recognition services alone.

Mot. at 7. Singular pointed out three sources, all from Google, that specifically support the truth of this allegation. Perpetuating its denial, Google first argues that "citations to materials beyond the pleadings are improper to support [a] motion to strike." Opp. at 11. As set forth above, however, this is not a Rule 12 (f) motion to strike; it is a motion to deem admitted under Rule 8(b). Thus, Google's first argument should be rejected. Second, Google attempts to run away from its prior public statements by characterizing those statements as a "one person offhand remark" by its employee Jeff Dean. *Id.* Singular begs to differ. The three sources cited by Singular were not prepared by "one person." The first ("In-Datacenter Performance" article) was authored by over 60 Google employees and attributed to "Google, Inc., Mountain View, CA USA." *See* Ex. C. The second is an interview given by Google employee Norm Jouppi to Wired Magazine. Mot. at 7. The third ("Machine Learning for Systems and Systems for Machine Learning") is a public presentation prepared by Google employee Jeff Dean. *Id.* Contrary to Google's argument, Dr. Dean's presentation was not an "offhand remark." Dr. Dean is a Senior

Vice-President of Google Research and Google Health (*see* https://research.google/people/jeff/) and is the co-founder of Google Brain, which is the division at Google that, after meeting with Dr. Bates, worked on developing the accused TPU products in this case. Moreover, when requesting Singular to reschedule Dr. Dean's deposition in this case, counsel for Google described Dr. Dean as follows:

> [S]ome of the individuals you have noticed for deposition have very senior roles in their respective organizations. Specifically, Jeffrey Dean is a Senior Fellow . . . at Google.

*See* Ex. D, p. 2. Dr. Dean's presentation includes the following statement:

> Google would have to at least double its computing footprint just to keep up with the increased computing requirements being driven by improved AI-based speech recognition services alone.

*See* Ex. A at p. 2.[6] Thus, in light of this presentation and the other two references that Singular cited to Google, there was no good reason for Google to deny the foregoing factual allegation of paragraph 15. Accordingly, this allegation should be deemed admitted. *See Kegerise*, 321 F. Supp. 3d at 125 ("an averment will be deemed admitted when the matter is obviously one as to which defendant has knowledge or information"); *see also Bank of Am., N.A. v. Malibu Canyon Investors, LLC*, 2012 WL 115577, at *3 (D. Nev. Jan. 13, 2012) (deeming allegations admitted because the allegations "involve matters which the Defendants either knew or should have known at the time of the answer after making reasonable inquiry.")[7]

---

[6] Exhibit A was submitted with Singular's opening brief. *See* Dkt. No. 77. Exhibits B-D are attached to the Declaration of Kevin Gannon submitted herewith.

[7] As set forth on page 2 of Singular's opening brief, a party responding to a complaint "is subject to the requirements of honesty in pleading." *See Kegerise*, 321 F.R.D. at 124; *see also* Fed. R. Civ. P. 11(b)(4). In footnote 4 on page 10 of its opposition, Google argues that it denied Singular's allegation that the situation at Google was "scary and daunting" because the Google reference actually stated that the situation was "daunting and scary." Singular submits that, for

C.     PARAGRAPH 19

Google argues that it properly responded to this paragraph because it does not understand what Singular means by "disclos[ing] his computer architectures and prototypes." Opp. at 12. But, Google then asserts there are three possibilities:

1) "Did Dr. Bates share hardware description language code with Google?"
2) "Did he provide schematics of his chip?"
3) "Or did he just talk about his ideas at a high level?

*Id.* This is nothing more than an attempt to avoid responding to paragraph 19. "Disclosing" is obviously broad enough to cover all three of these options and Google should have answered accordingly. Its attempt to avoid admitting that Dr. Bates disclosed his computer architectures and prototypes to Google is improper.

Google also argues that it "could not respond to the related allegation that 'Dr. Bates also advised Google such was patent-protected.'" Opp. at 12. According to Google, "there is no allegation that Dr. Bates identified particular patents, much less the ones asserted in this lawsuit." *Id.* Again, Google is attempting to rewrite the allegation in an effort to avoid providing a complete response. The allegation generally asserts that "Dr. Bates also advised Google such was patent-protected." It is not directed or limited to any specific patent(s). Thus, Google cannot properly avoid responding because the allegation is not directed to "particular patents" or the patents asserted herein. Contrary to Google's argument, Singular is not looking for a "different" answer. Opp. at 12. Rather, Singular needs a complete "response," as is required under Rule 8(b)(2) ("denial must fairly respond to the substance of the allegation.")

D.     PARAGRAPH 25

---

the purpose of responding to a complaint, this is a distinction without a difference and the allegation should be deemed admitted.

7

In its opening brief, Singular argued that Google possesses information that it could, and should, have used to provide a more complete response to this paragraph.  For example, Singular pointed to Google's cloud.google.com/tpu website where Google states as follows:

> We built the Tensor Processing Unit (TPU) in order to make it possible for anyone to make similar breakthroughs.  Cloud TPU is the custom-designed machine learning that powers Google products like Translate, Photos, Search, Assistant, and Gmail.

*See* https://cloud.google.com/tpu.  Google's opposition simply ignores this argument.  Instead, Google argues that it need not provide a more detailed answer because paragraph 25 is "inartfully pleaded." Opp. at 13.  This excerpt from Google's own website demonstrates that Google had information in its possession that allowed it to provide a more complete response.  Based on this website entry alone, Google should at a minimum have further admitted that the TPU devices are used to support its "Translate, Photos, Search, Assistant, and Gmail" services.  Where a responding party has such responsive information within its possession, and fails to use that information, it is proper to deem the facts as admitted. *See*, *e.g.*, *Bank of Am. v. Malibu Investors*, 2012 WL 115577, at *3 (deeming numerous substantive allegations admitted because "[m]ost of the[] complaint allegations involve matters which the Defendants either knew or should have known at the time of the answer after making reasonable inquiry.")

E.   SINGUAR'S ALLEGATIONS SHOULD BE DEEMED ADMITTED

Again misconstruing Singular's request for relief, Google argues that "Singular does not cite, nor has Google found, a single case in which a court in the First Circuit has deemed admitted portions of an answer in response to a motion to strike.  Nor do the cases cited by Singular support the imposition of such a remedy." Opp. at 14.  As set forth above, this is not a Rule 12(f) motion to strike.  It is a motion under Rule 8 to have the allegations of four

8

paragraphs of the AC deemed admitted. Thus, Google's entire motion to strike argument should be rejected.

Incongruously, Google then concedes that allegations of a complaint were deemed admitted in *Bank of Am. v. Malibu Investors*, cited above and in Singular's opening brief. Google attempts to distinguish the case, arguing that the allegations there were "simple, one-sentence factual allegations that the defendants clearly knew to either be true or false." Opp. at 15. Google's argument fails. As set forth above and in Singular's opening brief, a defendant is under an obligation to parse the allegations of the complaint and then admit, deny, or assert lack of knowledge regarding each parsed allegation. Rule 8(b)(4) explicitly states that "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest;" *see also Revocable Living Trust of Stewart I v. Lake Erie Utils. Co.*, No. 3:14-cv-2245, 2015 WL 2097738, at *3 (N.D. Ohio May 5, 2015) (party responding must "parse the allegation and 'admit the part that is true and deny the rest.'")[8]

## III.  CONCLUSION

For the reasons set forth above and in Singular's opening brief, the allegations of paragraphs 15, 19-20 and 25 of the AC should now be deemed admitted.

---

[8] In footnotes 6 and 7, on page 14 of its opposition, Google notes that, although the allegations in the *Kegerise*, *Gross* and *SAP* cases were found deficient, the courts allowed the defendants to amend their answers. Google thereafter argues that here "the only proper remedy would be an order to amend." Opp. at 15. Thus, Google effectively concedes that it could have provided more complete responses in its Amended Answer.

Dated: September 4, 2020.                    Respectfully submitted,

/s/ Paul J. Hayes
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

CERTIFICATE OF SERVICE

I certify that on September 4, 2020, I served this document on Defendant by causing a copy to be sent via electronic mail to its counsel of record.

/s/ Paul J. Hayes