# EXHIBIT D



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Matthias A. Kamber**
(415) 773-6635
mkamber@keker.com

July 23, 2020

**VIA ELECTRONIC MAIL**

Paul J. Hayes, Esq.
One International Place, Suite 3700
Boston, MA 02110
phayes@princelobel.com

Re:    *Singular Computing LLC v. Google LLC*, 1:19-cv-12551-FDS (D. Mass.)

Dear Paul:

I write regarding the various deposition notices Singular served on Google on July 10, 2020.

*First*, although you have noticed the depositions to be in person at your offices in Boston, because of the current pandemic we intend to present them via video- or teleconference.  To protect the safety of our witnesses (as well as the lawyers, stenographer, and videographer), we will not be asking them to convene in a conference room with others, much less asking them to travel to Boston.  This is consistent with the general orders of the Court, which indicate an intent to minimize in-person interactions among parties and counsel whenever possible.  We know that reporting services have adapted to setting up and conducting virtual depositions and are happy to discuss logistics when convenient.

*Second*, as a practical matter, we trust that by seeking to depose these witnesses early in the case, you understand that you would not be able to re-depose them again absent agreement or leave of the Court.  See Fed. R. Civ. P. 30(a)(2)(A)(ii) (noting that absent a stipulation otherwise, a court must grant leave for a deposition if "the deponent has already been deposed in the case").  And given that Singular seeks to proceed with depositions before Google will have substantially completed its document productions—indeed, to date Singular has propounded only one of up to three sets of requests for production—Google's production of documents after any given deposition would not justify seeking leave for a second deposition of a witness.  Prior to proceeding with any deposition and to avoid any future dispute, we expect written confirmation of this understanding from Singular.  In addition, because we anticipate that at least one or more of the witnesses you have noticed for deposition might also serve as 30(b)(6) witnesses, please provide your 30(b)(6) notice by the end of August; that will allow us to designate and prepare witnesses whose depositions are already scheduled to proceed.

1387706.v1

Paul J. Hayes, Esq.                                    Via Electronic Mail
July 23, 2020
Page 2


*Third*, some of the individuals you have noticed for deposition have very senior roles in their respective organizations.  Specifically, Jeffrey Dean is a Senior Fellow and David Patterson is a Distinguished Engineer at Google, and Astro Teller is the CEO of X.  As to Drs. Dean and Teller, we propose agreeing to a fixed amount of time on the record (*i.e.*, 3 hours) and conducting their depositions later in the case.  That will make it easier to schedule a time on their busy calendars and ensure efficient use of their time by avoiding duplicative questioning on topics that could be addressed by other witnesses.  As for Dr. Patterson, based on the complaint's allegations as well as what we know, he appears to have limited if any relevance to the case.  Dr. Patterson only joined Google in 2016, after his retirement from academia, and after the development of versions 1 and 2 of Google's TPUs.  Accordingly, his knowledge of the accused Google TPUs is not nearly as relevant as that of other Google employees and would at best be cumulative of other witnesses (*e.g.*, Norm Jouppi).  Furthermore, in contrast to Drs. Dean and Teller, Dr. Patterson is not alleged to have had contacts with Singular or Joseph Bates. Thus, the question of whether a deposition of Dr. Patterson is warranted, even for a limited time, should be deferred until after you have taken depositions of other more relevant witnesses.

If we are in agreement regarding the issues identified above, we will begin the process of trying to schedule some deposition dates for the Fall.  To the extent you would like to discuss, please let me know.

Sincerely,

KEKER, VAN NEST & PETERS LLP

*Matthias Kamber*

Matthias A. Kamber

MAK: