## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

### PROTECTIVE ORDER

Plaintiff Singular Computing LLC ("Singular") and Defendant Google LLC ("Google") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

### 1.   PURPOSES AND LIMITATIONS

(a)   Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)   The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at

1

all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.   **DEFINITIONS**

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)     "Designated House Counsel" means House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

(d)     "Patents-in-suit" means U.S. Patent Nos. 8,407,273, 9,218,156 and 10,416,961.

(e)    "Party" means any party to this case as of the date of execution of this Order, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staff.

(f)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(g)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE," as provided for in this Order. Protected Material shall not include: (i) materials that are or have been publicly available; and (ii) materials learned by the Receiving Party through legitimate means other than from the Producing Party or Producing Party's representatives.

(i)      "Source Code" means computer code (including associated comments and revision histories, formulas, engineering specifications, or schematics), scripts, assembly code, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, netlists, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, mask data design and fabrication computer files stored in a "GDS" or related file format, process-flow documents related to the fabrication of circuit boards, and other documents that provide the same definition or detailed description of the algorithms or structures of software or hardware designs.

(j)      "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) is not a past employee of a Party and (4) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

(k)      "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

### 3.      COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

### 4.      SCOPE

(a)      The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted

therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in Court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing with the written consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 5.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## ACCESS TO AND USE OF PROTECTED MATERIAL

(a)     <u>Basic Principles</u>. All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination, reissue, inter partes review, covered business method review, or other post-grant review proceedings, or

any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.[1]

(b)  <u>Secure Storage, No Export</u>.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" shall not be taken or reviewed outside the United States unless expressly agreed to in writing by the Producing Party. If a deposition of a Producing Party's employee or 30(b)(6) designee occurs outside the United States, that Producing Party's Protected Materials may be taken outside the United States solely for purposes of their use at that deposition. Any materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" are subject to the restrictions in Section 11(b).

(c)  <u>Legal Advice Based on Protected Material</u>.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d)  <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party;

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A.

or (v) pursuant to order of the Court. However, if the accuracy of information is confirmed only through the review of Protected Material, then the information shall not be considered to be publicly known. For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "publicly known" information. Such information is explicitly included in the definition of "Protected Material" set forth in Section 2(h) above. With regard to materials that were previously disclosed between the Parties prior to this lawsuit pursuant to a Non-Disclosure Agreement ("Previous NDA Materials"), nothing in this Order shall restrict either Party from treating Previous NDA Materials in accordance with the terms of that Non-Disclosure Agreement (Previous NDA), notwithstanding that they are also subject to the terms of this Order.

## 6. **DESIGNATING PROTECTED MATERIAL**

(a)   <u>Exercise of Restraint and Care in Designating Materials for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

(b)   <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE."

(c)     Written Discovery and Documents and Tangible Things.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Section 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(d)     Native Files.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE," material, or the Producing Party shall use any other reasonable method for so designating Protected Materials produced in electronic format (including methods provided for in the parties' ESI order). When electronic files or documents are printed for use at deposition, in a Court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Section 11, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the

Designating Party and including the production number and designation associated with the native file. No one shall seek to use in this litigation a .tiff, .pdf, or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(e)     <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony are so designated within thirty (30) days of receipt of the final transcript of the testimony. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been so designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony

dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, and the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(f) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

(g) Inadvertent Failures to Designate. Upon discovery, if timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.      **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information. "CONFIDENTIAL" Information refers to information (regardless of how it

is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

(b)       Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)       The Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(ii)       Up to two (2) In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and one (1) officer level employee of a party who either has responsibility for making decisions dealing directly with the litigation in this action or who is assisting outside counsel in preparing for proceedings in this action, and who have signed Exhibit A;

(iii)       Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv)       Professional Vendors (as defined in this Order);

(v)       Stenographic reporters, videographers and/or their staff to whom disclosure is reasonably necessary for this litigation;

(vi)       during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, Receiving Party must provide notice sufficient to allow the Designating Party to object. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(vii)       the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information.

(viii)   The Court, jury, and Court personnel;

(ix)   Graphics, translation, design, and/or trial consulting personnel;

(x)   Mock jurors retained by a trial consulting firm in connection with this litigation having first signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential to the same degree as required by this Protective Order;

(xi)   Any mediator who is assigned to hear this matter and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(xii)   Any other person with the prior written consent of the Producing Party.

**8.    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)   A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)   The Receiving Party's Outside Counsel in this action, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as employees of

said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation; and

(ii)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 11, below, have been followed;

(iii)   the Court and its personnel;

(iv)   stenographic reporters, videographers and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(v)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information, unless the Designating Party objects to the disclosure; and

(vi)   during mock trials, mock jurors to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 9.    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – SOURCE CODE"

(a)    To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code, disclosure of which to another Party or Non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(b)    Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to the provisions set forth in Section 10 below, and may be disclosed, subject to Section 10 below, solely to:

(i)     The Receiving Party's Outside Counsel in this action, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation ; and

(ii)     Up to six Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 11 below and specifically identified as eligible to access "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, have been followed;

(iii)     the Court and its personnel;

(iv)     stenographic reporters, videographers and their respective staff who are transcribing or videotaping a deposition wherein "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items are being discussed, provided that such reporters and videographers shall not retain or be given copies of any portions of the source code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers.

(v)     while testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or

Items pursuant to this sub-section shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items except while so testifying.  Only printed copies of the Source Code will be provided to testifying witnesses during their testimony.

      **10.**    **DISCLOSURE AND REVIEW OF SOURCE CODE**

      (a)    Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the office of its Outside Counsel, or any other location mutually agreed by the Parties. Any Source Code that is produced by Defendant shall be made available for inspection in electronic format at the office of Defendant's Outside Counsel, or any other location mutually agreed by the Parties. Source Code will be made available for inspection between the hours of 8:00 a.m. and 7:30 p.m. on business days (i.e., weekdays that are not Federal holidays) provided advanced notice of one (1) business day. The Parties will be reasonable in accommodating reasonable requests to alter these hours so long as reasonable advanced notice, and in no event less than three (3) business days' notice, of any such reasonable requests is provided.

      (b)    Source Code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

      (i)    All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Source Code Computer shall have disk encryption and be password protected. The Producing Party shall produce Source Code in computer searchable format on the Source Code Computer and in the file format in which the Source Code is kept in the ordinary course of the Producing Party's business. The Producing Party shall provide the

Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code.

(ii)      The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced. The Receiving Party's outside counsel and/or experts may request that additional commercially available software tools (e.g., UNDERSTAND) for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such software tools can execute on the secured computer and are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with a CD or DVD (or other appropriate medium) containing such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(iii)      No recordable media or recordable devices, including without limitation sound recorders, personal digital assistants (PDAs), cellular telephones, peripheral equipment, cameras, voice recorders, Dictaphones, telephone jacks, CDs, DVDs, or drives of any kind (e.g., USB memory sticks and portable hard drives), shall be permitted into the Source Code Review Room. No non-electronic devices capable of similar functionality shall be permitted in the Source Code Review Room.

(iv)      <u>Non-Networked Computer for Note-Taking Purposes Only</u>:

The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy or transcribe the Source Code or any portion thereof into the notes. The Receiving Party's expert(s) and/or consultant may use a single Notetaking Computer in the review room for the sole purpose of taking and reviewing his or her notes. The Notetaking Computer shall be provided to the Receiving Party by the Producing Party at the beginning of the first inspection, and shall have commercially reasonable processing power and storage facilities. The Receiving Party may maintain the Notetaking Computer in its

possession until ninety (90) days following final termination of this matter, after which it must destroy all notes taken during the course of the Source Code Inspection. The Receiving Party shall treat the Notetaking Computer, and any notes on it, with the same precautions as are required for printed copies of source code. The Producing Party shall install on the Notetaking Computer reasonable word-processing software as requested by the Receiving Party. The WiFi, Bluetooth, and camera functionalities on the Notetaking Computer will be permanently disabled. The taking of photographs or video shall not be permitted in the Source Code Review Room. The Producing Party may inspect the Receiving Party's Notetaking Computer to be used in the Source Code Review Room, but solely to ensure that it is the same Notetaking Computer previously provided. Such inspection shall be conducted in the Receiving Party's presence and should not count against Receiving Party's review time. The Producing Party may not look at any notes or files on the Notetaking Computer at any time. The Receiving Party shall not install or insert any added functionality whatsoever as to the Notetaking computer, and shall not attempt to connect the Notetaking Computer to any network.

(v)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way. Any observer used by the Producing Party may monitor the Receiving Party's representatives during the Source Code review through a glass partition and so as to refrain from overhearing a conversation (in order that the Receiving Party's representatives can discuss the Source Code in the course of their review). During the Receiving Party's review of the Source Code, the Producing Party shall not otherwise interfere with the Receiving Party's review of the Source Code and shall not be permitted access to the Receiving Party's notes, work product, or discussions inside the review room or following each day's inspection of the Source Code. During the Source Code review, the Producing Party agrees to provide a "break-out" room for the Receiving Party's Source Code reviewer(s) to make phone calls and work. To the extent such a break-out room is not reasonably available, the Producing

16

Party agrees to so notify the Receiving Party at least three (3) business days in advance of any day on which the Receiving Party's Source Code reviewers are expected to inspect the Source Code. No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and printing is permitted only when necessary to prepare Court filings or pleadings or other papers (including a testifying expert's expert report). Absent good cause or prior approval, which shall not be unreasonably withheld, the Receiving Party may not print more than 25 consecutive pages, or an aggregate total of more than 500 pages, of source code for each representative and/or materially different accused product for the duration of the case. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages requested by the Receiving Party. Within four (4) business days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party, or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring within one (1) business day of any objections, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall within seven (7) days of the meet and confer move the Court for a Protective Order and shall agree to expedited briefing of the motion, failing any of which, the Producing Party shall provide one copy set of the requested pages to the Receiving Party within two (2) days.[2] The printed pages shall constitute part of the

17

Source Code produced by the Producing Party in this action. Access to the Source Code Computer shall be limited to seven (7) Outside Counsel representing the Reviewing Party and six (6) outside consultants or experts retained by the Reviewing Party.

(vi)     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room and shall maintain any such notes in a manner that prevents duplication of or unauthorized access to the Source Code. Any such notes must be marked on each page with the designation – "HIGHLY CONFIDENTIAL — SOURCE CODE." The Producing Party shall not be responsible for any items left in the Source Code Review Room, including but not limited to preserving the confidentiality of any such items, following each inspection session. Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(vii)     Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel.

The Receiving Party's Outside Counsel may make no more than four (4) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Section 11 not including copies attached to Court filings or for use at depositions (as indicated in Section 11(b)(ix) below), and shall maintain a log of all paper copies of the Source Code. The Receiving Party's

Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. No more than a total of fourteen (14) individuals identified by the Receiving Party shall have access to the printed portions of Source Code (except insofar as such code appears in any Court filing or expert report). Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. The Receiving Party may bring copies of the printed Source Code to the deposition unless the Producing Party notifies Receiving Party in advance of the deposition that the Producing Party will provide a Source Code computer at the deposition containing all source code, in computer-searchable format, previously produced by the Producing Party.[3] Further, the Receiving Party may bring to the deposition copies of any expert reports or pleadings containing source code, including any annotated copies of such documents containing source code. Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

Except as provided in this sub-section, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code) except in preparation for or in connection with: (i) filing (under seal) and service of papers, motions, and pleadings; (ii) expert reports; and (iii) a hearing or trial in this matter. Any such electronic copies shall be password protected and encrypted. Any such electronic copies shall be included in the log generated pursuant to this subsection. Access to such electronic copies of source code printouts, but not expert reports, will be limited to seven (7)

individuals, and such electronic copies are to be made strictly for the purposes of filings or hearings. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE" as provided for in this Order.

Google will have a code review platform available for Singular to access, located at Wolf Greenfield and Sacks P.C. 600 Atlantic Avenue, Boston, MA 02210.

**11.    <u>NOTICE OF DISCLOSURE</u>**

(a)    Prior to disclosing any Protected Material to an Expert as described in Sections 7, 8, and 9, the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)    the name of the Expert;

(ii)    an up-to-date curriculum vitae of the Expert;

(iii)   the present employer and title of the Expert;

(iv)    an identification of all of the Expert's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; and

(v)     a list of the cases in which the Expert has testified at deposition or trial within the last five (5) years;

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Expert's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. Any Party seeking to disclose Protected Material to more than a total of seven (7) Experts shall provide a written explanation alongside the Notice of Disclosure detailing the good faith basis for requesting disclosure to such additional person(s).

(b)     Within ten (10) days of receipt of the disclosure of the Expert, the Producing Party or Parties may object in writing to the Expert for good cause. In the absence of an objection at the end of the ten (10) day period, the Expert shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period. If the Producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will use or disclose Discovery Materials in a way or ways that would violate one or more provisions contained in this Order, whether intentionally or inadvertently.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

## 12.   CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice;

(ii)     Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each

such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding section.

(iii)    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.;

### 13.    SUBPOENAS OR COURT ORDERS

If at any time documents containing Protected Material are requested or subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the party receiving the request shall immediately give written notice thereof to every party whose Protected Material has been requested and to its counsel and shall copy Outside Counsel for the Parties on any such communication and shall provide each such Party with an opportunity to object to the production of such documents. If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena or request is directed may produce such documents only after written permission is granted, the Court has so Ordered, or the ten day period has lapsed, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

### 14.    FILING PROTECTED MATERIAL

Absent written permission from the Producing Party or a Court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

Pursuant to the Local Rules, the filing party shall file redacted copies of its motion, opposition, etc. and supporting documents, omitting the Protected Material, and shall serve an un-redacted copy upon counsel of record. The un-redacted copy shall be marked or highlighted to indicate clearly the portions of the Protected Material the Filing Party believes the Court should consider in connection with the relevant motion. The Producing Party shall then make a

motion for impoundment of the Protected Material pursuant to Local Rule 7.2. within three (3) business days of the filing. The motion for impoundment shall set forth a description, in general terms, of the Protected Material and a short statement setting forth the reasons justifying impoundment.

### 15.   INADVERTENT DISCLOSURE OF PRIVILEGE MATERIAL

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

### 16.   INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party

shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)      A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

(c)      Notwithstanding the above, a subsequent designation of CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" materials while the materials were not marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

## 17.     <u>INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER</u>

(a)      In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. The responsible disclosing Party must immediately inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order and request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A

      (b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

### 18.    <u>FINAL DISPOSITION</u>

Within 90 days after the final disposition of this action, as defined in paragraph 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5. (DURATION).

19.   **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)   Drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)   Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

20.   **PROSECUTION AND ACQUISITION BAR**

(a)   Absent written consent from the Producing Party, any individual who is permitted to and in fact reviews any materials designated to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), in accordance with this Order, shall not be involved in the prosecution of patents or patent applications relating to processors for machine learning, including processors for training and/or inference, before any foreign or domestic agency, including the United States Patent and Trademark Office. For purposes of this paragraph, "prosecution" includes any activity related to the competitive business decisions involving (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. In addition, these prohibitions shall not preclude litigation counsel from participating in any *inter partes* review, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review or covered business method review proceedings, provided that litigation counsel may not participate in, assist, or supervise the drafting or amending of claims or claim language. This Prosecution Bar shall begin when "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first reviewed by the affected individual and shall end one (1) year after final disposition in this action as provided in Section 5. The parties expressly agree that the Prosecution Bar set forth

27

herein shall be personal to any attorney who review Prosecution Bar Materials and shall not be imputed to any other persons or attorneys at the attorneys' law firm. It is expressly agreed that attorneys who work on this matter without reviewing HIGHLY SENSITIVE TECHNICAL MATERIAL shall not be restricted from engaging in Prosecution Activity on matters that fall within the Prosecution Bar. An ethical wall shall be instituted between any attorney who reviews HIGHLY SENSITIVE TECHNICAL MATERIAL and any attorney at the attorneys' law firm who engages in activity subject to the foregoing bar.

(b) Absent written consent from the Producing Party, any individual who is permitted to and in fact reviews any materials designated to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), in accordance with this Order, shall not be involved in activity related to: (i) the acquisition of patents or patent applications (for any person or entity) relating to machine learning, including processors for training and/or inference; or (ii) advising or counseling clients regarding the same. This Acquisition Bar shall begin when "HIGHLY SENSITIVE TECHNICAL MATERIAL" is first reviewed by the affected individual and shall end one (1) year after final disposition in this action as provided in Section 5.

### 21.   <u>MISCELLANEOUS</u>

<u>(a)</u>   <u>Non-Party Use of this Order</u>. The parties shall disclose this Protective Order to all non-parties producing information or material pursuant to a subpoena or Court order in these related cases. A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information under this Protective Order, and shall be considered a Producing Party under this Protective Order. A non-party's use of this Protective Order to protect its confidential information does not entitle that non-party access to Protected Material produced by any Party.

(b) <u>Disclosure of Non-Party Information</u>. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(c) <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not

29

waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(d)     Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination in this matter. The Court shall retain jurisdiction for 90 days after the termination of the matter to hear and resolve any disputes arising out of this Protective Order.

(e)     Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(f)     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in these related actions or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in these related actions or any other proceeding.

(g)     No Agreement Concerning Discoverability. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

(h)     Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Material that is subject to Export Administration Regulations (EAR) shall comply with all applicable export control statutes and regulations. See,

e.g., 15 CFR 734.2(b). No Protected Material subject to the EAR may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). Without limitation, this prohibition extends to Protected Material subject to the EAR (including copies) in physical and electronic form.

(i)      Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(j)      Modification by Court. This Order is subject to further Court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the District of Massachusetts is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Massachusetts.

(k)      Agreement Upon Execution. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

**So ORDERED and SIGNED this** 16th **day of** September **, 2020.**

*/s/ F. Dennis Saylor IV*
F. Dennis Saylor IV
Chief Judge, United States District Court

31

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Singular Computing LLC v. Google LLC*, United States District Court, District of Massachusetts, Civil Action No. 1:19-cv-12551-FDS. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____