# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>                Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>                Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

**GOOGLE LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PENDING *INTER PARTES* REVIEW**

In the last two weeks Google filed six petitions for *inter partes* review ("IPR") of the three asserted patents in Singular's First Amended Complaint. These petitions collectively challenge all claims asserted in this action. The issue before the Court is whether to stay this case in whole or in part pending the institution decisions related to those petitions, which have the potential to save substantial judicial and party resources.

In reviewing motions to stay in these circumstances, courts look to three factors, all of which counsel in favor of a stay here. First, this case is in the early stages of litigation: discovery is in its early stages, claim construction has not begun, and no trial date is set. Moreover, the ongoing coronavirus pandemic effectively places this case even farther from a potential trial, as hearings and any future trial will almost certainly be delayed along with all other civil cases in this District. Second, Google's IPR petitions, which target every asserted claim (as well as many others), could significantly narrow the scope of this case, if not eliminate it altogether. Third, a stay would not prejudice Singular, which has not sought injunctive relief. And a stay now would have only a limited effect on the case if the IPRs are not instituted because institution decisions on the IPR petitions are statutorily required to issue within six months.

At the very least a *partial* stay is warranted to avoid unnecessarily wasting the Court's and the parties' resources. For example, the parties could continue responding to written discovery requests and producing documents, including electronically stored information ("ESI"), while all other discovery (*e.g.*, depositions) is put on hold pending institution decisions. This approach would allow the parties to make progress without burdening the Court with a potentially unnecessary *Markman* hearing and/or potential motion practice related to depositions.

For these reasons, Google respectfully requests that the Court order an interim stay of the proceedings—either in whole or in part—pending institution decisions on Google's IPRs.

## I.     BACKGROUND

### A.     Procedural History

This case is in its preliminary stages. Singular filed its First Amended Complaint, the operative pleading in this case, on March 20, 2020, after Google filed its first motion to dismiss. Following Singular's amendment, ECF No. 37, Google again moved to dismiss on April 17, 2020, ECF No. 40, which the Court denied on June 25, 2020, ECF No. 51. In the intervening months, the parties have made some progress on written discovery. Both parties have served a single set of interrogatories and requests for production and are entitled to serve more before the close of fact discovery. The parties are currently working to identify lists of custodians and search terms pursuant to the Court's order regarding the discovery of electronically stored information, *see* ECF No. 68. but no ESI has yet been searched, much less produced, from those efforts. Thus, only a small number of non-ESI documents have thus far been produced. In addition, Singular served its infringement contentions in early September, and Google served its responsive contentions just over a week ago. Google made its source code available pursuant to the patent local rules on November 6, 2020, but Singular has not yet disclosed an expert to review that code, as required pursuant to the protective order. ECF No. 87.

Beyond written discovery, little else has occurred thus far. The parties have not definitively set a date for a single deposition yet, let alone taken one. And given the state of document productions, deposition discovery still seems at a distance.

Furthermore, the claim construction process has not yet gotten underway. The first related deadline is December 4, 2020, when the parties are due to identify claim terms and proposed constructions. ECF No. 59. Opening claim construction briefs are then due January 8,

2021, shortly after the holidays, with responsive briefs due a month later. *Id.* The related *Markman* hearing is scheduled for March 31, 2021. *Id.*

      **B.**    ***Inter Partes* Review**

Between October 30 and November 6, 2020, Google filed six petitions for *inter partes* review ("IPR") with the Patent Office's Patent Trial and Appeal Board ("PTAB"). *See* Declaration of Andrew Bruns in Support of Google's Motion to Stay Pending *Inter Partes* Review ("Bruns Decl."), Exs. 1-6, Petitions for *Inter Partes* Review. Congress established IPR proceedings in order to "provid[e] a more efficient system for challenging patents that should not have issued" and "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." H.R. Rep. No. 112–98, 2011 U.S.C.C.A.N. 67, 69, at 39–40

Collectively, Google's petitions challenge the validity of the four asserted claims in this case, as well as dozens of additional claims. Specifically, as to each asserted patent, Google filed two petitions: in one, Google argued that the challenged claims were neither adequately described nor enabled by an earlier application in the patents' priority chain thereby making Singular's own published application indisputable prior art; in the other, Google argued that the challenged claims would have been obvious over a third-party's published patent application that disclosed a processor that performed the low-precision, high-dynamic range operations recited in Singular's claims. Google also explained to the PTAB why both petitions should be granted as to each asserted patent in these circumstances, where one of the petitions is based on failures to satisfy 35 U.S.C. § 112 in a published parent application. Bruns Decl., Ex. 7.

The PTAB accorded Google's first set of petitions a filing date on November 13, 2020. Bruns Decl., Ex. 8. Singular may now file a preliminary response explaining why the PTAB

3

should not institute IPR against its patents, 37 C.F.R. § 42.107, and the PTAB must then decide whether to institute IPR within three months of Singular's preliminary response, 35 U.S.C. § 314(b).  Therefore, institution decisions on at least Google's first set of petitions will issue no later than May 17, 2021.  Within 12 months of institution, the PTAB must issue a Final Written Decision upholding the claims or canceling them. After the PTAB issues a final written decision, the petitioner is estopped in subsequent litigation from asserting invalidity on any ground that it raised or reasonably could have raised during the review. *See* 35 U.S.C. § 315(e)(2).

The PTAB institutes review on a majority of IPR petitions and cancels claims in a majority of challenged patents.  Since 2015, the PTAB has instituted review on over 63% of IPR petitions. *See* USPTO, "Patent Trial and Appeal Board Statistics September 2020," at 6, available at http://www.uspto.gov/sites/default/files/documents/trial_statistics_20200930.pdf. In those instances in which the PTAB institutes review, the vast majority of its final written decisions result in a finding of unpatentability.  From 2012 to present, 62% of all final written decisions canceled all instituted claims and an additional 18% of final written decisions canceled at least one instituted claim.  *Id*. at 11.

## II.     LEGAL STANDARD

"District courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings," pending the resolution of an IPR petition. *Aplix IP Holdings Corp. v. Sony Computer Entm't, Inc.*, 137 F. Supp. 3d 3, 4 (D. Mass. 2015) (quoting *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008)).  Indeed, courts across the country, including in this Circuit, have utilized their discretion to grant stays pending the PTAB's institution decisions.  *See, e.g.*, *NST Glob., LLC v. SIG Sauer Inc.*, No. 19-cv-792-PB, 2020 WL 1429643, at *3–4 (D.N.H. Mar. 24, 2020); *see also Uniloc USA Inc. v. LG Elecs.*

*U.S.A. Inc.*, No. 18-cv-06737-JST, 2019 WL 1905161, at *7 (N.D. Cal. Apr. 29, 2019); *Neuro Cardiac Techs., LLC v. LivaNova, Inc.*, No. H-18-1517, 2018 WL 4901035, at *5 (S.D. Tex. Oct. 9, 2018); *TAS Energy, Inc., v. San Diego Gas & Elec. Co.*, No. 12cv2777–GPC(BGS), 2014 WL 794215, at *6 (S.D. Cal. Feb. 26, 2014).

Courts typically consider three factors when deciding a motion to stay patent litigation while an IPR is pending, regardless of whether the IPR is pre- or post-institution: "(1) the stage of the litigation, including whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 356 (D. Mass. 2015).

### III.  ARGUMENT

**A.  All Three Relevant Factors Favor a Stay.**

**1.  This case is in its early stages and a stay would conserve both the Court's and the parties' resources.**

The first factor concerns "the stage of litigation, including whether discovery is complete and a trial date has been set." *SurfCast Inc. v. Microsoft Corp.*, No. 2:12-cv-333-JDL, 2014 WL 6388489, at *1 (D. Maine Nov. 14, 2014). As a general rule, "[t]he earlier the stage of proceedings, the greater the reason to grant a stay." *Id.* at *2. This is because staying a case early on in the litigation is more likely to save time and judicial resources and the stay "maximize[s] the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Neste Oil Oyj v. Dynamic Fuels, LLC,* No. 12-662-GMS, 2013 WL 424754, at*5 (D. Del. Jan 31, 2013) (quoting *SenoRx, Inc. v. Hologic, Inc.,* No. 12-173-LPS-CJB, 2013 WL 144255, at *5 (D. Del. June 11, 2013)).

This case is in a nascent phase. Because of Singular's voluntary amendment following Google's motion to dismiss the initial complaint, the pleadings were not settled until June 25, 2020, nearly six months after Singular first filed. Since then, written discovery has begun, but relatively little else has happened in the case. No depositions have taken place. Google has produced its core technical documentation, among other things, while Singular has only provided two small "rolling" document productions.

Even less progress has been made on the merits. Neither side has filed its opening claim construction brief and the *Markman* hearing is still several months away. In fact, the parties have not even identified the claim terms they wish to have the court construe.[1] Summary judgment motions have not been filed, and no trial has been scheduled. Courts have commonly stayed proceedings at this stage in litigation, pending the resolution of IPRs. *See, e.g., KAZ USA, Inc. v. E. Mishan & Sons, Inc.*, No. 13-40037-TSH, 2014 WL 3501366, at *4 (D. Mass. July 9, 2014) (finding that case in "very early stages" "weigh[ed] heavily in favor of granting a stay" where "[l]ittle discovery has taken place and the parties have yet to exchange their claim constructions").

The ongoing coronavirus pandemic effectively places this case even earlier in its timeline, as any future trial will almost certainly occur later than it otherwise would, given the backlog of criminal and civil trials—in this district and across the country—arising from the pandemic. Indeed, in recent months, several courts have recognized that the coronavirus pandemic is a relevant consideration to a court's stay analysis. For instance, in *Divx, LLC v. Netflix, Inc.*, the court considered coronavirus-related restrictions as part of its assessment of the

---

[1] The deadline for the parties to identify claim terms is December 4, 2020.

stage of the litigation.  It found that "if these cases were to proceed on their current schedule, hearings and trial would be subject to delays, particularly because criminal matters will take priority over these patent infringement actions."  No. CV-19-1602 PSG (DFMx), 2020 WL 3026034, at *3 (C.D. Cal. May 11, 2020).  The same is true here.[2]

While district courts in general, and civil trials in particular, have been delayed by pandemic, the PTAB has been able to maintain its normal pace.  The PTAB itself has made clear that it is proceeding as usual during the pandemic.  *See Sand Revolution II LLC v. Cont'l Intermodel Group – Trucking LLC*, IPR2019-01393, Paper 24 (PTAB June 16, 2020) ("[E]ven in the extraordinary circumstances under which the entire country is currently operating because of the COVID-19 pandemic, the Board continues to be fully operational.  The Board's judges and staff continue to operate on their normal schedules, albeit remotely, and Board oral hearings continue to be conducted on schedule.")  (Bruns Decl., Ex. 9).

The nature of the expected depositions in this case offer an additional justification for a stay.  The depositions Singular intends to take may lead to significant motion practice before the court.  For instance, Singular has made clear that it plans to take at least three apex-level depositions,[3] and its Rule 30(b)(6) Deposition Notice contains 102 topics.  Delaying the

---

[2] Moreover, given recent developments, a stay here may allow the court and the parties to avoid at least some virtual hearings and depositions.  Waiting for the institution decisions here will increase the likelihood that depositions and hearings in this case *may* be able to proceed in person, which everyone would no doubt prefer.

[3] Litigants seeking to examine a corporation's most senior executives ("apex executives") must show that they have exhausted other, less intrusive methods of procuring the information at issue, and that the subpoenaed parties have "unique first-hand, non-repetitive knowledge of the facts at issue in the case." *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). *See also Gonzalez Berrios v. Mennonite Gen. Hosp., Inc.,* No. 18-1146 (RAM), 2019 WL 4785701, at *3 (D.P.R. Sept. 30, 2019) ("[T]he apex deposition doctrine seeks to prevent the deposition of a high-level executive 'that is sought simply because [that person is] the CEO or agency head—the top official, not because of any special knowledge of, or involvement in, the matter in dispute.'") (emphasis omitted).

resolution of these issues until after the institution decisions here has the potential to save significant resources for the Court and the parties.

At the same time, as plaintiff's counsel acknowledged at last week's status conference, most of Google's anticipated depositions in this case will involve third parties, as Singular appears to have few employees beyond its founder, Dr. Joseph Bates.  Subjecting third parties to potentially unnecessary depositions would be premature and wasteful.  Not only would a stay preserve scarce judicial and party resources, but it could help these third parties avoid the time and expense of preparing for and giving depositions that may ultimately be for naught.

For these reasons, this factor weighs strongly in favor of a stay.

**2.      A stay will simplify the issues in this case.**

The second factor assesses "whether a stay will simplify the issues in question and the trial of the case."  *SurfCast*, 2014 WL 6388489, at *1.  As another court in this District has recognized, "[a] stay no doubt simplifies the issues where all of the patents-in-suit are subject to IPR."  *SCVNGR, Inc. v. eCharge Licensing, LLC*, No. 13-12418-DJC, 2014 WL 4804738, at *10 (D. Mass. Sept. 25, 2014) (citing *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012)).  That is the case here, where Google's petitions attack all three asserted patents, including the four asserted claims.

As noted, the PTAB institutes *inter partes* review of a majority of petitions and the majority of its final written decisions result in a finding of unpatentability.  *See supra* Section I.B.  Regardless of their outcomes, Google's IPR petitions are likely to simplify the issues in this

case,: "[T]he *IPR* ruling will eliminate the need for any trial if all claims are cancelled and, even if most or all of the claims survive *IPR*, the [Board's] order will facilitate trial by providing the court with the [Board's] expert opinion and likely will clarify the scope of the claims remaining for trial." *Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.*, No. 3:15-cv-30005-MGM, 2016 WL 1735330, at *3 (D. Mass. Apr. 28, 2016). "Further, 'if all the asserted claims survive [IPR], the case could still be simplified because the defendant[ ] would be bound by the estoppel provisions for [IPR] and thus could not raise before this court any arguments that they raised or reasonably could have raised at the PTO.'" *Id.* (quoting *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014)).

In short, regardless of what the PTAB does with Google's IPR petitions, the result will dramatically simplify the issues in this case.

**3.    A stay would neither unduly prejudice nor tactically disadvantage Singular.**

The third and final factor weighs "whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *SurfCast*, 2014 WL 6388489, at *1. Because "staying any case pending an IPR risks delaying the final resolution of the dispute," the "potential for delay does not, by itself, establish *undue* prejudice." *SCVNGR*, 2014 WL 4804738, at *9 (quoting *Neste Oil Oyj,* 2013 WL 424754, at *2) (emphasis in original). A party seeking to avoid a stay must, therefore, establish undue prejudice separate from the potential for delay, such as a dilatory motive on the part of the party seeking a stay, unavailability of legal remedies once the stay is lifted, or the parties' relationship as direct competitors in the marketplace. *See Irwin Indus. Tool Co.*, 2016 WL 1735330, at *4 ("Courts are more likely to find undue prejudice when the parties are direct competitors." (quoting *Autoalert, Inc. v. Dominion Dealer Sols.*, LLC, No. SACV 12-1661-JST (JPRx), 2013 WL 8014977, at *2 (C.D. Cal. May 22, 2013)); *ACQIS,* 109 F. Supp. 3d at 358 (finding that party's decision to not seek

preliminary injunction undermined its claim of undue prejudice because it would have its legal and equitable remedies available when the stay lifted); *SCVNGR*, 2014 WL 4804738, at *9 (noting that a party's dilatory motive can weigh against a stay).

No such undue prejudice exists here. For one thing, Google was not dilatory in filing its IPR petitions. A petitioner must file within one year of the date on which it is served with a complaint alleging infringement of the patent. 35 U.S.C. § 315(b). Here, Google filed its petitions about ten months after Singular filed its first complaint, seven months after the operative First Amended Complaint,[4] and just over four months after the Court denied Google's related motion to dismiss on the pleadings. Google would have been hard pressed to file earlier. IPR petitions are a significant undertaking—the six petitions here span a total of 546 pages, excluding their voluminous exhibits—and Singular did not identify its asserted claims or its infringement contentions until September 4, 2020—roughly two months before Google filed its petitions. Further complicating matters, roughly a month ago, Singular explicitly said it reserved the right to assert (or re-assert) additional claims not included in its infringement contentions. Singular's explicit reservation of its right to expand this case beyond the currently asserted claims required Google to challenge in its petitions dozens more claims than the four asserted claims, which necessitated additional preparation time.

On these facts, Google's filing cannot reasonably be considered dilatory.

In fact, Google filed far more promptly than other petitioners whose filings were found not to be dilatory. For instance, courts have refused to find dilatory motive where petitioners file just before the statutory deadline. *See Software Rights Archive, LLC v. Facebook, Inc.*, No. C-

---

[4] Google was served with the complaint on December 20, 2019. It filed its petition for IPR on October 30, November 5, and November 6, 2020.

12–03970 RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) ("Although defendants did wait nearly a year to file the IPR petitions, they properly filed the petitions within the statutory time frame, and the delay was not unreasonable under the facts here."); *Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*, No. 13–cv–00457–JST, 2014 WL 1350813, at * 4 (N.D. Cal. Apr. 3, 2014) ("Delay alone [within the statutory deadline] does not usually constitute undue prejudice because parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework.") (citations and internal quotations omitted); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 6068407, at *3 (N.D. Cal. Oct. 13, 2015) ("[W]hile the Court does not condone gamesmanship, it will not require a patent infringement defendant to file a petition for *inter partes* review significantly earlier than the time allowed by statute."). This is true even where petitioners file on the final day of the statutory window. *See Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015).

Nor did Google delay in seeking a stay after filing its petitions. Google filed its last IPR petition on Friday, November 6, 2020; it raised the prospect of a stay on the very next business day during the November 9, 2020 status conference. Google wrote a letter to Singular regarding a stay two days later, (Bruns Decl., Ex. 10), Singular again rejected the idea of any stay two days after that, (Bruns Decl., Ex. 11) and Google filed this motion one court day later. In short, Google moved expeditiously after filing its IPR petitions.

On the other side of this coin, Singular's conduct demonstrates that it would not be unduly prejudiced by a stay. Singular seeks only monetary damages and it does not allege—nor is there any reason to believe—that it competes with Google. Moreover, as illustrated in documents that Singular has itself cited in its amended complaint and its motion to deem

11

admitted, ECF No. 76, the accused Google TPUs were public knowledge long before Singular filed this suit. By not seeking a preliminary injunction, Singular has further undermined any possible claim of undue prejudice that might be caused by a stay pending institution of IPR proceedings. *ACQIS*, 109 F. Supp. 3d at 358.

For these reasons, there is no risk that a short interim delay in this litigation will prejudice Singular, unduly or otherwise. This factor—like the other two—weighs in favor of a stay.

B.   **Alternatively, a Partial Stay Would Save the Court's and the Parties' Resources with Even Less of an Impact on the Litigation.**

Although a stay of all deadlines pending the PTAB's institution decisions is appropriate under the circumstances, Google offered an alternative solution to Singular in the hopes of reaching a mutually agreeable compromise. *See* Nov. 11, 2020 Letter from Kamber to Hayes (Bruns Decl., Ex. 10). Singular rejected this proposal on Friday, November 13, 2020 (Bruns Decl., Ex. 11), but Google continues to see it as a way to avoid the potential unnecessary expenditure of the Court's and the parties' resources while diminishing any of Singular's concerns about a delay in these proceedings.

Namely, Google proposed a stipulated, partial stay effective immediately. The partial stay would allow written discovery and document production to continue apace, including the parties' collection and production of ESI, while all depositions and claim construction deadlines would be held in abeyance until the PTAB issues its institution decisions on Google's petitions. The first of those decisions will issue no later than May 17, 2021. *See* 35 U.S.C. § 314(b).

Under this approach, if the PTAB were to institute IPR against each of the asserted patents, the stay would continue at least until the PTAB issues final written decisions in those proceedings. If, on the other hand, the PTAB declines to institute IPR against each of the asserted patents, the case would proceed consistent with the Court's previously entered

scheduling order, ECF No. 59, with a six-month extension to all the dates contained therein, subject—of course—to the Court's calendar and availability. (Any deadlines that now fall on a weekend or holiday would be pushed to the next court day.)  For example, the parties' December 4, 2020 deadline for claim terms to be construed and proposed constructions would be moved to June 4, 2021.  In either situation, the parties would submit a joint status update to the Court within a week of the last institution decision, informing the Court of the institution decisions.[5]

Although Singular rejected this proposal, Google presents it here for consideration in the event the Court disagrees with Google's view that staying the case in its entirety is inappropriate: Should the Court conclude that a blanket stay is inappropriate here, Google asks that the Court adopt this alternative.

### IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant an interim stay of the case, or at least an interim stay of claim construction proceedings and deposition discovery, pending the PTAB's decisions to institute IPRs on the asserted patents.

//

//

//

//

//

//

---

[5] In the unlikely situation that the PTAB institutes *inter partes* review against *some but not all* of the asserted patents, the parties' joint status update would also issue a proposed path forward.

                                                Respectfully submitted,

Dated:  November 16, 2020

                              By:    */s/ Nathan R. Speed*
                                    Gregory F. Corbett (BBO #646394)
                                    gregory.corbett@wolfgreenfield.com
                                    Nathan R. Speed (BBO # 670249)
                                    nathan.speed@wolfgreenfield.com
                                    Elizabeth A. DiMarco (BBO #681921)
                                    elizabeth.dimarco@wolfgreenfield.com
                                    WOLF, GREENFIELD & SACKS, P.C.
                                    600 Atlantic Avenue
                                    Boston, MA 02210
                                    Telephone: (617) 646-8000
                                    Fax: (617) 646-8646

                                    Asim Bhansali (*pro hac vice*)
                                    abhansali@kblfirm.com
                                    KWUN BHANSALI LAZARUS LLP
                                    555 Montgomery Street, Suite 750
                                    San Francisco, CA 94111

                                    Matthias Kamber (*pro hac vice*)
                                    mkamber@keker.com
                                    KEKER, VAN NEST & PETERS LLP
                                    633 Battery Street
                                    San Francisco, CA 94111-1809

                                    *Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

Date: November 16, 2020　　　　　　　*/s/ Nathan R. Speed*
　　　　　　　　　　　　　　　　　　Nathan R. Speed