# Exhibit 7

Paper No. __

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

GOOGLE, LLC
Petitioner,

v.

SINGULAR COMPUTING LLC,
Patent Owner.
_____

Case No. IPR2021-00154
Patent No. 10,416,961
_____

**PETITIONER GOOGLE, LLC'S NOTICE RANKING PETITIONS AND EXPLAINING MATERIAL DIFFERENCES**

Petitioner has filed two parallel petitions for *inter partes* review against U.S. Patent No. 10,416,961 ("the '961 patent"). Pursuant to the Board's Consolidated Trial Practice Guide (November 2019) ("TPG") at 59-60, Petitioner submits this notice to (1) identify a ranking of the petitions and (2) provide a succinct explanation of the differences between the petitions, why issues addressed by the differences are material, and why the Board should use its discretion to institute both petitions.

## I. RANKING OF THE PETITIONS

| Rank | Petition | Grounds |
|---|---|---|
| 1 | IPR2020-00154<br><br>Challenging claims **1-5, 10-16,** and **21-27**. | **Ground 1:** Bates-2010 renders obvious claims 1-5, 10-16, and 21-27. |
| 2 | IPR2020-00155<br><br>Challenging claims **1-5, 10, 13-14, 21,** and **23-25**. | **Ground 1:** Dockser renders obvious claims 1-2, 4-5, 10, and 13-14.<br><br>**Ground 2:** Dockser in view of Tong renders obvious claims 1-2, 4-5, 10, 13-14, 21, and 24-25.<br><br>**Ground 3:** Dockser in view of MacMillan renders obvious claims 1-5, 10, and 13-14.<br><br>**Ground 4:** Dockser in view of Tong and MacMillan renders obvious claims 1-5, 10, 13-14, 21, and 23-25. |

## II. MATERIAL DIFFERENCES BETWEEN PETITIONS

### A. Material Difference #1 (Priority Date)

The petitions differ materially because Petition #1 raises a priority dispute and Petition #2 does not. The '961 patent purports to claim priority through a series of continuations to earlier-filed application 12/816,201 ("the '201 Application").

1

Petition #1 demonstrates that the challenged claims are not entitled to the benefit of the '201 Application's filing date, and the single ground shows the challenged claims would have been obvious over Bates-2010, which is the publication of the '201 Application and qualifies as prior art only because the challenged claims are not entitled to their claimed priority date.  Petition #2 relies on references that are prior art under pre-AIA 35 U.S.C. § 102(b) even if the challenged claims were entitled to their earliest priority date.  There is no overlap in prior art between the two Petitions.

The TPG recognizes that "***more than one petition may be necessary***" in this exact circumstance—*i.e.*, where "there is a dispute about priority date requiring arguments under multiple prior art references." TPG at 59.  The TPG implicitly acknowledges that it is often impractical to include in a single petition some grounds that are based on a priority challenge and others that are not, particularly where, as here, each petition must address a large number of lengthy claims. *Infra* § III.

**B.     Material Difference #2 (Different Challenged Claims)**

As shown in Petitioner's chart above, given the identical disclosures in Bates-2010 and the challenged patent, Petition #1 was able to challenge seven additional claims (11-12, 15-16, 22, and 26-27) not challenged by Petition #2.

**C.     Material Difference #3 (Different Evidence)**

Petition #1 relies on Bates-2010, which shares a specification with the '961 Patent so the challenged claim language appears largely verbatim in Bates-2010.

Thus, no disputes should arise concerning whether the Bates-2010 disclosures correspond to the language in the challenged claims, and no secondary references are needed to meet any challenged claim. In contrast, Petition #2 relies on third-party references that do not have verbatim disclosure of every claim limitation (because they do not share a specification with the '961 Patent), which may raise interpretation issues not present with Petition #1. Petition #2 also relies on grounds that require a reason to combine multiple prior art references (not so for Petition #1) and relies on computer simulation and/or mathematical proofs to confirm that a POSA would have understood the prior art's disclosures meet the claims.

### D. Summary of Material Differences

| Material Difference | Petition #1 | Petition #2 |
|---|---|---|
| Priority Date | No earlier than Feb. 17, 2012 | June 19, 2009 |
| References | Bates-2010 | Dockser, Tong, MacMillan |
| Evidence | Verbatim disclosures in Patent Owner's own priority application | Third-party references, combinations of references, and evidence to prove claimed characteristics met. |
| Claims Challenged | 1-5, 10-16, and 21-27. | 1-5, 10, 13-14, 21, and 23-25. |

## III. ADDITIONAL JUSTIFICATION FOR PARALLEL PETITIONS

The TPG also recognizes that multiple petitions "may be necessary…when the patent owner has asserted a large number of claims in litigation." While Patent Owner has thus far only formally asserted two challenged claims in parallel litigation, it expressly "reserve[d] the right to assert additional claims." Ex. 1041, 2.

3

Patent Owner's refusal to limit the number of claims it may assert forced Petitioner to challenge 20 claims spanning four columns of text and comprising more than 1500 words. Petitioner could not have challenged these lengthy claims based on the priority breaking ground of Petition #1 and any of the grounds relying on incontestable prior art in Petition #2 within the word count limit for a single petition. The need to address all these claims—a need Patent Owner unilaterally imposed—provides an additional justification for two petitions and for instituting both.

### IV.   CONCLUSION

The Petitions rely on different prior art based on different priority dates and each petition has materially different strengths. Petition #1 attacks additional claims and relies on Patent Owner's own published priority application to meet the challenged claims, but hinges on the Board agreeing that the challenged claims are not entitled to their claimed priority date. Petition #2 does not hinge on the priority issue, but relies on third-party references covering fewer claims, may raise interpretative disputes not plausible with Petition #1, relies on combinations of multiple references, and involves software/mathematical demonstrations of how claimed performance characteristics are met.

Instituting on only Petition #2 would result in fewer claims being challenged, which could prejudice Petitioner if the Patent Owner asserts in the litigation claims challenged only in Petition #1; instituting on only Petition #1 would limit

Petitioner's challenge to one reliant on the Board resolving the priority date dispute in Petitioner's favor. The Board has instituted parallel Petitions in similar circumstances. *Medtronic v. Teleflex*, IPR2020-00130, Paper 20, 10-13 (Jun. 26, 2020) (instituting parallel petitions partly given "possibility that we may determine that [a reference] does not qualify as prior art after fully considering Patent Owner's priority date arguments"); *Volkswagen v. Michigan Motor*, IPR2020-00445, Paper 12, 13-15 (Aug. 5, 2020) (instituting parallel petitions where one involved a priority challenge); *NRG Energy, Inc. v. Midwest Energy Emissions Corp.*, IPR2020-00832, Paper 17 at 15-18 (Oct. 26, 2020) (same); *10X Genomics, Inc. v. Bio-Rad Labs.*, IPR2020-00088, Paper 8, 46-47 (Apr. 27, 2020) (same); *Microsoft Corp. v. IPA Techs.*, IPR2019-00810, Paper 12, 13-15 (Oct. 16, 2019) (instituting parallel petitions involving a priority dispute and where patent owner's vague infringement allegation required Petitioner to challenge a large number of claims).

Institution of two trials is warranted for the foregoing reasons and will not unduly burden the Board given the limited number of references relied on in the Petitions. Petitioner is amenable to aligning the proceedings' schedules and to consolidating hearings to conserve the Board's resources.

Date: October 30, 2020

Respectfully submitted,
*Google LLC*
/Elisabeth Hunt/
Elisabeth H. Hunt, Reg. No. 67,336
WOLF GREENFIELD & SACKS, P.C.

## CERTIFICATE OF SERVICE UNDER 37 C.F.R. § 42.6 (E)(4)

I certify that on October 30, 2020, I will cause a copy of the foregoing document, including any exhibits filed therewith, to be served via Priority Mail Express, at the following correspondence address of record for the patent:

> Blueshift IP LLC
> 1 Broadway, 14th Floor
> Cambridge, MA 02142

Date: October 30, 2020

/MacAulay Rush/
MacAulay Rush
Paralegal
WOLF, GREENFIELD & SACKS, P.C.