# Exhibit 8

Trials@uspto.gov                                        Paper No. 4
571-272-7822

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

GOOGLE LLC,
Petitioner,

v.

SINGULAR COMPUTING LLC,
Patent Owner.
_____

Case IPR2021-00154
Patent 10,416,961
_____

Mailed: November 13, 2020

Before Cathy Underwood, *Trial Paralegal*

NOTICE OF FILING DATE ACCORDED TO PETITION
AND
TIME FOR FILING PATENT OWNER PRELIMINARY RESPONSE

    The petition for *inter partes* review, filed in the above proceeding has been accorded the filing date of October 30, 2020.

    Patent Owner may file a preliminary response to the petition no later than three months from the date of this notice.  The preliminary response is limited to setting forth the reasons why the requested review should not be instituted.  Patent Owner may also file an election to waive the preliminary

Case IPR2021-00154
Patent No. 10,416,961

response to expedite the proceeding.  For more information, please consult the Office Patent Trial Practice Guide, 77 Fed. Reg. 48756 (Aug. 14, 2012), which is available on the Board Web site at http://www.uspto.gov/PTAB.

Patent Owner is advised of the requirement to submit mandatory notice information under 37 C.F.R. § 42.8(a)(2) within 21 days of service of the petition.

The parties are encouraged to use the heading on the first page of this Notice for all future filings in the proceeding.

The parties are advised that under 37 C.F.R. § 42.10(c), recognition of counsel pro hac vice requires a showing of good cause. The parties are authorized to file motions for pro hac vice admission under 37 C.F.R. § 42.10(c). Such motions shall be filed in accordance with the "Order -- Authorizing Motion for Pro Hac Vice Admission" in Case IPR2013-00639, Paper 7, a copy of which is available on the Board Web site under "Representative Orders, Decisions, and Notices." **The parties are reminded that, in order for any motion for *pro hac vice* admission to be considered by the Board, the requisite fees must first be paid.** The current fee schedule is available at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

The parties are reminded that unless otherwise permitted by 37 C.F.R. § 42.6(b)(2), all filings in this proceeding must be made electronically in Patent Trial and Appeal Board End to End (PTAB E2E), accessible from the Board Web site at http://www.uspto.gov/PTAB.  To file documents, users must register with PTAB E2E.  Information regarding how to register with and use PTAB E2E is available at the Board Web site.

Case IPR2021-00154
Patent No. 10,416,961

      If there are any questions pertaining to this notice, please contact Cathy Underwood at 571-272-8358 or the Patent Trial and Appeal Board at 571-272-7822.

Case IPR2021-00154
Patent No. 10,416,961

PETITIONER:

Elisabeth H. Hunt
Richard F. Giunta
Anant K. Saraswat
Wolf, Greenfield & Sacks, P.C.
EHunt-PTAB@wolfgreenfield.com
Rgiunta-PTAB@wolfgreenfield.com
ASaraswat-PTAB@wolfgreenfield.com

PATENT OWNER:

Blueshift IP LLC
1 Broadway, 14th Floor
Cambridge, MA 02142

4

Case IPR2021-00154
Patent No. 10,416,961

## **NOTICE CONCERNING ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The Patent Trial and Appeal Board (PTAB) strongly encourages parties who are considering settlement to consider alternative dispute resolution as a means of settling the issues that may be raised in an AIA trial proceeding.  Many AIA trials are settled prior to a Final Written Decision.  Those considering settlement may wish to consider alternative dispute resolution techniques early in a proceeding to produce a quicker, mutually agreeable resolution of a dispute or to at least narrow the scope of matters in dispute.  Alternative dispute resolution has the potential to save parties time and money.

Many non-profit organizations, both inside and outside the intellectual property field, offer alternative dispute resolution services.  Listed below are the names and addresses of several such organizations.  The listings are provided for the convenience of parties involved in cases before the PTAB; the PTAB does not sponsor or endorse any particular organization's alternative dispute resolution services.  In addition, consideration may be given to utilizing independent alternative dispute resolution firms.  Such firms may be located through a standard keyword Internet search.

| CPR INSTITUTE FOR DISPUTE RESOLUTION | AMERICAN INTELLECTUAL PROPERTY LAW ASSOCIATION (AIPLA) | AMERICAN ARBITRATION ASSOCIATION (AAA) | WORLD INTELLECTUAL PROPERTY ORGANIZATION (WIPO) | AMERICAN BAR ASSOCIATION (ABA) |
|---|---|---|---|---|
| Telephone: (212) 949-6490 | Telephone: (703) 415-0780 | Telephone: (212) 484-3266 | Telephone: 41 22 338 9111 | Telephone : (202) 662-1000 |
| Fax: (212) 949-8859 | Fax: (703) 415-0786 | Fax: (212) 307-4387 | Fax:  41 22 733 5428 | N/A |
| 575 Lexington Ave New York, NY 10022 | 241 18th Street, South, Suite 700 Arlington, VA 22202 | 140 West 51st Street New York, NY 10020 | 34, chemin des Colombettes CH-1211 Geneva 20, Switzerland | 1050 Connecticut Ave, NW Washington D.C. 20036 |
| www.cpradr.org | www.aipla.org | www.adr.org | www.wipo.int | www.americanbar.org |

If parties to an AIA trial proceeding consider using alternative dispute resolution, the PTAB would like to know whether the parties ultimately decided to engage in alternative dispute resolution and the reasons why or why not.  If the parties actually engage in alternative dispute resolution, the PTAB would be interested to learn what mechanism (e.g., arbitration,

Case IPR2021-00154
Patent No. 10,416,961

mediation, etc.) was used and the general result. Such a statement from the parties is not required but would be helpful to the PTAB in assessing the value of alternative dispute resolution to parties involved in AIA trial proceedings. To report an experience with ADR, please forward a summary of the particulars to the following email address: PTAB_ADR_Comments@uspto.gov

Trials@uspto.gov                                                                    Paper No. 4
571-272-7822

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

GOOGLE LLC,
Petitioner,

v.

SINGULAR COMPUTING LLC,
Patent Owner.

_____

Case IPR2021-00155
Patent 10,416,961

_____

Mailed: November 13, 2020

Before Cathy Underwood, *Trial Paralegal*

NOTICE OF FILING DATE ACCORDED TO PETITION
AND
TIME FOR FILING PATENT OWNER PRELIMINARY RESPONSE

    The petition for *inter partes* review, filed in the above proceeding has been accorded the filing date of October 30, 2020.

    Patent Owner may file a preliminary response to the petition no later than three months from the date of this notice.  The preliminary response is limited to setting forth the reasons why the requested review should not be instituted.  Patent Owner may also file an election to waive the preliminary

Case IPR2021-00155
Patent No. 10,416,961

response to expedite the proceeding.  For more information, please consult the Office Patent Trial Practice Guide, 77 Fed. Reg. 48756 (Aug. 14, 2012), which is available on the Board Web site at http://www.uspto.gov/PTAB.

Patent Owner is advised of the requirement to submit mandatory notice information under 37 C.F.R. § 42.8(a)(2) within 21 days of service of the petition.

The parties are encouraged to use the heading on the first page of this Notice for all future filings in the proceeding.

The parties are advised that under 37 C.F.R. § 42.10(c), recognition of counsel pro hac vice requires a showing of good cause. The parties are authorized to file motions for pro hac vice admission under 37 C.F.R. § 42.10(c). Such motions shall be filed in accordance with the "Order -- Authorizing Motion for Pro Hac Vice Admission" in Case IPR2013-00639, Paper 7, a copy of which is available on the Board Web site under "Representative Orders, Decisions, and Notices." **The parties are reminded that, in order for any motion for *pro hac vice* admission to be considered by the Board, the requisite fees must first be paid.** The current fee schedule is available at https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.

The parties are reminded that unless otherwise permitted by 37 C.F.R. § 42.6(b)(2), all filings in this proceeding must be made electronically in Patent Trial and Appeal Board End to End (PTAB E2E), accessible from the Board Web site at http://www.uspto.gov/PTAB.  To file documents, users must register with PTAB E2E.  Information regarding how to register with and use PTAB E2E is available at the Board Web site.

Case IPR2021-00155
Patent No. 10,416,961

If there are any questions pertaining to this notice, please contact Cathy Underwood at 571-272-8358 or the Patent Trial and Appeal Board at 571-272-7822.

Case IPR2021-00155
Patent No. 10,416,961

PETITIONER:

Elisabeth H. Hunt
Richard F. Giunta
Anant K. Saraswat
Wolf, Greenfield & Sacks, P.C.
EHunt-PTAB@wolfgreenfield.com
Rgiunta-PTAB@wolfgreenfield.com
ASaraswat-PTAB@wolfgreenfield.com

PATENT OWNER:

Blueshift IP LLC
1 Broadway, 14th Floor
Cambridge, MA 02142

4

Case IPR2021-00155
Patent No. 10,416,961

## **NOTICE CONCERNING ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The Patent Trial and Appeal Board (PTAB) strongly encourages parties who are considering settlement to consider alternative dispute resolution as a means of settling the issues that may be raised in an AIA trial proceeding.  Many AIA trials are settled prior to a Final Written Decision.  Those considering settlement may wish to consider alternative dispute resolution techniques early in a proceeding to produce a quicker, mutually agreeable resolution of a dispute or to at least narrow the scope of matters in dispute.  Alternative dispute resolution has the potential to save parties time and money.

Many non-profit organizations, both inside and outside the intellectual property field, offer alternative dispute resolution services.  Listed below are the names and addresses of several such organizations.  The listings are provided for the convenience of parties involved in cases before the PTAB; the PTAB does not sponsor or endorse any particular organization's alternative dispute resolution services.  In addition, consideration may be given to utilizing independent alternative dispute resolution firms.  Such firms may be located through a standard keyword Internet search.

| **CPR INSTITUTE FOR DISPUTE RESOLUTION** | **AMERICAN INTELLECTUAL PROPERTY LAW ASSOCIATION (AIPLA)** | **AMERICAN ARBITRATION ASSOCIATION (AAA)** | **WORLD INTELLECTUAL PROPERTY ORGANIZATION (WIPO)** | **AMERICAN BAR ASSOCIATION (ABA)** |
|---|---|---|---|---|
| Telephone: (212) 949-6490 | Telephone: (703) 415-0780 | Telephone: (212) 484-3266 | Telephone: 41 22 338 9111 | Telephone : (202) 662-1000 |
| Fax: (212) 949-8859 | Fax: (703) 415-0786 | Fax: (212) 307-4387 | Fax:  41 22 733 5428 | N/A |
| 575 Lexington Ave New York, NY 10022 | 241 18th Street, South, Suite 700 Arlington, VA 22202 | 140 West 51st Street New York, NY 10020 | 34, chemin des Colombettes CH-1211 Geneva 20, Switzerland | 1050 Connecticut Ave, NW Washington D.C. 20036 |
| www.cpradr.org | www.aipla.org | www.adr.org | www.wipo.int | www.americanbar.org |

If parties to an AIA trial proceeding consider using alternative dispute resolution, the PTAB would like to know whether the parties ultimately decided to engage in alternative dispute resolution and the reasons why or why not.  If the parties actually engage in alternative dispute resolution, the PTAB would be interested to learn what mechanism (e.g., arbitration,

5

Case IPR2021-00155
Patent No. 10,416,961

mediation, etc.) was used and the general result. Such a statement from the parties is not required but would be helpful to the PTAB in assessing the value of alternative dispute resolution to parties involved in AIA trial proceedings. To report an experience with ADR, please forward a summary of the particulars to the following email address: PTAB_ADR_Comments@uspto.gov