# Exhibit 10



KEKER
VAN NEST
& PETERS

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

**Matthias A. Kamber**
(415) 773-6635
mkamber@keker.com

November 11, 2020

Via Electronic Mail

Paul Hayes
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, MA  02110
  phayes@princelobel.com

Re:    *Singular Computing LLC v. Google LLC*, 1:19-cv-12551-FDS (D. Mass.)

Dear Paul:

I write regarding a potential stay of this matter, pending the institution decisions related to Google's six recently filed *inter partes* review petitions.

As I noted during our status conference earlier this week, Google believes that a blanket stay of the case is appropriate and warranted under the circumstances here.  Indeed, each of the factors relevant to the Court's analysis point in favor of staying the case: (1) the case is in its early stages—depositions have not started, claim construction has not begun, and no trial date has yet been set; (2) Google's petitions target every asserted patent and the IPR results may, therefore, have a significant impact on the scope of this case; and (3) a relatively short stay pending the institution decision would not prejudice Singular.

The ongoing coronavirus pandemic only further counsels in favor of a stay.  Proceeding with depositions in the first half of 2021 will require taking them remotely rather than in person.  Similarly, our scheduled claim construction hearing, as well as potentially other hearings, would likely have to proceed remotely.  Current events suggest that depositions and hearings later in 2021 *may* be able to proceed in person, which everyone would no doubt prefer.

Consistent with Judge Saylor's guidance during Monday's status conference, and your statement that Singular does not agree to a stay, Google plans to move for a stay early next week.  As an alternative, we propose a stipulated, partial stay effective immediately.  Specifically, the partial stay would allow written discovery and document production to continue apace, including the parties' ESI collection and production, while all depositions and claim construction deadlines would be held in abeyance until the PTAB issues its institution decisions on Google's petitions.  Those decisions will likely issue no later than May 2021.  *See* 35 U.S.C. § 314(b).

November 11, 2020
Page 2


If the PTAB were to institute *inter partes* review against each of the asserted patents, the stay would continue at least until the PTAB issues final written decisions in those proceedings.  If, on the other hand, the PTAB declines to institute *inter partes* review against each of the asserted patents, the case would proceed consistent with the court's previously entered scheduling order, ECF No. 59, with a six-month extension to all the dates contained therein, subject—of course—to the Court's calendar and availability.  (Any deadlines that now fall on a weekend or holiday would be pushed to the next court day.)  For example, the parties' December 4, 2020 deadline for claim terms to be construed and proposed constructions would be moved to June 4, 2021.  In either situation, the parties would submit a joint status update to the court within a week of the last institution decision, informing the court of the institution decisions.[1]

Given the time-sensitive nature of this issue and the upcoming *Markman*-related deadlines, please respond to this letter by this Friday, November 13.  And if you would like to meet and confer, we can make ourselves available either tomorrow or Friday.

Sincerely,

Matthias A. Kamber

---

[1] In the unlikely situation that the PTAB institutes *inter partes* review against *some but not all* of the asserted patents, the parties' joint status update would also issue a proposed path forward.

1538277