# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

## PLAINTIFF'S OPPOSITION TO GOOGLE LLC'S MOTION TO STAY PENDING *INTER PARTES* REVIEW

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian M. Seeve (BBO #670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this brief in opposition to the motion of defendant, Google LLC ("Google"), to stay this case pending *Inter Partes* Review ("IPR") of the patents-in-suit ("Mot." or "Motion"). For the reasons set forth below, the Motion should be denied.

I.     **BACKGROUND**

Singular filed the original Complaint in this case on December 20, 2019. *See* Dkt. No. 1. Google filed a motion to dismiss for failure to state a claim on February 28, 2020. *See* Dkt. No. 22. In response, Singular filed an Amended Complaint on March 20, 2020. Dkt. No. 37. Google filed a second motion to dismiss on April 17, 2020. Dkt. No. 40. The Court denied that motion on June 25, 2020. Dkt. No. 51. Google began filing its petitions for IPR on October 30, 2020. *See* Mot. at 3. Altogether, Google filed six petitions for IPR. *Id.* All six petitions are based solely on allegations of obviousness under 35 U.S.C. § 103. According to Google, its petitions "challenge the validity of the four asserted claims in this case, as well as dozens of additional claims." *Id.*

The Patent Trial & Appeal Board ("PTAB") has not acted on any of the petitions. Pursuant to the Rules of IPR proceedings, the PTAB has up to 6 months after filing in which to decide on whether or not to accept any of the petitions. *See* 35 U.S.C. § 314(b). As a result, none of Google's petitions will likely be acted upon until May 17, 2021. *See* Mot. at 4. Should any of the petitions be granted, the PTAB has a further 12 months within which to issue a Final Written Decision ("FWD") on the merits of the petition(s). *See* 35 U.S.C. § 316(a)(11). That earliest date is in May 2022. Moreover, the PTAB may extend the 12 months period by another 6 months. *Id.* Singular alleges herein that Google has infringed four claims of the three patents-in-suit. Nonetheless, Google expanded its six IPRs to challenge around eighty claims of the asserted

1

patents.  Thus, the PTAB will likely choose to utilize the extra six-month provision.  That pushes the PTAB date of decision out until November 2022.

Next would be an appeal of the PTAB's decisions pursuant to 35 U.S.C. §§ 141(c) and 319.  The Federal Circuit will likely take around 15 months to resolve any appeal. *See Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-00390, 2019 WL 3826051, at *4 (E.D. Tex. Aug. 14, 2019).  Thus, the earliest resolution of any of the IPRs following appeal would be in or around February 2024.  According to PTAB Statistics, at the end of that near five-year delay, one or more of the challenged claims will likely survive IPR. *See infra*.

Notwithstanding the foregoing, Google argues that PTAB statistics support granting a stay. Mot. at 4.  According to Google, "[f]rom 2012 to present, 62% of all final written decisions canceled all instituted claims." *Id.*  That may be so, but none of Google's IPRs has been instituted.  Thus, its reliance on this post-institution statistic at this point in time is misplaced.  The PTAB "is permitted, but never compelled, to institute an IPR proceeding." *Harmonic, Inc v. Avid Tech., Inc.*, 815 F.3d 1356, 1367 (Fed. Cir. 2016).  As the statistics relied on by Google show, the PTAB denies institution in 33% of all cases filed. *See* Ex. A, p. 11.[1]  Further, even when instituted, the PTAB only finds all challenged claims unpatentable in 21% of petitions for IPR filed. *Id.*  Thus, contrary to the impression Google is attempting to create, there is far greater probability (79%) that the PTAB will <u>not</u> find all challenged claims of any of its IPRs to be unpatentable.[2]  Accordingly, the statistics relied upon by Google actually support a denial of the present motion.

---

[1] Oddly, Google did not submit the PTAB statistics upon which it relies.  Accordingly, Singular submits a copy herewith as Exhibit A to the Declaration of Kevin Gannon.

[2] Google's reliance on statistics "[f]rom 2012 to present" also skews the results.  As the statistics relied upon by Google clearly show, the annual rates of IPR institution have steadily declined

2

## II.     LEGAL STANDARDS

District courts have the inherent power to control their dockets, including the power to grant a stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  A decision whether to stay a case, *vel non*, lies within the sound discretion of the district court. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  How best to manage a court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.  In striking that balance when a stay pending Patent Office proceedings is requested, courts typically consider three factors: (1) the stage of the proceedings; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether a stay will simplify issues in question and trial of the case. *Trs. of Boston Univ v. Everlight Elecs. Co. Ltd.*, No. 12-11935-FDS, 2013 WL 12324363, at *1 (D. Mass. Jul. 11, 2013).  The party seeking a stay bears the burden of showing that such a delay in proceedings is appropriate. *Landis*, 299 U.S. at 255.

There is no rule in patent cases that litigation must be stayed pending Patent Office proceedings. *See*, *e.g.*, *Realtime Data, LLC v. Rackspace US, Inc.*, 6:16-cv-00961, 2017 WL 772654, at *2 (E.D. Tex. Feb. 27, 2017).  Such a rule "would invite parties to unilaterally derail litigation." *Id.*  "Federal calendars should not be hijacked in this manner." *Id.*

## III.    ARGUMENT

### A.     THE MOTION IS PREMATURE

In this District, and elsewhere, motions to stay litigation pending the resolution of Patent Office proceedings are denied when the PTAB has yet to decide whether to institute proceedings.

---

from 87% in 2013 to just 56% in 2020. *Id.* at p. 6.  The PTAB rate of instituting IPRs has thus declined significantly in recent years.

3

*See*, *e.g.*, *Smart Wearable Techs. Inc. v. TomTom, Inc.*, No. 1:17-cv-11652-FDS, Dkt. No. 49 (D. Mass. Dec. 19, 2017); *SCVNGR, Inc. v. eCharge Licensing, LLC*, No. 13-12418-DJC, 2014 WL 4804738, at *8 (D. Mass. Sept. 25, 2014); *Boston Univ v. Everlight*, 2013 WL 12324363, at *1. This case is no exception. As in the foregoing cases in this District, the motion to stay should be denied as premature.[3]

B.   THE STAY FACTORS DO NOT FAVOR GRANTING THE MOTION

   1.   Prejudice to Singular

As set forth *supra*, pursuant to the PTAB and appellate Rules, a stay could put this case on ice until 2024. That is well-past the likely trial date. Moreover, at the end of the IPR process, one or more of the challenged claims is likely (79%) to survive. Thus, Singular will have been deprived of years of enforcement of its patents merely because Google elected to file for IPR. As other courts have observed, granting a stay would impermissibly allow Google to "hijack" the Court's calendar. *See*, *e.g.*, *Realtime Data*, 2017 WL 772654, at *2. Moreover, per the Supreme Court, managing a court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. Granting a pre-institution stay would not maintain an even balance. The only party benefitting from such a stay would be Google. Singular would be left on the sideline waiting years for the IPR proceedings to play out. Moreover, Singular's principal, the inventor Dr. Bates, is 65 years old. What possible benefit could inure to him from a 4-5 year delay of this case? None.

---

[3] Google argues that the recent COVID epidemic crisis supports staying the case. Mot. at 7 n. 2. According to Google, a stay would allow for depositions to be taken live at a later date "which everyone would no doubt prefer." *Id.* Google does not speak for Singular. For its part, Singular would far prefer proceeding with videotaped depositions now and preserve fresh testimony, rather than staying the case and having to wait until some unspecified future period in time in which COVID may have disappeared.

4

As the Court of Appeals for the First Circuit has stated, "it is trite but often true that justice delayed is justice denied," *In re Atlantic Pipe Corp.*, 304 F.3d 135, 147 (1st Cir. 2002). This adage would inevitably prove true here should the stay be entered. As set forth in the Amended Complaint, Dr. Bates has spent at least the last decade of his life developing his patented LPHDR computers and attempting to commercialize same to, *inter alia*, Google. *See e.g.* Dkt. No. 37 (Amended Complaint) at ¶¶ 8-19. In return, as alleged in the Amended Complaint, Google copied Dr. Bates' invention and installed LPHDR computers in all off Google's data centers in the U.S., allowing Google to process data multiple times faster with multiple times less on-board computer real estate (*id.*), and thereby saving Google at least 10 billion dollars *See id.* at ¶¶ 22-24. Google's open, notorious and continuous use of Dr. Bates' invention during the pendency of this suit, has brought about a halt to Singular's commercialization efforts.

Contrary to the Supreme Court's admonition in *Landis supra*, it would be neither fair, nor evenly balanced, to impose a stay that favors one party at the exclusion of providing any benefit to the other. Granting a stay will prejudice Singular's ability to bring this invention to market, and presents a clear tactical advantage to Google.[4] Thus, this factor weighs against granting a stay. To Google, this case is just about money. To Dr. Bates, however, this case is not only about just compensation, but also about his life's work and his company's ability to bring to market his signatory contribution to science.

---

[4] Courts have recognized that a years-long stay pending IPR can result in loss of memory and other evidence. *See*, *e.g.*, *Light Transformation Techs., LLC v. Light Science Grp. Corp.*, No. 2:12-cv-826, 2014 WL 11514322, at *1 (E.D. Tex. Mar. 28, 2014). This is of particular importance herein given Singular's claim for willful infringement that is predicated, *inter alia*, upon Google's knowledge of Dr. Bates' inventions via meetings and communications between Dr. Bates and Messrs. Dean and Jouppi (Google's architects of the accused products). *See* Amended Complaint, ¶¶ 18-22.

2. Simplification of Issues

Google briefly argues that a stay will simplify the issues to be resolved in this case. Mot. at 8-9. But, as many courts have recognized, any such simplification is speculative unless and until the PTAB actually institutes IPR and renders a relevant written determination. As Justice Bryson explained while sitting by designation in the district court:

> It would be speculative for the Court to extrapolate from the statistics and conclude that it is likely that the PTAB will institute *inter partes* review in this case and invalidate same or all of the claims of the [asserted] patent. . . . Accordingly, the "simplification" factor does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for *inter partes* review.

*Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047, 2013 WL 1069179, at *4 (E.D. Tex. Mar. 11, 2015). As in *Trover*, Google's speculative simplification argument should be rejected here.

Another equally important, reason exists for rejecting Google's simplification argument. In its First Affirmative Defense to Singular's First Amended Complaint, Google alleges that the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103 and 112. *See* Dkt. No. 53 at p. 23. The PTAB only reviews for patentability under Sections 102 and 103.[5] All six of Google's petitions for IPR are based solely upon obviousness under 35 U.S.C. § 103. *See* Dkt. No. 92 (Decl. of Andrew Bruns), Exs. 1-6. Accordingly, the PTAB proceedings will not address Google's 102 anticipation defenses raised in this Court. Likewise, the PTAB will not address the Section 112 defenses raised by Google here. Thus, the 112 issues will not be simplified by the PTAB. The existence of such additional defenses that can only be resolved in this Court and weighs against finding that a stay pending the PTAB's proceedings will result in any great

---

[5] This Court has already denied Google's motion to dismiss under Section 101. *See* Dkt. No. 51.

simplification of the issues. *See*, *e.g.*, *Saint Lawrence Comm's LLC v. ZTE Corp.*, No. 2:15-cv-349, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017).

Finally, Google's IPR petitions cite only three third-party prior art references – Dockser, Tong and McMillan. *See* Dkt. No. 92, Exs. 2, 4 and 6.  In contrast, Google's invalidity contentions in this litigation cite a further 27 prior art references. *See* Ex. B at pp. 5-7.  The PTAB will not address any of these additional references or the myriad obviousness combinations Google has asserted in this case.  Notably, Google has not agreed that should any asserted claim survive IPR, it will not be challenged under 35 U.S.C. §§ 102, 103 and 112.  Thus, very little, if any, simplification to the issues to be tried in this case will be provided by waiting years for the very limited in scope PTAB proceedings. *See*, *e.g.*, *Saint Lawrence*, 2017 WL 3396399, at *2 (IPR involving two references not likely to simplify case where defendant relied in litigation upon more than 30 references).  Accordingly, Google's simplification argument should be rejected.

        3.        <u>Stage of the Proceedings</u>

Google argues that this case is in its "nascent phase." Mot. at 6.  Singular disagrees.  The case has been pending for almost a year, *i.e.* since the original Complaint was filed on December 20, 2019. *See* Dkt. No. 1.  Progress on the case was hindered by Google's filing of two motions to dismiss, which were denied on June 25, 2020. Dkt. No. 51.  Thereafter, Google finally filed an Answer on July 9, 2020 (Dkt. No. 53) and an Amended Answer on July 23, 2020. Dkt. No. 57.

The parties have negotiated, and the Court has entered, a Scheduling Order, an Order for ESI and a Protective Order. *See* Dkt. Nos. 59, 68, 78.  The parties have prepared and exchanged infringement contentions and invalidity and non-infringement contentions.  The parties are scheduled to exchange a list of claim terms to be construed and proposed constructions on

December 4, 2020.  The parties are proceeding with discovery.  Requests for production of documents and interrogatories have been served and responded to.  In fact, Google states that it already "has produced its core technical documentation." Mot. at 6.

Singular has served notices of deposition for numerous Google employees to whom Dr. Bates disclosed his invention and were involved with the development thereafter of the accused products (Messrs. Dean and Jouppi).  Google has issued twenty discovery subpoenas to numerous third parties, including BAE Systems, Carnegie Mellon, DARPA, MIT, Office of Naval Research, NVIDIA, Blueshift, Xilinx, USC and others, many of which have responded.  Thus, contrary to Google's argument, the case is not in its "nascent" stage.  Much work has been done and much effort has been expended by the parties to date in this case.

C.      OTHER ISSUES RAISED BY GOOGLE

Google also argues that the case should be delayed so as not to inconvenience three "apex" witnesses that Singular seeks to depose. Mot. at 7-8.  According to Google, Singular must exhaust other, less intrusive means of obtaining information before deposing "apex" executives. *Id.* at 7 n. 3.  This is not an "apex" matter.  Here, two of the purported "apex" witnesses either met personally with Dr. Bates (Jeffrey Dean) or communicated directly with Dr. Bates (Norman Jouppi) when Dr. Bates disclosed his inventions to Google and participated in the design of the accused products.  Google cannot be permitted now to shuffle in some lower echelon executive(s) to speculate, with absolutely no personal knowledge, as to what was said or disclosed by or between Dr. Bates and these individuals.  Thus, Google's "apex" argument should be rejected.

Moreover, as courts have found, videotaped depositions have proved effective at trial, as they allow the fact finder to assess the credibility of the witnesses with their own eyes. *See*, *e.g.*,

8

*Battle v. Mem. Hosp. at Gulfport*, 228 F.3d 544, 554 (5th Cir. 2000) (videotaped deposition "allows jurors to gauge the witness's attitude reflected by his motions, facial expressions, demeanor and voice inflections"). Neither party has objected to taking depositions remotely by videotape. Furthermore, hearings such as on dispositive motions and claim construction are now routinely conducted by remote video communications. For example, this Court heard argument on Google's dispositive Motion to Dismiss in this case by telephone on June 10, 2020. *See* Dkt. No. 46. Likewise, the claim construction hearing is currently scheduled to take place by remote video link. Dkt. No. 60.

## IV. CONCLUSION

For the reasons set forth above, Google's motion to stay should be denied.

Dated: November 30, 2020

Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian M. Seeve (BBO #685537)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

### CERTIFICATE OF SERVICE

I certify that on November 30, 2020, I served this document on Defendant by causing a copy to be sent via electronic mail to its counsel of record via the Court's ECF system.

*/s/ Paul J. Hayes*