# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

**GOOGLE LLC'S REPLY IN SUPPORT OF MOTION TO STAY
PENDING *INTER PARTES* REVIEW**

The parties agree on one fundamental point: it is within the Court's discretion to stay this case to preserve its and the parties' resources. The question currently before the Court is whether to impose a short interim stay now, pending the PTAB's institution decision on Google's IPRs, or to allow the case to continue moving forward through the claim construction process. While stays are relatively common post-institution, once the asserted patents are at risk, Google filed its motion now because of the substantial efficiency gains a stay at this early stage of litigation could provide. Specifically, granting Google's motion would briefly defer claim construction and on balance, that makes practical sense in this particular context.

Rather than engaging with these issues, Singular exaggerates the length and impact of the proposed stay while misrepresenting its near-certain benefits. Ultimately, Singular contends that Google's motion is about "hijacking the Court's calendar." The opposite is true. Google's motion is aimed at respecting the Court's resources, in addition to the parties' resources. There is little to be gained by pushing ahead with claim construction at this point, when those efforts may prove to be unnecessary if the IPRs are instituted. The same is true of dozens of depositions that might be avoided. And the parties won't have to wait long to find out: the PTAB's institution decision is now less than six months away. Such a short delay will not unduly prejudice Singular, which has sought only damages in this case.

For these reasons, the proposed stay offers significant potential to preserve court and party resources while introducing minimal delay. Google respectfully requests that the Court grant its motion for an interim stay of the proceedings—either in whole or in part—pending institution decisions on Google's IPRs.

## I. THE RELEVANT FACTORS COUNSEL IN FAVOR OF A STAY

In reviewing motions to stay pending *inter partes* review: "(1) the stage of the litigation, including whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 356 (D. Mass. 2015). Nothing in Plaintiff's Opposition changes the fact that each of these factors weigh in favor of a stay here.

### A. The stage of proceedings counsels in favor of a stay.

Singular disagrees with Google's contention that this case is early in its life, and therefore a stay is appropriate. But the evidence Singular relies on belies its position. In fact, with the exception of the parties' initial productions and their infringement and invalidity contentions, every item that Singular cites as indicative that "[m]uch work has been done" is actually a precursor to much more substantial efforts that have yet to be undertaken.

For instance, Singular points to upcoming claim construction deadlines and deposition notices the parties have served as evidence of progress. Opp. at 7-8. But neither upcoming deadlines nor the parties' issuance of deposition notices establishes that this case is far along. More to the point, neither party has taken a single deposition in this case.[1] It makes little sense to start them now, when the pending IPR petitions will either narrow the topics on which individuals may

---

[1] Notably, Singular served various deposition notices on Google on July 10, 2020, but was unwilling to proceed with any of those depositions until after document production. They cannot use those stale notices to bootstrap an argument that this case is at an advanced stage of litigation. Similarly, Singular served its Rule 30(b)(6) Deposition Notice on October 2, 2020. One week later, Google objected to, among other things, the notice's overbreadth (it contains 102 topics) in a letter. It subsequently followed up with formal objections on October 31, 2020. As part of these objections, Google asked Singular to revise and reserve its notice or meet and confer. Nearly 8 weeks have passed since Google's letter. Singular has never responded.

be deposed or could obviate the need for depositions entirely.

This is precisely the point of this factor of the Court's analysis and it is why "[t]he earlier the stage of proceedings, the greater the reason to grant a stay." *SurfCast Inc. v. Microsoft Corp.*, No. 2:12-cv-333-JDL, 2014 WL 6388489, at *2 (D. Maine Nov. 14, 2014). Staying the case now—prior to claim construction, prior to any depositions, and prior to the bulk of the parties' discovery obligations—"maximize[s] the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Neste Oil Oyj v. Dynamic Fuels, LLC,* No. 12-662-GMS, 2013 WL 424754, at *5 (D. Del. Jan 31, 2013) (quoting *SenoRx, Inc. v. Hologic, Inc.,* No. 12-173-LPS-CJB, 2013 WL 144255, at *5 (D. Del. June 11, 2013)).

Singular failed to engage with the cases Google cited on this score. Nor did it offer any explanation of why upcoming deadlines and noticed-but-not-taken depositions justify their opposition to a stay. Despite what Singular says, another court in this district has described a case in a very similar procedural posture as in its "very early stages." *See KAZ USA, Inc. v. E. Mishan & Sons, Inc.*, No. 13-40037-TSH, 2014 WL 3501366, at *4 (D. Mass. July 9, 2014) (describing as in its "very early stages" a case in which "[l]ittle discovery has taken place and the parties have yet to exchange their claim constructions"). There, the court concluded that the stage of the proceedings "weigh[ed] heavily in favor of granting a stay." The same is true here.

**B.  A stay would simplify the issues in this case.**

As Google made clear in its initial brief, its IPR petitions will simplify the issues in this case, regardless of their outcome. Mtn. at 8-9. If Google's petitions are instituted, a PTAB proceeding will begin whereby some or all of the asserted claims might be invalidated. If all the asserted claims survive *inter partes* review, the case could still be simplified because Google would be bound by the estoppel provisions for *inter partes* review and thus could not raise before

this court any arguments that they raised or reasonably could have raised during the IPR trial. *See Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.*, No. 3:15-cv-30005-MGM, 2016 WL 1735330, at *3 (D. Mass. Apr. 28, 2016) (citing *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014)). Singular ignores this fact and instead suggests that Google's IPR petitions will result in *no* simplification of the case because Google has asserted here that the patents-in-suit are invalid under theories it did not or could not raise before the PTAB (i.e., 35 U.S.C. §§ 101, 102, and 112). Opp. at 6. The only way around this, Singular argues, is for Google to waive any and all challenges to validity that are not addressed by the PTAB. This argument misses the point on multiple scores.

First, Singular seems to overlook the fact that Google's IPRs could moot any issues not before the PTAB by invalidating Singular's patents based on obviousness. That is, the fact that Google has asserted other invalidity defenses here does not mean that the ones before the PTAB will not dispose of the case and the need to litigate in the district court altogether. Regardless of what other defenses Google has asserted here in district court, the relevant question at this juncture is a different one: what purpose is there for the Court (and possibly a jury) to deal with these other defenses if parallel proceedings at the PTAB will render all that work moot? Singular offers no answer.

Second, Singular appears to confuse *simplification* with *elimination*. This factor of the Court's stay analysis relates to the former not the latter. *ACQIS,* 109 F. Supp. 3d at 356. So, while it's true that the PTAB may not resolve every defense that Google asserts in this case, it will *certainly* resolve Google's contentions that the asserted patents are invalid as obvious over particular prior art, as argued in its IPR petitions, which attack all of the patents-in-suit. That is exactly the sort of simplification that counsels in favor of a stay. *See SCVNGR, Inc. v. eCharge*

4

*Licensing, LLC*, No. 13-12418-DJC, 2014 WL 4804738, at *10 (D. Mass. Sept. 25, 2014) ("A stay no doubt simplifies the issues where all of the patents-in-suit are subject to IPR.") (citing *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012)).

### C. A stay would not prejudice Singular.

The final relevant factor—whether the stay would unduly prejudice the nonmoving party—is the one to which Singular dedicated the most space in its Opposition. Singular marches out a parade of horribles that will necessarily follow from the proposed stay, which Singular bizarrely claims will create a "near five-year delay," stretching to February 2024.[2] These concerns are exaggerated, rely on misrepresentation of the PTAB's procedures, and are utterly disproportionate to what Google has actually requested here: an interim stay pending the PTAB's institution decision.[3]

As an initial matter, Singular argues that the PTAB will take 18 months, not 12, to issue a final written decision after institution. Opp. at 1-2. This assertion is baseless. While 35 U.S.C. § 316(a)(11) allows the PTAB to extend its 12-month decision deadline by 6 months "for good cause shown," it almost never utilizes this provision in practice. In fact, a study by Law360 found that the PTAB "has a near-perfect track record of issuing a final written decision within 12 months" of

---

[2] Even if February 2024 were a reasonable estimation of the resolution of the IPR proceedings here—and it is not—it is not clear how Singular concludes such timing would amount to a five-year delay from December 2020 in a case filed in December 2019.

[3] Notably, Singular fails to acknowledge, much less address, Google's alternative proposal to allow written discovery to continue apace while depositions and claim construction are paused pending the PTAB's institution decisions. As such, there is nothing in the record as to why this alternative doesn't adequately address Singular's concerns about the case's timeline while avoiding the large and potentially unnecessary expense of claim construction proceedings and deposition discovery.

5

institution. Daniel Parrish, Law360, "PTAB Adjusts Deadline for Final Decisions in Rare Cases" (June 28, 2017).[4] The *only* exceptions to that rule "involved joinder of third parties to the original petition." *Id.* Those instances have no bearing on this case. Perhaps that is why Singular provides no support for its bare assertion that "the PTAB will likely choose to utilize the extra six-month provision" here.[5] Opp. at 2.

But the doomsday scenario Singular conjures up in its Opposition is unreasonable in other regards as well. For instance, it focuses almost exclusively on *post*-institution delay, which is irrelevant to the issue presently before the Court, *i.e.*, whether it should impose an interim stay pending the PTAB's institution decision. Singular ignores the matter at hand, because it is clear that Google's requested stay will not create any undue prejudice to Singular. The PTAB must issue its institution decisions by May 2021. If, at that point, the PTAB refuses to institute review of Google's IPRs, then there will have been little impact on the case schedule except to push claim construction a few months down the road. Such a brief delay may even have the positive side effect of allowing that hearing to proceed in person, without threatening any fixed trial date.

If, on the other hand, the PTAB institutes review of Google's IPRs, any additional delay to this case will not "delay justice" as Singular contends. Instead, it will allow the Court to manage its calendar as to this particular case in the most practical, efficient way possible. The alternative—

---

[4] *Available at* https://www.law360.com/articles/939491/ptab-adjusts-deadline-for-final-decisions-in-rare-cases.

[5] Singular's theoretical justification for why the PTAB may invoke the six-month extension is worth noting. It implausibly raises the specter of this extension because Google has "challenge[d] around eighty claims of the asserted patents" rather than the four Singular identified in its infringement contentions (down from 17 in the Complaint). Opp. at 1. But the scope of the IPR petitions is squarely on Singular. Roughly a month before Google filed its IPR petitions, Singular purported to reserve the right to assert additional claims not included in its infringement contentions. Mtn. at 10. As a result, Google had little choice but to challenge in its petitions dozens more claims, particularly given the one-year deadline for filing IPR petitions.

pushing this case ahead to trial in the district court while the IPR proceeds separately—provides no benefit to justice, much less the Court, the parties, or a jury.

Notably, Singular's Opposition simply ignores or even contradicts the well-established factors that are actually relevant to the Court's analysis of whether a stay would create undue prejudice here. As Google made clear in its opening brief, "staying any case pending an IPR risks delaying the final resolution of the dispute"; therefore the "potential for delay does not, by itself, establish *undue* prejudice." *SCVNGR*, 2014 WL 4804738, at *9 (quoting *Neste Oil Oyj,* 2013 WL 424754, at *2) (emphasis in original). To avoid a stay, the nonmoving party must point to some other form of undue prejudice *separate from* delay, such as dilatory motive on the part of the party seeking a stay, unavailability of legal remedies once the stay is lifted, or the parties' relationship as direct competitors in the marketplace. Mtn. at 9-10 (citing cases).

Despite Google's explicit invocation of this caselaw, Singular did not identify any such factor in its Opposition because no such factor exists. Singular does not suggest that Google has been dilatory. Nor has it. Mtn. at 10-11. Singular does not contend that it competes with Google. Nor could it. *Id.* at 11. The closest Singular comes to addressing one of the relevant factors is its bare suggestion—unsupported by a declaration or other citation—that pausing this litigation pending the PTAB's institution decision would somehow inhibit its "ability to bring to market [its founder's] signatory contribution to science." Opp. at 5. But this assertion is puzzling. Nothing about this case prevents Singular from competing or bringing its product to market. By not seeking an injunction, Singular undermined any claim that a stay would unduly prejudice it here. Any claim of prejudice is further undercut by Singular's own delay in filing this suit and litigating it over the last year. *See* Mtn. at 11-12; *supra* n.1. Singular's Opposition did nothing to resuscitate such a claim.

7

Finally, Singular's Opposition failed to address the alternative proposal Google identified in its opening brief. Namely, Google proposed a partial stay effective immediately, which would allow written discovery and document production to continue apace, while all depositions and claim construction deadlines would be held in abeyance until the PTAB issues its institution decisions on Google's petitions. Mtn. at 12-13. Although a stay of *all* deadlines pending the PTAB's institution decisions is appropriate under the circumstance, Singular's silence as to Google's alternative proposal speaks volumes. Because Singular failed to identify any possible prejudice that might result from this alternative, the Court can safely assume that there would be none. Should the Court conclude, for some reason, that a blanket stay is inappropriate here, Google asks that the Court adopt this alternative.

## II.     CONCLUSION

This matter is ripe for decision: Google's motion to stay these proceedings is now fully briefed and, given the Court's discretion on such matters, the issue can be decided on the papers (although Google would be happy to address the issue at a hearing if that is the Court's preference). For the foregoing reasons, and for those stated in Google's opening Memorandum of Law, Google requests that the Court grant an interim stay of the case, or at least an interim stay of claim construction proceedings and deposition discovery, pending the PTAB's decisions to institute IPRs on the asserted patents.

Respectfully submitted,

Dated:  December 2, 2020

By:  *Nathan R. Speed*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)

nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                  */s/ Nathan R. Speed*
                                                  Nathan R. Speed