UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>                      Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

**DECLARATION OF MATTHIAS KAMBER IN SUPPORT OF
GOOGLE'S OPPOSITION TO SINGULAR'S MOTION TO COMPEL
PRODUCTION OF SAMPLES OF THE ACCUSED PRODUCTS**

I, Matthias Kamber, declare as follows:

1. I am a partner at the law firm Keker, Van Nest & Peters LLP, counsel of record for Defendant Google LLC ("Google") in this matter. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to those facts.

2. In accordance with the Court's Scheduling Order in this matter, Plaintiff Singular LLC ("Singular") served infringement contentions on Google on September 4, 2020. Next, on October 2, the parties held a telephonic conference to discuss Singular's disclosures and Google's anticipated disclosures. Although the parties discussed the substance of Google's anticipated disclosures, Singular did not request the production of samples of the accused Google Tensor Processing Units ("TPUs") or samples of the "boards" that contain TPUs.

3. On October 22, 2020, I emailed Singular's counsel to seek clarification on issues related to mathematical simulation code that Singular produced in connection with its

infringement contentions. Attached as **Exhibit 1** is a true and correct copy of an email I sent to Singular's counsel on October 22, 2020.

  4.  In response, on October 28, Singular raised for the first time the issue of product samples. Attached as **Exhibit 2** is a true and correct copy of a letter I received from Singular's counsel, Brian Seeve, on October 28, 2020.

  5.  I met and conferred by telephone with Singular's counsel on November 2 and November 3. During these calls, Singular's counsel gave two concrete reasons why Singular wanted samples of TPU boards: (1) to have a demonstrative exhibit for the jury and (2) to supplement the simulations from its own code to determine whether TPUs' mathematical operations yielded the error rates claimed by the patents-in suit.

  6.  I did not agree that Google would produce such samples, but told Singular's counsel that I would confer with my client on the issue. Because those consultations were ongoing as of the November 9, 2020 status conference, I saw no need to clarify the statement of Singular's counsel at the conference that "they are going to provide us with a couple of samples."

  7.  Following consultation with Google, I offered to make TPU boards available in a manner that met Singular's stated needs: providing a sample board without TPU chips in the processor board, which could be used as a trial demonstrative, and access to a Cloud TPU account with which Singular would be able to simulate mathematical operations. Attached as **Exhibit 3** is a true and correct copy of an email I sent to Mr. Seeve on November 11, 2020.

  8.  Singular has never responded to Google's proposal, despite multiple invitations to do so. Attached as **Exhibit 4** is a true and correct copy of a letter I received from Mr. Seeve on

November 12, 2020. Attached as **Exhibit 5** is a true and correct copy of an email I sent to Mr. Seeve on November 13, 2020.

9. Google has already made available to Singular, on the date Google's patent-related disclosures were due, the Verilog code that details how the accused functionality is implemented on the accused TPU chips.

10. Attached as **Exhibit 6** is a true and correct copy of U.S. Patent No. 9,218,156.

11. Attached as **Exhibit 7** is a true and correct copy of Singular's infringement contentions chart for U.S. Patent No. 9,218,156.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 3, 2020 at San Francisco, California.

/s/ Matthias Kamber
MATTHIAS KAMBER

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                */s/ Nathan R. Speed*
                                                Nathan R. Speed