# Exhibit 2

**PRINCE LOBEL**

Page 1

Brian M. Seeve
Direct Dial: 617-456-8049
bseeve@princelobel.com

October 28, 2020

**BY EMAIL**

Matthias Kamber
Keker, Van Nest, & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

RE:   *Singular Computing LLC v. Google LLC*, 1:19-cv-12551-FDS (D. Mass.)

Dear Matthias:

 I write in response to your email of October 22, in which Google requests information about the compiler, hardware, and command-line arguments used in conjunction with the testing code that Singular produced earlier this month so that it can "replicate the test data."

 As an initial matter, the code provided by Singular already includes all of the information needed to compile and run our test programs (including all of the information that you identified in your email). However, to the extent reasonable, Singular is willing to provide additional information about its testing environment that would help Google "replicate" the tests to its satisfaction. In order to help us identify which aspects of the testing environment might be relevant, can you please explain what level of "replication" Google is hoping to achieve and why?

 While we will do our best to cooperate with Google in its attempts to replicate Singular's test results, we also ask that Google not allow side projects like this to interfere with its discovery obligations. For example, as explained below, Google has already missed the deadline for providing samples of the Accused TPU products, and Google is required to provide noninfringement and invalidity charts (among other disclosures) by Friday of next week. Activities that are not relevant to the questions of infringement and validity—like replicating Singular's test results—cannot take precedence over Google's mandatory discovery obligations.

 More specifically, regarding samples of the accused products, the Massachusetts Local Rules require that Google produce "samples of the accused products (or products that perform or were produced by the accused methods)." L. R. 16.6(d)(4)(B). The rules further require that these samples be produced "not later than 21 days" after the Conference Concerning Preliminary Patent Disclosures" on October 2, which means they were due **on or before Friday, October 23.** *Id.* This deadline has passed, and Singular has yet to receive samples of the accused products.

 Google's failure to provide samples of the accused TPU devices is a significant impediment to the discovery process. Thus far, Singular has been unable to test or examine the accused products directly, because Google does not allow the public direct access to the accused TPU v2 and TPU v3 products. Instead, the tests performed by Singular have been designed to *simulate* the operation of the accused products, based on information in public documents about how the accused TPU devices perform computations. Singular intends to supplement the

simulation results cited in its infringement contentions with the results of *direct* tests of the accused TPU boards as soon as possible. However, Singular is unable to begin this process until Google provides samples of the accused TPU products as the Local Rules require.

      Please confirm that Google intends to produce samples of the accused TPU devices as required by the Local Rules, and let us know as soon as possible when Google intends to make such production.

      Further, as mentioned above, the Local Rules also require that Google provide "noninfringement charts identifying specifically which elements of the asserted claims each accused product or method fails to practice." L. R. 16.6(d)(4)(D). Under the Court's scheduling order, these charts must be produced **on or before Friday, November 6**. *See* Corrected Scheduling Order, Dkt. 70 at 2. With its noninfringement charts, Singular expects Google to provide the results of any tests performed by Google to support its noninfringement positions, as well as any code and hardware necessary for Singular to independently replicate these results.

      Please confirm that Google intends to provide this information to Singular by the November 6 deadline.

Sincerely,

Brian M. Seeve