# Exhibit 3

| | |
|---|---|
| **From:** | Matthias Kamber |
| **Sent:** | Wednesday, November 11, 2020 4:55 PM |
| **To:** | Seeve, Brian |
| **Cc:** | kgayleluz@princelobel.com; abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; singular@princelobel.com; kvp-singular |
| **Subject:** | RE: Singular Computing LLC  v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003 |

Brian,

With respect to the code files, per Friday's production letter, those were made available as of November 6th, subject to the source code provisions of the Protective Order.

With respect to the samples, we have been consulting with Google about Singular's request.  That has flagged a few issues worth raising.

To begin, when we met and conferred, Singular identified two reasons why it wanted access to the sample boards: (1) to use them as trial exhibits; (2) to conduct some unspecified testing.

With respect to the first purpose, we are evaluating the possibility of providing sample boards that would have a "dummy" package.  In other words, it would be a board without working chips that looks like any other board.  This would serve the same evidentiary value as a board with an actual integrated circuit in the package (which cannot be seen by a jury in any event).   Per Paul's offer to pay for the samples, our understanding is that the boards themselves are still relatively expensive, even without the integrated circuits, but we will try to get a better sense of the price.  Or we can simply provide a dummy package for the chips, which you acknowledged during our call is the focus of the infringement contentions.

With respect to the second purpose, testing, having a board instead of a chip us not likely to be of practical use to you.  Having discussed the issue in more detail with Google, we understand that the boards would be difficult if not impossible to run tests on.  Among other reasons, the boards have unique power requirements, require liquid cooling, and may not be able to run on their own.  Accordingly, we propose an alternative way to allow Singular to conduct testing: access to a Cloud TPU instance for the accused chips.  To the extent there is some numerical testing you would like to run on the accused TPUs, this would allow you to do so without having to try to set up some testbed (assuming that would even be possible).

Please let us know if Singular is amenable to the above ways to address the request for TPU samples or if you would like to discuss in more detail

Matthias

---

**From:** Seeve, Brian <bseeve@princelobel.com>
**Sent:** Wednesday, November 11, 2020 5:47 AM
**To:** Matthias Kamber <MKamber@keker.com>
**Cc:** kgayleluz@princelobel.com; abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; singular@princelobel.com; kvp-singular <kvpsingular@keker.com>
**Subject:** Re: Singular Computing LLC v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003

Matthias -

As you know, last Tuesday you agreed to make available samples of the TPUv2 and TPUv3 boards after consultation with your client.

You further promised that the verilog files and other source code that define the accused products would be available for inspection no later than Monday, November 9. It is now Wednesday, November 11.

Please tell us when we can expect the above required productions of documents and samples, which are late.

- Brian

> On Nov 1, 2020, at 12:56 PM, Matthias Kamber <mkamber@keker.com> wrote:
>
> Brian,
>
> For the second time now you have refused to answer our simple questions about the test code that Singular belatedly produced, instead trying to change the subject to the unrelated issue of TPU samples.  We are willing to discuss both issues on Monday, starting with Singular providing answers to our questions, but are not available until after 3 pm ET.
>
> Matthias
>
>> On Oct 30, 2020, at 2:41 PM, Seeve, Brian <bseeve@princelobel.com> wrote:
>>
>> **[EXTERNAL]**
>>
>> Counsel,
>>
>> Attached please find a reply to Matthias's letter of October 29th.
>>
>> Best,
>>
>> Brian Seeve
>> Prince Lobel Tye LLP
>>
>>> On Oct 29, 2020, at 5:18 PM, Anna Porto <aporto@keker.com> wrote:
>>>
>>> Counsel,
>>>
>>> Please see attached correspondence from Matthias Kamber.
>>>
>>> Best,
>>> Anna
>>>
>>>> **From:** Seeve, Brian <bseeve@princelobel.com>
>>>> **Sent:** Wednesday, October 28, 2020 7:27 AM

2

**To:** Matthias Kamber <MKamber@keker.com>
**Cc:** kgayleluz@princelobel.com; abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; Andrew S. Bruns <ABruns@keker.com>; Christopher S. Sun <CSun@keker.com>; Deeva V. Shah <DShah@keker.com>; Jay Rapaport <JRapaport@keker.com>; Patty Lemos <PLemos@keker.com>; Michelle Ybarra <MYbarra@keker.com>; Robert Van Nest <RVanNest@keker.com>; Anna Porto <APorto@keker.com>; wgs-singularv.google@wolfgreenfield.com; singular@princelobel.com
**Subject:** Re: Singular Computing LLC v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003

**[EXTERNAL]**

Counsel,

Attached please find a reply to Matthias's email below.

Best,

Brian Seeve
Prince Lobel Tye LLP


> On Oct 22, 2020, at 5:52 PM, Matthias Kamber <mkamber@keker.com> wrote:
>
> Counsel,
>
> Following up on the production of the testing code last week, could you please let us know the following:
>
> - What compiler command line was used to compile the source code into the executable code used for the test(s) underlying the infringement contentions?
> - What hardware was used to run the tests, including the particular GPU?
> - What command-line arguments were used to run the executable code?
>
> Without this information we're not sure how to try to replicate the test data.
>
> Thanks,
>
> Matthias
>
> ---
>
> **From:** Gayle-Luz, Keisha <kgayleluz@princelobel.com>
> **Sent:** Friday, October 16, 2020 8:32 AM

3

**To:** abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; Andrew S. Bruns <ABruns@keker.com>; Christopher S. Sun <CSun@keker.com>; Deeva V. Shah <DShah@keker.com>; Jay Rapaport <JRapaport@keker.com>; Patty Lemos <PLemos@keker.com>; Michelle Ybarra <MYbarra@keker.com>; Matthias Kamber <MKamber@keker.com>; Robert Van Nest <RVanNest@keker.com>; Anna Porto <APorto@keker.com>; wgs-singularv.google@wolfgreenfield.com
**Cc:** phayes@princelobel.com; mvella@princelobel.com; kgannon@princelobel.com; singular@princelobel.com
**Subject:** Singular Computing LLC v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003

**[EXTERNAL]**

Dear Counsel:

Below please find a link to an SFTP site containing Singular's production volume SINGULAR_003, bearing Bates numbers SINGULAR-00006379 - SINGULAR-00006385.

| SFTP Client Address: | sftp://sftp.bdoconsulting.com     port: 8000 |
| --- | --- |
| Web URL: | https://sftp.bdoconsulting.com/thinclient |
| Username: | **Singular_Prods_User01** |
| Password: | **kW@ROmU56$7oahd** |

The password for the production zip file will follow in a separate email.

Best regards,

**Keisha Gayle-Luz**
Paralegal

Prince Lobel Tye LLP

One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8070 Direct

kgayleluz@princelobel.com

This email is intended for the confidential use of the
addressees only. Because the information is subject to the
attorney-client privilege and may be attorney work product,
you should not file copies of this email with publicly
accessible records. If you are not an addressee on this
email or an addressee's authorized agent, you have received
this email in error; please notify us immediately at
617 456 8000 and do not further review, disseminate or copy
this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or
information included in this message or any attachment is
not intended to be, and may not be, used to avoid tax
penalties or to promote, market, or recommend any
transaction, matter, entity, or investment plan discussed
herein. Prince Lobel Tye LLP does not
otherwise by this disclaimer limit you from disclosing the tax
structure of any transaction addressed herein.

&lt;2020.10.29 Kamber Letter to Seeve.pdf&gt;

&lt;10.30.2020_Letter_to_Kamber_from_Seeve.pdf&gt;