# Exhibit 5

| | |
|---|---|
| **From:** | Matthias Kamber |
| **Sent:** | Friday, November 13, 2020 11:48 AM |
| **To:** | Seeve, Brian |
| **Cc:** | kgayleluz@princelobel.com; abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; singular@princelobel.com; kvp-singular |
| **Subject:** | RE: Singular Computing LLC  v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003 |

Brian,

On the issue of samples, three points.  First, we never promised to provide them; we met and conferred regarding your request for boards and promised to take it back to Google for consideration.  Indeed, your email below acknowledges that production of sample boards hinged on consultation with our client, which consultation flagged the practical issues raised below.  Second, the Local Rules do not require Google to provide samples; rather, they acknowledge that there are cases where production is not practicable.  For the reasons explained below, and the fact that the accused TPU chips are not sold, this is one such case.  Third, we have proposed reasonable alternatives to the provision of samples—boards that can serve as demonstrative exhibits and access to a Cloud TPU account for testing—both of which your letter ignores.  Please explain why those alternatives do not suffice here.

As for the code files that define  the accused products, we don't understand the issue.  As we noted in the production letter accompanying Google's responsive contentions, the code "will be made available for review at the offices of Keker, Van Nest & Peters LLP subject to the notice provisions of the Protective Order."  Section 10 of the Protective Order provides that Google may make its source code available for inspection in electronic format at the offices of its Outside Counsel during particular hours of the day and subject to at least one business day of notice.  Put simply, our production letter said that the code is and will be made available for inspection at our offices with at least one business day of notice.   It has been since last Friday.

Beyond that, there is no information that has been "withheld" or production obligation that has not been met.  Our firm has only one office, at the location you have addressed your letters.  In addition, it's not for us to tell you dates and times when the source code will be made available—per the Court's Protective Order, it's "available between the hours of 8:00 am and 7:30 pm on business days [] provided advance notice of one (1) business day."  Finally, you point to no provision in the Protective Order or Local Rules that required us to identify the programming language(s) used in the code or the number of files/lines of code made available.  Of course, we are happy to provide that information as a courtesy—there are approximately 1000 files in SystemVerilog—but you never asked.  Thus, the accusation that we have "withheld essential details" is unfounded and not well taken.

Regards,

Matthias

---

**From:** Seeve, Brian <bseeve@princelobel.com>
**Sent:** Thursday, November 12, 2020 10:24 AM
**To:** Matthias Kamber <MKamber@keker.com>
**Cc:** kgayleluz@princelobel.com; abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; singular@princelobel.com; kvp-singular <kvpsingular@keker.com>
**Subject:** Re: Singular Computing LLC v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003

**[EXTERNAL]**

Please find our reply attached.

Best,

Brian Seeve
Prince Lobel Tye LLP

> On Nov 11, 2020, at 7:54 PM, Matthias Kamber <mkamber@keker.com> wrote:
>
> Brian,
>
> With respect to the code files, per Friday's production letter, those were made available as of November 6th, subject to the source code provisions of the Protective Order.
>
> With respect to the samples, we have been consulting with Google about Singular's request. That has flagged a few issues worth raising.
>
> To begin, when we met and conferred, Singular identified two reasons why it wanted access to the sample boards: (1) to use them as trial exhibits; (2) to conduct some unspecified testing.
>
> With respect to the first purpose, we are evaluating the possibility of providing sample boards that would have a "dummy" package. In other words, it would be a board without working chips that looks like any other board. This would serve the same evidentiary value as a board with an actual integrated circuit in the package (which cannot be seen by a jury in any event). Per Paul's offer to pay for the samples, our understanding is that the boards themselves are still relatively expensive, even without the integrated circuits, but we will try to get a better sense of the price. Or we can simply provide a dummy package for the chips, which you acknowledged during our call is the focus of the infringement contentions.
>
> With respect to the second purpose, testing, having a board instead of a chip us not likely to be of practical use to you. Having discussed the issue in more detail with Google, we understand that the boards would be difficult if not impossible to run tests on. Among other reasons, the boards have unique power requirements, require liquid cooling, and may not be able to run on their own. Accordingly, we propose an alternative way to allow Singular to conduct testing: access to a Cloud TPU instance for the accused chips. To the extent there is some numerical testing you would like to run on the accused TPUs, this would allow you to do so without having to try to set up some testbed (assuming that would even be possible).
>
> Please let us know if Singular is amenable to the above ways to address the request for TPU samples or if you would like to discuss in more detail
>
> Matthias
>
> **From:** Seeve, Brian <bseeve@princelobel.com>
> **Sent:** Wednesday, November 11, 2020 5:47 AM
> **To:** Matthias Kamber <MKamber@keker.com>
> **Cc:** kgayleluz@princelobel.com; abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; singular@princelobel.com; kvp-singular

<kvpsingular@keker.com>
**Subject:** Re: Singular Computing LLC v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003

Matthias -

As you know, last Tuesday you agreed to make available samples of the TPUv2 and TPUv3 boards after consultation with your client.

You further promised that the verilog files and other source code that define the accused products would be available for inspection no later than Monday, November 9. It is now Wednesday, November 11.

Please tell us when we can expect the above required productions of documents and samples, which are late.

- Brian


> On Nov 1, 2020, at 12:56 PM, Matthias Kamber <mkamber@keker.com> wrote:
>
> Brian,
>
> For the second time now you have refused to answer our simple questions about the test code that Singular belatedly produced, instead trying to change the subject to the unrelated issue of TPU samples.  We are willing to discuss both issues on Monday, starting with Singular providing answers to our questions, but are not available until after 3 pm ET.
>
> Matthias
>
>
>> On Oct 30, 2020, at 2:41 PM, Seeve, Brian <bseeve@princelobel.com> wrote:
>>
>> **[EXTERNAL]**
>>
>> ---
>>
>> Counsel,
>>
>> Attached please find a reply to Matthias's letter of October 29th.
>>
>> Best,
>>
>> Brian Seeve
>> Prince Lobel Tye LLP
>>
>>
>>> On Oct 29, 2020, at 5:18 PM, Anna Porto <aporto@keker.com> wrote:

3

Counsel,

Please see attached correspondence from Matthias Kamber.

Best,
Anna

---

**From:** Seeve, Brian <bseeve@princelobel.com>
**Sent:** Wednesday, October 28, 2020 7:27 AM
**To:** Matthias Kamber <MKamber@keker.com>
**Cc:** kgayleluz@princelobel.com; abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; Andrew S. Bruns <ABruns@keker.com>; Christopher S. Sun <CSun@keker.com>; Deeva V. Shah <DShah@keker.com>; Jay Rapaport <JRapaport@keker.com>; Patty Lemos <PLemos@keker.com>; Michelle Ybarra <MYbarra@keker.com>; Robert Van Nest <RVanNest@keker.com>; Anna Porto <APorto@keker.com>; wgs-singularv.google@wolfgreenfield.com; singular@princelobel.com
**Subject:** Re: Singular Computing LLC v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003

**[EXTERNAL]**

---

Counsel,

Attached please find a reply to Matthias's email below.

Best,

Brian Seeve
Prince Lobel Tye LLP


> On Oct 22, 2020, at 5:52 PM, Matthias Kamber <mkamber@keker.com> wrote:
>
> Counsel,
>
> Following up on the production of the testing code last week, could you please let us know the following:

4

- What compiler command line was used to compile the source code into the executable code used for the test(s) underlying the infringement contentions?
- What hardware was used to run the tests, including the particular GPU?
- What command-line arguments were used to run the executable code?

Without this information we're not sure how to try to replicate the test data.

Thanks,

Matthias

---

**From:** Gayle-Luz, Keisha <kgayleluz@princelobel.com>
**Sent:** Friday, October 16, 2020 8:32 AM
**To:** abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; Andrew S. Bruns <ABruns@keker.com>; Christopher S. Sun <CSun@keker.com>; Deeva V. Shah <DShah@keker.com>; Jay Rapaport <JRapaport@keker.com>; Patty Lemos <PLemos@keker.com>; Michelle Ybarra <MYbarra@keker.com>; Matthias Kamber <MKamber@keker.com>; Robert Van Nest <RVanNest@keker.com>; Anna Porto <APorto@keker.com>; wgs-singularv.google@wolfgreenfield.com
**Cc:** phayes@princelobel.com; mvella@princelobel.com; kgannon@princelobel.com; singular@princelobel.com
**Subject:** Singular Computing LLC v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003

**[EXTERNAL]**

---

Dear Counsel:

Below please find a link to an SFTP site containing Singular's production volume SINGULAR_003, bearing Bates numbers SINGULAR-00006379 - SINGULAR-00006385.

5

| SFTP Client Address: | sftp://sftp.bdoconsulting.com    port: 8000 |
|---|---|
| Web URL: | https://sftp.bdoconsulting.com/thinclient |
| Username: | **Singular_Prods_User01** |
| Password: | **kW@ROmU56$7oahd** |

The password for the production zip file will follow in a separate email.

Best regards,

**Keisha Gayle-Luz**
Paralegal

**Prince Lobel Tye LLP**

One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8070 Direct

kgayleluz@princelobel.com

This email is intended for the confidential use of the addressees only. Because the information is subject to the
attorney-client privilege and may be attorney work product,
you should not file copies of this email with publicly accessible records. If you are not an addressee on this
email or an addressee's authorized agent, you have received
this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy
this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is
not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed
herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax
structure of any transaction addressed herein.

<2020.10.29 Kamber Letter to Seeve.pdf>

<10.30.2020_Letter_to_Kamber_from_Seeve.pdf>