# Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>       Plaintiff,<br><br> v.<br><br>GOOGLE LLC,<br><br>       Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>**DEFENDANT GOOGLE LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF SINGULAR COMPUTING LLC**<br><br>Judge: Hon. F. Dennis Saylor IV<br><br>Date Filed: December 19, 2020 |

1386982.v1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Google LLC requests that plaintiff Singular Computing LLC ("Singular") respond to the following First Set of Requests for Production of Documents and Things in writing within thirty (30) days from the date of service hereof and produce for inspection and copying the documents and other tangible things described below. The documents and things requested herein shall be produced for inspection and copying at the offices of Google's counsel, Keker, Van Nest & Peters LLP, at 633 Battery Street, San Francisco, California 94111.

## I.    DEFINITIONS

1.    The terms "Singular," "Singular Computing," "you," "your," and "Plaintiff" refer to plaintiff Singular Computing LLC, and each of its past and present officers, directors, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and Singular's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors, and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Singular, and all predecessors and successors in interest to such entities.

2.    The terms "Google" and "Defendant" refer to defendant Google LLC (formerly Google Inc.).

3.    The term "this action" refers to the above-captioned litigation initiated by Singular against Google on December 20, 2019.

4.    The term "Patents-in-Suit" refers to U.S. Patent Nos. 8,407,273, 9,218,156, and 10,416,961.

5.    The term "communication" means every manner or method of the disclosure, transfer, or exchange of information, whether orally, electronically, or by document, and whether face to face or by telephone, mail, facsimile, email, or otherwise.

6.    The term "documents" includes all documents as broadly defined in Rule 34 of the Federal Rules of Civil Procedure, whether printed, recorded, microfilmed, stored

electronically or optically, reproduced by any process, written or produced by hand, or recorded in any other way, and whether or not claimed to be privileged or confidential by any person. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document." Any non-identical copy of any document also is to be considered a separate "document." The term "documents" also includes technical documents, including user manuals and guides, installation manuals and guides, reference manuals and guides, data sheets, technical documentation, technical presentations, schematics, specifications, architecture descriptions, release notes, readme files, source code, executable code, engineering notebooks, workbooks, diagrams, blueprints, sketches, flow charts, design requirements, design reviews, bug reports, project plans and papers, test reports, throughput analysis, troubleshooting guides, and bills of materials.

  7. The terms "include" and "including" mean including without limitation and not limited to.

  8. The terms "infringe" and "infringement" mean direct infringement, contributory infringement, infringement by inducement, literal infringement, and infringement by the doctrine of equivalents.

  9. The terms "person" and "persons" include both natural persons and entities (including corporations, proprietorships, partnerships, associations, joint ventures, governmental agencies, and other entities, and any combination thereof, and all predecessors in interest, successors, affiliates, subsidiaries, and related entities).

  10. The term "prior art" means the subject matter described in 35 U.S.C. §§ 102 and 103, including publications, patents, physical devices, prototypes, uses, sales, and offers for sale, and any documents or other items evidencing any of the foregoing.

  11. The terms "reflect," "reflecting," "relate to," "refer to," and "relating to" mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

12. The term "related application" means any and all applications related to the Patent-in-Suit, including all provisional or non-provisional applications, continuations, continuations-in-part, divisions, interferences, reexaminations, reissues, parents, foreign counterpart applications, or any other applications disclosing, describing or claiming any invention claimed in the Patent-in-Suit, or claiming the benefit of the filing date of any application whose benefit is claimed in the Patent-in-Suit, wither pending, issued, or abandoned.

13. The term "related patent" means any and all patents based upon or issuing from any related application, including any patents that may have been opposed, reexamined, reissued or subject to any validity or nullity proceeding.

14. The term "source code" means computer code instructions, data structures, and data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module, and associated comments and revision histories.

15. The terms "third party" and "third parties" mean any person that is not Singular or Google.

16. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

17. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

18. The use of the singular form of any word includes the plural and vice versa.

19. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

**II.     INSTRUCTIONS**

1. Your responses to these requests shall be in accordance with Federal Rule of Civil Procedure 34, the Local Rules of the United States District Court for Massachusetts, and the Court's orders in this action.

2. Your responses to these requests shall include all documents and other tangible things as are within your possession, custody, or control. You are to produce the original and each non-identical copy of each document or other tangible thing requested herein that is in your possession, custody, or control. If any of the requested documents cannot be produced in full, you must produce them to the fullest extent possible, specifying clearly the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the portion not produced.

3. All documents shall be produced in the order that they were kept in the usual course of business, or alternatively, all documents shall be produced, organized, and labeled to correspond to the categories in these requests.

4. If any information requested is claimed to be privileged or otherwise immune from discovery, state the grounds for any objection with specificity in accordance with the requirements of Rule 33(b)(4) of the Federal Rules of Civil Procedure.

5. If you find the meaning of any term in these document requests to be unclear, you should assume a reasonable meaning, state what that assumed meaning is, and respond to the request on the basis of that assumed meaning, subject to Google's right to clarify the meaning in the same or a different manner.

6. The responsive timeframe for these requests is 2006 to the present, unless otherwise specified in the request.

7. Your obligation to respond to these requests is continuing and your responses are to be supplemented to include later acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

### III. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 2:**

All documents constituting or relating to any related patents or related applications.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to the preparation, prosecution, examination, and/or maintenance of the Patents-in-Suit and any related patents or related applications, including: (a) file histories; (b) correspondence; (c) any invention disclosures, (d) prior art; (e) documents evidencing any decision as to what information to disclose or not disclose to the PTO or any foreign patent office; (f) files of any attorney or patent agent involved in the prosecution of the Patents-in-Suit or any related patents or related applications; and (g) documents reflecting any communication, meeting, or contact with the PTO or any foreign patent office concerning the Patents-in-Suit or any related patents or applications, including all office actions and responses thereto.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to the conception, reduction to practice, research, design, development, or testing of the inventions or subject matter claimed in the Patents-in-Suit or any related patents or related applications, including the first written description or disclosure (including drawings or mathematical calculations or code) and the prototypes of such subject matter.

**REQUEST FOR PRODUCTION NO. 5:**

All documents constituting or relating to any agreement between Singular and any of the inventors of the Patents-in-Suit or any related patents or related applications, including any employment agreement, consulting agreement, confidentiality agreement, assignment, license, or any agreement entered into in connection with this action or any other actual or potential legal action.

**REQUEST FOR PRODUCTION NO. 6:**

All patents or publications reviewed or received by any person involved with the prosecution of the Patents-in-Suit or any related patents or applications and which were

1386982.v1

considered in relation to the applications resulting in the Patents-in-Suit or any related patents or applications.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to any disclosure to any person of any of the alleged inventions of the Patents-in-Suit prior to the filing date of each patent, including any disclosure covered by a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to any formal, informal, written, or oral studies, analyses, opinions, investigations or reports directed to the scope of patentability, validity, enforceability, or infringement concerning the subject matters claimed in the Patents-in-Suit or any related patents or related applications, including evaluations, searches, or search results of domestic or foreign patents, literature, or other published materials relating in any manner to the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to the manners or techniques by which any alleged inventions claimed in the Patents-in-Suit allegedly improved upon or otherwise differed from the prior art.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to any alleged evidence of secondary considerations of non-obviousness of any of the alleged inventions claimed in the Patents-in-Suit, including commercial success, long-felt need, attempts by others, failure of others, commercial acquiescence, licensing, professional approval, copying, or laudatory statements by others regarding the inventions claimed in the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to the level of knowledge, schooling, experience, expertise, or relevant technical information of a person have ordinary skill in the art (as this phrase is used in 35 U.S.C. § 103) to which any inventions claimed in the Patents-in-Suit pertain.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to the date on which any invention implementing processors designed to incorporate, embody, or practice any claims of the Patents-in-Suit was first on sale in the United States, offered for sale in the United States, or used publicly in the United States.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to any legal proceeding concerning the Patents-in-Suit or any related patents or related applications.

**REQUEST FOR PRODUCTION NO. 14:**

All documents constituting or relating to any communication regarding the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 15:**

All documents reflecting or relating to Singular's first knowledge or awareness that Google was researching or developing processors that Singular contends incorporate, embody, or practice any claims of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to the conception, design, development, or testing of each feature or component of any processor that incorporates, embodies, or practices any claims of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show the revenues, expenses, or profits of Singular, Inc. from the sale, lease, or licensing of any products or services that are based upon, include, or utilize processors designed to incorporate, embody, or practice any claims of the Patents-in-Suit, including documents presented to management, directors, and actual or potential investors.

**REQUEST FOR PRODUCTION NO. 18:**

All documents relating to Singular's plans for any processors designed to incorporate, embody, or practice any claims of the Patents-in-Suit, including business plans, marketing plans, strategic plans, and product roadmaps.

**REQUEST FOR PRODUCTION NO. 19:**

All documents constituting or reflecting communications with any person, including any actual or potential customers of Singular, any governmental agency, any former agent or employee of Singular, any reporter or other representative of the news media, any actual or potential investor in Singular, or any actual or potential funder of this action, referencing or relating to this action or Google.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to any actual or potential competition between Singular and Google or between any Singular product or service and any Google product or service.

**REQUEST FOR PRODUCTION NO. 21:**

All documents constituting or relating to any licenses to any rights under the Patents-in-Suit or any related patent or related application.

**REQUEST FOR PRODUCTION NO. 22:**

All documents relating to any efforts, whether or not successful, to license any rights under the Patents-in-Suit or any related patent or related application, the subject matter claimed in the Patents-in-Suit or any related patent or application, or any intellectual property portfolio including the Patents-in-Suit or any related patent or related application, including all documents related to any licensing proposals, offers, negotiations, notice letters, claim charts, claim construction, infringement, draft and final license agreements, exhibits, demand letters, and cease and desist letters.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to any valuation of the Patents-in-Suit or any related patent or related application.

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to any valuation of any invention claimed by the Patents-in-Suit or any related patents or related applications.

8

1386982.v1

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to any valuation of any technology covered by the Patents-in-Suit or any related patent or related application.

**REQUEST FOR PRODUCTION NO. 26:**

All patent, technology, or intellectual property license agreements that you contend are reasonably comparable (in technological subject matter, license terms, or otherwise) to a license that would have resulted from a hypothetical negotiation between Singular and Google related to the Patents-in-Suit and all documents relating to such agreements.

**REQUEST FOR PRODUCTION NO. 27:**

All documents constituting or relating to any revenue-generating contracts entered into between Singular and any customer of Singular concerning, including, or utilizing processors that Singular contends incorporate, embody, or practice any claims of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relating to the market for processors that Singular contends incorporate, embody, or practice any claims of the Patents-in-Suit, including all documents concerning the advantages of such processors or related products or services over other products, potential productions, or alternative processors developed or potentially in development by Google or any other person, including comparisons of cost, coverage, quality, acceptability, technical feasibility, or regulatory requirements.

**REQUEST FOR PRODUCTION NO. 29:**

All documents relating to Singular's sales or revenue forecasts or projections for the years 2020 through 2030 for any products or services based on, including, or utilizing processors that Singular contends incorporate, embody, or practice any claims of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 30:**

All documents constituting or relating to any Singular press releases relating in any way to its development of processors with at least one low precision, high dynamic range (LPHDR) execution unit.

9

1386982.v1

**REQUEST FOR PRODUCTION NO. 31:**

All documents constituting or relating to any print, broadcast, or internet news reports, articles or segments relating to Singular.

**REQUEST FOR PRODUCTION NO. 32:**

All documents or other evidence referenced in Singular's First Amended Complaint in support of Singular's claims against Google for patent infringement or on which you relied in preparing those claims.

**REQUEST FOR PRODUCTION NO. 33:**

All documents or other evidence referenced in your Federal Rule of Civil Procedure 26(e) initial disclosures in this action relating to Singular's claims against Google for patent infringement.

**REQUEST FOR PRODUCTION NO. 34:**

All documents or other evidence to which you refer in your responses to Google's interrogatories in this action, or on which you relied in preparing those responses.

**REQUEST FOR PRODUCTION NO. 35:**

All documents supporting, refuting, or otherwise relating to Singular's assertion that Google infringes any of the claims of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 36:**

All documents supporting, refuting or otherwise relating to Singular's contentions regarding whether injunctive relief is appropriate in this action as a remedy for Google's alleged infringement of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 37:**

All documents supporting, refuting, or otherwise relating to Singular's claim that any infringement of the Patents-in-Suit by Google was willful.

**REQUEST FOR PRODUCTION NO. 38:**

All documents received by you from any third party that were requested as part of this action, that relate to this action, and/or that are responsive to any outstanding request for

production served on you as part of this action, including any documents received pursuant to a subpoena or freedom of information act request.

**REQUEST FOR PRODUCTION NO. 39:**

All documents furnished or shown to any third party fact witness contacted, interviewed, or consulted by you or your agents or attorneys in connections the Patents-in-Suit or this action.

**REQUEST FOR PRODUCTION NO. 40:**

All documents constituting or reflecting communications with Dan Hammerstrom regarding processors with at least one LPHDR execution unit, the Patents-in-Suit, Google, or this action.

**REQUEST FOR PRODUCTION NO. 41:**

All documents constituting or reflecting any prior art relevant to the Patents-in-Suit or documents related to Singular's knowledge of prior art or potential prior art relating to the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating to the reasons for any sale of, or failure to consummate any sale of, any processors designed to incorporate, embody, or practice any claims of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 43:**

All documents constituting or relating to Singular's or Bates' communications with any employee, agent, or other representative of Google.

**REQUEST FOR PRODUCTION NO. 44:**

All documents relating to Project Brain.

**REQUEST FOR PRODUCTION NO. 45:**

All documents relating to Google's potential or actual use of processors with at least one LPHDR execution unit.

**REQUEST FOR PRODUCTION NO. 46:**

All documents for which any officer, inventor, co-inventor, director, employee or representative of Singular is listed as an author, co-author, inventor, co-inventor, editor, or

11

1386982.v1

contributor, and which relate in any way to the subject matter claimed in the Patents-in-Suit or any related patents or related applications, including articles, patents, patent applications, abstracts, publications, books, manuscripts, papers, posters, speeches, technical disclosures, technical publications, and presentations.

**REQUEST FOR PRODUCTION NO. 47:**

All documents relating to any meeting, call, or videoconference with any employee or representative of Google, including the meetings or calls that took place between 2008 and 2017.

**REQUEST FOR PRODUCTION NO. 48:**

All documents relating to the design, development, testing, function, and operation of products that are based upon, include, or utilize processors designed to incorporate, embody, or practice any claims of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 49:**

All documents constituting or relating to any proposals or applications made by Singular to the federal government or any federal agency, including the Defense Advanced Research Projects Agency and Office of Naval Research, regarding the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 50:**

All documents constituting or relating to any contracts or other agreements entered into by Singular and the federal government or any federal agency, including the Defense Advanced Research Projects Agency and Office of Naval Research, regarding the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 51:**

All documents constituting or relating to any disclosures made by Singular and the federal government or any federal agency, including the Defense Advanced Research Projects Agency and Office of Naval Research, regarding the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 52:**

All documents supporting, refuting, or otherwise relating to the allegations set forth in paragraph 19 of Singular's Amended Complaint.

**REQUEST FOR PRODUCTION NO. 53:**

All documents constituting or relating to the presentations and disclosures made by Dr. Bates to Google as alleged in Paragraph 22 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 54:**

Any documents or communications supporting, refuting, or otherwise relating to the allegation in Paragraph 42 of the First Amended complaint that "computers that included LPHDR execution units did not exist in the prior art."

**REQUEST FOR PRODUCTION NO. 55:**

All documents supporting, refuting, or otherwise relating to the allegations set forth in paragraph 11 of Singular's Amended Complaint that "[i]t was not obvious and was in fact counterintuitive to those skilled in the art as of 2009 to make a computer from a very large number of LPHDR processing elements that each frequently generate such materially inexact results, knowing that such a computer was going to be used by software programs to execute numerous tasks that each required hundreds, thousands or even millions of sequential arithmetic operations that could accumulate errors."

**REQUEST FOR PRODUCTION NO. 56:**

All documents relating to the Singular prototype referenced in paragraph 14 of Singular's Amended Complaint, including documents relating to any efforts to market, sell, or license that prototype or any computer based on that prototype.

**REQUEST FOR PRODUCTION NO. 57:**

All documents supporting, refuting, or otherwise relating to the allegations set forth in paragraph 84 of Singular's Amended Complaint that "[c]omputer architects as of 2009 taught away from Bates' invention."

**REQUEST FOR PRODUCTION NO. 58:**

All documents supporting, refuting, or otherwise relating to the allegations set forth in paragraph 43 of Singular's Amended Complaint that "[r]educing the invention to practice required the design and manufacture of hardware different from the hardware used in

conventional processing units, because conventional hardware at that time was completely unsuitable to implement the invention."

**REQUEST FOR PRODUCTION NO. 59:**

All U.S. and foreign patents, printed publications, systems, products, or physical devices, provided to, received from, or identified to or by prosecution counsel for or during the preparation and prosecution of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 60:**

All documents concerning any investigations, analyses or searches conducted by or for you or disclosed to you concerning prior art relating to the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 61:**

All documents that reflect, refer to, or relate to any of the secondary considerations of non-obviousness of the Patents-in-Suit, including commercial success, long-felt need, attempts by others, failure of others, commercial acquiescence, licensing, professional approval, copying, or laudatory statements by others regarding the inventions claimed in the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 62:**

All documents concerning or relating to each of the legal and factual allegations and requests for relief in Singular's claims, as well as in any subsequently added or supplemental pleading in this action.

**REQUEST FOR PRODUCTION NO. 63:**

All documents sufficient to identify your current shareholders, officers, and directors.

**REQUEST FOR PRODUCTION NO. 64:**

All documents sufficient to establish the entirety of your policies, practices, and/or procedures now or previously in effect with respect to the retention or destruction of documents, including electronically stored information, to the extent those documents have been sought by any of defendant's document requests in this matter.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and things on which Singular intends to rely on or use at any hearing or at trial in this case.

**REQUEST FOR PRODUCTION NO. 65:**

All source code that you contend embodies any alleged invention in any of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 66:**

All documents relating to or supporting Singular's request for an award of costs and/or attorney's fees in this litigation.

**REQUEST FOR PRODUCTION NO. 67:**

All documents that directly or indirectly ascribe a value to the Patents-in-Suit, including offers to purchase or sell the Patents-in-Suit, analyses or reports regarding the Patents-in-Suit, settlement or license agreements regarding the Patents-in-Suit, and tax returns, SEC filings, or other financial statements regarding the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 68:**

All documents relating to the "Singular test" referenced in paragraphs 94, 111, and 129 of Singular's First Amended Complaint, including documents detailing how the tests were conducted, the parameters for the tests (including the assumptions made), the full results of the tests, and documents explaining what constituted "a mathematically representative sample of all possible valid pairs of inputted float32 numerical values."

**REQUEST FOR PRODUCTION NO. 69:**

All documents or communications relating to the cost to research, design, develop, and manufacture any and all products that Singular contends incorporate, embody, or practice any claims of the Patents-in-Suit, including any related payments to third-parties including Cadence Design Systems, Intrinsix, and Global Foundries.

**REQUEST FOR PRODUCTION NO. 70:**

All documents or communications relating to any relationship or contract between Singular and Charles River Analytics, including of Singular technology any evaluations conducted by Charles River Analytics.

**REQUEST FOR PRODUCTION NO. 71:**

All employment or consulting agreements that Joseph Bates was a party to (entered into or in effect) at any time between 2007 and 2010.

Dated: July 13, 2020

By: */s/ Matthias Kamber*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On July 13, 2020, I served the following document(s):

> **DEFENDANT GOOGLE LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF SINGULAR COMPUTING LLC**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Paul J. Hayes<br>phayes@princelobel.com<br>Matthew D. Vella<br>mvella@princelobel.com<br>Kevin Gannon<br>kgannon@princelobel.com<br>Daniel McGonagle<br>dmcgonagle@princelobel.com<br>Michael J. Ercolini<br>mercolini@princelobel.com<br>PRINCE LOBEL TYE LLP<br>One International Place, Suite 3700<br>Boston, MA 02110<br>Tel: (617) 456-8000 | Counsel for Plaintiff Singular Computing LLC |

Executed on July 13, 2020, at San Francisco, California.

I declare under penalty of perjury that the above is true and correct.

_____
Dori Chan