# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SINGULAR COMPUTING LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 1:19-cv-12551-FDS |
| v. | § § | **JURY TRIAL DEMANDED** |
| GOOGLE LLC,, | § § § | |
| Defendant. | § § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff, Singular Computing LLC ("Plaintiff" or "Singular"), serves these objections and responses to Defendant, Google LLC's ("Google"), First Set of Requests for Production of Documents and Things.

**GENERAL OBJECTIONS**

Singular objects to Google's Requests as:

1. overly broad and unduly burdensome;

2. imposing discovery obligations in excess of the applicable Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, or any order of the Court;

3. seeking irrelevant information and documents;

4. vague and ambiguous;

5. seeking documents or things subject to an attorney-client privilege or work product exemption from discovery;

1

All documents relating to or supporting Singular's request for an award of costs and/or attorney's fees in this litigation.

**RESPONSE:**

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 67**:

All documents that directly or indirectly ascribe a value to the Patents-in-Suit, including offers to purchase or sell the Patents-in-Suit, analyses or reports regarding the Patents-in-Suit, settlement or license agreements regarding the Patents-in-Suit, and tax returns, SEC filings, or other financial statements regarding the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request to the extent it seeks documents or information protected by the attorney-client privilege or the work-product doctrine.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 68**:

All documents relating to the "Singular test" referenced in paragraphs 94, 111, and 129 of Singular's First Amended Complaint, including documents detailing how the tests were conducted, the parameters for the tests (including the assumptions made), the full results of the tests, and documents explaining what constituted "a mathematically representative sample of all possible valid pairs of inputted float32 numerical values."

**RESPONSE:**

    Singular objects to this request to the extent it seeks documents or information protected by the attorney-client privilege or the work-product doctrine.

    Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 69**:

All documents or communications relating to the cost to research, design, develop, and manufacture any and all products that Singular contends incorporate, embody, or practice any claims of the Patents-in-Suit, including any related payments to third-parties including Cadence Design Systems, Intrinsix, and Global Foundries.

**RESPONSE:**

    Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control, and would unreasonably require Singular to obtain such documents from one or more third-parties.   Singular also objects to the request as seeking

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 71**:

All employment or consulting agreements that Joseph Bates was a party to (entered into or in effect) at any time between 2007 and 2010.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

Dated: August 26, 2020

Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel J. McGonagle (BBO #690084)
Michael J. Ercolini (*admitted pro hac vice*)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com

Email: kgannon@princelobel.com  
Email: dmcgonagle@princelobel.com  
Email: mercolini@princelobel.com  

**ATTORNEYS FOR THE PLAINTIFF**

CERTIFICATE OF SERVICE

    I certify that on August 26, 2020, I served this document on Defendant by causing a copy to be sent via electronic mail to its counsel of record.

<u>/s/  Paul J. Hayes</u>