# Exhibit 3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>      Plaintiff,<br><br> v.<br><br>GOOGLE LLC,<br><br>      Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>**DEFENDANT GOOGLE LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SINGULAR COMPUTING LLC**<br><br>Hon. F. Dennis Saylor IV<br><br>Date Filed: December 19, 2020 |

1386981.v1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California, defendant Google LLC requests that plaintiff Singular Computing LLC ("Singular") respond to the following First Set of Interrogatories in writing, under oath, and in accordance with the following instructions and definitions, within thirty (30) days from the date of service thereof.

**I.   DEFINITIONS**

1. The terms "Singular," "Singular Computing," "you," "your," and "Plaintiff" refer to plaintiff Singular Computing LLC, and each of its past and present officers, directors, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and Singular's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors, and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Singular, and all predecessors and successors in interest to such entities.

2. The terms "Google" and "Defendant" refer to defendant Google LLC.

3. The term "action" refers to the above-captioned litigation initiated by Singular against Google on December 20, 2019.

4. The term "Patents-in-Suit" refers to U.S. Patent Nos. 8,407,273, 9,218,156, and 10,416,961.

5. The term "communication" means every manner or method of the disclosure, transfer, or exchange of information, whether orally, electronically, or by document, and whether face to face or by telephone, mail, facsimile, email, instant message, or otherwise.

6. The term "documents" includes all documents as broadly defined in Rule 34 of the Federal Rules of Civil Procedure, whether printed, recorded, microfilmed, stored electronically or optically, reproduced by any process, written or produced by hand, or recorded in any other way, and whether or not claimed to be privileged or confidential by any person. Any comment or notation appearing on any document, and not a part of the original text, is to be

considered a separate "document."  Any non-identical copy of any document also is to be considered a separate "document."

7. The terms "identify," "identifying," and "identity" in relation to an entity or person means to state the entity's or person's full name, present or last known address and last known contact information, a description of such person's knowledge at it relates to the interrogatory, and when referring to a natural person, additionally, the present or last known place of employment, and present or last known job, position, and title.

8. The term "identify" and "identifying" in relation to a document means to state (i) the type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9. The terms "include" and "including" mean including without limitation and not limited to.

10. The terms "infringe" and "infringement" mean direct infringement, contributory infringement, infringement by inducement, literal infringement, and infringement by the doctrine of equivalents.

11. The terms "person" and "persons" include both natural persons and entities (including corporations, proprietorships, partnerships, associations, joint ventures, governmental agencies, and other entities, and any combination thereof, and all predecessors in interest, successors, affiliates, subsidiaries, and related entities).

12. The term "prior art" means the subject matter described in 35 U.S.C. §§ 102 and 103, including publications, patents, physical devices, prototypes, uses, sales, and offers for sale, and any documents or other items evidencing any of the foregoing.

13. The terms "reflect," "reflecting," "relate to," "refer to," and "relating to" mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

14. The term "third parties" mean any person that is not Singular or the defendant.

15. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

16. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

17. The use of the singular form of any word includes the plural and vice versa.

18. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

**II.     INSTRUCTIONS**

1. In answering the following Interrogatories, furnish all available information, including information in the possession, custody, or control of any of Singular's attorneys, directors, officers, agents, employees, representatives, associates, investigators, divisions, affiliates, partnerships, parents or subsidiaries, and persons under Singular's control, who have the best knowledge. If you cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely and state what efforts were made to obtain the requested information.

2. If any information requested is claimed to be privileged or otherwise immune from discovery, state the grounds for any objection with specificity in accordance with the requirements of Rule 33(b)(4) of the Federal Rules of Civil Procedure.

3. If you find the meaning of any term in these discovery requests to be unclear, you should assume a reasonable meaning, state what that assumed meaning is, and respond to the request on the basis of that assumed meaning, subject to Google's right to clarify the meaning in the same or a different manner.

3

4. Your obligation to respond to these Interrogatories is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## III. INTERROGATORIES

### INTERROGATORY NO. 1:

Separately for each asserted claim of each of the Patents-in-Suit, describe in detail all facts relating to its conception and reduction to practice, including the conception date and the date of reduction to practice of its subject matter; all acts that you contend represent diligence occurring between the dates of conception and reduction to practice; the identity of each person, including third parties, who worked on conceiving and reducing the alleged invention to practice and each person's role; and the identity of all documents relating to conception and reduction to practice.

### INTERROGATORY NO. 2:

Separately for each asserted claim of each of the Patents-in-Suit, describe in detail all facts and circumstances relating to the first written description, offer for sale, sale, public disclosure, public use, or disclosure of the claimed invention to any person other than a named inventor, including the identity of the person involved, the date on which it occurred, and the identity of all related documents.

### INTERROGATORY NO. 3:

Identify any product (whether hardware or software) that has practiced any claim of the Patents-in-Suit, or that you allege to be an embodiment of any invention claimed in the Patents-in-Suit, including products designed, programmed, owned, marketed, sold or licensed by you.

### INTERROGATORY NO. 4:

Describe in detail all the manners or techniques by which each claim of the Patents-in-Suit improved upon the prior art, added functionality that did not exist in the prior art, or provided a variation on or upgrade of the prior art, and explain why.

**INTERROGATORY NO. 5:**

If you contend that you are entitled to any monetary recovery as a result of alleged infringement of the Patents-in-Suit by Google, state whether you contend that you are entitled to lost profits or a reasonable royalty, and state all facts, evidence, and reasons upon which you rely in support of your contention, such that if you contend you are entitled to an award of lost profits damages, you identify each of your products you allege falls within the scope of any claim of the Patents-in-Suit and state the total sales annually in units and dollars from its introduction to the present, and if you contend you are entitled to an award of reasonable royalty damages, state what you assert to be a reasonable royalty to be paid by Google under 35 U.S.C. section 284, including the complete factual bases on which you base your calculation of such royalty rate.

**INTERROGATORY NO. 6:**

For each of the Patents-in-Suit, state the priority date you contend applies for each asserted claim and identify the portion(s) of the specification in any earlier application that support that priority date.

**INTERROGATORY NO. 7:**

Identify all facts and circumstances relating to your allegation that Google willfully infringes any of the Patents-in-Suit, including the identity of all related persons and documents and the date on which you contend that Google first became aware of the Patents-in-Suit.

**INTERROGATORY NO. 8:**

Describe in detail any proposed, requested, or executed assignment, license, conveyance, and/or grant of any right, title or interest in or to the Patents-in-Suit, including the identity of all persons involved therein and any documents related thereto.

**INTERROGATORY NO. 9:**

Describe in detail all sources of funding for the research and development of the technology claimed in the Patents-in-Suit, including university and government funding.

**INTERROGATORY NO. 10:**

Describe in detail the "Singular test" referenced in paragraphs 94, 111, and 129 of Singular's First Amended Complaint, including the number of tests, how the tests were conducted (including the related software, hardware, or combination thereof used), the parameters for the tests (including the assumptions made), the personnel who conducted the tests, the full results of the tests, and what constituted "a mathematically representative sample of all possible valid pairs of inputted float32 numerical values."

**INTERROGATORY NO. 11:**

For each of the Patents-in-Suit, describe in detail all facts related to any attempts to commercialize, including identifying: each commercialization attempt; each person, including third parties, who were involved in efforts to commercialize the alleged invention, including each person's role; any third parties to whom commercialization efforts were targeted; and all documents constituting, evidencing, or otherwise relating to any attempts to commercialize.

**INTERROGATORY NO. 12:**

For each asserted claim, identify, on a limitation-by-limitation basis, where in the specification the written description and enabling disclosure for such limitation is provided as required by 35 U.S.C. § 112.

Dated:  July 13, 2020

          By:   */s/ Matthias Kamber*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On July 13, 2020, I served the following document(s):

**DEFENDANT GOOGLE LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SINGULAR COMPUTING LLC**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Paul J. Hayes<br>phayes@princelobel.com<br>Matthew D. Vella<br>mvella@princelobel.com<br>Kevin Gannon<br>kgannon@princelobel.com<br>Daniel McGonagle<br>dmcgonagle@princelobel.com<br>Michael J. Ercolini<br>mercolini@princelobel.com<br>PRINCE LOBEL TYE LLP<br>One International Place, Suite 3700<br>Boston, MA 02110<br>Tel: (617) 456-8000 | Counsel for Plaintiff Singular Computing LLC |

Executed on July 13, 2020, at San Francisco, California.

I declare under penalty of perjury that the above is true and correct.

_/s/ Dori Chan_
Dori Chan