# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, § § § Plaintiff, § § v. § § GOOGLE LLC,, § § Defendant. § § | Civil Action No. 1:19-cv-12551-FDS<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES [NOS. 1-12]**

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff, Singular Computing LLC ("Plaintiff" or "Singular"), serves these objections and responses to Defendant, Google LLC's ("Google"), First Set of Interrogatories (Nos. 1-12).

Singular's investigation and discovery efforts in this case are ongoing. Thus, these objections and responses are based only on information presently available and known to Singular. Singular reserves its right to supplement or amend these objections and responses as this case develops, and if and when Singular discovers additional responsive information.

Singular also reserves its right to object to the admissibility of any of its objections or responses, and to any document produced or referenced in response to these interrogatories, in whole or in part, at trial or in connection with any hearing, deposition, or other proceeding in this action, on any grounds, including but not limited to authenticity, materiality, relevance, and privilege. In addition, any statement that documents will be produced in response to a particular interrogatory means only that the documents will be produced if such documents exist, are in

1

Singular's possession, custody, and control; are relevant and non-privileged; and can be located following a reasonably diligent search.

## GENERAL OBJECTIONS

Singular objects to Google's Interrogatories as:

1. overly broad and unduly burdensome;

2. imposing discovery obligations in excess of the applicable Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, or any order of the Court;

3. seeking irrelevant information;

4. vague and ambiguous;

5. seeking information protected by the attorney-client privilege or the work product doctrine;

6. seeking discovery the burden or expense of which outweighs the likely benefit;

7. seeking expert disclosures before the time, and other than in the manner, specified by order of this Court or the Federal Rules of Civil Procedure; and

8. to the extent they consist of multiple, discrete subparts that have not been numbered, yet constitute separate and distinct interrogatories.

These General Objections are incorporated by reference, without restatement, into the specific responses below.

## INTERROGATORY RESPONSES

**INTERROGATORY NO. 1**:

Separately for each asserted claim of each of the Patents-in-Suit, describe in detail all facts relating to its conception and reduction to practice, including the conception date and the date of reduction to practice of its subject matter; all acts that you contend represent diligence occurring between the dates of conception and reduction to practice; the identity of each person, including



**INTERROGATORY NO. 11**:

For each of the Patents-in-Suit, describe in detail all facts related to any attempts to commercialize, including identifying: each commercialization attempt; each person, including third parties, who were involved in efforts to commercialize the alleged invention, including each person's role; any third parties to whom commercialization efforts were targeted; and all documents constituting, evidencing, or otherwise relating to any attempts to commercialize.

**RESPONSE**:

In addition to its General Objections, Singular specifically objects to Interrogatory No. 11 as vague and ambiguous with respect to the terms "commercialization" and "commercialize," which terms are not defined by Google's First Set of Interrogatories.

Subject to and without waiving its objections, Singular responds that it will produce documents responsive to Interrogatory No. 11 on September 4, 2020, and will simultaneously supplement its response to this Interrogatory to identify the responsive documents by production numbers.

Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: mercolini@princelobel.com

**ATTORNEYS FOR THE PLAINTIFF**

CERTIFICATE OF SERVICE

    I certify that on August 26, 2020, I served this document on Defendant by causing a copy to be sent via electronic mail to its counsel of record.

/s/  Paul J. Hayes