# Exhibit 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, § § § | |
| Plaintiff, § § | Civil Action No. 1:19-cv-12551-FDS |
| v. § § | **JURY TRIAL DEMANDED** |
| GOOGLE LLC,, § § | |
| Defendant. § § | |

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES [NOS. 1-12] & SUPPLEMENTAL RESPONSES TO INTERROGATORIES NOS. 1, 2, 6

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff, Singular Computing LLC ("Plaintiff" or "Singular"), serves these objections and responses to Defendant, Google LLC's ("Google"), First Set of Interrogatories (Nos. 1-12).

Singular's investigation and discovery efforts in this case are ongoing. Thus, these objections and responses are based only on information presently available and known to Singular. Singular reserves its right to supplement or amend these objections and responses as this case develops, and if and when Singular discovers additional responsive information.

Singular also reserves its right to object to the admissibility of any of its objections or responses, and to any document produced or referenced in response to these interrogatories, in whole or in part, at trial or in connection with any hearing, deposition, or other proceeding in this action, on any grounds, including but not limited to authenticity, materiality, relevance, and privilege. In addition, any statement that documents will be produced in response to a particular interrogatory means only that the documents will be produced if such documents exist, are in

1

Singular's possession, custody, and control; are relevant and non-privileged; and can be located following a reasonably diligent search.

## GENERAL OBJECTIONS

Singular objects to Google's Interrogatories as:

1. overly broad and unduly burdensome;

2. imposing discovery obligations in excess of the applicable Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, or any order of the Court;

3. seeking irrelevant information;

4. vague and ambiguous;

5. seeking information protected by the attorney-client privilege or the work product doctrine;

6. seeking discovery the burden or expense of which outweighs the likely benefit;

7. seeking expert disclosures before the time, and other than in the manner, specified by order of this Court or the Federal Rules of Civil Procedure; and

8. to the extent they consist of multiple, discrete subparts that have not been numbered, yet constitute separate and distinct interrogatories.

These General Objections are incorporated by reference, without restatement, into the specific responses below.

## INTERROGATORY RESPONSES

**INTERROGATORY NO. 1**:

Separately for each asserted claim of each of the Patents-in-Suit, describe in detail all facts relating to its conception and reduction to practice, including the conception date and the date of reduction to practice of its subject matter; all acts that you contend represent diligence occurring between the dates of conception and reduction to practice; the identity of each person, including

2

[Redacted content]

**INTERROGATORY NO. 11**:

For each of the Patents-in-Suit, describe in detail all facts related to any attempts to commercialize, including identifying: each commercialization attempt; each person, including third parties, who were involved in efforts to commercialize the alleged invention, including each person's role; any third parties to whom commercialization efforts were targeted; and all documents constituting, evidencing, or otherwise relating to any attempts to commercialize.

**RESPONSE**:

In addition to its General Objections, Singular specifically objects to Interrogatory No. 11 as vague and ambiguous with respect to the terms "commercialization" and "commercialize," which terms are not defined by Google's First Set of Interrogatories.

Subject to and without waiving its objections, Singular responds that it will produce documents responsive to Interrogatory No. 11 on September 4, 2020, and will simultaneously

15

supplement its response to this Interrogatory to identify the responsive documents by production numbers.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, and pursuant to Fed. R. Civ. P. 33(d), Singular identifies the following douments by production number in response to Interrogatory No. 11:

```
SINGULAR-00003266
SINGULAR-00003271
SINGULAR-00003273
SINGULAR-00003275
SINGULAR-00003276
SINGULAR-00003277
SINGULAR-00003278
SINGULAR-00003284
SINGULAR-00003285
SINGULAR-00003903
SINGULAR-00004086
SINGULAR-00004152
SINGULAR-00004168
SINGULAR-00004225
SINGULAR-00004235
SINGULAR-00004242
SINGULAR-00004281
SINGULAR-00004283
SINGULAR-00004308
SINGULAR-00004311
SINGULAR-00004320
SINGULAR-00004325
SINGULAR-00004328
SINGULAR-00004330
SINGULAR-00004331
SINGULAR-00004344
SINGULAR-00004345
SINGULAR-00004352
SINGULAR-00004360
```

███████████████████████████
███████████████████████████████████

SINGULAR-00004361
SINGULAR-00004365
SINGULAR-00004375
SINGULAR-00004377
SINGULAR-00004390
SINGULAR-00004392
SINGULAR-00004407
SINGULAR-00004423
SINGULAR-00004440
SINGULAR-00004452
SINGULAR-00004506
SINGULAR-00004508
SINGULAR-00004511
SINGULAR-00004643
SINGULAR-00004654
SINGULAR-00004752
SINGULAR-00004755
SINGULAR-00004757
SINGULAR-00004795
SINGULAR-00004808
SINGULAR-00004810
SINGULAR-00004822
SINGULAR-00004834
SINGULAR-00004847
SINGULAR-00004931
SINGULAR-00004948
SINGULAR-00005097
SINGULAR-00005112
SINGULAR-00005182
SINGULAR-00005382
SINGULAR-00005383
SINGULAR-00005386
SINGULAR-00005654
SINGULAR-00005655
SINGULAR-00005657
SINGULAR-00005667
SINGULAR-00005768
SINGULAR-00005770
SINGULAR-00005772
SINGULAR-00005792
SINGULAR-00005796

███████████████████████

SINGULAR-00006087
SINGULAR-00006234
SINGULAR-00006329
SINGULAR-00006333
SINGULAR-00006340
SINGULAR-00006413
SINGULAR-00006430
SINGULAR-00006431
SINGULAR-00006444
SINGULAR-00006447
SINGULAR-00006471
SINGULAR-00006472
SINGULAR-00006490
SINGULAR-00006507
SINGULAR-00006548
SINGULAR-00006589
SINGULAR-00006590
SINGULAR-00006592
SINGULAR-00006595
SINGULAR-00006599
SINGULAR-00006600
SINGULAR-00006623
SINGULAR-00006640
SINGULAR-00006641
SINGULAR-00006917
SINGULAR-00006925
SINGULAR-00006954
SINGULAR-00006956
SINGULAR-00006973
SINGULAR-00006974
SINGULAR-00006993
SINGULAR-00006994
SINGULAR-00006995
SINGULAR-00007143
SINGULAR-00007144
SINGULAR-00007153
SINGULAR-00007155
SINGULAR-00007157
SINGULAR-00007159
SINGULAR-00007162
SINGULAR-00007164

SINGULAR-00007166
SINGULAR-00007169
SINGULAR-00007257
SINGULAR-00007276
SINGULAR-00007296
SINGULAR-00007319
SINGULAR-00007343
SINGULAR-00007345
SINGULAR-00007360
SINGULAR-00007370
SINGULAR-00007381
SINGULAR-00007382
SINGULAR-00007489
SINGULAR-00007493
SINGULAR-00007504
SINGULAR-00007506
SINGULAR-00007507
SINGULAR-00008905
SINGULAR-00008906
SINGULAR-00008915
SINGULAR-00008958
SINGULAR-00008975
SINGULAR-00009011
SINGULAR-00009104
SINGULAR-00009110
SINGULAR-00009115
SINGULAR-00009116
SINGULAR-00009180
SINGULAR-00009181
SINGULAR-00009183
SINGULAR-00009201
SINGULAR-00009218
SINGULAR-00009488
SINGULAR-00009489
SINGULAR-00009498
SINGULAR-00009500
SINGULAR-00009502
SINGULAR-00009503
SINGULAR-00009506
SINGULAR-00009515
SINGULAR-00009516

SINGULAR-00009531
SINGULAR-00009532
SINGULAR-00009534
SINGULAR-00009546
SINGULAR-00009547
SINGULAR-00009552
SINGULAR-00009553
SINGULAR-00009554
SINGULAR-00009555
SINGULAR-00009568
SINGULAR-00009583
SINGULAR-00009660
SINGULAR-00010040
SINGULAR-00010041
SINGULAR-00010043
SINGULAR-00010056
SINGULAR-00010072
SINGULAR-00010073
SINGULAR-00010075
SINGULAR-00010077
SINGULAR-00010079
SINGULAR-00010083
SINGULAR-00010084
SINGULAR-00010085
SINGULAR-00010087
SINGULAR-00010089
SINGULAR-00010092
SINGULAR-00010312
SINGULAR-00010314
SINGULAR-00010316
SINGULAR-00010319
SINGULAR-00010321
SINGULAR-00010323
SINGULAR-00010508
SINGULAR-00010549
SINGULAR-00010592
SINGULAR-00010636
SINGULAR-00010764
SINGULAR-00011028
SINGULAR-00011029
SINGULAR-00011038

```
SINGULAR-00011041
SINGULAR-00011045-SINGULAR-00011048
SINGULAR-00011049
SINGULAR-00011086
SINGULAR-00011089
SINGULAR-00011091
SINGULAR-00011099
SINGULAR-00011101
SINGULAR-00011102
SINGULAR-00011216
SINGULAR-00011906
SINGULAR-00011907
SINGULAR-00011935
SINGULAR-00011936
SINGULAR-00012006
SINGULAR-00012029
SINGULAR-00012032
SINGULAR-00012034
```

**INTERROGATORY NO. 12**:

For each asserted claim, identify, on a limitation-by-limitation basis, where in the specification the written description and enabling disclosure for such limitation is provided as required by 35 U.S.C. § 112.

**RESPONSE**:

In addition to its General Objections, Singular specifically objects to the timing of Interrogatory No. 12, which seeks a response from Singular in advance of a claim construction order in this action. *See, e.g.*, *X2Y Attenuators, LLC v. ITC*, 757 F.3d 1358, 1365 (Fed. Cir. 2014) (Reyna, J., concurring) ("Where the claims have not been properly construed, the full scope of the claim is unknown, thereby rendering baseless any determination of written support in an earlier patent. It follows that entitlement to priority cannot be decided without first construing the asserted claims…"); *see also University of Virginia Patent Foundation v. General*

*Elec. Co.,* 2015 WL 4878880, *4-*5 (W.D. Va. 2015) (interrogatories concerning § 112 support in specification were premature and need not be answered until after claim construction ruling). Singular does not object to supplementing, and will agree to supplement, its response to Interrogatory No. 12 to provide the requested information within a reasonable time after the Court has issued a claim construction ruling in this case.

Dated: December 9, 2020

By: */s/ Paul J. Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel J. McGonagle (BBO #690084)
Michael J. Ercolini (*admitted pro hac vice*)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: mercolini@princelobel.com

**ATTORNEYS FOR THE PLAINTIFF**

CERTIFICATE OF SERVICE

I certify that on December 9, 2020, I served this document on Defendant by causing a copy to be sent by electronic mail to its counsel of record.

/s/ *Paul J. Hayes*