# Exhibit 6

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SINGULAR COMPUTING LLC,

               Plaintiff,

   v.

GOOGLE LLC,

               Defendant.

Civil Action No. 1:19-cv-12551 FDS

**DEFENDANT GOOGLE LLC'S SECOND SET OF INTERROGATORIES TO PLAINTIFF SINGULAR COMPUTING LLC**

Hon. F. Dennis Saylor IV

Date Filed: December 19, 2020

1537830.v1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California, defendant Google LLC requests that plaintiff Singular Computing LLC ("Singular") respond to the following Second Set of Interrogatories in writing, under oath, and in accordance with the following instructions and definitions, within thirty (30) days from the date of service thereof.

## I.      DEFINITIONS

1.      The terms "Singular," "Singular Computing," "you," "your," and "Plaintiff" refer to plaintiff Singular Computing LLC, and each of its past and present officers, directors, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and Singular's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors, and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Singular, and all predecessors and successors in interest to such entities.

2.      The terms "Google" and "Defendant" refer to defendant Google LLC.

3.      The term "action" refers to the above-captioned litigation initiated by Singular against Google on December 20, 2019.

4.      The term "Patents-in-Suit" refers to U.S. Patent Nos. 8,407,273, 9,218,156, and 10,416,961.

5.      The term "Asserted Claim" refers to those claims included in the Infringement Contention Claim Charts Singular served on September 4, 2020.

6.      The term "communication" means every manner or method of the disclosure, transfer, or exchange of information, whether orally, electronically, or by document, and whether face to face or by telephone, mail, facsimile, email, instant message, or otherwise.

7.      The term "documents" includes all documents as broadly defined in Rule 34 of the Federal Rules of Civil Procedure, whether printed, recorded, microfilmed, stored electronically or optically, reproduced by any process, written or produced by hand, or recorded

1

in any other way, and whether or not claimed to be privileged or confidential by any person. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."  Any non-identical copy of any document also is to be considered a separate "document."

8.       The terms "identify," "identifying," and "identity" in relation to an entity or person means to state the entity's or person's full name, present or last known address and last known contact information, a description of such person's knowledge at it relates to the interrogatory, and when referring to a natural person, additionally, the present or last known place of employment, and present or last known job, position, and title.

9.       The term "identify" and "identifying" in relation to a document means to state (i) the type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

10.      The terms "include" and "including" mean including without limitation and not limited to.

11.      The terms "infringe" and "infringement" mean direct infringement, contributory infringement, infringement by inducement, literal infringement, and infringement by the doctrine of equivalents.

12.      The terms "person" and "persons" include both natural persons and entities (including corporations, proprietorships, partnerships, associations, joint ventures, governmental agencies, and other entities, and any combination thereof, and all predecessors in interest, successors, affiliates, subsidiaries, and related entities).

13.      The term "prior art" means the subject matter described in 35 U.S.C. §§ 102 and 103, including publications, patents, physical devices, prototypes, uses, sales, and offers for sale, and any documents or other items evidencing any of the foregoing.

14.      The terms "reflect," "reflecting," "relate to," "refer to," and "relating to" mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving,

1537830.v1

describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

15.     The term "third parties" mean any person that is not Singular or the defendant.

16.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

17.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

18.     The use of the singular form of any word includes the plural and vice versa.

19.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## II.     INSTRUCTIONS

1.     In answering the following Interrogatories, furnish all available information, including information in the possession, custody, or control of any of Singular's attorneys, directors, officers, agents, employees, representatives, associates, investigators, divisions, affiliates, partnerships, parents or subsidiaries, and persons under Singular's control, who have the best knowledge.  If you cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely and state what efforts were made to obtain the requested information.

2.     If any information requested is claimed to be privileged or otherwise immune from discovery, state the grounds for any objection with specificity in accordance with the requirements of Rule 33(b)(4) of the Federal Rules of Civil Procedure.

3.     If you find the meaning of any term in these discovery requests to be unclear, you should assume a reasonable meaning, state what that assumed meaning is, and respond to the

1537830.v1

request on the basis of that assumed meaning, subject to Google's right to clarify the meaning in the same or a different manner.

4.      Your obligation to respond to these Interrogatories is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## III.     INTERROGATORIES

**INTERROGATORY NO. 13:**

Identify all persons involved in the design, development, and operation of Singular's S1 Prototype, which you identified in response to Google's Interrogatory No. 3, including each individual's title, relationship to Singular, and approximate dates of involvement.

**INTERROGATORY NO. 14:**

Separately for each claim chart in Google's Responsive Contentions on Non-Infringement and Invalidity, served on November 6, 2020, identify what if any limitations of the Asserted Claims you contend are not in the related prior art reference and any reason(s) for that contention.

Dated:  November 30, 2020

By:     */s/ Matthias Kamber*
      Gregory F. Corbett (BBO #646394)
      gregory.corbett@wolfgreenfield.com
      Nathan R. Speed (BBO # 670249)
      nathan.speed@wolfgreenfield.com
      Elizabeth A. DiMarco (BBO #681921)
      elizabeth.dimarco@wolfgreenfield.com
      WOLF, GREENFIELD & SACKS, P.C.
      600 Atlantic Avenue
      Boston, MA 02210
      Telephone: (617) 646-8000
      Fax: (617) 646-8646

      Asim Bhansali (*pro hac vice*)
      abhansali@kblfirm.com
      KWUN BHANSALI LAZARUS LLP
      555 Montgomery Street, Suite 750
      San Francisco, CA 94111

      Matthias Kamber (*pro hac vice*)
      mkamber@keker.com
      KEKER, VAN NEST & PETERS LLP
      633 Battery Street
      San Francisco, CA 94111-1809

      *Attorneys for Defendant Google LLC*

5

1537830.v1

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made.  I am over the age of eighteen years and not a party to the within action.  My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On **November 30, 2020**, I served the following document(s):

**DEFENDANT GOOGLE LLC'S SECOND SET OF INTERROGATORIES
TO PLAINTIFF SINGULAR COMPUTING LLC**

☑    by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

*Counsel for Plaintiff Singular Computing LLC*

| | |
|---|---|
| Paul J. Hayes | phayes@princelobel.com |
| Matthew D. Vella | mvella@princelobel.com |
| Kevin Gannon | kgannon@princelobel.com |
| Daniel McGonagle | dmcgonagle@princelobel.com |
| Michael J. Ercolini | mercolini@princelobel.com |
| PRINCE LOBEL TYE LLP | singular@princelobel.com |
| One International Place, Suite 3700 | |
| Boston, MA 02110 | |
| Tel: (617) 456-8000 | |

Executed on **November 30, 2020**, at San Francisco, California.  I declare under penalty of perjury that the foregoing is true and correct.

_____
Noelle Nichols