# Exhibit 7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFEDANT'S SECOND SET OF INTERROGATORIES**

Plaintiff, Singular Computing LLC ("Singular"), responds to Defendant, Google LLC ("Google"), second set of interrogatories as follows.

## GENERAL OBJECTIONS

1.      Singular objects to all Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

2.      Singular objects to the Interrogatories as overly broad, and unduly burdensome and oppressive, to the extent that they seek information that is either already in Google's possession, or equally or more readily available to Google.

3.      Singular objects to the Interrogatories to the extent that they seek information that is not relevant to Google's claims or defenses in this action.

4.      Singular objects to the Interrogatories to the extent that they are vague, ambiguous, or unintelligible.

5.      Singular objects to the Interrogatories to the extent that they purport to impose obligations on Singular that are not imposed by, or are otherwise inconsistent with, the applicable Federal Rules of Civil Procedure.

1

6.      Singular objects to the Interrogatories to the extent that they are premature and request documents and information whose production is not yet required under the Scheduling Order.

7.      Singular objects to the Interrogatories to the extent the discovery sought is unreasonably cumulative or duplicative, and that the burden or expense of discovery sought outweighs the likely benefit.

8.      Singular objects to any requirement in the Interrogatories that Singular identify or produce any privileged information or document (work-product, attorney client, or other privilege) generated after the filing of this lawsuit, or that reflects a pre-filing investigation. Such material is privileged, and it is unduly burdensome to require the inclusion of such material in any privilege log.

9.      Singular objects to each of the Interrogatories to the extent they require Singular to perform anything more than a reasonable search for responsive information or documents.

10.     Singular objects to the Interrogatories to the extent they seek disclosure of information or documents protected by the rights of privacy of third-party non-litigants and/or that they seek disclosure of information subject to confidentiality agreements and/or protective orders. To the extent that Singular locates such documents and it is not unduly burdensome, it will in good faith seek to obtain the consent from any such third-party to produce such information or documents.

11.     Singular objects to the Interrogatories to the extent that they seek information and documents already in Google's possession and/or information or documents that are readily available to Google and/or unavailable to Singular.  Singular further objects to the Interrogatories to the extent that they seek information and documents that are equally available to Google through

2

other sources, including but not limited to publicly available information or records.  Google can obtain such information and documents with at least the same (and, in some cases less) burden and expense than Singular would have to undertake.

12.     Singular objects to the Interrogatories to the extent that they seek information, documents, things, and analysis produced in preparation for litigation, including legal contentions.

13.     Singular objects to the Interrogatories to the extent they seek the disclosure of confidential business information, proprietary and/or competitively sensitive information, or a trade secret that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

14.     Singular objects to the Interrogatories because they exceed the numeric limit set by the Court.

15.     Singular objects to the Interrogatories to the extent they would require Singular to compile information in a manner that is not maintained in the ordinary course of business, or to create documents, including but not limited to charts, tables, reviews, methodologies, and/or breakdowns, that are not currently in existence.

Subject to, and without waiving any of the above Objections, Singular responds to each of Google's Interrogatories as follows:

3593196.v1

<u>**RESPONSES**</u>

<u>**INTERROGATORY NO. 13:**</u>

Identify all persons involved in the design, development, and operation of Singular's S1 Prototype, which you identified in response to Google's Interrogatory No. 3, including each individual's title, relationship to Singular, and approximate dates of involvement.

<u>**RESPONSE:**</u>

Singular incorporates by reference the General Objections.  Singular also objects to this

Interrogatory as overly broad, unduly burdensome and vague.  Singular further objects to this

Interrogatory as compound insofar as it asks for information regarding more than one discrete

subject.  Subject to and without waiving the foregoing General and Specific Objections, Singular

hereby responds as follows:  Joseph Bates (President of Singular) and Mark Beal (CTO of

Intrinsix Corp.) were significantly involved in the design, development and operation of

Singular's S1 Prototype.

<u>**INTERROGATORY NO. 14**</u>

Separately for each claim chart in Google's Responsive Contentions on Non-Infringement and Invalidity, served on November 6, 2020, identify what if any limitations of the Asserted Claims you contend are not in the related prior art reference and any reason(s) for that contention.

<u>**RESPONSE:**</u>

Singular incorporates by reference the General Objections.  Singular specifically objects

to this Interrogatory to the extent that it seeks to discover information protected by the attorney-

client privilege or the work-product doctrine.  Singular also objects to the Interrogatories as

overly broad, and unduly burdensome,  Singular also objects to this Interrogatory as seeking the

subject of expert testimony before the time, and other than in the manner, specified by the

Scheduling Order of this Court.  In addition, Singular objects to the numbering of this

Interrogatory because it contains multiple discrete subparts.  Singular also objects to this

Interrogatory as premature because it seeks Singular's ultimate position on its contentions, given that discovery is still in its early stages. *Sena v. Office of Servicemembers' Group Life Ins.*, 2003 WL 25692551, \*3 (D. N.M. 2003) (holding contention interrogatories premature until closer to close of fact discovery).  Singular further objects to the timing of this Interrogatory, which requests, prior to claim construction, Singular to identify what if any limitations of the Asserted Claims are not in the related prior art references identified in in Google's Responsive Contentions on Non-Infringement and Invalidity. *See* Transcript of Scheduling Conference dated July 24, 2020 ("[O]n the question of whether or not I'm going to request Singular to file a response to Google's validity intentions, I think I'll could do it more conventionally and permit Google to serve a contingent interrogatory, presumably after the claim construction order, although it's not clear that it has to happen in that order, at least not clear to me."); *see also, X2Y Attenuators, LLC v. ITC,* 757 F.3d 1358, 1365 (Fed. Cir. 2014) (Reyna, J., concurring) ("Where the claims have not been properly construed, the full scope of the claim is unknown, thereby rendering baseless any determination of written support in an earlier patent. It follows that entitlement to priority cannot be decided without first construing the asserted claims…"); *University of Virginia Patent Foundation v. General Elec. Co.,* 2015 WL4878880, \*4-\*5 (W.D. Va. 2015) (interrogatories regarding § 112 support in specification were premature and did not need to be answered until after claim construction ruling).

Singular does not object to supplementing, and will agree to supplement, its response to Interrogatory No. 14 to provide the information Google has requested within a reasonable time after the Court has issued a claim construction ruling in this case.

Dated: December 30, 2020                    Respectfully submitted,

                                            */s/ Kevin Gannon*
                                            Paul J. Hayes (BBO #227000)
                                            Matthew D. Vella (BBO #660171)
                                            Kevin Gannon (BBO #640931)
                                            Daniel McGonagle (BBO #690084)
                                            Brian M. Seeve (BBO #670455)
                                            PRINCE LOBEL TYE LLP
                                            One International Place, Suite 3700
                                            Boston, MA 02110
                                            Tel: (617) 456-8000
                                            Fax: (617) 456-8100
                                            Email: phayes@princelobel.com
                                            Email: mvella@princelobel.com
                                            Email: kgannon@princelobel.com
                                            Email: dmcgonagle@princelobel.com
                                            Email: bseeve@princelobel.com

                                            ATTORNEYS FOR THE PLAINTIFF


                            CERTIFICATE OF SERVICE

        I certify that on December 30, 2020, I served this document on Defendant by causing a
copy to be sent via electronic mail to its counsel of record.

                                            */s/ Kevin Gannon*

3593196.v1