# Exhibit 15



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Matthias Kamber**
(415) 773-6635
mkamber@keker.com

December 11, 2020

**VIA ELECTRONIC MAIL**

Brian M. Seeve, Esq.
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, MA  02110
bseeve@princelobel.com

Re:    *Singular Computing LLC v. Google LLC*, 1:19-cv-12551-FDS (D. Mass.)

Dear Brian:

We write in regard to Singular's production of documents related to Singular's testing code, which remains incomplete.

*First*, Google's RFP No. 68 requests "All documents relating to the 'Singular test' referenced in paragraphs 94, 111, and 129 of Singular's First Amended Complaint, including documents detailing how the tests were conducted, the parameters for the tests (including the assumptions made), the full results of the tests, and documents explaining what constituted 'a mathematically representative sample of all possible valid pairs of inputted float32 numerical values.'"  Based on our review of Singular's document productions to date, it appears that Singular has not yet produced documents responsive to this request, contrary to its commitment to do so in its response.  In particular, we have not seen documents containing the test output(s) included in the First Amended Complaint or any other related documentation, including without limitation any documents related to the sampling process used by Singular or the purportedly representative samples that the test code operated on.  Furthermore, to the extent that the test code used in support of the First Amended Complaint was different in any respect from the test code used in support of Singular's infringement contentions, Singular should provide a copy of that as well.  Conversely, if the test code used in support of the First Amended Complaint was the same as the code used in support of the infringement contentions, please explain: (1) what compiler command line was used to compile the source code into the executable code used for the test(s) underlying the First Amended Complaint; (2) what hardware was used to run those tests; and (3) what command-line arguments were used to run the executable code.

1617486

December 11, 2020
Page 2

Please produce this information by December 18th; it does not require any burdensome search on Singular's part given that it was something done for the purposes of the First Amended Complaint and is therefore readily available.

*Second*, as we've noted before, Singular should have produced documentation regarding its test results with its infringement contentions. Under the Court's scheduling order, Singular was required to "produce **all** documents supporting its contentions and/or identify any such supporting documents produced by accused infringer." *See* ECF 59 at 1(c) (emphasis added). Singular's production accompanying the infringement contentions instead contains copies of only the patents, file histories, and assignment documents—there is nothing about the test results. This creates a marked contrast in the infringement contentions between the images and quotes from Google documents and the statements that:

> For each of the possible valid inputs to the multiplication operation performed by the multipliers within the MXU, Singular has computed the result and compared it to the result of an exact mathematical calculation performed on the same inputs. The results of this test showed that for more than 10% of the possible valid inputs, the numerical value represented by the output signal of each MXU multiplier differs by more than 0.2% from the result of an exact mathematical calculation performed on the same inputs.

To explore the basis of this assertion and in lieu of the actual test results, which Singular represented involved "more than 206 billion gigabytes of information," Google asked for a copy of the test code. It took some time for Singular to produce the code, after which Singular refused to answer related questions for weeks. We now ask that Singular provide us with copies of any test code output that it generated and upon which it relies for the assertions in its infringement contentions. It is unclear why those results were not provided in the contentions themselves or the accompanying document production when such test results were included in the First Amended Complaint; regardless, pursuant to the Court's scheduling order, we ask that Singular provide that information now. As with the documents responsive to RFP No. 68, we ask that Singular provide this information by December 18th.

To the extent you would like to discuss and/or do not intend to produce the information by the December 18th, please let us know if you are available to meet and confer on December 14th or 15th.

Very truly yours,

Matthias Kamber

Matthias Kamber

2

1617486