# Exhibit 16

| | |
|---|---|
| **From:** | Anna Porto |
| **Sent:** | Friday, October 2, 2020 1:42 PM |
| **To:** | Gannon, Kevin; singular@princelobel.com |
| **Cc:** | wgs-singularv.google@wolfgreenfield.com; kvp-singular; abhansali@kblfirm.com; mkwun@kblfirm.com |
| **Subject:** | RE: Singular Computing LLC v. Google LLC - 1:19-cv-12551-FDS |

Kevin,

Thanks for a productive meet and confer about Singular's discovery responses yesterday, which I've summarized below.

**Interrogatories 1, 2, 6, 12**
As we explained during our call, these interrogatories request basic information related to the purported invention story, including the asserted priority date, conception date, and when the invention was first disclosed, all of which can be answered in the absence of a claim construction order.  Singular has offered no basis for withholding this information until after that order, including the concurrence you've cited in *X2Y*.  Neither Singular nor Google knows when the Court will issue its claim construction order, and it is prejudicial to Google for you to withhold responses until some time period after the order is eventually issued.  Given that Singular can supplement its responses to the extent the Court's construction so requires, there is no basis for Singular to refuse to respond now.  Google intends to move to compel Singular's responses to these interrogatories if Singular does not supplement its responses.

You indicated that you would confer with your client about this issue; please let us know by Wednesday October 7th whether Singular will supplement its responses.

**Interrogatory 7**
We requested that if Singular contends that Dr. Bates disclosed patents by number to Google, that you provide the date on which you contend that happened.  As we explained during our call, whether Dr. Bates specifically identified any of the asserted patents to Google is information in your client's possession, and thus there is no basis for withholding that information if it is a basis for Singular's allegations of willful infringement.

**Interrogatories 8 & 11**
Singular has thus far refused to provide any substantive response to these interrogatories, other than to indicate that it would produce documents that would then eventually be incorporated into its responses.  You indicated that Singular planned to begin producing documents next week, and that it would supplement its interrogatory responses at some point after that.  We requested that you provide a timeframe for Singular's forthcoming supplement to these two interrogatories.

**RFPs**
You explained that unless otherwise stated, Singular is not currently withholding documents in light of your objections to specific RFPs.

There are several RFPs for which Singular has offered to meet and confer without providing a substantive position, including 41, 44, 46, 48, 49, 51 and 60.  You suggested the parties meet and confer about these RFPs next week.  We will write separately to schedule this meet and confer.

Best,
Anna

**From:** Gannon, Kevin <kgannon@princelobel.com>
**Sent:** Wednesday, September 30, 2020 1:47 PM
**To:** Anna Porto <APorto@keker.com>; singular@princelobel.com
**Cc:** wgs-singularv.google@wolfgreenfield.com; kvp-singular <kvpsingular@keker.com>; abhansali@kblfirm.com; mkwun@kblfirm.com
**Subject:** RE: Singular Computing LLC v. Google LLC - 1:19-cv-12551-FDS

**[EXTERNAL]**

Anna,

We are available tomorrow at 4:30 pm PT.  Please let us know if that will work for your team.

Thanks,
Kevin

**Kevin Gannon**



Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8061 Direct
kgannon@princelobel.com

---

**From:** Anna Porto [mailto:aporto@keker.com]
**Sent:** Tuesday, September 29, 2020 5:25 PM
**To:** Singular <Singular@princelobel.com>
**Cc:** wgs-singularv.google@wolfgreenfield.com; kvpsingular@keker.com; abhansali@kblfirm.com; mkwun@kblfirm.com
**Subject:** Singular Computing LLC v. Google LLC - 1:19-cv-12551-FDS

Counsel,

We would like to meet and confer to discuss the issues related to Singular's discovery responses described in our letters of September 10th and September 23rd.  We're available tomorrow at 1pm PT, or Thursday at 10am or after 1pm PT.  Please let us know what time works for you.

Best,
Anna

**Anna Porto**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8857 direct | 415 391 5400 main
aporto@keker.com | vcard | keker.com
Pronouns: she/her/hers

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not
otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.