# Exhibit 18



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

**Matthias Kamber**
(415) 773-6635
mkamber@keker.com

September 10, 2020

**VIA ELECTRONIC MAIL**

Paul J. Hayes, Esq.
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, MA 02110
phayes@princelobel.com

Re:   *Singular Computing LLC v. Google LLC*, 1:19-cv-12551-FDS (D. Mass.)

Dear Paul:

I write regarding outstanding deficiencies in Singular's responses to Google's discovery requests, which prejudice Google's ability to develop its defenses. Google requests a meet-and-confer to discuss the deficiencies detailed below. At that time, Google is also available to discuss the Google requests about which Singular has requested to meet-and-confer (RFP Nos. 39, 44, 46, 48, 49, 51, and 60).

1. **Singular's Interrogatory Responses**

    a. *Interrogatory Nos. 1, 2, 6, & 12*

Singular has refused to respond to interrogatories requesting basic information essential to Google's defenses, including the asserted patents' dates of conception and reduction to practice (Interrogatory 1), first disclosure (Interrogatory 2), priority dates (Interrogatory 6), and locations of written descriptions and enabling disclosures (Interrogatory 12). Singular's withholding of this information inhibits Google's ability to develop its defenses, particularly those related to invalidity.

Singular's suggestion that it may withhold this information until following the Court's claim construction order is unsupported. In *University of Virginia Patent Found. v. Gen. Elec. Co.*, No. 3:14CV51, 2015 WL 4878880 (W.D. Va. Aug. 14, 2015), on which Singular relies, the plaintiff had already identified alleged priority and conception dates. *Id.* at *3. The interrogatories at issue sought information that would allow the defendant to better assess those dates. As that court stated, defendants are "undeniably entitled to know the alleged priority

1391109

dates for the claims of the patents in issue," which advance the litigation and narrow the issues. *Id.* Accordingly, courts have required responses to these kinds of interrogatories well before claim construction. *See Bos. Sci. Corp. v. Micrus Corp.*, No. C 04-04072 JW (RS), 2007 WL 174475, at *1–2 (N.D. Cal. Jan. 22, 2007) (compelling conception and reduction to practice response before claim construction); *Finjan, Inc. v. Zscaler, Inc.*, No. 17CV06946JSTKAW, 2019 WL 1528422, at *2 (N.D. Cal. Apr. 9, 2019) (same).

Please supplement these responses by September 18th, 2020.

   b. *Interrogatory No. 5*

Interrogatory No. 5 requests information about Singular's damages theories. In its response, Singular parroted the text of 35 U.S.C. § 284, stating that Singular is entitled to no less than a reasonable royalty. Based on this response, we understand that Singular does not intend to pursue damages based on lost profits; please let us know if our understanding is incorrect.

   c. *Interrogatory No. 7*

Interrogatory No. 7 requests information about Singular's willfulness allegations. In its response, Singular failed to identify a date it contends Google first became aware of the Patents-in-Suit, as requested by the interrogatory. Singular's refusal to identify a date prejudices Google's ability to defend against Singular's allegations of willful infringement.

Please supplement this response by September 18th identifying a date Singular contends Google became aware of the Patents-in-Suit.

   d. *Interrogatory Nos. 8 & 11*

Interrogatory Nos. 8 and 11 request information about Singular's efforts to license and commercialize the Patents-in-Suit. Rather than provide a substantive response, Singular unilaterally granted itself an extension until September 4th to respond to Google's requests, incorporating under Rule 33(d) forthcoming documents and promising a simultaneous interrogatory supplement. On September 5th, Singular produced documents, none of which related to licenses or commercialization attempts. And as of the date of this letter, Singular has yet to supplement its interrogatory response identifying specific documents that respond to Google's interrogatory, as is required by Rule 33(d). Thus, without explanation, Singular has provided no substantive response to these interrogatories.

Accordingly, please supplement these responses by September 18th, 2020.

September 10, 2020
Page 3

## 2. Singular's RFP Responses

In response to Google's RFPs, Singular committed to produce documents amidst numerous and often conflicting objections and qualifications that render meaningless many of Singular's commitments to produce documents.

In RFP No. 37, for example, Google requests "All documents supporting, refuting, or otherwise relating to Singular's claim that any infringement of the Patents-in-Suit by Google was willful." Singular objected that the request was designed to harass Singular and that the phrase "otherwise relating to" is vague. Following these objections, Singular responded that "no documents exist that refute Singular's allegations that Google's infringement was (and is) willful," and that Singular would produce responsive documents. Please confirm that Singular is not withholding documents based on its objections to this request.

Similarly, in RFP No. 64, Google requests documents Singular intends to rely on at a hearing or in trial. Singular objected that the RFP was vague in its request for documents Singular intends to "use," before committing to produce documents and things "to the extent . . . required to be produced in advance of any hearing and/or trial." In light of this qualification, which suggests Singular has some basis for withholding relevant documents, please confirm Singular's intention with respect to this request.

If Singular is withholding documents or categories of documents in response to these or any of Google's RFPs, Singular should specifically so state. Indeed, Rule 34(b)(2)(C) provides that an objection to requests for production "must state whether any responsive materials are being withheld on the basis of that objection." *See Guarriello v. Family Endowment Partners, LP*, No. 14-CV-13351-IT, 2015 WL 12953233, at *2 (D. Mass. Dec. 21, 2015) ("If Defendants have withheld any responsive information on the basis of an objection, Plaintiffs are entitled to know that so that they can challenge the sufficiency of the objection."); *Bucceri v. Cumberland Farms, Inc.*, No. 1:15-CV-13955-IT, 2020 WL 58428, at *4 (D. Mass. Jan. 6, 2020) ("The producing party . . . need[s] to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection.") (quoting Rule 34(b)(2)(C)).

Unless and until Singular represents otherwise, Google will assume Singular is producing all documents responsive to Google's requests.

## 3. Singular's Document Production

In Singular's initial document production, Singular failed to include any documents related to the funding it received from DARPA, which Singular identified in response to Google's Interrogatory No. 9. It is Google's understanding that generally, under the Bayh-Dole Act, 35 U.S.C. § 200, *et seq.*, small businesses may elect to retain title to any invention developed pursuant to a government contract *only* upon fulfilling certain obligations imposed by the statute, including, for example, by disclosing to the federal government the subject invention. *See* § 202(c)(1). Because documents proving such disclosure directly pertain to Singular's

September 10, 2020
Page 4

ownership of the asserted patents, Singular is required to produce them under the local rules. *See* Rule 16.6(d)(1)(C) (the parties shall disclose "Documents (including, without limitation, any licenses or assignments) sufficient to establish that the patentee owns the asserted patent(s) or has the authority to assert the patent(s).").

By September 18th, please either produce these documents or confirm that they do not exist.

Very truly yours,

*Matthias Kamber*

Matthias Kamber