# Exhibit 19

| | |
|---|---|
| **From:** | Anna Porto |
| **Sent:** | Monday, November 30, 2020 11:44 AM |
| **To:** | Ercolini, Michael |
| **Cc:** | Matthias Kamber; kgayleluz@princelobel.com; abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; Andrew S. Bruns; Christopher S. Sun; Deeva V. Shah; Jay Rapaport; Patty Lemos; Michelle Ybarra; Robert Van Nest; wgs-singularv.google@wolfgreenfield.com; singular@princelobel.com |
| **Subject:** | RE: Singular Computing LLC  v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003 |

Counsel,

We continue to await Singular's long-promised supplement to interrogatories 8 and 11.  When can we expect Singular's supplemental responses? You also mentioned an accompanying document production, does Singular plan to make a production this week?

Thanks,
Anna

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Thursday, November 19, 2020 6:25 PM
**To:** Anna Porto <APorto@keker.com>
**Cc:** Matthias Kamber <MKamber@keker.com>; kgayleluz@princelobel.com; abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; Andrew S. Bruns <ABruns@keker.com>; Christopher S. Sun <CSun@keker.com>; Deeva V. Shah <DShah@keker.com>; Jay Rapaport <JRapaport@keker.com>; Patty Lemos <PLemos@keker.com>; Michelle Ybarra <MYbarra@keker.com>; Robert Van Nest <RVanNest@keker.com>; wgs-singularv.google@wolfgreenfield.com; singular@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003

**[EXTERNAL]**

Dear Anna,

I am following up on the below email regarding Singular's supplementation of its response to Interrogatory Nos. 8 and 11, which we anticipated serving tomorrow, Friday, November 20, 2020.  Unfortunately, because Singular continues to be hampered in its efforts to obtain the needed third-party consent to produce the materials in question, it appears we will be unable to make the production by tomorrow.  The needed consent concerns previously agreed-to confidentiality provisions that are quite strict, and it has not been for a lack of diligence that Singular has yet been unable secure the necessary consent.  We will continue to be diligent to secure same, and will keep Google apprised of any developments ahead of our supplementation, which we hope can take place as early as next week.  Again, we thank you for your patience in this matter.

Best regards,


Michael Ercolini



1

Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8084 direct
617 775 1489 mobile
mercolini@princelobel.com



**From:** Ercolini, Michael
**Sent:** Wednesday, November 18, 2020 8:50 PM
**To:** Anna Porto <aporto@keker.com>
**Cc:** mkamber@keker.com; Gayle-Luz, Keisha <kgayleluz@princelobel.com>; abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; abruns@keker.com; csun@keker.com; dshah@keker.com; jrapaport@keker.com; plemos@keker.com; mybarra@keker.com; rvannest@keker.com; wgs-singularv.google@wolfgreenfield.com; Singular <Singular@princelobel.com>
**Subject:** Re: Singular Computing LLC v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003

Dear Anna,

Singular will be providing a supplemental response to Interrogatory Nos. 8 and 11 this Friday, November 20. That supplement will be accompanied by a document production relating to the supplemental response. We thank you for your patience on this matter.

Regarding Interrogatory Nos. 1, 2 and 6, Singular will not at this time provide a second supplement to the responses we served on October 28, 2020, and we maintain that those supplemental responses exceed what is required of Singular in advance of claim construction. Acknowledging that courts have taken differing views on this issue—in contrast to the opinions cited by your email, we urge you to *see, e.g., Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 2017 WL 3130414, at **2-3 (E.D. Wis. Jul. 24, 2017); *Balt. Aircoil Co., Inc. v. SPX Cooling Techs. Inc.*, 2016 WL 4426681, at *7 (D. Md. Aug. 22, 2016), *aff'd*, 721 Fed. Appx. 983 (Fed. Cir. 2018)*;* and *Boston Scient. Corp. v. Micrus Corp.,* 2007 WL 174475, at *1 (N.D. Cal. Jan. 22, 2007)—we continue to believe our responses adequate.

Please let us know if you have any questions in advance of Singular's supplementation and production on Friday, November 20, 2020.

Best regards,


Michael Ercolini



Prince Lobel Tye LLP

One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8084 direct

mercolini@princelobel.com



On Nov 16, 2020, at 4:20 PM, Anna Porto <aporto@keker.com> wrote:

Counsel,
Please provide a response to this correspondence of last week.
Thanks,
Anna

**From:** Anna Porto
**Sent:** Monday, November 9, 2020 9:14 AM
**To:** Ercolini, Michael <mercolini@princelobel.com>; Matthias Kamber <MKamber@keker.com>
**Cc:** kgayleluz@princelobel.com; abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; Andrew S. Bruns <ABruns@keker.com>; Christopher S. Sun <CSun@keker.com>; Deeva V. Shah <DShah@keker.com>; Jay Rapaport <JRapaport@keker.com>; Patty Lemos <PLemos@keker.com>; Michelle Ybarra <MYbarra@keker.com>; Robert Van Nest <RVanNest@keker.com>; wgs-singularv.google@wolfgreenfield.com; singular@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003

Counsel,

We write to follow-up on Singular's interrogatory responses, which remain deficient.

*First*, Singular still has not provided a substantive response to interrogatories 8 and 11.  You have stated repeatedly that Singular would supplement its responses to incorporate documents under Rule 33(d), but Singular has not done so.  Furthermore, these interrogatories request that Singular provide a description of licenses and commercialization attempts, including individuals involved in those attempts, and thus there is no reason Singular's responses depend on its document production.  Please provide a date on which Singular will supplement its responses, identifying the persons involved in Singular's licensing and commercialization attempts, as the interrogatories request.

*Second*, Singular's supplemental responses to interrogatories 1, 2, and 6 are improper.  With respect to interrogatories 1 and 6, courts have required that discovery responses related to priority date and dates of conception and reduction to practice include an express date, rather than a date "no later than," as Singular provided.  *See Blue Spike, LLC v. Adobe Sys., Inc.*, No. 14-CV-01647-YGR(JSC), 2015 WL 335842, at *7 (N.D. Cal. Jan. 26, 2015) (striking "no later than" from infringement contentions where defendant was "concern[ed] that [plaintiff] may use the 'no later than' language to assert a much earlier priority date further down the line[.]"); *Beckman Coulter, Inc. v. Sysmex Am., Inc.*, No. 18-CV-6563, 2019 WL 1875356, at *2 (N.D. Ill. Apr. 26, 2019) (rejecting range beginning "'about October 2, 1996' leaving room for earlier dates"); *IMAX Corp. v. In-Three, Inc.*, 2005 U.S. Dist. LEXIS 138072005 WL 5434580 (C.D. Cal. July 8, 2005) (ordering plaintiffs to provide the "precise date of conception" in response to interrogatory); *Bayer Healthcare LLC v. Pfizer Inc.*, 12-cv-00630, Dkt. 110 (N.D. Ill. Apr. 25, 2012) (requiring plaintiff to "provide specific dates in response to the interrogatory concerning conception and reduction–to–practice.").  Unless and until Singular provides an express, earlier date, Google will assume that Singular's asserted priority date and date of conception and reduction to practice is June 19, 2009—the only date Singular has provided.  With respect to interrogatory 2, which requests information about Singular's first written description, sale, and public use of the claimed invention, Singular's response fails to commit even as to whether Singular sold or publicly disclosed the claimed invention.  Singular's response that any sale, disclosure, or public use "to the extent it occurred," took place "no earlier" than the provisional application is uninformative.  Information about Singular's activities related to the claimed invention is within Singular's possession, and Singular should provide it.  Please provide a date on which Singular will supplement this interrogatory.

Best,
Anna

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Wednesday, October 28, 2020 8:50 AM
**To:** Matthias Kamber <MKamber@keker.com>
**Cc:** kgayleluz@princelobel.com; abhansali@kblfirm.com; mkwun@kblfirm.com; nhueston@kblfirm.com; Andrew S. Bruns <ABruns@keker.com>; Christopher S. Sun <CSun@keker.com>; Deeva V. Shah <DShah@keker.com>; Jay Rapaport <JRapaport@keker.com>; Patty Lemos <PLemos@keker.com>; Michelle Ybarra <MYbarra@keker.com>; Robert Van Nest <RVanNest@keker.com>; Anna Porto <APorto@keker.com>; wgs-singularv.google@wolfgreenfield.com; singular@princelobel.com
**Subject:** Singular Computing LLC v. Google LLC - C.A. No. 1:19-cv-12551-FDS - Singular Production Volume 003

[EXTERNAL]

Counsel,

Enclosed for service please find Singular's Supplemental Responses and Objections to Google's Interrogatory Nos. 1-12.  Per the enclosed, Singular has supplemented its responses to Interrogatory Nos. 1-2 and 6.

Best regards,

**Michael Ercolini**


Prince Lobel Tye LLP

One International Place, Suite 3700

Boston, Massachusetts 02110

617 456 8084 direct
617 775 1489 mobile
mercolini@princelobel.com



___

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not
otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.

5