**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**REDACTED VERSION** |

**PLAINTIFF SINGULAR COMPUTING LLC'S
OPPOSITION TO DEFENDANT GOOGLE INC.'S
MOTION TO COMPEL**

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian M. Seeve (BBO #670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this brief in opposition to the motion of defendant, Google Inc. ("Google"), to compel further discovery responses ("Motion" or "Mot.").[1]  For the reasons set forth below, the Motion should be denied.

## I. BACKGROUND

Singular alleges herein that Google's Tensor Processing Units ("TPU") v.2 and v.3 infringe four claims of three Singular patents.  Google has installed thousands of the accused TPU devices throughout Google's datacenters in the U.S.  As set forth in the Amended Complaint, Singular alleges that Google's TPU devices are unlawfully copied from designs for a Low Precision High Dynamic Range ("LPHDR") computer that Singular's Principal and inventor (Dr. Bates) disclosed to Google under Non-Disclosure Agreements. *See*, *e.g.*, Amended Complaint (Dkt. No. 37) at ¶¶ 13-21.  After such disclosures by Dr. Bates, Google quickly installed the accused TPU LPHDR computers into its datacenters, thereby saving billions of dollars that Google otherwise would have had to invest to expand its then-existing computer technology. *Id.* at ¶¶ 22-25.

The parties are currently in the middle of fact discovery and claim construction briefing.  Each party has submitted its opening claim construction brief. *See* Dkt. Nos. 111 (Google), 112 (Singular).  Pursuant to the Scheduling Order, reply briefs are due to be filed on February 8, 2021.  The *Markman* hearing is set for March 31, 2021. *See* Dkt. No. 70.

## II. SUMMARY OF ARGUMENT

Google's present Motion requests the Court to compel Singular:

1) to produce test code and output files cited in the First Amended Complaint and in Singular's Infringement Contentions. *See* Mot. at 3-11;

---

[1] Singular's exhibits are submitted with the accompanying Declaration of Kevin Gannon.

2)     to provide a supplemental response to Interrogatory No. 11 directed to Singular's attempts to commercialize the inventions. *See id.* at 11-16;

3)     to provide rebuttal invalidity contentions prior to claim construction. *See id.* at 16-19.

As set forth in detail below, the Motion should be denied for the following reasons:

1)     Singular agrees to produce the code and output files. Thus, the Motion is moot as regards this issue.

2)     Singular has already provided a complete response regarding attempts to commercialize. Further, Singular is also providing herewith a "narrative" describing its efforts to commercialize the inventions.

3)     After briefing and a hearing on the issue, the Court previously denied Google's request for rebuttal invalidity contentions prior to claim construction. There is no need for the Court to revisit this issue now.

## III. LEGAL STANDARDS

A responding party is not required to conduct extensive research in order to answer an interrogatory," though "a reasonable effort to respond must be made." *United States ex rel. Martino-Fleming v. South Bay Mental Health Center, Inc.*, 332 F.R.D. 1, 7 (D. Mass. 2019) (citations omitted). Rule 33(d) does not require the identification of all documents touching on a request, but only those documents sufficient to provide a complete response. *Martino-Fleming*, 332 F.R.D. at 8 (citing *Kaneka Corp. v. Zhejiang Med. Co.*, No. CV 11-2389 SJO, 2016 WL 11266869, at *8 (C.D. Cal. Oct. 18, 2016)).

A party's familiarity with documents does not necessarily create a burden disparity precluding use of Rule 33(d). *Martino-Fleming*, 332 F.R.D. at 9 (citing *Sadofsky v. Fiesta Prods.*, 252 F.R.D. 143, 148 (E.D.N.Y. 2008)), *see also Martino-Fleming*, 332 F.R.D. at 10 (even where requesting party was likely to need 30 days to go through records, burden was substantially equal and would be placed on requesting party) (citation omitted).

Contention interrogatories that, in effect, seek expert opinions are improper. *See*, *e.g.*, *Qualcomm Inc. v. Apple Inc.*, 2018 WL 5829940, at *2 (S.D. Cal. Nov. 7, 2018); *see also Finjan, Inc. v. ESET, LLC*, No. 3:17-cv-00183-CAB-BGS, 2018 WL 4772124, at *4 (S.D. Cal. Oct. 3, 2018) ("*Finjan I*") (and cases cited therein) and *Sol IP, LLC v. AT&T Mobility LLC*, No.2:18-cv-00526-RWS-RSP, 2020 WL 60140, at **1-2 (E.D. Tex. Jan. 6, 2020). For example, interrogatories demanding an element-by-element detailed analysis of why an asserted patent is not invalid, or why it is entitled to a particular priority date, are not proper. *See*, *e.g.*, *Finjan, Inc. v. ESET, LLC*, No. 3:17-cv-00183-CAB-BGS, 2018 WL 6075797, at **2-4 (S.D. Cal. Nov. 21, 2018) (adopting *Finjan I*).

**IV.   ARGUMENT**

A.   <u>TEST CODE AND OUTPUT FILES</u>

Google asserts that Singular should produce the test code and output files cited in the First Amended Complaint and in Singular's Infringement Contentions. *See* Mot. at 3-11. Upon further consideration, Singular agrees to produce the code and output files.

B.   <u>INTERROGATORY NO. 11</u>

Next, Google asserts that Singular should be compelled to supplement its response to Interrogatory No. 11. Mot. at 11-16. Interrogatory No. 11 requests that, for each asserted patent, Singular describe:

> all facts related to any attempts to commercialize, including identifying: each commercialization attempt; each person, including third parties, who were involved in efforts to commercialize . . . including each person's role; any third parties to whom commercialization efforts were targeted; and all documents constituting, evidencing, or otherwise relating to any attempts to commercialize.

*See* Mot. at 11.

3

Google argues that the numerous documents that Singular produced in response to this interrogatory are not responsive and that Singular's response does not provide a "traditional narrative response." *Id.* at 13.[2]  Singular disagrees.  The documents that Singular produced provide the requested information.

Dr. Bates interacted with many different companies in his attempts to commercialize his invention.  Singular provided Dr. Bates' contemporaneous notes from the dates of the commercialization efforts with such relevant third parties and the related materials that could be located.  Examples of such documents include the following:

- Notes from Dr. Bates following discussion with third party ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which indicate series of discussions between the parties discussing potential business relationship and demo of Bates' prototype. *See* Exh. D.

- Notes from Dr. Bates following discussion with third party ▮▮▮▮▮▮▮▮▮▮ Company discussing possible uses for Bates' invention and potential financial terms to allow for the parties to collaborate. *See* Exh. E.

- Notes from discussion and presentation to third party ▮▮▮▮▮▮ discussing potential commercial partnership and potential license. *See* Exh. F.

Notwithstanding the foregoing, and without waiving its stated objections, Singular provides as Exhibit B herewith a "narrative" of the information contained in the produced documents.  Thus, whatever difficulties Google claims to have in understanding the previously-produced documents have been addressed.[3]  Accordingly, Google's request for a further response should be denied.

---

[2] Google also argues that Singular did not raise a burden objection to this interrogatory. *Id.*  In fact, Singular served a General Objection (No. 1) that Google's interrogatories are overly burdensome. *See* Exh. A at p. 2.  Singular incorporated these General Objections into its response to Interrogatory No. 11. *See id.* at 14.

[3] Google also complains that the documents include the handwritten notes of Dr. Bates that "make them difficult, if not impossible, to understand in a vacuum." Mot. at 14.  Google cites a few lines that it claims to be indecipherable. *Id.* at 14-15.  Pursuant to the Discovery Order,

C.      <u>INTERROGATORY NO. 14</u>

Finally, Interrogatory No. 14 requests as follows:

> Separately for each claim chart in Google's Responsive Contentions on Non-Infringement and Invalidity, served on November 6, 2020, identify what if any limitations of the Asserted Claims you contend are not in the related prior art reference and any reason(s) for that contention.

*See* Mot. at 16.

Google asserts that Singular should provide rebuttal validity contentions in response to Google's Local Rule 16.6 invalidity contentions. *See* Mot. at 16-19. This is simply a re-hash of Google's argument regarding the Scheduling Order, in which Google argued that Singular should provide rebuttal invalidity contentions prior to claim construction. The Court denied Google's request then and should deny it again now.

To recap, Google sought to insert into the Scheduling Order a deadline for Singular to respond to Google's Local Rule 16.6 invalidity contentions. Singular opposed such a provision, *inter alia*, as being contrary to the Local Rules that do not require the patentee to provide rebuttal invalidity contentions and because such contentions are premature prior to claim construction. *See* Dkt. No. 54 at p. 4.

The Court rejected Google's request at the July 24, 2020 Scheduling Conference:

> On the question of whether or not I'm going to request Singular to file a response to Google's validity contentions, I think I'll do it more conventionally and permit Google to serve a cont[ention] interrogatory, ***presumably after the claim construction order***, although it's not clear that this has to happen in that order, at least not to me.

---

Google has up to 8 hours of deposition time with Dr. Bates. *See* Joint Rule 16.1(d) Statement (Dkt. No. 54) at p. 5. To the extent that the accompanying narrative does not enlighten Google with respect to these few lines (or other parts of these documents), Google can inquire as to their meaning at the deposition of Dr. Bates.

5

*See* Exh. C, p. 5 (emphasis added; bracketed correction made by the Court in Dkt. No. 69).  This is consistent with the reasoning of Justice Reyna: "[w]here the claims have not been properly construed, the full scope of the claim is unknown . . ." *X2Y Attenuators, LLC v. Intern. Trade Com'n*, 757 F.3d 1358, 1365 (Fed. Cir. 2014) (Reyna, J. concurring); *see also Bonutti Skeletal Innovs. LLC v. Linvatec Corp.*, No. 6:12-cv-1379, 2014 WL 186123, at *4 (M.D. Fla. Jan. 16, 2014) (finding "no good reason why a statement of the legal and factual bases for Bonutti's contention that the patents-in-suit are not invalid is required prior to claim construction.").[4] Tellingly, as in *X2Y Attenuators*, 757 F.3d at 1365, Google has requested construction of one or more terms of each of the asserted claims.

As set forth in Section III *supra*, contention interrogatories that, in effect, seek expert opinions are improper at this stage of the case. *See*, *e.g.*, *Qualcomm v. Apple*, 2018 WL 5829940, at *2; *see also Finjan v. ESET*, 2018 WL 4772124, at *4 and *Sol IP v. AT&T*, 2020 WL 60140, at **1-2.  Thus, for example, interrogatories demanding an element-by-element detailed analysis of why an asserted patent is not invalid are not proper now. *See*, *e.g.*, *Finjan v. ESET*, 2018 WL 6075797, at **2-4.  As before, Singular should not be required to provide rebuttal invalidity contentions until after claim construction.

Finally, Google argues that it will be prejudiced by having to wait until claim construction is decided because fact discovery is due to close on July 23, 2021. *See* Mot. at 17. In the event that Google finds itself needing more time for discovery, its remedy is to move the Court to adjust the Scheduling Order to provide an extension of time.  Notably, however, Google

---

[4] On page 18 of its brief, Google incorrectly asserts that *Sena v. Office of Servicemembers' Group Life Ins.*, No. CIV 02-842 MV/KBM, 2003 WL 25692551, at *3 (D.N.M. Aug. 7, 2003) is the only case cited in Singular's response to Interrogatory No. 14.  In fact, Singular also cited (and quoted Justice Reyna from) *X2Y Attenuators* and *Univ. of Va. v. G.E.*. *See* Dkt. No. 118-7.

has yet to take a single deposition on any issue in this case. In any event, Google has thirteen (13) attorneys who have entered appearances in this case. Thus, given its size, Google clearly has the corporate means and resources to take a plurality of depositions within a few weeks of the discovery deadline.

## V.   CONCLUSION

For the reasons set forth above, Google's motion to compel should be denied.

Dated: January 28, 2021

Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian M. Seeve (BBO #670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on January 28, 2021, I served this document on Defendant by causing a copy to be sent via electronic mail to its counsel of record via the Court's ECF system.

*/s/ Paul J. Hayes*