## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>   Plaintiff,<br><br> v.<br><br>GOOGLE LLC<br><br>   Defendant. | Civil Action No.: 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

## GOOGLE'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL

Following months of protestation and without explanation, Singular has done an about face on two of the three issues raised in Google's motion to compel: (1) agreeing to "produce the test code and output files cited in the First Amended Complaint and in Singular's Infringement Contentions," ECF 129, Opp. Br. at 3, and (2) offering to provide a substantive response to Google's Interrogatory No. 11. Singular formally served a substantive response to Interrogatory No. 11 the evening before this filing, but Singular's concessions have not mooted Google's motion as to the test code issue because even at the time of this reply brief Singular had not produced the promised material. Singular has indicated that it may produce the test code and related results next week, but still has not committed to a date certain. *See* Declaration of Andrew Bruns, Ex. A. The Court should order Singular to provide the discovery for which Singular has provided no opposition within seven days.

That leaves just one substantive issue for the Court to address: Google's Interrogatory No. 14, which seeks Singular's response to the invalidity contentions Google served in early November. Singular has refused to respond to this interrogatory, arguing that it is premature prior to claim construction and inaccurately suggesting that compelling a response any earlier would be "contrary to the Local Rules." Neither assertion holds water. Nothing in the Local Rules, caselaw, or the facts of this case prevents Singular from responding to Interrogatory No. 14 now. To the contrary, given the limited *Markman* issues before the Court here—Singular proposed a single term for construction—there is no reason for Singular to put off providing a response. Moreover, Singular's postponement would prejudice Google: if Singular does not respond to Interrogatory No. 14 until *after* claim construction, there may be little or no time for Google to pursue necessary third-party discovery prior to the close of fact discovery. For these reasons and the reasons

1

discussed below, Google respectfully asks the Court to grant the motion to compel a response to its Interrogatory No. 14.

## ARGUMENT

### I.      Singular has everything it needs to respond to Interrogatory No. 14 now.

At the July 24, 2020 scheduling conference in this case, the Court chose not to establish a formal deadline for Singular's validity contentions. Instead, it invited Google to serve an interrogatory seeking Singular's response to Google's validity contentions. Opp. Br. at 5. Singular now suggests, contrary to the record, that the Court also ruled Singular's response to Google's contention interrogatory—Interrogatory No. 14—would not be required until after the Court issues its *Markman* order. *Id.* at 5-6. That is not true. In fact, the Court explicitly noted at the scheduling conference that it had not decided what order of operations it would require, stating that it would "permit Google to serve a cont[ention] interrogatory, presumably after the claim construction order, although ***it's not clear that this has to happen in that order***, at least not to me." *Id.* at 5 (emphasis added).

The events in the intervening six months weigh heavily in favor of requiring Singular to respond to Interrogatory No. 14 *prior to* the Court's claim construction ruling. At the time of the scheduling conference, neither the parties nor the Court could know how narrow the issues raised in claim construction would be. Singular proposed a single term for construction. Google has suggested two constructions, one of which relates to the same term Singular hopes to construe.[1] To the extent Singular believes its response to Interrogatory No. 14 hinges on a particular construction, it is free to offer arguments in the alternative in its response, and it can later amend

---

[1] Google also argues that a third term is indefinite, but the Court's ruling on Google's indefiniteness argument will have no bearing on Singular's validity contentions here.

its responses if warranted by the Court's ruling. Google made this proposal in its opening brief and Singular has offered no rebuttal. Nor has it offered any explanation as to the purported impact claim construction might have on its validity contentions.

Google's proposal is neither unfair nor unreasonable. It simply asks that Singular be held to a similar standard as Google. Nearly three months ago, Google provided its responses to Singular's infringement contentions and identified numerous prior art references as part of its invalidity contentions. At that time, the parties were still a month away from even identifying proposed constructions for claim terms. Now the parties have exchanged opening claim construction briefs, and responsive briefs will be filed on February 8, 2021. Singular's suggestion that it still cannot address the prior art now is nonsensical, particularly when Google had to provide its responsive contentions with far less information in hand.

## II.   Delaying Singular's response to Interrogatory No. 14 would prejudice Google.

As Google noted in its opening brief, the delay Singular proposes would prejudice Google. Singular's contentions as to what limitations are not disclosed or rendered obvious by the prior art references identified in Google's invalidity contentions can both narrow the issues in this case and guide Google's third-party discovery efforts going forward. But far less time, if any, will remain for third-party discovery *after* the Court issues its *Markman* ruling; the claim construction hearing is scheduled for March 31, 2021, and fact discovery closes on July 23, 2021. See ECF No. 70. Delaying Singular's responsibility to respond to Interrogatory No. 14 until after the Court issues its claim construction ruling would limit—and as a practical matter might foreclose—Google's ability to conduct relevant fact discovery.

Singular's response to this argument warrants little discussion. It contends that "Google clearly has the corporate means and resources to take a plurality of depositions within a few weeks

of the discovery deadline," Opp. Br. at 7, and to the extent Google runs out of time, Singular argues, the only remedy "is to move the Court to adjust the Scheduling Order to provide an extension of time," *id.* at 6. These arguments are misguided and beside the point.

The suggestion that Google's "means" obviate any potential prejudice rests on a misunderstanding of Google's concern. The relevant constraint here is time. Regardless of the resources that Google dedicates to this case after the Court's claim construction ruling, Google's ability to complete necessary discovery will depend on Singular's contentions, their timeliness, their completeness, and third parties' cooperation with subpoenas. That is, because this rests on third-party discovery issues, the parties' "means" have no bearing. Instead, the parties and the Court must all appreciate that these third parties may be called upon to reach deep into their archives regarding information regarding prior art from over a decade ago, which will take time. Having Singular respond with its validity contentions now would help ensure the necessary time. Furthermore, needlessly narrowing the window of time to do this work only threatens to create more work for the Court, which might be called upon to resolve motions that would otherwise be obviated with the benefit of more time.

Singular's suggestion that the only remedy here is an extension is no more sensible. Whether an extension might be appropriate in the future is a distraction from the fact that there is no good reason why Singular should not answer Interrogatory No. 14 now. In other words, Singular should not be permitted to point to the potential for extending discovery as a justification for not providing discovery that is timely and relevant.

## III.   The Local Rules and caselaw support requiring Singular to provide a response now.

The Local Rules are silent as to the time when a patentee must issue validity contentions. Instead, courts in this district have the discretion to determine when such contentions must be

served or, as here, when the patentee must provide its contentions in response to a related interrogatory. Despite the clear discretion afforded to the Court, Singular argues incorrectly that requiring a response to Interrogatory No. 14 now would be "contrary to the Local Rules." Opp. Br. at 5. That is not what "contrary" means. Even Singular acknowledges that it must, at some point, provide its validity contentions here. The Local Rules' silence as to *when* that occurs does not suggest that it should happen only after claim construction. Instead, the Local Rules contemplate a case-specific approach. For the reasons discussed here and in Google's opening brief, the circumstances of this case support requiring Singular to provide its validity contentions prior to claim construction.

Rather than identifying any reason why requiring pre-*Markman* validity contentions would be unreasonable in *this case*, Singular offers two broad rationales to support its refusal to respond to Interrogatory No. 14. Both rely on misunderstandings of the cases Singular cites.

***First***, Singular argues that contention interrogatories like this one "seek expert opinions [and] are improper at this stage of the case."  Opp. Br. at 6. But none of the three cases Singular cites on this score support its position that it need not respond to Interrogatory No. 14 now.

Indeed, the primary[2] case that Singular relies on for this argument supports *Google's* position. In *Finjan Inc. v. ESET, LLC*, as here, the defendant (ESET) sought the plaintiff's validity contentions via interrogatory. Unlike Singular, which has simply objected, Finjan provided a limited response, making clear that it disagreed with ESET's invalidity contentions. But it also objected that, among other things, the interrogatory sought "expert opinions that will be provided later." No. 17CV183 CAB (BGS), 2018 WL 4772124, at *2 (S.D. Cal. Oct. 3, 2018). As Singular

---

[2] Not only does Singular cite *Finjan* in support of its argument regarding "contention interrogatories that, in effect, seek expert opinions," Opp. Br. at 6, but *Finjan* is also relied on by the courts that wrote the two other opinions that Singular relies on here.

notes, the court ruled that Finjan was "not required to include any analysis requiring an expert opinion." *Id.* at *4. But Singular fails to mention that the court also required Finjan to substantially supplement its response. Specifically, it ordered the following:

> To the extent it has not, Finjan should provide ESET with any validity decisions that address the prior art cited by ESET for the patents-in-suit, indicating which decisions correspond to which cited prior art. Additionally, Finjan should attempt to explain the principal and material factual and legal bases for it[s] position that the patents-in-suit are not invalid based on the prior art cited by ESET.

*Id.* All that Google asks is that Singular be held to the same standard here.

The other two cases Singular cites in favor of this argument are no more helpful for its cause. As in *Finjan*, the patentee in *Sol IP, LLC v. AT&T Mobility LLC* had already responded to the relevant interrogatory seeking validity contentions (i.e., the motion to compel in that case sought a supplemental response).[3] The remaining case had nothing to do with validity contentions at all.[4]

**Second**, Singular implies that validity contentions can never be provided prior to claim construction because, without construction, Singular cannot know the scope of the claims. *Id.* at 6. For support, it cites a concurring opinion from *X2Y Attenuators, LLC v. Int'l. Trade Comm'n*: "[w]here the claims have not been properly construed, the full scope of the claim is unknown . . . ." 757 F.3d 1358, 1365 (Fed. Cir. 2014) (Reyna, J. concurring). But that case has nothing to do with the issue at hand. *X2Y Attenuators* involved an appeal from an International Trade

---

[3] *See Sol IP, LLC v. AT&T Mobility LLC,* No. 2:18-cv-00526-RWS-RSP, 2020 WL 60140, at *1 (E.D. Tex. Jan. 6, 2020) ("This Motion to Compel seeks to compel further responses to Defendants' Common Interrogatory Nos. 2, 9, and 12.").

[4] *Qualcomm Inc. v. Apple, Inc.* involved an interrogatory that asked the defendant to "identify all patent license agreements . . . that [it] contends are comparable to a license [it] would have taken in a hypothetical negotiation in this case." No. 3:17-cv-02398-DMS-MDD, 2018 WL 5829940, at *2 (S.D. Cal. Nov. 7, 2018).

Commission decision. The appellant argued, and Judge Reyna agreed, that the Commission erred by construing the claims *before* deciding whether the claims were entitled to priority. *Id.* at 1363. Of course, the notion that a *court* should construe claims before reaching a conclusion as to priority is irrelevant to the question of when a patentee can take an initial position on questions of validity. Singular seeks to stretch the import of Judge Reyna's words far beyond their intended meaning.[5]

Singular also relies on *Bonutti Skeletal Innovations LLC v. Linvatec Corp.*, No. 6:12-cv-1379, 2014 WL 186123, at *4 (M.D. Fla. Jan. 16, 2014), to support its argument that validity contentions should not precede claim construction. But Singular's citation again omits important context that renders this case inapposite. The defendant in *Bonutti* sought validity contentions prior to the *Markman* hearing in order "to assist the Court in making claim constructions that will better posture the case for summary judgment, and so that [the defendant] can respond to [the plaintiff's] contentions during the process of claim construction." *Id.* The reasoning of *Bonutti* is irrelevant here because the issue before the Court is fundamentally different. Unlike in *Bonutti*, Google has not sought the plaintiff's validity contentions *for* claim construction, but rather Google has moved to compel a response to Interrogatory No. 14 so that it can narrow the disputed issues in this case and timely complete relevant third-party discovery. Neither *Bonutti* nor *X2Y Attenuators* have any bearing here.

---

[5] The flaw in Singular's position is clear when taken to its logical conclusion. If Singular's understanding of Judge Reyna's principle were correct, much of common patent litigation practice would be turned on its head. Defendants like Google could not be expected to offer invalidity contentions prior to claim constructions. Nor could patentees like Singular prepare their infringement contentions without the benefit of the court's *Markman* ruling.

## CONCLUSION

For the foregoing reasons, and for those stated in Google's opening brief, Google respectfully requests that the Court grant its motion to compel.

Respectfully submitted,

Dated: February 4, 2021

By:  */s/ Matthias Kamber*
    Gregory F. Corbett (BBO #646394)
    gregory.corbett@wolfgreenfield.com
    Nathan R. Speed (BBO # 670249)
    nathan.speed@wolfgreenfield.com
    Elizabeth A. DiMarco (BBO #681921)
    elizabeth.dimarco@wolfgreenfield.com
    WOLF, GREENFIELD & SACKS, P.C.
    600 Atlantic Avenue
    Boston, MA 02210
    Telephone: (617) 646-8000
    Fax: (617) 646-8646

    Robert Van Nest (*admitted pro hac vice*)
    rvannest@keker.com
    Matthias Kamber (*admitted pro hac vice*)
    mkamber@keker.com
    Michelle Ybarra (*admitted pro hac vice*)
    myabarra@keker.com
    Jay Rapaport (*admitted pro hac vice*)
    jrapaport@keker.com
    Andrew Bruns (*admitted pro hac vice*)
    abruns@keker.com
    Anna Porto (*admitted pro hac vice*)
    aporto@keker.com
    Deeva Shah (*admitted pro hac vice*)
    dshah@keker.com
    KEKER, VAN NEST & PETERS LLP
    633 Battery Street
    San Francisco, CA 94111-1809
    (415) 391-5400

    Michael S. Kwun (*admitted pro hac vice*)
    mkwun@kblfirm.com
    Asim Bhansali (*admitted pro hac vice*)

8

abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750 San
Francisco, CA 94111
(415) 630-2350

*Counsel for Defendant Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, the foregoing pleading was served upon the attorneys of record for all parties by electronically filing the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to registered attorneys of record.

Dated: February 4, 2021                    <u>*/s/ Nathan R. Speed*</u>
                                                            Nathan R. Speed