# EXHIBIT 3

Paper No. __

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

GOOGLE LLC,
Petitioner,

v.

SINGULAR COMPUTING LLC,
Patent Owner.
_____

Case No. IPR2021-00164
Patent No. 9,218,156
_____

**PETITION FOR INTER PARTES REVIEW
UNDER 35 U.S.C. §§ 311-319 AND 37 C.F.R. § 42.1 et seq**

entitled to one of the intervening priority dates. To simplify the issues in this proceeding, the level of skill applied in evaluating obviousness of the challenged claims over Bates-2010 is the same 2010 level of skill used in demonstrating a lack of support in the '201 Application. Goodin, ¶¶ 42, 45. Demonstrating that the claims would have been obvious in 2010 demonstrates that they remained obvious any time in the future as POSAs' level of skill only increases over time.

### C. Claim Construction

Claim terms are construed herein using the *Phillips* standard. 37 C.F.R. § 42.100(b). Bates-2010's disclosure is identical to the '156 patent's disclosure. Because this common disclosure is the context in which the challenged claims would be construed under *Phillips* and because it provides verbatim disclosure for most terms in the challenged claims, the Board need not expressly construe any term. *Nidec Motor Corp. v. Zhongshan Broad Ocean Motor Co.*, 868 F.3d 1013, 1017 (Fed. Cir. 2017) (only terms in "controversy" need be construed).

### D. Prosecution History

The examiner allowed the challenged claims, and the claims in all other applications in the priority chain, without substantively discussing any prior art. Ex. 1042, 164-66; Ex. 1043, 164-67; Ex. 1002, 404-06.