# EXHIBIT 8

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

GOOGLE LLC,
Petitioner,

v.

SINGULAR COMPUTING LLC,
Patent Owner.

_____

Case No. TBD
Patent No. 9,218,156

_____

**DECLARATION OF RICHARD GOODIN**

Google Exhibit 1003
Google v. Singular

merely an example and does not constitute a limitation of the present invention." '156 patent, 26:6-9. Instead, the patent states that "the present invention *__may__* be implemented using technologies that *__may enable__* other sorts of traditional digital and analog computing processors" such as "various nanomechanical and nanoelectronic technologies," or "chemistry based technologies such as for [sic] DNA computing" or "nanowire and nanotube based technologies, … and *__other [unstated] technologies whether based on transistors or not__* that are capable of implementing LPHDR architectures." '156 patent, 26:6-20. Independent claim 9 recites a "wherein" clause making clear that the generic "execution unit" in the claims encompasses these technologies. '156 patent, 30:44-52.

55. Along similar lines, the "operation" the execution unit performs includes not only relatively simple arithmetic operations (11:48-52 ("addition, multiplication, subtraction, and division")), but also more complex operations such as "trigonometric functions" (27:20-29) and even "non-linear operations such as exponentiation" (1:66-2:1).

56. Additionally, the claims expressly cover **non-deterministic** implementations, *i.e.*, execution units that produce different results for different executions of the same operation on the same input. All of the challenged independent claims recite "repeated execution" of the operation on "that same input" and taking a "statistical mean" (which a POSA would have understood is an

29

average) of the output numerical values.  *See* claims 1, 16, and 33.  As I explain in paragraphs 57-60 below, a POSA would have understood that the claims expressly cover non-deterministic embodiments via the recited "statistical mean" provisions.

57. The specification says some embodiments (*e.g.*, analog embodiments) are non-deterministic.  In discussing the prior art, the patent describes prior art "[a]rray processors" that "use analog representations of numbers and analog circuits to perform computations," and states that the "**SCAMP**" computer "is such a machine."  '156 patent, 4:11-13.  The patent notes that "[t]hese machines…introduce noise into their computations, so the computations are not repeatable."  '156 patent, 4:13-17.  Later, when describing its embodiments, the patent states that "[s]ome embodiments of the present invention may include analog representations and processing methods."  '156 patent, 14:19-20.  The patent states that "[s]uch methods, often called Analog methods, can be used to perform LPHDR arithmetic in the broad range of architectures we have discussed, of which SIMD is one example," and then states that "[a]n example of an ***analog SIMD*** architecture is the ***SCAMP*** design (and related designs) of ***Dudek***," where "values have low dynamic range" and are "accurate roughly to within 1%."  '156 patent, 14:26-33.  The patent later purportedly describes "how to build an analog SIMD machine that performs LPHDR arithmetic, and is thus an embodiment of the present invention," '156 patent, 14:53-55, and states that in this purported machine,

30