```
                      UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS


   SINGULAR COMPUTING LLC,         )
                                   )
                    Plaintiff      )  Civil Action
                                   )
                                   )  No. 19-12551-FDS
   vs.                             )
                                   )
   GOOGLE LLC,                     )
                    Defendant      )



   BEFORE:  CHIEF JUDGE F. DENNIS SAYLOR, IV



                   TELEPHONIC STATUS CONFERENCE




         John Joseph Moakley United States Courthouse
                        1 Courthouse Way
                        Boston, MA 02210



                       January 12, 2021
                          3:20 p.m.






                Valerie A. O'Hara, FCRR, RPR
                     Official Court Reporter
         John Joseph Moakley United States Courthouse
                        1 Courthouse Way
                        Boston, MA 02210
                   E-mail: vaohara@gmail.com
```

APPEARANCES:

For The Plaintiff:

    Prince, Lobel, Tye, LLP, by PAUL J. HAYES, ESQ., and BRIAN M. SEEVE, ESQ., One International Place, Boston, Massachusetts 02110;

For the Defendant:

    Wolf, Greenfield & Sacks, P.C., by NATHAN R. SPEED, ESQ., 600 Atlantic Avenue, Boston, Massachusetts 02210;

    Kwun, Bhansali, Lazarus LLP, by ASIM M. BHANSALI, ESQ., 555 Montgomery Street, Suite 750, San Francisco, California 94111;

    Keker, Van Nest & Peters LLP, by MATTHIAS A. KAMBER, ESQ., 633 Battery March Street, San Francisco, California 94111.

|  |  |
|---|---|
| 1 | PROCEEDINGS |
| 2 | THE CLERK: Court is now in session in the matter of |
| 3 | Singular Computing vs. Google, LLC, Civil Action |
| 4 | Number 19-12551. |
| 5 | Participants are reminded that photographing, |
| 6 | recording or rebroadcasting of this hearing is prohibited and |
| 7 | may result in sanctions. |
| 8 | Would counsel please identify themselves for the |
| 9 | record, beginning with plaintiff's counsel. |
| 03:19PM 10 | MR. HAYES: Paul Hayes for the plaintiff, Singular. |
| 11 | THE COURT: All right. Good afternoon. |
| 12 | MR. HAYES: Good afternoon, Judge. |
| 13 | MR. SPEED: Good afternoon, your Honor, this is |
| 14 | Nathan Speed from Wolf, Greenfield & Sacks on behalf of the |
| 15 | defendant, Google. I'm joined by Matthias Kamber from Keker, |
| 16 | Van Nest. |
| 17 | MR. KAMPER: Good afternoon, your Honor. |
| 18 | MR. BHANSALI: Good afternoon, your Honor, also is |
| 19 | Asim Bhansali, Kwun, Bhansali, Lazarus for defendant, Google. |
| 03:20PM 20 | THE COURT: Good afternoon. |
| 21 | MR. SEEVE: Thank you, your Honor. This is |
| 22 | Brian Seeve of Prince, Lobel & Tye for plaintiff, Singular. |
| 23 | THE COURT: Okay. Good afternoon. All right. This |
| 24 | is a status conference in this case. The parties have filed |
| 25 | preliminary claim construction briefs. I think we have a |

1      Markman Hearing set for March 31st, and I guess let's start
2      with that.
3             Do the parties have any sense of how they would like
4      that to proceed?  Would it be attorney argument only?  Do you
5      anticipate calling experts?  It's obviously going to be by
6      Zoom, unfortunately, but how do the parties propose to proceed,
7      and how much time do you think you need?  Mr. Hayes.
8             MR. HAYES:  Your Honor, I probably would need, because
9      I'm sort of quick, anywhere between a half an hour to maybe I
03:21PM 10     think we could all do it in an hour, maybe an hour and 15
11     minutes or something to that effect.
12            At this date, I don't intend to call an expert,
13     however it would obviously depend upon the defendant's
14     position.  If they are going to call an expert, then we may
15     have to.  I don't know what their predilection is at this point
16     in time.
17            THE COURT:  It would be in the nature of a tutorial,
18     you know, mixed in with the argument would be the point, I
19     guess.
03:21PM 20            MR. HAYES:  Right, right.
21            THE COURT:  It's not expert testimony in the normal
22     sense.  What's the defense's thinking on this?
23            MR. KAMBER:  Your Honor, Matthias Kamber on behalf of
24     Google.  We were going to ask about the tutorial question and
25     whether and when you wanted it and proposing it with the

1    Markman itself.  I think it could probably be done in about 30
2    minutes, and we would propose that lawyers or attorneys just
3    handle that in lieu of having experts there.
4            I will though note that one of the issues that we have
5    teed up in our Markman brief is one of indefiniteness, and per
6    the Federal Circuit's guidance, we did submit a declaration
7    from an expert in support of that argument.
8            I don't think we necessarily need to have the expert
9    testify at the hearing unless your Honor wants that.  We have
03:22PM 10   the declaration instead, but, again, if you would like that or
11   if the other side feels like cross-examination at the actual
12   hearing is necessary, then, of course, we will make him
13   available and have him attend.
14           MR. HAYES:  Your Honor.
15           THE COURT:  I'm sorry, Mr. Hayes.
16           MR. HAYES:  Oh, I'm sorry, I didn't want to interrupt
17   you.  We don't need, we don't see a need for cross-examination
18   of an expert if they chose to use one.
19           THE COURT:  Okay.  I mean, here's the thing, it's a
03:23PM 20   Markman Hearing.  My question is, you know, the better I
21   understand this, at least I hope this is both of your
22   positions, you know, the more likely I am to make, you know, an
23   appropriate ruling.
24           I'll leave it to you to set this up, you know, how you
25   think best.  I guess I should say that while I don't think that

1    I'm unintelligent, this is not necessarily my field of
2    expertise, let's put it that way, or maybe coming at it from a
3    different angle, I have antique cars that are more than 100
4    years old.  I'm very comfortable with that technology, less so
5    perhaps with things that are a little more current, so you can
6    set this up and educate me any way you think is appropriate,
7    you know, attorney argument or whatever, I don't really care,
8    it's just a matter of preparing your case.
9           Given the representations, what I'm going to do is I'm
10   going to hold the morning, you know, meaning that you probably
11   ought to expect to take no more than an hour per side, but
12   we'll have a little bit of wiggle room for questions or a break
13   or whatever, and we'll leave it at that, okay, and if you want
14   to proceed on a different path, we have another conference
15   coming up I think in February, and we can raise those issues at
16   that point.
17          Okay.  So that will be the game plan.  Anything --
18   and, obviously, we'll have more briefing by then.  It's my
19   practice not to read the briefs until I have everything in hand
20   because it's hard to keep an open mind until you've had a
21   chance to read both sides, so I'll wait on that.
22          Anything else that requires my instantaneous or that
23   you want to take up while I have all of you here?
24          Mr. Hayes, anything?
25          MR. HAYES:  Not in particular, Judge.  It's sort of

1  going along as usual.  There's nothing real catastrophic that I
2  think needs to be argued or whatever at this point in time.
3          THE COURT:  I'll take that, nothing catastrophic is
4  music to my ears.
5          MR. HAYES:  Judge, maybe if you are into 100 year old
6  cars, maybe you're good on the prior art.
7          THE COURT:  Well, yes, up to a point maybe, like an
8  abacus, how about that?  Mr. Kamber or anything from the
9  defense, anything you want to take up?
03:26PM 10         MR. KAMBER:  Just to preview it for your Honor, the
11  parties had a meet and confer about some discovery issues where
12  for better or worse, we are at an impasse and will likely have
13  to seek the Court's guidance.  We're hoping, we're planning to
14  file that before the end of the week, if not within the next
15  few days, and I will assume that we will likely be referred to
16  Judge Cabell, but otherwise I think discovery is moving along
17  and we are working and getting things really underway on the
18  electronically-stored information discovery is the next step.
19         THE COURT:  Okay.  All right.  Unless there's anything
03:26PM 20  further then, thanks, and we will reconvene again on February,
21  the 23rd.  Okay.  Thanks, everyone.
22         MR. HAYES:  Okay.  Thank you, stay safe.
23         (Whereupon, the hearing was adjourned at 3:26 p.m.)
24
25

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS ) ss.
CITY OF BOSTON )

    I do hereby certify that the foregoing transcript, Pages 1 through 8 inclusive, was recorded by me stenographically at the time and place aforesaid in Civil Action No. 19-12551 -FDS, SINGULAR COMPUTING LLC vs. GOOGLE LLC and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

    Dated February 19, 2021.

                  s/s Valerie A. O'Hara

                  _____

                  VALERIE A. O'HARA
                  OFFICIAL COURT REPORTER