UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Singular Computing LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Google LLC,<br><br>    Defendant. | No. 19-cv-12551-FDS |

**ORDER ON DEFENDANT'S MOTION TO COMPEL (D. 116)**

CABELL, U.S.M.J.

  Defendant Google LLC ("Google") has moved to compel plaintiff Singular Computing LLC ("Singular") to produce certain discovery. (D. 116). The parties have since its filing narrowed the scope of the motion and the sole remaining issue is whether Singular should be compelled to respond to Google's Interrogatory No. 14, which seeks Singular's contentions regarding the validity of the asserted patents. (D. 116). For the reasons discussed briefly below, the court <u>allows</u> the motion.

  For context, Google previously served upon Singular its Responsive Contentions Regarding Non-Infringement and Invalidity, in accordance with Local Rule 16.6. See D. 117, pg. 16. Those contentions identified more than two dozen pieces of prior art which, according to Google, anticipate and/or render obvious one or more claims of the asserted patents under 35 U.S.C. §§ 102

and/or 35 U.S.C. § 103.  Id.  Google subsequently propounded Interrogatory No. 14 requesting the following:

> Separately for each claim chart in Google's Responsive Contentions on Non-Infringement and Invalidity, served on November 6, 2020, identify what if any limitations of the Asserted Claims you contend are not in the related prior art reference and any reason(s) for that contention.

In objecting to the interrogatory and opposing Google's motion, Singular argues that Local Rule 16.6 does not require the patentee to provide rebuttal invalidity contentions at this stage, because such an interrogatory would be seeking expert testimony.  Singular also argues that it would be premature to provide invalidity contentions prior to claim construction, since the scope of the claims would be unknown.  Singular argues that its position is consistent with its opposition to Google's attempt at the July 24, 2020 scheduling conference to insert a deadline for Singular's response to Google's invalidity contentions.  (D. 129).  Singular notes further that the district judge appeared to endorse Singular's position at the conference, stating, "I think I'll do it more conventionally and permit Google to serve a cont[ention] interrogatory, presumably *after* the claim construction order, although it's not clear that this has to happen in that order, at least not to me."  (D. 129) (emphasis added).

2

In response, Google disputes Singular's interpretation of the significance of the court's statement at the scheduling conference, arguing that the court "had not decided what order of operations it would require," and instead had "invited Google to serve an interrogatory seeking Singular's response to Google's validity contentions." Google argues that it would be prejudiced if Singular did not respond to its interrogatory until after claim construction, because there would be little or no time for Google to pursue necessary third-party discovery prior to the close of fact discovery on July 23, 2021. Google contends that these third parties might have to spend time searching their archives for information regarding prior art from over a decade ago.

In this court's view, the discovery at issue should more appropriately be produced now rather than after claim construction. Although Local Rule 16.6 is silent about the timing for a patentee to issue validity contentions, a court has discretion in deciding when such discovery should be produced. *See* L.R. 16.6, D. Mass. ("The court may modify the obligations or deadlines set forth in this rule based on the circumstances of the particular case . . ."); Fed. R. Civ. Pro. 26(d) ("methods of discovery may be used in any sequence . . ."). And, while it is true that the district judge initially stated, common

3

sensically, that a contention interrogatory would probably follow the claim construction order, he recognized at the same time that "it's not clear that this has to happen in that order."

To this court, it makes sense in the interests of efficiency and the litigation schedule presently in place to allow the contention interrogatory to be addressed now.  First, the case has been proceeding apace and the parties have already exchanged preliminary claim construction briefs, (D. 111, 112), as well as reply briefs, (D. 134, 135).  The court presumes, therefore, that the plaintiff at a minimum has already given some thought to its validity contentions.  Further, given that the Markman Hearing will not occur until March 31, 2021, a delay in Singular's response to Interrogatory No. 14 until after the issuance of the court's ruling on claim construction would necessarily delay Google's anticipated discovery based on information that Singular provides in its response.  Further still, this court finds reasonable Google's suggestion that Singular, if it believes its response hinges on a particular construction, can in its response offer arguments in the alternative, and if appropriate seek to amend its response at a later date.  *See e.g., Finjan Inc. v. ESET, LLC*, No. 17CV183 CAB (BGS), 2018 WL 4772124, at *4 (S.D. Cal. Oct. 3, 2018) (court

ordered Finjan to supplement its limited response that it disagreed with ESET's invalidity contentions without requiring analysis of an expert opinion).

Accordingly, the motion to compel is _allowed_; the plaintiff is ordered to respond to Interrogatory No. 14 within fourteen (14) days of this Order.

**_So Ordered._**                                     /s/ Donald L. Cabell
                                                     DONALD L. CABELL, U.S.M.J.

DATED:  March 12, 2021