# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>      Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>      Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

# PLAINTIFF'S REQUEST FOR A STATUS CONFERENCE
# REGARDING DISCOVERY DISPUTE

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian M. Seeve (BBO #670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully requests the Court to schedule a Status Conference in this case, at the Court's earliest convenience, to resolve a discovery dispute that is preventing Singular from proceeding with long-ago noticed depositions in this case.

*Summary*:  Singular has requested Google to produce the following key witnesses for deposition in this case:

Jeffrey Dean: requested on July 10, 2020 for a deposition on September 28, 2020 (Declaration of Kevin Gannon ("Gannon Dec."), Ex. A); re-noticed on March 10 for March 23, 2021 (Gannon Dec., Ex. B);

Google by Rule 30(b)(6): requested on October 2, 2020 for a deposition on October 23, 2020 (Gannon Dec., Ex. C); re-noticed on March 10, 2021 for March 22, 2021 (Gannon Dec., Ex. D);

Obi Felton: requested on March 10, 2021 for a deposition on April 8, 2021 (Gannon Dec., Ex. E); and

Jennifer Wall: requested on July 10, 2020 for a deposition on September 30, 2020 (Gannon Dec., Ex. F); re-noticed on March 11 for April 15, 2021 (Gannon Dec., Ex. G)[1];

Google interposed a plethora of objections.  As a result, these depositions have not been taken and dates have not been agreed-upon for taking them.  It is now approximately eight months since Singular filed its original notices in July 2020.  Google now asserts, *inter alia*, that

---

[1] Singular is scheduled to take the deposition of David Patterson today, March 25, 2021. Singular was originally scheduled to take this deposition on March 10, 2021 but Google pulled the deposition at the last minute over alleged "security concerns." (Gannon Dec., Ex. H). Specifically, Google objected to Singular using Esquire/WebEx and Agile Law, both of which are standard, widely used deposition-services platforms for remote depositions with robust security features.  Google is insisting that Singular use Google products to take the depositions of Google's witnesses.

1

it should not have to produce witnesses until Singular completes the produced the electronically-stored information ("ESI") requested by Google. Gannon Dec., Ex. I.

As set forth below, Google's position is untenable because a party cannot condition depositions upon its adversary's discovery responses. Moreover, infringement is proven by the actions of Google, not Singular. Thus, Singular's ESI production is not the issue and completion of Singular's ESI production is not a prerequisite for Google producing these witnesses. Given the foregoing and the fact that the Fact Discovery deadline of July 23, 2021 is approaching, Singular urgently requests the Court to schedule a Status Conference to address this discovery logjam.

## DISCUSSION

There is no requirement in the Federal Rules of Civil Procedure that any particular type of discovery be sought before another. *See*, *e.g.*, *Progressive Cas. Ins. Co. v. Fed. Deposit Ins. Corp.,* No. 13-1043, 2014 WL 12787793, at *3 (D.D.C. Jan. 9, 2014) (citation omitted). Thus, "there is no rule requiring that depositions of every witness, or any particular witness, must await the final production of every document in the case." *Freedom Med., Inc. v. Premier Purchasing Partners, L.P.*, No. 5:09CV152, 2011 WL 13196168, at *6 (E.D. Tex. Apr. 29, 2011). Therefore, a party is not justified in refusing to produce a witness for deposition until document production has been completed. *See*, *e.g.*, *Teletel, Inc. v. Tel-Tel U.S. Corp.*, No. 99Civ.4811, 2000 WL 1335872, at *2 (S.D.N.Y. Sept. 15, 2000).

Here, as set forth above, the depositions were requested long ago. Google has not moved for a Protective Order. Google's asserted objections regarding ESI production notwithstanding, this discovery must proceed in accordance with the Scheduling Order (Dkt. No. 70). The fact discovery deadline is July 23, 2021. *Id.* It is apparent that Google is not going to produce these

witnesses voluntarily as requested by Singular. Instead, Google hopes to delay the depositions and continue in a legal no-mans' land created by its plethora of ongoing objections.

Singular needs to take these depositions as soon as possible in order to obtain information to take additional depositions and meet the fact discovery deadline in this case. Apparently, as matters presently stand, that will not happen absent intervention by the Court. As a result, Singular requests the Court to schedule a Status Conference as soon as may be convenient in order to address this issue.

Dated: March 25, 2021                                Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian M. Seeve (BBO #670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

## **LOCAL RULE 7.1(a)(2) CERTIFICATION**

I, hereby certify, pursuant to L.R. 7.1(a)(2), that counsel for both parties have conferred and attempted in good faith to resolve or narrow the issues raised in this motion.

*/s/ Paul J. Hayes*

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                      */s/ Paul J. Hayes*