# EXHIBIT I

**From:** Andrew S. Bruns [mailto:abruns@keker.com]
**Sent:** Tuesday, March 23, 2021 3:20 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>
**Cc:** mkamber@keker.com; wgs-singularv.google@wolfgreenfield.com; kvpsingular@keker.com; Singular <Singular@princelobel.com>
**Subject:** RE: Singular Rule 30(b)(6) Notice of Deposition

Michael,

Thank you for your email, but your message misrepresents several aspects of yesterday's call as well as the parties' dealings in recent months.

First, regarding Singular's new 30(b)(6) notice, served March 10: Singular served a massive, 102-topic deposition notice on October 2, 2020. Within a week, Google responded via letter, objecting to numerous aspects of the topics in that notice, including its unduly burdensome length, its effort to seek information that is inappropriate via 30(b)(6) deposition (e.g., Google's contentions and testimony about individuals' knowledge), and information that is inappropriate for any type of discovery (e.g., clearly privileged information). Our letter suggested a meet and confer. You never responded. Shortly thereafter, Google served formal objections to your notice and again offered to meet and confer. Again, you never responded. In fact, Singular's next communication regarding Rule 30(b)(6) came nearly five months later when you served a second Rule 30(b)(6) notice. That same day, I asked you via email whether Singular's March 10 30(b)(6) notice was replacing its original notice from October 2020. You did not respond for a week. Your eventual reply ignored that question and asked Google to provide a witness and dates for their deposition related to the 12 topics in the March notice. On yesterday's call, for the very first time, you made clear that Singular's March notice is not intended to replace the original nor does Singular intend to withdraw any of the 102 topics in that original notice and may, in fact, add more. Instead, Singular intends to split its original notice into subparts, which it will serve *ad seriatum*.

As we explained during yesterday's meet and confer, Singular's approach is unnecessarily cumbersome, inconvenient, and improper. Your suggestion that nothing in the FRCP sets limits on Rule 30(b)(6) depositions is also inaccurate. As we noted yesterday, Rule 30 requires Google to identify and prepare a deponent to speak on behalf of the corporation. That rule also demands that parties seek leave of Court prior to seeking a second deposition of any deponent, including a corporation via Rule 30(b)(6). Not only is Singular's proposed approach at odds with the FRCP, it is also needlessly inconvenient to the parties, the Court, and to potential witnesses. It would require multiple rounds of objections and conferring on the scope of topics instead of one. It may also waste the Court's resources if disputes arise over multiple notices rather than one. And it would invite situations in which single individuals may be prepped multiple times for multiple depositions. There is simply no legitimate reason for Singular to serve serial deposition Rule 30(b)(6) deposition notices, nor could you provide one on yesterday's call.

As for the deposition notices you served on March 10, 2021 for Jeff Dean, Obi Felten, and Jennifer Wall, your email also fails to note that Google's unwillingness to produce Dr. Dean or Ms. Felten prior to the completion of Singular's ESI production is based on the fact that Singular alleges both had direct interactions with Dr. Bates. Allowing Singular to depose these witnesses prior to its production of any documents in Singular's possession related to their alleged interactions with the plaintiff would severely prejudice Google. Your proposed 30(b)(6) approach only exacerbates Google's concerns. Given your refusal to withdraw any of the 102 topics Singular served in October 2020 or even commit to that unduly burdensome list as exhaustive makes it impossible for Google to determine which witnesses it should designate as corporate representatives. Without resolution of that issue, Google is not willing to produce witnesses now that it may later designate as 30(b)(6) witnesses. In the interim, Google has shown its willingness to produce witnesses that do not fall into this category (e.g., David Patterson and Catherine Tornabene).

Your email below suggests that the Rule 30(b)(1) depositions should proceed now because Google is somehow to blame for Singular's delayed production, but that could not be farther from the truth. Google provided you with twelve search strings (not 220 terms) on January 20. You did not provide hit counts until two weeks later on February 3, and at that point did not clarify

whether those numbers included families and whether they reflected de-duplicated documents.  We responded two days later, requesting clarification of those two issues and asking for more granular hit counts to better understand what terms Google needed to modify.  Singular took an additional two weeks to respond with granular hit counts on the same terms on February 19. And Singular still failed to indicate whether the new counts it provided were de-deduplicated and/or included families.  Singular later explained that its February 19 hit counts contained families while its February 3 counts did not.  But even still, Singular's counts include numerous anomalies that Singular has still not explained. For instance, the number of hits for the term "S1 or S-1" increased from 2,218 hits to 47,007 hits once families (i.e., attachments) are included. In other words, each of those 2,218 emails has an average of more than 21 attachments. As we explained in an email on March 2 and again in a meet and confer the next day, those numbers suggest that Singular's database contains tens of thousands of "program files" falsely elevating its counts. We asked for more information on this issue in order to thoughtfully and effectively modify our search terms. You have yet to explain these anomalies. Google nonetheless has significantly culled its search terms in hopes of reaching a compromise and finally moving ahead with discovery. We provided that revised set of terms on March 11. As of now, you have still not provided revised hit counts, despite your representation on yesterday's call that these counts have been in your possession since Friday. In total, Singular's delays in providing hit counts for Google's search terms has accounted for roughly 40 days and counting. That is why Singular's ESI production has yet to begin, while Google's is nearly complete.

As we made clear yesterday, Google is willing to schedule the depositions of Dr. Dean, Ms. Felten, and Ms. Wall, but not until Singular's ESI production is complete and its Rule 30(b)(6) topics are settled.  As we noted on our call, we intend to serve formal objections to Singular's new Rule 30(b)(6) topics this week and are willing to meet and confer regarding those topics, as required by Rule 30, provided that they represent the entirety of Singular's Rule 30(b)(6) topics. Based on yesterday's call and your email, however, it appears that the parties are already at an impasse. Accordingly, Google intends to move for a protective order in short order. A discovery conference at this juncture over issues that are not yet, but soon will be, briefed makes little practical sense. If, however, Singular insists on proceeding with such a call, Google will participate as the Court sees fit.

Best,
Andy

**Andrew Bruns**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8821 direct | 415 391 5400 main
abruns@keker.com | vcard | keker.com
*Pronouns: he/him/his*

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Monday, March 22, 2021 2:25 PM
**To:** Andrew S. Bruns <ABruns@keker.com>
**Cc:** Matthias Kamber <MKamber@keker.com>; wgs-singularv.google@wolfgreenfield.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** RE: Singular Rule 30(b)(6) Notice of Deposition

**[EXTERNAL]**

Counsel,

I am following up on our meet and confer this afternoon to discuss scheduling of previously noticed depositions for Jeff Dean, Obi Felton, and Jenn Wall, as well as Singular's most recent 30(b)(6) notice.  As Google clarified during the call, it does not intend to produce Dean or Felton until Singular has completed its ESI production pursuant to the 220 search terms that Google

2

provided. As we've informed you several times, those terms reach the entirety of Dr. Bates' email correspondence over a ten year period and cover search terms that are unreasonable under any circumstance.

As you further informed us during the call, Google does not intend to produce any witnesses in response to Singular's recent 30(b)(6) notice consisting of 12 topics. Google's reasoning is that it should not have to prepare or produce any witness for those topics unless and until Singular binds itself to not serving notice for any additional topics in the future. As we told you during the call, we are not aware of anything in the discovery order, the Local Rules of the Court, or the Federal Rules of Civil Procedure that so limits Singular's ability to take discovery of Google, while fact discovery is open, under 30(b)(6).

Singular has been more than accommodating in resolving the roadblocks that Google continues to throw up to Singular's taking depositions in this case. In the meantime, the clock continues to tick away toward the close of fact discovery.

Therefore, we ask that Google please provide by no later than tomorrow dates in the first two weeks of April when it will produce Jeff Dean, Obi Felton, Jenn Wall, and a corporate representative prepared to testify on the twelve topics in Singular's most recent 30(b)(6) notice. If Google will not do so, Singular intends to call the court on Wednesday and request a status conference to discuss discovery efforts, and, more particularly, the conduct of depositions in this case. If we do not receive a response with dates by tomorrow, we intend to contact the court on Wednesday at 3 pm ET.

Best regards,

Michael J. Ercolini
617 456 8084 (o) | 617 775 1489 (m)
mercolini@princelobel.com


**From:** Ercolini, Michael
**Sent:** Monday, March 22, 2021 2:15 PM
**To:** Andrew S. Bruns <abruns@keker.com>
**Cc:** mkamber@keker.com; wgs-singularv.google@wolfgreenfield.com; kvpsingular@keker.com; Singular <Singular@princelobel.com>
**Subject:** Re: Singular Rule 30(b)(6) Notice of Deposition

Andrew,

Just confirming for 3 pm ET/noon PT.

Thanks,

**Michael Ercolini**
**Prince Lobel Tye LLP**
d: (617) 456-8084
m: (617) 775 1489

> On Mar 22, 2021, at 1:25 PM, Andrew S. Bruns <abruns@keker.com> wrote:
>
> Michael,
>
> We are available at 12 PT/3 ET. We can use the following dial-in: 1-877-699-4804; code: 705193.
>
> Thanks,
> Andy

3

**Andrew Bruns**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8821 direct | 415 391 5400 main
abruns@keker.com | vcard | keker.com
*Pronouns: he/him/his*

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Monday, March 22, 2021 9:30 AM
**To:** Andrew S. Bruns <ABruns@keker.com>
**Cc:** Matthias Kamber <MKamber@keker.com>; wgs-singularv.google@wolfgreenfield.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** Re: Singular Rule 30(b)(6) Notice of Deposition

[EXTERNAL]

Andrew,

Please let us know if you're available anytime today between 1:45-3:30 PM ET or between 4:45-6:30 PM ET.

Thank you,

**Michael Ercolini**
**Prince Lobel Tye LLP**
**617.456.8084 | mercolini@princelobel.com**

> On Mar 17, 2021, at 11:09 PM, Andrew S. Bruns <abruns@keker.com> wrote:
>
> Michael,
>
> We are unavailable during these windows on Friday. Please provide times next week that work for you.
>
> Best,
> Andy
>
> **From:** Ercolini, Michael <mercolini@princelobel.com>
> **Sent:** Wednesday, March 17, 2021 1:23 PM
> **To:** Andrew S. Bruns <ABruns@keker.com>; Matthias Kamber <MKamber@keker.com>
> **Cc:** wgs-singularv.google@wolfgreenfield.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
> **Subject:** RE: Singular Rule 30(b)(6) Notice of Deposition
>
> [EXTERNAL]
>
> Andrew,

4

We are available to meet and confer Friday, March 19 anytime between 11 am – 3:30 pm ET and 5:30 pm – 7 pm ET.  Please let us know what works in that range.  In the meantime, please follow up with dates Google is available for deposition on the 30(b)(6) topics served on March 10, 2021.

Best regards,

Michael J. Ercolini

617 456 8084 direct | mercolini@princelobel.com

---

**From:** Andrew S. Bruns [mailto:abruns@keker.com]
**Sent:** Wednesday, March 10, 2021 9:02 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>; mkamber@keker.com
**Cc:** wgs-singularv.google@wolfgreenfield.com; kvpsingular@keker.com; Singular <Singular@princelobel.com>
**Subject:** RE: Singular Rule 30(b)(6) Notice of Deposition

Michael,

I write in response to the Rule 30(b)(6) notice you served earlier today.  We understand that this notice replaces the prior notice, which Singular served on October 2, 2020. Please confirm that understanding is accurate.

We will review the noticed topics and promptly serve formal objections and identify relevant witness(es) as appropriate. As an initial matter, any depositions related to this notice will not proceed on the date you have identified (March 22), but we will be happy to meet and confer as to mutually agreeable dates and times once witnesses have been identified. And, of course, the parties will have to resolve the open issue of deposition logistics.

Best,
Andy

---

**Andrew Bruns**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8821 direct | 415 391 5400 main
abruns@keker.com | vcard | keker.com
*Pronouns: he/him/his*

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Wednesday, March 10, 2021 12:54 PM
**To:** Matthias Kamber <MKamber@keker.com>
**Cc:** wgs-singularv.google@wolfgreenfield.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** Singular Rule 30(b)(6) Notice of Deposition

[EXTERNAL]

Counsel,

Enclosed for service please find Singular's Rule 30(b)(6) Notice of Deposition of Google LLC.

Best regards,

**Michael J. Ercolini**
617 456 8084 direct | mercolini@princelobel.com

This email is intended for the confidential use of the
addressees only. Because the information is subject to the
attorney-client privilege and may be attorney work product,
you should not file copies of this email with publicly
accessible records. If you are not an addressee on this
email or an addressee's authorized agent, you have received
this email in error; please notify us immediately at
617 456 8000 and do not further review, disseminate or copy
this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or
information included in this message or any attachment is
not intended to be, and may not be, used to avoid tax
penalties or to promote, market, or recommend any
transaction, matter, entity, or investment plan discussed
herein. Prince Lobel Tye LLP does not
otherwise by this disclaimer limit you from disclosing the tax
structure of any transaction addressed herein.