UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SINGULAR COMPUTING LLC,

    Plaintiff,

v.

GOOGLE LLC

    Defendant.

Civil Action No.: 1:19-cv-12551 FDS

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**
**RELATING TO PLAINTIFF'S NOTICES OF DEPOSITION**

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google"), by and through its attorneys, moves this Court for a Protective Order precluding Plaintiff Singular Computer LLC from (i) taking the Rule 30(b)(6) corporate deposition of Google until after Singular has served a single Rule 30(b)(6) notice containing a complete list of topics of reasonable scope and size on which Singular intends to seek testimony from Google and the parties have met and conferred to discuss those topics, and (ii) precluding the Rule 30(b)(1) depositions of Jennifer Wall, Jeff Dean, and Obi Felten until Singular has completed its production of electronically stored information related to the three deponents.

    As stated more fully in the attached memorandum, Singular has taken the position that it can serve serial Rule 30(b)(6) notices on Google rather than serving a single omnibus notice. Singular's position is contrary to Rule 30(a)(2) which requires leave of this Court before a corporate deponent may be deposed a second time and its proposed course of action is highly inefficient as it may require Google to make available the same corporate deponent numerous times throughout the course of discovery. Singular also takes the position that it need not produce relevant electronically stored information prior

to deposing witnesses for whom such documents are relevant. Again, this position is contrary to the Federal Rules of Civil Procedure, which contemplate that the parties will conduct discovery in an efficient and cooperative manner. For the reasons set forth in the attached memorandum, Google's requested protective order is warranted to allow discovery in this case to proceed in the manner that the Federal Rules of Civil Procedure require.

Respectfully submitted,

Dated: March 26, 2021

By: */s/ Nathan R. Speed*

Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com

Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com

Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (*admitted pro hac vice*)
rvannest@keker.com
Matthias Kamber (*admitted pro hac vice*)
mkamber@keker.com
Michelle Ybarra (*admitted pro hac vice*)
myabarra@keker.com
Jay Rapaport (*admitted pro hac vice*)
jrapaport@keker.com
Andrew Bruns (*admitted pro hac vice*)
abruns@keker.com
Anna Porto (*admitted pro hac vice*)
aporto@keker.com
Deeva Shah (*admitted pro hac vice*)
dshah@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Michael S. Kwun (*admitted pro hac vice*)
mkwun@kblfirm.com
Asim Bhansali (*admitted pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750 San Francisco, CA 94111
(415) 630-2350
*Counsel for Defendant Google LLC*

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Andrew Bruns, counsel for Defendant, hereby certifies that counsel for Defendant met and conferred with counsel for Plaintiff on March 22, 2021, wherein counsel for Plaintiff stated that they would not voluntarily address the issues raised in the attached memorandum and would oppose the present motion.

*/s/ Andrew S. Bruns*
Andrew S. Bruns

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing pleading was served upon the attorneys of record for all parties by electronically filing the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to registered attorneys of record.

Dated: March 26, 2021                */s/ Nathan R. Speed*
                                      Nathan R. Speed