# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

# DEFENDANT GOOGLE LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER

## **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1

II. BACKGROUND ................................................................................................... 2

    A. Singular's Rule 30(b)(6) deposition notices ............................................. 2

    B. Singular's Rule 30(b)(1) deposition notices ............................................. 4

III. LEGAL STANDARD............................................................................................ 6

IV. ARGUMENT ........................................................................................................ 6

    A. Singular should be required to serve a complete Rule 30(b)(6) notice before deposing Google's corporate representatives. ............................... 6

    B. Singular should complete its ESI production before deposing Google witnesses with whom it allegedly had relevant pre-litigation communications. ...................................................................................... 10

V. CONCLUSION................................................................................................... 13

i

## **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*,
    244 F.3d 189 (1st Cir. 2001) ................................................................................................... 7

*Carpenter Tech. Corp. v. Armco, Inc.*,
    No. 90-0740, 1990 WL 61180 (E.D. Pa. May 8, 1990) ........................................................... 12

*Fine v. Sovereign Bank*,
    No. CV 06-11450-NG, 2008 WL 11388663 (D. Mass. Mar. 7, 2008) ..................................... 7

*Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings. LLC*,
    2008 WL 3895474 (D. Kan. Aug. 21, 2008) ............................................................................ 7

*Innomed Labs, LLC v. Alza Corp.*,
    211 F.R.D. 237 (S.D.N.Y. 2002) .............................................................................................. 7

*Qualcomm Inc. v. Broadcom Corp.*,
    No. 05cv1958-B (BLM), 2008 WL 4858685 (S.D. Cal. Nov. 7, 2008) ................................. 12

*Salter v. Upjohn Co.*,
    593 F.2d 649 (5th Cir. 1979) .................................................................................................... 6

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984) .................................................................................................................... 6

*In re Sulfuric Acid Antitrust Litig.*,
    2005 WL 1994105 (N.D. Ill. Aug. 19, 2005) ........................................................................... 7

*Vineberg v. Bissonnette*,
    548 F.3d 50 (1st Cir. 2008) ....................................................................................................... 6

**Rules**

Fed. R. Civ. P. 1 .................................................................................................................................. 8

Fed. R. Civ. P. 26 ........................................................................................................................... 6, 9

Fed. R. Civ. P. 30 ............................................................................................... 1, 4, 7, 8, 10, *passim*

**Other Authorities**

8 C. Wright and A. Miller, Federal Practice and Procedure: Civil ................................................... 6

**I.      INTRODUCTION**

Defendant Google LLC requests a protective order that would defer certain individual and corporate depositions that Plaintiff Singular Computing LLC prematurely and inappropriately noticed. Google seeks such protection not to delay discovery in this case—indeed, Google has provided already significantly more discovery than Singular—but to ensure that discovery in this case proceeds in an orderly and efficient manner as the Federal Rules of Civil Procedure require. In fact, Google has produced or provided dates for witnesses for deposition who are unlikely to serve as corporate representatives and will continue to do so to the extent they are not subject to the concerns addressed in this motion.

*First*, Singular seeks a Rule 30(b)(6) deposition but has made clear that the 12 topics identified in its notice are a mere fraction of the more than ***100 topics*** it intends to pursue in subsequent, serial Rule 30(b)(6) notices. Singular's plan conflicts with Rule 30's requirement that parties obtain leave of court before serving a second notice on any deponent and runs afoul of the Federal Rules' goal of swiftly and efficiently litigating every action and proceeding. As explained below, handling Rule 30(b)(6) in piecemeal fashion would be impractical for the parties, the Court, and any potential witnesses. It would render Google's efforts to efficiently select and schedule its witnesses virtually impossible. And even ignoring the serial nature of Singular's approach, requiring Google to prepare one or more corporate witnesses on more than 100 topics alone would improperly subject it to undue burden, expense, and oppression.

*Second*, Singular has demanded that Google produce immediately two witnesses for deposition who allegedly had direct communications with Singular, notwithstanding that Singular has produced no electronically stored information ("ESI"), *e.g.*, e-mails, but almost certainly possesses documents related to these witnesses and any contact they may have had with Singular.

1

Allowing Singular to proceed with these depositions prior to identifying its complete list of Rule 30(b)(6) topics and making any meaningful document production would severely prejudice Google. These individual witnesses may also be designated as corporate representatives and could be forced to sit for multiple depositions under Singular's plan. At a minimum, Singular should complete its production of documents related to those witnesses and their alleged communications with Singular before Google presents them for deposition.

Google has made clear to Singular that it intends to timely designate and produce witnesses for a Rule 30(b)(6) deposition, provided that Singular serves a complete list, of reasonable scope and size, of all topics on which it seeks corporate testimony. Google is equally willing to produce the individual witnesses Singular has noticed for deposition, but not before Singular's Rule 30(b)(6) topics have been resolved and Google has a chance to review any documents in Singular's possession that are relevant to those witnesses' testimony. But Singular is unwilling to accept either of these conditions. As a result, Google respectfully requests that the Court issue a protective order that (a) delays any Rule 30(b)(6) deposition of Google or its potential corporate designees until Singular serves a notice containing an exhaustive list of its intended Rule 30(b)(6) deposition topics and the parties have conferred and agreed on the list of topics for examination pursuant to that rule, and (b) delays the depositions of any individuals who allegedly had contact with Singular or its employees until Singular has completed its ESI production and Google has had a chance to review it.

## II.   BACKGROUND

### A. Singular's Rule 30(b)(6) deposition notices

On October 2, 2020, Singular served a 102-topic deposition notice (the "original notice"). *See* Decl. of Andrew Bruns in Support of Google's Mot. for a Protective Order ("Bruns Decl.")

Ex. 1. One week later, Google responded via letter, identifying several ways in which the original notice was improper, citing caselaw in support. *See* Bruns Decl., Ex. 2 (October 9, 2020 Letter from Ybarra to Hayes). For instance, Google objected to the original notice's burdensome length, its inclusion of topics seeking testimony related to Google's non-infringement contentions[1], topics that were themselves "overbroad"[2], and topics that sought privileged information. Google's letter requested that Singular revise its original notice to address these issues or, in the alternative, that the parties meet and confer. *Id.* at 2. Singular never responded.

Having heard nothing from Singular for several weeks, on October 31, 2020, Google served formal objections to Singular's original notice, which were consistent with the issues raised in Google's October 9 letter. *See* Bruns Decl., Ex. 3. Within those objections, Google again offered to meet and confer regarding Singular's original notice. *Id.* Again, Singular never responded.

In fact, Singular's next communication regarding the requested Rule 30(b)(6) deposition came nearly five months later on March 10, 2021, when Singular served a second Rule 30(b)(6) notice (the "second notice"). Bruns Decl., Ex. 4. Singular styled its second notice identically to the original—both bear the same caption: "Notice of Deposition of Google LLC Pursuant to Fed. R. Civ. P. 30(B)(6)"—but the second notice identified only 12 topics for examination, all of which were also contained within the original notice. Within hours of receiving the second notice, counsel for Google sought clarification from Singular as to whether the second notice was intended to replace the original notice served in October 2020. Bruns Decl., Ex. 5 (March 10, 2021 Bruns

---

[1] *See* Ex. 2 at 2 (citing *Trustees of Bos. Univ. v. Everlight Elecs. Co. Ltd.*, No. 12-CV-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014) ("'[c]ontention' topics are not appropriate Rule 30(b)(6) deposition topics")).

[2] *See id.* at 2 n.1 ("For example, other topics include the phrase "including but not limited to," which renders them 'patently overbroad.'") (citing *Federal Ins. Co. v. Delta Mechanical Contractors, LLC*, No. 11–048ML, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013)).

email to Ercolini). Singular's counsel took a full week to respond, and then ignored the inquiry, instead asking to meet and confer. Bruns Decl., Ex. 6 (March 17, 20201 Ercolini email to Bruns).

The parties met and conferred telephonically on March 22, 2021. Bruns Decl., Ex. 7 (March 23, 2021 Bruns email to Ercolini) During that call, Singular made clear for the first time that its second notice does not replace the original notice and that Singular does not intend to withdraw any of the 102 topics reflected in the original notice. *Id.* Instead, Singular confirmed that it intends to split the original notice into subparts, which it plans to serve *ad seriatum*, and may in fact add *additional* topics to the 102 topics contained in the original notice. *Id.*

Google objected to Singular's proposal to serve multiple Rule 30(b)(6) notices, citing the inefficiencies and potential prejudice to Google that such an approach invites, and noting that Singular's plan runs afoul of the Federal Rules of Civil Procedure, including Rule 30(a)(2) which only permits a deponent—including a corporate 30(b)(6) deponent—to be deposed twice with leave of court. Based on these factors, Google informed Singular that it intended to serve formal objections to the second notice[3] and would be willing to meet and confer on those topics and produce a witness on them, provided that Singular would confirm that the second notice contained a complete list of Singular's Rule 30(b)(6) topics. Singular refused to do so. Instead, shortly after the parties' meet and confer call, Singular demanded that Google provide within 24 hours dates in early April for the deposition of Google's corporate representative. Google declined.

### B. Singular's Rule 30(b)(1) deposition notices

On March 22, 2021, the parties also met and conferred regarding three deposition notices Singular served pursuant to Rule 30(b)(1). Those notices, like Singular's second Rule 30(b)(6)

---

[3] Google served those objections on March 26, 2021.

notice, were served on March 10, 2021. They seek the depositions of Google executives Jeff Dean and Obi Felten, as well as Google's counsel Jennifer Wall. Singular alleges that Dr. Dean and Ms. Felten had direct contact with Dr. Joseph Bates, Singular's founder, in or about 2017. Ms. Wall was in-house counsel at Google's X division around that same time.

Google informed Singular that it is willing to produce all three individuals for deposition following (a) receipt of Singular's ESI production, which Singular has yet to even begin; and (b) the parties' meet and confer over a complete list of Singular's Rule 30(b)(6) deposition topics, which Google has yet to receive. Bruns Decl., Ex. 7 (March 23, 2021 Bruns email to Ercolini). Google explained that Singular's approach to Rule 30(b)(6) made it impossible for Google to determine which witnesses it should designate as corporate representatives, unnecessarily inviting circumstances in which individuals may be deposed multiple times: once in their individual capacity and again as a corporate designee. Dr. Dean, Ms. Felten, and Ms. Wall are all potential corporate designees on Singular's topics. As for Singular's ESI, Google noted that its production is necessary before either Dr. Dean or Ms. Felten is deposed, given their alleged pre-litigation communications with Singular. Rather than commit to serving a proper Rule 30(b)(6) notice or to making any ESI production at all, Singular instead demanded that Google provide dates for the depositions of Dr. Dean, Ms. Felten, and Ms. Wall in the first two weeks of April. This motion follows.[4]

---

[4] On March 25, 2021, Singular moved the Court to schedule a status conference related to the same issues addressed in this motion. ECF No. 150. As Google noted in its response, "conducting a status conference prior to the parties' completing briefing on Google's forthcoming motion would be an inefficient use of the Court's time, and that the parties and the Court will be better positioned to address these issues once they have been fully briefed." ECF No. 151.

## III.     LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a court may, "for good cause," issue an order to protect a party subject to discovery "from annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding the requested discovery or specifying the terms. *Id.* Rule 26(c) was enacted as a safeguard for the protection of the parties and witnesses in view of the broad discovery rights authorized in Rule 26(b). 8 C. Wright and A. Miller, Federal Practice and Procedure: Civil s 2036, at 267. To effect its purpose, Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). This includes "broad discretion" over the "timing of discovery," including depositions. *Vineberg v. Bissonnette*, 548 F.3d 50, 54 (1st Cir. 2008); *see also Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (affirming trial court's decision to issue a protective order permitting postponement of Rule 30(b)(6) deposition).

## IV.     ARGUMENT

### A.     Singular should be required to serve a complete Rule 30(b)(6) notice before deposing Google's corporate representatives.

Over Google's objections, Singular intends to issue serial Rule 30(b)(6) notices containing *at least* 102 topics between now and the end of fact discovery but refuses to provide Google with a complete list of those topics. Instead, Singular demands that Google designate and produce a witness in response to the first of these piecemeal notices by mid-April. Bruns Decl., Ex. 7 (March 23, 2021 Bruns email to Ercolini). Singular's approach is inconsistent with the Federal Rules of Civil Procedure and needlessly inconvenient to the parties, the Court, and potential witnesses.

A deposition pursuant to Rule 30(b)(6) is a deposition of a corporation. The corporation may designate more than one person to testify on the noticed topics, but those individual

depositions are simply sub-parts of a single deposition of the corporation. Thus, depositions of designated persons pursuant to a single Rule 30(b)(6) notice count as one deposition. *See* Fed. R. Civ. P. 30(a)(2)(A), advisory committee notes to 1993 amendments ("A deposition under Rule 30(b)(6) should . . . be treated as a single deposition even tough more than one person may be designated"). However, a second deposition notice to a corporation is like a second notice to any other person, and therefore subject to Rule 30(a)(2)'s prohibition on conducting a second deposition without leave of court. Accordingly, as a number of courts have held—including the First Circuit and courts in this District—Rule 30(a)(2) "requires the deposing party to request and obtain leave of court before conducting a second Rule 30(b)(6) deposition." *Fine v. Sovereign Bank*, No. CV 06-11450-NG, 2008 WL 11388663, at *1 (D. Mass. Mar. 7, 2008); *see also Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) (second Rule 30(b)(6) subpoena to non-party corporation without leave of the court was invalid); *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings. LLC*, 2008 WL 3895474, *3 (D. Kan. Aug. 21, 2008) (leave of court required before a party may take a second Rule 30(b)(6) deposition of a corporation or other entity); *In re Sulfuric Acid Antitrust Litig.*, 2005 WL 1994105, *2–*6 (N.D. Ill. Aug. 19, 2005) (rejecting defendants' argument that Rule 30(a)(2) limits on successive depositions of the same person do not apply to Rule 30(b)(6) depositions of a corporation and denying defendants' motion to compel second round of Rule 30(b)(6) depositions of corporate plaintiffs); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (denying motion seeking leave to re-depose a non-party corporation pursuant to a second Rule 30(b)(6) subpoena).

The logic behind the Federal Rules of Civil Procedure's preference for single notices for each witness is self-evident. But the advisory committee notes to the 1993 amendments that

introduced the leave requirement made the objective of the new rule explicit: Rule 30(a)(2)(A) was meant to "emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case." That objective is in keeping with the Federal Rules' general intention to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Singular's plan is completely at odds with the objectives of the Federal Rules in general and Rule 30(a)(2)(A) in particular. Rather than establishing a "cost-effective plan," Singular's approach to Rule 30(b)(6) would *maximize* the parties' costs by requiring them to repeatedly meet and confer on proposed topics and go through the arduous task of designating and preparing corporate-representative witnesses multiple times. These added costs would not be borne by the parties alone. The Court, too, would be forced to adjudicate any disputes over these notices in serial fashion. And witnesses may be forced to prepare and sit for numerous depositions.

The risk of cumulative depositions is particularly acute here, given the scope of Singular's burdensome original 102-topic notice and Singular's stated intent to pursue at least that many topics in its planned serial notices.[5] Although Google has numerous objections to the 102 topics in the original notice, if the parties were to proceed on even a fraction of those topics, a substantial portion of Google's anticipated witnesses in this case (including many of those listed in its initial disclosures) may well be designated as corporate representatives, requiring them to testify in both their individual capacity and pursuant to Rule 30(b)(6) in separate depositions.

---

[5] Notably, the 12 topics contained in the second notice are substantively related to some of the remaining 90 topics in Singular's original notice. The newer notice's topics focus on financial information related to Google's data centers. But it omits several closely related topics from the original notice. *See, e.g.*, Ex. 1, Topics 66-68 (seeking information on Google's operating budgets and financial statements related to its data centers).

All of these additional costs come without any potential payoff. There is no reason for handling Rule 30(b)(6) depositions in this fashion, nor could Singular identify one when pressed during the parties' March 22 meet and confer on this subject. Bruns Decl., Ex. 7 (March 23, 2021 Bruns email to Ercolini). To be clear, multiple Rule 30(b)(6) notices are sometimes warranted. For instance, if unforeseen developments in discovery spur a party to serve a subsequent notice, the Rules explicitly allow it to do so with leave of court, so long as the new notice is not unreasonably cumulative, duplicative, or burdensome. Fed. R. Civ. P. 26(b)(2)(C). This is particularly true where subsequent notices contain topics on a discrete subject matter not reflected in the original Rule 30(b)(6) notice. But what the Rules do *not* contemplate is Singular's *ex ante* plan to roll out numerous Rule 30(b)(6) notices over the course of weeks or months. Singular cannot plausibly suggest that any later-noticed topics will be responsive to new information gleaned in discovery. To the contrary, Singular's original notice, served nearly six months ago, contained 102 topics (12 of which are repeated in Singular's second notice). Nor are the 12 topics in Singular second notice discrete from the remaining 90 originally noticed. *See supra* n.5. As noted, during the parties' recent meet and confer, Singular refused to withdraw any of those 102 topics and instead reserved the right to add more to the list. Bruns Decl., Ex. 7 (March 23, 2021 Bruns email to Ercolini).

For these reasons, Google asks the Court to issue a protective order delaying any Rule 30(b)(6) deposition of Google or its potential corporate designees until Singular serves a Rule 30(b)(6) notice containing the complete list of topics of reasonable size and scope on which Singular intends to seek testimony. The parties can then proceed with the process contemplated by Rule 30 for narrowing these topics, designating witnesses, and conducting depositions.[6] The 2020

---

[6] If, at that point, Singular believes good cause exists for such a second deposition, it may move for leave to serve a second notice.

amendments to the Federal Rules of Civil Procedure added to Rule 30(b)(6) a requirement that the parties meet and confer about the matters for examination before or promptly after the notice is served. The advisory committee notes make clear that this new prerequisite was motivated, in part, by "overlong" lists of matters for examination. By requiring the parties to confer early, the Rule aims to "avoid later disagreements" and "facilitate the efficiency" of the deposition. Google has attempted to initiate that process repeatedly in this case—including in response to Singular's original, overlong notice[7] in October of last year—but has been met with silence. Google respectfully requests that the Court order Singular to likewise participate in the procedure dictated by the Rules. Until it does so, Google should not be required to produce witnesses pursuant to Rule 30(b)(6), nor should it be required to produce any likely corporate designees for depositions in their individual capacity (including Dr. Dean, Ms. Felton, or Ms. Wall, each of whom Singular also seeks to depose in their individual capacity).

**B.     Singular should complete its ESI production before deposing Google witnesses with whom it allegedly had relevant pre-litigation communications.**

Google also seeks a protective order delaying the depositions of two Google witnesses with whom Singular allegedly had relevant pre-litigation communications until after Singular has completed its ESI production and Google has had a chance to review it. Singular has noticed the deposition of two such individuals thus far: Dr. Jeff Dean and Obi Felten. In response to Google's request that these depositions—and those of anyone similarly situated—be delayed

---

[7] To be clear, Singular's original, 102-topic notice is, on its own, improper for a variety of reasons set forth in Google's related letter (Bruns Decl., Ex. 2) and formal objections (*Id.,* Ex. 3). For one thing, it is vastly overbroad and inconsistent with the joint discovery plan in this case, in which the parties agreed to limit Google's Rule 30(b)(6) deposition to a total of seven hours. ECF No. 54. But if that is the list of topics Singular intends to pursue under Rule 30(b)(6), it should serve those topics, stand by them, and begin the process contemplated under Rule 30 for "clarify[ing] and focus[ing] the matters for examination." Rule 30(b)(6), advisory committee notes to 2020 amendments.

until the completion of Singular's ESI production, Singular has demanded that Google produce these witnesses for deposition by mid-April. Bruns Decl., Ex. 8 (March 22, 2021 Ercolini email to Bruns).

Singular's hardline approach to this issue, like its approach to its Rule 30(b)(6) notices, is inconsistent with the Federal Rules of Civil Procedure and threatens to prejudice Google. As noted, Singular alleges that Dr. Dean and Ms. Felten had direct communication with Singular's founder, Joseph Bates. It would be manifestly unfair to Google to proceed with their depositions before Singular has produced any documents in its possession that relate to those purported interactions. During the parties' recent meet and confer, Singular argued that Google's concerns are ill-founded because any communications between Dr. Bates and either Dr. Dean or Ms. Felten should already be in Google's possession. But that may not be true given the years that have since passed. In fact, given the intervening years, either party may have preserved some documents that the other did not. Notwithstanding this fact and Singular's complaints related to Google's ESI search terms (discussed above), Singular has made no efforts to prioritize its own document productions, despite the fact that Google served its requests for production in July. Moreover, Google's documents would not reflect internal discussions at Singular about Dr. Bates's alleged interactions with Google. In fact, Singular's limited document productions to date show Dr. Bates to be a prolific note-taker who often memorializes interactions with others. *See Bruns Decl.,* ¶ 13. Any such documents regarding Dr. Bates's interactions with Google be highly relevant to Dr. Dean's and Ms. Felten's testimony. Accordingly, Google should be permitted to review Singular's ESI production prior to the deposition of any individual whom Singular alleges had pre-litigation contact with Singular.

1668018

Federal district courts that have addressed the issue of document production and review preceding deposition discovery in order to safeguard the parties' interests have granted protections in similar situations. For example, in *Qualcomm Inc. v. Broadcom Corp.,* No. 05cv1958-B (BLM), 2008 WL 4858685, *7 (S.D. Cal. Nov. 7, 2008), the court issued a protective order regarding specified discovery, ordered the production of responsive documents in an electronic, searchable format and, in connection with deposition scheduling, ordered that "in order to avoid undue burden and expense, and potential duplication of discovery efforts, the parties shall complete their respective document productions and review before beginning deposition discovery." *Id.* at *7, n.4 (citing Fed R. Civ. P 26(b)(2)(C) and 26(c)). Similarly, in *Carpenter Tech. Corp. v. Armco, Inc.*, No. 90-0740, 1990 WL 61180 (E.D. Pa. May 8, 1990), the plaintiff asked the court to postpone the taking of depositions until after document production was complete so as to avoid costly, piecemeal depositions. The court granted the plaintiff's motion for a protective order and ordered the parties to establish a comprehensive deposition schedule to commence after the initial exchange of documents. 1990 WL 61180 at *1. The court explained:

> "[Defendant] proposes to conduct the depositions of various [Plaintiff] corporate designees without the benefit of prior document production. This could lead to the need to reconvene the depositions of certain corporate officers for the purpose of a separate examination regarding the documents. I conclude that requiring Plaintiff to produce the same witnesses on two separate occasions would result in undesirable, piecemeal discovery. This is both an inefficient and costly means of pursuing discovery."

*Id.* at *4.

During the parties' recent meet and confer, Singular argued that any postponement of these depositions is unwarranted because the delay in Singular's ESI production is Google's fault. To the contrary, the record is clear that Google has been consistently diligent and cooperative in seeking Singular's documents, while Singular has repeatedly delayed its

correspondence on this issue and, with it, the production of its ESI. *See* Bruns Decl. ¶ 14. Google provided Singular with its ESI search terms on January 20, 2021. It has since tried to work with Singular to narrow those terms as necessary to reach a manageable number of documents. For instance, Google has eliminated or narrowed more than 25% of its original terms. But Google's diligence has not been matched by Singular. Of the 65 days that have passed since Google provided its original set of search terms, 43 have been spent waiting for hit counts from Singular. As just one example, during the parties' March 22 meet and confer, Singular represented that it received the latest revised hit counts on March 19, but as of this filing it has yet to provide them to Google or offer any explanation for its failure to do so. Singular's unexplained and unreasonable delays are why its ESI production has yet to begin, while Google's is now complete. In fact, Google has thus far produced nearly 15,000 documents responsive to Singular's ESI requests, in contrast to Singular's zero.

Proceeding with the depositions of Dr. Dean, Ms. Felten, and any other similarly situated Google witness prior to the resolution of Singular's Rule 30(b)(6) topics and the completion of Singular's ESI production invites a substantial risk of prejudice to Google. On that basis alone, a protective order delaying these depositions is necessary. But the merits of such an order are only substantiated by the fact that Singular's ESI production has yet to take flight due to its own unexplained, repeated, and significant delays. Proceeding with these depositions now would therefore allow Singular to unfairly use its delayed production to its tactical advantage.

## V. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court enter a protective order that (a) delays any Rule 30(b)(6) deposition of Google or its potential corporate designees until Singular serves a notice containing an exhaustive list of its intended Rule 30(b)(6)

13

deposition topics and the parties have resolved the list of topics for examination, and (b) delays the depositions of any individuals whom Singular alleges had contact with Singular or its employees until Singular has completed its ESI production and Google has had a chance to review it.

Dated: March 26, 2021

Respectfully submitted,

By: */s/ Nathan R. Speed*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                           */s/ Nathan R. Speed*
                                           Nathan R. Speed

1668018