IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No.: 1:19-cv-12551 FDS |

**DECLARATION OF ANDREW BRUNS
IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER**

I, Andrew Bruns, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and admitted to practice before this Court. I am an attorney at the law firm of Keker, Van Nest and Peters, LLP and counsel for Defendant Google LLC, ("Google") in the above-captioned action.

2. I make this Declaration in support of Google's Motion for a Protective Order. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify to them competently under oath.

3. Attached as **Exhibit 1** is a true and correct copy of Singular's Notice of Deposition of Google Pursuant to Fed. R. Civ. P. 30(b)(6), dated October 2, 2020.

4. Attached as **Exhibit 2** is a true and correct copy of a letter from Michelle Ybarra to Paul Hayes, dated October 9, 2020.

5. Attached as **Exhibit 3** is a true and correct copy of Google's Objections and Responses to Singular's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), dated October 31, 2020.

6. Attached as **Exhibit 4** is a true and correct copy of Singular's Notice of Deposition of Google Pursuant to Fed. R. Civ. P. 30(b)(6), dated March 10, 2021.

7. Attached as **Exhibit 5** is a true and correct copy of email correspondence from Andrew Bruns to Michael Ercolini, dated March 10, 2021.

8. Attached as **Exhibit 6** is a true and correct copy of email correspondence from Michael Ercolini to Andrew Bruns, dated March 17, 2021.

9. Attached as **Exhibit 7** is a true and correct copy of email correspondence from Andrew Bruns to Michael Ercolini, dated March 23, 2021.

10. Attached as **Exhibit 8** is a true and correct copy of email correspondence from Michael Ercolini to Andrew Bruns, dated March 22, 2021.

11. Attached as **Exhibit 9** is a true and correct copy of a letter from Deeva Shah to Michael Ercolini, dated February 5, 2021.

12. Attached as **Exhibit 10** is a true and correct copy of a letter from Michael Ercolini to Deeva Shah, dated February 19, 2021.

13. I have reviewed documents produced by Singular in this litigation that were prepared by its founder, Joseph Bates. Several of these documents contain notes by Dr. Bates, memorializing his interactions with others.

14. Google provided Singular with twelve search strings for purposes of discovery of electronically stored information ("ESI") on January 20, 2021. Singular did not provide hit counts on those terms until two weeks later on February 3, and at that point did not clarify whether those numbers included families (*i.e.*, attachments) or whether they reflected de-duplicated documents only. *See* Bruns Decl., Ex. 9 (February 5, 2021 Shah letter to Ercolini). Accordingly, Google responded two days later, requesting clarification of those two issues and asking for more granular hit counts to better understand what terms Google needed to modify to result in a manageable set of documents for production. *See id*. Singular took two weeks to respond, providing granular hit counts with respect to the original search terms on February 19. But Singular again failed to indicate whether its new counts were de-deduplicated and/or included families. Bruns Decl., Ex. 10 (February 19, 2021 Ercolini letter to Shah). Singular later explained that its February 19 hit counts contained families whereas its February 3 counts did not. In any event, Singular's counts include numerous anomalies that Singular has still not explained. For instance, the number of hits for the term "S1 or S-1" increased from 2,218 hits to 47,007 hits once families (*i.e.*, attachments) are included. In other words, each of those 2,218 emails purportedly has an average of more than 21 attachments. As Google explained in an email on March 2 and again in a meet and confer the next day, those numbers suggest that Singular's database

contains tens of thousands of "program files" that incorrectly elevate its counts. Google asked for more information to effectively modify its search terms, but Singular has yet to explain these anomalies.

      Google nonetheless significantly culled its search terms in hopes of reaching a compromise and finally moving ahead with Singular's ESI discovery. Google provided a revised set of terms on March 11, narrowing or eliminating more than 25% of the original search terms; however, as of this filing, Singular has still not provided revised hit counts, despite its representation on the parties' March 22 meet and confer that these counts have been in Singular's possession since Friday, March 19. Bruns Decl., Ex. 7 (March 23, 2021 Bruns email to Ercolini). In other words, Singular had these revised hit counts in its possession for three days before the parties first met and conferred on the issues addressed in this motion. In the days since the parties met and conferred, Singular has moved the Court to schedule a status conference, Google filed a response to that motion, and Google has drafted and filed this motion. Meanwhile, Singular has still yet to provide those counts and has offered no explanation for its failure to do so. In total, Singular's delays in providing hit counts for Google's search terms have been 43 days and counting. Those 43 days represent roughly two-thirds of the time that has elapsed since Google first provided its initial search terms on January 20.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct and that this declaration was executed March 26, 2021, at Mill Valley, California.

                                      By:    */s/ Andrew Bruns*
                                                  Andrew Bruns

## CERTIFICATE OF SERVICE

  I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                 */s/ Nathan R. Speed*
                 Nathan R. Speed