# EXHIBIT 2



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Michelle Ybarra**
(415) 676-2271
mybarra@keker.com

October 9, 2020

**VIA ELECTRONIC MAIL**

Paul J. Hayes, Esq.
One International Place, Suite 3700
Boston, MA 02110
phayes@princelobel.com

Re:   *Singular Computing LLC v. Google LLC*
      Case No. 1:19-cv-12551-FDS (D. Mass.)

Dear Paul:

I write regarding the Rule 30(b)(6) deposition notice that Singular served on Friday, October 2. The notice is improper on several scores, as discussed further below. It should be withdrawn, revised, and re-served.

As an initial matter, the notice seeks Google's testimony on 102 topics. The sheer number of topics alone is burdensome and oppressive. The number of topics is particularly improper given Singular's clear efforts to evade the deposition limits negotiated by the parties and adopted by the Court in this case. For example, topics 94 through 102 all relate to specific individuals' roles in the design and launch of the Accused Products. Singular is free to notice the depositions of the individuals about whom they seek more information. But a Rule 30(b)(6) deposition is not the appropriate vehicle for such discovery.

The impropriety of Singular's notice is compounded here by the fact that many topics are themselves overbroad. For instance, topic 27 relates to *all* of Google's interrogatory responses in the case. Topic 35, meanwhile, covers *any* testimony given *anywhere* at *any time* regarding the Accused Products. And topic 61 relates to *any* documents that Google will rely on at "any hearing, trial submission to the court, or deposition." These three examples are just the tip of the iceberg. Many more of Singular's 102 topics lack the "reasonable particularity" that Rule 30(b)(6) requires. [1] By noticing 102 overbroad topics and failing to describe many of those

---

[1] For example, other topics include the phrase "including but not limited to," which renders them "patently overbroad." *See Federal Ins. Co. v. Delta Mechanical Contractors, LLC*, Case

1392747

Paul J. Hayes, Esq.  **VIA ELECTRONIC MAIL**
October 9, 2020
Page 2

topics with sufficient specificity, Singular subjects Google to an "impossible task": it must designate persons knowledgeable in the areas of inquiry identified in the notice, but because Google "cannot identify the outer limits of the topics noticed, compliant designation is not feasible." *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, No. CV 1:15-13488-FDS, 2017 WL 8236153, at *2 (D. Mass. Oct. 13, 2017). Google is not required to produce a witness for these topics as drafted.

Several of Singular's noticed topics are also improper attempts to address Google's contentions via Rule 30(b)(6) deposition. For example, topics 18 and 19 relate to Google's non-infringement contentions. But the law is clear that such "'[c]ontention' topics are not appropriate Rule 30(b)(6) deposition topics." *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014).

Finally, many of the topics in the Notice seek obviously privileged information. *See, e.g.*, topics 12-14 (seeking information related to "[a]ll investigations, discussions, analyses, opinions or advice concerning" the patents-in-suit); topic 17 ("Google's efforts to design around any claim of the Asserted Patents"). Singular's attempt to elicit testimony on privileged matters is improper.

Please confirm that Singular will withdraw, revise, and re-serve its Rule 30(b)(6) notice and resolve the issues addressed above. If you believe a meet and confer on this subject would be helpful, please provide times that are convenient for you to discuss.

We look forward to hearing from you.

Sincerely,

KEKER, VAN NEST & PETERS LLP

Michelle Ybarra

---

No. 11–048, 2013 WL 1343528, at *4 (D.R.I. Apr.2, 2013).

1392747