# EXHIBIT 3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

SINGULAR COMPUTING LLC,

                Plaintiff,

    v.

GOOGLE LLC,

                Defendant.

Civil Action No. 1:19-cv-12551 FDS

Hon. F. Dennis Saylor IV

## DEFENDANT GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

Defendant Google LLC hereby objects and responds as follows to the Notice of Rule 30(b)(6) Deposition dated October 2, 2020 from Plaintiff Singular Computing LLC ("Singular"). These objections do not waive any objections by Google on any ground, including objections as to the competency, relevancy, materiality, privilege or admissibility of the witnesses' testimony, or the subject matter thereof.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following objections apply to each request in Singular's Notice of Rule 30(b)(6) Deposition, whether or not separately stated in response to each topic.

1.      Google objects to the date and time noticed for this deposition.  Google will meet and confer with Singular to arrange mutually agreeable dates and times for the depositions of Google's designated witnesses.

2.      Google objects to the Notice insofar as it purports to seek testimony on 102 discrete topics; the sheer number of topics alone is unduly burdensome and oppressive and seeks to evade the deposition limits negotiated by the parties and adopted by the Court. Google further objects to the Notice and the topics therein to the extent that the burden and/or expense of the requested testimony outweighs its likely benefit and is not proportional to the needs of the case. Google further objects to the Notice to the extent that other forms of obtaining discovery (e.g., written discovery) is more appropriate and far less burdensome than discovery via a Rule 30(b)(6) deposition. In particular, Google objects to the Notice and the topics therein to the extent that Singular seeks testimony regarding Google's legal contention and the bases for those contentions.

1

3.      To the extent that Singular intends to depose individual witnesses whom Google designates in response to the notice, Google objects to providing those witnesses for deposition more than once.

4.      Google will testify in response to the deposition topics set forth in the notice as Google reasonably interprets and understands the topics.  If Singular subsequently asserts an interpretation of any deposition topic that differs from Google's understanding, Google reserves the right to supplement the objections and responses herein.

5.      Google objects to the notice as premature on grounds that it is not yet known what claims Singular will be permitted to assert in this action.  To the extent Singular insists on proceeding with a deposition of Google at this time, Google objects to any further or subsequent Rule 30(b)(6) deposition at a later stage of this action.

6.      Any witness Google designates to testify on its behalf in response to this notice will testify based on Google's good faith efforts to conduct a reasonable and diligent search for responsive information, and will testify without prejudice to Google's right to produce or rely on subsequently discovered information.  Google specifically reserves the right to make any use of, or to introduce at any hearing or trial, information that falls within the topics but is discovered subsequent to the deposition(s).

7.      Google objects to the deposition topics set forth in the notice to the extent that they are overbroad, unduly burdensome, fail to describe with reasonable particularity the matters for examination, or seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court or any Court order.

1526823

8.      Google objects to the deposition topics set forth in the notice as inappropriate to the extent that they seek information that is more efficiently obtained through other forms of discovery that are less burdensome.

9.      Google objects to the deposition topics set forth in the notice to the extent that they seek the premature disclosure of expert opinions or analysis.  Google will disclose its experts' opinions and analyses in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Scheduling Order.

10.      Google objects to the deposition topics that improperly attempt to address Google's contentions.

11.      Google objects to the notice to the extent that it requires testimony on matters subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure, including without limitation any joint or common-interest privilege.  Google claims such privileges and protections to the extent implicated by each topic, and will exclude privileged and protected information from any testimony it may offer in response to the Notice.  Any disclosure of such protected or privileged information is inadvertent and is not intended to waive those privileges or protections.

12.      Google objects to the notice to the extent it is not relevant to a claim or defense and not proportional to the needs of the case, insofar as it purports to require testimony covering topics, time periods, and jurisdictions not relevant to Singular's claims in this litigation.

13.      Google objects to the notice to the extent that it requires testimony covering the confidential, proprietary and/or trade secret information of third parties.

14.      Google objects to the notice to the extent that it requires testimony regarding proprietary, trade secret or other confidential or competitively sensitive information, which

1526823

Google will only produce pursuant to the terms of the protective order entered by the Court in this action.

15.    Google objects to each notice that includes the phrase "including but not limited to" as overbroad.

16.    Google objects to the definition of "Defendant," "Google," "you," and "your" in paragraph 1 of Singular's Definitions as overly broad, unduly burdensome, vague, and ambiguous and because the definition seeks to expand the definition of "Google" to include all "employees, officers, directors, attorneys, and its agents, parents, subsidiaries, branches, predecessors, or successors-in-interest, or any other persons who have acted or purported to act for its behalf." These definitions go beyond any reasonable or commonly accepted meaning of the terms. Google shall interpret this definition as only requiring Google to search for information from Google and a reasonable number of Google employees who Google reasonably believes might have information relevant to the claims and defenses at issue in this litigation.

17.    Google objects to the definitions of "Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions to the extent that they are broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

## OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS:

In addition to and without waiving its Objections to Definitions and Instructions, Google specifically objects to the topics identified in the Notice as follows:

## TOPIC NO. 1:

The structure, function, and operation of the Accused Products, including those features and functionalities identified in Plaintiff's Infringement Contentions.

**RESPONSE TO TOPIC NO. 1:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that (1) it is vague and ambiguous with respect to the terms "structure" and "operation" as applied to the Accused Products, and does not describe the matters for examination with reasonable particularity; and (2) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to the claims or defenses of the parties or proportional to the needs of the case.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding the accused MXU Reduced Precision Multiply Cell and related functionality.

**TOPIC NO. 2:**

Source code relating to the Accused Products, including all register-transfer language (RTL), hardware description language (HDL), Verilog, and VHDL files.

**RESPONSE TO TOPIC NO. 2:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it is overbroad and unduly burdensome insofar as it seeks testimony on "[a]ll source code files" that relate in any way to any of the Accused Products, and does not describe the matters for examination with reasonable particularity; (2) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to the claims or defenses of the parties or proportional to the needs of the case; (3) it prematurely seeks expert opinions or analysis; and (4) it seeks corporate testimony that is not proper under Rule 30(b)(6), including by

purporting to require testimony regarding information more efficiently sought through written discovery.

Subject to, constrained by, and without waiving any of these objections, Google will produce a witness or witnesses to testify regarding the source code implementation of the accused MXU Reduced Precision Multiply Cell and related functionality.

**TOPIC NO. 3:**

Google's research and development efforts relating to the Accused Products, including Google's alleged conception and design of the Accused Products.

**RESPONSE TO TOPIC NO. 3:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it is overbroad and unduly burdensome insofar as it not limited to a time period relevant to this litigation; (2) it is vague and ambiguous with respect to the phrase "research and development costs," as that phrase can have multiple reasonable meanings; and (3) it does not describe the matters for examination with reasonable particularity.

Subject to, constrained by, and without waiving any of these objections, Google will produce a witness or witnesses to testify regarding Google's development and implementation of the Accused Products.

**TOPIC NO. 4:**

The dates (including the first and last dates) of the use, manufacture, sale, offer for sale, testing, and importation of the Accused Products.

**RESPONSE TO TOPIC NO. 4:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it

6

1526823

is vague and ambiguous with respect to the terms "use," "testing," and "importation"; (2) it assumes facts or is contrary to facts, including that Google has sold, offered to sell, and imported the Accused Products; (3) it seeks corporate testimony that is not proper under Rule 30(b)(6), including by purporting to require testimony regarding information more efficiently sought through written discovery.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more corporate witnesses to testify regarding Google's use, manufacture, and testing of the Accused Products.

**TOPIC NO. 5:**

Google's decision to develop, build, and implement in its data centers the Accused Products.

**RESPONSE TO TOPIC NO. 5:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it is overly broad, unduly burdensome and seeks information not relevant to the claims or defense of the parties or proportional to the needs of the case; and (2) it does not describe the matters for examination with reasonable particularity.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more corporate witnesses to testify regarding Google's development and implementation of the accused TPU v2 and TPU v3 processors in Google's data centers.

**TOPIC NO. 6:**

The structure, function, and operation of software utilized in connection with the Accused Products, including Google software and any third party software used to deliver Accused Services.

**RESPONSE TO TOPIC NO. 6:**

1526823

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically  objects to this topic on the grounds and to the extent that: (1) it is overly broad, unduly burdensome and seeks information not relevant to the claims or defense of the parties or proportional to the needs of the case; (2) it is vague and ambiguous with respect to the phrase "software utilized in connection with the Accused Products"; (3) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (4) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or common interest or joint defense privilege; (5) it is overbroad and unduly burdensome insofar as it seeks testimony on *all* software, without limitation, related to the "Accused Services," which is defined broadly to include any and all of "Translate, Photos, Search, Assistant, Gmail, and Cloud (including Cloud AI and Cloud TPU")"; (8) it is not reasonably limited to a time period relevant to this litigation; (9) it seeks information regarding software developed and/or operated by third parties that is not in Google's possession, custody or control.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**TOPIC NO. 7:**

Google's instructions to any user (including any Google engineer, scientist, or technician), Google customer, or potential Google customer on how to use the Accused Products.

**RESPONSE TO TOPIC NO. 7:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that (1) it is overly broad, unduly burdensome and seeks information not relevant to the claims or defense

1526823

of the parties or proportional to the needs of the case; and (2) it is vague and ambiguous with respect to the term "use."

Subject to, constrained by, and without waiving any of these objections, Google will produce a witness or witnesses to testify regarding instructions to users on how to use the accused MXU Reduced Precision Multiply Cell and related functionality.

**TOPIC NO. 8:**

The circumstances under which Google first became aware of the '273 Patent.

**RESPONSE TO TOPIC NO. 8:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Subject to, constrained by, and without waiving any of these objections, Google will produce a witness or witnesses to testify regarding when it first became aware of the '273 patent.

**TOPIC NO. 9:**

The circumstances under which Google first became aware of the '156 Patent.

**RESPONSE TO TOPIC NO. 9:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

9

Subject to, constrained by, and without waiving any of these objections, Google will produce a witness or witnesses to testify regarding when it first became aware of the '156 patent.

**TOPIC NO. 10:**

The circumstances under which Google first became aware of the '961 Patent.

**RESPONSE TO TOPIC NO. 10:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to, constrained by, and without waiving any of these objections, Google will produce a witness or witnesses to testify regarding when it first became aware of the '961 patent.

**TOPIC NO. 11:**

The circumstances under which Google first became aware of Singular's technology, and under which Google first became aware of the patent-pending status of Singular's technology.

**RESPONSE TO TOPIC NO. 11:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity; (2) it is vague and ambiguous with respect to the term "Singular's technology," and Google interprets "Singular's technology" to mean the technology described in the Asserted Patents; (3) it is overly broad, unduly burdensome and seeks information not relevant to the

10

claims or defense of the parties or proportional to the needs of the case; and (4) it is duplicative of other topics in this Notice, including Topic No. 15.

Subject to, constrained by, and without waiving any of these objections, Google will produce a witness or witnesses to testify regarding this topic.

**TOPIC NO. 12:**

All investigations, discussions, analyses, opinions or advice (whether written or oral) concerning the '273 Patent, including, without limitation, the validity, inventorship, ownership, infringement, enforceability, or scope of the '273 Patent, or whether any specific product(s) does or does not infringe one or more claims of the '273 Patent.

**RESPONSE TO TOPIC NO. 12:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity; (2) it prematurely seeks disclosure of written or oral advice of counsel (*see* Local Patent Rule 16.6(f)); (3) it prematurely seeks expert opinions or analysis; and (4) it is overbroad and unduly burdensome, seeks information that is not relevant or proportional to the needs of this case and seeks information that is better obtained through other forms of discovery.

In light of these objections, Google will not designate a witness to testify on this topic.

**TOPIC NO. 13:**

All investigations, discussions, analyses, opinions or advice (whether written or oral) concerning the '156 Patent, including, without limitation, the validity, inventorship, ownership, infringement, enforceability, or scope of the '156 Patent, or whether any specific product(s) does or does not infringe one or more claims of the '156 Patent.

11

**RESPONSE TO TOPIC NO. 13:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity; (2) it prematurely seeks disclosure of written or oral advice of counsel (*see* Local Patent Rule 16.6(f)); (3) it prematurely seeks expert opinions or analysis; and (4) it is overbroad and unduly burdensome, seeks information that is not relevant or proportional to the needs of this case and seeks information that is better obtained through other forms of discovery.

In light of these objections, Google will not designate a witness to testify on this topic.

**TOPIC NO. 14:**

All investigations, discussions, analyses, opinions or advice (whether written or oral) concerning the '961 Patent, including, without limitation, the validity, inventorship, ownership, infringement, enforceability, or scope of the '961 Patent, or whether any specific product(s) does or does not infringe one or more claims of the '961 Patent.

**RESPONSE TO TOPIC NO. 14:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity; (2) it prematurely seeks disclosure of written or oral advice of counsel (*see* Local Patent Rule 16.6(f)); (3) it prematurely seeks expert opinions or analysis; and (4) it is overbroad and unduly burdensome, seeks information that is not relevant or proportional to the needs of this case and seeks information that is better obtained through other forms of discovery.

12

In light of these objections, Google will not designate a witness to testify on this topic.

**TOPIC NO. 15:**

Google's knowledge of Singular, its products, services, research, technology, employees, and intellectual property, including how and when Google first learned of each.

**RESPONSE TO TOPIC NO. 15:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity; (2) it is not reasonably limited to a time period relevant to this litigation; (3) it is vague and ambiguous with respect to Singular's "products, services, research, technology, employees, and intellectual property," and Google interprets that phrase to mean "products, services, research, technology, employees, and intellectual property" related to the Accused Patents; (4) it is overbroad, unduly burdensome, and seeks information not relevant to the claims or defenses of the parties and is not proportional to the needs of the case; and (5) it is duplicative of other topics in this Notice, including Topic No. 11.

Subject to, constrained by, and without waiving any of these objections, Google will produce a witness or witnesses to testify about its interactions with Singular.

**TOPIC NO. 16:**

Google's decision to use the Accused Products to deliver in whole or in part any Google product (including without limitation the Accused Services), or any Google AI or machine learning process used to provide any Google product, including without limitation the Accused Services.

13

**RESPONSE TO TOPIC NO. 16:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it is neither relevant to nor proportional to the needs of the case as it is not directed to elements, aspects, or functionalities of the specific accused products at issue in this case; (2) it is overbroad, unduly burdensome and not proportional to the needs of this case insofar as it seeks information about the "Accused Services," which is broadly defined to include any and all of "Translate, Photos, Search, Assistant, Gmail, and Cloud (including Cloud AI and Cloud TPU");
(3) it is vague and ambiguous with respect to the terms and phrases "Google product," "Google AI or machine learning process," and "used to provide any Google product"; (4) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or common interest or joint defense privilege; and (5) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**TOPIC NO. 17:**

Google's efforts to design around any claim of the Asserted Patents.

**RESPONSE TO TOPIC NO. 17:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that it calls for, or may be construed as calling for, information protected from discovery by the

14

attorney-client privilege, the work product doctrine, and/or common interest or joint defense privilege.

Subject to these objections and without waiving them, Google will produce a witness to testify as to non-privileged information regarding this topic.

**TOPIC NO. 18:**

Google's grounds for its contention that as of 2017 it believed it did not infringe any claim of the '273 and '156 Patents.

**RESPONSE TO TOPIC NO. 18:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable defense or immunity; (2) it improperly seeks discovery into Google's legal contentions and the bases for those contentions through deposition testimony.

In light of these objections, Google will not designate a witness to testify on this topic.

**TOPIC NO. 19:**

Google's grounds for its contention that it does not infringe any claim of the '961 Patent.

**RESPONSE TO TOPIC NO. 19:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable defense or immunity; (2) it improperly seeks discovery into Google's legal contentions and the bases for those contentions through deposition testimony.

1526823

In light of these objections, Google will not designate a witness to testify on this topic.

**TOPIC NO. 20:**

Any prior art or alleged prior art to the Asserted Patents of which Google is aware.

**RESPONSE TO TOPIC NO. 20:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity; (2) it improperly attempts to address Google's legal contentions and the bases for those contentions through deposition testimony; and (3) it prematurely seeks expert opinions or analysis.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 21:**

The commercial success of the Accused Products and of any products and services (including the Accused Services) that make use of the Accused Products.

**RESPONSE TO TOPIC NO. 21:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it is vague and ambiguous as to time, and with respect to the terms "commercial success" and "make use of"; (2) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity; (3) it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, particularly in its use of the term "Accused Services"; (4) it does not describe the matters for examination with reasonable

16

particularity; and (5) it seeks proprietary trade secret or other confidential or competitively

sensitive materials that are not relevant to this litigation.

      Subject to, constrained by, and without waiving any of these objections, Google will meet

and confer with Singular to discuss the relevance and appropriate scope, if any, of this topic.

**TOPIC NO. 22:**

      The current popularity of the Accused Products and of any products and services (including

the Accused Services) that make use of the Accused Products.

**RESPONSE TO TOPIC NO. 22:**

      In addition to the above Objections to Definitions and Instructions, incorporated herein

by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it

is vague and ambiguous with respect to the terms "current popularity" and "make use of"; (2) it

calls for, or may be construed as calling for, information protected from discovery by the

attorney-client privilege, the work product doctrine, and/or any other applicable privilege or

immunity; (3) it is overbroad, not reasonably calculated to lead to the discovery of admissible

evidence, and not proportional to the needs of this case, particularly in its use of the term

"Accused Services"; (4) it does not describe the matters for examination with reasonable

particularity; (5) it prematurely seeks expert testimony or opinions; and (6) it seeks proprietary

trade secret or other confidential or competitively sensitive materials that are not relevant to this

litigation.

      Subject to, constrained by, and without waiving any of these objections, Google will meet

and confer with Singular to discuss the relevance and appropriate scope, if any, of this topic.

**TOPIC NO. 23:**

      Past, current, and future demand for the Accused Products and for any products and services

(including the Accused Services) that make use of the Accused Products.

1526823

**RESPONSE TO TOPIC NO. 23:**

 In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it is vague and ambiguous as to time and with respect to the terms "demand" and "make use of"; (2) it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, particularly in its use of the term "Accused Services"; (3) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (4) it prematurely seeks expert testimony or opinions; and (5) it does not describe the matters for examination with reasonable particularity.

 Subject to, constrained by, and without waiving any of these objections, Google will meet and confer with Singular to discuss the relevance and appropriate scope, if any, of this topic.

**TOPIC NO. 24:**

 Google's pricing for the Accused Products and for any products and services (including the Accused Services) that make use of the Accused Products.

**RESPONSE TO TOPIC NO. 24:**

 In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds and to the extent that: (1) it is vague and ambiguous with respect to time and  the term "make use of"; (2) it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, particularly in its use of the term "Accused Services"; (3) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; and (4) it does not describe the matters for examination with reasonable particularity.

 Subject to, constrained by, and without waiving any of these objections, Google will meet and confer with Singular to discuss the relevance and appropriate scope, if any, of this topic.

**TOPIC NO. 25:**

The marketing of the Accused Products and of any products and services (including the Accused Services) that make use of the Accused Products.

**RESPONSE TO TOPIC NO. 25:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically  objects to this topic on the grounds and to the extent that: (1) it is vague and ambiguous with respect to time and the term "make use of"; (2) it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, particularly in its use of the term "Accused Services"; (3) it does not describe the matters for examination with reasonable particularity; (4) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google will meet and confer with Singular to discuss the relevance and appropriate scope, if any, of this topic.

**TOPIC NO. 26:**

The utility and advantages of the Accused Products as perceived by Google over any competing technologies.

**RESPONSE TO TOPIC NO. 26:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 27:**

Google's responses, supplemental responses, and amended responses to Singular's interrogatories in this action.

**RESPONSE TO TOPIC NO. 27:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 28:**

The organizational and hierarchical structure of the product group(s) and business segment(s) responsible (or formerly responsible) for the Accused Products, and specifically including those responsible for the design of TPU v.2 and TPU v.3.

**RESPONSE TO TOPIC NO. 28:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 29:**

Google's document retention policies, including for its storage, retention, archiving, and destruction of documents, including electronic documents.

**RESPONSE TO TOPIC NO. 29:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 30:**

Google's intellectual property policies and practices.

**RESPONSE TO TOPIC NO. 30:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 31:**

Any patents or patent applications filed by Google that would cover any aspect of the Accused Products; any continuations, continuations-in-part, or divisions thereof; and any reissues or extensions thereof.

**RESPONSE TO TOPIC NO. 31:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 32:**

US Patent No. 10,621,269.

**RESPONSE TO TOPIC NO. 32:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

1526823

**TOPIC NO. 33:**

Any documents created by or on behalf of Google, or received by Google, before the filing of the complaint in this action that reference one or more of the Asserted Patents.

**RESPONSE TO TOPIC NO. 33:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 34:**

Other patent litigation(s) involving any of the Accused Products.

**RESPONSE TO TOPIC NO. 34:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 35:**

Sworn testimony, including but not limited to deposition and trial testimony, by Google or anyone testifying on Google's behalf in any proceeding relating to the Accused Products.

**RESPONSE TO TOPIC NO. 35:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 36:**

Google's policies and practices concerning licensing intellectual property to and from others.

**RESPONSE TO TOPIC NO. 36:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 37:**

Licenses, patent licenses, settlement agreements, covenants not to sue, or other agreements entered into by Google relating to the Accused Products.

**RESPONSE TO TOPIC NO. 37:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome,

oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 38:**

Patent acquisitions by Google relating to the Accused Products.

**RESPONSE TO TOPIC NO. 38:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 39:**

Royalties (including patent royalties) or license fees that Google has paid or is paying relating to the Accused Products.

**RESPONSE TO TOPIC NO. 39:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in

25

Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 40:**

Royalties (including patent royalties) or license fees that Google has collected or received, is collecting or receiving, or expects to collect or receive relating to the Accused Products.

**RESPONSE TO TOPIC NO. 40:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 41:**

Revenues and pre-tax income attendant to the Accused Products or attendant to any products or service (including the Accused Services) making use of the Accused Products.

**RESPONSE TO TOPIC NO. 41:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

1526823

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 42:**

Operating costs and/or expenses for the Accused Products or any products or services (including the Accused Services) making use of the Accused Products.

**RESPONSE TO TOPIC NO. 42:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 43:**

Research and development costs and expenses relating to the Accused Products.

**RESPONSE TO TOPIC NO. 43:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 44:**

Operating profits for the Accused Products, or any products or services (including the Accused Services) making use of the Accused Products.

**RESPONSE TO TOPIC NO. 44:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 45:**

Projections for sales or use of the Accused Products, or for any products or services (including the Accused Services) making use of the Accused Products.

**RESPONSE TO TOPIC NO. 45:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

1526823

**TOPIC NO. 46:**

Development profit and loss statements for the Accused Products, or any products or services (including the Accused Services) making use of the Accused Products.

**RESPONSE TO TOPIC NO. 46:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 47:**

Google's publicly-disclosed financial statements.

**RESPONSE TO TOPIC NO. 47:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 48:**

The monetary and/or nonmonetary value that Google's customers and end users of the Accused Products and Accused Services attribute to the features of the Accused Products, including

29

the existence and substance of any related studies, surveys, presentations, reports, or other similar documentation.

**RESPONSE TO TOPIC NO. 48:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 49:**

The monetary and/or nonmonetary value that Google accords the features of the Accused Products and Accused Services, including the pricing of such features and the existence and substance of any related studies, surveys, presentations, reports, or other similar documentation.

**RESPONSE TO TOPIC NO. 49:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

1526823

**TOPIC NO. 50:**

Any comparisons of the Accused Products and Accused Services to comparable products and services of any other person or entity.

**RESPONSE TO TOPIC NO. 50:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 51:**

Google-internal or third-party reports, reviews and studies of all products in competition with the Accused Products and Accused Services.

**RESPONSE TO TOPIC NO. 51:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

31

1526823

**TOPIC NO. 52:**

Reports, reviews and/or studies of competitor systems and services employing any of the Accused Products or Accused Services.

**RESPONSE TO TOPIC NO. 52:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 53:**

Presentations, whether written, verbal, recorded, televised and/or broadcast (via the Internet or otherwise), concerning the Accused Products and Accused Services.

**RESPONSE TO TOPIC NO. 53:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

1526823

**TOPIC NO. 53(a)[1]:**

Google's business and/or financial relationship with any third party concerning the design, development, implementation, use, testing. sale, distribution, or promotion of the Accused Products, including any components and/or features thereof.

**RESPONSE TO TOPIC NO. 53(a):**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 54:**

License agreements and contracts concerning the design, development, implementation, use, testing, sale, distribution, or promotion of the Accused Products, including any components and/or features thereof.

**RESPONSE TO TOPIC NO. 54:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in

---

[1] Singular's 30(b)(6) Notice contains two topics identified as number 53.  To avoid confusion, the second number 53 is referred to as number 53(a) here.

Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 55:**

Internal analyses or market studies prepared by (or for) Google concerning the importance or benefits of the Accused Products and Accused Services, including any features or components thereof.

**RESPONSE TO TOPIC NO. 55:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 56:**

Profit and loss (P&L) statements of any product group or business segment(s) responsible (or formerly responsible) for the Accused Products or Accused Services.

**RESPONSE TO TOPIC NO. 56:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in

34

Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 57:**

Product Requirement Documents (PRD) or similar development planning documents concerning the Accused Products.

**RESPONSE TO TOPIC NO. 57:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 58:**

Competitive intelligence/analysis reports (internal and/or third-party) concerning the Accused Products and Accused Services.

**RESPONSE TO TOPIC NO. 58:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 59:**

Price lists, profit or loss statements or projections, and market studies relating to the sale of, or sale of services in connection with, the Accused Products or Accused Services.

**RESPONSE TO TOPIC NO. 59:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 60:**

Google's initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, including any documents or things identified in Google's initial disclosures.

**RESPONSE TO TOPIC NO. 60:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

1526823

**TOPIC NO. 61:**

Any documents or things Google expects to use, introduce into evidence, or otherwise rely upon at any hearing, trial, submission to the Court, or deposition in this matter.

**RESPONSE TO TOPIC NO. 61:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 62:**

Capital asset requests and analyses associated with developing Google's data centers without the Accused Products.

**RESPONSE TO TOPIC NO. 62:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 63:**

Google's long-term capital investment plans relating to its data centers.

**RESPONSE TO TOPIC NO. 63:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 64:**

Projections of Google's long-term data center needs and shortfalls.

**RESPONSE TO TOPIC NO. 64:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 65:**

Capital asset requests and analyses associated with developing Googles data centers with the Accused Products.

**RESPONSE TO TOPIC NO. 65:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome,

38

oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 66:**

Operating budgets and plans for Google data centers operating without the Accused Products.

**RESPONSE TO TOPIC NO. 66:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 67:**

Operating budgets and plans for Google data centers operating with the Accused Products.

**RESPONSE TO TOPIC NO. 67:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 68:**

Profit and loss statements or other financial analyses prepared by Google related to the actual operation of its data centers with and without the Accused Products.

**RESPONSE TO TOPIC NO. 68:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 69:**

Google's business planning, long-term capital expenditure plans, or other studies from prior to the use of the Accused Products.

**RESPONSE TO TOPIC NO. 69:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

1526823

**TOPIC NO. 70:**

Studies performed either internally by Google or by third parties discussing system architecture for Google data centers with or without the Accused Products.

**RESPONSE TO TOPIC NO. 70:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 71:**

Internal studies by Google or third parties discussing the benefits of using the Accused Products as opposed to other products, computer systems, devices, and other hardware/software having architectures that differ from those used by the Accused Products.

**RESPONSE TO TOPIC NO. 71:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

41

**TOPIC NO. 72:**

Google's decision to invest in designing and making the Google Tensor Processing Unit v.1 ("TPU v.1") in-house, including business analyses, capital asset requests, research and development expenditure requests, research and development reports and presentations related to the development of the TPU v.1, and presentations to management and/or Google's board to support the decision to implement the TPU v.1.

**RESPONSE TO TOPIC NO. 72:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 73:**

Google's decision to invest in designing and making the TPU v.2 and TPU v.3 in-house, including business analyses, capital asset requests, research and development expenditure requests, research and development reports and presentations related to the development of the Accused Products, and presentations to management and/or Google's board to support the decision to implement the Accused Products.

**RESPONSE TO TOPIC NO. 73:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons

stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 74:**

The fabrication of the Accused Products, including costs of fabrication and testing of the Accused Products

**RESPONSE TO TOPIC NO. 74:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 75:**

Budgets and forecasts relating to the development and operation of all Google Cloud businesses, including Cloud Platform, Cloud AI, and Cloud TPU.

**RESPONSE TO TOPIC NO. 75:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in

43

Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 76:**

Google's actual revenues, costs and profits from the operation of all Google Cloud businesses, including Cloud Platform, Cloud AI, and Cloud TPU, or any other Google service or business that makes use of the Accused Products.

**RESPONSE TO TOPIC NO. 76:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 77:**

Studies, analyses, and tests of the technical and costs benefits of the TPU v.1.

**RESPONSE TO TOPIC NO. 77:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 78:**

Studies, analyses, and tests of the technical and costs benefits of the Accused Products compared to TPU v.1.

**RESPONSE TO TOPIC NO. 78:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 79:**

Studies, analyses, and tests of the technical and costs benefits, including energy, maintenance, GPU purchases, and IT infrastructure technical and costs benefits due to the consolidation of Neural Networks training and inference on TPU v.2

**RESPONSE TO TOPIC NO. 79:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 80:**

Quantifications, evaluations and estimates of the value to Google of the benefits of using the Accused Products, including, but not limited to, improved search results, advertising placement, increases in volume of search and advertising, increased revenues, profits, advertising rates, and/or click-through rates.

**RESPONSE TO TOPIC NO. 80:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 81:**

Incremental revenues and/or profits earned by Google from use of the Accused Products compared to other architectures.

**RESPONSE TO TOPIC NO. 81:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

46

1526823

**TOPIC NO. 82:**

The identity of all Google's products and services (including the Accused Services) that use the Accused Products, and when each such Google product or service first used the Accused Products.

**RESPONSE TO TOPIC NO. 82:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 83:**

Google's decision to implement the TPU v.1 in Google's products or services (including the Accused Services).

**RESPONSE TO TOPIC NO. 83:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

1526823

**TOPIC NO. 84:**

Google's acquisition of DeepMind Technologies, including without limitation purchase price allocations, the purchase rationale, board approvals, and studies and analyses of the activities of DeepMind Technologies prepared by or for Google.

**RESPONSE TO TOPIC NO. 84:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 85:**

Google's revenues, costs and profits from the operation of DeepMind Technologies.

**RESPONSE TO TOPIC NO. 85:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

1526823

**TOPIC NO. 86:**

Licensing or acquisition of any technology, intellectual property, or company associated with the operation of Google data centers or other hardware for artificial intelligence or machine learning operations.

**RESPONSE TO TOPIC NO. 86:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 87:**

Google's alleged conception, design, development and testing of the "bfloat16" number format and its use of the "bfloat16" number format in the Accused Products.

**RESPONSE TO TOPIC NO. 87:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

1526823

**TOPIC NO. 88:**

The identity of all employee(s) at Google who allegedly first conceived of the "bfloat16" number format and any applications thereof, including its use in the Accused Products.

**RESPONSE TO TOPIC NO. 88:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 89:**

Internal codenames, nicknames, or other names or titles used to refer to the Accused Products or the bfloat16 number format of the Accused Products, as well as any components thereof or hardware or software related thereto.

**RESPONSE TO TOPIC NO. 89:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 90:**

The basis for Google's determination that but for the Accused Products its data centers would have to be doubled, including identification of those who shared this view and those who did not share this view.

**RESPONSE TO TOPIC NO. 90:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 91:**

As of 2017, the average cost to build a data center.

**RESPONSE TO TOPIC NO. 91:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 92:**

As of 2017, the average cost to maintain a data center.

**RESPONSE TO TOPIC NO. 92:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 93:**

As of 2017, Google's corporate return on investment (ROI) policy.

**RESPONSE TO TOPIC NO. 93:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 94:**

Jeffrey Dean's involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Jeffrey Dean referring or relating to the Accused Products.

1526823

**RESPONSE TO TOPIC NO. 94:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 95:**

Norman Jouppi's involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Norman Jouppi referring or relating to the Accused Products.

**RESPONSE TO TOPIC NO. 95:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 96:**

James Laudon's involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents,

1526823

presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by James Laudon referring or relating to the Accused Products.

**RESPONSE TO TOPIC NO. 96:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 97:**

Nan Boden's involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Nan Boden referring or relating to the Accused Products.

**RESPONSE TO TOPIC NO. 97:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

1526823

**TOPIC NO. 98:**

Obi Felton's involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Obi Felton referring or relating to the Accused Products.

**RESPONSE TO TOPIC NO. 98:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 99:**

Sebastian Thrun's involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Sebastian Thrun referring or relating to the Accused Products.

**RESPONSE TO TOPIC NO. 99:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in

Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 100:**

Quoc Le's involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Quoc Le referring or relating to the Accused Products.

**RESPONSE TO TOPIC NO. 100:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 101:**

Andrew Phelps' involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Andrew Phelps referring or relating to the Accused Products.

**RESPONSE TO TOPIC NO. 101:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome,

1526823

oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

**TOPIC NO. 102:**

Astro Teller's involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Astro Teller referring or relating to the Accused Products.

**RESPONSE TO TOPIC NO. 102:**

Google incorporates its Objections to Definitions and Instructions and objections to Topics 1-25 herein by reference. Google further objects to this topic as unduly burdensome, oppressive, and improper given the number of topics noticed for deposition and for the reasons stated in Google's October 9, 2020 letter, which is incorporated here by reference.  As stated in Google's October 9, 2020 letter, Google is amenable to conferring with Singular on identifying a reduced set of topics that would be less burdensome and oppressive.

In light of these objections, Google will not designate a witness on this topic.

//

//

//

//

//

57

1526823

Respectfully submitted,

Dated:  October 31, 2020

By:   /s/Matthias Kamber

Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

58

1526823

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on October 31, 2020, I served this document on Plaintiff by causing a copy to be sent by electronic mail to its counsel of record.

/s/Andrew S. Bruns
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*