# EXHIBIT 9



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com


**Deeva Shah**
(415) 676 2268
dshah@keker.com

February 5, 2021


**VIA ELECTRONIC MAIL**
Michael J. Ercolini
Prince Lobel Tye LLP
One International Place
Suite 3700
Boston, MA 02110
mercolini@princelobel.com

Re:    *Singular Computing LLC v. Google LLC*, 1:19-cv-12551-FDS (D. Mass.)

Dear Michael:

I write in response to Singular's February 3, 2021 letter regarding Singular's custodial searches.

**Singular ESI Custodians**

Google's January 20, 2021 letter asked Singular to "provide a list of all Singular employees or contractors for which Singular possesses custodial ESI." This is not a burdensome request given Singular's representation that it has "relatively limited custodial email." Yet in response to our multiple requests, Singular seemingly refuses to provide a list of custodians , notwithstanding that it agreed that the parties would produce documents for 11 ESI custodians. At this point, we still do not even know if Singular has 11 custodians to choose from, much less who they are.

If Singular refuses to provide this information, Google reserves the right to request ESI searches of additional custodians identified through Singular's production. As we have told you before, we view such an approach as inefficient and undesirable, but we are left with no choice if Singular will not identify who its custodians are. Please respond with a list of custodians or explain your refusal to provide such a list by **February 10, 2021**. Google will not be able to finalize its list of custodians or terms until Singular provides a response.[1]

---

[1] Singular contends that it will begin rolling productions for particular search strings that "returned a reasonable number of hits." As noted in this letter and in Google's January 20, 2021 letter, Google has not and cannot finalize its search strings and custodians until it receives further information from Singular. Although Singular is welcome to begin rolling productions, those productions do not limit Google's ability to modify its custodians or search strings, which

1643340

**VIA ELECTRONIC MAIL**

February 5, 2021
Page 2

**Intrinsix ESI Custodians**

Google's January 20, 2021 letter requested that Singular collect and conduct an ESI search for three Intrinsix custodians—Messrs. Beal, Stecyk, and Arnold—as Singular "has both the legal right and ability to obtain ESI documents" from Intrinsix. Singular's February 3, 2020 response to that letter simply states that it is providing hit counts for "custodial searches for both Singular and Intrinsix." We therefore understand that Singular will run the Intrinsix-specific search strings on custodial documents for Messrs. Beal, Stecyk, and Arnold. If that is not the case, please let us know by **February 10, 2021**.

**ESI Search Terms**

Google is reviewing the hit counts provided in Singular's February 3, 2021 letter. To understand the hit counts Singular provided, please clarify (1) whether the hit counts for emails include families, and (2) whether the hit counts are de-duplicated?

In the interest of having a productive discussion going forward, I will clear up a few matters raised by your letter.

As an initial matter, Singular is mistaken in accusing Google of proposing searches that are intended to either maximize cost or delay production. Singular's own initial proposal provides a useful contrast. Singular claimed in December that its initial proposed searches were "narrowly tailored to specific issues in this case," even though they included terms as broad as *Joe* and yielded over 770,000 email hits alone. In contrast, Google's first round of search strings—which Singular now contends is overreaching—results in just over 118,000 hits.

Further, terms Singular labels "egregious" are in fact directly related to the issues in this case. For instance, Singular balks at the terms *patent\** and *Blueshift*, but Singular's and Blueshift's productions to date contain no evidence suggesting that Singular's work with Blueshift or Singular documents discussing patents would be unrelated to the alleged inventions in this **patent** dispute. Singular has not, for example, shown that it has attempted to prosecute patents for any unrelated inventions (or that it even has such inventions). Absent a showing otherwise, we intend to keep both terms in the search strings.

Likewise, although Singular alleges the inventor's name (*Bates*) and the term *Singular\** are egregious, those search terms are listed only for the Intrinsix custodians in the Intrinsix search strings. As Singular itself concedes, Singular "largely employed a single individual over the past decade" and these terms are intended to understand Dr. Bates' relationship with the entity to which he largely outsourced development of the S1 chip.

Finally, although Singular feigns confusion as to the "hodgepodge" of names and terms in Singular Search String 8, those names and terms are entirely related to the entities Singular itself

---

Google will finalize upon receipt of further information.

**VIA ELECTRONIC MAIL**

February 5, 2021
Page 3

provided in its initial disclosures.  Similarly, the terms for Search String 9 all relate to the invalidity contentions Google provided to Singular.  Far from having "a tenuous connection" to this case, the terms relate directly to matters the parties themselves have identified as relevant.

Nevertheless, Google is willing to work with Singular to further narrow its search strings.  As an initial matter, Google has no objection to removing the term *Intrinsix* from Intrinsix Search String 8; that term was included in the string inadvertently.  To facilitate further narrowing, we ask that Singular provide granular hit counts to parse out search strings in a manner other than how Google originally structured them (just as Singular requested for its own search terms).  Please provide granular hit counts by **February 10, 2021,** for at least Singular Search Strings 8, 9, 10, and 12, as well as any other search strings Singular contends are unreasonable.  Once we have the granular hit counts, we will review them and draft revised search strings.

**Google's ESI Production**

Although Singular's sudden demand for rolling productions has nothing to do with the correspondence from Google about ESI searches for Singular custodians—and is more appropriately addressed to Jay, who has been handling that to date—I briefly address it here.

First, Singular's consistent practice of trying to deflect discovery issues raised by Google by raising wholly unrelated (and typically unsubstantiated) complaints is unproductive.  Discovery is not a tit-for-tat process and we decline to treat it that way.

Second, your letter's implication that Google is dragging its feet is not well-taken.  Google has diligently sought to move the process of reviewing and producing its custodial ESI since as far back as August 2020—even as Singular showed little interest or urgency in the issue.  The record on that is clear.

Third, Google has been clear and consistent about the timeline for production, repeatedly telling Singular that we expect the document review to take about two months from the date search terms were agreed on (January 5).  Until now, Singular has never complained about that timeline, nor could it.  Singular took well over three months just to collect and produce 1,196 documents from Intrinsix—in the process ignoring multiple follow-up requests by Google and refusing to adopt the suggestion that documents be produced on a rolling basis.  The volume of documents Google expects to produce is significantly larger yet will take far less time.

Google will evaluate whether a rolling production is practical in these circumstances but will not divert resources from other discovery issues—including third-party subpoenas—simply because Singular has abruptly asked for them following months of refusing to engage on the issue of ESI custodians and searches.

1643340

**VIA ELECTRONIC MAIL**

February 5, 2021
Page 4


Very truly yours,

KEKER, VAN NEST & PETERS LLP

 Deeva Shah

DVS:dlc