# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | |
| v. | Hon. F. Dennis Saylor IV |
| GOOGLE LLC, | |
| Defendant. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian M. Seeve (BBO #670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this brief in opposition to the motion of defendant Google LLC ("Google") for a protective order seeking to delay Singular from taking depositions of Google pursuant to Rule 30(b)(1) and (6) ("Motion" or "Mot."). Dkt. No. 154.[1]  For the reasons set forth below, the Motion should be denied.

## I.   INTRODUCTION

The Motion represents nothing more than a further move by Google to frustrate, delay and deny Singular's ability to obtain legitimate discovery in this case.  For example, Singular served its original Rule 30(b)(6) Notice of Deposition in this case on **October 2, 2020**. *See* Bruns Decl., Ex. 1 (Dkt. No. 155-1).  Instead of providing one or more responsive witnesses, Google has engaged in a persistent strategy of interposing myriad objections in a thinly-veiled attempt to push these depositions to the end of discovery and thereby interfere with Singular's ability to conduct follow-on depositions.  Google's conduct should not be rewarded via a Protective Order.

## II.   LEGAL STANDARDS

Fed. R. Civ. P. 26 permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Rule 26(b) permits the liberal discovery of such information. *See*, *e.g.*, *Baker v. Liggett Group. Inc.*, 132 F.R.D. 123, 125 (D. Mass. 1990).  The limits of Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be on the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

"The party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 755, 789 (1st Cir. 1988).

---

[1] On March 25, 2021, Singular filed a Request for the Court to hold a status Conference to address the issue of scheduling these depositions. *See* Dkt. No. 150.  That Request has been referred to Magistrate Judge Donald L. Cabell. *See* Dkt. No. 152.

"A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986). Rule 26(c)(1) is directed to protecting a party from whom discovery is sought from "annoyance embarrassment, oppression, or undue burden or expense."

There is no requirement in the Federal Rules of Civil Procedure that any particular type of discovery be sought before another. *See*, *e.g.*, *Progressive Cas. Ins. Co. v. Fed. Deposit Ins. Corp.,* No. 13-1043, 2014 WL 12787793, at *3 (D.D.C. Jan. 9, 2014) (citation omitted). Thus, "there is no rule requiring that depositions of every witness, or any particular witness, must await the final production of every document in the case." *Freedom Med., Inc. v. Premier Purchasing Partners, L.P.*, No. 5:09CV152, 2011 WL 13196168, at *6 (E.D. Tex. Apr. 29, 2011). Therefore, a party is not justified in refusing to produce a witness for deposition until document production has been completed. *See*, *e.g.*, *Teletel, Inc. v. Tel-Tel U.S. Corp.*, No. 99Civ.4811, 2000 WL 1335872, at *2 (S.D.N.Y. Sept. 15, 2000).

A party designating a witness pursuant to Rule 30(b)(6) must make a good faith effort to prepare the witness to answer the questions fully, completely and unevasively. *See*, *e.g.*, *Briddell v. St. Gobain Abrasives, Inc.*, 233 F.R.D. 57, 60 (D. Mass. 2005). Even if the documents the witnesses must use to prepare for deposition "are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed." *Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 31, 37 (D. Mass. 2001). Phrases such as "included but not limited to" and "relating to" do not render a deposition topic overly broad. *See*, *e.g.*, *Fed. Housing Fin. Agency v. Royal Bank of Scotland PLC*, No. 3:11CV1383 (AWT). 2015 WL 13634404, at *2 (D. Conn. Aug. 20, 2015).

2

### III.     ARGUMENT

Google moves for a Protective Order with respect to Singular's Rule 30(b)(6) and 30(b)(1) notices of deposition. As the moving party, Google "has a heavy burden of showing 'extraordinary circumstances' based on "specific facts' that would justify such an order." *Id.* (citations omitted). "Prohibiting the taking of depositions is an extraordinary measure." *Prozina Shipping Co. Ltd. v. Thirty-Four Automobiles*, 179 F.R.D. 41, 48 (D. Mass. 1998). Thus, "Courts are 'extremely hesitant to prohibit the taking of a discovery deposition.'" *Sec. & Exch. Com'n v. Lemelson*, 334 F.R.D. 359, 361 (D. Mass. 2020) (citation omitted). Google has failed to meet this burden and its efforts to delay this needed discovery should be rejected.

#### A.     Timing of Depositions

The relief requested by Google is stated in the Conclusion of its brief:

> Google respectfully requests that the Court enter a protective order that (a) **delays any Rule 30(b)(6) deposition of Google or its potential corporate designees** until Singular serves a notice containing an exhaustive list of its intended Rule 30(b)(6) deposition topics and the parties have resolved the list of topics for examination, and (b) **delays the depositions of any individuals** whom Singular alleges had contact with Singular or its employees until Singular has completed its ESI production and Google has had a chance to review it.

*See* Mot. at 13-14 (emphasis added).

As set forth above, Singular's original Rule 30(b)(6) Notice was served on Google in October 2020, *i.e.* over five months ago. Google objected, arguing *inter alia* that the list of topics set forth in the Notice was improper. Google refused to produce any responsive witness(es). Per Google, "requiring Google to prepare one or more corporate witnesses on more than 100 topics alone would improperly subject it to undue burden, expense, and oppression." *See* Mot. at 1. Now, Google requests a Protective Order "until Singular serves a notice containing **an exhaustive list** of its intended Rule 30(b)(6) deposition topics" *Id.* (emphasis

3

added). Thus, Google objected to Singular's first Notice as including too many topics but now Google demands an exhaustive list. Google's changing position should not be rewarded. In response to Google's earlier complaint regarding the number of topics, Singular requested that Google designate a witness to testify on twelve initial topics from the original Rule 30(b)(6) Notice. Twelve initial topics is not burdensome in a case such as this.

As to Rule 30(b)(1) deponents, Google argues that "Singular has demanded Google **produce immediately** two witnesses for deposition who allegedly had direct communications with Singular, notwithstanding that Singular has produced no [ESI]." Mot. at 1 (emphasis added). In fact, Singular served Google with a deposition notice for Jeffrey Dean on July 10, 2020 for a deposition on September 28, 2020. *See* Declaration of Kevin Gannon ("Gannon Dec."), Ex. A. Likewise, on July 10, 2020, Singular served Google with a notice for Ms. Wall for September 30, 2020. *See* Gannon Dec., Ex. B. Thus, these notices, originally served over eight months ago, and giving ten weeks advance notice of the depositions, cannot rationally be characterized as requiring "immediate" depositions.[2] Similarly, with Obi Felten, Singular served a notice on March 10, 2021 requesting a deposition seven weeks later on April 28, 2021. *See* Gannon Dec., Ex. C. Seven weeks' notice was not a request for "immediate" deposition taking.

     B.      Singular's Rule 30(b)(6) Notice is Proper and Timely

As set forth above, Singular served its original Rule 30(b)(6) Notice on Google on October 2, 2020. *See* Bruns Decl., Ex. 1 (Dkt. No. 155-1). Google responded with objections (Dkt. No. 155-3), but provided no responsive witness(es). In an effort to move discovery along, Singular requested that Google designate a witness to testify with respect to twelve topics from

---

[2] Singular served Google with newed notices of deposition for Jeff Dean and Jennifer Wall on March 10 and 11, 2021. Gannon Dec., Exs. F and G.

the original Rule 30(b)(6) Notice, none of which involve a "contention" issue. *See* Gannon Dec., Ex. D.  Google maintained its objections. *See* Gannon Dec., Ex. E.  In another attempt to at least start the Rule 30(b)(6) deposition process, Singular served another Rule 30(b)(6) Notice with just the twelve topics included. Bruns Decl. Ex. 4 (Dkt. No. 155-4).

Instead of providing a witness, Google again objected, this time on the grounds that Singular should not be allowed to take any follow-on Rule 30(b)(6) depositions relating to any of the additional topics set forth in Singular's original notice. *See* Bruns Decl., Ex. 7 (Dkt. No. 155-7), p. 2.[3]  As counsel for Singular responded, there is nothing in the Scheduling Order or the Federal or Local Rules that places such limit on a Rule 30(b)(6) deposition. *See id.* at p. 4; *see also* Dkt. No. 155-8 at p. 2.  Google's attempt to limit Singular to the 12 topics listed in the March 10, 2021 Notice is improper.  Accordingly, Google should be ordered to provide one or more witnesses knowledgeable regarding the initial 12 identified topics forthwith.

C.   Rule 30(b)(1) Depositions

Google's refusal to make Jeffrey Dean, Jennifer Wall and Obi Felten available for deposition under Rule 30(b)(1) is likewise improper.  Per Google, the production of Singular's ESI "is necessary before either Dr. Dean or Ms. Felten is deposed." *See* Mot. at 5.  This argument is untenable.  "[T]here is no rule requiring that depositions of every witness, or any particular witness, must await the final production of every document in the case." *See*, *e.g.*, *Freedom Med. v. Premier Purchasing*, 2011 WL 13196168, at *6.  Therefore, a party cannot refuse to produce a witness for deposition until document production has been completed. *See*,

---

[3] To the extent Google argues that any topic is overly broad, such objection does not justify delaying the deposition(s) because Rule 30(b)(6) only requires a corporation to prepare the witness(es) to testify regarding matters reasonably available to the corporation. *See*, *e.g.*, *Lone Star Tech. Innovs., LLC v. ASUSTek Comp., Inc.*, No. 6:19-cv-59, 2020 WL 6803258, at *4 (E.D. Tex. Sept. 18, 2020).

*e.g.*, *Telete v. Tel-Tel*, 2000 WL 1335872.  Moreover, Dean and Felten do not require access to Singular's ESI discovery in order to testify regarding their personal knowledge of Google's accused infringing activities.  Accordingly, Google's argument that Singular should wait to take the Rule 30(b)(1) depositions of Jeffrey Dean and Obi Felten until Singular has completed its production of ESI discovery should be rejected.[4]

## IV.   CONCLUSION

For the reasons set forth above, Google's Motion for Protective Order should be denied.

Dated: April 9, 2021
                                                 Respectfully submitted,

                                                 */s/ Paul J. Hayes*
                                                 Paul J. Hayes (BBO #227000)
                                                 Matthew D. Vella (BBO #660171)
                                                 Kevin Gannon (BBO #640931)
                                                 Daniel McGonagle (BBO #690084)
                                                 Brian M. Seeve (BBO #670455)
                                                 **PRINCE LOBEL TYE LLP**
                                                 One International Place, Suite 3700
                                                 Boston, MA 02110
                                                 Tel: (617) 456-8000
                                                 Fax: (617) 456-8100
                                                 Email: phayes@princelobel.com
                                                 Email: mvella@princelobel.com
                                                 Email: kgannon@princelobel.com
                                                 Email: dmcgonagle@princelobel.com
                                                 Email: bseeve@princelobel.com

                                                 ATTORNEYS FOR PLAINTIFF

---

[4] Google also repeatedly complains that certain witnesses may be deposed under Rule 30(b)(6) as well as personally under Rule 30(b)(1). *See* Mot. at 5, 8.  Google's argument should be rejected. The scope of testimony pursuant to Rule 30(b)(6) and 30(b)(1) is not identical. *See*, *e.g.*, *Infinity Fluids Corp. v. Gen. Dynamics Land Sys., Inc.*, No. 14-40089-TSH, 2015 WL 4498069, at *2 (D. Mass. July 23, 2015) ("axiomatic" that a deposition under Rule 30(b)(6) does not preclude deposition by any other permitted procedure).

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Paul J. Hayes*