UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>              Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION FOR A PROTECTIVE ORDER**

1675056

The stated purpose of the Federal Rules of Civil Procedure is to facilitate the "just, speedy, and inexpensive determination of every action and proceeding." At every turn, Singular's handling of its Rule 30(b)(6) notices and its electronically stored information ("ESI") production has run afoul of these principles, delaying and complicating this litigation. To date, Singular has yet to begin producing ESI and although it served a Rule 30(b)(6) notice with more than 100 topics, Singular has suggested it plans to serve more. Singular's conduct has left Google with no choice but to seek a protective order, postponing any Rule 30(b)(6) deposition and certain Rule 30(b)(1) depositions until Singular complies with its discovery obligations. Rather than addressing the months-long delays to discovery it has caused, Singular's opposition brief omits the relevant details that led to the instant dispute. Singular also fails to offer any explanation for its intent to serve serial Rule 30(b)(6) notices or its failure to begin producing its ESI. Singular's silence on these issues reveals its effort to obtain a strategic advantage by, among other things, deposing witnesses before producing documents related to them and forcing Google to repeatedly produce witnesses for deposition in both their individual capacity and as a corporate representative. Despite Singular's delays, Google has continued to press ahead with discovery: it completed its ESI production last month, produced a fact witness—Dr. David Patterson—for deposition, provided detailed interrogatory responses, and has repeatedly sought to meet and confer on Singular's Rule 30(b)(6) notices.

For these reasons and those discussed below and in Google's opening brief, Google respectfully requests that the Court enter a protective order that (a) delays any Rule 30(b)(6) deposition of Google or its potential corporate designees until Singular serves a notice with an exhaustive list containing a reasonable number of Rule 30(b)(6) deposition topics and the parties have resolved the list of topics for examination, and (b) delays the depositions of any individuals

whom Singular alleges had contact with Singular or its employees until Singular has completed its ESI production and Google has had a chance to review it.

# ARGUMENT

I. **Singular should be required to serve a complete Rule 30(b)(6) notice before deposing Google's corporate representatives.**

Singular served its initial 102-topic Rule 30(b)(6) deposition notice on October 2, 2020. It spent the following five months ignoring Google's repeated efforts to meet and confer on those topics as explicitly required by the Federal Rules of Civil Procedure.[1] *See* Fed. R. Civ. P. 30(b)(6) ("Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination."). It *never* responded to Google's repeated emails and letters regarding that original notice. Instead, with no explanation, Singular served a new notice with a subset of the original 102 topics on March 10, 2021. In response to Google's inquiry, Singular subsequently indicated its intent to serve additional notices in the future, though it would not say which topics those might include and noted that it was not limited to the original 102 topics.

In its brief, Singular pretends that none of this happened. It asserts that "Google has engaged in a persistent strategy of interposing myriad objections in a thinly-veiled attempt to push these depositions to the end of discovery." Opp. Br. at 1. The opposite is true. Google repeatedly attempted to confer regarding the matters for examination, but Singular has yet to make any effort to engage on the subject. First, Singular ignored a letter sent October 9, 2020, *see* ECF 155-2, and subsequent formal objections served on October 31, 2020, *see* ECF 155-3, both of which requested to meet and confer regarding Singular's overbroad 102-topic notice served in October 2020. Now,

---

[1] Google's efforts to confer—and Singular's failure to respond—are described in greater detail on pages 2-4 of its opening brief. ECF No. 154.

Singular seeks to serve an untold number of topics via an unknown number of notices without offering any justification for this inefficient strategy. Neither approach is sensible or consistent with the Federal Rules of Civil Procedure.

As Google explained in its opening brief and in prior correspondence to Singular, Rule 30(a)(2) prohibits multiple depositions of a corporation absent leave of court. *See* Mot. at 6-8. Yet, Singular's brief fails to address Rule 30(a)(2) or any of the related cases cited in Google's brief. Nor does it cite a single case endorsing its inefficient proposal or anything like it. Singular's proposal to handle Rule 30(b)(6) in piecemeal fashion is also impractical for the parties, the Court, and any potential witnesses, all of whom would bear added costs and burdens related to repeated efforts to meet and confer on proposed topics, designating, preparing, and producing witnesses, and adjudicating disputes. Worse still, there is no benefit to Singular's approach, nor did Singular attempt to identify one in its brief. Instead, it inaccurately argues that "nothing in the Scheduling Order or the Federal or Local Rules" requires it to serve an exhaustive list of Rule 30(b)(6) topics in the first instance and that "Google's attempt to limit Singular to the 12 topics listed in the March 10, 2021 Notice is improper." Opp. Br. at 6. Contrary to that assertion, Google's opening brief identified several ways in which Singular's piecemeal approach conflicts with the Federal Rules in general and Rule 30 in particular. Mot. at 6-9.

The few cases cited in Singular's brief are inapposite or actually support Google's position. For instance, Singular cites two cases for the proposition that "Prohibiting the taking of depositions is an extraordinary measure."[2] But those cases involved motions seeking to "prohibit the taking of

---

[2] *See* Opp. Br. at 3.

a deposition altogether"[3] and "to have the discovery . . . limited to documentary evidence."[4] Google is not seeking anything remotely similar here. Google does not ask the Court to *prohibit* any depositions, nor does it seek to limit discovery to documentary evidence;[5] instead, Google asks that the Court *delay* certain depositions, including what should be a single deposition noticed under Rule 30(b)(6), until Singular has served an exhaustive Rule 30(b)(6) notice and completed Singular's ESI production.

Singular also cites to *Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 37 (D. Mass. 2001), for the proposition that "[e]ven if the documents" the witnesses must use to prepare for deposition "are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed." To the extent that authority has any bearing here, it weighs in favor of Google's argument that it should not have to prepare witnesses for multiple depositions in response to Singular's proposal to serve Rule 30(b)(6) notices *ad seriatum*.[6]

---

[3] *Sec. & Exch. Com'n v. Lemelson*, 334 F.R.D. 359, 361 (D. Mass. 2020).

[4] *Prozina Shipping Co. Ltd. v. Thirty-Four Automobiles*, 179 F.R.D. 41, 47 (D. Mass. 1998).

[5] To the contrary, Google has already produced one fact witness (Dr. David Patterson) for deposition and set a date for a second (Catherine Tornabene) who are neither subject to its concerns regarding Singular's ESI production nor potential Rule 30(b)(6) designees.

[6] Singular also argues that "Phrases such as 'included but not limited to' and 'relating to' do not render a deposition topic overly broad." Opp. Br. at 2 (citing *Fed. Housing Fin. Agency v. Royal Bank of Scotland PLC*, No. 3:11CV1383 (AWT), 2015 WL 13634404, at *2 (D. Conn. Aug. 20, 2015)). Not only is that position irrelevant to the present motion, but it is also wrong. *See Federal Ins. Co. v. Delta Mechanical Contractors, LLC*, Case No. 11–048ML, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013) ("Notably, many of the noticed topics include the directive that '[t]his topic includes, but is not limited to. . . .' ECF No. 87–1. This is precisely the sort of overbroad Rule 30(b)(6) notice that 'subjects the noticed party to an impossible task.'" *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) (holding that "including but not limited to" language in Rule 30(b)(6) notices are patently overbroad and impossible to comply with).

Finally, Singular argues that Google has staked out inconsistent positions because it "objected to Singular's first Notice as including too many topics but now Google demands an exhaustive list." Opp. Br. at 4. There is no tension between these arguments[7]: Singular's initial Rule 30(b)(6) notice contained 102 topics, the sheer number of which was burdensome and oppressive. Rather than addressing Google's objections, Singular has tried to avoid them by serving a second notice with 12 of the 102 topics from the initial notice, but refuses to withdraw any of the remaining 90 topics and reserves the right to add even more to the list. *See* ECF 155-7 (Bruns Decl., Ex. 7) (March 23, 2021 Bruns email to Ercolini). For all the reasons discussed above and in Google's opening brief, Singular's alternative approach is also objectionable. Consistent with the Federal Rules of Civil Procedure, Singular should serve a single, exhaustive list of topics so that the parties can confer on a final list for examination and Google can efficiently identify and prepare witnesses as appropriate.[8] Singular is in a position to identify all potential topics of examination now, given that Google completed its ESI production weeks ago. Until that occurs, Google should not be forced to proceed with piecemeal Rule 30(b)(6) depositions.

## II. Singular should complete its ESI production before deposing Google witnesses with whom it allegedly had relevant pre-litigation communications.

Singular's arguments regarding the individual depositions it has noticed are just as misplaced. It contends that Google's request to delay the depositions of Dr. Jeff Dean, Obi Felten,

---

[7] Nor has Google's position changed. Google has repeatedly and consistently noted its objections to Singular's 102-topic first notice. *See* ECF 155-2 (Bruns Decl., Ex. 2) (Oct. 9, 2020 Letter from Ybarra to Hayes); ECF 155-3 (Bruns Decl., Ex. 3) (Oct. 31 objections to Singular Rule 30(b)(6) notice); ECF 154 at 10 n.7.

[8] As Google has acknowledged, multiple Rule 30(b)(6) notices are sometimes warranted when, for example, unforeseen developments in discovery spur a party to serve a subsequent notice. Rule 26(b)(2)(C) explicitly allows for a subsequent notice, so long as it is not unreasonably cumulative, duplicative, or burdensome. But the Rules do not contemplate Singular's *ex ante* plan to roll out several Rule 30(b)(6) notices over the course of weeks or months.

and Jennifer Wall until Singular produces its ESI is unreasonable because Singular first served notices for these witnesses in July 2020. Opp. at 5. But Singular again fails to provide vital context.

It was *Singular* that elected not to pursue these depositions on the dates originally noticed. Ironically, Singular did so because it demanded *Google's* "production of all documents relating to the witnesses" in advance of their depositions. *See* Declaration of Andrew Bruns in support of Google's Reply Mtn. for Protective Order ("Bruns Decl.") Ex. A (July 29, 2020 Letter from Hayes to Kamber); Ex. B (Sept. 3, 2020 Letter from Kamber to Hayes). In other words, Singular took the same position then that it now complains is "improper"[9]—*i.e.*, that it should be able to review documents related to specific witnesses before they sit for deposition. While Singular has yet to begin its ESI production due to its own feet-dragging,[10] Google completed its custodial production in March. That is why Singular recently re-noticed the depositions of Dr. Dean, Ms. Felten, and Ms. Wall. Having refused to conduct these depositions without the benefit of Google's ESI production—which has now been complete for several weeks—it is only reasonable that Singular

---

[9] Singular fails to address any of the cases Google cited in its opening brief in which federal district courts have issued protective orders in circumstances similar to those presented here. *See* Mot. at 12-13. Instead, it cites *Teletel, Inc. v. Tel-Tel U.S. Corp.*, No. 99Civ.4811(LLS), 2000 WL 1335872, at *2 (S.D.N.Y. Sept. 15, 2000), for the proposition that "a party cannot refuse to produce a witness for deposition until document production has been completed." Opp. Br. at 5-6. But that is not the relief Google seeks here. The issue here is that Singular has been dilatory in producing ESI while simultaneously pressing for the depositions of individuals it alleges had direct interactions with Singular. This position is unfair to Google and, as noted above, directly at odds with Singular's own position on these same depositions. In any event, *Teletel* involved a motion for monetary sanctions and dismissal where the plaintiff failed to comply with court orders to produce its principals for deposition. The case has no bearing here.

[10] For instance, it has now been 85 days since Google provided Singular with its initial ESI search terms. Fifty-five of those days have been spent waiting on Singular to respond to hit counts for Google's search terms. *See* Bruns Decl. ¶ 3. Most recently, Singular took 27 days to respond to correspondence from Google on the issue. *Id.* Singular now says it "intends to complete its review and production of emails by early May." *Id.*, Ex. C (April 7, 2021 Email from Ercolini to Porto).

complete its own ESI production before deposing witnesses to whose testimony that ESI production might be relevant.

Singular also argues that Google's witnesses "do not require access to Singular's ESI discovery in order to testify regarding their personal knowledge of Google's accused infringing activities." Opp. at 6. That argument is inconsistent with Singular's own insistence that it receive Google's ESI production before deposing these same individuals. It is also misleading. The alleged interactions between the Plaintiff and certain Google witnesses occurred years ago. Contemporaneous documents related to those interactions may of course be helpful in refreshing these witnesses' recollections. Regardless, it would be unfair for Singular to use any such documents to examine Google witnesses without first producing them. Moreover, it is quite likely that Singular has documents related to these alleged interactions that are not in Google's possession. The alleged communications between Google and Bates occurred several years ago. In the interim, many of those documents may have been deleted in the standard course of business. Just as Singular demanded Google's ESI production before deposing Dr. Dean, Ms. Felten, and Ms. Wall, its own ESI production should serve as a prerequisite to the depositions of these individuals and anyone similarly situated.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court enter a protective order that (a) delays any Rule 30(b)(6) deposition of Google or its potential corporate designees until Singular serves a notice containing an exhaustive list of its intended Rule 30(b)(6) deposition topics and the parties have resolved the list of topics for examination, and (b) delays the depositions of any individuals whom Singular alleges had contact with Singular or its employees until Singular has completed its ESI production and Google has had a chance to review it.

Dated: April 15, 2021

Respectfully submitted,

By: */s/ Matthias Kamber*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

        */s/ Nathan R. Speed*
        Nathan R. Speed