# EXHIBIT B



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Matthias A. Kamber**
(415) 773-6635
mkamber@keker.com

September 3, 2020

**Via Electronic Mail**

Paul J. Hayes, Esq.
One International Place, Suite 3700
Boston, MA 02110
phayes@princelobel.com

Re:    *Singular Computing LLC v. Google LLC*, 1:19-cv-12551-FDS (D. Mass.)

Dear Paul:

As I noted in my letter of August 18, Google understands from your letter of August 12—which stated that Singular "will depose the Google individuals [whose depositions Singular has noticed] soon after you have complied with our document requests and ESI requests (e-mails, etc.)"—that Singular does not intend to proceed with the depositions it has noticed until Google has made a custodial production. Singular has not disagreed with Google's understanding of Singular's position. But Singular has not expressly stated that the previously noticed depositions are off calendar or responded to our invitation to propose custodians and search terms (a necessary first step for any custodial production).

Therefore, for avoidance of doubt, Google formally objects to the five notices of deposition served by Singular on July 10th and will not be presenting any of the witnesses on the dates Singular noticed. Google objects to the deposition notices on the ground that Singular unilaterally selected dates without conferring with Google as to the availability of the witnesses or counsel. Apart from the question of availability, the dates are impractical given Singular's desire for custodial productions ahead of depositions. *See* July 29, 2020 letter from Hayes to Kamber (stating that Singular expects "production of all documents relating to the witnesses" in advance of depositions). Google is already diligently working on non-custodial collection, but a custodial production before the end of this month is not realistic—even ignoring that Singular has yet to propose custodians and search terms. As I've stated in past correspondence, Google stands ready to meet and confer with Singular on both custodial ESI collection and the scheduling of depositions on mutually convenient dates once Singular is ready to proceed with those processes.

1390881

Paul Hayes, Esq.                                    **VIA ELECTRONIC MAIL**
September 3, 2020
Page 2

Google also objects to the deposition notices for Drs. Teller, Patterson, and Dean on the ground that, under the apex doctrine, Singular should first seek discovery through less intrusive methods than depositions of senior corporate officers. *E.g.*, *Gonzalez Berrios v. Mennonite Gen. Hosp., Inc.*, No. CV 18-1146 (RAM), 2019 WL 4785701, at *2 (D.P.R. Sept. 30, 2019). As I've said in past correspondence, whether the depositions of Drs. Teller, Dean, and Patterson should proceed seems at best premature, and Google invites Singular to take a practical approach and re-notice these depositions if and when discovery indicates these witnesses have unique, non-duplicative information.

Sincerely,

KEKER, VAN NEST & PETERS LLP

*Matthias Kamber*

Matthias A. Kamber

MAK:

1390881