# Exhibit 5

## Redacted Version of Document to be Filed Under Seal

| | |
|---|---|
| **From:** | Anna Porto |
| **Sent:** | Friday, March 12, 2021 9:30 AM |
| **To:** | Anant.Saraswat@WolfGreenfield.com; kgannon@princelobel.com; singular@princelobel.com |
| **Cc:** | abhansali@kblfirm.com; mkwun@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; kvp-singular; bseeve@princelobel.com |
| **Subject:** | RE: Singular Computing LLC v. Google LLC |

Counsel,

During our meet and confer yesterday, you said that you would review Section 9(a) of the Protective Order to determine whether Singular's "Highly-Confidential—Source Code" designation of its testing code was proper.  As we explained, given that the test code contains no "confidential, proprietary, and/or trade secret Source Code, disclosure of which would create a substantial risk of serious harm," *id.*, we think such designation of the testing code is unwarranted.  Please let us know by the close of business on March 15th whether you'll remove the "Highly-Confidential—Source Code" designation from the test code.

Additionally, you said that you would investigate whether you had produced all the output files you agreed to produce in representing to the Court that Google's MTC was "moot" several weeks ago.  *See* Opp. to Google MTC at 2.  Please let us know by the close of business on March 15th whether Singular has, in fact, produced "the output files cited in the First Amended Complaint and in Singular's Infringement Contentions," as it represented it would.  *Id.* at 1.  As we discussed, it appears to us that Singular has *not* produced the output files cited in the FAC.  For example, the code file that Singular produced at SINGULAR-00012094-12100 includes a ▮▮▮▮▮ command that prints the string ▮▮▮▮▮▮▮▮▮▮ (see SINGULAR-00012097), but that text does not appear in any of the output files Singular produced at ranges SINGULAR-00012101 to SINGULAR-00012517.

Thanks,

Anna

**From:** Anant.Saraswat@WolfGreenfield.com <anant.saraswat@wolfgreenfield.com>
**Sent:** Tuesday, March 9, 2021 10:16 AM
**To:** Anna Porto <APorto@keker.com>; kgannon@princelobel.com; singular@princelobel.com
**Cc:** abhansali@kblfirm.com; mkwun@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; kvp-singular <kvpsingular@keker.com>; bseeve@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC

**[EXTERNAL]**

Kevin,

We still have not received a response to my email below from March 2nd regarding the Singular testing code and results.  Please respond by the end of the day tomorrow.  If Singular will not agree to our requests from my March 2nd email, please let us know your availability for a meet and confer on Thursday, March 11th.

Regards,



**Anant Saraswat |** Associate
Pronouns: he/him/his
Anant.Saraswat@WolfGreenfield.com
617.646.8187 | fax 617.646.8646

**Wolf, Greenfield & Sacks, P.C.**
600 Atlantic Avenue | Boston, MA 02210
605 Third Avenue | New York, NY 10158
http://www.wolfgreenfield.com/ |

This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.

**From:** Saraswat, Anant K.
**Sent:** Tuesday, March 2, 2021 2:42 PM
**To:** 'Anna Porto' <aporto@keker.com>; kgannon@princelobel.com; singular@princelobel.com
**Cc:** abhansali@kblfirm.com; mkwun@kblfirm.com; WGS-Singular v. Google <WGS-Singularv.Google@WolfGreenfield.com>; kvpsingular@keker.com; bseeve@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC

Kevin,

I'm writing to follow up regarding a number of issues related to Singular's recent production of its testing code and results.

First, we request that Singular remove the confidentiality designations from the testing code and results. Neither the code nor the results relate to any of Singular's products or any other sensitive information of Singular, so we see no basis under the Protective Order for treating them as confidential.

Second, please let us know what compiler command line was used to compile the source code that Singular used to produce the results Singular relied on in its Amended Complaint. The testing code you produced includes a commented-out  command on the first page; please confirm whether that command line was used, or whether some other command line was used.

Third, please let us know what command line arguments were used to run the executable code to create the results Singular relied on in its Amended Complaint.

Finally, please produce the output from the Singular testing code that Singular relied on in its Amended Complaint. The results you recently produced to us do not appear to be the results of the testing code relied on in the Amended Complaint, because those results do not match the text that would be produced by the ▇▇▇▇ commands in the testing code.

Regards,



**Anant Saraswat |** Associate
Pronouns: he/him/his
Anant.Saraswat@WolfGreenfield.com
617.646.8187 | fax 617.646.8646

**Wolf, Greenfield & Sacks, P.C.**
600 Atlantic Avenue | Boston, MA 02210
605 Third Avenue | New York, NY 10158
http://www.wolfgreenfield.com/ |

This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.

**From:** Anna Porto <aporto@keker.com>
**Sent:** Wednesday, February 17, 2021 12:38 PM
**To:** kgannon@princelobel.com; singular@princelobel.com
**Cc:** abhansali@kblfirm.com; mkwun@kblfirm.com; WGS-Singular v. Google <WGS-Singularv.Google@WolfGreenfield.com>; kvpsingular@keker.com; bseeve@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC

Kevin,

It appears that you produced the testing code requested in Google's motion to compel on Singular's source code computer.  Because the testing code is not source code related to a Singular product, please produce the file as you would a standard document production (as you did with the other test code you produced previously).  Please also let us know when Singular plans to produce the requested output file(s).

Best,
Anna

**From:** Gannon, Kevin <kgannon@princelobel.com>
**Sent:** Friday, February 12, 2021 12:34 PM
**To:** Anna Porto <APorto@keker.com>; singular@princelobel.com
**Cc:** abhansali@kblfirm.com; mkwun@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; kvp-singular <kvpsingular@keker.com>; bseeve@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC

**[EXTERNAL]**

Hi Anna,

We expect to make the production early next week.

Thanks,
Kevin

**Kevin Gannon**

Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8061 Direct
kgannon@princelobel.com

**From:** Anna Porto [mailto:aporto@keker.com]
**Sent:** Wednesday, February 10, 2021 8:33 PM
**To:** Singular <Singular@princelobel.com>
**Cc:** abhansali@kblfirm.com; mkwun@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; kvpsingular@keker.com
**Subject:** RE: Singular Computing LLC v. Google LLC

Kevin,

3

Following-up on Jay's email below, please let us know when Singular intends to produce the requested test code and results. Additionally, please let us know if Singular is withholding other documents responsive to RFP No. 68, which we requested in the attached email on January 29th.

Best,
Anna

---

**From:** Jay Rapaport <JRapaport@keker.com>
**Sent:** Tuesday, February 2, 2021 5:14 PM
**To:** singular@princelobel.com
**Cc:** abhansali@kblfirm.com; mkwun@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; kvp-singular <kvpsingular@keker.com>
**Subject:** Singular Computing LLC v. Google LLC

Kevin,

Thank you for your time today. I write to summarize our conversation:

- Consistent with Singular's representations in its response to Google's motion to compel, Singular will (1) supplement its response to Google's Interrogatory No. 11 with the information Singular has supplied concerning commercialization efforts, and (2) produce the requested simulation code and results. Singular will serve the supplemental interrogatory response either today or tomorrow, and anticipates providing the simulation code and results soon after, possibly next week.

- You believe that the emulator code from BAE has been loaded and is now available for inspection, but will reach out to Brian and confirm that's the case shortly.

- Your firm will be making a large production of material from Intrinsix by the end of this week.

- Your firm will be representing Mark Beal in connection with Google's subpoena; we will coordinate with you on the timing of a deposition and work cooperatively to find a mutually agreeable time.

- You did not know Singular's position on Google's request to apply search terms to Intrinsix custodians, but will reach out to Michael and get us a response on that issue shortly.

Best,

Jay

---

**Jay Rapaport**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 676 2355 direct | 415 391 5400 main
jrapaport@keker.com | vcard | keker.com
Pronouns: he, him, his

---

This email is intended for the confidential use of the

4

addressees only. Because the information is subject to the
attorney-client privilege and may be attorney work product,
you should not file copies of this email with publicly
accessible records. If you are not an addressee on this
email or an addressee's authorized agent, you have received
this email in error; please notify us immediately at
617 456 8000 and do not further review, disseminate or copy
this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or
information included in this message or any attachment is
not intended to be, and may not be, used to avoid tax
penalties or to promote, market, or recommend any
transaction, matter, entity, or investment plan discussed
herein. Prince Lobel Tye LLP does not
otherwise by this disclaimer limit you from disclosing the tax
structure of any transaction addressed herein.