# Exhibit 6

| | |
|---|---|
| **From:** | Seeve, Brian <bseeve@princelobel.com> |
| **Sent:** | Tuesday, March 16, 2021 8:11 PM |
| **To:** | Anna Porto |
| **Cc:** | anant.saraswat@wolfgreenfield.com; kgannon@princelobel.com; singular@princelobel.com; abhansali@kblfirm.com; mkwun@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; kvp-singular |
| **Subject:** | Re: Singular Computing LLC v. Google LLC |

**[EXTERNAL]**

Anna,

Regarding the output files, I can confirm that Singular has produced the test code for the test programs that were used for the Infringement Contentions and the First Amended Complaint and all files generated by these test programs.

Regarding the designation issue, Singular will not "confirm" that its original designation of the testing code was "incorrect." However, we are willing to de-designate the code. Please identify the the full path of the file you would like us to de-designate.

Best,

- Brian

> On Mar 16, 2021, at 1:35 PM, Anna Porto <aporto@keker.com> wrote:
>
> Brian,
>
> Please immediately confirm whether Singular has produced the output files cited in the FAC, which you represented to the Court that Singular would produce. If you needed to conduct an investigation to identify the output files cited, that investigation should have been completed prior to your representation to the Court on January 28th—more than six weeks ago—that you would produce the output files and that Google's MTC was thus moot. If Singular does not confirm whether it has produced the output files cited in the FAC by Wednesday, March 17th, Google will renew its motion to compel and inform the Court that Singular's representation was incorrect.
>
> And again, as we've requested, please also confirm whether Singular's use of the "Highly-Confidential—Source Code" designation of the test code was incorrect.
>
> Best,
> Anna