UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Leave to File Granted on April 26, 2021. Docket No. 16<br><br>Hon. F. Dennis Saylor IV |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this supplemental surreply to address arguments in Google's reply brief about ESI production. Dkt. 163. For the reasons set forth below, Google's motion is moot regarding its ESI concerns, and should be denied as such.

Google moves for a protective order to prevent Singular from deposing Google's witnesses before Singular completes its production in response to Google's ESI requests. Google is concerned that Singular may have Google documents in its ESI custody—documents that Google itself may no longer have, whether owing to Google's having destroyed the documents or otherwise. If Singular does have Google documents that Google does not have, Google argues, then Google's witnesses might be "unfairly surprised" at deposition by questions about such Google documents.

The obvious solution is for Singular to simply produce all Google documents, emails and attachments, in its ESI custody, so as to remove any possibility of such "unfair surprise."

That is exactly what Singular has now done. As of the date of the hearing on this motion (4/30/2021), Singular will have produced to Google all Google documents in Singular's ESI

custody. These documents chiefly consist of emails and attachments between Google employees and inventor Dr. Joseph Bates. This is not a large group of documents. In fact, Singular had already produced many of these Google documents before Google even filed its April 15, 2021 reply brief. Moreover, many of the emails and attachments concerned are duplicative of documents that Google itself produced to Singular last month.

Accordingly, Singular has eliminated the possibility of "unfair surprise" raised by Google's motion. Google need not be concerned that its witnesses will be asked questions about any Google documents in Singular's ESI custody that Google may have destroyed or lost. As such, Google can now produce its witnesses for depositon and its motion for a protective order to prevent Singular from deposing Google's witnesses in advance of completion of ESI production should be denied as moot.

Respectfully submitted,

/s/ *Paul J. Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian M. Seeve (BBO #670455)
Michael J. Ercolini (*pro hac vice*)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com
Email: mercolini@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                            /s/ *Paul J. Hayes*