# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　　　Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

### DEFENDANT GOOGLE LLC'S REPLY TO PLAINTIFF
### SINGULAR COMPUTING LLC'S OPPOSITION TO MOTION TO COMPEL

1691600.v2

Defendant, Google LLC ("Google"), respectfully submits this brief in response to Plaintiff's opposition to Google's Renewed Motion to Compel. In its opposition, Singular sidesteps its previous promise to produce "output files" in response to Google's original motion to compel the test code and related files. Singular instead pivots and argues that the files it promised to produce never existed because the testing code outputs are not "permanently stored." Opposition ("Opp.") at 3. In support, however, Singular includes a screenshot of the test code outputs that Google has been requesting for more than six months. Google therefore requested that Singular produce a Bates-labeled version of the screenshot included in Singular's opposition. As of this filing, Singular has emailed Google a copy of the screenshot, but it has not yet formally produced it. If Singular produces a Bates-labeled version of the screenshot, Google's motion will be moot.

**I.    ARGUMENT**

**A.    Singular failed to explain why it agreed to produce "output files," if such files do not exist.**

In its opposition to the original motion Google filed seeking Singular's testing code and output files, Singular told the Court that Google's motion was "moot" because "Singular agree[d] to produce the code and *output files*." ECF No. 129 at 3 (emphasis added). After explicitly promising to produce "output files," Singular now claims that there never were any output files to produce, because the test program used to generate the data in Singular's FAC "does not produce permanent 'output files.'" Opp. at 3. If indeed there were never files for Singular to produce, however, Singular should not have represented to the Court that it had "agree[d] to produce . . . output files." ECF No. 129 at 3.

Singular also refuses to acknowledge that it failed to preserve the test results underlying its complaint. Singular explains in its opposition that "[w]hen the interactive terminal window is

1

closed[,] the transient output is not permanently stored." Opp. at 4; *see id.* at 2 ("the test program that generated the numbers set forth in Singular's FAC does not produce permanent 'output files.'").  This statement may be true, but it ignores the fact that Singular could have chosen to make the "transient output" permanent by taking screenshots (as it displayed in its opposition brief), saving the data to an output file (as it did with other tests), or copying the data into a text file.  Indeed, Singular acknowledges that it copied some of the data into a "table with descriptive labels," which it used in its complaint and reproduced in its opposition.  Opp. at 2.  Without explanation, Singular has not produced that table, either.  Given that Singular relied on testing results in formulating the allegations in its complaint, it should have preserved those results such that it could produce them—as it represented it would.

   **B.** **Singular's opposition includes a screenshot of the testing code output that Google has been requesting for more than six months.**

  After arguing that test code output files could not be produced because they are not automatically generated, Singular includes in its opposition a screenshot of the test code output that Google has been requesting for more than six months.  In light of the parties' substantial meet-and-confer efforts, and Singular's awareness that Google would file another motion to compel the test code output files, it is unclear why Singular never offered to produce such a screenshot prior to filing its opposition.  After reviewing Singular's opposition, Google requested that Singular produce the screenshot.  *See* Ex. A to Porto Decl.  Google also requested that Singular produce the "table" mentioned in Singular's opposition and excerpted in the FAC, to the extent it still exists.  *See id.*  Singular has provided a copy of the screenshot to Google by email, but it has not yet formally produced the email pursuant to the Court's August 4, 2020 ESI

2

1691600.v2

Order. *See id.* If Singular produces a Bates-labelled version of the output file with appropriate load files, Google's motion will be moot.[1]

Given Singular's pattern of forcing Google to expend significant resources filing motions only to have Singular respond by finally acceding to the production,[2] Google reserves the right to seek its attorneys' fees in response to such conduct in the future.

## II. CONCLUSION

For the foregoing reasons, if Singular does not moot this motion by doing so of its own accord, Google requests that the Court order Singular to produce a copy of the output file pursuant to the terms of the Court's ESI Order.

Respectfully submitted,

Dated May 17, 2021                 By:   */s/ Matthias Kamber*

Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP

---

[1] Although Singular has ignored Google's request that Singular also produce a copy of the spreadsheet included in the FAC, *see* Ex. A to Porto Decl., to resolve this dispute, Google will accept production of the screenshot alone.

[2] For example, in addition to requiring Google to file this motion twice, Singular also responded to Google's motion for a protective order based on Singular's lack of ESI production by making the requested production twenty minutes prior to the hearing on Google's motion. *See* ECF No. 153; April 30, 2021 Hr'g Tr. at 5:1-12 ("As to the . . . outstanding ESI production . . . Singular has now produced, as of about 20 minutes ago, what it says are all [of the] Google documents that we've been seeking.").

555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

4

## **CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                 */s/ Nathan R. Speed*
                                                 Nathan R. Speed