**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO COMPEL GOOGLE TO RESPOND TO**
**INTERROGATORIES AND PRODUCE DOCUMENTS**
**<u>RELATING TO DAMAGES</u>**

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian M. Seeve (BBO #670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

3784584

Pursuant to Fed. R. Civ. P. 37(a)(3)(B), plaintiff, Singular Computing LLC ("Singular"), hereby moves to compel complete responses to interrogatory nos. 12-15 and 18-20 and documents responsive to requests for production ("RFP") nos. 39, 43-44, 47-49, 82 and 87.  As set forth below, these discovery requests are directed to discovering facts that relate to Singular's computation of damages in this case.  For the reasons stated herein, Singular requests that this motion be granted.

## I.      BACKGROUND

Singular served interrogatory nos. 12-15 and 18-20 on defendant, Google LLC ("Google"), on April 7, 2021. *See* Ex. A.[1]  Google responded on May 7, 2021. *See* Ex. B. Singular served Google with RFP nos. 39, 43-44, 47-49, 82 and 89 on or around July 10, 2020. *See* Ex. C.  Google responded on August 24, 2020. *See* Ex. D.  Instead of providing reasonable, good-faith responses to Singular's interrogatories, Google interposed a plethora of objections and stated that it needed to have a meet-and-confer before it would provide a response, "if any." *See* Ex. B, pp. 4-7, 15-16.  Google has yet to provide any meaningful or substantive responses to these discovery requests on the basis that Singular has yet to produce sufficient information to Google regarding Singular's damages claim. *See infra*.

## II.     LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(b), a party may obtain discovery regarding any non-privileged matter that is "reasonably calculated to lead to the discovery of admissible evidence."  A party may serve on any other party interrogatories that are "relevant" under Federal Rules of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2).  The responding party is

---

[1] All Exhibits referred to herein are attached to the accompanying Declaration of Daniel McGonagle.

obligated to "fully" answer each interrogatory. Fed. R. Civ. P. 33(b)(3).  "For purposes of a motion for order compelling discovery, an evasive or incomplete answer to an interrogatory is to be treated as a failure to answer. Fed. R. Civ. P. 37(a)(3).

As "discovery itself is designed to help define and clarify the issues," the limits set forth in Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Further, the Supreme Court long ago determined that the Federal Rules of Civil Procedure are to be construed liberally in favor of discovery. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *see also SEC v. Sargent,* 229 F.3d 68, 80 (1st Cir. 2000) (quoting *Hickman*).

Damages in a patent case are intended to fully compensate the patent owner for the infringer's unlawful use of the patented invention. *See Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1283 (Fed. Cir. 2017) ("damages adequate to compensate" under Section 284 means "full compensation for 'any damages' [the patent owner] suffered as a result of the infringement") (quoting *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983)). Thus, the statutory minimum measure of damages under 35 U.S.C. § 284 is a reasonable royalty. *See, e.g., State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1577 (Fed. Cir. 1989) ("the floor for a damage award is no less than a reasonable royalty"); *see also Veracode, Inc. v. Appthority, Inc.*, 137 F. Supp. 3d 17, 72 (D. Mass. 2015).

## III.   ARGUMENT

Singular's interrogatories and RFPs that are the subject of this motion are directed to discovering facts relevant to Singular's computation of damages resulting from Google's alleged

infringement of the patents-in-suit.  More particularly, the interrogatories (Ex. A) request Google

to provide the following damages-related information:

Interrogatory No. 12 is directed to the size of the Google datacenters within which the

accused products are installed and used by Google:

> Identify and describe the layout, physical structure, and contents of each of the data centers referenced in Paragraph 26 of Google LLC's Amended Answer and Affirmative Defenses to Plaintiff Singular Computing LLC's Amended Complaint (ECF No. 57). . . .

*See* Ex. A, p. 5.

Interrogatory No. 13 asks for the operational costs associated with running those

datacenters:

> Identify the cost to design, build, and operate each of the data centers referenced in Paragraph 26 of Google LLC's Amended Answer and Affirmative Defenses to Plaintiff Singular Computing LLC's Amended Complaint (ECF No. 57), and any other data centers that contain or utilize any of the Accused Products. Your answer should include an identification of all relevant documents, and the identity of the person(s) most knowledgeable. (Ex. A, p. 5)

*See id.*

Interrogatory No. 14 asks for the investments made by Google in commercializing the

accused products:

> Identify and describe the amount of any costs or expenses incurred or investments made by You in producing, creating, developing, or otherwise commercializing the Accused Products, and identify and describe any anticipated or actual return on these investments or expenditures in terms of market share, sales, brand recognition, revenues, profits, customers, or other business objectives, including any projections or forecasts of the same.

*See id.*

Interrogatory No. 15 asks for an identification of anything provided by third parties that

may have been used in connection with the accused products:

> Identify every product, service, system, and method of or from a third party, including the identity of each said third party, that You have used in any way in connection with the

design, development, implementation, testing, management, and operation of the Accused Products.

*See id.*

Interrogatory No. 19 asks for information regarding any calculations of financial benefits

related to the implementation of the functionality at issue in this case:

Identify and describe any analysis or calculations of financial benefits of any kind, (including gross and net revenue and profits, return on investment, cost savings, customer retention and/or any other benefits) conducted by or for You, relating to implementing each of the functionalities identified in Plaintiff's Infringement Contentions, including but not limited to: (i) the use of the BF16 number format within the TPU; (ii) the use of the MXU for matrix multiplication within the MXU; (iii) the use of the Core Sequencer within the TPU; (vi) the use of the VPU within the TPU. . . .

*See id.*, p. 6.

Similarly, interrogatory No. 20 requests the following:

Identify and describe any surveys or other customer analyses, prepared by You that identify or sought to identify customer preference information, desired features, or any other information related to the functionalities identified in Plaintiff's Infringement Contentions, including but not limited to: (i) the use of the BF16 number format within the TPU; (ii) the use of the MXU for matrix multiplication within the MXU; (iii) the use of the Core Sequencer within the TPU; (vi) the use of the VPU within the TPU. . . .

*See id.*, pp. 6-7.

Singular's RFPs request Google to produce the following damages-related documents:

- the number of accused products made, used and/or sold;
- the cost to retrofit Defendant's data centers to incorporate the Accused Products;
- the profitability of the Accused Products;
- the benefits to Google resulting from the use of the Accused Products; and
- patent license agreements requested by Singular, (including those apparently entered into with IBM, Cisco, InterDigital, Samsung, LG, Apache, and Stanford University).[2]

---

[2] Google's Responses and Objections to the RFPs is submitted as Exhibit D.

Google provided none of the information requested in any of these interrogatories and has failed to provide the documents requested in the RFPs.  Instead, Google repeatedly set forth a host of objections and the following statement:

> **Google is willing to meet and confer regarding the appropriate scope of this request, if any.**

*See* Ex. B, pp. 4-7, 15-16.

Counsel for Singular unsuccessfully attempted to conduct a meet-and-confer as requested by counsel for Google. As confirmed in a subsequent email, counsel for Google indicated that no further damages-related discovery responses would be forthcoming from Google until Singular supplemented <u>Singular's</u> discovery regarding damages:

> **Singular's failure to provide adequate disclosures about its damages claim is improper, and we believe it must be remedied before the parties can have a productive meet and confer over damages issues, including the discovery requested in Singular's Third Set of Interrogatories.**

*See* Ex. E.

Google's conditioning of compliance with its discovery obligations upon Singular remedying its alleged inadequate disclosure of its damages claim is plainly improper, as explained in a prior case in this District:[3]

> The Defendants also argue that they should not have to provide further answers to Interrogatory No. 1 because BU has failed to provide sufficiently detailed infringement contentions of its own. [Citation omitted]  However, "[t]he Court does not look favorably upon a 'tit-for-tat' approach to discovery. . . A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent."

---

[3] Counsel for Singular pointed this out to counsel for Google in two separate emails dated May 13, 2021. *See* Exs. F, G.

*Trustees of Boston Univ. v. Everlight Elecs. Co. Ltd.*, No. 12-cv-12326, 2014 WL 12927018, at

*3 (D. Mass. Sept. 26, 2014) (citing *Genentech, Inc. v. Trustees of Univ. of Penn.*, No. 10-02037,

2011 WL 7074208, at *1 (N.D. Cal. Jun. 10, 2011)).  Thus, Google should not be permitted to

hide behind Singular's purported discovery deficiencies.

In addition, interrogatory No. 18 asks Google to disclose any licenses that pertain to

similar technology to the asserted patents[4] and recites as follows:

> Describe the identity, content, and interpretation of all licenses, technology agreements,
> authorizations to use, or other such transfer of rights agreements, including but not limited
> to patent and/or software licenses: a. That you have produced or identified in this case; b.
> That pertain to technology similar (in part or in full) to the Patents-in-suit; or c. That you
> contend are comparable to a license that you would have taken in a hypothetical negotiation
> in this Case.

Google responded with another host of objections but identified no licenses or

technological agreements.  Singular is highly skeptical of Google's response.  According to press

reports, Google has acquired over 2,000 patents from IBM, presumably relating to Google's

business activities, including processing at its datacenters where the accused products are

installed. *See* Ex. H.  It would be odd for Google not to have entered into any licensing

agreements for this former IBM portfolio.

In addition, it is reported that Google has entered into "a broad patent cross-license

agreement covering a broad range of technologies and business areas" with Samsung that

"covers [Google and Samsung's] existing patents as well as those filed over the next 10 years."

*See* Ex. I.  Google is also reported as having entered into a broad licensing agreement with Cisco

---

[4] Licenses for technology comparable to the technology at issue in suit are relevant to the
*Georgia-Pacific* analysis of a reasonable royalty.  As the Federal Circuit stated last year, "[i]n
determining a reasonable royalty, parties frequently rely upon comparable license agreements."
*Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1372 (Fed. Cir. 2020) (citing *Georgia-
Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)).

Systems. *See* Ex. J.  It would seem odd if such broad agreements have no relevance to Google's core business of processing information at its datacenters.  Nonetheless, as indicated above, these agreements are not identified or described in Google's response to interrogatory 18.

Google's refusal to provide basic damages-related information during the course of discovery should not be rewarded.  Accordingly, Singular asks the Court to compel Google to provide complete responses to interrogatories 12-15, 18-20 and to produce documents fully responsive to RFPs 39, 43, 44, 47-49, 82 and 87.

Singular should also be awarded its reasonable costs and attorney's fees incurred in bringing this motion, in accordance with Fed. R. Civ. P. 37(a)(5)(A).

## IV.     CONCLUSION

For the foregoing reasons, Singular respectfully requests that the Court grant this motion to compel.

Dated: May 18, 2021                    Respectfully submitted,

                                       */s/ Paul Hayes*
                                       Paul J. Hayes (BBO #227000)
                                       Matthew D. Vella (BBO #660171)
                                       Kevin Gannon (BBO #640931)
                                       Daniel McGonagle (BBO #690084)
                                       Brian M. Seeve (BBO #670455)
                                       **PRINCE LOBEL TYE LLP**
                                       One International Place, Suite 3700
                                       Boston, MA 02110
                                       Tel: (617) 456-8000
                                       Fax: (617) 456-8100
                                       Email: phayes@princelobel.com
                                       Email: mvella@princelobel.com
                                       Email: kgannon@princelobel.com
                                       Email: dmcgonagle@princelobel.com
                                       Email: bseeve@princelobel.com

                                       ATTORNEYS FOR THE PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                       */s/ Paul J. Hayes*