**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　　　　Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT GOOGLE LLC'S MOTION TO MODIFY THE SCHEDULING ORDER**

**I.      INTRODUCTION**

Defendant Google LLC ("Google") requests a 30-day extension of the deadline for the parties to serve written discovery requests (*i.e.*, from May 24, 2021, to June 23, 2021). A 30-day extension is needed to account for Singular's incomplete production of custodial ESI, which Google has been requesting for several months. Although Google completed its production of custodial ESI in March, Singular did not begin its production until mid-April and recently informed Google that it does not plan to complete its production until at least June 1, 2021— more than a week after the current deadline for serving written discovery. Google is entitled to review Singular's ESI production prior to serving its final written discovery requests, and Google has been diligent in seeking Singular's ESI production. Furthermore, a 30-day extension of the deadline to serve written discovery would not prejudice Singular. Accordingly, Google respectfully requests that the Court modify the scheduling order to extend the deadline for serving written discovery to at least June 23, 2021.

**II.     BACKGROUND**

Under the Court's Corrected Scheduling Order, the deadline for the parties to serve written discovery requests is May 24, 2021, and the deadline for the parties to complete fact discovery is two months later, on July 23, 2021. ECF No. 70. Google served its first sets of written discovery requests in July 2020. Porto Decl. ¶ 3. Since then, Google has served multiple sets of written discovery, has written several meet-and-confer letters related to those requests, and has also filed successful motions to compel Singular's responses to several of Google's written discovery requests. *See* ECF Nos. 116, 169.

Since late last year, the parties have also been negotiating the production of each party's custodial ESI. In December 2020, Google first provided Singular with a list of proposed

custodians and requested that Singular confirm whether it had ESI for each custodian. Ex. A to Porto Decl. (Dec. 17, 2020 Corr. from Shah) ("Ex.").[1] In January 2021, Google first provided Singular with proposed search strings. Ex. B (Jan. 20, 2021 Corr. from Shah). In response, Singular stated that it would being rolling productions for "those search strings that returned a reasonable number of hits." Ex. C (Feb. 3, 2021 Corr. from Ercolini). Singular also requested that Google narrow some of its proposed search terms. *See id.* Finally, Singular requested that Google "immediately" begin producing Google's own ESI to avoid leaving either party "with little time remaining for a meaningful review before fact discovery closes." *Id.* Complying with Singular's request, Google completed its own custodial ESI production in March 2021. *See* Ex. L (May 20, 2021 Corr. from Ercolini).

The parties continued to discuss Singular's custodians and Google's proposed search terms in the weeks that followed. On March 11, 2021, Google provided Singular with narrowed search terms and requested that for each search term, Singular provide "unique documents with hits." Ex. D (March 11, 2021 Corr. from Porto). Nearly one month later, on April 6, 2021, Singular responded, again asking Google to narrow its search terms. Ex. E (April 6, 2021 Corr. from Ercolini). Singular provided Google with overall hit counts but did not respond to Google's request for unique hit counts.[2] *See id.* On April 12, 2021, Google wrote to ask Singular several questions about the hit counts it provided and requested again that Singular

---

[1] References to "Ex." are to the exhibits to the Declaration of Anna Porto in Support of Google's Motion to Modify the Scheduling Order.

[2] Unique hits reflect the total number of documents returned by a particular term and only that term, which permit the parties to effectively target and cull their search terms. *See e.g.*, *In re Lithium Ion Batteries Antitrust Litig.*, No. 13MD02420 YGR (DMR), 2015 WL 833681, at *1, n.1 (N.D. Cal. Feb. 24, 2015) (describing a document protocol that "provided for any of the Disputed Terms where the parties cannot reach agreement, each defendant will pull a random sample of documents with unique hits, and provide the sample to plaintiffs . . . so that the parties can better discuss the utility of adding that particular term").

provide unique hit counts.  Ex. F (April 12, 2021 Corr. from Porto).  After Singular again failed to respond for several weeks, Google wrote to Singular to request a meet-and-confer call.  Ex. G (May 3, 2021 Corr. from Porto).  Following that meet-and-confer call, Google further narrowed its search terms and again requested that Singular provide Google with unique hit counts.  Ex. H (May 7, 2021 Corr. from Porto); Ex. I (May 13, 2021 Corr. from Porto) ("[W]e can't practically continue narrowing our terms without the unique hit counts that we've requested repeatedly.").

As of this filing, Singular has never provided unique document hit counts, or any hit counts, in response to Google's narrowed search terms.[3]  Instead, Singular informed Google on May 13, 2021, that Singular would independently determine which of Google's search terms were acceptable, and that Singular would complete its ESI production "up to and including June 1."  Ex. J (May 13, 2021 Corr. from Ercolini).  Because that is after the deadline for the parties to serve written discovery, Google proposed stipulating to extending the deadline for written discovery so that Google would have an opportunity to review Singular's complete ESI production in advance of the deadline.  Ex. K (May 14, 2021 Corr. from Kamber).  The parties met and conferred, but Singular would not agree to an extension.  Ex. L.  This motion follows.

### III.     ARGUMENT

Rule 16(b) "recognizes that the parties will occasionally be unable to meet . . . deadlines because scheduling order deadlines are established relatively early in the litigation." *MAZ Partners LP v. Shear*, 208 F. Supp. 3d 384, 387 (D. Mass. 2016) (cleaned up).  Therefore, "[t]he deadlines established in the scheduling order may be extended on a showing of good cause."

---

[3] Pending Google's review of Singular's custodial ESI production, Google reserves the right to move to compel Singular to produce documents in response to the Google search terms that Singular has threatened to disregard.

3

*Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008). "The 'good cause' standard focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant," with diligence being "the dominant criterion." *Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019) (quotations omitted).

Here, good cause exists to modify the scheduling order because (1) Google has been diligent and (2) Singular will not be prejudiced by an extension of the deadline.

### A. Google has been diligent in pursuing discovery from Singular.

Google has been diligent in seeking discovery from Singular throughout this litigation. Google served its first sets of interrogatories and requests for production ("RFP") nearly ten months ago, and Google wrote meet-and-confer letters to Singular shortly after receiving Singular's responses. *See e.g.*, Ex. M (Sept. 10, 2020 Corr. from Kamber). Since then, Google has had several meet-and-confer calls with Singular and has filed multiple motions to compel related to Singular's discovery responses and related document production. ECF Nos. 116, 169.

At the same time, Google has been diligently seeking Singular's ESI production. Google first proposed custodians and search terms to Singular more than four months ago. *See* Exs. A, B. Since then, Google has persistently sought Singular's production, at times following-up with Singular for weeks in a row without response. *See e.g.*, Ex. N (January 5, 2021 email from Shah requesting response to prior ESI-related correspondence); Exs. O, G (April 22, 2021 and May 3, 2021 emails from Porto requesting response to prior ESI-related correspondence); Ex. Q (March 26, 2021 email from Porto seeking revised hit counts "requested more than two weeks ago"). Moreover, in an effort to advance Singular's production, Google repeatedly narrowed its search terms, despite Singular's continued refusal to provide unique hit counts that would inform Google's narrowing. *See Iantosca v. Benistar Admin Servs., Inc.*, 765 F. Supp. 2d 79, 86 (D.

Mass. 2011) (extending the discovery schedule where "the correspondence . . . indicates that the plaintiffs have tried on numerous occasions to schedule the depositions and to extend the discovery schedule but that the defendants have either refused or failed to respond.").

Finally, after Singular made clear that it would not complete its ESI production prior to the written-discovery deadline, Google promptly approached Singular for an extension of the written discovery deadline. Singular rejected Google's request, stating that it was unnecessary because Singular's outstanding ESI production would "be relatively modest." Ex. L. But Google is not required to accept this representation, which is at odds with Singular's representation that Google's proposed search terms returned "tens of thousands of hits." *See* Ex. C. Furthermore, to date, Singular has produced relatively few documents[4]; therefore, it is likely that its forthcoming production(s) will reveal important substantive information that would inform further targeted written discovery. Singular's first custodial ESI production, for example, revealed the existence of a partnership between Singular and a customer that Singular had not previously disclosed. *See* Ex. P (April 27, 2021 Email from Porto) (explaining that Singular's recent document production suggests that a third-party was a potential new Singular customer). Google should not be punished for Singular's delay in producing ESI, which has a "cascading effect" on remaining discovery deadlines. *Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08-cv-00918, 2010 WL 1418312, at *4 (M.D.N.C. Apr. 2, 2010) (extending three-month fact discovery deadline and following expert-discovery deadlines).

---

[4] Singular has produced approximately 3,000 custodial documents, despite its representation that Google's proposed search terms returned "tens of thousands of hits." *See* Ex. C. Furthermore, Singular represented that it has only produced documents in response to fewer than half of Google's proposed search terms. *See* Ex. L.

5

Singular's refusal to produce ESI that Google has sought for months constitutes good cause to modify the Court's scheduling order.  *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 12, 14 (D.D.C. 2011) ("Because plaintiffs did not have the documents prior to the close of discovery, it cannot be said that plaintiffs were not diligent in deposing [a party] about the [those documents] during discovery."); *Durand v. Hanover Ins. Grp., Inc.*, 294 F. Supp. 3d 659, 672 (W.D. Ky. 2018) ("[T]he Court cannot ignore the fact that Plaintiffs did not have the opportunity to begin reviewing the [relevant] documents until five days after the . . . deadline expired.").

**B.   Singular would not be prejudiced by an extension of the deadline to serve written discovery.**

Further supporting good cause to modify the scheduling order, Singular would not be prejudiced by an extension of the written discovery deadline.  Indeed, if Singular promptly produces its custodial ESI, extending the deadline to serve written discovery would not necessarily require an extension of subsequent case deadlines.[5]  *See Burns ex rel. Off. of Pub. Guardian v. Hale & Dorr LLP*, 242 F.R.D. 170, 174 (D. Mass. 2007) (motion to amend complaint allowed where amendment would "not result in any prejudice" to the opposing party, nor would it "result in any other change to the scheduling order or further delay the proceedings.").  In indicating Singular's opposition to Google's motion, Singular did not even attempt to articulate any prejudice caused by a bilateral extension of the deadline for written discovery.  Thus, good cause exists to amend the scheduling order.

Of course, Singular's delay in producing ESI may also support extending the July 23, 2021 fact-discovery deadline.  Given Google's pending motion to stay the case while the PTAB

---

[5] If Singular's ESI production is further delayed, Google reserves the right to seek further relief.

1693028

resolves the instituted IPR proceedings on the three asserted patents, a request to extend that deadline is premature. Google reserves the right to seek further relief if and when appropriate.

## IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant its motion to modify the case schedule, extending the deadline to serve written discovery by at least 30 days. Because Google was required to serve final written discovery prior to the Court's resolution of this motion, Google further requests that it be permitted to withdraw those requests and serve a final set of requests by the Court's revised deadline, or, alternatively, to be permitted to issue up to an additional 10 interrogatories and 10 requests for admission by that same date.

Respectfully submitted,

Dated: May 24, 2021         By:   */s/ Matthias Kamber*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                        */s/ Nathan R. Speed*  
                                        Nathan R. Speed