# EXHIBIT I

| | |
|---|---|
| **From:** | Anna Porto |
| **To:** | Ercolini, Michael |
| **Cc:** | singular@princelobel.com; kvp-singular; wgs-singularv.google@wolfgreenfield.com; nspeed@wolfgreenfield.com; abhansali@kblfirm.com |
| **Subject:** | RE: Singular Computing LLC v. Google LLC, 1:19-cv-12551 FDS |
| **Date:** | Thursday, May 13, 2021 6:50:50 PM |

Michael,

We sent narrowed terms last week, on May 7th, and we requested again that Singular provide us the unique hit counts.  You still have not provided the unique hit counts—or any hit counts—for Google's narrowed list of terms.  Instead, you've demanded without justification that Google immediately reduce its search terms to 20 disaggregated terms.  We have not agreed to narrow our terms to this arbitrary number, and we can't practically continue narrowing our terms without the unique hit counts that we've requested repeatedly.

Thanks,
Anna

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Thursday, May 13, 2021 7:36 AM
**To:** Anna Porto <APorto@keker.com>
**Cc:** singular@princelobel.com; kvp-singular <kvpsingular@keker.com>; wgs-singularv.google@wolfgreenfield.com; nspeed@wolfgreenfield.com; abhansali@kblfirm.com
**Subject:** RE: Singular Computing LLC v. Google LLC, 1:19-cv-12551 FDS

**[EXTERNAL]**

Anna,

We intend to make rolling productions up to and including June 1.

We asked Google to submit final revised terms for the remaining 115 terms by April 12.  While I believe it was clear from context that we were asking Google to revise the 115 terms down to no more than 20 or fewer narrowed disaggregated terms, your confusion is of no moment.  You did not revise the terms by April 12 regardless, and instead provided us a list one month after my email requesting final revisions (and paring down) by April 12.

I'll add that your most recent list is not narrowed to specific issues.  Instead, you've included several email header terms in isolation (e.g., kjarnold, Cadence, USC, Vertex), which are clearly intended to serve as blanket requests for every email sent to or from an individual or organizations.  Moreover, far from reducing Google's terms to just 20 disaggregated terms, your May 7 list contains nearly 400 disaggregated search terms.

For your convenience, I have included below the paragraph from my April 7 email in which Singular requested final revisions by April 12 and asked that Google provide no more than 20 disaggregated

search terms.  Indeed, even given your misunderstanding of our April 7 instructions, you failed to follow even those instructions on April 12, providing not 20 but 96 disaggregated search terms.

Singular intends to complete its review and production of emails by early May.  If Google wishes to revise any of these remaining terms, please provide final terms no later than Monday, April 12.  Please be advised, however, that as Singular is currently reviewing and producing in response to over 300 separate terms (reaching several thousand emails), we do not intend to entertain more than 20 additional disaggregated search terms.  Moreover, should any of those final requests be intended, as many of Google's prior terms have been, to end run the "narrowly tailored to specific issues" requirement, we do not intend to respond to those terms.  Google has had ample time since it served its requests to meet the letter and spirit of this requirement for email requests, and we have repeatedly insisted that Google do so.  Instead, Google has continually broadened its terms and employed tactics designed to sweep as many emails as possible into Singular's review, requesting terms such as "patent" and the name of the producing company or custodian.

In the interest of avoiding involving the Court in this matter, we ask that Google provide no more than 20 disaggregated final terms by tomorrow at 3 pm.  Any terms that reach entire email domains (e.g., Intrinsix, MIT) or custodian email addressees (e.g., kjarnold) without meaningful delimitation will not be included. If Google intends to include such domains and custodian email addresses as terms, or demands production in response to more than 20 terms, we intend to seek a protective order and will do as to the approximately 400 disaggregated terms in your most recent list.

To the extent we need to meet and confer on this issue, we propose doing so during the call already set for tomorrow morning to discuss the 30(b)(6) topics and objections thereto.


Best regards,
Michael Ercolini

---

**From:** Anna Porto [mailto:aporto@keker.com]
**Sent:** Friday, May 07, 2021 2:10 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>; Singular <Singular@princelobel.com>
**Cc:** kvpsingular@keker.com; abhansali@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; mkwun@kblfirm.com
**Subject:** Singular Computing LLC v. Google LLC, 1:19-cv-12551 FDS

Michael,

During our meet and confer yesterday, you said that Singular planned to make rolling productions over the next two weeks in response to Google's search terms that Singular found non-objectionable.  Some of those documents relate to three different third-parties, and Singular is currently in the process of seeking consent from those third parties prior to producing their documents.

You also described Singular's position on Google's remaining search terms.  Specifically, you explained for the first time that your most recent email on the topic, dated April 7, was intended to ask Google to pare down its remaining terms to 20 or fewer (whereas we had understood you to be limiting Google to no more than 20 *additional* terms).  Regarding the remaining terms Google has proposed, Singular has not yet begun its production, and will not do so until Google narrows those terms.  Regardless, however, Singular plans to complete its ESI production by June 1st.

Additionally, you explained that you contacted your vendor yesterday regarding the hit count discrepancy we raised via email on April 12.  Your vendor explained that the discrepancy was caused by Singular's addition of calendar invites to those counts.

Please let me know if any of the above is inconsistent with Singular's position on these issues.

Finally, we attach Google's narrowed search terms, per our discussion.

Thanks,
Anna

**Anna Porto**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
+14159628857 direct | 415 391 5400 main
aporto@keker.com | vcard | keker.com

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.