# EXHIBIT K



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Matthias A. Kamber**
(415) 773-6635
mkamber@keker.com

May 14, 2021

**VIA ELECTRONIC MAIL**

Paul J. Hayes
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA  02110
phayes@princelobel.com

Re:   *Singular Computing LLC v. Google LLC*; Civil Action No. 1:19-cv-12551 FDS

Dear Paul:

I write to request a meet and confer to discuss a mutual extension of the current discovery deadlines.  As you know, the deadline for the parties to serve written discovery requests is May 24, 2021, and the deadline for the parties to complete fact discovery is July 23, 2021.  Given that Singular has not yet completed its ESI production, these deadlines are no longer tenable.

According to Singular's representations during the parties' meet-and-confer call on May 6th, Singular plans to make rolling productions in response to a subset of Google's search terms that Singular has deemed non-objectionable, which Singular anticipates completing in the next two weeks.  Despite Singular's possession of Google's narrowed search terms since March 11th, thus far, Singular has produced less than 1,500 documents in response to Google's search terms.  Furthermore, Singular has represented that it is still in the process of seeking consent from third parties whose permission is required prior to Singular's production.  Singular also explained that it is in the process of reviewing documents for "responsiveness" to eliminate "false hits."  Even if Singular meets its goal of producing documents in response to this subset of Google search terms by the third week in May, Google will not have sufficient time to review Singular's production and serve written discovery requests prior to the May 24, 2021 deadline.

As for the remaining Google search terms, Singular has not begun reviewing and producing documents.  In fact, Singular has yet to provide even unique hit counts, which Google first requested on April 12th.  As Google explained then, providing unique hits would assist Google in making "an informed decision as to which terms to revise, if any."  Corr. from Porto.  Google also requested, for example, that Singular explain the increase in hit counts that Singular had provided previously.  *See* Apr 12th email from Porto.  Here, too, Singular has failed to respond.

1688112.v2

Via Electronic Mail

May 14, 2021
Page 2

During the parties' meet-and-confer call on May 6th, Singular explained for the first time that its vendor had added calendar invitations to the hit counts. After receiving this information, and even though Singular has not yet provided unique hits, Google again narrowed its search terms on May 7th. In response, Singular continues to refuse to provide unique hit counts, and instead, Singular said it will determine unilaterally which of Google's search terms are acceptable and produce responsive documents by June 1st. *See* May 13, 2021 Corr. from Ercolini. Setting aside the propriety of this approach, which is the subject of separate discussion, Singular's anticipated completion of production is after the deadline for written discovery, warranting an extension of the written-discovery deadline.

In light of Singular's anticipated ESI production timeline, Google proposes stipulating to a 45-day extension of both the written discovery and fact discovery deadlines. Please let us know whether you are available to meet and confer about such extension on May 17, 2021 after 11:30am PT.

Sincerely,

KEKER, VAN NEST & PETERS LLP

Matthias A. Kamber

MAK:at

1688112.v2