# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

PERSONAL AUDIO, LLC,

        Plaintiff,

    v.

GOOGLE INC.,

        Defendant.

CASE NO. 1:15-CV-00350-RC

## GOOGLE'S RESPONSE TO PLAINTIFF'S
## MOTION TO LIFT STAY

# TABLE OF CONTENTS

I.    SUMMARY ........................................................................................................ 1

II.   PROCEDURAL HISTORY ................................................................................ 1

III.  THE SAME FACTORS THAT THE COURT PREVIOUSLY FOUND
FAVORED A STAY STILL WEIGH IN FAVOR OF MAINTAINING THE
STAY PENDING APPELLATE REVIEW OF THE IPR DECISIONS ........................... 2

    A.  Keeping the Stay in Place Pending Federal Circuit Review of the IPR
Decisions Will Simplify the Issues for Trial, If Any, and Promote
Judicial Efficiency ................................................................................................ 2

    B.  Plaintiff Still Cannot Identify Any Undue Prejudice or Tactical
Disadvantage From Maintaining the Stay ................................................................. 5

    C.  The Stage of the Case Remains the Same ................................................................. 7

IV.  CONCLUSION ................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.,*
   2010 WL 3239001, at *1 (N.D. Ohio Aug. 16, 2010) ............................................ 6

*Canady v. Erbe Elektromedizin GmbH,*
   271 F. Supp. 2d 64 (D.D.C. 2002) .......................................................................... 5

*Interface, Inc. v. Tandus Flooring, Inc.,*
   No. 4:13-cv-46, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013) ................................ 4

*Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.,*
   744 F.3d 1272 (Fed. Cir. 2014) (en banc) ............................................................ 4

*Lismont v. Alexander Binzel Corp.,*
   813 F.3d 998 (Fed. Cir. 2016) ............................................................................... 6

*Network-1 Sec. Solutions, Inc. v. Alcatel-Lucent USA Inc.,*
   2015 U.S. Dist. LEXIS 31452 (E.D. Tex. Jan. 5, 2015) ...................................... 4

*NFC Tech. LLC v. HTC Am., Inc.,*
   2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) ........................................... 6

*Norman IP Holdings, LLC v. TP-Link Techs. Co.,*
   2014 WL 5035718, at *1 .......................................................................................... 3

*Novartis AG v. HEC Pharm. Co.,*
   2016 WL 1761956, at *1 (D. Del. May 2, 2016) ........................................... 3, 4, 5

*Safe Storage LLC v. Dell Inc.,*
   No. 1-12-cv-01624, ECF No. 43 n.1 (D. Del. Mar. 11, 2016)............................ 2, 5

*Signal IP, Inc. v. Ford Motor Co.,*
   2015 U.S. Dist. LEXIS 132322, at *1 (E.D. Mich. Sept. 30, 2015) ...................... 7

*Versata Software, Inc. v. Volusion, Inc.,*
   2013 WL 6912688, at *1 (W.D. Tex. June 20, 2013) ........................................... 3

*VirtualAgility Inc. v. Salesforce.com, Inc.,*
   759 F.3d 1307 (Fed. Cir. 2014) ............................................................................. 5

**Statutes**

35 U.S.C. § 101 ........................................................................................................... 3

35 U.S.C. § 112 ........................................................................................................... 3

35 U.S.C. 311(b) ........................................................................................................ 3

## I.    SUMMARY

The Court stayed this action "pending the results of the *inter partes review* proceedings."
*See* ECF No. 17 at 6.  In those IPR proceedings, the Patent Trial and Appeal Board ("PTAB")
issued decisions finding many of the challenged claims of U.S. Patent Nos. 6,199,076 ("'076
patent") and 7,509,178 ("'178 patent") to be unpatentable but that Google had not shown that
other challenged claims were also unpatentable.  *See* ECF No. 23 at 1.  In view of the upcoming
appeals of those as well as the decision on Google's request for reconsideration, which will
affect claim construction and patentability of the challenged claims, the circumstances that led
the Court to stay this case have not changed.  *See* ECF No. 17 at 1 ("The lack of prejudice to the
parties and the potential simplification of issues favor granting a stay.").  Because the factors
favoring a stay still apply (parties will not be unduly prejudiced, further simplification of the case
if more claims are invalidated, and clarification of the meaning of the claims), Google requests
that the Court keep the stay in place pending Federal Circuit review of the IPR decisions.

## II.    PROCEDURAL HISTORY

The present case, filed on September 15, 2015, is the sixth litigation involving the '076
and '178 patents filed by Plaintiff since 2009.  The patents-in-suit expired on October 2, 2016.
As noted by the Court in its order staying this case, Plaintiff delayed filing the present case
against Google for over twenty months even though the same accused functionality, Google Play
Music, was at issue in the previous case filed by Plaintiff in January of 2014, *see* Case No. 1:14-
cv-8-RC ("*Acer* litigation"), during which Plaintiff obtained substantial discovery from Google
relating to Google Play Music.  *See* ECF No. 17 at 4.  The patents-in-suit have been the subject
of three *Markman* proceedings before this Court.  *See id.* at 1.  In staying this case, the Court
noted that the reexamination history of just one of the patents-in-suit "contributed at least 123
pages to the record of the *Acer* claim construction proceedings."  *See id.* at 5.

On September 23, 2016, Plaintiff filed a motion to lift the stay entered by the Court without meeting and conferring with Google as required by Local Rule CV-7(h). *See* ECF No. 24. On September 27, 2016, Google met and conferred with Plaintiff to see whether the parties could reach agreement regarding keeping the stay in place pending Federal Circuit review of the IPR decisions. Plaintiff opposed and thereafter refiled its motion to lift the stay. *See* ECF No. 26.

On October 11, 2016, Google filed a request for rehearing with the PTAB with respect to the '178 patent, focusing on claim construction issues. *See* Ex. 1.

### III.  THE SAME FACTORS THAT THE COURT PREVIOUSLY FOUND FAVORED A STAY STILL WEIGH IN FAVOR OF MAINTAINING THE STAY PENDING APPELLATE REVIEW OF THE IPR DECISIONS

Plaintiff acknowledges that in deciding whether to lift a stay, courts evaluate the same three factors as when deciding to enter a stay: (1) whether the stay would result in undue prejudice or clear tactical disadvantage; (2) whether stay will simplify issues for trial; and (3) stage of the case. *See* ECF No. 26 at 4; *Safe Storage LLC v. Dell Inc.*, No. 1-12-cv-01624, ECF No. 43 n.1 (D. Del. Mar. 11, 2016) ("The same principles that applied to the original grant of a stay apply to the court's decision today."), attached as Ex. 2. The Court's findings that "[t]he lack of prejudice to parties and the potential simplification of issues favor granting a stay pending the *inter partes review* proceedings," and that "[t]hese factors outweigh the fact that substantial work has been competed [sic] on the issues," *see* ECF No. 17 at 6, still apply at this juncture where the IPR decisions are subject to further review by the PTAB and the Federal Circuit.

#### A.  Keeping the Stay in Place Pending Federal Circuit Review of the IPR Decisions Will Simplify the Issues for Trial, If Any, and Promote Judicial Efficiency

In its order staying this case pending IPRs, the Court reasoned that "even though *inter*

*partes review* will not simplify all issues in question in the litigation," this factor favors granting a stay. *See* ECF No. 17 at 5. The PTAB found two of the claims of the '076 patent, including independent claim 1, and six of the claims of the '178 patent, including independent claim 1 which Plaintiff had asserted in the previous *Acer* litigation to be unpatentable. *See* ECF No. 23 at 1. Thus, the stay has already simplified some of the issues in the case as anticipated.[1] *See Norman IP Holdings, LLC v. TP-Link Techs. Co.,* 2014 WL 5035718, at *2 (stay justified where outcome "would eliminate the need to try the infringement issue"); *Versata Software, Inc. v. Volusion, Inc.*, 2013 WL 6912688, at *2 (W.D. Tex. June 20, 2013) (issues for trial will be simplified even if only some claims are ultimately held invalid).

Contrary to Plaintiff's allegation that "there is no additional simplification to be gained from … extending the stay," *see* ECF No. 26 at 4, keeping the stay in place pending the appeals of the IPR decisions to the Federal Circuit will further simplify the case by avoiding duplication and potential conflict. *See Novartis AG v. HEC Pharm. Co.*, 2016 WL 1761956, at *1 (D. Del. May 2, 2016) ("If the Federal Circuit upholds the PTAB's conclusion that the '229 patent is invalid, its decision will moot HEC's counterclaims, thereby allowing the parties to avoid all the costs (including discovery) that would otherwise be incurred in litigation concerning whether the '229 patent is valid and infringed.").

In contrast, if the stay were to be lifted before the appeals, the Court will be asked yet

---

[1] Although Plaintiff previously argued that the IPRs would not simplify any issue in this case in opposing Google's motion to stay, *see* ECF No. 15 at 6-10, facing the PTAB's decisions, Plaintiff now argues that "the matter has been sufficiently simplified" because "invalidity arguments that could have been raised before the PTAB are estopped from being raised to the Court … [and] only the issues of infringement and damages remain." *See* ECF No. 26 at 4. Plaintiff's argument is not accurate because non-publication prior art and invalidity under 35 U.S.C. §§ 101, 112 are not subject to IPR and thus are not estopped. *See* 35 U.S.C. 311(b) ("A petitioner in an *inter partes* review may request to cancel as unpatentable 1 or more claims of a patent … only on the basis of prior art consisting of patents or printed publications.").

again to construe disputed terms while the Federal Circuit is also evaluating claim construction issues on appeal.  If the Federal Circuit were to construe the asserted claims differently from the Court, the Court and the parties would have to yet again revisit such issues, potentially provide new expert reports and engage in additional expert discovery.  *See id.* ("[I]t would be complicated and potentially wasteful for the Court to litigate the '229 patent at the same time as the Federal Circuit is reviewing its validity.").  The outcome of the appeals of the PTAB decisions will provide the parties and the Court guidance regarding the scope of the remaining asserted claims.  *See, e.g.*, *Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, 744 F.3d 1272, 1292 (Fed. Cir. 2014) (en banc) ("We conclude that the criteria are not met for overruling or modifying the *Cybor* standard of *de novo* review of claim construction as a matter of law."); *Interface, Inc. v. Tandus Flooring, Inc.*, No. 4:13-cv-46, 2013 WL 5945177, at n.5 (N.D. Ga. Nov. 5, 2013) ("If this action proceeds after an appeal … the Court will have the guidance of the Federal Circuit's review of the [patent's] validity and construction" and with "this guidance, the parties will have the benefit of a more sure-footed decision in this matter- a benefit that greatly outweighs the delay in the proceedings.").

The primary case on which Plaintiff relies, *Network-1 Sec. Solutions, Inc. v. Alcatel-Lucent USA Inc.*, 2015 U.S. Dist. LEXIS 31452 (E.D. Tex. Jan. 5, 2015), involves distinctly different circumstances.  *See* ECF No. 26 at 5.  Unlike the present case, the PTAB did not invalidate any of the challenged claims in *Network-1*.  *See Network-1*, 2015 U.S. Dist. LEXIS 31452, at *8.  Furthermore, the patentee in *Network-1* had added fourteen new claims in a parallel *ex parte* reexamination, which could not be affected by appeal of the IPR decisions.  *See Network-1*, 2015 U.S. Dist. LEXIS 31452, at *12, *18.  In contrast, Federal Circuit review of the IPR decisions here may in fact dispose of the entire case and achieve the "ultimate

simplification." *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014) ("This CBM review could dispose of the entire litigation: the ultimate simplification of issues."). The present case is more akin to *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64 (D.D.C. 2002), also cited by Plaintiff, *see* ECF No. 26 at 3, in which the court denied a request to lift a stay because there were no new circumstances that imposed hardship on the plaintiff or changed the court's earlier disposition. *See Canady*, 271 F. Supp. 2d at 77 ("there is good reason to prevent the plaintiffs from pressing their cause concurrently with the PTO's pending review").

Based on the facts of this case and the law, Plaintiff's current contention that keeping the stay in place through appeal of the IPR decisions will not simplify any remaining issues is as incorrect as its previous contention that the IPRs would not simplify the issues in this case. *See* ECF No. 15 at 11. Maintaining the stay for judicial efficiency weighs as strongly in favor of a stay as when the Court initially granted the stay of this case. *See Novartis*, 2016 WL 1761956, at *1 ("The Federal Circuit's decision will likely simplify this case.").

**B.    Plaintiff Still Cannot Identify Any Undue Prejudice or Tactical Disadvantage From Maintaining the Stay**

Plaintiff has not shown any prejudice, let alone undue prejudice, from maintaining the stay until the logical conclusion of the IPR proceedings through rehearing and Federal Circuit review of the PTAB's decisions. *See, e.g.*, *Safe Storage*, No. 1-12-cv-01624, ECF No. 43 n.1 (D. Del. Mar. 11, 2016) ("As a non-practicing entity, the plaintiff faces no risk of a competitive disadvantage or eroded market share. A continued delay will not impede its ability to collect damages if it ultimately prevails in its claims.").

Despite accusing Google Play Music in the media player devices of the non-Google defendants in the previous *Acer* litigation and obtaining substantial discovery relating to Google

Play Music from Google in that litigation, Plaintiff delayed nearly two years before bringing suit against Google.  *See* ECF No. 17 at 3-4.  Plaintiff's attempt to use its previous litigation as an excuse to justify its delay in filing suit against Google is no more persuasive than its claim that "the stay has halted the enforcement of the Asserted Patents for over 10 months during the IPR proceedings."[2]  *See* ECF No. 26 at 7-8.  Plaintiff has already sued and/or settled with everyone who sells audio player devices, including Apple, Sirius XM Radio, Coby Electronics, Archos, XM Satellite Radio, Samsung, HTC, LG, BlackBerry, Motorola, Amazon, Fuhu, Acer, Apollo Brands, ASUS, Azpen, Barnes & Noble, Fujitsu, Huawei, Lenovo, Toshiba, ZTE, and Microsoft.  Moreover, the patents-in-suit expired on October 2, 2016.

With respect to Plaintiff's generalized speculation that "witnesses may become unavailable, their memories may fade, and evidence may be lost while the PTO proceedings take place," and "[a]ny additional delay will further risk discovered evidence becoming stale, moot," *see* ECF No. 26 at 7, Plaintiff has not identified any particular evidence that is at risk of being stale or moot in the course of continuing the stay.  *See NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *3 (E.D. Tex. Mar. 11, 2015) ("NFCT has not made any showing as to particular evidence or discovery that is at risk of being lost.  A blanket statement that evidence may become stale or be lost does not amount to a compelling showing of prejudice."); *see also Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 2010 WL 3239001, at *2 (N.D. Ohio Aug. 16, 2010) ("[W]hile Plaintiffs state generally that 'evidence is likely to be lost, and witnesses may die or relocate, or their memories may fade,' there is nothing to indicate that

---

[2]      Plaintiff's reliance on *Lismont v. Alexander Binzel Corp.*, 813 F.3d 998 (Fed. Cir. 2016), to justify its prolonged delay in pursuing the case against Google, *see* ECF No. 26 at 6, is misplaced.  *Lismont* involved laches, not whether stay pending completion of IPR should be lifted during appeal.  *See Lismont*, 813 F.3d at 1004.

this is particularly likely in the instant matter, or that it is more of a concern here than in any other case.").

Both Plaintiff and Google have agreed to preserve discovery from the *Acer* Litigation. *See* ECF No. 16 at 2. Further, given that Plaintiff has been using the same technical expert, Kevin Almeroth, repeatedly for the past six years in all of its prior litigations and the previous reexaminations of the patents-in-suit, as well as in its responses to the IPR petitions, its contention that a continuing stay would "require significant additional expense for experts to yet again become familiar with the material," *see* ECF No. 26 at 7, is not credible.

### C.    The Stage of the Case Remains the Same.

The stage of the litigation has not changed from the time that the Court entered the Order granting Google's motion to stay pending IPR, and Plaintiff has not identified any new reason with respect to this factor to lift the stay. Plaintiff's reliance on *Signal IP, Inc. v. Ford Motor Co.*, 2015 U.S. Dist. LEXIS 132322, at *14-*15 (E.D. Mich. Sept. 30, 2015), to argue that "discovery costs and claim construction costs will be lower in this case than the typical patent infringement case, because the parties should have the benefit of discovery and claim construction briefing that has already taken place in the related cases," *see* ECF No. 26 at 8, is meaningless since all of those purported benefits will be lost if the parties must revisit claim construction issues at a more advanced stage of the case following a decision from the Federal Circuit. Indeed, despite acknowledging the potential cost saving of reusing existing discovery, the *Signal* court still found that the stage of that case "weigh[ed] … in favor granting a stay." *See Signal IP*, 2015 U.S. Dist. LEXIS 132322, at *13.

### IV.   CONCLUSION

Google respectfully requests that the Court deny Plaintiff's motion to lift the stay and that the stay remain in place pending Federal Circuit review of the PTAB's recently-issued decisions.

Dated: October 17, 2016

Respectfully submitted,

By  /s/ Jason Xu
J. Thad Heartfield (State Bar No. 09346800)
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, TX  77706
Telephone:  (409) 866-3318
Email:  thad@heartfieldlawfirm.com

Jeannine Yoo Sano (CA Bar No. 174190)
(admitted to the Eastern District of Texas)
White & Case LLP
3000 El Camino Real
Five Palo Alto Square, 9th Floor
Palo Alto, CA  94306
Telephone:  (650) 213-0356
Email:  WCGooglePersonalLLC@whitecase.com

Jason Xu (DC Bar No. 980531)
(admitted to the Eastern District of Texas)
James P. Gagen (DC Bar No. 499220)
(admitted to the Eastern District of Texas)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005
Telephone:  (202) 626-6496
Email:  WCGooglePersonalLLC@whitecase.com

Counsel for GOOGLE INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 17, 2016, the foregoing document with attachments was electronically filed with the Clerk of the Court using the CM/ECF system, which will issue an electronic notification of filing to all counsel of record.

_/s/ Jason Xu_____
Jason Xu