# EXHIBIT U

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Singular Computing LLC )
_____ )
*Plaintiff* )
v. ) Civil Action No. 1:19-cv-12551-FDS
Google LLC )
_____ )
*Defendant* )

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Catherine Tornabene, 1072 Church Street, Mountain View, CA 94041

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:   Exhibit A

| Place: Esquire Deposition Solutions<br>44 Montgomery Street, Suite 1100<br>San Francisco, CA 94104 | Date and Time:<br>August 5, 2020 at 9:00am |
|---|---|

The deposition will be recorded by this method: stenographic or videographic

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
Listed in Exhibit A no later than August 4, 2020 at 9:00am

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/10/2020

CLERK OF COURT

OR   /s/ Daniel McGonagle

*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Singular Computing LLC, who issues or requests this subpoena, are:
Daniel McGonagle, Prince Lobel Tye, One International Place, Boston, MA 02110, dmcgonagle@princelobel.com; 617-456-8000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:19-cv-12551-FDS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                          *Server's signature*

                                _____
                                          *Printed name and title*

                                _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A
## DEFINITIONS

1. The definitions provided in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.

2. "Accused Products" means all products, computer systems, devices, and other hardware or software identified in Plaintiff's Amended Complaint (Dkt. 37) and in Plaintiff's Infringement Contentions, including without limitation at least:

   a. Google Cloud Tensor Processing Unit Version 2 ("TPU v.2"), including software that runs workloads on TPU v.2, including TensorFlow;

   b. Google Cloud Tensor Processing Unit Version 3 ("TPU v.3"), including software that runs workloads on TPU v.3, including TensorFlow;

   c. Larger compute systems that incorporate (a) or (b), such as TPU Pods.

3. "Accused Services" means all Google services delivered in whole or in part by use of any Accused Product, including Translate, Photos, Search, Assistant, Gmail and Cloud (including Cloud AI and Cloud TPU).

4. "Asserted Patents" or "Patents-in-Suit" refers collectively to US Patent Nos. 8,407,273 ("'273 Patent"); 9,218,156 ("'156 Patent"); and 10,416,961 ("'961 Patent"), as well as any other patent(s) that Plaintiff asserts in this action.

5. "Communication" means the transmittal or receipt of information (in the form of facts, ideas, inquiries, or otherwise) regardless of the medium used to transmit or receive the information.

6. "Document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). Any draft or nonidentical copy is a separate document within the meaning of this term. Documents include communications.

7. "Plaintiff" or "Singular" means Singular Computing LLC, its employees, agents, attorneys, representatives, or any other persons who have acted or purported to act for their behalf.

8. "Google," "you" "Defendant" or "your" means Google, LLC, its employees, agents, attorneys, representatives, or any other persons who have acted or purported to act for its behalf.

9. "Person" means any natural person or any business, legal, or governmental entity or association.

10. Any reference to a corporation, partnership, or other business entity herein, includes its divisions, offices, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates, its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents, and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

## INSTRUCTIONS

1. You are to produce the documents requested (the "Request(s)") that are in your possession, custody or control at the location of the deposition set forth in the Subpoena.

2. You shall produce for inspection and copying, the original of each document that responds to any part or clause of any one of these Requests, or, if the original is not in your custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes on the front or back of any pages thereof.

3. Documents shall be produced as they are kept in the ordinary course of business or the documents shall be organized and labeled to correspond to the categories requested.

4. Documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

5. Except for spreadsheets, charts and electronically created presentations or documents (such as by Microsoft PowerPoint or Word), responsive electronically stored information ("ESI") should be produced in single-page tagged image file format ("tiff"), along with metadata produced in text format ("txt") linked to the associated files. Metadata, or any other electronic components of the information relating to or comprising such ESI, shall be produced in its entirety in a delineated text file and an image load file to indicate document breaks, including but not limited to all information concerning the date(s) the ESI was created, modified or distributed, and the author(s) and recipient(s) of the ESI. Image file names should not contain spaces and parent/attachment relationships should be maintained. Spreadsheets, charts and electronically created presentations or documents (such as by Microsoft PowerPoint or Word) should be produced in tiff format with a link to the native file. Any documents maintained in paper format should be scanned to tiff and OCR and produced as single-page tiff with load files to indicate document breaks and document level OCR (txt) files.

6. This is a continuing request for production of documents. If, after making your initial production, you obtain or become aware of any further document(s) responsive to this Request, you are required to produce such additional document(s).

7. If you are aware of any documents or copies thereof that may be responsive to these Requests but are no longer in your possession, custody or control, or have been lost or destroyed, identify each document in detail, including without limitation, whether: (a) the document is missing, lost or destroyed; (b) the document has been transferred or delivered

elsewhere, and if so, at whose request; (c) who prepared it; (d) to whom it was prepared for and sent to; (e) when it was prepared or sent; (f) the contents of the document; (g) who destroyed it; and (h) why it was lost or destroyed.

8. If production of a document is withheld in whole or in part pursuant to a claim of privilege or redaction, as to each such document state the following information:

    (a) the privilege claimed or reason for redaction;

    (b) A precise statement of the facts upon which said claim of privilege or redaction is based; and

    (c) The following information describing each purportedly privileged or redacted document:

        (i) Its nature or type, e.g., agreement, letter, memorandum, etc.;

        (ii) The subject matter or general description;

        (iii) The date it was prepared;

        (iv) The date it bears;

        (v) The date it was sent;

        (vi) The date it was received;

        (vii) The identity of the person preparing it;

        (viii) The identity of the person sending it;

        (ix) The identity of the person who signed it, if applicable;

        (x) The identity of each person to whom it was shown, sent or was to have been sent, including all addresses and all recipients of copies;

        (xi) A statement as to whom each identified person represented or purported to represent at all relevant times; and

        (xii) A precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be

found and the location of such file, including without limitation, the identity of each person now in the possession of that document.

## DOCUMENTS REQUESTED

1. All documents and things relating to when you first became aware of the '273 Patent.

2. All documents and things relating to when you first became aware of the '156 Patent.

3. All documents and things relating to when you first became aware of the '961 Patent.

4. All documents and things relating to any investigation, analysis, opinion or advice (whether written or oral) concerning the '273 Patent, including, without limitation, the validity, inventorship, ownership, infringement, enforceability, or scope of the '273 Patent, or whether any specific product(s) does or does not infringe one or more claims of the '273 Patent.

5. All documents and things relating to any investigation, analysis, opinion or advice (whether written or oral) concerning the '156 Patent, including, without limitation, the validity, inventorship, ownership, infringement, enforceability, or scope of the '156 Patent, or whether any specific product(s) does or does not infringe one or more claims of the '156 Patent.

6. All documents and things relating to any investigation, analysis, opinion or advice (whether written or oral) concerning the '961 Patent, including, without limitation, the validity, inventorship, ownership, infringement, enforceability, or scope of the '961 Patent, or whether any specific product(s) does or does not infringe one or more claims of the '961 Patent.