# Exhibit 2



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

**Matthias A. Kamber**
(415) 773-6635
mkamber@keker.com

September 23, 2020

**VIA ELECTRONIC MAIL**

Paul J. Hayes, Esq.
One International Place, Suite 3700
Boston, MA 02110
phayes@princelobel.com

Re:   *Singular Computing LLC v. Google LLC*
      Case No. 1:19-cv-12551-FDS (D. Mass.)

Dear Paul:

I write in response to the letter you sent late Friday, September 18, concerning purported deficiencies in Google's responses to various interrogatories and requests for production. As explained below, Singular's demands concerning Google's discovery responses are both wrong on their own terms and seek to impose standards to which Singular does not hold itself.

I.    Interrogatories

**Interrogatory No. 1** – Your letter demands that Google supplement its response to Interrogatory No. 1 to identify, at minimum, the name of the individual(s) at Google who first learned of the Asserted Patents. Notwithstanding that Google believes its response is adequate as written, Google will supplement its response to Interrogatory No. 1 by September 30, 2020.

**Interrogatory No. 2** – Your letter demands that Google supplement its response to Interrogatory No. 2 with further information about the history behind deploying the Accused Products in Google's data centers, including why Google undertook those efforts, where those efforts specifically took place, and who was involved at every step.

First, Google's response included background information regarding projects that pre-dated the decision to develop, build, and implement the Accused Products in its data centers, including work on the Mac Truck project, Google Brain, and Project Squid. Their inclusion is meant to provide context, but the interrogatory—which is particularly drawn to the Accused Products—does not actually call for the identification of related dates, documents, or persons involved for those projects.

1391884

Paul J. Hayes, Esq.   **VIA ELECTRONIC MAIL**
September 23, 2020
Page 2

Second, Singular does not provide any support for its position that such level of detail is necessary in response to an interrogatory, nor has it provided that level of detail in its own responses.

**Interrogatory No. 3** – Your letter also demands that Google supplement its response to Interrogatory No. 3 and specify which products and services are used at each individual data center. But that is not what the interrogatory asks for. Specifically, Interrogatory No. 3 requests that Google "[i]dentify [1] all services and products offered by you that make use of the Accused Products and [2] the location at which the products have been installed for use in the United States." As drafted, Google's response provides (1) a list or services and products that make use of the Google's TensorFlow Machine Learning services, and (2) the location of the data centers where the accused TPUs are installed. In short, Google has answered the interrogatory.

**Interrogatory No. 4** – Your letter demands Google supplement its response to the extent Google is withholding any information based on a vagueness objection to the following terms: "facts and circumstances" and "install and use." Google's objections were proper: those terms are susceptible to multiple, reasonable interpretations. Further, Singular has objected on the same grounds to narrower terms such as "product," "research" and "commercialize." *See* Singular Responses to Google Interrogatory Nos. 3, 9, 11. Singular has not stated in its response whether it is withholding relevant information based on those objections.

Regardless, Google has made a good faith effort to respond to Interrogatory No. 4 based on a reasonable understanding of the terms in question. If Singular believes that Google's response does not reflect a valid understanding of those terms, please explain how.

II.   **Requests for Production**

   A.   **Offers to Meet and Confer (Singular RFP Nos. 20–22, 30, 33, 38, 43, 49, 71–76, 84 and 92–95)**

Your letter correctly notes that Google offered weeks ago to meet and confer on a number of Singular's objectionable RFPs but goes on to say that "to the extent Google is delaying its document production based on this objection, its doing so is improper."

To be clear, Google's offer to meet and confer was not itself an "objection." Rather, it was an invitation to discuss the RFPs in question to determine whether the parties could agree upon an appropriate collection and production effort. Nor can Singular complain that Google has offered to meet and confer before proceeding to collect and produce documents. Singular has done the exact same thing in its responses to Google's RFPs. *See, e.g.*, Singular Response to Google RFP No. 49 ("Singular will agree to meet and confer with Google to clarify [a] request and determine *whether* it can be sufficiently narrowed to documents that are relevant claims and defenses asserted in this case.") (emphasis added); Singular Response to RFP No. 60 ("Singular will agree to meet and confer with Google and *consider* a narrowed request which sufficiently

1391884

Paul J. Hayes, Esq.                                                                           **VIA ELECTRONIC MAIL**
September 23, 2020
Page 3

clarifies the meaning of the phrase 'relating to the Patents-in-Suit' in the context of the request.") (emphasis added).

      **B.      Agreements to Produce (RFP Nos. 1–19, 23–29, 31–32, 39–42, 44–48, 50–59, 61–66, 69–70, 77–83, 85–91, and 96–98)**

Your letter also demands that Google "confirm in writing that Google is not withholding documents based on its qualified commitment to produce only documents responsive to a 'narrowed' or 'modified' scope" and that "if Google is withholding any documents or document categories based on this objection, please state as much in your response and identify what documents Google is withholding." Again, Singular's position makes little sense on its own terms and cannot be squared with its own litigation conduct.

Although you cite no authority, we presume you rely on Federal Rule of Civil Procedure 34(b)(2)(C), which states that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Google's responses comply with that rule because they articulate specific objections and identify precisely what Google is willing to search for and produce in light of its objections. That is sufficient to comply with the Rule. *See* Advisory Cmte. Notes to 2015 Amendment to Rule 34 (when objections are made with specificity, "the statement of what has been withheld can properly identify as matters "withheld" anything beyond the scope of the search specified in the objection").

To the extent Singular believes that each of Google's objections should include the phrase "Google is/is not withholding responsive material based on this objection," Singular is not only elevating form over substance but also seeking to impose a double standard. None of Singular's objections to Google's RFPs contains such a statement. Further, Singular's responses—unlike Google's—contain no other indication of what Singular has agreed to produce, much less whether Singular is withholding other responsive material. Instead, each of Singular's responses is "[s]ubject to" boilerplate objections and commits at most to producing documents that, in Singular's view, "relate to the specific claims and defenses asserted in this action."

Singular is also mistaken in suggesting that Rule 34(b)(2)(C) requires Google to "identify" documents being withheld. The rule requires only an indication as to "***whether*** any responsive materials are being withheld." Fed. R. Civ. P. 34(b)(2)(C) (emphasis added). "The producing party does not need to provide a detailed description or log of all documents withheld." Advisory Cmte. Notes to 2015 Amendment to Rule 34.

                                      *     *     *     *     *

We trust this resolves the issues raised by your letter on Google's discovery responses. To the extent Singular wishes to take Google up on its offer to meet and confer on particular Singular RFPs or responses to interrogatories, we stand ready to do so and can be available at 1:00 p.m. Pacific on Friday, September 25. We expect that Singular will come to that call prepared to discuss those Google RFPs where Singular has offered to meet and confer.

1391884

Paul J. Hayes, Esq.  
September 23, 2020  
Page 4

**VIA ELECTRONIC MAIL**

Sincerely,

KEKER, VAN NEST & PETERS LLP

*[signature: Matthias Kamber]*

Matthias A. Kamber  
MAK

1391884