# Exhibit 3

Paul J. Hayes<br>
Direct Dial: 617-456-8027<br>
phayes@princelobel.com

October 1, 2020

<u>VIA EMAIL</u>

Matthias A. Kamber
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111

Re:   *Singular Computing LLC v. Google LLC*
      Case No.:  1:19-cv-12551-FDS

Dear Matthias:

We are in receipt of your September 23, 2020 correspondence regarding Google's and Singular's discovery responses and respond as follows:

## A.   Google's Responses to Singular's Interrogatories

*1.   Interrogatory No. 1*

Google's supplemental response to Interrogatory No. 1 remains ambiguous and evasive. We asked Google to detail how it first learned of the Asserted Patents, including identifying dates, documents, and person(s) involved.  Despite our straightforward request, Google gave two answers; neither provides the information we requested.

Google first responded that "[it] learned of the Asserted Patents no later than the filing of this suit."  But we did not ask for the latest date by which Google might have learned of the patents; we asked for the actual date on which Google first learned of them.  To avoid confusion as to what that means, we propose that you formulate your supplemental response by including the completed statement below:

"*Google first learned of the Asserted Patents on* _____ \_\_, \_\_\_\_."
                                                    *(month)  (date)  (year)*

Alternatively, Google may complete the following statement:

"*Google learned of the Asserted Patents no earlier and no later than* _____ \_\_, \_\_\_\_."
                                                                      *(month)  (date)  (year)*

Moreover, to the extent Google first learned of one or more of the Asserted Patents on a different date than for any other Asserted Patent(s), your supplemental response should so specify, identifying the first date on which Google learned of each of the Asserted

Patents.

Google's second response to Interrogatory No. 1 states that "X's counsel, Catherine Tornabene, became aware of the '273 and '156 patents as of at least February 17, 2017." This statement is doubly unhelpful: not only does it suggest that, despite Singular's interrogatory definitions, this second response does not necessarily apply to Google, the response is also ambiguous as to the date on which Ms. Tornabene and Google X first learned of the '273 and '156 patents.

Please supplement Google's response to Interrogatory No. 1 accordingly, conforming your response to Singular's definition of the terms "You" and "Google," and by providing the date(s) *on which* Google *first* learned of each of the Asserted Patents.

2.    *Interrogatory No. 2*

The scope of Interrogatory No. 2 encompasses the "identification of related dates, documents, or persons involved for" each of the following projects: MacTruck, Squid, SeaStar, Jellyfish (including Jellyfish Pod and JellyDonut), Dragonfish (including Dragonfish Pod and DragonDonut), Pufferfish, Puffylite, and Viperfish.  Google itself identified these projects as relevant "facts and circumstances of [its] decision to develop, build, implement in [its] data centers the Accused Products."  Thus, Interrogatory No. 2 requires a decription in detail (i.e., identifying dates, documents, and person(s) involved) for each of the listed projects.

To move things along, we ask that Google identify at least the main participants for each of the projects listed.  Given the interrogatory's express scope, and Google's ready access to this information, this is a more than reasonable request and we ask that you please supplement your response accordingly.

3.    *Interrogatory No. 3*

Your September 23 letter is inconsistent with Google's most recent supplemental response to Interrogatory No. 3, as it is unclear whether Google has now withdrawn its objection to the phrases "all services and products" and "make use of the Accused Products."

Regardless, Interrogatory No. 3 requires Google to identify which particular services and products are installed for use at which particular data center(s).  Indeed, Google admits the interrogatory asks that it identify "the location at which the products [that make use of the Accused Products] have been installed for use in the United States."  Yet your response does not identify the location where even one of these 17 products has actually been installed.

Instead, Google provided a list of seventeen products and ten data centers, and left Singular to guess at the correct combination of products and data centers. As you've indicated that each of the seventeen products is installed in at least one (or up to ten) of the various data centers; and that each of the ten data centers also has at least one (or up to seventeen) of the various products installed there, Singular cannot possibly guess the correct combination of which Google products are installed at which Google data centers, let alone do so before the close of fact discovery. As Singular may need to inspect one of Google's data centers as part of its discovery in this case, and as Google has ready access to this information, we ask that you please supplement your response this interrogatory accordingly.

4.   *Interrogatory No. 4*

You argue that the terms "facts and circumstances" and "install and use" are "susceptible to multiple, reasonable interpretations." Yet, you provide no examples of such "multiple" interpretations of "facts," "circumstances," "install" or "use." Accordingly, contrary to your position, Google has not set forth a "valid understanding" of these terms, which, as we've previously stated, are straightforward. We thus ask that you supplement Google's response to Interrogatory No. 4 accordingly.

**B.   Singular's Requests for Production**

We have also asked you to "confirm in writing that Google is not withholding documents based on its qualified commitment to produce only documents responsive to a 'narrowed' or 'modified' scope." Your letter fails to address this request, to which we ask that you please respond.

Further, you argue that a party is not required to provide a "detailed" description of documents withheld. However, you cropped the corresponding Advisory Committee Note, according to which Google must provide a description of the withheld documents that is sufficient to "facilitate an informed discussion of the objection." Advisory Cmte. Notes to 2015 Amendment to Fed. R. Civ. P. 34. We ask that you please provide the requested descriptions.

**C.   Singular's Interrogatory Responses**

1.   *Interrogatory Nos. 1-2, 6 & 12*

You argue that the *X2Y* decision does not relate to discovery. But you do not, nor could you, dispute that Judge Reyna wrote that "all the invalidity defenses raised by Respondents (anticipation, obviousness, indefiniteness, lack of written description and improper inventorship) ... required that the claims be construed first." Nor can you dispute that claim construction has not occurred in this case. Hence, at this time,

Singular's objections are legitimate.  Moreover, as we previously pointed out, the three district court cases you rely upon all involved Local Patent Rules requiring such disclosure.  In this District, no such obligation is imposed.

2.     *Interrogatory No. 7*

Singular stands by its response to Interrogatory No. 7.

*Interrogatory Nos. 8 & 11*

Singular will be producing documents on a rolling basis and expects to begin those productions early next week.

**C. Singular's RFP Responses**

As stated above, Singular expects to begin producing documents on a rolling basis early next week and can confirm that it will comply with its obligations under the Federal Rules of Civil Procedure and any orders of the Court to the extent applicable to Singular's document production and responses to Google's requests.  We hope this allays the concerns you have raised about Singular's compliance prior to receiving our document production.

As to section 3 of your September 23 letter regarding Singular's RFP responses, if we understand you correctly, you have assumed that Singular's representation that "any DARPA funding 'is . . . of no moment as it relates to ownership of the Asserted Patents'" meant "that Singular did not make any disclosure to DARPA regarding the invention in the asserted patents under 35 U.S.C. § 202(c)(1)."  If so, it is unclear how you arrived at that assumption, which is incorrect regardless.

                                                Best regards,

                                                */s/     Paul J. Hayes*
                                                      Paul J. Hayes