# Exhibit 4



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Deeva Shah**
(415) 676 2268
dshah@keker.com

May 4, 2021

**VIA E-MAIL & U.S. MAIL**

Paul J. Hayes
Matthew D. Vella
Kevin Gannon
Brian M. Seeve
PRINCE LOBEL TYE LLP
One International Place, Ste. 3700
Boston, MA 02110

Re:     *Singular Computing LLC v. Google LLC*

Counsel:

I write regarding Singular's July 2, 2020 initial disclosures and August 26, 2020 response to
Google's Interrogatory No. 5, which seeks, among other things, the factual bases for Singular's
damages contentions. Neither Singular's initial disclosures nor its interrogatory response
adequately discloses any information about the facts underpinning Singular's damages claims,
as they must.

Singular's July 2, 2020 initial disclosures are inadequate on their face. Rule 26(a)(1)(A)(iii)
requires plaintiffs to provide—at the outset of discovery—a "***computation*** of each category of
damages claimed by the disclosing party and ***documents*** supporting those damages, subject to
supplementation as more information becomes available." Singular provided neither
computations nor documents then, even though the "initial computation and disclosure" is
information Singular should have known "in the exercise of the type of pre-suit diligence
required by Rule 11." *Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*, 2012 WL
5504036, at *2 (N.D. Cal. Nov. 13, 2012). Now, three weeks before the deadline to serve written
discovery, Singular has yet to supplement its initial disclosures, despite "a continuing duty to
supplement its responses until they [a]re complete," even for damages in a patent case. *Holmes
Grp., Inc. v. RPS Prod., Inc.*, 2010 WL 7867756, at *25 (D. Mass. June 25, 2010) (Saylor, J.).

Moreover, Singular's response to Interrogatory No. 5 is manifestly improper. Singular has
refused to answer on the grounds that the interrogatory prematurely seeks expert discovery. But
plaintiffs in patent cases cannot rely on expert reports to summarily refuse to respond to an

1677923

Via E-mail & U.S. Mail

May 4, 2021
Page 2

interrogatory about their own damages theories. *See Corning Optical Commc'ns Wireless, Ltd. v. Solid, Inc.*, 306 F.R.D. 276 (N.D. Cal. 2015). That refusal is particularly improper here, where the interrogatory asks Singular to "state all ***facts***" in support of its damages contentions, and the "***factual*** bases" on which Singular intends to base its calculation of a reasonable royalty. *See Aristocrat Tech. v. Int'l Game Tech.*, 2009 WL 3573327, at *2 (N.D. Cal. Oct. 30, 2009) (a plaintiff "can adequately respond without the benefit of an expert report" to an interrogatory seeking facts related to damages). Despite having had Google's documents for months— including productions now totaling over 200,000 pages—and despite 18 months of litigation, Singular still fails to identify a single fact in response. *See Kaneka Corp. v. Zhejiang Med. Co.*, 2016 WL 11266869, at *7 (C.D. Cal. Oct. 18, 2016) ("Even if Plaintiff's review of Defendant's documents is ongoing, surely Plaintiff can identify with specificity (i.e., by bates number), its own documents that support its damages theories"). Singular continues to leave Google completely in the dark about its damages theories and the facts Singular contends support them.

Singular's continued failure to provide discovery into its damages claim is improper, and prejudices Google's ability to complete discovery and prepare for trial in this matter. This is particularly true with respect to Google's responses to Singular's Third Set of Interrogatories, which is comprised of nine onerous and compound requests seeking detailed damages-related discovery, despite Singular's failure to date to make even a preliminary disclosure about the damages it seeks. Please confirm that Singular will supplement its initial disclosures and response to Interrogatory No. 5 no later than close of business on Tuesday, May 11.


Respectfully,

KEKER, VAN NEST & PETERS LLP

Deeva Shah

DVS:dlc

1677923