# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 1:19-cv-12551-FDS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES [NOS. 1-10]

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, Singular Computing LLC ("Singular"), hereby submits these interrogatories to Defendant, Google LLC ("Google").

Pursuant to Federal Rules of Civil Procedure 33(b)(2), Defendant must answer these interrogatories within 30 days. Pursuant to Federal Rule of Civil Procedure 33(b)(3), Defendant must answer each interrogatory separately and fully in writing and under oath, applying the Definitions and following the Instructions set forth below.

## DEFINITIONS

1. All Definitions and rules of construction incorporate the obligations set forth in L.R. 26.

2. "Accused Products" means all accused products, computer systems, devices, and other hardware or software identified in Plaintiff's Amended Complaint (Dkt. No. 37) and in Plaintiff's Infringement Contentions, including without limitation at least:

    a. Google Cloud Tensor Processing Unit Version 2 ("TPU v.2"), including software that runs workloads on TPU v.2, including TensorFlow;

1

3499334.v1

        b.   Google Cloud Tensor Processing Unit Version 3 ("TPU v.3"), including software that runs workloads on TPU v.3, including TensorFlow;

        c.   Larger compute systems that incorporate (a) or (b), such as TPU Pods.

3.    "Asserted Patents" or "Patents-in-Suit" refers to U.S. Patent Nos. 8,407,273 ("'273 Patent"); 9,218,156 ("'156 Patent"); and 10,416,961 ("'961 Patent"), as well as any other patent(s) that Plaintiff asserts in this action.

4.    "Communication" means the transmittal or receipt of information (in the form of facts, ideas, inquiries, or otherwise) regardless of the medium used to transmit or receive the information.

5.    "Plaintiff" or "Singular" means Singular Computing LLC, its employees, agents, attorneys, representatives, or any other persons who have acted or purported to act for their behalf.

6.    "Google," "you" "Defendant" or "your" means Google, LLC, its employees, agents, attorneys, representatives, or any other persons who have acted or purported to act for its behalf. This includes Google LLC, its parents, subsidiaries, divisions, branches, predecessors, or successors-in-interest, and its agents, employees, officers, directors, and attorneys.

7.    The term "identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

8.    The term "identify" (with respect to documents) means to state, to the extent known, the type of document, the document's subject matter, the date of the document; and the document's author(s), addressee(s), and recipient(s).

9. "Person" means any natural person or any business, legal, or governmental entity or association.

10. "Describe in detail" means to provide a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to the subject matter of the interrogatory.

11. "State the basis for" a claim, assertion, allegation, or contention means to:

   a. identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   b. identify each and every communication which forms any part of the source of the information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   c. state separately the acts or omissions on the part of any person (identifying the acts or omissions by stating their nature, time, and place and identifying the persons involved) which form any part of the information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

   d. state separately any other fact which forms the basis of the information regarding the alleged facts or conclusions referred to in the interrogatory.

12. All other words and phrases are to be given their ordinary meaning consistent with the Federal Rules of Civil Procedure and shall not be unduly or restrictively construed so as to avoid responding to the full scope of the interrogatory.

## INSTRUCTIONS

1. If you object to any interrogatory or portion thereof, you shall specify the grounds for your objection and each portion of the interrogatory to which the objection applies. Subject to your objection(s), you shall answer each interrogatory fully, in writing, and under oath.

2. You shall diligently obtain all information needed for a complete response to each interrogatory. If you are unable to provide a complete answer to any interrogatory, you shall nevertheless identify the information you were unable to obtain; the efforts you made to obtain the information; and the reason(s) you were unable to obtain the information.

3. If you find that an interrogatory uses one or more terms ambiguously so as to preclude an unambigous response, you shall identify each such term and the meaning you have assumed.

4. If you refuse to answer part or all of an interrogatory on grounds of attorney-client, work product, or any other privilege(s), you shall state the basis of each claim of privilege, and answer each interrogatory to the extent you are not asserting privilege.

5. If you disagree with any Definition used for these interrogatories, you shall state the basis for your disagreement and identify any alternate definition(s) you used in preparing your response.

6. These interrogatories are continuing in nature. If you learn of any additional or corrected information, facts, or documents in the course of this litigation, you shall timely disclose such information, facts, and documents pursuant to Fed. R. Civ. P. 26(e).

## INTERROGATORIES

1. Describe in detail (including identifying dates, documents, and person(s) involved) how you first learned of the Asserted Patents.

4

2.      Describe in detail (including identifying dates, documents, and person(s) involved) the facts and circumstances of your decision to develop, build, implement in your data centers the Accused Products.

3.      Identify all services and products offered by you that make use of the Accused Products and the location at which the products have been installed for use in the United States.

4.      For each service and product identified in your response to Interrogatory No. 3, describe in detail the facts and circumstances surrounding your decision to use the Accused Products in connection with that product or service.

5.      Identify all opinions (whether written documents or oral) that you have received or authored concerning the validity, enforceability or infringement of the Patents-in-Suit and identify each such opinion that you intend to rely upon at trial in this case.  Your response should include all information, to the extent applicable, required by both definitions of "Identify" found in the Definitions section above.

6.      Describe in detail the facts and circumstances (including dates, documents, and person(s) involved) surrounding your decision to install and use the Accused Products in Google's data centers.

7.      If you contend that you do not willfully infringe any of the Patents-in-Suit, state the basis for your contention.

8.      Identify all versions of Google Tensor Processing Units (TPUs), including all versions of the Accused Products, and any other integrated circuits in development, being tested, or awaiting release, including for each item identified the first date of testing and expected date of release.

9.      Identify and explain the basis for Google's calculation of damages in this case.

10.     Identify the five (5) past or present employees of Google most knowledgeable regarding Google's responses to the foregoing interrogatories.

| | |
|---|---|
| Dated: July 10, 2020 | By: */s/ Paul J. Hayes*<br>Paul J. Hayes (BBO #227000)<br>Matthew D. Vella (BBO #660171)<br>Kevin Gannon (BBO #640931)<br>Daniel McGonagle (BBO #690084)<br>Michael J. Ercolini (*pro hac vice*)<br>**PRINCE LOBEL TYE LLP**<br>One International Place, Suite 3700<br>Boston, MA 02110<br>Tel: (617) 456-8000<br>Email: phayes@princelobel.com<br>Email: mvella@princelobel.com<br>Email: kgannon@princelobel.com<br>Email: dmcgonagle@princelobel.com<br>Email: mercolini@princelobel.com<br><br>ATTORNEYS FOR THE PLAINTIFF |

CERTIFICATE OF SERVICE

I certify that on July 10, 2020, I served this document on Defendant by causing a copy to be sent via electronic mail to its counsel of record.

*/s/ Paul J. Hayes*