# EXHIBIT K

## Ercolini, Michael

| | |
|---|---|
| **From:** | Anna Porto <aporto@keker.com> |
| **Sent:** | Thursday, March 11, 2021 12:03 PM |
| **To:** | Ercolini, Michael; dshah@keker.com |
| **Cc:** | jrapaport@keker.com; wgs-singularv.google@wolfgreenfield.com; kvpsingular@keker.com; Singular; rpeterson@keker.com |
| **Subject:** | RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians |
| **Attachments:** | Singular Proposed Search Terms 3.11.2021.xlsx |

Michael,

Attached please find a list of revised search terms, which, per Singular's request, we've narrowed substantially.  Indeed, we've eliminated numerous terms, including some of those about which Singular complained.  For each search term in the attached, please provide (a) documents with hits, (b) documents with hits plus family, and (c) unique documents with hits.  To the extent that a search term calls for a unidirectional proximity (e.g. pre/#), if your discovery database cannot use such a proximity, please replace the pre/ with a w/.

Additionally, as we discussed during our meet and confer last week, there are several terms for which the provided increase based on families seems unusually high.  Thus, please provide family tallies for the following search terms:

- **Astro** (string including this term produced 3,272 docs with hits)
- **Varadarajan** (string including this term produced 212 docs with hits)
- **Conver\* W/10 log\*** (string including this term produced 16 docs with hits)

Despite the low number of documents with hits, Singular has represented that the addition of families has increased the hit count to more than 30,000 documents for each of these three terms.  We would appreciate your looking into those particular searches and providing tallies for each.

Thanks,
Anna

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Wednesday, March 10, 2021 11:07 AM
**To:** Anna Porto <APorto@keker.com>; Deeva V. Shah <DShah@keker.com>
**Cc:** Jay Rapaport <JRapaport@keker.com>; wgs-singularv.google@wolfgreenfield.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

**[EXTERNAL]**

---

Anna,

Your email is incorrect on several accounts.

In response to Ms. Shah's request for "hit counts" for specific Instrinsix custodians, we responded that, because Instrinsix Corp. was the custodian of record for all documents from Intrinsix, our data vendor had to filter on the search results according to the logical constraints that Mssrs. Steyck, Arnold, or Beale was in the "TO," "FROM," "CC," or "BCC" fields.  That is how we arrived at the numbers for the Intrinsix custodians.

The case with Singular is different from that of Intrinsix. Diligent ESI collection from Dr. Bates *as ESI custodian* was undertaken some time ago, and it was through Dr. Bates' custodial ESI that we obtained the email "hit counts" you received. To be clear, the hit counts you received were for emails in Dr. Bates' custody only.

In fact, those hit counts were even slightly understated. As you know, we also provided a table at the end of our letter showing limited hit counts for emails that were not sent by or to Dr. Bates, and on which he was neither copied nor blind copied. Nevertheless, those emails were in Dr. Bates' custody.

We set those limited email counts off in a separate table to give Google additional information about emails within the company. We intended this information as a convenience to Google, which had sought more information about Singular emails. We have thus been disappointed by Google's attempt to make hay out of this offer.

At the same time, we acknowledge, and perhaps bear some responsibility for the ambiguity of the table's title ("Unique Singular Non-Bates Email Custodian Search Term Hits"). This can occur when one uses noun phrase modifiers and (perhaps) infelicitous hyphenation. Nevertheless, to clarify:

>  -In this phrase, "Non-Bates" does not modify "Custodian." It modifies "Email." In turn, the noun phrase "Non-Bates Email" (or, more clearly, "Non-Bates-Email") modifies Custodian.

That is, we were providing custodial search information for emails on which Dr. Bates was not the sender, recipient, CC or BCC (i.e., Non-Bates-Email). But the custodian whose ESI was searched to obtain those hits was indeed Dr. Bates.

While the Bates custodian hit counts do not include the Non-Bates-Email Custodian results, the latter are so small in number that they cannot affect the major issue preventing the parties from moving forward here. Google has requested too many terms, too many of which are overbroad and not narrowly tailored to specific issues, as the ESI order requires. As we have repeatedly stated, Google's requests effectively reach all of Singular's emails over a ten-year period. This is completely unacceptable.

As to whether Singular itself has ESI apart from Dr. Bates' custodial ESI, we see no reason why this information is remotely relevant. However, to put that issue to rest, we can confirm that documents were indeed collected from Singular in addition to the custodial ESI collected from Dr. Bates.

We sincerely hope this concludes this issue and we reiterate our longstanding request that Google substantially modify its email requests so that they are in line with both the letter and the spirit of the ESI order as pertaining to email requests.

Best regards,

**Michael J. Ercolini**
617 456 8084 (o) | 617 775 1489 (m)
mercolini@princelobel.com

---

**From:** Anna Porto [mailto:aporto@keker.com]
**Sent:** Thursday, March 04, 2021 6:56 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>; dshah@keker.com
**Cc:** jrapaport@keker.com; wgs-singularv.google@wolfgreenfield.com; kvpsingular@keker.com; Singular <Singular@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

Michael,

I write to follow-up on our meet and confer discussion yesterday.

First, you indicated that you're willing to look into the issues we've raised regarding the high ratio of attachments that are appearing in your ESI. We will follow-up soon regarding the additional detail we'd like you to provide on this score. As we also discussed, we are narrowing our search terms, and we plan to get back to you with those revisions early next week.

Second, as for the Singular custodians, you explained that you ran Google's search terms across Singular's entire email population, which led to the hit counts you provided, including for non-Bates emails.  You also indicated, however, that Singular's only custodian (excluding Intrinsix) is Dr. Bates.  Based on these representations, we'd appreciate an explanation of Singular's preservation efforts.  Specifically, notwithstanding that the ESI Order required preserving emails by custodian, *see* 3c, we understand from our call that Singular did not preserve emails by custodian; therefore, please explain what, if any, alternative ESI preservation efforts were made.

Third, you said that your ESI production will be limited to email, and that you had produced "custodial non-email" in response to Google's RFPs. You also said that you weren't sure if Singular had any non-custodial ESI (i.e., non-custodial non-email).  Please let us know when you have an answer on this.

Thanks,
Anna

---

**From:** Anna Porto
**Sent:** Tuesday, March 2, 2021 4:50 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>; Deeva V. Shah <DShah@keker.com>
**Cc:** Jay Rapaport <JRapaport@keker.com>; wgs-singularv.google@wolfgreenfield.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

Michael,

Though there is no standard number of attachments an email should have, an average of more than 20 attachments per email seems unusually high.  According to our ESI attorney, one way this can happen is if program files are attached to certain emails that result in thousands of separate attachments, artificially inflating the hit counts.  Although we understand that reviewing 40,000+ hits is impractical, perhaps reviewing a small subset of documents could reveal whether Singular's hits are including these types of attachments.  We'd like to discuss this on our call tomorrow.  As we've said, we are willing to narrow our proposed search terms, but we'd like to do so with a full understanding of the information Singular provided.

As for custodians, our primary question is the one we've asked several times: did Singular preserve ESI by custodian?  See ESI Order at 1(c) ("The parties will agree to 11 custodians per party for whom ESI will be preserved[.]").  If so, we'd like to know who the 11 custodians are for whom Singular has preserved ESI.  Our concern is based on your refusal to answer this question thus far, along with your letter, on February 19th, in which you suggest that Singular ran search terms across Singular's entire email population, rather by custodian.  Relatedly, we'd like to discuss whether Singular's preservation of ESI included non-email.  The ESI Order lists specific categories of information that we've agreed to exclude from production, but the ESI Order does not permit parties to limit their production to email.  See id. at 1(d)-(e).  So we'd also like to confirm on our call, that despite your repeated reference to Singular's "email population," you have also preserved and plan to produce non-email custodial documents (e.g., non-email documents kept on personal computers, in personal cloud storage accounts, and/or on removable media), except for those categories carved out in the ESI Order.

Dial-in information for our call at 2:30 PT tomorrow is below.

Thanks,
Anna

Meeting ID: 816 3430 1431
One tap mobile
+16699009128,,81634301431# US (San Jose)
+13462487799,,81634301431# US (Houston)

Dial by your location
+1 669 900 9128 US (San Jose)
+1 346 248 7799 US (Houston)
+1 253 215 8782 US (Tacoma)
+1 646 558 8656 US (New York)
+1 301 715 8592 US (Washington DC)
+1 312 626 6799 US (Chicago)
888 788 0099 US Toll-free
877 853 5247 US Toll-free
Meeting ID: 816 3430 143

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Tuesday, March 2, 2021 7:49 AM
**To:** Anna Porto <APorto@keker.com>; Deeva V. Shah <DShah@keker.com>
**Cc:** Jay Rapaport <JRapaport@keker.com>; wgs-singularv.google@wolfgreenfield.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

[EXTERNAL]

---

Anna,

Without reviewing all 47,007 hits, I don't know that we can clear up your confusion.  We can only confirm, again, that the numbers we have given you are accurate.  If you contend there is a standard number of attachments emails must have, please let us know your source for that standard.  Regardless, Google's one request would still entail a review of 47,007 documents.  That is too many.  In fact, as we made clear in our 2/19 letter, Google's 2/3 ESI requests effectively amount to a request for all emails in Dr. Bates' custody over a ten-year period for Singular.  That is, *by far*, too many.  Again, please revise the search terms, as we've requested several times now.

As to your desire to "better understand Singular's process for custodial searches," we're available to meet and confer tomorrow at 2:30 pm PT.  In advance of that call, and so that we can crystallize the issue, please identify what your specific concern is that Singular has or has not done under the ESI Order; identifying the page and line number of the Order that you believe not to have been followed; all facts that led to your raising this concern; and an explanation of why those facts justify that specific concern.

We look forward to your response and to Google's revised terms.

Best regards,

Michael Ercolini

Prince Lobel Tye LLP

One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8084 direct
617 775 1489 mobile
mercolini@princelobel.com

**From:** Anna Porto [mailto:aporto@keker.com]
**Sent:** Monday, March 01, 2021 4:01 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>; dshah@keker.com
**Cc:** jrapaport@keker.com; wgs-singularv.google@wolfgreenfield.com; kvpsingular@keker.com; Singular <Singular@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

Michael,

Google is amenable to narrowing its search terms, but we'd like to make sure we understand the information Singular has provided before doing so.  On the hit counts, we're confused as to how adding families led to numbers ~20x larger than those previously provided.  *Compare e.g.* Feb. 3rd hit counts (S1 or S-1 produced 2,218 hits) *with* Feb. 19th hit counts (S1 produced 47,007 hits, and S-1 produced 39,862 hits).  We'd also like to better understand Singular's process for custodial searches.  It is still unclear, and your email does not explain, whether Singular has preserved ESI by Singular custodian as contemplated by the ESI Order, which we've asked repeatedly. *See* Corr. from Shah on Jan. 20, Feb. 17, Feb. 23.

To aid in our understanding, we'd like to have a meet in confer in which our ESI attorney can participate.  It would be helpful if the person most involved in Singular's ESI production could join as well.  Please let us know if you are available to discuss on Wednesday at 2:30pm PT, or Thursday at 11:30am or 1pm PT.

Thanks,
Anna

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Friday, February 26, 2021 3:29 PM
**To:** Deeva V. Shah <DShah@keker.com>
**Cc:** Jay Rapaport <JRapaport@keker.com>; wgs-singularv.google@wolfgreenfield.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

[EXTERNAL]

Deeva,

Please allow me to allay your concerns:  the hit counts we provided to you this past Friday (2/19) for the 200+ individual terms are accurate.   As I explained in our 2/19 letter, those hit counts included family members (i.e., attachments to emails).  It is appropriate to include those family members in the hit counts to determine how reasonable (or unreasonable) Google's searches are, as Singular would have to review and produce such attachments in addition to the parent emails.

By contrast, the hit counts we provided on 2/3 did not include family members.  Of course, the hit counts provided on 2/3 were accurate, but they were not fairly representative of the burdensomeness of Google's requests.

Thus, there is no need to provide "corrected" hit counts as you've requested.  You have the correct numbers in our 2/19 letter.

Additionally, I'm not fond of responding to baseless innuendo, but allowing that you may have simply failed to understand the issue when we discussed it on our 2/19 call (though you indicated you did understand it when we spoke), I will repeat my explanation for the brief delay in providing the 2/19 hit counts:

1. You asked for Intrinsix hit counts broken out for each of custodians Arnold, Stecyk and Beal.
2. The custodian field for the Intrinsix emails only had Intrinsix Corp. in the custodian field.
3. Because we could not simply filter the results by custodian (i.e., Arnold, Stecyk or Beal), we had to add conditions to each search (for each custodian) such that Arnold (or Stecyk or Beal) was in the TO, FROM, CC, or BCC field.
4. That is the "creative" solution that I was referring to.
5. I hope that clears things up.

Please let me know if you have any other questions and please do respond to the items in our 2/19 letter regarding the hit counts as soon as possible.

Best regards,

**Michael Ercolini**


Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8084 direct
mercolini@princelobel.com


**From:** "Deeva V. Shah" <dshah@keker.com>
**Date:** February 23, 2021 at 1:18:24 PM EST
**To:** "Ercolini, Michael" <mercolini@princelobel.com>
**Cc:** jrapaport@keker.com, WGS-Singularv.Google@wolfgreenfield.com, abhansali@kblfirm.com, mkwun@kblfirm.com, kvpsingular@keker.com, Singular <Singular@princelobel.com>
**Subject: RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians**


Michael,

The hit counts in your letter on February 19th diverge drastically from those in the attachment to your letter on February 3rd, which has caused us some concern about the accuracy of the information Singular has provided.  For example:

- On February 3rd, you said that the string **S1 or S-1** produced **2,218 hits**.  On February 19th, you said that **S1** produced **47,007 hits**, and **S-1** produced **39,862 hits**.

- On February 3rd, you said that the string **Google\* OR TPU\* OR Tensor\*** produced **6,497 hits**.  On February 19th, you said that **Google\*** produced **40,073 hits**, **TPU\*** produced **16,112 hits**, and **Tensor\*** produced **32,491 hits**.

- On February 3rd, you said that the string **Analog\* OR \*Deterministic OR systolic\*** produced **1,956 hits**.  On February 19th, you said that **analog\*** produced **43,903 hits**, **deterministic** produced **35,221 hits**, and **systolic\*** produced **447 hits**.

Google cannot make any decisions as to its proposed search terms without accurate information from Singular.  Please provide corrected hit counts and an explanation for the discrepancy **by this Thursday, February 25th** so that we may avoid further delay.

Relatedly, I'm concerned about the information you provided during our brief meet-and-confer call on Friday. I asked why the granular hit counts were delayed. You explained that, because your vendor had input all of the custodial documents with only two custodians—Singular and Intrinsix, you had to "get creative" to respond to our requests.

Having reviewed your letter, which does not provide any further explanation, could you please clarify your statements during our call? As you know, our ESI order contemplated preservation by custodian, specifically 11 custodians per side. The order also requires both parties to provide metadata in the "CUSTODIAN" field for "the Individual (or Individuals) from whom the documents originated." Your statements on our call, as well as page 28 of your letter, suggest that Singular may not have preserved by custodian. Please confirm if that understanding is correct. Moreover, please explain in what way you (or your vendor) had to be creative to respond to our requests. Please respond by **Thursday, February 25th**.

Regards,
Deeva

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Friday, February 19, 2021 8:17 PM
**To:** Deeva V. Shah <DShah@keker.com>
**Cc:** Jay Rapaport <JRapaport@keker.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** Singular Computing LLC v. Google LLC | Google's Proposed Custodians

**[EXTERNAL]**

Counsel,

Please see the attached correspondence regarding Google's recent ESI requests.

Best regards,

**Michael Ercolini**

Prince Lobel Tye LLP

One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8084 direct
mercolini@princelobel.com

---

**From:** Deeva V. Shah [mailto:dshah@keker.com]
**Sent:** Friday, February 19, 2021 1:38 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>
**Cc:** jrapaport@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; kvpsingular@keker.com; Singular <Singular@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

Thanks, Michael. As just discussed on our call, if you do experience complications, we are fine with an update before the end of the day with a date on which you expect to provide the information.

Deeva Shah
757-553-8301

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Friday, February 19, 2021 10:32 AM
**To:** Deeva V. Shah <DShah@keker.com>
**Cc:** Jay Rapaport <JRapaport@keker.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

[EXTERNAL]

Deeva,

We expect the reports to be available today, barring any unforeseen complications.  If we do experience any unforeseen complications, we can update you before the day is out and provide a date certain.  If you need to discuss in the meantime, you can certainly give me a call at 617.775.1489.

Best regards,

Michael J. Ercolini
617 456 8084 direct | mercolini@princelobel.com

---

**From:** Deeva V. Shah [mailto:dshah@keker.com]
**Sent:** Friday, February 19, 2021 1:23 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>

**Cc:** jrapaport@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; kvpsingular@keker.com; Singular <Singular@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

Michael,

Appreciate the update. Based on your explanation, can we expect to have the requested information today? If so, we can hold off on meeting and conferring. If not, please provide a date certain by which Singular will provide the requested information. Should that not be possible, I can call you at 1:30 PM ET to discuss the timeline.

Regards,
Deeva

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Friday, February 19, 2021 9:55 AM
**To:** Deeva V. Shah <DShah@keker.com>
**Cc:** Jay Rapaport <JRapaport@keker.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

**[EXTERNAL]**

---

Deeva,

We are working with our vendor to break the Intrinsix results out into the specific Intrinsix custodians you've requested (Beale, Arnold, Stecyk) and to compile the report for all Singular custodians not named Joe Bates.  That is the only hold up right now and we're expected to have those results this afternoon.  You've asked for a lot of information and we are trying to get you a complete and comprehensive report to minimize back and forth.  If you nonetheless insist on a meet and confer today, we can be available at 1:30 pm ET, but that is likely only going to hold the process up and delay our getting the results to you as soon as possible.

Please let us know either way.

Thank you,

Michael J. Ercolini
617 456 8084 direct | mercolini@princelobel.com

---

**From:** Deeva V. Shah [mailto:dshah@keker.com]
**Sent:** Thursday, February 18, 2021 9:38 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>
**Cc:** jrapaport@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; kvpsingular@keker.com; Singular <Singular@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

Michael,

Since we have yet to receive a response to our inquiries, please provide your availability to meet and confer about these issues tomorrow (2/19) between 8 and 11 AM PST.

Regards,
Deeva

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Wednesday, February 17, 2021 6:12 AM
**To:** Deeva V. Shah <DShah@keker.com>
**Cc:** Jay Rapaport <JRapaport@keker.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** Re: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

[EXTERNAL]

---

Deeva,

I suggest you review your own email, which is self-contradictory.  Of the 200+ terms you had initially requested, those were part of concatenated strings.  Your February 5, 2021 email asked for "granular" hit counts for each of those 200+ terms. Those are very different searches, and I'm happy to explain why to you if needed.

In any event, we have completed those "granular" searches and will follow up with that information, as well as responses to your other inquiries shortly.  We hope that "shortly" means today.

Please let me know if you have any questions.

Best regards,

**Michael Ercolini**
**Prince Lobel Tye LLP**
d: (617) 456-8084
m: (617) 775 1489

> On Feb 17, 2021, at 3:15 AM, Deeva V. Shah <dshah@keker.com> wrote:
>
> Michael,
>
> On February 5, we asked Singular to provide the following information by February 10 (last Wednesday):
>
> 1. A list of all Singular employees or contractors for which Singular possesses custodial ESI;
> 2. Clarification regarding whether Singular's hit counts included families and were de-duplicated; and,
> 3. Granular hit counts for Singular Search Strings 8-12, as well as any other search strings Singular contends are unreasonable.

On February 10, you responded that you "expect to provide the results of the requested follow-up searches shortly." To be clear, Google did not request any "follow-up searches" but asked for clarification and granular counts for the searches Singular had already conducted. Another week has passed and we have yet to receive the information you committed to providing shortly. We also have not heard any response regarding the list of custodians (or why Singular refuses to provide this information). And Singular has not provided any explanation for its delay in providing this information.

We are available to meet and confer about these issues on Thursday, 2/18, from 2-5 PM PST or Friday, 2/19, from 9 AM to 12 PM PST. Please provide your availability.

Regards,
Deeva

---

**From:** Jay Rapaport <JRapaport@keker.com>
**Sent:** Friday, February 12, 2021 3:26 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>; Deeva V. Shah <DShah@keker.com>
**Cc:** wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

Michael,

Notwithstanding that Singular is responsible for the current timing of Google's production, took months to produce fewer than 1200 documents from Intrinsix, and declined Google's request to produce those documents on a rolling basis—matters on which the written record is clear—Google will make a production of documents next week. As we advised, the diversion of resources to preparing a production may delay completion of the full production, but we will nonetheless endeavor to complete it by early March.

We expect Singular to reciprocate this courtesy and expeditiously produce its own custodial ESI, as you have said Singular will do. We also expect Singular will promptly provide the list of custodians and follow-up data that we requested by February 10 for our own proposed searches, which you said we can expect "shortly."

Best,

Jay

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Wednesday, February 10, 2021 8:49 AM
**To:** Jay Rapaport <JRapaport@keker.com>; Deeva V. Shah <DShah@keker.com>
**Cc:** wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

[EXTERNAL]

Jay,

1 pm EST/11 am PST works for Singular.  Dial-in info for the call is below:

(888) 396-8039 / Code: 3613182

Best regards,

**Michael J. Ercolini**
617 456 8084 direct | mercolini@princelobel.com

---

**From:** Jay Rapaport [mailto:jrapaport@keker.com]
**Sent:** Wednesday, February 10, 2021 11:05 AM
**To:** Ercolini, Michael <mercolini@princelobel.com>; dshah@keker.com
**Cc:** wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com;
mkwun@kblfirm.com; kvpsingular@keker.com; Singular <Singular@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

Michael,

We're surprised by your email, given that Deeva's February 5 letter stated that Google
would evaluate whether a rolling production is practical, notwithstanding the belated
nature of Singular's request; and that Singular ignored completely multiple
communications from Google regarding the status of an Intrinsix production that had
been promised for months.

Nonetheless, I am available for a call today at 10 a.m. Pacific. Please circulate a dial-in.

Best,

Jay

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Tuesday, February 9, 2021 9:59 PM
**To:** Deeva V. Shah <DShah@keker.com>
**Cc:** wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com;
mkwun@kblfirm.com; kvp-singular <kvpsingular@keker.com>;
singular@princelobel.com
**Subject:** Re: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

[EXTERNAL]

---

Deeva,

As a follow-up to the below email, lest there be any ambiguity, we are requesting that
the meet and confer that we initially requested in correspondence last week *take place*
today (2/10).

Best regards,
**Michael Ercolini**

**Prince Lobel Tye LLP**
d: (617) 456-8084
m: (617) 775 1489

On Feb 10, 2021, at 12:50 AM, Ercolini, Michael
<mercolini@princelobel.com> wrote:

Deeva,

Thank you for your email.  We expect to provide the results of the
requested follow-up searches shortly.  In the meantime, we requested a
meet and confer for Monday, February 8 and did not hear back with
your availability.  Therefore, please provide your availability for the
requested conference today (2/10).  We are eager to get the matter of
Google's email production resolved as soon as possible.

Best regards,

**Michael Ercolini**
**Prince Lobel Tye LLP**
d: (617) 456-8084
m: (617) 775 1489

On Feb 5, 2021, at 5:03 PM, Deeva V. Shah
<dshah@keker.com> wrote:

Counsel,

Please see attached correspondence.

Best,
Deeva

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Wednesday, February 3, 2021 9:53 AM
**To:** Deeva V. Shah <DShah@keker.com>
**Cc:** wgs-singularv.google@wolfgreenfield.com;
abhansali@kblfirm.com; mkwun@kblfirm.com; kvp-
singular <kvpsingular@keker.com>;
singular@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC |
Google's Proposed Custodians

[EXTERNAL]

Counsel,

Please see the attached correspondence.

13

Thank you,

Michael J. Ercolini
617 456 8084 direct | mercolini@princelobel.com

---

**From:** Deeva V. Shah [mailto:dshah@keker.com]
**Sent:** Tuesday, February 02, 2021 1:10 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>
**Cc:** wgs-singularv.google@wolfgreenfield.com;
abhansali@kblfirm.com; mkwun@kblfirm.com;
kvpsingular@keker.com; Singular
<Singular@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC |
Google's Proposed Custodians

Counsel,

With regard to Google's ESI production, we mentioned
previously that review and production would take
approximately two months after we agreed to the
terms.  We are in the middle of that process and appear
to be on track for production the first week of March.

We look forward to receiving the numbers for each of
Google's requested search strings from the January 20
letter. That letter also asked counsel to confirm by
January 29 that Singular would conduct a search against
ESI collected from Messrs. Beal, Stecyk, and
Arnold.  Please let us know whether Singular will be
conducting that search.

Regards,
Deeva

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Monday, February 1, 2021 9:59 PM
**To:** Deeva V. Shah <DShah@keker.com>
**Cc:** wgs-singularv.google@wolfgreenfield.com;
abhansali@kblfirm.com; mkwun@kblfirm.com; kvp-
singular <kvpsingular@keker.com>;
singular@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC |
Google's Proposed Custodians

**[EXTERNAL]**

Counsel,

We have completed Google's requested ESI searches
and will provide numbers for each search string by noon
ET tomorrow.  In the meantime, please let us know

when we can expect Google's ESI production in response to the search terms and custodians agreed upon on January 5.

Thank you,

Michael J. Ercolini
617 456 8084 direct | mercolini@princelobel.com

---

**From:** Deeva V. Shah [mailto:dshah@keker.com]
**Sent:** Wednesday, January 20, 2021 10:39 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>
**Cc:** wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; kvpsingular@keker.com; Singular <Singular@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

Counsel,

Please see attached correspondence.

Best,
Deeva

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Monday, January 11, 2021 7:19 PM
**To:** Deeva V. Shah <DShah@keker.com>
**Cc:** wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; kvp-singular <kvpsingular@keker.com>; singular@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC | Google's Proposed Custodians

**[EXTERNAL]**

---

Counsel,

Please see the attached correspondence.

Best regards,

Michael Ercolini

Prince Lobel Tye LLP

One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8084 direct
617 775 1489 mobile
mercolini@princelobel.com

---

**From:** Deeva V. Shah [mailto:dshah@keker.com]
**Sent:** Monday, January 11, 2021 9:18 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>;
Singular <Singular@princelobel.com>
**Cc:** wgs-singularv.google@wolfgreenfield.com;
abhansali@kblfirm.com; mkwun@kblfirm.com;
kvpsingular@keker.com
**Subject:** RE: Singular Computing LLC v. Google LLC |
Google's Proposed Custodians

Counsel,

We have not yet received any response from you
regarding our list of proposed custodians, which we
shared on December 17, 2020, and followed up on
January 5, 2021.

Our letter asks you to address two basic questions: (1)
whether you possess custodial documents for the
proposed custodians and (2) whether the number of
custodial documents may be limited for some
reason.  You have neither responded nor provided a
reason for your delay.  The lack of response is
particularly concerning because Singular filed this case
over a year ago, and you have since represented that
Singular has complied with all preservation
requirements.  If that representation is correct, Singular
should have no difficulty ascertaining the existence of
custodial data at this point.

If you are still unable to respond to these questions,
please let us know when you will be able to respond
and the reason for the delay.

Regards,
Deeva

---

**From:** Deeva V. Shah
**Sent:** Tuesday, January 5, 2021 10:13 AM
**To:** Ercolini, Michael <mercolini@princelobel.com>;
singular@princelobel.com
**Cc:** wgs-singularv.google@wolfgreenfield.com; Asim
Bhansali <abhansali@kblfirm.com>;

mkwun@kblfirm.com; kvp-singular
<kvpsingular@keker.com>
**Subject:** RE: Singular Computing LLC v. Google LLC |
Google's Proposed Custodians

Counsel,

Please provide a response to the attached letter we
sent on December 17, 2020.

Regards,
Deeva

---

**From:** Deeva V. Shah <DShah@keker.com>
**Sent:** Thursday, December 17, 2020 9:40 AM
**To:** Ercolini, Michael <mercolini@princelobel.com>;
singular@princelobel.com
**Cc:** wgs-singularv.google@wolfgreenfield.com; Asim
Bhansali <abhansali@kblfirm.com>;
mkwun@kblfirm.com; kvp-singular
<kvpsingular@keker.com>
**Subject:** Singular Computing LLC v. Google LLC |
Google's Proposed Custodians

Counsel,

Please see attached correspondence.

Best,
Deeva

---

**Deeva V. Shah**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
757 553 8301 direct (cell) | 415 391 5400 main
dshah@keker.com | vcard | keker.com

---

This email is intended for the confidential use of the
addressees only. Because the information is subject to the
attorney-client privilege and may be attorney work product,
you should not file copies of this email with publicly
accessible records. If you are not an addressee on this
email or an addressee's authorized agent, you have received
this email in error; please notify us immediately at
617 456 8000 and do not further review, disseminate or copy
this email. Thank you.

--------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or
information included in this message or any attachment is

not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.

<02 05 2021 Letter to Michael Ercolini.pdf>

| Search Terms |
|---|
| DOE or "DOE's" OR (dept* pre/2 energy) |
| MIT or "MIT's" OR (mass* pre/2 (institute OR technology)) |
| licens* w/10 (S1 OR "S-1" OR approximate OR patent) |
| S1 w/25 approximate |
| DARPA w/25 (agree* OR assess* OR collaborat* OR consider* OR deal OR evaluat* OR examin* OR fund* OR invest* OR licens* OR meet* OR project* OR propos* OR report* OR review* OR test*) |
| Boden OR nanboden* |
| Apple w/25 (agree* OR assess* OR collaborat* OR consider* OR deal OR evaluat* OR examin* OR fund* OR invest* OR licens* OR meet* OR project* OR propos* OR report* OR review* OR test*) |
| approximat* pre/3 (comput* OR process*) |
| exponent w/25 (mantissa OR precis* OR range) |
| google* w/25 (agree* OR assess* OR collaborat* OR consider* OR deal OR evaluat* OR examin* OR fund* OR invest* OR licens* OR meet* OR project* OR propos* OR report* OR review* OR test* OR brain OR TPU OR tensor OR float OR bf* OR patent) |
| "S-1" w/25 approximate |
| bfloat* OR "b-float" OR "b float" |
| processing pre/2 element* |
| ((leo w/2 liu) OR lliu*) w/25 (paper OR thesis OR S1 OR "S-1" OR (singular pre/2 chip) OR approximat* OR neural OR machine OR precision) |
| APE |
| mantissa* |
| float* w/3 (operat* OR arithmet*) |
| (C32 OR TMS320C32 OR (digital pre/2 (signal OR processor))) AND (TI OR "texas instrument*") |
| (conversion OR convert) w/10 (bit OR bits OR 16bit* OR "16 bit*") |
| (Rose w/2 Willoughby) w/10 (approximate OR article) |
| Float* W/5 library |
| (S1 OR "S-1" OR patent* OR approximate OR chip OR processor OR comput* or calc* OR analog OR output* OR input* OR result* OR represent* OR digital OR answer* OR nois*) w/5 (deterministic OR nondeterministic OR "non-deterministic") |
| "DOD" or "DOD's" OR (dept* w/2 defense) |
| "ayng@google*" OR "ay ng" |
| (Dav* w/2 Zhang) OR (Zhang w/3 Pal) OR (Sank* w/2 Pal) |
| table* W/10 log* |
| Tensor* |
| Office w/3 Naval |
| "input signal*" |

| |
|---|
| "Deb Roy" |
| Varadarajan |
| conver* W/10 log* |
| (nelson w/25 (patent* OR chip OR processor OR approximate OR operat* OR arithmet*)) OR "6,311,282" OR 6311282 OR (282 w/2 patent*) |
| |
| (AMS w/10 (board* OR chip* or process*)) OR "annapmicro.com" |
| (Z1 OR Z3) w/25 (comput* OR approx* OR float*) |
| Spectral w/25 (agree* OR assess* OR collaborat* OR consider* OR deal OR evaluat* OR examin* OR fund* OR invest* OR licens* OR meet* OR project* OR propos* OR report* OR review* OR test*) |
| |
| Astro |
| round* w/5 (input* OR value OR precis*) |
| trunc* w/10 (bit OR bits OR input* OR mantissa) |
| sigint w/25 (agree* OR assess* OR collaborat* OR consider* OR deal OR evaluat* OR examin* OR fund* OR invest* OR licens* OR meet* OR project* OR propos* OR report* OR review* OR test*) |
| |
| Hussein w/3 (Aty OR float OR FPGA OR arithmet* OR operat*) |
| (kuhn w/25 (patent* OR chip OR processor OR approximate OR operat* OR arithmet* Or neural*)) |
| (hashimoto w/25 (patent* OR chip OR processor OR approximate OR operat* OR arithmet* OR grape*)) |
| SANDIA w/25 (agree* OR assess* OR collaborat* OR consider* OR deal OR evaluat* OR examin* OR fund* OR invest* OR licens* OR meet* OR project* OR propos* OR report* OR review* OR test*) |
| |
| Intrinsix |
| approx* W/10 precis* |
| TPU* |
| "IEEE 754" |
| Ito |
| FPGA* |
| ASIC* |
| emulator* |
| "processing element*" |
| Stecyk |
| Plotkin |
| CRA |
| BAE |
| Fujitsu w/25 (agree* OR assess* OR collaborat* OR consider* OR deal OR evaluat* OR examin* OR fund* OR invest* OR licens* OR meet* OR project* OR propos* OR report* OR review* OR test*) |
| |
| Xilinx |
| approx* W/3 process* |

| |
|---|
| "Charles River" |
| ONR |
| Cadence* |
| (media pre/2 lab) |
| Kent |
| table* W/10 bit* |
| Vertex* |
| MOSIS |
| Hammerstrom |
| Blueshift* |
| Swetha |
| VLSI |
| kjarnold |
| Kanade |
| CAVE |
| GlobalFoundries |
| Boyd |
| Struever |
| (evaluat* W/5 tech*) |
| Kung |
| float* W/5 core |
| (dep* W/2 energy) |
| baesystems |
| "MAD-HATTER" |
| Zuse |
| Murphy |
| Dean |
| Colwell |
| (dep* pre/2 defense) |
| Takeshi |
| Tenenbaum |
| Baluja |
| bfloat* |
| USC |
| *T3D |
| "night vision" |
| OpenGL |
| NVESD |
| MacMillan |
| Leiserson |
| Teller |
| NSA |
| (andrew W/3 Ng) |
| table* W/10 *bit |
| (Texas Instrument*) |
| Baker |
| OpenEXR |

| |
|---|
| systolic* |
| Patterson |
| Bedichek |
| Quoc |
| Horie |
| GRAPE* |
| Shirazi |
| (table* W/10 LNS) |
| Hennessy |
| Aty |
| Flynn |
| WAAS |
| Tong |
| Obi |
| Thrun |
| Virtex* |
| Jouppi |
| Cloutier |
| (Half W/3 float*) |
| (airborne pre/2 sensor) |
| 5892962 |
| Hawkins |
| Leeser |
| Spalink |
| Tornabene |
| Belanovic |
| Lopez |
| approx* W/10 imprecis* |
| Ramacher |
| Boden |
| Walters |
| Splash |
| LogiCore |
| Makino |
| Prasanna |
| conver* W/10 LNS |
| SPRITE |
| Ebisuzaki |
| (nuclear pre/2 security) |
| Piponi |
| dfaust |
| Faust |
| Nagle |
| Ienne |
| Qinetiq |
| (Annapolis pre/2 Micro*) |
| Rutenbar |

| |
|---|
| Frantz |
| Sahin |
| Asanovic |
| FP W/5 library |
| Wildstar |
| Athanas |
| i860 |
| Perlmutter |
| Felton |
| Sugimoto |
| "energy efficient signal classifier" |
| CNAPS |
| Mikanik |
| Rojas |
| Sudha |
| Moller |
| Azizi |
| Youngs |
| Okumura |
| SPERT* |
| Wawrzynek |
| Miyakawa |
| Raab |
| (evaluat* w/5 tech*) |
| (warfare pre/2 pacific) |
| 4493048 |
| 5442577 |
| 5666071 |
| 5689677 |
| 6311282 |
| 6600222 |
| Ashour |
| Barszcz |
| CF90TM |
| Dockser |
| DS112 |
| float* w/5 core |
| float* w/5 operat* |
| Fukushige |
| Gaffar |
| Hoefflinger |
| humikhin |
| i486 |
| Kamakoti |
| Kinser |
| Kjosavik |
| Leinhart |

| |
|---|
| Levardo |
| Lindblad |
| McCartor |
| Mones |
| NIWCP |
| Paschke |
| Selzer |
| Simar |
| Strey |
| Tomida |
| trunc* W/10 input* |
| VanDrunen |
| Viredaz |
| Vollmer |
| Warkowski |
| Wildforce |
| Yongsoon |