# EXHIBIT M

## Ercolini, Michael

| | |
|---|---|
| **From:** | Anna Porto <aporto@keker.com> |
| **Sent:** | Monday, April 12, 2021 6:12 PM |
| **To:** | Ercolini, Michael; kvpsingular@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com |
| **Cc:** | Singular |
| **Subject:** | RE: -12551 Singular Select Email Hit Counts |

Michael,

We're confused by the hit counts you provided.  Although you said that you "removed a number of large family attachments," some of the hits with families you provided are greater than the hits with families you provided on February 19th.  For the terms below, for example, the hit counts you provided on April 7th differ by thousands of documents from those you provided previously.

| Term | Hits with families provided 2/19 | Hits with families provided 4/7 |
|---|---|---|
| "CRA" | 6,017 | 8,280 |
| "Charles River" | 4,684 | 7,119 |
| ONR | 4,579 | 6,760 |

Can you please explain the discrepancy?  As we've said before, we can't make decisions about narrowing and eliminating terms when the information we receive appears to be inaccurate and/or inconsistent.

Additionally, as we requested last month, please provide unique documents with hits, so we can make an informed decision as to which terms to revise, if any.  It is unclear from the information you provided whether the various counts are entirely duplicative.  It seems likely, for example, that the hits for the DARPA terms (which you raised as being overly broad) like DARPA w/25 collaborat* and DARPA w/25 consider* significantly overlap.

Finally, based on Singular's recent discovery responses, we'd like to add the terms below.

Thanks,
Anna

- Kleiner Perkins w/25 (agree* OR assess* OR collaborat* OR consider* OR deal OR evaluat* OR examin* OR fund* OR invest* OR licens* OR meet* OR project* OR propos* OR report* OR review* OR test*)
- Pillar w/25 (agree* OR assess* OR collaborat* OR consider* OR deal OR evaluat* OR examin* OR fund* OR invest* OR licens* OR meet* OR project* OR propos* OR report* OR review* OR test*)
- Bristol Meyers Squibb w/25 (agree* OR assess* OR collaborat* OR consider* OR deal OR evaluat* OR examin* OR fund* OR invest* OR licens* OR meet* OR project* OR propos* OR report* OR review* OR test*)
- Charles Stark w/25 (agree* OR assess* OR collaborat* OR consider* OR deal OR evaluat* OR examin* OR fund* OR invest* OR licens* OR meet* OR project* OR propos* OR report* OR review* OR test*)
- IBM w/25 (agree* OR assess* OR collaborat* OR consider* OR deal OR evaluat* OR examin* OR fund* OR invest* OR licens* OR meet* OR project* OR propos* OR report* OR review* OR test*)
- Facebook w/25 (agree* OR assess* OR collaborat* OR consider* OR deal OR evaluat* OR examin* OR fund* OR invest* OR licens* OR meet* OR project* OR propos* OR report* OR review* OR test*)

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Tuesday, April 6, 2021 11:56 PM
**To:** kvp-singular <kvpsingular@keker.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com
**Cc:** singular@princelobel.com
**Subject:** -12551 Singular Select Email Hit Counts

**[EXTERNAL]**

Counsel,

We are attaching email hit counts for 115 of the 476 disaggregated search terms that Google recently served for Joseph Bates.  We are also including hit counts for 5 of the 466 disaggregated terms Google served for Mssrs. Arnold, Steyck and Beal.  As for the remaining disaggregated terms, we are in the process of reviewing emails responsive to those terms and will be producing them to Goggle on a rolling basis subject to our review.

As requested, we have removed a number of large family attachments consisting of program files from the searches, as reflected in these counts.  Of course, this fails to resolve the central issues we continue to have with Google's requests, which evince a clear intent to abuse this process by maximizing Singular's review and production efforts, without regard for proportionality, and to use this as an unprecedented excuse refusing to produce Google's own witnesses.

While Singular will agree to work with Google on a modest proposal for some of these remaining terms, we will not continue to entertain requests of the nature we have received thus far.  This includes at least the following non-exhaustive list of inappropriate requests:

-Blueshift: the name of Singular's prosecution firm, found in its email address domain and in signature lines. Effectively, this amounts to a request for all emails from Singular to its prosecution counsel over ten years. As you already know, Singular owns several times as many patents as the three that are currently in suit. We will not produce in response to this term, and do not expect that Google can find a suitable set of delimiters to cure the problem. The same goes for the term Plotkin.

-Terms common to non-asserted patent specifications: Google has requested emails responsive to terms used throughout the specifications for several non-asserted patents.  This amounts to a request for emails concerning the prosecution of every United States patent owned by Singular, and a large proportion of foreign patents.  Unless Google will delimit these terms to specific issues in this case, we will not produce in response to them.

-Intrinsix, MIT, Hammerstrom, DARPA, Stecyk, Kent, etc:  these amount to wholesale email and/or email domain requests.  We will not produce in response to them.  Please suggest appropriate delimiters concerning specific issues if you wish Singular to respond to these terms.

Singular intends to complete its review and production of emails by early May.  If Google wishes to revise any of these remaining terms, please provide final terms no later than Monday, April 12.  Please be advised, however, that as Singular is currently reviewing and producing in response to over 300 separate terms (reaching several thousand emails), we do not intend to entertain more than 20 additional disaggregated search terms.  Moreover, should any of those final requests be intended, as many of Google's prior terms have been, to end run the "narrowly tailored to specific issues" requirement, we do not intend to respond to those terms.  Google has had ample time since it served its requests to meet the letter and spirit of this requirement for email requests, and we have repeatedly insisted that Google do so.  Instead, Google has continually broadened its terms and employed tactics designed to sweep as many emails as possible into Singular's review, requesting terms such as "patent" and the name of the producing company or custodian.

Please let us know if you have any questions and we look forward to receiving Google's final terms and to closing this process out very soon.

Best regards,

**Michael J. Ercolini**

617 456 8084 (o) |  617 775 1489 (m)

mercolini@princelobel.com

---

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.