UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>**REDACTED VERSION** |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
RESPONSES TO INTERROGATORIES AND PRODUCTION
OF DOCUMENTS RELATING TO DAMAGES**

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this reply in support of its motion to compel defendant, Google LLC ("Google"), to respond to interrogatories and produce documents relating to damages. For the reasons set forth below, Singular's motion should be granted.

**I.    INTRODUCTION**

Singular has been attempting to seek discovery on the nature of the facts that support Singular's damages case since the inception of this case. Google has continuously resisted. Google's representations to the contrary in their Opposition brief ("Opp.") are unfounded.

On March 26, 2021, Google claimed it had substantially completed its document production. *See* Gannon Dec., Ex. 1. On April 6, 2021, Counsel for Singular wrote to counsel for Google regarding specific damages related documents that were either not legible or had not been produced by Google. *See* Gannon Dec., Ex. 2. These key referenced documents are all directly relevant to Singular's damages analysis.

In response to Singular's April 6th correspondence, Google insisted on reviewing the requested documents for responsiveness prior to production, despite the fact that Singular clearly

1

identified a non-exhaustive list of Requests for Production to which these documents were responsive. *See* Gannon Dec., Ex. 3. Singular's counsel further asked counsel for Google to identify the documents Google was refusing to produce as non-responsive. Gannon Dec., Ex. 4. Google refused to do so when they served their re-imaged and supplemental production on April 29, 2021. As a result, Singular's counsel served a Second Set of Requests for Production of Documents in an effort to obtain this information without intervention from the Court. *See* Plaintiff's Second Set of Requests for Production, Gannon Dec., Ex. 5.[1] Simultaneously, in view of Google's recalcitrance, Singular served Plaintiff's Third Set of Interrogatories (Nos. 12-20) in an further effort to clarify the factual underpinnings relevant to Singular's damages claim. Google's response to these discovery requests has been to further delay and obstruct discovery in this matter.

Google's strategy is further displayed by its most recent refusal to provide a Rule 30(b)(6) designee on key damages issues such as "[r]evenues, costs, expenses, profits for the Accused Services," or "[p]rojections for sales, use or cost savings for any products or services (including the Accused Services) making use of the Accused Products." *See* Gannon Dec., Ex. 6, email dated June 4, 2021. Further, Google has unilaterally refused to produce a witness regarding "capital assets requests and analyses associated with developing Google's data centers without the Accused Products." *Id.* Google's attempts to paint a different picture should be rejected and Singular respectfully requests that this Court order Google to supplement its interrogatory responses and document production, so that damages discovery in this case can progress.

---

[1] During the pendency of this motion Google served its response, but failed to produce any documents. Again, its discovery responses interpose only objections with no firm commitment to produce any documents.

## II. ARGUMENT

### A. Singular's requests are not facially overbroad

Singular articulated several avenues for assessing damages in this case. Singular disclosed in its Amended Complaint that, as a result of Google's unlawful use of the Asserted Products, Google avoided having to double its computing footprint to accommodate massive increased demand in the use of their AI services. *See* Amended Complaint, Dkt. No. 37 at ¶¶ 23 and 24. This cost-savings approach is an appropriate method of calculating patent damages. *See, e.g., Prism Techs. LLC v. Sprint Spectrum L.P.,* 849 F.3d 1360, 1369 (Fed. Cir. 2017). This approach is analyzed in the context of a reasonable royalty analysis in which Singular's expert may consider the so-called *Georgia-Pacific* factors. *See, e.g., Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1267 (Fed. Cir. 2013). These factors include, but are not limited to: (i) licenses comparable to a license under the patents-in-suit; (ii) financial data related to use of the accused products; (iii) financial data related to sales of comparable products; (iv) surveys and other quantitative and qualitative analyses related to the value of the relevant technology and its use; (v) the defendant's statements and actions related to the relevant technology and accused products; and (vi) third parties' statements and actions related to the relevant technology and accused products." *See Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.,* 446 F.2d 295 (2d Cir. 1971).

Singular has also disclosed that it may rely upon an "analytical approach," which requires a comparison of the benefit or returns the infringer obtained from the use of the patented technology with its other products. *See, e.g., TWM Mfg. Co., Inc. v. Dura Corp.*, 789 F.2d 895, 899-900 (Fed. Cir. 1986).

At trial, Singular intends to introduce evidence such as the cost to build and operate Google's datacenters, which is the subject of Interrogatory No. 13.[2] *See Prism Techs.* at 1377 (accepting damages award based on evidence of the avoided cost of having to design around the patented invention by building own private network). Singular also intends to submit evidence of third-party use of the accused TPUs, which is the subject of Interrogatory No. 15. Therefore, each of these interrogatories is targeted exactly to discover information that Singular will need in order to establish the quantum of damages at trial.

Next, Google takes issue with Singular's suggestion that a company as large as Google only cited one license in response to Singular's request that they identify comparable licenses when it is clear that Google routinely enters into patent license agreements. Opp. at 11. Google's argument is that it would be improper for Google to produce any class of patent license that is not probative in a patent damages analysis. *Id.* at 12. This misconstrues the nature of the instant motion. Whether a patent license agreement is probative is a separate consideration apart from the one being undertaken by the instant motion. All the Court is being asked to consider is whether or not the information sought is relevant and, therefore, discoverable. Accordingly, the information sought is highly relevant to Plaintiff's damages theory and Google should be ordered to identify all licenses relevant to this interrogatory. *See Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2007 WL 704525, at *2 (N.D. Ill. Mar. 1, 2007) (granting motion to compel interrogatories responses and production of documents related to defendants patent licenses

---

[2] Google suggestion that Interrogatory No. 13 is too broad because it includes other incidental costs (Opp. at 11), is not supported by the law. *See Prism Tech.* at 1376 (rejecting argument that proposed cost-savings model was unreliable because it incorporated unrelated technological and business-related factors).

rejecting argument that the information sought was not relevant because licenses were not comparable).

Next, Google contends that Singular's request that Google identify the "contents" of its datacenters is overbroad. Opp. at 11. Google is incorrect. A response is required, *inter alia*, due to inconsistencies revealed during the course of the deposition of Dr. David Patterson. ███████ ████████████████████████████████████████████████████████████████ ████████████████████████████████ *See* Gannon Dec., Ex. 7, Deposition Transcript of D. Patterson at 9:19-22; 10:13-15; 16:25-17:6. ████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████ *Id.* at 60:4-18. This explanation contravenes all publicly available information, which demonstrates that a Google data center "is a facility with many computers that store and process large amounts of information."[3] Google touts as much on its website,[4] wherein just one aisle of one data center is shown:

---

[3] *See* www.google.com/about/datacenters/faq/ (date accessed June 8, 2021).

[4] Images downloaded from www.google.com/about/datacenters/gallery/ on June 8, 2021.



As well as part of the equipment needed to keep the data center running:



Thus, notwithstanding the (sworn) Patterson testimony attempting to minimize damages, ████████████████████████████ This inconsistency forced Singular to serve Interrogatory No. 12 which attempts to resolve this ambiguity. It is necessary because of inconsistencies made by Google's own witnesses.

6

### B. Google's Objection to Responding to Discovery Remains Improper

Google suggests that if Singular provided additional detail on its damages theory that would "make the parties' meet and confer more productive." Opp. at 13. This contradicts Google's message leading up to this motion in which it clearly indicated that Singular's damages disclosures "**must** be remedied before the parties can have a productive meet and confer over damages issues." *See* Ex. E to the Declaration of D. McGonagle (Dkt. No. 189-5). Further, as admitted by Google (Opp. at 6), Singular willingly clarified its damages disclosures. Yet, Google stubbornly still refused to meet and confer.[5]

Singular's requests to conference this motion were not "half-hearted" as Google suggests. Opp. at 9. Google relies on *Clark v. Berkshire Med. Ctr., Inc.,* No. 17-30186-MGM, 2019 WL 78994 (D. Mass. Jan. 2, 2019) to support its position that Singular's motion should be denied for failure to properly engage in the meet and confer process. The facts in *Clark* are distinguishable, as the moving party there did not inform the non-moving party of the specific claimed deficiencies in the discovery responses. *Id.* at 2. Here, Google clearly refused to respond to relevant discovery and engage in the meet and confer process until alleged deficiencies in Singular's discovery responses were cured. Regardless, even after noting that the deficiencies in the meet and confer process, the court in *Clark* still considered and ruled on the underlying motion. *Id.* Accordingly, Google should be ordered to substantively respond forthwith to

---

[5] Singular served Singular Computing LLC's Supplemental Response to Interrogatory No. 5 on May 13, 2021. To date, Google has not complained regarding the nature of that response. In its Opposition, Google notes that the Response does not "provide the factual bases for" Singular's damages analysis. Opp. at 6. However, the factual underpinnings that will support this analysis requires Google to produce the information that is the subject of this Motion. Google's circular argument should be rejected.

Singular's discovery requests.[6] Google's strategy of delaying discovery by interposing improper objections and abusing the meet and confer process should not be rewarded.

The Local Rules require that a party respond to a request for a meet and confer within 7 days of the request. L.R. 37.1(b). Google has not responded to Singular's request for a conference. Instead, Google refused to conduct a meet and confer citing only improper objections. These actions directly contravene the intent of the Local Rules. *See Bucceri* 2020 WL 58428, at *4 (refusing to deny motion to compel because a conference was not conducted).

### III.  CONCLUSION

For the foregoing reasons, and for those stated in Singular's opening brief, Singular respectfully requests that the Court grant its motion to compel.

Dated: June 10, 2021

Respectfully submitted,

*/s/ Paul Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian M. Seeve (BBO #670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

---

[6] Google claims that it "would have been willing to provide substantive responses to at least some of the interrogatories," but Singular has received no further supplemental response. Opp. at 13 n. 5. Moreover, the filing of a motion to compel does not alleviate Google's obligation to respond to discovery. *See Bucceri v. Cumberland Farms, Inc.,* No. 1:15-CV-13955-IT, 2020 WL 58428, at *4 (D. Mass. Jan. 6, 2020) ("Defendant is incorrect that the filing of a motion to compel excuses a party from complying with proper discovery requests").

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Paul J Hayes*