# EXHIBIT 6

| | |
|---|---|
| **From:** | Ercolini, Michael |
| **Sent:** | Friday, June 4, 2021 3:42 PM |
| **To:** | abhansali@kblfirm.com |
| **Cc:** | kvpsingular@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; Singular |
| **Subject:** | RE: Activity in Case 1:19-cv-12551-FDS Singular Computing LLC v. Google LLC Order |

Andrew,

Per our last call, Google informed Singular it does not intend to produce a 30(b)(6) deponent to testify concerning Google's data centers or the Accused Services (or any other Google product or service) insofar as they may benefit from use of TPU v2 or v3. In particular, and in addition to other topics listed below for which Google has refused to produce a witness to testify as to the topic's complete scope, Google does not intend to produce a 30(b)(6) deponent to testify regarding the following:

(a) Revenues, costs, expenses, profits for the Accused Services (topic 10);
(b) Projections for sales, use or cost savings for any products or services (including the Accused Services) making use of the Accused Products (topic 12);
(c) Development profit and loss statements for any products or services (including the Accused Services) making use of the Accused Products (topic 13);
(d) Internal or market studies prepared by (or for) Google concerning the importance or benefits or the Accused Products and Accused Services, including any features or components thereof (topic 17);
(e) Profit and loss (P&L) statements of any product group or business segment(s) responsible (or formerly responsible) for the Accused Services (topic 18);
(f) Capital asset requests and analyses associated with developing Google's data centers without the Accused Products (topic 20) **[Despite Google's objection that topic 20 is "not reasonably limited to a time period relevant to this litigation," Google has already indicated that regardless of the time period at issue, Google refuses to produce a witness to testify concerning capital asset requests and analyses associated with developing Google's data centers without the Accused Products. While Singular may opt to limit the time period in its motion to compel, Google's refusal would nonetheless encompass a time-limited topic 20];**
(g) Google's long-term capital investment plans relating to its data centers (topic 21) **[Despite Google's objection that topic 21 is "not reasonably limited to a time period relevant to this litigation," Google has already indicated that regardless of the time period at issue, Google refuses to produce a witness to testify concerning long-term capital investment plans relating to its data centers. While Singular may opt to limit the time period in its motion to compel, Google's refusal would nonetheless encompass a time-limited topic 21];**
(h) Projections of Google's long-term data center needs and shortfalls (topic 22) **[Despite Google's objection that topic 22 is "not reasonably limited to a time period relevant to this litigation," Google has already indicated that regardless of the time period at issue, Google refuses to produce a witness to testify concerning projections of Google's long-term data center needs and shortfalls. While Singular may opt to limit the time period in its motion to compel, Google's refusal would nonetheless encompass a time-limited topic 22];**
(i) Capital asset requests and analyses associated with developing Google's data centers with the Accused Products (topic 23) **[Despite Google's objection that topic 23 is "not reasonably limited to a time period relevant to this litigation," Google has already indicated that regardless of the time period at issue, Google refuses to produce a witness to testify concerning capital asset requests and analyses associated with developing Google's data centers with the Accused Products. While Singular may opt to limit the time period in its motion to compel—though in this case particularly, it likely will not—Google's refusal would nonetheless encompass a time-limited topic 23];**
(j) Operating budgets and plans for Google data centers operating with and without the Accused Products, including without limitation size and energy requirements (topic 24) **[Despite Google's objection that topic 24 is "not reasonably limited to a time period relevant to this litigation," Google has already indicated that regardless of the time period at issue, Google refuses to produce a witness to testify concerning operating budgets and plans for Google data centers operating with and without the Accused Products, including without limitation size and energy requirements. While**

Singular may partly opt to limit the time period in its motion to compel, Google's refusal would nonetheless encompass a time-limited topic 24];

(k) Profit and loss statements or other financial analyses prepared by Google related to the actual operation of its data centers with and without the Accused Products (topic 25) **[Your email of June 1, 2021 indicates that profit and loss statements do not exist related to the operation of Google's data centers. Based on that representation, and while reserving Singular's right to move to compel (and for any other relief) should Google's assertion regarding P&L statements related to the operation of Google's data centers prove untrue or a mischaracterization of facts, we do not intend to move to compel on this portion of topic 25. We do, however, intend to move to compel regarding other financial analyses related to the actual operation of Google's data centers with and without the Accused Products. While Singular may limit the time period at issue in its motion, Google's refusal to produce a witness to testify on this topic would nonetheless encompass a time-limited topic 25 (as to financial analyses only)];**

(l) Budgets and forecasts relating to the development and operation of Google's Cloud Platform and Cloud AI products (topic 29);

(m) Google's projected or actual revenues, costs and profits from the operation of Cloud Platform, Cloud AI, or any other Google service or business that makes use of the Accused Products (topic 30);

(n) Studies, analyses, and tests of the technical and cost benefits, including energy, maintenance, GPU purchases, and IT infrastructure technical and costs benefits due to the consolidation of Neural Networks training and inference on TPU v.2 (topic 31) **[Google's agreement to produce is not fully co-extensive with the topic as noticed];**

(o) Quantifications, evaluations and estimates of the value to Google of the benefits of using the Accused Products, including, but not limited to, improved search results, advertising placement, increases in volume of search and advertising, increased revenues, profits, advertising rates, and/or click-through rates (topic 32) **[Google has refused to produce a witness to testify regarding the benefits of using the Accused Products in any other Google products or services or regarding the value of such benefits to Google];**

(p) Incremental benefits, including increased revenues or profits projected or earned by Google from sale or use of the Accused Products compared to other architectures [topic 33] **[Google's agreement to produce a witness to testify "about comparisons between the accused TPU v2 and TPU v3 and alternatives for machine-learning training" is not fully co-extensive with the topic as noticed];**

(q) As of 2017, the average cost to build and maintain a data center (topic 36) **[Though not identified in Singular's original email, Google has nonetheless refused to produce a witness to testify regarding the average cost, as of 2017, to build and maintain a data center. This is consistent with Google's objections, its statements on the parties' most recent call regarding 30(b)(6) topics, and its general refusal to permit discovery into Google's data centers, which use the Accused Products and for which the Accused Products have enabled Google to realize substantial cost savings, including avoiding having to build, operate and maintain additional data centers]**

(r) As of 2017, Google's corporate return on investment (ROI) policy (topic 37);

(s) Analyses of the relative benefits, performance, and cost prepared by or for Google of any non-infringing alternatives or acceptable substitutes for the Accused Products (topic 42) **[Google's agreement to produce a witness to testify about this topic is not fully co-extensive with the topic as noticed.]**

(t) Comparisons of the Accused Products (and/or features and functions thereof) to any other product of Defendant and/or of any other entity (and/or features and functions thereof) (topic 44) **[Google's agreement to produce a witness to testify about this topic is not fully co-extensive with the topic as noticed.]**

(u) Studies by Google or third parties discussing the benefits of using the Accused Products as opposed to other products, computer systems, devices, and other hardware/software having architectures that differ from those used by the Accused Products. (topic 45) **[Google's agreement to produce a witness to testify about this topic is not fully co-extensive with the topic as noticed]**

If the above does not accurately reflect those areas on which Google has refused to provide a 30(b)(6) witness, please identify, inline above, for what topics or topic subparts Google will produce a 30(b)(6) witness and when. To the extent we have not received confirmation by 3 p.m. EST on Monday, June 7 from Google that it will produce a 30(b)(6) witness to testify as to any part of (a)-(u) above, and a date certain for the deposition, Singular and Google remain at an impasse, necessitating Singular's motion.

Furthermore, that Google may have objected to any topic or topic portion listed above on the grounds that the topic may arguably be subsumed by another topic in Singular's May 5, 2021 30(b)(6) notice, Singular considers this of no moment, as undoubtedly had Singular only noticed the arguably broader, subsuming topic, Google would have complained that that topic was not specific enough to give reasonable notice of the arguably subsumed topic. Moreover, similar to Google's objection that

it believes one or more topics may be "repetitive" of another topic, this is not grounds for Google to refuse to produce a corporate designee to testify thereon.

In short, the parties' disagreements are clear.  Unless Google agrees by 3 p.m. EST on Monday, June 7, to produce a corporate designee to testify as to the above disputed topics and disputed portions of topics, without qualification or restriction of the topic or portion of the topic, even where subject to Google's objections, we intend to move to compel to the extent of that disagreement.

As for the deposition date for Mr. Dean, we believe that he must be produced sooner than two days from the close of fact discovery, which puts the parties at an impasse.  If we need to get on a call so that we can tell you over the phone that Google's refusal to produce Mr. Dean sooner than two days from the close of fact discovery puts us at an impasse, please let us know when you are available for that call on Monday, June 7.  The same goes for Mr. Jouppi's deposition. If Google would like to avoid finding ourselves at an impasse over this, please provide available dates within the next 30 days for Mr. Jouppi's deposition.

As to whether Singular intends to move to compel Google to produce a witness on any other topic or portion of a topic for which Google has yet to agree to produce a 30(b)(6) witness, we have yet to decide this.  The above dispute seems more than enough to resolve for now, and we do not intend to waste the Court's time with potential disputes over topics that may prove unnecessary for the Court to wade into.

Finally, regarding the parties' update to the Court concerning Google's motion for a protective order, as the parties cannot agree on the content of the statement, Singular believes the parties should file competing updates if we cannot agree on the language.  Thus, please let us know by 3 p.m. EST on Monday, June 7 if Google will accept Singular edits to the statement, or if competing versions will need to be filed.  We will note, however, that filing competing versions of the same statement seems a less than ideal approach.

Best regards,

Michael J. Ercolini
617 456 8084 direct | mercolini@princelobel.com

---

**From:** Andrew S. Bruns [mailto:abruns@keker.com]
**Sent:** Tuesday, June 01, 2021 8:33 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>; Singular <Singular@princelobel.com>
**Cc:** kvpsingular@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com
**Subject:** RE: Activity in Case 1:19-cv-12551-FDS Singular Computing LLC v. Google LLC Order


Michael:

Your account of the parties' May 14 meet and confer bears little resemblance to the conversation we had that day. During what we believed to be a productive conversation, Singular agreed to modify certain topics in its most recent Rule 30(b)(6) notice and Google agreed to amend its responses accordingly. My email to you of May 24 indicated as much. You have never responded to that email nor have you provided those updates.

Moreover, the positions you have taken below are, in many cases, inconsistent with positions you staked out during our call on May 14. For instance, during that call you offered no objection to Google's response to topic no. 10, which you now list among the topics on which you apparently intend to move. You also indicated that Singular was willing to narrow certain topics related to, among other things, Google's data centers based on Google's representations that such information does not exist (e.g., profit and loss statements for data centers sought in topic no. 25). Yet those topics, too, are now among those listed as the subject of your anticipated motion to compel.

Given the disconnect between our meet and confer and your email, it is not clear to Google what topics you intend to move on and what the disputed issues are related to those topics. In light of the inconsistencies between Singular's position today and

the conversation we had on May 14, any motion to compel on this subject would be premature as the related issues have yet to crystallize. Regarding those topics *not* listed below, Google assumes that Singular takes no issue with Google's responses and objections. If that assumption is inaccurate, please list any disputed topic(s) and Singular's issue with Google's position. Please also provide times you are available to meet and confer on any remaining disputes this Thursday or Friday or next week.

Regarding the draft statement to the Court, Google cannot agree to the revisions you propose below for several reasons, including the inaccurate description of the parties' meet and confer history, already discussed above, and editorializing that is inappropriate in a joint statement of this kind. Once the parties have completed their meet and confer efforts, Google is willing to share a revised draft update to the Court for Singular's review, but it is not willing to sign onto the statement below.

Finally, you indicated below that Singular intends to move to compel the depositions of Jeff Dean and Norman Jouppi "at an earlier date than Google has offered," but you also note that you "look forward to speaking about Google's dates for [Dr.] Dean and [Dr.] Jouppi." It is therefore unclear what Singular's intentions are on this subject, but again, the issue is not ripe for a motion. As to the deposition date for Dr. Dean, this is the first time Singular has objected to the date we provided. In any event, accommodating his schedule for a deposition offered within the discovery period is reasonable, particularly for a senior-level, apex witness like Dr. Dean. Regarding Dr. Jouppi, as Google noted during our May 14 call, we are waiting to provide dates until the parties have finalized the list of Rule 30(b)(6) topics for which he will be the likely designee. Google has now been waiting for Singular's updated Rule 30(b)(6) notice since our meet and confer 18 days ago. We are already in the process of solidifying a date(s) later this month or early next for Dr. Jouppi's deposition, and will provide it and produce him for deposition subject to the parties' ability to resolve in advance any disputes as to Rule 30(b)(6) topics that may relate to him. To the extent your concerns are not ameliorated, please be prepared to raise any further dispute as to this issue during our meet and confer.

Best,
Andy

---

**Andrew Bruns**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8821 direct | 415 391 5400 main
abruns@keker.com | vcard | keker.com
*Pronouns: he/him/his*

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Tuesday, June 1, 2021 11:53 AM
**To:** Andrew S. Bruns <ABruns@keker.com>; singular@princelobel.com
**Cc:** kvp-singular <kvpsingular@keker.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com
**Subject:** RE: Activity in Case 1:19-cv-12551-FDS Singular Computing LLC v. Google LLC Order

[EXTERNAL]

Counsel,

Please see the below proposed revisions to the update to the Court regarding Google's Motion for Protective Order. Please note that, pursuant to the below, Singular intends to move the Court for an order compelling Google's production of a 30(b)(6) witness to testify as to the full scope of the following topics in Singular's revised 30(b)(6) notice, objections to which Google served on May 12th: 10, 12-13, 16-18, 20-25, 28-33, 37, 42, and 44-45. As discussed during our call, Singular disagrees with Google's attempt to unilaterally limit the scope of discoverable testimony pertaining to damages under *Georgia-*

4

*Pacific*.  Regardless, as I stated on our call, the parties are at an impasse regarding the scope of the above topics and it is now necessary for Singular to seek relief from the Court.

Please further note that Singular intends to move for an earlier date for the depositions of Mr. Dean and Mr. Jouppi, for whom a date has actually yet to be offered.  We regard Google's attempt to withhold Mr. Dean (and presumably Mr. Jouppi) until the last gasp of fact discovery as improper, preventing as it would Singular from following up on the substance of either individual's testimony, both in their personal and corporate capacities.  Please let us know when you are available to meet and confer on this issue.

Regardless, below are Singular's proposed edits to the statement (in red):

> In response to the Court's orders, ECF Nos. 176 & 190, the parties jointly submit the following update on the status of the issues raised in Defendant Google LLC's ("Google") Motion for Protective Order, ECF No. 153.  Google's Motion related to two issues: (1) Plaintiff Singular Computing LLC's ("Singular") Rule 30(b)(6) deposition notice and the depositions of Google's potential corporate designees; and (2) depositions noticed by Singular for individual Google witnesses who had direct contact with Singular and for whom Singular had not produced relevant electronically-stored information and for whom Google believed it may have deleted such electronically-stored information from its own files.
>
> On the first issue, pursuant to the Court's order, on May 5, 2021, Singular served a revised Rule 30(b)(6) notice intended, to the extent presently possible, to encompass an exhaustive list of topics for examination.  The parties have met and conferred as to the ~~a~~ final list of topics for Google's corporate deposition.  ~~Although the Rule 30(b)(6)-specific issues raised in Google's Motion are therefore not yet fully resolved, the parties are hopeful that they will be able to reach a compromise on any related disputes without the Court's involvement.~~  The parties determined following that meet and confer that they were at an impasse regarding the permissible scope of several topics concerning damages for patent infringement.  Singular will shortly file a motion to compel Google to produce witnesses in accordance with the as-noticed scope of those topics among a handful of others.  ~~The parties will provide a further update to the Court as soon as these issues are fully resolved or any remaining disputes are ripe for the Court's guidance.~~
>
> Regarding the second issue, in a sur-reply filed the night before the April 30, 2021 hearing, ECF No. 175, Singular represented that it would produce to Google "all Google documents, emails and attachments, in its ESI custody."  Singular made that production shortly before the hearing began on April 30.  Google has now reviewed those documents and has no reason to believe the production is incomplete.  To the extent Singular has noticed the deposition of Google witnesses in their individual capacity who had contact with Singular but are not expected to serve as corporate designees, this issue is resolved and the parties have scheduled one such deposition for later this month.  As to Google witness both noticed in their individual capacity and expected to serve as corporate designees—in particular, Jeffrey Dean and Norman Jouppi, who are likely the two single most important Google witnesses in respect of Singular's claims—Singular intends to move the Court for an order compelling the production of those witnesses at an earlier date than Google has offered.  At present, Google has only agreed to make Mr. Dean available immediately before the close of fact discovery, while a date for Mr. Jouppi has yet to even be offered.

Please let me know if you have any questions regarding any of the above and we look forward to speaking about Google's dates for Mr. Dean and Mr. Jouppi.

Best regards,

**Michael J. Ercolini**

617 456 8084 direct | mercolini@princelobel.com

---

**From:** Andrew S. Bruns [mailto:abruns@keker.com]
**Sent:** Wednesday, May 19, 2021 5:08 PM
**To:** Singular <Singular@princelobel.com>

**Cc:** kvpsingular@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com
**Subject:** FW: Activity in Case 1:19-cv-12551-FDS Singular Computing LLC v. Google LLC Order

Counsel,

Per Judge Cabell's order issued earlier today (see below), I write with a proposed joint update to the Court regarding Google's Motion for Protective Order, ECF No. 153, which Google is happy to file with Singular's assent. Please let us know whether Singular has any edits to this joint statement and if we have your approval to file with the Court.

> In response to the Court's orders, ECF Nos. 176 & 190, the parties jointly submit the following update on the status of the issues raised in Defendant Google LLC's ("Google") Motion for Protective Order, ECF No. 153. Google's Motion related to two issues: (1) Plaintiff Singular Computing LLC's ("Singular") Rule 30(b)(6) deposition notice and the depositions of Google's potential corporate designees; and (2) depositions noticed by Singular for individual Google witnesses who had direct contact with Singular and for whom Singular had not produced relevant electronically-stored information.
>
> On the first issue, pursuant to the Court's order, on May 5, 2021, Singular served a revised Rule 30(b)(6) notice intended to encompass an exhaustive list of topics for examination. The parties are in the process of meeting and conferring as to a final list of topics for Google's corporate deposition. Although the Rule 30(b)(6)-specific issues raised in Google's Motion are therefore not yet fully resolved, the parties are hopeful that they will be able to reach a compromise on any related disputes without the Court's involvement. The parties will provide a further update to the Court as soon as these issues are fully resolved or any remaining disputes are ripe for the Court's guidance.
>
> Regarding the second issue, in a sur-reply filed the night before the April 30, 2021 hearing, ECF No. 175, Singular represented that it would produce to Google "all Google documents, emails and attachments, in its ESI custody." Singular made that production shortly before the hearing began on April 30. Google has now reviewed those documents and has no reason to believe the production is incomplete. To the extent Singular has noticed the deposition of Google witnesses in their individual capacity who had contact with Singular but are not expected to serve as corporate designees, this issue is resolved and the parties have scheduled one such deposition for later this month.

Best,
Andy

---

**Andrew Bruns**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8821 direct | 415 391 5400 main
abruns@keker.com | vcard | keker.com
*Pronouns: he/him/his*

---

**From:** ecfnotice@mad.uscourts.gov <ecfnotice@mad.uscourts.gov>
**Sent:** Wednesday, May 19, 2021 12:25 PM
**To:** courtcopy@mad.uscourts.gov
**Subject:** Activity in Case 1:19-cv-12551-FDS Singular Computing LLC v. Google LLC Order

[EXTERNAL]

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is

required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 5/19/2021 at 3:24 PM EDT and filed on 5/19/2021
**Case Name:** Singular Computing LLC v. Google LLC
**Case Number:** [1:19-cv-12551-FDS](#)
**Filer:**
**Document Number:** 190(No document attached)

**Docket Text:**
**Magistrate Judge Donald L. Cabell: ELECTRONIC ORDER entered.**

**At the hearing on April 30, 2021, the court directed the parties to confer with respect to the pending motion for a protective order (D 176) in an effort to resolve or narrow issues relating to the appropriate topics to be explored through the Rule 30(b)(6) depositions. The parties are requested to apprise the court of the status of such discussions and whether there remain any issues to be resolved by the court.**

**With respect to Google's Renewed Motion to Compel (D. 169), pertaining to the test code outputs for the test results set forth in the First Amended Complaint ("FAC"), Singular states in its Opposition (D. 177) that Google misapprehends the significance of the numerical results (stated as "% of valid...") in the chart on the FAC (D. 37, par. 94). Singular explains that these numerical results are identical to the test results generated by the FAC Testing Code that Singular produced on February 18, 2021. Singular contends that once properly understood, there is no dissonance between the test code outputs cited in Singular's FAC and the outputs that Google may obtain by executing the test using the FAC Testing Code. In light of this response, the court requests that Google respond by the close of business on Friday, May 21, 2021, and indicate whether there remains a dispute, or whether its Renewed Motion to Compel (D. 169) can be deemed to have been resolved. (Russo, Noreen)**

**1:19-cv-12551-FDS Notice has been electronically mailed to:**

Paul J. Hayes     phayes@princelobel.com, jarrigo@princelobel.com, mercolini@princelobel.com, mgillis@princelobel.com

Gregory F. Corbett     gcorbett@wolfgreenfield.com, litigation@wolfgreenfield.com

Kevin Gannon     kgannon@princelobel.com, mgillis@princelobel.com

Asim M. Bhansali     abhansali@kblfirm.com, asim-bhansali-6238@ecf.pacerpro.com, nikki-hueston-8089@ecf.pacerpro.com

Matthias A. Kamber     mkamber@keker.com, efiling@keker.com, matthias-kamber-6088@ecf.pacerpro.com, patty-lemos-9042@ecf.pacerpro.com, plemos@keker.com

Nathan R. Speed     nathan.speed@wolfgreenfield.com, litigation@wolfgreenfield.com

Elizabeth A. DiMarco     edimarco@wolfgreenfield.com, litigation@wolfgreenfield.com

- Robert A. Van Nest     rvannest@keker.com, robert-van-nest-7869@ecf.pacerpro.com, scole@keker.com, susan-cole-9052@ecf.pacerpro.com

- Daniel J. McGonagle     dmcgonagle@princelobel.com, kgayleluz@princelobel.com, mgillis@princelobel.com

- Michelle Ybarra     mybarra@keker.com, cparker@kvn.com, efiling@kvn.com, jacquelynn-smith-8972@ecf.pacerpro.com, jsmith@kvn.com, michelle-ybarra-6341@ecf.pacerpro.com

- Christopher S. Sun     csun@keker.com

- Michael Ercolini     mercolini@princelobel.com

- Alex E. Breger     abreger@princelobel.com

- Brian M. Seeve     bseeve@princelobel.com, seeve@post.harvard.edu

- Matthew D. Vella     mvella@princelobel.com

- Michael S. Kwun     mkwun@kblfirm.com, michael-kwun-5437@ecf.pacerpro.com

- Andrew Bruns     abruns@keker.com

- Jay Rapaport     jrapaport@keker.com

- Deeva Shah     dshah@keker.com

- Anna Porto     aporto@keker.com, anna-porto-3070@ecf.pacerpro.com, efiling@keker.com, nnichols@keker.com, noelle-nichols-8018@ecf.pacerpro.com

**1:19-cv-12551-FDS Notice will not be electronically mailed to:**

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.