UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　Defendant. | Civil Action No. 1:19-cv-12551-FDS |

## SINGULAR'S MOTION TO COMPEL 30(B)(6) TESTIMONY OF GOOGLE AND FOR EXPEDITED BRIEFING THEREON

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(ii) and Local Rule 37(b), Plaintiff, Singular Computing LLC ("Plaintiff" or "Singular"), respectfully moves the Court for an order compelling Defendant, Google LLC ("Defendant" or "Google") to produce a 30(b)(6) witness to testify as to the noticed scope of Singular's damages topics.  Additionally, in light of the impending deadline for close of fact discovery (July 23, 2021), Singular respectfully requests that the Court enter an Order for an expedited briefing scheduling, with Google's response to be filed by Monday, June 21, 2021.

In the past year, Google has used every conceivable ground to avoid producing witnesses for deposition.  By its latest effort, Google would unilaterally limit the scope of damages-related testimony by its 30(b)(6) representative(s), so as to prevent Singular from discovering the considerable financial and technological benefits Google has reaped by using the Accused Products (including Singular's patented technology) in nearly all of Google's products and services.

1

Specifically, Google has refused to produce a 30(b)(6) representative to testify as to the following topics:[1]

REQUEST NO. 10

Revenues, costs and/or expenses, and profits for any products or services (including the Accused Services) making use of the Accused Products.

REQUEST NO. 12

Projections for sales, use or cost savings for any products or services (including the Accused Services) making use of the Accused Products.

REQUEST NO. 13

Development profit and loss statements for any products or services (including the Accused Services) making use of the Accused Products.

REQUEST NO. 17

Internal or market studies prepared by (or for) Google concerning the importance or benefits of the Accused Services, including any features or components thereof.

REQUEST NO. 18

Profit and loss (P&L) statements of any product group or business segment(s) responsible (or formerly responsible) for the Accused Services.

REQUEST NO. 20

Capital asset requests and analyses associated with developing Google's data centers without the Accused Products.

REQUEST NO. 21

Google's long-term capital investment plans relating to its data centers.

REQUEST NO. 22

Projections of Google's long-term data center needs and shortfalls.

REQUEST NO. 23

Capital asset requests and analyses associated with developing Google's data centers with the Accused Products.

---

[1] The recited topics are modified slightly to reflect the disputed scope of the topic at issue.

REQUEST NO. 24

Operating budgets and plans for Google data centers operating with and without the Accused Products, including without limitation size and energy requirements.

REQUEST NO. 25

Financial analyses prepared by Google related to the actual operation of its data centers with and without the Accused Products.

REQUEST NO. 29

Budgets and forecasts relating to the development and operation of Google's Cloud Platform and Cloud AI products.

REQUEST NO. 30

Google's projected or actual revenues, costs and profits from the operation of Cloud Platform, Cloud AI, or any other Google service or business that makes use of the Accused Products.

REQUEST NO. 32

Quantifications, evaluations and estimates of the value to Google of the benefits of using the Accused Products, including, but not limited to, improved search results, advertising placement, increases in volume of search and advertising, increased revenues, profits, advertising rates, and/or click-through rates.

REQUEST NO. 36

As of 2017, the average cost to build and maintain a data center.

REQUEST NO. 37

As of 2017, Google's corporate return on investment (ROI) policy.

Google's insisted upon limits are entirely at odds with established law concerning the scope of damages-related discovery in patent infringement actions, particularly under the *Georgia-Pacific* factors. Google should not be permitted to pigeonhole Singular's damages case into unduly narrow confines that entirely disregard well-established law. For these reasons, detailed in Singular's accompanying Memorandum of Law, Singular respectfully requests that the Court enter an Order:

> (a) compelling Google to produce a corporate 30(b)(6) representative to testify in accordance with Request Nos. 10, 12-13, 17-18, 20-25, 29-30, 32, 36 and 37; and

(b) setting a briefing schedule for this motion such that Google would file its response in opposition no later than June 21, 2021, with Singular to file its reply, if any, no later than June 24, 2021.

Dated: June 14, 2021

Respectfully submitted,

/s/ *Paul J. Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Paul Hayes, counsel for Plaintiff, hereby certify that counsel met and conferred with counsel for Defendant, Google LLC, in a good-faith attempt to resolve or narrow the issues raised by this motion. The parties met and conferred by telephone on May 14, 2021, during which counsel for Google indicated that it intended to produce a corporate witness to testify on damages topics with respect to the Accused Products only, and that it would not produce a corporate representative to testify on damages topics as to any other Google product or service (or with respect to its data centers) that includes and/or uses the Accused Products. This position was consistent with Google's objections and responses to Singular's May 12, 2021 notice of 30(b)(6) deposition. While Singular's counsel attempted to meet and confer in good faith regarding its request for expedited briefing, Google counsel was unavailable to do so prior to Singular's filing this motion.

/s/ *Paul Hayes*

4

## **LOCAL RULE 37.1(b) CERTIFICATION**

I, Paul Hayes, counsel for Plaintiff, hereby certify that Plaintiff's counsel has complied with the provisions of Rule 37.1(b).

/s/ *Paul Hayes*

## **CERTIFICATE OF SERVICE**

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ *Paul Hayes*