# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551 FDS |
| Plaintiff, | |
| v. | Hon. F. Dennis Saylor IV |
| GOOGLE LLC, | |
| Defendant. | |

**DEFENDANT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S RULE 30(B)(6)
NOTICE OF DEPOSITION**

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 9:**

Acquisitions, licenses, patent licenses, settlement agreements, covenants not to sue, or other agreements entered into by Google relating to the Accused Products.

**RESPONSE TO REQUEST NO. 9:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is vague and ambiguous as to the term "relating to the Accused Products"; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or common interest or joint defense privilege.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify as to non-privileged information regarding Google agreements with third parties relating to the alleged infringing functionality of the Accused Products.

**REQUEST NO. 10:**

Revenues, costs and/or expenses, and profits for the Accused Products or any products or services (including the Accused Services) making use of the Accused Products.

**RESPONSE TO REQUEST NO. 10:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definitions of

"Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions are broader than or otherwise different from those disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is vague and ambiguous as to the term "any products or services"; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is irrelevant, overbroad, and unduly burdensome insofar as it is not directed to elements, aspects, or functionalities of the specific accused products at issue in this case.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding costs and expenses related to the use of the accused TPU v2 and TPU v3 and the profits and losses related to Google's Cloud TPU products/services within the United States.

**REQUEST NO. 11:**

Research and development costs and expenses relating to the Accused Products.

**RESPONSE TO REQUEST NO. 11:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is duplicative of Request No. 2; (3) it is overbroad and unduly burdensome insofar as it seeks "costs and expenses relating to the Accused Products."

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding Google's research and development costs and expenses relating to the accused TPU v2 and TPU v3.

**REQUEST NO. 12:**

Projections for sales, use or cost savings related to the Accused Products, or for any products or services (including the Accused Services) making use of the Accused Products.

**RESPONSE TO REQUEST NO. 12:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definitions of "Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions are broader than or otherwise different from those disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is duplicative of Request No. 10; (3) it is overbroad and unduly burdensome insofar as it seeks testimony as to all "[p]rojections for sales, use or cost savings related to the Accused Products" and "any products or services (including the Accused Services) making use of the Accused Products."

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding costs and expenses related to the use of the accused TPU v2 and TPU v3 and the profits and losses related to Google's Cloud TPU products/services within the United States.

**REQUEST NO. 13:**

Development profit and loss statements for the Accused Products, or any products or services (including the Accused Services) making use of the Accused Products.

**RESPONSE TO REQUEST NO. 13:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definitions of "Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions are broader than or otherwise different from those disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is duplicative of Requests Nos. 10 and 11; (3) it is overbroad and unduly burdensome insofar as it seeks testimony as to "any products or services (including the Accused Services) making use of the Accused Products"; (4) it is vague and ambiguous as to the term "[d]evelopment profit and loss statements."

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding costs and expenses related to the use of the accused TPU v2 and TPU v3 and the profits and losses related to Google's Cloud TPU products/services within the United States.

**REQUEST NO. 14:**

Google's publicly-disclosed financial statements.

**RESPONSE TO REQUEST NO. 14:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (2) it is overbroad and unduly burdensome insofar as it sees testimony related to all of Google's financial statements which are not relevant to a claim or defense and not proportional to the needs of the case; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 15:**

The monetary and/or nonmonetary value that Google and its customers and end users of the Accused Products and Accused Services attribute to the features of the Accused Products, including the existence and substance of any related studies, surveys, presentations, reports, or other similar documentation.

**RESPONSE TO REQUEST NO. 15:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definitions of

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 17:**

Internal analyses or market studies prepared by (or for) Google concerning the importance or benefits of the Accused Products and Accused Services, including any features or components thereof.

**RESPONSE TO REQUEST NO. 17:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definitions of "Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions are broader than or otherwise different from those disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (3) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or common interest or joint defense privilege; (4) it is duplicative of Request No. 5; (5) it is overbroad and unduly burdensome insofar as it sees testimony related to any analyses or studies "concerning . . . the Accused Products and Accused Services," which are not relevant to a claim or defense and not proportional to the needs of the case; (6) it seeks third parties' information that is not in Google's possession, custody or control.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 18:**

Profit and loss (P&L) statements of any product group or business segment(s) responsible (or formerly responsible) for the Accused Products or Accused Services.

**RESPONSE TO REQUEST NO. 18:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definitions of "Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions are broader than or otherwise different from those disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is duplicative of Request No. 10; (3) it is overbroad and unduly burdensome insofar as it sees testimony related to any P&L statement for any business related to the Accused Products and Accused Services, which is not relevant to a claim or defense and not proportional to the needs of the case; (4) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (5) it is vague and ambiguous as to the term "responsible (or formerly responsible for)".

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding costs and expenses related to the use of the accused TPU v2 and TPU v3 and the profits and losses related to Google's Cloud TPU products/services within the United States.

**REQUEST NO. 19:**

Product Requirement Documents (PRD) or similar development planning documents concerning the Accused Products.

**RESPONSE TO REQUEST NO. 19:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local

Rule 16.6(d)(1)(A); (2) it is duplicative of Requests Nos. 2 and 11; (3) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding Google's development and implementation of the Accused Products.

**REQUEST NO. 20:**

Capital asset requests and analyses associated with developing Google's data centers without the Accused Products.

**RESPONSE TO REQUEST NO. 20:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is vague and ambiguous as to the term "Capital asset requests and analyses associated with developing"; (3) it prematurely seeks expert opinions or analysis; (4) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (5) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (6) it is not reasonably limited to a time period relevant to this litigation; (7) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (8) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 21:**

Google's long-term capital investment plans relating to its data centers.

**RESPONSE TO REQUEST NO. 21:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the term "long-term capital investment plans"; (2) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 22:**

Projections of Google's long-term data center needs and shortfalls.

**RESPONSE TO REQUEST NO. 22:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the term "long-term data center needs and shortfalls"; (2) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (6) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 23:**

Capital asset requests and analyses associated with developing Googles data centers with the Accused Products.

**RESPONSE TO REQUEST NO. 23:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the term "Capital asset requests and analyses associated with"; (2) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (6) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (7) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 24:**

Operating budgets and plans for Google data centers operating with and without the Accused Products, including without limitation size and energy requirements.

**RESPONSE TO REQUEST NO. 24:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the term "Capital asset requests and analyses associated with"; (2) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it does not describe the matters for examination with reasonable particularity; (6) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (7) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (8) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 25:**

Profit and loss statements or other financial analyses prepared by Google related to the actual operation of its data centers with and without the Accused Products.

**RESPONSE TO REQUEST NO. 25:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the term "actual operation of its data centers"; (2) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (3) it is not reasonably limited to the jurisdictional reach of

1687988

the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (6) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 26:**

Google's business planning, long-term capital expenditure plans, or other studies from prior to the use of the Accused Products.

**RESPONSE TO REQUEST NO. 26:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the term "long-term capital expenditure plans"; (2) it is overbroad and unduly burdensome insofar as it seeks information regarding *all* of Google's business plans which are not relevant or proportional to the needs of this case; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (6) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (7) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

**REQUEST NO. 28:**

The fabrication of the Accused Products, including costs of fabrication and testing of the Accused Products.

**RESPONSE TO REQUEST NO. 28:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the terms "business analyses," "capital asset requests," and "in-house"; (2) it is duplicative of Request No. 11; (3) it seeks third parties' information that is not in Google's possession, custody or control; (4) it is not reasonably limited to a time period relevant to this litigation; (5) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (6) it is duplicative of Request No. 11.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 29:**

Budgets and forecasts relating to the development and operation of all Google Cloud businesses, including Cloud Platform, Cloud AI, and Cloud TPU.

**RESPONSE TO REQUEST NO. 29:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is duplicative of Request No. 12; (2) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (3) it seeks testimony that is neither relevant nor proportional to the needs of the case as it is not directed to elements, aspects, or functionalities of the specific accused products at issue in this case; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not reasonably limited to the jurisdictional reach of the United States patent laws.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding costs and expenses related to the use of the accused TPU v2 and TPU v3 and the profits and losses related to Google's Cloud TPU products/services within the United States.

**REQUEST NO. 30:**

Google's projected or actual revenues, costs and profits from the operation of all Google Cloud businesses, including Cloud Platform, Cloud AI, and Cloud TPU, or any other Google service or business that makes use of the Accused Products.

**RESPONSE TO REQUEST NO. 30:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is duplicative of Requests Nos. 12 and 29; (2) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (3) it seeks testimony that is neither relevant nor proportional to the needs of the case as it is not directed to elements, aspects, or functionalities of the specific accused products at issue in this case; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not reasonably limited to the jurisdictional reach of the United States patent laws.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding costs and expenses related to the use of the accused TPU v2 and TPU v3 and the profits and losses related to Google's Cloud TPU products/services within the United States.

**REQUEST NO. 31:**

Studies, analyses, and tests of the technical and cost benefits, including energy, maintenance, GPU purchases, and IT infrastructure technical and costs benefits due to the consolidation of Neural Networks training and inference on TPU v.2

**RESPONSE TO REQUEST NO. 31:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is duplicative of Requests No. 5; (2) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (3) it seeks testimony that is neither relevant nor proportional to the needs of the case as it is not directed to elements, aspects, or functionalities of the specific accused products at issue in this case; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not reasonably limited to the jurisdictional reach of the United States patent laws.

Subject to, constrained by, and without waiving any of these objections, Google will produce one or more witnesses to testify about comparisons between the accused TPU v2 and TPU v3 and alternatives for machine-learning training.

**REQUEST NO. 32:**

Quantifications, evaluations and estimates of the value to Google of the benefits of using the Accused Products, including, but not limited to, improved search results, advertising placement, increases in volume of search and advertising, increased revenues, profits, advertising rates, and/or click-through rates.

**RESPONSE TO REQUEST NO. 32:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is duplicative of Requests No. 5; (2) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (3) it seeks testimony that is neither relevant nor proportional to the needs of the case as it is not directed to elements, aspects, or functionalities of the specific accused products at issue in this case; (4) it is not reasonably

limited to a time period relevant to this litigation; (5) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (6) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 33:**

Incremental benefits, including increased revenues or profits projected or earned by Google from sale or use of the Accused Products compared to other architectures.

**RESPONSE TO REQUEST NO. 33:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is duplicative of Requests Nos. 5 and/or 10; (2) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (3) it is vague and ambiguous as to the term "incremental benefits" and "other architectures"; (4) it does not describe the matters for examination with reasonable particularity; (5) it seeks the disclosure of expert analyses and opinions prior to the date ordered by the Court; (6) it is not reasonably limited to a time period relevant to this litigation; (7) it is not reasonably limited to the jurisdictional reach of the United States patent laws.

Subject to, constrained by, and without waiving any of these objections, Google will produce one or more witnesses to testify about comparisons between the accused TPU v2 and TPU v3 and alternatives for machine-learning training.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 36:**

As of 2017, the average cost to build and to maintain a data center.

**RESPONSE TO REQUEST NO. 36:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (2) it is not reasonably limited to a time period relevant to this litigation; (3) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (4) it seeks information that is not in Google's possession, custody or control.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 37:**

As of 2017, Google's corporate return on investment (ROI) policy.

**RESPONSE TO REQUEST NO. 37:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (2) it is not reasonably limited to a time period relevant to this litigation; (3) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's corporate policies that is not relevant or proportional to the needs of this case; (4) it is vague and ambiguous as to the term "return on investment (ROI) policy."

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 38:**

Sebastian Thrun's involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Sebastian Thrun referring or relating to the Accused Products.

**RESPONSE TO REQUEST NO. 38:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (2) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 39:**

Quoc Le's involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Quoc Le referring or relating to the Accused Products.

Dated:  May 12, 2021

Respectfully submitted,

By:   */s/ Matthias Kamber*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made.  I am over the age of eighteen years and not a party to the within action.  My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On **May 12, 2021**, I served the following document(s):

### DEFENDANT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S RULE 30(B)(6) NOTICE OF DEPOSITION

☑    by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

*Counsel for Plaintiff Singular Computing LLC*

| | |
|---|---|
| Paul J. Hayes | phayes@princelobel.com |
| Matthew D. Vella | mvella@princelobel.com |
| Kevin Gannon | kgannon@princelobel.com |
| Daniel McGonagle | dmcgonagle@princelobel.com |
| Michael J. Ercolini | mercolini@princelobel.com |
| PRINCE LOBEL TYE LLP | singular@princelobel.com |
| One International Place, Suite 3700 | |
| Boston, MA 02110 | |
| Tel: (617) 456-8000 | |

Executed on **May 12, 2021**, at San Francisco, California.  I declare under penalty of perjury that the foregoing is true and correct.

Julie A. Selby