UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>   Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Civil Action No. 1:19-cv-12551-FDS |

## SINGULAR'S UPDATE TO THE COURT REGARDING
## STATUS OF DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

In response to the Court's order, (Dkt. 176 & 190), Plaintiff, Singular Computing LLC ("Singular"), submits the following update on the status of the issues raised in Defendant, Google LLC's ("Google") Motion for a Protective Order. Dkt. 153. Google's Motion concerned two issues: (1) Singular's Rule 30(b)(6) deposition notice; and (2) the scheduling of depositions for Google's fact witnesses and 30(b)(6) corporate designees.

Regarding the first issue, pursuant to the Court's order, Singular served a revised Rule 30(b)(6) notice on May 5, 2021. Singular's revise 30(b)(6) notice contained just 46 topics, reduced from over 100 topics in the original notice. Google served objections and responses to Singular's revised 30(b)(6) notice on May 12, 2021. To resolve Google's objections, the parties met and conferred on May 14, 2021. The parties were unable to resolve Google's objections to several of Singular's damages-related topics in its revised 30(b)(6) notice. As a result, Singular has now filed a motion to compel Google to produce a witness to testify on those 30(b)(6) topics. Dkt. 216.

Regarding the second issue, Google had refused to produce a number of fact witnesses on the grounds that Singular had allegedly delayed at least a portion of its custodial ESI production.

Per Singular's sur-reply (Dkt. 175), and to eliminate any objection by Google to producing its witnesses, Singular would produce to Google shortly before the parties' April 30, 2021 hearing, just over 200 Google documents that were in Singular's ESI custody. Each of these 200 Google documents had been authored by, sent by or sent to a Google employee. While Singular believes Google's delay in agreeing to schedule the depositions of Google's own fact witnesses was not well-founded—Singular knows of no Google-authored documents that were in its custody that Google did not itself already possess at the time of its motion for a protective order; nor has Google ever identified any internal document destruction policy that would have occasioned any doubt about this—Google has nevertheless completed its review of the Google documents Singular produced on April 30, and has since agreed to schedule the depositions of Astro Teller (July 9) and James Laudon (June 24).

As for Google witnesses that Singular noticed in their individual capacity, and that Google expects to also serve as corporate designees—Jeffrey Dean and Norman Jouppi—Singular has yet had difficulty in obtaining deposition dates from Google.

Mr. Dean and Mr. Jouppi are, in respect of Singular's claims, likely the two most important Google witnesses in this case. Google has offered to produce Mr. Dean on July 21, 2021, just 48 hours from the fact discovery cutoff, despite the fact that Mr. Dean's deposition was first noticed nearly a year ago, on July 10, 2020. Alternatively, Google has offered to produce Mr. Dean on "another day," before July 21, 2021, so long as Singular agrees to depose Mr. Dean for "less than a full day." As Mr. Dean is a key fact witness, and expected to serve as 30(b)(6) designee for Google on several topics, Singular believes Google's position is unreasonable, particularly given the ample notice Google has had for Mr. Dean's deposition.

As for Mr. Jouppi, Google recently offered to produce him on July 9, 2021, the same date Singular had already accepted from Google for Mr. Teller's deposition (and the only date Google had offered for Mr. Teller). Owing to the conflict, Singular has asked to depose Mr. Jouppi the week of July 16, 2021, and hopes to receive a reply to this request, along with an earlier (full) deposition date for Mr. Dean, shortly. It is worth noting that Mr. Jouppi's deposition was also originally noticed nearly a year ago, on July 10, 2020.

Despite these difficulties, Singular hopes to avoid motion practice on the scheduling of Mr. Dean and Mr. Jouppi's depositions, though this will undoubtedly require Google's cooperation in the matter.

Dated: June 14, 2021

Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Paul J. Hayes*