UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　　　　　　Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

## RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED BRIEFING ON MOTION TO COMPEL 30(B)(6) TESTIMONY BY GOOGLE

Defendant Google LLC ("Google") submits this response in opposition to Plaintiff Singular Computing LLC's request for expedited briefing in its recently-filed Motion to Compel 30(b)(6) Testimony by Google and for Expedited Briefing Thereon ("Motion to Compel"). Google requests that the Court deny Singular's request to expedite briefing and order Singular to meet and confer with Google no later than June 21, a week prior to the deadline for Google's opposition to the Motion to Compel.

Singular's Motion to Compel is premature and its request for expedited briefing is unnecessary and inappropriate. Contrary to the requirements of Federal Rule of Civil Procedure 30(b)(6) and Local Rule 37.1, Singular refused to meet and confer in good faith prior to filing its motion, despite Google's repeated requests to do so. *See* Declaration of Andrew Bruns ISO Resp. to Mtn. for Expedited Briefing, Ex. A (June 14, 2021, Bruns email to Ercolini). Singular served its operative Rule 30(b)(6) notice to Google on May 5, 2021. Google subsequently served formal responses and objections, and the parties met and conferred on May 14, 2021. During that call, the parties appeared to resolve several disputes and agreed to continue conferring as to the

few remaining areas of disagreement. Specifically, Singular agreed to serve a revised Rule 30(b)(6) notice reflecting the parties' progress. For its part, Google agreed to amend its responses upon receipt of Singular's amended Rule 30(b)(6) notice.

But Singular never followed through. Instead, 18 days later, Singular emailed Google a lengthy list of complaints that were never raised in the parties' prior correspondence or during their May 14 call. Ex. B to Bruns Decl. (June 7, 2021, Bruns email to Ercolini). In fact, many of Singular's complaints contradicted the progress the parties had seemingly made in their prior meet and confer efforts. Google responded later that day, noting that Singular had raised many of the issues for the first time weeks *after* the parties' last meet-and-confer, and requesting that Singular identify times to meet and confer regarding its newfound concerns. Singular refused. Instead it threatened to file the instant Motion to Compel if Google did not agree to immediately waive all objections to 22 noticed topics. Google replied the next business day, June 7, reiterating that the issues that Singular now raises are not yet ripe for motion practice and again asking to meet and confer. *Id.* Singular never responded to that email. Instead it filed this motion and sought expedited briefing. Although Google will address Singular's Motion to Compel on the merits by the June 28, 2021 deadline, Google respectfully requests that the Court deny Singular's request for expedited briefing on that motion for at least the following reasons.

*First*, Singular's refusal to meet and confer has prevented the parties from crystallizing their respective positions before burdening the Court with motion practice. Singular's brief misrepresents or misunderstands Google's positions; a result that could have been prevented by adhering to the meet and confer requirements of the Federal and Local Rules. For instance, regarding Topics Nos. 10, 12-13, 17-18, 29-30, 32 and 37, Singular claims that Google "refused to produce a witness, except to the extent that Singular's inquiry is limited to the Accused

Products." Mtn. at 8. Not so. As is clear from the face of Google's written responses and objections to Singular's Rule 30(b)(6) notice, Google has agreed to produce a witness to testify about damages issues "related to the use of the accused TPU v2 and TPU v3 and the profits and losses related to Google's Cloud TPU products/services within the United States." *See, e.g.*, ECF 215-3 at 4 (Resp. to Topic No. 10). In other words, contrary to Singular's assertion, Google has made clear it will designate a witness to testify regarding the accused TPU products *as well as* Google's Cloud TPU products/services, which are not accused.

*Second*, even setting aside Singular's misguided rush to the courthouse, expedited briefing is still inappropriate here. A party may petition the Court for an expedited briefing schedule, upon a showing of good cause. *Massachusetts v. E Trade Access, Inc.*, No. CIV. 03-11206-NMG, 2013 WL 4048189, at *2 (D. Mass. May 22, 2013). Singular's motion does not address this standard, and the facts here do not meet it.

Singular argues that expedited briefing is "necessary to allow the deposition to take place in a timely fashion and to permit any follow-up discovery, to the extent necessary, within the remaining period for fact discovery." Mtn. at 2. But these concerns could be adequately addressed under the standard briefing timeline: under the ordinary schedule, Singular's motion would be fully briefed upon the filing of Google's opposition on June 28, nearly a month before the close of fact discovery. Moreover, any fear that Singular's concerns will be left unaddressed is unfounded. The Court's recent order granting Google's Motion to Stay made clear that the upcoming stay will not begin until after any discovery motions are resolved. ECF No. 212. Finally, to the extent time is a factor, however, that is due exclusively to Singular's conduct. As Google has noted in prior briefs, Singular ignored Google's repeated efforts to meet and confer regarding Singular's first Rule 30(b)(6) notice for more than six months. *See, e.g.,* ECF No. 154

3

at 2-4. Rather than engaging in efforts to meet and confer, Singular announced plans to serve new notices in serial fashion—contrary to the procedure contemplated by Rule 30—forcing Google to seek relief from the Court. Magistrate Judge Cabell granted that relief during a hearing on April 30, 2021. Singular has continued to drag its feet since then. For instance, Singular waited nearly two weeks to respond to correspondence from Google following up on the parties' May 14 meet and confer. *See* Ex. B. Singular should not be able to use its own delays to force an expedited briefing schedule here.

For all of these reasons, Singular's Motion to Compel is premature and its request to expedite briefing is inappropriate. Google respectfully requests that the Court deny Singular's request for expedited briefing and order Singular to meet and confer with Google no later than June 21, a week prior to the deadline for Google's opposition to the Motion to Compel.

Respectfully submitted,

Dated: June 15, 2021

By: */s/ Matthias Kamber*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

1700804.v3

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

      */s/ Nathan R. Speed*
      Nathan R. Speed