UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>                Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

## DEFENDANT GOOGLE LLC'S RESPONSE TO COURT ORDER

On May 19, 2021, the Court issued an order requesting that the parties provide an update on the status of their efforts to resolve or narrow issues related to Singular's Rule 30(b)(6) notice.[1] Dkt. No. 190. In response to the Court's order, Google provides the following update regarding the issues raised in Defendant Google LLC's ("Google") Motion for Protective Order, ECF No. 153.

Google's Motion for Protective Order related to two issues: (1) Plaintiff Singular Computing LLC's ("Singular") Rule 30(b)(6) deposition notice and the depositions of Google's potential corporate designees; and (2) depositions noticed by Singular for individual Google witnesses who had direct contact with Singular and for whom Singular had not produced relevant electronically stored information.

On the first issue, pursuant to the Court's order, on May 5, 2021, Singular served a revised Rule 30(b)(6) notice intended to encompass an exhaustive list of topics for examination. Google

---

[1] In the interim, the Patent Trial and Appeal Board instituted review of three petitions for *inter partes* review filed by Google and the Court granted Google's subsequent Motion to Stay pending a final written decision on those petitions. ECF No. 212. Pursuant to that order, the case is stayed once the parties complete fact discovery.

issued objections and responses shortly thereafter, and the parties met and conferred on May 14, 2021. By all appearances, that conversation was productive, with both parties agreeing to compromise on various topics. For its part, Singular promised to provide a revised list of topics reflecting the parties' progress, while Google agreed to amend its responses accordingly. But Singular never followed through. Instead, 18 days later, it emailed a lengthy list of objections, many of which it never raised in the parties' meet-and-confer call. Singular refused Google's subsequent requests to meet and confer and instead moved to compel without satisfying the meet-and-confer requirements of Federal Rule 30(b)(6) or Local Rule 37.1. Google's opposition is due June 28.[2] Although the parties have not agreed on a set of topics for Google's corporate deposition, Google has provided dates for multiple presumptive designees and is in the process of identifying availability for others. Once the topics related to any given witness are finalized, Google is willing to formally designate that witness and produce them for deposition.

      Regarding the second issue, in a sur-reply filed the night before the April 30, 2021 hearing, ECF No. 175, Singular represented that it would produce to Google "all Google documents, emails and attachments, in its ESI custody." Singular made that production shortly before the hearing began on April 30. Google has now reviewed those documents and has no reason to believe the production is incomplete. To the extent Singular has noticed the deposition of Google witnesses in their individual capacity who had contact with Singular but are not expected to serve as corporate designees, this issue is resolved and the parties have scheduled multiple such depositions. In fact, Singular has already deposed one such witness—Obi Felten—on May 28.

---

[2] Singular has requested expedited briefing, which Google opposes. The Court has yet to rule on that issue.

Respectfully submitted,

Dated: June 15, 2021

By: */s/ Matthias Kamber*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                */s/ Nathan R. Speed*
                                               Nathan R. Speed