# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

SINGULAR COMPUTING LLC,

                Plaintiff,

      v.

GOOGLE LLC,

                Defendant.

Civil Action No. 1:19-cv-12551 FDS

Hon. F. Dennis Saylor IV

## DEFENDANT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S RULE 30(B)(6) NOTICE OF DEPOSITION

Defendant Google LLC hereby objects and responds as follows to the Notice of Rule 30(b)(6) Deposition dated May 5, 2021 from Plaintiff Singular Computing LLC ("Singular"). These objections do not waive any objections by Google on any ground, including objections as to the competency, relevancy, materiality, privilege or admissibility of the witnesses' testimony, or the subject matter thereof.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following objections apply to each request in Singular's Notice of Rule 30(b)(6) Deposition, whether or not separately stated in response to each topic.

1.      Google objects to the date and time noticed for this deposition.  Google will meet and confer with Singular to arrange mutually agreeable dates and times for the depositions of Google's designated witnesses.

2.      Google objects to the Notice insofar as it represents merely a subset of the topics about which Singular purports to seek testimony.  As addressed in Google's Motion for Protective Order, ECF No. 153, the Federal Rules of Civil Procedure require Singular to serve an exhaustive list of desired topics for Google's corporate deposition.  Pursuant to the Court's April 30, 2021 order, ECF No. 176, and comments made on the record at the hearing on Google's motion, subsequent Rule 30(b)(6) notices are appropriate only insofar as they relate to new information not presently available to Singular. In order to serve any subsequent notice, Singular must first show good cause for doing so.

3.      To the extent that Singular intends to depose individual witnesses whom Google designates in response to the notice, Google objects to providing those witnesses for deposition more than once.  Google further objects to producing any Rule 30(b)(6) witnesses until the parties have agreed on a full list of topics for examination.

4.      Google will testify in response to the deposition topics set forth in the notice as Google reasonably interprets and understands the topics.  If Singular subsequently asserts an interpretation of any deposition topic that differs from Google's understanding, Google reserves the right to supplement the objections and responses herein.

1

5.      Any witness Google designates to testify on its behalf in response to this notice will testify based on Google's good faith efforts to conduct a reasonable and diligent search for responsive information, and will testify without prejudice to Google's right to produce or rely on subsequently discovered information.  Google specifically reserves the right to make any use of, or to introduce at any hearing or trial, information that falls within the topics but is discovered subsequent to the deposition(s).

6.      Google objects to the deposition topics set forth in the notice to the extent that they are overbroad, unduly burdensome, fail to describe with reasonable particularity the matters for examination, or seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court or any Court order.

7.      Google objects to the deposition topics set forth in the notice as inappropriate to the extent that they seek information that is more efficiently obtained through other forms of discovery that are less burdensome.

8.      Google objects to the deposition topics set forth in the notice to the extent that they seek the premature disclosure of expert opinions or analysis.  Google will disclose its experts' opinions and analyses in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Scheduling Order.

9.      Google objects to the deposition topics that improperly attempt to address Google's contentions.

10.      Google objects to the notice to the extent that it requires testimony on matters subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure, including without limitation any joint or common-interest privilege.  Google claims such privileges and protections to the extent implicated by each topic, and will exclude privileged and protected information from any testimony it may offer in response to the Notice.  Any disclosure of such protected or privileged information is inadvertent and is not intended to waive those privileges or protections.

11.     Google objects to the notice to the extent it is not relevant to a claim or defense and not proportional to the needs of the case, insofar as it purports to require testimony covering topics, time periods, and jurisdictions not relevant to Singular's claims in this litigation.

12.     Google objects to the notice to the extent that it requires testimony covering the confidential, proprietary and/or trade secret information of third parties.

13.     Google objects to the notice to the extent that it requires testimony regarding proprietary, trade secret or other confidential or competitively sensitive information, which Google will only produce pursuant to the terms of the protective order entered by the Court in this action.

14.     Google objects to the definition of "Defendant," "Google," "you," and "your" in paragraph 1 of Singular's Definitions as overly broad, unduly burdensome, vague, and ambiguous and because the definition seeks to expand the definition of "Google" to include all "employees, officers, directors, attorneys, and its agents, parents, subsidiaries, branches, predecessors, or successors-in-interest, or any other persons who have acted or purported to act for its behalf."  These definitions go beyond any reasonable or commonly accepted meaning of the terms.  Google shall interpret this definition as only requiring Google to search for information from Google and a reasonable number of Google employees who Google reasonably believes might have information relevant to the claims and defenses at issue in this litigation.

15.     Google objects to the definitions of "Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions are broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

**OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS**

In addition to and without waiving its Objections to Definitions and Instructions, Google specifically objects to the topics identified in the Notice as follows:

3

**REQUEST NO. 1:**

The structure, function, and operation of the Accused Products, including those features and functionalities identified in Plaintiff's Infringement Contentions.

**RESPONSE TO REQUEST NO. 1:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is vague and ambiguous as to the terms "structure" and "operation"; (3) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding the structure, function, and operation of the accused MXU in TPU v2 and TPU v3.

**REQUEST NO. 2:**

Google's research and development efforts relating to the Accused Products, including Google's alleged conception and design of the Accused Products.

**RESPONSE TO REQUEST NO. 2:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is vague and ambiguous as to the term "research and development efforts"; (3) it does not describe the matters for examination with reasonable particularity; (4) it is overbroad and unduly burdensome insofar as it is not reasonably limited to a time period relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding Google's development and implementation of the Accused Products.

**REQUEST NO. 3:**

Google's decision to develop, build, and implement in its data centers the Accused Products.

**RESPONSE TO REQUEST NO. 3:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is vague and ambiguous as to the term "implement"; (3) it does not describe the matters for examination with reasonable particularity; (4) it is not limited to it is not reasonably limited to the jurisdictional reach of the United States patent laws.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding Google's decision to use the accused TPU v2 and TPU v3 in Google's data centers within the United States.

**REQUEST NO. 4:**

Google's efforts to design around any claim of the Asserted Patents.

**RESPONSE TO REQUEST NO. 4:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or common interest or joint defense privilege.

Subject to, constrained by, and without waiving any of these objections, Google will produce a witness to testify as to non-privileged information regarding this topic.

**REQUEST NO. 5:**

The utility and advantages of the Accused Products as perceived by Google over any competing technologies.

**RESPONSE TO REQUEST NO. 5:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is vague and ambiguous as to the terms "utilities and advantages," "perceived by Google," and "competing technologies".

Subject to, constrained by, and without waiving any of these objections, Google will produce one or more witnesses to testify about comparisons between the accused TPU v2 and TPU v3 and alternatives for machine-learning training.

**REQUEST NO. 6:**

Google's licensing and intellectual property policies and practices.

**RESPONSE TO REQUEST NO. 6:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is overbroad and unduly burdensome insofar as it seeks testimony regarding internal policies that have no relation to the accused products or any issue in dispute in this litigation; (2) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (3) it is not reasonably limited to a time period relevant to this litigation; (4) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or common interest or joint defense privilege.

Subject to, constrained by, and without waiving any of these objections, Google will produce a witness to testify as to non-privileged information regarding this topic.

**REQUEST NO. 7:**

Any patents or patent applications filed by Google that describe any aspect of the Accused Products; any continuations, continuations-in-part, or divisions thereof; and any reissues or extensions thereof.

**RESPONSE TO REQUEST NO. 7:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is vague and ambiguous as to the terms "describe any aspect of the Accused Products"; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google will produce a witness to testify as to non-privileged information regarding patents or patent applications filed by Google related to the accused MXU in TPU v2 and TPU v3.

**REQUEST NO. 8:**

Sworn testimony, including but not limited to deposition and trial testimony, by Google or anyone testifying on Google's behalf in any proceeding relating to the Accused Products.

**RESPONSE TO REQUEST NO. 8:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (2) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (3) it is not reasonably limited to a time period relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 9:**

Acquisitions, licenses, patent licenses, settlement agreements, covenants not to sue, or other agreements entered into by Google relating to the Accused Products.

**RESPONSE TO REQUEST NO. 9:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is vague and ambiguous as to the term "relating to the Accused Products"; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or common interest or joint defense privilege.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify as to non-privileged information regarding Google agreements with third parties relating to the alleged infringing functionality of the Accused Products.

**REQUEST NO. 10:**

Revenues, costs and/or expenses, and profits for the Accused Products or any products or services (including the Accused Services) making use of the Accused Products.

**RESPONSE TO REQUEST NO. 10:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definitions of

8

"Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions are broader than or otherwise different from those disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is vague and ambiguous as to the term "any products or services"; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is irrelevant, overbroad, and unduly burdensome insofar as it is not directed to elements, aspects, or functionalities of the specific accused products at issue in this case.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding costs and expenses related to the use of the accused TPU v2 and TPU v3 and the profits and losses related to Google's Cloud TPU products/services within the United States.

**REQUEST NO. 11:**

Research and development costs and expenses relating to the Accused Products.

**RESPONSE TO REQUEST NO. 11:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is duplicative of Request No. 2; (3) it is overbroad and unduly burdensome insofar as it seeks "costs and expenses relating to the Accused Products."

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding Google's research and development costs and expenses relating to the accused TPU v2 and TPU v3.

**REQUEST NO. 12:**

Projections for sales, use or cost savings related to the Accused Products, or for any products or services (including the Accused Services) making use of the Accused Products.

**RESPONSE TO REQUEST NO. 12:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definitions of "Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions are broader than or otherwise different from those disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is duplicative of Request No. 10; (3) it is overbroad and unduly burdensome insofar as it seeks testimony as to all "[p]rojections for sales, use or cost savings related to the Accused Products" and "any products or services (including the Accused Services) making use of the Accused Products."

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding costs and expenses related to the use of the accused TPU v2 and TPU v3 and the profits and losses related to Google's Cloud TPU products/services within the United States.

**REQUEST NO. 13:**

Development profit and loss statements for the Accused Products, or any products or services (including the Accused Services) making use of the Accused Products.

**RESPONSE TO REQUEST NO. 13:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definitions of "Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions are broader than or otherwise different from those disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is duplicative of Requests Nos. 10 and 11; (3) it is overbroad and unduly burdensome insofar as it seeks testimony as to "any products or services (including the Accused Services) making use of the Accused Products"; (4) it is vague and ambiguous as to the term "[d]evelopment profit and loss statements."

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding costs and expenses related to the use of the accused TPU v2 and TPU v3 and the profits and losses related to Google's Cloud TPU products/services within the United States.

**REQUEST NO. 14:**

Google's publicly-disclosed financial statements.

**RESPONSE TO REQUEST NO. 14:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (2) it is overbroad and unduly burdensome insofar as it sees testimony related to all of Google's financial statements which are not relevant to a claim or defense and not proportional to the needs of the case; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 15:**

The monetary and/or nonmonetary value that Google and its customers and end users of the Accused Products and Accused Services attribute to the features of the Accused Products, including the existence and substance of any related studies, surveys, presentations, reports, or other similar documentation.

**RESPONSE TO REQUEST NO. 15:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definitions of

"Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions are broader than or otherwise different from those disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is duplicative of Requests Nos. 5 and/or 10; (3) it is vague and ambiguous as to the term "nonmonetary value"; (4) it seeks third parties' information that is not in Google's possession, custody or control.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 16:**

Presentations, whether written, verbal, recorded, televised and/or broadcast (via the Internet or otherwise), concerning the Accused Products and Accused Services.

**RESPONSE TO REQUEST NO. 16:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definitions of "Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions are broader than or otherwise different from those disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is overbroad and unduly burdensome insofar as it sees testimony related to any presentation "concerning the Accused Products and Accused Services," which are not relevant to a claim or defense and not proportional to the needs of the case; (3) it seeks third parties' information that is not in Google's possession, custody or control; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (6) it does not describe the matters for examination with reasonable particularity; (7) it seeks testimony as to presentations already the subject of the individual deposition of Google's David Patterson.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 17:**

Internal analyses or market studies prepared by (or for) Google concerning the importance or benefits of the Accused Products and Accused Services, including any features or components thereof.

**RESPONSE TO REQUEST NO. 17:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definitions of "Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions are broader than or otherwise different from those disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (3) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or common interest or joint defense privilege; (4) it is duplicative of Request No. 5; (5) it is overbroad and unduly burdensome insofar as it sees testimony related to any analyses or studies "concerning . . . the Accused Products and Accused Services," which are not relevant to a claim or defense and not proportional to the needs of the case; (6) it seeks third parties' information that is not in Google's possession, custody or control.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 18:**

Profit and loss (P&L) statements of any product group or business segment(s) responsible (or formerly responsible) for the Accused Products or Accused Services.

**RESPONSE TO REQUEST NO. 18:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definitions of "Accused Products" and "Accused Services" in paragraphs 3 and 4 of Singular's Definitions are broader than or otherwise different from those disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is duplicative of Request No. 10; (3) it is overbroad and unduly burdensome insofar as it sees testimony related to any P&L statement for any business related to the Accused Products and Accused Services, which is not relevant to a claim or defense and not proportional to the needs of the case; (4) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (5) it is vague and ambiguous as to the term "responsible (or formerly responsible for)".

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding costs and expenses related to the use of the accused TPU v2 and TPU v3 and the profits and losses related to Google's Cloud TPU products/services within the United States.

**REQUEST NO. 19:**

Product Requirement Documents (PRD) or similar development planning documents concerning the Accused Products.

**RESPONSE TO REQUEST NO. 19:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local

Rule 16.6(d)(1)(A); (2) it is duplicative of Requests Nos. 2 and 11; (3) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding Google's development and implementation of the Accused Products.

## REQUEST NO. 20:

Capital asset requests and analyses associated with developing Google's data centers without the Accused Products.

## RESPONSE TO REQUEST NO. 20:

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is vague and ambiguous as to the term "Capital asset requests and analyses associated with developing"; (3) it prematurely seeks expert opinions or analysis; (4) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (5) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (6) it is not reasonably limited to a time period relevant to this litigation; (7) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (8) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 21:**

Google's long-term capital investment plans relating to its data centers.

**RESPONSE TO REQUEST NO. 21:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the term "long-term capital investment plans"; (2) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 22:**

Projections of Google's long-term data center needs and shortfalls.

**RESPONSE TO REQUEST NO. 22:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the term "long-term data center needs and shortfalls"; (2) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (6) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 23:**

Capital asset requests and analyses associated with developing Googles data centers with the Accused Products.

**RESPONSE TO REQUEST NO. 23:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the term "Capital asset requests and analyses associated with"; (2) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (6) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (7) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 24:**

Operating budgets and plans for Google data centers operating with and without the Accused Products, including without limitation size and energy requirements.

**RESPONSE TO REQUEST NO. 24:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the term "Capital asset requests and analyses associated with"; (2) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it does not describe the matters for examination with reasonable particularity; (6) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (7) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (8) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 25:**

Profit and loss statements or other financial analyses prepared by Google related to the actual operation of its data centers with and without the Accused Products.

**RESPONSE TO REQUEST NO. 25:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the term "actual operation of its data centers"; (2) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (3) it is not reasonably limited to the jurisdictional reach of

the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (6) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 26:**

Google's business planning, long-term capital expenditure plans, or other studies from prior to the use of the Accused Products.

**RESPONSE TO REQUEST NO. 26:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the term "long-term capital expenditure plans"; (2) it is overbroad and unduly burdensome insofar as it seeks information regarding *all* of Google's business plans which are not relevant or proportional to the needs of this case; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (6) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (7) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 27:**

Google's decision to invest in designing and making the TPU v.2 and TPU v.3 in-house, including business analyses, capital asset requests, research and development expenditure requests, research and development reports and presentations related to the development of the Accused Products, and presentations to management and/or Google's board to support the decision to implement the Accused Products.

**RESPONSE TO REQUEST NO. 27:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the terms "business analyses," "capital asset requests," and "in-house"; (2) it is duplicative of Request No. 11; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (6) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege or the work product doctrine; (7) it seeks the disclosure of expert analyses and opinions prior to the date ordered by the Court; (8) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding Google's decision to use the accused TPU v2 and TPU v3s in Google's data centers within the United States.

**REQUEST NO. 28:**

The fabrication of the Accused Products, including costs of fabrication and testing of the Accused Products.

**RESPONSE TO REQUEST NO. 28:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is vague and ambiguous as to the terms "business analyses," "capital asset requests," and "in-house"; (2) it is duplicative of Request No. 11; (3) it seeks third parties' information that is not in Google's possession, custody or control; (4) it is not reasonably limited to a time period relevant to this litigation; (5) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (6) it is duplicative of Request No. 11.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 29:**

Budgets and forecasts relating to the development and operation of all Google Cloud businesses, including Cloud Platform, Cloud AI, and Cloud TPU.

**RESPONSE TO REQUEST NO. 29:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is duplicative of Request No. 12; (2) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (3) it seeks testimony that is neither relevant nor proportional to the needs of the case as it is not directed to elements, aspects, or functionalities of the specific accused products at issue in this case; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not reasonably limited to the jurisdictional reach of the United States patent laws.

21

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding costs and expenses related to the use of the accused TPU v2 and TPU v3 and the profits and losses related to Google's Cloud TPU products/services within the United States.

**REQUEST NO. 30:**

Google's projected or actual revenues, costs and profits from the operation of all Google Cloud businesses, including Cloud Platform, Cloud AI, and Cloud TPU, or any other Google service or business that makes use of the Accused Products.

**RESPONSE TO REQUEST NO. 30:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is duplicative of Requests Nos. 12 and 29; (2) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (3) it seeks testimony that is neither relevant nor proportional to the needs of the case as it is not directed to elements, aspects, or functionalities of the specific accused products at issue in this case; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not reasonably limited to the jurisdictional reach of the United States patent laws.

Subject to, constrained by, and without waiving any of these objections, Google will designate one or more witnesses to testify regarding costs and expenses related to the use of the accused TPU v2 and TPU v3 and the profits and losses related to Google's Cloud TPU products/services within the United States.

**REQUEST NO. 31:**

Studies, analyses, and tests of the technical and cost benefits, including energy, maintenance, GPU purchases, and IT infrastructure technical and costs benefits due to the consolidation of Neural Networks training and inference on TPU v.2

**RESPONSE TO REQUEST NO. 31:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is duplicative of Requests No. 5; (2) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (3) it seeks testimony that is neither relevant nor proportional to the needs of the case as it is not directed to elements, aspects, or functionalities of the specific accused products at issue in this case; (4) it is not reasonably limited to a time period relevant to this litigation; (5) it is not reasonably limited to the jurisdictional reach of the United States patent laws.

Subject to, constrained by, and without waiving any of these objections, Google will produce one or more witnesses to testify about comparisons between the accused TPU v2 and TPU v3 and alternatives for machine-learning training.

**REQUEST NO. 32:**

Quantifications, evaluations and estimates of the value to Google of the benefits of using the Accused Products, including, but not limited to, improved search results, advertising placement, increases in volume of search and advertising, increased revenues, profits, advertising rates, and/or click-through rates.

**RESPONSE TO REQUEST NO. 32:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is duplicative of Requests No. 5; (2) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (3) it seeks testimony that is neither relevant nor proportional to the needs of the case as it is not directed to elements, aspects, or functionalities of the specific accused products at issue in this case; (4) it is not reasonably

23

limited to a time period relevant to this litigation; (5) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (6) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 33:**

Incremental benefits, including increased revenues or profits projected or earned by Google from sale or use of the Accused Products compared to other architectures.

**RESPONSE TO REQUEST NO. 33:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is duplicative of Requests Nos. 5 and/or 10; (2) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (3) it is vague and ambiguous as to the term "incremental benefits" and "other architectures"; (4) it does not describe the matters for examination with reasonable particularity; (5) it seeks the disclosure of expert analyses and opinions prior to the date ordered by the Court; (6) it is not reasonably limited to a time period relevant to this litigation; (7) it is not reasonably limited to the jurisdictional reach of the United States patent laws.

Subject to, constrained by, and without waiving any of these objections, Google will produce one or more witnesses to testify about comparisons between the accused TPU v2 and TPU v3 and alternatives for machine-learning training.

**REQUEST NO. 34:**

Google's alleged conception, design, development and testing of the "bfloat16" number format and its use of the "bfloat16" number format in the Accused Products.

**RESPONSE TO REQUEST NO. 34:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is duplicative of other discovery already propounded and answered in this case, including Singular's Interrogatory No. 11; (3) it is vague and ambiguous as to the term "conception"; (4) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome.

Subject to, constrained by, and without waiving any of these objections, Google will produce one or more witnesses to testify about Google's decision to use the bfloat16 number format for the MXU in TPU v2 and TPU v3.

**REQUEST NO. 35:**

The identity of all employee(s) at Google who allegedly first conceived of the "bfloat16" number format and any applications thereof, including its use in the Accused Products.

**RESPONSE TO REQUEST NO. 35:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (2) it is duplicative of other discovery already propounded and answered in this case, including Singular's Interrogatory No. 11; (3) it is vague and ambiguous as to the term "conception"; (4) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 36:**

As of 2017, the average cost to build and to maintain a data center.

**RESPONSE TO REQUEST NO. 36:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (2) it is not reasonably limited to a time period relevant to this litigation; (3) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's data centers that is not relevant or proportional to the needs of this case; (4) it seeks information that is not in Google's possession, custody or control.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 37:**

As of 2017, Google's corporate return on investment (ROI) policy.

**RESPONSE TO REQUEST NO. 37:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (2) it is not reasonably limited to a time period relevant to this litigation; (3) it is overbroad and unduly burdensome insofar as it seeks information regarding Google's corporate policies that is not relevant or proportional to the needs of this case; (4) it is vague and ambiguous as to the term "return on investment (ROI) policy."

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 38:**

Sebastian Thrun's involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Sebastian Thrun referring or relating to the Accused Products.

**RESPONSE TO REQUEST NO. 38:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (2) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 39:**

Quoc Le's involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Quoc Le referring or relating to the Accused Products.

**RESPONSE TO REQUEST NO. 39:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (2) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 40:**

Andrew Phelps' involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Andrew Phelps referring or relating to the Accused Products.

**RESPONSE TO REQUEST NO. 40:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (2) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 41:**

Astro Teller's involvement in the design, development, testing, use, and launch of the Accused Products, including the contents of any internal communications, documents, presentations, reports, investigations, emails, memoranda, or any other document authored, received, or reviewed by Astro Teller referring or relating to the Accused Products.

**RESPONSE TO REQUEST NO. 41:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is not an appropriate Rule 30(b)(6) deposition topic and seeks information that is more efficiently obtained through other forms of discovery that are less burdensome; (2) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A).

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 42:**

Analyses of the relative benefits, performance, and cost prepared by or for Google of any non-infringing alternatives or acceptable substitutes for the Accused Products.

**RESPONSE TO REQUEST NO. 42:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is duplicative of Requests Nos. 5 and/or 10; (2) the definition of "Accused Products" in paragraph 3 of Singular's

Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (3) it is vague and ambiguous as to the term "benefits" and "performance"; (4) it does not describe the matters for examination with reasonable particularity; (5) it seeks the disclosure of expert analyses and opinions prior to the date ordered by the Court; (6) it is not reasonably limited to a time period relevant to this litigation; (7) it is not reasonably limited to the jurisdictional reach of the United States patent laws; (8) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or common interest or joint defense privilege.

Subject to, constrained by, and without waiving any of these objections, Google will produce one or more witnesses to testify about comparisons between the accused TPU v2 and TPU v3 and alternatives for machine-learning training.

**REQUEST NO. 43:**

Google's cost of capital for tangible and intangible assets, project-specific discount rates, and/or weighted average cost of capital.

**RESPONSE TO REQUEST NO. 43:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is overbroad and unduly burdensome insofar as it seeks testimony regarding financial data that have no relation to the accused products or any issue in dispute in this litigation; (2) it is not reasonably limited to a time period relevant to this litigation; (3) it is not reasonably limited to the jurisdictional reach of the United States patent laws.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

**REQUEST NO. 44:**

Comparisons of the Accused Products (and/or features and functions thereof) to any other product of Defendant and/or of any other entity (and/or features and functions thereof).

**RESPONSE TO REQUEST NO. 44:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is duplicative of Requests Nos. 5 and/or 10; (2) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (3) it is overbroad and unduly burdensome insofar as it seeks testimony regarding "any other product of Defendant" that have no relation to the accused products or any issue in dispute in this litigation; (4) it is overly broad and unduly burdensome on the grounds that it seeks information unrelated to Google and/or not in Google's possession, custody or control.

Subject to, constrained by, and without waiving any of these objections, Google will produce one or more witnesses to testify about comparisons between the accused TPU v2 and TPU v3 and alternatives for machine-learning training.

**REQUEST NO. 45:**

Studies by Google or third parties discussing the benefits of using the Accused Products as opposed to other products, computer systems, devices, and other hardware/software having architectures that differ from those used by the Accused Products.

**RESPONSE TO REQUEST NO. 45:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is duplicative of Requests Nos. 5, 10, and/or 44; (2) the definition of "Accused Products" in paragraph 3 of Singular's Definitions is broader than or otherwise different from that disclosed in Singular's Infringement Contentions pursuant to Patent Local Rule 16.6(d)(1)(A); (3) it is overbroad and unduly burdensome insofar as it seeks testimony regarding "any other hardware/software" that

31

have no relation to the accused products or any issue in dispute in this litigation; (4) it is overly broad and unduly burdensome on the grounds that it seeks information unrelated to Google and/or not in Google's possession, custody or control.

Subject to, constrained by, and without waiving any of these objections, Google will produce one or more witnesses to testify about comparisons between the accused TPU v2 and TPU v3 and alternatives for machine-learning training.

**REQUEST NO. 46:**

Google's acquisition of DeepMind Technologies, including without limitaiton [*sic*] purchase price allocations, the purchase rationale, board approvals, and studies and analyses of the activities of DeepMind Technologies prepared by or for Google.

**RESPONSE TO REQUEST NO. 46:**

In addition to the above Objections to Definitions and Instructions, incorporated herein by reference, Google specifically objects to this topic on the grounds that: (1) it is overbroad and unduly burdensome insofar as it seeks testimony regarding DeepMind Technologies, which has no relation to the accused products or any issue in dispute in this litigation; (2) it seeks proprietary trade secret or other confidential or competitively sensitive materials that are not relevant to this litigation; (3) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or common interest or joint defense privilege.

Subject to, constrained by, and without waiving any of these objections, Google is willing to meet and confer to discuss the scope and relevance of producing a witness or witnesses to testify regarding this topic, if any.

1687988

Dated:  May 12, 2021

Respectfully submitted,

By:     */s/ Matthias Kamber*
        Gregory F. Corbett (BBO #646394)
        gregory.corbett@wolfgreenfield.com
        Nathan R. Speed (BBO # 670249)
        nathan.speed@wolfgreenfield.com
        Elizabeth A. DiMarco (BBO #681921)
        elizabeth.dimarco@wolfgreenfield.com
        WOLF, GREENFIELD & SACKS, P.C.
        600 Atlantic Avenue
        Boston, MA 02210
        Telephone: (617) 646-8000
        Fax: (617) 646-8646

        Asim Bhansali (*pro hac vice*)
        abhansali@kblfirm.com
        KWUN BHANSALI LAZARUS LLP
        555 Montgomery Street, Suite 750
        San Francisco, CA 94111

        Matthias Kamber (*pro hac vice*)
        mkamber@keker.com
        KEKER, VAN NEST & PETERS LLP
        633 Battery Street
        San Francisco, CA 94111-1809

        *Attorneys for Defendant Google LLC*

33

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made.  I am over the age of eighteen years and not a party to the within action.  My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On **May 12, 2021**, I served the following document(s):

### DEFENDANT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S RULE 30(B)(6) NOTICE OF DEPOSITION

☑   by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

*Counsel for Plaintiff Singular Computing LLC*

| | |
|---|---|
| Paul J. Hayes | phayes@princelobel.com |
| Matthew D. Vella | mvella@princelobel.com |
| Kevin Gannon | kgannon@princelobel.com |
| Daniel McGonagle | dmcgonagle@princelobel.com |
| Michael J. Ercolini | mercolini@princelobel.com |
| PRINCE LOBEL TYE LLP | singular@princelobel.com |
| One International Place, Suite 3700 | |
| Boston, MA 02110 | |
| Tel: (617) 456-8000 | |

Executed on **May 12, 2021**, at San Francisco, California.  I declare under penalty of perjury that the foregoing is true and correct.

Julie A. Selby

34