UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>REDACTED VERSION |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR EXPEDITED BRIEFING AND TO COMPEL
PRODUCTION OF DOCUMENTS

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian M. Seeve (BBO #670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

Pursuant to Fed. R. Civ. P. 37(a)(3)(B), plaintiff, Singular Computing LLC ("Singular"), hereby moves to compel production of documents responsive to Plaintiff Singular Computing LLC's Second Set of Requests for Production Nos. 103, 104, 105, 106, 107, 108, 110, 111, 112, 113, and 115.

## I.    FACTS

### A. Nature of the Case

Singular filed the Complaint in this case more than 18 months ago. *See* Dkt. No. 1. Since that time, Google has continually resisted discovery and twice asked this Court to stay the proceedings pending resolution of *inter partes review* ("IPR") proceedings in Google's preferred forum, the Patent Trial and Appeal Board ("PTAB"). Fact discovery closes on July 23, 2021, but key depositions must still take place, and to allow Singular to prepare for these depositions Google must produce highly relevant documents in a timely manner. To date, Google has failed to produce this key information.

### B. The Discovery Dispute and Singular's Compliance with L.R. 37.1

On April 27, 2021, Singular served a narrowly tailored, discrete set of Requests for Production that included a targeted selection of documents. The requests for production were compiled following Singular's review of Google's document production that was allegedly substantially completed as of March 26, 2021.

The documents sought are highly relevant to two primary issues in this case: infringement and damages. Singular requested information concerning the detailed functional descriptions for, and revenues derived from, the Accused Products. For example:

**REQUEST FOR PRODUCTION NO. 103:**
The final versions of the VPU micro-architecture specification for TPU v2 and TPU v3.
**Google's Response:**

1

Google will produce non-privileged responsive documents reflecting the VPU micro-architecture of TPU v2 and TPU v3, to the extent those documents have not already been produced, are within Google's possession, custody, or control, and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 104:**

The final versions of the MXU micro-architecture specification for TPU v2 and TPU v3.

**Google's Response:**

Google will produce non-privileged responsive documents reflecting the MXU micro-architecture of TPU v2 and TPU v3, to the extent those documents have not already been produced, are within Google's possession, custody, or control, and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 105:**

The final versions of the TensorCore chip architecture specification for TPU v2 and TPU v3.

**Google's Response:**

Google will produce non-privileged responsive documents reflecting the TensorCore chip architecture specification for TPU v2 and TPU v3, to the extent those documents have not already been produced, are within Google's possession, custody, or control, and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 106:**

The current versions of the VPU micro-architecture specification, the MXU micro-architecture specification, and the TensorCore chip architecture specification for any future TPU products currently in development (including the products known as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

**Google's Response:**

Google will produce non-privileged responsive documents reflecting the VPU, MXU, and TensorCore chip architecture specifications for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, to the extent those documents have not already been produced, are within Google's possession, custody, or control, and can be located after a reasonably diligent search.

*See* Exhibit A to the Declaration of D. McGonagle.

These documents were required to be produced as part of Google's L.R. 16.6(d) Automatic Patent Related Disclosures. During Singular's review of Google's production, Singular became aware that *drafts* of these functional descriptions had been produced with no way to discern whether or not these drafts *actually* describe how the Accused Products operate. In an attempt to avoid intervention of the Court, Singular requested that Google identify whether

2

or not the final versions of the requested specifications had been produced and, if so, identify those by production number. *See* Ex. B, Email dated June 11, 2021. Instead, during the course of a meet and confer on June 15th, Google's counsel argued that they were not required to identify any documents responsive to Singular's requests. Google further indicated that Singular needed to obtain this information (*i.e.*, whether the functional specifications in question are final or not) from Google's witnesses during the course of depositions.[1] Google further indicated that after a reasonably diligent search, they have no further documents or other information to produce responsive to these Requests; but tellingly, <u>Google refused to say that documents responsive to our Requests do not exist</u>. Such vague representations contradict the intent of both the Federal Rules of Civil Procedure and this Court's own Local Rules. *See* Fed.R.Civ.P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond"); *see also Skyhook Wireless, Inc. v. Google, Inc.*, No. CIV.A. 10-11571-RWZ, 2013 WL 5933926, at *1 (D. Mass. Oct. 30, 2013)("[D]efendant's assurance that it will provide "sufficient" documents in these categories is also improper because defendant is not entitled to determine what is sufficient for plaintiff's case").

Singular's review further identified a number of documents which were cited via hyperlinks, contained *within* documents that Google produced but that were not themselves included in Google's production, which prompted the following Requests:

**REQUEST FOR PRODUCTION NO. 107:**
All documents available at go/datacenter-ml-metrics.
**Google's Response:**
Google will produce non-privileged material located at go/datacenter-ml-metrics (if any), to the extent it is relevant and has not already been produced.
**REQUEST FOR PRODUTION NO. 108:**

---

[1] Despite its representations during the parties' Meet and Confer, Google has refused to schedule a Rule 30(b)(6) deposition to allow Singular to learn this key information.

3

All documents available at go/perf-metric-tpus.

**Google's Response:**

Google will produce non-privileged material located at go/perf-metric-tpus (if any), to the extent it is relevant and has not already been produced.

**REQUEST FOR PRODUCTION NO. 110:**

All documents available at go/pfc-mxu-spec.

**Google's Response:**

Google will produce non-privileged material located at go/pfc-mxu-spec (if any), to the extent it is relevant and has not already been produced.

**REQUEST FOR PRODUCTION NO. 111:**

All documents available at go/pfc-vpu-spec.

**Google's Response:**

Google will produce non-privileged material located at go/pfc-vpu-spec (if any), to the extent it is relevant and has not already been produced

**REQUEST FOR PRODUCTION NO. 112:**

All documents available at go/pfc-tcs-spec.

**Google's Response:**

Google will produce non-privileged material available at go/pfc-tcs-spec (if any), to the extent it is relevant and has not already been produced.

**REQUEST FOR PRODUCTION NO. 113:**

Any figure or diagram that is referenced or mentioned by citation, hyperlink, or otherwise in any of the documents produced responsive to Requests Nos. [103-112] 1-10.

**Google's Response:**

Google will produce non-privileged material located at hyperlinks contained within the documents produced in response to Request Nos. 103-112 (if any), to the extent it is relevant and has not already been produced

**REQUEST FOR PRODUCTION NO. 115:**

All documents referenced or mentioned by citation, hyperlink, or otherwise in any of the following documents:

    a) GOOG-SING-00002124

    b) GOOG-SING-00070606

    c) GOOG-SING-00026944

    d) GOOG-SING-00000221

    e) GOOG-SING-00004490

    f) GOOG-SING-00047550

      g) GOOG-SING-00027474
      h) GOOG-SING-00000387
      i) GOOG-SING-00027477
      j) GOOG-SING-00030789
      k) GOOG-SING-00041189

**Google's Response:**

Google will produce non-privileged material located at hyperlinks contained within the documents listed above (if any), to the extent it is relevant and has not already been produced. *See* Ex. A.

      To avoid intervention of the Court and to provide Google with absolute clarity regarding the documents Singular was seeking, on April 27, 2021, Singular served Plaintiff's Second Set of Requests for Production. That was nearly two months ago. Google served their objections in response to Singular's RFPs, but failed to produce any documents.[2] It is apparent from the Requests themselves that the material is very specific and would merely require Google to click the relevant link and produce the results. Instead, they offered to *potentially* produce responsive documents at some undisclosed later date. Fact discovery closes on July 23rd. Google has refused to identify any relevant witness on any noticed Rule 30(b)(6) topic. As a result, depositions in this case will have to fit into a very narrow schedule. Google's continued gamesmanship with respect to documents cannot continue if Singular has to prepare to take all of the relevant depositions in this case.

      Google's attempts to limit and delay discovery in this case are nothing new. Google's strategy from the start of this litigation has been to delay all discovery from taking place in order to withhold necessary information from Singular, all the while banking on staying this case

---

[2] In a transparent attempt to prevent the Court from learning the details of Google's failure to meet its discovery obligations by avoiding this Motion to Compel, Google produced a total of 95 pages of documents on Thursday, July 17th, which are wholly unresponsive to any of Singular's Requests discussed herein.

pending an IPR. The Court has now decided that discovery must commence. *See* Dkt No. 212. Singular is the party with the heaviest burden of proof (which it bears, for example, on the issues of damages and infringement, the subject of the Requests discussed here) and is now being forced to file a seemingly endless series of motions to obtain basic information needed to properly prove its claims. This Motion presents further evidence that Google was betting that discovery would be stayed in response to their most recent Motion to Stay (Dkt. No. 181) and purposefully dragged its feet in responding to discovery requests.

## II.      LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(b), a party may obtain discovery regarding any non-privileged matter that is "reasonably calculated to lead to the discovery of admissible evidence."

As "discovery itself is designed to help define and clarify the issues," the limits set forth in Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Further, the Supreme Court long ago determined that the Federal Rules of Civil Procedure are to be construed liberally in favor of discovery. *Hickman v. Taylor,* 329 U.S. 495, 507 (1947); *see also SEC v. Sargent,* 229 F.3d 68, 80 (1st Cir. 2000) (quoting *Hickman*). "The scope of discovery is very broad, and 'information is discoverable if there is any possibility it might be relevant to the subject matter of the action,' even if it 'is not directly related to the subject of the underlying litigation.'"*Gulbankian v. MW Mfrs., Inc.*, No. CIV.A. 10-10392-RWZ, 2013 WL 2146868, at *1 (D. Mass. May 15, 2013)(internal citations omitted).

### III.     ARGUMENT

#### A. Request for Production Nos. 103-106

These Requests are for functional specifications for core features within the Accused Products. This information is highly relevant to allow for Plaintiff's to understand how the Accused Products operate. In fact, Local Rule 16.6(d)(4)(A) expressly requires automatic production of these exact documents. ("[d]ocuments sufficient to show the composition, operation, construction, and performance of the accused components, elements, or functionality identified in the patentee's infringement claim charts."). To avoid Court intervention and expedite resolution of the issue, Plaintiff served the Requests Nos. 103-106 to gather this information, rather than file a motion to compel compliance with the relevant Local Rule. Google has now responded that they have nothing further to produce after a reasonably diligent search but that they cannot say that documents responsive to our Requests do not exist. They have further refused to identify which specific documents that have already been produced responsive to these exact Requests, if any.

There is no question that documents responsive to Singular's RFPs, which show the composition, operation, construction, and performance of the Accused Products, exist. Google has produced several such documents in incomplete, draft form. For example, GOOG-SING-00048553 (Ex. C) and GOOG-SING-00075793 (Ex. D) are both different, incomplete drafts of a document called ▮▮▮▮▮▮▮▮ (the subject of Singular's RFP No. 104), both of which include comments in the margins indicating that these draft documents are non-final works in progress. Similarly, GOOG-SING-00079853 (Ex. E) and GOOG-SING-00082576 (Ex. F) are both different, incomplete drafts of a document called ▮▮▮▮▮▮▮▮ (the subject of

7

Singular's RFP No. 103) with similar features indicating that both documents are non-final versions of a specification that is a work in progress.

Final and complete versions of these documents (and the other documents like it that Singular has asked for in its Second Set of RFPs) clearly relate to the operation of the Accused Products and should have been produced more than six months ago pursuant to Local Rule 16.6(d)(4)(A). Now, weeks before the close of fact discovery and days before the depositions of key fact witnesses, Google has yet to produce them, and refuses to do so.

### B. Request for Production Nos. 107, 108, 110-113, 115

These Requests seek the production of key information that should have already been produced. These Requests ask for the production of documents that are relied upon in key documents for in-depth analysis regarding two key issues in this case, infringement and damages. For example, the document produced at GOOG-SING-00026944.R (Ex. G) ███████ ████████████████████████████████████████████████████████████ ███████████████████████████ The document was produced with comments, presumably from members within Google who had access to this document, and specifically details that a ████████████████████████████████████████████████████ The document includes only vague references to specific dollar amounts such as ████████████████ ████████████ which makes understanding the document impossible. Presumably, the ████████████████ of the document includes exact figures as suggested by the comments embedded into the document itself, but Singular will not know until Google is compelled to make this production.

With discovery coming to a close, there is simply no time left to wait. Accordingly, Plaintiff respectfully requests that Google be compelled to respond fully to the above-cited

Requests. If documents have been produced responsive to these Requests, Google should be compelled to identify those Bates number.

### C. Expedited Briefing is Essential to Secure Production of Necessary Documents Prior to the End of Fact Discovery

District courts have broad discretionary powers to manage cases, including pretrial discovery. *See Maynard v. CIA*, 986 F.2d 547, 567 (1st Cir. 1993). Here, Google delayed the production of key documents to prejudice Singular's ability to properly prepare for depositions. As a result, expedited briefing is necessary to obtain production of relevant documents in advance of key depositions of Google's Rule 30(b)(6) witness(es). Allowing a traditional briefing schedule for this issue severely inhibits Singular's ability to take follow up discovery should any issues or documents need further clarification. This is particularly true when the deadline for discovery is July 23rd.

### IV. CONCLUSION

For the foregoing reasons, Singular respectfully requests that the Court grant this motion to compel and order Google to produce documents responsive to the above-cited Requests or identify responsive documents by Production number.

| | |
|---|---|
| Dated: June 22, 2021 | Respectfully submitted,<br><br>*/s/ Paul Hayes*<br>Paul J. Hayes (BBO #227000)<br>Matthew D. Vella (BBO #660171)<br>Kevin Gannon (BBO #640931)<br>Daniel McGonagle (BBO #690084)<br>Brian M. Seeve (BBO #670455)<br>**PRINCE LOBEL TYE LLP**<br>One International Place, Suite 3700<br>Boston, MA 02110<br>Tel: (617) 456-8000<br>Fax: (617) 456-8100<br>Email: phayes@princelobel.com<br>Email: mvella@princelobel.com<br>Email: kgannon@princelobel.com<br>Email: dmcgonagle@princelobel.com<br>Email: bseeve@princelobel.com<br><br>ATTORNEYS FOR THE PLAINTIFF |

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Paul J. Hayes*