# Exhibit B

| | |
|---|---|
| **From:** | Christopher S. Sun |
| **Sent:** | Monday, June 28, 2021 6:10 PM |
| **To:** | Seeve, Brian; Anna Porto |
| **Cc:** | singular@princelobel.com; kvp-singular; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com |
| **Subject:** | RE: Singular Computing LLC v. Google LLC, No. 1:19-cv-12551-FDS |

Hi Brian,

I'm writing to memorialize what the parties discussed during the meet and confer call today.

Regarding our meet and confer on the discovery issues in the letter we sent on June 22nd, you said that Singular intends to supplement Interrogatory Nos. 8 and 11.  You also said that Singular would look into RFP Nos. 17, 25, and 56, and produce responsive documents if they exist.

Regarding our meet and confer on Singular's interrogatories and RFPs, and as we discussed during our call, we don't believe Singular's conduct to date has represented a good faith attempt to resolve the parties' disputes. As the correspondence below demonstrates, after Google requested to meet and confer regarding its discovery requests, Singular unilaterally demanded that Google agree to meet and confer regarding Singular's interrogatories at the same time. We offered to meet and confer later this week, but you refused and provided no explanation as to why. Singular's demand that the parties meet and confer at a particular time—and no other—violates the spirit of the Local Rules. As a courtesy, I rearranged my schedule to accommodate Singular's demand. But Singular's refusal to cooperate on the simple act of scheduling a meet and confer suggests that it is not trying to resolve the parties' disputes, but is instead trying to clear a procedural hurdle before filing a motion to compel. That is not what the meet and confer requirement is intended to accomplish.

The parties' meet and confer was further hampered by Singular's refusal to notify Google in advance of what it specifically wanted to discuss—a courtesy that Google afforded Singular by sending a letter outlining topics of discussion before requesting a meet and confer on Singular's responses to Google's interrogatories. Had Singular provided, in advance of the call, details about its concerns and/or why the requested information was important to Singular's claims, we could have better prepared for the conference by discussing those concerns internally  and with our client so that we could put forward more concrete proposals and compromises. That trend continued during our conference, where Singular steadfastly refused to respond to any of our questions regarding what specific information its particular RFPs and interrogatories were seeking and why that information is relevant to Singular's claims. Instead, Singular asserted that the relevance of the information was self-evident. I asked Singular to explain the relevance anyways, as a courtesy. But Singular, again, refused. Instead, it asserted that the various requests concerned its damages theory without identifying what the theory was or how the requested information related to it.

As I noted during the call, Google is entitled to an explanation regarding why the information sought is relevant so that it can assess whether production of the information is appropriate and whether it is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1) (" Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."); *Andritz Sprout-Bauer, Inc. v. Beazer E., Inc.*, 174 F.R.D. 609, 631 (M.D. Pa. 1997) ("Once an objection has been raised on relevancy grounds, the party seeking discovery must demonstrate that the request is within the scope of Fed. R. Civ. P. 26(b)). Simply asserting that discovery concerns Singular's damages theory isn't sufficient. *See Allen v. Howmedica Leibinger, GmhH*, 190 F.R.D. 518, 524 (W.D. Tenn. 1999) (denying discovery where plaintiff failed to demonstrate relevance to damages).  We want to reach compromises on these requests, but we simply cannot do so if Singular refuses to even engage on the issue of what information its requests seek and why that information is relevant.

As just one example, Singular has requested documents sufficient to show the number of "search queries" Google has performed per day since 2010, regardless of whether those searches were performed using an accused product. That's an onerous and expansive request. So we asked for an explanation as to why the information was relevant. Among other things, we asked why the number of search queries performed by non-accused products was relevant to Singular's damages theory. Singular refused to provide an explanation. Without that explanation, the parties cannot assess whether the request is proportional to the needs of the case and cannot attempt to reach a compromise position, as Local Rules 37.1(a) requires.

All of the above notwithstanding, and as we represented during the call, Google will consider the concerns Singular raised during our call and assess, to the extent we can based on the limited information Singular was willing to provide, whether there are any areas for compromise.

Chris

---

**From:** Seeve, Brian <bseeve@princelobel.com>
**Sent:** Friday, June 25, 2021 5:38 AM
**To:** Anna Porto <APorto@keker.com>
**Cc:** singular@princelobel.com; kvp-singular <kvpsingular@keker.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com
**Subject:** Re: Singular Computing LLC v. Google LLC, No. 1:19-cv-12551-FDS

[EXTERNAL]

Anna –

Yes, Monday at 11PM PT works for us. Please circulate a dial in.

As for the remainder of your requests, I'm afraid the answer is no. The meet and confer on Monday will cover both the issues raised in your letter and also the issues raised in my email yesterday. There is no time to exchange a Dickensian series of letters about every single discovery dispute before getting on the phone and discussing it.

Also, your "how many weeks has an issue been pending?" metric is not a helpful one in determining the agenda for a meet and confer. For example, one of the "issues" you mention in your letter is an interrogatory (No. 18) _to which Google admits Singular has already provided the answer last November_; to say that this issue is a low priority would be an understatement.

Singular's RFPs and Interrogatories, by contrast, cover topics that are highly relevant and on which Google has been recalcitrant to an unacceptable degree. I refer in particular to Singular's Rogs. Nos. 22, 23, 25, 26, 27, 28, 29, and 30, to which Google literally provided non-responses, indicating:

- that they are the subjects of an "ongoing investigation";
- that they somehow exceed Singular's interrogatory limit (they don't) or;
- that "Google is willing to meet and confer" regarding the scope of the request (which is irreconcilable with your subsequent refusal to meet and confer about this very same issue).

In short, on Monday's meet and confer, please be prepared to discuss the issues raised yesterday in my email and further detailed above.

**And finally, the issue that Singular finds most pressing is the status of the deposition schedule. As I indicated quite clearly to your colleague Mr. Kamber yesterday, we expect proposed dates for Mr. Phelps and Dr. Laudon immediately. But we have not yet received the requested dates. If we do not have firm dates for these two depositions by the time of our meet and confer on Monday, it will be the first item on the agenda (and possibly the only item on the agenda, as our time is limited).**

Best Regards,

Brian

---

**From:** Anna Porto <aporto@keker.com>
**Date:** Thursday, June 24, 2021 at 10:20 PM
**To:** Brian Seeve <bseeve@princelobel.com>
**Cc:** Singular <Singular@princelobel.com>, "kvpsingular@keker.com" <kvpsingular@keker.com>, "wgs-singularv.google@wolfgreenfield.com" <wgs-singularv.google@wolfgreenfield.com>, "abhansali@kblfirm.com" <abhansali@kblfirm.com>, "mkwun@kblfirm.com" <mkwun@kblfirm.com>
**Subject:** RE: Singular Computing LLC v. Google LLC, No. 1:19-cv-12551-FDS

Brian,

Given that some of the issues in our letter have been pending for several weeks, we'd like to meet-and-confer about those issues before we discuss the responses that both parties served last night. As for Google's responses to Singular's Fifth Set of Interrogatories, it would be helpful if you could articulate the specific issues that you'd like to discuss in advance of any meet-and-confer. We'll also send you a letter related to Singular's most-recent discovery responses. We'd be happy to meet and confer about Google's and Singular's most-recent discovery responses another day next week, after we exchange related letters; please let us know when you're available.

Will Monday at 11am PT work to discuss the issues in our letter?

Thanks,
Anna

---

**From:** Seeve, Brian <bseeve@princelobel.com>
**Sent:** Thursday, June 24, 2021 8:42 AM
**To:** Anna Porto <APorto@keker.com>
**Cc:** singular@princelobel.com; kvp-singular <kvpsingular@keker.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com
**Subject:** Re: Singular Computing LLC v. Google LLC, No. 1:19-cv-12551-FDS

**[EXTERNAL]**

---

Anna -

We are available to meet and confer on Monday June 28th regarding the issues raised in your correspondence. We will also use this opportunity to meet and confer about the fact that Google has failed to provide any meaningful responses to Singular's Fifth Set of Interrogatories, including but not limited to interrogatories relating to damages issues.

Please let us know your availability for a meet and confer on Monday, June 28th.

Regards,

- Brian

> On Jun 22, 2021, at 4:30 PM, Anna Porto <aporto@keker.com> wrote:
>
> Counsel,
>
> Please see attached correspondence.
>
> Best,
> Anna
>
> ---
>
> **Anna Porto**
> Keker, Van Nest & Peters LLP
> 633 Battery Street
> San Francisco, CA 94111-1890
> +14159628857 direct | 415 391 5400 main
> aporto@keker.com | vcard | keker.com
>
> <2021.06.22 Ltr to Prince Lobel from APorto.pdf>

---

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.