# Exhibit I

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

## PLAINTIFF'S RESPONSE TO DEFEDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, Singular Computing LLC ("Singular"), responds to Defendant, Google LLC ("Google"), second request for production of doucments.

## GENERAL OBJECTIONS

Singular objects to Google's Requests as:

1.      overly broad and unduly burdensome;

2.       imposing discovery obligations in excess of the applicable Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, or any order of the Court;

3.      seeking irrelevant information and documents;

4.      vague and ambiguous;

5.      seeking documents or things subject to an attorney-client privilege or work product exemption from discovery;

6.      requiring production by Singular of materials that are not within its possession, custody, or control, or that are equally accessible to Google;

7.      seeking discovery the burden or expense of which outweighs the likely benefit; and

1

8.      seeking documents or things which would require Singular to conduct any additional search of electronically stored information.

These General Objections are incorporated by reference, without restatement, into the specific responses below.

## RESPONSES

**REQUEST FOR PRODUCTION NO. 72:**

All communications with Bill Struever.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant to any claim or defense in this action. Singular further objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine. Singular further objects to this request as an improper attempt to circumvent the parties' agreed to protocol for search and production of electronically stored information (ESI).

Subject to, constrained by, and without waiving the foregoing objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are relevant; have not already been produced; are within Singular's possession, or control, or can be located after a reasonably diligent search; and do not require further search or production of Singular's electronically stored information.

**REQUEST FOR PRODUCTION NO. 73:**

All communications with Robert Colwell.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant to any claim or defense in this action.  Singular further objects to this request as an improper attempt to circumvent the parties' agreed to protocol for search and production of electronically stored information (ESI).

Subject to, constrained by, and without waiving the foregoing objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are relevant; have not already been produced; are within Singular's possession, or control, or can be located after a reasonably diligent search; and do not require further search or production of Singular's electronically stored information.

**REQUEST FOR PRODUCTION NO. 74:**

All communications with Robert Bedichek.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant to any claim or defense in this action.  Singular further objects to this request as an improper attempt to circumvent the parties' agreed to protocol for search and production of electronically stored information (ESI).

Subject to, constrained by, and without waiving the foregoing objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are relevant; have not already been produced; are within Singular's possession, or control, or can be located after a reasonably diligent search; and do not require further search or production of Singular's electronically stored information.

**REQUEST FOR PRODUCTION NO. 75:**

All communications with Fujitsu.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant to any claim or defense in this action.  Singular further objects to this request as vague with respect to the entity referred to by the request ("Fujitsu").  Singular further objects to this request to the extent it calls for information or documents protected by any non-disclosure agreement(s) that would prevent the production of such materials absent consent from any non-Singular party to such agreement(s) and where consent for the production has been withheld or denied by the non-Singular party.  Singular further objects to this request as an improper attempt to circumvent the parties' agreed to protocol for search and production of electronically stored information (ESI).

Subject to, constrained by, and without waiving the foregoing objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are relevant; have not already been produced; are within Singular's possession, or control, or can be located after a reasonably diligent search; and do not require further search or production of Singular's electronically stored information.

**REQUEST FOR PRODUCTION NO. 76:**

All communications with Dan Hammerstrom.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant

to any claim or defense in this action.  Singular further objects to this request as an improper attempt to circumvent the parties' agreed to protocol for search and production of electronically stored information (ESI).

Subject to, constrained by, and without waiving the foregoing objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are relevant; have not already been produced; are within Singular's possession, or control, or can be located after a reasonably diligent search; and do not require further search or production of Singular's electronically stored information.

**REQUEST FOR PRODUCTION NO. 77:**

All communications with Intrinsix Corp. and/or the following people from Intrinsix Corp.: Mark Beal, Steve Stecyk, and Kent Arnold.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant to any claim or defense in this action. Singular further objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine. Singular further objects to this request as an improper attempt to circumvent the parties' agreed to protocol for search and production of electronically stored information (ESI).

Subject to, constrained by, and without waiving the foregoing objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are relevant; have not already been produced; are within Singular's possession, or control, or can be located after a reasonably diligent search; and do not require further search or production of Singular's electronically stored information.

**REQUEST FOR PRODUCTION NO. 78:**

All communications with Singular advisors Josh Tenenbaum and Stephen Boyd.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant to any claim or defense in this action.  Singular further objects to this request as an improper attempt to circumvent the parties' agreed to protocol for search and production of electronically stored information (ESI).

Subject to, constrained by, and without waiving the foregoing objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are relevant; have not already been produced; are within Singular's possession, or control, or can be located after a reasonably diligent search; and do not require further search or production of Singular's electronically stored information.

**REQUEST FOR PRODUCTION NO. 79:**

All communications with the Singular interns.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant to any claim or defense in this action. Singular further objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine. Singular further objects to this request as an improper attempt to circumvent the parties' agreed to protocol for search and production of electronically stored information (ESI).

Subject to, constrained by, and without waiving the foregoing objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the

documents exist; are relevant; have not already been produced; are within Singular's possession, or control, or can be located after a reasonably diligent search; and do not require further search or production of Singular's electronically stored information.

**REQUEST FOR PRODUCTION NO. 80:**

All communications with Sandia National Laboratories, including Sandia employees Michael Holzrichter and Randy Spaulding.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant to any claim or defense in this action.  Singular further objects to this request to the extent it calls for information or documents protected by any non-disclosure agreement(s) that would prevent the production of such materials absent consent from any non-Singular party to such agreement(s) and where consent for the production has been withheld or denied by the non-Singular party.  Singular further objects to this request as an improper attempt to circumvent the parties' agreed to protocol for search and production of electronically stored information (ESI).

Subject to, constrained by, and without waiving the foregoing objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are relevant; have not already been produced; are within Singular's possession, or control, or can be located after a reasonably diligent search; and do not require further search or production of Singular's electronically stored information.

**REQUEST FOR PRODUCTION NO. 81:**

All documents related to the article "Convolutional Back Projection on the S1 Reduced Precision Processor," published in June 2018 and written by Michael Holzrichter and Randy Spaulding.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant to any claim or defense in this action. Singular further objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine. Singular further objects to this request as an improper attempt to circumvent the parties' agreed to protocol for search and production of electronically stored information (ESI).

Subject to, constrained by, and without waiving the foregoing objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are relevant; have not already been produced; are within Singular's possession, or control, or can be located after a reasonably diligent search; and do not require further search or production of Singular's electronically stored information..

**REQUEST FOR PRODUCTION NO. 82:**

All documents related to the S2.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant to any claim or defense in this action.  Singular further objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine. Singular further objects to this request as an improper attempt to circumvent the parties' agreed to protocol for search and production of electronically stored information (ESI).

Subject to, constrained by, and without waiving the foregoing objections, Singular responds that as the request calls for production of material that is categorically irrelevant to any

claim or defense in this action, Singular will not produce documents or materials relating to the S2 in this matter.

**REQUEST FOR PRODUCTION NO. 83:**

All documents related to the license with Apple produced in this action at SINGULAR-00012052.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant to any claim or defense in this action.  Singular further objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine. Singular further objects to this request to the extent it calls for information or documents protected by any non-disclosure agreement(s) that would prevent the production of such materials absent consent from any non-Singular party to such agreement(s) and where consent for the production has been withheld or denied by the non-Singular party.  Singular further objects to this request as an improper attempt to circumvent the parties' agreed to protocol for search and production of electronically stored information (ESI).

Subject to, constrained by, and without waiving the foregoing objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are relevant; have not already been produced; are within Singular's possession, or control, or can be located after a reasonably diligent search; and do not require further search or production of Singular's electronically stored information.

**REQUEST FOR PRODUCTION NO. 84:**

All documents related to the research agreement with Fujitsu produced in this action at SINGULAR-00012070.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant to any claim or defense in this action.  Singular further objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine. Singular further objects to this request to the extent it calls for information or documents protected by any non-disclosure agreement(s) that would prevent the production of such materials absent consent from any non-Singular party to such agreement(s) and where consent for the production has been withheld or denied by the non-Singular party.  Singular further objects to this request as an improper attempt to circumvent the parties' agreed to protocol for search and production of electronically stored information (ESI).

Subject to, constrained by, and without waiving the foregoing objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are relevant; have not already been produced; are within Singular's possession, or control, or can be located after a reasonably diligent search; and do not require further search or production of Singular's electronically stored information.

**REQUEST FOR PRODUCTION NO. 85:**

All emulator code other than what was provided by Singular to BAE Systems.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant

to any claim or defense in this action.  Singular further objects to this request as vague as to the "emulator code" referred to by this request.

Subject to, constrained by, and without waiving its objections, Singular will agree to meet and confer with Google to clarify this request.

**REQUEST FOR PRODUCTION NO. 86:**

All photos of the initial design of the S1 as mocked up on Post-it notes.

**RESPONSE:**

Singular objects to this request to the extent it seeks information and documents that are not relevant to any claim or defense in this action.  Singular further objects to this request on the grounds that it is vague and ambiguous with respect to the term "mocked up" and the "photos" referenced by this request.

Subject to, constrained by, and without waiving its objections, Singular will agree to meet and confer with Google to clarify this request.

Dated: June 23, 2021                    Respectfully submitted,

                                        */s/ Paul J. Hayes*
                                        Paul J. Hayes (BBO #227000)
                                        Matthew D. Vella (BBO #660171)
                                        Kevin Gannon (BBO #640931)
                                        Daniel McGonagle (BBO #690084)
                                        Brian M. Seeve (BBO #670455)
                                        PRINCE LOBEL TYE LLP
                                        One International Place, Suite 3700
                                        Boston, MA 02110
                                        Tel: (617) 456-8000
                                        Fax: (617) 456-8100
                                        Email: phayes@princelobel.com
                                        Email: mvella@princelobel.com
                                        Email: kgannon@princelobel.com
                                        Email: dmcgonagle@princelobel.com
                                        Email: bseeve@princelobel.com

                                        ATTORNEYS FOR THE PLAINTIFF


<u>CERTIFICATE OF SERVICE</u>

I certify that on June 23, 2021, I served this document on Defendant by causing a copy to be sent via electronic mail to its counsel of record.

                                        */s/ Paul J. Hayes*

12