# Exhibit N

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | § | |
| SINGULAR COMPUTING LLC, | § | |
| | § | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| GOOGLE LLC,, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS  AND THINGS

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff, Singular Computing LLC ("Plaintiff" or "Singular"), serves these objections and responses to Defendant, Google LLC's ("Google"), First Set of Requests for Production of Documents and Things.

## GENERAL OBJECTIONS

Singular objects to Google's Requests as:

1.      overly broad and unduly burdensome;

2.      imposing discovery obligations in excess of the applicable Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, or any order of the Court;

3.      seeking irrelevant information and documents;

4.      vague and ambiguous;

5.      seeking documents or things subject to an attorney-client privilege or work product exemption from discovery;

1

6.      requiring production by Singular of materials that are not within its possession, custody, or control, or that are equally accessible to Google; and

7.      seeking discovery the burden or expense of which outweighs the likely benefit.

These General Objections are incorporated by reference, without restatement, into the specific responses below.

## RESPONSES

**REQUEST FOR PRODUCTION NO. 1**:

All documents relating to the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and to the extent it seeks information and documents that are not relevant to any claim or defense in this action.  Singular further objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and that relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 2**:

All documents constituting or relating to any related patents or related applications.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense in this action.  Singular also objects to the request as seeking

documents exempted from discovery by the attorney client privilege and work product doctrine. Singular further objects to the request as vague and ambiguous with respect to the  phrase "relating to the any related patents or related applications."

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 3**:

All documents relating to the preparation, prosecution, examination, and/or maintenance of the Patents-in-Suit and any related patents or related applications, including: (a) file histories; (b) correspondence; (c) any invention disclosures, (d) prior art; (e) documents evidencing any decision as to what information to disclose or not disclose to the PTO or any foreign patent office; (f) files of any attorney or patent agent involved in the prosecution of the Patents-in-Suit or any related patents or related applications; and (g) documents reflecting any communication, meeting, or contact with the PTO or any foreign patent office concerning the Patents-in-Suit or any related patents or applications, including all office actions and responses thereto.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this action.  Singular further objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine.  Singular also objects to the request as vague and ambiguous with respect to the phrase "concerning the Patents-in-Suit or any related patents or applications." Additionally,

Singular objects to the request as duplicative of other requests made by Google (e.g., Nos. 1-2). Singular also objects to this request as a fishing expedition designed to harass and unduly burden Singular, particularly with respect to Google's request for "files of any attorney or patent agent involved in the prosecution of the Patents-in-Suit or any related patents or related applications."

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 4**:

All documents relating to the conception, reduction to practice, research, design, development, or testing of the inventions or subject matter claimed in the Patents-in-Suit or any related patents or related applications, including the first written description or disclosure (including drawings or mathematical calculations or code) and the prototypes of such subject matter.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case. Singular also objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine. Singular further objects to the request as vague and ambiguous with respect to the phrase "relating to the … research … of the … subject matter claimed in the Patents-in-Suit or any related patents or related applications."

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in

4

Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 5**:

All documents constituting or relating to any agreement between Singular and any of the inventors of the Patents-in-Suit or any related patents or related applications, including any employment agreement, consulting agreement, confidentiality agreement, assignment, license, or any agreement entered into in connection with this action or any other actual or potential legal action.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this action.  Singular also objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 6**:

All patents or publications reviewed or received by any person involved with the prosecution of the Patents-in-Suit or any related patents or applications and which were considered in relation to the applications resulting in the Patents-in-Suit or any related patents or applications.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 7**:

All documents relating to any disclosure to any person of any of the alleged inventions of the Patents-in-Suit prior to the filing date of each patent, including any disclosure covered by a confidentiality agreement.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this action.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 8**:

All documents relating to any formal, informal, written, or oral studies, analyses, opinions, investigations or reports directed to the scope of patentability, validity, enforceability, or infringement concerning the subject matters claimed in the Patents-in-Suit or any related patents

6

or related applications, including evaluations, searches, or search results of domestic or foreign

patents, literature, or other published materials relating in any manner to the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to

the needs of this case, and seeking irrelevant information in that it extends to documents that do

not relate to any claim or defense asserted in this action.  Singular also objects to the request as

seeking documents exempted from discovery by the attorney client privilege and work product

doctrine.  Singular further objects to the request as vague and ambiguous with respect to the

phrase "relating in any manner to the Patents-in-Suit."

Subject to and without waiving its objections, Singular will produce to Google all non-

privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located through a reasonable search; and

relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 9**:

All documents relating to the manners or techniques by which any alleged inventions claimed in

the Patents-in-Suit allegedly improved upon or otherwise differed from the prior art.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to

the needs of this case, and seeking irrelevant information in that it extends to documents that do

not relate to any claim or defense asserted in this case and to documents that are not in Singular's

possession, custody, or control, and would unreasonably require Singular to obtain such

documents from one or more third-parties or from Google itself.  Singular further objects to the

request as vague and ambiguous with respect to the phrase "otherwise differed from the prior art."

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 10**:

All documents relating to any alleged evidence of secondary considerations of non-obviousness of any of the alleged inventions claimed in the Patents-in-Suit, including commercial success, long-felt need, attempts by others, failure of others, commercial acquiescence, licensing, professional approval, copying, or laudatory statements by others regarding the inventions claimed in the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this action and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 11**:

All documents relating to the level of knowledge, schooling, experience, expertise, or relevant

technical information of a person have ordinary skill in the art (as this phrase is used in

35 U.S.C. § 103) to which any inventions claimed in the Patents-in-Suit pertain.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to

the needs of this case, and as seeking irrelevant information in that it extends to documents that

do not relate to any claim or defense asserted in this action and to documents that are not in

Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-

privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located through a reasonable search; and

relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 12**:

All documents relating to the date on which any invention implementing processors designed to

incorporate, embody, or practice any claims of the Patents-in-Suit was first on sale in the United

States, offered for sale in the United States, or used publicly in the United States.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to

the needs of this case, and seeking irrelevant information in that it extends to documents that do

not relate to any claim or defense asserted in this case and to documents that are not in Singular's

possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-

privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 13**:

All documents relating to any legal proceeding concerning the Patents-in-Suit or any related patents or related applications.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this action and to documents that are not in Singular's possession, custody, or control.   Singular also objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 14**:

All documents constituting or relating to any communication regarding the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.   Singular also objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine.  Singular

further objects to the request to the extent it would require production of ESI materials, including

email, that are subject to limits on the number of requests that can be made by a party for such

materials.

Subject to and without waiving its objections, Singular will produce to Google all non-

privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located through a reasonable search; and

relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 15**:

All documents reflecting or relating to Singular's first knowledge or awareness that Google was

researching or developing processors that Singular contends incorporate, embody, or practice

any claims of the Patents-in-Suit.

**RESPONSE:**

Singular objects to the request to the extent it would require production of ESI materials,

including email, that are subject to limits on the number of requests that can be made by a party

for such materials.

Subject to and without waiving its objections, Singular will produce to Google all non-

privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 16**:

All documents relating to the conception, design, development, or testing of each feature or

component of any processor that incorporates, embodies, or practices any claims of the

Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 17**:

Documents sufficient to show the revenues, expenses, or profits of Singular, Inc. from the sale, lease, or licensing of any products or services that are based upon, include, or utilize processors designed to incorporate, embody, or practice any claims of the Patents-in-Suit, including documents presented to management, directors, and actual or potential investors.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 18**:

All documents relating to Singular's plans for any processors designed to incorporate, embody, or practice any claims of the Patents-in-Suit, including business plans, marketing plans, strategic plans, and product roadmaps.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this action and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 19**:

All documents constituting or reflecting communications with any person, including any actual or potential customers of Singular, any governmental agency, any former agent or employee of Singular, any reporter or other representative of the news media, any actual or potential investor in Singular, or any actual or potential funder of this action, referencing or relating to this action or Google.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.   Singular also objects to the request as seeking documents

exempted from discovery by the attorney client privilege and work product doctrine.  Singular further objects to the request to the extent it would require production of ESI materials, including email, that are subject to limits on the number of requests that can be made by a party for such materials.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 20**:

All documents relating to any actual or potential competition between Singular and Google or between any Singular product or service and any Google product or service.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 21**:

All documents constituting or relating to any licenses to any rights under the Patents-in-Suit or any related patent or related application.

14

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 22**:

All documents relating to any efforts, whether or not successful, to license any rights under the Patents-in-Suit or any related patent or related application, the subject matter claimed in the Patents-in-Suit or any related patent or application, or any intellectual property portfolio including the Patents-in-Suit or any related patent or related application, including all documents related to any licensing proposals, offers, negotiations, notice letters, claim charts, claim construction, infringement, draft and final license agreements, exhibits, demand letters, and cease and desist letters.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.   Singular also objects to the request as seeking documents exempted from discovery by the attorney client privilege and work product doctrine.  Singular further objects to the request to the extent it would require production of ESI materials, including

15

email, that are subject to limits on the number of requests that can be made by a party for such materials.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 23**:

All documents relating to any valuation of the Patents-in-Suit or any related patent or related application.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 24**:

All documents relating to any valuation of any invention claimed by the Patents-in-Suit or any related patents or related applications.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 25**:

All documents relating to any valuation of any technology covered by the Patents-in-Suit or any related patent or related application.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 26**:

All patent, technology, or intellectual property license agreements that you contend are reasonably comparable (in technological subject matter, license terms, or otherwise) to a license

that would have resulted from a hypothetical negotiation between Singular and Google related to the Patents-in-Suit and all documents relating to such agreements.

**RESPONSE:**

Singular objects to this request unduly burdensome in that it extends to documents that are not in Singular's possession, custody, or control. Singular further objects to the request as seeking the substance of expert disclosures in advance of the deadline set by the Court's scheduling order for such disclosures.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 27**:

All documents constituting or relating to any revenue-generating contracts entered into between Singular and any customer of Singular concerning, including, or utilizing processors that Singular contends incorporate, embody, or practice any claims of the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 28**:

All documents relating to the market for processors that Singular contends incorporate, embody, or practice any claims of the Patents-in-Suit, including all documents concerning the advantages of such processors or related products or services over other products, potential productions, or alternative processors developed or potentially in development by Google or any other person, including comparisons of cost, coverage, quality, acceptability, technical feasibility, or regulatory requirements.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 29**:

All documents relating to Singular's sales or revenue forecasts or projections for the years 2020 through 2030 for any products or services based on, including, or utilizing processors that Singular contends incorporate, embody, or practice any claims of the Patents-in-Suit.

19

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 30**:

All documents constituting or relating to any Singular press releases relating in any way to its development of processors with at least one low precision, high dynamic range (LPHDR) execution unit.

**RESPONSE:**

Singular objects to this request as unduly burdensome to the extent it seeks documents that are irrelevant and not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 31**:

All documents constituting or relating to any print, broadcast, or internet news reports, articles or segments relating to Singular.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 32**:

All documents or other evidence referenced in Singular's First Amended Complaint in support of Singular's claims against Google for patent infringement or on which you relied in preparing those claims.

**RESPONSE:**

Singular objects to this request as seeking documents or "other evidence" already in Google's possession, and thus, as designed to harass Singular and its counsel.  Singular further objects to this request as vague in that it fails to define what is meant by "other evidence." Singular also objects to this request to the extent it seeks information or documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 33**:

All documents or other evidence referenced in your Federal Rule of Civil Procedure 26(e) initial disclosures in this action relating to Singular's claims against Google for patent infringement.

**RESPONSE:**

Singular objects to this request as seeking documents or "other evidence" already in Google's possession, and thus, as designed to harass Singular and its counsel.  Singular further objects to this request as vague in that it fails to define what is meant by "other evidence."

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 34**:

All documents or other evidence to which you refer in your responses to Google's interrogatories in this action, or on which you relied in preparing those responses.

**RESPONSE:**

Singular objects to this request as seeking documents or "other evidence" already in Google's possession, and thus, as designed to harass Singular and its counsel.  Singular further objects to this request as vague in that it fails to define what is meant by "other evidence." Singular also objects to this request to the extent it seeks information or documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located through a reasonable search; and

relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 35**:

All documents supporting, refuting, or otherwise relating to Singular's assertion that Google

infringes any of the claims of the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as seeking documents already in Google's possession, and

thus, as designed to harass Singular and its counsel.  Singular further objects to this request to the

extent it seeks information or documents protected by the attorney-client privilege or work

product doctrine.

Subject to and without waiving its objections, Singular responds that while no documents

exist that refute Singular's allegations that Google infringes each asserted claim of the Patents-

in-Suit, Singular will nevertheless produce to Google all non-privileged documents responsive to

the request to the extent the documents are in Singular's possession, custody and control; can be

located through a reasonable search; and relate to the specific claims and defenses asserted in

this action.

**REQUEST FOR PRODUCTION NO. 36**:

All documents supporting, refuting or otherwise relating to Singular's contentions regarding

whether injunctive relief is appropriate in this action as a remedy for Google's alleged

infringement of the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as seeking documents already in Google's possession, and

thus, as designed to harass Singular and its counsel.  Singular further objects to this request as

23

overly broad and vague in that it fails to define what is meant by "otherwise relating to." Singular further objects to this request to the extent it seeks information or documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 37**:

All documents supporting, refuting, or otherwise relating to Singular's claim that any infringement of the Patents-in-Suit by Google was willful.

**RESPONSE:**

Singular objects to this request as seeking documents already in Google's possession, and thus, as designed to harass Singular and its counsel.  Singular further objects to this request as overly broad and vague in that it fails to define what is meant by "otherwise relating to." Singular also objects to this request to the extent it seeks information or documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving its objections,  Singular responds that while no documents exist that refute Singular's allegations that Google's infringement of the Patents-in-Suit was (and is) willful, Singular will nevertheless produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 38**:

All documents received by you from any third party that were requested as part of this action, that relate to this action, and/or that are responsive to any outstanding request for production served on you as part of this action, including any documents received pursuant to a subpoena or freedom of information act request.

**RESPONSE:**

Singular objects to this request as overly broad, vague, and unduly burdensome as seeking all documents "received by Singular from any third party … that are responsive to any outstanding request for production served on Singular as part of this action," irrespective of any objections by Singular to the outstanding request, and of any other valid grounds for the non-production of documents responsive to the request.  Singular also objects to this request to the extent it seeks information or documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving its objections,  Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 39**:

All documents furnished or shown to any third party fact witness contacted, interviewed, or consulted by you or your agents or attorneys in connections the Patents-in-Suit or this action.

**RESPONSE:**

As this request is drafted, it is neither grammatical nor comprehensible.  Singular thus objects to the request as vague and ambiguous.  Singular further objects to this request to the

extent it seeks information or documents protected by the attorney-client privilege or work product doctrine.  Singular also objects to the request to the extent it seeks information or documents that are not relevant to the claims and defenses asserted in this action.

Subject to and without waiving its objections, Singular is willing to meet and confer with Google to clarify what documents Google is seeking by this request.

**REQUEST FOR PRODUCTION NO. 40**:

All documents constituting or reflecting communications with Dan Hammerstrom regarding processors with at least one LPHDR execution unit, the Patents-in-Suit, Google, or this action.

**RESPONSE:**

Singular objects to this request as seeking information or documents protected by the attorney-client privilege and work product doctrine.  Singular also objects to the request as overly broad in that it includes information or documents not relevant to the claims and defenses asserted in this action.

Subject to and without waiving its objections,  Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 41**:

All documents constituting or reflecting any prior art relevant to the Patents-in-Suit or documents related to Singular's knowledge of prior art or potential prior art relating to the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request to the extent it seeks information or documents protected by the attorney-client privilege or work product doctrine.  Singular also objects to the request as overly broad, unduly burdensome, not proportional to the needs of this case, and requiring expert opinions and/or legal conclusions as to what constitutes prior art to the Patents-in-Suit.  Singular further objects to the request as vague, ambiguous, overly broad, not proportional to the needs of this case, and as seeking documents irrelevant to any claims or defenses in this action in that it seeks documents "constituting" or "reflecting" "*potential*" "prior art to the Patents-in-Suit."

Subject to and without waiving its objections, Singular is willing to meet and confer with Google to clarify what documents Google is seeking from Singular by this request.

**REQUEST FOR PRODUCTION NO. 42**:

All documents relating to the reasons for any sale of, or failure to consummate any sale of, any processors designed to incorporate, embody, or practice any claims of the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 43**:

All documents constituting or relating to Singular's or Bates' communications with any

employee, agent, or other representative of Google.

**RESPONSE:**

Singular objects to this request as seeking documents already in Google's possession, and thus, as designed to harass Singular and its counsel.  Singular also objects to this request to the extent it seeks information or documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving its objections,  Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 44**:

All documents relating to Project Brain.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will agree to meet and confer with Google regarding a sufficiently narrowed request for production.

**REQUEST FOR PRODUCTION NO. 45**:

All documents relating to Google's potential or actual use of processors with at least one LPHDR execution unit.

**RESPONSE:**

Singular objects to this request as seeking documents already in Google's possession, and thus, as designed to harass Singular and its counsel.  Singular further objects to this request as vague and ambiguous in that it fails to define or explain what the request means by "potential use."

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 46**:

All documents for which any officer, inventor, co-inventor, director, employee or representative of Singular is listed as an author, co-author, inventor, co-inventor, editor, or contributor, and which relate in any way to the subject matter claimed in the Patents-in-Suit or any related patents or related applications, including articles, patents, patent applications, abstracts, publications, books, manuscripts, papers, posters, speeches, technical disclosures, technical publications, and presentations.


**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case and to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will agree to meet and confer with Google about responding to a sufficiently narrowed request.

**REQUEST FOR PRODUCTION NO. 47**:

All documents relating to any meeting, call, or videoconference with any employee or representative of Google, including the meetings or calls that took place between 2008 and 2017.

**RESPONSE:**

Singular objects to this request as seeking documents already in Google's possession, and thus, as designed to harass Singular and its counsel.  Singular further objects to the request to the extent it seeks information or documents protected by the attorney-client privilege or work-product doctrine.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 48**:

All documents relating to the design, development, testing, function, and operation of products that are based upon, include, or utilize processors designed to incorporate, embody, or practice any claims of the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to products not accused or even at issue in this case, and to documents that do not relate to any claim or defense asserted in this case.

Subject to and without waiving its objections, Singular will agree to meet and confer with Google to clarify this request so as to seek documents that are relevant to the claims and defenses asserted in this case.

**REQUEST FOR PRODUCTION NO. 49**:

All documents constituting or relating to any proposals or applications made by Singular to the federal government or any federal agency, including the Defense Advanced Research Projects Agency and Office of Naval Research, regarding the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, as seeking documents that are not relevant to any claim or defense asserted in this case, and that are not in Singular's custody, possession, or control.

Subject to and without waiving its objections, Singular will agree to meet and confer with Google to clarify this request and determine whether it can be sufficiently narrowed to documents that are relevant claims and defenses asserted in this case.

**REQUEST FOR PRODUCTION NO. 50**:

All documents constituting or relating to any contracts or other agreements entered into by Singular and the federal government or any federal agency, including the Defense Advanced Research Projects Agency and Office of Naval Research, regarding the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as overly broad to the extent it seeks documents information that are irrelevant to the claims and defenses asserted in this case, and unduly burdensome as to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 51**:

All documents constituting or relating to any disclosures made by Singular and the federal government or any federal agency, including the Defense Advanced Research Projects Agency and Office of Naval Research, regarding the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as overly broad to the extent it seeks documents information not relevant to the claims and defenses asserted in this case.  Singular also objects to this request as vague as seeking documents relating to "disclosures," a term that is undefined by Google's requests.  Singular further objects to the request as unduly burdensome as to documents that are not in Singular's possession, custody, or control.

Subject to and without waiving its objections, Singular will agree to meet and confer with Google regarding a sufficiently clarified request as to the term "disclosure."

**REQUEST FOR PRODUCTION NO. 52**:

All documents supporting, refuting, or otherwise relating to the allegations set forth in paragraph 19 of Singular's Amended Complaint.

**RESPONSE:**

Singular objects to this request to the extent it seeks documents already in Google's possession, and, thus, as designed to harass Singular and its counsel.  Singular further objects to this request as overly broad to the extent it seeks documents and information that "otherwise

relate" to the allegations of Paragraph 19.  Singular further objects to the request to the extent it

seeks documents protected by the attorney-client privilege or the work-product doctrine.

 Subject to and without waiving its objections, Singular will produce to Google all non-

privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located through a reasonable search; and

relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 53**:

All documents constituting or relating to the presentations and disclosures made by Dr. Bates to

Google as alleged in Paragraph 22 of the Amended Complaint.

**RESPONSE:**

 Singular objects to this request to the extent it seeks documents already in Google's

possession, and, thus, as designed to harass Singular and its counsel.  Singular further objects to

this request as overly broad to the extent it seeks documents and information merely "relating" to

the allegations of Paragraph 22.  Singular further objects to the request to the extent it seeks

documents protected by the attorney-client privilege or the work-product doctrine.

 Subject to and without waiving its objections, Singular will produce to Google all non-

privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located through a reasonable search; and

relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 54**:

Any documents or communications supporting, refuting, or otherwise relating to the

allegation in Paragraph 42 of the First Amended complaint that "computers that included

LPHDR execution units did not exist in the prior art."

**RESPONSE:**

Singular objects to this request as overly broad and unduly burdensome as to documents

that are not in Singular's possession, custody, or control, or that are equally accessible to Google.

Subject to and without waiving its objections, Singular will produce to Google all non-

privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located after a reasonable search; and relate to

the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 55**:

All documents supporting, refuting, or otherwise relating to the allegations set forth in

paragraph 11 of Singular's Amended Complaint that "[i]t was not obvious and was in fact

counterintuitive to those skilled in the art as of 2009 to make a computer from a very large

number of LPHDR processing elements that each frequently generate such materially inexact

results, knowing that such a computer was going to be used by software programs to execute

numerous tasks that each required hundreds, thousands or even millions of sequential arithmetic

operations that could accumulate errors."

**RESPONSE:**

Singular objects to Google's request as vague and overly broad in that it seeks "[a]ll

documents … relating to the allegations of paragraph 11 of Singular's Amended Complaint."

Singular further objects to the request to the extent it seeks disclosure of expert opinion prior to

the Court's deadline for such disclosures.

Subject to and without waiving its objections, Singular will produce to Google all non-

privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 56**:

All documents relating to the Singular prototype referenced in paragraph 14 of Singular's Amended Complaint, including documents relating to any efforts to market, sell, or license that prototype or any computer based on that prototype.

**RESPONSE:**

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 57**:

All documents supporting, refuting, or otherwise relating to the allegations set forth in paragraph 84 of Singular's Amended Complaint that "[c]omputer architects as of 2009 taught away from Bates' invention."

**RESPONSE:**

Singular objects to this request as vague and overly broad in that it seeks "[a]ll documents … relating to the allegations of paragraph 11 of Singular's Amended Complaint." Singular further objects to the request to the extent it seeks disclosure of expert opinion prior to the Court's deadline for such disclosures.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 58**:

All documents supporting, refuting, or otherwise relating to the allegations set forth in paragraph 43 of Singular's Amended Complaint that "[r]educing the invention to practice required the design and manufacture of hardware different from the hardware used in conventional processing units, because conventional hardware at that time was completely unsuitable to implement the invention."

**RESPONSE:**

Singular objects to this request as vague and overly broad in that it seeks "[a]ll documents … relating to the allegations of paragraph 43 of Singular's Amended Complaint." Singular further objects to the request to the extent it seeks disclosure of expert opinion prior to the Court's deadline for such disclosures.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 59**:

All U.S. and foreign patents, printed publications, systems, products, or physical devices, provided to, received from, or identified to or by prosecution counsel for or during the preparation and prosecution of the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request to the extent it seeks documents or information protected by the attorney-client privilege or the work-product doctrine.  Singular further objects to the request as overly broad and as seeking information and documents that are not relevant to the claims or defenses asserted in this action.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

## REQUEST FOR PRODUCTION NO. 60:

All documents concerning any investigations, analyses or searches conducted by or for you or disclosed to you concerning prior art relating to the Patents-in-Suit.

## RESPONSE:

Singular objects to this request to the extent it seeks documents or information protected by the attorney-client privilege or the work-product doctrine.  Singular further objects to the request as overly broad to the extent it seeks information and documents that are not relevant to the claims or defenses asserted in this action.

Subject to and without waiving its objections, Singular will agree to meet and confer with Google and consider a narrowed request which sufficiently clarifies the meaning of the phrase "relating to the Patents-in-Suit" in the context of the request.

## REQUEST FOR PRODUCTION NO. 61:

All documents that reflect, refer to, or relate to any of the secondary considerations of non-obviousness of the Patents-in-Suit, including commercial success, long-felt need, attempts by

others, failure of others, commercial acquiescence, licensing, professional approval, copying, or

laudatory statements by others regarding the inventions claimed in the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request as overly broad in that it seeks "all documents that reflect,

refer to, or relate to any of the secondary considerations."  Singular  further objects to the request

as unduly burdensome in that it seeks documents that are not in the possession, custody or

control of Singular, or are equally accessibly to Google.

Subject to and without waiving its objections, Singular will produce to Google all non-

privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located after a reasonable search; and relate to

the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 62**:

All documents concerning or relating to each of the legal and factual allegations and

requests for relief in Singular's claims, as well as in any subsequently added or supplemental

pleading in this action.

**RESPONSE:**

Singular objects to this request to the extent it seeks documents or information protected

by the attorney-client privilege or the work-product doctrine.  Singular further objects to the

request as unduly burdensome to the extent it seeks documents already in Google's possession,

custody, or control.

Subject to and without waiving its objections, Singular will produce to Google all non-

privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 63**:

All documents sufficient to identify your current shareholders, officers, and directors.

**RESPONSE:**

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 64**:

All documents sufficient to establish the entirety of your policies, practices, and/or procedures now or previously in effect with respect to the retention or destruction of documents, including electronically stored information, to the extent those documents have been sought by any of defendant's document requests in this matter.

**RESPONSE:**

Singular objects to this request as seeking information that is neither relevant to the claims or defenses in this case, nor proportional to its needs. Singular further objects to the request as a fishing expedition that has no bearing on the issues to be adjudicated.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 64**:

All documents and things on which Singular intends to rely on or use at any hearing or at trial in this case.

**RESPONSE:**

Singular objects to this request as premature in light of ongoing discovery and to the extent it seeks information or documents protected by the attorney-client privilege or work product doctrine. Singular further objects to the request as vague in that it seeks all documents that Singular intends to "use" at any hearing or trial in this case without defining the term "use."

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; relate to the specific claims and defenses asserted in this action; and to the extent the documents and things are required to be produced in advance of any hearing and/or trial.

**REQUEST FOR PRODUCTION NO. 65**:

All source code that you contend embodies any alleged invention in any of the Patents-in-Suit.

**RESPONSE:**

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 66**:

All documents relating to or supporting Singular's request for an award of costs and/or attorney's fees in this litigation.

**RESPONSE:**

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 67**:

All documents that directly or indirectly ascribe a value to the Patents-in-Suit, including offers to purchase or sell the Patents-in-Suit, analyses or reports regarding the Patents-in-Suit, settlement or license agreements regarding the Patents-in-Suit, and tax returns, SEC filings, or other financial statements regarding the Patents-in-Suit.

**RESPONSE:**

Singular objects to this request to the extent it seeks documents or information protected by the attorney-client privilege or the work-product doctrine.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located after a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 68**:

All documents relating to the "Singular test" referenced in paragraphs 94, 111, and 129 of

Singular's First Amended Complaint, including documents detailing how the tests were

conducted, the parameters for the tests (including the assumptions made), the full results of the

tests, and documents explaining what constituted "a mathematically representative sample of all

possible valid pairs of inputted float32 numerical values."

**RESPONSE:**

Singular objects to this request to the extent it seeks documents or information protected

by the attorney-client privilege or the work-product doctrine.

Subject to and without waiving its objections, Singular will produce to Google all non-

privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located after a reasonable search; and relate to

the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 69**:

All documents or communications relating to the cost to research, design, develop, and

manufacture any and all products that Singular contends incorporate, embody, or practice any

claims of the Patents-in-Suit, including any related payments to third-parties including Cadence

Design Systems, Intrinsix, and Global Foundries.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to

the needs of this case, and seeking irrelevant information in that it extends to documents that do

not relate to any claim or defense asserted in this case and to documents that are not in Singular's

possession, custody, or control, and would unreasonably require Singular to obtain such

documents from one or more third-parties.   Singular also objects to the request as seeking

documents exempted from discovery by the attorney client privilege and work product doctrine.

Singular further objects to the request to the extent it would require production of ESI materials,

including email, that are subject to limits on the number of requests that can be made by a party

for such materials.

Subject to and without waiving its objections, Singular will produce to Google all non-

privileged documents responsive to the request to the extent the documents exist; are in

Singular's possession, custody and control; can be located through a reasonable search; and

relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 70**:

All documents or communications relating to any relationship or contract between Singular and

Charles River Analytics, including of Singular technology any evaluations conducted by Charles

River Analytics.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to

the needs of this case, and seeking irrelevant information in that it extends to documents that do

not relate to any claim or defense asserted in this case and to documents that are not in Singular's

possession, custody, or control, and would unreasonably require Singular to obtain such

documents from one or more third-parties.   Singular also objects to the request as seeking

documents exempted from discovery by the attorney client privilege and work product doctrine.

Singular further objects to the request to the extent it would require production of ESI materials,

including email, that are subject to limits on the number of requests that can be made by a party

for such materials.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

**REQUEST FOR PRODUCTION NO. 71**:

All employment or consulting agreements that Joseph Bates was a party to (entered into or in effect) at any time between 2007 and 2010.

**RESPONSE:**

Singular objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking irrelevant information in that it extends to documents that do not relate to any claim or defense asserted in this case.

Subject to and without waiving its objections, Singular will produce to Google all non-privileged documents responsive to the request to the extent the documents exist; are in Singular's possession, custody and control; can be located through a reasonable search; and relate to the specific claims and defenses asserted in this action.

Dated: August 26, 2020                    Respectfully submitted,

                                          */s/ Paul J. Hayes*
                                          Paul J. Hayes (BBO #227000)
                                          Matthew D. Vella (BBO #660171)
                                          Kevin Gannon (BBO #640931)
                                          Daniel J. McGonagle (BBO #690084)
                                          Michael J. Ercolini (*admitted pro hac vice*)
                                          **PRINCE LOBEL TYE LLP**
                                          One International Place, Suite 3700
                                          Boston, MA 02110
                                          Tel: (617) 456-8000
                                          Email: phayes@princelobel.com
                                          Email: mvella@princelobel.com

Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: mercolini@princelobel.com

**ATTORNEYS FOR THE PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

I certify that on August 26, 2020, I served this document on Defendant by causing a copy to be sent via electronic mail to its counsel of record.

/s/  Paul J. Hayes

45