# Exhibit D



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Andrew S. Bruns**
(415) 962-8821
abruns@keker.com

July 6, 2021

**VIA ELECTRONIC MAIL**

Michael Thompson
Prince Lobel Tye LLP
One International Place
Suite 3700 Boston, MA 02110
singular@princelobel.com

Re:   *Singular Computing LLC v. Google LLC*, 1:19-cv-12551-FDS (D. Mass.)

Dear Michael:

I write in response to your letter of July 5, 2021. That letter, which demanded that Google supplement "all [its] discovery responses" in less than a single business day, misrepresents the record and Magistrate Judge Cabell's ruling at the June 30, 2021 hearing on the parties' pending discovery motions.

First, you claim that Google's Second Supplemental Responses and Objections to Singular's Third Set of Interrogatories, served on July 2, 2021, "flout the Court's order." But the Court did not issue a written order and every one of your citations to the hearing transcript are irrelevant to the matter at hand. To be clear, the June 30 hearing touched on three separate motions to compel filed by Singular: (1) ECF No. 187, which sought to compel supplemental responses to some of Singular's Third Set of Interrogatories and the production of documents in response to its First Set of RFPs; (2) ECF No. 214, which sought to compel Rule 30(b)(6) testimony; and (3) ECF No. 228, which sought the production of documents in response to Singular's Second Set of RFPs. Without exception, the language quoted in your letter relates not to ECF No. 187, as you now claim, but to ECF No. 228.[1] For that reason alone, your assertion that "Google affirmatively misrepresented its position on these outstanding discovery issues to the Court" is not well-taken.

---

[1] For instance, you suggest that my colleague, Mr. Kamber, "went so far as to confirm to the [sic] Court that Google was *not* objecting to anything that was being sought." But the quote you rely on was clearly made in reference to the documents addressed in ECF No. 228, which Google has produced or was unable to locate after a reasonably diligent search. Your implication that this statement was somehow intended to waive *all* of Google's objections to *all* of Singular's discovery requests is confounding. Were that the case, the June 30 hearing would not have been necessary.

July 6, 2021
Page 2

To avoid further confusion, it's worth clarifying what the parties argued and the Court ordered at the June 30 hearing. At that hearing, the parties agreed that Google's motion for a protective order—ECF No. 153—was now moot. Tr. at 4:2-19. The Court then attempted to move on to ECF No. 187, but your colleague Mr. Ercolini explicitly shifted the Court's attention to ECF No. 214 because of the "overlap" between those motions. ECF No. 214 focused *exclusively* on the proper scope of discovery into Google products that use the accused TPUs (*i.e.*, the so-called "Accused Services") and Google's data centers. Thereafter, the Court and the parties discussed those two subjects and did not return to any other issues raised in ECF No. 187.

At the close of the hearing, the Court clarified exactly what it was ordering with respect to the "Accused Services" and Google's data centers. As to the former, Judge Cabell explicitly found that Singular's requests targeting the finances of the so-called "Accused Services" are "too broad." Tr. at 14:15-17. Instead, the Court concluded that discovery into this topic should be limited to "information that would allow [Singular] to determine how Google assessed the value of [the accused TPUs]." *Id.* at 15:1-6. Ultimately, the Court ordered Google to perform a reasonably diligent search for any analyses of the benefits of the TPUs to Google's business units and have a witness prepared to speak on those analyses. *See* Tr. at 44:10-20.

Regarding the data centers, the Court ordered Google to provide testimony as to the average cost to build a data center, but refused to require the broader data-center-related discovery Singular sought, including requests related to the "layout, physical structure, and contents of each of [Google's] data centers." Singular's Interrogatory No. 12. Mr. Ercolini specifically acknowledged this aspect of the Court's ruling during the hearing:

> THE COURT: [L]isten, we're not going to get into . . . how much for the concrete? How much for this? It could be how much to build a data center. Do you really need it down to how much plywood is being used and all of that? . . . [A]ll you have to do though is know how much it cost[s] to make one data center.
>
> MR. ERCOLINI: That's correct, Your Honor.

Tr. at 23:19-24:12.

At the conclusion of this discussion, rather than discuss any other issues raised in ECF No. 187, Mr. Ercolini told the Court that Singular's concerns related to that motion had been addressed and turned it over to Mr. Seeve to discuss ECF No. 228. Had Singular intended to pursue any other issues raised in either ECF No. 187 or ECF No. 214, it should have done so then.

In short, a review of the June 30 hearing transcript makes clear that the bulk of the interrogatories and RFPs cited in your letter were neither argued by the parties nor addressed by the Court. Accordingly, nothing in the record supports your assertion that the Court ordered supplemental responses and productions as to these requests.

July 6, 2021
Page 3

To the contrary, the Court denied Singular's motion to compel a response to interrogatory number 12 (size of Google data centers) and RFPs numbers 43, 44, 47-49, and 82, all of which seek documents related to the financial performance of the "Accused Services." The Court also limited the scope of interrogatories 13 (data center operational costs) and 19/20 (analyses of TPU benefits) and RFP number 87 (analyses of TPU benefits). Your letter also inexplicably references Singular's interrogatory number 22, which was not the subject of any Singular motion to compel (nor was it discussed at the June 30 hearing). To the extent that request relates to subject matter addressed at the June 30 hearing, however, Google will supplement its response consistent with the Court's ruling. Moreover, although it is not required to do so, Google is in the process of supplementing several other written discovery responses and document production, some as soon as today.

Second, your letter also raised numerous issues with respect to Google's privilege log, which you have had for more than a month. Your letter, which was sent on a federal holiday, unreasonably demands a response by the following day. That said, we are reviewing the issues you raised and will respond under separate cover as soon as possible. In the meantime, please provide responses to the questions raised in my colleague Anna Porto's earlier, July 1 email regarding Singular's privilege log.

Best,

Andrew S. Bruns

ASB:dlc