# Exhibit E

**Christopher S. Sun**

| | |
|---|---|
| **From:** | Christopher S. Sun |
| **Sent:** | Tuesday, July 20, 2021 8:56 AM |
| **To:** | Ercolini, Michael; Andrew S. Bruns |
| **Cc:** | Matthias Kamber; kvp-singular; wgs-singularv.google@wolfgreenfield.com; mkwun@kblfirm.com; singular@princelobel.com |
| **Subject:** | RE: 1:19-cv-12551 - 30(b)(6) Deposition of Kamran Shafiei |

Hi Michael,

We will be joining the deposition at 9:15.

Chris

---

**From:** Christopher S. Sun
**Sent:** Tuesday, July 20, 2021 8:04 AM
**To:** Ercolini, Michael <mercolini@princelobel.com>; Andrew S. Bruns <ABruns@keker.com>
**Cc:** Matthias Kamber <MKamber@keker.com>; kvp-singular <kvpsingular@keker.com>; wgs-singularv.google@wolfgreenfield.com; mkwun@kblfirm.com; singular@princelobel.com
**Subject:** RE: 1:19-cv-12551 - 30(b)(6) Deposition of Kamran Shafiei

Counsel,

As Google made clear at the parties' June 30 hearing and its July 2 correspondence, Mr. Shafiei is designated and prepared to testify on topics 10, 11, 12, 13, 18, 20-25, and 30, consistent with the scope set forth in the attached chart filed with the Court. At the June 30 hearing, Judge Cabell also ordered Google to produce a witness on topic 36, which Mr. Shafiei is prepared to address. Singular has known all of this for nearly 3 weeks and represented to the Court that the guidance provided at the June 30 hearing resolved the parties' disputes.

Your 9:13pm email the night before Mr. Shafiei's deposition insisting that the witness must testify on the "complete scope" of Singular's topics as-drafted and accusing Google of sanctionable conduct is baseless. It also misrepresents the record and improperly reneges on positions Singular took at the June 30 hearing. *See, e.g., Milazzo v. KG Enterprises, Inc.*, 1999 WL 1327394, at *3 (D.N.H. Feb. 16, 1999). In light of Singular's apparent intent to relitigate issues already decided by the Court, Google will not present Mr. Shafiei for deposition today. We will immediately seek relief from Judge Cabell on Singular's misconduct.

Sincerely,

Chris

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Monday, July 19, 2021 9:12 PM
**To:** Christopher S. Sun <CSun@keker.com>; Andrew S. Bruns <ABruns@keker.com>
**Cc:** Matthias Kamber <MKamber@keker.com>; kvp-singular <kvpsingular@keker.com>; wgs-singularv.google@wolfgreenfield.com; mkwun@kblfirm.com; singular@princelobel.com
**Subject:** RE: 1:19-cv-12551 - 30(b)(6) Deposition of Kamran Shafiei

**[EXTERNAL]**

Chris,

This would not appear to be a difficult exercise.  It is thus alarming that Google cannot actually state which topics or portions of topics Mr. Shafiei will, or will not, be prepared to testify about tomorrow.

Putting aside your fantasy that Singular "abandoned" its motion to compel during the parties' hearing, or agreed to limit the scope of topics—a claim for which you provide no evidence, save your own *ipse dixit*—Google's failure to prepare Mr. Shafiei to testify as to any topic on which he is designated, in the absence of a protective order, will be a violation of FRCP 37(d).

Your objections are not grounds for failing to produce a prepared witness, which would be tantamount to Mr. Shafiei's failing to appear at all.  You can look that up. *See, e.g., New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 165-66 (D. Mass. 2007) ("Unlike the procedure with respect to interrogatories, requests for production of documents and requests for admissions, there is no provision in the rules which provides for a party whose deposition is noticed to serve objections so as to be able to avoid providing the requested discovery until an order compelling discovery is issued.")

Therefore, please bring a prepared witness tomorrow.  Google's objections can certainly be noted, but they don't relieve it of its obligation to bring a prepared witness.

If you intend to identify those topics and/or portions of topics for which Mr. Shafiei has been designated, but will not be prepared, please, for third time today, we ask that you do so.  This will make it easier for Singular to determine to what extent Google intends to violate FRCP 37(d) tomorrow.

Best regards,

Michael J. Ercolini
617 456 8084 direct | mercolini@princelobel.com

---

**From:** Christopher S. Sun [mailto:csun@keker.com]
**Sent:** Monday, July 19, 2021 11:03 PM
**To:** Ercolini, Michael <mercolini@princelobel.com>; abruns@keker.com
**Cc:** mkamber@keker.com; kvpsingular@keker.com; wgs-singularv.google@wolfgreenfield.com; mkwun@kblfirm.com; Singular <Singular@princelobel.com>
**Subject:** RE: 1:19-cv-12551 - 30(b)(6) Deposition of Kamran Shafiei

Michael,

The parties long ago reached an agreement regarding whether and to what extent Google would produce a witness to testify on the topics you have listed below. The parties—and the Court for that matter—all agreed that Google would not be producing a witness to testify regarding the "complete scope" of the topics you have listed. Singular's attempt to renege on that agreement fewer than 24 hours before Google's witness is scheduled to testify is wholly improper.

To remind you, the parties have already litigated this issue. On June 14, Singular moved to compel Google to produce a witness to testify on every one of the topics you've identified, save one. *See* Dkt. 214. After the parties fully briefed that motion, the Court held a hearing on June 30, 2021. At that hearing, Singular abandoned its motion to compel Google to produce a witness on the topics you've identified. Instead, and as Matthias clarified at the conclusion of the hearing, Singular sought only to compel Google to produce a witness to testify about the average cost to build a data center and

analyses Google had performed regarding the benefits of the accused TPUs to Google's business units—which Google agreed to do. 6/30/21 Hr'g Tr. at 42:25-46:25.

Upon reaching that agreement, Singular expressly declined to pursue any other aspect of its motion to compel, and instead elected to argue a motion (Dkt. 228) that hadn't been fully briefed:

> COURT: I want to make sure because what we're always concerned about is did we deal with this motion and I just want to hear you say that of the things that you wanted to raise, we've kind of addressed them and then I will happily move on to the motion you're referring to.

> ATTORNEY ERCOLINI: Yes. Correct, Your Honor. We believe we are done with those motions. Thank you.

6/30/21 Hr'g Tr. at 30:1-8.

But that wasn't all. Just to be sure there was no ambiguity, Google sent a follow-up letter on July 2, 2021, confirming that, consistent with the parties' agreement at the June 30 hearing, Google would not be presenting a witness to testify on the "complete scope" of the topics your email identifies. Instead, Google clarified that it would present Mr. Shafiei to testify on Singular's topics, but only "[s]ubject to Google's responses and objections, the parties' related meet and confer, Singular's modifications of the topics (ECF No. 215) and Google's supplemental responses (ECF No. 227-4), and Judge Cabell's direction at Wednesday's hearing." Kamber 6/2/2021 Ltr. at 1. And, consistent with that representation, it is prepared to offer Mr. Shafiei to testify about, among other things, the average cost to Google to build a data center. Google has also previously presented Nishant Patil to testify regarding analyses Google has performed regarding the benefits of the accused TPUs to Google's business units.

At no point since Google sent that letter has Singular expressed any concern about or objection to the scope of these topics—nor could it, as Google was acting in accordance with the parties' agreement and the Court's direction. Instead, Singular waited until the eleventh hour—less than a day before Mr. Shafiei was set to testify—to attempt to unilaterally expand the scope of his testimony to encompass topics Singular had long since abandoned. Needless to say, Google will not comply with this untimely and unreasonable demand to undo the parties' prior agreement.

Please confirm that Singular intends to proceed with Mr. Shafiei's deposition tomorrow. If Singular does elect to proceed, we will take that to mean that Singular is doing so consistent with the parties' prior agreement and will not seek to take his deposition again. To be clear, if Singular elects to proceed with Mr. Shafiei's deposition tomorrow, Google will not produce him to testify again. And, in the event that Singular subsequently seeks to compel additional testimony from him, Google reserves its right to seek any and all appropriate remedies.

Finally, with regard to the only topic not subject to Singular's motion to compel (Topic 11), Google has already represented that Mr. Shafiei is prepared to testify regarding Google's research and development costs and expenses relating to the accused TPU v2 and TPU v3.

Sincerely,

Chris

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Monday, July 19, 2021 5:22 PM
**To:** Andrew S. Bruns <ABruns@keker.com>
**Cc:** Matthias Kamber <MKamber@keker.com>; kvp-singular <kvpsingular@keker.com>; wgs-singularv.google@wolfgreenfield.com; mkwun@kblfirm.com; singular@princelobel.com
**Subject:** Re: 1:19-cv-12551 - 30(b)(6) Deposition of Kamran Shafiei

[EXTERNAL]

3

Counsel,

As your previous response failed to answer our question, we'll ask again:

Please identify, explicitly, which of the following topics and/or portions of the following topics Mr. Shafiei will not be prepared to testify on tomorrow.  If you contend that Singular agreed to narrow the scope of any topic by correspondence, please quote the correspondence in question and identify the date and sender of each such correspondence.  If you contend that Judge Cabell narrowed one or more of the following topics during the parties' hearing on Singular's motion to compel 30(b)(6) testimony of Google, please identify the statement by Judge Cabell you are referring to, by page and line number.

If Google intends to again evade answering this straightforward question, please let us know as soon as possible.

10. Revenues, costs and/or expenses, and profits for the Accused Products or any products or services (including the Accused Services) making use of the Accused Products.

11. Research and development costs and expenses relating to the Accused Products.

12. Projections for sales, use or cost savings related to the Accused Products, or for any products or services (including the Accused Services) making use of the Accused Products.

13. Development profit and loss statements for the Accused Products, or any products or services (including the Accused Services) making use of the Accused Products.

18. Profit and loss (P&L) statements of any product group or business segment(s) responsible (or formerly responsible) for the Accused Products or Accused Services.

20. Capital asset requests and analyses associated with developing Google's data centers without the Accused Products.

21. Google's long-term capital investment plans relating to its data centers.

22. Projections of Google's long-term data center needs and shortfalls.

23. Capital asset requests and analyses associated with developing Googles data centers with the Accused Products.

24. Operating budgets and plans for Google data centers operating with and without the Accused Products, including without limitation size and energy requirements.

25. Profit and loss statements or other financial analyses prepared by Google related to the actual operation of its data centers with and without the Accused Products.

29. Budgets and forecasts relating to the development and operation of all Google

Cloud businesses, including Cloud Platform, Cloud AI, and Cloud TPU.

30. Google's projected or actual revenues, costs and profits from the operation of all

Google Cloud businesses, including Cloud Platform, Cloud AI, and Cloud TPU, or any other

Google service or business that makes use of the Accused Products.

36. As of 2017, the average cost to build and to maintain a data center.

Best regards,
**Michael Ercolini**
**Prince Lobel Tye LLP**
**617.456.8084 | mercolini@princelobel.com**

On Jul 19, 2021, at 7:05 PM, Andrew S. Bruns <abruns@keker.com> wrote:

Counsel:

The topics in Singular's operative Rule 30(b)(6) notice have been the subject of various meet-and-confer communications, motion practice, and a hearing before Magistrate Judge Cabell on June 30, 2021. Exhibit D to Google's Opposition to Singular's Motion to Compel 30(b)(6) testimony in particular identified numerous modifications to the topics as originally served by Singular. The substance of the June 30 hearing has subsequently been the subject of letters between your colleague Michael Thompson and me. Your email reflects none of these developments and ignores the fact that the relevant topics have been significantly narrowed since they were served.

Mr. Shafiei will be prepared to testify on the topics on which he has been designated, subject to the limitations raised in Google's objections and responses, agreed upon by the parties, and/or ordered by Judge Cabell.

Best,
Andy

---

**Andrew S. Bruns**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
+14159628821 direct | 415 391 5400 main
abruns@keker.com | vcard | keker.com

---

**From:** Ercolini, Michael <mercolini@princelobel.com>
**Sent:** Monday, July 19, 2021 2:52 PM
**To:** Matthias Kamber <MKamber@keker.com>
**Cc:** kvp-singular <kvpsingular@keker.com>; wgs-singularv.google@wolfgreenfield.com; mkwun@kblfirm.com; singular@princelobel.com
**Subject:** RE: 1:19-cv-12551 - 30(b)(6) Deposition of Kamran Shafiei

[EXTERNAL]

Counsel,

As an addendum to the below email, we have no record of Google designating any witness on the following topics 14, 15, 16, 26 and 37 from Singular 30(b)(6) Notice, served on May 5, 2021. If Mr. Shafiei will be designated on any of these outstanding topics, please let us know immediately, and by no later than your response to the below email. If Mr. Shafiei is subsequently designated on these topics, he will obviously have to be deposed again.

Thank you,
Michael Ercolini

---

**From:** Ercolini, Michael
**Sent:** Monday, July 19, 2021 3:59 PM
**To:** mkamber@keker.com
**Cc:** kvpsingular@keker.com; wgs-singularv.google@wolfgreenfield.com; 'Michael Kwun' <mkwun@kblfirm.com>; Singular <Singular@princelobel.com>
**Subject:** 1:19-cv-12551 - 30(b)(6) Deposition of Kamran Shafiei

Counsel,

We want to confirm that Mr. Shafiei will be prepared to testify in accordance with his 30(b)(6) deposition designations. Specifically, please confirm that Mr. Shafiei will be prepared to testify tomorrow as to the complete scope of the below matters for examination. If there are any portions of the below matters for which Mr. Shafiei will not be prepared to testify, please explicitly identify those portions by response to this email by no later than 4 pm PST today.

10. Revenues, costs and/or expenses, and profits for the Accused Products or any products or services (including the Accused Services) making use of the Accused Products.

11. Research and development costs and expenses relating to the Accused Products.

12. Projections for sales, use or cost savings related to the Accused Products, or for any products or services (including the Accused Services) making use of the Accused Products.

13. Development profit and loss statements for the Accused Products, or any products or services (including the Accused Services) making use of the Accused Products.

18. Profit and loss (P&L) statements of any product group or business segment(s) responsible (or formerly responsible) for the Accused Products or Accused Services.

20. Capital asset requests and analyses associated with developing Google's data centers without the Accused Products.

21. Google's long-term capital investment plans relating to its data centers.

22. Projections of Google's long-term data center needs and shortfalls.

23. Capital asset requests and analyses associated with developing Googles data centers with the Accused Products.

24. Operating budgets and plans for Google data centers operating with and without the Accused Products, including without limitation size and energy requirements.

25. Profit and loss statements or other financial analyses prepared by Google related to the actual operation of its data centers with and without the Accused Products.

29. Budgets and forecasts relating to the development and operation of all Google Cloud businesses, including Cloud Platform, Cloud AI, and Cloud TPU.

30. Google's projected or actual revenues, costs and profits from the operation of all Google Cloud businesses, including Cloud Platform, Cloud AI, and Cloud TPU, or any other Google service or business that makes use of the Accused Products.

36. As of 2017, the average cost to build and to maintain a data center.

Best regards,
Michael Ercolini

<mime-attachment.jpg>
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8084 direct
mercolini@princelobel.com

<mime-attachment.jpg>

This email is intended for the confidential use of the
addressees only. Because the information is subject to the

attorney-client privilege and may be attorney work product,
you should not file copies of this email with publicly
accessible records. If you are not an addressee on this
email or an addressee's authorized agent, you have received
this email in error; please notify us immediately at
617 456 8000 and do not further review, disseminate or copy
this email. Thank you.


-------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or
information included in this message or any attachment is
not intended to be, and may not be, used to avoid tax
penalties or to promote, market, or recommend any
transaction, matter, entity, or investment plan discussed
herein. Prince Lobel Tye LLP does not
otherwise by this disclaimer limit you from disclosing the tax
structure of any transaction addressed herein.