# Exhibit F

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CASE NO.: 1:19-CV-12551-FDS


SINGULAR COMPUTING LLC,

      Plaintiff,

-vs-

GOOGLE LLC,

      Defendant.
_____

SCHEDULED REMOTE VIDEOTAPED DEPOSITION OF
KAMRAN SHAFIEI
VIA ZOOM PLATFORM

Tuesday, July 20, 2021
9:27 - 9:47 a.m. Pacific


WITNESS LOCATION:
Los Gatos, California 95032



Reported By:
Wendy Beath Anderson, RDR, CRR, CRC
Notary Public, State of Florida
Esquire Deposition Services
West Palm Beach Office   Job #J7282555

1    APPEARANCES:

2    On behalf of the Plaintiff:

3       MICHAEL J. ERCOLINI, ESQUIRE
        PRINCE LOBEL TYE, LLP
4        One International Place, Suite 3700
        Boston, Massachusetts 02110
5        mercolini@princelobel.com

6

7    On behalf of the Defendant:

8       MICHELLE YBARRA, ESQUIRE
        CHRISTOPHER SUN, ESQUIRE
9        KEKER VAN NEST & PETERS, LLP
        633 Battery Street
10       San Francisco, California 94111
        mybarra@keker.com

11

12

13   ALSO PRESENT:

14      JENNIFER POLSE, ESQUIRE, GOOGLE IN-HOUSE COUNSEL

15      CHRIS MADDEN, HOFFMAN ALVARY

16

17

18

19

20

21

22

23

24

25

1              - - -

2           I N D E X

3              - - -

4

5  WITNESS:        DIRECT   CROSS   REDIRECT   RECROSS

6  KAMRAN SHAFIEI

7  BY MR. ERCOLINI:   21

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2                            - - -

3      Deposition taken before Wendy Beath Anderson,

4   Registered Diplomate Reporter, Certified Realtime

5   Reporter and Notary Public in and for the State of

6   Florida at Large, in the above cause.

7                          - - -

8          THE VIDEOGRAPHER:  Good morning.  We are now

9      on the record.  The time is now 11:00 -- sorry --

10     9:27 a.m. Pacific time on Tuesday, July 20th, 2021.

11     This begins the videotaped deposition of Mr. Kamran

12     Shafiei taken in the matter of Singular Computing

13     LLC, versus Google LLC.

14          The videographer today is myself, Carlos

15     Andreu, and the court reporter is Wendy Anderson.

16     We are both representing Esquire Deposition

17     Solutions.

18          Counsel, will you please announce your name

19     and whom you represent, after which the court

20     reporter will swear in the witness.  You may

21     proceed.

22          MR. ERCOLINI:  Michael Ercolini of Prince

23     Lobel Tye in Boston for the plaintiff, Singular

24     computing, LLC.

25          MS. YBARRA:  Michelle Ybarra from Kecker Van

1    Nest and Peters for defendant, Google.

2        MR. SUN:  Christopher Sun from Kecker Van Nest

3    and Peters for defendant, Google.

4        (Witness sworn by the court reporter.)

5        THE WITNESS:  I do.

6        MS. YBARRA:  Before we begin the examination

7    today, it's important that we clarify some things

8    on the record regarding the scope of Mr. Shafiei's

9    deposition testimony today.

10       As Mr. Ercolini knows, Mr. Shafiei has been

11   designated to testify on Topics 10, 11, 12, 13, 18,

12   20 to 25 and 30, consistent with the scope set

13   forth in Exhibit D to the declaration of Andrew

14   Brunz in support of Google's June 21st opposition

15   to Singular's motion to compel.

16       At the June 30th hearing on that motion, Judge

17   Cabell ordered Google to provide a witness on

18   Topic 36, which Mr. Shafiei is also prepared to

19   testify on and Google discussed the substance of

20   the June 30th hearing with Singular in numerous

21   letters and memorialized Google's agreement to

22   produce Mr. Shafiei on these topics in a

23   July 2nd letter to Singular.

24       Until yesterday, Singular never raised any

25   disagreement regarding the scope of the topics for

1   which Mr. Shafiei's been designated and Singular

2   never indicated any intent to renege on positions

3   it took before the Court at the June 30th hearing.

4   Yet, last night Mr. Ercolini informed Google for

5   the first time of Singular's new position that

6   Mr. Shafiei should be prepared to address the full

7   scope of those topics as drafted, notwithstanding

8   Judge Cabell's clear ruling on the record at the

9   June 30th hearing that several of those topics as

10  drafted are overbroad and improper.  And I'm

11  referring specifically to, for example, Topic 18,

12  which seeks 30(b)(6) testimony on P&L statements of

13  any product or business segment responsible or

14  formally responsible for the accused services.

15  Judge Cabell said explicitly that the topic as

16  drafted is too out there and, quote, too broad.

17      Singular's e-mail last night sent the night

18  before Mr. Shafiei's deposition demanding that

19  Mr. Shafiei testify on the full scope of that topic

20  and others completely disregard the guidance from

21  Judge Cabell.

22      MR. ERCOLINI:  Can we hurry this up?

23      MS. YBARRA:  Let me finish, Mr. Ercolini,

24  please.

25      Upon receiving Singular's e-mail, Singular

1   informs Google it intends to put Mr. Shafiei up for

2   deposition only once and only on the scope of the

3   topics reflected in the chart filed with the Court,

4   which Singular never disputed and, in fact,

5   represented to Judge Cabell at the hearing

6   reflected the resolution of the parties' dispute.

7        Singular's refused to limit its deposition of

8   Mr. Shafiei to the deposition topics and the scope

9   previously agreed on by the parties and discussed

10  with the Court.

11       Mr. Shafiei's cleared his schedule today.

12  He's prepared to testify on the topics I identified

13  earlier as limited in the chart provided by the

14  Court, plus Topic 36, but we're prepared to proceed

15  with the deposition today only upon Singular's

16  confirmation that Mr. Ercolini will limit his

17  questions properly to the scope of the topics as

18  agreed to and discussed with the Court and not seek

19  additional time with Mr. Shafiei or any 30(b)(6)

20  witness on those same topics later.

21       Absent that agreement, we intend to suspend

22  today's deposition and seek immediate guidance from

23  Judge Cabell on this new dispute which we had

24  thought was put to bed weeks ago.  I've asked

25  Mr. Ercolini to provide for me --

1       MR. ERCOLINI:  This is my deposition --

2       MS. YBARRA:  Mr. Ercolini, I'm almost done.

3   Please stop interrupting me.

4       MR. ERCOLINI:  I'm going to give you another

5   minute.

6       MS. YBARRA:  Let me finish.

7       MR. ERCOLINI:  I'm going to give you another

8   minute.

9       MS. YBARRA:  Mr. Ercolini, I asked you to

10  provide that confirmation before you began your

11  examination.  You refused to provide it over

12  e-mail.  I'm asking you to provide it here on the

13  record.  If you don't agree, state your -- the

14  basis for your position, your disagreement and then

15  we should go off the record and contact the Court.

16      MR. ERCOLINI:  So the rule is that if I notice

17  a deposition, you have to appear for it.  Absent a

18  protective order that's in place or you're seeking

19  a protective order or you sought a protective

20  order, you have to produce a witness.  If you don't

21  do it, you can be sanctioned.

22      If you're telling me you're going to suspend

23  the deposition and you're going to refuse to

24  produce the witness on the topics which he's been

25  designated on, that's up to you, but I'm going to

1   respond to a few of the things that you said.

2       First of all, the exhibit that you're

3   referring to was an exhibit that was attached to an

4   opposition to a motion to compel.  At no point

5   during the hearing did Singular abandon any topics,

6   as was suggested last evening.  We've made clear

7   what we were seeking.  We never abandoned any of

8   the topics.  I take issue with everything that's

9   been said about what Judge Cabell said during that

10  hearing.  He did not exclude any topics.  He

11  certainly didn't draft that exhibit, as you just

12  suggested, which is off the wall.

13      If Mister -- if you're telling me that

14  Mr. Shafiei is not prepared to testify on the

15  topics on which he's been designated today, that's

16  fine.  If you choose to present the witness without

17  his answering questions, I'm going to take that as

18  failing to appear, but I would like to get

19  questions in today.

20      I'm not going to waive any right to redepose

21  Mr. Shafiei if he's unprepared for topics today.

22  I'm not going to waive any right to take witnesses

23  on the 30(b)(6) topics that we've provided.

24      So if you're telling me that you're going to

25  yank the witness because we've not agreed to waive

1   that right, that's up to you.  I'm going to take

2   that as a failure to appear.  We will move for

3   sanctions and we can take it from there.

4        But I really would like to get the deposition

5   underway, if we can.

6        MS. YBARRA:  Are you finished, Mr. Ercolini?

7        MR. ERCOLINI:  I am.

8        MS. YBARRA:  I disagree with your

9   characterization of the record and my statements,

10  and I didn't suggest Judge Cabell off the chart --

11       MR. ERCOLINI:  You said --

12       MS. YBARRA:  Mr. Ercolini, would you stop

13  interrupting me, please.  It's improper and it's

14  rude and it makes hard for the court reporter to

15  take a proper record here.  Let me finish.

16       MR. ERCOLINI:  This is not your deposition.

17  So if you want to keep grandstanding, you're going

18  to do it on mute.

19       MS. YBARRA:  Mr. Ercolini, are you done

20  interrupting me?

21       MR. ERCOLINI:  I've had it.  You've had about

22  five minutes of uninterrupted jabbering.  I'm done.

23  So if you want to yank the witness, yank the

24  witness.  That's up to you.  But I'm not going to

25  sit here through speaking objections.

1      MS. YBARRA:  We are going to suspend the

2   deposition today in light of Singular's refusal to

3   abide by the agreements and comply with the

4   guidance provided by Judge Cabell at the June 30th

5   hearing, and I will note for the record -- please,

6   Mr. Ercolini, I see you're eager to jump in there,

7   but let me finish my sentence and then you can

8   state your response.

9      I will note for the record that Singular's

10  reneging on agreements that the parties had reached

11  weeks after the parties memorialized those in

12  writing.  It is improper and itself sanctionable

13  conduct.

14      MR. ERCOLINI:  I want you to point me to

15  exactly where we agreed to the limitations that

16  you're proposing.  All I asked for last evening,

17  and I want to make this absolutely clear, is for

18  you to confirm which portions of which topics

19  Mr. Shafiei was going to be prepared to testify on

20  today.  You did not do that.  I asked you three

21  separate times.  You still cannot do it.

22      We can sit here right now and you can tell me

23  what portions of the topics he's prepared to

24  testify on and that's it.  We'll move forward on

25  those.  But I asked that three separate times, did

1  not hear anything back and I've not seen a single

2  thing where we agreed to limit the scope of the

3  topics, and in a completely undefined way, I'll

4  add, because you still cannot tell me what portions

5  of the topics he's prepared to testify on today.

6  Can you tell me right now?

7      MS. YBARRA:  Are you finished?

8      MR. ERCOLINI:  Can you tell me right now?  I

9  want an answer to what portions of the topics is he

10  prepared to testify on, which is he not.

11      MS. YBARRA:  I'll caution you to watch your

12  tone with me and stop interrupting me.  Are you

13  finished?

14      MR. ERCOLINI:  I'm not talking.  I just asked

15  a question.  Can you answer the question?

16      MS. YBARRA:  Yes.  And we responded in writing

17  this morning, again, pointing you to the chart --

18  let me finish, Mr. Ercolini -- the chart submitted

19  to the Court reflecting the scope of what we agreed

20  to provide Mr. Shafiei to testify on, and in

21  addition to that, Topic 36 which was ordered by

22  Judge Cabell at the hearing.  The chart sets forth

23  the scope of what Google is willing to provide a

24  witness on.

25      We discussed this explicitly with the judge at

1    the hearing and the judge had reviewed the chart

2    and he said -- you know, you need to look back at

3    the hearing transcript -- and he said Google has

4    been willing to make somebody available to talk

5    about certain things and information, referring to

6    the chart.  Singular, at that hearing you said that

7    the issues that -- the motions had been resolved

8    and we moved forward to talk about another one.

9        MR. ERCOLINI:  I did not say the motions were

10   resolved.

11       MS. YBARRA:  Mr. Ercolini --

12       MR. ERCOLINI:  You're not going to pile lie

13   upon lie.  That's not our agreement.  That's your

14   chart saying what you're willing to provide him

15   for.  I asked you to provide where we agreed to

16   that scope.

17       MS. YBARRA:  Counsel has just called me a liar

18   on the record and I think we -- I think --

19       MR. ERCOLINI:  Oh, my God.

20       MS. YBARRA:  -- we're done here.

21       MR. ERCOLINI:  No, I said you piled lie upon

22   lie, which is absolutely true.  If you're yanking

23   the witness because you're offended by my saying

24   that you're lying, I'd ask you to stop telling

25   falsehoods on the record.

1      So I want you to tell me where we agreed to

2  the scope that you said is in Exhibit D.

3      MS. YBARRA:  Mr. Ercolini, we've stated our

4  position in writing and now again on the record.  I

5  think we're ready to suspend today's deposition.

6      MR. ERCOLINI:  You have not provided an answer

7  to that question.

8      MS. YBARRA:  You've interrupted me now a tenth

9  time.

10      MR. ERCOLINI:  This is my deposition --

11      MS. YBARRA:  We're ready to suspend the

12  deposition.

13      MR. ERCOLINI:  -- which you are grandstanding.

14      MS. YBARRA:  We're going to seek guidance from

15  the Court on this.  Are you ready to go you off the

16  record?

17      MR. ERCOLINI:  What's that?  No, I want to ask

18  the witness questions.

19      MS. YBARRA:  We are not going to proceed with

20  today's deposition absent an agreement from

21  Singular to abide by the scope that we have -- that

22  has been in place for weeks.  I understand that

23  you're --

24      MR. ERCOLINI:  There's no scope in place

25  because you can't even tell me what it is.  Tell me

1    what the scope is right now.  Tell me what the

2    scope is right now.

3        MS. YBARRA:  This is the -- Mr. Ercolini,

4    every time I speak, you interrupt me.  You've now

5    called me a liar, you've interrupted me a dozen

6    times on the record.  Please watch yourself.

7        MR. ERCOLINI:  I asked you four times please

8    tell me what the scope is.

9        MS. YBARRA:  The scope is memorialized in

10   Chris Sun's e-mail from this morning, plus your

11   prior correspondence.

12       MR. ERCOLINI:  Let's read through the e-mail,

13   then, and find what the scope is.

14       MS. YBARRA:  I think we're done here.

15       MR. ERCOLINI:  No, I don't think we're done.

16   We're going to get this on the record.  We're going

17   to read through Chris Sun's e-mail and you're going

18   to point to me where the scope is.

19       MS. YBARRA:  Absolutely.  In the attachment to

20   Chris Sun's e-mail this morning, and as

21   memorialized in our July 2nd letter, and as

22   discussed multiple times in meet-and-confers by the

23   parties, I'm going to read this into the record and

24   you will not interrupt me, Mr. Ercolini.

25       MR. ERCOLINI:  What meet-and-confers?

1      MS. YBARRA:  Mr. Ercolini --

2      MR. ERCOLINI:  You're not going to make

3   grandstanding statements.

4      MS. YBARRA:  -- you asked for the scope.

5      MR. ERCOLINI:  When did we meet and confer

6   about Exhibit D?

7      MS. YBARRA:  You asked me about the scope.

8   I'm going to read that into the record.  Do you

9   want that or not?

10      MR. ERCOLINI:  You're saying that we agreed

11   to.  I'm asking you to tell me where we agreed to

12   that scope.

13      MS. YBARRA:  We discussed this at length at

14   the hearing with Judge Cabell.

15      MR. ERCOLINI:  We discussed a motion to compel

16   testimony of this witness -- of Google on a number

17   of topics.  Where did we say we agree to the scope

18   in Exhibit D?

19      MS. YBARRA:  At the hearing, the June 30th

20   hearing before Judge Cabell.

21      MR. ERCOLINI:  I got the setting.

22      MS. YBARRA:  Mr. Ercolini --

23      MR. ERCOLINI:  You need to tell me where in

24   the transcript --

25      MS. YBARRA:  -- every time I try to answer

1   your question, you interrupt me.

2       MR. ERCOLINI:  No, we agreed to a general time

3   when apparently we did it.  I'm asking you to tell

4   me the specific time where we said yeah, we agree

5   to the scope in Exhibit D.

6       MS. YBARRA:  Are you going to let me finish?

7       MR. ERCOLINI:  I'm going to ask you over and

8   over again to tell me where we agreed to the scope

9   of Exhibit D.  You said in multiple

10  meet-and-confers.  When did those meet-and-confers

11  happen?

12      MS. YBARRA:  Mr. Ercolini, at the hearing

13  before Judge Cabell, Singular indicated to the

14  Court that its motions had been resolved as a

15  result of the agreements that we put on the record,

16  which was Google agreed to produce a witness

17  consistent with the scope reflected in Exhibit D.

18      MR. ERCOLINI:  And that's what Matt said he

19  was willing to produce a witness in accordance with

20  the scope of Exhibit D.

21      MS. YBARRA:  That is what he represented to

22  the Court at the hearing.

23      MR. ERCOLINI:  You were ordered to provide

24  testimony on the average cost of data centers.  You

25  were ordered to provide testimony to the extent it

1   exists on incremental references or any other

2   segment that uses the accused TPUs.  We did not

3   withdraw any of the topics.  Those have been

4   noticed.  You've been aware of them for quite some

5   time and there's no motion for protective order.

6       You designated him on those topics.  I can't

7   think this is anything but a bait-and-switch that

8   you designated him on the topics and then you

9   pulled him.  You did the same thing on Friday.

10  This is completely inappropriate.  You're not

11  allowed to say we object to the topics, therefore,

12  we're not going to produce somebody.

13      In the absence of a protective order, you're

14  taking the witness -- having him fail to appear is

15  sanctionable.  If you want to go down that road, we

16  can do that.  We've not reneged on a single thing.

17  You've not pointed me to a single thing where we've

18  agreed to the scope you're suggesting.  It's

19  nowhere in the record.

20      MS. YBARRA:  That's just false, Mr. Ercolini.

21  And Mr. Shafiei is prepared to testify on Topic 36,

22  which is a clear holding that came out of the

23  June 30th hearing.  Judge Cabell ordered Google to

24  provide a witness on that and Mr. Shafiei's

25  prepared to testify on that.

1      MR. ERCOLINI:  You're saying that was the

2   exclusion of all other topics.

3      MS. YBARRA:  Absolutely not.  I've made my

4   position clear.  I'm trying to -- Mr. Ercolini,

5   again, quit interrupting.  You're being extremely

6   rude, unprofessional.  I tried to read the topics

7   into the record.

8      MR. ERCOLINI:  You want to talk --

9      MS. YBARRA:  We're done here.  We're ready to

10   go off the record.  We're ready to go off the

11   record.  We're going to suspend the deposition.

12      MR. ERCOLINI:  Okay.  Again, you're doing that

13   unilaterally.  We've noticed him.  You've failed to

14   appear for the deposition.  That's how we're taking

15   it.  And to the extent you failed to respond to the

16   topics -- and there are a number of topics for

17   which there are no designations -- those are also

18   failures to appear.  And there's a failure to

19   appear from Friday for all topics for which the

20   witness was not prepared.  That's three.

21      So if you want to do that, that's up to you.

22   But it's 12:44.  We've been going for 40 minutes

23   now, and I haven't gotten a single question in.

24   I'd like really like to start the deposition.

25      MS. YBARRA:  We're not proceeding with the

1   deposition today.  Singular's intent to re-litigate

2   issues that were already discussed with the Court

3   and have been decided --

4        MR. ERCOLINI:  Listen, you can just object and

5   say it's out of scope, and if you don't want the

6   witness to testify on it, he won't testify on it.

7        MS. YBARRA:  We're ready to go off the record.

8   Mr. Ercolini, I've made my position clear.  I think

9   you have too.  We're going to have to take it up

10  with the judge.

11       MR. ERCOLINI:  Okay.  Well, that's the third

12  failure to appear inside of a week.  So feel free

13  to take it up with the judge.  This is completely

14  inappropriate.  We're three days out from the close

15  of fact discovery and this is the nth month that

16  Google has failed to produce a witness on these

17  topics.

18       So if you're going to pull the witness, I'll

19  go off line.  I'm not going to do it first.  I'm

20  waiting to question the witness.  By the way, I'm

21  not counting any of this against our time.

22       MS. YBARRA:  Madam court reporter, we're ready

23  to go off the record.

24       THE VIDEOGRAPHER:  Do all parties agree to go

25  off the video record?

1        MR. ERCOLINI:  I don't.  So you're going to

2    have to shut it off.  Shut off your video if you're

3    going to pull the witness, but I'm going to go

4    ahead and question the witness.

5        MS. YBARRA:  No, we're not proceeding with

6    today's deposition in light of Singular's intent to

7    re-litigate issues.

8  Thereupon,

9            (KAMRAN SHAFIEI)

10  having been first duly sworn or affirmed, was examined

11  and testified as follows:

12            DIRECT EXAMINATION

13  BY MR. ERCOLINI:

14    Q.   Mr. Shafiei, do you understand that you're

15  appearing today as a 30(b)(6) witness?

16        MS. YBARRA:  Mr. Ercolini, I think your

17    manners are really wanting here.

18        MR. ERCOLINI:  I think you need to stop with

19    the speaking objections.

20        MS. YBARRA:  You're being unprofessional.

21  BY MR. ERCOLINI:

22    Q.   Mr. Shafiei --

23        MS. YBARRA:  We're done today.  Thank you.

24        Mr. Shafiei, we're going to leave.  We're

25    going to exit the room.  Thank you.

1      MR. ERCOLINI:  All right.

2      THE VIDEOGRAPHER:  Going off the video record

3   at 9:46 a.m.

4      (Deposition was adjourned at 9:46 a.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                        CERTIFICATE OF OATH

2    STATE OF FLORIDA

3    COUNTY OF PALM BEACH

4

5

6            I, the undersigned authority, certify that

7    Kamran Shafiei personally appeared before me and was

8    duly sworn on the 20th day of July, 2021.

9

10            Witness my hand and official seal this 20th

11   day of July, 2021.

12

13

14

15

16   _____

17        Wendy Beath Anderson, RDR, CRR, CRC
          Notary Public State of Florida
          My Commission Expires:  9/20/2021
18        My Commission No.:  GG 109736

19        Job #J7282555

20

21

22

23

24

25

1              C E R T I F I C A T E

2    STATE OF FLORIDA

3    COUNTY OF PALM BEACH

4

5          I, Wendy Beath Anderson, Certified Realtime
     Reporter and Notary Public in and for the State of
6    Florida at Large, do hereby certify that I was
     authorized to and did stenographically report said
7    deposition of KAMRAN SHAFIEI; that a review of the
     transcript was not requested; and that the foregoing
8    transcript is a true record of my stenographic notes.

9          I FURTHER CERTIFY that I am not a relative,
     employee, or attorney, or counsel of any of the parties,
10   nor am I a relative or employee of any of the parties'
     attorney or counsel connected with the action, nor am I
11   financially interested in the action.

12         The foregoing certification of this transcript
     does not apply to any reproduction of the same by any
13   means unless under the direct control and/or  direction
     of the certifying reporter.

14

15

16         Dated this 20th day of July, 2021.

17

18         _____

19         Wendy Beath Anderson, RDR, CRR, CRC

20         Job #J7282555

21

22

23

24

25