# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551 FDS |
| Plaintiff, | |
| v. | Hon. F. Dennis Saylor IV |
| GOOGLE LLC, | |
| Defendant. | |

## DECLARATION OF ANDREW S. BRUNS IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

I, Andrew S. Bruns, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and admitted to practice before this Court. I am an attorney at the law firm of Keker, Van Nest and Peters LLP and counsel for Defendant Google LLC ("Google") in the above-captioned action.

2. I make this Declaration in support of Google's Motion for Protective Order. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify to them competently under oath.

3. On May 14, 2021, my colleague Matthias Kamber and I engaged in an extensive meet-and-confer call with counsel for Plaintiff Singular Computing LLC ("Singular") regarding Singular's Notice of Deposition of Google LLC Pursuant to Fed. R. Civ. P. 30(b)(6), dated May 5, 2021 (the "Deposition Notice"). That call lasted approximately 90 minutes. During that conversation, the parties appeared to resolve their disputes regarding 30 of the 46 topics in the Deposition Notice. As part of that resolution, Google agreed to produce witnesses to testify on several of the topics in the Deposition Notice, subject to certain modifications, and Singular, in turn, agreed that Google need not produce witnesses to testify on certain other topics in the Deposition Notice.

4. The terms of that compromise are memorialized in **Exhibit 1,** which is a true and correct copy of a table Google submitted in support of its opposition (ECF No. 226) to Singular's motion to compel testimony (ECF No. 214). The table catalogues Google's responses to the Deposition Notice and the topics at issue in Singular's motion to compel testimony (ECF No. 214). The table identifies (1) the modified topics on which the parties agreed Google would provide a witness (i.e., Topics 1-7, 9, 11, 19, 26, 27, 31, 33, 34, 42, 44, and 45; (2) the topics on which the parties agreed Google need not provide a witness (i.e., Topics 8, 14, 15, 16, 35, 38-41, 43 and 46); and (3) topics that were still in dispute at the time Singular filed its motion to compel testimony (ECF No. 214), as well the scope of the testimony Google offered to provide in response to each such topic (i.e., Topics 10, 12-13, 17-18, 20-25, 29-30, 32, and 36).

2

5. Topic 27 in the Deposition Notice seeks testimony regarding "Google's corporate return on investment (ROI) policy" as of 2017. During the above-referenced meet-and-confer call with Singular's counsel, counsel for Google informed Singular's counsel that Google did not have a corporate return on investment policy and that Google therefore could not designate a witness to testify on this topic.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct and that this declaration was executed July 21, 2021, at San Francisco, California.

  /s/ Andrew S. Bruns  
ANDREW S. BRUNS

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                        */s/ Andrew S. Bruns*
                                                    ANDREW S. BRUNS