**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br><br>Hon. F. Dennis Saylor IV |

## PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian M. Seeve (BBO #670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this motion to modify the scheduling order. The limited purpose for which this modification is necessary is to allow Plaintiff to take depositions of two individuals and a single 30(b)(6) topic outside of fact discovery and beyond the sixteen deposition limit.

Modification of a schedule requires "good cause" and "the judge's consent." Fed. R. Civ. P. 16(b)(4). The operative Corrected Scheduling Order in this case was entered on August 4, 2020. Dkt. No. 70. At the last Status Conference held on July 12, 2021, the Court indicated that the number of depositions and July 23rd deadline were arbitrary and that it would allow a handful of depositions beyond the July 23 deadline and that it would also allow depositions beyond the 16 deposition limit through July 31, if the parties agreed. Google however, opposes Singular's request.

To date, Singular has taken 13 personal depositions and is trying to finish a Rule 30(b)(6) deposition of Google. Singular now seeks to take two short depositions of relevant non-party witnesses and a narrow deposition of Google pursuant to Fed. R. Civ. P. 30(b)(6) of not more than five hours in total.  The following summarizes the relevance of the testimony Singular seeks and provides good cause for granting this Motion.

**A. Johnny Chen**

Johnny Chen is a former Google employee.  Not identified by Google in any version of its Initial Disclosures, Singular became aware of the relevance of Mr. Chen's testimony in reviewing Googles document production when it became apparent that Mr. Chen had met with Dr. Joseph Bates, while employed at Google. Additionally, Mr. Chen reported that he was very impressed with Dr. Bates' invention. These facts are relevant to Singular's claims of willfulness.

...

Singular has been diligent during the fact discovery period in pursuing Mr. Chen's deposition. Singular first noticed his deposition on May 27, 2021, nearly two months before the close of fact discovery. Gannon Dec. Ex. A. On June 9, 2021, Singular learned it would have to issue a subpoena to procure Mr. Chen's testimony through Google's objection to the deposition notice informing Singular that Mr. Chen was no longer an employee. Gannon Dec. Ex. B. Google was also not authorized to accept service, and did not have a current address and the only information that they were able to convey was his current LinkedIn profile. Gannon Dec., Ex. C. Singular then engaged a private investigator to locate Mr. Chen. When Singular found a valid address, they immediately attempted to serve him with a subpoena. Singular's process server made the following attempts:

- Attempt # 1: 6/29/21. No answer.
- Attempt # 2: 6/30/21. No answer.
- Attempt # 3: 7/1/21. No answer.
- Attempt # 4: 7/2/21. No answer.
- Attempt # 5: 7/5/21. No answer.
- Attempt # 6: 07/08/21. No answer. However, Mr. Chen's wife indicated that he was out of town for ten days.
- Attempt # 7:7/19/21. Mr. Chen was served.

Gannon Dec., Ex. D.

Thus, despite seeking the deposition since May, Singular was not able to serve Mr. Chen until four days prior to the close of fact discovery. Accordingly, Singular seeks leave to take his deposition at the earliest possible time. Singular does not expect his deposition to take longer than two hours.

**B. Richard Goodin**

Singular also requests leave to take the deposition of non-party Richard Goodin. Last Friday, July 16, 2021, Google's Rule 30(b)(6) designee Norm Jouppi confirmed in deposition that the accused products use one or more of the retained fraction bits as submitted in a

3

declaration by Mr. Goodin in support of Google's petitions for *Inter Partes* Review.  Ex. E.  In this declaration, Mr. Goodin concedes that the Google format (bfloat16) meets the precision limitation of the asserted patent claims when using the retained fraction bits described by Mr Goodin.  It is also believed that Mr. Goodin authored the invalidity contentions where he likewise makes this concession.  For example, as represented by Mr. Goodin to the Patent Trial and Appeal Board ("PTAB") and to the district court in Google's Invalidity Contentions:

| Retained Fraction Bits (K) | Equation C: Minimum Y for X ≥ 12% | Equation D: Minimum Y for X ≥ 6% | Meets X/Y Percentages Recited by Claims: |
|---|---|---|---|
| 9 | ≥ 0.0976% | ≥ 0.1171% | ● '156 patent, claim 7<br>● '273 patent, claim 53 |
| 8 | ≥ 0.1953% | ≥ 0.2343% | All above |
| 7 | ≥ 0.3906% | ≥ 0.4687% | All above plus '961 patent, claims 4 and 13 |

Google's counsel has not responded to Singular's request to accept service of the subpoena.  Gannon Dec. Ex. F and G.  Since Mr. Goodin possesses highly relevant factual information and Singular issued a subpoena during the fact discovery period, Singular respectfully requests leave to take his deposition.

### C.  30(b)(6) Testimony

The 30(b)(6) testimony sought by Singular concerns the subject matter set forth above.  More particularly, Singular requests the testimony of whomever authored the invalidity contentions (presumably Mr. Goodin) conceding the precision elements of the claim are met as set forth by Mr. Goodin, above.  Singular does not expect this deposition to last more than two hours.

## CONCLUSION

For the foregoing reasons, Singular respectfully requests that the Court grant this motion to modify the scheduling order.

Dated: July 23, 2021                                Respectfully submitted,

/s/ Paul J. Hayes
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Michael J. Ercolini (pro hac vice)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: mercolini@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Paul Hayes, counsel for Plaintiff, hereby certifies that Plaintiff's counsel met and conferred over e-mail with counsel for Defendant, Google LLC, in a good-faith attempt to resolve or narrow the issues raised by this motion.

/s/ Paul Hayes

## LOCAL RULE 37.1(b) CERTIFICATION

I, Paul Hayes, counsel for Plaintiff, hereby certify that Plaintiff's counsel complied with the provisions of Rule 37.1.

                                        */s/ Paul Hayes*


## CERTIFICATE OF SERVICE

I certify that on July 23, 2021, I served this document on Defendant by causing a copy to be sent via electronic mail to its counsel of record.

                                        */s/ Paul J. Hayes*