UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SINGULAR COMPUTING LLC, )
)
Plaintiff ) Civil Action
)
) No. 19-12551-FDS
vs. )
)
GOOGLE LLC, )
Defendant )

BEFORE: CHIEF JUDGE F. DENNIS SAYLOR, IV

STATUS CONFERENCE CONDUCTED BY ZOOM

John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210

July 27, 2021
4:00 p.m.

Valerie A. O'Hara, FCRR, RPR
Official Court Reporter
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210
E-mail: vaohara@gmail.com

APPEARANCES:

For The Plaintiff:

    Prince, Lobel, Tye, LLP, by PAUL J. HAYES, ESQ., and KEVIN GANNON, ESQ., One International Place, Boston, Massachusetts 02110;

    McCarter & English, LLP, by BRIAN M. SEEVE, ESQ., 265 Franklin Street, Boston, Massachusetts 02110;

For the Defendant:

    Keker, Van Nest & Peters LLP, by MATTHIAS A. KAMBER, ESQ., 633 Battery March Street, San Francisco, California 94111.

    Kwun, Bhansali, Lazarus LLP, by ASIM M. BHANSALI, ESQ., and MICHAEL S. KWUN, ESQ., 555 Montgomery Street, Suite 750, San Francisco, California 94111;

    Wolf, Greenfield & Sacks, P.C., by NATHAN R. SPEED, ESQ., 600 Atlantic Avenue, Boston, Massachusetts 02210.

PROCEEDINGS

THE CLERK: Singular Computing LLC vs. Google, LLC, Inc., Civil Action Number 19-12551.

Participants are reminded that photographing, recording or rebroadcasting of this hearing is prohibited and may result in sanctions.

Would counsel please identify themselves for the record, starting with the plaintiff.

MR. HAYES: Paul Hayes for the plaintiff.

04:00PM MR. GANNON: Kevin Gannon for the plaintiff.

THE COURT: Good afternoon.

MR. KAMBER: Matthias Kamber. Go ahead, Mr. Seeve.

MR. SEEVE: Good afternoon. This is Brian Seeve, also for the plaintiff, Singular Computing.

THE COURT: Good afternoon.

MR. KAMBER: Good afternoon, your Honor, Matthias Kamber on behalf of Google.

THE COURT: Good afternoon.

04:00PM MR. SPEED: Good afternoon, your Honor, it's Nathan Speed from Wolf, Greenfield, Sacks, also on behalf of Google.

THE COURT: Good afternoon.

MR. BHANSALI: And Asim Bhansali, your Honor, from Kwun, Bhansali, Lazarus for Google.

THE COURT: Good afternoon.

MR. KWUN: And also Michael Kwun from Kwun, Bhansali, Lazarus for Google, your Honor.

THE COURT: Good afternoon. All right. This is a status conference in this case. I have a number of motions pending. Google has filed a motion to compel Number 244 and a motion for protective order, 249, and Singular has filed a motion to compel inspecting, testing and source code, which is 262. I think I'm going to refer all of those to Magistrate Judge Cabell because I think they all involve the scope of discovery.

04:01PM

266, which I think was filed a couple days ago was a motion, I think it's by Singular, for leave to modify the scheduling order to permit some additional time to take depositions. Do I understand Google intends to oppose that; is that right, Mr. Kamber?

MR. KAMBER: That's right, your Honor.

THE COURT: When do you think you could get an opposition on file just so this isn't dangling too long?

04:02PM

MR. KAMBER: I would like to think we could get an opposition on file by Friday or Monday.

THE COURT: All right. Why don't I give you to Monday, the close of business East Coast time on Monday, okay?

MR. KAMBER: Much appreciated.

THE COURT: Then I'll try to rule on that quickly just so everyone knows the schedule going forward.

There's some a smattering of motions to seal, which I will grant. Let me be a little more linear about this. Hold on. 247, 256, and 265.

If I haven't made this clear, I'll do so now. There's a tendency to overseal documents, including sealing an entire document sometimes when there's a word or a sentence that actually contains something private or proprietary, and so I require when documents are filed under seal that a redacted public version be filed as well with the minimum redactions necessary to accomplish the goal of protecting whatever it is you want to protect, if there's any such sealing as, you know, later subject to unsealing for good cause shown.

The way this tends to work, of course, you're doing it in realtime and you want to get something on file to meet a deadline or whatever. I'm going to ask the parties to look at what has been filed under seal, and I'll give you 14 days to file a redacted online version.

This also tends to be a client-driven exercise. I know it's hard for anyone, any lawyer to say no to the client, but I do expect that you'll at least push back somewhat. With rare exceptions, there's no need for pages and pages and pages of things that are blacked out. They

tend to be specific things, financial information or design elements or whatever it is that is generally proprietary, but I'll leave it with that sort of general observation, and, again, without trying to micromanage this, I'll give you 14 days to file a redacted version of anything that was filed pursuant to those motions to seal on the public document.

All right. I think it makes sense for me to schedule another status conference just to, again, as we're trying to wrap up discovery in some form or another. I don't know, of course, whether there's any objections to magistrate judge orders, and there may be some continuing things that flow out of discovery, but, otherwise, where are we, and is there anything we should be discussing? Mr. Hayes.

MR. HAYES: No, your Honor, other than I thought we would discuss the two deposition notices, but you're just going to rule on them on the papers, so that's fine unless you want to hear something about it.

THE COURT: Well, I mean, I guess I'll say to Google, I'm not sure I see much harm in extending the deadline here given that we're going to stay the rest of the case, but I'll hear what you have to say. You know, if you think it is generally oppressive or problematic, I can let you make your case, but, again, I think the basic plan

here is barring further developments once that discovery is closed that we're going to be suspended here for at least some period of time, hopefully not too long, but whatever you have to say, I'll read it, okay.

MR. KAMBER: Thank you, your Honor.

THE COURT: All right. Mr. Kamber or anyone else, anything from -- Mr. Hayes.

MR. HAYES: The only thing else, I think we talked about it last time, and I bring it up, but it's obviously your decision, the Markman decision, to rule on it. We, I mean, my preference is get it done now as opposed to nine months from now trying to redo it.

I mean, I think most everything should be sort of briefed, rebriefed, argued and fresh to get it over, and our position is, if you could, we would like to see a ruling.

One reason we like to see a ruling on this is because some of these motions, they've filed a bunch of motions, motions to compel with the magistrate that we're supposed to answer interrogatories, and one of objections is we haven't had a claim construction, and if we had one, we could move it along.

And the other point, I mean, frankly, is Singular spent over 150k briefing and rebriefing it, arguing it and the rest, and my client says to me, well, what's the story?

And I said, well, you know, welcome to litigation, but nothing ever gets done.

THE COURT: Not quite that bad, close, but not quite that bad.

MR. HAYES: I understand that, and it's particularly true as we see it with this 112 argument on statistical mean, and we've all gone over that, et cetera. I mean, I think some of it is ripe to be decided, I'm not pushing you to do it, but, if you could, we would prefer that you would.

04:08PM

THE COURT: Okay. Yes. I very much understand the issue, and I also understand that there's a circular quality, you know, to some of this stuff. As I'm sure I don't need to tell you this, but, you know, the claim construction comes out as some way, maybe it affects discovery or other things or, you know, claims are amended, all kinds of thing happen as a result or people try to assert new theories or seek new discovery. I can't make that perfect.

04:09PM

Having decided that I think it makes sense to wait and see what, if anything, happens in Washington with this, I think I'm going to stick with my plan, completing fact discovery. I am used to reviewing motions that are both fresh and stale, it's just part of the job description. I don't think we need another round of rebriefing or

rehearing, you know, I suppose if I drop dead and other some other Judge gets it, that may be a problem, but I think I can reconstruct this.

MR. HAYES: That's fine, Judge. They asked me, my client asked me to ask you, and --

THE COURT: I understand. And I'm sympathetic, I'm sympathetic to all clients. This whole process is more cumbersome and complicated than it needs to be, and there's only one of me, which is part of the problem, but, in any

04:10PM event, that's my plan. I'm going to stick with it, but I do think it makes sense, as I said, to get fact discovery wrapped up as best we can recognizing that some issues, you know, may bubble back to the surface if we're back here and once we've done claim construction.

MR. HAYES: Thank you, Judge. Nothing else then. That's the only comment I have.

THE COURT: All right. Mr. Kamber or anyone else from the defense?

MR. KAMBER: Just three quick updates, your Honor.

04:10PM We are very close to fact discovery on everything else. There was one deposition that happened today that was kind of a carryover, and there's one deposition that's happening tomorrow. That deposition tomorrow sort of interrelates with my second point, which is that depending on how that plays out, it might moot the issues in Docket Number 249,

our motion for a protective order.

THE COURT: That's the one on the 30(b)(6) topics?

MR. KAMBER: That's correct, yes. So we'll see how that plays out. As for the motion to compel, our motion 244, we can brief this issue and we have briefed it for Judge Cabell.

We don't think that we need a claim construction ruling for that. It relates to one RFA, and that RFA doesn't depend on any of the three issues that we argued and briefed before the Court, but that's, again, I think an issue for Judge Cabell to look at, and otherwise we'll provide our filings and responses on the pending motions.

THE COURT: Okay. All right. Why don't we circle back in two weeks. I'm out that following week, and I don't want to let this thing go too long, whatever headway we can make. How about Tuesday, August 10th at 4:00 eastern time, will that work?

MR. HAYES: It's good for us, your Honor, the plaintiffs.

MR. KAMBER: Let me confirm that, but I think that should be fine, your Honor. That would be fine, your Honor.

THE COURT: Okay. All right. Unless there's anything else then, we'll see where we are in two weeks. Again, just to reiterate, I would like to wrap up fact

discovery as best we can knowing that some things may have to be revisited, and at least my presumption is it's not the end of this world if this thing dribbles on for a couple more days or weeks as things are being wrapped up or new information is being provided, but I may be missing something, and I'll read whatever it is you have to say on that point. Okay, thanks, everybody and we'll see you in two weeks.

MR. HAYES: Thank you, Judge.

04:13PM MR. KAMBER: Thank you, your Honor.

(Whereupon, the hearing was adjourned at 4:12 p.m.)

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS ) ss.
CITY OF BOSTON )

I do hereby certify that the foregoing transcript, Pages 1 through 12 inclusive, was recorded by me stenographically at the time and place aforesaid in Civil Action No. 19-12551-FDS, SINGULAR COMPUTING LLC vs. GOOGLE LLC and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

Dated July 28, 2021.

s/s Valerie A. O'Hara

_________________________

VALERIE A. O'HARA
OFFICIAL COURT REPORTER