# EXHIBIT D

**Page 1**

```
            IN THE UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
               CASE NO.: 1:19-CV-12551-FDS

SINGULAR COMPUTING LLC,
        Plaintiff,
-vs-
GOOGLE LLC,
        Defendant.
_____

        SCHEDULED REMOTE VIDEOTAPED DEPOSITION OF
                    KAMRAN SHAFIEI
                   VIA ZOOM PLATFORM
                Tuesday, July 20, 2021
                9:27 - 9:47 a.m. Pacific
                   WITNESS LOCATION:
               Los Gatos, California 95032

Reported By:
Wendy Beath Anderson, RDR, CRR, CRC
Notary Public, State of Florida
Esquire Deposition Services
West Palm Beach Office    Job #J7282555
```

**Page 2**

```
 1   APPEARANCES:
 2   On behalf of the Plaintiff:
 3       MICHAEL J. ERCOLINI, ESQUIRE
         PRINCE LOBEL TYE, LLP
 4       One International Place, Suite 3700
         Boston, Massachusetts 02110
 5       mercolini@princelobel.com
 6
 7   On behalf of the Defendant:
 8       MICHELLE YBARRA, ESQUIRE
         CHRISTOPHER SUN, ESQUIRE
 9       KEKER VAN NEST & PETERS, LLP
         633 Battery Street
10       San Francisco, California 94111
         mybarra@keker.com
11
12
13   ALSO PRESENT:
14       JENNIFER POLSE, ESQUIRE, GOOGLE IN-HOUSE COUNSEL
15       CHRIS MADDEN, HOFFMAN ALVARY
16
17
18
19
20
21
22
23
24
25
```

**Page 3**

```
 1                    - - -
 2                   I N D E X
 3                    - - -
 4
 5   WITNESS:         DIRECT   CROSS   REDIRECT   RECROSS
 6
     KAMRAN SHAFIEI
 7
     BY MR. ERCOLINI:   21
 8
```

**Page 4**

```
 1            P R O C E E D I N G S
 2                    - - -
 3       Deposition taken before Wendy Beath Anderson,
 4   Registered Diplomate Reporter, Certified Realtime
 5   Reporter and Notary Public in and for the State of
 6   Florida at Large, in the above cause.
 7                    - - -
 8       THE VIDEOGRAPHER:  Good morning.  We are now
 9   on the record.  The time is now 11:00 -- sorry --
10   9:27 a.m. Pacific time on Tuesday, July 20th, 2021.
11   This begins the videotaped deposition of Mr. Kamran
12   Shafiei taken in the matter of Singular Computing
13   LLC, versus Google LLC.
14       The videographer today is myself, Carlos
15   Andreu, and the court reporter is Wendy Anderson.
16   We are both representing Esquire Deposition
17   Solutions.
18       Counsel, will you please announce your name
19   and whom you represent, after which the court
20   reporter will swear in the witness.  You may
21   proceed.
22       MR. ERCOLINI:  Michael Ercolini of Prince
23   Lobel Tye in Boston for the plaintiff, Singular
24   computing, LLC.
25       MS. YBARRA:  Michelle Ybarra from Kecker Van
```

Page 5

1  Nest and Peters for defendant, Google.
2      MR. SUN:  Christopher Sun from Kecker Van Nest
3  and Peters for defendant, Google.
4      (Witness sworn by the court reporter.)
5      THE WITNESS:  I do.
6      MS. YBARRA:  Before we begin the examination
7  today, it's important that we clarify some things
8  on the record regarding the scope of Mr. Shafiei's
9  deposition testimony today.
10      As Mr. Ercolini knows, Mr. Shafiei has been
11  designated to testify on Topics 10, 11, 12, 13, 18,
12  20 to 25 and 30, consistent with the scope set
13  forth in Exhibit D to the declaration of Andrew
14  Brunz in support of Google's June 21st opposition
15  to Singular's motion to compel.
16      At the June 30th hearing on that motion, Judge
17  Cabell ordered Google to provide a witness on
18  Topic 36, which Mr. Shafiei is also prepared to
19  testify on and Google discussed the substance of
20  the June 30th hearing with Singular in numerous
21  letters and memorialized Google's agreement to
22  produce Mr. Shafiei on these topics in a
23  July 2nd letter to Singular.
24      Until yesterday, Singular never raised any
25  disagreement regarding the scope of the topics for

Page 6

1  which Mr. Shafiei's been designated and Singular
2  never indicated any intent to renege on positions
3  it took before the Court at the June 30th hearing.
4  Yet, last night Mr. Ercolini informed Google for
5  the first time of Singular's new position that
6  Mr. Shafiei should be prepared to address the full
7  scope of those topics as drafted, notwithstanding
8  Judge Cabell's clear ruling on the record at the
9  June 30th hearing that several of those topics as
10  drafted are overbroad and improper.  And I'm
11  referring specifically to, for example, Topic 18,
12  which seeks 30(b)(6) testimony on P&L statements of
13  any product or business segment responsible or
14  formally responsible for the accused services.
15  Judge Cabell said explicitly that the topic as
16  drafted is too out there and, quote, too broad.
17      Singular's e-mail last night sent the night
18  before Mr. Shafiei's deposition demanding that
19  Mr. Shafiei testify on the full scope of that topic
20  and others completely disregard the guidance from
21  Judge Cabell.
22      MR. ERCOLINI:  Can we hurry this up?
23      MS. YBARRA:  Let me finish, Mr. Ercolini,
24  please.
25      Upon receiving Singular's e-mail, Singular

Page 7

1  informs Google it intends to put Mr. Shafiei up for
2  deposition only once and only on the scope of the
3  topics reflected in the chart filed with the Court,
4  which Singular never disputed and, in fact,
5  represented to Judge Cabell at the hearing
6  reflected the resolution of the parties' dispute.
7      Singular's refused to limit its deposition of
8  Mr. Shafiei to the deposition topics and the scope
9  previously agreed on by the parties and discussed
10  with the Court.
11      Mr. Shafiei's cleared his schedule today.
12  He's prepared to testify on the topics I identified
13  earlier as limited in the chart provided by the
14  Court, plus Topic 36, but we're prepared to proceed
15  with the deposition today only upon Singular's
16  confirmation that Mr. Ercolini will limit his
17  questions properly to the scope of the topics as
18  agreed to and discussed with the Court and not seek
19  additional time with Mr. Shafiei or any 30(b)(6)
20  witness on those same topics later.
21      Absent that agreement, we intend to suspend
22  today's deposition and seek immediate guidance from
23  Judge Cabell on this new dispute which we had
24  thought was put to bed weeks ago.  I've asked
25  Mr. Ercolini to provide for me --

Page 8

1      MR. ERCOLINI:  This is my deposition --
2      MS. YBARRA:  Mr. Ercolini, I'm almost done.
3  Please stop interrupting me.
4      MR. ERCOLINI:  I'm going to give you another
5  minute.
6      MS. YBARRA:  Let me finish.
7      MR. ERCOLINI:  I'm going to give you another
8  minute.
9      MS. YBARRA:  Mr. Ercolini, I asked you to
10  provide that confirmation before you began your
11  examination.  You refused to provide it over
12  e-mail.  I'm asking you to provide it here on the
13  record.  If you don't agree, state your -- the
14  basis for your position, your disagreement and then
15  we should go off the record and contact the Court.
16      MR. ERCOLINI:  So the rule is that if I notice
17  a deposition, you have to appear for it.  Absent a
18  protective order that's in place or you're seeking
19  a protective order or you sought a protective
20  order, you have to produce a witness.  If you don't
21  do it, you can be sanctioned.
22      If you're telling me you're going to suspend
23  the deposition and you're going to refuse to
24  produce the witness on the topics which he's been
25  designated on, that's up to you, but I'm going to



Page 9

1  respond to a few of the things that you said.
2     First of all, the exhibit that you're
3  referring to was an exhibit that was attached to an
4  opposition to a motion to compel.  At no point
5  during the hearing did Singular abandon any topics,
6  as was suggested last evening.  We've made clear
7  what we were seeking.  We never abandoned any of
8  the topics.  I take issue with everything that's
9  been said about what Judge Cabell said during that
10 hearing.  He did not exclude any topics.  He
11 certainly didn't draft that exhibit, as you just
12 suggested, which is off the wall.
13    If Mister -- if you're telling me that
14 Mr. Shafiei is not prepared to testify on the
15 topics on which he's been designated today, that's
16 fine.  If you choose to present the witness without
17 his answering questions, I'm going to take that as
18 failing to appear, but I would like to get
19 questions in today.
20    I'm not going to waive any right to redepose
21 Mr. Shafiei if he's unprepared for topics today.
22 I'm not going to waive any right to take witnesses
23 on the 30(b)(6) topics that we've provided.
24    So if you're telling me that you're going to
25 yank the witness because we've not agreed to waive

Page 10

1  that right, that's up to you.  I'm going to take
2  that as a failure to appear.  We will move for
3  sanctions and we can take it from there.
4     But I really would like to get the deposition
5  underway, if we can.
6     MS. YBARRA:  Are you finished, Mr. Ercolini?
7     MR. ERCOLINI:  I am.
8     MS. YBARRA:  I disagree with your
9  characterization of the record and my statements,
10 and I didn't suggest Judge Cabell off the chart --
11    MR. ERCOLINI:  You said --
12    MS. YBARRA:  Mr. Ercolini, would you stop
13 interrupting me, please.  It's improper and it's
14 rude and it makes hard for the court reporter to
15 take a proper record here.  Let me finish.
16    MR. ERCOLINI:  This is not your deposition.
17 So if you want to keep grandstanding, you're going
18 to do it on mute.
19    MS. YBARRA:  Mr. Ercolini, are you done
20 interrupting me?
21    MR. ERCOLINI:  I've had it.  You've had about
22 five minutes of uninterrupted jabbering.  I'm done.
23 So if you want to yank the witness, yank the
24 witness.  That's up to you.  But I'm not going to
25 sit here through speaking objections.

Page 11

1     MS. YBARRA:  We are going to suspend the
2  deposition today in light of Singular's refusal to
3  abide by the agreements and comply with the
4  guidance provided by Judge Cabell at the June 30th
5  hearing, and I will note for the record -- please,
6  Mr. Ercolini, I see you're eager to jump in there,
7  but let me finish my sentence and then you can
8  state your response.
9     I will note for the record that Singular's
10 reneging on agreements that the parties had reached
11 weeks after the parties memorialized those in
12 writing.  It is improper and itself sanctionable
13 conduct.
14    MR. ERCOLINI:  I want you to point me to
15 exactly where we agreed to the limitations that
16 you're proposing.  All I asked for last evening,
17 and I want to make this absolutely clear, is for
18 you to confirm which portions of which topics
19 Mr. Shafiei was going to be prepared to testify on
20 today.  You did not do that.  I asked you three
21 separate times.  You still cannot do it.
22    We can sit here right now and you can tell me
23 what portions of the topics he's prepared to
24 testify on and that's it.  We'll move forward on
25 those.  But I asked that three separate times, did

Page 12

1  not hear anything back and I've not seen a single
2  thing where we agreed to limit the scope of the
3  topics, and in a completely undefined way, I'll
4  add, because you still cannot tell me what portions
5  of the topics he's prepared to testify on today.
6  Can you tell me right now?
7     MS. YBARRA:  Are you finished?
8     MR. ERCOLINI:  Can you tell me right now?  I
9  want an answer to what portions of the topics is he
10 prepared to testify on, which is he not.
11    MS. YBARRA:  I'll caution you to watch your
12 tone with me and stop interrupting me.  Are you
13 finished?
14    MR. ERCOLINI:  I'm not talking.  I just asked
15 a question.  Can you answer the question?
16    MS. YBARRA:  Yes.  And we responded in writing
17 this morning, again, pointing you to the chart --
18 let me finish, Mr. Ercolini -- the chart submitted
19 to the Court reflecting the scope of what we agreed
20 to provide Mr. Shafiei to testify on, and in
21 addition to that, Topic 36 which was ordered by
22 Judge Cabell at the hearing.  The chart sets forth
23 the scope of what Google is willing to provide a
24 witness on.
25    We discussed this explicitly with the judge at



Page 13

1  the hearing and the judge had reviewed the chart
2  and he said -- you know, you need to look back at
3  the hearing transcript -- and he said Google has
4  been willing to make somebody available to talk
5  about certain things and information, referring to
6  the chart.  Singular, at that hearing you said that
7  the issues that -- the motions had been resolved
8  and we moved forward to talk about another one.
9      MR. ERCOLINI:  I did not say the motions were
10 resolved.
11     MS. YBARRA:  Mr. Ercolini --
12     MR. ERCOLINI:  You're not going to pile lie
13 upon lie.  That's not our agreement.  That's your
14 chart saying what you're willing to provide him
15 for.  I asked you to provide where we agreed to
16 that scope.
17     MS. YBARRA:  Counsel has just called me a liar
18 on the record and I think we -- I think --
19     MR. ERCOLINI:  Oh, my God.
20     MS. YBARRA:  -- we're done here.
21     MR. ERCOLINI:  No, I said you piled lie upon
22 lie, which is absolutely true.  If you're yanking
23 the witness because you're offended by my saying
24 that you're lying, I'd ask you to stop telling
25 falsehoods on the record.

Page 14

1       So I want you to tell me where we agreed to
2  the scope that you said is in Exhibit D.
3      MS. YBARRA:  Mr. Ercolini, we've stated our
4  position in writing and now again on the record.  I
5  think we're ready to suspend today's deposition.
6      MR. ERCOLINI:  You have not provided an answer
7  to that question.
8      MS. YBARRA:  You've interrupted me now a tenth
9  time.
10     MR. ERCOLINI:  This is my deposition --
11     MS. YBARRA:  We're ready to suspend the
12 deposition.
13     MR. ERCOLINI:  -- which you are grandstanding.
14     MS. YBARRA:  We're going to seek guidance from
15 the Court on this.  Are you ready to go you off the
16 record?
17     MR. ERCOLINI:  What's that?  No, I want to ask
18 the witness questions.
19     MS. YBARRA:  We are not going to proceed with
20 today's deposition absent an agreement from
21 Singular to abide by the scope that we have -- that
22 has been in place for weeks.  I understand that
23 you're --
24     MR. ERCOLINI:  There's no scope in place
25 because you can't even tell me what it is.  Tell me

Page 15

1  what the scope is right now.  Tell me what the
2  scope is right now.
3      MS. YBARRA:  This is the -- Mr. Ercolini,
4  every time I speak, you interrupt me.  You've now
5  called me a liar, you've interrupted me a dozen
6  times on the record.  Please watch yourself.
7      MR. ERCOLINI:  I asked you four times please
8  tell me what the scope is.
9      MS. YBARRA:  The scope is memorialized in
10 Chris Sun's e-mail from this morning, plus your
11 prior correspondence.
12     MR. ERCOLINI:  Let's read through the e-mail,
13 then, and find what the scope is.
14     MS. YBARRA:  I think we're done here.
15     MR. ERCOLINI:  No, I don't think we're done.
16 We're going to get this on the record.  We're going
17 to read through Chris Sun's e-mail and you're going
18 to point to me where the scope is.
19     MS. YBARRA:  Absolutely.  In the attachment to
20 Chris Sun's e-mail this morning, and as
21 memorialized in our July 2nd letter, and as
22 discussed multiple times in meet-and-confers by the
23 parties, I'm going to read this into the record and
24 you will not interrupt me, Mr. Ercolini.
25     MR. ERCOLINI:  What meet-and-confers?

Page 16

1      MS. YBARRA:  Mr. Ercolini --
2      MR. ERCOLINI:  You're not going to make
3  grandstanding statements.
4      MS. YBARRA:  -- you asked for the scope.
5      MR. ERCOLINI:  When did we meet and confer
6  about Exhibit D?
7      MS. YBARRA:  You asked me about the scope.
8  I'm going to read that into the record.  Do you
9  want that or not?
10     MR. ERCOLINI:  You're saying that we agreed
11 to.  I'm asking you to tell me where we agreed to
12 that scope.
13     MS. YBARRA:  We discussed this at length at
14 the hearing with Judge Cabell.
15     MR. ERCOLINI:  We discussed a motion to compel
16 testimony of this witness -- of Google on a number
17 of topics.  Where did we say we agree to the scope
18 in Exhibit D?
19     MS. YBARRA:  At the hearing, the June 30th
20 hearing before Judge Cabell.
21     MR. ERCOLINI:  I got the setting.
22     MS. YBARRA:  Mr. Ercolini --
23     MR. ERCOLINI:  You need to tell me where in
24 the transcript --
25     MS. YBARRA:  -- every time I try to answer



Page 17

1  your question, you interrupt me.
2      MR. ERCOLINI:  No, we agreed to a general time
3  when apparently we did it.  I'm asking you to tell
4  me the specific time where we said yeah, we agree
5  to the scope in Exhibit D.
6      MS. YBARRA:  Are you going to let me finish?
7      MR. ERCOLINI:  I'm going to ask you over and
8  over again to tell me where we agreed to the scope
9  of Exhibit D.  You said in multiple
10 meet-and-confers.  When did those meet-and-confers
11 happen?
12     MS. YBARRA:  Mr. Ercolini, at the hearing
13 before Judge Cabell, Singular indicated to the
14 Court that its motions had been resolved as a
15 result of the agreements that we put on the record,
16 which was Google agreed to produce a witness
17 consistent with the scope reflected in Exhibit D.
18     MR. ERCOLINI:  And that's what Matt said he
19 was willing to produce a witness in accordance with
20 the scope of Exhibit D.
21     MS. YBARRA:  That is what he represented to
22 the Court at the hearing.
23     MR. ERCOLINI:  You were ordered to provide
24 testimony on the average cost of data centers.  You
25 were ordered to provide testimony to the extent it

Page 18

1  exists on incremental references or any other
2  segment that uses the accused TPUs.  We did not
3  withdraw any of the topics.  Those have been
4  noticed.  You've been aware of them for quite some
5  time and there's no motion for protective order.
6      You designated him on those topics.  I can't
7  think this is anything but a bait-and-switch that
8  you designated him on the topics and then you
9  pulled him.  You did the same thing on Friday.
10 This is completely inappropriate.  You're not
11 allowed to say we object to the topics, therefore,
12 we're not going to produce somebody.
13     In the absence of a protective order, you're
14 taking the witness -- having him fail to appear is
15 sanctionable.  If you want to go down that road, we
16 can do that.  We've not reneged on a single thing.
17 You've not pointed me to a single thing where we've
18 agreed to the scope you're suggesting.  It's
19 nowhere in the record.
20     MS. YBARRA:  That's just false, Mr. Ercolini.
21 And Mr. Shafiei is prepared to testify on Topic 36,
22 which is a clear holding that came out of the
23 June 30th hearing.  Judge Cabell ordered Google to
24 provide a witness on that and Mr. Shafiei's
25 prepared to testify on that.

Page 19

1      MR. ERCOLINI:  You're saying that was the
2  exclusion of all other topics.
3      MS. YBARRA:  Absolutely not.  I've made my
4  position clear.  I'm trying to -- Mr. Ercolini,
5  again, quit interrupting.  You're being extremely
6  rude, unprofessional.  I tried to read the topics
7  into the record.
8      MR. ERCOLINI:  You want to talk --
9      MS. YBARRA:  We're done here.  We're ready to
10 go off the record.  We're ready to go off the
11 record.  We're going to suspend the deposition.
12     MR. ERCOLINI:  Okay.  Again, you're doing that
13 unilaterally.  We've noticed him.  You've failed to
14 appear for the deposition.  That's how we're taking
15 it.  And to the extent you failed to respond to the
16 topics -- and there are a number of topics for
17 which there are no designations -- those are also
18 failures to appear.  And there's a failure to
19 appear from Friday for all topics for which the
20 witness was not prepared.  That's three.
21     So if you want to do that, that's up to you.
22 But it's 12:44.  We've been going for 40 minutes
23 now, and I haven't gotten a single question in.
24 I'd like really like to start the deposition.
25     MS. YBARRA:  We're not proceeding with the

Page 20

1  deposition today.  Singular's intent to re-litigate
2  issues that were already discussed with the Court
3  and have been decided --
4      MR. ERCOLINI:  Listen, you can just object and
5  say it's out of scope, and if you don't want the
6  witness to testify on it, he won't testify on it.
7      MS. YBARRA:  We're ready to go off the record.
8  Mr. Ercolini, I've made my position clear.  I think
9  you have too.  We're going to have to take it up
10 with the judge.
11     MR. ERCOLINI:  Okay.  Well, that's the third
12 failure to appear inside of a week.  So feel free
13 to take it up with the judge.  This is completely
14 inappropriate.  We're three days out from the close
15 of fact discovery and this is the nth month that
16 Google has failed to produce a witness on these
17 topics.
18     So if you're going to pull the witness, I'll
19 go off line.  I'm not going to do it first.  I'm
20 waiting to question the witness.  By the way, I'm
21 not counting any of this against our time.
22     MS. YBARRA:  Madam court reporter, we're ready
23 to go off the record.
24     THE VIDEOGRAPHER:  Do all parties agree to go
25 off the video record?



Page 21

1  MR. ERCOLINI: I don't. So you're going to
2  have to shut it off. Shut off your video if you're
3  going to pull the witness, but I'm going to go
4  ahead and question the witness.
5      MS. YBARRA: No, we're not proceeding with
6  today's deposition in light of Singular's intent to
7  re-litigate issues.
8  Thereupon,
9          (KAMRAN SHAFIEI)
10  having been first duly sworn or affirmed, was examined
11  and testified as follows:
12          DIRECT EXAMINATION
13  BY MR. ERCOLINI:
14   Q. Mr. Shafiei, do you understand that you're
15  appearing today as a 30(b)(6) witness?
16      MS. YBARRA: Mr. Ercolini, I think your
17   manners are really wanting here.
18      MR. ERCOLINI: I think you need to stop with
19   the speaking objections.
20      MS. YBARRA: You're being unprofessional.
21  BY MR. ERCOLINI:
22   Q. Mr. Shafiei --
23      MS. YBARRA: We're done today. Thank you.
24      Mr. Shafiei, we're going to leave. We're
25   going to exit the room. Thank you.

Page 22

1  MR. ERCOLINI: All right.
2  THE VIDEOGRAPHER: Going off the video record
3  at 9:46 a.m.
4  (Deposition was adjourned at 9:46 a.m.)

Page 23

1          CERTIFICATE OF OATH
2  STATE OF FLORIDA
3  COUNTY OF PALM BEACH
4
5
6      I, the undersigned authority, certify that
7  Kamran Shafiei personally appeared before me and was
8  duly sworn on the 20th day of July, 2021.
9
10      Witness my hand and official seal this 20th
11  day of July, 2021.
12
13
14
15
        _____
16
   Wendy Beath Anderson, RDR, CRR, CRC
17   Notary Public State of Florida
   My Commission Expires:  9/20/2021
18   My Commission No.:  GG 109736
19  Job #J7282555
20

21
22
23
24
25

Page 24

1          C E R T I F I C A T E
2  STATE OF FLORIDA
3  COUNTY OF PALM BEACH
4
5      I, Wendy Beath Anderson, Certified Realtime
   Reporter and Notary Public in and for the State of
6  Florida at Large, do hereby certify that I was
   authorized to and did stenographically report said
7  deposition of KAMRAN SHAFIEI; that a review of the
   transcript was not requested; and that the foregoing
8  transcript is a true record of my stenographic notes.
9      I FURTHER CERTIFY that I am not a relative,
   employee, or attorney, or counsel of any of the parties,
10  nor am I a relative or employee of any of the parties'
   attorney or counsel connected with the action, nor am I
11  financially interested in the action.
12      The foregoing certification of this transcript
   does not apply to any reproduction of the same by any
13  means unless under the direct control and/or  direction
   of the certifying reporter.
14
15
16  Dated this 20th day of July, 2021.
17
18      _____
19      Wendy Beath Anderson, RDR, CRR, CRC
20      Job #J7282555
21
22
23
24
25