UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>            Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>            Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**PLAINTIFF SINGULAR COMPUTING LLC'S ASSENTED-TO MOTION TO IMPOUND PURSUANT TO LOCAL RULE 7.2**

Pursuant to Local Rule 7.2 and the Protective Order in this case ("Protective Order"), ECF No. 87, plaintiff, Singular Computing LLC ("Singular"), respectfully requests the Court to impound (seal): (i) Plaintiff's Opposition to Defendant's Motion for Protective Order, and (ii) Exhibit E to the Declaration of Kevin Gannon.

The Protective Order allows the parties to designate discovery material as "Highly Confidential - Attorney's Eyes Only" after making a determination it "contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party." *Id.* at ¶ 8(a).

The Protective Order requires a party intending to make court filings referring to material designated as "Highly Confidential Attorney's Eyes Only" to bring a motion to impound. *Id.* at ¶ 14. The following contain information that has been designated by one or both of the parties hereto as "Highly Confidential – Attorneys Eyes Only" under the Protective Order:

- Exhibit E to the Declaration of Kevin Gannon contains excerpts from the deposition of Catherine Tornabene, which Google designated as "Highly Confidential-Attorney's Eyes Only."

Further, Singular's opposition quotes from and/or discusses excerpts that have been designated as "Highly Confidential - Attorneys' Eyes Only." Accordingly, a redacted, public version of Singular's opposition will be filed concurrently with this Motion to Impound.

For the foregoing reasons, Singular respectfully requests that the Court permit it to file under seal: (i) Plaintiff's Opposition to Defendant's Motion for Protective Order, and (ii) Exhibit E to the Declaration of Kevin Gannon. Singular further requests that the documents remain impounded until further Order by the Court, and that upon expiration of the impoundment that the documents be returned to Singular's counsel.

Dated: August 2, 2021

Respectfully submitted,

/s/ Paul J. Hayes
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Michael J. Ercolini (pro hac vice)
Thomas R. Fulford (BBO #686160)
Alyssa H. Ruderman (pro hac vice)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: mercolini@princelobel.com
Email: tfulford@princelobel.com
Email: aruderman@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify that counsel for Singular conferred with Defendant's counsel in a good-faith attempt to resolve or narrow the issue raised by this motion. Defendant's counsel informed me that Google assents to the relief sought in this motion.

/s/ Paul J. Hayes

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Paul J. Hayes