UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC<br><br>   Plaintiff,<br><br>v.<br><br>GOOGLE LLC<br><br>   Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER**

## I.     INTRODUCTION

On the final day of fact discovery (and after the parties had diligently completed or scheduled all depositions noticed in the case), Plaintiff Singular Computing LLC ("Singular") moved for leave to modify the scheduling order so that it may take three additional depositions that could have been noticed months ago. Singular must show good cause for modifying this Court's scheduling order, including establishing that it was diligent in its efforts during discovery. Singular failed to make that showing—the witnesses Singular seeks to depose have been known to Singular for months and there is no reason why Singular could not have sought to depose them months ago. But Singular's lack of diligence is only one reason why the Court should deny Singular's motion. As explained herein, these last-minute depositions seek information that is neither relevant to this case nor proper for Singular to obtain through deposition. Singular's expectation that the depositions will be limited to no "more than two hours" each does not mitigate their fundamentally improper nature.

Specifically, Singular hopes to depose two third parties, Richard Goodin and Johnny Chen, and it has also issued a second Rule 30(b)(6) deposition notice. Mr. Goodin is *not a fact witness even under the broadest sense of that term and has no connection to this case*; rather, his only connection to the parties is his role as Google's expert in the pending *inter partes* review proceedings before the Patent Trial and Appeal Board. He was disclosed to Singular in those proceedings more than eight months ago and was deposed in those proceedings on July 30th. To be clear, Mr. Goodin is not, and has not been retained as, an expert (testifying or otherwise) in this case. Mr. Goodin's fact testimony is not relevant to any claim or defense in this action, and Singular's deposition subpoena is at best an improper attempt to elicit information it intends to use in the pending IPR proceedings and at worst an improper attempt to harass a third party.

1

Singular's second Rule 30(b)(6) notice contains a single topic that explicitly relates to Google's invalidity contentions, which Google served in November 2020. This topic, which targets Google's contentions in this case, is not a proper Rule 30(b)(6) topic. Singular's notice is also invalid due to its failure to seek leave of court prior to serving a subsequent deposition notice, in violation of Magistrate Judge Cabell's prior ruling and Rule 30(a)(2)(A)(ii).

Finally, Mr. Chen left Google seven years ago. His purported relevance is based on his contact with Dr. Bates a decade ago. It is not clear why Singular needs this additional deposition, of a third party, at all: Singular has already deposed eight witnesses[1] regarding Dr. Bates' limited contacts with Google; Singular offers no explanation of what additional topics Mr. Chen, as the ninth witness, would testify to that couldn't have been covered with the other eight. Indeed, if Singular truly believed Mr. Chen had unique knowledge relevant to Singular's case, then it would have taken steps earlier to seek his deposition: instead, after knowing about Mr. Chen for over a decade—as a result of Dr. Bates' limited contact with Mr. Chen—and having seen documents regarding Mr. Chen (including in its own, Google's, and third-party productions) months ago, Singular failed to serve him prior to the fact discovery cutoff and then falsely asserted otherwise in its motion. Finally, Google notes that in its motion Singular does not address the burden on Mr. Chen, who is a third party represented by his own counsel,[2] of any deposition. Although Google believes Singular's delay in pursuing Mr. Chen's deposition (and his limited relevance) warrants denial of the motion, Google is not opposing Singular's pursuit of

---

[1] Jeff Dean, Obi Felten, Norman Jouppi, James Laudon, Andrew Ng, Tammo Spalink, Astro Teller, and Catherine Tornabene were all asked about Google's contacts with Dr. Bates during their respective depositions.

[2] Mr. Chen was briefly represented by one of Google's counsel of record, who served objections to a document subpoena that demanded production on the *Tuesday morning* after service of the subpoena *on a Saturday.* Mr. Chen has subsequently retained separate counsel.

this deposition in view of the Court's guidance at the July 27, 2021 Status Conference that it is inclined to permit additional discovery as needed.

For all these reasons, Singular's motion for leave to amend the scheduling order should be denied, at least insofar as it relates to the proposed depositions of Mr. Goodin and Google.

## II.     BACKGROUND

The Court entered the operative scheduling order on August 4, 2020, nearly one year ago. ECF No. 70. Under the Court's order, fact discovery was set to be completed on July 23, 2021. *Id.* On June 10, 2021, the Court granted Google's motion to stay, pending the outcome of *inter partes review* ("IPR") proceedings pending before the Patent Trial and Appeal Board ("PTAB"). That stay takes effect following "the completion of fact discovery in all senses by July 23, 2021 unless extended." ECF No. 212.

Following a dispute regarding the number and scope of 30(b)(6) topics which led to motion practice that this Court referred to him, Magistrate Judge Cabell ordered Singular to serve an exhaustive list of Rule 30(b)(6) topics during a hearing on April 30, 2021.[3] See Declaration of Andrew Bruns ISO Google's Opposition to Plaintiff's Motion for Leave ("Bruns Decl."), Ex. A at 22:19-20 (Apr. 30, 2021 Tr.) ("Singular should try to turn over an exhaustive list to the extent it can."). Magistrate Judge Cabell also made clear that Singular could serve subsequent Rule 30(b)(6) notices only insofar as any new topics were based on information not

---

[3] The background to this ruling, which has been discussed in numerous prior briefs, is as follows. Singular first served a 102-topic Rule 30(b)(6) deposition notice in October 2020. Within days, Google lodged formal objections and responses and repeatedly requested a meet and confer as required by the Federal Rules of Civil Procedure. Singular never responded. Instead it served a second notice in March 2020, which contained a subset of its original topics. Singular made clear that it intended to serve subsequent serial notices containing at least the 102 topics it originally served. Google moved for a protective order, requesting that Singular be required to serve an exhaustive list of Rule 30(b)(6) topics, as required by Rule 30, and engage in meet and confer communications. ECF No. 153.

3

already available to Singular at that time. *Id.* at 22:9-14. Pursuant to Magistrate Judge Cabell's order, Singular served its amended Rule 30(b)(6) notice on May 5, 2021, and Google made four witnesses available to cover the topics identified in that notice. Despite Magistrate Judge Cabell's clear instruction that Singular only serve new Rule 30(b)(6) notices based on ***new*** information, Singular served another Rule 30(b)(6) notice on the final day of discovery, containing a single topic: "The Appendix to Google's Responsive Contentions Regarding Non-Infringement and Invalidity dated ***November 6, 2020***."[4]

Although Singular now requests a modest extension of the scheduling order to permit it to depose three additional witnesses, Singular repeatedly rejected requests from third-party witnesses to permit depositions to occur beyond the July 23, 2021 fact discovery deadline. In one such instance, the third-party Massachusetts Institute of Technology ("MIT"), subpoenaed by Google, asked that its employees be deposed after July 23, 2021. Google was amenable to such an accommodation, but Singular refused, making its position on the case schedule clear: "Singular will oppose any request to extend the fact discovery deadline beyond July 23, 2021." *See* Bruns Decl., Ex. B (Gannon email of July 1, 2021). Contradicting that statement, Singular filed the instant motion for leave to modify the scheduling order on the final day of fact discovery so that it could take three additional depositions.

Among the three prospective deponents is Richard Goodin. Google has retained Mr. Goodin as an expert in related IPR proceedings. He is neither a percipient witness nor expert witness in this case. Singular first raised the prospect of deposing Mr. Goodin in an email to Google on July 22, 2021. Bruns Decl., Ex. C. It served a subpoena the following day, noticing a

---

[4] For the sake of simplicity, the May 12, 2021 notice is hereinafter referred to as Singular's "first Rule 30(b)(6) notice."

4

deposition for July 29, 2021, the day before Mr. Goodin was already confirmed for deposition in the IPR. That deposition took place, as scheduled, on July 30, 2021.

## III.  ARGUMENT

Modification of the Court's scheduling order is permitted "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004). "In the decisional calculus, the moving party's diligence or lack of diligence serves as the 'dominant criterion.'" *Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019). "For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" *O'Connell,* 357 F.3d at 155. Singular's conduct here has been anything but diligent, and no good cause exists to extend the fact discovery deadline so that Singular can take depositions that have no relevance here and, in every instance, could have been sought months ago.

### A.  Singular is not entitled to depose Richard Goodin

The first deposition that Singular hopes to belatedly take is that of Richard Goodin. Mr. Goodin is not a percipient witness, nor is he an expert witness in this case. Singular's interest in deposing Mr. Goodin can only be interpreted as an improper attempt to (1) gather information it wishes to use in the parties' pending IPR proceedings (where Mr. Goodin has submitted a declaration on behalf of Google and has already been deposed by Singular's IPR counsel), and/or (2) seek improper contention discovery in this case from an individual who is neither a fact nor expert witness here. But even if Mr. Goodin were an appropriate witness in this case, Singular's efforts to subpoena him came too late and modification of the case schedule to allow his deposition to proceed is unwarranted.

5

### 1. Mr. Goodin is a third party without knowledge of any facts in this litigation.

Setting aside the procedural issues, there is no basis for Singular to depose Mr. Goodin. Mr. Goodin is a third party with no percipient knowledge regarding any facts relevant to any claim or defense in this litigation. That is, he has had no interactions with Dr. Bates or Singular and has never worked at Google or on the accused products. Mr. Goodin's *only* connection to this litigation is as Google's expert in the IPR proceedings: in November 2020, he submitted a declaration on behalf of Google in connection with Google's IPR petitions. But Mr. Goodin has *never* been identified as a testifying expert in this litigation. Singular's subpoena thus appears to be an "improper attempt to gather information [Singular] wishes to use in the pending IPR proceedings." *MedIDEA, LLC v. DePuy Orthopaedics, Inc.*, 17-cv-11172-LTS, Order on Discovery Motions, ECF 146 at 10 (D. Mass. Aug. 23, 2018) (allowing motion to quash); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied.").[5] Furthermore, to the extent Singular wishes to depose Mr. Goodin for the purposes of the IPR, it has already done so, leaving no justification for a second deposition of Mr. Goodin here.

Faced with similar circumstances, courts have denied motions like Singular's. For instance, in *United Services Automobile Association v. Wells Fargo Bank NA*, the court refused to extend the discovery cutoff for a deposition where the prospective deponent's only connection to the case was as an expert in a related proceeding before the PTAB. The court concluded that

---

[5] Notably, two of the attorneys that represented *MedIDEA* and unsuccessfully tried to gather information for the IPR proceeding in that case through district court litigation also represent Singular here. Notwithstanding that they therefore know about the countervailing authority, they did not identify it to the Court.

6

"there are no compelling reasons *now pending before the district court* which would justify deviating" from the scheduling order and denied the plaintiff's motion to compel the desired deposition. No. 2:18-CV-00245-JRG, 2019 WL 325321, at *2 (E.D. Tex. Jan. 14, 2019) (emphasis in original). Just like the prospective deponent in that case, "[Mr. Goodin] has not been designated as an expert before this Court. Nor has [Google] submitted a declaration from [Mr. Goodin] in any proceeding before this Court; neither has [Google] relied on his statements before this Court in any way." *Id.* In short, Mr. Goodin has no testimony to offer that would be relevant or appropriate during fact discovery in this case; therefore, Singular should not be permitted to extend fact discovery to depose him.

Singular's effort to depose Mr. Goodin is inappropriate for yet another reason. Singular asserts that it "believe[s] that Mr. Goodin authored [portions of Google's] invalidity contentions." ECF No. 266 at 4. That belief is incorrect. As Singular confirmed at Mr. Goodin's IPR deposition, he has not been retained in the litigation in any capacity at all. But even if Singular's speculation were true (despite Mr. Goodin's unequivocal, sworn testimony to the contrary), it would at best establish Mr. Goodin as a *consulting* expert, and Federal Rule of Civil Procedure 26(b)(4)(D) does not permit the deposition of such individuals outside of very limited circumstances that do not apply here. Moreover, as discussed below, using the deposition of a fact witness like Mr. Goodin to explore Google's contentions would be inappropriate in any event. See infra Section III.B.

**2.     There is no good cause to depose Mr. Goodin this late in the case.**

Singular has also failed to establish any basis for deposing Mr. Goodin in this case, much less the good cause necessary to depose Mr. Goodin after the close of fact discovery. In fact, Singular does not even attempt to show that it has been diligent in seeking Mr. Goodin's deposition. Singular suggests that its basis for deposing Mr. Goodin is the declaration that Mr.

7

Goodin submitted in the related IPR proceeding currently pending before the PTAB. But that declaration was submitted on November 6, 2020—more than eight months ago. Since then, Singular has made no effort to depose Mr. Goodin. Instead, Singular waited until the last day of fact discovery to serve Mr. Goodin with a deposition subpoena.

The closest Singular comes to justifying its eleventh-hour effort to depose Mr. Goodin is a passing reference to testimony offered by Norm Jouppi during his deposition on July 16, 2021.[6] But that reference is a non-sequitur. Notably, Singular does not cite to Dr. Jouppi's deposition or quote any specific language from Mr. Goodin's IPR declaration. Mr. Goodin was never mentioned during Dr. Jouppi's deposition. Moreover, Singular does not contend that it just learned of Mr. Goodin through Dr. Jouppi's deposition—nor could it, given Mr. Goodin's eight-month-old declaration. Accordingly, Singular has not acted diligently and its request to depose Mr. Goodin should be denied.

### B. The 30(b)(6) testimony Singular seeks is untimely and improper.

Also on the final day of fact discovery, Singular served a second Rule 30(b)(6) deposition notice on Google, seeking testimony related to "The Appendix to Google's Responsive Contentions Regarding Non-Infringement and Invalidity dated November 6, 2020." Bruns Decl., Ex. D. Regardless of the fact discovery cutoff, this topic is improper on its face, as it seeks legal contentions or expert opinions rather than factual testimony.[7] *See Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014)

---

[6] "Last Friday, July 16, 2021, Google's Rule 30(b)(6) designee Norm Jouppi confirmed in deposition that the accused products use one or more of the retained fraction bits as submitted in a declaration by Mr. Goodin in support of Google's petitions for *Inter Partes* Review." ECF No. 266 at 3-4.

[7] In its motion, Singular makes clear that it intends this topic to reach expert or legal opinion, as it explicitly intends this topic to "request[] the testimony of whomever authored the invalidity contentions (presumably Mr. Goodin)." ECF No. 266 at 4.

("Contention topics are not appropriate Rule 30(b)(6) deposition topics."); *Silva v. San Pablo Police Dep't*, No. 16-cv-04360-VC (KAW), 2018 WL 358789, at *2–3 (N.D. Cal. Jan. 11, 2018) (holding that Rule 30(b)(6) topics seeking expert opinions are improper). Singular should not be permitted to pursue this topic for that reason alone.

But even if this topic were an appropriate one under Rule 30(b)(6), Singular could not establish good cause for extending fact discovery to take another corporate deposition. In fact, Singular has failed to offer *any* explanation for its last-minute service of this notice for a deposition that would necessarily occur after fact discovery has closed, let alone good cause under Rule 16 that justifies extending the fact discovery cutoff. That failure alone is fatal to Singular's motion.

Singular's notice also runs afoul of Magistrate Judge Cabell's prior ruling in this case, which put Singular on notice that it may not serve any new Rule 30(b)(6) topics unless they were based on new information obtained in discovery. Ex. A at 22:9-14.[8] The lone topic here, which on its face relates to information known to Singular nine months ago, does not meet this requirement.

Magistrate Judge Cabell's guidance is not controversial; it merely restates the requirements of Rule 30(a)(2)(b), which dictates that a party must obtain leave of court *prior* to noticing a second deposition. *See Stratienko v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, No. 1:07-CV-258, 2008 WL 927860, at *1 (E.D. Tenn. Apr. 4, 2008) (granting defendant's motions for a protective order and to quash depositions because plaintiff failed to first obtain leave of

---

[8] Singular fails even to mention this prior, controlling ruling from Magistrate Judge Cabell on the procedure for adding 30(b)(6) topics, despite that issue having been the subject of extensive briefing and argument, culminating in a ruling by Magistrate Judge Cabell that required Singular to issue a single, exhaustive notice that could only be supplemented based on new-found evidence.

9

court before re-deposing witnesses); *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings, LLC*, No. 07-2388-DJW, 2008 WL 3895474, at *7 (D. Kan. Aug. 21, 2008) (holding that because the defendant did not seek leave of court prior to noticing a second deposition, the deposition notice was invalid and the plaintiff was entitled to a protective order). That limitation applies with equal force to depositions noticed under Rule 30(b)(6). Accordingly, as a number of courts—including the First Circuit and courts in this District—have held that Rule 30(a)(2) "requires the deposing party to request and obtain leave of court before conducting a second Rule 30(b)(6) deposition." *Fine v. Sovereign Bank*, No. 06-11450-NG, 2008 WL 11388663, at *1 (D. Mass. Mar. 7, 2008); *see also Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) (second Rule 30(b)(6) subpoena to non-party corporation without leave of the court was invalid); *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings. LLC*, 2008 WL 3895474, *3 (D. Kan. Aug. 21, 2008) (leave of court required before a party may take a second Rule 30(b)(6) deposition of a corporation or other entity); *In re Sulfuric Acid Antitrust Litig.*, No. 03 C 4576, 2005 WL 1994105, *2–*6 (N.D. Ill. Aug. 19, 2005) (rejecting defendants' argument that Rule 30(a)(2) limits on successive depositions of the same person do not apply to Rule 30(b)(6) depositions of a corporation and denying defendants' motion to compel second round of Rule 30(b)(6) depositions of corporate plaintiffs). Singular's failure to do so here, particularly in light of Magistrate Judge Cabell's existing rulings, renders its second Rule 30(b)(6) notice invalid.

Here, Singular served its first Rule 30(b)(6) notice on May 12, 2021. Google designated four witnesses to testify on the topics contained therein, and all four of those depositions are now complete. Singular failed to seek leave of court prior to serving its second notice on July 23, 2021. Nor would leave be appropriate here. As Magistrate Judge Cabell made clear at the April 30, 2021 hearing on Google's motion for a protective order related to Singular's Rule 30(b)(6) notice, a second such notice would only be appropriate where good cause is shown, namely "something

[Singular] didn't know about before" it served its first notice. Ex. A at 22:8-14. Singular has offered no cause for its second notice, let alone good cause. And the lone topic in Singular's late-served notice cannot satisfy this standard, as it seeks testimony related to invalidity contentions served eight months ago and roughly six months before Singular served its operative Rule 30(b)(6) notice.

### C. While Google takes no position on extending discovery to allow for an additional deposition in the abstract, Google does not believe Singular has made a showing adequate to justify deposing *this* third party witness, who would be a ninth witness regarding contacts with Dr. Bates.

The third and final deposition that Singular hopes to pursue through an extension to the fact-discovery cutoff is that of Johnny Chen. Mr. Chen, a former Google employee, left the company seven years ago and is represented by separate counsel. Although Google believes Singular's delay in pursuing Mr. Chen's deposition (and his limited relevance) warrants denial of the motion, Google does not oppose Singular's pursuit of this deposition in light of the Court's inclination to permit additional discovery as needed.

There are two notable inaccuracies in Singular's motion. First, Singular asserts that Mr. Chen was served on July 19, 2021, four days prior to the fact discovery cutoff. ECF No. 266 at 3. That is false. Singular's motion does not cite any proof of service.[9] In fact, Mr. Chen was not served until sometime *after* fact discovery closed in this case. *See* Bruns Decl. ¶ 8. Counsel for Singular admitted that fact to counsel for Google on the Court's Zoom connection prior to the parties' status conference on July 27, 2021. *See id.* ¶ 7. Remarkably, however, Singular never amended either its brief or the declaration on which it relies. Nor has it otherwise alerted the Court of Singular's misrepresentation.

---

[9] Notably, the declaration of Kevin Gannon in support of Singular's motion for leave, filed on the final day of fact discovery, ECF No. 266-1, refers to "status requests for attempts to serve Mr. Johnny Chen," ECF No. 266-5, but neither refers to nor attaches any proof of service.

11

Second, Singular claims that it has been "diligent during the fact discovery period in pursuing Mr. Chen's deposition." ECF No. 266 at 3. By its telling, Singular was not aware of Mr. Chen or his purported relevance until "reviewing Googles [*sic*] document production" just before noticing Mr. Chen's deposition on May 27, 2021. *Id.* at 2. That, too, is false. As the motion seems to concede, Mr. Chen met with Singular's founder and sole employee Dr. Bates in 2011 and Singular therefore had personal knowledge of Mr. Chen a decade ago. Furthermore, even if Dr. Bates did not remember meeting with Mr. Chen, Singular's document production put it on notice of the meeting. Singular produced 18 email threads containing emails sent and/or received by both Mr. Chen and Dr. Bates in April of this year, roughly a month before it made any effort to pursue Mr. Chen's deposition. Bruns Decl. ¶ 9. That list includes an email Singular itself attached as an exhibit to its Opposition to Google's Renewed Motion to Stay, filed May 28, 2021, which is now the apparent basis for its claims that Mr. Chen's deposition is necessary. *See* ECF No. 201-15. Moreover, Google produced emails sent by Mr. Chen related to Singular no later than March of this year. Bruns Decl. ¶ 9. At the very least, Singular waited a month after producing the documents it claims justify its pursuit of Mr. Chen's testimony to make any effort to actually pursue his deposition.[10]

Moreover, Mr. Chen's deposition would be duplicative. His only apparent relevance is based on contacts with Dr. Bates, but eight other current and former Google employees have already been deposed on that subject. A ninth such deposition of a third-party served *after* the close of fact discovery would serve little purpose.

---

[10] Mr. Chen may have additional objections to the deposition, on his own behalf, which he may make through his own counsel at an appropriate time.

12

## IV.    CONCLUSION

For the foregoing reasons, Singular's motion for leave to modify the scheduling order in order to seek additional Rule 30(b)(6) testimony and the deposition of Richard Goodin should be denied.

Respectfully submitted,

Dated:  August 2, 2021

By:    */s/ Mattias Kamber*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

      /s/ *Nathan R. Speed*
      Nathan R. Speed