# Exhibit A

```
 1                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
 2

 3
                                   )
 4   SINGULAR COMPUTING LLC,       )
                                   )
 5          Plaintiff,             )
                                   )   Civil Action
 6   v.                            )   No. 1:19-cv-12551-FDS
                                   )
 7   GOOGLE LLC                    )
                                   )
 8          Defendant.             )
                                   )
 9

10

11        BEFORE THE HONORABLE DONALD L. CABELL
              UNITED STATES MAGISTRATE JUDGE
12

13                      MOTION HEARING
                           Via Zoom
14

15                      April 30, 2021
                           2:00 p.m.
16

17       John J. Moakley United States Courthouse
                    One Courthouse Way
18             Boston, Massachusetts 02210

19

20

21

22              Linda Walsh, RPR, CRR
                Official Court Reporter
23       John J. Moakley United States Courthouse
              One Courthouse Way, Room 5205
24             Boston, Massachusetts 02210
                  lwalshsteno@gmail.com
25
```

1            It just seems to me, along the way Singular is going
2    to continue its own review, its own discovery that may help it
3    to eliminate some topics and may cause it to add some topics,
4    but then, you know, as I'm saying, we can then deal with any
5    issues as they arise.  Otherwise, it puts us in the position of
6    having to take a look at that list of 102, probably get more
7    briefing that we don't want on whether those topics are
8    appropriate or not.  That's going to take time for us to do.
9    Chances are we're not the experts to make the decision on
10   whether those topics are adequate.
11           Having said that, if there's a few topics, you know,
12   that's different, but I honestly don't want to kind of
13   interject myself in this process as kind of an ongoing ump, so
14   to speak.
15           MR. BRUNS:  We agree with that last part in
16   particular, Your Honor.  I would say, you're right, that we're
17   not aware of case law that sets some artificial cap, certainly.
18   We've cited case law to Singular, although it wasn't directly
19   in our brief, it's in exhibits to our brief, of quite a few of
20   the 102 topics that are improper as topics for a 30(b)(6)
21   deposition, and we hope that they'll kind of engage with that
22   in whatever list they re-serve following this.
23           The only other thing I would raise, you know, is what
24   the rules do contemplate is subsequent deposition notices under
25   30(b)(6) are served, you know, when good cause is shown for it.

```
 1    And so we would really hope that any effort by Singular to kind
 2    of add topics going forward would be subject to that.
 3              THE COURT:  Well, what I've heard is that -- and I'm
 4    inferring -- is exactly that, which is that they may not have
 5    reason now to believe there's a topic to explore, but if on
 6    their review of discovery they now learn of something that they
 7    did not know before and then notice it, I'm guessing their
 8    argument would be that's the good cause.  It's something we
 9    didn't know about before.  But obviously, obviously, if
10    anything is raised subsequently, and you think, you know, it
11    should have been raised before or it should not be the topic of
12    the deposition, then we'll be guided by the rules of procedure
13    and the pertinent case law as it relates to whether that's an
14    appropriate area to explore or not.  All right?
15              MR. BRUNS:  Understood.
16              THE COURT:  So, again, as I sort of circle back, it
17    seems to me what I'm proposing, and I'm not sensing major
18    pushback, is you guys will continue to talk about this list.  I
19    think ideally Singular should try to turn over an exhaustive
20    list to the extent it can.  The caveat has been noted here on
21    the record that that list would be subject to change based on
22    what may come up in discovery, but otherwise, the list that has
23    been provided to Google -- and understanding Google thinks it's
24    a little large -- represents right now the list of topics that
25    Singular would like to explore through the 30(b)(6)
```

1   depositions.

2   So, again, the parties will continue to talk, but
3   otherwise, it seems to me, what we should be thinking of is,
4   okay, if we're going to now start depositions, how does it make
5   sense to do this.  Here's a list of topics that we think are
6   related, and therefore, we would propose X.  And I'd like to
7   think that you guys could come to some understanding on that.
8   I suppose Singular probably would be in the driver's seat more
9   than Google on that, but nonetheless, I'd like to think that
10  you guys could figure that out.

11  And so as a result, the way I would deal with the
12  pending motions is the motion for protective order, I think
13  I'm -- did that motion for protective order -- that was also
14  based on the ESI issue, was it not?

15  MR. BRUNS:  It was both, Your Honor.

16  THE COURT:  Okay.  All right.  I'm likely ultimately
17  to deny the motion for a protective order for the reasons noted
18  in court, which is basically we talked it all out and we
19  figured out a way going forward, but I'm going to hold off on
20  that because I guess I'd like to hear back just something that
21  we've looked at what we just got and we do agree that that
22  moots the ESI component.  And then we'll enter the ruling on
23  the motion for a protective order that way.

24  There was a prior motion seeking a status conference,
25  that will just be deemed moot.

```
 1                CERTIFICATE OF OFFICIAL REPORTER
 2
 3            I, Linda Walsh, Registered Professional Reporter
 4   and Certified Realtime Reporter, in and for the United States
 5   District Court for the District of Massachusetts, do hereby
 6   certify that the foregoing transcript is a true and correct
 7   transcript of the stenographically reported proceedings held in
 8   the above-entitled matter, to the best of my skill and ability.
 9            Dated this 9th day of May, 2021.
10
11
12                      /s/ Linda Walsh
13                      Linda Walsh, RPR, CRR
14                      Official Court Reporter
15
```