# Exhibit B

# Andrew S. Bruns

| | |
|---|---|
| **From:** | Gannon, Kevin <kgannon@princelobel.com> |
| **Sent:** | Thursday, July 1, 2021 12:18 PM |
| **To:** | dfetouh@mit.edu; mthompson@princelobel.com; Michelle Ybarra |
| **Cc:** | Deeva V. Shah; singular@princelobel.com; kvp-singular; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; kstehn@mit.edu |
| **Subject:** | RE: Singular v. Google - MIT Depositions |

**[EXTERNAL]**

Dahlia and Michelle,

Confirming that Singular will oppose any request to extend the fact discovery deadline beyond July 23, 2021.

Thanks,
Kevin

**Kevin Gannon**



Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8061 Direct
kgannon@princelobel.com

---

**From:** Dahlia Fetouh [mailto:dfetouh@mit.edu]
**Sent:** Wednesday, June 30, 2021 1:43 PM
**To:** Thompson, Michael <mthompson@princelobel.com>; Michelle Ybarra <mybarra@keker.com>
**Cc:** dshah@keker.com; Singular <Singular@princelobel.com>; kvpsingular@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; Kerry Stehn <kstehn@mit.edu>
**Subject:** RE: Singular v. Google - MIT Depositions

Signature attached.

Dahlia Fetouh
Deputy General Counsel
Office of the General Counsel
**Massachusetts Institute of Technology**
105 Broadway, Building NE36, Suite 6210
Cambridge, MA  02142
dfetouh@mit.edu
phone: 617-715-4220/fax: 617-258-0267
http://ogc.mit.edu/
(*pronouns: she/her/hers*)

This message and any attached documents contain information which may be confidential, subject to privilege or exempt from disclosure under applicable law. These materials are intended only for the use of the intended recipient. Delivery of this message to any person other than the intended recipient shall not compromise or waive such confidentiality, privilege or exemption from disclosure as to this communication.

1

**From:** Thompson, Michael <mthompson@princelobel.com>
**Sent:** Wednesday, June 30, 2021 12:23 PM
**To:** Dahlia Fetouh <dfetouh@mit.edu>; Michelle Ybarra <mybarra@keker.com>
**Cc:** dshah@keker.com; Singular <Singular@princelobel.com>; kvpsingular@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; Kerry Stehn <kstehn@mit.edu>
**Subject:** RE: Singular v. Google - MIT Depositions

Dahlia,

Our understanding of Google's request was that the identified Highly Confidential documents would be shared with you for the limited purpose of discussion the MIT depositions. If that is the case, then your signing the Protective Order should be sufficient.

As to the extension of time, while it is unfortunate that Google has put MIT in this position, we will not agree to – and will oppose – a request to extend the fact discovery deadline beyond July 23rd.

We are happy to discuss further at 2 pm today.

Thanks,
Michael

**Michael Thompson**



Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

(617) 456 8124 Direct
mthompson@princelobel.com



**From:** Dahlia Fetouh [mailto:dfetouh@mit.edu]
**Sent:** Wednesday, June 30, 2021 11:36 AM
**To:** Thompson, Michael <mthompson@princelobel.com>; Michelle Ybarra <mybarra@keker.com>
**Cc:** dshah@keker.com; Singular <Singular@princelobel.com>; kvpsingular@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; Kerry Stehn <kstehn@mit.edu>
**Subject:** RE: Singular v. Google - MIT Depositions

Michael –

I understand from Michelle's email that these documents are designated "Highly Confidential" in which case I don't believe I could share them with the designated witnesses even after I sign the Protective Order. Please let me know if this is your understanding and intent.

And I understand that you say you are not willing to extend the Court's overall fact discovery deadline, but to be clear, if MIT and/or Google asks the Court for a reasonable extension of time to conduct just these depositions outside of that deadline, will Singular object to that request?

Dahlia

Dahlia Fetouh
Deputy General Counsel
Office of the General Counsel
Massachusetts Institute of Technology
105 Broadway, Building NE36, Suite 6210
Cambridge, MA  02142
dfetouh@mit.edu
phone: 617-715-4220/fax: 617-258-0267
http://ogc.mit.edu/
(*pronouns: she/her/hers*)

This message and any attached documents contain information which may be confidential, subject to privilege or exempt from disclosure under applicable law. These materials are intended only for the use of the intended recipient. Delivery of this message to any person other than the intended recipient shall not compromise or waive such confidentiality, privilege or exemption from disclosure as to this communication.

---

**From:** Thompson, Michael <mthompson@princelobel.com>
**Sent:** Wednesday, June 30, 2021 10:04 AM
**To:** Dahlia Fetouh <dfetouh@mit.edu>; Michelle Ybarra <mybarra@keker.com>
**Cc:** dshah@keker.com; Singular <Singular@princelobel.com>; kvpsingular@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; Geoffrey Barss <gbarss@mit.edu>; Kerry Stehn <kstehn@mit.edu>
**Subject:** RE: Singular v. Google - MIT Depositions

Dear Dahlia,

Singular is willing to allow MIT's counsel see the documents identified in Michelle's email, if they sign the protective order which I have attached.  We however, will not agree to remove MIT witnesses from Singular's initial disclosures.  Finally, July 23rd is the Court-ordered close of fact discovery in the underlying action, and Singular is not willing to extend that deadline.

For the 2:00 call, please use the following:

Dial In:  888-396-8039 / Guest Code:  0192407

Thanks,
Michael

**Michael Thompson**

Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

(617) 456 8124 Direct
mthompson@princelobel.com



**From:** Dahlia Fetouh [mailto:dfetouh@mit.edu]
**Sent:** Tuesday, June 29, 2021 11:29 PM
**To:** Michelle Ybarra <mybarra@keker.com>
**Cc:** Thompson, Michael <mthompson@princelobel.com>; dshah@keker.com; Singular <Singular@princelobel.com>; kvpsingular@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; Geoffrey Barss <gbarss@mit.edu>; Kerry Stehn <kstehn@mit.edu>
**Subject:** Re: Singular v. Google - MIT Depositions

That time is fine for me.

Dahlia


Dahlia Fetouh
Deputy General Counsel
Office of the General Counsel
Massachusetts Institute of Technology
105 Broadway, Building NE36, Suite 6210
Cambridge, MA  02142
dfetouh@mit.edu
phone: 617-715-4220/fax: 617-258-0267
http://ogc.mit.edu/

> On Jun 29, 2021, at 10:41 PM, Michelle Ybarra <mybarra@keker.com> wrote:
>
> Michael and Dahlia,
>
> We are available to meet and confer tomorrow at 11am Pacific/2pm Eastern. I that works for Singular and MIT, we ask that Singular please circulate a dial in.
>
> Thanks,
> Michael
>
> **From:** Thompson, Michael <mthompson@princelobel.com>
> **Sent:** Tuesday, June 29, 2021 7:31 AM
> **To:** Michelle Ybarra <MYbarra@keker.com>; Deeva V. Shah <DShah@keker.com>; singular@princelobel.com
> **Cc:** kvp-singular <kvpsingular@keker.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; dfetouh@mit.edu; gbarss@mit.edu; kstehn@mit.edu
> **Subject:** RE: Singular v. Google - MIT Depositions

[EXTERNAL]

Michelle,

As an initial matter, Singular has taken the position that the parties ought to abide by the Court-ordered close of fact discovery deadline, and Google seeks exception from that deadline. The burden is therefore, on Google – not Singular – to justify why these depositions should be taken after the close of fact discovery.

Even so, my email was clear concerning Singular's position. But, for the avoidance of doubt, Singular objects to conducting these (or any) depositions after July 23rd for the following reasons:

1. July 23rd is the Court-order close of fact discovery. If Google wishes to continue conducting discovery thereafter, that is a matter it must raise with the Court and for which it must demonstrate good cause.

2. These witnesses were identified for Google nearly a year ago and Google issued subpoenas for these witnesses nearly a year ago. The fact that Google has delayed its pursuit of these witnesses until less than a month before the close of fact discovery is a problem of Google's own making. Google's delay is not a sufficient basis for Singular to agree to conduct these depositions outside of the allotted fact discovery time period.

With respect to your request – which came in at 12:14 a.m. Eastern Time this morning – demanding a meet and confer today, we will need time to investigate and confer with our client.  We can meet and confer tomorrow between 2:00 and 4:00 ET.

Regards,
Michael

**Michael Thompson**

<mime-attachment.jpg>

Prince Lobel Tye LLP

One International Place, Suite 3700
Boston, Massachusetts 02110

(617) 456 8124 Direct
mthompson@princelobel.com

<mime-attachment.jpg>

---

**From:** Michelle Ybarra [mailto:mybarra@keker.com]
**Sent:** Tuesday, June 29, 2021 12:14 AM
**To:** Thompson, Michael <mthompson@princelobel.com>; dshah@keker.com; Singular <Singular@princelobel.com>
**Cc:** kvpsingular@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; dfetouh@mit.edu; gbarss@mit.edu; kstehn@mit.edu
**Subject:** RE: Singular v. Google - MIT Depositions

Frxqvho/
#

```
MIT has requested a joint meet and confer with Singular and Google to discuss the issues raised
below, including dates for the depositions of MIT witnesses that were noted on Singular's initial
disclosures. We understand from your email earlier today that Singular will not agree that those
depositions may occur outside the close of fact discover, though Singular does not provide the
basis for its refusal as required. have included My Fetouh, MIT's Deputy General Counsel,
on this email that her request Please provide times you are available to discuss tomorow, June
29.

Additionally, Google requests that Singular agree MIT's counsel may review the following
document, which Singular has designated Highly Confidential, Attorney's Eyes Only, for the
limited purpose of discussing the depositions of MIT witnesses:

    • SINGULAR0008164
    • SINGULAR0008165
    • SINGULAR00089;6
    • SINGULAR0008986
    • SINGULAR0008984
    • SINGULAR0034997
    • SINGULAR00348983
    • SINGULAR0035388

We look forward to hearing from you.

Michele Ybarra
Keker Van Nest & Peters
```

**From:** Thompson, Michael <mthompson@princelobel.com>
**Sent:** Monday, June 28, 2021 1:43 PM
**To:** Deeva V. Shah <DShah@keker.com>; singular@princelobel.com
**Cc:** kvp-singular <kvpsingular@keker.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com
**Subject:** RE: Singular v. Google - MIT Depositions

[EXTERNAL]

Deeva,

Singular identified MIT and Professor Roy as persons who potentially have relevant knowledge in its Initial Disclosures on July 2, 2020. Google issued subpoenas to MIT and Professor Roy in August 2020 – and then did nothing to pursue these witnesses for almost a year. Google has had more than sufficient time to make arrangements for these depositions to be taken and completed within the time allotted for fact discovery.

As we informed Google and now confirm, Singular does not intend to call any witnesses from MIT in its case in chief, but Singular reserves the right to call those witnesses in rebuttal, as necessary. Given the very nature of a rebuttal witnesses – *i.e.*, that they are witnesses called in response to issues raised by the other party – Singular cannot know at this time what topics these witnesses might be called to testify about until Google presents its case at trial.

If Google intends to proceed with these depositions, Singular is happy to cooperate in scheduling the witnesses before the close of fact discovery. Singular will not, however, agree that these witnesses may be deposed after the close of fact discovery

Regards,
Michael

**Michael Thompson**

<mime-attachment.jpg>

Prince Lobel Tye LLP

One International Place, Suite 3700
Boston, Massachusetts 02110

(617) 456 8124 Direct
mthompson@princelobel.com

<mime-attachment.jpg>

---

**From:** Deeva V. Shah [mailto:dshah@keker.com]
**Sent:** Friday, June 25, 2021 3:07 PM
**To:** Singular <Singular@princelobel.com>
**Cc:** kvpsingular@keker.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com
**Subject:** Singular v. Google - MIT Depositions

Counsel:

I am writing about the two depositions related to MIT, an entity listed in relation to three individuals or organizations on your initial disclosures. Will you agree that the depositions of MIT witnesses can be conducted after the close of fact discovery? If not, please provide the basis.

Also, please confirm that Singular does not intend to call witnesses from MIT, including Professors Roy and Tenenbaum, in its case in chief at trial. If you only intend to call witnesses from MIT as rebuttal witnesses, as previously stated, what topics does Singular contend these witnesses might address?

Best,
Deeva

---

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any

transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.