# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | |
| v. | Hon. F. Dennis Saylor IV |
| GOOGLE LLC, | |
| Defendant. | |

# PLAINTIFF'S REPLY IN SUPPORT OF
# MOTION TO MODIFY THE SCHEDULING ORDER

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Michael J. Ercolini (pro hac vice)
Thomas R. Fulford (BBO #686160)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: mercolini@princelobel.com
Email: tfulford@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this reply in Support of its Motion to Modify the Scheduling Order. For the reasons set forth below, Singular requests that the Motion be granted.

**ARGUMENT**

As indicated in Singular's opening brief (Dkt. No. 266), these depositions will be very short – all three together will not take more than six (6) hours. Moreover, the parties have already taken two depositions without intervention of the Court after the July 23, 2021 fact discovery deadline. More particularly, Google took the deposition of Kent Arnold on July 27 and Singular took the Rule 30(b)(6) deposition of Google's Kamran Shafiei on July 28, 2021. Further, as set forth below, Google has provided no real reason to impede the taking of these depositions. Thus, there is no good reason for not permitting these three short depositions to proceed.

1. **JOHNNY CHEN**

Modification of a schedule requires "good cause" and "the judge's consent." Fed. R. Civ. P. 16(b)(4). As pointed out in its opening brief, Singular made numerous attempts to serve third-party (and former Google employee) Chen with a subpoena for a deposition prior to the July 23 discovery deadline. Singular served a Notice of Deposition for Chen on May 27, 2021. *See* Gannon Decl., Ex. A. When informed by counsel for Google that Chen was no longer employed by Google, Singular attempted to serve a Rule 45 deposition subpoena.[1] Singular's process server made the following attempts at serving Chen:

---

[1] Unhelpfully, counsel for Google would not accept service on behalf of its former employee. *See* Gannon Decl., Ex. C (Dkt. No. 266-4).

1

- Attempt # 1: 6/29/21. No answer.
- Attempt # 2: 6/30/21. No answer.
- Attempt # 3: 7/1/21. No answer.
- Attempt # 4: 7/2/21. No answer.
- Attempt # 5: 7/5/21. No answer.
- Attempt # 6: 07/08/21. No answer. However, Mr. Chen's wife indicated that he was out of town for ten days.

Gannon Decl., Ex. D (Dkt. No. 266-5).

- Attempt # 7:7/20/21. No response.
- Attempt # 8:7/21/21. No response.
- Attempt # 9:7/22/21. No response.
- Attempt # 10:7/23/21. No response.
- Attempt # 11:7/24/21. Mr. Chen was served.

Second Gannon Decl., Ex. J. Notwithstanding the foregoing, Google now argues in opposition that Singular was not diligent in attempting to take this deposition prior to the discovery deadline! *See*, *e.g.*, Google Opp. at 1. Notably, Google does not dispute that Singular attempted to take this deposition prior to the fact discovery deadline. Accordingly, Google's lack of diligence argument should be rejected.

Google also argues that (in Google's view) the Chen deposition is unnecessary because Singular has deposed others at Google who interacted with Dr. Bates. *See*, *e.g.*, *id.* at 12. Google's real motivation for attempting to preclude this long-noticed deposition, however, is because Chen provides evidence that Google was very excited about Dr. Bates' LPHDR computer when he disclosed its architecture to Chen and other lead engineers (Astro Teller, Jeffrey Dean *et al.*) at Google. For example, in June 2011, Chen sent an email to Dr. Bates stating" "**I think you definitely generated some excitement around your architecture.**" *See* Second Gannon Decl., Ex. H.[2] Such information from Chen to Dr. Bates need to be explained by

---

[2] The Second Gannon Declaration is being filed with this brief and has Exhibits H-J attached thereto. The first Gannon Declaration was filed with Singular's opening brief (Dkt. No. 266) with attached Exhibits A-G.

Chen, not the other witnesses that Singular has previously deposed. Thus, Google's argument on this point should also be rejected.

   B.   **Richard Goodin**

As explained in Singular's opening brief, Mr. Goodin submitted a Declaration in support of Google's petitions for *Inter Partes* Review ("IPR"). In his declaration,[3] Mr. Goodin concedes that the Google bfloat16 data type used in the accused TPU products meets the precision limitation of the asserted patent claims when using the retained fraction bits described by Mr. Goodin. For example, as stated by Mr. Goodin in the IPR proceedings, his testing revealed the following that, as he concedes, "Meets X/Y Percentages Recited by [Asserted] Claims":

| Retained Fraction Bits (K) | Equation C: Minimum Y for $X \geq 12\%$ | Equation D: Minimum Y for $X \geq 6\%$ | Meets X/Y Percentages Recited by Claims: |
|---|---|---|---|
| 9 | $\geq 0.0976\%$ | $\geq 0.1171\%$ | • '156 patent, claim 7<br>• '273 patent, claim 53 |
| 8 | $\geq 0.1953\%$ | $\geq 0.2343\%$ | All above |
| 7 | $\geq 0.3906\%$ | $\geq 0.4687\%$ | All above plus '961 patent, claims 4 and 13 |

These results of tests performed by Goodin, directly support Singular's infringement claims. Since Mr. Goodin possesses highly relevant factual information regarding these test results, and Singular issued a subpoena directed to Goodin during the fact discovery period in this case, Singular respectfully requests leave to take his deposition.

In response, Google argues that Goodin is an expert in the IPR proceeding, not a fact witness in this case. *See* Opp. Br. at 5. Google argues that the deposition should be denied because: (1) it is an improper attempt to gather information for use in the IPR; and (2) Goodin is

---

[3] A copy of the Declaration was submitted with Singular's opening brief as Gannon Decl., Ex. E (Dkt. No. 266-6).

neither a fact nor expert witness in this case. *Id.* at 5. Neither excuse holds water. First, the factual information sought by Singular regarding Goodin's test results is sought to confirm Singular's infringement claims in this case. In contrast, infringement is not an issue in the IPR proceedings that only address certain validity issues. *See* 35 U.S.C. § 311(b). Second, although Goodin may not (yet) be a designated expert for Google in this case, he is a third-party who performed testing that is directly, factually relevant to the infringement claims at issue in this case. Thus, Google's argument that Goodin has "no percipient knowledge regarding any facts relevant to any claim or defense in this litigation" (Opp. Br. at 6) is simply wrong. Google's argument regarding Goodin should also be rejected.

### C. Rule 30(b)(6) Testimony

As stated in Singular's opening brief, the 30(b)(6) testimony sought by Singular concerns the factual (not, as Google argues, "legal") subject matter set forth above regarding Goodin's test results. As a result, this deposition will be unnecessary if the deposition of Goodin proceeds. In an effort to stymie Singular, Google incorrectly argues that taking this deposition "runs afoul of Magistrate Cabell's prior ruling in this case, which put Singular on notice that it may not serve any new Rule 30(b)(6) topics unless they were based on new information obtained in discovery." Opp. Br. at 9. But, at the hearing, Magistrate Judge Cabell advised the parties that: "We could always come back and revisit this if one side thinks that's problematic for some reason." *See* Second Gannon Decl., Ex. I, p. 20. That is what the present Motion to Modify does.

## **CONCLUSION**

For the foregoing reasons, Singular respectfully requests that the Court grant this Motion to Modify the Scheduling Order.

Dated: August 3, 2021.                          Respectfully submitted,

                                                */s/ Paul J. Hayes*
                                                Paul J. Hayes (BBO #227000)
                                                Matthew D. Vella (BBO #660171)
                                                Kevin Gannon (BBO #640931)
                                                Daniel McGonagle (BBO #690084)
                                                Michael J. Ercolini (pro hac vice)
                                                Thomas R. Fulford (BBO #686160)
                                                PRINCE LOBEL TYE LLP
                                                One International Place, Suite 3700
                                                Boston, MA 02110
                                                Tel: (617) 456-8000
                                                Email: phayes@princelobel.com
                                                Email: mvella@princelobel.com
                                                Email: kgannon@princelobel.com
                                                Email: dmcgonagle@princelobel.com
                                                Email: mercolini@princelobel.com
                                                Email: tfulford@princelobel.com

                                                ATTORNEYS FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on August 3, 2021, I served this document on Defendant by causing a copy to be sent via electronic mail to its counsel of record.

                                                */s/ Paul J. Hayes*