# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>**LEAVE TO FILE GRANTED ON AUGUST 3, 2021** |

# PLAINTIFF'S SURREPLY IN OPPOSITION TO GOOGLE LLC'S
# MOTION TO COMPEL

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this sur-reply in opposition to the motion of defendant, Google LLC ("Google"), to compel regarding certain purportedly insufficient discovery responses (Dkt. No. 245). For the reasons set forth below and in Singular's opposition brief (Dkt. No. 254), Google's motion ("Motion") should be denied.

## I. ARGUMENT

### A. INTERROGATORIES 22-24

As set forth in Singular's opposition brief, Singular objected to these interrogatories both in its General Objections and specifically as vague and ambiguous. Singular explained in its opposition brief how these interrogatories are badly drafted and, therefore, objectionable. Singular maintains those objections. In its Reply brief, Google has failed to rephrase the interrogatories or to otherwise put them in an acceptable form. Singular should not be expected to do Google's job. Interrogatories 22 and 23 are directed to the "conception, design, and use" of 14-bit and 16-bit floating point formats. As explained in Singular's opposition to Google's Motion to Dismiss for Lack of Patentable Subject Matter, Dr. Bates does not claim to have conceived of or designed 14-bit/16-bit floating-point data types. *See* Dkt. No. 44 at p. 17. Thus, the term "conception" is meaningless in this context. Accordingly, as currently drafted, the interrogatories make no sense. Singular stands by its responses and objections. Google simply ignores this argument and persists in attempting to have Singular respond to interrogatories that are inherently flawed. As to interrogatory 24, Singular has responded by identifying the documents wherein Dr. Bates disclosed his low precision approach to Google's representatives. *See* Singular Opp. Br. (Dkt. No. 254) at 4-6.

B.     INTERROGATORY 26

Google's reply argument regarding this interrogatory defies logic. Google argues that: "[i]f Singular's position is that the Testing Source Code it relied upon and cited in its FAC is not an accurate model of the Accused Products, Singular should supplement its interrogatory to that effect." Reply at 2. In its opposition brief, Singular specifically stated that "Singular obviously believes that the code and test results are accurate." Opp. Br. at 8. Thus, Singular has not taken the position that the Testing Source Code was in any way inaccurate and Google's argument should be rejected.[1]

C.     RFP 82 & INTERROGATORY 16

As Singular explained in its opposition brief, the S2 is a future prototype of a Singular chip. The chip itself has not been manufactured and no physical embodiment of the chip exists. Moreover, the chip is not relevant to any issue in this case. It is not an accused product. It is not potential prior art. It has not been offered for sale or sold. Nothing contained in Google's Reply alters these facts. Thus, as set forth in Singular's opposition brief, the S2 is not relevant to damages and Singular objects to producing the requested documents.

Google incorrectly argues in its Reply that "Singular does not seriously contest the S2's relevance." Reply at 3. In fact, Singular argued, *inter alia*, that "[t]hese requests are plainly an improper fishing expedition" and explained why. *See* Opp. Br. at 6-7 (citing *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 596 (1st Cir. 2011) ("'fishing expeditions' are not permitted")). Thus, contrary to Google's argument, Singular did "seriously contest the S2's relevance."

---

[1] As Singular pointed out in its opposition brief, Singular provided Google with the FAC Testing Source Code months ago so that Google could see for itself how the code works. *See* Opp. Br. at 8. Notably, in its Reply, Google does not assert that the code provided by Singular was in any way inaccurate or unreliable.

2

Singular plainly argued that the S2 is not relevant to the commercial success of the S1. Opp. Br. at 6-7.

Moreover, as alleged in the Amended Complaint, Singular asserts that Google stole Dr. Bates' LPHDR (Low Precision High Dynamic Range) invention after Dr. Bates disclosed the S1 prototype to Google. *See*, *e.g.*, Amended Complaint (Dkt. No. 37) at ¶¶ 16-26.  After such disclosure, Google replaced the computers in its data centers with the accused TPU v2 and v3 products that Singular alleges use Dr. Bates' LPHDR invention. *Id.* at ¶ 22.  As stated in Singular's opposition brief, Singular is naturally reluctant to give Google the opportunity to obtain the design for the potential future S2 product, particularly when the S2 is not relevant as it is not prior art, is not an accused product, and has not been offered for sale or sold. *See* Opp. Br. (Dkt. No. 254) at 6.

D.  RFA 2

As Singular pointed out in its opposition brief, the only case that Google cited in support of its argument is *A & V Fishing, Inc. v. Home Ins. Co.*, 145 F.R.D. 285, 288 (D. Mass. 1993). *See* Motion at 11. *See* Opp. Br. at 9-10.  That 28-year old marine insurance case had nothing to do with patents, construing patents, or otherwise determining what patents may "encompass." Notably, Google does not cite any additional case(s) in its Reply.  Thus, it is apparent that Google's argument is legally unfounded.

In contrast, on page 9 of its opposition brief, Singular cited several patent cases supporting its argument that requests for admission regarding claim construction issues need not be answered. *See LG Philips Co., Ltd. v. Tatung Co.*, No. 04-343, 2007 WL 9771321, at *1 (D. Del. Jul. 3, 2007) ("The Court also agrees with the Special Master that [plaintiff] was not required to respond to Request for Admission No. 15 because it involved claim construction");

*see also Tulip Computers Intern., B.V. v. Dell Comp. Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002) ("requests directed towards applying the claims of the patent . . . in reality are requests for legal conclusions and, therefore, improper"); *B/E Aerospace, Inc. v. Zodiac Aerospace*, No. 2:16-cv-01417, 2017 WL 3671368, at *1 (E.D. Tex. Mar. 14, 2017) (requests involving claim construction improper prior to claim construction ruling).

Further, as also explained in Singular's opposition brief, the phrase "8-bit integer format" is not recited in any of the asserted (or non-asserted) claims of any of the Patents-in-Suit. Accordingly, Singular answered by stating that it has not determined whether or not the Patents-in-Suit may "encompass" (whatever that means in this context) using an 8-bit integer format. Google ignores this argument in its Reply.

## II.  CONCLUSION

For the reasons set forth above, Google's motion to compel should be denied.

Dated: August 3, 2021

Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Michael J. Ercolini (pro hac vice)
Thomas R. Fulford (BBO #686160)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: mercolini@princelobel.com
Email: tfulford@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                         */s/ Kevin Gannon*