# Exhibit 2

# Redacted



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Deeva Shah**
(415) 676 2268
dshah@keker.com

March 1, 2021

**VIA ELECTRONIC MAIL**
Kevin Gannon
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

Re:      ███████████████████████████████████
         Singular Computing LLC v. Google LLC

Dear Kevin:

I write in response to your February 19, 2021 email regarding access to a Cloud TPU account and inspections of a Google data center and the MacTruck tray. I will address each in turn.

**Cloud TPU Account Access**

You ask Google to provide dates to "make arrangements for Singular's counsel and Singular's expert, Dr. Sherief M. Reda, to access Google's working TPUs via a Cloud TPU account." No such dates or arrangements are necessary. You are welcome to sign up for a Cloud TPU account per the instructions available at https://cloud.google.com/tpu/docs/setup-gcp-account.

**Inspection of a Google Data Center**

You also ask Google to arrange for "counsel and Dr. Reda to inspect a Google data center." Inspecting a data center bears no relevance to this case. As we have told you previously, you will not be able to see functioning TPU boards, let alone assess their functionality, by visiting a data center. When "installed and working" in a data center, the TPU boards exist inside of their housings (samples of which have already been provided to you). Visitors could not see anything regarding the functioning of the accused boards or their alleged infringing characteristics.

Here, Google has produced two sample TPU boards that you claim are the accused devices, as well as provided the chip-design code and the TPU board specifications. There is no aspect of the infringement allegations that could be proven by viewing server racks operating in a data center. Accordingly, an inspection of a Google data center would serve no purpose. As Mr. Hayes represented to the Court, "[Singular] just need[s] the board. . . . And the fact that it

1656987

VIA ELECTRONIC MAIL

March 1, 2021
Page 2

doesn't have the cooling system, so be it. I'll live with it." Mot. to Compel Hrg Tr. at 8:2-5. And as Mr. Seeve represented to the Court, Singular does not "need to have the cooling system or the software or **all of the environment** that you need to actually operate the chip in the manner intended." *Id.* at 13:1-3 (emphasis added). In short, Singular has already conceded that the operating environment is irrelevant and has not identified any purported relevance of inspecting a data center.



**Inspection of a MacTruck Tray**

Finally, you ask Google to arrange for "counsel and Dr. Reda to inspect the 'MacTruck' system/board." The MacTruck tray is not accused of infringement, nor has it ever been referenced by Singular as an accused device. To the contrary—and based on what Singular and Google both know about the MacTruck tray's design—it is entirely unrelated to Singular's infringement contentions. As explained in Google's response to Interrogatory No. 2, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which is not accused (because of its different design). That chain of events spans four years and includes various devices that Singular has not accused of infringement. We therefore fail to understand how inspecting a MacTruck tray relates to Singular's infringement allegations regarding TPUv2 and TPUv3.

Regards,

KEKER, VAN NEST & PETERS LLP

Deeva Shah

DVS:dlc

1656987