# Exhibit 3

| | |
|---|---|
| **From:** | Deeva V. Shah |
| **Sent:** | Monday, July 19, 2021 11:51 AM |
| **To:** | Gannon, Kevin; kvp-singular; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; Matthias Kamber |
| **Cc:** | singular@princelobel.com; mvella@princelobel.com |
| **Subject:** | RE: Singular Computing LLC v. Google LLC  -  Request to inspect |
| **Attachments:** | 2021.03.01 Shah letter to Gannon re Cloud TPU account, data center and MacTruck tray inspection.pdf |

Counsel,

Singular's request for a Cloud TPU account "with the necessary quota of resources" is unclear and misguided. Google cannot ascertain what quota or which resources Singular "require[s] to run . . . various tests," and why Singular cannot access those resources per the instructions previously provided: https://cloud.google.com/tpu/docs/setup-gcp-account. In any event, Singular previously rejected Google's compromise offer of access to a Cloud TPU account. Specifically, in lieu of providing functioning samples, Google proposed providing non-functioning TPU boards and access to a Cloud TPU account; however, Singular chose not to accept that compromise offer, pursued its motion, and ultimately received functional TPU boards. Indeed, we have heard nothing from Singular on the issue since early March.

With regard to the request to inspect data centers, that request is similarly late, improper, highly burdensome, and irrelevant. First, the deadline to serve written discovery, which included requests to inspect or access, was May 24, 2021 (and, notably, Singular objected to any extension of that deadline). Thus, Singular's email requesting inspection and access is improper in form and far too late—seven weeks after the deadline to serve such requests and just one week before the close of fact discovery.  Second, as a practical matter, we responded to Singular's previous informal inquiry regarding data-center inspection on March 1, 2021 (letter attached) but received no response from Singular to that letter or the substantive concerns raised within. Those concerns, which include Singular's concession that the operating environment for TPUs is irrelevant, still stand.

Thanks,
Deeva

Deeva Shah
757-553-8301

**From:** Gannon, Kevin <kgannon@princelobel.com>
**Sent:** Friday, July 16, 2021 12:47 PM
**To:** Deeva V. Shah <DShah@keker.com>; kvp-singular <kvpsingular@keker.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkwun@kblfirm.com; Matthias Kamber <MKamber@keker.com>
**Cc:** singular@princelobel.com; mvella@princelobel.com
**Subject:** RE: Singular Computing LLC v. Google LLC - Request to inspect

**[EXTERNAL]**

Counsel,

In its opposition to Singular's motion to compel (Dkt. No. 104), Google offered to provide Singular access to TPU services via a Cloud TPU account.  When we tried to access the Cloud TPU account, it would not approve the quota of resources

1

that are required to run our various tests.  Please provide us with access to the Cloud TPU account with the necessary quota of resources no later than Monday, July 19, 2021, so that we can run our tests.

Singular would also like to inspect and photograph a Google data center with the accused TPUv2 and TPUv3 Devices installed and working sometime early next week.  Please provide us with appropriate dates and locations.

Otherwise provide us with a time on Monday, July 19, 2021 to meet and confer on this.

Thanks,
Kevin

**Kevin Gannon**

Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8061 Direct
kgannon@princelobel.com

This email is intended for the confidential use of the
addressees only. Because the information is subject to the
attorney-client privilege and may be attorney work product,
you should not file copies of this email with publicly
accessible records. If you are not an addressee on this
email or an addressee's authorized agent, you have received
this email in error; please notify us immediately at
617 456 8000 and do not further review, disseminate or copy
this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or
information included in this message or any attachment is
not intended to be, and may not be, used to avoid tax
penalties or to promote, market, or recommend any
transaction, matter, entity, or investment plan discussed
herein. Prince Lobel Tye LLP does not
otherwise by this disclaimer limit you from disclosing the tax
structure of any transaction addressed herein.