# EXHIBIT A
REDACTED



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Anna Porto**
(415) 962-8857
aporto@keker.com

June 22, 2021

**VIA ELECTRONIC MAIL**

PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA  02110
phayes@princelobel.com

Re:   *Singular Computing LLC v. Google LLC*; Civil Action No. 1:19-cv-12551 FDS

Dear Counsel:

I write regarding several outstanding discovery issues.  Please let us know if Singular is available to meet and confer to discuss these issues on Wednesday at 12pm PT or Thursday at 2pm PT.

**Interrogatory No. 8**

Interrogatory No. 8 requests that Singular describe any license or grant of right to the Patents-in-Suit, whether it was proposed, requested or executed.  Singular's response to Interrogatory No. 8 includes only licenses with ▇▇▇▇▇▇▇▇▇▇.  But Singular's document productions reveal the existence of several other licenses that Singular executed or proposed.  *See e.g.* SINGULAR-00004440 (licensing evaluation with ▇▇▇▇▇▇▇▇▇); SINGULAR-00011945 (describing that IP "has been licensed to researchers at ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ . . . which is most similar to the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇."); *see id.* ("Singular has offered to license this item to multiple commercial organizations," including ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇); SINGULAR-00023309 ("Singular also licenses to ▇▇▇▇▇▇."); SINGULAR-00010087 (describing license with ▇▇▇).  Singular should supplement its interrogatory response to account for all of these licensees or proposed licensees and confirm that it has identified all other licensees and proposed licensees.

CONTAINS HIGHLY CONFIDENTIAL AEO INFORMATION

1710625

Via Electronic Mail

June 22, 2021
Page 2

**Interrogatory No. 11**

Interrogatory No. 11 seeks information as to Singular's attempts to commercialize the Patents-in-Suit. Singular, however, failed to detail all such attempts, including, for example, its commercialization attempts with ▮▮▮▮. *See* SINGULAR-00015925 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮); SINGULAR-00018743; SINGULAR-00023309 ("Singular also licenses to ▮▮▮▮"). As we asked for the first time nearly two months ago, Singular's response should include all commercialization attempts, including those with ▮▮▮▮. *See* April 27, 2021 Corr. from Porto. Furthermore, this interrogatory is not time limited, thus Singular should also supplement its response to account for any commercialization attempts since Singular served its response in February 2021.

**Interrogatory No. 16**

Interrogatory No. 16 requests information about Singular's S2, including the S2's development, technical specifications, efforts to commercialize, and whether the S2 practices the Patents-in-Suit. After initially refusing to respond, Singular supplemented its response to say "no S2 machine has ever been built." Singular's response remains insufficient. Whether the S2 was built has no bearing on the S2's technical specifications or Singular's efforts to commercialize the S2. Indeed, documents produced by Singular and its former CEO suggest that Singular created technical specifications for the S2, which it shared with potential customers and partners. *See e.g.*, OZGEN-00000037 (email re "S2 requirements"); OZGEN-00000038 (presentation entitled "S2 Chip/System Information for Global Foundries"); SINGULAR-00009194 ("Currently refining S2 design; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."); SINGULAR-00006472 (describing S2 as "▮▮▮▮▮▮▮▮▮▮▮▮"). Singular's document production also suggests that its efforts to commercialize the S2 were significant. *See* SINGULAR-00010316 (Dr. Bates notes describing that ▮▮▮▮ "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"); SINGULAR-00034663-AAPL (email from Singular CEO to Bates stating that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"). Singular's interrogatory response is thus deficient and must be supplemented.

**Interrogatory No. 18**

Singular improperly limited the scope of its response to Interrogatory No. 18 "to the testing code that produced the output cited in Singular's First Amended Complaint." As we explained in the letter sent on April 12, 2021—more than two months ago—Singular's limited answer was improper, and Singular must supplement its response. Singular has been promising it will serve a supplemental response for six weeks, most recently on June 18, 2020. Google continues to await Singular's response.

**RFP No. 17**

RFP No. 17 requests documents sufficient to show Singular's revenues, expenses, or profits from the sale, lease, or licensing of any products or services that are based upon, include, or utilize processors designed to incorporate, embody, or practice any claims of the Patents-in-Suit.

CONTAINS HIGHLY CONFIDENTIAL AEO INFORMATION

Via Electronic Mail

June 22, 2021
Page 3

Singular has not produced *any* information reflecting its revenue, expenses, or profits, except for a single page profit and loss statement from a single year.  *See* SINGULAR-00011489 ("6/20/19 Profits & Loss").  Singular must produce its financial documentation, including the profits and loss statements from previous years, along with all other documentation of Singular's revenue from products and services related to the Patents-in-Suit.

**RFP Nos. 25 & 56**

Singular has produced two "Status Report" documents, one from February 2008 and one from December 2008.  These reports describe the Patents-in-Suit, Singular's funding efforts, and Singular's technology.  *See* SINGULAR-00011397; SINGULAR-00011387.  But Singular has not produced any subsequent reports, despite the earliest report's description as "the first semiannual status report," and its references to "future reports."  *See* SINGULAR-00011397.  Singular must produce all subsequent such reports, which are responsive to at least RFP No. 25 ("All documents relating to any valuation of any technology covered by the Patents-in-Suit or any related patent or related application.") and RFP No. 56 ("All documents relating to the Singular prototype.").

***

Please let us know whether you are available to meet and confer about these issues at the times listed above.

Sincerely,

KEKER, VAN NEST & PETERS LLP

Anna Porto

AP:nsn

CONTAINS HIGHLY CONFIDENTIAL AEO INFORMATION

1710625