# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SINGULAR COMPUTING LLC,

        Plaintiff,

    v.

GOOGLE LLC

        Defendant.

Civil Action No.: 1:19-cv-12551 FDS

Hon. F. Dennis Saylor IV

## DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFF
## SINGULAR COMPUTER LLC'S MOTION FOR A STATUS CONFERENCE

Defendant Google LLC (Google) submits this response to Plaintiff Singular Computing LLC's (Singular) request for a status conference: Google agrees with Singular that a status conference is appropriate to discuss the most efficient path forward for this case; however, Google believes that numerous open questions as set forth below must be answered in order to determine a workable schedule. Google raised these questions in meet and confer:

- Whether Singular intends to pursue its recently filed case[1] asserting two later-issued patents in parallel with this case, and if so, what coordination and/or consolidation would be appropriate? Google believes that if Singular is going to pursue both cases, they should be coordinated for pretrial purposes, given that the patents are from the same family and accuse overlapping products, and that the structure of a trial should be determined at a case management conference.

---

[1] *Singular Computing LLC v. Google LLC*, No. 1:21-cv-12110-FDS (D. Mass.) (filed Dec. 21, 2021) (hereinafter "Related Action").

1

- Whether Singular is conceding the PTAB's invalidity finding, *i.*e., that the claimed "low-precision, high-dynamic range execution unit" was not novel, resulting in the narrowing of the purported invention it can claim in this case, or whether Singular intends to appeal the PTAB's final written decisions in the IPRs.

- How to account in any schedule for the time required for (i) the Court to issue its claim construction ruling and (ii) the parties to seek leave to amend their contentions in accordance with Local Rule 16.6(d)(5).

- Whether Singular still intends to assert the '961 patent in this case after the PTAB found the only two asserted claims unpatentable (and, if so, on what basis).

Singular declined to answer any of these foundational questions.

Regarding the potential IPR appeal, Singular noted that it has about 60 days from the PTAB's decisions to file a notice of appeal.  Google expects to make a decision on appeal soon; July 13, 2022 is the deadline for filing a notice of appeal.

Google welcomes a status conference to discuss how to proceed most efficiently and fairly with this case and the Related Action.  But Google believes that any case schedule should take into account the issues described above.[2]  Google remains prepared to meet and confer on these questions with Singular in advance of any status conference and is prepared to discuss these issues with the Court.

---

[2] In addition, as Google informed Singular prior to the stay going into effect, it expects to move for leave to add a defense of inequitable conduct based in part on facts learned toward the end of discovery. Google has already pled a similar defense in the Related Action.

Respectfully submitted,

Dated: May 18, 2022

*/s/ Nathan R. Speed*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted pro hac vice)
rvannest@keker.com
Michelle Ybarra (admitted pro hac vice)
myabarra@keker.com
Andrew Bruns (admitted pro hac vice)
abruns@keker.com
Anna Porto (admitted pro hac vice)
aporto@keker.com
Deeva Shah (admitted pro hac vice)
dshah@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Michael S. Kwun (admitted pro hac vice)
mkwun@kblfirm.com
Asim Bhansali (admitted pro hac vice)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
(415) 630-2350

Matthias A. Kamber (admitted pro hac vice)
PAUL HASTINGS, LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
matthiaskamber@paulhastings.com

*COUNSEL FOR DEFENDANT GOOGLE LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.


Dated: May 18, 2022                           */s/ Nathan R. Speed*
                                              Nathan R. Speed