IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC<br><br>Defendant. | Civil Action No.: 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

## **DEFENDANT'S PROPOSED SCHEDULING ORDER**

Defendant Google LLC ("Google") submits this proposed scheduling order in response to the Court's May 19, 2022 order setting a status conference, ECF No. 327. As Google noted in its response to Plaintiff Singular Computing LLC's ("Singular") request for a status conference, ECF No. 325, following the issuance of the PTAB's Final Written Decisions ("FWDs") in the *Inter Partes* Reviews of the three patents-in-suit, several foundational questions must be answered before a workable, efficient schedule can be determined. Two of those unanswered questions are paramount for scheduling purposes:

1. Does Singular intend to appeal the FWDs, or does Singular concede the PTAB's invalidity finding (*i.e.*, that the claimed "low-precision, high-dynamic range execution unit" ("LPHDR") was not novel), which would narrow the purported invention it can claim in this case? and

2. Does Singular intend to continue to pursue a second, recently-filed case against Google,[1] asserting two later-issued patents from the same patent family against certain

---

[1] *Singular Computing LLC v. Google LLC*, No. 1:21-cv-12110-FDS (D. Mass.) (filed Dec. 21,

of the same accused products?

Singular was not prepared to address these questions—and others discussed in Google's Response to Singular's Motion for a Status Conference—in meet and confer, and Singular's Motion for a Status Conference is likewise silent on the issues. But the answers to these questions have important implications for any case schedule, and Singular should make its intentions clear so that the parties and the Court can make informed case management decisions.

Specifically, whether Singular concedes the PTAB's decision finding that Dr. Bates did not invent a LPHDR execution unit fundamentally affects what invention Singular can assert in this litigation. This is apparent from the First Amended Complaint (FAC), which claims as Dr. Bates' invention *any* LPHDR execution unit. *Compare* FAC, D.I. 37, ¶ 9 (claiming that a LPHDR arithmetic unit was a "new, novel and improved computer architecture developed by Dr. Bates") *with* IPR2021-00155, Paper 57, at 23-24 (claimed LPHDR execution unit disclosed in prior art and most challenged claims invalidated on that basis). The portions of the narrowed claims that Singular claims as Dr. Bates' invention, in turn, directly affects the novelty that Singular can claim for invalidity and patentability challenges, the scope of invention it can rely on for damages, and the evidence it can rely on for its willfulness case. Thus, proceeding without clarity on whether Singular intends to concede the PTAB's rulings risks a substantial waste of party and judicial resources: it requires selecting whether, for subsequent proceedings in the case, the parties will apply the PTAB's ruling or not, and regardless of which assumption is applied, there is a risk of having to redo all that work depending on the outcome of the appeal. Moreover, if Singular pursues both this case and the Related Action simultaneously, it risks subjecting the Court and the parties to duplicative discovery, two trials, multiple jury awards, and other unnecessarily repetitive efforts

---

2021) (hereinafter "Related Action").

that will be unavoidable with two parallel litigations in which Singular alleges infringement of patents in the same family by the same accused Google technology.

For purposes of the proposed schedule below, Google assumes that Singular will *not* appeal the FWDs. In that event, Google understands that Singular would drop U.S. Patent No. 10,416,961 from the case, as the only two asserted claims from that patent were found unpatentable by the PTAB. The schedule below also assumes that Singular will not pursue this case and the Related Action in parallel. And it includes certain necessary events that Singular's proposed schedule omits, the most important being the Court's issuance of its claim construction order, which would serve as a trigger for subsequent deadlines:

| Event | Defendant's Date | Plaintiff's Date |
|---|---|---|
| Court's claim construction order | | |
| Deadline to amend contentions pursuant to LR 16.6(d)(5) | 28 days after claim construction order | |
| Opening expert reports | +42 days | July 15, 2022 |
| Rebuttal expert reports | +42 days | August 15, 2022 |
| Close of Expert Discovery (including completion of expert depositions) | +28 days | September 15, 2022 |
| Dispositive motions | +28 days | October 12, 2022 |
| Oppositions to dispositive motions | +21 days | |
| Replies ISO dispositive motions | +14 days | |
| Hearing on dispositive motions, Pre-Trial Conference, and Trial | To be determined based on Court availability | |

If Singular informs the Court that it intends to pursue both actions in parallel, Google intends to move for consolidation under Rule 42 and respectfully requests that the Court delay entering a case schedule until after Google's motion is heard.

Respectfully submitted,

Dated: May 25, 2022

/s/ Nathan R. Speed
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted pro hac vice)
rvannest@keker.com
Michelle Ybarra (admitted pro hac vice)
myabarra@keker.com
Andrew Bruns (admitted pro hac vice)
abruns@keker.com
Anna Porto (admitted pro hac vice)
aporto@keker.com
Deeva Shah (admitted pro hac vice)
dshah@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Michael S. Kwun (admitted pro hac vice)
mkwun@kblfirm.com
Asim Bhansali (admitted pro hac vice)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
(415) 630-2350

Matthias A. Kamber (admitted pro hac vice)
PAUL HASTINGS, LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
matthiaskamber@paulhastings.com

*COUNSEL FOR DEFENDANT GOOGLE LLC*

**CERTIFICATE OF SERVICE**

   I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

| | |
|---|---|
| Dated: May 25, 2022 | /s/ Nathan R. Speed |
| | Nathan R. Speed |