```
                      UNITED STATES DISTRICT COURT
                        DISTRICT OF MASSACHUSETTS


 SINGULAR COMPUTING LLC,           )
                                   )
                   Plaintiff       )  Civil Action
                                   )
                                   )  No. 19-12551-FDS
 vs.                               )
                                   )
 GOOGLE LLC,                       )
                   Defendant       )


 BEFORE:  CHIEF JUDGE F. DENNIS SAYLOR, IV




          STATUS CONFERENCE CONDUCTED BY VIDEO CONFERENCE




         John Joseph Moakley United States Courthouse
                        1 Courthouse Way
                        Boston, MA 02210



                          May 26, 2022
                           3:32 p.m.
```

Valerie A. O'Hara, FCRR, RPR
Official Court Reporter
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210
E-mail: vaohara@gmail.com

```
 1   APPEARANCES:

 2   For The Plaintiff:

 3         Prince, Lobel, Tye, LLP, by PAUL J. HAYES, ESQ.,
     and KEVIN GANNON, ESQ., One International Place, Boston,
 4   Massachusetts 02110;

 5   For the Defendant:

 6       Keker, Van Nest & Peters LLP, by MATTHIAS A. KAMBER,
     ESQ., MICHELLE YBARRA, ATTORNEY, VISHESH NARAYEN, ESQ. and
 7   ANDREW BRUNS, ESQ., 633 Battery March Street, San
     Francisco, California 94111.
 8
         Kwun, Bhansali, Lazarus LLP, by ASIM M. BHANSALI,
 9   ESQ., 555 Montgomery Street, Suite 750, San Francisco,
     California 94111;
10
         Wolf, Greenfield & Sacks, P.C., by NATHAN R. SPEED,
11   ESQ., 600 Atlantic Avenue, Boston, Massachusetts 02210.

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

|  | PROCEEDINGS |
|---|---|
| 1 | |
| 2 | THE CLERK: Court is now in session in the matter |
| 3 | of Singular Computing LLC vs. Google, LLC, Civil Action |
| 4 | Number 19-12551. |
| 5 | Participants are reminded that photographing, |
| 6 | recording, and rebroadcasting of this hearing is |
| 7 | prohibited and may result in sanctions. |
| 8 | Would counsel please identify themselves for the |
| 9 | record, starting with the plaintiff. |
| 03:32PM 10 | THE COURT: I think you're mooted. |
| 11 | MR. HAYES: Paul Hayes for the plaintiff. |
| 12 | MR. GANNON: Kevin Gannon for the plaintiff. |
| 13 | THE COURT: Good afternoon. |
| 14 | MR. SPEED: Good afternoon, your Honor, this is |
| 15 | Nathan Speed from Wolf, Greenfield & Sacks on behalf of |
| 16 | the defendant, Google. I'm joined by several other |
| 17 | colleagues. I'll allow them to introduce themselves |
| 18 | quickly. |
| 19 | MR. KAMBER: Good afternoon, your Honor, |
| 03:33PM 20 | Matthias Kamber also on behalf of Google. |
| 21 | THE COURT: Good afternoon. |
| 22 | MR. BHANSALI: Asim Bhansali also on behalf of |
| 23 | Google. |
| 24 | THE COURT: Good afternoon. |
| 25 | MS. YBARRA: Good afternoon, your Honor, |

1    Michelle Ybarra from Keker, Van Nest & Peters also on
2    behalf of Google.  I'm joined by my colleagues,
3    Vishesh Narayen and Andrew Bruns also on the line.
4              THE COURT:  Good afternoon.  All right.  This is
5    a status conference in this case, which we're doing by
6    video.  There are, I think, an unusual number of balls in
7    the air or loose ends, if you want to use a different
8    metaphor, one of which is the claim construction opinion,
9    which I have not issued yet, obviously.
03:33PM 10             I don't have a particular timetable for doing
11   that.  I understand it's frustrating for counsel not to
12   have that yet.
13             By way of mitigation only, I'm just coming off of
14   COVID, and I'm also finishing a major trial and have had
15   my hands full the last month or so, but I should be coming
16   up for air next week, but -- well, let me turn it over to
17   the parties about where you think we ought to go from here
18   and on what timetable.
19             Mr. Hayes, I'll start with you.
03:34PM 20             MR. HAYES:  Yes, your Honor, as you know, a year
21   has gone by, and, in our view, we're back to where we
22   started approximately a year ago.  For your information,
23   the two primary -- there's two primary patents in the
24   case, the '273 and '156.
25             Each of them has -- each, all of the asserted

1   claims in those patents was held valid in the IPR, so

2   that's it for that point of view.

3   With respect to the last patent, which is the

4   '961, the claims were validated.  We, as suggested by

5   Google, we agree to drop that case, we'll do it by

6   dismissal without prejudice, get rid of it for the

7   purposes of this case, for this suit, and go on.

8   With respect to Google II, as you know, or you

9   might not know, there was a subsequent case filed, which

03:35PM 10   we call Google II on two more patents, and, again, as the

11   suggestion of Google, we'll agree to dismiss that without

12   prejudice to get rid of it.

13   The idea from my point of view is that now we end

14   up in this case with two patents on '273, '156, a total of

15   two claims for trial, and then we proposed a schedule,

16   which you have, to get that to trial before the 12th of

17   never, and our position is simply that we would like to

18   have -- we've set forth our dates, which would finish

19   expert discovery by approximately mid-October, which would

03:36PM 20   at least hopefully allow for a pretrial in December and

21   possibly a trial next year in January, which would put us

22   three years plus from filing.

23   Now, with respect to our position on Google's

24   schedule, which I got last night about 5:00, but, in any

25   event, who cares, they don't want to start, even start

1    anything until you issue a decision on the Markman, and
2    then assuming you did it with miraculous speed, within a
3    month, we wouldn't get under their theory of discovery, we
4    wouldn't even get to finish expert depositions until
5    almost the end of December, which is our view basically as
6    close to the 12th of never because then all the rest of it
7    comes, and then we have a trial, et cetera.
8              So I would urge the Court to just set a schedule
9    that we proposed, and, by the way, it's the identical
03:38PM 10   schedule in the sense of month, month, month, you know,
11   July 15th we propose you have your expert disclosure, then
12   you've got another 30 days, and then the depositions.
13   This is exactly what you wanted, they agreed to before,
14   and I think that that's the way it goes.
15             With respect to claim construction, obviously, I
16   don't see any reason to hold it all up in the schedule and
17   predicate it all upon a receipt of claim construction
18   because then they'll file motion upon motion to do this,
19   this and everything else, and, I mean, you already
03:38PM 20   indicated we've already briefed it, argued it, videoed it
21   and did whatever we did to it, and I'm sure they want to
22   redo it and take forever.  That might just end two years
23   from now so that's where we're coming from, Judge.
24             We don't think that there's any problem with you
25   just issuing a claim construction ruling.  It's all been

|    |    |
|----|----|
| 1  | briefed, nothing new, mostly it's ordinary, you know, |
| 2  | plain and ordinary, that's the issue, and off we go. |
| 3  | So that's the scenario, so, I mean -- |
| 4  | THE COURT: Okay. |
| 5  | MR. HAYES: Unfortunately, I must say for the |
| 6  | benefit of my client is that, you know, we spent over |
| 7  | half, about $400,000 in a year wasting time. |
| 8  | So our position is the bottom line in our |
| 9  | position on this whole case is there's only two ways to |
| 03:39PM 10 | resolve this case, like any other case that I've had |
| 11 | forever, 1, we get a trial and a verdict, or, 2, we get a |
| 12 | meaningful mediation after we complete expert discovery |
| 13 | and everybody, particularly Google, knows what everybody's |
| 14 | facing, and we would like to do that so we could at least |
| 15 | get a mediation at the end of the year or get a trial to |
| 16 | put some pressure on somebody to negotiate, so that's it. |
| 17 | I won't comment too long on my Brother's brief |
| 18 | that I said, tried to argue about how we lost everything |
| 19 | in the IPR, but, boy, because we won everything.  All |
| 03:40PM 20 | asserted claims that I just got through talking about were |
| 21 | held valid, period, so that's it, and so we have to go up |
| 22 | the hill, and, you know, you're at the top of the hill, so |
| 23 | it's up to you to figure out what you want to do. |
| 24 | THE COURT: All right.  Simple as that, all |
| 25 | right.  Mr. Speed, are you going to take the lead here? |

1          MR. SPEED:  It will be Mr. Kamber actually.
2          THE COURT:  Okay.
3          MR. KAMBER:  Thank you, your Honor.  Again,
4  Matthias Kamber on behalf of Google.  Let me start by
5  saying one of the issues we were prepared to discuss today
6  was this possibility of consolidation with the second
7  case.  That seems moot in light of what I just learned
8  moments ago, which is that Singular is willing to drop
9  that case.  We'll have to figure out how to do that.  We
03:41PM 10  have answered at this point, so we'll discuss that with
11  them, but let me turn to the other issues, at least with
12  respect to now this case.
13          As Mr. Hayes mentioned, there are two claims
14  left.  There's one claim each of these two patents.  They
15  will no longer assert the two claims that have been
16  invalidated of the '961 patent.
17          We assume, at least for purposes of the schedule,
18  that they are not going to be appealing those decisions,
19  and I want to get to that in just a moment, but I first
03:42PM 20  want to address the scheduling point in terms of the
21  proposal and the fixed dates that are in Singular's
22  proposal.
23          We've tried to trigger this off of the dates or
24  tried to trigger our dates off of when the Court issues a
25  Markman ruling.  Hopefully your Honor is feeling better,

1  and that can be sooner, but if it is later, then I think
2  it makes practical sense to have the dates triggered off
3  of the Markman.  That's pretty typical for a lot of
4  schedules that we've seen.
5        The one additional note is Mr. Hayes mentions
6  opening reports, a month later having these other reports.
7  We have proposed I think 42 days in between some of the
8  reports just conscious of the fact that these might be
9  over the summer when people have family vacations and
10 otherwise that kind of eat into it, so having an extra
11 week or two over the course of the summer would be I think
12 particularly helpful for the parties, not just us but the
13 other side as well.
14       So we are all for moving towards trial in a
15 reasonable schedule.  We think our proposal is a
16 reasonable one to get us there in due course.  We're also,
17 of course, amenable to a mediation at an appropriate time.
18 I don't believe we've ever suggested otherwise, so I think
19 that all makes sense.
20       Let me go back to this question.  Mr. Hayes seems
21 to suggest that this has all been a waste of time, and
22 that's not true at all because we now know which claims
23 have been invalidated and which claims have surprised the
24 PTAB proceedings, and that has implications for the course
25 of the case in terms of what can be claimed as inventive

1    or not, what are the damages associated with it.

2             Right now we're measuring the value of the delta
3    between the invalidated claims and the value of these are
4    both double dependent claims that have survived the PTAB
5    proceedings, and what we need to know is whether or not
6    Singular is going to be appealing those rulings because if
7    their position is going to be that the invention of using
8    low-precision computations in these computing units, these
9    execution units, still stands and stands until they get a
10   final judgment on these PTAB proceedings, then there are
11   going to be issues left and right when it comes to
12   opinions and Daubert motions, excuse me, opinions and
13   expert reports related to Daubert motions, potentially
14   motions in limine, and so I think it's fair to ask whether
15   or not those issues are going to be resolved or whether
16   they're going to be taking this issue up on appeal.

17            THE COURT:  All right.  I thought I heard them
18   say they were going to dismiss, well, dismiss without
19   prejudice, I guess.  Mr. Hayes, do you want to respond to
20   that?

21            MR. HAYES:  That's correct.  With respect to the
22   one patent where the claims were held invalid, we do
23   indeed intend to appeal those.  We intend to try to
24   dismiss without prejudice to get it out of here, and if my
25   Brother is concerned about somehow that three years hence

1     after all of this fesses out, we're going to come and sue

2     them again on the '961 patent, we would offer them a

3     covenant not to sue.

4            We're not appealing that because of the fact that

5     for this case, move down the road, who knows what other

6     defendants may pop up or whatever, but, I mean, that

7     really has nothing to do with the present circumstance

8     that we're in, and, you know, my brother's argument

9     somehow the only claims are invalidated were the

03:46PM 10    nonasserted claims.  They have nothing to do with damages,

11    frankly, and they can argue all they want about it, but

12    that's all motions, arguments, or whatever, but that's not

13    a reason to delay a schedule in order to get this case to

14    trial, not at all.

15           And on that, point, Judge, I forgot to mention to

16    you, in their schedule, they put that somehow after your

17    decision and 28 days go by, or 28, whatever it is, they

18    want to file another 28 days to file some amendment to

19    amend stuff based on your ruling, which we haven't had,

03:47PM 20    they don't have a -- that is so that you know a -- that

21    they have to move for.  They have to get leave of court to

22    do it, and they do not get to amend anything unless your

23    ruling is, quote, "unexpected, new or something out of the

24    blue."  That's the law.  You don't get it automatically,

25    so all of this, we don't need to go into all of this stuff

1   and certainly do not have to predicate a schedule based on
2   motions that who knows when they're going to get filed,
3   so, in any event, so that's that.  That's our position.
4           Obviously, I'm sure you're aware that to the
5   extent they argue claim construction and the rest in the
6   IPR, it's just not binding on you.  In fact, you don't
7   have to give it any deference.
8           THE COURT:  Okay.
9           MR. KAMBER:  Your Honor, may I respond briefly?
03:48PM 10          THE COURT:  Yes.
11          MR. KAMBER:  We're not looking to use this as a
12  delay.  We're raising an issue with the case.  Mr. Hayes
13  says it's true, the asserted claim has survived, but the
14  underlying independent claim has not.  Our point is just
15  that that is going to have an impact in terms of the
16  potential damages because Google was allowed to practice
17  the independent claim.  The only damages that would be
18  appropriate would be the differential, the delta between
19  the independent claim and the claims that they have
03:49PM 20  asserted and survive.
21          My second point is I hear or I understand at
22  least Mr. Hayes to be saying that they intend to appeal
23  the decision on the '961 patent.  He hasn't mentioned
24  whether he intends to appeal the decision on those
25  independent claims with respect to the remaining '273 and

1    '156 patents.

2           I assume by not mentioning it that he does not
3    intend to appeal that, and in which case there is no issue
4    and we can move forward, but, lastly, I want to just
5    address this point about amending the contentions.

6           I think your Honor has had enough patent cases
7    that you know that sometimes the claim construction ruling
8    may have an impact on the case and what the arguments on,
9    frankly, Mr. Hayes may be the one seeking to amend his
10   infringement contentions in response, and then in which
11   case, of course, I think we would have a right to have a
12   response in terms of amended invalidity contentions.

13          What we're trying to do is just bake in a
14   reasonable amount of time to allow that to happen before
15   the case goes into or as the case goes into expert
16   discovery.

17          THE COURT:  As to the last point about amended
18   contentions, we'll cross that particular bridge if and
19   when we come to it.  In my experience, just about nothing
20   delays patent cases more than that if somebody tries to
21   change the theory of the case after claim construction,
22   but we'll worry about that when and if it happens.

23          All right.  What I'm going to do is this, I'm
24   going to take all this under advisement.  I appreciate
25   your patience.  This is not perfect, to say the least.

1   I'm not complaining, I'm just stating a fact that we, as a
2   court, and I individually are trying cases and scheduling
3   trials that should have been tried two years ago.  You
4   know, we just have a backlog that we're working our way
5   through, and it's just a fact.
6           And, of course, COVID has not yet disappeared,
7   unfortunately.  Before very long passes, I do want to set
8   a trial date, and I'm going to work backwards from some of
9   that.  It's hard to turn on a dime, you know, with your
03:51PM 10   schedule, my schedule for a significant case.
11          I don't think that late winter or spring is an
12  unrealistic time frame by any means, but I want to sort of
13  think through all of that and talk about how much time we
14  would need to set aside, but I'm not, you know, I can't do
15  this on, you know, two or three weeks' notice.  I think
16  setting it the better part of a year in advance is the
17  better way to go.
18          But, in the meantime, I'm going to think about
19  all this and the timetable going forward, and I will issue
03:52PM 20  orders when I think it's appropriate to issue them.  Okay.
21          MR. HAYES:  Thank you, Judge.
22          MR. KAMBER:  Thank you, your Honor.
23          THE COURT:  Thank you, all, and unless there's
24  anything else, have a good Memorial Day weekend, all.
25          MR. HAYES:  Stay safe.

1      (Whereupon, the hearing was adjourned at
2  3:51 p.m.)
3                  C E R T I F I C A T E
4
5  UNITED STATES DISTRICT COURT )
6  DISTRICT OF MASSACHUSETTS ) ss.
7  CITY OF BOSTON )
8      I do hereby certify that the foregoing
9  transcript, Pages 1 through 15 inclusive, was recorded by
10 me stenographically at the time and place aforesaid in
11 Civil Action No. 19-12551-FDS, SINGULAR COMPUTING LLC vs.
12 GOOGLE LLC and thereafter by me reduced to typewriting and
13 is a true and accurate record of the proceedings.
14          Dated June 1, 2022.
15                    s/s Valerie A. O'Hara
16                    _____
17                    VALERIE A. O'HARA
18                    OFFICIAL COURT REPORTER
19
20
21
22
23
24
25