IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>      Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>      Defendant. | C.A. No. 1:19-cv-12551-FDS |

**DECLARATION OF ANAND MANDAPATI IN SUPPORT OF DEFENDANT GOOGLE LLC'S OBJECTION TO THE DISCLOSURE OF DR. JOSE RENAU AS AN EXPERT**

I, Anand Mandapati, declare as follows:

1. I am currently a Director, Silicon Management for Defendant Google LLC ("Google"). I joined Google in 2019 and have held my current position since that time. Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its technical and business information regarding Google Tensor Processing Units (the "TPUs"). I am also generally familiar with those products and the landscape of competitive chips that, like Google's TPUs, are optimized for artificial intelligence and/or machine learning applications.

2. I submit this declaration in support of Google's objection to Singular Computing LLC's disclosure of Dr. Jose Renau as an expert in this case.

3. The contents of this declaration are true and correct to the best of my knowledge, information, and belief. This declaration is based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials

that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google.  If called upon as a witness, I could and would testify competently thereto.

4. I understand that in this matter, Google has produced extensive technical and business information regarding various TPU versions. I understand that the produced technical information includes source code (RTL), technical specifications, and internal technical communications and presentations that cover various aspects of at least TPU versions 1, 2, 3, and

5. Google follows a strict practice that requires confidential treatment of all nonpublic business and technical information, which includes the produced information described in the previous paragraph.  In my experience and to the best of my knowledge, Google does not disclose internal documents regarding such information outside of the company and implements extensive measures to ensure the information's confidentiality.

6. The disclosure of Google's confidential information covered under the Protective Order would be valuable to someone outside of Google who sought to develop or enhance products in the same field as Google's TPUs, including companies developing chips optimized for artificial intelligence and/or machine learning. Companies developing such chips would be competitive, or potentially competitive, to Google'sTPU.

7. I have reviewed this website: https://www.esperanto.ai/technology/. Among other things, the website states that the company Esperanto Technologies is developing a chip "with a custom vector/tensor unit optimized for ML applications." Based on my review of the company's website and its stated intent to develop a "custom vector/tensor unit," I would consider Esperanto.ai to be a company engaged in development of technology and/or products that are competitive or potentially competitive with Google's TPUs.

8.    I have also reviewed this website: https://www.imaginationtech.com/products/ai/. Among other things, the website states that the Company Imagination Tech is developing a chip "solution for hardware acceleration of neural networks." Based on this review, I would consider Imagination Technologies to be a company engaged in development of technology and/or products that are competitive or potentially competitive with Google's TPUs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Sunnyvale, California on June 15, 2022.

_____
Anand Mandapati

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

Dated: June 15, 2022

*/s/ Nathan R. Speed*
Nathan R. Speed