# EXHIBIT B



Asim Bhansali<br>
abhansali@kblfirm.com<br>
(415) 630-2350

June 6, 2022

**VIA EMAIL**
Brian Seeve (bseeve@princelobel.com)

      Re:    *Disclosure of Dr. Jose Renau under the Protective Order*

Dear Counsel:

I write on behalf of Google LLC ("Google") in the matter of *Singular Computing LLC v. Google LLC*, No. 1:19-cv-12551-FDS (D. Mass.), and in response to your May 27, 2022 disclosure of Dr. Jose Renau "for the review of Protected Material." Pursuant to paragraph 11(b) of the Protective Order, Google objects to the disclosure of Dr. Renau as an expert, because he is actively employed by at least two of Google's competitors and thus does not qualify as an "Expert" under the Protective Order.

The Protective Order defines "Expert" as: "a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) *is not a current employee of a Party or of a Party's competitor*, and (3) is not a past employee of a Party and (4) at the time of retention, *is not anticipated to become an employee of a Party or of a Party's competitor*." Protective Order ¶ 2(j) (emphases added).

The list of "Current and Past Employers" of Dr. Renau indicates that he is currently employed by Imagination and Esperanto Tech. Both companies' websites indicate that they are working on chip technology that is potentially competitive with Google's TPUs. Thus, Dr. Renau is not qualified to serve as an Expert in this matter because he is a "current employee . . . of a Party's competitor." Accordingly, Google objects to the designation of Dr. Renau because he does not qualify as an "Expert" under the Protective Order in the first place.

**KWUN BHANSALI LAZARUS LLP**
555 MONTGOMERY STREET, SUITE 750, SAN FRANCISCO, CA 94111 / 415-630-2350 / WWW.KBLFIRM.COM

1

Page 2

Further, given Dr. Renau's work with competitors, Google has "objectively reasonable concern" that such work could lead to a situation where Dr. Renau "will use or disclose Discovery Materials in a way or ways" that would directly violate the Protective Order. *See* Protective Order ¶ 11(c) (defining "good cause" for purposes of objections to notice of disclosure). The potential violations include the sharing of competitively sensitive Google confidential information learned through discovery with Dr. Renau's current employers. Courts routinely uphold such objections and bar disclosure of confidential material to designated experts engaged in active employment or consultation with party competitors. *See, e.g.*, *Wang Labs., Inc. v. CFR Assocs., Inc.*, 125 F.R.D. 10, 13 (D. Mass. 1989); *TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-VC (KAW), 2014 WL 2768641, at *2 (N.D. Cal. June 18, 2014); *Brantigan v. DePuy Spine, Inc.*, No. C08-0177RSL, 2008 WL 11508371, at *2 (W.D. Wash. Sept. 26, 2008).

In addition to its objection based on Dr. Renau's work with Imagination and Esperanto, Google also has questions about certain other disclosed engagements. Thus, to the extent that Singular is unwilling to withdraw its designation of Dr. Renau, Google requests the following supplemental information regarding Dr. Renau: (1) as to each of the companies listed on Dr. Renau's disclosure of employment in the past 5 years, whether the engagement(s) was for a set project or time period, or was open-ended, and what the basis of compensation was, e.g. hourly, project-based, other; and (2) any written documentation memorializing the conclusion of any disclosed engagement(s).

Please let us know if Singular is willing to withdraw its designation of Dr. Renau. And, if not, please let us know your availability to meet and confer on this issue next week. Pursuant to the Protective Order, no Google confidential information can be disclosed to Dr. Renau pending resolution of Google's objection. *See* Protective Order ¶ 11(b).

Sincerely,

Asim Bhansali

**KWUN BHANSALI LAZARUS LLP**
555 MONTGOMERY STREET, SUITE 750, SAN FRANCISCO, CA 94111 / 415-630-2350 / WWW.KBLFIRM.COM

2