# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SINGULAR COMPUTING LLC,

      Plaintiff,

v.

GOOGLE LLC,

      Defendant.

Civil Action No. 1:19-cv-12551-FDS

Hon. F. Dennis Saylor IV

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION TO AMEND

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian M. Seeve (BBO #670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

## <u>TABLE OF CONTENTS</u>

I.    BACKGROUND ................................................................................................ 1

II.   LEGAL STANDARDS ...................................................................................... 3

III.  ARGUMENT ..................................................................................................... 3

      A.  GOOGLE'S UNDUE DELAY ALONE WARRANTS DENIAL .............................. 4

      B.  GOOGLE'S ALLEGATIONS REGARDING INTENT ARE NOT PLAUSIBLE ..... 7

      C.  GOOGLE'S ALLEGATIONS OF MATERIALITY ARE NOT PLAUSIBLE......... 10

      D.  IPR ESTOPPEL ............................................................................................ 12

      E.  UNDUE PREJUDICE ...................................................................................... 13

      F.  THE MOTION TO AMEND SHOULD ALSO BE DENIED AS FUTILE .............. 14

IV.   CONCLUSION................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*1st Media v. Elec. Arts*,
  694 F.3d 1367 (1st Cir. 2012) ................................................................................ 7

*Abiomed, Inc. v. Maquet Cardiovasc. LLC*,
  No. 16-10914-FDS, 2020 WL 10500362 (D. Mass. Jun. 24, 2020) ......................... 13

*Acosta-Mestre v. Hilton Int'l of P.R., Inc.*,
  156 F.3d 49 (1st Cir. 1998) .................................................................................... 13

*Allergan, Inc. v. Teva Pharms. USA, Inc.*,
  No. 2:15-cv-1455, 2017 WL 119633 (E.D. Tex. Jan. 12, 2017) ......................... 5, 13

*Asahi Glass Co., Ltd. v. Guardian Indus. Corp.*,
  276 F.R.D. 417 (D. Del. 2011) .............................................................................. 13

*BlackBerry Ltd. v. Typo Prods. L.L.C.*,
  No. 14-cv-23, 2014 WL 1867009 (N.D. Cal. May 8, 2014) .................................... 11

*Burlington Indus., Inc. v. Dayco Corp.*,
  849 F.2d 1418 (Fed. Cir. 1988) ............................................................................... 4

*Cal. Inst. of Tech. v. Broadcom Ltd.*,
  25 F.4th 976 (Fed. Cir. 2022) ................................................................................ 12

*Carreiro v. Toter*,
  No. 1:20-cv-1119, 2021 WL 3726939 (D. Mass. Aug. 23, 2021) ............................. 4

*Cruz v. Bristol-Myers Squibb Co., PR, Inc.*,
  699 F.3d 563 (1st Cir. 2012) ............................................................................... 3, 4

*D'Agostino v. ev3, Inc.*,
  845 F.3d 1 (1st Cir. 2016) ..................................................................................... 14

*Dunkin' Donuts Franchised Restaurants LLC v. Nader*,
  No. 13-13023, 2015 WL 6157900 (D. Mass. Oct. 20, 2015) ................................... 6

*Eagle View Techs., Inc. v. Xactware Sol's, Inc.*,
  No. 15-7025, 2018 WL 2464499 (D.N.J. May 31, 2018) .......................................... 2

*Edge Capture L.L.C. v. Barclays Bank PLC*,
  No. 09-cv-1521, 2011 WL 13257073 (N.D. Ill. Jul. 26, 2011) ............................... 11

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (1st Cir. 2009) ............................................................... 8, 10, 14, 15

*FMC Corp. v. Manitowoc Co. Inc.*,
  835 F.2d 1411 (Fed. Cir. 1987) ........................................................................... 8, 10

*Foman v. Davis*,
  371 U.S. 178 (1962) ............................................................................................. 3, 5

*Hagerty v. Cyberonics*,
  844 F.3d 26 (1st Cir. 2016) ...................................................................................... 4

*House of Clean, Inc. v. St. Paul Fire and Marine Ins. Co., Inc.*,
  775 F. Supp. 2d 296 (D. Mass. 2011) ..................................................................... 15

*HSBC Realty Credit Corp. (USA) v. O'Neill*,
  745 F.3d 564 (1st Cir. 2014) ............................................................................. 14, 15

*Illumina, Inc. v. BGI Genomics Co., Ltd.*,
  No. 19-cv-03770, 2021 WL 4126005 (N.D. Cal. Sept. 9, 2021) ............................... 8

*In re Rosuvastatin Calcium Pat. Litig.*,
  703 F.3d 511 (Fed. Cir. 2012) ............................................................................... 10

*Intermec Techs. Corp. v. Palm Inc.*,
  738 F. Supp. 2d 522 (D. Del. 2010),
  *aff'd*, 466 Fed. Appx. 881 (Fed. Cir. 2012) ........................................................... 11

*Kader v. Sarepta Therapeutics, Inc.*,
  887 F.3d 48 (1st Cir. 2018) ...................................................................................... 5

*Kay v. N.H. Democratic Party*,
  821 F.2d 34-35 ......................................................................................................... 4

*Lederer v. Avotec, Inc.*,
  No. 2:18-cv-14160, 2018 WL 8264560  (S.D. Fla. Aug. 17, 2018) ........................ 11

*Leonard v. Parry*,
  219 F.3d 25 (1st Cir. 2000) ...................................................................................... 5

*Magsil Corp. v. Seagate Tech.*,
  No. 08-940, 2010 WL 2710472 (D. Del. Jul. 7, 2010) ........................................ 2, 6

*Miceli v. JetBlue Airways Corp.*,
  914 F.3d 73 (1st Cir. 2019) ...................................................................................... 3

*Monroe v. Medtronic, Inc.*,
  511 F. Supp. 3d 26 (D. Mass. 2021) ........................................................................ 3

*Mulder v. Kohl's Dept. Stores, Inc.*,
   No. 15-11377-FDS, 2016 WL 393215 (D. Mass. Feb. 1, 2016),
   *aff'd*, 865 F.3d 17 (1st Cir. 2017) .......................................................................... 6

*O'Connell v. Hyatt Hotels of P.R.*,
   357 F.3d 152 (1st Cir. 2004) .................................................................................. 5

*Osram Sylvania, Inc. v. Am. Induction Techs., Inc.*,
   No. CV 09-8748, 2011 WL 5143630 (C.D. Cal. Oct. 28, 2011) ............................ 11

*Pamlab, L.L.C. v. Viva Pharm., Inc.*,
   No. C12-98MJP, 2012 WL 3262825 (W.D. Wash. Aug. 8, 2012) ......................... 15

*Perez v. Hosp. Damas, Inc.*,
   769 F.3d 800 (1st Cir. 2014) .................................................................................. 6

*Pfizer Inc. v. Sandoz, Inc.*,
   No. 12-654, 2013 WL 5934635 (D. Del. Nov. 4, 2013) ......................................... 6

*Prowess, Inc. v. RaySearch Labs., AB*,
   953 F. Supp. 2d 638 (D. Md. 2013) ...................................................................... 11

*Riofrio Anda v. Ralston Purina, Co.*,
   959 F.2d 1149 (1st Cir. 1992) ............................................................................ 1, 5

*Rosario-Diaz v. Gonzalez*,
   140 F.3d 312 (1st Cir. 1998) .................................................................................. 5

*Rowayton Venture Grp. LLC v. McCarthy*,
   No. 19-12240, 2020 WL 6136377 (D. Mass. Oct. 19, 2020) ................................. 5

*Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*,
   714 F.3d 62 (1st Cir. 2018) .................................................................................... 3

*Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*,
   537 F.3d 1357 (Fed. Cir. 2008) ........................................................................... 10

*Steir v. Girl Scouts of the USA*,
   383 F.3d 7 (1st Cir. 2004) ......................................................................... 4, 5, 7, 13

*Sverdlov v. Eydinov*,
   555 F. Supp. 3d 1 (D. Mass. 2021) ........................................................................ 7

*Therasense, Inc. v. Becton, Dickinson and Co.*,
   649 F.3d 1276 (Fed. Cir. 2011) ..................................................................... passim

*Turner v. Hubbard Sys., Inc.*,
   No. 1-11407, 2015 WL 3743833 (D. Mass. Jun. 15, 2015) ................................... 7

*Villanueva v. U.S.*,
   662 F.3d 124 (1st Cir. 2011) ..................................................................................... 5

*Yourga v. City of Northampton*,
   No. 16-cv-30167, 2018 WL 5084840 (D. Mass. Oct. 18, 2018) ................................ 3

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this opposition to the motion of defendant, Google LLC ("Google"), to file a Second Amended Answer ("SAA") to add a defense of inequitable conduct with respect to the '156 and '961 patents ("Mot."). For the reasons set forth below, the motion should be denied.

## I.    BACKGROUND

Google's untimely motion to amend is based upon two publications that were not before the Patent and Trademark Office ("PTO") during prosecution of the '156 and '961 and patents, namely: (1) the Belanović thesis, and (2) the Coleman *et el.* article. Singular produced a copy of the Belanović thesis to Google, however, as long ago as October 7, 2020. *See* Declaration of Kevin Gannon, ¶ 2. A copy of the Coleman *et al.* article was produced to Google on April 15, 2021. *See id.*, ¶ 3. Accordingly, Google was aware of these purportedly highly material references for over 1 year and eight months, and 1 year and two months, respectively, before filing the present motion. On August 10, 2021, during the stay, Google's counsel informed Singular's counsel that this motion may be filed. *See id.*, Ex. A. Even counting back from the earlier date of August 10, Google's delay amounts to more than 10 months and 4 months, respectively. Such delay is unreasonable when moving to amend after the deadline for filing motions to amend has passed.[1] *See, e.g., Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992) (two month delay).

According to Google, it was not aware of the grounds for its inequitable conduct claim until it took the depositions of Singular's inventor (Joseph Bates) and patent attorney (Robert Plotkin) during the last week of fact discovery on July 20-21 and 23, 2021. Mot. at 1. Google's strategy of delaying these depositions until the last minute is not a legitimate excuse for its delay

---

[1] The deadline for filing motions to amend was March 12, 2021. *See* Dkt. No. 70, ¶ 2.

given its prior knowledge of the two references.[2]  Google's "decision to wait until . . . the close

of fact discovery to depose such [] major witness[es] is not an adequate justification for

subjecting plaintiffs to the undue delay and prejudice which would result from [the court]

granting their motion to amend" to add a claim for inequitable conduct. *Magsil Corp. v. Seagate

Tech.*, No. 08-940, 2010 WL 2710472, at *2 (D. Del. Jul. 7, 2010); *see also Eagle View Techs.,

Inc. v. Xactware Sol's, Inc.*, No. 15-7025, 2018 WL 2464499, at *6 (D.N.J. May 31, 2018)

("defendants did not have to wait until the tail end of the case to depose [the inventors]").  The

same reasoning holds true regarding Google's lack of diligence in this case.

In addition, for the intent prong of its inequitable conduct claim based upon the alleged

failure to cite prior art, Google must plausibly allege that "the applicant [1] knew of the

reference, [2] knew that it was material, and [3] made a deliberate decision to withhold it." *See*,

*e.g.*, *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011).  As

set forth *infra*, Google does not make plausible allegations for any of these elements.

For example, Dr. Bates testified that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

*See* Declaration of Kevin Gannon, Ex. C, p. 180.  Demonstrating that the present motion is

merely an unfounded afterthought, Google did not even bother to question Dr. Bates about the

Coleman *et al.* article.  Mr. Plotkin testified that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *See id.*, Ex. D, pp. 140-42.  Thus, Google's ginned-up

allegations that Dr. Bates and/or Mr. Plotkin knew that the references were material and made

deliberate decisions to withhold them with intent to deceive the PTO into granting the '156 and

---

[2] Google implausibly attempts to blame Singular for Google's decision to wait until the very end of fact discovery to take these two depositions. *See*, *e.g.*, Mot. at 2.  As shown in Exhibit B to the Declaration of Kevin Gannon, Dr. Bates and Mr. Plotkin are both named on the front page of each of the patents-in-suit that were identified in the complaint filed on December 20, 2019. *See* Dkt. No. 1.  Thus, Google only has itself to blame for its tardiness in taking these depositions.

'961 patents are plainly implausible.  Accordingly, Google's untimely motion is without merit and should be denied. *See, e.g., Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2018) ("an amendment is properly classified as futile unless the allegations are supported by substantial evidence" (citations omitted)); *see also Yourga v. City of Northampton*, No. 16-cv-30167, 2018 WL 5084840, at *3 (D. Mass. Oct. 18, 2018) ("When leave to amend is sought after discovery has been complete 'the proposed amendment must be not only theoretically viable but also solidly grounded in the record'") (citations omitted).

## II.   LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may only amend a pleading with the opposing party's consent or by leave of court.  The court has discretion to grant or deny a motion to amend. *Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 85-86 (1st Cir. 2019).  The moving party has the burden of demonstrating why the court should allow leave to amend. *Monroe v. Medtronic, Inc.*, 511 F. Supp. 3d 26, 40 (D. Mass. 2021).  A motion to amend made after the deadline set forth in a scheduling order can "be granted only upon a showing of good cause" under Fed. R. Civ. P. 16. *See, e.g., Cruz v. Bristol-Myers Squibb Co., PR, Inc.*, 699 F.3d 563, 569 (1st Cir. 2012).  A motion to amend may be denied on any of the following grounds: (1) undue delay; (2) bad faith; (3) dilatory motive; (4) undue prejudice, and/or (5) futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   ARGUMENT

The Federal Circuit has repeatedly noted that "the habit of charging inequitable conduct in almost every major patent case has become an absolute plague." *Therasense v. Becton, Dickinson*, 649 F.3d at 1287 (quoting *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418,

3

1422 (Fed. Cir. 1988)).  Google's baseless allegations of inequitable conduct here, if permitted, would plainly contribute to this "plague" of litigation.

      A.    <u>GOOGLE'S UNDUE DELAY ALONE WARRANTS DENIAL</u>

The longer a party delays, the more likely a motion to amend will be denied, "regardless of the context." *See*, *e.g.*, *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).  If the moving party had the opportunity to obtain the relevant information and amend the [pleading] before the deadline, there is no good cause to allow late amendment." *Carreiro v. Toter*, No. 1:20-cv-1119, 2021 WL 3726939, at *2 (D. Mass. Aug. 23, 2021) (citing *Cruz v. Bristol-Myers*, 699 F.3d at 570).  Thus, when the moving party delays for months after the deadline for amending set forth in a scheduling order, the motion may properly be denied on that basis alone.

As stated above, Singular produced a copy of the Belanović thesis to Google on October 7, 2020. *See* Gannon Decl., ¶ 2.  A copy of the Coleman *et al.* article was produced to Google on April 15, 2021. *See id.*, ¶ 3.  The deadline for moving to amend was March 12, 2021. *See* Dkt. No. 70, p. 2.  Fact discovery ended on July 23, 2021. *Id.* at p. 3.  Nonetheless, counsel for Google did not so much as inform counsel for Singular of Google's intent to file the present motion until August 10, 2021 (Gannon Decl., Ex. A), well after the July 23, 2021 discovery deadline and nearly <u>six</u> months after the March 12, 2021 deadline for moving to amend.

In this Circuit, "undue delay, on its own, may be enough to justify denying a motion for leave to amend." *See, e.g., Hagerty v. Cyberonics*, 844 F.3d 26, 34 (1st Cir. 2016).  Thus, for example, when the moving party delays for three months after the deadline for amending set forth in a scheduling order, the motion may properly be denied on that basis alone. *See Kay v. N.H. Democratic Party*, 821 F.2d 34-35.  In this case, counsel for Google delayed for: (1) ten months after receiving the Belanović thesis; (2) four months after receiving the Coleman *et al.*

article; and (3) five months after the deadline for amending, before informing Singular of Google's intent to file the present motion.  As in *Kay*, Google's months-long delay "constitutes the 'undue delay' and provides the justifiable basis for denial" addressed in *Foman*." *See Kay* 821 F.2d at 34; *see also Riofrio Anda v. Ralston Purina*, 959 F.2d at 1154-55 (two month delay); *Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 61 (1st Cir. 2018) (three month delay); *Villanueva v. U.S.*, 662 F.3d 124, 127 (1st Cir. 2011) (four month delay).

Rule 16(b)'s good cause standard "emphasizes the diligence of the party seeking the amendment." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004).  Thus, "the Rule 16 "good cause" standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir*, 383 F.3d at 12.  "'Indifference' by the moving party" may preclude leave to amend "irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." *Id.* (citing *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998).  Google was decidedly indifferent to pursuing any claim of inequitable conduct for months after it had possession of the Belanović thesis and the Coleman *et al.* article.  Such dilatory conduct "is incompatible with the showing of diligence necessary to establish good cause." *O'Connell v. Hyatt*, 357 F.3d at 155; *see also Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-cv-1455, 2017 WL 119633, at *5 (E.D. Tex. Jan. 12, 2017) ("The fact that [the defendant] failed to conduct [an] investigation does not equate to 'good cause' for leave to amend under Rule 16") (citation omitted).

Further, in assessing whether the moving party unduly delayed, the court "must consider '[w]hat the [movant] knew or should have known and what he did or should have done.'" *Rowayton Venture Grp. LLC v. McCarthy*, No. 19-12240, 2020 WL 6136377, at *2 (D. Mass. Oct. 19, 2020) (quoting *Leonard v. Parry*, 219 F.3d 25, 30 (1st Cir. 2000)).  Google had been

aware of the March 11, 2021 deadline for amending and the July 23, 2021 fact discovery

deadline since the Corrected Scheduling Order was entered on August 4, 2020. *See* Dkt. No. 70.

Google knew of the Belanović thesis and the Coleman *et al.* article months prior to the end of

fact discovery. *See supra*.  Google's "decision to wait until [the week] before the close of fact

discovery to depose such [] major witness[es] is not an adequate justification for subjecting

plaintiff[] to the undue delay and prejudice which would result from [the court] granting the[]

motion to amend" to add a claim for inequitable conduct. *Magsil v. Seagate*, 2010 WL 2710472,

at *2.  Google "had the additional information at [its] disposal, or could have obtained it with

reasonable diligence" *Mulder v. Kohl's Dept. Stores, Inc.*, No. 15-11377-FDS, 2016 WL 393215,

at *9 (D. Mass. Feb. 1, 2016), *aff'd*, 865 F.3d 17 (1st Cir. 2017).  As Google "failed to act with

sufficient speed in seeking to [amend]," *Perez v. Hosp. Damas, Inc.*, 769 F.3d 800, 804 (1st Cir.

2014), amendment should be denied. *See also Pfizer Inc. v. Sandoz, Inc.*, No. 12-654, 2013 WL

5934635, at *4 (D. Del. Nov. 4, 2013) (undue delay in moving to add inequitable conduct

defense months after the deadline to amend and after the close of fact discovery).

    A proposed amendment should also be disallowed when there is a "significant passage of

time since the inception of th[e] dispute and the requested amendment (nearly two years[3]), as

well as the eleventh-hour nature of the defendant['s] presentation of its lengthy proposed

amendment." *See Dunkin' Donuts Franchised Restaurants LLC v. Nader*, No. 13-13023, 2015

WL 6157900, at *1 (D. Mass. Oct. 20, 2015).  Accordingly, as "[i]t is well established [. . .] that

leave [to amend] may be denied if it would reward undue delay or lack of diligence," *Turner v.*

---

[3] The complaint in this case was filed on December 20, 2019. *See* Dkt. No. 1.  Thus, the delay
since inception here is more than two years.

*Hubbard Sys., Inc.*, No. 1-11407, 2015 WL 3743833, at *2 (D. Mass. Jun. 15, 2015) (citing *Steir*, 383 F.3d at 12), Google's motion should be denied.

     B.     <u>GOOGLE'S ALLEGATIONS REGARDING INTENT ARE NOT PLAUSIBLE</u>

A proposed amendment that fails to state a plausible claim should be denied. *See*, *e.g.*, *see also Sverdlov v. Eydinov*, 555 F. Supp. 3d 1, 4 (D. Mass. 2021). For the intent prong of inequitable conduct, Google must plausibly claim that Dr. Bates and/or Mr. Plotkin "knew of the reference[s], knew that [they were] material, and made a deliberate decision to withhold [them]." *Therasense*, 649 F.3d at 1290. "A court can no longer infer intent to deceive from non-disclosure of a reference solely because that reference was known and material." *1st Media v. Elec. Arts*, 694 F.3d 1367, 1372-73 (1st Cir. 2012). Google's allegations regarding intent to deceive the PTO are not plausible.[4]

Google argues that it did not become aware of its inequitable conduct claim until it deposed Bates and Plotkin. Their deposition testimony, however, completely undermines Google's argument that the references were known by either one of them to be material or were "withheld" in any deliberate attempt to deceive the PTO. Dr. Bates testified in deposition as follows regarding the Belanović thesis:



     Q.     Yes.

---

[4] The sole mention of the word "intent" in the entire SAA is found in paragraph 12. *See* SAA, p. 24, ¶ 12.

A. 

Q.

A.

*See* Gannon Decl., Ex. C, p. 180.[5]  Google's attorneys did not even show Dr. Bates the second

allegedly withheld reference (the Coleman *et al.* article), or question him about it.  Thus, Google

has failed to plausibly claim that Dr. Bates read either reference or understood its contents to be

material, let alone knowingly intended to withhold such purportedly material information.

Moreover, in paragraph 40 of the SAA, Google quotes Dr. Bates's statement "▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮" *See* SAA, p. 32.  Accordingly, the SAA does not plausibly claim that Dr.

Bates knew the information therein to be material, or knowingly withheld such information from

the PTO with any deliberate (or otherwise) intent to deceive the PTO. *See*, *e.g.*, *Illumina, Inc. v.*

*BGI Genomics Co., Ltd.*, No. 19-cv-03770, 2021 WL 4126005, at **13-14 (N.D. Cal. Sept. 9,

2021).

As the Federal Circuit has explained in affirming a denial of a motion to add an

inequitable conduct claim, "[o]ne cannot assume that an individual, who generally knew that a

reference existed, also knew of the specific *information* contained in that reference." *Exergen*

*Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (1st Cir. 2009) (emphasis in original)

(citing *FMC Corp. v. Manitowoc Co. Inc.*, 835 F.2d 1411, 1415 (Fed. Cir. 1987)).  In short, "that

the applicant knew of a reference, [allegedly] should have known of its materiality, and

---

[5] Google notes several times in its brief and the SAA that Dr. Bates was instructed not to answer
certain questions on the basis of privilege. *See*, *e.g.*, Mot. at p. 7; SAA, p. 28, ¶¶ 23-24; p. 34,
¶ 51.  Google has not challenged the propriety of Singular's claims of privilege.

[allegedly] decided not to submit it to the PTO does not prove specific intent to deceive." *See Therasense*, 649 F.3d at 1290.  Moreover, alleged negligent, or even grossly negligent, failure to disclose is insufficient to establish inequitable conduct *Id.*

Google's allegations regarding patent attorney Plotkin's alleged intent to deceive the PTO fare no better.  The SAA correctly alleges that "⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛" *See* SAA, p. 32, ¶ 42.  At his deposition, Mr. Plotkin testified as follows regarding the Belanović thesis:



*See* Ex. D at p. 141.

As to the Coleman *et al.* article, Mr. Plotkin testified in deposition as follows:

MR. ERCOLINI:  Objection to foundation.

THE WITNESS:  ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

*Id.* at 142.  Thus, Google has failed to plausibly claim that Mr. Plotkin knew of the alleged materiality of the information contained in the references, or knowingly withheld such

information from the PTO with any deliberate (or otherwise) intent to deceive.  In any event,

under Federal Circuit law, an inference of deceptive intent "must not only be based on sufficient

evidence and be reasonable in light of that evidence, but it must also be the single most

reasonable inference able to be drawn from the evidence." *See*, *e.g.*, *Star Scientific, Inc. v. R.J.*

*Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008); *see also Therasense*, 649 F.3d at

1290.  Given the foregoing deposition testimony of Messrs. Bates and Plotkin, a deliberate intent

to deceive the PTO is not the "single most reasonable" inference to be drawn in this case. *See*

*also In re Rosuvastatin Calcium Pat. Litig.*, 703 F.3d 511, 520-22 (Fed. Cir. 2012).

C.     GOOGLE'S ALLEGATIONS OF MATERIALITY ARE NOT PLAUSIBLE

Inequitable conduct requires proof that the withheld information was "but for" material,

i.e., the PTO would not have allowed the claims had the information been provided to the

examiner. *See*, *e.g.*, *Therasense*, 649 F.3d at 1291-92.  An allegation of materiality cannot be

"established upon a mere showing that art or information having some degree of materiality was

not disclosed." *FMC v. Manitowoc*, 835 F.2d at 1415.  Given their deposition testimony quoted

above, Google's proposed SAA does not plausibly assert that Dr. Bates or Mr. Plotkin read either

reference or, as a result,  knew or believed that the information contained in the two references

was "but for" material to the prosecution of the applications for the three patents-in-suit.  Thus,

Google's allegations regarding the materiality prong of inequitable conduct are not plausible.

Moreover, in affirming the denial of the motion to amend in *Exergen v. Wal-Mart*, the

Federal Circuit stated, *inter alia*, as follows:

> [T]he pleading states generally that the withheld references are "material" and "not
> cumulative to the information already of record," [] but does not identify the
> particular claim limitations, or combination of claim limitations, that are
> supposedly absent from the information of record.  Such allegations are necessary
> to explain both "why" the withheld information is material and not cumulative, and

"how" an examiner would have used this information in assessing the patentability
of the claims.

*See* 575 F.3d at 1329-30.  The Federal Circuit found such deficiencies to be "fatal under Rule

9(b)" to a claim for inequitable conduct. *Id.*  Nowhere in the inequitable conduct allegations does

Google attempt to "identify the particular claim limitations, or combination of claim limitations,

that are supposedly absent from the information of record."[6]  Google only generally states that

the references are material and non-cumulative. *See* SAA at p. 33, ¶ 45; p. 35, ¶ 54.[7]  This

deficiency is "fatal" to Google's motion. *See, e.g., Lederer v. Avotec, Inc.*, No. 2:18-cv-14160,

2018 WL 8264560, at *4 (S.D. Fla. Aug. 17, 2018); *Prowess, Inc. v. RaySearch Labs., AB*, 953

F. Supp. 2d 638, 651 (D. Md. 2013); *Edge Capture L.L.C. v. Barclays Bank PLC*, No. 09-cv-

1521, 2011 WL 13257073, at *10 (N.D. Ill. Jul. 26, 2011).

To make a plausible claim that the two references are material, Google also has the

burden of stating a plausible claim that each of the two references is non-cumulative of the prior

art that was before the examiner during prosecution of the applications for the patents-in-suit.

*See, e.g., Intermec Techs. Corp. v. Palm Inc.*, 738 F. Supp. 2d 522, 561 (D. Del. 2010), *aff'd*, 466

Fed. Appx. 881 (Fed. Cir. 2012); *see also Osram Sylvania, Inc. v. Am. Induction Techs., Inc.*,

No. CV 09-8748, 2011 WL 5143630; at 11 (C.D. Cal. Oct. 28, 2011).  Nowhere in the SAA does

Google attempt to explain how the Belanović or Coleman *et al.* references are not cumulative of

---

[6] Google briefly alleges in paragraph 43 of the Proposed SAA that it "relied on both references in
its invalidity contentions, which show that Dr. Bates' claims lack novelty and were obvious to
those skilled in the art."  Google's invalidity contentions, however, say nothing about Dr. Bates'
or Mr. Plotkin's states of mind regarding the references.  In any event, Google does not meet its
burden by citing to information contained in other documents. *See, e.g., BlackBerry Ltd. v. Typo
Prods. L.L.C.*, No. 14-cv-23, 2014 WL 1867009, at *4 (N.D. Cal. May 8, 2014).

[7] Notably, Google has never requested *inter partes* review ("IPR") based upon either reference.

the prior art listed on any of the patents-in-suit.  As Google's SAA fatally does not address this necessary element of materiality, the SAA does not plausibly allege inequitable conduct.

      D.     <u>IPR ESTOPPEL</u>

The present motion to amend is also an improper attempt by Google to avoid IPR estoppel.  Google filed six requests for IPR of the three patents-in-suit, pursuant to which the Patent Trial and Appeal Board issued Final Written Decisions, *inter alia*, affirming the validity of the asserted claims of the '273 and '156 patents.  Pursuant to 35 U.S.C. § 315(e)(2), Google is now estopped from asserting in this case that the asserted claims are "invalid on any ground that [Google] raised or reasonably could have raised during th[e] inter partes review[s]."  Google had knowledge of the Belanović and Coleman *et al.* references at the time it instituted and pursued the IPRs.  Both references were known to Google because they were both posted on, and downloadable from, Google's website https://scholar.google.com. *See* Declaration of Kevin Gannon, Exs. E-F.  Thus, neither reference can be used by Google as a prior art reference in this case. *See*, *e.g.*, *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022).  Accordingly, Google should not be permitted to drag these references into this case under the guise of an inequitable conduct defense to attack the reputations of Dr. Bates and Mr. Plotkin, particularly as Google has never deemed either reference to be worthy of citing in a request for IPR (although Google now incongruously accuses Dr. Bates of misconduct for not citing either reference during prosecution of the patents-in-suit!).

E.     UNDUE PREJUDICE

As Google's motion to add the defense of inequitable conduct comes months after the deadline to amend and after the close of fact discovery, certain prejudice to Singular "is inherent." *Asahi Glass Co., Ltd. v. Guardian Indus. Corp.*, 276 F.R.D. 417, 420 (D. Del. 2011). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring . . . a likely major alteration in trial tactics and strategy.'" *Steir*, 383 F.3d at 12 (quoting *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 52 (1st Cir. 1998)); *see also Allergan v. Teva Pharms.*, 2017 WL 119633, at *7 ('the [untimely] introduction of the new legal theor[y] raised by inequitable conduct . . . would be likely to make the preparation and disposition of pretrial motions more cumbersome and time-consuming.'); *Abiomed, Inc. v. Maquet Cardiovasc. LLC*, No. 16-10914-FDS, 2020 WL 10500362, at *5 (D. Mass. Jun. 24, 2020) ("the addition of a [new] claim . . . would undoubtedly expand the scope of the case" to the prejudice of the plaintiff).  Such inherent and actual potential prejudice to Singular weighs against allowing amendment in this case.  As the Federal Circuit explained in *Therasense*:

> inequitable conduct charges cast a dark cloud over the patent's validity and paint the patentee as a bad actor.  Because the doctrine focuses on the moral turpitude of the patentee [Joseph Bates] with ruinous consequences for the reputation of his patent attorney [Robert Plotkin], it discourages settlement and deflects attention from the merits of validity and infringement issues.

649 F.3d at 1288.  The inequitable conduct allegations of the SAA are nothing more than unfounded attacks on the moral turpitude and reputation of Dr. Bates and Mr. Plotkin.  Allowing the amendment to inject inequitable conduct at this late stage of the case and after fact discovery has closed would plainly and unduly prejudice Singular.

F.      THE MOTION TO AMEND SHOULD ALSO BE DENIED AS FUTILE

To the extent not already covered by the lack of plausibility arguments above, the motion should also be denied on the ground of futility.  "[A] judge may deny leave if amending the pleading would be futile – that is, if the pined-for amendment does not plead enough to make out a plausible claim for relief." *HSBC Realty Credit Corp. (USA) v. O'Neill*, 745 F.3d 564, 578 (1st Cir. 2014).[8]  "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation does not satisfy Rule 9(b). *Id.* at 1326-27.  As set forth in Sections III.B-C above, the SAA does not state a plausible claim of inequitable conduct.  Thus, the amendment, if allowed, would be futile.

Furthermore, "in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen v. Wal-Mart*, 575 F.3d at 1328.  Thus, under Rule 9(b), Google must plead "both (1) knowledge of the withheld material information or of the falsity of the material misrepresentation, and (2) specific intent to deceive the PTO". *Id.* at 1330.  As Google's proposed SAA does not satisfy Rule 9(b), granting the motion to amend would be futile.  For example, in paragraph 40 of its proposed SAA, Google alleges as follows:



*See* SAA at p. 32.  In paragraph 42 of the proposed SAA, Google alleges that "Plotkin testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  However, "[o]ne cannot assume that an

---

[8] Whether a motion to amend is futile is a question of law. *D'Agostino v. ev3, Inc.*, 845 F.3d 1, 6 (1st Cir. 2016).

individual, who generally knew that a reference existed, also knew of the specific *information* contained in that reference." *Exergen v. Wal-Mart*, 575 F.3d at 1330 (emphasis in original).

"[M]ere possession [of a reference] is insufficient to show that [the applicant] read the specific article or that he intentionally withheld it from the PTO." *Pamlab, L.L.C. v. Viva Pharm., Inc.*, No. C12-98MJP, 2012 WL 3262825, at *3 (W.D. Wash. Aug. 8, 2012) (citing *Therasense*, 649 F.3d at 1290). Google has offered no evidence that would render plausible its claims that Dr. Bates and/or Mr. Plotkin were aware of the specific information in either reference, that such information was material, and/or that they intended to withhold the references with the intent of deceiving the PTO into issuing the patents-in-suit. As a result, the proposed amendment would be futile. *See*, *e.g.*, *HSBC Realty v. O'Neill*, 745 F.3d at 578 (amended pleading properly disallowed where amendment "does not plead enough to make a plausible claim for relief"); *see also House of Clean, Inc. v. St. Paul Fire and Marine Ins. Co., Inc.*, 775 F. Supp. 2d 296, 300 (D. Mass. 2011) (denying motion to amend where only "little evidence" of the accused conduct was alleged).

## IV.   CONCLUSION

For the reasons set forth above, Google's motion to amend should be denied.

Dated: July 8, 2022                    Respectfully submitted,

                                       */s/ Paul J. Hayes*
                                       Paul J. Hayes (BBO #227000)
                                       Matthew D. Vella (BBO #660171)
                                       Kevin Gannon (BBO #640931)
                                       Daniel McGonagle (BBO #690084)
                                       Brian Seeve (BB#670455)
                                       **PRINCE LOBEL TYE LLP**
                                       One International Place, Suite 3700
                                       Boston, MA 02110
                                       Tel: (617) 456-8000
                                       Email: phayes@princelobel.com
                                       Email: mvella@princelobel.com
                                       Email: kgannon@princelobel.com
                                       Email: dmcgonagle@princelobel.com
                                       Email: bseeve@princelobel.com

                                       ATTORNEYS FOR THE PLAINTIFF

CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                       */s/ Paul J. Hayes*

16