**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>       Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>       Defendant. | C.A. No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE
TO AMEND ITS ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF SINGULAR COMPUTING LLC'S AMENDED COMPLAINT**

I.  **INTRODUCTION**

Leave to amend pleadings should be freely given. *See* Fed. R. Civ. P. 15(a). Google has timely moved for leave to add a defense that Singular's asserted patents are unenforceable due to inequitable conduct. Remarkably, Singular argues that Google should have lodged its inequitable conduct defense prior to the March 12, 2021 deadline to amend the pleadings—before Singular produced the majority of its documents or offered a single witness for deposition. But Federal Circuit case law discourages parties from prematurely asserting inequitable conduct, and it was only through discovery obtained shortly before this case was stayed that Google learned specific facts that support pleading inequitable conduct. Google promptly informed Singular of its intent to seek leave, and even sent it a draft amended answer, which Singular has had for nearly a year. Singular's complaints that Google unreasonably delayed are unfounded.

Likewise, Singular cannot meet its burden to show that amendment would be futile. Google's proposed amended answer details at length the facts giving rise to inequitable conduct, citing the deposition testimony of Dr. Bates and Singular's prosecuting attorney Plotkin, as well as evidence Singular produced in discovery. These facts show that as early as 2014, Dr. Bates knew of two material prior art publications—Belanović and Coleman—years before the asserted patents issued but withheld them from the PTO with intent to deceive. Google's allegations are more than sufficient to plead inequitable conduct.

Having failed to challenge the sufficiency of Google's inequitable conduct allegations, Singular resorts to attacking them on the merits. Singular asks this Court to accept as conclusive Dr. Bates's self-serving deposition testimony that no inequitable conduct occurred, even though Google's allegations cite ample evidence showing otherwise. But this is not the place for a merits argument: the question before the Court here is whether leave to amend is warranted. Because the answer is yes, Google's motion should be granted.

II.  **ARGUMENT**

Where an amendment to the pleadings is supported by good cause and will not be futile, leave to amend should be freely granted. *See Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, No.

1

18-CV-12029-ADB, 2022 WL 104911, at *6 (D. Mass. Jan. 11, 2022). As explained below, ample good cause supports Google's request for leave, and Singular has not met its burden of showing that amendment would be futile or would result in prejudice.

### A. Google acted diligently and did not unduly delay

Good cause exists to allege inequitable conduct after the deadline to amend the pleadings where "full factual information supporting . . . inequitable conduct was fully revealed" in depositions taken after the deadline. *Teva Pharms.*, 2022 WL 104911, at *7–11. Here, upon discovering the "full factual information" giving rise to its defense, Google acted diligently:

- On July 23, 2021, the last day of fact discovery, Google elicited deposition testimony from Dr. Bates and Plotkin in support of its inequitable conduct defense. *See* Mot. at 2;
- On August 10, 2021, Google informed Singular that it intended to assert an inequitable conduct defense. *See* Opp. at Ex. A;
- On August 26, 2021, Google sent Singular a draft amended answer. *See* Mot., Ex. 1; and
- On June 24, 2022, Google filed its motion for leave promptly after the stay pending IPR was lifted. *See* Dkt. 337.

None of the cases on which Singular relies support its complaint that this timeline reflects undue delay.[1] Rather, as set forth in Google's opening brief, courts routinely find good cause to amend where discovery taken after the deadline to amend the pleadings revealed facts giving rise to an

---

[1] Singular's cases are inapposite. *See, e.g.*, *Steir v. Girl Scouts of the USA*, 383 F.3d 7 (1st Cir. 2004) (new theory requiring reopening of discovery and amendment sought after dispositive motions); *Kay v. N.H. Democratic Party*, 821 F.2d 31 (1st Cir. 1987) (no abuse of discretion denying a motion to amend complaint when amendment would have been futile); *Magsil Corp. v. Seagate Tech.*, No. 08-cv-940, 2010 WL 2710472, at *1 (D. Del. July 7, 2010) (leave to amend would "force the court to extend scheduled deadlines for a significant period"); *Dunkin' Donuts Franchised Rest. LLC v. Nader*, No. 13-13023-LTS, 2015 WL 6157900 (D. Mass. Oct. 20, 2015) (leave to amend denied where fact discovery deadlines would need to be continued). Singular's reliance on *Pfizer Inc. v. Sandoz Inc.* is likewise misguided. There, the court distinguished "cases involv[ing] motions to amend filed shortly after the depositions, where notice was given of the defendant's intent to move thereafter" from cases in which the defendant unduly delayed. No. 12-654-GMS/MPT, 2013 WL 5934635, at *4 (D. Del. Nov. 4, 2013). *Pfizer* supports Google's position here—not Singular's.

inequitable conduct defense. *See* Mot. at 6–7 (citing cases). Singular's opposition fails to even mention this authority, much less distinguish it.

Singular's contention that Google should have sought leave to amend prior to the March 12, 2021 deadline to amend the pleadings is similarly baseless. Google could not have pleaded inequitable conduct based on Singular's production of Belanović and Coleman alone; in a vacuum, those references do not reveal facts enabling Google to plead "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO," as Singular argues Google must. *See* Opp. at 14 (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009)). Singular's contention is particularly disingenuous given its failure to provide much of the relevant discovery until months after the deadline to amend the pleadings, including deposition testimony from Dr. Bates and Plotkin. *See* Mot. at 8–10. And Singular concedes that it did not even produce Coleman until over a month after the deadline to amend the pleadings. Opp. at 4.

*Evonik Degussa GMBH v. Materia Inc.* is instructive. No. 09-CV-636, 2011 WL 13152274, at *3–4 (D. Del. Dec. 13, 2011). There, the court found that even though "some information suggesting an allegation of inequitable conduct may have existed [earlier]," where the depositions of key witnesses "confirmed plaintiff's suspicions and provided the factual support plaintiff needed to amend its counterclaim," the plaintiff acted diligently in seeking leave to amend two months after the depositions and five months after the deadline to amend the pleadings. *Id.* Google's decision to depose Dr. Bates and Plotkin before seeking leave was also appropriate given the heightened pleading standard, as "responsible defense counsel [should] wish to depose those individuals before charging them with deceptive intent." *C.R. Bard, Inc. v. Med. Components, Inc.*, No. 12-cv-00032, 2021 WL 1842539, at *4 (D. Utah May 7, 2021).

Finally, Singular's claims of undue delay are belied by the record. Google diligently sought the documents and testimony necessary to support its defense, but Singular failed to produce the majority of its documents prior to the March 12, 2021 deadline to amend the

3

pleadings;[2] and Singular did not complete its production of Dr. Bates's documents until about a week before his deposition.[3] *See* Bruns Decl., ¶¶ 14–16.[4] The timeline below is illustrative:



In light of Singular's delay, as well as its decision to designate Dr. Bates as Singular's sole Rule 30(b)(6) witness and produce him for deposition during the last week of fact discovery, Google could not have reasonably deposed him any earlier. *See Evonik*, 2011 WL 13152274, at *3–4 (plaintiff did not delay in deposing inequitable conduct witnesses where patentee's "document production was not complete and because of other scheduling difficulties"). Singular cannot show that Google failed to act diligently, and the Court should not reward Singular's delay in discovery with a free pass on inequitable conduct.

### B. Amendment will not be futile

As the party opposing amendment, Singular bears the burden of showing the amendment would be futile. *See, e.g.*, *The Hilsinger Co. v. Kleen Concepts, LLC*, 164 F. Supp. 3d 195, 201 (D. Mass. 2016). In reviewing a proposed amendment for "futility," courts apply the same standard as on a Rule 12(b)(6) motion—i.e., the allegations are accepted as true and viewed in the light most favorable to the party seeking leave to amend. *See Glassman v. Computervision*

---

[2] The documents produced by Singular after the deadline to amend pleadings include documents relevant to Google's inequitable conduct allegations, such as the emails exchanged between Dr. Bates and John Redford about Coleman. *See* Mot. at 6.

[3] Singular's failure to timely provide ESI discovery is further detailed in Google's May 24, 2021 motion to modify the scheduling order (ultimately withdrawn). *See* Dkt. 196 at 1–3. For example, despite Google having first provided its search terms to Singular in January 2021, Singular refused to provide Google with overall hit counts until April 2021. In May 2021, Singular then declared it would unilaterally determine which search terms to run and produce its ESI after the deadline for serving written discovery. *Id.* at 2–3.

[4] Citations to the "Bruns Decl." refer to the Declaration of Andrew Bruns In Support of Defendant Google LLC's Motion for Leave to Amend, Dkt. 338.

*Corp.*, 90 F.3d 617, 623 (1st Cir. 1996); *Drachman v. Boston Scientific Corporation,* 258 F. Supp. 3d 207, 210 (D. Mass. 2017). To plead inequitable conduct, Google must allege facts showing that the withheld prior art is material and facts from which the Court may reasonably infer intent to deceive the PTO. *See Exergen*, 575 F.3d at 1326–27. Singular argues that amendment would be futile because Google's allegations are not "plausible" and because they fail to satisfy Rule 9(b). *See* Opp. at 7–12, 14–15. Neither argument has merit.

**1. Google has pleaded facts showing the withheld references are material**

Typically, to give rise to inequitable conduct, undisclosed information must be "but-for" material—*i.e.*, "the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011). Citing the Federal Circuit's decision in *Exergen*, Singular claims that Google's amended answer falls short because it does not "identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record." Opp. at 11. But Singular's reading of *Exergen* is incorrect. Courts applying *Exergen* have made clear that inequitable conduct allegations must only

> set forth in detail why the alleged . . . acts of concealment had the effect of inducing the patent examiner to issue a patent that otherwise would not have issued. Those allegations, which discuss in detail the prior art references that were not presented to the examiner . . . are . . . sufficient to state a claim for relief on the materiality prong of the inequitable conduct claim.

*Lipocine Inc. v. Clarus Therapeutics, Inc.*, No. CV 19-622 (WCB), 2020 WL 4794576, at *9 (D. Del., Aug. 18, 2020) (granting leave to assert inequitable conduct defense despite lack of specific claim citations); *see also Birchwood Labs., Inc. v. Battenfeld Techs., Inc.*, 762 F. Supp. 2d 1152, 1157 (D. Minn. 2011) (same).[5]

---

[5] Singular cites several cases from other circuits in support of its position. Opp. at 11. But none of the proposed amendments in those cases provided the detail contained in Google's proposed amended answer. For example, in *Edge Capture L.L.C. v. Barclays Bank PLC*, the relevant pleading "neither specifie[d] the title nor the year of publication for the . . . prior art references" on which it relied. No. 09 CV 1521, 2011 WL 13257073, at *10 (N.D. Ill. July 26, 2011).

5

Google's detailed allegations regarding Belanović and Coleman easily clear this hurdle. For example, the draft amended answer alleges with particularity Belanović's author, date, the specific concepts it discloses, and how those disclosures map onto at least on claim of the asserted patents, including the custom floating-point formats that Singular now contends infringe the claims of the asserted patents. *See* Bruns Decl. Ex. 2, ¶¶ 27–45. Although the amended answer contains even more pertinent details, these paragraphs alone show that Singular's concealment of Belanović "had the effect of inducing the patent examiner to issue a patent that otherwise would not have issued." *Lipocine Inc.*, 2020 WL 4794576, at *9.[6] Google's amended answer contains similarly detailed allegations about Coleman. *See, e.g.*, Bruns Decl. Ex. 2, ¶¶ 46–55 (alleging Coleman discloses a chip that uses logarithmic number systems to represent floating-point formats, just like Dr. Bates's purported invention). The allegations as to both Belanović and Coleman are *at least* as detailed as those deemed sufficient in *Lipocine* and other cases applying *Exergen* and granting leave to amend. *See, e.g.*, Second Amended Answer, *Lipocine Inc. v. Clarus Therapeutics, Inc.*, No. 19-cv-622-WCB, 2020 WL 7074133 (D. Del. Aug. 25, 2020).

Singular further argues that Google failed to plead that Belanović and Coleman are non-cumulative of the prior art before the examiner. Opp. at 11–12. But Google's amended answer pleads this explicitly. *See* Bruns Decl. Ex. 2, ¶¶ 45, 54. Singular fails to cite any authority holding that more is required.[7] Nor could it, as "[t]he question of whether prior art that was not disclosed is cumulative is a factual issue that should not be resolved at the pleading stage." *Cypress Semiconductor Corp. v. GSI Tech.*, Inc., No. 13-cv-02013, 2014 WL 988915, at *5

---

[6] Still more detail related to the Belanović reference can be found in Google's invalidity claim charts, which were provided to Singular on November 6, 2020 and which are referenced in Google's proposed amended answer. *See* Bruns Decl. Ex. 2 at ¶ 43.

[7] The two cases on which Singular relies are inapposite. In *Intermec Techs. Corp. v. Palm Inc.*, 738 F. Supp. 2d 522, 561 (D. Del. 2010), *aff'd*, 466 F. App'x 881 (Fed. Cir. 2012), the court denied leave to amend after rejecting the defendant's argument that *the patentee* bore the burden of showing the undisclosed prior art was cumulative. In *Osram Sylvania, Inc. v. Am. Induction Techs., Inc.*, the court found that the defendant failed to prove materiality during a bench trial. No. CV 09-8748-R, 2011 WL 5143630, at *12 (C.D. Cal. Oct. 28, 2011).

(N.D. Cal. Mar. 9, 2014) (citing *Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1319 (Fed. Cir. 2006)).

### 2. Google has adequately pleaded intent to deceive

Singular fares no better in attacking Google's allegations of intent. To plead intent to deceive, Google must allege facts "from which a court may *reasonably infer* that [Dr. Bates] acted with the requisite state of mind"—*i.e.*, that he had "(1) knowledge of the withheld material information . . . and (2) [a] specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1327 (emphasis added).[8] "Intent rarely can be, and need not be, proven by direct evidence. Instead, an intent to deceive is usually inferred from the facts and the circumstances surrounding the conduct at issue." *Cargill Inc. v. Canberra Foods, Ltd.*, 476 F.3d 1359, 1364 (Fed. Cir. 2007).

The facts alleged in Google's amended answer are more than sufficient from which to infer deceptive intent. As to Belanović, Google alleges that Singular's document production shows that Dr. Bates was aware of and had a copy of the reference in his possession since at least February 20, 2014, and that the accompanying metadata shows ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Bruns Decl. Ex. 2, ¶¶ 37–39. Google further alleges that Dr. Bates understood the materiality of the "variable-precision floating-point library" disclosed in Belanović based on his testimony that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶¶ 36, 40. As to Coleman, Google alleges that Singular's documents show that in September 2014, Dr. Bates received an email ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶¶ 48–49. Google further alleges that Dr. Bates ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶¶ 49–50.

---

[8] "[I]ntent, knowledge, and other conditions of mind of a person may be averred generally." *Id.*

7

Rather than grapple with these allegations, Singular stuffs a straw man. As to Belanović, Singular argues that alleging "mere possession [of a reference] is insufficient to show that [the applicant] read the specific article or that he intentionally withheld it from the PTO." Opp. at 15 (citing *Pamlab, L.L.C. v. Viva Pharm., Inc.*, No. C12-98MJP, 2012 WL 3262825, at *3 (W.D. Wash. Aug. 8, 2012)). But Google has alleged far more than "mere possession," citing facts from which the Court may infer Dr. Bates has long known of the floating-point library disclosed in Belanović, recognized it was material, but failed to disclose it to the Patent Office. *See* Bruns Decl. Ex. 2, ¶¶ 36–53. As to Coleman, Singular argues that "Google did not even bother to question Dr. Bates about the Coleman *et al*. article." Opp. at 2. But that is false. As Google's amended answer alleges, ███████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████ *See* Bruns Decl. Ex. 2, ¶51. Regardless, requiring an applicant to admit that he intentionally withheld a material reference is not the standard—particularly when the undisputed documentary record is sufficient to support a reasonable inference that he did so, as it is here. *See Paragon Podiatry Lab., Inc. v. KLM Labs, Inc.*, 984 F.2d 1182, 1189–1190 (Fed. Cir. 1993) ("smoking gun" evidence is not required to establish intent to deceive).

Finally, Singular argues that Google cannot plead intent with the specificity required by Rule 9(b). *See* Opp. at 14. But an inequitable conduct claim "is rarely disallowed at the pleading stage due to failure to adequately allege scienter." *Lipocine*, 2020 WL 4794576, at *8. And as the Federal Circuit has recognized, "direct evidence of intent, such as an admission of deceptive purpose, is seldom available." *Therasense,* 649 F.3d at 1304 n.1. Despite this authority, Singular argues that an inference of deceptive intent must be "the single most reasonable inference able to be drawn from the evidence," and that Dr. Bates's deposition testimony forecloses Google from "plausibly claim[ing] that Dr. Bates . . . knowingly intended to withhold" Belanović and Coleman. Opp. at 8 (citing *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008). Singular cites the wrong legal standard; *Star Scientific* was an appeal from

8

a bench trial. In any event, Singular raises a factual dispute that cannot be resolved at the pleading stage. The Federal Circuit has made clear that the "single most reasonable inference" standard applies at the merits phase—*not* in assessing a pleading's purported futility. *Id.*[9]

### C. IPR estoppel does not apply and Singular has not shown it will be prejudiced

Singular's remaining arguments also fail. *First*, Singular argues IPR estoppel bars Google from relying on Belanović or Coleman to allege inequitable conduct. That argument is baseless. IPR estoppel prevents a petitioner from asserting in district court "any ground that the petitioner raised or reasonably could have raised during that [IPR]." 35 U.S.C. § 315(e)(2). But IPR estoppel does *not* apply to grounds that could not have been raised in IPR, including inequitable conduct. *See* 4 Annotated Patent Digest § 25:109.20 (April 2022) ("[N]o § 315(e) estoppel should apply to . . . challenges based on . . . inequitable conduct," because inequitable conduct does not "present grounds a third-party requestor could raise in an [IPR] proceeding"); *Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, No. 1:13-CV-645, 2016 WL 6839394, at *9 n.8 (M.D.N.C. Nov. 21, 2016) (holding that IPR estoppel does not apply to inequitable conduct).

*Second*, Singular argues that because Google's inequitable conduct allegations relate to prior art references Google could have raised in IPR, Google should be estopped from asserting the defense. But Singular cites no authority holding that IPR estoppel applies so broadly (nor is

---

[9] Singular's argument fails for the additional reason that it used improper privilege assertions to prevent Google from taking fulsome discovery on the facts supporting inequitable conduct, including by instructing Dr. Bates not to answer questions about whether he provided the Belanović and Coleman references to Plotkin during prosecution of the asserted patents. *See* Mot. at 6–7. Singular cannot improperly shield those facts from discovery, and then argue Google's failure to allege those facts dooms its inequitable conduct defense. *See Energy Heating, LLC v. Heat On-The-Fly, LLC*, 889 F.3d 1291, 1303 (Fed. Cir. 2018) ("The attorney-client privilege cannot be used as both a sword and a shield."). Nor is Singular's misconduct excused simply because Google did not seek immediate relief from the Court, as Singular suggests. *See* Opp. at 8 n.5. Google did not challenge Singular's improper privilege claims because the case was stayed pending IPR immediately after Dr. Bates's and Plotkin's depositions were completed. Those IPRs had the potential to moot the parties' dispute but did not. Now that the stay is lifted, Google is entitled to move to compel answers to the questions that Singular's counsel improperly instructed Dr. Bates not to answer. Regardless, the allegations in the current record are more than sufficient to conclude that leave to amend is warranted.

Google aware of any).[10] Finally, Singular vaguely suggests that amendment will result in "inherent and actual potential prejudice," but fails to identify any specific prejudice it will suffer. Opp. at 13. Nor does any exist: the relevant facts are and always have been in Singular's possession, expert discovery has not yet begun, the case schedule need not be altered, and Singular has known of the defense for nearly a year. *See* Mot. at 11–12. And despite its complaint that fact discovery is closed, Singular has "not suggested any discovery that it would have taken, but did not," had it known of Google's defense. *Lipocine*, 2020 WL 4794576, at *7.

The cases upon which Singular relies do not help it. *Therasense*, which Singular quotes at length, says nothing of prejudice arising out of a motion to amend. 649 F.3d at 1289. Nor does the *Therasense* court's description of the history of inequitable conduct support Singular's argument that Google's inequitable conduct allegations are "unfounded attacks on the moral turpitude and reputation of Dr. Bates and Mr. Plotkin." Opp at 13.[11] The relevant inquiry is not whether Singular would be tactically disadvantaged by the proposed amendment, but whether the amendment would result in undue prejudice. As Singular's opposition confirms, it would not.

## III.    CONCLUSION

For the foregoing reasons, Google respectful requests that its motion for leave be GRANTED.

---

[10] The one case Singular cites is inapposite. *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022) stands for the irrelevant proposition that a defendant cannot rely on prior art references for invalidity of which they were "undisput[ably]" aware during IPR, but that they declined to include in their IPR petition.

[11] Singular's other cases are likewise irrelevant. In *Asahi Glass Co. v. Guardian Indus. Corp.*, 276 F.R.D. 417, 420 (D. Del. 2011), the court denied leave to amend where the delay was "largely unexplained," and the "new claims [could not] be accomplished while maintaining the current trial date." In *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-CV-1455-WCB, 2017 WL 119633, at *6-7 (E.D. Tex. Jan. 12, 2017), the court denied leave where the diligence factor "cut strongly against the motion," the inequitable conduct defense was "unlikely to succeed," and the amendment would have required "inquiries into the activities of the prosecuting attorney." Finally, *Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. CV 16-10914-FDS, 2020 WL 10500362, at *5 (D. Mass. June 24, 2020) did not even involve inequitable conduct; there the Court denied leave to "add[] a claim for infringement involving overseas assembly" based on the defendant's belated realization that it had not asserted a claim under § 271(f).

                                              Respectfully submitted,

Dated: July 15, 2022       By:    */s/ Gregory F. Corbett*
                                              Gregory F. Corbett (BBO #646394)
                                              gcorbett@wolfgreenfield.com
                                              Nathan R. Speed (BBO # 670249)
                                              nspeed@wolfgreenfield.com
                                              Elizabeth A. DiMarco (BBO #681921)
                                              edimarco@wolfgreenfield.com
                                              Anant K. Saraswat (BBO #676048)
                                              asaraswat@wolfgreenfield.com
                                              WOLF, GREENFIELD & SACKS, P.C.
                                              600 Atlantic Avenue
                                              Boston, MA 02210
                                              Telephone: (617) 646-8000
                                              Fax: (617) 646-8646

                                              Robert Van Nest (admitted *pro hac vice*)
                                              rvannest@keker.com
                                              Michelle Ybarra (admitted *pro hac vice*)
                                              mybarra@keker.com
                                              Andrew Bruns (admitted *pro hac vice*)
                                              abruns@keker.com
                                              Vishesh Narayen (admitted *pro hac vice*)
                                              vnarayen@keker.com
                                              Christopher S. Sun (admitted *pro hac vice*)
                                              csun@keker.com
                                              Anna Porto (admitted *pro hac vice*)
                                              aporto@keker.com

                                              Deeva Shah (admitted *pro hac vice*)
                                              dshah@keker.com
                                              Stephanie J. Goldberg (admitted *pro hac vice*)
                                              sgoldberg@keker.com
                                              KEKER, VAN NEST & PETERS LLP
                                              633 Battery Street
                                              San Francisco, CA 94111-1809
                                              Telephone: (415) 391-5400

                                              Michael S. Kwun (admitted *pro hac vice*)
                                              mkwun@kblfirm.com
                                              Asim M. Bhansali (admitted *pro hac vice*)
                                              abhansali@kblfirm.com
                                              KWUN BHANSALI LAZARUS LLP
                                              555 Montgomery Street, Suite 750
                                              San Francisco, CA 94111
                                              Telephone: (415) 630-2350
                                              Fax: (415) 367-1539

> Matthias A. Kamber (admitted *pro hac vice*)
> matthiaskamber@paulhastings.com
> PAUL HASTINGS LLP
> 101 California Street, 48th Floor
> San Francisco, CA 94111
> Telephone: (415) 856-7000
> Fax: (415) 856-7100
>
> *Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

Dated: July 15, 2022                       */s/ Gregory F. Corbett*
                                                        Gregory F. Corbett