EXHIBIT G

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>                Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>                Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' PRELIMINARY PATENT-RELATED DISCLOSURES**

**PATENT L. R. 16.6(d)(1)(A)**

Plaintiff, Singular Computing LLC ("Singular"), by and through their undersigned counsel, submits these preliminary patent-related disclosures to Defendant Google LLC ("Google"), pursuant to the Court's Corrected Standing Order (Dkt. No. 70) and Patent Local Rule 16.6(d)(1)(A).

**I.    IDENTIFICATION OF ASSERTED CLAIMS AND ACCUSED PRODUCTS**

Google infringes the following patent claims (the "Asserted Claims") under 35 U.S.C. § 271(a):

- Claim 7 of U.S. Patent No. 9,218,156 (the "'156 patent");
- Claim 53 of U.S. Patent No. 8,407,273 (the "'273 patent");
- Claims 4 and 13 of U.S. Patent No. 10,416,961 (the "'961 patent").

Google infringes the above claims by making, using, testing, selling, offering for sale and/or importing into the United States its TPUv2 and TPUv3 Devices (the "Accused Products") both alone and in combination with its existing data servers.

A.   **Claim 7 of the '156 Patent**

Google infringes at least claim 7 of the '156 patent, as set forth in the claim chart attached hereto as Exhibit A.

Google infringes claim 7 of the '156 patent by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products, or products with substantially similar functionality, features and capabilities.

Google has committed, and continues to commit, affirmative acts that cause infringement of claim 7 of the '156 patent. Further, for the reasons described in Singular's First Amended Complaint, filed March 20, 2020 (Dkt. No. 37, incorporated by reference herein), Google's infringement of this claim is willful.

A chart with an element-by-element description of where and how each element of claim 7 of the '156 patent is found in the Accused Products is provided in Exhibit A, attached hereto. The claim chart is based on information currently available to Singular, and includes information relating to the operation of both the TPUv2 and TPUv3 Devices. Further, with respect to the accused functionality, both Accused Products are believed to operate in substantially the same manner. The documentation and evidence contained in Exhibit A therefore applies to both of the Accused Products, except where explicitly stated otherwise.

Singular believes that each element of claim 7 of the '156 patent is literally met by the Accused Products. Singular may, however, seek the Court's leave to supplement these contentions to identify an element as present under the doctrine of equivalents if (1) the Court declines to adopt Singular's proposed claim construction for a disputed term; or (2) discovery (in particular review of source code and other information that describes the inner workings of the

2

Accused Products) reveals that Defendant's products do not operate in the way indicated by the public information included in Exhibit A.

**B.    Claim 53 of the '273 Patent**

Google infringes at least claim 53 of the '273 patent, as set forth in the claim chart attached hereto as Exhibit B.

Google infringes claim 53 of the '273 patent by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products, or products with substantially similar functionality, features and capabilities.

Google has committed, and continues to commit, affirmative acts that cause infringement of claim 53 of the '273 patent. Further, for the reasons described in Singular's First Amended Complaint, filed March 20, 2020 (Dkt. No. 37, incorporated by reference herein), Google's infringement of this claim is willful.

A chart with an element-by-element description of where and how each element of claim 53 of the '273 patent is found in the Accused Products is provided in Exhibit B, attached hereto. The claim chart is based on information currently available to Singular, and includes information relating to the operation of both the TPUv2 and TPUv3 Devices. Further, with respect to the accused functionality, both Accused Products are believed to operate in substantially the same manner. The documentation and evidence contained in Exhibit B therefore applies to both of the Accused Products, except where explicitly stated otherwise.

Singular believes that each element of claim 53 of the '273 patent is literally met by the Accused Products. Singular may, however, seek the Court's leave to supplement these contentions to identify an element as present under the doctrine of equivalents if (1) the Court declines to adopt Singular's proposed claim construction for a disputed term; or (2) discovery (in

3

particular review of source code and other information that describes the inner workings of the Accused Products) reveals that Defendant's products do not operate in the way indicated by the public information included in Exhibit B.

C.   **Claims 4 and 13 of the '961 Patent**

Google infringes at least claims 4 and 13 of the '961 patent, as set forth in the claim chart attached hereto as Exhibit C.

Google infringes claims 4 and 13 of the '961 patent by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products, or products with substantially similar functionality, features and capabilities.

Google has committed, and continues to commit, affirmative acts that cause infringement of claims 4 and 13 of the '961 patent. Further, for the reasons described in Singular's First Amended Complaint, filed March 20, 2020 (Dkt. No. 37, incorporated by reference herein), Google's infringement of these claims is willful.

A chart with an element-by-element description of where and how each element of claims 4 and 13 of the '961 patent is found in the Accused Products is provided in Exhibit C, attached hereto. The claim chart is based on information currently available to Singular, and includes information relating to the operation of both the TPUv2 and TPUv3 Devices. Further, with respect to the accused functionality, both Accused Products are believed to operate in substantially the same manner. The documentation and evidence contained in Exhibit C therefore applies to both of the Accused Products, except where explicitly stated otherwise.

Singular believes that each element of claims 4 and 13 of the '961 patent is literally met by the Accused Products. Singular may, however, seek the Court's leave to supplement these contentions to identify an element as present under the doctrine of equivalents if (1) the Court

declines to adopt Singular's proposed claim construction for a disputed term; or (2) discovery (in particular review of source code and other information that describes the inner workings of the Accused Products) reveals that Defendant's products do not operate in the way indicated by the public information included in Exhibit C.

## II.  REAL PARTIES IN INTEREST

Plaintiff, Singular Computing LLC ("Singular"), is the Real Party in Interest as to the patentee and the asserted patents.

Date: September 4, 2020

Respectfully submitted,

*s/ Paul J. Hayes*
Paul J. Hayes
phayes@princelobel.com
Matthew Vella
mvella@princelobel.com
Robert R. Gilman
rgilman@princelobel.com
Jonathan DeBlois
jdeblois@princelobel.com
Alex Breger
abreger@princelobel.com
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100

*COUNSEL for PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 4, 2020, the foregoing document was emailed to the following recipients:

abhansali@kblfirm.com

mkwun@kblfirm.com
nhueston@kblfirm.com
abruns@keker.com
csun@keker.com
dshah@keker.com
jrapaport@keker.co
plemos@keker.com
mybarra@keker.com
mkamber@keker.com
rvannest@keker.com
aporto@keker.com

                                              */s/ Daniel J. McGonagle*