# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | |
| v. | Hon. F. Dennis Saylor IV |
| GOOGLE LLC, | ORAL ARGUMENT REQUESTED |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT
## INFRINGEMENT CONTENTIONS TO CITE ACCUSED SOURCE CODE

Plaintiff, Singular Computing LLC ("Singular"), moves for leave to serve supplemental infringement contentions to cite source code used in the accused devices. As demonstrated *infra*, Singular is not seeking to add any new theory of infringement. The parties completed source code review and production in July, 2022. Accordingly, for the reasons set forth herein, Singular requests that this motion be granted.

## I.     BACKGROUND

Singular alleges that the TPU v2 and TPU v3 computing devices used by defendant, Google LLC ("Google"), in its massive datacenters across the United States infringe each of the three patents-in-suit.[1] *See* Amended Complaint (Dkt. No. 37). The accused TPU devices are used to provide a number of Google's most important artificial intelligence services, such as Translate, Photo and Search using a vast improvement in computing power. *Id.* at ¶ 37.[2]

---

[1] U.S. Patent No. 8,407,273; U.S. Patent No. 9,218,156; U.S. Patent No. 10,416,961.

[2] As set forth in the Amended Complaint, Singular asserts that the way to achieve those improvements was originally disclosed to Google's engineers by Singular's inventor, Dr. Joseph Bates (pursuant to a confidential disclosure agreement). *See* Amended Complaint, ¶¶ 18-22.

Singular's first inspection of the source code used in the accused TPU devices occurred on December 21-22, 2020. *See* Gannon Decl., ¶ 2.  Due to the incompleteness of the source code produced, Singular conducted follow-up inspections on July 8-9, 20-21, August 31 and September 1, 2021. *Id.*  Google's production of source code for review was again incomplete. On July 22, 2021, counsel for Singular wrote to counsel for Google specifically identifying the incomplete  source code production. *See* Ex. A.[3]  A day later, counsel for Singular wrote to counsel for Google informing Google that Singular would seek to supplement its infringement contentions once Google produced the missing source code. *See* Ex. B.

On September 8, 2021, counsel for Singular asked counsel for Google when the designated source code printouts would be available and requested that he be permitted to collect the source code printouts that day. *See* Ex. C.  Counsel for Google responded by return email refusing to produce the requested source code due to the case being stayed through May 12, 2022. *See id.*, ("Given that the case is now stayed . . . Singular's request for printing source code at this time is premature.")

Eight months later, once the stay had expired, counsel for Singular wrote to counsel for Google to renew Singular's requests for source code printouts. Ex. D.  Once again, counsel for Google speciously objected, this time on the grounds that "Judge Saylor has not reopened fact discovery, nor has he set any expert discovery deadlines." *See* Ex. E.  After further correspondence and a meet-and-confer (during which Singular pared back the amount of code requested[4]) , the parties agreed that Google would produce copies of the pared down code and Singular's expert would be allowed a further inspection of the code. *See* Ex. F.  The further

---

[3] Unless otherwise noted, all exhibits are attached to the accompanying Declaration of Kevin Gannon ("Gannon Decl.").
[4] *See* Ex. F.

inspection of code occurred on July 8 and 11, 2022. *See* Gannon Decl., ¶ 2.  Thereafter, counsel

for Singular identified additional code to be produced.  Counsel for Singular collected those code

printouts on July 19, 2022. *Id.*

## II.   APPLICABLE LAW

A scheduling order may be modified only for good cause and with the court's consent.

Fed. R. Civ. P. 16(b)(4). In determining whether to grant leave to amend after a deadline in the

scheduling order has expired, a court may consider: 1) the explanation for the movant's failure to

move timely for leave to amend; 2) the importance of the amendment; 3) the potential for

prejudice caused by allowing the amendment, and 4) the opportunity to cure such prejudice.

*Momenta Pharms., Inc. v. Amphastar Pharms., Inc.*, No. 11-11681-NMG, 2016 WL 3460309, at

*2 (D. Mass. Jun. 21, 2016) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*,

315 F.3d 533, 536 (5th Cir. 2003)).

## III.   ARGUMENT

The Scheduling Order in this case provides in relevant part that contentions "may be

amended or supplemented only by leave of court, for good cause shown." *See* Dkt. No. 70, ¶ 1c.

As set forth below, good cause exists for allowing supplementation here.

A.   EXPLANATION FOR MOTION TO AMEND

Pursuant to the Scheduling Order in this case, the deadline for Singular to serve its

Infringement Contentions was September 4, 2020. *See id.*  Singular duly served its original

Infringement Contentions upon counsel for Google on September 4, 2020. *See* Ex. G.  Thus,

there is no dispute that the contentions were timely served.  Singular attached to its contentions

claim charts (based upon publicly available information) identifying the elements of the claims

in the accused TPU v2 and TPU v3 devices. *See* Exs. H-I. As in most patent cases involving

computers, Singular did not have access to Google's source code prior to the deadline for serving contentions.

Counsel for Singular first sought to inspect the source code used in the accused TPU devices in November 2020, well before the end of fact discovery on July 23, 2021.  Thereafter, as described in Section I above, prior to the Court staying the case pending IPR, Singular spent numerous days inspecting Google's source code in December 2020 and July-September 2021.  Nonetheless, additional code needed to be inspected.  Accordingly, after the stay expired on May 12, 2022, the parties conferred and agreed that Singular would make a further inspection of the code.  That inspection took place on July 8 and 11, 2022. *See* Gannon Decl., ¶ 2.  On July 11, counsel for Singular designated source code for printing and production. *See* Ex. J.  Google produced the designated code to counsel for Singular code on July 18-19, 2022. *See* Ex. K.

Now that the inspection, review and production of the source code is complete, Singular seeks to supplement its contentions to cite to the source code as support for its infringement theories contained in the contentions.  Singular does not seek to add any new infringement theories.  Given the recent completion of the inspection and production of the source code, this motion to supplement is timely. *See*, *e.g.*, *SpeedTrack, Inc. v. Amazon.com, Inc.*, No. 4:09-cv-4479, 2018 WL 3328423, at *4 (N.D. Cal. Jul. 6, 2018) ("the Court grants Plaintiff leave to amend the infringement contentions once it has had the opportunity to review Defendant's source code"); *see also Int'l Bus. Machs. v. Zillow Group, Inc.*, No. C20-851, 2020 WL 3266220, at *1 (W.D. Wash. Jun. 17, 2020) (plaintiff is "to amend its infringement contentions within thirty-five (35) days after any disclosure of the non-public source code at issue"); *Delphix Corp. v. Actifio, Inc.*, No. 13-CV-4613, 2015 WL 5693722, at *4 (N.D. Cal. Sept. 29, 2015)

(granting leave to amend contentions where "the proposed contentions are based on recently discovered information [including source code] that is not publicly available.").

B.     THE IMPORTANCE OF THE SUPPLEMENTATION

There can be no dispute as to the importance of supplementing the contentions to cite to the source code used in the accused TPU v2 and TPU v3 devices.  *See, e.g.*, *In re Subpoenas to Intel Corp.*, No. 4:17-mc-80159, 2018 WL 1035794, at *5 (N.D. Cal. Feb. 23, 2018) ("the operation of the Intel source code is vitally important to the underlying [patent] cases"); *see also Monode Marking Prods., Inc. v. Columbia Marking Pools, Inc.,* No. 1:18-CV-16, 2021 WL 2227973, at *5 (N.D. Ohio Jun. 1, 2021) ("source code [] is critical to the determination of [the infringement] issue").  Moreover, at a motions hearing on June 30, 2021, counsel for Google emphasized the importance of the code as being the "ground truth" of how the products work. *See* Ex. L, p. 35.  Thus, infringement being a question of fact,[5] the source code is important (via expert testimony) to the jury's ability to understand how the accused TPU products work. *See, e.g.*, *CardSoft, Inc. v. VeriFone Holdings, Inc.*, No. 2:08-CV-98, 2013 WL 5800777, at **2-3 (E.D. Tex. Oct.27, 2013); *see also Summit 6 LLC v. Research in Motion Corp.*, No. 3:11-cv-367, 2013 WL 12124321, at *7 (N.D. Tex. Jun. 26, 2013).

C.     GOOGLE WILL NOT BE PREJUDICED BY THE SUPPLEMENTATION

Google will not be prejudiced by this supplementation.  Singular's infringement theories have not changed.  Singular's original claim charts are submitted as exhibits H-I.  The updated supplemental claim charts are submitted as exhibits M-N.  As can be seen from a comparison of the two sets of charts, the only supplementation is the addition of cites to source code. Moreover, as the source code cited was all produced by Google as used in Google's accused

---

[5] *See, e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1309 (Fed. Cir. 2009).

devices, Google is intimately familiar with this code and how it is executed in the accused TPU devices.

As fact discovery is complete, no trial date has been set, dispositive motions have not been filed,[6] and expert reports have not been exchanged, Google will not suffer prejudice by this supplementation of source code cites. *See*, *e,g., Cloud Farm Assocs., L.P. v. Volkswagen Grp. of Am.*, No. 10-502, 2012 WL 3069390, at *6 (D. Del. Jul. 27, 2012) (allowing amendment where "the parties have already engaged in substantial discovery, no trial date has yet been set, case dispositive motions have not been filed, and expert reports have not been exchanged.")

D.      OPPORTUNITY TO CURE PREJUDICE

As set forth above, Google will not suffer prejudice by the supplementation.  In addition, expert reports have yet to be served (and a deadline therefor has yet to be set) and experts have yet to be deposed after reports are served.  As a result, Google's expert(s) will have the supplemented claim charts before reports are due.  Moreover, Google's expert(s) will presumably already be familiar with the code that is used in the accused TPU products.  Thus, there is adequate time for Google's experts to respond to the supplemental claim charts.

IV.     **CONCLUSION**

For the reasons set forth above, Singular requests that this motion be granted.

---

[6] With the exception of Google's early motions to dismiss alleging invalidity for lack of patentability under 35 U.S.C. § 101. *See* Dkt. No. 22.

Dated: August 11, 2022                    Respectfully submitted,


                                          */s/ Paul J. Hayes*
                                          Paul J. Hayes (BBO #227000)
                                          Matthew D. Vella (BBO #660171)
                                          Kevin Gannon (BBO #640931)
                                          Daniel McGonagle (BBO #690084)
                                          Brian Seeve (BB#670455)
                                          **PRINCE LOBEL TYE LLP**
                                          One International Place, Suite 3700
                                          Boston, MA 02110
                                          Tel: (617) 456-8000
                                          Email: phayes@princelobel.com
                                          Email: mvella@princelobel.com
                                          Email: kgannon@princelobel.com
                                          Email: dmcgonagle@princelobel.com
                                          Email: bseeve@princelobel.com

                                          ATTORNEYS FOR THE PLAINTIFF


                              CERTIFICATE OF SERVICE

        I certify that all counsel of record who have consented to electronic service are
being served with a copy of this document via the Court's CM/ECF system.


                                          */s/ Paul J. Hayes*