# EXHIBIT 3



Brian M. Seeve
Direct Dial: 617-456-8049
bseeve@princelobel.com

September 25, 2020

**BY EMAIL**

Matthias Kamber
Keker, Van Nest, & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

RE:     *Singular Computing LLC v. Google LLC*, 1:19-cv-12551-FDS (D. Mass.)

Dear Matthias:

I write in response to your letter of September 21st, which continues our correspondence regarding alleged deficiencies in Singular's infringement contentions.

First, Google requests that Singular provide additional detail to its already very detailed infringement contentions. Google admits that Singular's contentions provide detail about each and every limitation of the Asserted Claims, as required by the Court's Local Rules. However, Google asks Singular, citing no rule or authority, to provide a multi-colored presentation that distinguishes between the "various aspects" of a *single limitation*. Google further asked Singular on the 21st to provide this document within *four days*.

Singular declines to supplement its contentions in the manner requested by Google. As noted in my earlier correspondence, Singular's contentions are already color-coded, and use both text and figures from Google's own product documentation to detail our infringement theories. In your letter of the 21st, you "grant[]" that Singular's citations to "Google images and text" are sufficient disclosure of Singular's infringement theories. Singular agrees with Google that these citations are sufficient.

Second, Singular is confused by Google's allegations regarding the "Vector Processing Unit" that is referenced in various charts. In your letter of September 11th, you asked "whether [Singular] contends that the 'Vector Processing Unit (VPU)' qualifies as 'at least one of a central processing unit (CPU), a graphics processing unit (GPU), a field programmable gate array (FPGA), a microcode-based processor, a hardware sequencer, [or] a state machine.'" In my response of September 16th, I answered in the affirmative (though Singular's infringement contentions were already clear on this point). To repeat: yes, Singular contends that the VPU satisfies the claim limitation quoted above.

Prince Lobel Tye LLP

One International Place

Suite 3700

Boston, MA 02110

TEL: 617 456 8000

FAX: 617 456 8100

# PRINCE LOBEL

Third, regarding the tests referenced in Singular's contentions (*see* Exh. A at 9; Exh. B at 9; Exh. C at 19 and 28) Singular will produce an electronic, non-compiled version of the code used to conduct these tests as part of Singular's planned production of source code, and subject to the same ESI rules and restrictions that govern the production of source code generally in this matter.

Finally, you ask Singular to "confirm that Singular will neither (a) re-assert the claims originally asserted in its amended complaint, nor (b) assert additional claims beyond those identified in the infringement contentions." Singular will confirm neither of these points. As Singular learns more about the Accused Products during the process of discovery, Singular reserves the right to assert additional claims, with the Court's leave if necessary, including but not limited to claims originally asserted in its amended complaint.


Sincerely,


/s/*Brian M. Seeve*
Brian M. Seeve