# EXHIBIT 5

| | |
|---|---|
| From: | Nathan R. Speed |
| To: | kgannon@princelobel.com; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; kvp-singular; mkwun@kblfirm.com; matthiaskamber@paulhastings.com |
| Cc: | singular@princelobel.com; mvella@princelobel.com; adoherty@princelobel.com |
| Subject: | RE: Singular Computing LLC v. Google LLC; Case No. 1:19-cv-12551 FDS - Motion for Leave |
| Date: | Thursday, August 11, 2022 8:32:14 AM |
| Attachments: | ATT00001.jpg |

**[EXTERNAL]**

Kevin,

Thank you for the redline.

Google opposes Singular's motion to supplement its contentions. Singular's proposed supplementation does not address the numerous deficiencies Google identified with Singular's original infringement contentions; indeed, it exacerbates those deficiencies. Rather than provide specific citations to discrete source code modules, Singular has cited wide swaths of Google's source code thereby leaving Google to guess as to what precisely Singular's infringement contentions are. Given the number of pages and discrete files that they encompass, Singular's source code citations are effectively meaningless.

To be clear, Google would not oppose Singular supplementing otherwise specific contentions to include specific citations to Google's source code, if the existing contentions and the added citations provided Google with notice as to what Singular's infringement contentions are for the asserted claims. But Singular's currently proposed supplementation does not provide such notice as it cites pages and pages of source code, thereby continuing to leave Google to guess as to what it is (if anything) in those pages that Singular contends supports its infringement theory.

Beyond opposing Singular's motion to supplement its contentions, Google also reserves its right to take appropriate action should Singular's expert reports articulate infringement theories that are not set forth with reasonable particularity in Singular's infringement contentions.

Best,

Nathan

**From:** Gannon, Kevin <kgannon@princelobel.com>
**Sent:** Wednesday, August 10, 2022 4:16 PM
**To:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>; WGS-Singular v. Google <WGS-Singularv.Google@WolfGreenfield.com>; abhansali@kblfirm.com; kvpsingular@keker.com; mkwun@kblfirm.com; matthiaskamber@paulhastings.com
**Cc:** Singular <Singular@princelobel.com>; Vella, Matthew D. <mvella@princelobel.com>; Doherty,

Adam <adoherty@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC; Case No. 1:19-cv-12551 FDS - Motion for Leave

Nathan,

Attached please find a copy of Singular's supplemental infringement charts with citations to Google's source code highlighted in yellow.  Please let us know Google's position by noon tomorrow.

Thanks,
Kevin

**Kevin Gannon**



**Prince Lobel Tye LLP**
One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8061 Direct
kgannon@princelobel.com

---

**From:** Nathan R. Speed <Nathan.Speed@WolfGreenfield.com>
**Sent:** Wednesday, August 10, 2022 3:42 PM
**To:** Gannon, Kevin <kgannon@princelobel.com>; WGS-Singularv.Google@WolfGreenfield.com; abhansali@kblfirm.com; kvpsingular@keker.com; mkwun@kblfirm.com; matthiaskamber@paulhastings.com
**Cc:** Singular <Singular@princelobel.com>; Vella, Matthew D. <mvella@princelobel.com>; Hayes, Paul <phayes@princelobel.com>; Doherty, Adam <adoherty@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC; Case No. 1:19-cv-12551 FDS - Motion for Leave

Kevin,

Before Google takes a position on Singular's proposed amendments, could you please send us a redline identifying the amendments?  We can get back to you with our position promptly thereafter.

Thanks,

Nathan

---

**From:** Gannon, Kevin <kgannon@princelobel.com>
**Sent:** Tuesday, August 9, 2022 4:16 PM
**To:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>; WGS-Singular v. Google <WGS-

Singularv.Google@WolfGreenfield.com>; abhansali@kblfirm.com; kvpsingular@keker.com; mkwun@kblfirm.com; matthiaskamber@paulhastings.com
**Cc:** Singular <Singular@princelobel.com>; Vella, Matthew D. <mvella@princelobel.com>; Hayes, Paul <phayes@princelobel.com>; Doherty, Adam <adoherty@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC; Case No. 1:19-cv-12551 FDS - Motion for Leave

Counsel,

I just wanted to follow up on our request.  Please let us know whether Google will oppose our motion. If you would like to meet and confer, please let us know your availability tomorrow between 10:00-3:30 ET.

Thanks,
Kevin

---

**From:** Gannon, Kevin
**Sent:** Monday, August 8, 2022 10:39 AM
**To:** Nathan R. Speed <nathan.speed@wolfgreenfield.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; kvpsingular@keker.com; mkwun@kblfirm.com; matthiaskamber@paulhastings.com
**Cc:** Singular <Singular@princelobel.com>; Vella, Matthew D. <mvella@princelobel.com>; Hayes, Paul <phayes@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC; Case No. 1:19-cv-12551 FDS - Motion for Leave

Counsel,

Singular intends to move for leave to serve supplemental infringement contentions solely to add citations to Google's source code.  Please let us know if Google will oppose.  We are also available to meet and confer today between 11:30–4:30 ET and tomorrow between 9:30-4:00 ET.

Thanks,
Kevin

**Kevin Gannon**



Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8061 Direct
kgannon@princelobel.com

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.