**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | |
| v. | Hon. F. Dennis Saylor IV |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S**
**MOTION FOR LEAVE TO SUPPLEMENT NON-INFRINGEMENT**
**AND INVALIDITY CONTENTIONS**

**TABLE OF CONTENTS**

I.      BACKGROUND ......................................................................................................... 1

II.     LEGAL STANDARDS ............................................................................................... 4

III.    ARGUMENT............................................................................................................... 4

        A.  PREJUDICE ...................................................................................................... 4

        B.  LACK OF DILIGENCE ..................................................................................... 5

IV.     CONCLUSION............................................................................................................ 6

**TABLE OF AUTHORITIES**

**Cases**

*Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*,
  2007 WL 2221029 (N.D. Cal. July 30, 2007)................................................................ 6

*Angioscore, Inc. v. TriReme Med., Inc.*,
  2015 WL 75187 (N.D. Cal. Jan. 6, 2015) .................................................................... 6

*ATEN Int'l Co., Ltd. v. Uniclass Tech Co., Ltd.*,
  932 F.3d 1364 (Fed. Cir. 2019)................................................................................. 5

*Cal. Inst. of Tech. v. Broadcom Ltd.*,
  25 F.4th 976 (Fed. Cir. 2022) ......................................................................... 1, 2, 3

*GoPro, Inc. v. 360Heros, Inc.*,
  2017 WL 1278756 (N.D. Cal. Apr. 6, 2017) ............................................................. 6

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
  2014 WL 4773960 (N.D. Cal. Sept. 19, 2014) .......................................................... 6

*iLife Techs., Inc. v. Nintendo of Am., Inc.*,
  No. 3:13-cv-04987, 2017 WL 525708 (N.D. Tex. Feb. 9, 2017) ............................... 3

*In re Atlantic Pipe Corp.*,
  304 F.3d 135 (1st Cir. 2002)..................................................................................... 5

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  No. 18-452, 2022 WL 2800861 (D. Del. Jun. 15, 2022) ........................................... 2

*Midwest Athletics & Sports All. LLC v. Xerox Corp.*,
  2021 WL 2906372 (W.D.N.Y. July 9, 2021)............................................................. 6

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006).................................................................................. 5

*Parallel Networks Licensing, LLC v. Int'l Bus. Machs. Corp.*,
  No. 13-2072, 2017 WL 1045912 (D. Del. Feb. 22, 2017),
  *aff'd*, 721 Fed. Appx. 994 (Fed. Cir. 2018) ............................................................ 2

*Philips N. Am. LLC v. Fitbit LLC*,
  No. 19-11586-FDS, 2021 WL 5417103 (D. Mass. Nov. 19, 2021)....................... 5, 6

*Snyders Heart Valve LLC v. St. Jude Med.*,
  No. 18-2030, 2020 WL 1445835 (D. Minn. Mar. 25, 2020) ..................................... 2

*SoClean, Inc. v. Sunset Healthcase Sols., Inc.*,
  No. 20-cv-10351-IT, Dkt. No. 89 (D. Mass. Nov. 30, 2020) ................................... 4

*Thermapure, Inc. v. Giertsen Co. of Illinois*,
    2012 WL 6196912 (N.D. Ill. Dec. 11, 2012) ............................................................................. 6

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this opposition to the motion of defendant, Google LLC ("Google"), for leave to supplement its non-infringement and invalidity contentions.  Google's motion to "supplement" is nothing more than an attempt to avoid the consequences of IPR estoppel and add new theories of non-infringement.  Accordingly, Singular requests that the motion be denied.

## I.     BACKGROUND

The PTAB issued a Final Written Decision ("FWD") in each of the three instituted IPRs. Pertinent to this proceeding, the PTAB upheld the validity of asserted claim 53 of the '273 patent and asserted claim 7 of the '156 patent.  The PTAB found asserted claims 4 and 13 of the '961 patent to be invalid.  Accordingly, as noted during the recent status conference with the Court, Singular does not intend to pursue claims 4 and 13 of the '961 patent further in this case.

As the PTAB issued FWDs in each instituted IPR proceeding, IPR estoppel has been triggered pursuant to 35 U.S.C. § 315(e)(2).  Accordingly, Google is now estopped from relying upon the prior art that it cited during the IPR proceedings and prior art of which it was aware when it filed for IPR (which includes the prior art references cited in its invalidity contentions). *See Cal. Inst. of Tech. v. Broadcom Ltd.,* 25 F.4th 976, 991 (Fed. Cir. 2022) (holding that "estoppel applies not just to claims and grounds asserted in the petition and instituted for consideration by the Board, but to all grounds not stated in the petition but which reasonably could have been asserted against the claims included in the petition.")

Google filed its petitions for IPR between October 30 and November 6, 2020. *See*, *e.g.*, Exs. A-C.[1]  Google served its original Non-Infringement and Invalidity Contentions on

---

[1] Unless otherwise noted, all exhibits are attached to the Declaration of Kevin Gannon ("Gannon Decl.") submitted herewith.

November 6, 2020. *See* Ex. D.  Thus, when Google filed for the IPRs, it was aware of all of the

prior art cited in its Invalidity Contentions.  Accordingly, Google is now estopped from relying

upon all of the patents and printed publications identified in those Invalidity Contentions. *Cal.*

*Inst. of Tech. v. Broadcom,* 25 F.4th at 991; *see also IOENGINE, LLC v. PayPal Holdings, Inc.*,

No. 18-452, 2022 WL 2800861, at *30 (D. Del. Jun. 15, 2022) (Bryson J) (IPR estoppel extends

to prior art disclosed in invalidity contentions); *Snyders Heart Valve LLC v. St. Jude Med.*, No.

18-2030, 2020 WL 1445835, at *8 (D. Minn. Mar. 25, 2020) (same).[2]

   In a transparent effort to avoid this broad statutory estoppel, Google now seeks to add

new prior art to its Invalidity Contentions.  More particularly, as indicated by its proposed

redline amendment below, Google now attempts to add to its proposed new invalidity

contentions the Lienhart and Hamada references:

> Furthermore, as disclosed in Lienhart, it was known to combine logarithmic-based
> arithmetic units such as those of GRAPE-3 with addressable memory paired with the processing
> element(s) and control for the processing elements. *See* Lienhart, at 3 & Fig. 1. Hamada et al.,
> PROGRAPE-1, A Programmable, Multi-Purpose Computer for Many-Body Simulations, Publ.
> Astron. Soc. Japan 52 (2000), likewise discloses the use of control for processing elements and
> addressable memory with the logarithmic-based disclosures of GRAPE-3. Hamada, at 945-46.

*See* Bhansali Decl. Ex 1 (Dkt. No. 361-1) at p. 26.  Google should not be permitted to sneak

these prior art references into its proposed amended invalidity claim charts to end-run around

statutory IPR estoppel under the guise of responding to the Court's Order on Claim Construction

("CC Order").

---

[2] 35 U.S.C. 315(e)(2) is a "broad estoppel provision [that] prevents inter partes review petitioners from raising arguments in federal court that could have been raised during their IPRs." *Parallel Networks Licensing, LLC v. Int'l Bus. Machs. Corp.*, No. 13-2072, 2017 WL 1045912, at *12 (D. Del. Feb. 22, 2017), *aff'd*, 721 Fed. Appx. 994 (Fed. Cir. 2018).

Google has been aware of the Lienhart article since, at the latest, November 6, 2020 when, *inter alia*, it produced a copy to Singular during discovery. *See* Gannon Decl., ¶ 6. The Hamada article is referenced in two other articles that Google also produced to Singular in this case on November 6, 2020. *Id.* at ¶ 7. Thus, as Google has known of these references since it filed for IPR almost two years ago, it is estopped under the IPR rules from relying on these new references in this case. *See Cal. Inst. of Tech. v. Broadcom,* 25 F.4th at 991

Google also argues that it needs to amend its non-infringement contentions due to claim construction arguments Singular made during the IPRs proceedings. That argument is a red herring. First, this Court has construed the claims and that is the construction that will govern during trial of this case (expected to take place well prior to any Federal Circuit decision in the IPR appeals). Second, this Court is not bound by any claim construction rendered by the PTAB. *See*, *e.g.*, *iLife Techs., Inc. v. Nintendo of Am., Inc.*, No. 3:13-cv-04987, 2017 WL 525708, at *22 (N.D. Tex. Feb. 9, 2017) ("the Court is not bound to follow or take guidance from the PTAB's decisions") (Patent Owner's Preliminary Response). Third, Google has known of Singular's IPR position since at least February 24, 2021 when Singular filed its Patent Owner's Preliminary Response in the IPR proceedings. *See*, *e.g.*, Ex. E, pp. 1-2 ("Dockser teaches away from execution units that operate *only* at low precision") (emphasis in original). Despite such knowledge, Google did not bring any such Singular position to this Court's attention during the *Markman* hearing on March 31, 2021, or prior to the Court issuing the *Markman* decision on July 27, 2022.

## II.    LEGAL STANDARDS

Pursuant to Local Rule 16.6(d)(5), non-infringement and invalidity contentions "may be amended and supplemented only by leave of court upon a timely showing of good cause." Absent prejudice to the non-moving party, a claim construction by the Court that is different from that proposed by the moving party may support a finding of good cause provided amendment is requested within 28 days of the claim construction order being issued. *Id.*

## III.    ARGUMENT

L.R. 16.(d)(5) states that non-infringement and invalidity contentions "may be" amended and supplanted following claim construction.  Thus, the Rule is discretionary, not mandatory. Google cites an electronic order in *SoClean, Inc. v. Sunset Healthcase Sols., Inc.*, No. 20-cv-10351-IT, Dkt. No. 89 (D. Mass. Nov. 30, 2020) in support of its motion. *See* Mot. at p. 4.  In that case, the motion to amend was filed prior to the end of fact discovery. *See* Gannon Decl., ¶ 9.  The deadline for taking fact discovery in this case passed over a year ago, on July 23, 2021. *See* Dkt. No. 70, ¶ 5b.  Moreover, amendment and supplementation is only permitted if it does not result in undue prejudice to the non-moving party.  Here, not only would Singular be unduly prejudiced by the amendments which, *inter alia*, attempt to inject new prior art references into the contentions well after fact discovery has closed, but Google is also estopped from relying on such prior art.  Accordingly, the present motion should be denied.

### A.    PREJUDICE

Amendment following a claim construction order is expressly disallowed if amendment were to cause undue prejudice to the non-moving party. *See* L.R. 16.6(d)(5).  As indicated above, Google is trying to add new prior art references into its invalidity claim charts in an attempt to circumvent IPR estoppel.  Fact discovery in this case closed in 2021.  Therefore, Singular is

4

prejudiced because it will need to commence fact discovery regarding this new art.  For example, Google now identifies a "device" named PROGRAPE that is referenced in the Hamada article. Google did not produce this device during discovery, and has not identified when this "device" was made.  Google has not identified who made this device nor provided the names of any witnesses that can support such claim.  For a "device" even to be considered a piece of prior art it must have been made by another before the critical date with respect Dr. Bates' inventions. *See*, *e.g.*, *ATEN Int'l Co., Ltd. v. Uniclass Tech Co., Ltd.*, 932 F.3d 1364, 1368 (Fed. Cir. 2019). Thus, to the extent Google now attempts to rely on this "device" as prior art, extensive discovery would need to be taken with regard to these basic facts.

Singular submits that, coming almost three years after the filing of the complaint and over one year after the close of discovery, Google's proposed amendment will only serve to further delay this litigation and postpone a trial now well overdue.  Justice delayed is simply not justice delivered. *See*, *e.g.*, *In re Atlantic Pipe Corp.*, 304 F.3d 135, 147 (1st Cir. 2002) ("it is trite but true that justice delayed is justice denied.")  Google has already delayed this case via its IPR petitions and now has to bear the IPR estoppel consequences of its actions.  It should not be permitted to cause further delay via its present motion.

B.      LACK OF DILIGENCE

Google has the burden of demonstrating that it has acted diligently in bringing the present motion. *See*, *e.g.*, *Philips N. Am. LLC v. Fitbit LLC*, No. 19-11586-FDS, 2021 WL 5417103, at *3 (D. Mass. Nov. 19, 2021) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).  Google has known, or reasonably should have known of the Lienhart and Hamada references since at least November 6, 2020, almost 2 years ago.

Likewise, Google has known about the claim construction issues in the IPR proceedings for 18 months.  More particularly, Google has known of Singular's IPR argument since at least February 24, 2021 when Singular filed its Patent Owner's Preliminary Response in the IPRs. *See* Ex. E.[3]  This case was stayed almost four months later, on June 10, 2021 (at Google's request). The stay lifted on May 12, 2022, yet Google never raised the IPR issue at the Markman hearing on March 31, 2021, or once the stay lifted or before the Court issued the CC Order on July 27, 2022. *See* Dkt. No. 354.  Google's 18 month delay in raising this issue is the antithesis of diligence.

As this Court stated in *Philips* regarding diligence:

> Although diligence is a fact-specific inquiry, court have tended to rely substantially on the length of delay as the most important factor. Courts have typically rejected a finding of diligence where new products were available for five months or more. *See, e.g.*, *Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, 2007 WL 2221029, at *1 (N.D. Cal. July 30, 2007) (plaintiff not diligent after waiting five months); *GoPro, Inc. v. 360Heros, Inc.*, 2017 WL 1278756, at *2 (N.D. Cal. Apr. 6, 2017) (seven months); *Angioscore, Inc. v. TriReme Med., Inc.*, 2015 WL 75187, at *5 (N.D. Cal. Jan. 6, 2015) (ten months); *Thermapure, Inc. v. Giertsen Co. of Illinois*, 2012 WL 6196912, at *4 (N.D. Ill. Dec. 11, 2012) (eleven months); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2014 WL 4773960, at *2 (N.D. Cal. Sept. 19, 2014) (more than one year); *Midwest Athletics & Sports All. LLC v. Xerox Corp.*, 2021 WL 2906372, at *6 (W.D.N.Y. July 9, 2021) (twenty months).

*Philips*, 2021 WL 5417103, at *3.  As in the cited cases, Google's 18 month delay demonstrates a clear lack of diligence.  Thus, as in *Philips*, the motion to amend should be denied.

## IV.    CONCLUSION

For the reasons set forth above, Google's motion for leave to amend should be denied.

---

[3] As pointed out in Singular's reply claim construction brief in this case, Google presented different claim construction arguments to the PTAB in the IPR proceedings than it did to this Court. *See* Dkt. No. 135, at p. 10.

Dated: September 7, 2022

Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian Seeve (BBO #670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 7, 2022.

*/s/ Paul J. Hayes*

7