IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | C.A. No. 1:19-cv-12551-FDS <br><br> Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFF'S
REQUEST FOR STATUS CONFERENCE**

In response to Plaintiff Singular Computing LLC's request for a status conference (Dkt. No. 369), Defendant Google LLC submits this brief response to request that any such status conference be held prior to entry of a schedule for the remainder of the case. Such a status conference will provide the parties and the Court an opportunity to discuss how each of the following factors affects the remaining schedule:

- Singular's pending appeals of the PTAB's invalidity findings on all three asserted patents. The appeals were filed on July 12, 2022, after the prior May 26, 2022 case management conference.[1] As explained in Google's Memorandum of Law in support of its Motion For Leave to File Supplemental Non-Infringement and Invalidity Contentions, Google cannot infringe under the claim construction position that Singular has indicated it will advocate in that appeal—based on the admission of Singular's own expert. D.I. 360 at 12-16; *see also* D.I. 368 (Google Reply) at 6-7.

---

[1] Google has also appealed the PTAB's decision as to the subset of challenged claims that were not invalidated (including the asserted claims of U.S. Patent Nos. 8,407,273 and 9,218,156).

- Singular's failure to dismiss with prejudice its claims of infringement for U.S. Patent 10,416,961 and provide Google with a covenant not to sue on that patent. The PTAB invalidated all asserted claims of the '961 Patent; however, that decision remains non-final because, as noted above, Singular has appealed. Although Singular previously stated that it would both dismiss this patent and provide Google with a covenant not to sue, *see* 5/26/2022 Tr., at 10-11, its failure to do so leaves the status of the asserted '961 Patent in this case (and thus whether and/or how it should be addressed during expert discovery and at trial) unclear.

- Singular's failure to take any steps to dismiss the subsequent case it filed against Google in this Court asserting related different patents, No. 1:21-cv-12110-FDS, despite representing at the prior case management conference that it would do so. *Id.* at 5.

Respectfully submitted,

Dated: October 5, 2022       By:    */s/ Nathan R. Speed*
Gregory F. Corbett (BBO #646394)
gcorbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nspeed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
edimarco@wolfgreenfield.com
Anant K. Saraswat (BBO #676048)
asaraswat@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com

2

Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Michael S. Kwun (admitted *pro hac vice*)
mkwun@kblfirm.com
Asim M. Bhansali (admitted *pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350
Fax: (415) 367-1539

Matthias A. Kamber (admitted *pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

*Counsel for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                              */s/ Nathan R. Speed*
                                                              Nathan R. Speed