UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF VALIDITY BASED UPON *INTER PARTES* REVIEW ESTOPPEL UNDER 35 U.S.C. § 315(e)(2)**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56-2, plaintiff, Singular Computing LLC ("Singular"), submits the following Statement of Undisputed Material Facts in support of its motion for partial summary judgment of validity based upon *inter partes* review estoppel under 35 U.S.C. § 315(e)(2).

| No. | Statement of Fact | Supporting Evidence |
|---|---|---|
| 1. | Singular is the owner, by assignment of U.S. Patent No. 10,416,961 ("the '961 patent"). | Amended Complaint, ¶¶ 27-28; Dkt. No. 44. |
| 2. | Singular is the owner, by assignment of U.S. Patent No. 9,218,156 ("the '156 patent"). | Amended Complaint, ¶¶ 27-28; Dkt. No. 44. |
| 3. | Singular is the owner, by assignment of U.S. Patent No. 8,407,273 ("the '273 patent"). | Amended Complaint, ¶¶ 27-28; Dkt. No. 44. |
| 4. | Singular filed the Complaint in this action on December 20, 2019. | Dkt. No. 1. |
| 5. | Singular filed the Amended Complaint in this action on March 20, 2020. | Dkt. No. 37. |
| 6. | Google LLC ("Google") answered the Amended Complaint on July 9, 2020. | Dkt. No. 53. |

| No. | Statement of Fact | Supporting Evidence |
|---|---|---|
| 7. | Google filed an Amended Answer on July 23, 2020 | Dkt. No. 57. |
| 8. | In the First Affirmative Defense in its Amended Answer, Google alleges that the claims of the patents-in-suit are invalid under 35 U.S.C. §§ 102 and 103. | Dkt. No. 57, p. 23. |
| 9. | On October 30, 2020, Google filed a Petition for *Inter Partes* Review ("IPR") of the '961 patent that included an Appendix of Exhibits identifying numerous alleged prior art patents and printed publications and arguing that the challenged claims are invalid for obviousness. | Declaration of Kevin Gannon, Ex. D. |
| 10. | The Patent Trial and Appeal Board ("PTAB") assigned the '961 IPR number IPR2021-00155. | Declaration of Kevin Gannon, Ex. D. |
| 11. | On November 5, 2020, Google filed a Petition for IPR of the '156 patent that included an Appendix of Exhibits identifying numerous alleged prior art patents and printed publications and arguing that the challenged claims are invalid for obviousness. | Declaration of Kevin Gannon, Ex. E. |
| 12. | The PTAB assigned the '156 IPR number IPR2021-00165. | Declaration of Kevin Gannon, Ex. E. |
| 13. | On November 6, 2020, Google filed a Petition for IPR of the '273 patent that included an Appendix of Exhibits identifying numerous alleged prior art patents and printed publications and arguing that the challenged claims are invalid for obviousness. | Declaration of Kevin Gannon, Ex. F. |
| 14. | The PTAB assigned the '273 IPR number IPR2021-00179. | Declaration of Kevin Gannon, Ex. F. |
| 15. | After a consolidated trial, the PTAB issued a Final Written Decision in IPR2021-00155 on May 11, 2022, finding, *inter alia*, that claims 3 and 23 of the '961 patent are not unpatentable. | Declaration of Kevin Gannon, Ex. A. |

| No. | Statement of Fact | Supporting Evidence |
|---|---|---|
| 16. | After the consolidated trial, the PTAB issued a Final Written Decision in IPR2021-00165 on May 11, 2022, finding, *inter alia*, that claims 3-8 of the '156 patent are not unpatentable. | Declaration of Kevin Gannon, Ex. B. |
| 17. | After the consolidated trial, the PTAB issued a Final Written Decision in IPR2021-00179 on May 11, 2022, finding, *inter alia*, that claims 3-20, 25, 34-61, 63 and 67-70 of the '273 patent are not unpatentable. | Declaration of Kevin Gannon, Ex. C. |
| 18. | Google served its Responsive Contentions Regarding Non-Infringement and Invalidity with attached claim charts 1-18 on counsel for Singular on November 6, 2020. | Declaration of Kevin Gannon, Ex. H. |
| 19. | Google was aware of the patents and printed publications disclosed in its Petitions for IPR on or before October 30, 2020. | Declaration of Kevin Gannon, Exs. F, G. |
| 20. | Google was aware of the patents and printed publications disclosed in its Responsive Contentions Regarding Non-Infringement and Invalidity on or before November 6, 2020. | Declaration of Kevin Gannon, Exs. H-Y. |
| 21. | Google reasonably could have raised in one or more of its Petitions for IPR the prior art identified in its Petitions in addition to Dockser, Tong *et al.* and MacMillan. | Declaration of Kevin Gannon, Ex. D-G. |
| 22. | Google reasonably could have raised in one or more of its Petitions for IPR the prior art printed publications cited in its Invalidity Contentions and claim charts 1-17 served on counsel for Singular on November 6, 2020. | Declaration of Kevin Gannon, Ex. H-Y. |

3

| No. | Statement of Fact | Supporting Evidence |
|---|---|---|
| 23. | In its invalidity claim charts 1-17, Google asserts that each element of the asserted claims is described in the patents and/or printed publications as set forth in the charts. | Declaration of Kevin Gannon, Exs. I-Y. |
| 24. | In each of its 17 claim charts, Google mapped the elements of the claims solely to the cited prior art printed publications. | Declaration of Kevin Gannon, Exs. I-Y. |
| 25. | In its invalidity chart for GRAPE-3 device, Google sets forth an element by element comparison citing solely to prior art printed publications that Google asserts describe the structure and operation of the device. | Declaration of Kevin Gannon, Ex. W. |

Dated: November 3, 2022

Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO#670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

      I certify that on November 3, 2022, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                         */s/ Paul J. Hayes*