# EXHIBIT D

Paper No. __

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

GOOGLE LLC,
Petitioner,

v.

SINGULAR COMPUTING LLC,
Patent Owner.

Case No. IPR2021-00155
Patent No. 10,416,961

**PETITION FOR INTER PARTES REVIEW
UNDER 35 U.S.C. §§ 311-319 AND 37 C.F.R. § 42.1 et seq**

that saved power by reducing precision in its floating-point operations to whatever precision was needed for a particular application. Dockser, [0003]-[0007]; Goodin, ¶ 35.

The challenged claims encompass this prior-art concept. Claim 1 recites a device comprising an LPHDR execution unit adapted to execute an operation on an input signal representing a first numerical value to produce an output signal representing a second numerical value, and a generic computing device adapted to control operation of the execution unit. Nothing more. The remainder of the claim simply characterizes the execution unit's performance by reciting its minimum dynamic range and degree of imprecision. Goodin, ¶¶ 36, 38.

## II. SUMMARY OF GROUNDS

The challenged claims would have been obvious under § 103 as the following grounds demonstrate. Each reference below (none of which was before the examiner) is prior art under pre-AIA § 102(b) even assuming the challenged claims were entitled to their earliest claimed priority date (they are not as Petitioner's concurrently filed petition demonstrates).

| Ground Number and Reference(s) | | Claims |
|---|---|---|
| 1 | Dockser (Ex. 1007) | 1-2, 4-5, 10, 13-14 |
| 2 | Dockser, Tong (Ex. 1008) | 1-2, 4-5, 10, 13-14, 21, 24-25 |
| 3 | Dockser, MacMillan (Ex. 1009) | 1-5, 10, 13-14 |
| 4 | Dockser, Tong, MacMillan | 1-5, 10, 13-14, 21, 23-25 |

### B. Section 325(d): The Petition Presents New Art and Arguments Not Previously Considered

In applying § 325(d), the Board uses the two-part framework of *Advanced Bionics v. MED-El Elektromedizinische Geräte GmbH*, IPR2019-01469, Paper 6 at 8-9 (Feb. 13, 2020) (precedential).

The Petition's grounds are based on references neither considered during prosecution nor duplicative of art previously considered. *Supra* § IV.A.

Thus "the first part of the framework set forth in *Advanced Bionics* is not met," and the Board "need not reach" its second prong. *TalexMedical, LLC v. Becon Med., Ltd.*, IPR2020-00030, Paper 7 at 9-10 (Apr. 17, 2020) (first prong not met where petition's references were not of record and no rejections or substantive arguments were made during prosecution).

### X. CONCLUSION

The Board should institute review and cancel claims 1-5, 10, 13-14, 21, and 23-25.

Dated: October 30, 2020

Respectfully submitted,
*Google LLC*

By /Elisabeth Hunt/
Elisabeth H. Hunt, Reg. No. 67,336
WOLF GREENFIELD & SACKS, P.C.