1                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
2


3


4    SINGULAR COMPUTING LLC,              )
                                          )
5                        Plaintiff        )  Civil Action
                                          )
6                                         )  No. 19-12551-FDS
     vs.                                  )
7                                         )
     GOOGLE LLC,                          )
8                        Defendant        )


9


10   BEFORE:  CHIEF JUDGE F. DENNIS SAYLOR, IV


11


12              STATUS CONFERENCE CONDUCTED BY ZOOM


13


14


15             John Joseph Moakley United States Courthouse
                          1 Courthouse Way
16                        Boston, MA 02210


17


18                        December 7, 2022
                             4:00 p.m.


19


20


21


22


23             Valerie A. O'Hara, FCRR, RPR
                       Official Court Reporter
24        John Joseph Moakley United States Courthouse
                          1 Courthouse Way
25                        Boston, MA 02210
                     E-mail: vaohara@gmail.com

1    APPEARANCES:

2    For The Plaintiff:

3        Prince, Lobel, Tye, LLP, by PAUL J. HAYES, ESQ., and
     KEVIN GANNON, ESQ., One International Place, Boston,
4    Massachusetts 02110;

5        McCarter & English, LLP, by BRIAN M. SEEVE, ESQ.,
     265 Franklin Street, Boston, Massachusetts 02110;
6
     For the Defendant:
7
         Keker, Van Nest & Peters LLP, by ROBERT A. VAN NEST, ESQ.,
8    MATTHIAS A. KAMBER, ESQ., and ANDREW BRUNS, ESQ., 633 Battery
     March Street, San Francisco, California 94111.
9
         Paul Hastings LLP, by MATTHIAS A. KAMBER, ESQ.,
10   101 California Street, Suite Forty-Eighth Floor,
     San Francisco, CA 94111
11
         Wolf, Greenfield & Sacks, P.C., by NATHAN R. SPEED, ESQ.,
12   600 Atlantic Avenue, Boston, Massachusetts 02210.

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>PROCEEDINGS</u>

1
2          THE CLERK:  Court is now in session in the matter of
3     in this matter of Singular Computing LLC, vs. Google, LLC,
4     Civil Action Number 19-12551.
5          Participants are reminded that photographing,
6     recording or rebroadcasting of this hearing is prohibited and
7     may result in sanctions.
8          Would counsel please identify themselves for the
9     record, starting with the plaintiffs.
04:01PM 10          MR. HAYES:  Paul Hayes for the plaintiff.
11          MR. GANNON:  Kevin Gannon for the plaintiff.
12          MR. SEEVE:  Brian Seeve for the plaintiff.
13          THE COURT:  Good afternoon.  All right.  This is a
14     status conference in this case.  From my standpoint, the
15     principal thing I want to accomplish is to set a trial date so
16     that we all can plan around that.
17          I've received the parties' e-mails, and my
18     understanding is the parties expect this to be a 8- to 10-day
19     trial.  It's pretty clear to me based on the responses that the
04:01PM 20     most felicitous time to try this case would be in the month of
21     May, when I think there are the fewest conflicts through
22     counsel and the court.
23          So I am going to be out for a few days I think like
24     May 3rd, 4th, 5th, somewhere in there, and I propose that we
25     impanel a jury on Monday, May 15th and block off those two

1    weeks and perhaps a couple days after Memorial Day as a safety

2    valve.  I think no one has said that there's a conflict for

3    that period.  Does that sound workable to you all?  Mr. Hayes.

4         MR. HAYES:  Yes, your Honor, that's fine.

5         THE COURT:  All right.

6         MR. VAN NEST:  Your Honor, excuse me, we didn't make

7    our appearances, I apologize.  Bob Van Nest from Keker,

8    Van Nest for Google.  I'm here with Andy Bruns from our office

9    and with Matthias Kamber from Paul Hastings and Nathan Speed

04:03PM 10   from the Wolf, Greenfield firm in Boston.

11        I don't think that's workable given that the schedules

12   that the parties have agreed to so far, to be honest, your

13   Honor, because our current schedule has us filing Dauberts and

14   summary judgment motions on April 7th.

15        And I can advise the court, I think the summary

16   judgment motions are going to be very heavy, at least from the

17   Google side, particularly on non-infringement and the Dauberts

18   may be as well, although as your Honor knows, we haven't seen

19   the expert report yet, so if we're filing Dauberts and summary

04:03PM 20   judgment on April 7th, then there would be, obviously,

21   oppositions and possibly replies.

22        I don't see how we could start a trial in May, given

23   that I think the court's going to need some time to set a

24   hearing, to hear the motions, to decide the motions, and I was

25   going to suggest a trial date later in the year for that reason

1    and another, which I can get to in a minute, but I think the
2    May period is unrealistic, given what the parties and the court
3    have agreed to so far as part of the pretrial.

4        THE COURT:  Well, that segues into my next topic.  I'm
5    aware of the current schedule and I guess my constellation of
6    topics, which is in no particular order, I think it is
7    difficult in my experience to schedule a matter of any
8    complexity in the summer.  It's not impossible, of course.  In
9    criminal cases, we do it all the time, but, you know, everybody
04:05PM 10   has a conflict, everybody has a vacation, expert witnesses,
11   it's just hard to make all the stars align, and I think as a
12   practical matter, if we don't do it in May or perhaps June,
13   we're off until September.

14       As far as summary judgment motions go, I have one
15   pending now.  Do we really need to wait to the deadline to file
16   motions for summary judgment?  If you know, for example, that
17   you are bringing a motion for summary judgment of
18   non-infringement, why does it have to wait until April to be
19   filed, and would it be the end of the world if we try to
04:05PM 20   confine that to Daubert motions and to compress that timetable
21   somewhat?  I'm tossing all those out as ideas and comments.

22       I understand there's a lot of moving pieces here.
23   It's not my intention to make anyone's life miserable, and to
24   be blunt about it, this is not a subject matter where I can
25   always turn on a dime.  It's not a slip and fall at a Wal-Mart.

1    Sometimes it takes me a while to understand what the parties'

2    arguments are, but let me start with the question of do you

3    need to wait until April to file a motion for summary judgment

4    of non-infringement if you know and believe right now that

5    there is a meritorious such motion?

6              MR. VAN NEST:  Your Honor, I think we have to wait

7    until close to that time, maybe not all the way, but neither

8    party has filed opening expert reports yet.  Those aren't going

9    to be filed until later this month, and then rebuttal reports

04:06PM 10   aren't going to be filed until I think February, and then we'll

11   have a period of expert discovery where the experts will be

12   deposed, and, obviously, as your Honor is well aware, in a

13   patent case like this, putting aside damages even for just a

14   minute, it's the expert testimony that's critical, and the

15   expert reports and depositions are critical, and, no, so, I

16   don't see on the current schedule that we could file the

17   motions much earlier than April 7 given the schedule we've got

18   for expert reports and expert discovery.

19              We also have, obviously, a damages case, too, and

04:07PM 20   that's relatively complex in a case like this.  I think there

21   we're talking a lot more about Dauberts than a summary judgment

22   issue, although I wouldn't rule it out, but I know they'll be

23   summary judgment, at least on non-infringement, but I think

24   that's going to have to wait to see exactly what their expert

25   report says and what their expert testifies to, what our

1    experts say and testify to, so while we could probably compress

2    it a little bit, I don't think much based on the parties'

3    current agreement and the current schedule.

4            I do think -- oh, excuse me.

5            THE COURT:  Again, I obviously, I'm pushing back

6    somewhat in the abstract here because I don't quite know every

7    detail, well, I don't know any of the details, I should say,

8    but it's rare, to say the least, that summary judgment is

9    granted on the basis of an expert report unless the other

04:08PM 10    side's expert makes some big concession, you know, summary

11    judgment tends to turn on fact, not disputed expert opinions.

12            You know, in a patent case involving a widget, you

13    know, I construe the claim, and you say, well, look the widget

14    in question doesn't have the patented shape or knob or function

15    or whatever it is that is claimed, and, therefore, you know, we

16    haven't infringed, and it's not clear to me, you know, I can't

17    compete among or I can't sort out competing expert reports that

18    are based on credibility on summary judgment, and you're

19    telling me you believe you have a meritorious motion of

04:09PM 20    non-infringement.  You must have some expert, you must have

21    some facts backing that up.  Why do you need to depose your

22    deponent's expert to make that case?

23            MR. VAN NEST:  Well, I don't disagree in general, your

24    Honor, that summary judgment turns on facts.  I would say that

25    this is a fairly complex technology area, and I do think that

1    the plaintiff's opposition is going to rest largely upon their

2    expert's testimony attempting to establish infringement, so

3    while you're quite right that the facts about how the Google

4    TPUs operate are going to be critical, that's certainly true,

5    and it's certainly true that the witnesses have testified the

6    percipients about that and documents have been exchanged.

7         I do think that the expert analysis on both sides is

8    going to be critical to helping your Honor understand and

9    decide the case, and so I think it would be highly unusual and

04:10PM 10   I think imprudent on my part to say that I could file a summary

11   judgment motion without knowing what their certain is going to

12   say, which I don't know yet both in his report and in his

13   testimony.

14        So while I'm not aversed to, you know, re-evaluating

15   the schedule, I think the schedule we have for a case of this

16   complexity magnitude is perfectly appropriate and with one

17   caveat, which I'll get to in a minute, I do think that the

18   September time frame, I agree with you that summer is difficult

19   and the parties have a lot of conflicts, but you do have

04:11PM 20   competing letters with three weeks in September that are open,

21   and I really think that given the schedule, if we stay with

22   what we've all agreed to, that's going to give us time to do

23   the Dauberts, do the summary judgment, give your Honor time to

24   evaluate the case, do a realistic pretrial, and have this case

25   ready for trial if we need one in the fall.

1        I'll have one caveat to that in a minute, but I do

2     think if your Honor wishes to set a date today, that

3     September time is more realistic based on the schedule that the

4     parties agreed to.

5             THE COURT:  And what is that caveat?

6             MR. VAN NEST:  It's the point that we made briefly

7     last time, which is that -- and what I'm going to suggest as an

8     alternative is that we set another CMC in January.  The

9     plaintiffs are appealing the IPR result.  There are a number of

04:12PM 10    claims, as your Honor is aware, on which Google prevailed.

11    They're asking the Federal Circuit to adopt a claim

12    construction different from what your Honor has adopted for

13    this case.

14            If the Federal Circuit were to adopt that, it would be

15    binding on all of us, and it would provide yet an additional

16    basis for non-infringement for the defendants.

17            Now, it's not one that we have now, it's a different

18    argument, but it's one that we would have if the Federal

19    Circuit were to adopt a claim construction.  Your Honor has

04:12PM 20    given us I think plain and ordinary meaning on this term.  I

21    don't know for sure whether the plaintiffs are going to make

22    this claim.  They did make it in the PTAB, but we will know

23    that by January because their brief will be filed.  It does

24    seem to me that if that's going to go on, it does not make a

25    lot of sense to schedule a trial before we know what the

1    Federal Circuit is going to say about the claim construction,

2    in which case I think we would need to set a trial date later

3    in the year or maybe even in January, but the briefing on the

4    appeal will be done in the spring, and then they'll be a

5    hearing, as your Honor knows, in the Federal Circuit, and then

6    they'll be a decision, but I think the parties anticipate a

7    decision in the mid-fall on the IPR appeal, and we'll know

8    exactly what arguments Singular intends to raise here in a

9    couple of weeks, and I think we would be better off just giving

04:13PM 10    ourselves another CMC shot at this in January when we could

11    make a final decision on the date.

12         The September date would still be available for

13    everybody if the Court felt that was appropriate, but if I'm

14    right, and they're going to raise this issue, I don't think it

15    makes sense to spend court time and client time and money until

16    we know what the claim construction is going to be.  That's my

17    caveat.

18         THE COURT:  Okay.  Mr. Hayes, do you want to respond?

19         MR. HAYES:  Yes, my comment is, your Honor, I think we

04:14PM 20    should try the case in May simply because otherwise I think it

21    will be the twelfth of never.  My Brother's indication that he

22    won't know vis-à-vis on the appeal until January is incorrect.

23         Our brief is due, our response, December 22nd, which

24    is in a week or so, and I could tell right now we are not going

25    to appeal the -- as my Brother suggests, that's not going to be

1    an issue before the CAFC, so this argument that he's generated

2    to delay the twelfth of never is moot, and my Brother will know

3    it's moot come December 22nd.  I think we're ready, this case

4    has been pending for three and a half years, and at some point

5    it needs to be tried, and that's the only way we're going to

6    get to a negotiable settlement, if there is one.

7         With that said and done, we're available in May,

8    Judge, and we think that's the appropriate time to do it.  With

9    respect to summary judgment, they can file their summary

04:15PM 10   judgment of non-infringement any time they want.  We filed our

11   summary judgment on the issue of estoppel just so this issue

12   doesn't raise that everybody is going to clog up the courts so

13   delay, delay, delay.

14        They can file it right.  It's a question of fact.

15   It's nothing to do with expert discovery, expert testimony.  In

16   fact, if you want to just competing experts that's going to

17   generate a question of fact, if anything, so I think that if

18   they have a summary judgment, and it's time for them to either

19   put up or shut up, frankly, and certainly not to delay this

04:16PM 20   case.

21        May, I think we're ready in May, and, you know, that's

22   it.  They can file the summary judgment any time they want.

23        THE COURT:  Any response to that, Mr. Van Nest?

24        MR. VAN NEST:  Of course.  Thanks, your Honor.  I'll

25   take counsel's word for it if he's saying that he's not going

1    to appeal the claim construction or seek an alternative claim

2    construction in the Federal Circuit, I'll take his word for

3    that, and if I'm wrong, we can let the court know that in a

4    week or so, but his brief is due coming up here soon.

5            I looked back at the schedule that the parties have

6    already agreed to, and our rebuttal reports aren't due until

7    February 10th.  The close of expert discovery is not until

8    March 10th, and that's why the parties agreed very recently to

9    a Daubert and summary judgment schedule of April 7.  That's

04:17PM 10   what we all negotiated and agreed to, and that's the schedule

11   that the court gave.

12           I think in light of Mr. Hayes' comments that the

13   September period is appropriate, it allows us to maintain the

14   schedule that everyone has agreed to.  It is not customary and

15   not fair to require somebody to make a summary judgment motion

16   until they know exactly what both parties' experts are going to

17   say and how that shakes out based on the facts, and so I

18   maintain my objection to the May date.  I think the

19   September date, which is open for both parties on the calendar

04:17PM 20   is what is most appropriate in light of the work that's got to

21   be done to get us there.

22           MR. HAYES:  Your Honor, just one point, if I may.  I

23   never said I agreed to September.  I don't know where my

24   Brother got that from.

25           THE COURT:  He didn't say there was a conflict.

1          MR. HAYES:  There's no conflict, there's no conflict

2     three years from now, that's not the issue.  The issue is I

3     never agreed that we would do it then, and I think it's time to

4     do this.  If they have a summary judgment, they could file it

5     at any point in time.

6          By the way, what we agreed to, that date of April 7th

7     is the last date on which you could file a summary judgment,

8     not the first date, and they have from now to then if they want

9     to file a summary judgment of non-infringement to do it.  They

04:18PM 10     could do it within two weeks I'm sure if you ordered them to do

11     that.

12          With all due respect, it's just another delay tactic,

13     delay, delay, delay, and now I've put to bed this issue of

14     Court of Appeals, and by the way, Judge, we have agreed to

15     dismiss the present -- the second suit we've agreed to dismiss

16     it.

17          We've agreed to dismiss Count Three to speed this up.

18     I've given them a covenant not to sue, which we've negotiated

19     and I've agreed to, and I've done everything to try to get this

04:19PM 20     case to trial, and I think May is the time to do it.

21          MR. VAN NEST:  Your Honor, my point is not that

22     counsel agreed, my point was simply looking at the letters,

23     we've got a three-week window in September when neither party

24     has a conflict, that's my only point, and I do think it's

25     unfair after just negotiating a schedule where we don't

1   complete expert discovery until March 10 to suddenly say we're

2   going to get Daubert, summary judgment, pretrial and limines

3   and all that done in a month and a half.  That's just not

4   realistic in a case of this magnitude.  I haven't even seen

5   their damages report, your Honor, I won't get that until the

6   22nd, but I can imagine that it will be a whopper, and so

7   there's going to be a lot of work to do on the expert reports

8   and Dauberts there as well, so I don't think this is so

9   unusual, this is not -- this is a case for dollars.  That's

04:20PM 10   what it is, and so I don't think that the September date is

11   unrealistic at all, and, in fact, I think it will give

12   everybody time to, you know, get this case properly prepared.

13          If I'm right, we may not need a trial.  I just don't

14   see that May is realistic with the schedule that we have,

15   that's my point.

16          MR. HAYES:  My only point, Judge, this isn't just a

17   case for dollars, this is a case for Dr. Bates' invention

18   that's been sitting for three and a half years.  It's not just

19   dollars.  This is his entire life in this case, not dollars,

04:21PM 20   counsel, and I think we should get it over with and try the

21   case, period.  If you've got a summary judgment, file it.

22          THE COURT:  All right.  Here's what I'm going to do.

23   I'm going to let this percolate, I'm going to make a decision

24   promptly because we need to belong off the time.  For what it's

25   worth, I'm not going to try this case any earlier than May, and

1    I'm not going to try it any later than September.  That's the

2    window.  I don't set trial dates for interiorem purposes in

3    order to try to force settlement or to make everyone's life

4    miserable, it's going to be a real trial date.  I'm not going

5    to set anything else for that date, and I'm not going to move

6    it come anything short of a new pandemic or eruption of a

7    volcano under the courthouse or something of that sort.

8            For what it's worth, if the parties say this is an 8-

9    to 10 day trial and if I set aside 10 days, I expect it to be

04:22PM 10   tried in 10 days.  I'm sure you're experienced, and I don't

11   need to tell you this, but jurors are not normally masochistic,

12   and they like brisk, clear presentations, and I don't like

13   telling counsel how to try their case, I don't like gimmicks,

14   like chess clocks, or artificial limitations or whatever, but

15   whatever period I set, and we'll have a safety valve of some

16   sort because sometimes things do happen, but that's going to be

17   the trial date, and we're going to fit it within that window,

18   and I expect that there will be a clear, brisk, streamlined

19   presentation.

04:23PM 20          Because I agree to a considerable extent with both of

21   you, I want to think about this a little bit more, look at the

22   calendar, look at the docket here a little bit more and think

23   about this.  I make no promises one way or the other, but I

24   doubt I'll do it in the summer, but I'm not foreclosing that

25   either.  It's either going to be the middle of May or the

1   beginning of September.  Those are going to be the dates, and

2   I'm going to keep that under advisement for a short period of

3   time.

4           In the meantime, the current pending summary judgment

5   motion, have I set a date for argument on that?  I know the

6   briefing is due I think in about a week, maybe a little more

7   than a week.  Did I set a date for that?

8           MR. VAN NEST:  You have not yet set a date for that,

9   your Honor.  We do have the briefing schedule.  You're quite

04:24PM 10   right, our opposition is due on Friday.

11           THE COURT:  Okay.  But there's no date yet?

12           MR. VAN NEST:  There's no date for a hearing that I'm

13   aware of.

14           THE COURT:  Matt, what do I have on the second week of

15   January, early in that week ideally?

16           THE CLERK:  It looks like we're on trial that week,

17   Judge, but the afternoon of Wednesday, the 11th is open.

18           THE COURT:  January 11th, Wednesday at we'll say 3:00

19   eastern time for oral agreement on that motion.

04:24PM 20           MR. VAN NEST:  Your Honor, will that be over Zoom as

21   well?

22           THE COURT:  Yes.

23           MR. VAN NEST:  The 11th at noontime is fine for

24   Google.

25           THE COURT:  Mr. Hayes, does that work for you as well?

1          MR. HAYES:  Yes, it does, Judge.

2          THE COURT:  All right.  That's what we'll do, and I'm

3    going to make a decision about the trial date forthwith, we

4    need to block off that time one way or the other and adjust the

5    schedule if I'm going to adjust it.

6          MR. HAYES:  Thank you, your Honor.

7          THE COURT:  Anything else we need to take up,

8    Mr. Hayes?

9          MR. HAYES:  No, your Honor.

04:25PM 10          THE COURT:  Mr. Van Nest?

11          MR. VAN NEST:  No, your Honor.

12          THE COURT:  Thank you.

13          (Whereupon, the hearing was adjourned at

14    4:25 p.m.)

15

16

17

18

19

20

21

22

23

24

25

1                        C E R T I F I C A T E

2

3     UNITED STATES DISTRICT COURT )

4     DISTRICT OF MASSACHUSETTS ) ss.

5     CITY OF BOSTON )

6

7            I do hereby certify that the foregoing transcript,

8     Pages 1 through 18 inclusive, was recorded by me

9     stenographically at the time and place aforesaid in Civil

10    Action No. 19-12551-FDS, SINGULAR COMPUTING LLC vs. GOOGLE LLC

11    and thereafter by me reduced to typewriting and is a true and

12    accurate record of the proceedings.

13            Dated December 12, 2022.

14                        s/s Valerie A. O'Hara

15                    _____

16                    VALERIE A. O'HARA

17                    OFFICIAL COURT REPORTER

18

19

20

21

22

23

24

25