UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
|---|---|
| Plaintiff, | |
| v. | Hon. F. Dennis Saylor IV |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFF SINGULAR LLC'S RESPONSE TO DEFENDANT
GOOGLE LLC'S STATEMENT OF FACTS**

Plaintiff, Singular Computing LLC ("Singular"), responds to the Statement of Facts of defendant, Google LLC ("Google"), as follows":

| | **Google's Statement of Fact** | **Singular's Response** |
|---|---|---|
| 1. | The grounds of invalidity that Google intends to present at trial are not ones that were raised or reasonably could have been raised in a petition for *inter partes* review. | This calls for Singular to speculate as to what evidence Google "intends to present at trial." *See also* 35 U.S.C. § 311(b). Singular objects to the extent this statement is directed to matters of law, not fact.  Therefore, denied. |
| 2. | An invalidity ground Google intends to present at trial will be that a prior-art computing system referred to as 'GRAPE-3' invalidates Singular's asserted patent claims as anticipated and/or obvious because the system was 'known or used . . . in this country' under Section 102(a), in 'public use . . . in this country' under Section 102(b), and/or had been 'made in this country by another inventor who had not abandoned, suppressed, or concealed [it]' under Section 102(g)(2). | *Id.* |

1

|   | **Google's Statement of Fact** | **Singular's Response** |
|---|---|---|
| 3. | Google could not have advanced in a petition for *inter partes* review an invalidity ground based on the GRAPE-3 system being "known or used . . . in this country" under Section 102(a), in "public use . . . in this country" under Section 102(b), and/or having been "made in this country by another inventor who had not abandoned, suppressed, or concealed [it]" under Section 102(g)(2). | Denied. *See also* 35 U.S.C. § 311(b). Singular objects to the extent this statement is directed to matters of law, not fact. |
| 4 | The evidence Google may rely on the prove invalidity includes the following: The Okamura 1992 and 1993 articles describing the various elements of the GRAPE-3 system; the Makino 2003 and Makino 2005 articles that provide background regarding GRAPE systems in general, including GRAPE-3; the testimony of Google expert John Gustafson regarding his having seen a GRAPE-3 at the 1992 International Conference for High Performance Computing, Networking, Storage and Analysis (also known as "Supercomputing '92" or "SC1992") which was held in Minneapolis, Minnesota, USA, and regarding the number of execution units performing at least the operation of multiplication on 32-bit floating point formats that were present in the types of host computers used with the GRAPE-3. | This calls for Singular to speculate as to what evidence Google "may rely on." Singular objects to the extent this statement is directed to matters of law, not fact.  Therefore, denied. |
| 5. | An invalidity ground Google intends to present at trial will be that a prior-art computing system referred to as 'CNAPS' invalidates Singular's asserted patent claims as anticipated and/or obvious because the system was 'known or used . . . in this country' under Section 102(a), in 'public use . . . in this country' under Section 102(b), and/or had been 'made in this country by another inventor who had not abandoned, suppressed, or concealed [it]' under Section 102(g)(2). | This calls for Singular to speculate as to what evidence Google "intends to present at trial".  Singular objects to the extent this statement is directed to matters of law, not fact.  Therefore, denied. |

|   | **Google's Statement of Fact** | **Singular's Response** |
|---|---|---|
| 6. | Google could not have advanced in a petition for *inter partes* review an invalidity ground based on the CNAPS system being "known or used . . . in this country" under Section 102(a), in "public use . . . in this country" under Section 102(b), and/or having been "made in this country by another inventor who had not abandoned, suppressed, or concealed [it]" under Section 102(g)(2). | Denied. *See also* 35 U.S.C. § 311(b). Singular objects to the extent this statement is directed to matters of law, not fact. |
| 7. | The evidence Google may rely on the prove invalidity includes the materials produced in response to a third-party subpoena to Dr. Dan Hammerstrom, the founder and Chief Technology Officer of Adaptive Solutions, who designed the CNAPS chip. | This calls for Singular to speculate as to what evidence Google "may rely on." Singular objects to the extent this statement is directed to matters of law, not fact. Therefore, denied. |
| 8. | An invalidity ground Google intends to present at trial will be that a prior-art computing system referred to as 'VFLOAT' invalidates Singular's asserted patent claims as anticipated and/or obvious because the system was 'known or used . . . in this country' under Section 102(a), in 'public use . . . in this country' under Section 102(b), and/or had been 'made in this country by another inventor who had not abandoned, suppressed, or concealed [it]' under Section 102(g)(2). | This calls for Singular to speculate as to what evidence Google "intends to present at trial." Singular objects to the extent this statement is directed to matters of law, not fact. Therefore, denied. |
| 9. | Google could not have advanced in a petition for *inter partes* review an invalidity ground based on the VFLOAT system being "known or used . . . in this country" under Section 102(a), in "public use . . . in this country" under Section 102(b), and/or having been "made in this country by another inventor who had not abandoned, suppressed, or concealed [it]" under Section 102(g)(2). | Denied. *See also* 35 U.S.C. § 311(b). Singular objects to the extent this statement is directed to matters of law, not fact. |

|     | **Google's Statement of Fact** | **Singular's Response** |
| --- | --- | --- |
| 10. | The evidence Google may rely on the prove invalidity includes the following: The 2002-era VHDL source code for VFLOAT; public, oral presentations by Dr. Leeser and her graduate students regarding VFLOAT and its use on FPGA hardware, which show that the system was in public use, publicly known, and not abandoned, suppressed, or concealed; the percipient testimony of Dr. Leeser, based on her recollection and corroborated by both non-public and public documents, regarding the development, use, and public disclosures of and relating to VFLOAT; non-public details regarding the workstation Dr. Leeser and her team in the RCL used in connection with VFLOAT that are material to proving the system meets or satisfies certain claim limitations; and the written thesis of one of Dr. Leeser's graduate students, Pavle Belanovie, which corroborates certain aspects of Dr. Leeser's testimony. | This calls for Singular to speculate as to what evidence Google "may rely on." Singular objects to the extent this statement is directed to matters of law, not fact.  Therefore, denied. |

Dated: December 16, 2022                    Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Daniel McGonagle (BBO #690084)
Brian Seeve (BBO #670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com
Email: bseeve@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that on December 16, 2022, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Paul J. Hayes*