# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE EXPERT REPORT OF SUNIL KHATRI, PH.D.**

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular") respectfully submits this Surreply to address a number of newly minted arguments raised by Google in its Reply brief.

## I.      ARGUMENT

### 1.      Dr. Khatri's Opinion is not new.

Google's opening brief was predicated upon its argument that Dr. Khatri's opinion was "new" because "Singular's infringement contentions did not map the 'LPHDR execution unit' element to the so-called 'precision reducing circuits' in the VPU." (Mot. p. 2).

In its opposition brief, Singular demonstrated that Singular did map the LPHDR execution unit to the precision reducing circuit in the VPU in its supplemental infringement contentions and thus Dr. Khatri's opinion was not "new." (Opp., pp. 2-5). This alone is dispositive of Google's motion.

In reply, Google now pivots to a new irrelevant assertion that Dr. Khatri's opinion is "inconsistent" or "circular." Reply Brief, pp. 2-3. The issue before this Court however is whether Dr. Khatri's opinion is new, not whether such opinion is "inconsistent" or "circular." The validity of Dr. Khatri's opinion is a matter for the jury or summary judgment, not a motion to strike.

### 2.      Google's New VPU/MXU Argument.

Per Google, because Singular did not initially accuse the VPU as part of the LPHDR execution unit in its amended complaint and preliminary infringement contentions, Singular should be precluded from relying upon the supplemental infringement contentions that identify the precision reducing circuit as being disposed in the VPU. (Reply, pp. 3-5). This argument is disingenuous.

1

Since the beginning of this litigation, Singular's infringement theory has been the same. Singular has consistently mapped the LPHDR execution unit to a precision reducing circuit and a multiplier. This is abundantly clear from the amended complaint, the preliminary infringement contentions, and the supplemental infringement contentions. Opp., pp. 2-5. Whether the precision reducing circuit (rounder) is located in the MXU or VPU is irrelevant. All that is required by the claim is that the LPHDR be in the accused "device," which is the TPU v2/v3 board not the MXU or VPU. Singular initially identified the location of the precision reducing circuit (rounder) as in the MXU because, in its published literature, Google represented that to be true. Opp., pp. 2-4.

During the deposition of Google's technical witness, Dr. Phelps testified that (apparently) the information in the publicly available Google documents was incorrect and that the rounding circuit was located in the VPU, not the MXU. As a result, Singular demanded to further inspect the relevant TPU source code to verify same. Singular requested printed copies of portions of the code relating to the rounding operation. Google refused to produce printed copies until the stay pending the IPR proceedings was lifted. *See* Opp. at 8-9. Once the stay was lifted, Singular finally received copies of the code and within 30 days Singular served its supplemental infringement contentions citing to the rounding operation source code. Google opposed that motion, arguing that Singular had not been diligent in moving to supplement. *See* Dkt. No. 363 at 10-12. The Court rejected Google's argument and granted Singular's motion to supplement. Dkt. No 372.

Now, Google seeks to preclude Dr. Khatri from relying on the source code that: (1) was the subject of Singular's motion for leave to supplement (Dkt. No. 355), and (2) Google's own counsel told the Court represents the "truth" regarding how the accused TPU products work. Dkt.

No. 423-6. Obviously, the jury should be allowed to learn the "truth" of how the accused products work, rather than rely upon Google's inaccurate public documents.

### 3. The Court Already Rejected Google's Dilatory Argument.

Google now also argues that Singular's supplemental infringement contentions were dilatory by "more than a year." Reply at 6-8. This Court has already rejected Google's dilatory argument. Dkt. No. 372. Further, Google fails to mention that it was Google that moved to stay the litigation and it was Google who refused to provide the print outs of the source code to Singular during the stay. Opp. Brief at 8. Google also fails to mention that, within 30 days from the time Singular was finally provided with the source code print outs, Singular served the supplemental infringement contentions. Opp. at 9. Finally, Google ignores that it unsuccessfully opposed Singular's attempt to supplement its infringement contentions on dilatory grounds. Dkt. No 372. Accordingly, Google's attempt to preclude Dr. Khatri from relying upon the very source code that the court allowed Singular to provide in its supplemental infringement contentions should be rejected.

### 4. No Recognizable Harm to Google.

Google cannot deny that: (1) its counsel has had Dr. Khatri's report for almost two months, and they have had Singular's supplemental contentions for more than six months; (2) the code at issue was written by Google itself; (3) it has yet to depose Dr. Khatri; (4) expert discovery does not close until March 24, 2023; and (5) there are over six months left before trial begins in September 2023. Thus, there is plenty of time for Google to respond to Dr. Khatri's report and prepare for trial. *See, e.g.*, *Moura v. New Prime, Inc.*, 2020 WL 8570854, at *3 (D. Mass. Dec. 11, 2020) (defendants "had more than three months to prepare for trial from the date

they received Dr. Gelfand's expert disclosure, which is an adequate period to prepare any rebuttal evidence or depose Dr. Gelfand, if they so choose.")

Instead of addressing Singular's harm argument, Google argues that Singular did not cite patent cases addressing Motions to strike. *See*, Reply at 9-10. Motions to strike are typically brought pursuant to Rule 37. As such is not an issue unique to patent law, the Federal Circuit applies regional circuit law to the grant or denial of a motion to strike. *See*, e.g., *Acumed LLC v. Stryker Corp.*, 551 F3d 1323, 1331 (Fed. Cir. 2008). The cases that Singular cites in its opposition brief are Rule 37 cases from the First Circuit and from this District. *See*, *e.g.*, Opp. at pp. 5-7. (citing *Santiago–Diaz v Laboratorio Clinico,* 456 F.3d at 276 (preclusion of evidence is an "onerous sanction."); *Thibeault v. Square D Co.,* 960 F.2d 239, 247 (1st Cir.1992) ("preclusion of expert testimony is a grave step, not to be undertaken lightly"); *Allen v. Martin Surfacing*, No. 05-40048-FDS, 2008 WL 6998052, at *2 (D. Mass. Sept. 24, 2008); *Mannai Home, LLC v. City of Fall River*, No. 17-11915-FDS, 2019 WL 456163, at *6 (D. Mass. Feb. 5, 2019)).

As set forth in the cases cited by Singular, in the First Circuit, striking evidence is both an "onerous sanction" (*Santiago*) and a "grave step" (*Thibeault*), akin to what this Court has described as a "death penalty" (*BRT Management*). A motion to strike is a motion to strike, regardless of what the movant requests to be stricken. Singular's cases are relevant and provide persuasive support for denying Google's demand for the "onerous sanction" of striking portions of Dr. Khatri's report citing the source code of which Google has been aware for months since it received Singular's supplemental contentions in August 2022.

4

| | |
|---|---|
| Dated: February 14, 2023 | Respectfully submitted, |

                                           */s/ Paul J. Hayes*
                                           Paul J. Hayes (BBO #227000)
                                           Matthew D. Vella (BBO #660171)
                                           Kevin Gannon (BBO #640931)
                                           Brian Seeve (BBO #670455)
                                           Daniel McGonagle (BBO #690084)
                                           **PRINCE LOBEL TYE LLP**
                                           One International Place, Suite 3700
                                           Boston, MA 02110
                                           Tel: (617) 456-8000
                                           Email: phayes@princelobel.com
                                           Email: mvella@princelobel.com
                                           Email: kgannon@princelobel.com
                                           Email: bseeve@princelobel.com
                                           Email: dmcgonagle@princelobel.com

                                           ATTORNEYS FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that, on February 14, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                           */s/ Paul J. Hayes*