```
 1                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
 2

 3

 4   SINGULAR COMPUTING LLC,         )
                                     )
 5                  Plaintiff        )  Civil Action
                                     )
 6                                   )  No. 19-12551-FDS
     vs.                             )
 7                                   )
     GOOGLE LLC,                     )
 8                  Defendant        )

 9

10   BEFORE:  CHIEF JUDGE F. DENNIS SAYLOR, IV

11

12             STATUS CONFERENCE CONDUCTED BY ZOOM

13

14
         John Joseph Moakley United States Courthouse
15                      1 Courthouse Way
                        Boston, MA 02210
16

17
                        April 5, 2023
18                        3:30 p.m.

19

20

21

22

23           Valerie A. O'Hara, FCRR, RPR
                   Official Court Reporter
24       John Joseph Moakley United States Courthouse
                      1 Courthouse Way
25                    Boston, MA 02210
               E-mail: vaohara@gmail.com
```

APPEARANCES VIA ZOOM:

For The Plaintiff:

    Prince, Lobel, Tye, LLP, by PAUL J. HAYES, ESQ., and KEVIN GANNON, ESQ., One International Place, Boston, Massachusetts 02110;

For the Defendant:

    Keker, Van Nest & Peters LLP, by ROBERT A. VAN NEST, ESQ., 633 Battery March Street, San Francisco, California 94111;

    Paul Hastings LLP, by MATTHIAS A. KAMBER, ESQ., 101 California Street, Suite Forty-Eighth Floor San Francisco, CA 94111;

    Kwun, Bhansali, Lazarus LLP, by ASIM M. BHANSALI, ESQ., 555 Montgomery Street, Suite 750, San Francisco, California 94111;

    Wolf, Greenfield & Sacks, P.C., by NATHAN R. SPEED, ESQ., 600 Atlantic Avenue, Boston, Massachusetts 02210.

PROCEEDINGS

THE CLERK: Court is now in session in the matter of Singular Computing LLC vs. Google, LLC, Civil Action Number 19-12551.

Participants are reminded that photographing, recording or rebroadcasting of this hearing is prohibited and may result in sanctions.

Would counsel please identify themselves for the record, starting with the plaintiff.

MR. HAYES: Paul Hayes for the plaintiff.

MR. GANNON: Kevin Gannon for plaintiff.

THE COURT: Good afternoon.

MR. VAN NEST: Bob Van Nest of Keker, Van Nest & Peters for defendant Google, and I'm here, your Honor, with Nathan Speed from Wolf, Greenfield and Asim Bhansali from Kwun, Bhansali. Good afternoon.

THE COURT: All right. Good afternoon. This is a status conference in this case. My understanding of the state of play is we have a trial date of September 10th. I have, I think, two pending motions, the motion for partial summary judgment based on estoppel, which has been briefed and argued, and Google has moved to strike an expert report.

While all that was underway, the parties requested that I refer the matter for mediation to Judge Bowler, which I have done. I think that is upcoming next month, if I have my

1   facts right, and in light of the request, I hit the pause
2   button and stayed the litigation pending the outcome of that
3   mediation.
4           And in the meantime, I think, Google wanted to
5   address, well, I think the impact of this case of what's
6   happening in the appeal before the Federal Circuit, but I may
7   have a detail wrong there, but that's my understanding of where
8   we are.  And, Mr. Van Nest, are you the one who is taking the
9   lead?
03:32PM 10          MR. VAN NEST:  I did.
11          THE COURT:  ALl right.  Go ahead.
12          MR. VAN NEST:  And, your Honor, thank you, first of
13  all, for making time for us this afternoon.  We appreciate it.
14  Your recitation is exactly right.  I don't think the parties
15  were aware, at least I wasn't aware, that you had hit the pause
16  button or stayed the litigation pending the mediation, but we
17  are attempting to schedule a mediation for mid-May, as you
18  indicated.
19          And I don't have a specific ask today.  This really is
03:33PM 20  a status update for your Honor before we go further into
21  motions, and the reason for it is that we're about to file our
22  summary judgment motions and Dauberts, and I thought it would
23  be a good time to discuss potential problems with the interplay
24  between the appeals and this case.
25          You may remember we discussed this back in December,

1   and some developments have taken place since then.  One is that
2   Singular has withdrawn its appeal of the IPR findings, so to
3   the extent --
4           THE COURT:  It was a cross-appeal, right?
5           MR. VAN NEST:  That's right.  That's been dismissed,
6   so to the extent that the PTAB found the independent claims of
7   the patents invalid, that's now final because Singular has
8   dismissed their appeal, however, in connection with Google's
9   appeal, which is ongoing, Singular is proposing a claim
03:34PM 10  construction, which if the Federal Circuit adopted, it would be
11  binding on all of us and would provide Google with a separate
12  independent non-infringement defense based on that claim
13  construction.
14          It hasn't been adopted yet, but Singular is advocating
15  for it.  There's no date set yet for the Federal Circuit
16  argument, but our best estimate is that we may not have an
17  opinion from the Federal Circuit until late in the year, but
18  we're prepared to go forward and file the motions that we have
19  now, which, as I said, earlier, your Honor, we believe are case
03:35PM 20  dispositive, but I wanted before we did all that work, I wanted
21  to let your Honor know that it doesn't make sense to start or
22  conduct a trial without knowing whether the Federal Circuit's
23  going to change the claim construction on us.
24          Our motion will be based on the claim construction we
25  have that your Honor issued last year, and we're fully prepared

6

   1    to go forward on that, but, again, and I think we could revisit

   2    this at the pretrial, of course, because there's still a chance

   3    we get an argument date and an opinion before September, but I

   4    don't think it makes sense to misconduct a trial in

   5    September without knowing the answer to that question.

   6          So the one thing that you said that I was not aware of

   7    was a stay of this litigation.  I don't think we've seen such

   8    an order, but that's why I say we're prepared, I think of both

   9    parties, to file our summary judgment motions coming up here on

03:36PM 10    the 21st of this month.

  11          THE COURT:  All right.  Let me -- hold on.  I'm

  12    looking at the docket here.  Number 438, am I right, it's a

  13    referral for mediation, and an order to stay the litigation may

  14    not have issued, which may be a mistake, but, regardless, let

  15    me hear, Mr. Hayes, let me hear your response.

  16          MR. HAYES:  Yes, your Honor, first of all, contrary to

  17    my Brother's assertion, we have not requested the Federal

  18    Circuit to adopt any particular claim construction.  That

  19    statement by my Brother is categorically incorrect.  The only

03:37PM 20    claim construction asserted in the Federal Circuit by Singular

  21    is indeed ordinary and usual type of that's it.  So that

  22    statement there is categorically incorrect.

  23          Secondly is that this is nothing more than once again,

  24    as I predicted in the last conference, an effort to delay the

  25    trial once more.  It went from May or whatever it was to now

1  September, and now they want to wait until next year until the
2  Federal Circuit does whatever it does.
3       We are not asserting a single claim construction other
4  than plain and ordinary, and anything to the contrary is simply
5  incorrect, and that's the first thing.
6       We are prepared to file our motions, Daubert motions,
7  et cetera, the 21st, and what I would like is just simply
8  another week, so to speak, to file them, an extension.
9  Unfortunately, I can't get that talking to Google, so if that's
10 the case, we're ready to file them the 21st and be done with
11 it.  What we don't want is to just stay everything and hold it
12 up now so now once again they can come back and ask for more
13 delay and delay.
14      It's almost going to be four years by the time this
15 thing gets resolved, Judge, which I think is not the best in
16 the world.
17      We do have mediation.  Judge Bowler has nicely agreed
18 to do this.  Hopefully that will be done by the 10th of May,
19 10th or 12th, when we have suggested to her if she's available,
20 that would be great to do, and I think the notion of staying it
21 now with all due respect is a mistake.
22      One of the motions that has been pending, briefed,
23 argued, et cetera is this estoppel motion, which is, obviously,
24 germane to the validity portion of the case and would resolve a
25 lot and maybe even encourage if we were successful or not the

1 settlement of the case.

2 But that said, our position is that recitation by my
3 Brother is, first of all, incorrect; and, secondly, we would
4 not -- I mean, if you've issued the order, you've issued the
5 order, so there's nothing I can do about it, but, I mean, I
6 would ask you to reconsider that because simply to delay it
7 until whatever and then have Google come in and say we'll give
8 you $2 million and go away is not much help at all getting this
9 thing finally resolved, and I know it's probably a lot of work
03:40PM 10 to decide the estoppel thing, but it's all been done and
11 pending for months now, and it's a critical motion, obviously.

12 THE COURT: Well, and without revealing any details,
13 you know, I have done a lot of work on it, but in no particular
14 order, I guess, let me back up, I certainly want to be
15 practical and sensible, but I am disinclined to move the trial
16 date absent a very strong showing that that's a sensible thing
17 to do, so I want to work backwards from that.

18 I perhaps should have focused on this or called a
19 conference, but normally when parties seek mediation, they
03:41PM 20 think there's a reasonable prospect that the case might settle,
21 they want to stop spending money normally, and I, of course,
22 have lots of work to do and don't want to work on a case that's
23 about to settle because I have many other things to do, and
24 certainly my assumption was that this case, without having
25 thought of it, I'll confess, that this case would be on hold

1    pending that mediation.  If the mediation fails, that means
2    that that leaves us with, whatever it is, four months or so to
3    do what may be a lot of work and over the summer, which is not
4    always easy to accomplish.
5         So I want to, I guess thinking out loud here, maybe
6    straddle two different horses.  I don't want to delay the
7    trial.  I don't want to waste my time or your time or your
8    client's money.  On the other hand, if the mediation fails,
9    there's going to be a lot to accomplish or, you know, to get
03:42PM 10   done to get this case geared up for trial, so I guess what I
11   would propose is this, to since I haven't stayed it, it looks
12   like, unless I'm misreading the document, there's nothing to
13   unstay, so I don't have to worry about that.  If you want
14   another week on your delays, Mr. Hayes, I don't see any reason
15   why you can't have it, but otherwise I will keep the deadlines
16   in place.
17        I think there's two motions pending.  One is the
18   estoppel issue, which is ready for resolution certainly.  The
19   motion to strike the expert I assume is ripe, but we have not
03:43PM 20   yet had a hearing, and maybe the thing to do is put that in the
21   calendar for a hearing in say mid to late May, let you make
22   whatever your filings are and just see how all of this unfolds.
23   In other words, I don't hear either of you saying that you want
24   the case to be stayed and to avoid the expenditure of
25   resources.

1          I really only have one motion, I don't want my law

2   clerk to drop dead of a heart attack, I don't think it's that

3   far away from being in a position where I could issue it,

4   famous last words, but certainly a substantial amount of work

5   has gone into that already, and that way we could be in a

6   position where if the mediation fails, we can expedite

7   remaining matters that need to be resolved without further ado.

8          As far as this Federal Circuit issue, since I'm not

9   going to decide this on the fly, I don't know what the issues

03:44PM 10   are, I haven't read anything except for, you know, what the

11   parties have filed here, and, you know, maybe what we need to

12   do is to have that formally teed up.

13          I certainly don't want to waste time on a trial.  If

14   the claim construction is wrong or someone's going to be

15   estopped or what have you, again, I want to be sensible.  On

16   the other hand, I'm not going to stay it.  I want parties'

17   say-so just because there's some possibility that this opinion

18   may cause the case to go in a different direction, so it was a

19   rambling set of comments.

03:45PM 20          I'm thinking out loud, but let me take it from the top

21   and repeat.  Number 1, the case is not stayed.  Number 2, I

22   will resolve the IPR estoppel issue.  I make no promises as to

23   when that opinion will issue.  The motion to strike the expert

24   report I think needs to get a hearing date, which I'll set in a

25   moment.  The current pending deadlines, you want all deadlines

1     extended a week, is that what you're asking for, Mr. Hayes?
2               MR. HAYES:  Yes, your Honor, on both sides, not just
3     me but them also, just a week.
4               THE COURT:  I'll extend all those seven days.  The
5     trial date remains in place, and let's find -- has Judge Bowler
6     set this for a mediation May 10th, 12th?
7               MR. HAYES:  Well, your Honor, she said that she wanted
8     to do it in May, early May, middle May, and Bob indicated he
9     wanted it some time, so yesterday or the day before, we left a
03:46PM 10    message with her clerk and giving her a couple of days, so it's
11    going to be -- she'll set it some time in May, and I would
12    suspect before the 15th, I would assume.
13              THE COURT:  All right.  Let's put this in the calendar
14    for a hearing on Google's motion to strike the expert report.
15    It will also be a status conference somewhere in the May 20th
16    to 25th time frame.  I assume it's legal argument only and not
17    the Friday before Memorial Day.  We're doing it by video, I
18    suppose we could probably accomplish that, but, Matt.
19              THE CLERK:  How about Wednesday, the 24th at 2:00?
03:47PM 20              THE COURT:  Wednesday, the 24th at 2:00 eastern time,
21    will that work?
22              MR. HAYES:  That's fine, your Honor.
23              MR. VAN NEST:  That's fine, your Honor.
24              THE COURT:  Okay.  All right.  Does everybody have all
25    that?  Is there a request for clarification or have I made some

```
 1    mistake that's so consequential here you need --
 2               MR. VAN NEST:  Your Honor, if I may.
 3               THE COURT:  Yes.
 4               MR. VAN NEST:  No, you haven't made any mistakes that
 5    I could see.
 6               THE COURT:  Take some time and think about it, I'm
 7    sure you'll find something.
 8               MR. VAN NEST:  No, I appreciate your pragmatic
 9    approach.  Let me just raise one issue, which is that I think
10    everything you've done is appropriate and we'll work with it
11    just fine.
12               The only concern that we have is that your Honor have
13    sufficient time to consider the summary judgment motions, and,
14    if necessary, the Daubert pretrial, and so we had discussed
15    with counsel extending the schedule, and we had offered a week,
16    and they were looking for two, as I understood it, but my main
17    issue is if we don't resolve the case in May, we will have
18    briefed the summary judgment motions, as your Honor has just
19    given us leave to do, and I just want to be sure that we get on
20    the calendar if your Honor wishes a hearing on those motions,
21    which we would certainly request enough time between whenever
22    that hearing occurs and the trial to give your Honor the time
23    that you think is necessary, whatever that is, before trial.
24               Trial is coming up pretty quick here in September, so
25    that was my main concern is that we don't brush over these.
```

The parties by agreement have extended the schedule a couple of times, and your Honor has allowed us to do that, but I don't want to crush your time.  These will be briefed by early June, these summary judgment motions and the Dauberts, and so I just want to make sure that we leave your Honor sufficient time to give them the attention they deserve, that's all.

THE COURT:  No one wants that more than I do, but I think this is about as a tight schedule I'm comfortable with.  I don't want to extend it any further, but, you know, this is what needs to get done, it will get done, and what may emerge from this may be something that's not the finest opinion in the history of Anglo-American jurisprudence, but I will resolve whatever the issues are as best I can in the time allotted, and, as I'm sure you know, it's a whole lot less work at least in the short run to deny summary judgment than to grant it, and it may depend obviously on what the issues are, but, regardless, I will do the best I can in the time allotted.

The trial date in a case like this is not easy to move, if I have to move it, I'll move it, but I set it in advance for a reason.  The case is aging, aged, and I agree with Mr. Hayes that it needs to be tried, and that's where we are.  Okay?

MR. HAYES:  Thank you, Judge.

MR. VAN NEST:  Thank you again for your time, we appreciate it, we'll get the orders out, and we'll be ready for

```
 1      a hearing in late May.
 2              THE COURT:  That's where we are.  Anything further,
 3      Mr. Hayes?
 4              MR. HAYES:  No, sir.
 5              THE COURT:  Oh, I guess I should add one thing.  I am
 6      deliberately not setting a timetable for a motion to continue
 7      the trial based on the Federal Circuit proceeding.
 8      Mr. Van Nest, if that's what you think -- if you think that
 9      relief makes sense, I would just suggest that you file that
10      forthwith, okay, meaning don't wait too long on that because,
11      you know, if you think you're right, I may conceivably agree
12      with you, and I don't want to issue that decision on
13      September 9th, let's put it that way.
14              MR. VAN NEST:  Understood, your Honor.
15              THE COURT:  I leave it up to you.  I won't do it
16      without briefing and an opportunity to be heard, and I'll need
17      to be convinced.
18              MR. VAN NEST:  I understand all of that.
19              THE COURT:  Thank you, all.
20              MR. VAN NEST:  Thanks, your Honor.
21              MR. HAYES:  Thanks, Judge.
22              (Whereupon, the hearing was adjourned at
23      3:52 p.m.)
24
25
```

1      C E R T I F I C A T E

2

3    UNITED STATES DISTRICT COURT )

4    DISTRICT OF MASSACHUSETTS ) ss.

5    CITY OF BOSTON )

6

7         I do hereby certify that the foregoing transcript,

8    Pages 1 through 15 inclusive, was recorded by me

9    stenographically at the time and place aforesaid in Civil

10   Action No. 19-12551-FDS, SINGULAR COMPUTING LLC vs. GOOGLE LLC

11   and thereafter by me reduced to typewriting and is a true and

12   accurate record of the proceedings.

13        Dated April 6, 2023.

14

15                        s/s Valerie A. O'Hara

16                        _____

17                         VALERIE A. O'HARA

18                         OFFICIAL COURT REPORTER

19

20

21

22

23

24

25