# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | |
| v. | Hon. F. Dennis Saylor IV |
| GOOGLE LLC, | <u>ORAL ARGUMENT REQUESTED</u> |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF
## <u>NO INVALIDITY BASED ON CNAPS AND GRAPE-3</u>

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Brian M. Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

**TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................................ 1

II. LEGAL STANDARDS .................................................................................................... 2

III. ARGUMENT ..................................................................................................................... 2

    A. CNAPS – NO CLEAR AND CONVINCING EVIDENCE OF OBVIOUSNESS ...... 3

    B. GRAPE-3 SYSTEM ..................................................................................................... 4

        1. NO ADMISSIBLE EVIDENCE OF PUBLIC USE ............................................... 4

        2. NO CLEAR AND CONVINCING EVIDENCE OF ANTICIPATION ................ 5

IV. CONCLUSION .................................................................................................................. 6

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................................... 2

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................................................................... 2

*GREE, Inc. v. Supercell Oy*,
  No. 2:19-cv-70, 2020 WL 4288356 (E.D. Tex. Jul. 27, 2020) ............................................... 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ............................................................................................................... 2

*Microsoft Corp. v. i4i Ltd. P'ship*,
  564 U.S. 91 (2011) ................................................................................................................. 2

*Minn. Mining & Mfg. Co. v. Chemque, Inc.*,
  303 F.3d 1294 (Fed. Cir. 2002) .............................................................................................. 4

*Niazi Licensing Corp. v. St. Jude Med. Ctr. S.C., Inc.*,
  No. 17-cv-5096, 2020 WL 3638771 (D. Minn. Jul. 6, 2020),
  *aff'd*, 30 F.4th 1339 (Fed. Cir. 2022) ..................................................................................... 5

*Polaris PowerLED Techs., LLC v. VIZIO, Inc.*,
  No. SACV 18-1571, 2020 WL 4258663 (N.D. Cal. May 14, 2020) ...................................... 5

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this memorandum of law in support of its motion for partial summary judgment of no invalidity based upon the CNAPS and GRAPE-3 systems. For the reasons set forth herein, Singular requests that the motion be granted.

I.  **BACKGROUND**

Singular filed the original complaint in this case on December 20, 2019. Dkt. No. 1. The complaint alleged infringement of three patents: U.S. Patent Nos. 8,407,273; 9,218,156 ("the '156 patent") and 10,416,961 ("the '961 patent"). *Id.* Singular filed an amended complaint on March 20, 2020, alleging infringement of the same three patents. Dkt. No. 37.[1]  On July 7, 2020, Google filed an Amended Answer alleging, *inter alia*, that the asserted claims are invalid under 35 U.S.C. §§ 102 and 103. Pertinent to this motion, Google alleges that the asserted claims are invalid in view of the CNAPS system and the GRAPE-3 system.

Google's expert witness on the issue of invalidity is Dr. John Gustafson whose report is dated December 22, 2022. Dr. Gustafson opines that: (1) the asserted claims are obvious in view of the CNAPS when combined with the Tong patent or the Shirazi publication; and (2) the GRAPE-3 system anticipates the asserted claims. The Tong and Shirazi references were explicitly known to Google at the time that it filed its petitions for *inter partes* review ("IPR") in November 6, 2020. Tong formed the basis of one of Google's IPR invalidity arguments (IPR Ex. 1008). *See* Ex. A, at p. 38. Shirazi was the basis for one of Google's invalidity contentions served on Singular at the same time that Google filed for IPR. *See* Ex. B. Accordingly, those references fall directly within the scope of the Court's IPR Estoppel Order and are inadmissible

---

[1] The '961 patent is no longer asserted in this case. The remaining asserted claims are claim 53 of the '273 patent and claim 7 of the '156 patent.

for proving that the CNAPS system invalidates. *See* IPR Estoppel Order (Dkt. No. 447), pp. 12-15.

As to the GRAPE-3 system, Dr. Gustafson intends to rely upon two references by Okumura *et al.* As with Tong and Shirazi, however, Google was aware of the two Okumura references when it filed for IPR. *See infra.* Thus, those references also fall directly within the scope of the IPR Estoppel Order. Dr. Gustafson also intends to testify that he has percipient knowledge of public use of the GRAPE-3 system. As Google never disclosed Dr. Gustafson as a fact witness, he should not be permitted to testify regarding such alleged percipient knowledge.

## II.     LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 56, courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden than shifts to the nonmovant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The party challenging validity has the burden of proving patent ineligibility by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011).

## III.    ARGUMENT

Partial summary judgment is appropriate and warranted because the CNAPS system and the GRAPE-3 system fall within the scope of the Court's IPR Estoppel Order. Therefore, documents describing those products cannot be used directly or indirectly by Dr. Gustafson to

"regurgitate" their content to the jury. Further, Dr. Gustafson's purported percipient knowledge regarding how the GRAPE-3 system works cannot be relied upon because it was never disclosed.

A.  CNAPS – NO CLEAR AND CONVINCING EVIDENCE OF OBVIOUSNESS

In the IPR Estoppel Order, the Court ruled that patents and printed publications used in the IPR proceedings, known to Google, or of which Google was or should have been aware at the time it filed for IPR cannot be used at trial in this case to prove invalidity under 35 U.S.C. §§ 102 and 103. *See* Dkt. No. 447, at pp. 11-13. With respect to the CNAPS device, the Court ruled that patents and printed publications describing those devices in whole or in part cannot be used directly or indirectly to prove invalidity. *Id.*

According to Dr. Gustafson's report, the asserted claims are rendered obvious by both of the following combinations:

- the CNAPS system in view of Tong; and
- the CNAPS system in view of Shirazi.

*See* Ex. C, at pp. 104, 173.[2] Dr. Gustafson cannot rely upon the Tong publication or the Shirazi publication in whole or in part, directly or indirectly, however, because Google knew of both references at the time it filed for IPR. As set forth above, Google cited the same Tong reference in its IPR petitions. *See*, *e.g.*, Ex. A, at p. 38. Google cited the Shirazi publication in its invalidity contentions that were served on Singular at the same time it filed its IPR petitions. *See* Ex. B. Thus, those two references are inadmissible per the IPR Estoppel Order.

Dr. Gustafson relies solely upon obviousness based on the combination of the CNAPS device with one or the other of these two references. Thus, absent the Tong and Shirazi references, his obviousness combination arguments must fail. Accordingly, Google cannot prove

---

[2] Dr. Gustafson did not opine that the CNAPS system anticipated the claims.

3

obviousness by clear and convincing evidence.  Therefore, partial summary judgment of no invalidity with respect to the CNAPS system is warranted.

B.      GRAPE-3 SYSTEM

   1.      NO ADMISSIBLE EVIDENCE OF PUBLIC USE

Before Google even applies the claims to the alleged GRAPE-3 system, it must show by clear and convincing evidence that such system was publicly used in the United States prior to the effective filing of the patents in suit (2010).  *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1306-07 (Fed. Cir. 2002).  Google's sole evidence of public use is Dr. Gustafson's proposed percipient fact testimony that he attended a trade show in Minnesota in 1992 at which time he saw the GRAPE-3 device:

> 570.    In 1992, I attended the 1992 International Conference for High Performance Computing, Networking, Storage and Analysis (also known as "Supercomputing '92" or "SC1992") which was held in Minneapolis, Minnesota, USA.  At that conference, the GRAPE-2 System was demonstrated.

*See* Ex. C, at p. 176.  This factual testimony is inadmissible because Google never disclosed Dr. Gustafson as a percipient fact witness.  Neither did Google ever disclose the purported public use facts as recited in Dr. Gustafson's expert report.

The first time Google disclosed proof of public use via the proposed percipient testimony of Dr. Gustafson was in his expert report, in direct violation of Rule 26(a)(1) and/or Local Patent Rule 16.6.  The prejudice to Singular is self-apparent.  At no time during fact discovery did Singular have the opportunity to investigate Dr. Gustafson's alleged story concerning his attendance at the 1992 trade show.  As the trade show occurred over 20 years ago, Dr. Gustafson's memory as to what he saw in 1992 is, at best, questionable.  For example, Dr. Gustafson testified in deposition that "they made changes to GRAPE-3 and still called it GRAPE-3." Ex. D, at p. 183:3-7.  But, Dr. Gustafson also testified that there was a version of the

4

system known as GRAPE-3A. *Id.*, at 186:8-11.  Thus, who knows which version of GRAPE-3 Dr. Gustafson actually saw.  Recognizing this weakness in his testimony, Dr. Gustafson's report states that he attended a trade show in Dallas Texas in November 2022 where he allegedly met and talked to Jun Makino, one of the alleged designers of GRAPE-3. *See id.*, at p. 176, ¶ 570.  Dr. Makino allegedly told Dr. Gustafson that the GRAPE-3 was "demonstrated" in Minneapolis in 1992. *Id.*  Google also never identified Dr. Makino as a fact witness having knowledge of any alleged demonstration of the GRAPE-3 system in Minneapolis in 1992.

Experts cannot rely upon facts not disclosed during discovery. *See*, *e.g.*, *Niazi Licensing Corp. v. St. Jude Med. Ctr. S.C., Inc.*, No. 17-cv-5096, 2020 WL 3638771 (D. Minn. Jul. 6, 2020), *aff'd*, 30 F.4th 1339 (Fed. Cir. 2022); *see also GREE, Inc. v. Supercell Oy*, No. 2:19-cv-70, 2020 WL 4288356, at **2-3 (E.D. Tex. Jul. 27, 2020); *Polaris PowerLED Techs., LLC v. VIZIO, Inc.*, No. SACV 18-1571, 2020 WL 4258663, at **2-3 (N.D. Cal. May 14, 2020).  Google retained Dr. Gustafson in August 2022, yet Google never identified Dr. Gustafson as a fact witness or disclosed his alleged percipient fact testimony.  Likewise, Google never identified Dr. Makino as allegedly knowledgeable regarding the GRAPE-3 in Minneapolis in 1992.  Accordingly, Dr. Gustafson's undisclosed percipient fact testimony should be found inadmissible in order to avoid rewarding Google for its improper litigation tactics.  Absent Dr. Gustafson's fact testimony, Google cannot prove public use of the GRAPE-3 in 1992.  Accordingly, partial summary judgment of no invalidity based on the alleged public use of GRAPE-3 should be granted.

    2.    <u>NO CLEAR AND CONVINCING EVIDENCE OF ANTICIPATION</u>

Dr. Gustafson opines that the asserted claims are anticipated by the GRAPE-3 system. *See* Ex. C, p. 176, ¶ 569 ("it is my opinion that the asserted claims are anticipated by a [GRAPE-3] system that was made, used, sold and/or disclosed around the world").  As with CNAPS, a

physical embodiment of the GRAPE-3 system will not be present at trial because Google did not produce the system during discovery. Nor is Dr. Gustafson a designer of the GRAPE-3 system. As a result, Dr. Gustafson relies upon the following two printed publications to map the GRAPE-3 system to the claims:

- the "Okumura '92" article;
- the "Okumura '93" article;

*See*, *id.*, at p. 180. As with Tong and Shirazi, however, the "Okumura '92" and "Okumura '93" publications are both inadmissible pursuant to the IPR Estoppel Order. Both of these references were known to Google at the time it filed its petitions for IPR because Google cited both references in its November 6, 2000 invalidity contentions served at the same time the petitions were filed. *See* Ex. E, at p. 7.[3] Thus, Dr. Gustafson's opinion that the GRAPE-3 device anticipated the claimed invention is devoid of admissible clear and convincing evidence that the GRAPE-3 system incorporated each and every element of the claims. Accordingly, as with the CNAPS device, partial summary judgment is warranted.

## IV. CONCLUSION

For the reasons set forth above, Singular requests that the Court enter partial summary judgment that the asserted claims of the patents-in-suit are not invalid in view of the CNAPS or GRAPE-3 systems.

---

[3] The "Okumura '93" reference is erroneously identified as an "Okumura '92" reference.

6

Dated: April 28, 2023                                   Respectfully submitted,

                                                        */s/ Paul J. Hayes*
                                                        Paul J. Hayes (BBO #227000)
                                                        Matthew D. Vella (BBO #660171)
                                                        Kevin Gannon (BBO #640931)
                                                        Brian Seeve (BBO#670455)
                                                        Daniel McGonagle (BBO #690084)
                                                        **PRINCE LOBEL TYE LLP**
                                                        One International Place, Suite 3700
                                                        Boston, MA 02110
                                                        Tel: (617) 456-8000
                                                        Email: phayes@princelobel.com
                                                        Email: mvella@princelobel.com
                                                        Email: kgannon@princelobel.com
                                                        Email: bseeve@princelobel.com
                                                        Email: dmcgonagle@princelobel.com

                                                        ATTORNEYS FOR THE PLAINTIFF

**CERTIFICATE OF SERVICE**

   I certify that on April 28, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                                        */s/ Paul J. Hayes*