## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | |
| | Hon. F. Dennis Saylor IV |
| v. | |
| | REDACTED VERSION |
| GOOGLE LLC, | |
| Defendant. | <u>ORAL ARGUMENT REQUESTED</u> |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE CERTAIN TESTIMONY OF LAURA B. STAMM AND DR. MARTIN WALKER <u>REGARDING REASONABLE ROYALTY</u>**

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

## **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................... 1

II.    LEGAL STANDARDS ........................................................................................... 1

III.   ARGUMENT ......................................................................................................... 3

    A.  EXCLUSION FOR FAILURE TO DISCLOSE ........................................... 3

    B.  EXCLUSION UNDER RULE 403 AND/OR RULE 702 ............................... 6

IV.   CONCLUSION .....................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abbott GmbH & Co. v. Centocor Ortho Biotech, Inc.*,
   870 F. Supp. 2d 206 (D. Mass. 2012), *aff'd sub nom. Abbvie Deutschland GmbH*
   *& Co. KG v. Janssen Biotech, Inc.*, 759 F.3d 1285 (Fed. Cir. 2014)...................................... 2

*Bogosian v. Mercedes-Benz of N. Am., Inc.*,
   104 F.3d 472 (1st Cir. 1996).................................................................................................. 2

*Cavanagh v. Taranto*,
   95 F. Supp. 3d 220 (D. Mass. 2015)...................................................................................... 6

*Clark v. Edison*,
   881 F. Supp. 2d 192 (D. Mass. 2012)..................................................................................... 3

*DataTreasury Corp. v. Wells Fargo & Co.*,
   No. 2:06-cv-72, 2011 WL 8810604 (E.D. Tex. Aug. 2, 2011) ..................................... 6, 8, 10

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ........................................................................................................... 2, 6

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
   108 F.3d 1392 (Fed. Cir. 1997) ........................................................................................ 6, 10

*GREE, Inc. v. Supercell Oy*,
   No. 2:19-cv-70, 2020 WL 4288356 (E.D. Tex. Jul. 27, 2020) ............................................ 2, 5

*Mars, Inc. v. Coin Acceptors, Inc.*,
   527 F.3d 1359 (Fed. Cir. 2008) .....................................................................................8, 10, 11

*McGovern ex rel. McGovern v. Brigham & Women's Hosp.*,
   584 F. Supp. 2d 418 (D. Mass. 2008)..................................................................................... 6

*Niazi Licensing Corp. v. St. Jude Med. Ctr. S.C., Inc.*,
   No. 17-cv-5096, 2020 WL 3638771 (D. Minn. Jul. 6, 2020), *aff'd*, 30 F.4th 1339 (Fed. Cir.
   2022).................................................................................................................................. 2, 5

*Polaris PowerLED Techs., LLC v. VIZIO, Inc.*,
   No. SACV 18-1571, 2020 WL 4258663 (N.D. Cal. May 14, 2020)......................................... 2

*Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*,
   161 F.3d 77 (1st Cir. 1998).................................................................................................... 2

*Samaan v. St. Joseph Hosp.*,
   670 F.3d 21 (1st Cir. 2012)................................................................................................. 2, 6

*SimpleAir, Inc. v. AWS Convergence Techs., Inc.*,
No.2:09-cv-289, 2012 WL 12978274 (E.D. Tex. Apr. 3, 2012) ................................................11

*SimpleAir, Inc. v. Google Inc.*,
77 F. Supp. 3d 569 (E.D. Tex. 2014), *vacated on other grounds*,
820 F.3d 419 (Fed. Cir. 2016) ................................................................................................11

*Spectralytics, Inc. v. Cordis Corp.*,
649 F.3d 1336 (Fed. Cir. 2011) ................................................................................................ 8

*SRI Intern., Inc. v. Internet Sec. Sys., Inc.*,
No. 04-1199, 2011 WL 5166436 (D. Del. Oct. 31, 2011) ......................................................... 8

*SynQor, Inc. v. Artesyn Techs., Inc.*,
No. 2:07-cv-497, 2011 WL 3625036 (E.D. Tex. Aug. 17, 2011) ............................................... 9

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this motion to exclude certain testimony of Laura B. Stamm and Martin Walker, Ph.D. regarding a reasonable royalty measure of damages in this case.  For the reasons set forth below, Singular requests that the motion be granted.

## I.      INTRODUCTION

Singular alleges that defendant, Google LLC ("Google"), infringes claim 53 of U.S. Patent No. 8,407,273 ("the '273 patent") and claim 7 of U.S. Patent No. 9,218,156 ("the '156 patent").  Singular requests that damages be awarded in the form of a reasonable royalty pursuant to 35 U.S.C. § 284.  Google's expert damages witness in this case is Laura B. Stamm.  Google's technical expert witness is Martin Walker, Ph.D.  Ms. Stamm relies in part upon Dr. Walker for her opinion that the reasonable royalty in this case should be capped in view of a ███████ ██████████████████████████████████ rather than the infringing bfloat16 ("bf16") chip ████████████████████████████████████████████ ██████████ ██████████.[1]  The testimony regarding █████████████████ should be precluded: (1) pursuant to Fed. R. Civ. P. 37 because the purported ███████████ and the grounds therefor were not disclosed in discovery, and (2) pursuant to Fed. R. Evid. 408 and/or Fed. R. Evid. 702 because the testimony regarding the █████████ is based upon an unreliable foundation and would likely confuse or mislead the jury.

## II.     LEGAL STANDARDS

Courts are empowered to exclude expert testimony under Fed. R. Civ. P. 37 that is based upon factual information not timely disclosed during discovery.  *See*, *e.g.*, *Niazi Licensing Corp.*

---

[1] Ms. Stamm's report also discusses another purported alternative ██████████████.  That alternative is not at issue in this motion.

*v. St. Jude Med. Ctr. S.C., Inc.*, No. 17-cv-5096, 2020 WL 3638771 (D. Minn. Jul. 6, 2020), *aff'd*, 30 F.4th 1339 (Fed. Cir. 2022); *see also GREE, Inc. v. Supercell Oy*, No. 2:19-cv-70, 2020 WL 4288356, at **2-3 (E.D. Tex. Jul. 27, 2020) (excluding undisclosed facts relating to the cost of implementing non-infringing alternatives); *Polaris PowerLED Techs., LLC v. VIZIO, Inc.*, No. SACV 18-1571, 2020 WL 4258663, at **2-3 (N.D. Cal. May 14, 2020).

Under Rule 702, district courts considering the admissibility of expert testimony must "act as gatekeepers, ensuring that an expert's proffered testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Samaan v. St. Joseph Hosp.,* 670 F.3d 21, 31 (1st Cir. 2012) (quoting *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597 (1993)).  This gatekeeping function requires that the Court consider three issues: (1) whether the proposed expert is qualified by knowledge, skill, experience, training or education; (2) whether the subject matter of the proposed testimony properly concerns scientific, technical, or other specialized knowledge; and (3) "whether the testimony [will be] helpful to the trier of fact, *i.e.*, whether it rests on a reliable foundation and is relevant to the facts of the case." *Bogosian v. Mercedes-Benz of N. Am., Inc.,* 104 F.3d 472, 476 (1st Cir. 1996).  Thus, the court should also consider whether the expert's opinion, if admitted, "would assist the trier of fact to understand or determine a fact in issue." *Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998).

Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *See also Abbott GmbH & Co. v. Centocor Ortho Biotech, Inc.*, 870 F. Supp. 2d 206, 252 (D. Mass. 2012), *aff'd sub nom. Abbvie Deutschland GmbH & Co. KG v. Janssen Biotech, Inc.*, 759 F.3d 1285 (Fed. Cir. 2014).  Expert testimony that is admissible under Rule 702 may

nonetheless be excluded under Rule 403. *See*, *e.g.*, *Clark v. Edison*, 881 F. Supp. 2d 192, 200 (D. Mass. 2012).

## III.   ARGUMENT

### A.   EXCLUSION FOR FAILURE TO DISCLOSE

The accused products in this case are the TPUv2 and TPUv3 computing devices that utilize a bf16 formatted ASIC chip.[2]  Ms. Stamm has provided a rebuttal expert report setting forth her opinion on a reasonable royalty in this case.  In her report, Ms. Stamm opines that Google would have converted to using a ███████████████ in its TPU devices as the next best non-infringing alternative. *See* Ex. A, at p. 5, ¶ 15.  Ms. Stamm states that she received technical information regarding this alternative from Google's technical expert (Dr. Walker) and a Google employee (Dr. Patil). *Id.*, at pp. 67-70.  This alleged non-infringing next best alternative was not disclosed by Google during fact discovery.

On April 7, 2021, Singular served Google with the following interrogatory directed specifically to identifying and describing alleged non-infringing alternatives:

> 16.    Identify any products or processes that You contend are acceptable non-infringing alternatives to the Accused Products, describing specifically:
>
> a. The nature of each alleged non-infringing alternative;
>
> b. Which claim elements You contend are absent from each alleged non-infringing alternative and Your reasons and bases for contending such claim elements are absent;
>
> c. The reasons and bases for Your contention that each alleged non-infringing alternative was an acceptable non-infringing alternative;
>
> d. The date you contend the alleged non-infringing alternative was available to you and the reasons and bases for your contentions;

---

[2] An ASIC is an "application-specific integrated circuit" especially designed for a specific purpose, as opposed to a general purpose off-the-shelf GPU.

e. The time you contend would be associated with the development of the alleged non-infringing alternative and the reasons and bases for your contention;

f. The cost you contend would be associated with implementing the alleged non-infringing alternative and the reasons and bases for your contention;

g. The identity of any product, service, or other commercially available application, whether made by you or any other party, than contains the alleged non-infringing alternative; and

h. The reasons you did not incorporate or implement the alleged non-infringing alternative.

Ex. B, at pp. 5-6.

Google responded to interrogatory 16 on May 7, 2021. *See* Ex. C, at pp. 8-10.  Google's response did not identify a ███████████████████████████████████████ ████████████████████ would be considered a non-infringing alternative. *Id.*  Neither did Google otherwise respond fully to the subparts of the interrogatory. *Id.*  Google served Singular with six supplemental responses to interrogatory 16. In none of the supplemental responses did Google identify ███████████████████████. *See* Ex. D, at 8-10; Ex. E, at pp. 8-12; Ex. F, at pp. 8-12; Ex. G, at pp. 8-12; Ex. H, at pp. 13-17; Ex. I, at pp. 13-16.

Google's corporate deposition witness likewise failed to identify any alternative that used ██████████████. Topic 42 of Singular's Rule 30(b)(6) Notice of Deposition to Google was "Analysis of the relative benefits, performance, and cost prepared by or for Google of any non-infringing alternatives or acceptable substitutes for the Accused Products." *See* Ex. J, at p. 8. Google's designated Rule 30(b)(6) witness (Nishant Patil) on this issue failed to identify any ██████████████ as being a non-infringing alternative.  To the contrary, the only allegedly non-infringing substitutes identified by Dr. Patil were ██████████████ *See* Ex. K, pp. 133-141.

There was no disclosure by Dr. Patil of modifying the TPU devices to utilize a ███████
██ *Id.*

　　　　In view of the foregoing, Ms. Stamm and Drs. Walker and Patil (and any other Google witnesses) should be precluded from testifying at trial that a TPU modified to use a non-disclosed ████████████ would have been a non-infringing alternative. *See*, *e.g.*, *Niazi Licensing*, 2020 WL 3638771, at *1 (expert precluded from giving opinion based upon factual information not timely disclosed during discovery); *see also GREE v. Supercell*, 2020 WL 4288356, at **2-3 (precluding experts from relying upon non-infringing alternatives "not disclosed during fact discovery"). As in *GREE*, this non-disclosed information is important as it forms the basis for Ms. Stamm's reasonable royalty opinion. Further, as in *GREE*, the information was not disclosed until very late in the case, well after fact discovery closed and after Singular served its opening expert report on damages.

　　　　The prejudice to Singular from Google's late disclosure of ████████████ is self-apparent. Singular has been prevented from taking fact discovery regarding this device and the deadline for filing for summary judgment is April 28, 2023. There is no doubt that this late-disclosed alternative is important to Singular's damages case. *See*, *e.g.*, *id.* at *3 (cost of alternative important where expert relied upon it and information was requested during discovery). As in *GREE*, Singular is "clearly prejudiced" because the ██████████ "was disclosed only in Supplemental or Rebuttal Reports, after [Singular's] experts had completed their reports." *Id.* The "only appropriate remedy" is to strike Google's evidence relating to the ████████████. *Id.*

B.     UNDERLINE EXCLUSION UNDER RULE 403 AND/OR RULE 702

Under Rule 702, district courts considering the admissibility of expert testimony must "act as gatekeepers, ensuring that an expert's proffered testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Samaan,* 670 F.3d at 31 (quoting *Daubert,* 509 U.S. at 597).[3]  Thus, expert testimony "must be excluded if it is unreliable or irrelevant." *See, e.g.*, *Cavanagh v. Taranto*, 95 F. Supp. 3d 220, 231 (D. Mass. 2015) (citations omitted).  Under Rule 403, even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

Ms. Stamm's opinion regarding the ███████████ should be precluded because alleged "substitutes only theoretically possible" will not limit the amount of a reasonable royalty. *DataTreasury*, 2011 WL 8810604, at *13 (quoting *Grain Processing*, 185 F.3d at 1353); *see also Grain Processing Corp. v. Am. Maize-Prods. Co.*, 108 F.3d 1392, at *2 (Fed. Cir. 1997) (unpublished) ("this court rejected an attempt to rely on a noninfringing substitute that was not available during the period of infringement").  The date of the hypothetical negotiation in this case is ███████. As Ms. Stamm agreed in deposition, the alternative must be both available and acceptable:



*See* Ex. L, at 127:18-23.

___

[3] As the proponent of Ms. Stamm's expert testimony, Google has the burden of showing that her conclusions are reliable under Rule 702. *See, e.g.*, *McGovern ex rel. McGovern v. Brigham & Women's Hosp.*, 584 F. Supp. 418, 422 (D. Mass. 2008).

As Ms. Stamm conceded, to date (2017-2023), Google has ████████████
████████████:

- ██ ████████████████████████
  ████████████

████████████████████

- ██ ████████████

- ██ ████████████████████████
  ████████████

*See id.*, at pp. 30:23-31:7.

- ██ ████████████████████
- ██ ████████
- ██ ████████████
- ██ ████████
- ██ ████████████
- ████████████████
- ██ ████████
- ██ ████████████
- ██ ████████
- ████████████████
- ██ ████████████
- ████████████████
- ██ ████████
- ██ ████████████████
- ████████████████
- ██ ████████
- ██ ████████████████████
- ████████████████████



*Id*. at pp. 32:14-33:17.

*Id*. at p. 38:14-20.

Google's speculative non-infringing ████████████████████████████

████████, "is not the type of concrete and readily available alternative typically considered

in a *Georgia-Pacific* analysis." *DataTreasury*, 2011 WL 8810604, at *13 (citing *Spectralytics,*

*Inc. v. Cordis Corp.*, 649 F.3d 1336, 1346 (Fed. Cir. 2011)); *see also SRI Intern., Inc. v. Internet*

*Sec. Sys., Inc.*, No. 04-1199, 2011 WL 5166436, at *2 (D. Del. Oct. 31, 2011) (precluding expert

testimony where the putative alternative was "more than eight months away from being ready").

As the Federal Circuit explained in the *Mars* case:

> Coinco is simply wrong to suggest that the district court found that there were
> available, acceptable, noninfringing alternatives.  What the district court found was
> that "Coinco had the ability, resources, and the desire to design around Mars'
> patents," that "it could probably figure out a way to avoid infringement," but that
> the available "design around was not as good as it would like."  There was,
> therefore, no available and acceptable noninfringing alternative to which Coinco
> could have switched ***at the time of the hypothetical negotiation***, there was merely
> the possibility that it could have come up with one.

527 F.3d at 1372-73 (emphasis added).

In deposition, Dr. Walker testified that it would have taken Google around ████████

████████████████████████████████:



Ex. M at pp. 208-09.  As a result, neither Dr. Walker (nor Ms. Stamm in reliance upon Dr. Walker or Dr. Patil) should be allowed to testify that the purported ███████████ was available as of the date of the hypothetical negotiation in ████████. *See also SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-497, 2011 WL 3625036, at *11 (E.D. Tex. Aug. 17, 2011) ("even if Defendants make acceptable [alternatives] sometime in the near future, that fact was not probative of the availability of acceptable alternatives during the damages period"), *aff'd*, 709 F.3d 1365 (Fed. Cir. 2013).  In its affirming opinion, the Federal Circuit further noted that "it took Defendants nearly a year, if not longer, to make the replacement converters available for commercial use." 709 F.3d at 1382.

In her report, Ms. Stamm also opines that a reasonable royalty in this case would be

*See* Ex. A, p. 5, ¶ 15.



*Id.*, at p. 72, ¶ 180.

Ms. Stamm's opinion that reasonable royalty damages would be ████████████ ████████████████████████████ is contrary to established Federal Circuit law:

> [E]ven if Coinco had shown that it had an acceptable noninfringing alternative at the time of the hypothetical negotiation, Coinco is wrong as a matter of law to claim that reasonable royalty damages are capped at the cost of implementing the cheapest available, acceptable, noninfringing alternative.

*Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1373 (Fed. Cir. 2008).

As another Court has put it:

> [T]he Court need not resolve the availability of the purported non-infringing alternative in order to set a reasonable royalty rate because it "is wrong as a matter of law to claim that reasonable royalty damages are capped at the cost of implementing the cheapest available, acceptable, noninfringing alternative.

*DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72, 2011 WL 8810604, at *13 (E.D. Tex. Aug. 2, 2011) (quoting *Grain Processing Corp. v. Am. Maize-Products Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999)).

Moreover, this is not the first case in which Google has attempted impermissibly to cap damages at the cost of implementing a purported non-infringing alternative that did not exist at the time of the hypothetical negotiation (or since):

> To the extent Google's argument that Mr. Mills' calculation and/or the jury's damages award is "outrageously high" is an attempt to cap damages at the cost of implementing its non-infringing alternative; that argument fails as a matter of law.

*SimpleAir, Inc. v. Google Inc.*, 77 F. Supp. 3d 569, 582 (E.D. Tex. 2014), *vacated on other grounds*, 820 F.3d 419 (Fed. Cir. 2016).

Accordingly, Ms. Stamm's opinion regarding the ███████████████ should be precluded under Rule 702 as unreliable and not helpful to the jury. *SimpleAir, Inc. v. AWS Convergence Techs., Inc.*, No.2:09-cv-289, 2012 WL 12978274, at *2 (E.D. Tex. Apr. 3, 2012) ("Mr. Jackson may not 'claim that reasonable royalty damages are capped at the cost of implementing the cheapest available, acceptable, noninfringing alternative,' and, thus to that extent the motion [to exclude] is GRANTED") (quoting *Mars*, 527 F.3d at 1373).

## IV.   CONCLUSION

For the reasons set forth above, Singular requests that this motion be granted.

Dated: April 28, 2023                    Respectfully submitted,

                                         /s/ Paul J. Hayes
                                         Paul J. Hayes (BBO #227000)
                                         Matthew D. Vella (BBO #660171)
                                         Kevin Gannon (BBO #640931)
                                         Brian Seeve (BBO#670455)
                                         Daniel McGonagle (BBO #690084)
                                         **PRINCE LOBEL TYE LLP**
                                         One International Place, Suite 3700
                                         Boston, MA 02110
                                         Tel: (617) 456-8000
                                         Email: phayes@princelobel.com
                                         Email: mvella@princelobel.com
                                         Email: kgannon@princelobel.com
                                         Email: bseeve@princelobel.com
                                         Email: dmcgonagle@princelobel.com

                                         ATTORNEYS FOR THE PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 28, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                         /s/ Paul J. Hayes