## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | |
| v. | Hon. F. Dennis Saylor IV |
| GOOGLE LLC, | ORAL ARGUMENT REQUESTED |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE CUMULATIVE OPINION TESTIMONY OF DR. JOHN GUSTAFSON

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 1

II.     LEGAL STANDARDS ............................................................................................... 2

III.    ARGUMENT ............................................................................................................... 3

IV.    CONCLUSION ............................................................................................................ 5

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

*Abbott GmbH & Co. v. Centocor Ortho Biotech, Inc.*,
  870 F. Supp. 2d 206 (D. Mass. 2012), *aff'd sub nom.*
  *Abbvie Deutschland GmbH & Co. KG v. Janssen Biotech, Inc.*,
  759 F.3d 1285 (Fed. Cir. 2014) .......................................................................................... 2, 3, 5

*Bogosian v. Mercedes-Benz of N. Am., Inc.*,
  104 F.3d 472 (1st Cir.1996) .............................................................................................. 2

*Clark v. Edison*,
  881 F. Supp. 2d 192 (D. Mass. 2012) ............................................................................. 2

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ......................................................................................................... 2

*Leefe v. Air Logistics, Inc.*,
  876 F.2d 409 (5th Cir. 1989) ........................................................................................... 5

*Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*,
  161 F.3d 77 (1st Cir. 1998) .............................................................................................. 2

*Samaan v. St. Joseph Hosp.*,
  670 F.3d 21 (1st Cir.2012) ............................................................................................... 2

*United States v. Joiner*,
  522 U.S. 136 (1997) ......................................................................................................... 2

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this memorandum of law in support of its motion to exclude cumulative opinion testimony of Dr. John Gustafson regarding the VFLOAT system that is cumulative to the opinion testimony that defendant, Google LLC ("Google"), intends to present through another of its designated experts, Dr. Miriam Leeser who allegedly designed the VFLOAT system.

## I.   INTRODUCTION

Singular alleges that Google infringes claim 53 of U.S. Patent Nos. 8,407,273 ("the '273 patent") and claim 7 of U.S. Patent No. 9,218,156 ("the '156 patent").  Google asserts that the asserted claims are invalid, *inter alia*, under 35 U.S.C. §§ 102/103.  In support, Google intends to offer the testimony of Dr. Miriam Leeser and Dr. John Gustafson.  Google served Dr. Leeser's Expert Report on December 20, 2022, *See* Ex. A.[1]  As summarized in paragraphs 19-20 of her report, Dr. Leeser intends to opine that both asserted claims are invalid for anticipation and obviousness. *Id.*, at pp. 9-10, ¶¶ 19-20.  The sole prior art that Dr. Leeser's opinion relies upon is the Variable Precision Floating Point Library ("VFLOAT") system. *See id.*

On December 22, 2022, Google served Dr. Gustafson's Expert Report. *See* Ex. B.[2]  Dr. Gustafson likewise intends to opine that the asserted claims are invalid under 35 U.S.C. §§ 102/103 in view of the VFLOAT system. *See id.*, at pp. 9-10, ¶¶ 19-20.  Accordingly, Dr. Gustafson's opinion testimony regarding VFLOAT is cumulative and should be excluded under Fed. R. Evid. 403.

---

[1] Unless otherwise noted, all cited exhibits are attached to the accompanying Declaration of Kevin Gannon.

[2] Dr. Gustafson's report also addresses the CNAPS and GRAPE-3 systems.  Dr. Leeser's report does not address either of those two systems.

## II.    LEGAL STANDARDS

Whether to admit or exclude expert testimony lies within the discretion of the trial court. *United States v. Joiner*, 522 U.S. 136, 141-42 (1997).  Under Rule 403, evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See also Abbott GmbH & Co. v. Centocor Ortho Biotech, Inc.*, 870 F. Supp. 2d 206, 252 (D. Mass. 2012), *aff'd sub nom. Abbvie Deutschland GmbH & Co. KG v. Janssen Biotech, Inc.*, 759 F.3d 1285 (Fed. Cir. 2014).  Under Rule 702, district courts considering the admissibility of expert testimony must "act as gatekeepers, ensuring that an expert's proffered testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Samaan v. St. Joseph Hosp.,* 670 F.3d 21, 31 (1st Cir. 2012) (quoting *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597 (1993)).

This gatekeeping function requires that the Court consider, *inter alia*, "whether the testimony [will be] helpful to the trier of fact, i.e., whether it rests on a reliable foundation and is relevant to the facts of the case." *Bogosian v. Mercedes-Benz of N. Am., Inc.*, 104 F.3d 472, 476 (1st Cir.1996).  Thus, the court should also consider whether the expert's opinion, if admitted, "would assist the trier of fact to understand or determine a fact in issue." *Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998).  Expert scientific testimony that is admissible under Rule 702 may nonetheless be excluded under Rule 403. *See*, *e.g.*, *Clark v. Edison*, 881 F. Supp. 2d 192, 200 (D. Mass. 2012).

### III.    ARGUMENT

Dr. Gustafson's testimony regarding the VFLOAT system should be excluded because it is cumulative.  Google intends to have both Dr. Leeser and Dr. Gustafson testify that the asserted claims are anticipated and rendered obvious by the VFLOAT system.  Thus, Dr. Gustafson's testimony is facially cumulative.  There is no need in this case for two experts to testify regarding the identical prior art and identical grounds for invalidity.  Under Rule 403, testimony may be excluded if its probative value is substantially outweighed by the danger of presenting cumulative evidence and/or if it would waste time at trial. *See also Abbott v. Centocor*, 870 F. Supp. 2d at 252.  Accordingly, Dr. Gustafson's testimony regarding the VFLOAT system should be excluded.

This is especially so because Dr. Gustafson not only expresses the same §§ 102/103 opinion, but also relies upon the identical VFLOAT evidence relied upon by Dr. Lesser (a purported designer of the VFLOAT system).  For example, in her report, Dr. Leeser states:

> 19.    For the reasons set forth in the body of this report, it is my opinion that claim 53 of the '273 patent is invalid as anticipated due to the claimed invention being known or used by others in this country before the priority date of the Asserted Patents, being in public use in this country more than one year prior to the priority date for the Asserted Patents, and/or being previously made in this country by another inventor who had not abandoned, suppressed, or concealed the invention, based on the creation, public availability, public disclosure, public knowledge, and public use of and regarding VFLOAT and its use on FPGA hardware. In addition, it is my further opinion that, even if claim 53 of the '273 patent is not anticipated, the claimed invention would have been obvious to a person having ordinary skill in the art at the time based on the creation, public availability, public disclosure, public knowledge, and public use of and regarding VFLOAT in combination with FPGA hardware available at the time of the claimed invention.

*See* Ex. A, at pp. 9-10, ¶ 19.

3

Similarly, Dr. Gustafson's report states:

216.    As I explain below, it is my opinion that the claims are anticipated or rendered obvious by a system made, used, and disclosed by Dr. Miriam Leeser of Northeastern University in Boston, MA. I refer to this system in this Report as the "VFLOAT" system.

217.    Below I provide a description of the VFLOAT system and its components. My understanding of the facts recited below is based on my conversations with Dr. Leeser on November 17, 2022, December 1, 2022, December 13, 2022, and December 14, 2022, and is confirmed by my review of the Report of Dr. Miriam Leeser ("Leeser-Report").

*See* Ex. B, at p. 56.

Dr. Gustafson's report simply regurgitates in detail the same description of the VFLOAT system described by Dr. Leeser in her Report and cites to the same exhibits. *See*, *id.*, at pp. 56-88.  For example:

| These paragraphs of the Gustafson Report addressing VFLOAT: | Cite to these paragraphs of the Leeser Report: |
|---|---|
| 218 | 75-85 |
| 219 | 80 |
| 221 | 96-98 |
| 223 | 88, 100 |
| 224 | 85, 93, 102, 163 |
| 225 | 64 |
| 226 | 85, 89, 93, 94 |
| 227 | 90, 102-109 |
| 228 | 111-113 |
| 229 | 73, 112, 114, 116 |
| 231 | 114 |
| 232 | 114 |
| 233 | 129 |
| 234 | 113 |
| 235 | 117-118 |
| 236 | 120 |
| 237 | 122-123, 135 |
| 238 | 113, 164 |
| 239 | 113, 164 |
| 240 | 115-116 |
| 241 | 125-128, 130-137 |

| These paragraphs of the Gustafson Report addressing VFLOAT: | Cite to these paragraphs of the Leeser Report: |
|---|---|
| 242 | 128, 135-137 |
| 244 | 234 |

*See id.* Neither the jury nor the Court should be subjected to cumulative opinion testimony.

Hence, Rule 403 empowers the Court to exclude testimony that would result in "undue delay,

wasting time, or needlessly presenting cumulative evidence."

As this Court stated in *Abbott GmbH & Co., KG v. Centocor Ortho Biotech, Inc.*, No. 09-

11340-FDS, 2012 WL 13227145, at *3 (D. Mass. Sept. 6, 2012), "experts will not be permitted

to testify to the same issues". *See also Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411 (5th Cir.

1989) (no point in permitting a party to "parad[e] additional experts before the court in the hope

that the added testimony will improve upon some element of the testimony by the principal

expert"). Accordingly, the Court should exclude Dr. Gustafson's opinion testimony that the

VFLOAT system invalidates the asserted claims under

§§ 102/103.

## IV.    CONCLUSION

For the reasons set forth above, Singular requests that this motion be granted.

Dated: April 28, 2023                   Respectfully submitted,

                                        */s/ Paul J. Hayes*
                                        Paul J. Hayes (BBO #227000)
                                        Matthew D. Vella (BBO #660171)
                                        Kevin Gannon (BBO #640931)
                                        Brian Seeve (BBO#670455)
                                        Daniel McGonagle (BBO #690084)
                                        **PRINCE LOBEL TYE LLP**
                                        One International Place, Suite 3700
                                        Boston, MA 02110
                                        Tel: (617) 456-8000
                                        Email: phayes@princelobel.com
                                        Email: mvella@princelobel.com
                                        Email: kgannon@princelobel.com
                                        Email: bseeve@princelobel.com
                                        Email: dmcgonagle@princelobel.com

                                        ATTORNEYS FOR THE PLAINTIFF


## CERTIFICATE OF SERVICE

I certify that on April 28, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                        */s/ Paul J. Hayes*

6