IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | C.A. No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**DECLARATION OF MICHAEL S. KWUN IN SUPPORT OF
DEFENDANT GOOGLE LLC'S MOTION FOR SUMMARY JUDGMENT THAT THE
ASSERTED PATENT CLAIMS ARE PATENT INELIGIBLE**

I, Michael S. Kwun, upon my personal knowledge, hereby submit this declaration pursuant to 28 U.S.C. § 1746 and declare as follows:

1. I am an attorney at the law firm of Kwun Bhansali Lazarus LLP.  I represent Defendant Google LLC in this case.

2. I make this declaration based on my personal knowledge and on a reasonable investigation of the facts relevant to this case. If called upon to testify regarding the facts in this Declaration, I am willing and able to do so.

3. Plaintiff Singular Computing LLC served preliminary infringement contentions on September 4, 2020. Those contentions assert that Google infringes claim 53 of U.S. Patent No. 8,407,273, claim 7 of U.S. Patent No. 9,218,156, and claims 4 and 13 of U.S. Patent No. 10,416,961. *See* Dkt. 355-9 at 1. On October 19, 2022, the Court granted Singular's motion to supplement those contentions, but Singular's supplemental contentions did not asserted additional patent claims. On April 21, 2023, the Court granted the parties' joint motion and stipulation of dismissal of Count III of the amended complaint, thereby dismissing Singular's claims regarding

the '961 patent. As a result, Singular now asserts infringement of claim 53 of the '273 patent and claim 7 of the '156 patent.

4. Attached hereto as Exhibit 1 is a true and correct copy of U.S. Patent No. 8,407,273.

5. Attached hereto as Exhibit 2 is a true and correct copy of U.S. Patent No. 9,218,156.

6. Attached hereto as Exhibit 3 are true and correct excerpts of an expert report from Dr. John L. Gustafson that Google served in this case.

7. Singular served only one expert report that addresses patentability, a rebuttal report from Dr. Sunil P. Khatri that responds to the Gustafson Report.

8. Attached hereto as Exhibit 4 are true and correct excerpts of Dr. Khatri's rebuttal report, specifically including the paragraphs of his rebuttal expert report under the heading "IV. PATENTABILITY UNDER § 101." Opinions that appear on the excerpted pages but that are not under that heading have been redacted.

9. Attached hereto as Exhibit 5 are true and correct excerpts of Dr. Khatri's opening expert report, specifically including the paragraphs that Dr. Khatri cites in the paragraphs of his rebuttal expert report excerpted in Exhibit 4. Opinions on the excerpted pages that Dr. Khatri did not cite in his rebuttal report have been redacted.

Executed at San Francisco, California on April 28, 2023.

                                                   */s/ Michael S. Kwun*  
                                                   Michael S. Kwun

## **CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

*/s/ Nathan R. Speed*
Nathan R. Speed