UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 1:19-cv-12551-FDS <br><br> Hon. F. Dennis Saylor IV <br><br> <u>ORAL ARGUMENT REQUESTED</u> |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE CERTAIN DOCUMENTS AND TESTIMONY OF DR. MIRIAM LEESER <u>DUE TO IPR ESTOPPEL</u>**

Paul J. Hayes (BBO #227000)
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL STANDARDS | 1 |
| III. | ARGUMENT | 2 |
| IV. | CONCLUSION | 6 |

# **TABLE OF AUTHORITIES**

**Cases**

*Abbott GmbH & Co. v. Centocor Ortho Biotech, Inc.*,
  870 F. Supp. 2d 206 (D. Mass. 2012), *aff'd sub nom. Abbvie Deutschland GmbH
  & Co. KG v. Janssen Biotech, Inc.*, 759 F.3d 1285 (Fed. Cir. 2014) .......................................... 2

*Bogosian v. Mercedes-Benz of N. Am., Inc.*,
  104 F.3d 472 (1st Cir.1996) ........................................................................................................ 2

*Clark v. Edison*,
  881 F. Supp. 2d 192 (D. Mass. 2012) ........................................................................................ 2

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) .................................................................................................................... 2

*Jazz Pharms., Inc. v. Amneal Pharms., LLC*,
  895 F.3d 1347 (Fed. Cir. 2018) .................................................................................................. 4

*Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*,
  161 F.3d 77 (1st Cir. 1998) ........................................................................................................ 2

*Samaan v. St. Joseph Hosp.*,
  670 F.3d 21 (1st Cir.2012) ........................................................................................................ 2

*United States v. Joiner*,
  522 U.S. 136 (1997) .................................................................................................................... 1

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this memorandum of law in support of its motion to exclude certain documents and related testimony subject to the Court's IPR Estoppel Order (Dkt. No. 447). For the reasons set forth below, Singular requests that the motion be granted.

I. **INTRODUCTION**

Singular alleges that Google infringes claim 53 of U.S. Patent Nos. 8,407,273 ("the '273 patent") and claim 7 of U.S. Patent No. 9,218,156 ("the '156 patent"). Google asserts that the claims are invalid, *inter alia*, under 35 U.S.C. §§ 102/103. In support, Google intends to offer, *inter alia*, the testimony of Dr. Miriam Leeser and certain documents referenced by her. Google served counsel for Singular with a copy of Dr. Leeser's Expert Report on or around December 20, 2022, *See* Ex. A.[1] As summarized in paragraphs 19-20 of her report, Dr. Leeser intends to opine that both asserted claims are invalid for anticipation and obviousness. The sole prior art device that Dr. Leeser's opinion relies upon is the Variable Precision Floating Point Library ("VFLOAT") system. *See id.*, pp. 9-10, §§ 19-20. The VFLOAT system is one of the prior art devices that is addressed in the Court's IPR Estoppel Order. *See* Dkt. No. 447, at pp. 13-15. Printed publications describing the VFLOAT system are subject to the IPR Estoppel Order. *Id.*

II. **LEGAL STANDARDS**

Whether to admit or exclude expert testimony lies within the discretion of the trial court. *United States v. Joiner*, 522 U.S. 136, 141-42 (1997). Under Rule 403, evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time,

---

[1] Unless otherwise noted, all cited exhibits are attached to the accompanying Declaration of Kevin Gannon.

1

or needlessly presenting cumulative evidence." *See also Abbott GmbH & Co. v. Centocor Ortho Biotech, Inc.*, 870 F. Supp. 2d 206, 252 (D. Mass. 2012), *aff'd sub nom. Abbvie Deutschland GmbH & Co. KG v. Janssen Biotech, Inc.*, 759 F.3d 1285 (Fed. Cir. 2014). Under Rule 702, district courts considering the admissibility of expert testimony must "act as gatekeepers, ensuring that an expert's proffered testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 31 (1st Cir.2012) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)).

This gatekeeping function requires that the Court consider, *inter alia*, "whether the testimony [will be] helpful to the trier of fact, *i.e.*, whether it rests on a reliable foundation and is relevant to the facts of the case." *Bogosian v. Mercedes-Benz of N. Am., Inc.*, 104 F.3d 472, 476 (1st Cir. 1996). Thus, the court should also consider whether the expert's opinion, if admitted, "would assist the trier of fact to understand or determine a fact in issue." *Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998). Expert scientific testimony that is admissible under Rule 702 may nonetheless be excluded under Rule 403. *See, e.g., Clark v. Edison*, 881 F. Supp. 2d 192, 200 (D. Mass. 2012).

**III.   ARGUMENT**

In the IPR Estoppel Order, the Court ruled that Google is estopped from relying on patents and printed publications of which it was aware or could have been aware of at the time that Google filed its petitions for IPR. *See* Dkt. No. 447, at pp. 12-15. The Court noted Google's intent to rely upon the VFLOAT, CNAPS, and GRAPE-3 prior art systems. *Id*. at p. 13. With respect to those systems, the Court stated as follows:

>Google further asserts that it intends to present other evidence at trial that it could not have submitted to PTAB as proof of invalidity. That evidence includes source code, oral presentations, expert testimony describing system features, non-public details regarding workstation parameters, non-public documents submitted in response to third-party subpoenas, and expert testimony based on observations at a conference. Google seeks to use some of that evidence in combination with printed publications, and states that the expert testimony may rely in part upon those publications.

*Id.*, at p. 14 (footnotes omitted).

The "other evidence" that Dr. Leeser intends to rely upon in her trial testimony includes the following exhibits attached to her report:

1. 2002 High Performance Embedded Computing ("HPEC") PowerPoint Presentation (Ex. B);

2. VFLOAT Source Code (Ex. C);

3. Variable Precision Floating Point Modules for VFLOAT (Ex. D);

4. "A Library of Parameterized Hardware Modules for Floating-Point Arithmetic and Their Use" by Dr. Leeser and Belanovic (Ex. E);

5. MAPLD PowerPoint Presentation (Ex. F);

6. Abstract of "A Parameterized Floating-Point Library Applied to Multispectral Image Clustering" by Dr. Leeser *et al.* (Ex. G).

As Google is asserting public use of the VFLOAT system, Dr. Leeser was keen in her report to unequivocally state that all of the above "printed" documents (including source code) were publicly available prior to the date of invention in this case. For example, in her report, Dr. Leeser describes these documents as "**Public Disclosures Relating to VFLOAT and Our System Setup**." *See* Ex. A, at p. 48 (bold in original). Dr. Leeser represents that each of the above-referenced documents was publicly available, as detailed in the below chart:

3

| Reference | Description of Publication |
|---|---|
| 2002 High Performance Embedded Computing ("HPEC") PowerPoint Presentation | Slides presented publicly at the Sixth Annual Workshop on High Performance Embedded Computing ("HPEC") to an audience of approximately 30-40 individuals.<br><br>*See* Ex. A (Leeser Report), at pp. 50-51, ¶¶ 130-31.[2] |
| VFLOAT source code | Original source code comprising VFLOAT. Leeser Rpt. at ¶ 124. This code was, and remains, publicly available for download on the website for Northeastern University's Department of Electrical and Computer Engineering.<br><br>*Id.* at p. 48. |
| Variable Precision Floating Point Modules for VFLOAT | Copy of an archived version of the publicly available website for VFLOAT as it existed in early March 2003.<br><br>*Id.*, at p. 48, ¶ 124. |
| Abstract of "A Library of Parameterized Hardware Modules for Floating-Point Arithmetic and Their Use" by Dr. Leeser and Belanovic | Abstract summarizing Dr. Leeser's proposed presentation at HPEC 2002) that was distributed and accepted by the organizers of the workshop.<br><br>*Id.*, at p. 50, ¶ 130. |
| MALPD PowerPoint Presentation | Slide presentation given by Dr. Leeser at the 7th Annual Military and Aerospace Programmable Logic Devices International Conference (MAPLD '04), which was a public conference attended by approximately 100 people.<br><br>*Id.*, at pp. 55-56, ¶ 139. |
| Abstract of "A Parameterized Floating-Point Library Applied to Multispectral Image Clustering" by Dr. Leeser *et al.* | Abstract submitted to and accepted by the organizers for MAPLD '04.<br><br>*Id.* |

---

[2] Such slide presentations are deemed printed publications if publicly presented to a knowledgeable audience without an obligation of confidentiality. *See*, *e.g.*, *Jazz Pharms., Inc. v. Amneal Pharms., LLC*, 895 F.3d 1347, 1356-57 (Fed. Cir. 2018).

4

Accordingly, this "other" VFLOAT evidence falls within the IPR Estoppel Order because the documents are printed publications of which Google "was actually aware, or reasonably could have become aware" as of the time of the IPR proceeding." Dkt. No. 447, at p. 15.

This is so because Google retained Dr. Leeser in this case well before Google filed for IPR in November 2020. In deposition, although she (conveniently) testified that she could not recall exactly when she was retained, Dr. Leeser stated that it was one or two days before she was contacted by Dr. Bates:

> Q. Since Cornell, have you spoken to Joe Bates?
>
> A. I have recollections of running into him once or twice. I don't remember the details. I did talk to him because he personally called me and asked me to be an expert witness on this case.
>
> Q. And what did you say?
>
> A. I said no.
>
> Q. Why?
>
> A. So I had already been contacted by Google before he called me, and I'd already accepted to be an expert witness on the case for Google, for the lawyers who represent Google.

*See* Ex. H, at 217:12-24.

> Q. Okay. Do you remember how long between Google's lawyers first contacting you and you hearing from Joe Bates, how much time elapsed between those two events?
>
> A. They were relatively close together. I don't remember precisely, but I think it was one or two days.

*Id.*, at 218:9-15.

Dr. Bates does not have a faulty memory of when the above occurred. As reflected in a contemporaneous email, Dr. Bates called Dr. Leeser on September 23, 2020. *See* Declaration of Joseph Bates submitted herewith. Thus, as of September 23, 2020, i.e. over five weeks before

5

Google's petition for IPR, Google was aware of Dr. Leeser and her work in connection with the VFLOAT system. As of November 2022, counsel for Google had no doubt requested Dr. Leeser to provide all relevant documentation relating to VFLOAT. If counsel did not make such a request, they certainly reasonably could have.[3] The documents are all identified with production numbers "LEESER000###" (*see* Exs. B-G), confirming that Dr. Leeser was the source of those documents. Accordingly, pursuant to the IPR Estoppel Order, at the time Google filed for IPR, Google "was actually aware, or reasonably could have become aware" of the above "other" printed publications relating to the VFLOAT system listed above. As a result, Google and Dr. Leeser may not rely upon these "other" documents and/or testimony relating thereto at trial. *See* IPR Estoppel Order, at pp. 14-15.

Finally, fact discovery closed in July 2021, ten months after Dr. Leeser was retained by Google in September 2020. In violation of Local Patent Rule 16.6(d)(4)(G), and Singular's Request for Production No. 18 dated July 10, 2020, Google did not produce copies of Exhibits B-G until Dr. Leeser's report that was served on December 22, 2022 (*see* Ex. J), sixteen months after the close of fact discovery.

**IV.    CONCLUSION**

For the reasons set forth above, Singular requests that this motion be granted.

---

[3] Counsel for Singular recently requested that counsel for Google provide specifics regarding this contact with Dr. Leeser. *See* Ex. I (K. Gannon to N. Speed *et al.*). Predictably, counsel for Google refused to comply. *See id.* (N. Speed to K. Gannon *et al.*).

| | |
|---|---|
| Dated: April 28, 2023 | Respectfully submitted,<br><br>*/s/ Paul J. Hayes*<br>Paul J. Hayes (BBO #227000)<br>Matthew D. Vella (BBO #660171)<br>Kevin Gannon (BBO #640931)<br>Daniel McGonagle (BBO #690084)<br>Brian Seeve (BBO#670455)<br>**PRINCE LOBEL TYE LLP**<br>One International Place, Suite 3700<br>Boston, MA 02110<br>Tel: (617) 456-8000<br>Email: phayes@princelobel.com<br>Email: mvella@princelobel.com<br>Email: kgannon@princelobel.com<br>Email: dmcgonagle@princelobel.com<br>Email: bseeve@princelobel.com<br><br>ATTORNEYS FOR THE PLAINTIFF |

## **CERTIFICATE OF SERVICE**

I certify that on April 28, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Paul J. Hayes*