# EXHIBIT I

**Kevin Gannon**

| | |
|---|---|
| **From:** | Nathan R. Speed <Nathan.Speed@WolfGreenfield.com> |
| **Sent:** | Tuesday, April 11, 2023 9:25 AM |
| **To:** | Kevin Gannon |
| **Cc:** | matthiaskamber@paulhastings.com; kvpsingular@keker.com; WGS-Singularv.Google@WolfGreenfield.com; abhansali@kblfirm.com; Singular; Paul Hayes |
| **Subject:** | RE: Singular Computing LLC v. Google LLC (Case 1:19-cv-12551-FDS) |

Kevin,

The parties have never agreed to produce expert engagement agreements, and we do not agree to produce them now. Fact discovery ended nearly two years ago and expert discovery concluded last month. If Singular had believed Dr. Lesser's engagement agreement and the details surrounding it were somehow relevant to the case, it could have tried to seek such information during discovery but it did not. Even now you have not explained what relevance her engagement agreement has to any issue remaining in the case. For example, Dr. Lesser's engagement seemingly has no bearing on whether any of the "numerous documents" you vaguely reference in your e-mail are printed publications under existing case law or whether a skilled searcher conducting a diligent search reasonably could have been expected to discover the documents.

Best,

Nathan

**From:** Kevin Gannon <kgannon@princelobel.com>
**Sent:** Monday, April 10, 2023 3:16 PM
**To:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>
**Cc:** matthiaskamber@paulhastings.com; kvpsingular@keker.com; WGS-Singular v. Google <WGS-Singularv.Google@WolfGreenfield.com>; abhansali@kblfirm.com; Singular <Singular@princelobel.com>; Paul Hayes <phayes@princelobel.com>
**Subject:** Re: Singular Computing LLC v. Google LLC (Case 1:19-cv-12551-FDS)

Nathan,

Given the Court's April 6, 2023 Order, it is clear that Google is prohibited from using the printed publications it knew of or could have reasonably discovered at the time it filed for IPR. Our review of the numerous documents belatedly produced by Dr. Leeser indicates that these documents are indeed printed publications that Google knew of or could have reasonably discovered at the time of the IPR filing.

During her deposition, Dr. Leeser was asked when she was first contacted by Google and she expressed a convenient loss of memory regarding same. Dr. Leeser also testified that the first person to contact her on behalf of Google was you. Please provide a copy of any retention agreement between Google and Dr. Leeser and the dates that Google's attorneys first communicated with Dr. Leeser in this case.

We request a quick response given the upcoming deadlines in this case.

Thanks,
Kevin

1