# EXHIBIT 2

1              UNITED STATES DISTRICT COURT
2                DISTRICT OF MASSACHUSETTS
3
4
5    SINGULAR COMPUTING LLC,          )
                                      )
6            Plaintiff,               )
                                      )
7       vs.                           ) Case Nos.
                                      ) 1:19-cv-12551-FDS
8    GOOGLE LLC,                      )
                                      )
9            Defendant.               )
                                      )
10
11
12
13
14    ***  ██████████████████████████████  ***
15
16
17            REMOTE VIDEO DEPOSITION OF
18               DR. SUNIL P. KHATRI
19
20
21
22
23
24   DATE TAKEN:  MARCH 23, 2023
     REPORTED BY:  RENEE HARRIS, CSR 14168, CCR, RPR
25   JOB NO. 5805108
     PAGES:  1 - 349

                                        Page 1

```
 1    these -- the patents, yeah.
 2         Q.  And did you -- have you reviewed
 3    Dr. Walker's rebuttal report?
 4         A.  No, I have not.
 5         Q.  You haven't reviewed --                    10:40:37
 6         A.  This is the -- is this the -- like this
 7    is the rebuttal report of Google?  Is that what
 8    is --
 9         Q.  Yeah, Dr. Walker is Google's retained
10    expert.                                             10:40:47
11         A.  I haven't looked -- I haven't looked at
12    that.  Because in this, in preparation for this
13    deposition, I have looked at my -- my reports,
14    basically.
15         Q.  But even outside of preparation for the    10:40:56
16    deposition, have you -- have you looked at
17    Dr. Walker's report?
18         A.  No, I haven't.
19              MR. SEEVE:  Objection.  Asked and
20         answered.                                      10:41:05
21              And I would just caution the witness not
22         to reveal any communication between, you
23         know, Dr. Khatri and Singular's attorneys.
24              But -- but you can answer.
25              THE WITNESS:  I have --                    10:41:14
```

Page 37

```
 1          that two days because one of them is for

 2          first report and one of them is for the

 3          second report.

 4               So that corroborated my opinion -- I mean

 5          all my -- my idea that this deposition was      11:07:02

 6          purely about my two reports.

 7     BY MR. BHANSALI:

 8          Q.  Okay.  But you also --

 9          A.  Because that's what I -- that's what I

10     said -- that's what I can speak to.                  11:07:12

11          Q.  But you're also going to be potentially

12     testifying at trial in this matter; is that right?

13               MR. SEEVE:  Objection.  Calls for

14          speculation.

15               THE WITNESS:  I couldn't -- I couldn't      11:07:25

16          answer that because I don't know that's -- if

17          that's the plans of the attorneys.  So I

18          really wouldn't know if that's the -- if

19          that's -- if that's going to be expected of

20          me.                                              11:07:37

21     BY MR. BHANSALI:

22          Q.  Okay.  Well, have you been engaged to

23     testify at trial if -- if requested?

24               MR. SEEVE:  Objection.  I'd just like to

25          counsel the witness not to reveal any           11:07:46
```

Page 47

```
 1          privileged communications.
 2              But you can answer that question.
 3              THE WITNESS:  So I don't really know
 4          right now because it's possible that they
 5          decide to switch and go to someone else or to     11:07:57
 6          stay with me.  But I don't know the answer to
 7          that question.
 8      BY MR. BHANSALI:
 9          Q.  Okay.  I'm just asking what the scope of
10      your engagement is.  Have you been engaged in this     11:08:03
11      matter -- does the scope of your engagement
12      include potentially testimony at trial?
13              MR. SEEVE:  Objection.  I'm going to
14          instruct the witness not to answer that
15          question.  This is -- involves --                  11:08:16
16              MR. BHANSALI:  You're claiming privilege
17          over the scope of the expert's engagement?  I
18          mean, that's fine, if you want to instruct
19          him not to answer, that's your prerogative.
20              But I just want to make sure we're clear.       11:08:26
21          I'm simply asking him what the scope of his
22          engagement is.  If you want to claim
23          privilege on that and instruct him not to
24          answer, that's your prerogative, and we'll
25          address that with the judge.                        11:08:36
```

Page 48

```
 1    recall any conversation to that effect.

 2         Q.  Okay.  So at present, as far as you're

 3    aware, you have not entered into an engagement to

 4    testify at trial on Singular's behalf?

 5            MR. SEEVE:  Objection.  Calls for a legal    11:09:53

 6         conclusion.

 7            MR. BHANSALI:  I'm asking for his

 8         understanding.

 9            THE WITNESS:  You know, there's this

10         agreement that I signed.  I don't know          11:10:01

11         exactly what -- what the agreement said.

12            But as far as I know, we haven't

13         discussed -- discussed this matter as to

14         whether I'll be representing Singular and

15         Prince Lobel, I suppose, at the trial or not.   11:10:13

16         I don't know the -- I don't know whether

17         that's going to be the case or not.

18    BY MR. BHANSALI:

19         Q.  So, then, you haven't evaluated

20    Dr. Walker's report to form any opinions in -- in    11:10:26

21    response to that?

22            MR. SEEVE:  Objection.  Vague and

23         ambiguous.  Mischaracterizes the witness's

24         testimony.

25    ///
```

Page 50

```
 1              To the extent that this calls for any
 2        conversation -- any information about
 3        conversations you had with Singular's
 4        attorneys, I would instruct you not to
 5        answer.                              11:11:33
 6           But you can answer the question to the
 7        extent it does not.
 8           MR. BHANSALI:  Wait a minute, Brian.  Let
 9        me ask the question differently.
10   BY MR. BHANSALI:                          11:11:38
11      Q.  Outside of any conversations with
12   attorneys, have you been informed of the content
13   of Dr. Walker's report?
14      A.  I have no information about the content
15   of Dr. Walker's report.                   11:11:50
16      Q.  Okay.  And in the context of
17   conversations with attorneys, have you been
18   informed of the content of Dr. Walker's report?
19           MR. SEEVE:  Objection.  I'm going to
20        instruct the witness not to answer as it   11:12:02
21        relates to the content of conversations that
22        Dr. Khatri has had with attorneys.
23   BY MR. BHANSALI:
24      Q.  Okay.  And I'll ask one more question
25   just to make the record clear here, and this is   11:12:14
```

Page 52

```
 1      looking at.  It was on page 18, paragraph 85 of

 2      your report.

 3          A.  Yeah.

 4          Q.  Okay.  So the first part of that

 5      execution unit claim construction refers to a          03:06:49

 6      processing element.

 7              Do you see that?

 8              MR. SEEVE:  Objection.  Mischaracterizes

 9          the document.

10              THE WITNESS:  So the claim construction        03:06:58

11          for execution unit says "processing element

12          comprising an arithmetic circuit paired with

13          a memory circuit."

14              So it does include the language

15          "processing element."                             03:07:10

16      BY MR. BHANSALI:

17          Q.  And do you have an understanding as a

18      person of ordinary skill in the art of what a

19      processing element is?

20          A.  So, again, you know, a person of ordinary     03:07:19

21      skill in the art, reading the entirety of this

22      claim construction language, because it would

23      be -- it would be prudent to look at all -- the

24      entire language altogether, so they would look at

25      this and read this as a "processing element         03:07:40
```

Page 171

```
 1    comprising an arithmetic circuit."
 2          So that would inform them that this
 3    processing element comprised an arithmetic
 4    circuit, of course, and then it also says "paired
 5    with a memory circuit."                          03:07:52
 6      Q.  Apart from it being comprising -- apart
 7    from it comprising an arithmetic circuit paired
 8    with a memory circuit, do you have an
 9    understanding as a person of ordinary skill in the
10    art of what a processing element itself is?       03:08:08
11          MR. SEEVE:  Objection.  Calls for a legal
12          conclusion.  Vague and ambiguous.
13          THE WITNESS:  So, again, a person of
14          ordinary skill in the art reading this
15          language, you know, when they saw the       03:08:17
16          language "processing element comprising an
17          arithmetic circuit," they would -- you know,
18          they would -- they would make a conclusion
19          that this processing -- this processing
20          element that's described comprises an       03:08:32
21          arithmetic circuit.
22          And then for -- excuse me, for further
23          sort of edification in terms of what -- what
24          the processing element was, they would refer
25          to, you know, the specification, which is    03:08:45
```

Page 172

```
 1            intrinsic evidence that they would first look

 2            at, rather than just, you know, apply their

 3            own sort of understanding, you know, of what

 4            a processing element is or was.

 5                Because they would -- you know, the        03:09:02

 6            correct way to read this is to be -- you

 7            know, to be informed by the -- by the

 8            language of the patent, which includes the

 9            specification of it.

10   BY MR. BHANSALI:                                        03:09:15

11        Q.  In your report, do you identify any

12   particular part of the patent specification that

13   informs your understanding as a person of ordinary

14   skill in the art of what a processing element is?

15                MR. SEEVE:  Objection.  Assumes facts not  03:09:28

16            in evidence.  Vague and ambiguous.

17                THE WITNESS:  May I ask you to repeat the

18            question, please.

19   BY MR. BHANSALI:

20        Q.  In your report, do you identify any           03:09:40

21   particular part of the patent specification that

22   informs your understanding as a person of ordinary

23   skill in the art of what a processing element is?

24                MR. SEEVE:  Same objections.

25                THE WITNESS:  So, you know, in -- in --    03:09:51
```

```
 1          if there's -- you know, I mean, to be --
 2          let's see.
 3              The patent itself is, you know, is -- it
 4          does refer to the language, and I can open
 5          the patent and be -- to be sure.  We do have        03:10:08
 6          the patent as one of the exhibits; correct?
 7     BY MR. BHANSALI:
 8          Q.  The patent is Exhibit -- it's Exhibit 9.
 9              But, Dr. Khatri, my question was whether
10     your report -- whether your report identifies any        03:10:28
11     particular part of the patent specification that
12     informs your understanding as a person of ordinary
13     skill in the art of what a processing element is.
14              MR. SEEVE:  Objection.  Assumes facts not
15          in evidence.  Vague and ambiguous.  Calls for       03:10:43
16          a legal conclusion.
17              THE WITNESS:  So I don't recall off the
18          bat if I -- you know, whether I've sort of
19          explained in my report what a processing
20          element is.                                          03:10:58
21              But I think that, you know, for person of
22          ordinary skill in the art, you know, looking
23          at this claim construction for execution
24          unit, which includes, you know -- which
25          starts with the language "processing                03:11:08
```

                                              Page 174

```
 1            element," if they looked at the patent, they

 2            would find ample disclosure as to what a --

 3            you know, what a processing element would be.

 4   BY MR. BHANSALI:

 5        Q.  Okay.  And, Dr. Khatri, again, I'm -- I'm        03:11:20

 6   going to -- I am going to stop you here because

 7   I'm not asking to you look at the patent.

 8            MR. SEEVE:  Sorry --

 9            MR. BHANSALI:  No, no, Brian, I'm not

10            going to have him testify about the patent      03:11:29

11            when I asked him a question about his report.

12            And my question was about the report, and

13            so I'm going to follow up with a question

14            about the report.

15   BY MR. BHANSALI:                                         03:11:38

16        Q.  Dr. Khatri, do you have a searchable copy

17   of your report available?

18        A.  I do have a searchable copy of the

19   report, yes.

20        Q.  If you -- if you can take a minute, could       03:11:46

21   you search to see if there's any identification in

22   your report of any particular part of the patent

23   specification that informs your understanding of

24   what a processing element is?

25            MR. SEEVE:  Objection.  Objection.  I --        03:12:02
```

Page 175

```
 1            construction for execution unit in the

 2            context of the '273 and '156 patents.

 3       BY MR. BHANSALI:

 4            Q.  Do you understand the Court to have

 5       construed the term "processing element"?          03:20:15

 6                 MR. SEEVE:  Objection.  Calls for a legal

 7            conclusion.  Vague and ambiguous.

 8                 THE WITNESS:  If I look at the -- if I

 9            look at the -- the claim terms that the Court

10            has construed, there's four of them:  there's   03:20:28

11            repeated execution, there's low precision and

12            high dynamic range, there's execution unit,

13            and then there's a first input signal

14            representing a numerical value.

15                 So the Court has not construed the term     03:20:44

16            "processing element."  So therefore, a person

17            of ordinary skill in the art, when they were

18            reviewing the claim construction of the

19            Court, they would see the word "processing

20            element."                                        03:21:01

21                 And to understand it better, they

22            would -- they would look at the patent and

23            any supporting -- I mean, and the -- and the

24            intrinsic -- and the contents of the patent,

25            which would mean the figures and the            03:21:14
```

Page 183

```
 1              specification, to inform them further about

 2              what processing element would mean.

 3                   And there's a lot of disclosure in the

 4              patent about what a processing element might

 5              mean.                                       03:21:27

 6         BY MR. BHANSALI:

 7              Q.  And so in forming your opinions, your

 8         opinions as to what a processing element means,

 9         was informed by the disclosures of the patent;

10         correct?                                         03:21:41

11                   MR. SEEVE:  Objection.  Vague and

12              ambiguous.

13                   THE WITNESS:  Can you repeat that,

14              please?  I couldn't hear that.

15         BY MR. BHANSALI:                                 03:21:47

16              Q.  And so in forming your opinions as to

17         what a processing element means, your opinions

18         were informed by the disclosures of the patent; is

19         that right?

20                   MR. SEEVE:  Same objection.            03:21:58

21                   THE WITNESS:  So in forming my opinion

22              about what a processing element means, I

23              mean, like I said, I've already -- I had

24              already read the patent, and so I was

25              informed by what the patent states as to what  03:22:11
```

Page 184

```
 1              a processing element is.

 2      BY MR. BHANSALI:

 3          Q.  But your report doesn't disclose what

 4      parts of the patent informed your understanding of

 5      what the processing element is; is that right?          03:22:29

 6              MR. SEEVE:  Objection -- sorry, I didn't

 7          mean to cut you off there, Asim.

 8              If that's the question, then objection.

 9          Mischaracterizes the report.

10          Mischaracterizes the witness's prior             03:22:40

11          testimony.

12              THE WITNESS:  Can you please repeat the

13          question.

14      BY MR. BHANSALI:

15          Q.  Does your report disclose what part of      03:22:45

16      the patent informed your understanding of what a

17      processing element is?  That's a yes-or-no

18      question.

19              MR. SEEVE:  Same objection.

20              THE WITNESS:  Just to be complete, right,    03:23:00

21          so the patent has numerous disclosures about

22          it, and it was -- you know, it was pretty

23          evident from that as to what was meant by

24          processing element.

25              So I didn't need -- I didn't see a need      03:23:11
```

Veritext Legal Solutions
866 299-5127

```
1          to describe it in any further detail,

2          especially because this is an infringement

3          report, not a report on the details of the

4          patent.

5              So it -- my report just described the        03:23:20

6          patent briefly.  For example, if you look

7          at -- it talks about the patents in -- trying

8          to remember where I wrote that part.

9              So the patents are described in just a

10         brief manner because the patents speak for      03:24:06

11         themselves.  I didn't need -- see a need to

12         be elaborating profusely on the patents.

13             But my -- my brief description of the

14         patents is -- is on -- it starts on page 12.

15         And -- and it's basically about three pages.    03:24:21

16         It ends in the middle of page 14.

17             Again, because -- because the patents

18         speak for themselves and this is -- this is

19         an infringement report, I didn't see a need

20         to be focusing extensively and profusely on     03:24:38

21         the details of the patent.

22    BY MR. BHANSALI:

23         Q.  Is it your understanding that the

24    specification of the patents teaches that a

25    processing element is a tangible object?            03:24:54
```

Page 186



Page 282



Page  283



Page  284



Page 285



Page 290



Page 291



Page 292



Page  293



Page  294



Page 295



Page 296



Page 297



Veritext Legal Solutions
866 299-5127



Page 299



Page 328



Page 329



Page 330



Page 331