UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>          Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>          Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**REDACTED VERSION** |

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
# FOR A CONTINUANCE OF THE TRIAL

Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
Robert R. Gilman (BBO #645224)
Adam R. Doherty (BBO #669499)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com
Email: rgilman@princelobel.com
Email: adoherty@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................... 1

II.  GOOGLE'S AGREEMENT TO THE SEPTEMBER 11, 2023 TRIAL DATE AND PARALLEL PROCEEDINGS .................................................................................. 2

   A.  Singular Did Not Raise A New Claim Construction In The IPR Appeal. ................. 3

   B.  Google's "New" Non-Infringement Defense Is Not New. ....................................... 4

   C.  Singular's Expert Did Not Provide A Dispositive Non-Infringement Report. .......... 4

III. GOOGLE'S IPR APPEAL REVERSAL ARGUMENT IS MERE SPECULATION ....... 5

IV.  CONCLUSION ...................................................................................................... 6

**TABLE OF AUTHORITIES**

**Cases**

*Apple Inc. v. Samsung Elecs. Co. Ltd.*,
   839 F.3d 1034 (Fed. Cir. 2916) ........................................................................................ 5

*In re Atlantic Pipe Corp.*,
   304 F.3d 135 (1st Cir. 2002) ............................................................................................ 1

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this brief in opposition to the motion of defendant, Google LLC ("Google"), for a continuance of the trial. Dkt. No. 453. For the reasons set forth below, the motion should be denied.

## I.   INTRODUCTION

Google's motion for a continuance gives new meaning to the adage "Justice delayed is Justice denied." *See In re Atlantic Pipe Corp.*, 304 F.3d 135, 147 (1st Cir. 2002) ("it is trite but often true that justice delayed is justice denied"). With knowledge of Singular's patents, Google began using Dr. Bates' invention in March 2017 and has, without any opinion of counsel, continued to infringe each day for the past six years (2017-2023) without paying a penny in royalties. Meanwhile, Dr. Bates has been struggling to commercialize and license the invention given the presence of Google, the largest AI provider on the planet, openly using the invention for free. To Google this case is only about money. To Dr. Bates, however, bringing his invention to the public is his lifelong endeavor. *See* Dkt. No. 201-1.

This case was filed on December 20, 2019 and, as of the date of trial in September 2023, will have been pending for three years and nine months. As predicted by Singular in opposing Google's second motion to stay pending IPR,[1] Google now seeks to put off the trial to some unknown time after January 2024. This is despite Google's previous representations to the Court that it did not want to delay the case pending the IPR appeal and that it preferred instead to parallel-track the two proceedings.

---

[1] *See* Dkt. No. 201, at p. 1 n. 2 (Singular Opposition to Google's Renewed Motion to Stay), at p. 1 n.2 ("Google will likely continue its efforts to halt this case by filing another motion to stay (pending appeal) [should] the PTAB find in favor of Singular in any of the IPRs.").

1

## II.   GOOGLE'S AGREEMENT TO THE SEPTEMBER 11, 2023 TRIAL DATE AND PARALLEL PROCEEDINGS

On May 14, 2021, Google moved to stay the case pending IPR. As a result, the case was delayed nine months, only to have the two asserted patent claims (claim 53 of the '273 patent and claim 7 of the '156 patent) unanimously found valid by three Patent Trial and Appeal Board ("PTAB") judges specializing in computer science. Thereafter, at an October 19, 2022 Scheduling Conference, counsel for Google represented the following to the Court:

> And by the way, we're not advocating for a stay. We haven't asked for a stay. We think that this case should be proceeding in parallel with the Federal Circuit appeal in terms of expert discovery and other things.

*See* October 19, 2022 Status Conference Tr., at p. 11, ll. 2-5. Now, as predicted, Google asks this Court to further delay the trial until some undetermined time after January 2024.

Initially, the Court proposed a trial date in mid-May 2023. Google opposed and requested a trial date in September 2023. The trial is now set for September 11, 2023. Thus, Google not only suggested, but agreed to, this setting. Now, according to Google, the Court should take the present trial date off the docket, wait until the Federal Circuit's IPR appeal decision is rendered (January 2024), and then reset a new trial date which could take an additional six months, leading to a trial in June 2024.

What is more, Google predicates its motion upon a false narrative. Contrary to Google's arguments:

(A)   Singular did not raise a new claim construction in the Federal Circuit let alone a claim construction inconsistent with its position in this case;

(B)   Google's alleged new, Federal Circuit-dependent non-infringement defense is not new; and

(C)   Singular's expert (Dr. Khatri) did not provide a dispositive non-infringement report.

### A. Singular Did Not Raise A New Claim Construction In The IPR Appeal.

In the Federal Circuit IPR appeal, Singular argued that the claim language should be construed according to its "plain and ordinary" meaning, just as it has in the instant case. Google, however, accuses Singular of advocating a novel claim construction and cites the following passages from Singular's appeal brief to support its erroneous accusation:[2]

> A construction of "adapted to execute at least the operation of multiplication on floating point numbers that are at least 32 bits wide" that would exclude the Dockser FPPs would be inconsistent with the ordinary meaning of the claim. A POSA would understand this term to include all units in the device that are designed to perform (or are capable of performing) "multiplication on floating point numbers that are at least 32 bits wide," even if those units can also perform other operations at lower precision.

***

> In sum, under the plain language of the Exceeds Claims, a Dockser FPP is both an LPHDR execution unit and an "execution unit[] adapted to execute at least the operation of multiplication on floating point numbers that are at least 32 bits wide." Accordingly, the number of Dockser FPPs cannot exceed the number of "execution units adapted to execute at least the operation of multiplication on floating point numbers that are at least 32 bits wide." The combination thus cannot render the Exceeds Claims obvious.

*See* Google Br., at p. 7. As is apparent from the above, however, Singular does not suggest or add a new claim construction of the term "adapted to execute at least the operation of multiplication on floating point numbers that are at least 32 bits wide." To the contrary, it was Google who asserted a new claim construction in the IPR, attempting to narrow the scope of this claim limitation to exclude variable-precision floating-point processors (FPPs) like those of Dockser (the primary reference in Google's IPR). *See* Declaration of Kevin Gannon in Support of Plaintiff's Opposition to Defendant's Motion for a Continue of the Trial Date ("Gannon Dec."), Ex. A, at p. 12-15. In the above passage, Singular is responding to *Google's* novel claim

---

[2] Note Singular's argument is against a construction that would be "inconsistent with the ordinary meaning of the claims" and advocating a construction "under the plain language."

construction argument, explaining that it is inconsistent with the plain and ordinary meaning of the claim language.

The above passages do not constitute a new claim construction or a claim construction inconsistent with the claim construction in this Court.

Further, neither Singular nor Google have raised on appeal any claim construction error by the PTAB.

### B. Google's "New" Non-Infringement Defense Is Not New.

Google argues that a decision in the IPR appeal could raise a "new" dispositive non infringement defense. The purported new defense articulated by Google is not new. Google's expert raised the identical non-infringement defense in his report that expressly addresses Singular's IPR appeal brief. *Se*e Gannon Dec., Ex. B, at pp. 95-98, ¶¶ 259-263. Google's expert was fully apprised of Singular's arguments in the IPR appeal before he submitted his expert report herein, and the question can be appropriately resolved by the jury at trial in September.

### C. Singular's Expert Did Not Provide A Dispositive Non-Infringement Report.

In its effort to concoct a "dispositive" non-infringement argument, Google misstates the report of Singular's expert witness, Dr. Khatri. According to Google:

> Put simply, Dr. Khatri does not count what he identifies as the accused LPHDR execution units in the accused Google products as ***both*** an LPHDR execution unit ***and*** a 32-bit FP multiplier, even though his own report confirms that the accused LPHDR execution unit is adapted to perform 32-bit floating-point multiplication—and thus would count as a 32-bit FP multiplier under Singular's Federal Circuit claim interpretation. Gannon Dec., Ex. I at ¶¶ 128-129, 142, 148, 151, 163, 176.

Google Br., at pp. 7-8 (emphasis in original).

Dr. Khatri did not opine that the accused LPHDR execution unit is ■■■■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ To the

contrary, Dr. Khatri's expert report makes clear that the accused LPHDR execution unit



Dkt. No. 455-9 (Ex. I), at ¶¶ 234-235 (emphasis added).³

**III.     GOOGLE'S IPR APPEAL REVERSAL ARGUMENT IS MERE SPECULATION**

At footnote 1 on page 1, Google speculates that the Federal Circuit might reverse and find both patents invalid.  The PTAB panel judges found the asserted claims valid over the Dockser patent and MacMillan article (the two primary references used in the IPR) because there was no motivation for a POSA to combine the references. *See* Gannon Dec., Ex. C, p. 73 ('156 patent); Gannon Dec., Ex. D, p. 74 ('273 patent).  Therefore, the only issue before the Federal Circuit is whether or not a POSA would be motivated to combine the Dockser patent and McMillan article, which like all motivation to combine issues, is a question of fact. *See*, *e.g.*, *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 839 F.3d 1034, 1051 (Fed. Cir. 2916).  Google also fails to mention that over 73% of all PTAB decisions are affirmed by the Federal Circuit. *See* Gannon

---

³ "BF16" is a 16-bit, not a 32-bit, format.

Dec., Ex. E.  Further, the best Google can hope for is a remand because, in the unlikely event that Google's novel claim construction is adopted by the Federal Circuit, the PTAB will then have to resolve the question of whether the prior art teaches the "exceeds" limitation under Google's new construction of that term.  The PTAB did not reach this question during the IPR proceedings, Google did not address it in its appeal, and it will remain unresolved even if the Federal Circuit reverses the finding that there was no motivation to combine the Dockser patent and MacMillan article. *See* Gannon Dec., Ex. C, p. 73 n. 8; Gannon Dec., Ex. D, p. 74 n. 8.  A remand, potentially followed by yet another appeal to the Federal Circuit, would mean *years* more of delay.

**IV.    CONCLUSION**

In view of the above, Google's motion to delay the trial should be denied.

Dated: May 15, 2023                                      Respectfully submitted,

*/s/ Kevin Gannon*
Matthew D. Vella (BBO #660171)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
Robert R. Gilman (BBO #645224)
Adam R. Doherty (BBO #669499)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com
Email: rgilman@princelobel.com
Email: adoherty@princelobel.com

ATTORNEYS FOR THE PLAINTIFF

**CERTIFICATE OF SERVICE**

    I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                                        */s/ Kevin Gannon*