# EXHIBIT 3

| | |
|---|---|
| **From:** | Nathan R. Speed <Nathan.Speed@WolfGreenfield.com> |
| **Sent:** | Thursday, April 27, 2023 11:19 AM |
| **To:** | Kevin Gannon |
| **Cc:** | WGS-Singularv.Google@WolfGreenfield.com; kvp-singular; mkwun@kblfirm.com; mkamber@paulhastings.com; abhansali@kblfirm.com; Singular; Matthew Vella |
| **Subject:** | RE: Singular Computing LLC v. Google LLC, Case 1:19-cv-12551-FDS |

**[EXTERNAL]**

Kevin,

The information you request is not relevant to any issue remaining in the case and, even if it were, the time to request the information was during discovery, not on the eve of the summary judgment deadline.

Nonetheless, we have looked into the documents you identified, and subject to your prior agreement that disclosing this information does not operate a waiver of either the attorney-client privileged or the work product doctrine, we can confirm that Google was not aware of the listed documents prior to filing its IPR petitions against the asserted patents.  For additional clarity, while Google was aware prior to filing its IPRs of the current version of the website reflected in Exhibit E, which links to the code included in Exhibit D, Google was not aware of Exhibit E or the website it reflects, which dates from 2003.

Thanks,

Nathan

**From:** Kevin Gannon <kgannon@princelobel.com>
**Sent:** Wednesday, April 26, 2023 4:21 PM
**To:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>
**Cc:** WGS-Singular v. Google <WGS-Singularv.Google@WolfGreenfield.com>; kvp-singular <kvpsingular@keker.com>; mkwun@kblfirm.com; mkamber@paulhastings.com; abhansali@kblfirm.com; Singular <Singular@princelobel.com>; Matthew Vella <mvella@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC, Case 1:19-cv-12551-FDS

Nathan,

While we don't understand how the date(s) that Google first became aware of the below documents could be privileged in any way, we will agree that by providing this information to us will not result in a waiver of either the attorney-client privilege or the attorney-work product doctrine.

Thanks,
Kevin

**From:** Nathan R. Speed <Nathan.Speed@WolfGreenfield.com>
**Sent:** Wednesday, April 26, 2023 2:44 PM
**To:** Kevin Gannon <kgannon@princelobel.com>
**Cc:** WGS-Singularv.Google@WolfGreenfield.com; kvp-singular <kvpsingular@keker.com>; mkwun@kblfirm.com; mkamber@paulhastings.com; abhansali@kblfirm.com; Singular <Singular@princelobel.com>; Matthew Vella

1

<mvella@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC, Case 1:19-cv-12551-FDS

Kevin,

Although discovery ended long ago, we are looking into the information you are requesting. That information, however, implicates privileged attorney-client communications and confidential attorney-work product. Assuming we are able to locate the information you seek and agree to provide it to you, will Singular agree that doing so does not result in a waiver of either the attorney-client privilege or the attorney-work product doctrine?

Best,

Nathan

---

**From:** Kevin Gannon <kgannon@princelobel.com>
**Sent:** Monday, April 24, 2023 10:06 AM
**To:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>
**Cc:** WGS-Singular v. Google <WGS-Singularv.Google@WolfGreenfield.com>; kvp-singular <kvpsingular@keker.com>; mkwun@kblfirm.com; mkamber@paulhastings.com; abhansali@kblfirm.com; Singular <Singular@princelobel.com>; Matthew Vella <mvella@princelobel.com>
**Subject:** RE: Singular Computing LLC v. Google LLC, Case 1:19-cv-12551-FDS

Nathan,

Please provide us with the date(s) that Google first became aware of the following documents:

1. Exhibits C – J to the Expert Report of Miriam Leeser, Ph.D. Regarding Invalidity; and

2. Toshikazu Ebisuzaki et al., *GRAPE Project: An Overview*, Publications of the Astronomical Society of Japan, Vol. 65 (1993) (GUSTAFSON000166)

Please provide this information by April 26, 2023 as it is needed for use in motions that are due on April 28, 2023.

Thanks,
Kevin

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

-----------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax

penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.