IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>        Defendant. | C.A. No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**STATEMENT OF MATERIAL DISPUTED
FACTS IN SUPPORT OF DEFENDANT GOOGLE LLC'S
OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE CERTAIN
<u>DOCUMENTS AND TESTIMONY OF DR. MIRIAM LEESER DUE TO IPR ESTOPPEL</u>**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendant Google LLC ("Google"), submits this Statement of Material Disputed Facts in Support of its Opposition to Plaintiff Singular Computing LLC's Motion to Exclude Certain Documents and Testimony of Dr. Miriam Leeser Due to IPR Estoppel (Dkt. 475).  Google contends that the following are genuine issues of fact that preclude granting said motion:

1. Whether the source code for the VFLOAT system that Dr. Miriam Leeser helped develop in the early 2000s ("VFLOAT Source Code"), which was attached to Dr. Leeser's December 22, 2022 expert report as **Exhibit D**, was sufficiently disseminated before the critical date, or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence can locate it, to qualify as a "printed publication."

2. Whether the slides used by Dr. Leeser during her presentation at the 2002 High Performance Embedded Computing (HPEC) conference ("HPEC 2002 Slides"), which were attached to Dr. Leeser's December 22, 2022 expert report as **Exhibit C**, were sufficiently disseminated before the critical date, or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence can locate it, to qualify as a "printed publication."

3. Whether the abstract co-authored by Dr. Leeser and submitted to the organizers of HPEC 2002 to summarize her proposed presentation ("HPEC 2002 Abstract"), which was attached to Dr. Leeser's December 22, 2022 expert report as **Exhibit H**, was sufficiently disseminated before the critical date, or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence can locate it, to qualify as a "printed publication."

4. Whether the 2003 version of the VFLOAT webpage as archived by the Internet Archive ("March 2003 VFLOAT Webpage"), which was attached to Dr. Leeser's December 22, 2022 expert report as **Exhibit E**, was sufficiently disseminated before the critical date, or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence can locate it, to qualify as a "printed publication."

5. Whether the slides used by Dr. Leeser during her presentation at the 2004 Military and Aerospace Programmable Logic Devices (MAPLD) conference ("MAPLD '04 Slides"), which were attached to Dr. Leeser's December 22, 2022 expert report as **Exhibit I**, were sufficiently disseminated before the critical date, or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence can locate it, to qualify as a "printed publication."

6. Whether the abstract co-authored by Dr. Leeser and submitted to the organizers of MAPLD '04 to summarize her proposed presentation ("MAPLD '04 Abstract"), which was attached to Dr. Leeser's December 22, 2022 expert report as **Exhibit J**, was sufficiently disseminated before the critical date, or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence can locate it, to qualify as a "printed publication."

7. Whether a skilled searcher conducting a diligent search reasonably could have been expected to discover the VFLOAT Source Code at or before the time that Google filed its November 2020 petitions for *inter partes* reviews of Singular's asserted patents that resulted in final written decisions.

8. Whether a skilled searcher conducting a diligent search reasonably could have been expected to discover the HPEC 2002 Slides at or before the time that Google filed its

November 2020 petitions for *inter partes* reviews of Singular's asserted patents that resulted in final written decisions.

9. Whether a skilled searcher conducting a diligent search reasonably could have been expected to discover the HPEC 2002 Abstract at or before the time that Google filed its November 2020 petitions for *inter partes* reviews of Singular's asserted patents that resulted in final written decisions.

10. Whether a skilled searcher conducting a diligent search reasonably could have been expected to discover the March 2003 VFLOAT Webpage at or before the time that Google filed its November 2020 petitions for *inter partes* reviews of Singular's asserted patents that resulted in final written decisions.

11. Whether a skilled searcher conducting a diligent search reasonably could have been expected to discover the MAPLD '04 Slides at or before the time that Google filed its November 2020 petitions for *inter partes* reviews of Singular's asserted patents that resulted in final written decisions.

12. Whether a skilled searcher conducting a diligent search reasonably could have been expected to discover the MAPLD '04 Abstract at or before the time that Google filed its November 2020 petitions for *inter partes* reviews of Singular's asserted patents that resulted in final written decisions.

Respectfully submitted,

Dated: May 19, 2023         By:  */s/ Nathan R. Speed*
Gregory F. Corbett (BBO #646394)
gcorbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nspeed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
edimarco@wolfgreenfield.com
Anant K. Saraswat (BBO #676048)
asaraswat@wolfgreenfield.com

WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Michael S. Kwun (admitted *pro hac vice*)
mkwun@kblfirm.com
Asim M. Bhansali (admitted *pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350

Matthias A. Kamber (admitted *pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

Ginger D. Anders (admitted *pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (admitted *pro hac vice*)
Kain.Day@mto.com

MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100

Jordan D. Segall (admitted *pro hac vice*)
Jordan.Segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                                */s/ Nathan R. Speed*
                                                                Nathan R. Speed