IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | |
| Plaintiff, | |
| v. | C.A. No. 1:19-cv-12551-FDS |
| GOOGLE LLC, | Hon. F. Dennis Saylor IV |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFF SINGULAR COMPUTING LLC'S MOTION TO EXCLUDE CUMULATIVE OPINION <u>TESTIMONY OF DR. JOHN GUSTAFSON</u>**

## **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................1

II. LEGAL STANDARDS ...................................................................................................2

III. ARGUMENT ...................................................................................................................3

    A. Singular's motion is premature. ...........................................................................3

    B. The Gustafson Report and Leeser Report are complementary, not cumulative. ............................................................................................................5

    C. Google will not present cumulative trial testimony. ............................................10

IV. CONCLUSION ..............................................................................................................11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abbott GmbH & Co. v. Centocor Ortho Biotech, Inc.*,
 2012 WL 13227145 (D. Mass. Sept. 6, 2012) (Saylor, J.)..........................................................5

*Baldwin Graphic Sys., Inc. v. Siebert, Inc.*,
 2006 WL 3718074 (N.D. Ill. Dec. 14, 2006)..............................................................................4

*Banks v. United States*,
 93 Fed. Cl. 41 (Fed. Cl. 2010) ...................................................................................................9

*Fleming v. Escort Inc.*,
 774 F.3d 1371 (Fed. Cir. 2014)................................................................................................10

*In re Intuniv Antitrust Litig.*,
 2021 WL 10362709 (D. Mass. Mar. 3, 2021)............................................................................3

*Kirola v. City & Cnty. of San Francisco*,
 2010 WL 3476681 (N.D. Cal. Sept. 2, 2010) ............................................................................4

*Leefe v. Air Logistics, Inc.*,
 876 F.2d 409 (5th Cir. 1989) .....................................................................................................5

*Mass. Mut. Life Ins. Co. v. DB Structured Prods., Inc.*,
 2015 WL 12990692 (D. Mass. Mar. 31, 2015)..........................................................................1

*Monsanto Co. v. E.I. Du Pont De Nemours & Co.*,
 2012 WL 27936 (E.D. Mo. Jan. 5, 2012) ..................................................................................4

*NexStep, Inc. v. Comcast Cable Commc'ns, LLC*,
 2021 WL 4077778 (D. Del. Aug. 20, 2021) ..............................................................................9

*Parker-Hannifin Corp. v. Laird Techs., Inc.*,
 2020 WL 2405432 (N.D. Ohio May 12, 2020).....................................................................4, 8

*Sampson v. Carnival Corp.*,
 2016 WL 11547658 (S.D. Fla. Dec. 12, 2016) .........................................................................8

*Sec'y of Lab. v. DeSisto*,
 929 F.2d 789 (1st Cir. 1991).................................................................................................1, 2

*Stanley v. Novartis Pharms. Corp.*,
 2014 WL 12573393 (C.D. Cal. May 6, 2014) ..........................................................................4

*Thomson, S.A. v. Quixote Corp.*,
    166 F.3d 1172 (Fed. Cir. 1999) ...................................................................................... 10

*Trading Techs. Int'l, Inc. v. IBG LLC*,
    2020 WL 12309207 (N.D. Ill. Oct. 21, 2020) ................................................................. 4

*United States v. Meester*,
    762 F.2d 867 (11th Cir. 1985) ......................................................................................... 3

*United States v. Rivera*,
    83 F.3d 542 (1st Cir. 1996) ............................................................................................. 3

*United States v. Sampson*,
    2016 WL 11726919 (D. Mass. Sept. 2, 2016) ............................................................ 2, 5

*United States v. Shinderman*,
    515 F.3d 5 (1st Cir. 2008) ............................................................................................... 3

*Vantage Controls, Inc. v. Lutron Elecs. Co.*,
    2005 WL 8175013 (D. Utah Dec. 5, 2005) ..................................................................... 5

**Other Authorities**

Fed. R. Evid. 403 ................................................................................................................ *passim*

Fed. R. Evid. 702 ......................................................................................................................... 4

Fed. R. Evid. 703 ................................................................................................................... 4, 10

I.      INTRODUCTION[1]

Singular's motion to exclude expert testimony from Dr. John Gustafson as cumulative (Dkt. 471-1) should be denied because it is based on nothing more than speculation as to whether Google's expert witnesses *might* present overlapping testimony at trial. They will not. "The purpose of an expert's report is not to replicate every word that the expert might say on the stand . . . ." *Mass. Mut. Life Ins. Co. v. DB Structured Prods., Inc.*, 2015 WL 12990692, at *3 (D. Mass. Mar. 31, 2015). Singular's attempt to fashion Federal Rule of Evidence 403 and its balancing test into a divining rod to identify and exclude trial testimony that Singular *thinks* Google *might* present—but has not in fact proffered—at trial contravenes both reason and controlling law. The First Circuit has cautioned against the application of Rule 403 when no trial evidence has been proffered "on which to base such [Rule 403] balanc[ing]." *Sec'y of Lab. v. DeSisto*, 929 F.2d 789, 795 (1st Cir. 1991).

Moreover, Singular incorrectly characterizes the expert reports of Drs. John Gustafson and Miriam Leeser as offering cumulative opinions. Specifically, Singular claims that these two reports are needlessly cumulative simply because they reach the same conclusion: that the asserted claims are invalid. Not so. Dr. Leeser's report contains facts and opinions based on her unique first-hand perspective as co-inventor of the prior-art VFLOAT System. Though Dr. Gustafson both spoke with Dr. Leeser multiple times and reviewed her expert report to base some of his opinions relating to patent validity on those facts, he conducted his own analysis that complements that of Dr. Leeser. Mere citation and reliance by one expert on another is not

---

[1] Throughout this brief, emphases were added to quotations, while internal quotation marks, alterations, footnotes, and citations were omitted from them (unless otherwise indicated); and "Ex." references and cites to exhibits attached to the accompanying Declaration of Stephanie J. Goldberg in Support of Defendant Google LLC's Opposition to Plaintiff Singular Computing LLC's Motion to Exclude Cumulative Opinion Testimony of Dr. John Gustafson.

1

cumulative, much less needlessly cumulative.

Regardless, Singular's motion should be denied because the testimony Google intends to have Drs. Gustafson and Leeser offer at trial will not be cumulative. Specifically, Google does not plan to have Dr. Leeser opine as to the invalidity of the asserted patents; that testimony will be offered solely by Dr. Gustafson.[2] Instead, Google expects Dr. Leeser's trial testimony to relate to her percipient knowledge as the VFLOAT System's co-inventor and her expertise on the VFLOAT System's design, operation, and technical features.

Google therefore respectfully requests that the Court deny Singular's motion.

## II.  LEGAL STANDARDS

Under Federal Rule of Evidence 403, otherwise admissible evidence may be excluded only if "its probative value is *substantially outweighed* by a danger" that it is "needlessly" cumulative. Fed. R. Evid. 403; *see also DeSisto*, 929 F.2d at 794–95 ("Rule 403 of the Federal Rules of Evidence enables a trial judge to exclude needlessly cumulative evidence."). But before excluding any evidence under Rule 403, the court is "require[d]" to balance the "probative value against the negative consequences of using a particular piece of evidence. . . . If the evidence is crucial, the judge would abuse his discretion in excluding it." *DeSisto*, 929 F.2d at 794–95.

When considering the evidence an expert may offer at trial, the expert report delineates the outer "metes and bounds" of possible trial testimony, but it is ultimately "an expert's testimony, not his report, [that] is the evidence to be considered by the jury." *United States v. Sampson*, 2016 WL 11726919, at *14 (D. Mass. Sept. 2, 2016).

---

[2] Although Dr. Leeser opined on the invalidity of the asserted claims as anticipated and/or obvious in her expert report, unless Singular opens the door, such as by implying that she does not believe Singular's patents to be invalid, Google will not elicit from Dr. Leeser opinions on whether the asserted claims are invalid in light of the VFLOAT System at trial; that opinion will be reserved for Dr. Gustafson's trial testimony, so long as his testimony is not precluded.

2

**III.     ARGUMENT**

Singular does not dispute that Dr. Gustafson's opinions are relevant, materially important to Google's invalidity defense, and reliably formed. Indeed, Singular's sole basis for seeking to exclude Dr. Gustafson's opinions regarding the VFLOAT System is Rule 403 cumulativeness. Mot. at 3. Singular's motion lacks merit for three independent reasons. ***First***, Singular's motion is not ripe. No trial testimony has been presented because trial has not yet commenced; therefore, there can be no prejudice arising from any purportedly cumulative invalidity testimony at this juncture. ***Second***, the Gustafson Report and Leeser Report are complementary, not cumulative. ***Third***, there will be no cumulative expert testimony to exclude at trial because Google does not intend to present cumulative expert testimony.

**A.     Singular's motion is premature.**

Singular's motion seeks to broadly exclude *all* of Dr. Gustafson's invalidity opinions regarding the VFLOAT System under Rule 403. But Singular makes no attempt to explain how the undisputedly probative value of that evidence is outweighed by any cumulativeness. *See* Mot. at 3–5. Nor could it. Singular elected to file its motion without any knowledge of how Google will present trial testimony, which prevents the requisite balancing under Rule 403.

"[T]he application of Rule 403 must be cautious and sparing." *United States v. Rivera,* 83 F.3d 542, 547 (1st Cir. 1996); *see also United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985) ("Courts have characterized Rule 403 as an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence."). Thus, courts consistently refuse to "exclude [expert] testimony as duplicative prior to trial." *In re Intuniv Antitrust Litig.*, 2021 WL 10362709, at *3 (D. Mass. Mar. 3, 2021); *see also United States v. Shinderman*, 515 F.3d 5, 17 (1st Cir. 2008) ("Rule 403 judgments are typically battlefield determinations . . . ."). This case is no different because "it is up to [Google] to orchestrate the

3

[two experts'] testimony" to "not be duplicative." *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 2006 WL 3718074, at *1 (N.D. Ill. Dec. 14, 2006). But "we cannot know how well [Google] has done until we listen to the second expert." *Id.*; *see also Trading Techs. Int'l, Inc. v. IBG LLC*, 2020 WL 12309207, at *2 (N.D. Ill. Oct. 21, 2020) ("If it turns out at trial that a second expert offers an identical opinion to another expert, an objection would be in order, but [plaintiff] has indicated that it will not do that, so the issue remains unripe."); *Monsanto Co. v. E.I. Du Pont De Nemours & Co.*, 2012 WL 27936, at *3 (E.D. Mo. Jan. 5, 2012) ("The Court also finds that striking portions of Defendants' expert reports at this time on the ground that the information is cumulative is premature in part because the matter of cumulativeness is a trial concern, and is not a discovery concern."); *Kirola v. City & Cnty. of San Francisco*, 2010 WL 3476681, at *12–13 (N.D. Cal. Sept. 2, 2010) (finding "no basis for excluding 'anticipated' cumulative expert testimony," which will be better "assessed when the evidence is offered at trial.").

For instance, in *Parker-Hannifin Corp. v. Laird Techs., Inc.*, the plaintiffs sought to exclude the accused infringer's invalidity experts' reports before trial under Rules 403, 702, and 703 for containing "needlessly cumulative and suspiciously similar testimony." 2020 WL 2405432, at *1 (N.D. Ohio May 12, 2020). The court noted the "overlapping language" in the invalidity reports but ruled there was no basis for the "preemptive suppression of the opinions of either or both of these witnesses," because any concerns could "be better addressed *when*, *and if*, their testimony [was] offered." *Id.* Likewise, here, there is no basis to presume that Google will offer duplicative trial testimony merely because its experts' reports allegedly overlap in certain respects. Indeed, "[t]he Court will be better able to address those concerns at trial by entertaining specific objections or requesting that Defendant[] provide the scope of individual experts' testimonies prior to their testifying." *Stanley v. Novartis Pharms. Corp.*, 2014 WL 12573393, at

4

*8 (C.D. Cal. May 6, 2014).

Moreover, the few authorities that Singular relies upon further demonstrate that its motion is unripe. In *Abbott GmbH & Co. v. Centocor Ortho Biotech, Inc.*, 2012 WL 13227145, at *3 (D. Mass. Sept. 6, 2012) (Saylor, J.), this Court *denied* a pre-trial motion in limine to exclude expert reports that "overlap[ped] in part," declining to "exclude either report in its entirety or prevent Abbott from calling the experts to testify to different issues." And in *Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411 (5th Cir. 1989), the Fifth Circuit in dicta "discourage[d]" attorneys from presenting needlessly cumulative testimony, but with a caveat that Singular omits: there is no "precise limit on the number of experts who can testify in a given area."

At this stage, Singular cannot properly invoke Rule 403 over imagined prejudice based on not-yet-proffered, purportedly cumulative trial evidence. Singular's motion should be denied on this basis alone.

### B. The Gustafson Report and Leeser Report are complementary, not cumulative.

To the extent Singular contends the Gustafson Report reflects trial "testimony" for exclusion under Rule 403, Singular is mistaken because "Fed. R. Evid. 403 is a rule preventing cumulative testimony *at trial*, not the giving of cumulative testimony in reports or deposition." *Vantage Controls, Inc. v. Lutron Elecs. Co.*, 2005 WL 8175013, at *5 (D. Utah Dec. 5, 2005) (emphasis in original); *see also Sampson*, 2016 WL 11726919, at *14 ("At trial, an expert's testimony, not his report, is the evidence to be considered by the jury."). In any event, Singular's characterization of the opinions of Drs. Gustafson and Leeser as needlessly cumulative is demonstrably false.

Drs. Gustafson and Leeser draw upon their different backgrounds and experiences to perform different analyses that identify complementary grounds for invalidity relating to the

5

VFLOAT System.[3] As Dr. Leeser put it: "Given my personal involvement in the development, use, and public disclosure of and regarding this [VFLOAT] system . . . I have personal knowledge of many of the facts set forth in this report, and am a percipient witness as to those facts, in addition to offering the opinions set forth in this report." Ex. 1 (Leeser Report) ¶ 2. On the other hand, Dr. Gustafson bases his understanding of the facts about the VFLOAT System's technical design details and public availability on conversations with Dr. Leeser and the information disclosed in her expert report. Ex. 2 (Gustafson Report) ¶ 217. In other words, the Gustafson Report *does not cite or rely upon any of Dr. Leeser's opinions regarding how and why the asserted claims are invalid in view of the VFLOAT System*. Contrary to Singular's assertion that Dr. Gustafson is merely regurgitating Dr. Leeser's opinions, *see* Mot. at 4–5, the following table more accurately reflects the nature of Dr. Gustafson's reliance on Dr. Leeser:

---

[3] Generally speaking, the Gustafson Report identifies seven different invalidity grounds relating to the VFLOAT System: (1) Anticipation by VFLOAT System; (2) Obviousness over VFLOAT System in view of the Disclosures by Dr. Leeser and Mr. Belanović Related to use of the VFLOAT System and the Knowledge of a Skilled Artisan; (3) Anticipation by the Public's Knowledge of the VFLOAT System; (4) Obviousness over the Public's Knowledge of the VFLOAT System in View of the Knowledge of a Skilled Artisan; (5) Anticipation by Dr. Leeser's and Mr. Belanović's Prior Invention of the VFLOAT System; (6) Obviousness over Dr. Leeser's and Mr. Belanović's Prior Invention of the VFLOAT System in View of the Knowledge of a Skilled Artisan; and (7) Obviousness over the VFLOAT System in view of Tong. Ex. 2 §§ VIII.A–VIII.H.

The Leeser Report describes how Dr. Leeser and her co-inventors designed and "develop[ed] VFLOAT and ma[de] it available to others . . . [and] also mapped the designs to FPGA hardware in order to validate and further our work." Ex. 1 ¶ 110; *see also, e.g., id.* ¶ 125 ("In addition to making the code for VFLOAT publicly available via a dedicated webpage as described above, I and others presented VFLOAT and our related work through various presentations, conferences, workshops, meetings, and the like."); *id.* ¶ 129 ("Other members of the Northeastern University community also learned of and became familiar with VFLOAT during the time it was being developed and in subsequent years after it was made publicly available, including for example the graduate students who contributed to later iterations or revisions of VFLOAT over the years . . . ."). The Leeser Report then offers opinions on claim validity based on, for instance, "my discussion above regarding public disclosures of and relating to VFLOAT." *Id.* ¶ 146.

6

| *These paragraphs of the Gustafson Report addressing VFLOAT* | *Cite to these paragraphs of the Leeser Report* | *Nature of the Gustafson Report's reliance on Leeser (i.e., proposition for which Gustafson Report cites Leeser Report)* |
|---|---|---|
| 218 | 75–85 | What is the VFLOAT System and purpose for which it was designed |
| 219 | 80 | Origin of the name "VFLOAT library" |
| 221 | 96–98 | Technical details about the VFLOAT System |
| 223 | 88, 100 | Technical details about the VFLOAT System |
| 224 | 85, 93, 102, 163 | Technical details about the VFLOAT System |
| 225 | 64 | Technical background information relevant to the VFLOAT System |
| 226 | 85, 89, 93, 94 | Technical details about the VFLOAT System |
| 227 | 90, 102–109 | Technical details about the VFLOAT System |
| 228 | 111–113 | Technical details about the VFLOAT System |
| 229 | 73, 112, 114, 116 | Technical details about the VFLOAT System |
| 231 | 114 | Technical details about the VFLOAT System |
| 232 | 114 | Where the VFLOAT System was located |
| 233 | 129 | Who had access to the VFLOAT System |
| 234 | 113 | Technical details about the VFLOAT System |
| 235 | 117–118 | Technical details about the VFLOAT System |
| 236 | 120 | Technical details about the VFLOAT System |

| 237 | 122–123, 135 | Technical details about the VFLOAT System |
| --- | --- | --- |
| 238 | 113, 164 | Technical details about the VFLOAT System |
| 239 | 113, 164 | Technical details about the VFLOAT System |
| 240 | 115–116 | Technical details about the VFLOAT System |
| 241 | 125–128, 130–137 | Dr. Leeser's public disclosures of the VFLOAT System |
| 242 | 128, 135–137 | Dr. Leeser's public disclosures of the VFLOAT System |
| 244 | 234 | Dr. Leeser's knowledge as the VFLOAT System's inventor/designer |

Furthermore, Dr. Gustafson, unlike Dr. Leeser, performs a mathematical analysis to demonstrate how the VFLOAT System meets the error requirements of the asserted claims,[4] and opines as to multiple grounds for the obviousness of the asserted claims in view of the VFLOAT System in combination with other prior art.

 Courts have regularly observed that although experts may reach the same conclusions, their opinions are not necessarily duplicative because they bring to bear different experiences, conduct different analyses, and employ different reasoning. For example, the court in *Sampson v. Carnival Corp.*, in declining to exclude the opinions of two different medical experts, explained that "[t]estimony on the same topic by different experts . . . is not needlessly cumulative where the experts will testify from different professional perspectives." 2016 WL 11547658, at *2 (S.D. Fla. Dec. 12, 2016) (quoting *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 2010 WL 4225947, at *2 (S.D. Fla. Oct. 21, 2010)); *see also Parker-Hannifin*, 2020 WL 2405432, at *1 (noting that the experts' "backgrounds and perspective[s] appear to differ such that even [] if they have

---

[4] *See* Ex. 2 ¶ 285.

8

overlapping conclusions, their testimony is not necessarily needlessly cumulative.").

So too here. Drs. Gustafson's and Leeser's analysis in their expert reports differ because their experiences and perspectives differ; Dr. Leeser is the co-inventor of the VFLOAT System, whereas Dr. Gustafson is an experienced computer scientist offering his perspective of whether those of ordinary skill in the art would have found the asserted claims to be anticipated or obvious in view of the VFLOAT system that Dr. Leeser co-invented. There is therefore no basis for the exclusion of any portion of Dr. Gustafson's expert report at this time.

Singular's entire argument is based on its identification of purported overlaps between the Gustafson and Leeser Reports, without any explanation as to how or why they are cumulative. But as explained above, Dr. Gustafson does not regurgitate Dr. Leeser's report; rather, he relies on it to conduct his analysis and render his opinions. Mere overlap or cross-citation in expert reports does not render the opinions unnecessarily cumulative. *See, e.g.*, *Banks v. United States*, 93 Fed. Cl. 41, 51 (Fed. Cl. 2010) (That there is "overlap, [and] reference to another expert's report or a similar conclusion . . . does not render an expert report unnecessarily 'cumulative' pursuant to [Rule] 403."); *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 2021 WL 4077778, at *29 (D. Del. Aug. 20, 2021) ("That Dr. Becker's opinion reinforces the conclusions reached in Mr. Huston's opinion does not signify that the opinions are cumulative. . . . [T]his does not provide grounds for exclusion under *Daubert*, and is more appropriately handled at trial."), *adopted in relevant part*, 2021 WL 4207442 (D. Del. Sept. 16, 2021).

And to the extent Singular contends that reliance by one technical expert upon another—either at trial or in expert reports—is impermissible, it provides no supporting authority for that incorrect proposition. The federal rules expressly permit this type of reliance: "An expert may base an opinion on facts or data in the case that the *expert has been made aware of or personally*

9

*observed.*" Fed. R. Evid. 703. Singular does not dispute that Dr. Gustafson can "reasonably rely on those kinds of facts or data in forming an opinion," *id.*, let alone contend that his opinions are inadmissible for any reason other than cumulativeness under Rule 403.

    **C.**    **Google will not present cumulative trial testimony.**

Ultimately, Google will not "needlessly present[] cumulative evidence" through the trial testimony of Drs. Gustafson and Leeser. Fed. R. Evid. 403. As explained above, Google anticipates that as part of her direct testimony Dr. Leeser will offer trial testimony on her percipient knowledge and expertise on the VFLOAT System's design, operation, and technical features. Dr. Gustafson will explain, among other things, why and how the asserted claims are invalid in light of the VFLOAT System. This division of testimony does not entail any duplication.

The Federal Circuit has upheld jury findings of invalidity for anticipation and obviousness that rested on testimony divided similarly to Google's proposal above—that is, testimony about a "prior invention" from its inventor, who "testified extensively about it," as well as a technical expert, who then "evaluated evidence of [the] prior invention." *Fleming v. Escort Inc.*, 774 F.3d 1371, 1375–76 (Fed. Cir. 2014). Together, their testimony "explained how the prior art taught the limitations of each invalidated claim." *Id.* It necessarily follows that the trial court in *Fleming* had allowed the accused infringer to divide trial testimony about one prior art invention among multiple witnesses, who built upon one another. *See also Thomson, S.A. v. Quixote Corp.*, 166 F.3d 1172, 1174–76 (Fed. Cir. 1999) (affirming the district court's conclusion that testimony from two inventors of the prior art device, expert testimony regarding this prior art, and documentary evidence substantially supported the jury's finding of anticipation). Here, Google proposes to structure trial testimony about the VFLOAT System in this exact manner.

10

## IV.  CONCLUSION

For at least the reasons stated above, Google respectfully requests the Court deny Singular's motion to exclude allegedly cumulative opinion testimony of Dr. John Gustafson.

Respectfully submitted,

Dated: May 19, 2023   By:   */s/ Nathan R. Speed*
Gregory F. Corbett (BBO #646394)
gcorbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nspeed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
edimarco@wolfgreenfield.com
Anant K. Saraswat (BBO #676048)
asaraswat@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Michael S. Kwun (admitted *pro hac vice*)
mkwun@kblfirm.com
Asim M. Bhansali (admitted *pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350

Matthias A. Kamber (admitted *pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

Ginger D. Anders (admitted *pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (admitted *pro hac vice*)
Kain.Day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100

Jordan D. Segall (admitted *pro hac vice*)
Jordan.Segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                                  */s/ Nathan R. Speed*
                                                                  Nathan R. Speed