# EXHIBIT 1

1   Google.

2   **MR. PETERMAN:**  Chad Peterman on behalf of
3   Google.

4   **THE COURT:**  Okay.

5   **MR. BELGAM:**  Your Honor, we have Max Straus,
6   also for Arendi.

7   **THE COURT:**  All right.  Very good.  So for the
8   record, I've got a big stack of papers, much of which has
9   come in over the weekend, in the last 48 hours.  So let's
10  start working through this.

11  It's 9:02.  We'll get started.  I had intended
12  to take the bench at 8:30, but we didn't have everyone
13  here.  I won't dock the time today, but I'm frustrated by
14  the situation, that we didn't have everybody here so we
15  could get started.

16  So we have the jurors waiting in the jury room.
17  We're going to have them sit here while we go through some
18  of this stuff.  So let's get started.

19  So first up on my list -- all right -- has to
20  do with IPR estoppel.  So I have letters from the parties
21  that 456, 463, and 464 on this issue.  So the record is
22  clear, here's my understanding of how we got to where we
23  are today.  This case has been pending since 2013, well
24  before I took the bench.

25  Back in 2013, Apple, Google, and Motorola

1  petitioned for IPR of the '843 patent on a number of
2  grounds.  The PTAB only instituted review on one ground,
3  obviousness over a reference called Pandit.  After the IPR
4  concluded and litigation resumed, Arendi moved for partial
5  summary judgment that Google was prevented from asserting
6  certain invalidity grounds as a result of IPR estoppel.

7  Judge Stark assessed Arendi's motion in his
8  memorandum opinion at docket Number 391.  As Judge Stark's
9  opinion explained, Arendi's motion argued that Google was
10 estopped from raising a number of different pieces of
11 prior art, including a piece of prior art that the parties
12 refer to as the CyberDesk system.

13 There appears to have been no dispute that
14 Google could have presented in the IPR certain patents and
15 printed publications that describe aspects of the
16 CyberDesk system.  However, Google contends that the
17 CyberDesk system itself qualifies as prior art because it
18 was publicly used prior to the relevant date.

19 In his opinion, Judge Stark held that Google
20 was not estopped from asserting a ground of
21 unpatentability that included combinations of references
22 that consisted of estopped art with non-estopped art.

23 In other words, he included that even if Google
24 were estopped from raising the public use of the CyberDesk
25 system as a reference alone or in combination with other

1    estopped references, Google was not estopped from raising
2    the public use of the CyberDesk system as part of an
3    obviousness combination with other non-estopped
4    references.
5           However, Judge Stark's memorandum opinion did
6    not resolve the issue of whether Google was estopped from
7    raising the public use of the CyberDesk system as a
8    reference alone or in combination with other estopped
9    references.  He pointed out that the public use of the
10   system is prior art that cannot be raised in an IPR.
11          However, he also stated the following:  "In
12   invalidity grounds, based on a physical product which
13   could not have been raised during an IPR, see 35 U.S. Code
14   311(b), may be subject to IPR estoppel if the publication
15   described in the physical product could have been raised
16   as an invalidity ground during the IPR."
17          And he pointed to one of his previous opinions
18   for the proposition that an invalidity ground involving a
19   physical product is barred in litigation if a publication
20   reasonably could have been raised in the IPR that is
21   materially identical to the physical product.  In that
22   circumstance, the physical product is entirely cumulative
23   on the estopped prior art publication.
24          Regarding Google's assertion that the public
25   use of the CyberDesk system was non-estopped prior art,

1     Judge Stark observed that Google's invalidity expert,
2     Dr. Fox, expressly relied on the deposition transcript of
3     the developer of the CyberDesk system, Dr. Dey; and that
4     Google contented that Dr. Dey explained certain CyberDesk
5     features that are not disclosed in publications that
6     describe the CyberDesk system.
7             Judge Stark concluded that there was at least a
8     genuine issue of material fact as to whether the CyberDesk
9     system is cumulative of the prior art publications that
10    could have been raised during the IPR of the '843 patent.
11    And he said that the dispute creates a fact issue that was
12    not amenable to resolution on a motion for summary
13    judgment.
14            That was back in March of 2022.  Arendi did not
15    request reargument, nor did Arendi at that time request a
16    bench trial on the issue of IPR estoppel, or a
17    determination from the Court based on the record.
18            Fast forward to 2023, prior to the pretrial
19    conference, the parties filed a proposed pretrial order.
20    Arendi did not ask for a bench trial prior to the jury
21    trial and the proposed pretrial order, nor did it
22    otherwise flag for the Court prior to the trial conference
23    that the issue of IPR estoppel needed to be decided before
24    the jury trial.
25            One of Arendi's motions in limine asked the

1    Court to preclude Google from taking any position contrary
2    to the Court's prior orders or its stipulations.  But, of
3    course, that motion could not possibly have covered
4    Google's introduction of evidence relating to the
5    CyberDesk system because, as I just explained, Judge Stark
6    denied Arendi's motion to estop Google from asserting the
7    CyberDesk system.
8               At the pretrial conference, Arendi made what I
9    can only describe as a stealth motion regarding IPR
10   estoppel.
11              In the context of discussing its motion in
12   limine to preclude Google from taking any position to
13   contrary to the Court's prior orders or its own
14   stipulations, Arendi said that Google should not be able
15   to introduce combinations of art that Judge Stark had
16   previously held were estopped.
17              Then it said -- and this is the stealth part --
18   also the Court will need to rule on other prior art that
19   should be estopped based on inter partes review estoppel
20   before trial, and any -- those should also be excluded.
21              At that point in time, I had no idea what
22   Arendi was talking about because this hadn't previously
23   been flagged as an issue that needed resolution before
24   trial.  We then engaged in a discussion about when Google
25   would disclose the final obviousness combinations that

1       it intended to raise at trial.

2                  And I said that Arendi could raise whatever

3       remaining dispute it had about prior art references in a

4       letter after it received those combinations.  But, again,

5       I had no idea at that time, and I certainly wasn't made

6       aware that Arendi's concern actually had to do with prior

7       art references that Judge Stark had already addressed in

8       his prior opinion.

9                  Then on April 11, five days after the pretrial

10      conference, and over a year after Judge Stark addressed

11      the same issue, I got a letter from Arendi that said --

12      DI 256, again asking the Court to preclude Google from

13      presenting at trial any combinations of prior art that

14      used CyberDesk.

15                 Arendi's request is denied for several

16      independent reasons.

17                 First, the timing.  This request is just too

18      late.  If Arendi thought there were open issues that

19      needed resolution prior to trial, Arendi had multiple

20      chances to bring them to the Court.  A motion for

21      reargument before Judge Stark, a request in the pretrial

22      order for a bench trial prior to the jury trial, or an

23      express request in the pretrial order that the Court

24      decide the issue before trial on the written record, or

25      even a motion in limine.

1       The motion in limine that Arendi did file for
2  the pretrial order asked for a ruling that defendant
3  couldn't violate Court prior orders.  However, there was
4  never any ruling out of this Court saying that Google was
5  estopped from asserting the CyberDesk system; thus, the
6  arguments it now brings are wholly unrelated to the motion
7  in limine that Arendi did file.
8       Second, Arendi's request to exclude all
9  combinations of prior art that include CyberDesk is denied
10 to the extent that it is inconsistent with Judge Stark's
11 prior ruling that IPR estoppel does not prevent Google
12 from presenting obviousness combinations that consist of
13 estopped references in combination with non-estopped
14 references.
15      Third, Arendi says that an evidentiary hearing
16 is not required for the Court to rule on the issue of
17 estoppel.  That's that document 463.  And on the record
18 presently before the Court, I find that Arendi has failed
19 to meet its burden to prove estoppel.
20      The law says that:  "A petitioner in an
21 inter partes review may request to cancel as unpatentable
22 one or more claims of a patent only on a ground that could
23 be raised under Section 102 or 103 only on the basis of
24 prior art consisting of patents and printed publications."
25      Google says that the CyberDesk system is prior

1    art because it was in public use prior to the relevant
2    date.  Public use is a separate category of art from
3    patents in publications.  The record before the Court
4    suggests that Google intends to show that the CyberDesk
5    system anticipates and was in public use prior to the
6    relevant date.
7         The evidence Google seeks to present to prove
8    anticipation comes from testimony of a developer who
9    demonstrated the system in public and various printed
10   publications that describe aspects of the system,
11   including nine printed publications, one conference
12   poster, the developer's thesis notes, and some other
13   materials like source code and slides.
14        I'm not persuaded that Google could have raised
15   that anticipation argument in the IPR, at least for the
16   reasons that involves combining evidence from multiple
17   sources to show that a single prior art system had all the
18   limitations, and it relies on the public use of the
19   invention which could not have been raised in the IPR.
20        Likewise, I'm not persuaded that Google could
21   have raised public use of the CyberDesk system as part of
22   obviousness combination in the IPR.
23        Arendi points out that Google could have raised
24   in the IPR patents and printed publications that describe
25   CyberDesk.  And it contends that those patents and printed

1     publications are cumulative to the evidence that Google
2     intends to present at trial.
3                Judge Stark seemed receptive to that argument,
4     but he didn't decide it.  I'm less perceptive.
5                Instead, I agree with the approach and analysis
6     laid out by Judge Noreika in her opinion in Chemours vs.
7     Daikin.  That's at 2022 Westlaw 2643517.
8                And I conclude that as a matter of statutory
9     interpretation, estoppel does not apply to Google's
10    invalidity arguments that rely on a prior public use of
11    the CyberDesk system whether or not it's testimonial and
12    written evidence of that system is cumulative to the art
13    that Google could have raised in the IPR.
14               Arendi says that the CyberDesk system is
15    nonexistent; however, Google intends to present testimony
16    that it did exist and that it was publicly demonstrated
17    even though there was no working system fully presented at
18    trial.
19               Arendi also says that pursuant to the
20    corroboration rule, Dr. Dey, a developer of the CyberDesk
21    system, can only testify about aspects of the system that
22    are also described in the printed publications.
23               Arendi argues that because Dey can't testify
24    about additional aspects, the publications are, by
25    definition, cumulative to what he can testify about.

13

1        I reject that argument, at least for the reason
2   that I disagree that the corroboration rule prevents
3   Dr. Dey from testifying about aspects of a prior art
4   system that are not described in patents and printed
5   publications.
6        To be clear, this is not a case where the only
7   evidence of a prior art public use is a reference that a
8   patentee could have raised in an IPR.  I could imagine a
9   hypothetical case where there is an advertisement of a
10  prior art device that an IPR challenger could have
11  presented in an IPR as a printed publication.
12       If the advertisement were the only evidence of
13  a prior public use of an invention, I might be receptive
14  to the argument that defendant cannot escape IPR estoppel
15  by saying that the same reference is also evidence of a
16  prior public use.  But the record reflects that is not the
17  case here.
18       Google says that it intends to prove prior use
19  of the CyberDesk system through a combination of testimony
20  and multiple public and nonpublic documents.  Thus, even
21  if there were a narrow exception that precluded evidence
22  of prior public use when the only such evidence is
23  materially identical to a single printed publication it
24  could have been raised in the IPR, that exception would
25  not apply here.

1                   But, of course, we don't know what will happen
2       at the trial.  Accordingly, my ruling is that Google is
3       not estopped from raising the public use of the CyberDesk
4       system as prior art.
5                   My ruling is without prejudice for Arendi to
6       reraise it should it appear that Google's only evidence of
7       a prior public use is a publication that could have been
8       raised in the IPR.
9                   And that concludes my ruling on that issue.
10      Hopefully that takes care of letters 456, 457, 463, and
11      464.
12                  I realized, after I started, that it's possible
13      that Google has furthered limited its combinations to
14      render this issue moot.
15                  Is Google still intending to rely on the
16      CyberDesk system?
17                  **MR. UNIKEL:**  We are, Your Honor.
18                  **THE COURT:**  All right.  Okay.  Good.
19                  All right.  Let's move on to the next issue I
20      have on my list.  That is issue is the Samsung license
21      defense.  I have letters that 469 and 472.
22                  By the way, the first -- it took me about
23      12 minutes to read that first ruling.  That time will be
24      charged to Arendi.
25                  Okay.  Next, we have Google's letter filed at