IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>  Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>  Defendant. | C.A. No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S RESPONSE TO SINGULAR COMPUTING LLC'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY <u>BASED ON CNAPS AND GRAPE-3</u>**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendant Google LLC ("Google") submits the following response to Plaintiff's Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment of No Invalidity Based on CNAPS and GRAPE-3.

/ / /

/ / /

| No. | Singular's Purported Statement of Fact | Singular's Purported Supporting Evidence | Google's Response to Singular's Purported Statement of Fact |
|---|---|---|---|
| 1. | Singular is the owner, by assignment of U.S. Patent No. 8,407,273 ("the '273 patent"). | Amended Complaint, ¶¶ 27-28; U.S. Patent No. 8,407,273 (Dkt. No. 112-2) | The ownership of the '273 patent is not material to any issue raised by Singular's motion. Allegations in the Amended Complaint are not evidence, and the face of the '273 patent is not evidence of its present ownership.<br><br>If the Court concludes that this fact is material to Singular's motion, then for the purposes of this motion only, Google does not dispute this fact. |
| 2. | Singular is the owner, by assignment of U.S. Patent No. 9,218,156 ("the '156 patent"). | Amended Complaint, ¶¶ 27-28; U.S. Patent No. 9,218,156 (Dkt. No. 112-3) | The ownership of the '156 patent is not material to any issue raised by Singular's motion. Allegations in the Amended Complaint are not evidence, and the face of the '156 patent is not evidence of its present ownership.<br><br>If the Court concludes that this fact is material to Singular's motion, then for the purposes of this motion only, Google does not dispute this fact. |
| 3. | Singular asserts that defendant, Google LLC ("Google") infringes claim 53 of the '273 patent and claim 7 of '156 patent. | Amended Complaint, ¶¶ 87, 104 | Undisputed that Singular's Amended Complaint alleges infringement of claim 53 of the '273 patent and claim 7 of the '156 patent. |
| 4. | Google asserts that the asserted claims are invalid under 35 U.S.C. §§ 102 and 103. | Answer to Amended Complaint, p. 23 | Undisputed. |

2

| No. | Singular's Purported Statement of Fact | Singular's Purported Supporting Evidence | Google's Response to Singular's Purported Statement of Fact |
|---|---|---|---|
| 5. | Google asserts that the asserted claims are obvious over the CNAPS system in view of Tong and the CNAPS system in view of Shirazi. | *See, e.g.,* Gustafson Report, ¶¶ 104, 173 | Undisputed. |
| 6. | Google asserts that the asserted claims are anticipated by the GRAPE-3 system. | Invalidity Contention Ex. 15 | Moot. |
| 7. | In his invalidity opinion based on the GRAPE-3 system, Dr. Gustafson cites to and relies upon the "Okumura '92" and "Okumura '93" references. | *See, e.g.,* Gustafson Report, p. 180 | Moot. |
| 8. | On April 6, 2023, the Court issued a Memorandum and Order on Plaintiff's Motion for Partial Summary Judgment of Validity Based in [sic] *Inter Partes* Review Estoppel Under 35 U.S.C. § 315(e)(2). | Dkt. No. 447 | Undisputed. |

| No. | Singular's Purported Statement of Fact | Singular's Purported Supporting Evidence | Google's Response to Singular's Purported Statement of Fact |
|---|---|---|---|
| 9. | At the time that Google filed its Petitions for *Inter Partes* Review Nos. IPR2021-00165 and IPR2021-00178 Google was aware of the Tong and Shirazi references. | Invalidity Contentions Exs. 3, 15 | Undisputed. |
| 10. | At the time that Google filed its Petitions for *Inter Partes* Review Nos. IPR2021-00165 and IPR2021-00178 Google was aware of the "Okumura '92" and "Okumura '93" | Invalidity Contentions, p. 7 | Moot. |
| 11. | Google is estopped from using the Tong, Shirazi, "Okumura '92" and "Okumura '93" references as evidence of invalidity under 35 U.S.C. §§ 102 and 103 in this case. | Memorandum and Order on Plaintiff's Motion for Partial Summary Judgment of Validity Based on Inter Partes Review Estoppel Under 35 U.S.C. § 315(e)(2) | Disputed as to Tong and Shirazi because it is not a statement of fact. This statement instead is a legal conclusion to the extent it states that Google is estopped from using those references in combination with prior system art.<br><br>Moot as to "Okumura '92" and "Okumura '93." |

| No. | Singular's Purported Statement of Fact | Singular's Purported Supporting Evidence | Google's Response to Singular's Purported Statement of Fact |
|---|---|---|---|
| 12. | There is no clear and convincing evidence that the asserted claims are obvious over the CNAPS system alone. | *See supra.* | Disputed. This is not a statement of fact and instead is a legal conclusion. |
| 13. | There is no clear and convincing evidence that the asserted claims are anticipated by the GRAPE-3 system alone. | *See supra.* | Moot. |

In addition to the facts cited by Singular in its Statement of Undisputed Material Facts, the Court should consider the following relevant and undisputed statements in support of Google's opposition to Singular's Motion.

| No. | Google's Statement of Fact | Google's Supporting Evidence |
|---|---|---|
| 1. | The grounds of invalidity that Google intends to present at trial are not ones that were raised or reasonably could have been raised in a petition for *inter partes* review. | 35 U.S.C. §§ 311(b), 315(e)(2); Opening Expert Report of Dr. John L. Gustafson Regarding the Invalidity of the Asserted Patents |
| 2. | Singular has not argued that the IPR Estoppel Order bars Google's reliance on the CNAPS system itself or any of the evidence that Google or its expert Dr. John Gustafson rely on to establish facts regarding the CNAPS system. | Singular Motion for Partial Summary Judgment of No Invalidity Based on CNAPS and GRAPE-3 (Dkt. No. 464-1) at 1-4. |

5

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| Dated: May 19, 2023 | By: | /s/ Nathan R. Speed |

Gregory F. Corbett (BBO #646394)
gcorbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nspeed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
edimarco@wolfgreenfield.com
Anant K. Saraswat (BBO #676048)
asaraswat@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Michael S. Kwun (admitted *pro hac vice*)
mkwun@kblfirm.com
Asim M. Bhansali (admitted *pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350

Matthias A. Kamber (admitted *pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

Ginger D. Anders (admitted *pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (admitted *pro hac vice*)
Kain.Day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100

Jordan D. Segall (admitted *pro hac vice*)
Jordan.Segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100

*Counsel for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ *Nathan R. Speed*
Nathan R. Speed