IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | C.A. No. 1:19-cv-12551-FDS <br><br> Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S
UNOPPOSED MOTION TO IMPOUND/SEAL DESIGNATED MATERIAL**

Pursuant to Local Rule 7.2 and the Protective Order in this case ("Protective Order"), (Dkt. No. 87), Defendant Google LLC ("Google") respectfully requests that this Court impound (seal) the following materials filed in support of (i) Google's Opposition to Singular's Motion to Exclude Cumulative Opinion Testimony of Dr. John Gustafson (Dkt. No. 496), (ii) Google's Opposition to Singular's Motion to Exclude Certain Testimony of Laura B. Stamm and Dr. Martin Walker Regarding Reasonable Royalty (Dkt. No. 509), and (iii) Google's Opposition to Singular's Motion to Exclude Certain Documents and Testimony of Dr. Miriam Leeser Due to IPR Estoppel (Dkt. No. 493) filed today:

1. Certain exhibits to the Declaration of Stephanie J. Goldberg ("Goldberg Declaration") that accompanies Google's Opposition to Singular's Motion to Exclude Cumulative Opinion Testimony of Dr. John Gustafson.

2. An un-redacted copy of Google's Memorandum of Law in support of its Google's Opposition to Singular's Motion to Exclude Certain Testimony of Laura B. Stamm and Dr. Martin Walker regarding Reasonable Royalty.

3. Certain exhibits to the Declaration of Matthias A. Kamber ("Kamber Declaration")

that accompanies Google's Opposition to Singular's Motion to Exclude Certain Testimony of Laura B. Stamm and Dr. Martin Walker regarding Reasonable Royalty.

4. Certain exhibits to the Declaration of Vishesh Narayen ("Narayen Declaration") that accompanies Google's Opposition to Singular's Motion to Exclude Certain Documents and Testimony of Dr. Miriam Leeser Due to IPR Estoppel.

The exhibits to be sealed are identified below.

The following exhibits to the Goldberg Declaration contain information that Singular and third parties have designated as containing "Highly Confidential – Attorneys' Eyes Only" information; including, for example, non-public third-party technical details about prior-art systems and Singular's licensing practices.

- **Exhibit 2**: Expert Report of Dr. John Gustafson, served on December 22, 2022.

The following exhibits to the Kamber Declaration contain information that Google has designated as containing "Highly Confidential – Attorneys' Eyes Only" information; including, for example, highly confidential information about the technical details of Google's TPUv2 and TPUv3 accused products as well as highly confidential financial information regarding Google's and Singular's business and practices.

- **Exhibit A**: Expert Report of Dr. Sunil Khatri, served on December 22, 2022
- **Exhibit C**: Expert Report of Dr. Martin Walker, served on March 3, 2023
- **Exhibit E**: Google's Second Supplemental Responses & Objections to Singular's Third Set of Interrogatories, served on July 2, 2021
- **Exhibit F**: Google's Sixth Supplemental Responses & Objections to Singular's Third Set of Interrogatories, served on July 15, 2021
- **Exhibit H**: GOOG-SING-00004735

- **Exhibit I**:  Excerpts of Dr. Norm Jouppi's deposition, taken on July 16, 2021
- **Exhibit J**:  Excerpts of Dr. Nishant Patil's deposition, taken on July 16, 2021
- **Exhibit M**:  Expert Report of Mr. Philip Green, served on December 22, 2022
- **Exhibit N**:  Expert Report of Ms. Laura Stamm, served on March 3, 2023
- **Exhibit O**:  Excerpts of Ms. Laura Stamm's deposition, taken on March 30, 2023

The following exhibits to the Narayen Declaration contain information that Google and Singular have designated as containing "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential Source Code – Attorneys' Eyes Only" information; including, for example, confidential information; specifically, information about how Google's accused tensor processing units (TPUs) operate.

- **Exhibit 2**: The Rebuttal Expert Report of Dr. Sunil Khatri, served on March 3, 2023

The Protective Order allows a party producing documents in discovery to designate documents as "Confidential" after making a good-faith determination that the documents contain information that is "confidential, proprietary, and/or commercially sensitive information," and to designate documents as "Highly Confidential – Attorneys' Eyes Only" after making a good-faith determination that the documents contain information that is extremely confidential and/or sensitive in nature and the disclosure of such documents is likely to cause economic harm or significant competitive disadvantage. Protective Order ¶¶ 6-7. That Order requires that a party intending to make court filings referring to such Protected Material bring a motion to impound. *Id.* ¶ 14.

Google's above-identified memoranda and exhibits contain either (1) sensitive business information designated Confidential under the Protective Order, public disclosure of which would

risk competitive harm to Google, Singular, and/or third parties or (2) confidential information designated Highly Confidential – Attorneys' Eyes Only under the Protective Order that is extremely confidential and/or sensitive in nature and the disclosure of such documents is likely to cause Google economic harm or significant competitive disadvantage.

Additionally, Google has filed a redacted version of its Memoranda, which redacts discussions of the same Google confidential information discussed above and included in some of the aforementioned exhibits, public disclosure of which would risk competitive harm to Google.

Submission of the above-identified memoranda and exhibits is necessary to permit the Court to fully evaluate the issues raised in Google's motions.  Google therefore brings this Motion to Impound to seal the above-identified exhibits as well as an un-redacted confidential version of Google's memoranda.

For the foregoing reasons, Google respectfully requests that the Court permit it to file the above-identified exhibits under seal. Google further requests that the documents remain impounded until further order by the Court, and that upon expiration of the impoundment that the documents be returned to Google's counsel.

Respectfully submitted,

Dated:  May 19, 2023          By:     /s/ Nathan R. Speed
                                      Gregory F. Corbett (BBO #646394)
                                      gcorbett@wolfgreenfield.com
                                      Nathan R. Speed (BBO # 670249)
                                      nspeed@wolfgreenfield.com
                                      Elizabeth A. DiMarco (BBO #681921)
                                      edimarco@wolfgreenfield.com
                                      Anant K. Saraswat (BBO #676048)
                                      asaraswat@wolfgreenfield.com
                                      WOLF, GREENFIELD & SACKS, P.C.
                                      600 Atlantic Avenue
                                      Boston, MA 02210

Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Michael S. Kwun (admitted *pro hac vice*)
mkwun@kblfirm.com
Asim M. Bhansali (admitted *pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350

Matthias A. Kamber (admitted *pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

Ginger D. Anders (admitted *pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (admitted *pro hac vice*)

Kain.Day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100

Jordan D. Segall (admitted *pro hac vice*)
Jordan.Segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100

*Counsel for Defendant Google LLC*

### LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I certify that, on May 18, 2023, counsel for Defendant Google LLC and counsel for Plaintiff Singular Computing LLC met and conferred in good faith regarding resolution of this motion. Counsel for Plaintiff stated that it does not oppose the relief requested in this motion.

> */s/ Nathan R. Speed*
> Nathan R. Speed

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                        */s/ Nathan R. Speed*
                                                        Nathan R. Speed