UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT OF
<u>NO INVALIDITY BASED ON CNAPS OR GRAPE-3</u>**

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian M. Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this reply in support of its motion for partial summary judgment of no invalidity for obviousness based upon the CNAPS system in view of the IPR-estopped inadmissible Tong and/or Shirazi publications.[1] For the reasons set forth herein, Singular requests that the motion be granted.

Google's argument that that Singular relies on an "overbroad" reading of the IPR Estoppel Order is incorrect. The Order is crystal clear that Google "is estopped from relying – even in part – on publications or patents that it knew of" when it filed for IPR. *See* IPR Estoppel Order, p. 11. Google admits that it knew of the Tong and Shirazi publications at the time it filed for IPR. Google Br., p. 3. The Court also ruled in the IPR Estoppel Order that the estoppel bar applies to using such estopped printed publications "in combination with other evidence that could not have been presented at the IPR proceeding." IPR Estoppel Order, pp. 14-15.

Google uses the CNAPS device + Tong and the CNAPS device + Shirazi combinations to argue that the asserted claims are obvious. Google Br., p. 3. The IPR Estoppel Order expressly forbids that: Google is estopped "from asserting at trial that U.S. Patent Nos. 8,407,273 and 9,218,156 are invalid on the ground that they were anticipated, or rendered obvious, in whole or in part, by any patent or printed publication" of which Google aware when it filed for IPR. IPR Estoppel Order, p. 15.

Singular does not argue in this motion that IPR estoppel by itself bars Google from using appropriate evidence to prove the features of the CNAPS device at trial,[2] but rather that the

---

[1] On May 19, 2023, Google withdrew the portions of Dr. John Gustafson's December 22, 2022 expert report ("Gustafson Rep.") in support of anticipation based on GRAPE-3. *See* Google Br., p. 1 n. 1. Thus, the portion of Singular's motion related to GRAPE-3, *i.e.* pages 4-6, is now moot.

[2] Google could have filed for IPR based on CNAPS. At the same time that it filed for IPR, Google served invalidity contentions alleging that printed publications describing the features of the CNAPS device invalidated the asserted claims. *See* Second Declaration of Kevin Gannon, Ex. F filed herewith. Singular will address that issue later, if necessary.

inadmissible Tong and Shirazi publications are essential to Google's CNAPS + Tong and CNAPS + Shirazi obviousness arguments. Google does not assert that CNAPS alone invalidates the asserted claims. As the Tong and Shirazi publications are inadmissible at trial pursuant to the IPR Estoppel Order, partial summary judgment of no obviousness is warranted.

In view of the foregoing, Google's arguments should be rejected as an improper, thinly-disguised collateral attack on the IPR Estoppel Order. Having elected to challenge the validity of the patents-in-suit via IPR, Google must now face the consequences in this litigation. *Intuitive Surgical, Inc. v. Ethicon LLC*, 25 F.4th 1035, 1043 (Fed. Cir. 2022) (IPR estoppel intended to "discourage 'abusive serial challenges to patents'").

Dated: June 1, 2023

Respectfully submitted,

*/s/ Kevin Gannon*
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO#670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## **CERTIFICATE OF SERVICE**

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Kevin Gannon*