# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**REDACTED VERSION** |

## PLAINTIFF'S EMERGENCY MOTION TO REOPEN DISCOVERY REGARDING DEFENDANT'S PRODUCTION OF RELEVANT EMAIL EVIDENCE ON JULY 12, 2023

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian M. Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC – having learned of critical new evidence that Google's counsel has had in its possession since before discovery commenced but withheld until just five days ago – respectfully moves to reopen discovery for the limited purpose of addressing this new evidence and any additional evidence revealed by further discovery.

The new evidence, produced nearly two years after the close of fact discovery and on the eve of trial, reveals for the first time that Dr. Jeffrey Dean, who according to Google made the decision to incorporate Singular's patented technology into the accused Tensor Processing Units ("TPUs") without knowledge of Singular's patents or their inventor, Dr. Joseph Bates, disseminated to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ It also provides an earlier and previously unknown additional direct link between Dr. Bates' invention and Dr. Dean, who is the person at Google who claimed to have ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ at the heart of this litigation. Making this late production even more troubling is the fact that the metadata associated with Dr. Dean's email appears to have been altered from its true form. For example, unlike every other email produced by Google, which includes creation dates consistent with the date of the email, the creation date of Dr. Dean's email is July 11, 2023 as opposed to the date on which he sent the email, September 11, 2013.

The production also includes previously undisclosed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and additional emails in which another Google engineer, Astro Teller, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ to several Google employees in 2011. During the Parties' meet and confer on

this Motion, Google's counsel confirmed that Google provided these documents, including Dr. Dean's September 11, 2013 email, to its counsel prior to discovery commencing, but Google never produced the documents until five days ago.

Given the urgency of this Motion, Singular respectfully requests that the Court schedule argument on this Motion during the previously scheduled July 18, 2023 status conference.

## I.     FACTUAL BACKGROUND

### A.     Google's July 12, 2023 Production

On July 12, 2023, nearly two years after the close of fact discovery and mere weeks before this case is scheduled for trial, Google produced for the first time several documents that are highly relevant to disputed issues in this case. *See* Ex. A.[1] Despite the clear relevancy of the documents and the fact that they each pre-date the close of fact discovery by 8-10 years, Google provided no explanation as to why the documents were not timely produced, how they were located, or why they were not located earlier. The cover letter accompanying the production simply states: "In the course of preparing for trial, we identified these documents, which had not been previously produced." *Id.*

The production includes a September 11, 2013 email from top Google scientist and engineer, Jeff Dean, who is currently a Google Senior Fellow and SVP of Google Research and AI. Ex. B. Previously, in 2011, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. C, Dean Tr. at 11:25 – 12:21; 15:1 – 16:11 and 71:7-25. Dr. Dean was the head of Google Brain from

---

[1] Unless otherwise noted, all cited exhibits are attached to the accompanying Declaration of Kevin Gannon.

3

███████████████████████████████████████████ which are the accused products in this case. *Id.* at 43:3-8. The September 11, 2013 email is reproduced in part below:

███████████████████████████████████████████████████████████████

Ex. B.

In its subject line, the email explicitly refers to the ████████████████ ██████ and, in the body, provides a ████████████████████████████ ████████ *Id.* ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████ Ex. D at 5. Dr. Dean describes ████████ of that presentation and suggests that they are "████████████████████████████████████████████"

Ex. B. Dr. Dean sent the email to ████████████████████████ ████████████████████████████████████████ *Id.* Without further discovery, it is impossible to determine the identities or number of Google employees who received this email, but every employee who was a member of either of those teams as of September 11, 2013 would

4

have received the email. Despite that fact, before July 12, 2023, Google had never produced a single copy of the email, nor has it produced an email replying to or forwarding the email.[2] *See* Declaration of Eric Shirk ("Shirk Decl.") at ¶ 8.[3]

The production also includes documents confirming  Ex. F, and emails dated 2011 from Astro Teller, who was the primary contact between Google and Dr. Bates, to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. G. Google did not produce the attachments to those emails, but it appears to be a ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

**B.    Counsel Confirmed that Google Knew About But Did Not Produce The Dean Email and Other Documents Produced on July 12, 2023.**

Counsel conferred with respect to the issues raised in this Motion on July 17, 2023. During that conference, Google's counsel advised that, prior to discovery in this case, Google provided to counsel, among other documents, copies of the documents produced on July 12, 2023 and that counsel was aware of the documents during discovery. However, claiming that the documents were not located by the application of search terms, Google did not produce the documents.

**C.    The Metadata of Dr. Dean's Email Appears to Have Been Altered**

The metadata of Dr. Dean's September 11, 2013 email is inconsistent with the metadata of the thousands of other emails Google has produced to date, including the Astro Teller emails

---

[2] During the Parties' meet and confer, Google's counsel advised that it would be producing replies and forwards of the September 11, 2013 email, but, as of the filing of the Motion, those documents have not been produced.

[3] Singular included both Jeffrey Dean and Astro Teller, the author of the other newly produced emails, in its list of email custodians for Google to search. *See* Ex. E.

included in the same production. Shirk Decl. at ¶ 7. For example, the creation/modification date of the Dean email reflects a date of 7/11/2023, not the date he sent the email, 9/11/2013. Unlike that email, the creation/modification date of other emails Google has produced is the date the email was sent. *Id.* This suggests that the metadata of the Dean email was altered prior to production. Shirk Decl. at ¶ 7.

### D. Dr. Dean's Deposition Testimony Concerning Dr. Bates and His Invention

████████████████████████████████████████████████████████

████████████████████████████████ Ex. C at 11:25-12:21. The earliest documentary evidence of Dr. Bates' invention ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ Ex. H. In that email, Dr. Ng ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ *Id*. at GOOG-SING-00113109. In response, ████████████ ████████████████████████████ and additional information concerning Dr. Bates' invention. *Id.* at GOOG-SING-00113108-09. Dr. Ng then ████████████████████████████████ any further explanation of its content.

When confronted with this email at his deposition, Dr. Dean testified that ████████████ ████████████████████████████████████████ with whom he had just co-founded the Google Brain project. Ex. C at 196-198. He also testified that ████████████ ████████████████████████████ *Id*. at 197.

According to Dr. Dean, he first became aware of ████████████████████████ ████████ Ex. C at 39:2-8, ████████████████████████████████████

*Id.* at 39:10-40:19.

Dr. Dean testified that, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* We now know that testimony is inaccurate, but due to Google's failure to timely produce Dr. Dean's September 11, 2013 email, Singular was not able to question Dr. Dean as to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and was not able to refresh Dr. Dean's recollection as to when he first learned of Dr. Bates' invention.

## II.     ARGUMENT

### A.     Singular Is Entitled To An Immediate Rule 30(b)(6) Deposition Concerning Google's Document Collection and Production of Relevant Responsive Documents.

As explained in Section I.B., above, during the Parties' meet and confer on this Motion, Google's counsel advised counsel to Singular that, prior to discovery in this case, Google provided to its counsel copies of the documents produced on July 12, 2023. Despite their knowledge of these clearly responsive, relevant documents, Google and its counsel withheld those documents until the eve of trial. The omission of these documents from Google's productions calls into question the integrity and effectiveness of Google's collection efforts and begs the question of what else was missed. Dr. Dean sent his email to two engineering departments within Google, but Google has not produced a single reply to or forward of that email and counsel advised that it has located fewer than ten pages of documents related to the email. Shirk Decl. at ¶ 8. Google's collection somehow failed to locate a single copy of an email that must be sitting in the inbox of many Google employees.

To ensure that Singular has all relevant, responsive information prior to trial, it must be allowed to conduct a Rule 30(b)(6) deposition of Google concerning Google's search for,

collection and production of relevant documents and information. *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 1054279, at *4 (D. Kan. Apr. 9, 2007)(allowing Rule 30(b)(6) deposition of search methods used in responding to discovery requests). The Rule 30(b)(6) deposition is also necessary to discover why, and by whom, the metadata corresponding to the Dean Email was altered before the document was produced. *See Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, No. 07-222, 2008 WL 3480321, at *3-4 (M.D. Fla. Aug. 12, 2008) (allowing Rule 30(b)(6) deposition to inquire about inconsistencies in metadata associated with electronically stored information).

Accordingly, the Court should grant Singular leave to conduct a Rule 30(b)(6) deposition to address (1) Google's search for and collection and production of documents responsive to Singular's document requests and Google's obligations to make initial disclosures pursuant to Rule 26(a)(1) and (2) the apparent alteration of the metadata corresponding to Dr. Dean's September 11, 2013 email.

### B. Singular Is Entitled to Immediate Discovery Concerning the Newly Produced Documents and to Re-Open the Deposition of Dr. Dean.

Singular must be allowed to take discovery concerning Google's production of this new, highly relevant evidence two years after fact discovery closed and just weeks before trial is scheduled to begin. Further discovery is the only way to ensure a fair trial and to avoid allowing Google to benefit from its inexplicable decision not to timely produce these documents. *See BRT Management LLC v. Malden Storage, LLC*, 17-10005-FDS, 2020 WL 93952, at *2 (D. Mass. Jan. 8, 2020) ("[R]eopening discovery to take a deposition in response to [a] late document production" is an appropriate remedy because "[n]ot allowing further discovery would be manifestly unfair to plaintiff and would reward inappropriate behavior.").

The importance of the Dean Email cannot be overstated. To date, Google has maintained that its design and development of the accused TPUs was not rooted in Dr. Bates' invention. Now, for the first time, Singular has been presented evidence that ████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████████████████ **which is the subject of Dr. Bates' patents**.

Google concedes the importance of this email, explaining to Singular that it was located "in the course of preparing for trial," (Ex. A), which suggests that Google plans to use the document at trial. Without further discovery, Singular will be forced to try this case without knowing (1) to whom Dr. Dean sent the email ████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████After the Rule 30(b)(6) deposition and Google's search for and production of other, relevant, responsive documents as specifically identified below, Singular must re-open the deposition of Jeff Dean.

### III. CONCLUSION

For the reasons set forth above, Singular respectfully requests the Court reopen discovery for the limited purpose of obtaining documents and depositions from Google about its performance of its discovery obligations and the newly produced evidence.

Specifically, Singular requests that the Court order Google to:

1. Produce the following documents by close of business, Friday, July 21, 2023:

   a. A copy of Dr. Dean's September 11, 2013 email with its original metadata;

   b. A list of every member of the ▮▮▮▮▮▮▮▮▮▮ distribution lists;

   c. Copies of any and all replies to the September 11, 2013 email;

   d. Copies of any and all forwards of the September 11, 2013 email; and

   e. The attachments to Astro Teller's 2011 emails providing ▮▮▮▮▮ other Google employees.

2. Appear for a Rule 30(b)(6) deposition on July 25, 2023, covering the following topics:

   a. The methods Google used and the steps Google took to search for, collect, review and produce documents responsive to Singular's First Request for Email Production Pursuant to the Stipulated Protective Order Re: Discovery of Electronically Stored Information, ECF No. 68;

   b. Any prior or subsequent searches Google conducted for responsive, relevant documents, including the circumstances under which Google chose not to produce the documents produced on July 12, 2023; and

   c. The metadata corresponding to Dr. Dean's September 11, 2013 email and the inconsistencies between that metadata and the metadata produced with the rest of the electronically stored information Google has produced to date.

3. Produce Dr. Dean for a continued deposition promptly following Singular's receipt of the documents identified in paragraph 1 and the Rule 30(b)(6) deposition described in paragraph 2.

Dated: July 17, 2023                                  Respectfully submitted,

*/s/ Kevin Gannon*
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO#670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

**LOCAL RULE 7.1 CERTIFICATION**

Counsel for Singular Computing LLC, hereby certify that we conferred with counsel for Google LLC to resolve the issues presented in this motion but, after a good faith attempt to reach agreement, the parties were unable to agree on all of the issues raised in this motion.

*/s/ Kevin Gannon*

**CERTIFICATE OF SERVICE**

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Kevin Gannon*