UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**REDACTED VERSION** |

### PLAINTIFF'S UNOPPOSED MOTION TO CONTINUE THE TRIAL

Plaintiff Singular Computing LLC ("Singular") moves for a continuance of the trial in this matter (1) to allow the Parties sufficient time to conduct deposition discovery to which they have agreed, (2) for the Court to resolve a dispute between the Parties concerning additional discovery for which Singular plans to seek leave, including a Rule 30(b)(6) deposition of Google and the production of more than 7,000 document families, and (3) for the Parties to conduct any additional discovery approved by the Court. While Google will oppose Singular's motion to compel, it does not oppose the requested continuance.

In further support of this Motion, Singular states as follows:

1.  Trial is currently scheduled to begin on September 11, 2023. ECF No. 403.

2.  On July 17, 2023, Singular filed an Emergency Motion to Reopen Discovery Regarding Defendant's Production of Relevant Email Evidence on July 12, 2023 (the "Motion to Reopen Discovery"), ECF No. 548, requesting, among other things, the production of relevant documents, a Rule 30(b)(6) deposition of Google concerning its search for and collection, review and production of documents responsive to Singular's document requests, and to reopen the

1

deposition of Google engineer, Dr. Jeffrey Dean, who authored a September 11, 2013 email that was included in Google's July 12, 2023 production (the "Dean Email"). *See id.* at 10.

3. Shortly after Singular filed the Motion to Reopen Discovery on July 17, 2023, Google made a supplemental production, including ███████████████████████ ███████████████████████████████████████████████████████████████ ████████████████ were identified by Singular as custodians pursuant to the ESI Order, ECF No. 68, and were previously deposed in this case.

4. During a previously scheduled status conference on July 18, 2023, the Court held oral argument on the Motion to Reopen Discovery. At the conclusion of the status conference, the Court instructed the Parties to meet and confer with respect to the requested Rule 30(b)(6) deposition and allowed Singular to reopen Dr. Dean's deposition, to which Google had already agreed.

5. The Parties held a lengthy conference on July 20, 2023 and, following that conference, the Parties agreed that Dr. Dean's deposition would continue on July 28, 2023 and that the Parties would continue to meet and confer to address (1) the information Singular planned to seek in a Rule 30(b)(6) deposition of Google, (2) certain privilege assertions Google made in response to Singular's request for information concerning Google's search for and collection, review and production of documents in this case, and (3) Singular's request for additional documents concerning Singular's founder and president and the inventor of the patents-in-suit, Dr. Joseph Bates.

6. Over the following days, the Parties continued to meet and confer through email communications and held another lengthy conference on July 26, 2023. During that conference, the Parties narrowed the dispute concerning Google's assertions of privilege but will require the

Court's assistance to resolve disputes concerning the scope of the privilege and Singular's entitlement to additional information, including a ruling on certain privilege assertions Google maintains and Singular's request for leave to conduct a Rule 30(b)(6) deposition of Google.

7. Shortly after the July 26, 2023 conference, Google made another supplemental production of documents to Singular. However, the Parties dispute Singular's entitlement to more than 7,000 document families that hit on the search term "Bates," and which have not been produced to date and which Google contends were excluded from review and production as a result of the ESI search terms mutually agreed to by the parties. In addition, Singular is reviewing these documents to see what additional discovery may be needed.

8. The Parties held a third conference on July 27, 2023. At that conference, the Parties discussed Singular's request to re-open the depositions of ▬▬▬▬▬▬▬▬▬▬ and are continuing to meet and confer on that topic. If they cannot come to an agreement, those depositions will also be the subject of Singular's motion to compel.

9. As a result of Singular's plan to file a motion to compel the production of additional documents and information, the Parties agreed to re-schedule Dr. Dean's deposition until after any additional document discovery is complete to avoid Dr. Dean having to sit for a third day of deposition.

10. The work done to date to address these discovery issues has made it clear to Singular that significant discovery work remains to be done, all of which Singular believes is important to its trial presentation. For its part, Google disagrees that the scope of discovery Singular is seeking in its forthcoming motion to compel is appropriate or necessary, but nonetheless does not oppose Singular's request for a continuance in light of that anticipated motion.

11. To allow time for the Court to consider and rule on Singular's motion to compel, for the Parties to conduct any additional discovery ordered by the Court, including document discovery and the Rule 30(b)(6) deposition of Google, and for the Parties to conduct the agreed-to deposition of Dr. Dean and potentially the depositions of ▮▮▮▮▮▮▮▮▮▮ if agreed-to by Google or approved by the Court, Singular requests that the Court continue the trial for a minimum of two months and re-schedule the trial for the next available date, excluding dates on which the Parties' lead counsel have previously scheduled trials. Google's lead counsel, Robert Van Nest, has a previously scheduled trial beginning on November 6, 2023, which is currently scheduled for two weeks but may last three weeks. *See Abbott Diabetes Care Inc. f/k/a TheraSense, Inc. et al v. DexCom, Inc*. 1-21-cv-00977-KAJ (D. Del.). Singular's lead counsel, Kerry Timbers, has a previously scheduled trial beginning on December 11, 2023, which is expected to last 3 days. *See Med-El Elektromedizinische Gerate GES.M.B.H. v. Advanced Bionics, LLC*, 18-cv-01530-JDW (D. Del.).

WHEREFORE, Singular respectfully requests that this Court allow this Motion and continue the trial for a minimum of two months and reschedule the trial for the earliest available date thereafter, excluding the dates on which the Parties' lead counsel are unavailable due to previously scheduled trials.

Dated: July 31, 2023                              Respectfully submitted,

/s/ Kevin Gannon
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO#670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## **LOCAL RULE 7.1 CERTIFICATION**

Counsel for Singular, hereby certifies that they conferred with counsel for Google LLC to resolve the issues presented in this motion and counsel for Google indicated that Google does not oppose the relief requested in this motion.

/s/ Kevin Gannon

## **CERTIFICATE OF SERVICE**

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Kevin Gannon