UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**REDACTED VERSION** |

### **PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND DOCUMENT DISCOVERY**

Plaintiff Singular Computing LLC moves to compel a Rule 30(b)(6) deposition of defendant Google LLC concerning its search for and collection, review and production of responsive documents in this case, to reopen the depositions of ████████████ ████████ and for an order requiring Google to immediately supplement its production of documents by producing all responsive, non-privileged documents Google and its counsel have reviewed, regardless of whether they hit on search terms or were sourced from the eleven agreed-to Google custodians, and producing all non-privileged documents that hit on the search term "Bates."

Following Singular's filing of its Motion to Reopen Discovery Regarding Defendant's Production of Relevant Email Evidence on July 12, 2023, ECF No. 548, the Court authorized Singular to reopen the deposition of Google engineer, Dr. Jeff Dean, to which Google had already agreed, and instructed the Parties to meet and confer with regard to Singular's request for leave to take a Rule 30(b)(6) of Google. Since Singular filed the Motion to Reopen Discovery, Google has made two additional productions of documents that had not previously been produced and the Parties have had numerous conferences and email communications concerning the Rule 30(b)(6) depositions.

As explained in more detail in Singular's Memorandum of Law filed herewith, Google's recent productions establish that its document production in this case was woefully incomplete and destined to lead to an incomplete production from the outset. Google's and its counsel's improper reliance on the attorney-client and work product privileges to avoid answering basic factual questions regarding Google's performance of its discovery obligations have made it impossible to avoid a Rule 30(b)(6) deposition.

Google's recent productions also show that the email by which  accused of infringement, and Dr. Bates sent the email. Reopening their depositions is necessary for the same reason the Court has already authorized the reopening of Dr. Dean's deposition – Google's production of these centrally relevant emails on the eve of trial deprived Singular of the opportunity to question the witnesses about them.

Finally, the Court should also order Google to immediately produce all responsive, non-privileged documents it or its counsel has reviewed to date, regardless of whether they hit on search terms and all non-privileged documents that hit on the search term "Bates," which largely have not been produced as a result of Google's insistence on search terms that it knew or should have known would not collect ESI concerning the inventor of the patents-in-suit, Dr. Joseph Bates.

WHEREFORE, Singular respectfully requests that this Court allow this Motion and issue an order:

1. Requiring Google to designate a witness or witnesses to testify about the topics identified in the Rule 30(b)(6) Deposition Notice attached hereto as Exhibit 1;

2. Granting Singular leave to reopen the depositions of ▬▬▬▬▬▬▬▬▬▬▬;

3. Requiring Google to immediately produce all non-privileged documents that it or its counsel has reviewed or is otherwise aware, regardless of whether those documents hit on search terms or were sourced from one of the eleven agreed-to Google custodians;

4. Requiring Google to immediately produce all non-privileged documents that hit on the search term "Bates," without withholding any document on any non-privilege ground, including responsiveness or relevancy; and

5. Awarding such other relief as the Court deems just and proper.[1]

A proposed order is attached hereto as Exhibit 2.

---

[1] Per the Court's instruction at the July 18 status conference, this Motion focuses on the remedy for Google's conduct, not on compensation or sanctions. Singular's decision not to request compensation or sanctions in this Motion is not and should not be construed to be a waiver of its right to seek that relief at the appropriate time in the future.

3

Dated: July 31, 2023                                Respectfully submitted,

/s/ Kevin Gannon
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO#670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## LOCAL RULE 7.1 CERTIFICATION

I, Kevin Gannon, counsel for Singular Computing LLC, hereby certify that I conferred with counsel for Google LLC to resolve the issues presented in this motion but, after a good faith attempt to reach agreement, the parties were unable to do so.

/s/ Kevin Gannon

## CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Kevin Gannon