# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

## NOTICE OF DEPOSITION OF
## GOOGLE LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to the Court's order allowing Plaintiff's Motion to Compel Deposition and Document Discovery, Fed. R. Civ. P. 26 and Fed. R. Civ. P. 30(b)(6), Plaintiff shall depose, by oral questions, Defendant Google LLC, regarding the topics identified in the attached Schedule A.

The deposition will occur remotely by videoconference, commencing at 9:00 AM EST on a mutually agreeable date following Google's production of the documents pursuant to the Court's order allowing Singular's Motion to Compel Deposition and Document Discovery. The deposition will continue from day to day until complete.

The deposition will be held before a qualified court reporter and will be recorded videographically and stenographically.

Prior to the deposition, Defendant shall designate in writing to Plaintiff the name(s) of the person(s) who will testify on its behalf in response to this Notice.

| | |
|---|---|
| Dated: July 31, 2023 | By: */s/ DRAFT*_____<br>Matthew D. Vella (BBO #660171)<br>Adam R. Doherty (BBO #669499)<br>Kevin Gannon (BBO #640931)<br>Brian Seeve (BBO#670455)<br>Daniel McGonagle (BBO #690084)<br>**PRINCE LOBEL TYE LLP**<br>One International Place, Suite 3700<br>Boston, MA 02110<br>Tel: (617) 456-8000<br>Email: mvella@princelobel.com<br>Email: adoherty@princelobel.com<br>Email: kgannon@princelobel.com<br>Email: bseeve@princelobel.com<br>Email: dmcgonagle@princelobel.com<br><br>Kerry L. Timbers (BBO #552293)<br>**SUNSTEIN LLP**<br>100 High Street<br>Boston, MA 02110<br>Tel: (617) 443-9292<br>Email: ktimbers@sunsteinlaw.com<br><br>ATTORNEYS FOR THE PLAINTIFF |

## CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ DRAFT*_____

## SCHEDULE A

## DEFINITIONS

Singular incorporates by reference herein the Uniform Definitions In Discovery Requests set forth in Local Rule 26.5. The following definitions and instructions shall apply to each of the following topics of examination.

1. "Google," "Defendant," "you" and "your" means Google LLC, its employees, officers, directors, attorneys, and its agents, parents, subsidiaries, branches, predecessors, or successors-in-interest, or any other person who has acted or purported to act on its behalf.

2. "Google's Counsel" means Google's counsel of record in the above-captioned matter, including any current or former partner, attorney, paralegal or other employee of each of the firms that represent Google in this matter, including Keker, Van Nest & Peters LLP, Paul Hastings LLP, Kwun Bhansali Lazarus LLP, and Wolf, Greenfield & Sacks, PC.

3. "Singular" or "Plaintiff" means Singular Computing LLC, its employees, officers, directors, attorneys, and its agents, parents, subsidiaries, branches, predecessors, or successors-in-interest, or any other person who has acted or purported to act on its behalf.

4. "Bates" means the inventor of the patents-in-suit and founder of Singular, Dr. Joseph Bates.

5. "Search Terms" means the modified search terms in the January 11, 2021 letter from Keker Van Nest to Prince Lobel, which Google applied in its search of ESI in this matter.

6. ▮▮▮▮▮▮▮▮ refers to the email produced by Google at GOOG-SING-00242320-325.

7. ▮▮▮▮▮▮▮▮ refers to the email produced by Google at GOOG-SING-00242356.

8. "Distribution Lists" means ███████████████████████
████████████

9. ████████████████ means the Google employees for which the Distribution List ████████████████ was established.

10. ████████████████ means the Google employees for which the Distribution list ████████████████████████ was established.

11. "Google Custodians" means the eleven Google custodians Singular identified pursuant to the ESI Order (ECF No. 68).

12. "Google's Late Document Productions" means the production of documents Google made to Singular on July 12, 2023, July 17, 2023 and July 26, 2023.

## TOPICS FOR EXAMINATION

The deponent(s) shall be prepared to address the following topics:

1. Any and all searches for relevant documents Google conducted after the filing of the complaint in this action.

2. Google's collection of documents relevant to the Parties' claims and defenses in this Action.

3. Google's review of documents relevant to the Parties' claims and defenses in this Action.

4. All Documents Google provided to Google's Counsel at any time after the filing of the complaint in this Action, including, but not limited to, documents Google provided to Google's counsel on February 10, 2020 and July 10, 2023.

5. The identity of the Person or Persons who provided to Google's Counsel the Documents identified in Topic No. 4.

6. Google's search for documents responsive to Singular's document and ESI requests.

7. The Documents Google has produced to Singular.

8. Google's application of the Search Terms as part of its search for Documents responsive to Google's document requests.

9. Any and all searches Google performed on ESI collected from the Google Custodians that differed, in any way, from the Search Terms.

10. Google's use of the program ▮▮▮▮ to search for Documents relevant to the Parties' claims and defenses and responsive to Google's document requests.

11. The search for documents that resulted in the collection of the ▮▮▮▮.

12. The search for documents that resulted in the collection of the ▮▮▮▮.

13. Google's Late Document Productions.

14. The dates on which Google provided to Google's Counsel the Documents included in the Late Document Productions.

15. The steps Google took to locate copies of the ▮▮▮▮.

16. The steps Google took to locate any forward of or reply to the ▮▮▮▮

17. The steps Google took to locate copies of the ▮▮▮▮, including any search of the email files of ▮▮▮▮.

18. The steps Google took to locate any forward of or reply to the ▮▮▮▮.

19. The steps Google has taken to preserve information and Documents relevant to this litigation, including, but not limited to, the electronic and hard files of the Google Custodians.

20. Google's failure to produce documents that hit on the Search Terms, including, but not limited to, the Documents included in Google's Late Document Productions.

21. The members of the Distributions Lists at the time the ▮▮▮▮▮ was sent and currently.

22. The members of the ▮▮▮▮▮ currently and at the time the ▮▮▮▮▮ was sent.

23. The members of the ▮▮▮▮▮ currently and at the time ▮▮▮▮▮ was sent.

24. The steps, if any, Google has taken to identify the members of the Distribution Lists at the time the ▮▮▮▮▮ was sent.

25. The steps, if any, Google has taken to identify the members of the Distribution Lists at the time the ▮▮▮▮▮ was sent.