# EXHIBIT K

```
 1                UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
 2

 3

 4    SINGULAR COMPUTING LLC,       )
                                    )
 5                   Plaintiff      )  Civil Action
                                    )
 6                                  )  No. 19-12551-FDS
      vs.                           )
 7                                  )
      GOOGLE LLC,                   )
 8                   Defendant      )

 9

10    BEFORE:  CHIEF JUDGE F. DENNIS SAYLOR, IV

11

12
                       STATUS CONFERENCE
13

14

15        John Joseph Moakley United States Courthouse
                       1 Courthouse Way
16                    Boston, MA 02210

17

18                     July 18, 2023
                          3:30 p.m.
19

20

21

22

23             Valerie A. O'Hara, FCRR, RPR
                   Official Court Reporter
24        John Joseph Moakley United States Courthouse
                       1 Courthouse Way
25                    Boston, MA 02210
                 E-mail:  vaohara@gmail.com
```

1   this e-mail.

2   And with respect to Item 2, that's not something that
3   they requested in their e-mail to us.  They didn't raise it
4   until we got to the meet and confer.  I really don't think it's
5   appropriate, and if we're going to consider it, we'd like a
6   chance to brief that, but fundamentally this e-mail wasn't
7   produced because it didn't hit on the search terms that the
8   parties had agreed to in the ESI order, and I don't think
9   there's any dispute about that.

03:58PM 10   When I saw it recently in connection with trial prep,
11   I felt in fairness it should be produced, and I asked the team
12   to produce it.

13   What I suggest we do per your Honor's discussion of
14   timing is we're prepared to find an appropriate time to put
15   Dr. Dean up for a limited deposition, and if that doesn't
16   satisfy plaintiffs, they can certainly come back and ask for
17   something else, but to get into a full blown 30(b)(6), when
18   there's really no evidence that we didn't comply with our
19   discovery obligations, this e-mail simply didn't hit the search
03:58PM 20   terms.

21   THE COURT:  Bates was not a search term?

22   MR. VAN NEST:  The search terms -- Joe Bates was, the
23   search terms included Google technology in connection with
24   Bates and other terms as part of the search string, and this
25   e-mail, for whatever reason, didn't hit on those because it's

1  not referencing anything else that was called for by the search
2  terms, as I understand it.
3         Now, this other e-mail I'm referring to did hit the
4  search terms.  It was then included in our review, and it was
5  produced, but it makes the same statement that this one does,
6  namely that Dr. Dean is expressing to Dr. Bates that he,
7  himself, Dr. Dean was thinking about the same ideas already
8  that Dr. Bates was presenting, so that's the most relevant
9  portion of the e-mail, and that is repeated in almost, not
10 quite verbatim but very similar terms in the e-mail that was
11 produced and on which Dr. Dean was examined about, but having
12 that said, your Honor, I'm the one that decided that this
13 should be produced now, and we did, and we are willing to give
14 them another opportunity to examine Dr. Dean about it, so I
15 don't think we're not resisting reopening discovery for this
16 purpose.
17        THE COURT:  All right.  Who wants to respond?
18        MR. TIMBERS:  Your Honor, thank you.  Two things about
19 the e-mail.  One, it's not the same as the one that was sent to
20 Dr. Bates because this e-mail has an analysis of the
21 presentation that the later e-mail does not.
22        THE COURT:  Let me -- maybe I can just cut to the
23 chase.  Whether it's a blockbuster or not, I think it's
24 relevant and sufficiently important that this is worth talking
25 about.

1  which is take this a step at a time, okay?  As we say, we don't
2  know how deep this hole is, and the place to start is with
3  initial steps.
4       This is, again, not so unimportant that it's not worth
5  bothering about.  I think it is significant enough that this is
6  worth the trouble.  First, I'm going to authorize a deposition
7  of Dr. Dean.  I think it is probably correct that that is not
8  going to take seven hours or anything close to it.
9       It ought to be about the e-mail, about if he was
04:05PM 10  involved, and maybe he had no involvement, the steps that led
11  to the production of the e-mail in connection with this
12  litigation, and, of course, a penumbra around the e-mail, if he
13  remembers anything, subsequent discussions, follow-up e-mails,
14  what have you.
15       I think all of that is fair game.  And where we go
16  from there, I don't know.  It may be that we need one or two
17  other depositions or three or four, I don't know.  Are you
18  willing, at least -- well, let me ask Mr. Timbers, would you
19  expect to take these by video as opposed to getting on an
04:06PM 20  airplane?
21       MR. TIMBERS:  Yes, by video.
22       THE COURT:  All right.  And I think the thing to do is
23  to get that process underway.  As far as the 30(b)(6)
24  deposition, you may be entitled to it.  What I think I'd like
25  to do at this stage is to have you continue to meet and confer

1    and to settle whatever it is you think you can settle in terms
2    of at least so you understand Google's position, here's how the
3    documents were searched for, here's how they were collected,
4    here's what happened, obviously, without revealing privileged
5    information unless I'm convinced that somehow privilege has
6    been waived, or work product, for that matter, but making the
7    best headway you can make on that topic voluntarily and then
8    see where we are and whether any follow-up is necessary for
9    purposes of fairness.

04:07PM 10           And I don't know the answer to any of that.  This is
11   almost exactly 20 years ago -- 10 years ago, I'm sorry, the
12   e-mail, you know, it may be that you get a whole lot of I don't
13   remembers, and I don't know where this path leads.  I'll let
14   you start down the path.

15           I'm not going to put an artificial time limit on the
16   deposition, but the basic topics are not a replay, obviously,
17   of everything Dr. Bates ever did, but this e-mail, things that
18   are reasonably related to this e-mail, which include the
19   circumstances under which the e-mail was collected and produced
04:08PM 20   and conversations, exchanges of information, or whatever that,
21   again, in some way connected this e-mail that in fairness you
22   didn't have a chance to ask about before.

23           I'm not going to say it's literally the e-mail itself
24   because that's too narrow, but this is not a chance for a whole
25   other bite at the apple, it's in some way relating to or