IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | C.A. No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**DECLARATION OF CHRISTOPHER S. SUN
IN SUPPORT OF DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND DOCUMENT DISCOVERY**

I, Christopher S. Sun, declare and state as follows:

I am an attorney licensed to practice law in the State of California and am admitted *pro hac vice* to practice before this Court. I am an attorney at the law firm of Keker, Van Nest & Peters LLP and counsel for Defendant Google LLC ("Google") in the above-captioned action.

I submit this declaration in support of Google's Opposition to Plaintiff's Motion to Compel Deposition and Document Discovery. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify to them competently under oath.

1. Google and Singular spent several months in 2020 and early 2021 meeting and conferring over the appropriate custodians and search terms for discovery in this action. The parties' goal in this negotiation was to discuss, define, and ultimately agree upon a specific set of procedures that would balance each side's legitimate discovery needs against the enormous costs and burden that discovery imposes.

2. Google's discovery costs in this matter have exceeded one million dollars.

3. Attached hereto as **Exhibit A** is a true and correct copy of a letter dated February 3, 2021 from Singular's outside counsel Michael Ercolini to Google's outside counsel Jay Rapaport. In the letter, Singular objects to various search terms Google had requested Singular run across its custodians. Singular informed Google that these terms, including the term "Bates and Singular", had returned "extraordinarily high" hit counts.

4. Following the February 3, 2021 letter, Google agreed to replace the "Bates or Singular" term, and other search terms it had proposed that Singular rejected, with narrower ones in order to reduce the number of documents Singular would need to review and potentially produce. Google did not assume that the narrower terms the parties ultimately agreed to would capture all of the relevant and responsive documents in the same way that the

broader terms would have. Rather, Google agreed to the narrower searches as a compromise to balance Google's legitimate need for discovery against the burden and expense to Singular of providing that discovery.

5. Attached hereto as **Exhibit B** is a true and correct copy of a letter dated January 11, 2021 from Google's outside counsel Jay Rapaport to Singular's outside counsel Michael Ercolini. In the letter, Google reports that the search term "Bates", which Singular proposed Google run across its custodians, had generated 7,817 hits.

6. Following the January 11, 2021 letter, Singular ultimately agreed to use a narrower term to identify potentially responsive ESI for production.

7. The parties also met and conferred regarding the appropriate number of custodians whose files each side would search. The parties ultimately agreed to mutually collect and search ESI from eleven custodians per side. After the parties reached this agreement, Singular informed Google for the first time that it would search and produce ESI from only Dr. Bates, and no one else, because all other relevant custodians had left Singular and Singular no longer had ESI for those individuals.

8. Over the course of discovery, Google has produced over 240,000 pages of documents. Google also put up 16 witnesses for more than 60 hours of depositions.

9. During trial preparation, Google's counsel reviewed a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and determined that it had not been produced. ▮▮▮▮▮▮▮▮ was included in a collection of documents that Google's Legal Department had sent to Google's outside counsel on February 10, 2020. The parties had agreed Google would search "Joe Bates" across its custodians. ▮▮▮▮▮▮▮▮ referred to Dr. Bates as "Joseph Bates" and therefore was

not responsive to this search term or any of the other search terms. Because ▮▮▮▮ ▮▮▮▮ was not responsive to the parties' agreed search terms, it was not collected and produced through the ESI searches done during discovery.

10. After reviewing ▮▮▮▮ during trial preparation, Google voluntarily produced it on July 12, 2023. Google also produced ▮▮▮▮ ▮▮▮▮, which Google's outside counsel received on July 10, 2023.

11. Attached hereto as **Exhibit C** is a true and correct copy of an email dated July 14, 2023 from Singular's counsel Kevin Gannon to Google's counsel Deeva Shah. In the email, Singular requests information regarding ▮▮▮▮ and Google's collection efforts, including all ▮▮▮▮ ▮▮▮▮.

12. On or around July 14, 2023, Singular informed Google on a telephonic meet and confer for the first time that the metadata for ▮▮▮▮ appeared to be inaccurate. Google determined this was the result of a technical issue during that production.

13. On or around July 17, 2023—the next business day—Google produced all ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ with complete and accurate metadata.

14. Attached as **Exhibit D** is a true and correct copy of excerpts of the transcript of the Court's July 18, 2023 status conference.

15. At the July 18, 2023 status conference, the Court instructed the parties to meet and confer regarding a voluntary resolution of the issues raised by Singular. The parties accordingly met and conferred between July 20 and July 31. On July 20, Singular sent Google a list of questions regarding Google's search and collection efforts. Google served written

3

responses to these questions on July 27. Upon receiving Google's July 27 written responses, Singular never asked any follow-up questions or provided Google with specific comments or complaints.

16. While the parties were meeting and conferring between July 20 and 31, Google continued to investigate why ████████████████████████████████████ ██████████████. Google informed Singular that it was continuing to review its document collection protocols and that another document production would be forthcoming. Accordingly, the parties agreed that it would be most efficient to defer reopening any deposition, including ████████, until after Google completed its supplemental production. Google's forthcoming production includes several communications from Dr. Bates that Singular also did not produce during the course of discovery.

17. During the parties' meet-and-confer discussions, Singular indicated it intended to file a motion to compel discovery. I asked Singular's counsel what relief Singular would seek in the motion to determine what relief Google could agree to and thus remove those issues from dispute. Singular refused to do so, claiming that a motion to compel was "inevitable" and that Google would learn what relief Singular sought upon reading the motion.

18. Attached as **Exhibit E** is a true and correct copy of ████████████████████ ██████████████.

19. Attached as **Exhibit 1** is a true and correct copy of ████████████████ ██████████████, and produced in this litigation with Bates number GOOG-SING-00242366.

4

20. Attached as **Exhibit 2** is a true and correct copy of United States Patent No. 8,407,273 dated March 26, 2013.

21. Attached as **Exhibit 3** is a true and correct copy of United States Patent No. 8,218,516 dated December 22, 2015.

22. Attached as **Exhibit 4** is a true and correct copy of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉, and produced in this litigation with Bates numbers GOOG-SING-00029813 – GOOG-SING-00029814.

23. Attached as **Exhibit 5** is a true and correct copy of excerpts from the July 21, 2021 transcript for the deposition of ▉▉▉▉▉▉▉▉.

24. Attached as **Exhibit 6** is a true and correct copy of email threads containing email correspondence dated September 17, 2013, and produced in this litigation with Bates numbers SINGULAR-00027392 – SINGULAR-00027394 and SINGULAR-00029804 – SINGULAR-00029805.

25. Attached as **Exhibit 7** is a true and correct copy of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉, and produced in this litigation with Bates numbers GOOG-SING-00032375 – GOOG-SING-32393.

26. Attached as **Exhibit 8** is a true and correct copy of excerpts from the July 16, 2021 transcript for the deposition of ▉▉▉▉▉▉▉▉.

27. Attached as **Exhibit 9** is a true and correct copy of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉, and produced in this litigation with Bates numbers GOOG-SING-00242320 – GOOG-SING-00242325.

28. Attached as **Exhibit 10** is a true and correct copy of excerpts from the July 15, 2021 transcript for the deposition of ▉▉▉▉▉▉▉▉.

29. Attached as **Exhibit 11** is a true and correct copy of excerpts from the July 14, 2021 transcript for the deposition of ▇▇▇▇▇▇▇▇.

30. Attached as **Exhibit 12** is a true and correct copy of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and produced in this litigation with Bates numbers GOOG-SING-00242405 – GOOG-SING-00242410.

31. Attached as **Exhibit 13** is a true and correct copy of excerpts from the May 28, 2021 transcript for the deposition of ▇▇▇▇▇▇.

32. Attached as **Exhibit 14** is a true and correct copy of excerpts from the July 8, 2021 transcript for the deposition of ▇▇▇▇▇▇▇▇.

33. Attached as **Exhibit 15** is a true and correct copy of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and produced in this litigation with Bates numbers GOOG-SING-00208998 – GOOG-SING-00208999.

34. Attached as **Exhibit 16** is a true and correct copy of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and produced in this litigation with Bates number GOOG-SING-00242382.

35. Attached as **Exhibit 17** is a true and correct copy of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and produced in this litigation with Bates number GOOG-SING-00242381.

36. Attached as **Exhibit 18** is a true and correct copy of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and produced in this litigation with Bates number SINGULAR-00027005.

37. Attached as **Exhibit 19** is a true and correct copy of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and produced in this litigation with Bates number SINGULAR-

00027138.

38. Attached as **Exhibit 20** is a true and correct copy of , and produced in this litigation with Bates number SINGULAR-00027266.

39. Attached as **Exhibit 21** is a true and correct copy of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and produced in this litigation with Bates number GOOG-SING-00242356 – GOOG-SING-00242362.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on August 14, 2023 at Sacramento, California.

Christopher S. Sun

## **CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                           */s/ Nathan R. Speed*
                                                           Nathan R. Speed