IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | C.A. No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S**
**UNOPPOSED MOTION TO IMPOUND/SEAL DESIGNATED MATERIAL**

Pursuant to Local Rule 7.2 and the Protective Order in this case ("Protective Order"), (Dkt. No. 87), Defendant Google LLC ("Google") respectfully requests that this Court impound (seal) the following materials filed in support of Google's Opposition to Singular's Motion to Compel Deposition and Document Discovery filed today:

1. An un-redacted copy of Google's Memorandum of Law in support of its Opposition to Singular's Motion to Compel Deposition and Document Discovery.

2. An un-redacted copy of Google's Appendix A submitted in support of its Opposition to Singular's Motion to Compel Deposition and Document Discovery.

3. Certain exhibits to the Declaration of Christopher S. Sun ("Sun Declaration") that accompanies Google's Opposition to Singular's Motion to Compel Deposition and Document Discovery. The following exhibits to the Sun Declaration contain information that Google has designated as containing "Highly Confidential – Attorneys' Eyes Only" information.

- **Exhibit A**: February 3, 2021 letter from Michael Ercolini to Jay Rapaport.
- **Exhibit B**: January 11, 2021 letter from Jay Rapaport to Michael Ercolini.

- **Exhibit C**:  July 14, 2023 letter from Kevin Gannon to Deeva Shah.
- **Exhibit E**: confidential Google e-mail.
- **Exhibit 1**: confidential Google e-mail.
- **Exhibit 4**: confidential Google e-mail.
- **Exhibit 5**: Excerpts from Dr. Jeffrey Dean's July 21, 2021 deposition.
- **Exhibit 6**: confidential Google e-mail.
- **Exhibit 7**: confidential Google e-mail.
- **Exhibit 8**: Excerpts from Dr. Norman Jouppi's July 16, 2021 deposition.
- **Exhibit 9**: confidential Google e-mail.
- **Exhibit 10**: Excerpts from Dr. James Laudon's July 15, 2021 deposition.
- **Exhibit 11**: Excerpts from Dr. Andrew Phelps' July 14, 2021 deposition.
- **Exhibit 12**: confidential Google e-mail.
- **Exhibit 13**: Excerpts from Obi Felton's May 28, 2021 deposition.
- **Exhibit 14**: Excerpts from Dr. Tammo Spalink's July 8, 2021 deposition.
- **Exhibit 15**: confidential Google e-mail.
- **Exhibit 16**: confidential Google e-mail.
- **Exhibit 17**: confidential Google e-mail.
- **Exhibit 18**: confidential Singular e-mail.
- **Exhibit 19**: confidential Singular e-mail.
- **Exhibit 20**: confidential Singular e-mail.
- **Exhibit 21**: confidential Google e-mail.

The Protective Order allows a party producing documents in discovery to designate documents as "Confidential" after making a good-faith determination that the documents contain

information that is "confidential, proprietary, and/or commercially sensitive information," and to designate documents as "Highly Confidential – Attorneys' Eyes Only" after making a good-faith determination that the documents contain information that is extremely confidential and/or sensitive in nature and the disclosure of such documents is likely to cause economic harm or significant competitive disadvantage. Protective Order ¶¶ 6-7. That Order requires that a party intending to make court filings referring to such Protected Material bring a motion to impound. *Id.* ¶ 14.

Google's above-identified memoranda and exhibits contain either (1) sensitive business information designated Confidential under the Protective Order, public disclosure of which would risk competitive harm to Google, Singular, and/or third parties or (2) confidential information designated Highly Confidential – Attorneys' Eyes Only under the Protective Order that is extremely confidential and/or sensitive in nature and the disclosure of such documents is likely to cause Google economic harm or significant competitive disadvantage.

Additionally, Google has filed a redacted version of its Memoranda, which redacts discussions of the same Google confidential information discussed above and included in some of the aforementioned exhibits, public disclosure of which would risk competitive harm to Google.

Submission of the above-identified memoranda and exhibits is necessary to permit the Court to fully evaluate the issues raised in Google's motions. Google therefore brings this Motion to Impound to seal the above-identified exhibits as well as an un-redacted confidential version of Google's memoranda.

For the foregoing reasons, Google respectfully requests that the Court permit it to file the above-identified exhibits under seal. Google further requests that the documents remain

impounded until further order by the Court, and that upon expiration of the impoundment that the documents be returned to Google's counsel.

|  |  | Respectfully submitted, |
|---|---|---|
| Dated: August 14, 2023 | By: | /s/ Nathan R. Speed |

Gregory F. Corbett (BBO #646394)
gcorbett@wolfgreenfield.com
Nathan R. Speed (BBO #670249)
nspeed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
edimarco@wolfgreenfield.com
Anant K. Saraswat (BBO #676048)
asaraswat@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
Rachael E. Meny (admitted *pro hac vice*)
rmeny@keker.com
Eric K. Phung (admitted *pro hac vice*)
ephung@keker.com
Kaiyi A. Xie (admitted *pro hac vice*)
kxie@keker.com
KEKER, VAN NEST & PETERS LLP

633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Michael S. Kwun (admitted *pro hac vice*)
mkwun@kblfirm.com
Asim M. Bhansali (admitted *pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350

Matthias A. Kamber (admitted *pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

Ginger D. Anders (admitted *pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (admitted *pro hac vice*)
Kain.Day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100

Jordan D. Segall (admitted *pro hac vice*)
Jordan.Segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100

*Counsel for Defendant Google LLC*

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I certify that, on August 14, 2023, counsel for Defendant Google LLC and counsel for Plaintiff Singular Computing LLC met and conferred in good faith regarding resolution of this motion. Counsel for Plaintiff stated that it does not oppose the relief requested in this motion.

*/s/ Nathan R. Speed*
Nathan R. Speed

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                         */s/ Nathan R. Speed*
                                                         Nathan R. Speed