# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>  Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>  Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**REDACTED** |

## PLAINTIFF'S REPLY IN SUPPORT OF
## ITS MOTION TO COMPEL DEPOSITION AND DOCUMENT DISCOVERY

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian M. Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

I.  **Introduction**

Two years after the close of discovery and less than a month before the previously scheduled trial date, Google now states that it will produce a *subset* of 7,817 un-produced document families that include communications about the inventions at issue in this case and the inventor, Dr. Bates. Google does not dispute that these documents are relevant and responsive to Singular's discovery requests. Rather than explaining how and why these discovery missteps took place and correcting them by providing Singular with the information necessary to ensure the trial in this case is based on a full factual record, Google takes the legally erroneous position that search terms limit the scope of discoverable information a party is obligated to produce. Google also tries to downplay the impact its actions have had by arguing the degree of relevance of the documents while trying to shift blame to Singular for filing this motion. Underscoring the need for the discovery requested by Singular, Google continues to selectively produce documents and allow for certain discovery in piecemeal fashion and only in response to Singular's demands.

In addition, Singular still does not know what will be in the supplemental production. Accordingly, Singular respectfully requests that the Court enter an Order compelling the actions to which Google has now agreed pursuant to Fed.R.Civ.P. 37(a). With respect to the ▇▇▇▇ ▇▇▇▇ depositions, they should be compelled but without the two-hour time restriction requested by Google.

II.  **Singular's Request for a Rule 30(B)(6) Deposition Should be Granted.**

Singular requests leave for a Rule 30(b)(6) deposition of Google concerning Google's search for, collection and production of relevant documents and information. Google argues that this request should be denied because "Google has answered, and will continue to answer, any legitimate question Singular has" and that "Google does not assert privilege over facts detailing

1

the steps it took to collect, search for, and produce responsive documents as part of the *original discovery process*." Opp. Br. at 2 (emphasis added).

Neither is the case and the Court's directive and Singular's request are not limited to "the original discovery process." Singular's opening brief outlines how Google has frustrated the recent Court-directed meet and confer process by asserting privilege where it does not apply to avoid answering straightforward questions about how Google went about satisfying its discovery obligations. Opening Br. at 11-15. This includes maintaining privilege over the facts underlying Google's collection, search and production efforts in the original discovery process, the process that led to the production of the ▮▮▮▮▮,[1] and subsequent supplementations. *Id*. The cases cited in Singular's opening brief confirm that this information is not privileged. Opening Br. at 12-15.[2]

Moreover, Google limits its response regarding privilege to the "original discovery process" to try and justify its improper objections by arguing that "Singular should already have" this information based on the negotiation of "search methods and protocol." Opp. Br. at 16. But those negotiations from late 2020 to early 2021 do not provide Singular with the information necessary to determine whether Singular has received all the documents it should have during discovery.

---

[1] "▮▮▮▮▮" refers to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Google's July 12, 2023, production of this email precipitated Singular's motion to reopen discovery and then this motion to compel.

[2] Google cites to *Bryan Corp. v. Chemwerth, Inc.*, 296 F.R.D. 31, 37 (D. Mass. 2013) to argue that "Google's initial, pre-discovery investigation into the case and its preparation for trial" is privileged. *See* Opp. at p. 16. That case is factually inapposite and is not inconsistent with the cases cited by Singular. In *Bryan Corp*. the court found that documents created by plaintiff's attorney and plaintiff's consultant at the direction of plaintiff's attorney were subject to the work-product doctrine. *Id*. at 37-38.

Other aspects of Google's opposition further highlight the need for 30(b)6 questioning. For instance, nowhere in its nineteen-page brief does Google explain why it did not produce the forwards of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Google admits it had these documents when it produced ▓▓▓▓▓▓▓ on July 12 but did not produce it until July 16. Opening Br. at 4-8. Even now, Singular does not know why Google cannot locate copies of ▓▓▓▓▓▓, and any replies or forwards, in the email files ▓▓▓▓▓▓▓▓▓▓ and Google maintains that the search terms it used to try and find them are privileged. *Id.* at 7-8.

A Rule 30(b)(6) deposition is also necessary to determine what efforts have been made to discover the identities of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ While Google's promise to provide ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, is a start, it is a very limited one and does not allow Singular to fully explore who received ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Also, Google has not explained why it cannot ascertain a full list of the members of those distribution lists at the time of ▓▓▓▓▓▓. Opening Br. at 13-14.

Google's repeated refusal to provide basic non-privileged information about its discovery process makes clear that Google's offer of a sworn declaration restating Google's insufficient responses to Singular's questions is no substitute for a Rule 30(b)(6) deposition.

**III.     Google Should be Ordered to Produce the 7,817 "Bates" Hits.**

Due to Google's selective production of documents and refusal to provide information about its document search, collection and production efforts, Singular requests that the Court order Google to produce the 7,817 document families that hit on the "Bates" search term. Without the full set of 7,817 documents, Google will have been allowed to cherry-pick which of those

3

documents to produce. To avoid that outcome, Google should be ordered to produce all the documents that hit on the term "Bates."

Google continues to refuse to produce these documents because they did not hit on the agreed-to search terms or were not from any of the eleven ESI custodians identified in this case. Opp. Br. at 17-18. As explained in Singular's opening brief, the law is clear that, regardless of any agreement on search terms, Google must search using terms and custodians that fulfill its discovery obligations based on Google's superior knowledge of its own documents. Opening Br. at 18-20. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ that did not hit the agreed-to search terms prior to discovery commencing and over two and half years prior to producing them. Thus, Google did not comply with its discovery obligations. *Id.*

In opposing Singular's request for these documents, Google also argues that the documents in Google's supplemental production "are cumulative" and not "particularly significant." Opp. Br. at 1. What Google believes to be significant or cumulative is not the discovery standard. Google does not dispute that the documents are relevant, as evidenced by the fact that they were selected by Google before discovery even started and later identified by Google while preparing for trial. Moreover, Google's characterization of them is wrong. As explained in detail in Singular's opening brief, these new documents demonstrate early and consistent knowledge of Dr. Bates' patented technology. ▬▬▬▬▬▬ – unlike any other evidence produced previously — shows that, before Dr. Bates made his presentation, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (*See* Ex. E)[3] ▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[3] This references the exhibit attached to the Declaration of Kevin Gannon in Support of Plaintiff's Motion to Compel Deposition and Document Discovery (Dkt. No. 560-4).

██████████████████████████████████████ Opening Br. at 3-7. It is hard to envision more relevant and important evidence.

Similarly, Google argues that because Singular deposed ██████████████████ ██████████████████████████████ then "it is not significant" that █████████ ████████████████████████████████████████████████████████████████ ██████ Opp. Br. at 9. At the risk of stating the obvious, and Singular's opening brief details the importance of these emails (Opening Br. at 3-7), there is a significant difference between receiving ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ Opening Br. at 6.

Again, this is what Singular learned from just the few documents that hit on the Bates terms that Google has chosen to produce. Without the entire set, Singular is left to guess at what else it has not received.

Google also employs a false equivalence in arguing that Singular objected to using "Bates" or "Singular" to search its own documents because they "were not narrowly tailored to specific issues in this case." Opp. Br. at 4. Bates is name of the founder of Singular and Singular is obviously the name of the company. Searching these terms would literally turn up every email in the company as well as most documents, no matter the subject. To truly compare, that would be akin to asking Google to search for "Google" and "Brin." These searches would not be tailored to the issues in this case and they are not nearly the same as asking Google to search for the name of the inventor who corresponded and met with Google personnel.

5

IV. **The Meet and Confer Process was Thorough and Google was Fully Informed of the Relief Singular Now Seeks**

Google accuses Singular of "abandoning" and "cutting short" the meet and confer process and that Singular refused to tell Google the specific relief Singular would seek in a motion to compel. Opp. Br. At 7; Sun Decl. at ¶¶ 16, 17. Unsurprisingly, given the hours of teleconferences, extensive written communication, and Singular's already-filed motion to reopen discovery based on the production of ▮▮▮▮▮▮▮▮, this assertion is incorrect. Singular requested a 30(b)(6) designee as part of its initial motion to reopen discovery, and was following the Court's July 18 instructions to first attempt to meet and confer. Trans. of Status Conference, July 18, 2023 at p. 21:22-22:9. It was Google's refusal to provide the requested information that necessitated this motion. As part of that process, Singular also confirmed at the meet-and-confer that it needed to depose ▮▮▮▮▮▮▮▮▮▮▮▮▮ but Google refused to agree to those depositions. In fact, Google's declarant supporting its accusations explicitly recognized this request in an email the day after the last of three meet and confers. *See* Ex. Q .[4]

Google for the first time in its opposition brief argues that its decision to supplement certain discovery shows that the meet and confer process was cut short. Opp. Br. at 13. This is contradicted by Google's actions and demonstrates the need for this motion. Prior to the filing of this motion, Google: (1) refused to agree that ▮▮▮▮▮▮▮▮▮▮ should be "presented for deposition again."; (2) did not agree to produce the February 2020 ▮▮▮▮▮▮▮▮▮▮▮▮▮ and (3) claimed it could not in any way identify the members of distribution lists identified in ▮▮ ▮▮▮▮▮▮▮. Google has only now agreed to these items when facing Court involvement.

---

[4] Exhibit Q is attached to the Declaration of Kevin Gannon in Support of Plaintiff's Reply in Support of Its Motion to Compel Deposition and Document Discovery.

## V. Conclusion

For the foregoing reasons, Singular respectfully requests that this Court allow its Motion to Compel Deposition and Document Discovery and grant all relief requested in the Motion.

Dated: August 21, 2023                     Respectfully submitted,

/s/ Kevin Gannon
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO#670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Kevin Gannon