```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS



  SINGULAR COMPUTING LLC,         )
                                  )
                 Plaintiff        )   Civil Action
                                  )
                                  )   No. 19-12551-FDS
  vs.                             )
                                  )
  GOOGLE LLC,                     )
                 Defendant        )



  BEFORE:   CHIEF JUDGE F. DENNIS SAYLOR, IV




                       STATUS CONFERENCE




        John Joseph Moakley United States Courthouse
                       1 Courthouse Way
                       Boston, MA 02210



                       August 21, 2023
                          2:00 p.m.







               Valerie A. O'Hara, FCRR, RPR
                   Official Court Reporter
         John Joseph Moakley United States Courthouse
                       1 Courthouse Way
                       Boston, MA 02210
                 E-mail: vaohara@gmail.com
```

**APPEARANCES:**

<u>For The Plaintiff</u>:

    Prince, Lobel, Tye, LLP, by ADAM R. DOHERTY, ESQ., One International Place, Suite 3700, Boston, Massachusetts 02110;

    Sunstein LLP, by KERRY L. TIMBERS, ESQ., 100 High Street, Boston, Massachusetts 02110;

<u>For the Defendant</u>:

    Wolf, Greenfield & Sacks, P.C., by NATHAN R. SPEED, ESQ., 600 Atlantic Avenue, Boston, Massachusetts 02210.

**BY VIDEO:**

<u>For The Plaintiff</u>:

    Prince, Lobel, Tye, LLP, by DANIEL McGONAGLE, ESQ., One International Place, Suite 3700, Boston, Massachusetts 02110;

<u>For the Defendant</u>:

    Keker, Van Nest & Peters LLP, by ROBERT A. VAN NEST, ESQ., RACHAEL E. MENY, ATTORNEY, and DEEVA SHAH, ATTORNEY, 633 Battery March Street, San Francisco, California 94111.

    Kwun, Bhansali, Lazarus LLP, by ASIM M. BHANSALI, ESQ., 555 Montgomery Street, Suite 750, San Francisco, California 94111.

**PROCEEDINGS**

  THE CLERK:  All rise.  Thank you.  You may be seated.
Court is now in session in the matter of Singular Computing LLC
vs. Google LLC, Civil Action Number 19-12551.

  Participants are reminded that photographing,
recording or rebroadcasting of this hearing is prohibited and
may result in sanctions.

  Would counsel please identify themselves for the
record, starting with the plaintiff.

  MR. TIMBERS:  Good afternoon, Kerry Timbers, and with
me is Adam Doherty, and on the remote is Dan McGonagle, all for
plaintiff.

  THE COURT:  Good afternoon.

  MR. SPEED:  Good afternoon, your Honor, Nathan Speed
for the Wolf, Greenfield firm.  I'm here on behalf of the
defendant Google.  I'm joined by several other members of the
Google team on Zoom.  I can't see everyone on there, but I know
Mr. Van Nest is there.

  MR. VAN NEST:  Good afternoon.  I'm here with our
partner, Rachel Meny, from our firm, also Asim Bhansali from
Kwun, Bhansali, and we have several others in light of the
various topics on today's agenda.

  THE COURT:  Good afternoon, all.

  MR. VAN NEST:  Good morning.

  THE COURT:  Let me start with the easy part, which is

|        |    |                                                                              |
|--------|----|------------------------------------------------------------------------------|
|        | 1  | the joint pretrial schedule.  That motion is granted.  That's                |
|        | 2  | Number 570.  I'm going to have some periodic --                              |
|        | 3  | MR. VAN NEST:  Your Honor.                                                   |
|        | 4  | THE COURT:  Yes.                                                             |
|        | 5  | MR. VAN NEST:  This is Mr. Van Nest, I have a                                |
|        | 6  | request --                                                                   |
|        | 7  | THE COURT:  Yes.                                                             |
|        | 8  | MR. VAN NEST:  -- that doesn't affect the pretrial                           |
|        | 9  | schedule we submitted jointly.                                               |
| 02:02PM| 10 | THE COURT:  Yes.                                                             |
|        | 11 | MR. VAN NEST:  And that is to ask the Court whether or                       |
|        | 12 | not your Honor would be available one week later on the 15th.                |
|        | 13 | The reason is in complex trials like this, it's important for                |
|        | 14 | our whole team to be there on the ground a full week ahead, and              |
|        | 15 | in this instance with the January 8th date, I would be asking                |
|        | 16 | the team to fly, leave their families and fly over the                       |
|        | 17 | New Year's weekend, which, of course, we can do, but if your                 |
|        | 18 | Honor were available on the 15th, we wouldn't have to do that.               |
|        | 19 | I did ask Singular to make this a joint request, and                         |
| 02:03PM| 20 | they declined to do it.  They didn't indicate any real                       |
|        | 21 | conflict.  That's just a request from me.  Your Honor, if you                |
|        | 22 | can accommodate it, I'd appreciate it.                                       |
|        | 23 | THE COURT:  All right.  I'm going to do this, I'm                            |
|        | 24 | going to treat this as a motion to continue.  I'm going to                   |
|        | 25 | think about it.  I'm not sure I can do it, and it's also by no               |

1     means clear to me, and I have not forgotten what it's like to
2     be a trial lawyer, and I was a partner at a big firm, and I
3     tried complex cases, but on the ground a week in advance and
4     being on the ground six days in advance let's say is not
5     necessarily significant, but I will, I'll treat it as a motion,
6     and I'll think about it, I'll look at my calendar and
7     contemplate all that.
8                MR. VAN NEST:  Your Honor, even if you could move it
9     to later in that week of the 8th, it would be make a big
02:04PM 10    difference.  Thank you for accommodating my request.
11               THE COURT:  That's trickier because we have a whole
12    apparatus of bringing in jurors, and if we impanel on a day
13    that's not Monday, it's more complicated than it looks.
14               MR. VAN NEST:  Fair enough, thank you.
15               MR. TIMBERS:  Singular is of the view that we have a
16    date, counsel should make it happen.
17               THE COURT:  All right.  Let me talk about sealing.
18    There's a pending motion, Number 573 to seal.  If there were
19    unredacted versions of 566, which is Google's opposition to
02:05PM 20    plaintiff's motion to compel deposition document discovery, and
21    572 which is plaintiff's reply, I didn't see it.  I don't know
22    if it was delivered in hand and didn't get to me.  I didn't see
23    it on the docket.
24               I think I can puzzle through what the issues are and
25    repass the redactions, but I'm not sure I saw those, so I just

|    |    |
|----|----|
| 1  | offer that.  If it was on the docket, I didn't see it. |
| 2  | And just to clean up the docket, we have two motions |
| 3  | that are kind of really on the same topic.  548 is Singular's |
| 4  | emergency motion to reopen discovery, and 560 is what I'll call |
| 5  | the current motion to compel deposition and document discovery. |
| 6  | I think I'm going to terminate Number 548, the earlier |
| 7  | motion.  We'll just call it granted in part and denied in part, |
| 8  | and we are reopening discovery, so to that extent, it's |
| 9  | granted, and 560 is a more up-to-date version about what is in |
| 02:06PM 10 | dispute now. |
| 11 | So I do want to take up this whole constellation of |
| 12 | issues about where we are and what needs to be done, but let me |
| 13 | pause there. |
| 14 | Mr. Timbers, is there anything further on those |
| 15 | topics? |
| 16 | MR. TIMBERS:  No, your Honor, I think our hope was to |
| 17 | get you unredacted versions of everything as soon as possible. |
| 18 | I'm not 100 percent sure what the team has done.  I believe |
| 19 | they're attempting to do that.  I'm ready to talk about those |
| 02:07PM 20 | motions, that motion today. |
| 21 | THE COURT:  All right.  It may be that if -- I may ask |
| 22 | questions that seem stupid, and it may be because, A, they are |
| 23 | stupid, that's certainly possible, but, B, because I didn't |
| 24 | actually read something that was redacted. |
| 25 | Mr. Van Nest. |

1      **MR. VAN NEST:**  Your Honor, yes, I think it is
2  premature to take up the motions today because we just a few
3  hours ago received a reply brief, but I have and would like to
4  give your Honor a short report, update on what actually has
5  taken place.
6      **THE COURT:**  I guess before we get to that, I'm not
7  necessarily suggesting that I resolve all these issues now.  I
8  do want an update, I want to know where you're in agreement,
9  make some rulings or suggestions going forward, and it may be
02:08PM 10  that -- well, not only maybe, I'm pretty confident that we'll
11  need to reconvene and kind of see where we are.
12      I'm reluctant to either grant or deny everything not
13  really quite knowing what the state of play is, and that tends
14  to be dynamic as people are deposed, documents are reviewed,
15  doors close, doors open, and all of that, so why don't we start
16  with actually, Mr. Timbers, since it's your motion, why don't I
17  start with a report from you about where you think we are and
18  what we can resolve on the short term and maybe what could be
19  put off.
02:08PM 20      **MR. TIMBERS:**  Yes, your Honor.  So I think one of the
21  biggest issues that we're at a complete impasse on is our
22  attempts to find out how Google missed these documents and what
23  else needs to be produced.
24      At your Honor's suggestion, instead of a 30(b)(6), we
25  attempted to do meet and confers.  We had several of them.

1    They were lengthy, we asked our questions, we then sent our
2    questions in writing.  Some of the answers came back in
3    writing, and there were a lot of privileged objections.  We
4    were making sure not who said what to whom, rather, what was
5    produced, what was provided to Keker, Van Nest, what were the
6    search terms, that kind of thing, and we hit a brick wall on
7    that.
8            What is unresolved is that we've gone through a series
9    there are no more documents, there are no more answers to, oh,
02:09PM 10   there are actually some more documents, there are some more
11   answers, and, indeed, we're in the middle of that right now.
12   We've been promised a production.  In the response, as far as I
13   know, it has not been provided yet, it's been promised as of
14   today.  I'm not sure.
15           THE COURT:  And this is where counsel said that
16   whether or not you asked for it in discovery, they've received
17   some set of documents, they're reviewing those, and they're
18   going to produce that to you, as I understand it?
19           MR. TIMBERS:  It's unclear what they're promising to
02:10PM 20   produce.  It wasn't identified in detail.  I don't have any
21   idea how many documents we're talking about, et cetera.  What I
22   know is it's been three weeks since our motion, and we filed
23   our reply not having those documents, so, obviously, that's
24   something that requires review, assuming I don't know how many
25   they'll be, so that's an issue.

1    I think what is a bit resolved is that at least three
2    depositions are agreed upon, and then we have to see from the
3    documents that are produced whether we need to ask for any
4    others, but I believe that, if I'm not mistaken, Google has
5    agreed to our request.
6              THE COURT:  Three are Phelps --
7              MR. TIMBERS:  -- Loudan and Dean.
8              THE COURT:  And --
9              MR. TIMBERS:  Dean.  Yes, your Honor.  So, you know,
02:11PM 10   when I stood here last time talking about this, we said we
11   don't know how deep the hole goes, and I'm in the same
12   position, we don't know how deep the hole goes, and of grave
13   concern, Google has never really explained how the documents
14   were missed, hasn't explained to us how we can be fairly
15   certain that the documents that are relevant to the case are
16   going to be produced, so that's where we are.
17             THE COURT:  All right.  Mr. Van Nest.
18             MR. VAN NEST:  Yeah, I don't want to get into who is
19   mischaracterizing what, but I can tell your Honor I can
02:12PM 20   disagree with a lot of what Mr. Timbers said.  We have been
21   bending over backwards to answer every question they had, both
22   orally and in writing.  We gave them very long written answers,
23   and we told them that we were going to be producing additional
24   documents as to what is appropriate, and, indeed, we will be
25   producing additional documents today.

1     We offered last week to let them delay their reply
2     brief until they've seen today's production, but they declined
3     that and went ahead and replied.
4     We are going to be producing this afternoon documents
5     from two categories. As your Honor knows from the last
6     hearing, Google, we received from Google a set of documents at
7     the outset of the case before any discovery commenced. Many of
8     those documents have been produced in discovery because they
9     were from relevant custodians that were identified by the
02:13PM 10    parties, and they hit on search terms, but a number of those
11    documents were not produced either because they did not hit on
12    search terms or they were from custodians that Singular did not
13    designate.
14    Today's production will include every document from
15    that category that is not privileged, whether it's relevant or
16    not. We made the decision to produce them all, to try to
17    eliminate that as an issue, and so part of today's production
18    will be all of the documents from that set that remain that
19    were not privileged.
02:13PM 20    There's a second category, which came up after you
21    identified the e-mail, which is that the ESI order allowed both
22    parties to produce what is called last-in thread e-mails. If
23    there's a long e-mail chain with, you know, several disparate
24    e-mail requests responses back and forth, the ESI order
25    contemplated you'd produce the last-in thread as long as you

1      produced everything in the thread.

2             We've determined in re-reviewing that that the Google

3      algorithm in some cases is limited, in some cases missed some

4      of the e-mails that were in the chain, either because whoever

5      sent it or received it changed some of the content in the

6      earlier thread or the title was changed, so there's a category

7      that we're going to produce from that group that are relevant

8      and responsive except for what's privileged.  That will be in

9      today's production.

02:15PM 10            So those documents will be produced this afternoon.  I

11     think Singular should have an opportunity to review them.  I

12     won't say much, but I can say that many of them have absolutely

13     nothing to do with either Dr. Bates or Singular.  Many are

14     cumulative what's already there or simply insignificant.

15            Some were already produced by Singular in a bit in the

16     case, and certainly none of them from our perspective, but I

17     won't argue it until Singular has had a chance to see them,

18     none of them changed the case narrative at all.

19            We described some of this in our opposition, which was

02:15PM 20     filed I guess 10 days ago, but I do think that two things need

21     to happen.  One, we need to make the production.  They need an

22     opportunity to review it, and although we just received their

23     reply having skimmed it, I'm fairly certain, your Honor, that

24     we'll be seeking leave to file a short sur-reply because a lot

25     of what is in their reply simply mischaracterizes what's taken

1   place, but I won't argue that any further because we just
2   received the reply this afternoon.
3           That's the report that I have, and we're working hard
4   to remedy the situation, and we have agreed that the Dean
5   deposition and the Loudan deposition can be reopened, and we
6   have no objection to reopening Phelps' deposition, although
7   Dr. Phelps no longer works for Google.  I'll assume he'll have
8   to be subpoenaed, but we certainly don't object to that.  I
9   would ask that the depositions be limited in time, and as your
02:17PM 10  Honor said last time, focused on whatever is new, not a
11  do-over.
12          THE COURT:  All right.  With respect to the documents,
13  if I have the right number, I think there was an issue 7,817,
14  if that's the right number, of documents had the word "Bates"
15  in it, and I think they've asked for all of them.  The
16  documents that are being produced today, are those a subset of
17  those 7800 documents or you don't know or --
18          MR. VAN NEST:  They're a subset in this sense, your
19  Honor, in that some of the documents being produced today hit
02:17PM 20  on search term "Bates."  I would like -- but they're certainly
21  not all of those, that's for sure.  I would like a chance to
22  argue that point when the time is ripe, but they are a subset
23  in the sense that from both categories there are documents that
24  have -- that mention Dr. Bates.
25          That larger category is one of the issues that I think

1   remains to be resolved, and I think we are -- we would like to
2   submit a sur-reply as to that and have that argued in a week or
3   so whenever your Honor is ready.
4           THE COURT:  All right.  With respect to the
5   depositions of Dean and Loudan and Phelps, I think the parties
6   have agreed that they can go forward, to be reopened.  I
7   reiterate my earlier instruction that it ought to be focused on
8   that which is new, that is, that documents that were produced
9   and not previously produced, and, obviously, if things that
02:18PM 10   bear a reasonable relationship to that.
11           I do think it makes sense to limit them in time.  I'm
12   going to be perhaps unduly generous and limit them to three
13   hours each as opposed to two but with the expectation that
14   really probably two is more than enough unless -- what I don't
15   want is fighting about the time limits when there's an unusual
16   amount of attorney colloquy or some matter is uncovered that no
17   one expected, and in fairness, it should be no more than two
18   years, but I expect it to be reasonable, to be focused on that
19   which ought to be focused on, and I'm going to limit it in time
02:19PM 20   to three hours each, assuming a reasonably normal amount of
21   attorney colloquy.  That's that issue.
22           With respect to the 30(b)(6) deposition, I'm going to
23   put that on hold.  I need to be convinced that that exercise is
24   worthwhile.  I haven't made up my mind, but I do have some
25   doubts and will need to be convinced before I'm going to permit

1   it.

2             With respect to the production that I understand is
3   going to occur today, obviously, it makes sense to await that
4   production and give Singular a reasonable amount of time to
5   review that, so I'll let that play out in due course.
6             And as for the documents that have the word "Bates" in
7   them, I'm going to put that on hold as well.  Normally, of
8   course, when you do something like this and you use a search
9   term and it produces 7800 documents, it creates this host of
02:20PM 10  issues of, you know, not only review for privilege and work
11  product and review for relevance but also, you know, is it
12  cumulative?
13            Again, e-mail threads, you wind up with lots of
14  overlapping repetitive things.  It's quite complicated
15  sometimes to sort all that out.  I'm going to call this musing
16  out loud because that's all it really is.  It strikes me that
17  perhaps while the privilege and work product screening of that
18  might be normal, the relevance piece of it maybe is quite
19  simple.
02:21PM 20            I mean, "Bates" obviously has different meanings.
21  It's a way of stamping documents, it's a college in Maine, it's
22  a motel in a movie, but somebody ought to be able to glance at
23  it and figure out whether they're talking about Joseph Bates or
24  not, and even if it's duplicative, maybe they ought to be
25  produced, but, again, I'm not making that decision, I'm

|   |   |
|---|---|
| 1 | thinking out loud.  Maybe there is less here than meets the |
| 2 | eye, but maybe that's not true. |
| 3 | In my experience, which is aging, of course, it's been |
| 4 | awhile since I did anything like this, but the issue is not |
| 5 | 7800 documents, it's the 100 that are troublesome that take all |
| 6 | the time to review, but I'm putting that on hold as well. |
| 7 | Let's get these documents produced that have been |
| 8 | agreed to be produced, get the depositions scheduled, at least, |
| 9 | you know, in a reasonable period of time, and let's reconvene |
| 02:22PM 10 | in a week or 10 days and see where we are. |
| 11 | And just at the risk of stating the obvious, I'm quite |
| 12 | sure that counsel or Google is aware of their discovery and |
| 13 | ethical obligations in terms of producing documents that ought |
| 14 | to be produced and is surely aware of how unhappy I will be if |
| 15 | some things emerge that absolutely should have been produced |
| 16 | whether because they were subject to the agreed upon search |
| 17 | protocols or part of automatic discovery or for whatever |
| 18 | reason, and I'm prepared to assume that counsel is going to |
| 19 | exercise their responsibilities in a professional and |
| 02:23PM 20 | appropriate and ethical manner, but -- |
| 21 | MR. VAN NEST:  Your Honor, we have, and we will, we |
| 22 | have and we will, you can be assured of that. |
| 23 | THE COURT:  It doesn't necessarily mean that the issue |
| 24 | ends there.  I think Singular is entitled to some level of |
| 25 | assurance here that these searches were conducted the way they |

1   ought to have been conducted and so on, but let's take them a
2   step at a time.  I'm not sure there's much more to say about
3   this topic.  Let's reconvene in a relatively short period of
4   time, I would say maybe a little longer than a week, maybe the
5   middle of next week, Matt.
6           THE CLERK:  How about Thursday, the 31st at 12?
7           THE COURT:  Thursday, the 31st at 12 eastern time,
8   will that work?
9           MR. TIMBERS:  Yes, your Honor.
02:24PM 10           MR. VAN NEST:  That's fine, your Honor.
11           THE COURT:  We can do that by Zoom or unZoom as you
12   see fit.
13           MR. VAN NEST:  Noon eastern on Thursday, the 31st?
14           THE COURT:  Yes.
15           MR. VAN NEST:  Thank you, yes.
16           THE COURT:  Is there anything else that we ought to
17   address today?
18           MR. TIMBERS:  No, your Honor, thank you.
19           THE COURT:  Mr. Van Nest.
02:24PM 20           MR. VAN NEST:  Are you asking about this topic?
21           THE COURT:  Any topic that's ripe enough to talk about
22   now.
23           MR. VAN NEST:  The only --
24           THE COURT:  I'll give you leave to file a sur-reply, I
25   will give you leave to file a sur-reply.

```
 1              MR. VAN NEST:  Thank you.
 2              THE COURT:  And I think that probably ought to be on
 3    file no later than next Monday, a week from today so I have
 4    time to read it.
 5              MR. VAN NEST:  We will do it, thank you, your Honor.
 6    The only other issue, issues are the other pending motions, but
 7    I'm not sure that your Honor was intending to resolve those
 8    today.
 9              THE COURT:  Oh, the motions to strike experts and so
10    forth?
11              MR. VAN NEST:  Yes.
12              THE COURT:  Those are pending, and I'm not prepared to
13    issue an opinion or address those now.
14              MR. VAN NEST:  I don't think there's anything else
15    from our perspective that's ripe today.
16              THE COURT:  Okay.  All right.  In that case, we will
17    stop there and see where we are a week from Thursday.  Okay.
18    Thank you.
19              MR. TIMBERS:  Thank you, your Honor.
20              MR. SEEVE:  Thank you, your Honor.
21              MR. VAN NEST:  Thank you, your Honor.
22              THE CLERK:  All rise.
23              (Whereupon, the hearing was adjourned at 2:26 p.m.)
24
25
```

**C E R T I F I C A T E**

UNITED STATES DISTRICT COURT )

DISTRICT OF MASSACHUSETTS ) ss.

CITY OF BOSTON )

    I do hereby certify that the foregoing transcript, Pages 1 through 18 inclusive, was recorded by me stenographically at the time and place aforesaid in Civil Action No. 19-12551-FDS, SINGULAR COMPUTING LLC vs. GOOGLE LLC and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

    Dated August 22, 2023.

                  s/s Valerie A. O'Hara
                  _____
                  VALERIE A. O'HARA
                  OFFICIAL COURT REPORTER