# Exhibit A

| | |
|---|---|
| **From:** | Ercolini, Michael <mercolini@princelobel.com> |
| **Sent:** | Wednesday, January 13, 2021 11:22 AM |
| **To:** | Jay Rapaport |
| **Cc:** | mkwun@kblfirm.com; abhansali@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; kvp-singular; singular@princelobel.com |
| **Subject:** | RE: Singular Computing LLC v. Google LLC |
| **Attachments:** | 2021.01.11 Letter from Jay Rapaport to Michael Ercolini.pdf |

**[EXTERNAL]**

Counsel,

Having reviewed Google's numbers for its proposed modifications to Singular's terms, we are amenable to receiving production of emails from Google on those proposed modified terms.  Please confirm that Google will use the modified search terms in the attached January 11 correspondence.

While we continue to reserve our objections to the application of Google's proposed "relevance and responsiveness" filter to the results, we feel it would be best to move forward with production in the meantime.

Please let us know if you have any questions regarding this matter.

Best regards,

Michael J. Ercolini
617 456 8084 direct | mercolini@princelobel.com


**From:** Jay Rapaport [mailto:jrapaport@keker.com]
**Sent:** Monday, January 11, 2021 4:24 PM
**To:** Singular <Singular@princelobel.com>
**Cc:** mkwun@kblfirm.com; abhansali@kblfirm.com; wgs-singularv.google@wolfgreenfield.com; kvpsingular@keker.com
**Subject:** Singular Computing LLC v. Google LLC

Dear Counsel:

Please see the attached correspondence.

Best,

Jay

**Jay Rapaport**
Keker, Van Nest & Peters LLP
633 Battery Street

1

San Francisco, CA 94111-1890
415 676 2355 direct | 415 391 5400 main
jrapaport@keker.com | [vcard](vcard) | keker.com
Pronouns: he, him, his

---

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not
otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Jay Rapaport**
415 676 2355
jrapaport@keker.com

January 11, 2021

**VIA ELECTRONIC MAIL**

Michael Ercolini
Prince Lobel Tye LLP
1 International Place
Suite 3700
Boston, MA 02110
mercolini@princelobel.com

Re:  *Singular Computing LLC v. Google LLC*, 1:19-cv-12551-FDS (D. Mass.)

Dear Michael:

I write to follow up on my letter of the morning of January 5th and to respond to your letter sent that evening.

Our January 5th letter addressed two topics that Google has long sought to resolve: (1) Singular's failure to follow up on Google's repeated requests to state whether Singular was going to propose new search terms, and (2) Intrinsix's extended delay in making a long-promised document production. Your letter deals loosely with the first issue but says nothing on the second. We may, therefore, seek guidance from the Court about Intrinsix's continued delay at the next status conference or via a motion to compel.

As for our request that Singular state a position on Google's proposed modified searches, you have now said that Singular is "considering" those searches, which Google proposed on November 11th. You have also requested additional hit count data. This approach continues a long-running dynamic in which Singular ignores Google's communications about Google's proposal for extended periods, and then surfaces with demands for more information only when prompted for a response. We need to move things forward. If Singular has substantive concerns about the modifications Google has proposed, it should articulate those concerns and propose alternatives to address them.

Your suggestion that Google has shown "continued perplexity over Singular's insistence that Google comply with its discovery and disclosure obligations" is not productive. Google has

1628466

made clear that it will comply with its discovery obligations and invited you to identify anything in Google's productions to date that raises any concern. To date, Singular has not identified any issue. Likewise, Google has repeatedly explained why it will not treat search term hits as a substitute for relevance and responsiveness and identified law in support of its position.

Below please find the information you requested. We provide this information as a courtesy and do not concede that this information is relevant to determining what constitutes a reasonable set of search terms. For instance, a "parent" or "family group" count of hits understates the burden of any given set of searches, as Google must review the full families of any document that hits a search term. In lieu of further requests for information, let's have a substantive discussion about Google's proposed modifications and any further adjustments Singular desires. If Singular is not prepared to have such a discussion this week, Google will proceed to start document review utilizing the searches it proposed two months ago.

| Deconstructed Search Term | "Family Groups"[1] |
|---|---|
| Singular | 5,991 |
| Bates | 7,817 |
| Joe | 83,883 |
| Bfloat16 | 8,550 |
| bF16 | 7,157 |
| "Brain Float" | 230 |
| brainfloat | 18 |
| "TPU" | 138,492 |
| "Tensor Processing Unit" | 2,593 |
| ■ | ■ |
| ■ | ■ |

---

[1] Your letter defines "family groups" as "how many 'parent' documents are turned up." We interpret this to refer to the number of parents in all families of emails containing a hit and the number of non-email documents containing a hit (the latter are not grouped into families internally).

Michael Ercolini
January 11, 2021
Page 3



| Modified Search | "Parent Hits"[2] | "Parent + Family Hits"[3] |
|---|---|---|
| ▇▇▇ (Singular AND Bates) | 575 | 663 |
| (joe AND (bates OR singular*)) OR ▇▇▇ OR ▇▇▇ OR ▇▇▇ (Singular AND Bates) OR (singular /2 computing) | 1,526 | 1,986 |
| ("TPU" or "Tensor Processing Unit") AND (bfloat16 OR bF16 OR "Brain Float" or brainfloat) | 7,691 | 8,233 |
| ("TPU" OR "Tensor Processing Unit") AND (approximate OR precision) AND (arithmetic OR float* OR multipl* OR accumulat* OR matrix) | 5,755 | 6,602 |

---

[2] We understand "parent hits" to refer to the same calculation as the "family group" analysis you requested for other terms.

[3] We understand "parent + family" hits to refer to the same calculation as the "family group" analysis you requested, plus the number of family members.

1628466

Michael Ercolini
January 11, 2021
Page 4



Last, we are not authorized to accept service on behalf of Andrew Ng.

Very truly yours,

KEKER, VAN NEST & PETERS LLP

Jay Rapaport

cc: All counsel

1628466