# Exhibit T



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

**Christopher S. Sun**
(415) 962-8805
csun@keker.com

August 28, 2023

**VIA ELECTRONIC MAIL**

Kerry Timbers
Sunstein LLP
100 High Street
Boston, MA 02110

Re:   Singular Computing LLC v. Google LLC,
      Case No. 1:19-cv-12551-FDS

Dear Kerry,

I write in furtherance of the parties' ongoing meet and confer on the issues raised in Singular's motion to compel, D.I. 560, and my July 27, 2023 letter, which provided answers to various questions Singular has posed regarding Google's recent document productions.

We have spent significant time answering your questions orally (during meet and confers on July 26 and 27) and in writing (in my letter dated July 27). We have also offered to discuss any follow-up questions Singular might have, including during the parties' telephonic conferences on July 26 and 27 and in written correspondence on August 23. But Singular has never asked any follow up questions, even when it has indicated it intended to do so. For example, during the parties' telephonic conference on July 27, your co-counsel Mr. Doherty stated that he intended to send us additional questions in writing. But we haven't received any questions in the intervening month.

As you are well aware, L.R. 7.1(a)(2) requires parties to meet and confer before seeking relief from the Court. Unfortunately, Singular appears to be ignoring this obligation and is not engaging in a good faith meet and confer. Instead, it has raised issues to the Court before raising them with Google. Although we disagree with Singular's approach, to move this dispute along and clarify the issues, we have proactively prepared written responses to various questions that Singular has raised before the Court. We hope this effort demonstrates that Google is, and remains, willing to work with Singular to address any lingering issues between the parties. If Singular has additional questions it would like Google to answer, we once again urge you to provide those questions to us.

2350126

August 28, 2023  
Page 2

Via Electronic Mail  
**CONFIDENTIAL - AEO**

Consistent with your representations during our July 26 meet and confer that our willingness to answer questions is not a waiver of any privilege or protection, we provide the below responses, which are not intended to waive, and in fact do not waive, any applicable privilege or protection (including, but not limited to, the attorney-client privilege or work product privilege/protection).[1]

**Why documents weren't produced during discovery.**

During the August 21 status conference, you represented to the Court that "Google has never really explained how the documents [it produced after the close of fact discovery] were missed." 8/21/23 Status Conf. Tr. at 9:13-14. In fact, Google had already provided this explanation in its opposition to Singular's motion to compel. For ease of reference, I have reproduced the relevant explanation below:

> Google determined that the documents it has produced (and will produce) were not previously produced during discovery for one of four reasons: (1) it was not from the files of a designated custodian, (2) it did not hit on the parties' agreed-upon search terms, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. With respect to the fourth reason, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. This occurred because ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. Google has corrected this issue and will produce the documents that were erroneously excluded from previous productions.



D.I. 566 at 12. Additionally, Google has recently determined that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. Google collected and produced documents created using its Google Workspace applications (e.g. Google Docs, Sheets, and Slides), which are the applications Google employees use to generate, edit, and review word processing documents, spreadsheets, and presentations. However, in an abundance of caution, Google is reviewing the ■■■■■■■■■■■■■■■ and anticipates producing any relevant, responsive, non-privileged, and non-duplicative documents it identifies from that review this week.

---

[1] As we have previously told you, some of Singular's questions seek privileged or work product information, such as Singular's recent question asking "why counsel" produced documents on particular dates instead of producing them earlier. Singular already has the dates that documents were produced and what was produced each date. Thus, Singular's question appears to improperly seek privileged and protected information regarding counsel's mental impressions and opinions regarding those documents.

August 28, 2023  
Page 3

Via Electronic Mail  
**CONFIDENTIAL - AEO**

**Documents recently produced.**

On August 23, your co-counsel Kevin Gannon requested that Google identify, from its most recent production: "1. The set of documents ███████████████████████████████████ ███████████████████████████; and 2. The emails ████████████████████████████ ████████████████████████████████." Gannon 8/23/23 Email.

The documents in Google's most recent production that ████████████████████████ ██████████ include the following:

- GOOG-SING-00242444
- GOOG-SING-00242445
- GOOG-SING-00242446
- GOOG-SING-00242447
- GOOG-SING-00242448
- GOOG-SING-00242450
- GOOG-SING-00242451
- GOOG-SING-00242452
- GOOG-SING-00242454
- GOOG-SING-00242457
- GOOG-SING-00242458
- GOOG-SING-00242459
- GOOG-SING-00242460
- GOOG-SING-00242461
- GOOG-SING-00242462
- GOOG-SING-00242463
- GOOG-SING-00242465
- GOOG-SING-00242470
- GOOG-SING-00242472
- GOOG-SING-00242474
- GOOG-SING-00242477
- GOOG-SING-00242478
- GOOG-SING-00242479
- GOOG-SING-00242480
- GOOG-SING-00242481
- GOOG-SING-00242482
- GOOG-SING-00242483
- GOOG-SING-00242484
- GOOG-SING-00242485
- GOOG-SING-00242486
- GOOG-SING-00242487
- GOOG-SING-00242488
- GOOG-SING-00242490
- GOOG-SING-00242491
- GOOG-SING-00242493
- GOOG-SING-00242496
- GOOG-SING-00242497
- GOOG-SING-00242499
- GOOG-SING-00242500
- GOOG-SING-00242501
- GOOG-SING-00242502
- GOOG-SING-00242708
- GOOG-SING-00242709
- GOOG-SING-00242710
- GOOG-SING-00242711
- GOOG-SING-00242713
- GOOG-SING-00242714
- GOOG-SING-00242716
- GOOG-SING-00242717
- GOOG-SING-00242718
- GOOG-SING-00242733
- GOOG-SING-00242734
- GOOG-SING-00242735
- GOOG-SING-00242737
- GOOG-SING-00242738
- GOOG-SING-00243000
- GOOG-SING-00243004
- GOOG-SING-00243009
- GOOG-SING-00243014
- GOOG-SING-00243019
- GOOG-SING-00243024
- GOOG-SING-00243075
- GOOG-SING-00243077
- GOOG-SING-00243078
- GOOG-SING-00243079
- GOOG-SING-00243080

|  |  |
|---|---|
| August 28, 2023 | Via Electronic Mail |
| Page 4 | **CONFIDENTIAL - AEO** |

- GOOG-SING-00243081
- GOOG-SING-00243082
- GOOG-SING-00243083
- GOOG-SING-00243084
- GOOG-SING-00243086
- GOOG-SING-00243087
- GOOG-SING-00243089
- GOOG-SING-00243094
- GOOG-SING-00243099
- GOOG-SING-00243100
- GOOG-SING-00243109
- GOOG-SING-00243110
- GOOG-SING-00243116
- GOOG-SING-00243118
- GOOG-SING-00243119
- GOOG-SING-00243121
- GOOG-SING-00243124
- GOOG-SING-00243125
- GOOG-SING-00243126
- GOOG-SING-00243127
- GOOG-SING-00243129
- GOOG-SING-00243132
- GOOG-SING-00243133
- GOOG-SING-00243134
- GOOG-SING-00243135
- GOOG-SING-00243164
- GOOG-SING-00243166
- GOOG-SING-00243167
- GOOG-SING-00243169
- GOOG-SING-00243171
- GOOG-SING-00243172
- GOOG-SING-00243173
- GOOG-SING-00243174
- GOOG-SING-00243175
- GOOG-SING-00243176
- GOOG-SING-00243178

The documents in Google's most recent production that were affected by ▮▮▮▮▮▮▮▮ described on page 12 of Google's opposition (D.I. 566) to Singular's motion to compel include the following:

- GOOG-SING-00242436
- GOOG-SING-00242442
- GOOG-SING-00242449
- GOOG-SING-00242450
- GOOG-SING-00242461
- GOOG-SING-00242462
- GOOG-SING-00242465
- GOOG-SING-00242474
- GOOG-SING-00242478
- GOOG-SING-00242479
- GOOG-SING-00242504
- GOOG-SING-00242508
- GOOG-SING-00242510
- GOOG-SING-00242519
- GOOG-SING-00242522
- GOOG-SING-00242523
- GOOG-SING-00242524
- GOOG-SING-00242525
- GOOG-SING-00242527
- GOOG-SING-00242530
- GOOG-SING-00242533
- GOOG-SING-00242535
- GOOG-SING-00242537
- GOOG-SING-00242540
- GOOG-SING-00242543
- GOOG-SING-00242544
- GOOG-SING-00242548
- GOOG-SING-00242549
- GOOG-SING-00242551
- GOOG-SING-00242556
- GOOG-SING-00242559
- GOOG-SING-00242564
- GOOG-SING-00242569
- GOOG-SING-00242574
- GOOG-SING-00242581
- GOOG-SING-00242588
- GOOG-SING-00242593
- GOOG-SING-00242598
- GOOG-SING-00242602
- GOOG-SING-00242607

August 28, 2023
Page 5

Via Electronic Mail
**CONFIDENTIAL - AEO**

- GOOG-SING-00242614
- GOOG-SING-00242619
- GOOG-SING-00242626
- GOOG-SING-00242632
- GOOG-SING-00242639
- GOOG-SING-00242652
- GOOG-SING-00242664
- GOOG-SING-00242667
- GOOG-SING-00242670
- GOOG-SING-00242673
- GOOG-SING-00242675
- GOOG-SING-00242679
- GOOG-SING-00242683
- GOOG-SING-00242689
- GOOG-SING-00242695
- GOOG-SING-00242702
- GOOG-SING-00242704
- GOOG-SING-00242707
- GOOG-SING-00242739
- GOOG-SING-00242742
- GOOG-SING-00242747
- GOOG-SING-00242750
- GOOG-SING-00242752
- GOOG-SING-00242753
- GOOG-SING-00242754
- GOOG-SING-00242755
- GOOG-SING-00242756
- GOOG-SING-00242758
- GOOG-SING-00242760
- GOOG-SING-00242768
- GOOG-SING-00242772
- GOOG-SING-00242776
- GOOG-SING-00242778
- GOOG-SING-00242781
- GOOG-SING-00242801
- GOOG-SING-00242815
- GOOG-SING-00242817
- GOOG-SING-00242820
- GOOG-SING-00242824
- GOOG-SING-00242825
- GOOG-SING-00242827
- GOOG-SING-00242829
- GOOG-SING-00242831
- GOOG-SING-00242833
- GOOG-SING-00242837
- GOOG-SING-00242842
- GOOG-SING-00242844
- GOOG-SING-00242849
- GOOG-SING-00242889
- GOOG-SING-00242914
- GOOG-SING-00242917
- GOOG-SING-00242926
- GOOG-SING-00242935
- GOOG-SING-00242939
- GOOG-SING-00242947
- GOOG-SING-00242958
- GOOG-SING-00242963
- GOOG-SING-00242978
- GOOG-SING-00242982
- GOOG-SING-00242986
- GOOG-SING-00242992
- GOOG-SING-00242996
- GOOG-SING-00243014
- GOOG-SING-00243029
- GOOG-SING-00243037
- GOOG-SING-00243053
- GOOG-SING-00243061
- GOOG-SING-00243069
- GOOG-SING-00243072
- GOOG-SING-00243074

**Membership of electronic distribution lists.**

We need to clarify a few issues and correct a number of representations Singular has made to the Court regarding the parties' discussion about the ▮▮▮▮▮▮▮@google.com and ▮▮▮▮▮▮▮ ▮▮▮@google.com electronic distribution lists.

August 28, 2023  
Page 6

Via Electronic Mail  
**CONFIDENTIAL - AEO**

Singular represented to the Court that Google was (1) refusing to explain why it cannot determine the full membership of the above distribution lists as of 2013 and (2) categorically refusing to identify any members of those distribution lists. *See* D.I. 572 at 3 ("Google has not explained why it cannot ascertain a full list of the members of those distribution lists at the time of the ▮▮▮▮▮▮."); *id.* at 6 ("Google . . . claimed it could not in any way identify the members of distribution lists identified in the ▮▮▮▮▮▮.").

But neither of those representations are true because Singular has never requested that information, as my June 27 letter makes clear. Singular never asked for an explanation as to "why" Google could not determine the full historical membership lists for ▮▮▮▮@google.com and ▮▮▮▮▮▮@google.com. Instead, Singular asked, "what was done to determine the membership of these distribution lists?" Google responded to that question, telling Singular that it was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Singular also never requested that Google identify particular members of the ▮▮▮▮@google.com and ▮▮▮▮▮▮@google.com electronic distribution lists. Instead, and as noted above, Singular only asked "what was done to determine the membership of the[] distribution lists in 2013."[2] Regardless, we have identified Google employees that are current members of the ▮▮▮▮@google.com and ▮▮▮▮▮▮@google.com listservs that became part of the list on or before September 11, 2013. We also ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[3]

Based on that reasonable search, the following employees that are current members of the ▮▮▮▮@google.com distribution list appear to have been members of the ▮▮▮▮@google.com distribution list as of September 11, 2013:

- ▮▮▮▮▮▮▮▮▮▮@google.com
- ▮▮▮▮▮▮▮▮▮▮@google.com
- ▮▮▮▮▮▮▮▮▮▮@google.com

The following employees appear to have been members of the ▮▮▮▮▮▮@google.com distribution list as of September 11, 2013:

---

[2] Singular did ask "[w]ho was ▮▮▮▮▮▮ in 2013" and "[w]ho was ▮▮▮▮▮▮ project in 2013." Sun 7/27/23 Ltr. at 4. But, as Google explained, the ▮▮▮▮@google.com and ▮▮▮▮▮▮@google.com listservs do not represent any formal structures or correlate to the specific members that may work on a specific project at any given time. *See id.* at 3.

[3] As you know, the ▮▮▮▮▮▮ wasn't successfully sent to ▮▮▮▮@google.com. So, to the extent these employees weren't listed recipients for the ▮▮▮▮▮▮, they were likely members of the ▮▮▮▮▮▮@google.com distribution list.

|  |  |
|---|---|
| August 28, 2023 | Via Electronic Mail |
| Page 7 | **CONFIDENTIAL - AEO** |

- ███████████████@google.com
- ███████████████@google.com
- ███████████████@google.com
- ███████████████@google.com
- ███████████████@google.com

**Why Google couldn't locate copies of the ████████ in the inboxes for ████████ ████████:**

Singular also incorrectly told the Court that Google has never answered its question regarding "why" Google couldn't find copies of the ████████ in ████████ and ████████ Google inboxes. *See* D.I. 572 at 3. But Singular's only prior request on this issue was a question asking whether "there had been a search of [their] inbox[es] to find replies, forwards, or other email related to the [████████]." Sun 7/27/23 Ltr. at 5. Google answered that question and Singular never followed up.

Regardless, Google can provide an answer to that new question Singular posed before the Court. It is impossible to know for certain why a particular email was not in ████████ and ████████ inboxes. As you are aware, the ████████ was sent on September 11, 2013, over six years before the complaint was filed in this case. To state the obvious, to the extent that copies of the ████████ in ████████ and ████████ inboxes were deleted in the normal course of business before this litigation began (and before such litigation was reasonably anticipated), those documents could not have been collected and produced as part of discovery.

**Search terms used to identify replies to and forwards of the ████████.**

Singular has requested that Google provide the search terms used to identify replies to, and forwards of, the ████████ and has represented that those terms are not privileged. *See* D.I. 560 at 9. In light of these representations, and the parties' agreement that, by answering Singular's questions, Google is not waiving any privilege or protection, Google has listed the terms below:

- ████████████████████████████████████████
- ████████████████████████████████

* * *

Finally, in the course of searching for, reviewing, and producing the documents in Google's recent productions, it has come to our attention that there are a number of communications between Dr. Bates and various Google employees that Singular itself has never produced. I've provided a list of examples of such documents below:

- GOOG-SING-00243075
- GOOG-SING-00243079
- GOOG-SING-00243081

August 28, 2023
Page 8

Via Electronic Mail

- GOOG-SING-00243116
- GOOG-SING-00243119
- GOOG-SING-00243121
- GOOG-SING-00243124
- GOOG-SING-00243125
- GOOG-SING-00243126
- GOOG-SING-00243127
- GOOG-SING-00243129
- GOOG-SING-00243132
- GOOG-SING-00243133
- GOOG-SING-00243134
- GOOG-SING-00243135
- GOOG-SING-00243164
- GOOG-SING-00243166

For each of these documents, please provide answers to the following questions:

- Were the documents identified and collected in the course of discovery in this matter?
    - If so, why were they not produced?
    - If not, why weren't they collected?
- Has Singular preserved copies of these documents?
    - If not, why not?
- Was counsel aware of these documents and the fact that they hadn't been produced?
    - When did counsel become aware of these documents?
- Was counsel aware that Dr. Bates was in communication with these various Google employees?
    - If so, why did Singular not search for communications with these employees when seeking to identify and produce relevant and responsive documents?
- Are there any other communications with these employees that Singular has not produced?
    - If so, when can we expect production of those documents?
- Confirm which search terms you used to identify documents for production.

In light of the impending trial deadlines, we would appreciate receiving prompt, written responses to the above questions no later than August 30, 2023.

2350126

August 28, 2023
Page 9

Via Electronic Mail

Very truly yours,

KEKER, VAN NEST & PETERS LLP

Christopher S. Sun

CSS:

2350126