# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**LEAVE TO FILE GRANTED<br>NOVEMBER 20, 2023** |

## PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR FURTHER CLAIM CONSTRUCTION

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this surreply in opposition to the motion of defendant, Google LLC ("Google"), for the Court to engage in further claim construction.[1]  For the reasons set forth below and in Singular's opposition brief (Dkt. No. 597), the motion should be denied.

A.  **GOOGLE WAIVED ITS EVE-OF-TRIAL REQUEST FOR NEW CLAIM CONSTRUCTION PROCEEDINGS**

Citing *O2*, Google first argues that the Court must address Google's claim construction now because the Court has a "duty" to do so.  Reply at 1.  Google greatly exaggerates the nature of this "duty."  Apparently, Google believes that a defendant can simply pick-and-choose when it decides to engage in claim construction, irrespective of the Court's Scheduling Order(s).  *O2* is not that broad in scope.  If it were, a trial-averse defendant such as Google would be able to hijack the Court's scheduling at a whim.

The Federal Circuit itself made clear that *O2* does not give a defendant *carte blanche* to demand last-minute claim construction well outside of a district court's Scheduling Order.

For example, in *Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 640 (Fed. Cir. 2011), "Bunzl argue[d] that not construing [certain] terms violated *O2*."  In response, "Bettcher counter[ed] that Bunzl abandoned this issue."  *Id.*  The Federal Circuit agreed with Bettcher and the district court -- last-minute further construction is not mandatory under *O2*:

---

[1] Unless otherwise noted, all exhibits referenced herein are attached to the accompanying Surreply Declaration of Kevin Gannon.

> Bunzl's argument lacks merit. As described above, Bunzl had ample opportunity to seek construction of the "bearing face" limitation. Here, the parties agreed to a schedule of disclosures. The district court issued a *Markman* order premised on the express belief that there were no other claim construction disputes. Bunzl said nothing. And then, a year after the *Markman* hearing,[2] after submitting a new joint schedule that contained nothing about claim construction, Bunzl asked for a *new* construction. Under the circumstances of this case, the district court did not abuse its discretion in holding that Bunzl could not add new claim construction theories on the eve of trial.

*Id.* at 640-41 (emphasis in original). Thus, Google's argument that this Court has a "duty" to engage in eve-of-trial additional claim construction has been soundly rejected by the Federal Circuit and should be rejected here. As in *Bettcher*, Google had "ample opportunity" to timely request further construction in accordance with the Court's *Markman* schedule.

As an excuse for its last-minute attempt to shift claim construction, and in essence restart this entire case, Google repeatedly accuses Singular of "gamesmanship" (Reply at 3, 7) and shifting its infringement theory, stating that Dr. Khatri's December 2022 report was based on "an unexpected and previously undisclosed interpretation of LPHDR processing elements." Reply at 3. Google has been on notice about Singular's allegedly new infringement theory since receiving Singular's complaint almost *4 years ago* in December 2019. *See* Dkt. No. 1, pp. 16-17. Moreover, on May 24, 2023, the Court denied Google's motion to strike the part of Dr. Khatri's report that Google now asserts discloses the allegedly new infringement theory:

> So I'm going to deny the motion to strike. My understanding is that since this litigation began, Singular has advanced an infringement theory that there were two components or pieces or functions here, a rounding or precision-reducing circuit and a multiplier. As I understand it, Singular apparently believed at the outset based on publicly available information that the precision-reducing circuit was in the MXU.

*See* Ex. Q, p. 25.

---

[2] The *Markman* hearing in this case took place well over *two* years ago, on March 31, 2021.

2

### B.     OVERLAPPING PROCESSING ELEMENTS ARE NOT INCONSISTENT WITH THE INTRINSIC RECORD

Google argues that overlapping processing elements are inconsistent with the intrinsic record and that Singular ignores this. Google is incorrect. Section III.B.2 of Singular's opposition is titled "Nothing in the Claims or Specification Require 'Physically Distinct'" and spans pages 8-12 of the brief. The claims and specification constitute part of the <u>intrinsic</u> evidence. *Teva Pharms USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 329 (2015). Thus, Google's assertion that its argument on this point "stand essentially unrebutted" is baseless.

Moeroever, Google's arguments regarding the intrinsic evidence contravene the basic principles of claim construction. Google is impermissibly trying to import its "physically distinct" limitation into the claims in contradiction of the specification. *See* Opd. at 8. Dr. Bates chose not to include such a limitation in the asserted claims. Google does not point to any part of the intrinsic record that implicitly or explicitly *requires* execution units to be *physically* distinct. Thus, Google's argument must be rejected. *See*, *e.g.*, *Tex. Instruments, Inc. v. U.S. Int'l Trade Comm'n*, 988 F.2d 1165, 1171 (Fed. Cir. 1993) ("courts can neither broaden nor narrow claims to give the patentee something different than what he has set forth.") (internal quotes omitted); *see also On Demand Mach. Corp. v. Ingram Indus., Inc.*, 442 F.3d 1331, 1338 (Fed. Cir. 2006) ("outer boundary of claims is set by the patentee's description of his invention").[3]

Google's argument regarding dependent claim language also fails because it never explains why specific additional requirements in dependent claims *require* the broader independent claims to be limited in the way Google suggests. That a dependent claim recites

---

[3] Google incorrectly asserts that Singular "relies on counting operations to assess infringement." Reply at 6. In fact, Dr. Khatri counts <u>physical</u> execution units and, in addition, uses the number of operations per clock cycle as evidence of the number of physical execution units. *See* Ex. R, ¶¶ 141-46; ¶¶ 223-225.

3

something more is without question, but that does not mean that "something more" changes the scope of the independent claim.

Google's "massively parallel" argument fails for similar reasons – this is not a limitation in either of the asserted claims. Nothing in the claims or specification requires that the execution units must be arranged in a "parallel" relationship. Dr. Bates did not choose to have the claims written to limit the inventions to a "massively parallel" configuration. "Courts do not rewrite claims; instead, [courts] give effect to the terms chosen by the patentee." *K–2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1364 (Fed. Cir. 1999); *see also Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1321 (Fed. Cir. 2013). Accordingly, Google's argument should be rejected as legally flawed.

**C.    EXTRINSIC EVIDENCE**

Google points to definitions of "unit" and "execution unit" in several of the items of the extrinsic evidence submitted by Singular. Reply at 9. Google misses the point. Singular did not argue that this evidence shows that the only definition of "unit" is a "physically distinct" object. Rather, Singular argued that this evidence shows that, contrary to Google's unsupported argument, a "unit" is not *required* to be "physically distinct." *See* Opp. at 6 (definitions submitted by Singular show that a unit "do[es] not necessarily have to be physically separate entities").

**D.    GOOGLE'S EXPERT CONTRADICTS ITS "PHYSICALLY DISTINCT" LIMITATION ARGUMENT**

In its opposition brief, Singular pointed out that Google's attempt to have the Court belatedly import a "physically distinct" limitation into the claims, is also inconsistent with the testimony of Google's own invalidity expert in this case (Dr. Leeser). Opp. at 12-13. In its Reply, Google simply wishes away Dr Leeser's sworn testimony ("Dr. Leeser's report is

4

irrelevant to the question of claim construction") and reverts again to its attorney argument "apartment unit" and washer/dryer" analogies. Notably, Google does not dispute that Dr. Leeser testified as set forth in Singular's opposition brief regarding multiple execution units sharing an SRAM memory circuit. *See* Opp. at 12-13. Thus, Google's attempt to run away from its own expert's statements should be rejected.

### E. CONCLUSION

For the reasons set forth above and in Singular's opposition brief, Google's motion for further claim construction to add an unnecessary claim limitation on the eve of trial should be denied.

Dated: November 27, 2023                             Respectfully submitted,

*/s/ Kevin Gannon*
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

**CERTIFICATE OF SERVICE**

      I certify that, on November 27, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                                            */s/ Kevin Gannon*