# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>GOOGLE LLC,<br><br>                    Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br><br>Hon. F. Dennis Saylor IV |

## JOINT NOTICE OF MOTIONS *IN LIMINE*-RELATED AGREEMENTS

Plaintiff Singular Computing, LLC ("Singular") and Defendant Google LLC ("Google") respectfully give notice that they have reached certain agreements during the parties' meet and confer regarding motions *in limine*.  The parties' agreements are outlined below.

By entering into this agreement, neither party waives its right to object to the admission of any evidence for any reason and nothing herein shall be construed as an admission that any evidence is admissible.

### *In Limine* Agreements:

1. Neither party shall introduce evidence, testimony, or argument regarding Google's corporate net worth, overall revenues, valuation, market capitalization, profitability figures, or cash reserves. This stipulation does not address whether Singular may present evidence, testimony, or argument regarding revenue generated by the accused products, which is the subject of a separate motion *in limine*.

2. Neither party shall introduce evidence, testimony, or argument regarding positions taken or arguments made by either party in connection with the briefing before the Court on claim construction. This stipulation shall not preclude the parties from referring to or reciting the Court's constructions for terms construed in the Court's claim construction order.

3. Neither party shall introduce evidence, testimony, or argument about legal proceedings or investigations involving Google that are unrelated to this case or the asserted patents, including but not limited to (1) other legal proceedings against Google that do not involve the patents-in-suit; (2) any governmental investigations of Google, including any investigations carried out by foreign governments; (3) the outcome of any previous U.S. or foreign legal proceedings involving Google, including litigations, administrative

proceedings, or investigations; and (4) any previous verdicts and/or damages awards against Google.

4. Neither party shall introduce argument that TPU version 4 or any subsequent version of the TPU infringe the asserted patents or should be considered in assessing the amount of any damages. This stipulation shall not preclude Singular from offering evidence, testimony, or argument regarding documents and information concerning TPU version 4 or any subsequent version of the TPU to the extent that the documents and information is also related to the accused products. Such documents include but are not limited to STX-519 (GOOG-SING-00236088) and STX-520 (GOOG-SING-00236144).

5. Neither party shall present evidence or argument that Dr. Bates invented the number format bfloat16. Furthermore, neither party shall present argument that use of the number format bfloat16 by itself practices the asserted claims. This stipulation shall not preclude Singular from presenting evidence, testimony, or argument that the use of bfloat16 is relevant to Google's infringement of the asserted patents.

6. Neither party shall present any evidence or argument at trial concerning the CNAPS system.

7. Neither party shall introduce any evidence or argument referring to patents as "monopolies" or attacking the U.S. Patent and Trademark Office. This stipulation shall not preclude the parties from introducing evidence or argument regarding the U.S. Patent and Trademark Office that is consistent with statements made in the Federal Judicial Center's patent tutorial video, including that there may be facts or arguments that the patent examiner did not consider during the patent prosecution process, that there is a possibility that mistakes were made during the patent prosecution process, and that patent examiners

have a large workload.

8. Neither party shall introduce evidence, testimony, or argument referencing the '961 patent that has been dismissed from this case.

Respectfully submitted,

Dated: December 5, 2023

By:     */s/ Nathan R. Speed*
        Nathan R. Speed (BBO #670249)
        nspeed@wolfgreenfield.com
        WOLF, GREENFIELD & SACKS, P.C.
        600 Atlantic Avenue
        Boston, MA 02210
        Telephone: (617) 646-8000
        Fax: (617) 646-8646

        *Counsel for Defendant Google LLC*

Dated: December 5, 2023

By:     */s/ Kevin Gannon*
        Kevin Gannon (BBO #640931)
        kgannon@princelobel.com
        PRINCE LOBEL TYE LLP
        One International Place, Suite 3700
        Boston, MA 02110
        Tel: (617) 456-8000

        *Counsel for Plaintiff Singular Computing LLC*

3

## <u>CERTIFICATE OF SERVICE</u>

       I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ *Nathan R. Speed*
Nathan R. Speed
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210

4