**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | Hon. F. Dennis Saylor IV |
| v. | <u>ORAL ARGUMENT REQUESTED</u> |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFF'S MOTIONS *IN LIMINE* NO. 1
<u>RE: IPR PROCEEDINGS</u>**

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this motion *in limine* to exclude evidence and reference to the *inter* partes review ("IPR") proceedings involving the patents-in-suit. For the reasons set forth below, Singular requests that the motion be granted.

Google filed six petitions for IPR against the patents-in-suit (that initially included the '961 patent). Asserted claim 53 of the '273 patent and claim 7 of the '156 patent survived IPR. Other claims from the '273 patent and the '156 patent were found to be invalid. "[I]nfringement and invalidity analyses must be performed on a claim-by-claim basis." *Amazon.com v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001). As the claims to be asserted at trial survived IPR, Google should not be allowed to present evidence regarding the claims that did not survive. This type of evidence would only serve to confuse the jury in deciding both the validity and infringement of the surviving asserted claims that are of different scope than the invalidated claims.

Moreover, unlike in IPR proceedings, because patent claims are presumed valid under 35 U.S.C. § 282 in district court trials, invalidity must be proved by clear and convincing evidence. *PetEdge, Inc. v. Fortress Secure Sol.'s, LLC*, No. 15-11988-FDS, 2016 WL 4148221, at *1 (D. Mass. Aug. 4, 2016) (citing *Cuozzo Speed Techs, LLC v. Lee*, 579 U.S. 261, 279 (2016)). Accordingly, "[t]elling the jury that the patent has been called into question by the Patent Office may influence the jury's application of the presumption of validity and prejudice [the patent owner]". *Ivera Med. Corp. v. Hospira, Inc.*, No. 14-cv-1345, 2015 WL 11529819, at *1 (S.D. Cal. July 21, 2015)

Also, the IPR decisions involving the asserted claims in this case are on appeal to the Federal Circuit and, therefore, are subject to vacatur or reversal. This also favors excluding this

IPR-related evidence. *See*, *e.g.*, *ABS Global, Inc. v. Inguram, LLC*, No. 14-cv-303, 2016 WL 4009987, at *3 (W.D. Wis. Jul. 25, 2016) (excluding evidence of IPR proceedings because of a "high risk of undue prejudice and confusion"); *see also Personalized Media Comms. LLC v. Zynga, Inc.*, No. 2:12-cv-00068, at *1 (E.D. Tex. Oct. 30, 2013) (excluding evidence related to IPR proceedings because the "danger of undue prejudice is extremely high and that danger cannot be mitigated simply by the use of a limiting instruction"); *Personalized User Model, L.L.P. v. Google Inc.,* C.A. No. 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (excluding reexamination evidence due in part to appeal rights not having been exhausted causing a risk of unfair prejudice to plaintiff).

Accordingly, courts routinely exclude evidence of IPR proceedings:

> The Court excludes evidence concerning findings or rulings made by the Patent Trial and Appeal Board during *inter partes* review proceedings relating to the patent in suit. For reasons discussed at the final pretrial conference, the evidence has only limited probative value, and this would be far outweighed by the significant waste of time that would be caused by the need to explain the somewhat complicated procedural history of the IPR (including a remand by the Federal Circuit and the fact that at least one of the findings that Oil-Dri wants to introduce is pretty clearly *dicta*).

*Oil-Dry Corp. v. Nestle Purina Petcare Co.*, No. 15 C 1067, 2019 WL 5206273, at *1 (N.D. Ill. Mar. 13,2019).

> [E]ven assuming the IPR proceedings have some marginal relevance due to the potential overlap between the § 103 obviousness inquiry and the § 101 patent-eligibility inquiry, the Court still excludes the evidence due the danger of jury confusion and wasting of time and resources. *See* Fed. R. Evid. 403. Introduction of the IPR proceedings to the jury would likely require an explanation of the nature of IPR proceedings and the PTAB's role, the difference between the standards for determining obviousness under § 103 and for determining patent-eligibility under § 101, and the PTAB's various findings in the multiple IPR proceedings. This would likely consume a significant amount of time and potentially lead to jury confusion over the invalidity issues in the case.

*Vaporstream, Inc. v. Snap Inc.*, No. 2:17-cv-00220, 2020 WL 978731, at *8 (C.D. Cal. Feb. 28, 2020); *see also Ivera v. Hospira*, 2015 WL 11529819, at *1 ("The prejudicial potential of this [IPR] evidence substantially outweighs any probative value it may have. Fed. R. Evid. 403"); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. No. 18-452, 2022 WL 2800911, at *1 (D. Del. Jun. 27, 2022) (Bryson, J.) ("evidence of the proceedings and the PTAB's findings would be likely to confuse the jury and risk that the jury would decide the issues on evidence not before it"). Accordingly, Google should be precluded from presenting to the jury any testimony and other evidence regarding the six IPR proceedings involving the patents-in-suit.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Singular requests the Court to entertain oral argument on this motion, as Singular believes such will assist the Court in resolving the motion.

Dated: December 5, 2023  Respectfully submitted,

/s/ Kevin Gannon
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## LOCAL RULE 7.1 CERTIFICATION

I, Kevin Gannon, counsel for Singular Computing LLC, hereby certify that I conferred with counsel for Google LLC to resolve the issues presented in this motion but, after a good faith attempt to reach agreement, the parties were unable to do so.

/s/ Kevin Gannon

## CERTIFICATE OF SERVICE

I certify that, on December 5, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Kevin Gannon