**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | Hon. F. Dennis Saylor IV |
| v. | ORAL ARGUMENT REQUESTED |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFF'S MOTIONS *IN LIMINE* NO. 2**
**RE: DAMAGES NOT LIMITED TO VALUE OF THE "EXCEEDS" LIMITATION**

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this motion *in limine* to preclude defendant, Google LLC ("Google"), from arguing that damages are limited to the value that is attributable solely to the "exceeds" limitation of the asserted claims. For the reasons set forth below, Singular requests that the motion be granted.

Google asserts through its damages expert (Laura B. Stamm) that the damages in this case must be limited to the value of the "exceeds" limitation of the asserted claims. For example, Ms. Stamm takes the position that "the <u>key and only</u> relevant limitation by which to assess the benefits off the Asserted Claims to the Accused Products is this 'exceeds limitation.'" *See* Ex. A, p. 13 ¶ 33 (underline added). Google's argument is legally incorrect and will be likely to mislead and confuse the jury. Therefore, it should be excluded under Fed. Rs. Evid. 401/403 and 702. *See*, *e.g.*, *Sanofi-Aventis Deutschland GmbH v. Glenmark Pharms. Inc., USA*, No. 07-CV-5855, 2011 WL 383861, at *4 (D.N.J. Feb. 3, 2011) (excluding damages expert's testimony that was "based on an incorrect legal standard").

Ms. Stamm apparently believes that the "exceeds" limitation is the only claim limitation that was not found to be in the prior art during the IPR proceedings. Thus, her erroneous belief that damages are limited to the so-called "point of novelty." As the Supreme Court has noted, however, "claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418-19 (2007). Hence, the damages statute requires compensation for "use of the invention," not for the "use of the point of novelty." *See* 35 U.S.C. § 284.

Claim 7 of the '156 patent, written in independent format, recites as follows:

A device comprising:

at least one first low precision high dynamic range (LPHDR) execution unit adapted to execute a first operation on a first input signal representing a first numerical value to produce a first output signal representing a second numerical value,

> wherein the dynamic range of the possible valid inputs to the first operation is at least as wide as from 1/65,000 through 65,000 and for at least X=5% of the possible valid inputs to the first operation, the statistical mean, over repeated execution of the first operation on each specific input from the at least X% of the possible valid inputs to the first operation, of the numerical values represented by the first output signal of the LPHDR unit executing the first operation on that input differs by at least Y=0.05% from the result of an exact mathematical calculation of the first operation on the numerical values of that same input,

at least one first computing device adapted to control the operation of the at least one first LPHDR execution unit.

> wherein the at least one first computing device comprises at least one of a central processing unit (CPU), a graphics processing unit (GPU), a field programmable gate array (FPGA), a microcode-based processor, a hardware sequencer, and a state machine,

<u>wherein the number of LPHDR execution units in the device exceeds by at least one hundred the non-negative integer number of execution units in the device adapted to execute at least the operation of multiplication on floating point numbers that are at least 32 bits wide</u>; and

wherein the dynamic range of the possible valid inputs to the first operation is at least as wide as from 1/1,000,000 through 1,000,000.

*See* Ex. B at 29:11-30:23 (underline added).[1]  The "exceeds" limitation constitutes but one of the limitations in the claims.  Damages are not limited to the value of a single limitation in a multi-limitation claim.

A patent owner that proves infringement is entitled to "damages adequate to compensate for the infringement, but ***in no event*** less than a reasonable royalty for the use made of ***the***

---

[1] Asserted claim 53 of the '273 patent includes the same "exceeds" limitation.

*invention* by the infringer." 35 U.S.C. § 284 (emphasis added).² The statute does not say "for the use made of a limitation." "[T]he language of the statute is expansive rather than limiting." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1544 (Fed. Cir. 1995). Accordingly, "[u]nder the statute, 'damages adequate to compensate' means 'full compensation'" for the infringement. *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1283 (Fed. Cir. 2017) (quoting *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654-55 (1983)).

Google's expert is improperly attempting to rewrite the law to reduce Google's damages. "The 'invention' is defined by the claims." *Medicines Co. v. Hospira, Inc.*, 827 F.3d 1363, 1374 (Fed. Cir. 2016). Thus, the inventions recited in asserted claims include all of the limitations. Thus, damages are not limited to those attributable solely to Google's use of the "exceeds" limitation. Ms. Stamm's belief that "the key and only relevant limitation by which to assess the benefits of the Asserted Claims to the Accused Products is the 'exceeds limitation'" is simply contrary to law. Such a theory should be excluded under Rules 401/403. *Sanofi-Aventis v. Glenmark*, 2011 WL 383861, at *4. Likewise, such legally flawed testimony should be excluded as unreliable and unhelpful to the jury under Rule 702.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Singular requests the Court to entertain oral argument on this motion, as Singular believes such will assist the Court in resolving the motion.

---

² Singular claims reasonable royalty damages in this case.

Dated: December 5, 2023

Respectfully submitted,

*/s/ Kevin Gannon*
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## LOCAL RULE 7.1 CERTIFICATION

I, Kevin Gannon, counsel for Singular Computing LLC, hereby certify that I conferred with counsel for Google LLC to resolve the issues presented in this motion but, after a good faith attempt to reach agreement, the parties were unable to do so.

*/s/ Kevin Gannon*

## CERTIFICATE OF SERVICE

I certify that, on December 5, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Kevin Gannon*