**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | Hon. F. Dennis Saylor IV |
| v. | ORAL ARGUMENT REQUESTED |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFF'S MOTIONS *IN LIMINE* NO. 3**
**RE: COMPARING ACCUSED PRODUCTS TO SINGULAR'S S1 PROTOTYPE ETC.**

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this motion *in limine* to preclude defendant, Google LLC ("Google"), from comparing the accused TPU chips to: (1) Singular's S1 prototype; (2) preferred embodiments in the specification; and (3) the prior art. For the reasons set forth below, Singular requests that the motion be granted.

It is black-letter patent law that infringement is to be determined by comparing the accused devices to the words of the asserted claims:

> As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent.

*Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994). Thus, it would be improper for Google to argue non-infringement to the jury by:

1) comparing the accused products to the patentee's product (Singular's S1).[1] *See id.*; *see also AquaTex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1328 (Fed. Cir. 2007) (the infringement inquiry "leaves no room for consideration of the patentee's product"); *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985); *see also Cal. Expanded Metal Prods. Co. v. Klein*, 426 F, Supp. 3d 730, 747 (W.D. Wash. 2019) ("Whether the accused products [] perform better than[] commercial embodiments of the Patents falls outside the infringement analysis").

2) comparing the accused products to preferred embodiments disclosed in the patent specification. *See Johnson & Johnson Assocs., Inc. v. R.E. Service Co.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002); *Loctite Corp. v. Ultraseal Ltd*, 781 F.2d 861, 870 (Fed. Cir. 1985); *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1286 (Fed. Cir. 2002); *SRI*, 775 F.2d at 1121;

---

[1] Similarly, any comparison of the S1 to the alleged non-infringing alternatives (NVIDIA V100) is also improper.

*see also Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, 2017 WL 11630635, at *5 (E.D. Tex. Sept. 14, 2017) ("Opinions that compare the accused products to the preferred embodiment are excluded").

3) comparing the accused products to the prior art. *See Abiomed, Inc. v. Maquet Cardio. LLC*, 566 F. Supp. 3d 59, 84 (D. Mass. 2021) ("The law of infringement compares the accused product with the claims as construed by the Court") (quoting *Johnson & Johnston*, 285 F.3d at 1052); *Tate Access Floors, Inc. v. Interface Arch. Res., Inc.*, 279 F.3d 1357, 1366 (Fed. Cir. 2002) ("literal infringement is determined by construing the claims and comparing them to the accused device, not by comparing the accused device to the prior art")[2]; *Ecolab, Inc. v. Paraclipse, Inc.*, 285 F.3d 1362, 1377 (Fed. Cir. 2022) ("Defendant cannot properly assert as a noninfringement defense that '[if]the claims read on [the accused product], they must also read on the prior art'"); *Contentguard Holdings, Inc. v. Google, Inc.*, 701 Fed. Appx. 963, 966 (Fed. Cir. 2017) (defendants "are prohibited from arguing that a plaintiff 'must prove . . . that . . . the accused devices embody all the limitations in the asserted claims, and in addition [that the] accused devices must not be an adoption of the combined teachings of the prior art'") (quoting *Baxter*, 49 F.3d at 1583); *Opticurrent, LLC v. Power Integrations, Inc.*, 2018 WL 6727826, at *18 (Dec. 21, 2018) ("[the defendant's expert's] opinion regarding a practicing the prior art defense to infringement [is] excluded").

Thus, the foregoing comparisons should be excluded under Fed. Rs. Evid. 401 and 403 as irrelevant, prejudicial, non-probative, time wasting and likely to confuse or mislead the jury.

---

[2] Singular asserts only literal infringement in this case.


## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Singular requests the Court to entertain oral argument on this motion, as Singular believes such will assist the Court in resolving the motion.

Dated: December 5, 2023

Respectfully submitted,

*/s/ Kevin Gannon*
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## LOCAL RULE 7.1 CERTIFICATION

I, Kevin Gannon, counsel for Singular Computing LLC, hereby certify that I conferred with counsel for Google LLC to resolve the issues presented in this motion but, after a good faith attempt to reach agreement, the parties were unable to do so.

*/s/ Kevin Gannon*

## **CERTIFICATE OF SERVICE**

    I certify that, on December 5, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                                  */s/ Kevin Gannon*