**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | Hon. F. Dennis Saylor IV |
| v. | ORAL ARGUMENT REQUESTED |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 6:
TO PRECLUDE EVIDENCE, TESTIMONY, OR ARGUMENT CONSISTING OF
*AD HOMINEM* ATTACKS OR PEJORATIVE OR MISLEADING LABELS
FOR SINGULAR, ITS BUSINESS, ITS PATENTS, OR THIS LAWSUIT**

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

Singular moves *in limine* to preclude any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony consisting of *ad hominem* attacks or using or suggesting pejorative or misleading labels for Singular, its business, the asserted patents, or this lawsuit.

Such terms include but are not limited to the use of the following terms: "patent troll," "patent pirate," "patent shark," "patent assertion entity," "shell," "sham," "conspirator," "paper patent," "stick up," "frivolous," "shakedown," "litigation lottery," "litigious," and "being in the business of suing people" to characterize Singular, its business, the asserted patents, or this lawsuit. The use of these labels and similar nefarious terms have no relevance, under to the issues of infringement, validity, or reasonable royalty damages. Thus, the use of such terms should be precluded under Fed. R. Evid. 401. Rather, these terms and their like would invite jurors to draw improper inferences about Singular's claims, the asserted patents' validity, and the appropriate amount of reasonable royalty damages. Moreover, even if it were determined that such pejorative terms had any marginal relevance in this lawsuit, any probative value would be more than substantially outweighed by the danger of unfair prejudice to Singular, confusion of the issues, and misleading the jury. Thus, use of the terms should also be precluded under Fed. R. Evid. 403.

Accordingly, as other courts have done before, the Court should preclude any evidence, testimony, or arguments using such terms, labels and other similar characterizations. *See, e.g., Bright Response, LLC v. Google Inc.*, 2:07-CV-371-CE, 2010 WL 11057072, at *1 (E.D. Tex. July 30, 2010) (granting motion *in limine* as to "patent trolls," "pirates," "playing the lawsuit lottery," and "corporate shell game"); *ContentGuard Holdings, Inc. v. Apple, Inc.*, No. 2:13-cv-11 12-JRG, Dkt. 897, at 4 (E.D. Tex. Sept. 4,

2015) (granting motion *in limine* as to "patent trolls," . . . or other pejorative terms, or otherwise disparaging [patentee's] business model.); *Mobile Telecommunications Techs., LLC v. ZTE (USA) Inc.*, 2:13-cv-00946-JRG, 2016 WL 8260584, at *3 (E.D. Tex. July 22, 2016).

During the parties meet and confer, Google indicated that it would agree not to use only the specific terms Singular provided as examples but would not agree to the "include but not limited to" language. Singular should not be required to predict an exhaustive list of every possible *ad hominem* attack, pejorative term or misleading label that Google may surprise Singular with at trial. As in *Mobile Telecommcn's v. ZTE*, Google should be precluded from using "any other *ad hominem* attack" and "any pejorative reference." 2016 WL 8260584, at *3.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Singular requests the Court to entertain oral argument on this motion, as Singular believes such will assist the Court in resolving the motion.

Dated: December 5, 2023

Respectfully submitted,

*/s/ Kevin Gannon*
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## LOCAL RULE 7.1 CERTIFICATION

I, Kevin Gannon, counsel for Singular Computing LLC, hereby certify that I conferred with counsel for Google LLC to resolve the issues presented in this motion but, after a good faith attempt to reach agreement, the parties were unable to do so.

*/s/ Kevin Gannon*

## CERTIFICATE OF SERVICE

I certify that, on December 5, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Kevin Gannon*