UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>ORAL ARGUMENT REQUESTED<br><br>**REDACTED** |

**PLAINTIFF'S MOTIONS *IN LIMINE* NO. 8
RE: EVALUATION AGREEMENTS PRODUCED BY SINGULAR**

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this motion *in limine* to exclude evidence and testimony regarding the price paid for evaluation agreements produced by Singular (Ex. A, SINGULAR-00012052 and Ex. B, SINGULAR-00012070). For the reasons set forth below, Singular requests that the motion be granted.

### I. FACTS

Google intends to offer into evidence certain evaluation agreements that Singular executed with third parties. Both Google's and Singular's damages experts analyzed these evaluation agreements and concluded that they are not comparable to the license agreement that would have resulted from the hypothetical negotiation. *See* Ex. C, Stamm Report ¶123 and Ex. D, Green Report at P. 86. Importantly, Google's own damages expert indicates these evaluation agreements ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* Ex. C, Stamm Report ¶123. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. A, SINGULAR-00012052 at -058; Ex. B, SINGULAR-00012070 at -070. For these reasons, the price paid for any evaluation agreement produced by Singular should be excluded as irrelevant and likely to confuse the jury.

#### A. Apple Inc.

In 2017, Singular engaged with ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Singular's technology and thereafter make a decision regarding its ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉ Ex. A, SINGULAR-00012052. 

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████

      **B.    Fujitsu**

    ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████

    **II.    ARGUMENT**

      **A.    Evidence or Testimony Regarding the Price Paid for Licenses Produced by Singular Should Be Excluded as Irrelevant**

The price third parties paid Singular to evaluate its technology does not inform the reasonable royalty. The agreements did not grant commercial rights in the asserted patents, only granting evaluation rights over a limited duration of months. The price paid under such agreements is for the services Singular provided to evaluate its prototype. On this basis alone, the price paid should be excluded. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 78 (Fed. Cir. 2012)(excluding agreement under Rule 403 where there was "very little relation to demonstrated economic demand for the patented technology"). Moreover, both parties agree that the licenses produced by Singular are not comparable to the agreement that would have resulted from the hypothetical negotiation. ████████████████████████████

██████████████████████████████████████████████[1] Noncomparable licenses have limited probative value in informing an assessment of a reasonable royalty. *See Adasa Inc. v. Avery Dennison Corp.*, 55 F.4th 900, 915 (Fed. Cir. 2022), *cert. denied*, 143 S. Ct. 2561 (2023)(finding district court did not abuse discretion excluding testimony and evidence related to noncomparable licenses). Thus, even if the price paid under these agreements is marginally relevant, it should be excluded under Rule 403 as it would mislead or confuse the jury and have no probative value.[2]

### III.   CONCLUSION

For the foregoing reasons, Singular respectfully requests that the Court preclude Google from presenting evidence or argument regarding the price paid for licenses produced by Singular.

---

[1] Google may rely on the licenses produced by Singular for other purposes, such as to establish Singular's interactions with third parties.

[2] At present, Singular believes that Google will only seek to introduce licenses with third parties ███████████████████████████████████████████████████████████ as these are the only agreements that appear on Google's exhibit list. There are additional licenses produced by Singular namely, the following: ████████████████████████████████████ ████████████████████████████████████████████████████████████ For the same reasons identified herein, Singular requests evidence or testimony regarding these additional agreements be excluded.

3

Dated: December 5, 2023

Respectfully submitted,

/s/ Kevin Gannon
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## LOCAL RULE 7.1 CERTIFICATION

I, Kevin Gannon, counsel for Singular Computing LLC, hereby certify that I conferred with counsel for Google LLC to resolve the issues presented in this motion but, after a good faith attempt to reach agreement, the parties were unable to do so.

/s/ Kevin Gannon

## CERTIFICATE OF SERVICE

I certify that, on December 5, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Kevin Gannon