UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**REDACTED** |

# MOTION *IN LIMINE* NO. 9:
# TO PRECLUDE EVIDENCE, TESTIMONY, OR ARGUMENT THAT MEMBERS OF THE INDUSTRY USE GRAPHICS PROCESSOR UNITS FOR ARTIFICIAL INTELLIGENCE TRAINING APPLICATIONS

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this motion *in limine* to exclude evidence and testimony that members of the industry use Graphics Processor Units ("GPUs") for Artificial Intelligence ("AI") training applications. For the reasons set forth below, Singular requests that the motion be granted.

I.      FACTS

Google should be precluded from presenting evidence that members of the industry use GPUs for AI training applications.[1] Google intends to present evidence that an acceptable noninfringing alternative would have been utilizing a GPU with the numeric format fp16 for AI training applications. To support their argument, Google intends to rely on evidence that others in the industry eventually used fp16 in neural network training applications. This argument was made evident during the deposition of Google's infringement expert who testified that fp16 was both available and acceptable as a noninfringing alternative because other industry participants eventually used this numeric format for neural network training applications. In pertinent part, he testified as follows:



---

[1] Given the significant overlap in the issues presented in Plaintiff's Motion *In Limine* No. 7 and the instant motion, Plaintiff incorporates the arguments from Plaintiff's Motion *In Limine* No. 7.

▮▮▮

▮▮▮

▮ *See* Ex. B Ex. 10, 11, and 12 to Deposition of P. Isaak. Notably, the earliest reference of other members of the industry utilizing GPUs for AI was in 2020, three years after the hypothetical negotiation. *See* Ex. B, Ex. 11 to Dep. Of P. Isaak.

As set forth below, Google is wrong as a matter of law as such an alternative was not available to Google as of the date of the hypothetical negotiation. Consequently, its argument would only mislead and confuse the jury and waste time. As a result, the argument should be excluded under Rule 403. *Sec. & Exch. Comm'n v. Ambassador Advisors, LLC*, No. 5:20-CV-02274-JMG, 2022 WL 2188145, at *4 (E.D. Pa. Feb. 28, 2022)(excluding legally erroneous argument as likely to confuse the jury).

  **II.**  **ARGUMENT**

    **A.**  **The Court Should Preclude Google From Presenting Evidence Concerning the Use of GPUS for Artificial Intelligence Training Applications Pursuant to Fed. R. Civ. P. 403**

To be an acceptable noninfringing substitute, the **defendant** must "have the necessary equipment, know-how, and experience" such that the non-infringing alternative was available at the time of infringement. *Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1123 (Fed. Cir. 2003)(emphasis added).

▮▮▮▮

2

███████████████████████████████████████████████████████████████

███████████

Under *Micro Chem.* the defendant has the burden to prove that ████████████████ was available to Google at the time of the hypothetical negotiation. ████████████████

███████████████████████████████████████████████████████████████

Allowing Google to present evidence of other industry participant's use of such an alternative violates the principles of *Micro Chem,* which requires Google to possess the knowledge to develop the noninfringing substitute. *Micro Chem* does not allow Google to consider what other industry participants were able to accomplish years after the hypothetical negotiation. As a result, any evidence that other members of the industry were able to use GPUs for AI is not relevant to whether using GPUs was available to Google and would only serve to confuse the jury. Therefore, such evidence should be excluded pursuant to Rule 403.

### B.   Evidence Concerning the Use of GPUs by Other Industry Participants Should be Excluded as it Lacks Foundation

Google's exhibit list does not identify any documentary evidence which explains how other industry participants use GPUs for AI training applications. To the extent that Google seeks to elicit such evidence through testimony from any non-expert trial witness, they should be excluded from doing so as they lack personal knowledge of how other industry participants use GPUs for AI training applications. *See* Fed. R. Evid. 602; *see also Romanelli v. Long Island R. Co.*, 898 F. Supp. 2d 626, 633 (S.D.N.Y. 2012)(excluding testimony where witness lacked personal knowledge concerning nature of proposed testimony).

### III. CONCLUSION

For the foregoing reasons, Singular respectfully requests that the Court preclude Google from presenting evidence or argument regarding the use of GPUs for AI training applications by other industry participants to support their argument that this would have been an acceptable noninfringing alternative available to Google at the time of the hypothetical negotiation.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Singular requests the Court to entertain oral argument on this motion, as Singular believes such will assist the Court in resolving the motion.

Dated: December 5, 2023                               Respectfully submitted,

/s/ Kevin Gannon
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## LOCAL RULE 7.1 CERTIFICATION

I, Kevin Gannon, counsel for Singular Computing LLC, hereby certify that I conferred with counsel for Google LLC to resolve the issues presented in this motion but, after a good faith attempt to reach agreement, the parties were unable to do so.

/s/ Kevin Gannon

## CERTIFICATE OF SERVICE

I certify that, on December 5, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Kevin Gannon