UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**PLAINTIFF SINGULAR COMPUTING LLC'S UNOPPOSSED
MOTION TO IMPOUND PURSUANT TO LOCAL RULE 7.2**

Pursuant to Local Rule 7.2 and the Protective Order in this case ("Protective Order"), ECF No. 87, plaintiff, Singular Computing LLC ("Singular"), respectfully requests the Court to impound (seal): Plaintiff's Motion in Limine No. 9 to Preclude Evidence, Testimony, or Argument that Members of the Industry Use Graphics Processor Units for Artificial Intelligence Training Applications, Exhibit A, Exhibit C, Exhibit D and Exhibit E.  Singular is filing a redacted public versions of these documents concurrently herewith.  Defendant Google LLC ("Google") does not oppose this Motion to Impound/Seal.

The Protective Order allows the parties to designate discovery material as "Highly Confidential - Source Code" or "Highly Confidential - Attorney's Eyes Only" after making a determination it "contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party." *Id.* at ¶ 8(a) and ¶ 9(a).

The Protective Order requires a party intending to make court filings referring to material designated as "Highly Confidential Attorney's Eyes Only" to bring a motion to impound. *Id.* at

1

4653374.v1

¶ 14.  The following contain information that has been designated by one or both of the parties hereto as "Highly Confidential - Source Code" or "Highly Confidential - Attorney's Eyes Only" under the Protective Order:

- Plaintiff's Motion in Limine No. 9 to Preclude Evidence, Testimony, or Argument that Members of the Industry Use Graphics Processor Units for Artificial Intelligence Training Applications;
- Exhibit A;
- Exhibit C;
- Exhibit D; and
- Exhibit E.

For the foregoing reasons, Singular respectfully requests that the Court permit it to file the above identified document under seal.  Singular further requests that this document remain impounded until further Order by the Court, and that upon expiration of the impoundment that the document be returned to Singular's counsel.

Dated: December 5, 2023                Respectfully submitted,

*/s/ Kevin Gannon*
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian M. Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

        Kerry L. Timbers (BBO #552293)
        **SUNSTEIN LLP**
        100 High Street
        Boston, MA 02110
        Tel: (617) 443-9292
        Email: ktimbers@sunsteinlaw.com

        ATTORNEYS FOR THE PLAINTIFF

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify that counsel for Singular conferred with Defendant's counsel in a good-faith attempt to resolve or narrow the issue raised by this motion. Defendant's counsel informed me that Google does not oppose the relief sought in this motion.

        */s/ Kevin Gannon*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

        */s/ Kevin Gannon*