UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | Hon. F. Dennis Saylor IV |
| v. | ORAL ARGUMENT REQUESTED |
| GOOGLE LLC, | REDACTED |
| Defendant. | |

**PLAINTIFF'S MOTIONS *IN LIMINE* NO. 10
RE: UNTIMELY SECTION 287 DAMAGES ARGUMENT**

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this motion *in limine* to preclude defendant, Google LLC ("Google"), from arguing or presenting evidence at trial that Singular's damages in this case are limited by the marking requirements of 35 U.S.C. ¶ 287. For the reasons set forth below, because Google's argument is untimely, Singular requests that the motion be granted.

## I.     BACKGROUND

The original complaint in this case was filed on December 20, 2019. *See* Dkt. No. 1. Trial is scheduled to begin on January 7, 2023. On November 2, 2023, counsel for Google served counsel for Singular with a "Notice to Plaintiff of Specific Unmarked Products Under *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*" *See* Ex. A. In this Notice, Google asserts that Singular's prototype S1 device is believed to practice the two asserted patents[1] and was not marked with either patent number. *Id.* Google therefore asserts that, pursuant to *Arctic Cat*, the burden now shifts to Singular to show that the S1 prototypes were marked pursuant to 35 U.S.C. § 287. *Id.* As set forth in detail below, Google's eve-of-trial *Arctic Cat* Notice is untimely. Accordingly, Google's new *Arctic Cat* argument should be excluded.

## II.    LEGAL STANDARDS

Under Rule 26(e), a party must supplement or correct a disclosure made under Rule 26(a) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See also Bern Unlimited, Inc. v. Burton Corp.*, 95 F. Supp.3d 184, 199 (D. Mass. 2015). Fed. R. Civ. P. 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required

---

[1] U.S. Patent No.8,407,273 and U.S. Patent No. 9,218,156.

1

by Rule 26(a) or (e), the party is not allowed to use that information or witness on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *Bern v. Burton*, 95 F. Supp.3d at 199.  "The non-disclosing party carries the burden of proving substantial justification or harmlessness." *Id.* at 200 (citing *Alves v. Mazda Motor of Am., Inc.*, 448 F. Supp.2d 285, 293 (D. Mass. 2006)).  However, "prejudice is inherent in the assertion of a new theory after discovery is closed." *Philips N. Am. LLC v. Fitbit LLC*, No. 19-11586-FDS, 2021 WL 5417103, at *5 (D. Mass. Nov. 19, 2021) (citation omitted).  "Rule 37 contemplates strict adherence to the discovery requirements." *Bern v. Burton*, 95 F. Supp.3d at 199-200.

A patentee that makes, offers for sale, or sells a patented article in the Unites States "may give notice to the public that the same is patented, either by fixing thereon the word 'patent' or the abbreviation 'pat.' together with the number of the patent." *See* 35 U.S.C. § 287(a).  This is known as "constructive" notice. *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020).  "In the event of failure so to mark, no damages shall be recovered by the patentee "except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a).

### III. ARGUMENT

As stated in the original Complaint, Dr. Bates met with Google representatives several times well before the Complaint was filed (on December 20, 2019). *See* Ex. B, ¶¶ 17-19.  During one of those meetings, Dr. Bates disclosed (pursuant to a Non-Disclosure Agreement) his S1 prototype to Google engineers and managers and informed them that Singular has "broad patents granted in the U.S." *See* Ex. C.  Thus, Google has known about the S1 prototype, and that Singular asserted that it was patent-protected, since well before the original complaint was filed

on December 20, 2019.  Further, in the original Complaint, Singular alleged that the S1 prototype was shown to Google personnel on more than three occasions prior to suit, disclosed the S1 prototype and warned Google that the prototype was "patent-protected". *Id.* at ¶¶ 17-19.[2] Nonetheless, Google did not serve the *Arctic Cat* notice disclosing its new Section 287 damages argument regarding the S1 prototype until November 2, 2023, i.e. well after the end of fact and expert discovery and on the eve of trial. *See* Ex. A.

In its November 2 Notice, in an attempt to justify its untimely disclosure of the new limitation of damages theory, Google argues that it was only recently able to muster its *Arctic Cat* argument based on the S1 prototype when it photographed the S1 prototypes in Singular's possession on September 29, 2023. *See id.* at p. 1.  One of the photographs of S1 prototype in the Notice is the following:



*See id.* at p. 3.  This is the same S1 prototype design as was disclosed in Dr. Bates's presentation to Google personnel as "patent-protected" in 2017.  That presentation contained, *inter alia*, the following photograph:

---

[2] The same allegations are made in the Amended Complaint dated March 20, 2020. *See* Dkt. No. 37, ¶¶ 17-19.



*See* Ex. C, p. 14.  Thus, Google already had possession of photographs of the S1 prototype when the original Complaint was filed in this case.  Google's argument that it was only recently able to photograph and then make its S1 prototype *Arctic Cat* argument must be rejected.

In addition, over three years ago (on August 26, 2020), Singular specifically identified the prototype S1 chip in response to Google's interrogatory requesting identification of devices that practice any claim of the patents-in-suit. *See* Ex. D, pp. 4-5.  Also, in his expert report dated and served on Google on December 22, 2022, Singular's technical expert (Dr. Khatri) stated as follows:

> I have also been asked by Singular's counsel to provide my expert opinion as to whether Singular's S1 chip embodies the Asserted Claims.  For the reasons set forth below, I have determined that the S1 chip is an embodiment of both claim 7 of the '156 patent and claim 53 of the '156 patent.

*See* Ex. E, ¶ 0246; *see also id.*, ¶¶ 0247-0260.

4

Furthermore, Google never identified its *Arctic* Cat theory of damage limitation during discovery in response to Singular's damages interrogatory.  At the beginning of discovery, Singular asked Google to state the basis for Google's calculation of damages in this case:

INTERROGATORY NO. 9:

Identify and explain the basis for Google's calculation of damages in this case.  Between August 24, 2020 and July 23, 2021, Google filed an original and five supplemental responses to this interrogatory.  In none of those responses did Google mention any limitation of damages under 35 U.S.C. § 287. *See* Exs. F-K.

On March 3, 2023, Google served Singular with the expert report of Google's damages expert, Laura Stamm.  Nowhere in her report, did Ms. Stamm opine that Singular's damages in this case are limited by 35 U.S.C. § 287.

Having failed to disclose its new limitation of damages theory to Singular in accordance with the Scheduling Order in this case during fact or expert discovery, Google's belated assertion of such a theory on the eve of trial should be excluded under Rule 37(c)(1) ("[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at trial"). *See*, *e.g.*, *Macaulay v. Anas,* 321 F.3d 45, 52 (1st Cir.2003) (affirming preclusion of a portion of expert testimony through which plaintiff sought to introduce a new theory on the eve of trial); *see also Bern v. Burton Corp.*, 95 F. Supp.3d at 199-201.

"The non-disclosing party carries the burden of proving substantial justification or harmlessness." *Bern v, Burton* 95 F. Supp.3d at 200.  Google cannot credibly argue that its failure to timely disclose its new damages limitation theory is justified.  As shown above, Google had access to photos of the S1 for years before the commencement of this litigation.  There is no

5

justification for Google's late disclosure. Moreover, "prejudice is inherent in the assertion of a new theory after discovery is closed". *Philips v. Fitbit*, 2021 WL 5417103, at *5. Likewise, Google cannot credibly argue that its late disclosure is harmless. Singular served its damages expert's report a year ago, cross-examined Google's expert on his response nine months ago, and has since been preparing its damages case for trial without any notice that the S1 would be alleged to be unmarked and, hence, limiting on damages. For Google to seek such a limitation on the eve of trial is, as in *Philips v. Fitbit*, highly prejudicial to Singular.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Singular requests the Court to entertain oral argument on this motion, as Singular believes such will assist the Court in resolving the motion.

Dated: December 5, 2023

Respectfully submitted,

*/s/ Kevin Gannon*
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## LOCAL RULE 7.1 CERTIFICATION

I, Kevin Gannon, counsel for Singular Computing LLC, hereby certify that I conferred with counsel for Google LLC to resolve the issues presented in this motion but, after a good faith attempt to reach agreement, the parties were unable to do so.

*/s/ Kevin Gannon*

## CERTIFICATE OF SERVICE

I certify that, on December 5, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Kevin Gannon*