# EXHIBIT K

CONTAINS CONFIDENTIAL INFORMATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>               Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>               Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S SIXTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-10)**

CONTAINS CONFIDENTIAL INFORMATION

END CONFIDENTIAL INFORMATION

**INTERROGATORY NO. 9:**

Identify and explain the basis for Google's calculation of damages in this case.

**RESPONSE TO INTERROGATORY NO. 9:**

Google incorporates its general objections above as though set forth in this response. Google further objects to this interrogatory on the grounds and to the extent that: (1) it calls for the premature disclosure of expert opinions and analyses; (2) it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, the work product doctrine, and/or common interest or joint defense privilege.

Subject to and without waiving the foregoing general and specific objections, Google responds as follows: Google contends that it did not infringe the patents-in-suit and that Singular is not entitled to damages in this case. To the extent Google will offer any expert opinion related to a potential damages calculation, this request is premature. The case has been stayed beyond fact discovery, and there is no deadline for expert reports.

Moreover, Singular has the burden of proof in this case, including on the issue of damages. The basis for Google's damages calculations inherently depends on Singular's theories of damages, including which "analytical approach" and "numerous data points" Singular deems relevant to its damages analysis. *See* Singular's Suppl. Response to Interrogatory No. 5 at 4-5. Despite reaching the end of fact discovery in this case, Google has yet to receive many of the requested documents regarding Singular's finances, valuations of Singular's intellectual property and business, and documents related to Singular's licensing practices and plans. Singular has failed to update its initial disclosures and has failed to adequately respond to Google's

13

CONTAINS CONFIDENTIAL INFORMATION

interrogatories related to damages, other than to provide cursory legal analysis on how one may generally calculate damages in patent infringement cases. *See id.* at 2-5.

Nevertheless, as explained in part by Google's responses to Singular's Interrogatories No. 7, 13, 14, 16, 17, 18, 19, 20, 22, 24, and 25, incorporated herein by reference, Google's potential calculation of damages will rely on a number of factors.

To the extent Singular intends to rely on calculating reasonable royalties through a cost-savings analysis, any analysis will take into account the nascent stage of Singular's commercial technology at the time of first infringement. The analysis will also apportion any cost savings attributable to prior art processes, many of which are detailed in Google's invalidity contentions. To the extent Singular intends to rely on calculating reasonable royalties based on Google's revenue, any analysis will take into account that the revenue is far too attenuated to attribute to any infringing features of the technology.

As explained in Google's response to Singular's Interrogatory No. 25, the value of the key feature accused of infringement in this case--the use of bfloat16 in the multipliers in the MXU that Singular contends are the claimed LPHDR execution units--will be the subject of opinions submitted by one or more experts for each party. Any analysis must also apportion the value of other components of the MXU, the Tensorcores, the TPU boards, the larger computing systems, and Google's myriad optimizations to increase TPU performance. Such an analysis may also account for Google's existing user base, commercial success, and continual investment in hardware, software, and intellectual capital.

Google's potential damages calculation will also account for the availability of non-infringing alternatives at the time of the alleged first infringement. Google's potential damages calculation will also include Google's preference for a lump-sum upfront royalty. Any such

CONTAINS CONFIDENTIAL INFORMATION

calculation will limit damages to potential domestic infringement.

The following documents will likely be among those analyzed by Google's damages experts should the need for a potential calculation arise: SINGULAR-004; SINGULAR-00011397; SINGULAR-00006738; SINGULAR-00006458; SINGULAR-00006917; SINGULAR-00006867; SINGULAR-00011945; SINGULAR-00007554; SINGULAR-00007560; SINGULAR-00006444; SINGULAR-00007536; SINGULAR-00011387; SINGULAR-00008401; SINGULAR-00007144; SINGULAR-00010087; SINGULAR-00010592; SINGULAR-00011045; SINGULAR-00011489; SINGULAR-00011945; SINGULAR-00003295; SINGULAR-00003839, SINGULAR-00003941; SINGULAR-00003839; SINGULAR-00003941; SINGULAR-00003942; SINGULAR-00003943; SINGULAR-00003944; SINGULAR-00004187; SINGULAR-00004225; SINGULAR-00004440; SINGULAR-00010087; SINGULAR-00010314; SINGULAR-00010353; SINGULAR-00010369; SINGULAR-00010388; SINGULAR-00010389; SINGULAR-00010390; SINGULAR-00010592; SINGULAR-00011028; SINGULAR-00011044; SINGULAR-00011045; SINGULAR-00011046; SINGULAR-00011047; SINGULAR-00011048; SINGULAR-00011489; SINGULAR-00011945; SINGULAR-00012049; SINGULAR-00012050; SINGULAR-00012051; SINGULAR-00013520; SINGULAR-00014376; SINGULAR-00014379; SINGULAR-00015381; SINGULAR-00015892; SINGULAR-00015894; SINGULAR-00016374; SINGULAR-00017940; SINGULAR-00018873; SINGULAR-00018909; SINGULAR-00018917; SINGULAR-00019225; SINGULAR-00019242; SINGULAR-00019493; SINGULAR-00003953; SINGULAR-00020491; SINGULAR-00020501; SINGULAR-00023309; SINGULAR-00023937; SINGULAR-00026403; SINGULAR-00026408; SINGULAR-00026415; SINGULAR-

CONTAINS CONFIDENTIAL INFORMATION

00026418; SINGULAR-00026441; SINGULAR-00026609; SINGULAR-00026735; SINGULAR-00026751; SINGULAR-00026759; SINGULAR-00026937; SINGULAR-00026938; SINGULAR-00027421; SINGULAR-00027932; SINGULAR-00027950; SINGULAR-00028119; SINGULAR-00028128; SINGULAR-00028134; SINGULAR-00028143; SINGULAR-00028875; SINGULAR-00029298; SINGULAR-00029934; SINGULAR-00030635; SINGULAR-00030657; SINGULAR-00030670; SINGULAR-00030907; SINGULAR-00030910; SINGULAR-00030923; SINGULAR-00030946; SINGULAR-00031147; SINGULAR-00031423; SINGULAR-00031950; SINGULAR-00032167; SINGULAR-00032316; SINGULAR-00032996; SINGULAR-00033103; SINGULAR-00033521; SINGULAR-00033829; SINGULAR-00033835; SINGULAR-00033839; SINGULAR-00034115; SINGULAR-00034350; SINGULAR-00019927; SINGULAR-00019944; SINGULAR-00020325; SINGULAR-00020490; SINGULAR-00004187; SINGULAR-00034500-AAPL; SINGULAR-00034505-AAPL; SINGULAR-00035681-AAPL; SINGULAR-00035690-AAPL; SINGULAR-00035700-AAPL; SINGULAR-00035793-AAPL; SINGULAR-00036171-AAPL; SINGULAR-00036172-AAPL; SINGULAR-00036184-AAPL; SINGULAR-00046677-AAPL; SINGULAR-00046679-AAPL; SINGULAR-00046725-AAPL; SINGULAR-00046831-AAPL; SINGULAR-00046891-AAPL; SINGULAR-00046966-AAPL; SINGULAR-00047150-AAPL; SINGULAR-00047163-AAPL; SINGULAR-00047268-AAPL; SINGULAR-00047327-AAPL; SINGULAR-00047424-AAPL; SINGULAR-00048762-AAPL; SINGULAR-00048807-AAPL; SINGULAR-00048809-AAPL; SINGULAR-00048939-AAPL; SINGULAR-00049135-AAPL; SNL-0002167; SNL-0002168; SNL-0002171; SNL-0002406; OZGEN-00000028; OZGEN-00000042; OZGEN-00000114; MIT_0268; GOOG-SING-00241497; GOOG-SING-00241496; GOOG-SING-00241494; GOOG-SING-

1719160

CONTAINS CONFIDENTIAL INFORMATION

00241522; GOOG-SING-00010227–GOOG-SING-00010341; GOOG-SING-00010082–GOOG-SING-00010131;GOOG-SING-00150961-GOOG-SING-00150971; GOOG-SING-00039681-00039688; GOOG-SING-00020030-00026402; GOOG-SING-00026685-00026686; GOOG-SING-00235964-00235970; GOOG-SING-00241367-GOOG-SING-00241417; GOOG-SING-00241497; GOOG-SING-00241496; GOOG-SING-00241494; GOOG-SING-00026624-GOOG-SING-00026684; GOOG-SING-00235981- GOOG-SING-00235992; GOOG-SING-00208382-00208418; GOOG-SING-00235971-GOOG-SING-00235980; BAE000120; CRA0000031; CRA0000034; CRA0000165; CRA0000173; CRA0000177; CRA0000183; CRA0000189; CRA0000192; CRA0000211; CRA0000212; CRA0000220; CRA0000236; CRA0000313; CRA0000383; CRA0000399; CRA0000423; CRA0000434; CRA0000483; CRA0000512; CRA0001257; CRA0001263; CRA0001280; CRA0001285; CRA0001298; CRA0001304; CRA0001310; CRA0001323; CRA0001336; CRA0001349; CRA0001354; CRA0001996; CRA0001998; CRA0002002; CRA0002022; CRA0002059; CRA0002061; CRA0002063; CRA0002075.

**INTERROGATORY NO. 10:**

Identify the five (5) past or present employees of Google most knowledgeable regarding Google's responses to the foregoing interrogatories.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving the foregoing general objections, Google responds as follows: The following five individuals have knowledge regarding Google's responses to Singular's interrogatories numbers 1 through 9: Peter Brandt, Norm Jouppi, Andrew Phelps, Andrew Swing, Jennifer Wall. Although each of these individuals possess information related to one or more of Singular's interrogatories, none are necessarily knowledgeable as to all of the

17

CONTAINS CONFIDENTIAL INFORMATION

interrogatory responses provided here.

Dated: July 23, 2021

By: /s/ *Matthias Kamber*
Gregory F. Corbett (BBO #646394)
gregory.corbett@wolfgreenfield.com
Nathan R. Speed (BBO # 670249)
nathan.speed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
elizabeth.dimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111

Matthias Kamber (*pro hac vice*)
mkamber@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

*Attorneys for Defendant Google LLC*

1719160