# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | Hon. F. Dennis Saylor IV |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

## <u>PLAINTIFF'S MOTION TO COMPEL</u>

Google recently advised Singular that it is replacing one of its trial witnesses with two new witnesses, including a senior finance manager, Matthew Mabey. According to Google, Mr. Mabey will testify about the "deployment, use, and cost of TPUs in Google's datacenters and to support the Cloud TPU product." At his deposition, Singular questioned Mr. Mabey about one of the few produced documents he authored, which was a report recommending to Google's Machine Learning Steering Committee that Google continue to build tensor processing units ("TPUs") like the Accused Products rather than buy graphics processing units ("GPUs") from Nvidia. The comparison of those two alternatives is the focus of the Parties' damages experts. During his deposition, Mr. Mabey could not recall a hyperlinked document cited in the document he authored.  In the document he authored, Maybe relied on the hyperlinked document to state in his report that TPUs provide "substantial gains" over GPUs.  Google has summarily rejected Singular's requests that it either produce or identify by bates number the hyperlinked document. To ensure that Singular is not prejudiced by Google's late identification of Mr. Mabey as a trial witness, Singular respectfully requests that this Court compel Google to produce or identify the hyperlinked document on which Mr. Mabey relied.

In further support of this Motion, Singular relies on its Memorandum of Law filed herewith.

WHEREFORE, Singular respectfully requests that this Court allow this Motion and order Google (1) to produce or identify by bates number the hyperlinked document in Mr. Mabey's report to the Machine Learning Steering Committee, and (2) to stipulate to the identification and authenticity of the document in lieu of a continued deposition.

Dated: December 7, 2023                    Respectfully submitted,

                                           /s/ Daniel McGonagle
                                           Matthew D. Vella (BBO #660171)
                                           Adam R. Doherty (BBO #669499)
                                           Kevin Gannon (BBO #640931)
                                           Brian Seeve (BBO #670455)
                                           Daniel McGonagle (BBO #690084)
                                           **PRINCE LOBEL TYE LLP**
                                           One International Place, Suite 3700
                                           Boston, MA 02110
                                           Tel: (617) 456-8000
                                           Email: mvella@princelobel.com
                                           Email: adoherty@princelobel.com
                                           Email: kgannon@princelobel.com
                                           Email: bseeve@princelobel.com
                                           Email: dmcgonagle@princelobel.com

                                           Kerry L. Timbers (BBO #552293)
                                           **SUNSTEIN LLP**
                                           100 High Street
                                           Boston, MA 02110
                                           Tel: (617) 443-9292
                                           Email: ktimbers@sunsteinlaw.com

                                           ATTORNEYS FOR THE PLAINTIFF

## LOCAL RULE 7.1 CERTIFICATION

I, Daniel McGonagle, counsel for Singular Computing LLC, hereby certify that I conferred with counsel for Google LLC to resolve the issues presented in this motion but, after a good faith attempt to reach agreement, the parties were unable to do so.

*/s/ Daniel McGonagle*

## CERTIFICATE OF SERVICE

I certify that, on December 7, 2023, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Daniel McGonagle*