UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**REDACTED** |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

Google recently notified Singular that it is no longer calling its Fed. R. Civ. P. 30(b)(6) witness on non-infringing alternatives as a trial witness, and that it will instead call a new witness, Matthew Mabey, to testify on similar topics. Google acknowledged that its late identification of Mr. Mabey required additional fact discovery in the form of a deposition. But during and since that deposition, Google has refused to produce or identify a document on which Mr. Mabey relied to recommend that Google continue ██████████████████████████████████ ██████████████████████████████████████████ which collectively are the non-infringing alternative on which Singular's damages expert relies. To ensure Mr. Mabey testifies on an even playing field, the Court should grant Singular's Motion and order Google (1) to produce or identify by bates number the document on which Mr. Mabey relied to make the above-referenced recommendation, and (2) to stipulate to the identification and authenticity of the document in lieu of a continued deposition.

In further support of its Motion to Compel, Singular states as follows:

1.   Dr. Nishant Patil served as Google's Rule 30(b)(6) witness on, among other topics, "comparisons between the accused TPU v2 and TPU v3 and alternatives for machine learning training." Ex. A, at 133:20-24.[1]

2.   On September 15, 2023, Google advised that it no longer intended to call Dr. Patil as a witness at trial and that it planned to call Dr. Naveen Kumar and Mr. Mabey in his place. Ex. B (September 15, 2023 Email from A. Porto to K. Gannon).

---

[1] All exhibit references are to those attached to the Declaration of Dan McGonagle ("McGonagle Decl.") filed herewith.

1

3.     Mr. Mabey is a Senior Finance Manager at Google who, according to Google, will testify about the "deployment, use, and cost of TPUs in Google's datacenters and to support the Cloud TPU product." *See* Ex. C (October 5, 2023 Email from A. Porto to D. McGonagle).

4.     By agreement of the Parties, Singular deposed Mr. Mabey on November 9, 2023. Since Mr. Mabey was disclosed late and was not one of the 12 document custodians to which the parties agreed in connection with the ESI Order, ECF No. 68, very few of the many thousands of documents Google produced in this case identify Mr. Mabey as a custodian or otherwise include reference to Mr. Mabey, and only 4 of those documents identify Mr. Mabey as an author. McGonagle Decl. at ¶ 5.

5.     One of the documents Mr. Mabey co-authored is a report entitled: ▮▮▮▮▮ (the "Mabey Report"). Ex. D, GOOG-SING-00240398-00240422. Google's Machine Learning Steering Committee ("MLSC") requested ▮▮▮▮▮ Ex. E, Dep. Trans. of M. Mabey at 53:25-55:19. Prior to Mr. Mabey's deposition on November 9, 2023, neither he nor his co-author, ▮▮▮▮▮, had been deposed.

6.     Based on their analysis, Messrs. Mabey and Sapozhnikov included in the Maybey Report the following recommendation to the MLSC:

▮▮▮▮▮

2

Ex. D at -399; Ex. E, Depo. Trans. of M. Mabey, at 90:12-91:4.

7. The words ▇▇▇▇▇▇ in the first sentence of the recommendation include a hyperlink to another document. *Id*. at 91:9-16. Mr. Mabey testified that he could not recall the document to which he provided the hyperlink. *Id*. at 91:14-19.

8. In one of the several Comments also included in the Mabey Report, Mr. ▇▇▇▇▇ describes the hyperlinked document as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Ex. D at -399 (providing part of Comment 7); and -419 (providing complete text of Comment 7).

9. Based on Mr. ▇▇▇▇▇ description of the document in Comment 7, Singular's counsel attempted to refresh Mr. Mabey's recollection by introducing a May 5, 2020 Google document that analyzes ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Ex. E, Dep. Trans. of M. Mabey at p. 92:10-96:9; Ex. F, GOOG-SING-00027477-00027478 (Mabey deposition exhibit No. 3). Mr. Mabey testified that the ▇▇▇▇▇▇ did not refresh his recollection. Ex. E, Dep. Trans. of M. Mabey at p. 96:3-9. He explained, however, that if given the opportunity, he could identify the hyperlinked document in Google's files. *Id*. at p. 96:10-13 (stating that he "likely could" find the document that's linked at ▇▇▇▇▇▇); *Id*. at p. 103:17-104:14 (explaining what he would have to do to locate the document and explaining that he does not know if it would take more or less than ten minutes to locate the document).

10. At the conclusion of Mr. Mabey's deposition, Singular's counsel explained that he was not closing the deposition and reserved the right to continue Mr. Mabey's deposition after the hyperlinked document was identified. Ex. E, Dep. Trans. of M. Mabey at p. 98:1-5.

3

11. Like the Mabey Report, many of Google's documents include several, if not dozens of hyperlinks to other documents. During discovery, Singular sought the production of documents hyperlinked in eleven documents Google had previously produced. *See* Ex. G (July 25, 2022 Email from A. Bruns to D. McGonagle). In response to that request, Google produced 324 documents. *Id.* In addition, Google later agreed to and did provide a spreadsheet identifying the bates number of the document or documents found at the hyperlinked text within the eleven documents Google previously produced. *Id.*

12. Following Mr. Mabey's deposition, Singular proposed that the Parties take a similar approach to identifying the document hyperlinked at ▆▆▆▆▆▆▆▆▆ in the Mabey Report, which is only one of many hyperlinks in the report. Specifically, Singular offered to close Mr. Mabey's deposition in exchange for Google's agreement to identify or produce the document linked to ▆▆▆▆▆▆▆▆▆ in the Mabey Report and provide a stipulation confirming the identification of the document. Ex. H (November 17, 2023 Email from A. Doherty to D. Shah). Google's counsel refused to produce or otherwise identify the hyperlinked document because Singular had not previously requested the hyperlinked document and because the Parties had agreed to resolve other, unrelated discovery disputes before this issue arose. Ex. I.

13. Google's reasons for withholding the document are nonsensical. By its own admission, Google's late disclosure of Mr. Mabey entitled Singular to discovery, Ex. B (September 15, 2023 Email from A. Porto to K. Gannon) (simultaneously identifying Mr. Mabey as trial witness to replace Dr. Patil and offering his deposition), but it now claims that Singular has no right to learn more about the only document Mr. Mabey authored that is directly relevant to his expected trial testimony and that concerns a topic that is one of the central focuses of the Parties' competing damages experts.

14. The benefits that TPUs provide over GPUs could not be more relevant to the trial in this matter. Singular's damages expert, Philip Green, opines that, ███████████████████████████████████████████████████████████ *See* Ex. I, at p. 65 and 82-83. Google's damages expert, Laura Stamm, will seek to rebut Mr. Green's testimony by opining that ███████████████████████████████████████████ in order to avoid infringement. Ex. J, at ¶ 137.

15. The Mabey Report recommends to Google's Machine Learning Steering Committee (MLSC) that, ████████████████████████████████████████████████████████████████████████████████████████████ Ex. D, at p. -399.

16. Given its willingness to offer Mr. Mabey's deposition, Google's refusal to simply identify the document hyperlinked to "substantial gains" may seem odd, but there is a good reason for its inconsistent positions.

17. The hyperlinked document is almost certain to be the ███████████████ with which counsel attempted to refresh Mr. Mabey's recollection. *See* Ex. F. In that Report, Dr. Patil, who Mr. Mabey is replacing as a trial witness, and another Google engineer and trial witness, Dr. David Patterson, conclude that, ████████████████████████████████████████████████ *See e.g.*, Ex. F at -477 ████████████████████████████████████████████████████████████

18. Singular's damages expert, Mr. Green, relies on the ████████████████ ███████████ row of Table 3 in the ████████████████ to conclude that Google would have

5

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████ *Id*. at -478; Ex. I of Green Report at p. 70, Ex. K to Green Report.[2]

19.     As explained above, in Comment 7 to the Mabey Report, Mr. ████████ describes the hyperlinked document as ███████████████████████████████████████

████████████████ *See* Ex. D at -399 (providing part of Comment 7); *id* at -419 (providing complete text of Comment 7).

20.     That is exactly what the ███████████████████ shows and Singular is not aware of any other document Google produced that fits that description.

21.     Presumably, Google is fighting to avoid identifying the hyperlinked document to conceal from Singular, this Court, and the jury, that its trial witness, Mr. Mabey, relied on the same document that Mr. Green relies on to describe the ████████████ █████████████████████

███████████████████████

22.     But the purpose of a trial is to find the truth, not to conceal relevant evidence from your opponent and the fact finder. Google identified a trial witness late. Singular is entitled to discover information relevant to the witnesses' expected testimony and there are no two documents more relevant to Mr. Mabey's testimony than the Mabey Report and the document hyperlinked to ████████████.

---

[2] Mr. Green relies on the ███████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
████████████████ Ex. F at GOOG-SING-00027477 (explaining that, to perform machine learning training, ███████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████).

23. Google's excuses for not producing or identifying the hyperlinked document are nonstarters. It doesn't matter that Singular asked other witnesses about the Mabey Report and never requested the identification of the hyperlinked document or that Mr. Green cites to the Mabey Report. The fact is that Google identified one of the authors of the document just months before trial and, although he could not recall the document he hyperlinked to his own report, he testified that it would take him as few as 10 minutes to identify it. Ex. E, Dep. Trans. of M. Mabey at p. 103:17-104:14.

24. There is no basis for Google withholding this relevant evidence. The Court should order Google to produce or identify it by bates number as it previously did with respect to 324 other hyperlinks in other Google documents. *See Milgard Mfg., Inc. v. Liberty Mut. Ins. Co.*, No. C13-6024 BHS, 2015 WL 1884069, at *2 (W.D. Wash. Apr. 24, 2015) (granting motion to compel to require production in accessible format that allows party to match emails and documents with their associated attachments and hyperlinks) Ex. L.

For these reasons and the reasons set forth in Singular's Motion, the Court should allow the Motion and order Google (1) to produce or identify by bates number the document on which Mr. Mabey relied to make the above-referenced recommendation, and (2) to stipulate to the identification and authenticity of the document in lieu of a continued deposition.

Dated: December 7, 2023

Respectfully submitted,

*/s/ Daniel McGonagle*
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## **LOCAL RULE 7.1 CERTIFICATION**

I, Dan McGonagle, counsel for Singular Computing LLC, hereby certify that I conferred with counsel for Google LLC to resolve the issues presented in this motion but, after a good faith attempt to reach agreement, the parties were unable to do so.

*/s/ Daniel McGonagle*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Daniel McGonagle*