# EXHIBIT C

| | |
|---|---|
| **From:** | Anna Porto <APorto@keker.com> |
| **Sent:** | Thursday, October 5, 2023 1:19 PM |
| **To:** | Dan McGonagle; Brian Seeve; Christopher S. Sun |
| **Cc:** | Kerry Timbers; Kevin Gannon; Singular; kvp-singular; Nathan R. Speed; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkamber@paulhastings.com |
| **Subject:** | RE: Singular v. Google - Search Terms |

Dan,

Mr. Mabey and Mr. Kumar will testify about the deployment, use, and cost of TPUs and GPUs in Google's datacenters and to support the Cloud TPU product.

Thanks,
Anna

**From:** Dan McGonagle <DMcGonagle@princelobel.com>
**Sent:** Wednesday, October 4, 2023 6:33 AM
**To:** Anna Porto <APorto@keker.com>; Brian Seeve <bseeve@princelobel.com>; Christopher S. Sun <CSun@keker.com>
**Cc:** Kerry Timbers <KTimbers@sunsteinlaw.com>; Kevin Gannon <kgannon@princelobel.com>; Singular <Singular@princelobel.com>; kvp-singular <kvpsingular@keker.com>; Nathan R. Speed <Nathan.Speed@WolfGreenfield.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkamber@paulhastings.com
**Subject:** RE: Singular v. Google - Search Terms

**[EXTERNAL]**

Anna,
Thanks for agreeing to provide the topics for which Mr. Mabey and Mr. Kumar will testify.

Can you provide those tomorrow?

Please let me know.

Thanks,
Dan McGonagle
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, MA 02110
Office: 617.456.8081

**From:** Anna Porto <APorto@keker.com>
**Sent:** Thursday, September 28, 2023 12:19 PM
**To:** Dan McGonagle <DMcGonagle@princelobel.com>; Brian Seeve <bseeve@princelobel.com>; Christopher S. Sun <CSun@keker.com>
**Cc:** Kerry Timbers <KTimbers@sunsteinlaw.com>; Kevin Gannon <kgannon@princelobel.com>; Singular <Singular@princelobel.com>; kvp-singular <kvpsingular@keker.com>; Nathan R. Speed <Nathan.Speed@WolfGreenfield.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com;

mkamber@paulhastings.com
**Subject:** RE: Singular v. Google - Search Terms

Dan,

Our reading of Rule 26(e)(1) is that a party needs to update its disclosures if the additional information "has not otherwise been made known to the other parties during the discovery process our in writing." We assume that this is consistent with Singular's understanding, given that Singular has not updated its own initial disclosures since 2020. To the extent you are seeking the topics that Mr. Mabey and Mr. Kumar will testify about, we can provide those.

We do not currently have authority to accept service of a subpoena on behalf of Mr. Phelps.

Thanks,
Anna

---

**From:** Dan McGonagle <DMcGonagle@princelobel.com>
**Sent:** Monday, September 25, 2023 8:01 AM
**To:** Anna Porto <APorto@keker.com>; Brian Seeve <bseeve@princelobel.com>; Christopher S. Sun <CSun@keker.com>
**Cc:** Kerry Timbers <KTimbers@sunsteinlaw.com>; Kevin Gannon <kgannon@princelobel.com>; Singular <Singular@princelobel.com>; kvp-singular <kvpsingular@keker.com>; Nathan R. Speed <Nathan.Speed@WolfGreenfield.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkamber@paulhastings.com
**Subject:** RE: Singular v. Google - Search Terms

[EXTERNAL]

Anna,
Google identified both Matthew Mabey and Naveen Kumar as knowledgeable witnesses who would be replacing Nishant Patil on Google's witness list. Consistent with Rule 26(e)(1), we ask that Google supplement its Initial Disclosures to identify, at least, these two new witnesses.

Please also let us know if you are willing to accept service of a subpoena for Andrew Phelps.

With regards to your most recent inquiry, we confirm that no search terms were applied in Singular's most recent search of documents from January 1, 2008- December 31, 2008. We reviewed all emails from this timeframe. With this representation and last Friday's production, we don't feel a meet and confer is necessary. If you insist on moving forward with a meet and confer today, please let us know what outstanding issues still need to be addressed.

Thanks,
Dan McGonagle
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, MA 02110
Office: 617.456.8081

---

**From:** Anna Porto <APorto@keker.com>
**Sent:** Friday, September 22, 2023 2:32 PM
**To:** Brian Seeve <bseeve@princelobel.com>; Christopher S. Sun <CSun@keker.com>
**Cc:** Kerry Timbers <KTimbers@sunsteinlaw.com>; Kevin Gannon <kgannon@princelobel.com>; Singular <Singular@princelobel.com>; kvp-singular <kvpsingular@keker.com>; Nathan R. Speed <Nathan.Speed@WolfGreenfield.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com;

mkamber@paulhastings.com
**Subject:** RE: Singular v. Google - Search Terms

Counsel,

Singular represented to the Court on September 11th that it would produce documents last week, and that it would answer our questions about Singular's production later that day.  *See* Status Conf. Tr. at 4 ("In addition, we found some documents that we need to produce, which we'll be producing this week, and we'll be answering some questions that have been asked later today.").  It has been nearly two weeks since the status conference, yet Singular has failed to produce any documents, refused to explain the delay in its production, and failed to even acknowledge our emails requesting an update.  Furthermore, Singular still has not provided the search terms it applied.

We'd like to meet and confer about Singular's document production and search terms on Monday at 10am PT.  Please confirm that you are available.

Best,
Anna

**From:** Anna Porto
**Sent:** Tuesday, September 19, 2023 9:15 PM
**To:** Brian Seeve <bseeve@princelobel.com>; Christopher S. Sun <CSun@keker.com>
**Cc:** Kerry Timbers <KTimbers@sunsteinlaw.com>; Kevin Gannon <kgannon@princelobel.com>; Singular <Singular@princelobel.com>; kvp-singular <kvpsingular@keker.com>; Nathan R. Speed <Nathan.Speed@WolfGreenfield.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkamber@paulhastings.com
**Subject:** RE: Singular v. Google - Search Terms

Counsel,

Could you please provide a response to our email below?  We continue to await the documents Singular said it would produce last week and a list of the search terms Singular applied.

Best,
Anna

**From:** Anna Porto
**Sent:** Monday, September 18, 2023 10:41 AM
**To:** Brian Seeve <bseeve@princelobel.com>; Christopher S. Sun <CSun@keker.com>
**Cc:** Kerry Timbers <KTimbers@sunsteinlaw.com>; Kevin Gannon <kgannon@princelobel.com>; Singular <Singular@princelobel.com>; kvp-singular <kvpsingular@keker.com>; Nathan R. Speed <Nathan.Speed@WolfGreenfield.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkamber@paulhastings.com
**Subject:** RE: Singular v. Google - Search Terms

Brian,

Singular failed to produce any documents last week, despite Singular's representations below and to the Court at the status conference.  Could you please let us know as soon as possible when Singular will produce documents?  We are also still waiting for the response to our question below about the search terms that Singular used, which we first asked three weeks ago.

Best,

Anna

**From:** Brian Seeve <bseeve@princelobel.com>
**Sent:** Monday, September 11, 2023 3:32 PM
**To:** Anna Porto <APorto@keker.com>; Christopher S. Sun <CSun@keker.com>
**Cc:** Kerry Timbers <KTimbers@sunsteinlaw.com>; Kevin Gannon <kgannon@princelobel.com>; Singular <Singular@princelobel.com>; kvp-singular <kvpsingular@keker.com>; Nathan R. Speed <Nathan.Speed@WolfGreenfield.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkamber@paulhastings.com
**Subject:** Re: Singular v. Google - Search Terms

**[EXTERNAL]**

Dear Anna,

As Singular explained in our meet-and-confer on Friday, in some instances, Singular's queries mistakenly omitted emails dated between 1/1/2008 and 1/1/2009 (including documents identified in Google's August 28th letter). Later this week, Singular intends to produce all responsive, non-privileged emails from 2008 that had been omitted from prior productions.

Below please find answers to the questions that you raise in your email below about Singular's collection/production of documents:

- In response to your first question: Singular first became aware that its prior document productions had omitted certain responsive documents on August 30, 2023.
- In response to your second question: We are corresponding with our e-discovery vendor to confirm the exact search terms used to identify responsive documents in Singular's searches. We will provide this information in a follow-up email.
- In response to your third question: Singular does not understand how "the total number of documents that Singular collected from before January 2009" is relevant to this inquiry. This issue relates to the total number of responsive, non-privileged emails from 2008, which, as noted above, Singular intends to produce later this week.

Best,

Brian

**From:** Anna Porto <APorto@keker.com>
**Date:** Friday, September 8, 2023 at 8:37 PM
**To:** Brian Seeve <bseeve@princelobel.com>, "Christopher S. Sun" <CSun@keker.com>
**Cc:** Kerry Timbers <KTimbers@sunsteinlaw.com>, Kevin Gannon <kgannon@princelobel.com>, Singular <Singular@princelobel.com>, kvp-singular <kvpsingular@keker.com>, "Nathan R. Speed" <Nathan.Speed@WolfGreenfield.com>, "wgs-singularv.google@wolfgreenfield.com" <WGS-Singularv.Google@WolfGreenfield.com>, "abhansali@kblfirm.com" <abhansali@kblfirm.com>, "mkamber@paulhastings.com" <mkamber@paulhastings.com>
**Subject:** RE: Singular v. Google - Search Terms

Brian,

Thanks for the productive meet and confers this week on the parties' document production issues.

As we discussed on the call, Google's position remains that the search string Singular proposed, which includes only negative terms, is both inefficient and inconsistent with the Court's instruction that the parties attempt to identify documents that are relevant to the case, rather than merely exclude those that are not.  Revealing the ineffectiveness of Singular's proposed search string, there are hundreds of documents that hit on Singular's proposed terms that are emails to or from people named Bates that are not Dr. Joseph Bates, and thus are, in all likelihood, irrelevant.  Nonetheless, to avoid further dispute, Google will agree to review the documents that hit on Singular's proposed terms that haven't already been reviewed, and produce any non-privileged, responsive documents.

As for Singular's document production, you said that Singular intends to produce approximately 200 previously unproduced documents and provide a revised privilege log.  You explained that these documents were not previously produced because Singular failed to apply the agreed-upon search terms to documents older than January 2009, despite that the relevant time period began in January 2008.  *See* D.I. 68 at 1.  As we discussed on the call, we would like written responses to the following questions related to Singular's document production issues, some of which were also included in our August 28th letter:

- The date on which counsel became aware that responsive documents had been excluded from Singular's production;
- The search terms that Singular applied to identify relevant and responsive documents (both in Singular's original ESI search, and in its most recent search of documents pre-dating January 2009);
- The number of documents that Singular collected from before January 2009.

Thanks,
Anna

---

**From:** Brian Seeve <bseeve@princelobel.com>
**Sent:** Thursday, September 7, 2023 1:44 PM
**To:** Christopher S. Sun <CSun@keker.com>
**Cc:** Kerry Timbers <KTimbers@sunsteinlaw.com>; Kevin Gannon <kgannon@princelobel.com>; Singular <Singular@princelobel.com>; kvp-singular <kvpsingular@keker.com>; Nathan R. Speed <Nathan.Speed@WolfGreenfield.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkamber@paulhastings.com
**Subject:** Re: Singular v. Google - Search Terms

[EXTERNAL]

---

No, **ingularcompu** is correct as typed. Characters in the vicinity of the "@" symbol are often corrupted in the metadata corresponding to certain custodians, so we stayed away from the "s".

Best,

- Brian

---

**From:** "Christopher S. Sun" <CSun@keker.com>
**Date:** Thursday, September 7, 2023 at 4:23 PM
**To:** Brian Seeve <bseeve@princelobel.com>
**Cc:** Kerry Timbers <KTimbers@sunsteinlaw.com>, Kevin Gannon <kgannon@princelobel.com>, Singular <Singular@princelobel.com>, kvp-singular <kvpsingular@keker.com>, "Nathan R. Speed" <Nathan.Speed@WolfGreenfield.com>, "wgs-singularv.google@wolfgreenfield.com" <WGS-Singularv.Google@WolfGreenfield.com>, "abhansali@kblfirm.com" <abhansali@kblfirm.com>,

"mkamber@paulhastings.com" <mkamber@paulhastings.com>
**Subject:** RE: Singular v. Google - Search Terms

Hey Brian,

I'm checking on availability and will get back to you.

One question, is the term *ingularcompu* supposed to be *singularcompu*?

Chris

---

**From:** Brian Seeve <bseeve@princelobel.com>
**Sent:** Thursday, September 7, 2023 1:14 PM
**To:** Christopher S. Sun <CSun@keker.com>
**Cc:** Kerry Timbers <KTimbers@sunsteinlaw.com>; Kevin Gannon <kgannon@princelobel.com>; Singular <Singular@princelobel.com>; kvp-singular <kvpsingular@keker.com>; Nathan R. Speed <Nathan.Speed@WolfGreenfield.com>; wgs-singularv.google@wolfgreenfield.com; abhansali@kblfirm.com; mkamber@paulhastings.com
**Subject:** Re: Singular v. Google - Search Terms

[EXTERNAL]

Hi Chris –

I am available from 1-4PM Eastern. Please let me know if that works for you.

We have been thinking about Google's desire to use "positive" search terms and have developed an approach that combines "positive" and "negative" search terms which might even further narrow the set of documents that Google needs to review for relevance. In addition to the hit counts for "Bates" alone, and Singular's proposed search query from last Friday, it would also be helpful if Google could provide a hit count for the following dtSearch query:

(Bates NOT W/2 ( *sarah* OR *russ* )) AND ( *joebates* OR "Joseph Bates" OR "Joe Bates" OR *ingularcompu* OR "Singular Computing" OR (Bates W/2 web.media.mit.edu ) )

Based on the results of the above query, we can evaluate whether further refinement of the search terms is required. (I will explain Singular's proposed approach further during our call tomorrow, but to be clear: Singular is _not_ proposing that Google's production of documents be limited to the above query).

- Brian

---

**From:** "Christopher S. Sun" <CSun@keker.com>
**Date:** Thursday, September 7, 2023 at 3:17 PM
**To:** Brian Seeve <bseeve@princelobel.com>
**Cc:** Kerry Timbers <KTimbers@sunsteinlaw.com>, Kevin Gannon <kgannon@princelobel.com>, Singular <Singular@princelobel.com>, kvp-singular <kvpsingular@keker.com>, "Nathan R. Speed" <Nathan.Speed@WolfGreenfield.com>, "wgs-singularv.google@wolfgreenfield.com" <WGS-Singularv.Google@WolfGreenfield.com>, "abhansali@kblfirm.com" <abhansali@kblfirm.com>, "mkamber@paulhastings.com" <mkamber@paulhastings.com>
**Subject:** Singular v. Google - Search Terms

Hi Brian,

I was hoping to be able to touch base today, but I'm still running a few things down. So I think it would be more productive to talk tomorrow about our search term negotiation and the issues identified on page 8 of my August 28 letter, as you initially proposed. When are you free?

Thanks,

Chris

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

-------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.