# EXHIBIT H

| | |
|---|---|
| **From:** | Adam Doherty |
| **Sent:** | Monday, December 4, 2023 12:33 PM |
| **To:** | Deeva V. Shah; Dan McGonagle; Christopher S. Sun |
| **Cc:** | kvp-singular; Robert Gilman |
| **Subject:** | Re: Singular v. Google- Meet and Confer |

Deeva,

We plan to file this week (most likely Wednesday) and will request that your opposition be filed within seven days to ensure briefing is closed prior to the pre-trial conference.

Thank you,

Adam

**From:** Deeva V. Shah <DShah@keker.com>
**Date:** Wednesday, November 29, 2023 at 1:53 PM
**To:** Adam Doherty <adoherty@princelobel.com>, Dan McGonagle <DMcGonagle@princelobel.com>, Christopher S. Sun <CSun@keker.com>
**Cc:** kvp-singular <kvpsingular@keker.com>, Robert Gilman <rgilman@princelobel.com>
**Subject:** RE: Singular v. Google- Meet and Confer

Adam,

As we noted in our prior email, Singular has been unable to explain either in correspondence or during our meet-and-confer call why Singular did not request this linked document earlier despite having been aware of GOOG-SING-00240398 for years. Given that Singular has provided no basis for why it is now entitled to this document less than two months before trial—especially given the parties' recent agreement on the resolution of their various outstanding discovery issues—Google will not agree to produce any additional documents.

We agree that the parties' meet-and-confer obligations are satisfied as to the substance of this dispute. Please let us know if you intend to request an expedited briefing schedule.

Thanks,
Deeva

**Deeva V. Shah**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2268 direct | 415 391 5400 main
dshah@keker.com | vcard | keker.com

**From:** Adam Doherty <adoherty@princelobel.com>
**Sent:** Monday, November 27, 2023 7:36 AM

1

**To:** Deeva V. Shah <DShah@keker.com>; Dan McGonagle <DMcGonagle@princelobel.com>; Christopher S. Sun <CSun@keker.com>
**Cc:** kvp-singular <kvpsingular@keker.com>; Robert Gilman <rgilman@princelobel.com>
**Subject:** Re: Singular v. Google- Meet and Confer

**[EXTERNAL]**

Deeva,

As you know, a matter of weeks ago, Google withdrew Dr. Patil as a witness and identified Mr. Mabey as replacing Dr. Patil on Google's witness list. Exhibit 2 is one of only two documents Mr. Mabey authored and we had not previously deposed him or the other author of that document. We took the very reasonable step of asking Mr. Mabey whether he recalled the document that he linked to Exhibit 2. If he had recalled the document, this would be a non-issue, so we did not address it prior to the deposition. Since he could not recall the document at the time of the deposition, we asked whether there were steps he could take to identify the relevant document. He testified that he could do so. At that time, we advised that we were leaving the deposition open and have since made the reasonable proposal that you identify the document (only one of many hyperlinks) in exchange for our agreement not to re-open the deposition.

Please confirm that you agree our meet and confer obligations are satisfied, so that we can file a motion to compel.

Thank you,

Adam

**From:** Deeva V. Shah <DShah@keker.com>
**Date:** Monday, November 20, 2023 at 9:00 PM
**To:** Dan McGonagle <DMcGonagle@princelobel.com>, Christopher S. Sun <CSun@keker.com>
**Cc:** Adam Doherty <adoherty@princelobel.com>, kvp-singular <kvpsingular@keker.com>
**Subject:** RE: Singular v. Google- Meet and Confer

Dan,

I'm following up on the meet-and-confer call we had on Friday related to Mabey Exhibit 2. You asked that Google produce a document linked in GOOG-SING-00240398.

We asked why Singular had not requested the document found at this link at any point since we produced GOOG-SING-00240398 over two years ago. You stated that the "context of the document was not known" to Singular until preparation for the Mabey deposition. We noted that Singular has known about this document since it was produced during fact discovery. As we explained, Singular deposed a Google 30(b)(6) witness about GOOG-SING-00240398 in July 2021, over two years ago (*see* Shafiei Ex. 19). Singular did not request that the linked document be produced before or after that deposition. We also noted that Singular served RFPs requesting linked documents from other produced documents; however, Singular did not serve such a request for documents linked in GOOG-SING-00240398. We also noted that your damages expert cited GOOG-SING-00240398 multiple times throughout his report. Singular did not request the production of any linked documents during expert discovery either. Finally, we asked why Singular didn't raise this issue before the Mabey deposition instead of leaving the deposition open. You were unable to explain why Singular had not made its request earlier despite having been aware of GOOG-SING-00240398 for years.

Instead, you repeated that Singular did not know the context of this document until before the Mabey deposition, which we explained was hard to understand given what we've outlined above. We asked you to explain what you meant by "context," and you could not provide any further explanation. In short, you were unable to provide a basis for why Singular is now entitled to this document less than two months before trial, especially given the parties' recent agreement on the resolution of their various outstanding discovery issues.

Based on your representations during the call, Singular has not provided any rationale for why it is entitled to further document production from Google at this stage, so we will not agree to produce any additional documents.

**Deeva V. Shah**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2268 direct | 415 391 5400 main
dshah@keker.com | vcard | keker.com

**From:** Dan McGonagle <DMcGonagle@princelobel.com>
**Sent:** Friday, November 17, 2023 11:11 AM
**To:** Deeva V. Shah <DShah@keker.com>; Christopher S. Sun <CSun@keker.com>
**Cc:** Adam Doherty <adoherty@princelobel.com>
**Subject:** Singular v. Google- Meet and Confer

**[EXTERNAL]**

Deeva and Chris,
I am following up regarding our meet and confer.

Our request is to produce or identify the document embedded via hyperlink to the word "substantial gains" appearing in GOOG-SING-00240398 at -399. We also want a stipulation that verifies that the produced document is the one available at the link. Once we have this information, we will not seek to reopen Mr. Mabey's deposition.

As I mentioned, the nature and context of the document only became apparent during preparation for the deposition of Mr. Mabey. He was presented for the first-time last week so prior representations by Mr. Timbers regarding document discovery are not relevant as this issue arose after such representations were made.  I note that this request is limited to a single document available at a hyperlink. The only way to discern what document is available at that link is if you so indicate. The document in question is one of many hyperlinks available in GOOG-SING-00240398, nonetheless, our request is limited in nature.

You indicated that you had to check with your team to discern if you were going to provide the requested material. We request a response by Tuesday November 21st. If you are not amenable to producing the document, please confirm that you consider the meet and confer requirement to be satisfied as required by the Local Rules.

Thanks,
Dan

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

------------------------------

3

IRS Circular 230 Disclosure: Any federal tax advice or
information included in this message or any attachment is
not intended to be, and may not be, used to avoid tax
penalties or to promote, market, or recommend any
transaction, matter, entity, or investment plan discussed
herein. Prince Lobel Tye LLP does not
otherwise by this disclaimer limit you from disclosing the tax
structure of any transaction addressed herein.

4