UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>               Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>               Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO SINGULAR'S
MOTION *IN LIMINE* NO. 1**

The Patent Trial and Appeal Board ("PTAB") found many claims of Singular's two remaining asserted patents to be unpatentable, while also finding that certain dependent claims requiring that the number of LPHDR execution units exceed by a certain amount the number of 32-bit execution units ("exceeds" limitation claims) had not been proven obvious. Google agrees with Singular (Mot. at 1-2) that evidence and argument related to the PTAB's findings regarding the "exceeds" limitation claims should not be introduced during the trial because those findings are subject to a pending Federal Circuit appeal. The PTAB's unpatentability findings for the canceled claims, however, are now final and should be admissible to rebut any argument from Singular that is inconsistent with those findings.

The procedural posture of the two different sets of claims is critical. Although the PTAB's findings regarding the "exceeds" claims are not yet final in view of Google's pending Federal Circuit appeal, the PTAB's unpatentability findings regarding the other claims are ***final*** and will not change. Singular appealed the PTAB's unpatentability findings, but subsequently dismissed its appeals. The Federal Circuit then issued its mandate, formally ending those appeals. Singular's appellate options are now exhausted. There is no uncertainty with the claims that the PTAB found unpatentable–they are ***canceled*** and ***no longer enforceable***. All that remains to be done is the "ministerial act" of formal cancellation under 35 U.S.C. § 318(b). *Sling TV, LLC v. Realtime Adaptive Streaming LLC*, 840 F. App'x 598 (Fed. Cir. 2021).

The indisputable fact that certain of Singular's claims have been canceled by the Patent Office is, at a minimum, relevant rebuttal evidence. *See G.W. Lisk Co. v. Power Packer N. Am., Inc.*, No. 4:17-cv-00273, 2023 WL 3680079, at *2 (S.D. Iowa Apr. 13, 2023) ("The cancellation of claims, which define the scope of the patent, is relevant to liability and damages."). As one practical example, Singular asserts claim 7 of the '156 patent. That claim is a dependent claim that depends from independent claim 1. The PTAB found independent claim 1 unpatentable and that claim is thus ***canceled***. As a matter of fundamental fairness, if Singular suggests to the jury that Dr. Bates was the first to invent the subject matter of canceled claim 1, then Google should be permitted to offer as rebuttal evidence the fact that the Patent Office canceled that

1

claim.  Absent such rebuttal evidence, the jury would potentially be misled to believe that Dr. Bates invented the subject matter recited in the canceled claim–and he indisputably did not.

To be clear, Google will not introduce the PTAB's findings regarding the canceled claims unless Singular introduces evidence or argument that contradicts or is inconsistent with those findings.[1]  For example, were Singular to introduce evidence or argument that Dr. Bates invented the concept of LPHDR arithmetic or LPHDR execution units broadly, then Google should be permitted to explain to the jury (either via cross-examination or through its experts) that the Patent Office has found that "low-precision arithmetic–including LPHDR multiplication–was not novel" and that the prior art "teaches [an] LPHDR execution unit performing the recited reduced precision arithmetic."  Dkt. No. 361-21 at 43, 49.  Google need not tell the jury about the particular process by which a claim was canceled or in what context the Patent Office made its fact finding, but it should be permitted to inform the jury that the Patent Office canceled the claim and made particular fact findings in so doing, in order to rebut any suggestion by Singular that Dr. Bates invented the subject matter of a canceled claim.

Google's concern is not speculative.  As set forth more fully in Google's motion *in limine* #9, Singular has repeatedly sought to characterize Dr. Bates' alleged invention as low-precision high-dynamic range arithmetic ***generally***, untethered to the numerical requirements set forth in the two asserted "exceeds" claims.  *See* Dkt. No. 630 at 30–33.  And Google expects that Singular's claims of willful infringement case will similarly be untethered to the narrow alleged invention recited in the "exceeds" claims.  *See, e.g.*, *id.* at 2–7 (Google's MIL #2).  By overly simplifying and broadening Dr. Bates' alleged invention, Singular creates significant peril that the jury will be wrongly led to believe that Dr. Bates invented something he did not, and Google should be permitted to remedy any such confusion through reference to the PTAB's findings.

---

[1] As explained in Google's motion *in limine* #9, Singular should not be permitted to introduce such evidence or argument.  If Google's motion *in limine* #9 is granted, then Singular's MIL #1 largely becomes moot.

2

At a high level, this issue is little different than if an inventor had an independent claim to a car and a dependent claim that limited the car to one with three rows of seats. If the Patent Office canceled the independent claim to the car as unpatentable, then the inventor should not later be permitted to tell a jury that he invented the car because his invention is not the car, it's a car with three rows of seats. Dr. Bates likewise should not be permitted to claim credit for an "idea"—LPHDR arithmetic and LPHDR execution units—that he did not invent.

Singular cites several cases excluding evidence of *inter partes* review proceedings. Mot. at 1–3. Those cases, however, are all readily distinguishable because each involved an *inter partes* review trial that either (**a**) never even reached a final written decision, or (**b**) such a decision was reached but was not final because it was still subject to appeal. *See Ivera Med. Corp. v. Hospira, Inc.,* No. 14-cv-1345, 2015 WL 11529819, at *1 (S.D. Cal. July 21, 2015) (excluding IPR evidence where "proceedings were dismissed" after institution and thus "[t]he parties never fully briefed the issues and the PTAB never rendered a decision"); *ABS Glob., Inc. v. Inguran, LLC*, No. 14-cv-503, 2016 WL 4009987, at *3 (W.D. Wis. July 25, 2016) ("[patentee] seeks to exclude evidence of IPR proceedings…which are currently pending on appeal"); *Personalized Media Commc'ns. LLC v. Zynga, Inc.*, No. 2:12-cv-00068, 2013 WL 10253110 at *1 (E.D. Tex. Oct. 30, 2013) (excluding evidence of "pending *Inter Partes Review*"); *Personalized User Model, L.L.P. v. Google Inc.*, C.A. No. 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (excluding evidence of "reexamination proceedings" where "appeal rights have not been exhausted"); *Vaporstream, Inc. v. Snap Inc.*, No. 2:17-cv-00220, 2020 WL 978731, at *8 (C.D. Cal. Feb. 28, 2020) (excluding evidence of IPR proceedings that were subject of pending appeal, *see Vaporstream, Inc. v. Snap, Inc.*, Case No. 19-2231, Dkt. No. 49 (Fed. Cir. Jan. 23, 2020)); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452, 2022 WL 2800911, at *1 (D. Del. Jun. 27, 2022) (Bryson, J.) (excluding evidence of IPR proceedings that were subject of pending appeal, *see IOENGINE, LLC v. Ingenico Inc.*, Case No. 21-1227, Dkt. No. 42 (Fed. Cir. Feb. 9, 2022)); *Oil-Dri Corp. v. Nestle Purina Petcare Co.*, No. 15 C 1067, 2019 WL 5206273, at *1 (N.D. Ill. Mar. 13, 2019) (excluding evidence due to "the

3

somewhat complicated procedural history of the IPR" including "a remand by the Federal Circuit" and where the remanded PTAB trial was still ongoing, *see Nestle Purina Petcare Co. v. Oil-Dri Corp. of Am.*, IPR2015-00737). None of Singular's cases involve a decision from the PTAB that was final and not subject to further appellate review. Singular's caselaw is therefore inapplicable to the canceled claims.

In contrast, where appellate proceedings have concluded for relevant claims, or where no appeal was filed, district courts often permit defendants to introduce evidence regarding those proceedings to rebut arguments that the patent owner may make that would be inconsistent with the outcome of those proceedings. *See*, *e.g.*, *G.W. Lisk Co.*, 2023 WL 3680079, at *1–2 (permitting evidence of "cancellation of certain patent claims" and noting "[t]he cancellation of claims, which define the scope of the patent, is relevant to liability and damages" where IPR appeals had concluded (*see Power Packer N. Am. Inc. v. G.W. Lisk Co.*, No. 20-1250, Dkt. No. 48 (Fed. Cir. Apr. 13, 2021); *Power Packer N. Am. Inc. v. G.W. Lisk Co.*, No. 19-1902, Dkt. No. 48 (Fed. Cir. May 20, 2021))); *Hillman Grp., Inc. v. KeyMe, LLC*, No. 2:19-cv-00209-JRG, 2021 WL 1248180, at *3 (E.D. Tex. Mar. 30, 2021) (permitting evidence of "the substantive effect of the IPR proceedings" and also allowing "materials from the IPR" that are "otherwise admissible into evidence and permissible before the jury (e.g., as part of KeyMe's defense against willfulness or to impeach Hillman with a prior inconsistent statement)" where no appeal was filed from IPR proceedings (*see The Hillman Group, Inc. v. Minute Key Inc.*, IPR2015-01154)).

                                      Respectfully submitted,

Dated:  December 13, 2023        By:    */s/ Nathan R. Speed*
                                                        Gregory F. Corbett (BBO #646394)
                                                        gcorbett@wolfgreenfield.com
                                                        Nathan R. Speed (BBO #670249)
                                                        nspeed@wolfgreenfield.com
                                                        Elizabeth A. DiMarco (BBO #681921)
                                                       edimarco@wolfgreenfield.com
                                                        Anant K. Saraswat (BBO #676048)
                                                       asaraswat@wolfgreenfield.com

WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
Rachael E. Meny (admitted *pro hac vice*)
rmeny@keker.com
Kaiyi A. Xie (admitted *pro hac vice*)
kxie@keker.com
Eric K. Phung (admitted *pro hac vice*)
ephung@keker.com
Spencer McManus (admitted *pro hac vice*)
smcmanus@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Michael S. Kwun (*pro hac vice*)
mkwun@kblfirm.com
Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
(415) 630-2350

Matthias A. Kamber (*pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS, LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
(415) 856-7000

Ginger D. Anders (*pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (*pro hac vice*)
kain.day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100

Jordan D. Segall (*pro hac vice*)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
(213) 683-9100

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                   /s/ *Nathan R. Speed*
                                                   Nathan R. Speed