**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551 FDS |
| Plaintiff, | |
| v. | Hon. F. Dennis Saylor IV |
| GOOGLE LLC, | |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO SINGULAR'S**
**MOTION *IN LIMINE* NO. 2**

Singular's motion *in limine* No. 2 seeks to preclude Google from "arguing that damages are limited to the value that is attributable solely to the 'exceeds' limitation of the asserted claims." *See* Mot. at 1 (Dkt. No. 616). Singular asserts that the opinion of Google's damages expert Laura Stamm is "legally incorrect" because Ms. Stamm states that "the key and only relevant limitation by which to assess the benefits of the Asserted Claims to the Accused Products is [the] exceeds limitation." *See id.* (citing Stamm Rpt. ¶ 33 (filed under seal at Dkt. No. 616-1)). Singular is wrong. Ms. Stamm's damages opinion is the product of reliable principles and methods, and based on a correct interpretation of the applicable legal standards. Thus, for that reason and those discussed below, Singular's motion should be denied.

First, to the extent Singular's motion would limit the testimony of either Ms. Stamm or another expert, the motion is untimely. The Court set a deadline of April 28, 2023, for *Daubert* motions. Dkt. No. 458. Singular filed a *Daubert* motion as to Ms. Stamm, but it sought to exclude only a portion of her report, which related to her opinion regarding the bfloat20 non-infringing alternative. *See* Dkt. No. 466-1. Google opposed that motion (Dkt. No. 509), which is still pending. Significantly, Singular's *Daubert* motion did *not* take issue with the portion of Ms. Stamm's opinion that Singular now complains about, namely, what she relied on as the patented invention for her opinions regarding apportionment. *See* Dkt. No. 466-1. Singular should not be permitted a second bite at the *Daubert* apple through a thinly disguised motion *in limine*. *See, e.g.*, *Great Am. Ins. Co. of N.Y. v. Midland Chin Baptist Church*, No. MO:20-CV-25, 2022 WL 18046718, at *2 (W.D. Tex. Feb. 3, 2022) (denying motion *in limine* regarding expert testimony in part because "the deadline for *Daubert* motions ha[d] passed"); *Rybas v. Riverview Hotel Corp.*, No. ELH-12-03103, 2015 WL 11027598, at *3 (D. Md. Feb. 4, 2015) (denying motion *in limine* seeking to exclude expert testimony as an untimely *Daubert* challenge requiring "a preliminary assessment by the Court as to the methodology, foundation, and scientific validity of the expert's opinions"); (*Penthouse Owners Assoc., Inc. v. Certain Underwriters at Lloyd's, London*, No. 1:07-CV-568-HSO-RSW, 2011 WL 13073684, at *2 (S.D. Miss. Feb. 9, 2011)

(denying motion *in limine* to exclude expert testimony and finding challenge to expert testimony waived after deadline for *Daubert* motions had passed).

Second, as to the only specific evidence that Singular identifies in its motion, *i.e.*, Ms. Stamm's opinion, Singular ignores the context of her opinion, and based on that, applies the wrong legal standard. The relevant context of the cited portion of Ms. Stamm's opinion is that she is criticizing the ***apportionment*** opinion of Singular's expert Dr. Khatri. It is well settled that apportionment requires isolating the value of the patented improvement from the conventional features. *See Omega Patents, LLC v. CalAmp Corp.*, 13 F.4th 1361, 1377 (Fed. Cir. 2021) (requiring apportionment between "patented improvement and the conventional components of the [accused] multicomponent product"). Thus, where, as here, the accused device indisputably included "conventional components that are not the inventive aspects of the [asserted] patent[s]," the Federal Circuit has affirmed exclusion of a damages opinion that "failed to show the incremental value that its patented improvement added to the [accused device] as apportioned from the value of any conventional features." *Id.* at 1377–78; *see also Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 975 (Fed. Cir. 2022) (expert opinion should not have been presented to the jury where testimony conflated the patented technology with what inventors admittedly did not invent). In line with the apportionment standard set forth by the Federal Circuit, Ms. Stamm properly criticized Dr. Khatri for failing to take into account that the only patented improvement of the asserted claims after the IPR rulings is the "exceeds"[1] limitation. *See* Stamm Rpt. ¶ 33 (filed under seal at Dkt. No. 616-1). Thus, Ms. Stamm's critique of Dr. Khatri's opinion was entirely proper and consistent with the applicable legal standard.

Third, Ms. Stamm's opinion is based on Dr. Khatri's failure to distinguish *at all* between the patented improvement and "various unpatented and prior art contributions." *See id.* Singular's arguments and authorities regarding the scope of damages for a "multi-limitation

---

[1] In June 2022, the PTAB determined that claims in the asserted patents directed to LPHDR execution units were obvious over the prior art and thus unpatentable. *See* Dkt. Nos. 361-19 at 25–26, 85; 361-21 at 25, 83.

claim" have no bearing on whether Ms. Stamm's opinion regarding Dr. Khatri's apportionment analysis is somehow improper. *See* Mot. at 2–3. Her criticism of Dr. Khatri is that he failed to isolate "various unpatented and prior art contributions" *at all*. This criticism applies equally whether the sole patented improvement is the "exceeds" limitation or whether Singular asserts the patented improvement comprises the exceeds limitation combined with other claim elements.  Moreover, to the extent Singular disagrees about Ms. Stamm's application of the proper legal standard, it can address that through cross-examination.

Finally, Singular's motion is inconsistent with the PTAB's determination that the claims in the asserted patents directed to LPHDR execution units were obvious over the prior art and thus unpatentable. *See supra* n.1. Singular did not appeal that ruling and is thus bound by the PTAB's decision, and cannot assert arguments to the contrary. *See Intell. Ventures I, LLC v. Lenovo Grp. Ltd.*, 370 F. Supp. 3d 251, 256 (D. Mass. 2019) ("A final judgment from the PTAB on the invalidity of a patent claim has an issue-preclusive effect on any pending actions involving that patent."). Thus, to the extent Singular's motion challenges the propriety of Ms. Stamm's opinion based on the fact that her conclusions stem from the effect of the PTAB's ruling, that challenge is meritless. Further, to the extent Singular's motion suggests that it should be able to argue that the patented improvement in the asserted claims is the LPHDR execution unit itself, rather than the exceeds claims (which incorporates the LPHDR execution unit along with other requirements), such argument would conflict with the scope of the claims, as established by the binding ruling of the PTAB.[2]

---

[2] Singular's motion appears to misstate the court's decision in *Sanofi-Aventis Deutschland GmbH v. Glenmark Pharms. Inc., USA*, No. 07-CV-5855, 2011 WL 383861, at *4 (D.N.J. Feb. 3, 2011). Contrary to Singular's characterization of the decision as "excluding damages expert's testimony that was 'based on an incorrect legal standard,'" *see id.* at 1, the court **denied the plaintiff's motion *in limine* seeking to exclude the challenged damages expert's testimony**. *See Sanofi-Aventis,* 2011 WL 383861, at *4–5.

Accordingly, the Court should deny Singular's motion *in limine* because it constitutes an untimely *Daubert* challenge; and to the extent the Court considers the motion on the merits, Singular fails to show that Ms. Stamm's opinion is improper.

Respectfully submitted,

Dated:  December 13, 2023        By:   /s/ Nathan R. Speed
                                            Gregory F. Corbett (BBO #646394)
gcorbett@wolfgreenfield.com
Nathan R. Speed (BBO #670249)
nspeed@wolfgreenfield.com
ElizabethA. DiMarco (BBO #681921)
edimarco@wolfgreenfield.com
Anant K. Saraswat (BBO #676048)
asaraswat@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
Rachael E. Meny (admitted *pro hac vice*)
rmeny@keker.com
Kaiyi A. Xie (admitted *pro hac vice*)
kxie@keker.com

4

Eric K. Phung (admitted *pro hac vice*)
ephung@keker.com
Spencer McManus (admitted *pro hac vice*)
smcmanus@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Michael S. Kwun (*pro hac vice*)
mkwun@kblfirm.com
Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
(415) 630-2350

Matthias A. Kamber (*pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS, LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
(415) 856-7000

Ginger D. Anders (*pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (*pro hac vice*)
kain.day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100

Jordan D. Segall (*pro hac vice*)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
(213) 683-9100

*Counsel for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

*/s/ Nathan R. Speed*
Nathan R. Speed