UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 1:19-cv-12551 FDS <br><br> Hon. F. Dennis Saylor IV |

# DEFENDANT GOOGLE LLC'S OPPOSITION TO SINGULAR'S MOTION *IN LIMINE* NO. 3

Singular has moved *in limine* to preclude Google from comparing the accused TPU chips to Singular's S1 prototype, the specification of its patents, or the prior art. *See* Dkt. 618. It argues that Google may not compare the accused products to any of those things for purposes of contesting infringement. But Google does not intend to compare the accused products to the S1, the specification, or the prior art to argue noninfringement. And Federal Circuit law does not preclude *all* comparisons between the accused products and the S1, the specification, or the prior art. The Court should thus deny the motion *in limine* to the extent that it would prevent Google from making any such comparisons for purposes other than noninfringement arguments.

*First*, Google should be permitted to compare the accused products to the S1. Federal Circuit case law "does not contain a blanket prohibition against comparing the accused product to a commercial embodiment." *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1288 (Fed. Cir. 2010). None of the authorities Singular cites holds that *any* comparison of an accused product to a patentee's product is improper; instead, they recite the general principle that such comparisons are inappropriate for purposes of an *infringement analysis*. *See, e.g.*, *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994) (impermissible for patentee-defendant to argue that accused compound infringed by comparing sample of patented material with accused compound); *AquaTex Indus. v. Techniche Sols.*, 479 F.3d 1320, 1328 (Fed. Cir. 2007) (error for district court to rely on features not disclosed in the patent (and instead listed on plaintiff's website) to conclude that product did not infringe under doctrine of equivalents); *Cal. Expanded Metal Prods. Co. v. Klein*, 426 F. Supp. 3d 730, 747 (W.D. Wash. 2019) (defendant precluded from arguing noninfringement by comparing effectiveness of accused product to patentee's product). Google does not intend to offer a comparison between the TPUs and the S1 for that purpose.

But Google should be allowed to offer a comparison between the S1 and its TPUs on other issues, including but not limited to rebutting arguments regarding willfulness and secondary considerations. To prove willful infringement, Singular must "show [that Google] had a specific intent to infringe at the time of the challenged conduct." *Bayer HealthCare LLC v.*

1

*Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021). In an effort to show specific intent, Singular has indicated that it may offer evidence that purports to show instances in which Dr. Bates disclosed or showed the S1 to employees at Google X (a group distinct from those developing the TPUv2 or TPUv3) and argue that Google thereafter copied or imitated the S1. *See, e.g.*, Dkt. 628 at 2-3 (making arguments about disclosure of the S1). Singular may make similar arguments to show nonobviousness, as copying is one of the objective indicia of nonobviousness. *See Volvo Penta of the Ams., LLC v. Brunswick Corp.*, 81 F.4th 1202, 1213 (Fed. Cir. 2023). Google must be allowed to respond to those arguments, should Singular make them, by explaining how the S1 and TPUv2 and v3 chips are dissimilar, such that any disclosures are not evidence of copying for purposes of willfulness or secondary considerations.

***Second***, Google should not be precluded from making references to preferred embodiments in the patent specification for purposes other than arguing noninfringement. As Singular's own authorities recognize, experts "are not precluded from making any reference whatsoever to patent specifications . . . ." *EMC Corp. v. Pure Storage, Inc.*, No. 13-1985-RGA, 2016 WL 775742, at *4 (D. Del. Feb. 25, 2016); *Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492-RWS-KNM, 2017 WL 11630635, at *3 (E.D. Tex. Sep. 14, 2017) ("Courts allow experts to testify regarding preferred embodiments to educate the jury about [the] teachings of the patent itself.").[1] While Google does not intend to offer any comparison to the specification to argue noninfringement, its experts may make reference to the specification for other purposes.

***Third***, Google should not be precluded from placing the accused products in the context of the prior art to argue issues other than noninfringement. For example, at trial Google intends

---

[1] Singular's remaining cases stand for the uncontroversial general proposition that you cannot determine infringement by comparing the accused products with preferred or commercial embodiments. *See SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985); *Johnson & Johnson Assocs., Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002); *Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 870 (Fed. Cir. 1985); *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1286 (Fed. Cir. 2002).

to offer evidence showing the independent development of the TPU technology. Discussion of this evidence necessarily requires Google to reference preexisting technology—which could be considered prior art—to explain how the TPU improved upon that technology. Singular's authorities once again hold only that such a comparison is impermissible when raised as a defense to infringement. *See* Dkt. 618 at 2 (citing, for example, *Tate Access Floors v. Interface Architectural Res.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002) ("[T]here is no 'practicing the prior art' defense to literal infringement.")).[2]

For the foregoing reasons, the Court should deny Singular's third motion *in limine* to the extent that it would preclude Google from offering comparisons between the accused products and the S1, preferred embodiments, or prior art for any purpose.

Respectfully submitted,

Dated:  December 13, 2023       By:     /s/ *Nathan R. Speed*
                                        Gregory F. Corbett (BBO #646394)
                                        gcorbett@wolfgreenfield.com
                                        Nathan R. Speed (BBO #670249)
                                        nspeed@wolfgreenfield.com
                                        ElizabethA. DiMarco (BBO #681921)
                                        edimarco@wolfgreenfield.com
                                        Anant K. Saraswat (BBO #676048)
                                        asaraswat@wolfgreenfield.com
                                        WOLF, GREENFIELD & SACKS, P.C.
                                        600 Atlantic Avenue
                                        Boston, MA 02210
                                        Telephone: (617) 646-8000
                                        Fax: (617) 646-8646

                                        Robert Van Nest (admitted *pro hac vice*)
                                        rvannest@keker.com
                                        Michelle Ybarra (admitted *pro hac vice*)

---

[2] *See also Abiomed, Inc. v. Maquet Cardiovascular, LLC*, 566 F. Supp. 3d 59, 84 (D. Mass. 2021); *Ecolab, Inc. v. Paraclipse, Inc.*, 285 F.3d 1362, 1377 (Fed. Cir. 2022) (similar); *Contentguard Holdings, Inc. v. Google, Inc.*, 701 F. App'x 963, 966 (Fed. Cir. 2017) (similar); *Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-cv-03597-WHO, 2018 WL 6727826, at *18 (N.D. Cal. Dec. 21, 2018) (similar).

mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
Rachael E. Meny (admitted *pro hac vice*)
rmeny@keker.com
Kaiyi A. Xie (admitted *pro hac vice*)
kxie@keker.com
Eric K. Phung (admitted *pro hac vice*)
ephung@keker.com
Spencer McManus (admitted *pro hac vice*)
smcmanus@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Michael S. Kwun (*pro hac vice*)
mkwun@kblfirm.com
Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
(415) 630-2350

Matthias A. Kamber (*pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS, LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
(415) 856-7000

Ginger D. Anders (*pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (*pro hac vice*)
kain.day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100

Jordan D. Segall (*pro hac vice*)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
(213) 683-9100

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                          */s/ Nathan R. Speed*
                                          Nathan R. Speed