**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551 FDS |
| Plaintiff, | |
| v. | Hon. F. Dennis Saylor IV |
| GOOGLE LLC, | |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO SINGULAR'S**
**MOTION *IN LIMINE* NO. 4**

Singular's "motion *in limine*" No. 4 is not a motion *in limine* at all. It is in fact a (belated) motion for summary judgment of no invalidity masquerading as an evidentiary motion. Singular makes no evidentiary arguments, much less cite any evidentiary rules or principles. Instead, Singular overtly asks the Court to survey the evidence and hold that Google cannot "carry its burden to show that the 'VFLOAT system' was publicly known or used as required by § 102." Dkt. 619 ("Mot.") at 3. Asking the Court to determine as a matter of law that Dr. Leeser's VFLOAT system does not constitute invalidating prior art is a paradigmatic summary judgment request. Not only has the time for Singular to seek summary judgment long passed, a purported evidentiary motion is not an appropriate vehicle to "pierce the pleadings" and "assess the proof in order to see whether there is a genuine need for trial" on the prior art status of the VFLOAT system, *Carrozza v. CVS Pharmacy, Inc.*, 992 F.3d 44, 56 (1st Cir. 2021)—not least because a motion *in limine* lacks the procedural protections that accompany summary judgment motions, such as the requirement to "view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."[1] *Penate v. Sullivan*, 73 F.4th 10, 17 (1st Cir. 2023).

Singular does not cite a single case granting the kind of relief it seeks via an evidentiary motion, because there are none. To the contrary, courts routinely reject summary judgment arguments disguised as motions *in limine*,[2] and the Federal Circuit has agreed that it is improper

---

[1]  Had Singular properly and timely raised its arguments at summary judgment, Google would also have had an appropriate time to respond—i.e., 21 days rather than the 6 days afforded here to respond to *in limine* motions. *See* Local Rule 56.1.

[2]  *See, e.g.*, *SPEX Techs. v. Apricorn, Inc.*, No. 16-07349, 2020 WL 1289546, at *1 (C.D. Cal. Jan. 21, 2020) ("declin[ing] to address" merits of claim via motion *in limine* "because it amounts to a stealth summary judgment motion without the protections and requirements of such a motion"); *Venture Corp. Ltd. v. Barrett*, No. 5:13-cv-03384, 2015 WL 2088999 (N.D. Cal. May 5, 2015) (denying motions *in limine* as "untimely dispositive motions"); *Variable Annuity Life Ins. Co. v. Laeng*, 8:12-CV-2280, 2013 WL 3992418, at *3 (M.D. Fla. Aug. 2, 2013) (finding motion *in limine* to be "nothing more than disguised [] summary judgment motion which is improper"); *Medtronic Vascular v. Abbott Cardiovascular Sys., Inc.*, No. C 06-1066, 2009 WL 2171058, at *1 (N.D. Cal. July 17, 2009) (finding it "wholly improper" to use motion *in limine* "to argue for the very first time substantive arguments that should have been raised on . . . summary judgment").

to use evidentiary motions to evaluate the sufficiency of evidence and resolve a claim or defense.[3] In fact, courts routinely reject motions *in limine* that make arguments <u>nearly identical</u> to Singular's here, and do so for the same reasons described above. In *In re Depomed Patent Litigation*, No. 2:13-CV-04507, 2016 WL 743374 (D.N.J. Feb. 22, 2016), for example, the court rejected a putative motion *in limine* that sought to "exclude evidence and argument regarding references that [the plaintiffs] allege are not prior art"—just like Singular seeks to do here— explaining that "[a]n *in limine* motion is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because that is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." *Id.* at *1. In *IGT v. Alliance Gaming Corp.*, No. 2:04-CV-1676-RCJ-RJJ, 2008 WL 11450935 (D. Nev. Oct. 21, 2008), the court likewise rejected the plaintiff's motion *in limine* seeking to "exclude a number of prior art references" on the ground that "such references do not constitute prior art." *Id.* at *7. The court rejected the motion as "nothing more than a stealth summary judgment motion asking the Court to make a determination whether there are genuine issues of material fact regarding the status of the disputed references as prior art," explaining that a motion *in limine* "is not the appropriate vehicle for resolving a question of fact." *Id.* (quotations omitted). And the list could go on. *See Cirba Inc. v. VMware, Inc.*, No. 19-742-LPS, 2020 WL 1316464, at *2 (D. Del. Jan. 6, 2020) ("[Plaintiff's] motion is more akin to a motion for summary judgment, as it contends that there is not sufficient evidence from which a reasonable jury could find corroboration [of the prior art]. . . . [Plaintiff's] arguments are all based on the premise (which the Court at this time is not accepting) that [defendant] cannot sustain its burden

---

[3] *See Meyer Intell. Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1378 (Fed. Cir. 2012) ("[W]e conclude that the district court erred in addressing the sufficiency of Bodum's inequitable conduct defense on an evidentiary motion. We agree with Bodum that the district court essentially converted Meyer's motion *in limine* into a motion for summary judgment. In doing so, the court did not allow for full development of the evidence and deprived Bodum of an opportunity to present all pertinent material to defend against the dismissal of its inequitable conduct defense.").

on its § 102(g) defense."). In short, Singular's motion is procedurally improper given the arguments it makes and relief it seeks, and should be denied for that reason alone.

But even if the Court were to wade into the merits of Singular's argument as if it were properly raised at summary judgment, genuine disputes of material fact would require denial. Singular's motion is rife with omissions, citation-free mischaracterizations of the record, and immaterial "facts," including the following claims: "Google has [] no evidence to support a finding that [the VFLOAT system] constitutes prior art," Mot. at 1 (Google has ample evidence to support such a finding, which is summarized in Dr. Leeser's report and which Google will present at trial through testimony and documents, *see* Dkt. 394 ¶¶ 1–26); "The parties do not dispute that 'the VFLOAT system' existed only for a brief time period," Mot. at 1 (Google disputes this, and Dr. Leeser will explain at trial the extensive use of her workstation); "Google has provided no evidence identifying exactly when this system existed," *id.* (This information is set forth in Dr. Leeser's report and she will testify accordingly at trial); "Google . . . has not shown that it was accessible to the public," *id.* (Dr. Leeser will explain, as set forth in her report, how the use and knowledge of the VFLOAT system was publicly accessible); the system "was not demonstrated, described, disclosed, or otherwise made known to the public," *id.* (Dr. Leeser will identify, explain, and corroborate numerous public disclosures related to her work); "Dr. Leeser admits that her laboratory was accessible only to a select few members of her own science department at Northeastern University," *id.* at 5 (False, but also immaterial); "It was not accessible to the Northeastern University community at large," *id.* at 5–6 (False, but also immaterial). Google, in other words, intends to present extensive evidence that clearly establishes the VFLOAT system as invalidating prior art to Singular's patents.[4]

---

[4] Even (improperly) accepting Singular's version of facts, however, the VFLOAT system would qualify as prior art under the "known or used by others" prong of 35 U.S.C. § 102(a), as Singular's own cited authority reflects. *See BASF Corp. v. SNF Holding Co.*, 955 F.3d 958, 965 (Fed. Cir. 2020) ("SNF is correct that prior knowledge and use by a single person is sufficient."); *UCB, Inc. v. Watson Labs. Inc.*, 927 F.3d 1272, 1289 (Fed. Cir. 2019) ("Prior knowledge and use by a single person is sufficient.").

Moreover, Singular focuses only on public knowledge and use under 35 U.S.C. § 102(a)–102(b) and ignores that Google's invalidity defense is also based on Section 102(g)(2), under which a claim is invalid if, "before [the] invention thereof," the invention "was made in this country by another inventor who had not abandoned, suppressed, or concealed it." 35 U.S.C. § 102(g)(2). "[U]nlike a defense under section 102(a) where prior knowledge and use must be 'public' at the time the patented invention is made . . . , prior invention under section 102(g) requires only that the invention be complete, i.e., conceived and reduced to practice, and not abandoned, suppressed or concealed." *Int'l Glass Co. v. United States*, 408 F.2d 395, 402 (Ct. Cl. 1969). Thus, even accepting, for the sake of argument, Singular's distortions of the record and corresponding arguments about the lack of public knowledge or use under Section 102(a) and (b), its arguments do not apply to invalidity under Section 102(g)(2).

Singular's motion *in limine* No. 4 should be denied.

Respectfully submitted,

Dated:  December 13, 2023        By:   /s/ Nathan R. Speed
                                       Gregory F. Corbett (BBO #646394)
                                       gcorbett@wolfgreenfield.com
                                       Nathan R. Speed (BBO #670249)
                                       nspeed@wolfgreenfield.com
                                       ElizabethA. DiMarco (BBO #681921)
                                       edimarco@wolfgreenfield.com
                                       Anant K. Saraswat (BBO #676048)
                                       asaraswat@wolfgreenfield.com
                                       WOLF, GREENFIELD & SACKS, P.C.
                                       600 Atlantic Avenue
                                       Boston, MA 02210
                                       Telephone: (617) 646-8000
                                       Fax: (617) 646-8646

                                       Robert Van Nest (admitted *pro hac vice*)
                                       rvannest@keker.com
                                       Michelle Ybarra (admitted *pro hac vice*)
                                       mybarra@keker.com
                                       Andrew Bruns (admitted *pro hac vice*)
                                       abruns@keker.com
                                       Vishesh Narayen (admitted *pro hac vice*)

vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
Rachael E. Meny (admitted *pro hac vice*)
rmeny@keker.com
Kaiyi A. Xie (admitted *pro hac vice*)
kxie@keker.com
Eric K. Phung (admitted *pro hac vice*)
ephung@keker.com
Spencer McManus (admitted *pro hac vice*)
smcmanus@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Michael S. Kwun (*pro hac vice*)
mkwun@kblfirm.com
Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
(415) 630-2350

Matthias A. Kamber (*pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS, LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
(415) 856-7000

Ginger D. Anders (*pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (*pro hac vice*)
kain.day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100

Jordan D. Segall (*pro hac vice*)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
(213) 683-9100

*Counsel for Defendant Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.


/s/ *Nathan R. Speed*
Nathan R. Speed