**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 1:19-cv-12551 FDS <br><br> Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO SINGULAR'S
MOTION *IN LIMINE* NO. 6**

Singular's motion *in limine* number 6 is a red herring. As Singular acknowledges, Google has already agreed that it will not use any of the following, requested terms to characterize Singular, its business, its patents, or this litigation: "patent troll," "patent pirate," "patent shark," "patent assertion entity," "shell," "sham," "conspirator," "paper patent," "stick up," "frivolous," "shakedown," "litigation lottery," "litigious," and "being in the business of suing people." Dkt. 621 at 2. And contrary to Singular's unfounded assertions that Google plans on "surpris[ing] Singular [] at trial" with *ad hominem* attacks or pejorative terms, *see id.*, Google agrees that *ad hominem* and pejorative ***attacks*** have no relevance and agrees not to use them at trial. But Google opposes Singular's motion because the relief it seeks is vague and unbounded: preclusion of "using" or even "suggesting" any potentially "misleading" or "pejorative" statements or labels that Singular cannot define, describe, or identify.

Google cannot agree to a request that Singular itself cannot describe in any specific detail. Indeed, courts regularly deny motions *in limine* that "lack[] the necessary specificity with respect to the evidence to be excluded." *See Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Grp.*, 937 F.Supp. 276, 287 (S.D.N.Y.1996) (internal quotation omitted); *see also Asbury v. MNT, Inc.*, No. CV 12-252 KG/RHS, 2013 WL 12143046, at *1 (D.N.M. Dec. 19, 2013); *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998), *clarified on denial of reconsideration*, 6 F. Supp. 2d 1207 (D. Kan. 1998), *aff'd*, 203 F.3d 1202 (10th Cir. 2000). And "shotgun" motions *in limine*, such as the one here, that "encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Cote v. Schnell Indus.*, No. 4:18-CV-01440, 2022 WL 16815032, at *3 (M.D. Pa. Nov. 8, 2022) (quoting *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).

Here, Singular argues that Google should be precluded from introducing "any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony . . . using or suggesting pejorative or misleading labels for Singular, its business, the asserted patents, or this lawsuit." Dkt. 621 at 1. Such an unbounded and vague

1

request, whereby the terms Singular has listed are mere "examples," is an invitation for future contention—as the parties can reasonably disagree as to what constitutes as "misleading." For example, while Google can refrain from characterizing Singular as a "shell" or "patent troll," it is unclear whether Singular would object to evidence or argument regarding Singular's general lack of success in commercializing its technology and patents—which would be relevant to at least the issues of damages and secondary considerations of obviousness[1]—as "misleading." Tellingly, none of the cases that Singular cites involve the preclusion of "misleading labels"—a characterization that necessarily involves a more specific and contextual analysis of what is accurate or factual versus misleading.

Moreover, granting Singular's broad motion would not streamline the presentation of evidence at trial. Even if Singular's motion is granted, Singular would still have to raise an objection—which the Court would still have to resolve—on any evidence or argument that Singular sees as "misleading" or "pejorative," putting the parties and the Court in the same position as if the Court had denied Singular's motion. For that reason, motions *in limine* are meant to address "specific items of testimony or evidence, not [] expansive categories of evidence that . . . may or may not ever be at issue or even offered by the movant's adversary." *Williams v. City of Phila. Off. of Sheriff*, No. CV 17-2697, 2023 WL 198586, at *5 (E.D. Pa. Jan. 15, 2023).

For the reasons discussed above, the Court should deny Singular's motion *in limine* to the extent that it seeks to preclude any references, evidence, testimony, or argument regarding Singular that could be deemed "misleading" or "pejorative."

---

[1] *See Ga.-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom. Ga.-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971) (listing as factors to be considered in determining a reasonable royalty: "[t]he royalties received by the patentee for the licensing of the patent in suit" and the "established profitability of the product made under the patent; its commercial success; and its current popularity"); *see also KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 399 (2007) (explaining that "commercial success" is a secondary consideration for the obviousness of an invention).

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| Dated:  December 13, 2023 | By: | /s/ Nathan R. Speed |

Gregory F. Corbett (BBO #646394)
gcorbett@wolfgreenfield.com
Nathan R. Speed (BBO #670249)
nspeed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
edimarco@wolfgreenfield.com
Anant K. Saraswat (BBO #676048)
asaraswat@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
Rachael E. Meny (admitted *pro hac vice*)
rmeny@keker.com
Kaiyi A. Xie (admitted *pro hac vice*)
kxie@keker.com
Eric K. Phung (admitted *pro hac vice*)
ephung@keker.com
Spencer McManus (admitted *pro hac vice*)
smcmanus@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

(415) 391-5400

Michael S. Kwun (*pro hac vice*)
mkwun@kblfirm.com
Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
(415) 630-2350

Matthias A. Kamber (*pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS, LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
(415) 856-7000

Ginger D. Anders (*pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (*pro hac vice*)
kain.day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100

Jordan D. Segall (*pro hac vice*)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
(213) 683-9100

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                  */s/ Nathan R. Speed*
                                                  Nathan R. Speed