UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>                Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>                Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

# DEFENDANT GOOGLE LLC'S OPPOSITION TO SINGULAR'S MOTION *IN LIMINE* NO. 5

Singular's motion *in limine* No. 5 seeks to preclude Google from "presenting evidence and/or argument at trial regarding its own patents." *See* Dkt. No. 620 at 1. Singular's motion is based on the faulty premise that the patents could only be relevant to invalidity or non-infringement. In doing so, Singular ignores several issues to which the patents are clearly relevant. The Google patents at issue, which are all related to Google's TPUs, are relevant to Singular's claim that Google has willfully infringed Singular's patents and to the availability of a non-infringing "bfloat20" alternative. Further, contrary to Singular's assertion in its motion, Google's damages expert Laura Stamm relies on one of the patents in her expert report. For all these reasons, Singular's motion should be denied.

First, Google's patents regarding the accused TPUs are relevant to rebutting Singular's allegations of willfulness. For example, Google's Patent Nos. 10,621,269 (Ex. 1) and 11,275,992 (Ex. 2) disclose the chip architecture of the accused TPUs. One of the listed inventors on all of the challenged patents, Dr. Norman Jouppi, will reference the patents and explain that they describe features that the development team included in the TPUs, including parts of the TPU that Singular accuses of infringement. In this context, a party's successful obtaining of a U.S. patent on features in the accused device is relevant to their state of mind: a party would have a reasonable basis for believing that what it had patented was distinct from what was claimed in the prior art patent. Indeed, courts routinely allow evidence of an accused infringer's own patents to rebut allegations of willfulness. *See, e.g.*, *Sioux Steel Co. v. Prairie Land Mill Wright Servs.*, No. 16-CV-2212, 2022 WL 17082541, at *3 (N.D. Ill. Nov. 18, 2022) (denying motion *in limine* to preclude evidence of defendants' patents in part because such evidence was relevant to willfulness); *Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, No. 18-CV-12029-ADB, 2022 WL 10489059, at *4 (D. Mass. Oct. 17, 2022) (same); *Hologic, Inc. v. Minerva Surgical, Inc.*, No. 1:15-cv-1031, 2018 WL 3348998, at *5 (D. Del. July 9, 2018) (same); *Retractable Techs. Inc. v. Becton, Dickinson & Co.*, No. 2:07-CV-250, 2009 WL 8725107, at *8 (E.D. Tex. Oct. 8, 2009) (same).

Second, Google's '269 patent is directly relevant to challenges that Singular may mount to the non-infringing "bfloat20" alternative on which Google's experts Ms. Stamm and Dr. Martin Walker have relied in their reports. Dr. Jouppi, an inventor of the '269 patent, will testify that the patent disclosed using a bfloat20 number format. *See* Ex. 1 at 15:14-16 ("An expanded bfloat format is a 20-bit format . . . ."). Thus, the disclosure of bfloat20 in Google's '269 patent goes directly to rebutting any challenge by Singular to the availability of bfloat20, because it shows that the alternative does exist and was known to Google at the relevant time. *See* Singular's Motion to Exclude Certain Testimony of Laura B. Stamm and Dr. Martin Walker Regarding Reasonable Royalty at 1, 6–11 (filed under seal at Dkt. No. 466-1) (asserting that testimony from Ms. Stamm and Dr. Walker regarding bfloat20 should be excluded in part because the bfloat alternative was "theoretical" and "unavailable"). In addition, to the extent Singular argues that bfloat20 is a "made for litigation" alternative, the '269 patent's disclosure of the format rebuts that argument.

Finally, contrary to Singular's assertion that Ms. Stamm does not rely on any of these patents in her expert report, Ms. Stamm expressly cites the '992 patent in her report's discussion of apportionment as an example of a Google patent disclosing ████████████████████ ████████████████████████████████████████████. *See* Stamm Rpt. ¶ 165, n.307 (filed under seal at Dkt. No. 510-14). Thus, that patented improvement is directly relevant to Ms. Stamm's opinion regarding the appropriate amount of damages under the *Georgia-Pacific* factors. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011) ("This court has sanctioned the use of the *Georgia–Pacific* factors to frame the reasonable royalty inquiry."); *Ga.-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (listing factors including: "The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, . . . or significant features or improvements added by the infringer."). Apportionment includes crediting the "infringer" for features it added, and having a patent covering such a feature, as Google does on ██████, is directly probative of whether that's a feature that Google added. `

Accordingly, the Court should deny Singular's motion *in limine* because evidence regarding Google's patents is directly relevant to the issues of willfulness, the existence of a non-infringing alternative, and damages.

Respectfully submitted,

Dated: December 13, 2023   By:   */s/ Nathan R. Speed*
Gregory F. Corbett (BBO #646394)
gcorbett@wolfgreenfield.com
Nathan R. Speed (BBO #670249)
nspeed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
edimarco@wolfgreenfield.com
Anant K. Saraswat (BBO #676048)
asaraswat@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
Rachael E. Meny (admitted *pro hac vice*)
rmeny@keker.com
Kaiyi A. Xie (admitted *pro hac vice*)
kxie@keker.com

Eric K. Phung (admitted *pro hac vice*)
ephung@keker.com
Spencer McManus (admitted *pro hac vice*)
smcmanus@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Michael S. Kwun (*pro hac vice*)
mkwun@kblfirm.com
Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
(415) 630-2350

Matthias A. Kamber (*pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS, LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
(415) 856-7000

Ginger D. Anders (*pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (*pro hac vice*)
kain.day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100

Jordan D. Segall (*pro hac vice*)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
(213) 683-9100

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                */s/ Nathan R. Speed*
                                                Nathan R. Speed