# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>            Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV |

# DEFENDANT GOOGLE LLC'S OPPOSITION TO SINGULAR'S MOTION *IN LIMINE* NO. 10

## I. INTRODUCTION

The fundamental premise of Singular's motion *in limine* No. 10 is false. Singular feigns that it only first became aware that its damages may be limited by the patent marking statute, 35 U.S.C. § 287, when Google served its "Notice to Plaintiff of Specific Unmarked Products" pursuant to *Arctic Cat Inc. v. Bombardier Recreational Products Inc.* ("*Arctic Cat* Notice") on November 2, 2023, repeatedly claiming that Google thereby asserted a "new limitation of damages theory" and a "new Section 287 damages argument" in November 2023. Dkt. 628 ("Mot.") at 3, 5. But Google has alleged since the start of this case that Section 287 limits Singular's recovery of damages. In its initial Answer, filed almost three-and-a-half years ago in July 2020, Google alleged that damages for any alleged infringement may be "limited by 35 U.S.C. §[] 287." Dkt. No. 53 at 24. In its Amended Answer later that month, Google again averred that Singular's "claim[s] for damages . . . are limited by" Section 287, among other statutory provisions. Dkt. No. 57 at 24. Singular has thus been on notice since the start of this case that Section 287 may limit its recovery of damages.

Even if Singular could credibly claim ignorance of Section 287 until last month, Federal Circuit and Supreme Court precedent is clear that it is *always* the patentee's burden to show compliance with the marking statute. It is not the accused infringer's burden to prove non-compliance. Singular's motion *in limine* No. 10 should be denied.

## II. PATENT MARKING

Under Section 287, "a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages."[1] *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1365 (2017). A patentee who fails to mark its patented articles cannot recover pre-suit damages unless it gave affirmative pre-suit

---

[1] "Marking" generally refers to labeling a patented product with the corresponding patent numbers. *See* 35 U.S.C. § 287(a) (describing marking as "fixing [on a patented article] the word 'patent' or the abbreviation 'pat.', together with the number of the patent").

"noti[ce] of the infringement" to the accused infringer. 35 U.S.C. § 287(a); *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 186–87 (Fed. Cir. 1994) (explaining requirements of pre-suit "noti[ce] of the infringement").

Section 287 is a statutory "limitation on damages," and it has been settled for over 100 years that "the patentee bears the burden" of proving that it complied with Section 287's marking requirement, a burden that "is and at all times remains on" the patentee. *Arctic Cat*, 876 F.3d at 1366–67; *see also Dunlap v. Schofield*, 152 U.S. 244, 248 (1894) ("One of these two things—marking the articles, or notice to the infringers—is made by the statute a prerequisite to the patentee's right to recover damages . . . . [T]herefore, the duty of alleging and the burden of proving either of these facts is upon the plaintiff."); *Motorola, Inc. v. United States*, 729 F.2d 765, 769 (Fed. Cir. 1984) (noting that marking statute is "not a statutory defense to an action for infringement"; it is "a limitation on damages").

### III.  ARGUMENT

As explained above, Google has asserted the marking statute as a limitation on Singular's recoverable damages since the very start of this case, alleging in both its initial Answer and Amended Answer that damages for any alleged infringement were "limited by 35 U.S.C. §[] 287." Dkt. No. 53 at 24; Dkt. No. 57 at 24.  Thus, contrary to Singular's repeated claims that Google's *Arctic Cat* Notice asserted a "new limitation of damages theory" and a "new Section 287 damages argument," *see* Mot. at 3, 5, Singular has been on notice for over three-and-a-half years that Section 287 may limit its recovery of damages.  Singular should have prepared to prove compliance with the marking statute (if it has in fact complied) because it bears the burden of proof on this issue under longstanding Supreme Court and Federal Circuit precedent. *See Dunlap*, 152 U.S. at 248; *Arctic Cat*, 876 F.3d at 1366–67.

Singular's attempts to sidestep its burden to prove compliance with Section 287 lack merit. Although Singular references Rules 26(e) and 37(c)(1), Mot. at 1–2, it identifies no "incomplete or incorrect" disclosure or discovery response that could justify exclusion. Fed. R.

Civ. P. 26(e)(1)(A). Indeed, Singular served no discovery on Google seeking facts or evidence relating to whether S1s were marked, which is unsurprising because the S1 is *Singular's own* product. Singular cites its Interrogatory No. 9, but that request only sought "the basis for ***Google's*** calculation of damages in this case." Ex. F at 14 (emphasis added).[2] Google's calculation of damages, as reflected in the opinions of its damages expert, does not depend on whether Section 287 permits Singular to recover pre-suit damages.[3] Only ***Singular's*** calculation of damages (which is not the subject of this interrogatory) implicates this question, because it is based on purported costs savings by Google from alleged infringement, including (alleged) infringement occurring before Singular filed suit. In any event, Rule 26(e) does not require supplementation of discovery if the ostensibly undisclosed information has already "been made known to the other part[y] . . . in writing," which is plainly true here because Google asserted in both its Answer and Amended Answer that Singular's recoverable damages may be limited by Section 287. Fed. R. Civ. P. 26(e)(1)(A); *see also URS Corp. v. Travelers Indem. Co.*, 501 F. Supp. 2d 968, 974 (E.D. Mich. 2007) (finding supplementation of interrogatory response not required because defendant's pleading of defense in its answer qualified as disclosure of same "in writing" under Rule 26(e)(1)).

Singular's complaint about the specific timing of Google's *Arctic Cat* Notice likewise lacks merit because it ignores Singular's own role in that timing. Singular does not dispute that it first agreed to make a sample S1 available for inspection on September 20, 2023, more than two years after the close of discovery and in the lead-up to trial, nor does it dispute that Google's inspection the following week "revealed for the first time that the S1 was not marked in accordance with 35 U.S.C. § 287." Ex. A at 1. During Dr. Bates's subsequent deposition on

---

[2] Lettered exhibits refer to the exhibits to Singular's motion (i.e., Dkt. Nos. 628-1–628-11). Numbered exhibits refer to the exhibits attached hereto.

[3] For example, Google's expert offers a damages opinion that is based on the cost Google would have incurred to adopt a non-infringing design for the accused products, which does not depend on whether Singular is permitted to recover pre-suit damages. *See, e.g.*, Ex. 1 ¶¶ 11-16 (Stamm Report).

November 1, 2023, Google confirmed that the sample made available for inspection was in fact representative of S1s that were shown and offered in commercial transactions to third parties, and Google served its *Arctic Cat* Notice the next day. *See id.*; Ex. 2 at 110:4–111:22 (Bates 11/1/23 Depo Tr.). Singular seems to suggest that a grainy, partial photo of the S1 in a single document in its production in this case should have alerted Google earlier that the S1 was not duly marked because it is similar to one of the photos Google took during its inspection of the S1 over two years later.[4] *See* Mot. at 3–4; Ex. C (SINGULAR-00006889). But that photo in Singular's document production is almost entirely illegible, and it does not show the complete S1; as reflected in Google's *Arctic Cat* Notice, there are multiple other components, which only Google's inspection revealed were unmarked. *See* Ex. A at 2–3.

In any event, Singular cites no authority requiring that notice pursuant to *Arctic Cat* be given at a particular time, and the Federal Circuit has enforced the marking statute with notice given just one day before trial. *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359–60 (Fed. Cir. 2021) (vacating and remanding for new trial because plaintiff failed to prove compliance with marking statute after defendant gave notice of plaintiff's unmarked product the day before trial). Moreover, Google's *Arctic Cat* Notice merely put Singular on notice of what it already should have known. As the Federal Circuit explained in *Arctic Cat*, the purpose of such a notice is simply to define a bounded "universe of products for which [the patentee] would have to establish compliance" with the marking statute. *Arctic Cat*, 876 F.3d at 1368. But even before Google served its *Arctic Cat* Notice, Singular should have well understood what was in that universe because the S1 is Singular's own product, and both Singular and its expert have claimed that it embodies the asserted patents, as Singular itself points out. Mot. at 4; Ex. D at 4–5 (response to Google Interrogatory No. 3); Ex. E ¶ 246. Moreover, the S1 is Singular's *only*

---

[4] Singular also makes a number of unsupported assertions related to this document, relying entirely on the allegations in its complaint rather than any record evidence, including that the slides in this document were "disclosed in Dr. Bates's presentation" to Google in 2017 and that Google "had possession" of this document before Singular filed its complaint. Mot. at 3–4. Google disputes these factual claims, which are not backed up by any record evidence.

product, and ███████████████████████████████████████████

████████. Thus, the S1 is and always has been the only conceivable "patented article" under Section 287, such that Singular should have been well aware since the start of this case that the "universe of products for which it would have to establish compliance" with the marking statute consisted of just the S1, and should have prepared its case accordingly. *Arctic Cat*, 876 F.3d at 1368.

While Singular claims it has been "highly prejudic[ed]" by Google's *Arctic Cat* Notice, it identifies no actual prejudice, nor could it. Mot. at 6. Singular identifies no discovery it needs to take related to marking, nor could it because the S1 is its own product; thus, the question of whether it was marked in compliance with Section 287 "is a matter peculiarly within [Singular's] own knowledge." *Arctic Cat*, 876 F.3d at 1366. And in any event, it appears undisputed that the S1 was not marked. Singular also complains that it "served its damages expert's report a year ago" and "has since been preparing its damages case for trial without any notice" that Section 287 may limit its damages. Mot. at 6. But that is false: Google asserted in its Answer and Amended Answer that Section 287 limits Singular's recoverable damages, as noted above. Dkt. No. 53 at 24; Dkt. No. 57 at 24. If Singular has been preparing its case without any plan for how to carry its burden of proving that it complied with the marking statute—a burden that the Federal Circuit has made clear "is and at all times remains on" the patentee, *Arctic Cat*, 876 F.3d at 1367—that is its own fault, not Google's.

Singular's motion *in limine* No. 10 should be denied.

Respectfully submitted,

Dated: December 13, 2023    By:   */s/ Nathan R. Speed*
Gregory F. Corbett (BBO #646394)
gcorbett@wolfgreenfield.com
Nathan R. Speed (BBO #670249)
nspeed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
edimarco@wolfgreenfield.com
Anant K. Saraswat (BBO #676048)

5

asaraswat@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
Rachael E. Meny (admitted *pro hac vice*)
rmeny@keker.com
Kaiyi A. Xie (admitted *pro hac vice*)
kxie@keker.com
Eric K. Phung (admitted *pro hac vice*)
ephung@keker.com
Spencer McManus (admitted *pro hac vice*)
smcmanus@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Michael S. Kwun (*pro hac vice*)
mkwun@kblfirm.com
Asim Bhansali (*pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
(415) 630-2350

Matthias A. Kamber (*pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS, LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
(415) 856-7000

Ginger D. Anders (*pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (*pro hac vice*)
kain.day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100

Jordan D. Segall (*pro hac vice*)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
(213) 683-9100

*Counsel for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

   I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

              */s/ Nathan R. Speed*
              Nathan R. Speed