# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551 FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**FILED UNDER SEAL** |

# **DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

I.      **INTRODUCTION**

This case is less than a month from trial and Plaintiff Singular Computing LLC is only now moving to compel production of a document that it has known about for years. The document in question (the "Hyperlinked Document") is referenced in a memorandum (the "Build vs. Buy Memo") that Defendant Google LLC produced during the fact discovery period, on July 6, 2021—almost two and a half years ago. Singular questioned one of Google's Rule 30(b)(6) witnesses about the Build vs. Buy Memo over two years ago and subsequently cited the Memo multiple times in one of its expert reports. Given Singular's extensive reliance on the Build vs. Buy Memo, it must have known (or, at the very least, should have known) about the Hyperlinked Document the Memo references, particularly if the Hyperlinked Document is as important as Singular now suggests.

Yet Singular cannot point to any reason why it failed to request the Hyperlinked Document before last month. As a result, it cannot satisfy the Court's "good cause" requirement for granting its motion to compel at this late juncture (Dkt. 70. at 4); indeed, Singular's motion conspicuously neglects to mention the "good cause" requirement at all. Instead, Singular tries to distract from the relevant issue by asserting that it needs to be able to question one of Google's witnesses about the Hyperlinked Document. But that assertion is disingenuous. Were it true, Singular would have requested production of the document before the witness' deposition, not during the deposition. Indeed, Singular admitted it was aware of the Hyperlinked Document when preparing for that deposition. Singular also accuses Google of attempting to bury key facts. That accusation is false, and Singular offers no evidence to support it. Regardless, these kinds of unfounded allegations cannot excuse Singular's failure to establish good cause for its motion to compel. *See Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996).

1

For these reasons, and those discussed below, Google respectfully requests that the Court deny Singular's motion to compel.

## II.  FACTUAL BACKGROUND

Singular seeks production of the Hyperlinked Document—a document linked in the Build vs. Buy Memo. The Build vs. Buy Memo was authored by two Google employees named Matthew Mabey and Max Sapozhnikov. *See* Dkt. 634-6 at 1.

Singular has had a copy of the Build vs. Buy Memo for years. Google produced it over two years ago, on July 5, 2021, while fact discovery was still open. Decl. of Christopher Sun in Support of Google's Opp. to Motion to Compel ("Sun Decl.") ¶ 2.  And Singular has been aware of the Memo, and its contents, for nearly as long. Singular questioned a Google Rule 30(b)(6) witness, Kamran Shafei, about the Memo during his deposition on July 28, 2021.[1] *Id*., Ex. 1 at 180-201.  And Singular's damages expert, Philip Green, provided an expert report on December 22, 2022 that cited the Build vs. Buy Memo at least seven times. *Id.*, Ex. 2 at 3, n.10; 36, n.252-254; 54, n. 363; 55, n. 366; 70, n. 489.  At no point prior to last month did Singular ask Google to produce any document linked to in the Build vs. Buy Memo, including the Hyperlinked Document. Notably, Singular made requests for other hyperlinked documents when fact discovery was open, which Google obliged. Dkt. 634-1 ("Mot.") at 4.

On September 15, 2023, Google notified Singular that it was replacing one of its trial witnesses, Dr. Nishant Patil, because Dr. Patil was leaving Google. Dkt. 634-4. Google informed Singular that, in light of Dr. Patil's departure from the company, he would be replaced with two new witnesses at trial, one of whom was Mr. Mabey. *Id*. Google also concurrently offered to

---

[1] Mr. Shafei was scheduled to be deposed on July 20, 2021, but as a result of a dispute between the parties about the anticipated scope of his testimony, was deposed on July 28, 2021.

make Mr. Mabey available for a deposition, which occurred on November 9, 2023. *Id*.; Dkt. 634-7.  Despite having received notice, over three weeks earlier, that Google intended to use Mr. Mabey as a trial witness, and despite admitting it was aware of the Hyperlinked Document when preparing for Mr. Mabey's deposition,[2] Singular did not ask Google to produce the Hyperlinked Document prior to the deposition. Dkt. 634-7 at 96. Instead, Singular waited until midway through the deposition to request the document. *See id.*

Singular's decision not to request the Hyperlinked Document prior to Mr. Mabey's deposition was particularly notable because the parties had, at that point, been exchanging supplemental document productions for months. Following a status conference on July 18, 2023, the parties began negotiating about, and producing, documents that both sides had overlooked during the discovery period. At no point during these discussions did Singular ever request the Hyperlinked Document. To the contrary, the parties mutually agreed to resolve their ongoing disputes about document production to focus on trial and upcoming depositions. As a result, during a status conference on October 25, 2023, Singular's counsel made the following representation about the status of the parties' supplemental productions:

> **We've had a number of discussions between the parties['] counsel, and we feel like both sides are satisfied with respect to the document production so far**. We have depositions scheduled and expect to have those move ahead. Hopefully, there won't be any additional issues that come up from those depositions, but if there are, we would certainly start by trying to work everything out like we have so far. If we need help, then we'll come see your Honor, but **I think we're in a very good place with this, and the parties have worked hard to come to agreements**.

Sun Decl., Ex. 3 at 3:23-4:8 (emphases added).

---

[2] Dkt. 634-10 at 3 (email from Singular's counsel stating, "the nature and context of the [the Hyperlinked Document] only became apparent during preparation for the deposition of Mr. Mabey.").

3

A mere two weeks after making these representations, Singular demanded that Google provide the Hyperlinked Document, contrary to the parties' agreement to halt their ongoing disputes about the adequacy of one another's document productions. The parties met and conferred about Singular's demand by phone and in writing between November 16, 2023 and November 29, 2023. During these conferences, Singular was unable to identify any reason why it could not have requested, and did not request, the Hyperlinked Document earlier. *See* Dkt. 634-10.

**III.    ARGUMENT**

"Trial courts have a responsibility to manage their dockets efficiently, and a necessary corollary of that proposition is that litigants are entitled to a reasonable period of time within which to conduct discovery, not a limitless period." *Vineberg v. Bissonnette*, 548 F.3d 50, 55 (1st Cir. 2008). This Court set that period to end on July 23, 2021. Dkt. 59 at 3. And it has expressly prohibited the parties from filing motions to compel additional discovery after that date, absent a showing of good cause. Dkt. 70 at 4 ("Except for good cause shown, motions to compel discovery . . . must be filed no later than the close of fact discovery . . . ."). That instruction is aligned with the practice of other courts, which "routinely den[y] untimely motions to compel filed after the close of discovery." *SHS ACK, LLC v. Silberberg*, No. 21-CV-12121-AK, 2023 WL 4186289, at *2 (D. Mass. June 26, 2023).

Remarkably, despite filing its motion to compel more than ***two years*** after the close of fact discovery, Singular never once mentions this "good cause" requirement or attempts to satisfy it.[3] Instead, Singular cavalierly asserts that "[i]t doesn't matter" whether it was aware of,

---

[3] Singular has thus waived any argument that it satisfies this requirement. *See Napert v. Gov't Emps. Ins. Co.*, No. CIV.A. 13-10530-FDS, 2013 WL 3989645, at *2 n.4 (D. Mass. Aug. 1, 2013) ("Where, as here, a moving party raises an argument for the first time in a reply brief, that

4

and could have requested, the Hyperlinked Document while fact discovery was ongoing. Mot. at 7. But that statement is inconsistent with the long-established law and practice of this Circuit.

### A. Singular has not established good cause for its motion to compel.

"It is . . . well settled that the good cause standard 'focuses on the diligence (or lack thereof) of the moving party . . . .'" *Maroney as Tr. of Premiere Realty Tr. v. Fiorentini*, No. 16-CV-11575-DLC, 2023 WL 3549806, at *3 (D. Mass. May 18, 2023) (quoting *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013)). "Indifference by the moving party seals off . . . relief *irrespective of prejudice* because such conduct is incompatible with the showing of diligence necessary to establish good cause." *Zimmerman v. Cambridge Credit Counseling Corp.*, 529 F. Supp. 2d 254, 265 (D. Mass. 2008) (emphasis added). In other words, a party is "not diligent" if its discovery motion "is based on information that the party knew, or should have known, in advance of the deadline." *Sentry Ins. v. Brand Mgmt. Inc.*, No. 10-CV-347 ENV, 2012 WL 3288178, at *3 (E.D.N.Y. Aug. 10, 2012) (internal quotation marks omitted); *see also Lu v. Hyper Bicycles, Inc*., No. CV 20-11739-NMG, 2023 WL 5018024, at *3 (D. Mass. Aug. 7, 2023) ("The Court will not re-open discovery shortly before trial to allow plaintiff to conduct discovery which he could and should have conducted months (or years) earlier.").

Singular has known about the Hyperlinked Document (and the Build vs. Buy Memo in which it appears) for years and could have requested the Document while discovery was open; there can be no dispute about that. Google produced the Build vs. Buy Memo during fact discovery. And Singular was clearly aware of—and had closely analyzed—that Memo. Indeed,

---

argument is waived.").

5

Singular questioned one of Google's Rule 30(b)(6) witnesses extensively about the Build vs. Buy Memo a few weeks after it was produced. Sun Decl., Ex. 1 at 180-201. And Singular's damages expert cited the Memo in his expert report no fewer than seven times. *Id.*, Ex. 2 at 3, n.10; 36, n.252-254; 54, n. 363; 55, n. 366; 70, n. 489.

Thus, Singular could have asked for the Hyperlinked Document earlier, and should have done so if it felt that was necessary. In fact, Google had previously accommodated similar requests when timely made. For example, and as Singular admits, Google produced 324 such hyperlinked documents at Singular's request while fact discovery was open. Mot. at 4.

Yet Singular did not request the Hyperlinked Document during fact discovery. Nor did it request the Document in the intervening *years* since discovery closed. In particular, Singular did not request the Hyperlinked Document prior to deposing Mr. Mabey, even though: (1) it has admitted it was aware of the Document while preparing for his deposition, Dkt. 634-10 at 3, and (2) the Court had briefly reopened discovery to allow the parties to exchange additional document productions around the time Google disclosed it was expecting to call Mr. Mabey as a trial witness, Sun Decl., Ex. 4 at 20:1-21:20. To the contrary, on October 25, 2023—a mere two weeks before Singular deposed Mr. Mabey and demanded the Hyperlinked Document—Singular's counsel represented to the Court that there had been "a number of discussions between the parties['] counsel, and . . . both sides *[we]re satisfied* with respect to the document production so far." *Id.,* Ex. 3 at 3:23-4:1 (emphasis added). Notably, and as Singular's counsel described at a prior status conference, to that point, Google had concerns about the fact that Singular had failed to produce a number of documents during fact discovery. *Id.,* Ex. 5 at 3:22-4:7. But Google chose not to pursue those concerns based on Singular's representation that the

6

parties would turn their attention away from document production and towards trial. Having pocketed Google's concession, Singular is now reneging on that agreement.

Tellingly, Singular offers no explanation as to why it neglected to request the Hyperlinked Document earlier—none. That fact, alone, is reason enough to deny its motion to compel. *See Vineberg*, 548 F.3d at 55 (holding, "without serious question" that the district court did not abuse its discretion by denying discovery after "defendant failed to offer any persuasive explanation for her failure to complete discovery within the previously established time frame"); *Zimmerman*, 529 F. Supp. 2d at 265 ("[T]he extensive delay of Defendants . . . accompanied by only a minimal explanation of 'inadvertence,' is insufficient to show the diligence that would surmount the good cause standard.").

The facts here are incompatible with finding the diligence requirement satisfied. Courts in this Circuit have found a lack of diligence, and denied discovery, in similar circumstances, even when there were better reasons for ordering production than here. For example, in *Williamson v. Horizon Lines LLC*, the defendant sought production of corrected medical records upon discovering, after the close of fact discovery, that the produced records were incomplete. 248 F.R.D. 79, 82 (D. Me. 2008). The court denied the request, observing that the defendant "either knew or should have known that [the records were] incomplete" and "should have acted during the discovery period to assure the completeness and accuracy of the [records]." *Id.* It therefore rejected the defendant's attempt "to raise a discovery issue that should have been resolved long ago." *Id.* That reasoning applies *a fortiori* here. Singular has not alleged that any Google document is incomplete. Rather, Singular is now demanding a separate document it could, and should, have requested during the fact discovery period. But, as in *Williamson*, that demand is "a discovery issue that should have been resolved long ago" and should be similarly

7

rejected. *Id.*; *see also Carrozza v. CVS Pharmacy, Inc.*, 992 F.3d 44, 54–55 (1st Cir. 2021) (affirming this Court's denial of leave to designate an expert witness and take his trial deposition because the moving party "was aware" of the witness and "had every opportunity to pursue [his] inclusion . . . as an expert witness" prior to the close of discovery).

In sum, the time for bringing these kinds of disputes has passed. Trial begins in less than a month. That, too, is a reason to deny Singular's motion. *See Good v. BioLife Plasma Servs., L.P.*, 656 F. Supp. 3d 738, 741 (E.D. Mich. 2023) (denying request for deposition two months before trial even though the witness' "testimony [wa]s important" and "[d]efendants could not have deposed her before discovery ended.").

### B. Singular offers no other adequate justification for granting its motion to compel.

In the absence of any explanation for its lack of diligence, Singular offers red herrings. First, Singular asserts that it has a "right to learn more about the only document Mr. Mabey authored that is directly relevant to his expected trial testimony." Mot. at 4. But, as Singular admits, Mr. Mabey has already been asked about the Hyperlinked Document and testified he does not recall it. Mot. at 3. Regardless, Singular's suggestion that it needs the Hyperlinked Document to examine Mr. Mabey is disingenuous. If that were true, Singular would have requested the document when Google identified Mr. Mabey as a trial witness on September 15, 2023, or in the weeks before deposing him on November 9, 2023. Singular did neither. Instead, it waited until now—four weeks from the start of trial and almost three months after receiving notice that Mr. Mabey was expected to testify—to file a motion to compel.

The only other argument Singular advances to justify its motion is pure speculation. Singular asserts that the Hyperlinked Document is "almost certain to be" a "█████████████████████████████████████████████████████████████████████"

8

███████████████████████████████████████████ " (the " ███████ Memo"). Mot. at 5, 3. But Singular offers no evidence to support that conclusion. To be clear, counsel for Google has no idea whether the Hyperlinked Document is the ███████ Memo. Sun Decl. ¶ 4. Given the untimely nature of Singular's demand, Google has not searched for or reviewed the Hyperlinked Document. *Id.* In any case, and as the First Circuit has held, Singular's unsupported allegations that Google is concealing facts are irrelevant to Singular's motion to compel and cannot overcome Singular's lack of diligence. *Ayala-Gerena*, 95 F.3d at 94 ("Appellants' claim that Appellees were 'hiding' information is essentially irrelevant against the backdrop of their own lack of diligence as evidenced by . . . their untimely motion to compel document production.").

## IV.    CONCLUSION

For the foregoing reasons, Google requests that the Court deny Singular's motion to compel.

Respectfully submitted,

Dated:  December 14, 2023        By:    */s/ Nathan R. Speed*
Gregory F. Corbett (BBO #646394)
gcorbett@wolfgreenfield.com
Nathan R. Speed (BBO #670249)
nspeed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
edimarco@wolfgreenfield.com
Anant K. Saraswat (BBO #676048)
asaraswat@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)

9

abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
Rachael E. Meny (admitted *pro hac vice*)
rmeny@keker.com
Eric K. Phung (admitted *pro hac vice*)
ephung@keker.com
Kaiyi A. Xie (admitted *pro hac vice*)
kxie@keker.com
Spencer McManus (admitted *pro hac vice*)
smcmanus@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Michael S. Kwun (admitted *pro hac vice*)
mkwun@kblfirm.com
Asim M. Bhansali (admitted *pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350

Matthias A. Kamber (admitted *pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

Ginger D. Anders (admitted *pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (admitted *pro hac vice*)
Kain.Day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001

10

Tel: (202) 220-1100

Jordan D. Segall (admitted *pro hac vice*)
Jordan.Segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                      */s/ Nathan R. Speed*  
                                                      Nathan R. Speed