# Exhibit 3

```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3

 4    SINGULAR COMPUTING LLC,          )
                                       )
 5                    Plaintiff        )  Civil Action
                                       )
 6                                     )  No. 19-12551-FDS
      vs.                              )
 7                                     )
      GOOGLE LLC,                      )
 8                    Defendant        )

 9

10    BEFORE: CHIEF JUDGE F. DENNIS SAYLOR, IV

11

12
                      TELEPHONIC STATUS CONFERENCE
13

14

15        John Joseph Moakley United States Courthouse
                         1 Courthouse Way
16                       Boston, MA 02210

17

18                      October 25, 2023
                            3:00 p.m.
19

20

21

22

23             Valerie A. O'Hara, FCRR, RPR
                    Official Court Reporter
24        John Joseph Moakley United States Courthouse
                         1 Courthouse Way
25                       Boston, MA 02210
                   E-mail: vaohara@gmail.com
```

```
 1    APPEARANCES:

 2    For The Plaintiff:

 3         Sunstein LLP, by KERRY L. TIMBERS, ESQ.,
      100 High Street, Boston, Massachusetts 02110;
 4
      For the Defendant:
 5
           Keker, Van Nest & Peters LLP, by ROBERT A. VAN NEST, ESQ.,
 6    RACHAEL E. MENY, ATTORNEY, and DEEVA SHAH, ATTORNEY,
      633 Battery March Street, San Francisco, California 94111.
 7
           Kwun, Bhansali, Lazarus LLP, by ASIM M. BHANSALI, ESQ.,
 8    555 Montgomery Street, Suite 750, San Francisco, California
      94111;
 9
           Wolf, Greenfield & Sacks, P.C., by NATHAN R. SPEED, ESQ.,
10    600 Atlantic Avenue, Boston, Massachusetts 02210.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

PROCEEDINGS

THE CLERK: Court is now in session in the matter of Singular Computing vs. Google LLC, Matter Number 19-12551.

Participants are reminded that photographing, recording or rebroadcasting of this hearing is prohibited and may result in sanctions.

Would counsel please identify themselves for the record, starting with the plaintiff.

MR. TIMBERS: Yes, good afternoon, this is Kerry Timbers for plaintiff, Singular.

THE COURT: Good afternoon.

MR. VAN NEST: Good afternoon, your Honor, it's Bob Van Nest, Keker, Van Nest & Peters for Google. I'm here with my partner, Rachael Meny. Nathan Speed is on from Wolf, Greenfield, and Asim Bhansali as well. We have a client rep on, Ken Makish as well.

THE COURT: Good afternoon. This is a telephone status conference in this case. Still pending and very much on my desk, I guess I'll say as a metaphor, are the motions to exclude various expert testimony, but where are we otherwise, and in particular where do we stand on the matter of the supplemental discovery? Mr. Timbers, let me turn to you first.

MR. TIMBERS: Yes, your Honor, thank you. We've had a number of discussions between the parties counsel, and we feel like both sides are satisfied with respect to the document

1    production so far.  We have depositions scheduled and expect to
2    have those move ahead.  Hopefully, there won't be any
3    additional issues that come up from those depositions, but if
4    there are, we would certainly start by trying to work
5    everything out like we have so far.  If we need help, then
6    we'll come see your Honor, but I think we're in a very good
7    place with this, and the parties have worked hard to come to
8    agreements.
9              THE COURT:  All right.  Thank you, I appreciate that.
03:01PM 10   And what is the timetable for completion of those depositions?
11             MR. TIMBERS:  I think currently the last deposition
12   will be done in the middle of November.
13             THE COURT:  Okay.  Mr. Van Nest.
14             MR. VAN NEST:  Yes, your Honor, thank you.  I'll note
15   that neither party is seeking any further relief from your
16   Honor, from the Court on this issue, and I concur with
17   everything he said, including that the depositions are
18   scheduled from now until mid-November.  We expect to have them
19   done by then.
03:02PM 20             THE COURT:  All right. Just to clear up the record,
21   there's a pending motion to take additional discovery, which
22   technically I haven't resolved.  It's Number 560.  I think what
23   I'm going to do is why don't I terminate that as moot without
24   prejudice to the renewal.  In other words, if there's something
25   left that requires motion practice, I'm obviously not trying to

| | |
|---|---|
| 1 | foreclose that but just so that the motion isn't dangling on |
| 2 | the docket, and, obviously, if something comes up that you |
| 3 | can't resolve, let's try to get it teed up and resolved. |
| 4 | In the meantime, I'm very much aware of the deadlines |
| 5 | coming down the pike, and we'll try to get my decisions out |
| 6 | without undue delay on the various witnesses. |
| 7 | Is there anything else that we need to talk about now? |
| 8 | Mr. Timbers. |
| 9 | MR. TIMBERS: Not from our perspective, your Honor. |
| 03:03PM 10 | THE COURT: All right. Mr. Van Nest. |
| 11 | MR. VAN NEST: There is one scheduling issue for the |
| 12 | Court, and that is this. You signed a stipulation earlier on |
| 13 | pretrial preparation and scheduling of things like exhibit |
| 14 | lists, witness lists and the like. |
| 15 | We moved the pretrial conference up to the 19th of |
| 16 | December, and the parties have agreed in light of that to move |
| 17 | the motion in limine deadlines up so that you get the motions |
| 18 | in limine and the oppositions all done roughly a week before |
| 19 | the 19th. |
| 03:04PM 20 | THE COURT: All right. |
| 21 | MR. VAN NEST: We'd like to submit that as a stip, but |
| 22 | the question for your Honor is we're hoping, I think all of us, |
| 23 | that the rest of the pretrial stuff, like the witness list, the |
| 24 | exhibit list, the pretrial memo, the joint one, we had |
| 25 | originally set to be filed on the 20th, which is after the |

1   conference.  We'd like to keep that in place, but if your Honor

2   wants some or all of that before the 19th, then we need to take

3   that into account.

4           THE COURT:  I don't have a problem with that, with a

5   couple of caveats.  The exhibit and witness list, the principal

6   reason for that, particularly exhibit list is to ensure an

7   orderly procedure and to make sure that everybody knows what

8   the universe of anticipated evidence is.  I don't want to be

9   pausing to mark documents in the middle of the trial or having

03:05PM 10   a dispute about it or people can't figure out what Exhibit 17

11   is, and so I don't need that in advance of the pretrial

12   conference.  If there's a dispute about the admissibility of

13   something, it would probably be teed up in a motion in limine.

14           MR. VAN NEST:  That's right.

15           THE COURT:  In terms of the pretrial memorandum, at

16   this juncture, I'd be surprised, I guess, if there was some new

17   issue in that that I hadn't seen before or wouldn't have seen

18   by December 19th, and I guess my exhortation and admonition to

19   you is if there is something that you think that is going to be

03:05PM 20   in that memo that I need to know about that you not wait until

21   it's filed on the 20th and so things aren't buried in the

22   holidays and all of that.

23           So I'll just leave it that way just as a matter of

24   sensible case management, I guess, judge management, you can

25   call it.  You know, I don't want significant surprises, I want

1    to minimize them.

2           MR. VAN NEST:  We'll take that as a fair warning, and
3    I think we both understand it, and if there are additional
4    issues, we'll make your Honor aware of them before the 19th.  I
5    think in that event, we'll submit a stip to your Honor that
6    modifies the motion in limine schedule.

7           THE COURT:  We might as well take care of it now.

8           MR. VAN NEST:  Okay.  The parties are in agreement
9    that the motion should be filed on December 5th and opposed on
03:06PM 10   the 13th.

11          THE COURT:  Okay.

12          MR. VAN NEST:  Of December, and that's roughly six
13   days before the 19th.

14          THE COURT:  Right.

15          MS. YBARRA:  That would be the only change to the
16   schedule, the rest of it would stay the way it is now.

17          THE COURT:  All right.  Matt, I'll ask you to issue an
18   electronic order amending the pretrial calendar accordingly.
19   Again, just as a matter of common sense, there are motions in
03:07PM 20   limine and motions in limine.  Sometimes they involve a simple
21   statement that might or might not be within hearsay, sometimes
22   they're quite complex.  The more complex the issue, the better
23   off I am anyway the earlier in advance you file it.  These are
24   deadlines, and so if you think there is an issue of unusual
25   complexity or attention, I would encourage you to do it in

1    advance of the deadline so I have time to think about it, your
2    opponent has time to respond, I can think about whether I want
3    a separate hearing on that.  Again, this all to my mind falls
4    under the heading of common sense of anticipating issues.
5             MR. VAN NEST:  We'll take that to heart as well, thank
6    you.
7             THE COURT:  And I understand the standard is not
8    perfection, that sometimes things get filed maybe later than
9    everyone might want, but, again, the more difficult the issue,
10   the more complex the issue, the longer in advance of the trial
11   I have to think about it, probably the better off all of us
12   will be, okay?
13            MR. VAN NEST:  Perfect, thank you.
14            THE COURT:  Mr. Timbers, anything else?
15            MR. KAMBER:  Nothing else, your Honor, thank you.
16            THE COURT:  Anything else, Mr. Van Nest?
17            MR. VAN NEST:  No, your Honor.
18            THE COURT:  I'm going to set this for another status,
19   it makes me feel comfortable, anyway.  Why don't we do it after
20   the middle of November, maybe that stub week before
21   Thanksgiving, Matt, just so I can check in and see if there's
22   anything dangling on this discovery issue.
23            MR. VAN NEST:  I think that -- excuse me.
24            THE COURT:  Go ahead.
25            THE CLERK:  How about --

```
 1                MR. VAN NEST:  Excuse me.
 2                THE COURT:  Go ahead, Mr. Van Nest.
 3                MR. VAN NEST:  I was just going to say I think there
 4     will be some depositions early that week, so if we could do it
 5     on say Thursday, the 16th, would be good.
 6                THE COURT:  I was thinking like the beginning of the
 7     following week.
 8                MR. VAN NEST:  Thanksgiving week?  Oh, okay.
 9                THE COURT:  And, again, we'll do it by telephone.  I
03:09PM 10     don't want to interfere with anyone's family plans.
11                MR. VAN NEST:  That's fine, too.
12                THE COURT:  How about Monday, November 20th at 3:15
13     eastern time?
14                MR. TIMBERS:  This is Mr. Timbers, that's fine, your
15     Honor, for us.
16                MR. VAN NEST:  Also here, your Honor, November 20,
17     Monday at 12:15 pacific, 3:15 eastern?
18                THE COURT:  Yes.
19                MR. VAN NEST:  That's fine.
03:10PM 20                THE COURT:  All right, thank you all.
21                MR. VAN NEST:  Thank you.
22                MR. TIMBERS:  Thank you.
23                (Whereupon, the hearing was adjourned at 3:10 p.m.)
24
25
```

```
1                    C E R T I F I C A T E
2
3    UNITED STATES DISTRICT COURT )
4    DISTRICT OF MASSACHUSETTS ) ss.
5    CITY OF BOSTON )
6              I do hereby certify that the foregoing transcript,
7    Pages 1 through 10 inclusive, was recorded by me
8    stenographically at the time and place aforesaid in Civil
9    Action No. 19-12551-FDS, SINGULAR COMPUTING LLC vs. GOOGLE LLC
10   and thereafter by me reduced to typewriting and is a true and
11   accurate record of the proceedings.
12              Dated November 13, 2023.
13                           s/s Valerie A. O'Hara
                             _____
14                           VALERIE A. O'HARA
                             OFFICIAL COURT REPORTER
15
16
17
18
19
20
21
22
23
24
25
```