IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | C.A. No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S**
**UNOPPOSED MOTION TO IMPOUND/SEAL DESIGNATED MATERIAL**

Pursuant to Local Rule 7.2 and the Protective Order in this case ("Protective Order"), (Dkt. No. 87), Defendant Google LLC ("Google") respectfully requests that this Court impound (seal) the following materials filed in support of Google's Opposition to Plaintiff Singular Computing LLC's ("Singular") Motion to Compel.

1. An un-redacted copy of Google's Opposition to Singular's Motion to Compel.

2. Certain exhibits to the Declaration of Christopher Sun ("Sun Declaration") that accompanies Google's Opposition to Singular's Motion to Compel. The following exhibits to the Sun Declaration contain information that Google has designated as containing "Highly Confidential – Attorneys' Eyes Only" information.

- **Exhibit 1:** Excerpts from the July 28, 2021 deposition of Kamran Shafiei.
- **Exhibit 2**: Excerpts from the December 22, 2022 expert report of Mr. Phillip Green.

The Protective Order allows a party producing documents in discovery to designate documents as "Confidential" after making a good-faith determination that the documents contain

information that is "confidential, proprietary, and/or commercially sensitive information," and to designate documents as "Highly Confidential – Attorneys' Eyes Only" after making a good-faith determination that the documents contain information that is extremely confidential and/or sensitive in nature and the disclosure of such documents is likely to cause economic harm or significant competitive disadvantage. Protective Order ¶¶ 6-7. That Order requires that a party intending to make court filings referring to such Protected Material bring a motion to impound. *Id.* ¶ 14.

Google's above-identified documents contain confidential information designated Confidential or Highly Confidential – Attorneys' Eyes Only under the Protective Order that is extremely confidential and/or sensitive in nature and the disclosure of such documents is likely to cause Google economic harm or significant competitive disadvantage.

Submission of the above-identified exhibits is necessary to permit the Court to fully evaluate the issues raised in Google's Opposition to Singular's Motion to Compel. Google therefore brings this Motion to Impound to seal the above-identified documents. Additionally, Google has filed redacted versions of its Opposition, which redact the Google confidential information discussed above, public disclosure of which would risk competitive harm to Google.

For the foregoing reasons, Google respectfully requests that the Court permit it to file the above-identified documents under seal. Google further requests that the documents remain impounded until further order by the Court, and that upon expiration of the impoundment that the documents be returned to Google's counsel.

Respectfully submitted,

Dated: December 14, 2023       By:   */s/ Nathan R. Speed*
                                     Gregory F. Corbett (BBO #646394)
                                     gcorbett@wolfgreenfield.com
                                     Nathan R. Speed (BBO #670249)
                                     nspeed@wolfgreenfield.com

Elizabeth A. DiMarco (BBO #681921)
edimarco@wolfgreenfield.com
Anant K. Saraswat (BBO #676048)
asaraswat@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
Rachael E. Meny (admitted *pro hac vice*)
rmeny@keker.com
Eric K. Phung (admitted *pro hac vice*)
ephung@keker.com
Kaiyi A. Xie (admitted *pro hac vice*)
kxie@keker.com
Spencer McManus (admitted pro hac vice)
smcmanus@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Michael S. Kwun (admitted *pro hac vice*)
mkwun@kblfirm.com
Asim M. Bhansali (admitted *pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350

3

Matthias A. Kamber (admitted *pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

Ginger D. Anders (admitted *pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (admitted *pro hac vice*)
Kain.Day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100

Jordan D. Segall (admitted *pro hac vice*)
Jordan.Segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100

*Counsel for Defendant Google LLC*

## **LOCAL RULE 7.1(a)(2) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I certify that, on December 13, 2023, counsel for Defendant Google LLC and counsel for Plaintiff Singular Computing LLC met and conferred in good faith regarding resolution of this motion.  Counsel for Plaintiff stated that it does not oppose the relief requested in this motion.

<div style="text-align:right">

*/s/ Nathan R. Speed*
Nathan R. Speed

</div>

## **CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                                     */s/ Nathan R. Speed*
                                                                       Nathan R. Speed