

Nathan R. Speed
Nathan.Speed@WolfGreenfield.com
direct dial 617.646.8275

December 29, 2023

**VIA CM/ECF**

The Honorable F. Dennis Saylor IV
U.S. District Court, District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

    Re:    *Singular Computing LLC v. Google LLC*
             Civil Action No. 1:19-cv-12551-FDS

Judge Saylor:

At the December 19, 2023 pretrial conference, Google expressed concern with Singular's deposition designations. D.I. 667 at 23:25-24:25. Specifically, Google expressed concern with Singular's designation of more than **nine** hours of videotaped deposition testimony that it intends to play at trial, nearly five hours of which are from witnesses who will also appear live at trial. Even before accounting for Google's necessary counter-designations, the testimony Singular intends to play at trial would span nearly three full trial days, threatening the Court's proposed trial length.

To make trial more manageable, to minimize jury confusion, to avoid duplicative testimony, and to comply with the Federal Rules of Civil Procedure, Google respectfully requests that the Court prohibit Singular from playing or reading deposition testimony into the record from any witness who is appearing live at the trial unless the testimony is (a) used to impeach the witness or (b) relates to a Rule 30(b)(6) topic for which the deponent was the corporate designee.

Your Honor deferred ruling on this issue at the pretrial conference, instructing the parties to talk and try to reach a compromise. *Id.* at 25:1-22. The parties have since met and conferred, but Singular has refused to narrow its designations. Google therefore wishes to discuss the issue once again at the January 4, 2024 pretrial conference—or earlier, if convenient for the Court. To aid the Court in resolving the dispute, Google provides the following brief argument and is willing to submit more formal briefing if useful.

**Factual Background**. Singular intends to play the deposition testimony of six Google employees who will be testifying live at the upcoming trial. The six employees, their titles, and the length of the deposition testimony that Singular has designated for each is shown below.



The Honorable F. Dennis Saylor IV
December 29, 2023
Page 2

| Employee | Title | Singular Designated Testimony |
|---|---|---|
| Jeff Dean | Chief Scientist | 1 hr. 55 mins. |
| Naveen Kumar | Director of Performance | 53 mins. |
| Norm Jouppi | Vice President, Engineering Fellow | 40 mins. |
| Matt Mabey | Senior Finance Manager | 31 mins. |
| James Laudon | Engineering Director | 30 mins. |
| David Patterson | Distinguished Software Engineer | 11 mins. |

Because each of these witnesses is available to testify live, Google has not yet counter-designated testimony in response to Singular's designations. The highly selective nature of Singular's designations, however, will require significant counter-designations from Google to provide the jury with the full context of each witness's testimony. Google conservatively estimates that its counters will add nearly three hours to Singular's designations, resulting in almost **eight hours**—or two full trial days—of video testimony from witnesses that will also later testify live during Google's case.

When Singular's designations (and Google's counter-designations) for **un**available witnesses are also included, the total number of hours of video deposition testimony Singular plans to play is fourteen hours, nearly four full days of the ten-day trial. (Google, in contrast, seeks only to play roughly one hour of deposition testimony in its case, all from witnesses who are unavailable to testify at the trial.[1])

**Legal Argument**. The use of depositions at trial is governed by Federal Rule of Civil Procedure 32, and while the rule permits the use of depositions at trial in certain circumstances, it has "not changed the long-established principle that testimony by deposition is less desirable than oral testimony." 8A C. Wright & A. Miller, *Federal Practice and Procedure* § 2142 (2023) (citing Judge Learned Hand, "The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand."). Indeed, Rule 32 specifically instructs courts to give "due regard to the importance of live testimony in open court." Fed. R. Civ. P. 32(a)(4)(E).

---

[1] Should the Court permit the parties to designate deposition testimony of available witnesses, then Google may seek to introduce testimony from Dr. Bates, both in his personal and corporate roles, which would increase the amount of video testimony Google would be playing in its case.



The Honorable F. Dennis Saylor IV
December 29, 2023
Page 3

Rule 32 identifies three narrow "conditions" under which "all or part of a deposition may be used against a party." Fed. R. Civ. Pro. 32(a)(1). Two of those conditions are straightforward— a deposition can be used for impeachment under Rule 32(a)(2), and it can be used when the deponent is unavailable for trial (if certain other conditions are met) under Rule 32(a)(4). The third condition is relevant to the present dispute and involves witnesses who are available to testify at the trial. Specifically, Rule 32(a)(3) provides that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)."

Singular bears the burden of proving that the deposition testimony it seeks to play at the trial is permitted under Rule 32(a)(3). *See, e.g.*, *Garcia-Martinez v. City & County of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004) ("The proponent of the deposition bears the burden of proving that it is admissible under Rule 32(a)."). Whether a witness is an "officer, director, or managing agent" is determined at the time of the deposition. *Angiodynamics, Inc. v. Biolitec AG*, 991 F. Supp. 2d 283, 295 (D. Mass. 2014), *aff'd*, 780 F.3d 429 (1st Cir. 2015). Rather than relying on mere titles, establishing that an employee falls within the categories identified in Rule 32(a)(3) requires evidence of the employee's actual responsibilities. *See, e.g.*, *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 573-74 (S.D.N.Y. 2017) (holding that the title "partner" was insufficient under Rule 32(a)(3)). The test is "not formulaic." *Id.* at 574 (internal quotation omitted).

Singular has not (and cannot) meet its burden of proving that Rule 32(a)(3) applies to at least Messrs. Patterson, Laudon, Mabey, and Kumar. Plainly, none of the four Google witnesses is a Google "officer," *e.g.*, CEO or CFO, nor is any of the four witnesses a corporate "director" at Google.[2] That leaves only "managing agent," and the test for that classification "must be interpreted in light of the person's duties, and in comparison to the other people listed in Rule 32(a)," all of which "have the capability to bind the corporation with their actions." *Hynix Semiconductor, Inc. v. Rambus Inc.*, No. 06-cv-244, 2008 WL 350643, *2 (N.D. Cal. Feb. 2, 2008).

To be a "managing agent" under Rule 32(a)(3), the person must so dominate the organization that they are effectively its alter ego. *See Founding Church of Scientology of Washington, D.C., Inc. v. Webster*, 802 F.2d 1448, 1452-53 (D.C. Cir. 1986) ("For the purpose of determining whether an individual is a 'managing agent' within the meaning of the discovery rules,

---

[2] Although Messrs. Laudon and Kumar have the word "Director" in their title, neither is a member of Google's board or otherwise a director-level employee. Black's Law Dictionary (11th ed 2019) (defining "director" as "[s]omeone who manages, guides, or orders; a chief administrator. 2. A person appointed or elected to sit on a board that manages the affairs of a corporation or other organization by electing and exercising control over its officers").



the alter ego theory provides a useful analogy."). Singular has put forward no evidence that any of the four Google witnesses has the power to bind Google in the same way as a C-suite executive or a member of the board of directors, or in any other way that could meet the "managing agent" test. Indeed, each witness testified at deposition that their roles within Google, although important, were not such that their actions could bind Google, *e.g.*, they reported to others within Google and/or were not the lead employees on projects at Google. Because Rule 32(a)(3) plainly does not apply to these four witnesses, the Court should bar Singular from playing their depositions at trial (other than for impeachment).

As for Drs. Dean and Jouppi, for the limited purpose of simplifying the present dispute and while disputing that either employee is actually a Google "officer, director, managing agent," Google will not quibble with whether Rule 32(a)(3) applies to Drs. Dean and Jouppi given their senior roles at Google. But that does not end the inquiry because Your Honor has discretion to preclude the use of deposition designations where the witness is available to testify live. Federal courts, including in this district, abide by the "long established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if a witness is not available to testify in person." *Loinaz v. EG & G, Inc.*, 910 F.2d 1, 8 (1st Cir. 1990) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2142 (1970)); *see also Jackson v. Chevron Chemical Co.*, 679 F.2d 463, 466 (5th Cir. 1982) (affirming district court's refusal to admit deposition testimony because "[t]he deposition contains no information that [the witness'] live testimony could not supply"); *Gonzalez Berrios v. Mennonite Gen. Hosp., Inc.*, No. 18-cv-1146, 2020 WL 502333, at *3 (D.P.R. Jan. 30, 2020) (denying plaintiff's motion to play deposition testimony because "presenting the deposition videos *instead* of live testimony is unwarranted if the witnesses are available and presenting the videos in *addition* to live testimony would cause undue delay and be needlessly cumulative").

Here, introducing video testimony from Drs. Dean and Jouppi would be repetitive, confusing, disjointed, immaterial, and wasteful of the jury's time. For example, Singular intends to play nearly two hours of testimony from Dr. Dean regarding his early interactions with Dr. Bates. Those early interactions will undoubtedly be the subject of Singular's live cross-examination of Dr. Dean too, leading to duplicative and wasteful testimony. And although Singular plainly should not be permitted to re-cover via cross-examination subject matter that was addressed in any video deposition that was played for the jury, the burden placed on the Court to ensure Singular's compliance would be significant as the question of whether cross-examination testimony is new or duplicative will undoubtedly arise repeatedly. Finally, the prejudice to Google is significant as it will be forced to either present large portions of its case via counter-designations of video testimony that Singular has designated so that the jury can understand the full context of the witness's designated testimony or wait until the witness testifies live to provide that context.



The Honorable F. Dennis Saylor IV
December 29, 2023
Page 5

      In short, Singular's proposed approach is unnecessary and at odds with the Federal Rules of Civil Procedure. Deposition testimony can certainly be played for impeachment of live witnesses, as appropriate. And as Google has already told Singular, Google has no objection with Singular leaving its case open until it has cross-examined the relevant witnesses live in front of the jury. But the Court should prohibit Singular from playing or reading deposition testimony into the record from any witness who is appearing live at the trial unless the testimony is (a) used to impeach the witness or (b) relates to a Rule 30(b)(6) topic for which the deponent was the corporate designee. The Court should also order Singular to reasonably limit its use of deposition video generally.

Respectfully submitted,

*/s/   Nathan R. Speed*
Nathan R. Speed (BBO #670249)

*Counsel for Defendant Google LLC*

cc:   All Counsel of Record (via CM/ECF)