IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>       Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>       Defendant. | C.A. No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL BRIEF
IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 4**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................................ | 1 |
| II. | FACTUAL BACKGROUND ............................................................................................... | 1 |
| III. | PROCEDURAL BACKGROUND ....................................................................................... | 3 |
| IV. | ARGUMENT ........................................................................................................................ | 5 |

# TABLE OF AUTHORITIES

**CASES**

*Bear Republic Brewing Co. v. Cent. City Brewing Co.*,
   275 F.R.D. 43 (D. Mass. 2011) ................................................................................................ 6

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*,
   383 F.3d 1337 (Fed. Cir. 2004) ............................................................................................ 5, 7

**I.     INTRODUCTION**

This supplemental briefing on Google's motion *in limine* No. 4 arises from Singular's stated intention to present at trial testimony concerning attorney-client communications regarding when Google first learned about Singular's patents. But Singular cannot provide any relevant reason why it should be permitted to present that testimony – indeed, the testimony Singular seeks to admit does not show what Singular claims it does, and is therefore irrelevant. Nor can Singular provide a rationale for why the probative value of such testimony (which can be established in other ways) would in any way outweigh the substantial risk of unfair prejudice from adverse inferences a jury is likely to draw. Singular's only rationale for offering this evidence – willfulness – creates the same Rule 403 concerns the Court already addressed in granting Google's motion *in limine* No. 4 in part. *See, e.g.*, Shah Decl.[1], Ex. 1 (December 21, 2023 Tr.) at 75:4-12 (precluding introduction of evidence regarding the "fact that people met with attorneys without more for the purposes of seeking advice" because "the purpose of that evidence is to permit improperly an inference that they thought they must have been doing something wrong . . . ."). The Court should therefore grant Google's motion *in limine* No. 4 in full.

**II.    FACTUAL BACKGROUND**

This dispute concerns Google's awareness of the Asserted Patents. Google addressed that topic in one of its interrogatory responses. After noting appropriate objections (including objections on the basis of attorney-client privilege and work product), Google responded that it

██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████

---

[1] All exhibit citations herein are to exhibits attached to the Declaration of Deeva Shah in Support of Defendant Google LLC's Supplemental Brief in Support of Its Motion *in Limine* No. 4 ("Shah Decl.").

1

▮

▮ *See* Shah Decl., Ex. 2 (Google's Sixth Supplemental Response to Singular Interrogatory No. 1).

Singular also addressed the topic during the deposition of former counsel for Google X, Ms. Tornabene, where it asked the following questions:



Dkt. 631-23, Phung Decl. Ex. 23 at 11:15-18:8; *see also id.* at 34:2-35:9 (series of questions regarding privileged conversations), 37:7-40:19 (same), 48:13-50:7 (same), 53:10-54:13 (same). Singular has designated portions of the above deposition testimony for use at trial, although Google objected during the deposition to a number of questions as calling for protected information. *See infra* at 4 (providing further examples of designated testimony).

Although Ms. Tornabene testified ▮ ▮ she did not represent at any point that she took part in these specific business discussions, nor did she reveal the substance of any attorney-client communications. Instead, she repeatedly explained that ▮

2

███████████████████████████████
████████████

### III.  PROCEDURAL BACKGROUND

During the December 21, 2023 pre-trial conference, the Court granted part of Google's motion in limine seeking to preclude reference to Google employees seeking advice of counsel, holding that references to such testimony or evidence would be problematic under Rule 403. *See* Shah Decl., Ex. 1 (December 21, 2023 Tr.) at 70:14-18; *see also id.* at 75:3-12. The Court asked for further clarification about the boundaries of what is "in or out of bounds in terms of Google's knowledge of the existence of the patent[s]." *Id.* at 71:7-11.

Singular's counsel represented that it intended to present the above testimony from Ms. Tornabene despite the invocation of privilege, because any such privileged conversation would be "part of the story, and that's relevant to the story of willfulness." *Id.* at 73:21-23. It is unclear what "story" Singular is attempting to tell or what specific facts it is seeking to prove to tell that story. Google's counsel explained that Ms. Tornabene's testimony was not about any specific meeting, and Singular's attempts to elicit testimony about other privileged communications regarding the patents would raise the same concerns the Court had already addressed in its partial ruling. *Id.* at 72:8-73:5; *see also id.* at 74:9-75:2. Google's counsel noted that the fact of when Google learned about the patents is stated clearly in Google's interrogatory response, *see supra* at 2, and the parties can stipulate to this fact without having to refer to the existence of any attorney-client communications. *Id.*

Since Google filed its motion in limine, Singular has continued to designate numerous portions of Ms. Tornabene's deposition testimony that raise the same concerns about invoking protected communications and work-product. Singular intends to present the jury with references

3

to privileged communications Google employees had with Ms. Tornabene, again aiming for the adverse inference the Court has already noted is problematic under Rule 403. Examples include:



Shah Decl., Ex. 3 (Tornabene Tr.) at 21:18-23; 33:3-34:8 (undesignated portions added for context); 56:1-9; *see also id.* at 56:17-57:6 (same). This designated testimony again forces Google to either waive attorney-client privilege or risk an adverse inference from the invocation of the

4

privilege in front of the jury. Indeed, Singular's counsel made clear during Ms. Tornabene's deposition that one goal of these questions was to cause the jury to engage in improper speculation:



Shah Decl., Ex. 3 (Tornabene Tr.) at 41:25-42:6 (emphasis added).

IV.  **ARGUMENT**

The Court should grant Google's MIL in full because: (1) the testimony Singular seeks to admit does not show what Singular claims; (2) Google should not be forced to invoke privilege before the jury; and (3) the only basis for mention of privileged communications that Singular offers is willfulness – a rationale which the Federal Circuit has explicitly held is improper. *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004).

*First*, Ms. Tornabene did not testify about how she learned about the patents. She testified that she █████████████████████████████████ she became aware of the patents. Shah Decl, Ex. 3 (Tornabene Tr.) at 12:2-4, 12:18-20. That is precisely the type of testimony the Court has already indicated it would not allow. Shah Decl., Ex. 1 (December 21 Tr.) at 76:6-8 ("I'm not going to permit the testimony we talked to Dr. Bates, and then, you know, I talked to the lawyer, and then Singular gets to argue, oh, you must have been worried or you wouldn't have consulted a lawyer."). Ms. Tornabene did not testify that she was present at the business discussions with someone from Singular. She did not testify whether she learned of the patents from someone else or on her own. She repeatedly noted she

5

██████████████████████.[2] Ms. Tornabene also did not testify that she learned about the patents in any specific conversation, and did not delve into how she became aware of them. Playing this portion of her testimony through deposition designations will not provide any more information about the "story" Singular intends to tell the jury about Google's knowledge of the patents. It instead would burden the privilege by inviting the jury to draw an improper inference that Google employees sought the advice of counsel because "they thought they must have been doing something wrong or . . . [were] in some sense worried or concerned about the legality of their conduct," – an inference the Court has already stated it is "not going to permit." Shah Decl., Ex. 1 (December 21, 2023 Tr.) at 74:3-12.

**Second**, to the extent there is any question about when Google found out about the existence of each patent, Google has already provided that answer in the form of an interrogatory response, which Singular has listed in its discovery designations for trial. *See* Shah Decl., Ex. 4 (Singular's Updated Discovery Designations (served on December 7, 2023) (listing Google's response to Interrogatory No. 1)). Singular does not need to reference the fact that Ms. Tornabene ████████████████████████████████████ in order to apprise the jury of when Google became aware of the patents. To the extent Singular is actually concerned about eliciting this fact,

---

[2] The Court asked if there was subject-matter waiver with regard to the circumstances under which Google came to have knowledge of the existence of the patents. Singular has never argued that there has been any such waiver (including at any point during discovery), and no such waiver has occurred. Ms. Tornabene did not describe the contents of any specific privileged conversation. To the contrary, she merely ██████████████████████████████████████████████████████████████████████ *Cf. Bear Republic Brewing Co. v. Cent. City Brewing Co.*, 275 F.R.D. 43, 46 (D. Mass. 2011) (explaining the high standard for subject-matter waiver, which requires intentional waiver and is inapplicable here given Google's repeated objections during deposition testimony and in its interrogatory response). In fact, Singular's counsel agreed during the pre-trial conference that the testimony itself did not reveal the content of attorney-client communications. *See* Shah Decl., Ex. 1 (December 21, 2023 Tr.) at 73:11-17. In light of these facts, there is no basis to find subject matter waiver.

Google has already explained that it would be willing to enter into a fact stipulation that matches its response to Interrogatory No. 1.

***Third***, given Google's interrogatory response and proposed stipulation, Singular has not offered a single permissible reason that Ms. Tornabene's invocations of privilege would be relevant.[3] To the contrary, Singular's counsel confirmed during the pre-trial conference that Singular intended to rely on Ms. Tornabene's testimony regarding her knowledge of the patents because it is "relevant to the story of willfulness."[4] Shah Decl., Ex. 1 (Dec. 21, 2023 Tr.) at 73:21-23. But in *Knorr-Bremse*, the Federal Circuit held that "[w]hen the attorney-client privilege and/or work-product privilege is invoked by a defendant in an infringement suit," it is not appropriate for "the trier of fact to draw an adverse inference with respect to ***willful infringement***." 383 F.3d at 1344-45. The Federal Circuit confirmed that "a special rule affecting attorney-client relationships in patent cases is not warranted," even for purposes of establishing willfulness. *Id.* Because Singular's only purported basis for relevance runs headfirst into the exact Rule 403 concerns outlined in Google's motion in limine, the Court should similarly exclude references to Ms.

---

[3] To the extent Singular proposes only providing half of Ms. Tornabene's response to the jury (and cutting the portion of the response where she invokes privilege), Singular creates the same problem the Court already addressed in granting the rest of Google's Motion *in Limine* No. 4. Singular creates the implication of attorney-client communications and the only way for Google to respond is to either reveal the contents of the privileged communications or risk the jury inferring misconduct. As explained in Google's motion and by the Court during the pre-trial conference, this type of problematic inference is exactly what Rule 403 seeks to preclude. *See* Dkt. 630 at 14-19.

[4] Singular has been unclear in both its briefing and during argument about why it intends to offer specific evidence from Ms. Tornabene's deposition. If Singular identifies further testimony or a new basis for relevance at this point, Google reserves the right to respond; this supplemental briefing is limited to addressing the arguments Singular has thus far put forth.

Tornabene's invocation of privilege or answers from Ms. Tornabene where the only explanation requires invocation of privilege.

                                      Respectfully submitted,

Dated: December 29, 2023      By:    */s/ Nathan R. Speed*
                                        Gregory F. Corbett (BBO #646394)
                                        gcorbett@wolfgreenfield.com
                                        Nathan R. Speed (BBO #670249)
                                        nspeed@wolfgreenfield.com
                                        Elizabeth A. DiMarco (BBO #681921)
                                        edimarco@wolfgreenfield.com
                                        Anant K. Saraswat (BBO #676048)
                                        asaraswat@wolfgreenfield.com
                                        WOLF, GREENFIELD & SACKS, P.C.
                                        600 Atlantic Avenue
                                        Boston, MA 02210
                                        Telephone: (617) 646-8000
                                        Fax: (617) 646-8646

                                        Robert Van Nest (admitted *pro hac vice*)
                                        rvannest@keker.com
                                        Michelle Ybarra (admitted *pro hac vice*)
                                        mybarra@keker.com
                                        Andrew Bruns (admitted *pro hac vice*)
                                        abruns@keker.com
                                        Vishesh Narayen (admitted *pro hac vice*)
                                        vnarayen@keker.com
                                        Christopher S. Sun (admitted *pro hac vice*)
                                        csun@keker.com
                                        Anna Porto (admitted *pro hac vice*)
                                        aporto@keker.com
                                        Deeva Shah (admitted *pro hac vice*)
                                        dshah@keker.com
                                        Stephanie J. Goldberg (admitted *pro hac vice*)
                                        sgoldberg@keker.com
                                        Eugene M. Paige (admitted *pro hac vice*)
                                        epaige@keker.com
                                        Rachael E. Meny (admitted *pro hac vice*)
                                        rmeny@keker.com
                                        Eric K. Phung (admitted *pro hac vice*)
                                        ephung@keker.com
                                        Kaiyi A. Xie (admitted *pro hac vice*)
                                        kxie@keker.com
                                        Spencer McManus (admitted *pro hac vice*)
                                        smcmanus@keker.com

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Michael S. Kwun (admitted *pro hac vice*)
mkwun@kblfirm.com
Asim M. Bhansali (admitted *pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350

Matthias A. Kamber (admitted *pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

Ginger D. Anders (admitted *pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (admitted *pro hac vice*)
Kain.Day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100

Jordan D. Segall (admitted *pro hac vice*)
Jordan.Segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

  I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                 */s/ Nathan R. Speed*
                 Nathan R. Speed