UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**REDACTED** |

### PLAINTIFF'S RESPONSE TO GOOGLE'S DECEMBER 29, 2023 LETTER REGARDING DEPOSITION DESIGNATIONS

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

**TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................................. 1

II. SINGULAR HAS THE RIGHT TO USE THE DEPOSITION TESTIMONY OF GOOGLE'S MANAGING AGENTS "FOR ANY PURPOSE." ......................................... 2

III. ALL OF THE OTHER WITNESSES AT ISSUE QUALIFY AS "MANAGING AGENTS." ........................................................................................................................... 5

IV. CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Bianco v. Globus Med., Inc.*,
  No. 2:12-CV-00147-WCB, 2014 WL 977686 (E.D. Tex. Mar. 6, 2014) ................................... 7

*C.R. Bard, Inc. v. M3 Sys., Inc.*,
  866 F. Supp. 362 (N.D. Ill. 1994) ............................................................................................ 2

*Community Counseling Service, Inc. v. Reilly*,
  317 F.2d 239 (4th Cir. 1963) ................................................................................................... 2

*Coughlin v. Capitol Cement Co.*,
  571 F.2d 290 (5th Cir. 1978) ................................................................................................... 2

*DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*,
  No. 17CV4576GHWBCM, 2022 WL 2162992 (S.D.N.Y. May 31, 2022) .............................. 6

*GTE Prod. Corp. v. Gee*,
  115 F.R.D. 67 (D. Mass. 1987) ................................................................................................ 8

*In re Honda Am. Motor Co., Inc. Dealership Rels. Litig.*,
  168 F.R.D. 535 (D. Md. 1996) ................................................................................................. 6

*Keawsri v. Ramen-Ya, Inc.*,
  No. 17-cv-2406, 2022 WL 2391692 (S.D.N.Y. Jul. 1, 2022) ................................................... 3

*King & King Enterprises v. Champlin Petroleum Co.*,
  657 F.2d 1147 (10th Cir. 1981) ................................................................................................ 2

*Kolb v. A.H. Bull S.S. Co.*,
  31 F.R.D. 252 (E.D.N.Y. 1962) ...............................................................................................

*Loinaz v. EG & G, Inc.*,
  910 F.2d 1 (1st Cir. 1990) ......................................................................................................... 3

*N. Ins. Co. of N.Y. v. Albin Mfg., Inc.*,
  No. 06–CV–190 (S), 2008 WL 3285852 (D.R.I. Aug. 8, 2008),
  *aff'd*, 579 F.3d 61 (1st Cir. 2009) ........................................................................................ 2, 4

*Redd v. New York State Div. of Parole*,
  923 F. Supp. 2d 393 (E.D. N.Y. 2013) ..................................................................................... 3

*Rubin v. Gen. Tire & Rubber Co.*,
  18 F.R.D. 51 (S.D.N.Y. 1955) ................................................................................................. 7

*Tomingas v. Douglas Aircraft Co.*,
  45 F.R.D. 94 (S.D.N.Y. 1968) .............................................................................................. , 7

*Wanke Cascade Dist., Inc. v. Forbo Flooring, Inc.*,
  No. 3:13-cv-768, 2017 WL 2403039 (D. Or. May 4, 2017) ..................................................... 5

In a letter dated December 29, 2023, Google asks the Court to issue an Order prohibiting plaintiff Singular Computing, LLC ("Singular") from using the deposition testimony of Google's managing agents at trial. Google's sole ground is that, because it is planning to call those witnesses to testify live during its case, Singular should not be allowed to play deposition testimony and also cross-examine these important adverse witnesses. The requested Order would violate Fed. R. Civ. P. 32(a)(3), which allows a party to use the depositions of, *inter alia*, the managing agents of an adverse party at trial "for any purpose." Accordingly, Google's request should be denied.

I.      BACKGROUND

During conferences leading up to the parties' Joint Pretrial Memorandum ("JPM"), Google asked Singular to agree not to use the videotaped deposition testimony of any witness whom Google planned to call to testify live at trial, including managing agents such as Jeff Dean and Norman Jouppi. Singular declined, pointing out that a plaintiff has the right to decide how to present its case in chief, subject to the applicable rules of evidence and civil procedure.

Now, rather than raising the question of deposition designations as an issue in the JPM, Google has submitted a procedurally irregular letter asking the Court to "prohibit Singular from playing or reading deposition testimony into the record from any witness who is appearing live at the trial unless the testimony is (a) used to impeach the witness or (b) relates to a Rule 30(b)(6) topic for which the deponent was the corporate designee."[1] As explained below, such an Order would be without basis in the law, would not meaningfully expedite the trial, and would

---

[1] Pursuant to Fed. R. Civ. P. 7(b), "[a] request for a court order must be made by motion." Google's December 29 letter requests an order, but it is not a motion. Accordingly, the Court need take no action on the letter.

improperly interfere with counsel's right to put on its case in a manner that is in the best interests of Singular. Accordingly, the request should be denied.

## II.   SINGULAR HAS THE RIGHT TO USE THE DEPOSITION TESTIMONY OF GOOGLE'S MANAGING AGENTS "FOR ANY PURPOSE."

Pursuant to Rule 32(a)(3), Singular has the right to use "for any purpose" the deposition testimony of "anyone who, when deposed, was [Google's] . . . managing agent . . .". This subsection of Rule 32 is not conditioned on the witness's unavailability to testify live. Much less does it require a plaintiff to wait to use the managing agent's deposition until after the defendant has elicited its own favorable testimony from the witness, as Google proposes.

Rule 32(a)(3), which allows the use of the deposition testimony of managing agents, is "liberally construed" in favor of allowing such use at trial. *N. Ins. Co. of N.Y. v. Albin Mfg., Inc.*, No. 06–CV–190 (S), 2008 WL 3285852, at *3 n. 4 (D.R.I. Aug. 8, 2008), *aff'd*, 579 F.3d 61 (1st Cir. 2009). Under the plain language of Rule 32, "it is quite immaterial that the adversary is available to testify at the trial or has testified there.'" *King & King Enterprises v. Champlin Petroleum Co.*, 657 F.2d 1147, 1164 (10th Cir. 1981) (quoting *Community Counseling Service, Inc. v. Reilly*, 317 F.2d 239, 243 (4th Cir. 1963)). Thus, while "the court has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, <u>it may not refuse to allow the deposition to be used merely because the party is available to testify in person</u>." *N. Ins. v. Albin*, 2008 WL 3285852, at *3 n. 4 (emphasis added); *see also Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 308 (5th Cir. 1978) (holding trial court erred by restricting adverse party's use of deposition of available corporate officer for impeachment, because "the Rule permits a party to introduce the deposition of an adversary as part of his substantive proof regardless of the adversary's availability to testify at trial."); *C.R. Bard, Inc. v. M3 Sys., Inc.*, 866 F. Supp. 362, 363 (N.D. Ill. 1994) (holding in patent infringement

2

case that plaintiff could introduce deposition testimony of defendant's officers "as substantive proof—regardless of the availability of the officers."); *Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393 (E.D. N.Y. 2013) (plaintiff could offer in evidence the depositions of defendant employer's supervisor and human resources director even though they were not unavailable to testify in person because they were managing agents of the employer); *see also* Wright & Miller, 8A Fed. Prac. & Proc. § 2145 (3d ed.) (Deposition of an Adverse Party).

There is no appellate precedent in this Circuit for wholly prohibiting a party from using the deposition of an opponent's managing agent as a matter of discretion in contravention of the plan language of Rule 32(a)(3). That certainly was not the holding of *Loinaz v. EG & G, Inc.*, 910 F.2d 1, 8 (1st Cir. 1990), Google Ltr. at 4, which addressed a trial court's refusal to allow an otherwise unavailable witness, whose deposition had been taken, to be called out of order as a live witness. That case quoted Wright & Miller for the general proposition that live testimony is preferable to deposition testimony. Here, the use of the deposition testimony of a managing agent is fully consistent with Rule 32. *See, e.g.*, *Keawsri v. Ramen-Ya, Inc.*, No. 17-cv-2406, 2022 WL 2391692, at *1 (S.D.N.Y. Jul. 1, 2022) (Court "may not refuse to allow the deposition to be used merely because the party is available to testify in person") (citing 8A Fed. Prac. & Proc. § 2145 (3d ed.)).

More fundamentally, Singular should be allowed to put on its case-in-chief without arbitrary restrictions proposed by its opponent. Singular's counsel has made the choice to use some of its limited trial time to present the deposition testimony of important Google executives and engineers with personal knowledge of the issues being tried in this case, and that trial strategy should not be lightly interrupted. These witnesses include Jeff Dean and Norman Jouppi, whom even Google is forced to admit are its "managing agents." *See* Google Ltr. at 4.

Dean was the high-level Google executive ███████████████████████████ ████████████████████████████████████ its immediate and by then desperate need ████████████████████████████████████. Norman Jouppi, meanwhile, ████████████████████████████████████████████. The videotaped deposition testimony of these witnesses will account for the majority of the time Singular plans to spend on the deposition testimony of Google's managing agents.

Google's supposed concern about the use of the designated deposition testimony of these witnesses has nothing to do with ensuring an efficient trial. In the process of negotiating the JPM, Singular asked Google to stipulate to a number of non-controversial technical background facts, but Google refused. Had it so stipulated, Singular might not need to play quite so much of the deposition testimony as it proposes. In any event, Singular will have the same amount of time to present its case regardless of how many deposition excerpts it presents. Nor will the use of depositions impose an undue burden on Google to identify counter-designations. Surely, one or two of the 23 attorneys listed in Google's two-page signature block in this case could find the time.

What is really behind Google's present letter request is that Google believes it can prepare witnesses like Dean and Jouppi to testify more favorably on its behalf at trial than they did at their depositions. Like any corporate party, Google would prefer that the jury's first impression of these important executives be through rehearsed and friendly direct examination. But, under Rule 32, that is not Google's decision to make. To be sure, "the court has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand . . . ." *N. Ins. v. Albin*, 2008 WL 3285852, at *3 n. 4. This rule, however, is not particular to deposition testimony. *See* Fed. R. Evid. 403 (listing "needlessly presenting

4

cumulative evidence" as a reason to exclude evidence). Google's specific complaint—that Singular should not be able to play Google's managing agents' deposition testimony and then cross-examine them on the same topics—would be better raised at the time of such cross-examination, when a foundation for any argument about the cumulative nature of the evidence will have been laid. There is no such foundation now, so Google's supposed concern about cumulation is speculative at best.

As explained above, Rule 32(a)(3) permits Singular to use the depositions of managing agents as substantive proof, subject to ordinary rules of relevance and admissibility and the discretion to exclude cumulative evidence. Accordingly, Google's request that the Court "prohibit Singular from playing or reading deposition testimony into the record from any witness who is appearing live at the trial unless the testimony is (a) used to impeach the witness or (b) relates to a Rule 30(b)(6) topic for which the deponent was the corporate designee" – is without basis and should be denied.

## III.  ALL OF THE OTHER WITNESSES AT ISSUE QUALIFY AS "MANAGING AGENTS."

Otherwise, Google's letter asserts that Naveen Kumar, Matt Mabey, James Laudon, and David Patterson are not "managing agents" of Google under Rule 32(a)(3). Google is mistaken: all four of these witnesses meet that test under the circumstances of this case. The burden of establishing that a corporate employee is a managing agent is "a modest one." *Wanke Cascade Dist., Inc. v. Forbo Flooring, Inc.*, No. 3:13-cv-768, 2017 WL 2403039, at *1 (D. Or. May 4, 2017). Google's description of their titles alone supports a determination that these persons are "managing agents" under Rule 32(a)(3): Naveen Kumar is the "Director of Performance" (that includes the accused TPUs); Matt Mabey is "Senior Finance Manager"; James Laudon is the "Engineering Director"; and David Patterson is the "Distinguished Software Engineer." *See*

Google Ltr., at p.2. These roles are sufficient under Rule 32(a)(3). *See*, *e.g.*, *Tomingas*, 45 F.R.D. at 96–97.

Furthermore, courts use a five-factor test to guide the ad hoc and fact-specific question of whether a deponent was a "managing agent" of a corporate party at the time of the deposition. *In re Honda Am. Motor Co., Inc. Dealership Rels. Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996) ("Because the factual circumstances in which the term managing agent must be applied differs greatly among cases, the test must be a functional one and the determination made on a case-by-case basis.") This "functional" test consists of the following:

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters;
>
> 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party;
>
> 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination;
>
> 4) the general responsibilities of the individual respecting the matters involved in the litigation; and
>
> 5) whether the individual can be expected to identify with the interests of the corporation.

*DoubleLine Cap. LP v. Odebrecht Fin., Ltd.,* No. 17CV4576GHWBCM, 2022 WL 2162992, at *2 (S.D.N.Y. May 31, 2022). Among these factors, "[t]he 'paramount test' is whether the individual can be expected to identify with the corporation's interests as opposed to an adversary's."[2] *In re Honda Am. Motor Co., Inc. Dealership Rels. Litig.*, 168 F.R.D. at 541.

---

[2] Contrary to Google's argument, the caselaw does not require Singular to surmount such a high burden as to show that the witness is the "alter ego" of Google sufficient to justify corporate veil-piercing. If that were the standard, very few managing agents would ever be recognized. For it to advance such a standard is also inconsistent with its (appropriate) concession that Drs. Jouppi and Dean are Google "managing agents."

6

The term "managing agent" should "not be given too literal an interpretation." *See Kolb v. A.H. Bull S.S. Co.*, 31 F.R.D. 252, 254 (E.D.N.Y. 1962). Courts have frequently allowed adverse parties to use the depositions of persons who were not officers of the corporation, where those individuals had an important discretionary role in the facts of the case. *See, e.g., Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 96–97 (S.D.N.Y. 1968) (members of engineering department of aircraft manufacturer "are 'managing agents' for the purpose of giving testimony regarding the accident investigation, a most relevant aspect of this litigation."). As one court explained:

> The facts of the decided cases . . . make clear that the term 'managing agent' is not read restrictively to be limited to persons in the upper management of the corporation. Instead, the courts have found particular employees to be 'managing agents' of the corporation if they had significant independence and/or supervisory responsibility with respect to the aspect of the corporation's activities that are at issue in the case.

*Bianco v. Globus Med., Inc.*, No. 2:12-CV-00147-WCB, 2014 WL 977686, at *2 (E.D. Tex. Mar. 6, 2014) (permitting plaintiff to use at trial the deposition testimony of defendant's "Vice President of Sales in the South Central Zone" as the testimony of a "managing agent"). Indeed, "[a] party's right to use the deposition of a managing agent of a corporation that is a party for any purpose at the trial would in many cases be an empty right indeed if only those persons came within the category of 'managing agent' whose rank in the corporate hierarchy was so exalted that they would be extremely unlikely to have any knowledge of the day to day dealings of the corporation with its customers and suppliers." *Rubin v. Gen. Tire & Rubber Co.*, 18 F.R.D. 51, 55 (S.D.N.Y. 1955).

As set forth above, Google does not dispute that Jeff Dean and Norm Jouppi are "managing agents" of Google. *See* Google Ltr. at p. 4. The deposition testimony of each of the other four witnesses identified in Google's letter -- Kumar, Mabey, Laudon, and Patterson --

7

shows that they "can be expected to identify" with Google's interests rather than Singular's, and that they had important roles in the facts of this case. *GTE Prod. Corp. v. Gee*, 115 F.R.D. 67, 69 (D. Mass. 1987) (witness's deposition testimony on his status within corporation may establish a record for use in showing their depositions should be allowed for use fir all purposes against the corporate plaintiff pursuant to Rule 32). That deposition testimony shows the following:

- Kumar is a high-level ▮▮▮▮▮ who had been at Google for more than 10 years before his November 2023 deposition, rising from the title of ▮▮▮▮▮ ▮▮▮▮▮ He became involved in Google's ▮▮▮▮▮, which led to the accused products, at the time it started.

- Mabey started at Google in 2016, rising from "senior financial analyst" to "senior finance manager." He leads a team of ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ Mabey co-authored a document analyzing the ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ He identified no persons in the Google hierarchy who sit above him in providing such ▮▮▮▮▮.

- At the time of his deposition, Laudon was an Engineering Director at Google. In 2013 he supervised ▮▮▮▮▮ ▮▮ At the time, Google engineers who went on to develop the infringing products, including ▮▮▮▮▮. He remains at Google today as a Director of Research and Engineering.

- David Patterson is a "Distinguished Engineer" at Google. He has worked at Google since 2016, after retiring from 40 years of teaching at the University of California at Berkeley.

8

As a "Distinguished Engineer" at Google, there is little question that he can be expected to identify with Google's interests in this matter rather than Singular's.

## IV. CONCLUSION

For the reasons set forth above, Google's request that Singular be denied the right to read in deposition testimony as part of Singular's case-in-chief pursuant to Rule 32(a)(3) should be denied.

January 3, 2024                                           Respectfully submitted,

/s/ Kevin Gannon
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

9

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                                                           */s/ Kevin Gannon*