UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 1:19-cv-12551-FDS <br><br> Hon. F. Dennis Saylor IV <br><br> **REDACTED** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF
IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 4**

Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this response to the supplemental brief filed by defendant, Google LLC ("Google"), in support of its motion *in limine* No. 4. *See* Dkt. No. 685.

According to Google, additional briefing is necessary for the following reason:

> This supplemental briefing on Google's motion *in limine* No. 4 arises from Singular's stated intention to present at trial testimony concerning attorney-client communications regarding when Google first learned about Singular's patents.

Google Br., p. 1. For the reasons set forth below, and in view of Singular's reduction in the designations of Ms. Tornabene's testimony, Google's MIL No. 4 should be denied. None of the remaining designations from Ms. Tornabene's constitute privileged attorney-client communications.

There is no dispute between the parties that willfulness is to be determined under the totality of the circumstances. *See*, *e.g.*, *Knorr-Bremse Sys. Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1342 (Fed. Cir. 2004); *see also SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp.3d 574, 609 (D. Mass. 2018). Among the factors to be considered are the accused infringer's "knowledge of the patent" and "the course of the parties' interactions" which are both "probative of [a patentee's] willful infringement claim." *Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1294 (Fed. Cir. 2023). Another relevant factor is the accused infringer's state of mind. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105-06 (2016). As this Court explained in SiOnyx, "the infringer's intent must be inferred from the totality of the circumstances."

These factors are what Singular seeks to address at trial via Ms. Tornabene's deposition testimony. Singular is not interested in reading to the jury any privileged communications, claims of privilege by the witness or her counsel, or any objections based on or stating a concern

1

regarding privilege.  None of the designated testimony constitutes a privileged attorney-client communication. *See* Ex. A.  Google's request that its knowledge of the asserted patents be disclosed to the jury in a sanitized, litigation-induced interrogatory response goes directly against disclosing the totality of the circumstances of Google's knowledge to the jury.

Moreover, on page 2 of its supplemental brief, Google cites the following testimony that it finds as objectionable as having to make Google somehow invoke privilege in front of the jury:



On December 14, 2023, i.e. two weeks before Google filed its supplemental brief, counsel for Singular shortened up and served Google with its renewed designations of Ms. Tornabene's deposition testimony for use at trial.  In its December 14, 2023 list, Singular identified only the following lines of transcript from the excerpts quoted above from Google's brief:



Google's state of mind is a factor to be considered in determining willful infringement. *Halo*, 579 U.S. at 105-06.  The fact that Google ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that involved the

patents-in-suit goes directly to Google's state of mind. Notably, Google's interrogatory response does not include this important information. *See* Dkt. No. 686-2 (Google Ex. 2), p. 5. Playing this testimony to the jury will not implicate any privilege issues because there is no mention of such issues and the testimony does not disclose what was said. In addition, the witness answered, and so any possible privilege has been waived to the extent the answer states what it states.

On page 2 of its supplemental brief, Google also complains about other designated testimony for the same reason. Google cites to Ms. Tornabene's testimony at: 34:2-35:9; 37:7-40:19, and 53:10-54:13. But Singular also shortened these designations, reducing these designations to: 34:2-5; withdrawing 37:7-40:19, and withdrawing 53:10-54:13.

Singular submits Exhibit A herewith the shortened set of excerpts from Ms. Tornabene's testimony that Singular intends to play to the jury at trial. As can be seen, there are no privileged attorney-client communications in the designated testimony. Accordingly, this testimony should be played to provide the jury as part of the totality of the circumstances regarding Google's state of mind and knowledge of the asserted patents.

For the reasons set forth above, Google's MIL No. 4 should be denied in full.

| | |
|---|---|
| Dated: January 3, 2024 | Respectfully submitted,<br><br>*/s/ Kevin Gannon*<br>Matthew D. Vella (BBO #660171)<br>Adam R. Doherty (BBO #669499)<br>Kevin Gannon (BBO #640931)<br>Brian Seeve (BBO #670455)<br>Daniel McGonagle (BBO #690084)<br>**PRINCE LOBEL TYE LLP**<br>One International Place, Suite 3700<br>Boston, MA 02110<br>Tel: (617) 456-8000<br>Email: mvella@princelobel.com<br>Email: adoherty@princelobel.com<br>Email: kgannon@princelobel.com<br>Email: bseeve@princelobel.com<br>Email: dmcgonagle@princelobel.com<br><br>Kerry L. Timbers (BBO #552293)<br>**SUNSTEIN LLP**<br>100 High Street<br>Boston, MA 02110<br>Tel: (617) 443-9292<br>Email: ktimbers@sunsteinlaw.com<br><br>ATTORNEYS FOR THE PLAINTIFF |

**CERTIFICATE OF SERVICE**

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Kevin Gannon*