# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | Hon. F. Dennis Saylor IV |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

## PLAINTIFF SINGULAR COMPUTING LLC'S UNOPPOSSED MOTION TO IMPOUND PURSUANT TO LOCAL RULE 7.2

Pursuant to Local Rule 7.2 and the Protective Order in this case ("Protective Order"), ECF No. 87, plaintiff, Singular Computing LLC ("Singular"), respectfully requests the Court to impound (seal): Plaintiff's Response to Defendant's Supplemental Brief in support of its Motion *in Limine* No. 4 and Exhibit A. Singular is filing a redacted public version of these documents concurrently herewith. Defendant Google LLC ("Google") does not oppose this Motion to Impound/Seal.

The Protective Order allows the parties to designate discovery material as "Highly Confidential - Source Code" or "Highly Confidential - Attorney's Eyes Only" after making a determination it "contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party." *Id.* at ¶ 8(a) and ¶ 9(a).

The Protective Order requires a party intending to make court filings referring to material designated as "Highly Confidential Attorney's Eyes Only" to bring a motion to impound. *Id.* at ¶ 14. The following contain information that has been designated by one or both of the parties

1

hereto as "Highly Confidential - Source Code" or "Highly Confidential - Attorney's Eyes Only" under the Protective Order:

- Plaintiff's Response to Defendant's Supplemental Brief in support of its Motion *in Limine* No. 4; and

- Exhibit A.

For the foregoing reasons, Singular respectfully requests that the Court permit it to file the above identified document under seal. Singular further requests that this document remain impounded until further Order by the Court, and that upon expiration of the impoundment that the document be returned to Singular's counsel.

| | |
|---|---|
| January 3, 2024 | Respectfully submitted,<br><br>*/s/ Kevin Gannon*<br>Matthew D. Vella (BBO #660171)<br>Adam R. Doherty (BBO #669499)<br>Kevin Gannon (BBO #640931)<br>Brian Seeve (BBO #670455)<br>Daniel McGonagle (BBO #690084)<br>**PRINCE LOBEL TYE LLP**<br>One International Place, Suite 3700<br>Boston, MA 02110<br>Tel: (617) 456-8000<br>Email: mvella@princelobel.com<br>Email: adoherty@princelobel.com<br>Email: kgannon@princelobel.com<br>Email: bseeve@princelobel.com<br>Email: dmcgonagle@princelobel.com<br><br>Kerry L. Timbers (BBO #552293)<br>**SUNSTEIN LLP**<br>100 High Street<br>Boston, MA 02110<br>Tel: (617) 443-9292<br>Email: ktimbers@sunsteinlaw.com<br><br>ATTORNEYS FOR THE PLAINTIFF |

## LOCAL RULE 7.1 CERTIFICATION

I, Kevin Gannon, counsel for Singular Computing LLC, hereby certify that I conferred with counsel for Google LLC to resolve the issues presented in this motion but, after a good faith attempt to reach agreement, the parties were unable to do so.

/s/ Kevin Gannon

## CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Kevin Gannon