**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | |
| v. | Hon. F. Dennis Saylor IV |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFF'S OPPOSITION
TO DEFENDANT GOOGLE LLC'S MOTION TO ESTABLISH
<u>TRIAL PROCEDURES FOR THE USE OF CONFIDENTIAL INFORMATION</u>**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................. 1
II.   BACKGROUND ................................................................................................................... 1
III.  LEGAL STANDARDS ......................................................................................................... 2
IV.   ARGUMENT ........................................................................................................................ 4
      A.   The Motion fails because Google did not engage in any individualized balancing. ................................................................................................................... 4
      B.   The Motion fails because the three Categories of evidence are not necessarily entitled to protection in a public trial. ................................................... 5
      C.   The Motion fails because Google's proposals create unwieldy procedures around key evidence. ................................................................................................. 6
V.    CONCLUSION ..................................................................................................................... 7

**TABLE OF AUTHORITIES**

**Cases**

*Abiomed, Inc. v. Maquet Cardiovascular LLC*,
    No. 1:16-cv-10914-FDS, 2021 WL 5165010 (D. Mass. Nov. 5, 2021) ................................. 3, 5

*Baxter Int'l, Inc. v. Abbott Labs.*,
    297 F.3d 544 (7th Cir. 2002) .............................................................................................. 3, 4

*Cipollone v. Liggett Group, Inc.*,
    785 F.2d 1108 (3d Cir. 1986) ................................................................................................ 5

*Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*,
    No. 07-cv-11444-RWZ, 2008 WL 427290 (D. Mass. Feb. 13, 2008) ....................................... 2

*FTC v. Standard Fin. Mgmt. Corp.*,
    830 F.2d 404 (1st Cir. 1987) ............................................................................................... 2, 3

*Gill v. Gulfstream Park Racing Ass'n, Inc.*,
    399 F.3d 391 (1st Cir. 2005) ............................................................................................... 4, 5

*Heagney v. Wong*,
    No. 15-cv-40024-TSH, 2016 WL 2901731 (D. Mass. May 18, 2016) ..................................... 5

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2006) ................................................................................................... 2

*Nixon v. Warner Commc'ns*,
    435 U.S. 589 (1978) ............................................................................................................ 2, 4

*Poliquin v. Garden Way, Inc.*,
    989 F.2d 527 (1st Cir. 1993) .................................................................................................. 3

*Public Citizen v. Liggett Group, Inc.*,
    858 F.2d 775 (1st Cir. 1988) .................................................................................................. 6

*Ramirez Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc.*,
    425 F.3d 67 (1st Cir. 2005) ................................................................................................. 4, 5

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984) .............................................................................................................. 3, 6

*U.S. v. Microsoft Corp.*,
    165 F.3d 952 (D.C. Cir. 1999) ............................................................................................... 4

*Uniloc 2017 LLC v. Apple, Inc.*,
    964 F.3d 1351 (Fed. Cir. 2020) .............................................................................................. 2

*Virtek Vision Int'l Inc. v. Assembly Guidance Sys., Inc.*,
    344 F.R.D. 141 (D. Mass. 2023) ............................................................................................ 5

**Rules**

Federal Rule of Civil Procedure 26(c) ......................................................................................... 2

L.R. 7.2(d) ................................................................................................................................ 2, 5

Plaintiff Singular Computing LLC ("Singular") hereby opposes Defendant Google LLC's ("Google") Motion to Establish Trial Procedures for the Use of Confidential Information, Dkt. No. 681 ("Motion").

## I.  INTRODUCTION

Google's Motion is an unsupportable effort to obtain a tactical advantage under the guise of "expedient" procedures.  In short, it violates this Court's Local Rules and First Circuit law; seeks to impound broad swaths of unsealable exhibits and testimony; and proposes to muzzle (and therefore blunt) damaging witness testimony.  The Motion should be denied.

## II.  BACKGROUND

Google proposes to seal anticipated trial exhibits and trial testimony regarding the following Categories of information:

> (1)  Google's TPU deployment data, including (a) Google's Total Cost of Ownership ("TCO") and Performance per Total Cost of Ownership ("Perf/TCO") for TPUs, (b) location and volume of TPUs deployed, and (c) operating expenditures ("OPEX") and Capital Expenditures ("CAPEX") for the TPUs;
>
> (2)  The CAPEX and OPEX for Google's data centers; and
>
> (3)  Source code or technical specifications related to the TPU chips.

Mot. at 1.  Google does not identify particular exhibits—let alone the particular lines from such exhibits—that contain the *verboten* information.  Rather, Google asserts:

> The more efficient course is to identify the categories of information above and then litigate which specific portions of exhibits and trial testimony should remain sealed after trial through a narrowly tailored motion to seal.

*Id.* at 3 n.2.

Google proposes to "streamline" the trial procedures with respect to these Categories through the following expediencies:

> (A)  Exhibits and trial transcript that contain any of the three categories of information should be provisionally sealed until a formal motion may be filed.  Such motion may be filed up to thirty (30) days following entry of judgment.

1

  (B)  When exhibits containing information from Categories (1) and (2) are introduced, the Court should order the public-facing monitors turned off.

  (C)  When witnesses discuss exhibits containing information from Categories (1) and (2), the Court should order witnesses and examining counsel to not mention the actual words from those exhibits.

*Id.* at 2-4.

## III. LEGAL STANDARDS

Under Local Rule 7.2, a party must file a motion for impoundment to seal confidential documents. Subsection 7.2(d) in particular states:

> **No Blanket Orders**. The court *will not enter blanket orders* that counsel for a party may at any time file material with the clerk, marked confidential, with instructions that the clerk withhold the material from public inspection. *A motion for impoundment must be presented each time a document or group of documents is to be filed.*

L.R. 7.2(d) (italics added).

"A party seeking to file a document under seal must demonstrate that 'good cause' exists," pursuant to Federal Rule of Civil Procedure 26(c). *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, No. 07-cv-11444-RWZ, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008).[1] This is because of the longstanding tradition of public access to trials and pre-trial motions in our judicial system—a tradition that is protected both by the common law and the First Amendment. *See, e.g.*, *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978); *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 n.4 (1st Cir. 1987) (common law); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) (common law and First Amendment). And, at a more practical level, it is driven by administrative concerns—the Court expends

---

[1] The question of sealing court records is not of substantive patent law, and so the local circuit's law applies. *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1357 (Fed. Cir. 2020).

2

considerable resources to process and maintain sealed documents.  *See, e.g.*, *Dunkin Donuts*, 2008 WL 427290, at *1.

What constitutes "good cause"—and therefore what concerns can justify a document being filed under seal—depends on the nature of the filing.  The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it.  On one end of the spectrum, there is no public right of access to unfiled discovery materials.  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-36 (1984).  Conversely, once a document produced in discovery is filed with the Court, there is a presumptive right of public access.  *See Standard Fin. Mgmt. Corp.*, 830 F.2d at 409 ("[D]ocuments which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies.").  The public interest is strongest—and the burden to overcome it the highest—for documents introduced at trial or included in an appellate record.  *See, e.g., Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1993); *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545-46 (7th Cir. 2002).  It is exactly these sorts of documents that are at issue.

"[O]nly the *most compelling showing* can justify post-trial restriction on disclosure of testimony or documents actually introduced at trial."  *Poliquin*, 989 F.2d 533 (emphasis added); *see also, e.g.*, *Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. 1:16-cv-10914-FDS, 2021 WL 5165010, at *1 (D. Mass. Nov. 5, 2021) ("Only the most compelling reasons can overwhelm the presumption.") (citing *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d at 410).  As such, to seal trial documents and the like, the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, such as the existence of trade secrets in the

documents or confidential business information. *See, e.g.*, *Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing."); *Baxter Int'l, Inc.*, 297 F.3d at 546 (describing other possible countervailing interests).

Whether a given piece of evidence meets the most-compelling-interest standard for restriction is determined through "an individualized balancing of the many interests that may be present in a particular case." *Ramirez Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 425 F.3d 67, 73 (1st Cir. 2005) (quoting *U.S. v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999)); *see also Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d 391, 400 (1st Cir. 2005) ("Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise. The 'good cause' standard in the Rule is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case;" concluding that the "district court erred in the protective order analysis because it was obligated to, and failed to, engage in balancing").

## IV.   ARGUMENT

### A.   The Motion fails because Google did not engage in any individualized balancing.

The Motion fails from the start as Google—by its own admission—does not perform individualized analysis of any bit of evidence. Again, Google argues that "[t]he more efficient course is to identify the categories of information above and then litigate which specific portions of exhibits and trial testimony should remain sealed after trial through a narrowly tailored motion to seal." Mot. at 3 n.2. This proposal violates the Court's Local Rules and First Circuit law.

First, Local Rule 7.2(d) explicitly prohibits "blanket orders;" instead, "[a] motion for impoundment must be presented each time a document or group of documents is to be filed."

4

L.R. 7.2(d).  Second, each such motion to seal requires "an *individualized* balancing of the many interests that may be present . . . ." *Ramirez Rodriguez*, 425 F.3d at 73.  As such, "the party seeking the protective order must demonstrate a particular need for protection; '[b]road allegations of harm, unsubstantiated by specific examples or articulated reasons, do not satisfy the Rule 26(c) test.'" *Heagney v. Wong*, No. 15-cv-40024-TSH, 2016 WL 2901731, at *3 (D. Mass. May 18, 2016) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)); *see also, e.g.*, *Virtek Vision Int'l Inc. v. Assembly Guidance Sys., Inc.*, 344 F.R.D. 141, 148 (D. Mass. 2023).

Whatever the alleged "efficiencies" of Google's proposals might be, they do not comport with the Court's Local Rules and First Circuit law.  *See Ramirez Rodriguez*, 425 F.3d at 73; *Gill*, 339 F.3d at 402.  In short, Google did not identify a single piece of discrete evidence, which is alone sufficient to deny its motion.[2]

### B. The Motion fails because the three Categories of evidence are not necessarily entitled to protection in a public trial.

Singular agrees that the three broad Categories of evidence described by Google *might* include sealable information.  For example, source code—a sub-part of Category 3—is probably sealable.  But, not all code is sealable.  Neither are all technical specifications—another sub-part of Category 3—sealable.  And, any number of "details" regarding TPU deployment, TCO, Per/TCO, OPEX and CAPEX are not sealable.  Mot. at 1.  To take just one example, is the

---

[2]    Interestingly, Google cites four cases in support of its argument that courts have sealed "financial and technical information, including at trial, recognizing the competitive and business harm resulting from public disclosure of information." Mot. at 2.  *But*, those cases also prove another point:  In each, the parties identified *individualized* portions of exhibits and transcripts to redact.  Singular invites the Court to review, for example, *Abiomed*, which issued from this Court and which featured prominently in Google's motion.  As noted by Your Honor in that case, movant Abiomed identified by *page and line* numbers the exact items to be redacted.  16-cv-10914-FDS, 2021 WL 5165010; *see also id.*, Dkt. Nos. 945 (Mot.) at 2 & 954 (Reply) at 1 n.1.

"location and volume of TPUs deployed" really of such concern that it warrants pre-trial blanket treatment?  *Id.* at 1-2.

### C. The Motion fails because Google's proposals create unwieldy procedures around key evidence.

Where an individualized showing of protectable information is established, the Court has "broad discretion" to decide "when a protective order is appropriate and what degree of protection is required . . . ."  *Seattle Times*, 467 U.S. at 36; *see also Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir. 1988) (explaining that great deference is shown to the district court in framing and administering such orders).  As discussed above, Google failed as to both "individualized" and "protectable."  That said, even if the Court were to agree that some procedures should be put in place, Google's proposals are unworkable and frankly unfair.

First, it should not be difficult to address individual pieces of evidence and testimony as they arise, or even in advance, given the Court's instructions on previewing anticipated exhibits.

Second, Google's proposal to effectively dance around documents and—even worse—muzzle witness testimony is beyond the pale.  With all due respect to Google, its proposal to instruct testifying witnesses "to avoid directly stating the data" in the Categories described above smacks of a desperate attempt to avoid having those witnesses say those big numbers out loud. Mot. at 4.  Take, for hypothetical example, the difference in testimony between Witness 1, who has been instructed to avoid saying the actual numbers out loud, and so who testifies in the words proposed by Google on page 4 of its Motion; and Witness 2, who is permitted to testify without Google's artificial restrictions:

**Attorney**: "How much did Google save by implementing the TPU chips?"

**Witness 1**: "It's the number in the third row in the table on this page on this exhibit."

**Witness 2**: "Two billion dollars, as you can see on this exhibit."

6

While Singular agrees—as a general matter—that certain evidence can be sealed, that is not what Google really proposes in this instance. Instead, Google seeks a tactical advantage cloaked in an overly broad attempt to preemptively seal a literally untold number of documents and testimony.

## V.  CONCLUSION

For the foregoing reasons, Singular respectfully requests that the Court deny the Motion.

Dated: January 3, 2024

Respectfully submitted,

*/s/ Kevin Gannon*
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian M. Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/      Kevin Gannon*

8