# EXHIBIT F

```
 1                     UNITED STATES DISTRICT COURT
                        DISTRICT OF MASSACHUSETTS
 2

 3

 4     SINGULAR COMPUTING LLC,         )
                                       )
 5                     Plaintiff       )  Civil Action
                                       )
 6                                     )  No. 19-12551-FDS
       vs.                             )
 7                                     )
       GOOGLE LLC,                     )
 8                     Defendant       )

 9

10     BEFORE:  CHIEF JUDGE F. DENNIS SAYLOR, IV

11

12                          MOTION HEARING

13

14
             John Joseph Moakley United States Courthouse
15                          1 Courthouse Way
                            Boston, MA 02210
16

17
                          January 11, 2023
18                            3:00 p.m.

19

20

21

22

23              Valerie A. O'Hara, FCRR, RPR
                     Official Court Reporter
24         John Joseph Moakley United States Courthouse
                         1 Courthouse Way
25                       Boston, MA 02210
                    E-mail: vaohara@gmail.com
```

1     publications could have been a ground for an anticipation
2     argument because they don't contain all the details, and
3     here's a particular example:
4           Both of the asserted claims at this point, your
5     Honor, require, and this was sort of the distinguishing
6     point, by the way, in the IPR proceedings, too, require
7     that, "The number of LPHDR execution units in the device
8     exceeds by at least 100 the nonnegative integer number of
9     execution units in the device adapted to execute at least
03:34PM 10    the operation of multiplication floating point numbers that
11    are at least 32 bits wide," so it's a bit of a mouthful,
12    but it basically says you have to have 100 more LPHDR units
13    than standard precision units, so what do you need for that
14    formula?  You need to know how many LPHDR units there were
15    in the system, and you need to know how many standard units
16    were in the system.
17          Singular hasn't shown and can't, frankly, what it
18    calls the printed -- what it's calling the printed
19    publications.  It can't show that they disclose an aspect
03:35PM 20    of the system.
21          Dr. Leeser knows what tests setup she had.  She
22    was able to go back to her notes and figure it out.  It was
23    a Pentium III computer that had up to four multipliers,
24    standard precision multipliers on it.
25          That's not disclosed in any one of the printed

1   publications that Singular is pointing to.  That's
2   information that Dr. Leeser is a percipient witness is
3   going to provide about the VFLOAT system, and it's kind of
4   similar to this court's reasoning in the *Sionyx* case, the
5   fact that certain evidence goes to proving up the physical
6   system, including maybe printed publications is fine as
7   long as it's using other evidence that wasn't known.
8            And Mr. Hayes was conceding as much during the
9   course of his argument.  He was saying, listen, if there's
03:36PM 10  other information that's coming from the documents or the
11  witnesses that's not disclosed in the printed publications,
12  then in that case, Google is allowed to pursue the
13  argument, it's not estopped from pursuing the argument.
14  That is exactly what's going on here.  I mean, that is the
15  exact situation.  It's not cumulative of anything, and they
16  won't be able to identify that in the publications.  They
17  certainly didn't in their briefing.
18            THE COURT:  Let me try to simplify it, and I
19  wouldn't assume, by any means, certainly I won't assume
03:36PM 20  that I got anything right in Sionyx or that I was not
21  painting with too broad or too narrow a brush, but let's
22  say if I'm thinking about this clearly, in an anticipation
23  argument -- I'm sorry, obviousness argument, so you have a
24  printed publication that describes W and X, and you have
25  another printed publication that describes Y and Z, and