**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | C.A. No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S**
**FURTHER SUPPLEMENTAL BRIEF RE SINGULAR'S MOTION IN LIMINE NO. 4**

Google submits this further supplemental brief on Singular's motion *in limine* ("MIL") No. 4 (Dkt. No. 619, "Mot."), to address Singular's claim that Google's 35 U.S.C. § 102(g)(2) defense was a "new invalidity theory" that was "raised by Google for the first time more than two years after the close of fact discovery, and a mere handful of weeks before trial is scheduled to begin." Dkt. 697 at 6–7. Singular raised this argument for the first time in its "Supplemental Brief" in support of its MIL No. 4, which was filed at 6 p.m. the day before the final pre-trial conference on January 4, 2024.

In addition to the fact that Section 102(g) was expressly disclosed as a basis for invalidity in Google's (**i**) November 2020 original invalidity contentions, (**ii**) March 2021 amended invalidity contentions, and (**iii**) August 2022 second amended invalidity contentions,[1] as well as (**iv**) the explicit references to the statutory language of Section 102(g)(2) in Dr. Leeser's December 2022 expert report (examples of which Google identified to the Court during the January 4 pre-trial conference, including at paragraphs 143, 155, 182, 185-186, and 188 of Dr. Leeser's report, *see* Dkt. No. 494-1), Google points out the following:

- When Singular first moved for summary judgment on the basis of IPR estoppel in November 2022, *see* Dkt. No. 377, ***before*** exchanging initial expert reports, Google stated the following in its opposition, filed December 9, 2022 (Dkt. No. 392 at 7):

  > The VFLOAT system operating on FPGA hardware anticipates and/or renders obvious the asserted claims as "known or used by others in this country" under Section 102(a), as a "public use" of the claimed invention under Section 102(b), and **as a prior invention that was not abandoned, suppressed, or concealed under Section 102(g)(2)**.

- In the same opposition, Google further stated (*id.* at 4):

  > Moreover, as will be apparent from the forthcoming reports of Google's invalidity experts, the invalidity grounds Google intends to present at trial will be that these prior-art computing systems invalidate Singular's asserted

[1] In October 2022, the Court granted in relevant part Google's request for leave to serve second amended invalidity contentions. *See* Dkt. Nos. 359, 375.

> patent claims as anticipated and/or obvious because they were "known or used . . . in this country" under Section 102(a), were in "public use . . . in this country" under Section 102(b), and/or **had been "made in this country by another inventor who had not abandoned, suppressed, or concealed [them]" under Section 102(g)(2)**.

- And in response to Singular's related "Statement of Undisputed Material Facts", Google explained (Dkt. No. 396 at 10):

> **An invalidity ground Google intends to present at trial** will be that a prior-art computing system referred to as 'VFLOAT' invalidates Singular's asserted patent claims as anticipated and/or obvious because the system was 'known or used . . . in this country' under Section 102(a), in 'public use . . . in this country' under Section 102(b), and/or **had been 'made in this country by another inventor who had not abandoned, suppressed, or concealed [it]' under Section 102(g)(2).**

- At the January 11, 2023 hearing on Singular's IPR estoppel motion, Google noted that one statutory basis for its invalidity defense—including with respect to the VFLOAT system—was Section 102(g)(2) (Dkt. No. 406 at 21, 1/11/23 Hr'g Tr.):

> And this is our last slide, but I'd like to go through it in a little bit of detail. This discloses the three systems that Mr. Hayes also mentioned, **the VFLOAT system**, which is the basis for 102 and 103 arguments, including that Miriam Leeser, Dr. Miriam Leeser, and Pavle Belanovic publicly disclosed their invention, which is a 102(a) argument that they used it publicly, used it under 102(b), and that **they had a prior invention under 102(g)** as well as the CNAPS system and the GRAPE-3 system that I'll go through in some detail.

- In the Court's April 2023 memorandum order on Singular's IPR estoppel motion, the Court recounted the statutory bases for Google's disclosed invalidity theories, acknowledging that the list included Section 102(g)(2) (Dkt. No. 447 at 13):

> Finally, **Google asserts that it intends to rely on a variety of evidence of prior-art systems** (alone and in combination with printed publications) in support of its invalidity arguments. It identifies three such systems—VFLOAT, CNAPS, and GRAPE-3—that **it will argue show that the claimed inventions were** either "known or used by others in this country," "in public use," or **invented "by another."** (Def. Opp'n at 1 (citing 35 U.S.C. §§ 102(a), (b), **(g)(2)** (2002)).

- In opposition to Singular's April 2023 motion to exclude certain documents related to the VFLOAT system, *see* Dkt. No. 475 (which motion Singular later withdrew, *see*

Dkt. No. 529), Google again explained that one of the statutory bases for its invalidity theory based on the VFLOAT system was Section 102(g)(2) (Dkt. No. 493 at 3):

> Dr. Leeser's report explained how the VFLOAT system was reduced to practice, publicly known, and in public use by approximately 2002. Id. ¶¶ 140–268. Relying on her expertise in the design and operation of reconfigurable computing systems, such as FPGAs, **Dr. Leeser opines in her report that the VFLOAT system anticipates and/or renders obvious the asserted claims** as "known or used by others in this country" under 35 U.S.C. § 102(a), as a "public use" of the claimed invention under 35 U.S.C. § 102(b), **and as a prior invention that was not abandoned, suppressed, or concealed under 35 U.S.C. § 102(g)(2)**.

* * *

Finally, Singular's counsel appeared to suggest at the January 4, 2024 pre-trial conference that Google's Section 282 notice was somehow deficient because it only identified Dr. Leeser but not Mr. Belanović. Dr. Leeser and Mr. Belanović are both inventors and both contributed to the creation of the VFLOAT system, which is why Dr. Leeser identified both of them in her expert report. But Section 282 requires only that a defendant disclose "the name and address of any person who may be ***relied upon*** [at trial] as the prior inventor" of prior art. 35 U.S.C. § 282(c). Because Google is not calling Mr. Belanović as a witness at trial, there was no need to disclose him in the notice. *See* 3 Annotated Patent Digest § 15:86 (explaining that Section 282 "only requires listing ***witnesses*** who themselves created specific types of prior art, e.g., the testimony of a prior inventor, prior user, or prior offeror to sell the invention or one allegedly having prior knowledge of the invention"). In any event, the substance of the formal Section 282 notice is irrelevant because, as shown above, Google had repeatedly and unambiguously "give[n] notice in the pleadings or otherwise in writing" of its intent to rely on Section 102(g)(2) and Dr. Leeser long before the date on which it served its formal Section 282 notice.

Respectfully submitted,

Dated: January 5, 2024

By: */s/ Nathan R. Speed*

Gregory F. Corbett (BBO #646394)
gcorbett@wolfgreenfield.com
Nathan R. Speed (BBO #670249)
nspeed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
edimarco@wolfgreenfield.com
Anant K. Saraswat (BBO #676048)
asaraswat@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Michelle Ybarra (admitted *pro hac vice*)
mybarra@keker.com
Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Stephanie J. Goldberg (admitted *pro hac vice*)
sgoldberg@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
Rachael E. Meny (admitted *pro hac vice*)
rmeny@keker.com
Eric K. Phung (admitted *pro hac vice*)
ephung@keker.com
Kaiyi A. Xie (admitted *pro hac vice*)
kxie@keker.com
Spencer McManus (admitted *pro hac vice*)
smcmanus@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Michael S. Kwun (admitted *pro hac vice*)
mkwun@kblfirm.com
Asim M. Bhansali (admitted *pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350

Matthias A. Kamber (admitted *pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

Ginger D. Anders (admitted *pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (admitted *pro hac vice*)
Kain.Day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100

Jordan D. Segall (admitted *pro hac vice*)
Jordan.Segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

*/s/ Nathan R. Speed*
Nathan R. Speed