UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SINGULAR COMPUTING LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 19-12551-FDS |
| ) | |
| **GOOGLE LLC,** ) | |
| ) | |
| Defendant. ) | |

### ORDER ON USE OF JUROR INFORMATION

**SAYLOR, C.J.**

Plaintiff Singular Computing has moved pretrial to preclude the parties' use of potential jurors' private information during the *voir dire* process. For the following reasons, that motion will be granted.

First, defendant Google LLC has access to a vast quantity of its users' personal data. It is almost certain that many, if not all, members of the venire are current users of Google's products and services. Although Google's counsel has stated unequivocally that it will not use its users' data for litigation advantage, nonetheless the potential for unwarranted (and asymmetrical) invasion of jurors' privacy is sufficiently substantial that an order prohibiting such conduct is warranted. Therefore, the Court hereby orders that Google may not access any proprietary data it may possess about any member of the venire or member of the empaneled jury at any time during jury empanelment or the upcoming trial.

Singular has also requested that the parties be prohibited from using social media and other publicly available information to research venire members or empaneled jurors. That request raises two reasonable concerns, protecting juror privacy and the potential asymmetric

advantage due to the disparity of resources of the parties.  However, those concerns are more limited once a jury has been empaneled and sworn, as both parties at that point will have a relatively equal opportunity to conduct reasonable research into the limited number of empaneled jurors.  Therefore, the Court hereby orders that parties shall not investigate publicly available information, including social media histories, of venire members.  Once the jury is empaneled, and only at that point, parties may conduct reasonable inquiries of publicly available sources to ascertain basic background information concerning the sworn jurors.  Google's counsel may use its search engine as part of that process, but only to the same extent that any member of the public could do so.  The parties may not, however, use such information to contact jurors, directly or indirectly, or to harass or attempt to influence them in any way.

**So Ordered.**

Dated:  January 8, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court