UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC, | Civil Action No. 1:19-cv-12551-FDS |
| Plaintiff, | Hon. F. Dennis Saylor IV |
| v. | **REDACTED** |
| GOOGLE LLC, | |
| Defendant. | |

**DEPOSITION DESIGNATION/EXHIBIT DISPUTES**

Counsel for the parties have been meeting-and-conferring in an effort to resolve their objections to each other's deposition designations and exhibits. The parties have been unable to resolve all of Google's objections to Singular's trial exhibit 802 and several designations Singular has identified from the transcripts of the depositions of Jeffrey Dean and Astro Teller, both of whom were knowledgeable regarding Dr. Bates's interactions with Google. The transcripts are attached hereto as Exhibits A (Dean designations) and B (Teller designations) with Singular's designations highlighted in yellow and Google's counter designations highlighted in green.

A.  Google's Objections to Dean Deposition Designation

Google objects to page 194, lines 19-23 as lacking in testimony. Its inclusion would be confusing and misleading to the jury. The question in this passage was withdrawn following objections. Singular's counsel then asked a different question, which the witness answered. Google has not objected to the subsequent question and answer.

Singular's Response:  Singular disagrees that the question was withdrawn in its entirety. The testimony following these four lines gives contest and responsive testimony confirming that

1

Dr. Bates made such presentations, for example, in deposition exhibit 13 identified on page 196 of the transcript. Accordingly, Google's objection to 194:19-23 should be overruled.

B. <u>Astro Teller Deposition Designations</u>

Google objects to several designations in Exhibit C hereto from the deposition of Astro Teller. Google makes the following objections:

1. 90:03-92:25 - Attorney questioning recites the exhibit without asking a substantive question; exhibit language quoted does not involve personal knowledge of Dr. Teller.

<u>Singular's Response</u>: Google's objection should be overruled. Dr. Teller was a recipient of deposition Exhibit15. *See* Ex. C. On page 137:1-8, Dr. Teller confirmed his personal understanding of what was stated in deposition Exhibit 15.

2. 138:14-139:14 – Question is argumentative, lacks foundation, and is prejudicial. No foundation Dr. Teller acted ▮▮▮▮▮▮▮▮▮▮

<u>Singular's Response</u>: Google's objection is an attempt to prevent the jury from learning that Dr. Teller ▮▮▮▮▮▮▮▮▮▮ Pages 138-139 is testimony that Dr. Teller wrote that in an email and believed it. This goes directly to willfulness. The objection should be overruled.

3. 149:18-150:5 – Testimony precluded by Court's order on Google MIL #4; lacks foundation, is confusing and prejudicial because it assumes that ▮▮▮▮▮▮▮▮▮▮

<u>Singular's Response</u>: The objection should be overruled. Singular does not believe Google MIL #4 is relevant to this testimony. This testimony goes to the issue of willfulness. The

testimony shows that ███████████████████████████████████████████

███████████████████████████████████████████

    4.    150:24-151:04 – Testimony precluded by Court's order on Google MIL #4; lacks foundation, confusing and prejudicial.  It assumes and suggests that Dr. ███████████

███████████████████████████████████

Singular's Response: The objection should be overruled.  Singular does not believe Google MIL #4 is relevant to this testimony. This testimony also relates to the issue of willfulness.  Willfulness is determined in view of the totality of the circumstances.  Dr. Teller testified that ███████████████████████████████████████ *See* 151:18-19.

    5.    Google objects to the following designations of Astro Teller's because, as Singular acknowledges, they were not previously disclosed in the most recent set of deposition designations sent by Singular to Google on December 14, 2023:

>   38:23-39:03
>   92:03-92:25
>   96:22-97:07
>   97:10-97:15
>   97:17-97:21
>   97:23-97:24
>   135:25-137:14
>   137:19-138:07
>   149:25 - 150:05

Singular's Response:  All of the above testimony was in Singular's original deposition designations served on August 1, 2023 and again in the supplemental designations served on December 1, 2023.  Google objected to the length of Singular's objections.  In response, Singular attempted in good faith to cut down the Teller deposition designations.  Singular has decided to

reinsert some of the testimony it had previously cut.  In addition, Google's recitation of the alleged reductions is not accurate.

      6.      150:08-150:10 - Testimony precluded by Court's order on Google MIL #4; and, as Singular acknowledges, the testimony was not previously disclosed in any of the deposition designations sent by Singular to Google.

      <u>Singular's Response</u>:  The objection should be overruled.  Singular does not believe Google MIL #4 is relevant to this testimony.  The disputed designation is Dr. Teller's answer to a question that was designated in all of Singular's exchanges. *See* Ex. C at 149:17-150:5.  Singular discovered the omission and designated the answer for completeness.

      Singular objects to Googles Teller counter-designations.

      1.      98:2-4 Singular objects to this testimony under FRE 402 and 403.

      <u>Google's Response</u>: This narrow counter designation provides clarification to Dr. Teller's previous answer.

      2.      147:16-18; 147:20-22 Singular objects to this testimony under FRE 402 and lacking foundation.

      <u>Google's Response</u>: Testimony is relevant to willfulness and Dr. Teller has a foundation to testify about what he does or does not remember; indeed, Singular has designated several portions of Dr. Teller's testimony where he answers in whole or in part that he does not remember something (*see, e.g.*, 149:18-150:5; 150:24-151:04; 150:08-150:10).

C.      <u>Google's Objection to Trial Exhibit 802</u>

      Google objects to Exhibit 802 as containing hearsay not subject to an exception from persons other than Jeff Dean quoted in the purported transcript, the accuracy of which has not been established.

<u>Singular's Response</u>: A copy of TX0802 is attached as Exhibit D. It is a copy of a post from gcppodcast.com and includes questions to, and answers from, Jeff Dean regarding his work for Google in Artificial Intelligence, i.e. what the accused products enable at Google. For example, on page 6, Dr. Dean agrees that he is the leader of Google AI. On pages 6-21, Dr. Dean discusses his work at Google with AI and TPUs. In Dr. Dean's deposition testimony in this case, he identifies the gcpodcast.com as a Google Cloud website. *See* Ex. A at 69:19-70:11. Dr. Dean also agreed that he understood that the podcast would be made public and that the answers that he gave "were true and accurate to the best of his knowledge." *Id.* at 73:3-13. As Dr. Dean was a Google employee when he gave the podcast interview and the testimony involves his work as an employee of Google, the statements made by him in the podcast are admissions of a party opponent and, therefore, not hearsay.

January 8, 2024                                    Respectfully submitted,

                                                   */s/ Kevin Gannon*
                                                   Matthew D. Vella (BBO #660171)
                                                   Adam R. Doherty (BBO #669499)
                                                   Kevin Gannon (BBO #640931)
                                                   Brian Seeve (BBO #670455)
                                                   Daniel McGonagle (BBO #690084)
                                                   **PRINCE LOBEL TYE LLP**
                                                   One International Place, Suite 3700
                                                   Boston, MA 02110
                                                   Tel: (617) 456-8000
                                                   Email: mvella@princelobel.com
                                                   Email: adoherty@princelobel.com
                                                   Email: kgannon@princelobel.com
                                                   Email: bseeve@princelobel.com
                                                   Email: dmcgonagle@princelobel.com

                                                   Kerry L. Timbers (BBO #552293)
                                                   **SUNSTEIN LLP**
                                                   100 High Street
                                                   Boston, MA 02110
                                                   Tel: (617) 443-9292
                                                   Email: ktimbers@sunsteinlaw.com

                                                   ATTORNEYS FOR THE PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                                   */s/ Kevin Gannon*

6