# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**REDACTED** |

## DEPOSITION DESIGNATION/EXHIBIT DISPUTES

Counsel for the parties have been meeting-and-conferring in an effort to resolve their objections to each other's deposition designations and exhibits. The parties have been unable to resolve all of Google's objections to several designations Singular has identified and counter designations Google has identified from the transcripts of the depositions of Andrew Phelps and Nishant Patil, both of whom were involved in the development of Google's accused TPU devices. The transcripts are attached hereto as Exhibits A (Phelps Day 1 designations), Exhibit B (Phelps Day 2 designations) and C (Patil designations) with Singular's designations highlighted in yellow and Google's counter designations highlighted in green.

A.   Google's Objections to Phelps Deposition Designation

Google objects to several designations in Exhibit A hereto from the deposition of Andrew Phelps. Google makes the following objections:

1. 47:07-47:08 (Form; 403)
   - Testimony mischaracterizes prior discussion (at 32:15-20) and is duplicative of 46:17-18/46:20-21.

1

Singular's Response:  Singular disagrees that this excerpt mischaracterizes 32:15-32:20 that was counter-designated by Google.  The jury can decide whether there is any mischaracterization as Google alleges.  Singular disagrees that this excerpt is duplicative of 46:17-46:18 (that is not designated) or 46:20-46:21.  Whereas 47:07-47:08 refers to ███████████████████████████████, 46:17-46:18 and 46:20-46:21 do not mention loading, the VPU or the MXU

    2.       125:08-125:13 (Form; 701)

- Low precision is a construed term and Mr. Phelps is not an expert applying the Court's construction. *See* 125:10 ("and that's what makes it **low precision**, isn't it Mr. Phelps?").  Google does not object to a similar question at 125:24-25/126:02-03 that avoids invoking a construed term.

Singular's Response:  Google cites no law stating that a non-expert cannot testify regarding a claim term that has been construed.  Mr. Phelps's testimony reflects his personal understanding based on his long tenure as a hardware engineer for Google who worked on the design of the accused TPU devices. *See* 7:1-10:12.  In any event, the question used the comparative term "lower" precision, not "low" precision.  The Court did not address "lower" precision.

    3.       146:14-146:19 (Form; lacks foundation)

- Per the testimony, no foundation established that Mr. Phelps was involved in the decision to build TPUv2, and he explicitly notes that he would be speculating.

Singular's Response:  Phelps testified that he was on the design team for the TPU v2. *See* 10:3-10:12.  The jury can assess whether or not the witness was actually speculating in view of his direct role in the TPU v2 program.

4.  147:17-150:13 (Form; lacks foundation)

    o   Again, no foundation established regarding knowledge of or involvement in decisions made by Google Brain or Jeff Dean; Mr. Phelps was not on Google Brain team, *see* 146:21-147:01, and his testimony on both points is speculative.

Singular's Response:  Phelps testified that he was on the design team for the TPU v2. *See* 10:3-10:12.  The jury can assess whether or not the witness was actually speculating in view of his direct role in the TPU v2 program.  That he was not on the Brain team does not mean that Phelps had no knowledge of Brain's activities.  Phelps plainly did have knowledge of Brain's activities, including Brain's TPU decision-making. *See*, *e.g.*, 148:25-149:7.

5.  157:20-159:15 (403)

    o   Questioning regarding whether Google engineers were "instructed" not to read patents is prejudicial to Google and runs afoul of the Court's guidance to avoid the jury improperly inferring that Google employees were doing something wrong.

Singular's Response:  That the testimony may be "prejudicial" to Google does not warrant excluding this testimony. *See In re: PHC, Inc. Shareholder Litig.*, 894 F.3d 419, 440 (1st Cir. 2018) ("[v]irtually all evidence is meant to be prejudicial, and Rule 403 only guards against unfair prejudice").  This testimony is not unfairly prejudicial.  Moreover, this testimony goes directly to Google's state of mind regarding willfulness.  Under Rule 403, its relevance outweighs any danger of "unfair prejudice." *See PHC*, 894 F.3d at 440 ("it is no easy task to show unfair prejudice" under Rule 403).

Singular objects to Googles Phelps counter-designations found in Phelps Day 2 (Exhibit B).

1.	34:5-34:11 Singular objects to this testimony as beyond the scope of Singular's designations.  Google's designation is also incomplete and prejudicial.

Google's Response: The Court has indicated its preference that testimony from a single witness be played at one time; therefore, Mr. Phelps' testimony should all be played at once, regardless of its scope.  The portion of the transcript that Google designated contains the entirety of Mr. Phelps' questions and answers and thus is complete.  Singular has identified no reason that Mr. Phelps' testimony related to the TPUs relates unfairly prejudices Singular.

2.	34:13-35:08 Singular objects to this testimony as beyond the scope of Singular's designations.  Google's designation is also incomplete and prejudicial.

Google's Response: The Court has indicated its preference that testimony from a single witness be played at one time; therefore, Mr. Phelps' testimony should all be played at once, regardless of its scope.  The portion of the transcript Google designated contains the entirety of Mr. Phelps' questions and answers and thus is complete.  Singular has identified no reason that Mr. Phelps' testimony related to the TPUs relates unfairly prejudices Singular.

3.	35:10-35:14  Singular objects to this testimony as beyond the scope of Singular's designations.  Singular also objects to this testimony as lacking foundation and prejudicial.

Google's Response: The Court has indicated its preference that testimony from a single witness be played at one time; therefore, Mr. Phelps' testimony should all be played at once, regardless of its scope. Singular has identified no reason that Mr. Phelps' testimony related to the MXU unfairly prejudices Singular, or why Mr. Phelps' testimony related to the MXU lacks foundation. Indeed, Singular has specifically designated Mr. Phelps' testimony on the MXU (*see, e.g.* Ex. A at 23-25 and 30-34).

4. 35:16-35:19 Singular objects to this testimony as beyond the scope of Singular's designations. Singular also objects to this testimony as lacking foundation and prejudicial.

Google's Response: The Court has indicated its preference that testimony from a single witness be played at one time; therefore, Mr. Phelps' testimony should all be played at once, regardless of its scope. Singular has identified no reason that Mr. Phelps' testimony related to the MXU unfairly prejudices Singular, or why Mr. Phelps' testimony related to the MXU lacks foundation. Indeed, Singular has specifically designated Mr. Phelps' testimony on the MXU (*see, e.g.* Ex. A at 23-25 and 30-34).

5. 40:4-40:6 Google's designation is incomplete, prejudicial and confusing.

Google's Response: Google's designation is complete when considered together with 40:8-40:11, which contains the answer to the question posed. The testimony designated relates to the functionality of the accused products; it is not confusing or unfairly prejudicial, and Singular cites no basis for its position otherwise.

6. 40:8-40:11 Google's designation is incomplete, prejudicial and confusing.

Google's Response: Google's designation is complete when considered together with 40:4-40:6, which contains the question that precedes the answer designated. The testimony designated relates to the functionality of the accused products; it is not confusing or unfairly prejudicial, and Singular cites no basis for its position otherwise.

B. Nishant Patil Deposition Designations

Google objects to several designations in Exhibit C hereto from the deposition of Nishant Patil. Google makes the following objections:

1.	70:05-70:18 - Singular's designation is incomplete, prejudicial, misleading, confusing, and irrelevant given Dr. Patil's clarification. In testimony Singular that has not designated (126:12-126:20), Dr. Patil clarifies that the people named in TX0018 are just the authors, not members of the TPU team.

Singular's Response:  If it did not, Google should have counter-designated 126:12-126:20.  In any event, at 126:19-20, Patil affirmatively testifies that the authors are part of the TPU team.

2.	122:10-122:18 - Singular's designation is misleading, prejudicial, and argumentative. The questioning cites testimony describing a topic on which Dr. Patil was not designated instead of the modified topic the parties had agreed to (*see* 11:22-13:7, Ex. D, Dkt. 227-4 at 5) misleading suggesting he was designated on the broader topic; it also designates a question without its response, making it effectively attorney argument.

Singular's Response:  Patil was designated for topic 27 in the July 2, 2021 letter from M. Kamber to P. Hayes. *See* Exhibit D.  At the deposition (12:22-24), Google's counsel confirmed that Mr. Patil is prepared to testify on the topics identified in Mr. Camber's [*sic*] July 2 letter."

In addition, Patil affirmed that he was also testifying in his personal capacity. *See* 13:8-10.

3.	212:17-212:19; 212:22; 212:25-213:02 - Singular's questioning recites the exhibit without asking a substantive question; exhibit language quoted does not involve personal knowledge of Dr. Patil and Singular has not established the foundation that he wrote that language; and testimony also misleadingly suggests that Dr. Patil determined that building Dragonfish was cheaper than buying GPUs when he only suggested the word "cheaper" appears in the document.

6

Singular's Response:  The testimony does "involve personal knowledge" of Patil.  At 210:20-22, he testified that he was a "co-author" of the document.  Google's argument that Patil only "suggested" the word "cheaper" is for the jury to decide.

4. 307:01-307:04; 307:08-307:09 - Singular's questioning recites the exhibit without asking a substantive question; exhibit language quoted does not involve personal knowledge of Dr. Patil, who was one of multiple co-authors of the document; and did not establish foundation that he wrote the sentence at issue.

Singular's Response:  Singular's counsel read from the exhibit and Patil confirmed that reading was accurate.  Patil then testified that he was a co-author of the document (307:12-307:14), thus giving him personal knowledge of its contents.  Patil did not disagree with the statement in the document.  The jury can determine that he agreed with the document that he co-authored.

Singular objects to Google's Patil counter-designations.

1. 115:15-117:9 Singular objects to this testimony as beyond the scope of Singular's designations.  Google's designation is also incomplete, prejudicial and confusing.

Google's Response: Dr. Patil's testimony establishes he has a foundation to testify on these issues—Singular, in fact, seeks to introduce documents co-authored by Dr. Patil on these exact issues. The designation is relevant to Singular's expert testimony on damages, which concerns Google's use of GPUs. Singular has provided no basis for why the designation is incomplete, prejudicial, or confusing. Google's designation directly relates to documents and testimony from Dr. Patil that Singular designates. *See, e.g.,* 108 (discussing GPU performance); 192 (same); 210-213 (same); 225-227 (same), so it is within scope.

2.      129:6-8, 129:11-130:8; 137:2-7 Singular objects to this testimony as beyond the scope of Singular's designations. Singular also objects to this testimony as lacking foundation and is confusing.

Google's Response: Dr. Patil's testimony establishes he has a foundation to testify on these issues—Singular, in fact, seeks to introduce documents co-authored by Dr. Patil on these exact issues. The designation is relevant to Singular's expert testimony on damages, which concerns Google's use of GPUs. Singular has provided no basis for why the designation is confusing. Google's designation directly relates to documents and testimony from Dr. Patil that Singular designates. *See, e.g.,* 108 (discussing GPU performance); 192 (same); 210-213 (same); 225-227 (same), so it is within scope.

3.      171:5-171:6  Singular objects to this testimony as beyond the scope of Singular's designations. Singular also objects to this testimony as lacking foundation and is confusing.

Google's Response: Dr. Patil's testimony about ▮▮▮▮▮▮ is in response to questions about a document he drafted and about which he has personal knowledge, and the document concerns the comparisons of TPUs and GPUs (see 150:17-151:6*)*, which are within the scope of Singular's designations (*see, e.g.*, 210:23-25). ▮▮▮▮▮ is relevant and discussed in the reports of multiple experts in this case, including Singular's. Singular has provided no basis for why this designation is confusing.

4.      213:3-213:8  Google's designation contains no answer and is confusing.

Google's Response: Dr. Patil's answer is provided in Line 8. Dr. Patil has the foundation to testify about a document he authored, which is also a document Singular is attempting to enter into evidence through its own designations (*see* 210:13-211:5), so it is also within scope. This

8

narrow counter designation provides clarification to Dr. Patil's preceding and subsequent testimony. Singular has provided no basis for why this designation is confusing.

5.     249:18-249:21 Google's designation is incomplete, lacks foundation and is confusing.

Google's Response: Dr. Patil has the foundation to testify about a document he authored, which is also a document Singular is attempting to enter into evidence through its own designations (see 246:13-35). Singular has provided no basis for why this designation is confusing or incomplete.

6.     260:4-260:5; 260:8-260:22  Singular objects to this testimony as beyond the scope of Singular's designations. Google's designation lacks foundation, is confusing and prejudicial.

Google's Response: Dr. Patil has the foundation to testify about a document he authored, which is also a document Singular is attempting to enter into evidence through its own designations (see 246:13-35), so it is also within scope. Singular has provided no basis for why Dr. Patil's explanation of a document he authored would be unfairly prejudicial or confusing.

January 9, 2024                    Respectfully submitted,

/s/ Kevin Gannon
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Kevin Gannon