# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE REGARDING DEPOSITION DESIGNATIONS FOR ASTRO TELLER

Plaintiff, Singular Computing LLC ("Singular"), respectfully submits this response to the "Notice" by defendant, Google LLC ("Google"), regarding Singular's deposition designations for Astro Teller (Dkt. No. 712). For the reasons set forth below, Google's arguments should be rejected.

Google first erroneously argues that the challenged excerpts from the Teller deposition violate the Court's rulings on Google motions *in limine*. Google does not identify which motion(s) they are referring to. Assuming Google intends to invoke the "ruling" on its motion *in limine* No. 4, Google is wrong. That motion was made to preclude Singular from "presenting evidence or argument regarding communications between Google's employees and attorneys." *See* Dkt. No. 630, at p. 14. Google argued that Singular should not be allowed to ask questions that would require the witness to invoke attorney-client privilege. *Id.*, at p. 18. The challenged portions of the Teller designations do not even mention attorneys. Therefore, motion *in limine* No. 4, even had it been granted, is not applicable. Moreover, after Singular withdrew its designations of attorney Tornabene's deposition, Google withdrew the motion. *See* Ex. A. Given

1

the foregoing, Google's argument that Singular is somehow violating the Court's rulings should be rejected.

As to the merits, Google's interpretation of 35 U.S.C. § 298 is overly restrictive. This issue was recently addressed in *Alacritech, Inc. v. CenturyLink, Inc.*, No. 2:16-cv-00693, 2023 WL 6798974 (E.D. Tex. Oct. 1, 2023). In that case, the Court recognized the scope of Section 298. *Id.* at *5. Nevertheless, the Court correctly stated that a defendant's "failure to investigate" the plaintiff's patent(s) "may be considered as part of the totality of circumstances to determine willful and indirect infringement." *Id.* Likewise, here, the challenged Teller excerpts are simply directed to Google's "failure to investigate." Thus, Google's Section 298 argument should be rejected. *See also Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*, No. 2:19-cv-02754, 2021 WL 4527249, at **5-6 (W.D. Tenn. Oct. 4, 2021) (rejecting Section 298 argument where defendant had knowledge of plaintiff's patents but "acted despite a risk of infringement that was either known or so obvious that it should have been known").

Dated: January 10, 2023.

Respectfully submitted,

*/s/ Kevin Gannon*
Matthew D. Vella (BBO #660171)
Adam R. Doherty (BBO #669499)
Kevin Gannon (BBO #640931)
Brian M. Seeve (BBO #670455)
Daniel McGonagle (BBO #690084)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: mvella@princelobel.com
Email: adoherty@princelobel.com
Email: kgannon@princelobel.com
Email: bseeve@princelobel.com
Email: dmcgonagle@princelobel.com

Kerry L. Timbers (BBO #552293)
**SUNSTEIN LLP**
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
Email: ktimbers@sunsteinlaw.com

ATTORNEYS FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

  I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

               */s/ Kevin Gannon*