**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>   Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>   Defendant. | C.A. No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV<br><br>**REDACTED** |

**DEPOSITION DESIGNATION/EXHIBIT DISPUTES**

Counsel for the parties have been meeting-and-conferring in an effort to resolve their objections to each other's deposition designations and exhibits. The parties have been unable to resolve some objections to several designations Google has identified and counter designations Singular has identified from the transcript of the deposition of Dr. Stephen Boyd, who was listed as a member of Singular's advisory board in multiple presentations to investors. The transcript is attached hereto as Exhibit A with Google's designations highlighted in blue, Singular's counter designations highlighted in orange, and Google's counter-counter designations highlighted in green.

### A.     Singular's Objections to Google's Designations for Boyd

Singular objects to several designations in Exhibit A hereto from the deposition of Stephen Boyd. Singular makes the following objections:

**1.     54:5-9 (402, collateral evidence doctrine)**

This testimony has no relevance and its inclusion would be confusing and misleading to the jury. The collateral evidence doctrine forbids the introduction of extrinsic evidence to contradict a witness on a collateral matter. Google's response below is an example of the wild accusations Google plans to make in front of the jury. Dr. Bates did have the support of Dr. Boyd and other prominent scientists like Dr. Boyd. *See* 52:18-53:16; 54:10-55:11. In fact, another professor from MIT, Professor Tenenbaum, testified that he was on 

1



Exhibit B at 45:24-47:2 (neither party designated Professor Tenenbaum's deposition testimony but Singular believes it is important to this collateral issue).  Google is missing the point which is that Google is attempting to foist on the jury testimony that is contradicted by the sworn testimony of Professor Tenenbaum.  Google wants to attempt to create a false narrative will only mislead the jury and has no relevance.

Google's Response:  Google's deposition designations are directly relevant to multiple issues in this case. Dr. Bates ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ including multiple exhibits on the parties' exhibit lists (*see, e.g.,* TX1068, TX1081, TX1437, TX1438, TX1448, TX1468). The fact that Singular did not, in fact, have the support of prominent scientists like Dr. Boyd, as it repeatedly claimed, and thus was not as successful or well-connected as it presented itself, goes directly to damages, the position of both parties at the time of the hypothetical negotiation, Singular's commercial success (or lack thereof), and secondary considerations of success and industry praise. Dr. Boyd's testimony is directly relevant to the story of Singular as a company and how it developed–particularly with regards to the company's association (or lack thereof) with prominent institutions and computer scientists, which Dr. Bates has already testified about. Dr. Boyd's testimony is also admissible pursuant to the rule of completeness under Fed. R. Evid. 106. The parties' exhibit lists include Singular

presentations that list Dr. Boyd as a member of the advisory board; the jury is entitled to know that those representations were not accurate. Moreover, as noted in Singular's counter-designations, Google introduced Dr. Bates to Dr. Boyd to help Singular, which is directly relevant to the story Singular has told the jury about its interactions with Google (*see* 30:14-18). Singular's objections go to weight, not admissibility. The only basis for Singular's objection is a citation from ***an entirely different witness about an entirely separate relationship***, which has no bearing on the admissibility or relevance of Dr. Boyd's testimony. None of these topics are collateral, let alone irrelevant, and Singular has not shown how Dr. Boyd's testimony would be confusing, misleading, or at all unfairly prejudicial.

### 2. 56:1-57:6 (402, collateral evidence doctrine)

This testimony has no relevance and its inclusion would be confusing and misleading to the jury. The collateral evidence doctrine forbids the introduction of extrinsic evidence to contradict a witness on a collateral matter.

Google's Response: Same response as above.

### 3. 60:5-61:2 (402, collateral evidence doctrine)

This testimony has no relevance and its inclusion would be confusing and misleading to the jury. The collateral evidence doctrine forbids the introduction of extrinsic evidence to contradict a witness on a collateral matter.

Google's Response: Same response as above.

### 4. 61:19-62:16 (402, collateral evidence doctrine)

This testimony has no relevance and its inclusion would be confusing and misleading to the jury. The collateral evidence doctrine forbids the introduction of extrinsic evidence to contradict a witness on a collateral matter.

Google's Response: Same response as above.

     5.       66:9-67:17 (402, collateral evidence doctrine)

This testimony has no relevance and its inclusion would be confusing and misleading to the jury. The collateral evidence doctrine forbids the introduction of extrinsic evidence to contradict a witness on a collateral matter.

Google's Response: Same response as above.

     6.       72:13-73:21(D, no question, 402)

This testimony has no relevance and its inclusion would be confusing and misleading to the jury. Attorney questioning recites the exhibit without asking a substantive question; exhibit language quoted does not involve personal knowledge of Dr. Boyd. Singular also objects to this designation as not previously disclosed. Singular was not aware of this designation until Google provided its final designations on January 9, 2024.

Google's Response: Dr. Boyd testified to having personal knowledge of Deposition Exhibit 1134, as recognized by Singular's own counter-designations (*see* Lines 51:17-53:16 (designating Deposition Exhibit 1132, which is the same document with the same Bates number)). Dr. Boyd confirmed his understanding of the document at that time, and his testimony about Singular's ▮▮▮▮▮▮▮▮ is directly relevant to damages, commercial success, and industry standing. The only portion without a question is the introduction of the exhibit. Google's designation was in response to Singular's counter-designations received on December 29. 2023, and Singular has not argued that it suffered any prejudice as a result of Google's designation.

     7.       74:17-22 (D, 402)

This testimony has no relevance and its inclusion would be confusing and misleading to the jury. Attorney questioning seeks information that does not involve personal knowledge of Dr. Boyd. Singular also objects to this designation as not previously disclosed. Singular was not aware of this designation until Google provided its final designations on January 9, 2024.

Google's Response: Same response as above. This testimony is directly tied to Deposition Exhibit 1132, which Singular has counter-designated. Singular's ▮▮▮▮▮▮▮▮ is directly relevant to damages, commercial success, and industry standing. Google's designation was in

response to Singular's counter-designations received on December 29. 2023, and Singular has not argued that it suffered any prejudice as a result of Google's designation.

### B. Google's Objections to Singular's Counter Designations for Boyd

#### 1. 51:13; 51:17-52:1; 52:18-52:23; 52:25-53:3; 53:5-53:16 (H, LF, S)

Singular's counter-designations involve an email exchange between Dr. Bates and Dr. Boyd that neither party has included on their exhibit list and Singular is not attempting to introduce. The designated testimony constitutes at least two levels of hearsay: it (1) recites an out of court statement (an email) from Dr. Bates and (2) that email itself recounts separate out-of-court statements by a third individual, Dr. Mueller. Subsequent discussion of that document in the designations is also hearsay. And Singular has not provided any basis to contend any hearsay exception applies. The witness also explains that he does not have specific recollection of the communication, so his further testimony lacks foundation and is speculative at best.

Singular's Response: Google's objection should be overruled. Dr. Boyd was a recipient of Deposition Exhibit 1132. *See* Exhibit C. Dr. Boyd confirmed his personal understanding of what was stated in Deposition Exhibit 1132. Singular included this counter-designation when the parties exchanged their respective counter-designations on December 29, 2023. Google has been aware that Singular intended to rely on Exhibit 1132 since then.

#### 2. 54:16-54:24 (H)

Singular counter-designates testimony about conversations between Dr. Boyd and Dr. Bates; such conversations constitute hearsay when offered by Singular, and Singular has not provided any exception that applies.

Singular's Response: Google's objection should be overruled. Dr. Boyd testified that he had discussions and meetings with Dr. Bates about technology. The fact that he had meetings and discussions with Dr. Bates is not hearsay.

3.  55:8-55:11; 63:25-64:1; 64:4-64:7 (H)

Singular counter-designates testimony about conversations between Dr. Boyd and Dr. Bates; such conversations constitute hearsay when offered by Singular, and Singular has not provided any exception that applies.

Singular's Response: Google's objection should be overruled.  Dr. Boyd testified that he had discussions and meetings with Dr. Bates about technology. The fact that he had meetings and discussions with Dr. Bates is not hearsay.

4.  62:18-62:22; 62:24 (H)

Singular counter-designates testimony about what Singular's counsel represented on behalf of Singular in this lawsuit. Statements by Singular's counsel constitute hearsay when offered by Singular, and Singular has not provided any exception that applies.

Singular's Response: Google's objection should be overruled.  Dr. Boyd is again confirming that Dr. Bates offered him a position on his advisory board.

Respectfully submitted,

Dated: January 10, 2024     By:     /s/ Nathan S. Speed
Gregory F. Corbett (BBO #646394)
gcorbett@wolfgreenfield.com
Nathan R. Speed (BBO #670249)
nspeed@wolfgreenfield.com
Elizabeth A. DiMarco (BBO #681921)
edimarco@wolfgreenfield.com
Anant K. Saraswat (BBO #676048)
asaraswat@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

Robert Van Nest (admitted *pro hac vice*)
rvannest@keker.com
Rachael E. Meny (admitted *pro hac vice*)
rmeny@keker.com
Eugene M. Paige (admitted *pro hac vice*)
epaige@keker.com
Christopher S. Sun (admitted *pro hac vice*)
csun@keker.com

Andrew Bruns (admitted *pro hac vice*)
abruns@keker.com
Vishesh Narayen (admitted *pro hac vice*)
vnarayen@keker.com
Anna Porto (admitted *pro hac vice*)
aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Spencer McManus (admitted *pro hac vice*)
smcmanus@keker.com
Eric K. Phung (admitted *pro hac vice*)
ephung@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Michael S. Kwun (admitted *pro hac vice*)
mkwun@kblfirm.com
Asim M. Bhansali (admitted *pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350

Matthias A. Kamber (admitted *pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

Ginger D. Anders (admitted *pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (admitted *pro hac vice*)
Kain.Day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100

Jordan D. Segall (admitted *pro hac vice*)
Jordan.Segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                              */s/ Nathan R. Speed*
                                              Nathan R. Speed