**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGULAR COMPUTING LLC,<br><br>      Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>      Defendant. | C.A. No. 1:19-cv-12551-FDS<br><br>Hon. F. Dennis Saylor IV |

**DEFENDANT GOOGLE LLC'S FIRST SET OF PROPOSED REVISIONS TO
<u>JURY INSTRUCTIONS DISTRIBUTED JANUARY 12, 2024</u>**

I.      INTRODUCTION

On January 12, 2024, the Court circulated an initial draft of the final jury instructions for this case.  The Court then encouraged the parties to provide written or oral proposals for revising the jury instructions.

To begin this process, Google submits this first set of proposed revisions to the Court's draft jury instructions.  Google attaches **Exhibit A**, which is a redline of its proposals against the Court's draft instructions.  To facilitate discussions among the Court and parties regarding the instructions, Google has both added pagination to the document and numbered the individual instructions.  Any references herein to page or instruction numbers correspond to the numbering in the redline.

In Part II below, Google briefly discusses some of its nonsubstantive proposed revisions, which are intended to clarify certain of the instructions and/or fix minor typographical errors.  In Part III, Google discusses some of its substantive proposed revisions and the law that supports them.[1]

II.     SUBSTANTIVE PROPOSED ADDITIONS AND MODIFICATIONS

   A.      "Claim" versus "Cause of Action"

Google has proposed revisions to avoid potential ambiguity in the instructions' use of the word "claim."  As the Court has already explained to the jury, the word "claim" has two meanings in the context of patent litigation: a "claim" may refer to a legal claim that a plaintiff asserts against a defendant, or it may refer to the claims in the plaintiff's patents.  In an effort to avoid the confusion these dual meanings may create, Google proposes using the phrase "cause of action" in

---

[1] Not every proposed change in Google's redline is addressed in this initial filing, and Google reserves the right to lodge additional objections to the proposed jury instructions at the appropriate time, as well as to object to any revisions that Singular proposes in response to the Court's initial draft instructions.

lieu of "claim" to refer to Singular's claims for patent infringement.  For example, in Instruction 19 ("Elements of the Claims—Introduction"), Google suggests that the text "Singular has brought two **claims** against Google … a **claim** for patent infringement under claim 53 of the '273 patent" be revised to read "Singular has brought two **causes of action** against Google … a **cause of action** for patent infringement under claim 53 of the '273 patent."  Google believes that consistently using the phrase "cause of action" to denote legal claims, while reserving the term "claim" to refer only to patent claims, will assist the jury in differentiating the two concepts.

    **B.**    **Miscellaneous Nonsubstantive Revisions**

Google also proposes various nonsubstantive revisions to clarify the instructions, fix typos, and conform usage throughout the instructions.  *See, e.g.*, Instruction 4 (changing "plaintiffs" to "plaintiff" to reflect the fact that Singular is the only plaintiff in the case); Instructions 31–40 (striking "INFRINGEMENT" from the instruction titles to avoid confusing the issues of infringement and invalidity); Instructions 34–36 (bolding defined terms instead of italicizing them to be consistent with Instruction 26 on Claim Interpretation).  Likewise, Google has indicated via marginal comments where it believes reordering certain instructions would promote clarity.

**III.**    **SUBSTANTIVE PROPOSED ADDITIONS AND MODIFICATIONS**

    **A.**    **Elements of Infringement**

During its January 16, 2024 colloquy with the parties regarding the instructions, the Court expressed doubt regarding the propriety of Instructions 22–24, and specifically whether a cause of action for patent infringement needs to be divided into three elements in this case.  Google agrees with the Court that these instructions can be modified.  Singular accuses Google of infringing its patents based only on Google's alleged *use* of the allegedly infringing TPU chips—not by, for example, importing them or offering them for sale.  The chips were not manufactured and sold separately.  Accordingly, Google believes that Instruction 12 ("Infringement—Elements") can be

streamlined to just two elements: first, that Google used a product that includes all the elements of the patent claims; and second, that Google used the product after one or both patents issued. For the same reason, Google proposes eliminating the "Infringement—Elements—Third Element" instruction (on page 29 of the redline) altogether.

### B. Instruction 28: Willful Infringement

Google respectfully submits that the Court's willfulness instruction (Instruction 28) is legally incorrect in two respects. *First*, the instruction states that Singular can prove willful infringement by persuading the jury by a preponderance of the evidence that "Google actually knew that its actions constituted infringement of a valid patent." But a determination of willful infringement requires not only knowledge that the actions constitute infringement, but also a finding of "deliberate or intentional" infringement. *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021). "[T]he patentee must show the accused infringer had a **specific intent** to infringe at the time of the challenged conduct"—that is, that the accused infringer **both** actually knew that the actions constituted infringement and intentionally infringed. *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987-988 (Fed. Cir. 2021) (emphasis added). "Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness"; deliberateness or intentionality must be heaped on top. *Id.*; *see also Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, 2022 WL 4824318, at *15 (D. Mass. Oct. 3, 2022) (same).

*Second*, the instruction states that Singular can prove willful infringement by persuading the jury by a preponderance of the evidence that "it was so obvious that [Google's] actions constituted infringement of a valid patent that Google *should have known*" (emphasis added). To the extent this instruction attempts to capture the doctrine of willful blindness, that doctrine has no place in a willful infringement analysis. To be sure, the Supreme Court has held that willful blindness may satisfy the knowledge required for *inducing* infringement, *Global-Tech Appliances,*

3

*Inc. v. SEB S.A.*, 563 U.S. 754, 768 (2011), but Singular has not identified (and Google is not aware of) any Supreme Court or Federal Circuit precedent extending the willful blindness doctrine discussed in *Global-Tech* to willful infringement. Nor is Google aware of model instructions incorporating the willful blindness doctrine in willfulness instructions. This is unsurprising: the Federal Circuit has emphasized that the required showing for willful infringement is higher than the required showing for inducing infringement. *SRI*, 14 F.4th at 1329.

A second reason that a willful blindness instruction is inappropriate is that even if Singular proved willful blindness to establish Google's knowledge of the patents, willful blindness cannot support a finding of the second requisite, the specific intent to infringe. "[I]ntent and knowledge are different things." *United States v. Manatau*, 647 F.3d 1048, 1051 (10th Cir. 2011) (Gorsuch, J.). And intent exists only if something was "done on purpose—not merely known, foreseen, or just possible or potentially contemplated." *Id.* at 1050. While willful blindness may establish knowledge in narrow circumstances, it cannot "satisfy [a] specific intent requirement." *Pierre v. Att'y Gen.*, 528 F.3d 180, 189–90 (3d Cir. 2008) (en banc); *see also Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007); *Rodgers v. United States*, 857 F. App'x 959, 960 (9th Cir. 2021) (holding that a finding of willful blindness as to the fact the defendant was preparing understated tax returns did not suffice to establish specific intent to file understated tax returns). Because specific intent is a *sine qua non* of willfulness, as explained above, willful blindness is irrelevant to the willfulness inquiry.

### C. Instruction 32: Corporate Parties

Google proposes that the draft Corporate Parties instruction should include key legal principles regarding when a company can be regarded to have knowledge of salient facts. *See* Instruction 32. The Court's instruction is correct that LLCs are "artificial entities" that only act "through their human agents," and that the knowledge or intent of a fictitious person like an LLC

4

is necessarily composed of the knowledge or intent of those agents.  But it is well established that, while a corporate entity may be responsible for the knowledge of its *individual* employees, "it does not follow that the corporation may be deemed to have a culpable state of mind"—as willfulness requires—"when that state of mind is possessed by no single employee." *First Equity Corp. v. Standard & Poor's Corp.*, 690 F. Supp. 256, 260 (S.D.N.Y. 1988); *see also, e.g.*, *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 366–67 (5th Cir. 2004) (quoting *First Equity*). Instead, a *single* agent of the entity must possess all of the relevant scienter for the entity to be held liable.  *E.g.*, *Southland*, 365 F.3d at 366–67 (addressing securities fraud); *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1435 (9th Cir. 1995) (same); *Woodmont, Inc. v. Daniels*, 274 F.2d 132, 137 (10th Cir. 1959) (Court was "unwilling" to rely on collective intent when "intent is an essential ingredient of tort liability"); *cf. United States v. Science Applications Int'l Corp.*, 626 F.3d 1257, 1274 (D.C. Cir. 2010) (expressing doubt about "the legal soundness of the 'collective intent' theory" for specific intent to defraud).

Omitting this instruction would be particularly prejudicial here, where Singular seeks to cobble together a willfulness case from offhand remarks by employees within different divisions of the company (X and Google) with very different knowledge separated by many years.  Any Corporate Parties instruction must make clear that willfulness requires proof that a *single* Google employee had the requisite knowledge of Singular's patents and specific intent to infringe them.

        D.        **Instruction 27: Claim Interpretation**

Google proposes that the Court's instruction regarding its claim construction order include all of the terms it construed in that order, specifically "low precision" and "high dynamic range." The Court construed these terms during its *Markman* proceedings, Dkt. 354, and the parties have already referenced the Court's construction during this case as defining the scope of the claims, *see* 1/12 Tr. Trans. at 32:3–7, 32:21–33:3.  Instructing the jury on the Court's construction of terms

used in the trial is conventional in patent litigation, *see Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1366 (Fed. Cir. 2004) (district court "must instruct the jury on the meanings to be attributed to all disputed terms used in the claims in suit" so jury will be able to "intelligently determine the questions presented"), and it would be confusing for the jury—having heard during the proceedings that these terms have been construed—not to have access to the relevant constructions.

### E.     Instruction 44: Damages—Burden of Proof

Google proposes that the Court's damages instructions incorporate an instruction on the burden of proof for damages. *See* Instruction 44.  Neither side disputes that Singular is required to prove its damages by a preponderance of the evidence.  *E.g.*, *SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991).  But in the context of damages, a generic preponderance of the evidence instruction is not enough.  That is because the Federal Circuit clearly instructs that damages may not be determined by Singular's "speculation or guess."  *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983) (quoting *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563 (1931)).  For that reason, the parties *both* proposed instructions on the burden of proof for damages (*see* Dkt. 677 at 31), and the Court should include such an instruction and conform it to the text Google proposes, which better reflects the governing law.

### F.     Instructions 49 and 50: Entire Market Value Rule and Smallest Salable Patent-Practicing Unit

Google suggests that the Court include in its instructions Google's original proposed instructions on the Entire Market Value Rule (EMVR) and Smallest Salable Patent-Practicing Unit (SSPPU).  *See* Instructions 49–50.  These commonplace instructions help the jury understand bedrock concepts in patent law and apportion damages correctly.  The Federal Circuit requires that

damages be based on the "smallest salable patent-practicing unit" to avoid the "considerable risk" that a damages award based on the entire product will capture the value of "non-infringing components" of that product.  *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 67 (Fed. Cir. 2012).  Yet Singular posits a damages theory based on the value of the TPU *system*, which undisputedly has a host of non-infringing components.  This theory fails to tie damages to the SSPPU (i.e., the TPU chip, or at minimum the TPU tray, as Singular's expert contends).  The Court has already noted the EMVR and SSPPU issues are "properly the subject of cross-examination."  Dkt. 665 at 14.  Since Google has introduced and will continue to introduce evidence relevant to those issues, the jury ought to be instructed on the applicable law.

> **G.  Instructions 25 and 33: Relationship Between Two Patent Claims**

The Court's Instruction 25 instructs that, because the two patent claims at issue overlap to a considerable extent, the jury may treat both claims the same for purposes of deciding infringement.  *See* Instruction 25 ("Your verdict form will therefore ask simply whether the patent has been infringed.")  Google agrees with the proposal to consolidate infringement into a single question, because in this case, there is no dispute that the accused products practice the limitations of claim 7 that do not appear in the limitations of claim 53.  However, there is also no dispute that the alleged prior art (i.e., VFLOAT) teaches those same limitations.  Accordingly, Google proposes that Instruction 33 on Invalidity parallel Instruction 25 on infringement, and state: "This case involves two patent claims—one from the '273 patent and one from the '156 patent. In considering invalidity, you may treat both claims the same. Your verdict form will therefore ask simply whether the patent is invalid."

For the same reason, Google respectfully requests that the Court strike the instruction at page 27 of Google's redline, titled "Infringement—Elements—First Element—Relationship Between Two Patent Claims."  This instruction is inconsistent with the Court's proposed

7

Instruction 25 and Google's proposed Instruction 33, because it instructs the jury that, while the patents overlap to a considerable extent, "if you decide that Google infringed claim 53 [of the '273 patent], Singular must still show that claim 7 [of the '156 patent] has the additional subparts to prove infringement on that claim."

For the reasons articulated above, both infringement and validity rise and fall together with respect to the two claims. Google's proposed revisions simplify these issues for the jury. Google's proposed instructions reflect the law more accurately, as understood in light of the parties' positions, and will significantly reduce the risk of juror confusion regarding the differences between the two patents and two claims in suit.

### H. Instruction 10: Interrogatories

At this point in the trial, several interrogatory responses have been received into evidence, and the Court has informed the jury what interrogatories are and what purposes they serve in civil discovery. To avoid any jury confusion on this score, Google believes it would be helpful to include an instruction on interrogatories as evidence, which Google has drawn from the Ninth Circuit's pattern instructions.

### I. Instruction 35: Invalidity Defenses—"Prior Art"

The Court's draft instruction regarding prior art is drafted abstractly; it defines prior art and its legal relevance to Google's invalidity defense, but the instruction does not connect those abstractions to the specific prior-art system the jury will have heard about here—i.e., the VFLOAT system. As a general matter, concrete instructions are more valuable than abstract ones, for that reason, the Court's draft instructions on the elements of Singular's infringement claims focus concretely at the specific claims and patents at issue. *See, e.g.*, Instruction 19. Google should be extended the same specificity with respect to its invalidity defense: Instruction 35 should inform

8

the jury not just about prior art generally, but about the prior art actually at issue in trial, the VFLOAT system.

### J. Instruction 34: References Not Considered by the PTO

Google objects to the omission of an instruction regarding art that was not before the Patent Office when the '273 and '156 patents were granted. Model instructions recognize the jury's ability to consider whether potentially invalidating art was before the PTO during examination. *E.g.*, FCBA Model Instructions §§ B.4.3b-1 (anticipation), B.4.3c(ii) (obviousness). Here, that point is important because the art Google relies on—VFLOAT—has not been before the PTO at any point. Thus, the jury should be informed about how it can consider that fact during its deliberations.

Respectfully submitted,

| | | |
|---|---|---|
| Dated: January 17, 2024 | By: | */s/ Nathan R. Speed*<br>Gregory F. Corbett (BBO #646394)<br>gcorbett@wolfgreenfield.com<br>Nathan R. Speed (BBO #670249)<br>nspeed@wolfgreenfield.com<br>Elizabeth A. DiMarco (BBO #681921)<br>edimarco@wolfgreenfield.com<br>Anant K. Saraswat (BBO #676048)<br>asaraswat@wolfgreenfield.com<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue<br>Boston, MA 02210<br>Telephone: (617) 646-8000<br>Fax: (617) 646-8646<br><br>Robert Van Nest (admitted *pro hac vice*)<br>rvannest@keker.com<br>Rachael E. Meny (admitted *pro hac vice*)<br>rmeny@keker.com<br>Eugene M. Paige (admitted *pro hac vice*)<br>epaige@keker.com<br>Christopher S. Sun (admitted *pro hac vice*)<br>csun@keker.com<br>Andrew Bruns (admitted *pro hac vice*)<br>abruns@keker.com<br>Vishesh Narayen (admitted *pro hac vice*)<br>vnarayen@keker.com<br>Anna Porto (admitted *pro hac vice*) |

aporto@keker.com
Deeva Shah (admitted *pro hac vice*)
dshah@keker.com
Spencer McManus (admitted *pro hac vice*)
smcmanus@keker.com
Eric K. Phung (admitted *pro hac vice*)
ephung@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

Michael S. Kwun (admitted *pro hac vice*)
mkwun@kblfirm.com
Asim M. Bhansali (admitted *pro hac vice*)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350

Matthias A. Kamber (admitted *pro hac vice*)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100

Ginger D. Anders (admitted *pro hac vice*)
Ginger.Anders@mto.com
J. Kain Day (admitted *pro hac vice*)
Kain.Day@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100

Jordan D. Segall (admitted *pro hac vice*)
Jordan.Segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel: (213) 683-9100

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                      */s/ Nathan R. Speed*
                                                      Nathan R. Speed